IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LCD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 06-726-JJF |
| | ) | |
| CHI MEI OPTOELECTRONICS CORPORATION; | ) | DEMAND FOR JURY TRIAL |
| AU OPTRONICS CORPORATION; AU | ) | |
| OPTRONICS CORPORATION AMERICA; | ) | |
| TATUNG COMPANY; TATUNG COMPANY OF | ) | |
| AMERICA, INC.; AND VIEWSONIC | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VIEWSONIC CORPORATION'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR A MORE DEFINITE STATEMENT**

STOEL RIVES LLP
John N. Zarian
Samia E. McCall
Matthew D. Thayne
*Pro Hac Vice Applications Pending*
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702
(208) 389-9000
Fax: (208) 389-9040

PEPPER HAMILTON LLP
Edmond D. Johnson (DE Bar # 2257)
Thomas H. Kovach (DE Bar # 3964)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709
P.O. Box 1709
(302) 777-6500
Fax: (302) 421-8390

*Attorneys for Defendant ViewSonic Corporation*

Dated: May 1, 2007

#8533163 v1

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ....................................................................................................2

    A. The Parties and the Display Products Industry.........................................2

    B. Overview of Litigation by LPL Against ViewSonic .................................3

    C. Side Mount Patent Litigation.....................................................................4

    D. Semiconductor Patent Litigation ...............................................................4

    E. Tape Carrier Package for LCD Patent Litigation ......................................4

    F. Flat Panel Backplane Patent Litigation .....................................................5

    G. Flat Panel Rear Mount Patent Litigation ...................................................5

    H. The Instant Law Suit by LPL ....................................................................6

III. UNDER THE CIRCUMSTANCES, GIVEN THE PENDENCY OF RELATED CASES, LPL'S CONCLUSORY AND BOILERPLATE COMPLAINT DOES NOT ALLOW VIEWSONIC TO PREPARE A MEANINGFUL RESPONSE.....6

    A. A More Definite Statement Should be Required......................................6

IV. CONCLUSION ......................................................................................................8

#8533163 v1

# TABLE OF AUTHORITIES

## STATE CASES

*Agilent Techs., Inc. v. Micromuse, Inc.*,
   No. 04 Civ. 3090 (RWS), 2004 WL 2346152 (S.D.N.Y., Oct. 19, 2004) .......................... 6

*eSoft, Inc. v. Astaro Corp.*,
   Civil Case No. 06-CV-00441-REB-MEH, 2006 WL 2164454 (D. Colo.,
   July 31, 2006) ................................................................................................................ 6

*In re Papst Licensing GmbH Patent Litig., Nos. CIV. A. MDL 1298, CIV. A.99-
   3118*, 2001 WL 179926 (E.D. La., Feb. 22, 2001) ...................................................... 6

## STATUTES

Fed. R. Civ. P. 12(e) .............................................................................................................. 6

#8533163 v1

I.  **INTRODUCTION**

LG.Philips LCD Co., Ltd. ("LPL") is apparently engaged in a pattern of vexatious litigation designed to disrupt the business of ViewSonic Corporation ("ViewSonic") by subjecting it to an onslaught of cases and claims in multiple jurisdictions, many of them involving the very same patents and overlapping defendants. Evidently, LPL's tactics are aimed at maximizing the burden of litigation on ViewSonic, which is a reseller of display products. In the process, LPL is unnecessarily taxing the federal court system.

As explained below, each of the three patents at issue in this case is the subject of prior actions filed by LPL against ViewSonic and other defendants named in this case, and a number of these prior actions are still pending. Two of the prior actions involving these patents were tried to verdict in 2006 (one before this Court), and both of those cases are expected to be appealed (by one side or the other) after the issues raised in post-trial motions are decided. At least four additional actions involving these patents are still pending as part of pre-trial proceedings pending in the Central District of California.

