## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LCD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 06-726-JJF |
| | ) | |
| CHI MEI OPTOELECTRONICS CORPORATION; | ) | DEMAND FOR JURY TRIAL |
| AU OPTRONICS CORPORATION; AU | ) | |
| OPTRONICS CORPORATION AMERICA; | ) | |
| TATUNG COMPANY; TATUNG COMPANY OF | ) | |
| AMERICA, INC.; AND VIEWSONIC | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT VIEWSONIC CORPORATION'S MEMORANDUM
## IN SUPPORT OF ITS MOTION TO DISMISS

STOEL RIVES LLP
John N. Zarian
Samia E. McCall
Matthew D. Thayne
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702
(208) 389-9000
Fax: (208) 389-9040

PEPPER HAMILTON LLP
Edmond D. Johnson (DE Bar # 2257)
Thomas H. Kovach (DE Bar # 3964)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE  19899-1709
P.O. Box 1709
(302) 777-6500
Fax: (302) 421-8390

*Attorneys for Defendant ViewSonic Corporation*

Dated: May 1, 2007

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ...................................................................................................2

   A.  The Parties and the Display Products Industry.................................................2

   B.  Overview of Litigation by LPL Against ViewSonic ........................................3

   C.  Side Mount Patent Litigation............................................................................4

   D.  Semiconductor Patent Litigation ......................................................................4

   E.  Tape Carrier Package for LCD Patent Litigation .............................................5

   F.  Flat Panel Backplane Patent Litigation ............................................................5

   G.  Flat Panel Rear Mount Patent Litigation .........................................................5

   H.  The Instant Law Suit by LPL ...........................................................................6

III.  LPL's Infringement Claims Should be Dismissed Under Rule 12(b)(6) ................6

   A.  Legal Standards ................................................................................................6

   B.  LPL Fails to State a Claim Under 35 U.S.C. § 271(a) .....................................8

   C.  LPL Also Fails to State a Claim Under 35 U.S.C. § 271(b)............................10

IV.  CONCLUSION ...................................................................................................11

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Campbell v. City of San Antonio*,
    43 F.3d 973 (5th Cir. 1995) ................................................................................7

*Catapano v. Wyeth Ayerst Pharmaceuticals, Inc.*,
    88 F. Supp. 2d 27 (E.D.N.Y. 2000) ..................................................................11

*Conley v. Gibson*,
    355 U.S. 41 (1957) .......................................................................................7, 8

*DM Research, Inc. v. Coll. of Am. Pathologists*,
    170 F.3d 53 (1st Cir. 1999)...............................................................................6

*DSU Medical Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006) ......................................................................10

*Gen-Probe, Inc. v. Amoco Corp.*,
    926 F. Supp. 948 (S.D. Cal. 1996) ...............................................................9, 10

*Grid Sys. Corp. v. Texas Instruments Inc.*,
    771 F. Supp. 1033 (N.D. Cal. 1991)..................................................................7

*Judin v. United States*,
    110 F.3d 780 (Fed. Cir. 1997) ......................................................................8, 10

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
    360 F.3d 1295 (Fed. Cir. 2004) ....................................................................8, 10

*Register v. PNC Financial Services Group, Inc.*,
    477 F.3d 56 (3d Cir. 2007) ...............................................................................6

*Zuk v. Eastern Penn. Psychiatric Institute of the Med. College of Penn.*,
    103 F.3d 294 (3d Cir. 1996) .............................................................................7

### STATE CASES

*Ondeo Nalco Co. v. EKA Chemicals, Inc., No. Civ. A. 01-537-SLR*,
    2002 WL 1458853 (D. Del., June 10, 2002) .....................................................8

### STATUTES

Fed. R. Civ. P. 11 ..............................................................................................7, 10

Fed. R. Civ. P. 12(b)(6) .................................................................................1, 11

35 U.S.C. § 271(a).............................................................................................8

35 U.S.C. § 271(b)......................................................................................10, 11

**MISCELLANEOUS**

2 Moore's Federal Practice § 12.34[1][b] (3d ed. 2006) ...................................6

## I.    INTRODUCTION

LG.Philips LCD Co., Ltd. ("LPL") is apparently engaged in a pattern of vexatious litigation designed to disrupt the business of ViewSonic Corporation ("ViewSonic") by subjecting it to an onslaught of cases and claims in multiple jurisdictions, many of them involving the very same patents and overlapping defendants. Evidently, LPL's tactics are aimed at maximizing the burden of litigation on ViewSonic, which is a reseller of display products. In the process, LPL is unnecessarily taxing the federal court system.