Consequently, the validity of the three patents-in-suit and the construction of their claims—involving highly complex issues requiring copious amounts of time and effort to resolve—are currently being considered, independently, in other pending cases.

The pending claims against ViewSonic do not identify a single product accused of infringement. Under the circumstances, LPL should be required to provide a more definite statement, so as to allow ViewSonic adequately to respond to LPL's complaint and mount a defense to the claims. The need for a more definite statement is heightened by the need to ascertain between the claims asserted by LPL in this action and LPL claims previously prosecuted and/or still pending in other cases.

Thus, ViewSonic respectfully requests that the Court grant the instant motion.

#8533163 v1

II. BACKGROUND

A. The Parties and the Display Products Industry

ViewSonic is a global provider of display products. The company markets and supports a broad range of products including liquid crystal display ("LCD") monitors, LCD monitors incorporating thin film transistor ("TFT") technology, LCD televisions, projectors, digital signage, and cathode ray tube ("CRT") monitors.

The product supply chains in the industry include manufacturers and suppliers, integrators and assemblers, original equipment manufacturers ("OEMs"), resellers and sellers of branded products. Companies may act in various capacities. For example, a company may ship products from in-house factories, act as an integrator, and/or outsource its manufacturing entirely, depending on the application and product involved.

Competition in the display products industry is fierce, particularly between Korean and Taiwanese suppliers. For example, according to a recent industry report, in the large-area TFT LCD segment of this market, Korean suppliers account for 53 percent of notebook PC panel shipments, Taiwanese suppliers account for 58 percent of LCD monitor panel shipments, and Korean suppliers account for 54 percent of LCD TV module shipments. These approximate figures tend to vary from quarter to quarter.

Plaintiff LPL is one of the two leading Korean suppliers of display products. Defendants Chi Mei Optoelectronics Corporation ("CMO") and AU Optronics Corporation ("AUO") are two of the three leading Taiwanese suppliers of display products. The third leading Taiwanese supplier is Chunghwa Picture Tubes, Ltd. ("CPT"), a subsidiary of defendant Tatung Company ("Tatung") and affiliate of defendant Tatung Company of America, Inc. ("Tatung America").

### B. Overview of Litigation by LPL Against ViewSonic

This is not the first time LPL has asserted patent infringement claims against ViewSonic. Over the past five years, LPL has filed a succession of suits—in California, Delaware, and the United Kingdom—alleging patent infringement against ViewSonic and others, including the three leading Taiwanese suppliers: CPT, CMO and AUO.

LPL has sued ViewSonic in five cases filed in three jurisdictions, alleging infringement of nine patents. LPL's claims concerning six of those patents have been dismissed under circumstances suggesting they had virtually no merit. ViewSonic is still defending itself in four separate actions filed by LPL, including this case. Significantly, two of the other three actions involve the *same* three patents at issue here.

In the Central District of California, ViewSonic is defending against claims involving U.S. Patent Nos. 5,825,449 (the "'449 Patent") and 4,624,737 (the "'737 Patent"), both at issue in this case. Claims involving the '449 Patent and '737 Patent are also being asserted by LPL in that same court (against defendants other than ViewSonic) in four related cases, one of which is in post-trial proceedings. (*See* Declaration of Edmond D. Johnson in Support of Motion to Stay ("Johnson Decl.") (Docket No. 25) filed on April 6, 2007, ¶¶2-6.)

In this very Court, ViewSonic is defending against infringement claims involving U.S. Patent No. 5,019,002 (the "'002 Patent"), at issue here. The prior case involving the '002 Patent is currently the subject of post-trial motions. (Johnson Decl., ¶11.)

The prior claims asserted by LPL against ViewSonic and other defendants are briefly summarized below, organized by the type of technology involved.