As explained below, each of the three patents at issue in this case is the subject of prior actions filed by LPL against ViewSonic and other defendants named in this case, and a number of these prior actions are still pending. Two of the prior actions involving these patents were tried to verdict in 2006 (one before this Court), and both of those cases are expected to be appealed (by one side or the other) after the issues raised in post-trial motions are decided. At least four additional actions involving these patents are still pending as part of pre-trial proceedings pending in the Central District of California.

Consequently, the validity of the three patents-in-suit and the construction of their claims—involving highly complex issues requiring copious amounts of time and effort to resolve—are currently being considered, independently, in other pending cases.

The pending claims against ViewSonic should be dismissed pursuant to Rule 12(b)(6). The complaint filed by LPL is so lacking in substance that ViewSonic lacks sufficient information to provide a meaningful response. Indeed, the complaint fails to list a <u>single</u> product accused of infringement. In this case, the need for such information is heightened by the pendency of other claims involving the same patents at issue here. As filed, though, LPL's complaint does not give ViewSonic any basis upon which to

determine the true nature and extent of the claims asserted, or the degree to which these claims overlap with claims asserted in other pending cases.

Perhaps LPL is stretched so thin by its succession of lawsuits against ViewSonic, and others, that it does not have the time to conduct a proper pre-filing infringement investigation. Alternatively, LPL may be unwilling to share the results of its investigation with ViewSonic. Either way, LPL should not be permitted improperly to shift the burden of conducting an infringement investigation to ViewSonic.

Thus, ViewSonic respectfully requests that the Court grant the instant motion.

## II.    BACKGROUND

### A.    The Parties and the Display Products Industry

ViewSonic is a global provider of display products. The company markets and supports a broad range of products including liquid crystal display ("LCD") monitors, LCD monitors incorporating thin film transistor ("TFT") technology, LCD televisions, projectors, digital signage, and cathode ray tube ("CRT") monitors.

The product supply chains in the industry include manufacturers and suppliers, integrators and assemblers, original equipment manufacturers ("OEMs"), resellers and sellers of branded products. Companies may act in various capacities. For example, a company may ship products from in-house factories, act as an integrator, and/or outsource its manufacturing entirely, depending on the application and product involved.

Competition in the display products industry is fierce, particularly between Korean and Taiwanese suppliers. For example, according to a recent industry report, in the large-area TFT LCD segment of this market, Korean suppliers account for 53 percent of notebook PC panel shipments, Taiwanese suppliers account for 58 percent of LCD

monitor panel shipments, and Korean suppliers account for 54 percent of LCD TV module shipments. These approximate figures tend to vary from quarter to quarter.

Plaintiff LPL is one of the two leading Korean suppliers of display products. Defendants Chi Mei Optoelectronics Corporation ("CMO") and AU Optronics Corporation ("AUO") are two of the three leading Taiwanese suppliers of display products. The third leading Taiwanese supplier is Chunghwa Picture Tubes, Ltd. ("CPT"), a subsidiary of defendant Tatung Company ("Tatung") and affiliate of defendant Tatung Company of America, Inc. ("Tatung America").

**B.     Overview of Litigation by LPL Against ViewSonic**

This is not the first time LPL has asserted patent infringement claims against ViewSonic. Over the past five years, LPL has filed a succession of suits—in California, Delaware, and the United Kingdom—alleging patent infringement against ViewSonic and others, including the three leading Taiwanese suppliers: CPT, CMO and AUO.

LPL has sued ViewSonic in five cases filed in three jurisdictions, alleging infringement of nine patents. LPL's claims concerning six of those patents have been dismissed under circumstances suggesting they had virtually no merit. ViewSonic is still defending itself in four separate actions filed by LPL, including this case. Significantly, two of the other three actions involve the *same* three patents at issue here.