-3-

### C. Side Mount Patent Litigation

In California, LPL has asserted patent infringement claims based on certain "side mount" technology. These claims, asserted in five different cases, involved four U.S. patents, Nos. 5,926,237, 6,002,457, 6,373,537, and 6,020,942. (Johnson Decl., ¶¶2-6.) All of the side mount patent infringement claims have been dismissed due to lack of standing. More particularly, the Hon. Consuelo B. Marshall ruled that LPL assigned away its rights to each of the four side mount patents *prior* to bringing suit, and that LPL therefore lacked any standing to assert claims under those patents. (Johnson Decl., ¶11.)

### D. Semiconductor Patent Litigation

Also in the five California cases, LPL asserted claims involving semiconductor technology. These claims alleged infringement of the '449 and '737 Patents, both at issue here. (*See* Johnson Decl., ¶¶2-6.) Last year, LPL obtained a verdict in the lead case, but that case did not include ViewSonic as a defendant. (*See id.*, ¶9.) Post-trial motions are pending, and an appeal of any judgment is anticipated, from one side or the other. The four trailing cases are still pending, including a case naming ViewSonic as a defendant and asserting claims under the '449 and '737 Patents. (*Id.*, ¶¶2-6.)

### E. Tape Carrier Package for LCD Patent Litigation

In a case that is the subject of post-trial motions before this Court (No. 05-00292), LPL originally asserted claims relating to tape carrier packaging for LCDs involving U.S. Patent No. 6,738,121 (the "'121 Patent"). (*See* Johnson Decl., ¶11.) These claims were withdrawn before trial, however, under circumstances that shed light on LPL's litigation tactics. Upon being notified that the '121 Patent was likely invalid due to an on-sale bar, LPL refused to provide critical documents in its possession relevant to this defense.

#8533163 v1

After being ordered by the Court either to provide the documents or withdraw its claim under the '121 Patent, LPL finally relented and agreed to dismiss its claim. Even so, months of time and effort had been wasted by defendants (and the Court) as a result of LPL's assertion of the invalid '121 Patent and stonewalling discovery tactics.

### F.     Flat Panel Backplane Patent Litigation

In the foregoing case (No. 05-00292), LPL also asserted claims involving certain flat panel backplane technology. These claims relate to the '002 Patent, at issue in the instant case. (*See* Johnson Decl., ¶11.) Last year, LPL obtained a verdict with respect to its '002 Patent infringement claims, but it is understood the underlying damages are not to be assessed against ViewSonic. As in California, post-trial motions are pending in this case, and an appeal of any judgment is anticipated, from one side or the other.

### G.     Flat Panel Rear Mount Patent Litigation

LG has also filed at least one legal action against ViewSonic in the United Kingdom. The U.K. case, involving flat panel rear mount technology, asserted claims involving U.K. Patent No. 2,346,464 (the "UK '464 Patent"). The U.K. claims were dismissed in their entirety. In a 33-page opinion, the Patents County Court held that the U.K. '464 Patent was invalid *and* not infringed. (*See* Johnson Decl., ¶13.)

Evidently, LPL continues to pursue related claims in a separate case pending before this Court (No. 04-00343), involving U.S. Patent Nos. 6,498,718 and 6,501,641, counterparts to the U.K. '464 Patent. This case, which is distinct from No. 05-00292, names ViewSonic and others as defendants. (*See* Johnson Decl., ¶10.)

### H. The Instant Law Suit by LPL

The instant action asserts additional infringement claims against ViewSonic involving the '449 Patent, the '737 Patent, and the '002 Patent. Accordingly, semiconductor and flat panel backplane technologies are both at issue in this case.

### III. UNDER THE CIRCUMSTANCES, GIVEN THE PENDENCY OF RELATED CASES, LPL'S CONCLUSORY AND BOILERPLATE COMPLAINT DOES NOT ALLOW VIEWSONIC TO PREPARE A MEANINGFUL RESPONSE

#### A. A More Definite Statement Should be Required

A motion for a more definite statement is properly granted when a complaint is so vague or ambiguous that the defendant is unable to provide a meaningful responsive pleading. Fed. R. Civ. P. 12(e). In the context of patent infringement actions, courts often grant motions under Rule 12(e) when a plaintiff "fail[s] to identify any allegedly infringing product or products." *Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090 (RWS), 2004 WL 2346152, at *5 (S.D.N.Y., Oct. 19, 2004) (citations omitted); *see also In re Papst Licensing GmbH Patent Litig.*, Nos. CIV. A. MDL 1298, CIV. A.99-3118, 2001 WL 179926 (E.D. La., Feb. 22, 2001).