In the Central District of California, ViewSonic is defending against claims involving U.S. Patent Nos. 5,825,449 (the "'449 Patent") and 4,624,737 (the "'737 Patent"), both at issue in this case. Claims involving the '449 Patent and '737 Patent are also being asserted by LPL in that same court (against defendants other than ViewSonic) in four related cases, one of which is in post-trial proceedings. (*See* Declaration of

- 3-

Edmond D. Johnson in Support of Motion to Stay ("Johnson Decl.") (Docket No. 25) filed on April 6, 2007, ¶¶2-6.)

In this very Court, ViewSonic is defending against infringement claims involving U.S. Patent No. 5,019,002 (the "'002 Patent"), at issue here. The prior case involving the '002 Patent is currently the subject of post-trial motions. (Johnson Decl., ¶11.)

The prior claims asserted by LPL against ViewSonic and other defendants are briefly summarized below, organized by the type of technology involved.

C.    **Side Mount Patent Litigation**

In California, LPL has asserted patent infringement claims based on certain "side mount" technology. These claims, asserted in five different cases, involved four U.S. patents, Nos. 5,926,237, 6,002,457, 6,373,537, and 6,020,942. (Johnson Decl., ¶¶2-6.) All of the side mount patent infringement claims have been dismissed due to lack of standing. More particularly, the Hon. Consuelo B. Marshall ruled that LPL assigned away its rights to each of the four side mount patents *prior* to bringing suit, and that LPL therefore lacked any standing to assert claims under those patents. (Johnson Decl., ¶11.)

D.    **Semiconductor Patent Litigation**

Also in the five California cases, LPL asserted claims involving semiconductor technology. These claims alleged infringement of the '449 and '737 Patents, both at issue here. (*See* Johnson Decl., ¶¶2-6.) Last year, LPL obtained a verdict in the lead case, but that case did not include ViewSonic as a defendant. (*See* id., ¶9.) Post-trial motions are pending, and an appeal of any judgment is anticipated, from one side or the other. The four trailing cases are still pending, including a case naming ViewSonic as a defendant and asserting claims under the '449 and '737 Patents. (Id., ¶¶2-6.)

- 4-

**E.    Tape Carrier Package for LCD Patent Litigation**

In a case that is the subject of post-trial motions before this Court (No. 05-00292), LPL originally asserted claims relating to tape carrier packaging for LCDs involving U.S. Patent No. 6,738,121 (the "'121 Patent"). (*See* Johnson Decl., ¶11.) These claims were withdrawn before trial, however, under circumstances that shed light on LPL's litigation tactics. Upon being notified that the '121 Patent was likely invalid due to an on-sale bar, LPL refused to provide critical documents in its possession relevant to this defense.

After being ordered by the Court either to provide the documents or withdraw its claim under the '121 Patent, LPL finally relented and agreed to dismiss its claim. Even so, months of time and effort had been wasted by defendants (and the Court) as a result of LPL's assertion of the invalid '121 Patent and stonewalling discovery tactics.

**F.    Flat Panel Backplane Patent Litigation**

In the foregoing case (No. 05-00292), LPL also asserted claims involving certain flat panel backplane technology. These claims relate to the '002 Patent, at issue in the instant case. (*See* Johnson Decl., ¶11.) Last year, LPL obtained a verdict with respect to its '002 Patent infringement claims, but it is understood the underlying damages are not to be assessed against ViewSonic. As in California, post-trial motions are pending in this case, and an appeal of any judgment is anticipated, from one side or the other.

**G.    Flat Panel Rear Mount Patent Litigation**

LG has also filed at least one legal action against ViewSonic in the United Kingdom. The U.K. case, involving flat panel rear mount technology, asserted claims involving U.K. Patent No. 2,346,464 (the "UK '464 Patent"). The U.K. claims were dismissed in their entirety. In a 33-page opinion, the Patents County Court held that the U.K. '464 Patent was invalid *and* not infringed. (*See* Johnson Decl., ¶13.)

- 5-

Evidently, LPL continues to pursue related claims in a separate case pending before this Court (No. 04-00343), involving U.S. Patent Nos. 6,498,718 and 6,501,641, counterparts to the U.K. '464 Patent. This case, which is distinct from No. 05-00292, names ViewSonic and others as defendants. (*See* Johnson Decl., ¶10.)