Courts have also noted, in this context, that a defendant should not be required to guess which of its products are being accused of infringement. *See Agilent Techs.*, 2004 WL 2346152, at *6 ("[Defendant] is entitled to know which of its products or services are alleged to have infringed [plaintiff's] patents and a more definite statement setting forth that information is appropriate."). Failing to identify products in an infringement claim not only makes it difficult (if not impossible) for a defendant to prepare a meaningful responsive pleading, but it also improperly shifts the burden of conducting a pre-filing investigation to the defendant. *See eSoft, Inc. v. Astaro Corp.*, Civil Case No. 06-CV-

#8533163 v1

00441-REB-MEH, 2006 WL 2164454 (D. Colo., July 31, 2006) ("[D]efendant is entitled to a more definite statement of plaintiff's claims. The complaint fails to identify any particular product or service that allegedly infringes the patent-in-suit. Defendant cannot realistically be expected to frame a responsive pleading without risk of prejudice in the absence of any indication as to which of its products are accused. Plaintiff cannot foist the burden of discerning what products it believes infringe the patent onto defense counsel . . . .").

In this case, LPL has failed to identify a single brand name, product number, or other indicator regarding its patent infringement claims, even though the three patents involved (and ViewSonic's products) have been the subject of extensive discovery and litigation for years—suggesting the vagueness in LPL's complaint may be intentional. Indeed, the failure to identify a single infringing product is remarkable, since the discovery in prior cases has included actual physical inspection of at least 50 ViewSonic products. Surely, before suing ViewSonic again, LPL should have identified at least one ViewSonic product it believed should be accused of infringing three patents ('449, '737 and '002) that have already been the subject of extensive claim construction, litigation and trial. Nevertheless, no such product is identified in LPL's complaint.

The prejudice of LPL's vague pleading is substantial and further exacerbated by the pendency of claims in other cases involving the same patents and defendants as this case. LPL's complaint simply does not give ViewSonic any basis to identify the overlap between LPL's new claims and claims previously asserted with respect to the same patents—forcing ViewSonic to guess at the impact of one set of claims upon the other.

Under the circumstances LPL should be required to provide a more definite statement of what products are at issue in this case.

## IV. CONCLUSION

For the foregoing reasons, ViewSonic respectfully submits that LPL should be required to provide a more definite statement pursuant to Rule 12(e).

Dated: May 1, 2007

Edmond D. Johnson (DE Bar #2257)
Thomas H. Kovach (DE Bar #3964)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

-And-

John N. Zarian
Samia E. McCall
Matthew D. Thayne
STOEL RIVES LLP
101 S. Capitol Blvd.
Suite 1900
Boise, ID  83702
(208) 389-9000

Attorneys for Defendant ViewSonic Corporation

**CERTIFICATE OF SERVICE**

I, Edmond D. Johnson, hereby certify that on the 1st day of May, 2007, I caused a copy of the foregoing to *Defendant Viewsonic Corporation's Memorandum In Support Of Its Motion For A More Definite Statement* be filed with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard D. Kirk, Esquire
Ashley B. Stitzer, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801

David Ellis Moore, Esquire
Potter Anderson & Corroon, LLP
Hercules Plaza,
1313 N. Market St., 6th Fl.
P.O. Box 951
Wilmington, DE 19899-0951

William E. Manning, Esquire
Jennifer M. Becnel-Guzzo, Esquire
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397

Edmond D. Johnson (DE Bar #2257)

#8533163 v1