### H.    The Instant Law Suit by LPL

The instant action asserts additional infringement claims against ViewSonic involving the '449 Patent, the '737 Patent, and the '002 Patent. Accordingly, semiconductor and flat panel backplane technologies are both at issue in this case.

## III.    LPL's Infringement Claims Should be Dismissed Under Rule 12(b)(6)

### A.    Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of claims for "failure to state a claim upon which relief can be granted." To be sure, in deciding a such a motion, all well-pleaded allegations in the complaint must be accepted as true, and must be viewed in the light most favorable to the plaintiff. *Register v. PNC Financial Services Group, Inc.*, 477 F.3d 56, 61 (3d Cir. 2007).

However, conclusory legal allegations veiled in the form of factual allegations need not be accepted as true. *See* James Wm. Moore, 2 MOORE'S FEDERAL PRACTICE § 12.34[1][b], at 12-61 to 12-63 (3d ed. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotation marks and citations omitted); *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) ("Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition.").

Likewise, a court is not required to "conjure up unpled allegations" to save a complaint from dismissal. *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotations marks and citation omitted).

Moreover, although liberal, the notice pleading standard still requires that a complaint provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). More particularly, notice pleading "should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter-or-cross claims, and for preparing an appropriate answer." *Grid Sys. Corp. v. Texas Instruments Inc.*, 771 F. Supp. 1033, 1037 (N.D. Cal. 1991).

The prohibition against conclusory, boilerplate pleading is reinforced by the requirements of Rule 11 of the Federal Rules of Civil Procedure. *See Zuk v. Eastern Penn. Psychiatric Institute of the Med. College of Penn.*, 103 F.3d 294, 299 (3d Cir. 1996) (quoting Fed. R. Civ. P. 11, Notes of Advisory Committee to 1993 Amendment) ("Tolerance of factual contentions in initial pleadings ... when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to ... make claims ... without any factual basis or justification.") (further noting that "discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it").

In the context of patent infringement litigation, Rule 11 requires, at a minimum, "that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004).

- 7-

Indeed, obtaining a sample of the accused infringing product(s) is often a key factor in determining the reasonableness of a pre-filing investigation. For example, in *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997), the Federal Circuit seized on the fact that the plaintiff had failed to obtain a sample of the accused device in order to perform an infringement analysis prior to filing. Instead, the plaintiff's attorney simply had relied on his client's statements regarding observations of the accused product from a distance. *Id.* Because there was no adequate explanation given for the plaintiff's failure to obtain the accused product in order to compare the device with the patent claims, the court held that sanctions were, in fact, appropriate. *Id.*

**B.      LPL Fails to State a Claim Under 35 U.S.C. § 271(a)**

Here, LPL's complaint contains only vague and conclusory references to "products that are made by a method that infringes one or more claims" of the asserted patents. There is not a single brand name, product number, or other indicator that ViewSonic can look to in determining how and what to investigate with respect to the alleged infringement, so as to respond to LPL's complaint. LPL's bald assertions fall well short of even the relatively liberal standards of notice pleading, and fail to state a claim for patent infringement under 35 U.S.C. § 271(a).

The Federal Rules require, at a minimum, that a defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47 (1957). Accordingly, in *Ondeo Nalco Co. v. EKA Chemicals, Inc.*, No. Civ. A. 01-537-SLR, 2002 WL 1458853, at *1 (D. Del., June 10, 2002), even though the patentee had referenced one specific product by product number, the court held that the patent claims were "too vague to provide plaintiff with fair notice of which products are accused of infringing defendant's patents."

If providing one example of an infringing product is insufficient to provide fair notice, then LPL's vague and generic reference to "products" – without a single concrete example – surely cannot be found to be sufficient. LPL's complaint fails to provide *any* guidance whatsoever to give ViewSonic fair notice of which products are being accused of infringement. LPL's most recent complaint is in stark contrast to previous pleadings in which one or more products were invariably identified.

Other courts are in accord that a claim for patent infringement must provide meaningful notice to a defendant as to which *products* it will be defending in the action. For example, in *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 960 (S.D. Cal. 1996), the plaintiff's infringement claims contained only a vague reference to "products and/or kits." The court found that, due to the fact that the complaint was "devoid of any reference to infringing products," the plaintiff had "fail[ed] to provide fair notice of the grounds of the various claims." *Id.* at 961-62. As such, these claims were dismissed for failing to state a claim.

In this case, LPL's boilerplate claims are so entirely conclusory that ViewSonic is simply unable to formulate a meaningful answer. ViewSonic should not be required to thoroughly examine each of its many products to determine which individual products *might* be at issue in this case. Indeed, the Federal Circuit has made it clear that a defendant should not be forced to mount a defense in response to a plaintiff's fishing expedition for potentially infringing products: "Defendants have no choice when served with a complaint if they wish to avoid a default. They must undertake a defense, and that necessarily involves costs. Rule 11 prohibits imposing those costs upon a defendant absent a basis, well-grounded in fact, for bringing the suit." *Judin*, 110 F.3d at 784.

If LPL has fulfilled its duty to conduct an adequate pre-filing investigation, then it should already be aware of the ViewSonic products it believes may be infringing.  On the other hand, if LG has failed to obtain the products as to which it is alleging infringement in this case and to compare those products with the claims of its patents *before* filing a complaint, then LPL has violated Rule 11.  *See Q-Pharma*, 360 F.3d at 1300-01 (stating that Rule 11 obligates an attorney to "interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement").

### C.    LPL Also Fails to State a Claim Under 35 U.S.C. § 271(b)

LPL's Complaint also contains a vague and conclusory reference to inducement of infringement, alleging, as to each Count of the Complaint, that "[d]efendants have infringed, and/or induced infringement."

To prove inducement of infringement under 35 U.S.C. § 271(b), the plaintiff must establish that "the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (internal quotation marks and citations omitted).  The intent prong requires more than intent to perform the inducing acts.  Instead, "specific intent to encourage another's infringement" is required.  *Id.*, at 1306 (citation omitted).   Thus, inducement requires proof of "culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities."  *Id.*

A complaint that fails to plead the specific intent required for inducement fails to state a claim for inducement.  *See Gen-Probe*, 926 F. Supp. at 954 (dismissing inducement claim for failure to adequately plead specific intent); *Catapano v. Wyeth Ayerst Pharmaceuticals, Inc.*, 88 F. Supp. 2d 27, 30 (E.D.N.Y. 2000) ("Even the broadest

- 10-

reading of the complaint alleges nothing more than the Defendants' mere knowledge that doctors and hospitals are infringing on his patent.  Consequently, [plaintiff] has failed to state a claim for inducement to infringe under § 271(b).").

As in the case of LPL's boilerplate allegations concerning any direct infringement, LPL wholly fails to provide adequate notice of any "inducement of infringement" claims.  LPL's complaint does not even attempt to plead specific intent or allege facts that could be construed to support an allegation of specific intent, even under the most liberal of pleading standards.

Accordingly, LPL also fails to state a claim for inducement of infringement.

## IV.    CONCLUSION

For the foregoing reasons, ViewSonic respectfully submits that each of LPL's three claims should be dismissed pursuant to Rule 12(b)(6), for failure to state a claim.

Dated: May 1, 2007

Edmond D. Johnson (DE Bar #2257)
Thomas H. Kovach (DE Bar #3964)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

-And-

John N. Zarian
Samia E. McCall
Matthew D. Thayne
STOEL RIVES LLP
101 S. Capitol Blvd.
Suite 1900
Boise, ID  83702
(208) 389-9000

Attorneys for Defendant ViewSonic
Corporation

- 11-

## CERTIFICATE OF SERVICE

I, Edmond D. Johnson, hereby certify that on the 1st day of May, 2007, I caused

a copy of the foregoing to ***Defendant Viewsonic Corporation's Memorandum In***

***Support Of Its Motion To Dismiss*** be filed with the Clerk of the Court using CM/ECF,

which will send automatic notification of the filing to the following:

Richard D. Kirk, Esquire
Ashley B. Stitzer, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

David Ellis Moore, Esquire
Potter Anderson & Corroon, LLP
Hercules Plaza,
1313 N. Market St., 6th Fl.
P.O. Box 951
Wilmington, DE 19899-0951

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801

William E. Manning, Esquire
Jennifer M. Becnel-Guzzo, Esquire
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397

Edmond D. Johnson (DE Bar #2257)