## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

       Plaintiff,

v.

CHI MEI OPTOELECTRONICS
CORPORATION; AU OPTRONICS
CORPORATION; AU OPTRONICS
CORPORATION AMERICA; TATUNG
COMPANY; TATUNG COMPANY OF
AMERICA, INC.; AND VIEWSONIC
CORPORATION,

       Defendants.

Civil Action No. 06-726-JJF

---

## PLAINTIFF LG.PHILIPS LCD CO., LTD.'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT VIEWSONIC CORPORATION'S MOTION FOR A MORE DEFINITE STATEMENT

May 18, 2007

Richard D. Kirk (Bar I.D. 922)
Ashley B. Stitzer (Bar I.D. 3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

Attorneys for Plaintiff LG.Philips LCD Co., Ltd.

OF COUNSEL:
Gaspare J. Bono
R. Tyler Goodwin
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

# TABLE OF CONTENTS

**Page**

I.      NATURE & STAGE OF THE PROCEEDING ..................................................... 1

II.     SUMMARY OF THE ARGUMENT .................................................................. 1

III.    COUNTER-STATEMENT OF FACTS ............................................................... 2

IV.     LEGAL STANDARDS ..................................................................................... 3

V.      ARGUMENT ................................................................................................... 4

        A.      The Complaint Need Not Identify Infringing Products ............................ 4

        B.      LG.Philips's Complaint States a Definite Claim for  Patent
                Infringement ............................................................................................. 8

VI      CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

## CASES                                                                      Page

*Agilent Tech., Inc. v. Micromuse, Inc.,*
   Civ. A. No. 04-3090, 2004 WL 2346152 (S.D.N.Y. Oct. 19, 2004) .......................... 7, 8

*Applera Corp. v. Thermo Electron Corp.,*
   *Civ. A. No. 04-1230, 2005 WL 524589 (D. Del. Feb. 25, 2005)* ................... 2, 3, 4, 5, 6

*CFMT, Inc. v. YieldUp Int'l Corp.,*
   *Civ. A. No. 95-549, 1996 WL 33140642 (D. Del. Apr. 5, 1996)*..................................... 4

*Conley v. Gibson, 355 U.S. 41 (1957)* ............................................................................. 3

*eSoft Inc. v. Astaro Corp., Civ. A. No. 06-00441,*
   *2006 WL 2164454 (D. Colo. July 31, 2006)*.................................................................. 7

*Home & Nature, Inc. v. Sherman Specialty Co.,*
   *322 F. Supp. 2d 260 (E.D.N.Y. 2004)* ........................................................................... 4

*Houlihan v. Sussex Tech. School Dist., 461 F. Supp. 2d 252 (D. Del. 2006)*..................... 4

*In re Pabst Licensing GmbH Patent Litig.,*
   *Civ. A. No. MDL 1298, Civ. A. No. 99-3118, 2001*
   *WL 179926 (E.D. La. Feb. 22, 2001)* ........................................................................... 7

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,*
   *203 F.3d 790 (Fed. Cir. 2000)*.................................................................................... 4, 8

*Rollins Envtl Servs. (FS), Inc. v. Wright,*
   *738 F. Supp. 150 (D. Del. 1990)*................................................................................... 5

*Symbol Tech., Inc. v. Hand Held Prods., Inc.,*
   *Civ. A. No. 03-102, 2003 WL 22750145 (D. Del. Nov. 14, 2003)*................. 2, 5, 6, 7, 8

## STATUTES
35 U.S.C. § 100.............................................................................................................. 4

## RULES
Fed. R. Civ. P. 8 ..................................................................................................*passim*

Fed. R. Civ. P. 4 ............................................................................................................ 2

Fed. R. Civ. P. 84............................................................................................................ 2

Plaintiff LG.Philips LCD Co., LTD. ("LG.Philips") respectfully submits this memorandum in opposition to Defendant ViewSonic Corporation's ("ViewSonic") Motion for a More Definite Statement ("Motion").[1]

## I.    NATURE & STAGE OF THE PROCEEDING

This patent infringement case relates to technologies used in the design and manufacture of liquid crystal display ("LCD") products.  More specifically, it concerns LG.Philips's patent rights related to semiconductor and LCD backplane technology, in particular United States Patent No. 5,019,002 ("the '002 patent"), United States Patent No. 5,825,449 ("the '449 patent"), and United States Patent No. 4,624,737 ("the '737 patent") (collectively, "LG.Philips's patents in suit").  On December 1, 2006, LG.Philips filed suit against ViewSonic and five other Defendants, including two manufacturers of LCD modules, for infringement of the patents in suit.  (D.I. 1.)  The Complaint was served on ViewSonic on February 15, 2007.  (D.I. 9.)  On May 1, 2007, ViewSonic filed the Motion (D.I. 39) and opening brief in support thereof ("the Opening Brief") (D.I. 40), as well as a motion to dismiss under Rule 12(b)(6) (D.I. 41) and a motion to stay (D.I. 37), each of which LG.Philips will oppose by separate responses.

## II.    SUMMARY OF THE ARGUMENT

1.    LG.Philips's Complaint meets all of the requirements of federal notice pleading as it is sufficient to allow ViewSonic to respond to it.  This is particularly true when the Complaint is coupled with the specificity of the claims of the patents in suit and

---

[1] All references to Exhibits are attached to the Declaration of Richard D. Kirk, filed contemporaneously.

ViewSonic's knowledge of its own products. In fact, nowhere in its Opening Brief does ViewSonic allege that it is <u>unable</u> to respond to the Complaint.[2]

    2.     In addition to satisfying Rule 8(a), LG.Philips's Complaint includes more detail than provided in the form Complaint for Infringement of Patent (Form 16, Appendix of Forms to the Federal Rules of Civil Procedure). *See generally* Fed. R. Civ. P. 84 ("The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate.").

    3.     Not only is the argument advanced by ViewSonic contrary to the Federal Rules, it has already been rejected in this jurisdiction. *See Applera Corp. v. Thermo Electron Corp.*, Civ. A. No. 04-1230, 2005 WL 524589, at *1 (D. Del. Feb. 25, 2005) (D.J., Sleet); *Symbol Tech., Inc. v. Hand Held Prods., Inc.*, Civ. A. No. 03-102, 2003 WL 22750145, at *3 (D. Del. Nov. 14, 2003) (D.J., Robinson).

### III.    <u>COUNTER-STATEMENT OF FACTS</u>

    LG.Philips will not burden the Court with a point by point response to ViewSonic's background statement. Instead, LG.Philips respectfully directs the Court's attention to LG.Philips's Complaint, which is the proper focus of the Motion. (D.I. 1.)

    The patents in suit are very detailed, described in the Complaint, and attached as exhibits thereto. (D.I. 1, ¶¶ 17-19 & Exs. A-C.) As the Complaint explains, "[t]he

---

[2] In fact, twice before ViewSonic has answered patent infringement complaints drafted in a similar manner, and for the same patents at issue here, albeit with respect for LCD modules manufactured by Chunghwa Picture Tubes, Ld. ("CPT") as opposed to AU Optronics Corporation ("AUO") or Chi Mei Optoelectronics Corporation ("CMO"). (Exs. 1-2). In response to both previous complaints, ViewSonic answered without filing a motion such as the present one. (Exs. 3-4.)

technology at issue involves the design and manufacture of Liquid Crystal Display modules ('LCDs'), which are a type of flat panel display that are incorporated into at least LCD portable computers, LCD computer monitors, and LCD televisions." (D.I. 1, ¶ 3.) "LG.Philips has invested substantial time and money in designing, developing, manufacturing and producing LCD products that incorporate [this] patented LCD technology." (D.I. 1, ¶ 22.) The Complaint further states that LG.Philips is the owner of each patent. (D.I. 1, ¶¶ 1, 17-20 & Exs. A-C.)

The Complaint clearly identifies each Defendant, including ViewSonic, and for each patents in suit alleges that Defendants infringe by "making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that are made by a method that infringes one or more claims of the [identified patent] in this judicial district and elsewhere in the United States." (D.I. 1, ¶¶ 5-10, 24, 32, 37, 42.) The Complaint further explains that the action is being brought "under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular §§ 271, 281, 283, 284 and 285." (D.I. 1, ¶ 11.)

## IV.    **LEGAL STANDARDS**

The notice pleading standard of the Federal Rules requires only "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (footnote omitted); *see also* Fed. R. Civ. P. 8(a) ("short and plain statement of the claim"); Fed. R. Civ. P. 8(e)(1) ("pleading shall be simple, concise, and direct").

As a result, "[c]ourts generally view motions for a more definite statement with disfavor, particularly where the information sought by the motion could easily be obtained by discovery." *Applera Corp.*, 2005 WL 524589, at *1 (internal quotation

3

marks omitted). Such a motion should be granted only when a complaint "is unintelligible, or the issues cannot be determined." *Id.* (citation omitted). In fact, "[i]f the pleading meets the requirements of Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement will not be granted." *CFMT, Inc. v. YieldUp Int'l Corp.*, Civ. A. No. 95-549, 1996 WL 33140642, at *1 (D. Del. Apr. 5, 1996) (M.J., Trostle).

The notice standard applies with full force in patent infringement cases. *See, e.g., Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (quoting and applying *Conley*); *Applera Corp.*, 2005 WL 524589, at *1 n.1 ("The Rule 8 standard does not change in an action for patent infringement."). As the Federal Circuit has explained, a complaint for patent infringement need only "allege[] ownership of the asserted patent, name[] each individual defendant, cite[] the patent that is allegedly infringed, describe[] the means by which the defendants allegedly infringe, and point[] to the specific sections of the patent law invoked." *Phonometrics*, 203 F.3d at 794.

## V.    ARGUMENT

### A.    The Complaint Need Not Identify Infringing Products

As this Court has explained, under Rule 12(e), "relief is only granted in the 'rare case' where the complaint is so vague or incomprehensible that the defendant cannot frame a responsive pleading." *Houlihan v. Sussex Tech. School Dist.*, 461 F. Supp. 2d 252, 262 (D. Del. 2006) (D.J., Farnan). Clearly, this is not one of those "rare cases."

In particular, and contrary to ViewSonic's assertions, a complaint for patent infringement need not identify infringing products. In fact, this erroneous assertion, on which ViewSonic bases the entire Motion, is contrary both to case law and the Federal Rules. *See, e.g., Home & Nature, Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260,

4

265-66 (E.D.N.Y. 2004) (applying *Phonometrics* and denying Rule 12(e) motion where

plaintiff "sufficiently plead the five required elements of patent infringement in

compliance with Rule 8"). Nowhere is this more apparent than in the model complaint

for patent infringement in Form 16 of the Appendix of Forms to the Federal Rules of

Civil Procedure. It provides, *in its entirety*:

### Form 16 – Complaint for Infringement of Patent.

1.  Allegation of jurisdiction.

2.  On May 16, 1934, United States Letters Patent No. ___ were duly
    and legally issued to plaintiff for an invention in an electric motor;
    and since that date plaintiff has been and still is the owner of those
    Letters Patent.

3.  Defendant has for a long time past been and still is infringing those
    Letters Patent by making, selling, and using electric motors
    embodying the patented invention, and will continue to do so
    unless enjoined by this court.

4.  Plaintiff has placed the required statutory notice on all electric
    motors manufactured and sold by him under said Letters Patent,
    and has given written notice to defendant of his said infringement.

Wherefore plaintiff demands a preliminary and final injunction against
continued infringement, an accounting for damages, and an assessment of
interest and costs against defendant.

Fed. R. Civ. P., App. of Forms, Form 16; *see generally Rollins Envtl Servs. (FS), Inc. v.*

*Wright*, 738 F. Supp. 150, 155 (D. Del. 1990) (D.J., Roth) (citing Rule 84 and noting that

plaintiff whose complaint modeled a form "should be commended, not penalized").

Significantly, ViewSonic's Opening Brief is silent as to both Form 16 and the fact

that this Court has rejected the assertion, advanced here, that a complaint must identify

which of a defendant's products infringe the asserted patents. *See, e.g., Applera Corp.*,

2005 WL 524589, at *1; *Symbol Tech.*, 2003 WL 22750145, at *3.

In *Applera Corp.*, the plaintiffs alleged that the defendant infringed a patent "directed to a mass spectrometer and a method of operating the mass spectrometer." 2005 WL 524589, at *1. The defendant moved for a more definite statement, arguing that it could not "determine the issues in the case because the plaintiffs failed to identify which of its ninety-three mass spectrometers, in sixteen product lines, that it has manufactured since 1990 allegedly infringe[d]" the patent at issue. *Id.* The defendant further asserted that prior litigation involving the patent at issue "[made] it all the more important for the plaintiffs to identify which of its products or processes allegedly infringe the . . . patent." *Id.* at *1 n.3. Judge Sleet, however, denied the motion:

> [T]he plaintiffs' complaint[] . . . is *far from unintelligible*. In addition to identifying the patent in suit, the complaint plainly states that [the defendant] has allegedly infringed the '736 patent "directly, contributorily, and/or by inducing others to infringe the patent by making, using, offering for sale and selling mass spectrometer systems that are encompassed by or the use of which is encompassed by one or more claims of the '736 patent." The court, therefore, cannot say that the complaint is so "vague or ambiguous" that it prevents [the defendant] from reasonably framing a response. While the court understands and endorses [the defendant's] desire to narrow the issues of this litigation as early on in the process as possible, it believes that *this goal is best achieved through the use of traditional mechanisms of discovery*.

*Id.* at *1 (emphasis added) (citation and footnote omitted). Judge Sleet also further rejected the defendant's argument as to other cases because "the prior litigation will inevitably inform the claims and defenses in the present case." *Id.* at *1, n.3.

Similarly, in *Symbol Technologies*, the plaintiff pled that the defendant infringed "one or more claims of each of the [12 asserted patents]." 2003 WL 22750145, at *2. The defendant argued that the complaint was "facially defective" under Rule 8(a) because the complaint did not identify which of the defendant's products infringed. *Id.* at *3. In denying the motion, Judge Robinson first observed that the defendant had "failed to cite

6

any precedent biding upon [the] court that requires a complaint to identify the basis of an infringement claim with such particularity." *Id.* The Court then found that there were "a finite number of claims and a finite number of infringing products[, and therefore] . . . *traditional mechanisms of discovery [were] the proper tools to refine the scope of [the] litigation*." *Id.* (emphasis added).

Moreover, the three cases cited in the Opening Brief actually support LG.Philips, not ViewSonic. (*See* D.I. 40 at 6-7 (citing *eSoft, Inc. v. Astaro Corp.*, Civ. A. No. 06-00441, 2006 WL 2164454 (D. Colo. July 31, 2006); *Agilent Tech., Inc. v. Micromuse, Inc.*, Civ. A. No. 04-3090, 2004 WL 2346152 (S.D.N.Y. Oct. 19, 2004); *In re Pabst Licensing GmbH Patent Litig.*, Civ. A. No. MDL 1298, Civ. A. No. 99-3118, 2001 WL 179926 (E.D. La. Feb. 22, 2001).)

For example, the Court in *In re Pabst*, on which both *eSoft* and *Agilent Technologies* rely,[3] granted the Rule 12(e) motion because of exceptional factual circumstances. *See* 2001 WL 179926, at *1. In that case, which involved 20 patents with a combined 503 claims, the court observed that "the number of patents and products in the case before me are *far greater* than those contemplated in the sample complaint, which would *justify a request for greater specificity*." *Id.* (emphasis added). No such circumstances are present here.[4]

---

[3] In *Agilent Technologies*, the court recognized that products need not be identified "where some other *limiting parameter* has been set forth or at least one purportedly infringing product has been identified," and the court seemingly found that the complaint before it contained neither. *Agilent Tech.*, 2004 WL 2346152, at *5-6 (emphasis added). Similarly, the court in *eSoft* expressed concern due to the "the absence of *any* indication" in the complaint as to which of the defendant's products were being accused. *eSoft, Inc.*, 2006 WL 2164454, at *2 (emphasis added).

[4] This case involves three patents with a combined total of 51 claims – far less than the 20 patents, 503 claims and several hundred products at issue in *In rePabst*. *Compare* D.I. 1, Exs. A-C *with In re Pabst*,

*(footnote continued on next page)*

**B.     LG.Philips's Complaint States a Definite Claim for Patent Infringement.**

LG.Philips's Complaint meets the five requirements for stating a patent infringement claim and thereby "contains enough detail to allow [Defendants] to answer." *Phonometrics*, 203 F.3d at 794.  First, it alleges that LG.Philips has rights regarding the patents in suits.  (*See* D.I. 1, ¶¶ 1, 17-20.)  Second, it names each Defendant, including ViewSonic.  (*See* D.I. 1, ¶¶ 5-10.)  Third, it cites and describes each patent in suit (*see* D.I. 1, ¶¶ 1, 17-19), and even appends the patents as exhibits (*see* D.I. 1, Exs. A-C).  Fourth, for each patent, the Complaint (as quoted above) describes how it has been infringed by Defendants, including ViewSonic.  (D.I. 1, ¶¶ 32, 37, 42.)  And fifth, the Complaint clearly points to the specific sections of the patent law being asserted, "in particular §§ 271, 281, 283, 284 and 285."  (D.I. 1, ¶ 11.)

Moreover, LG.Philips's Complaint contains more detail than in the model complaint in Form 16 while alleging that (1) this Court has jurisdiction, (2) LG.Philips owns the patents in suit and (3) Defendants, including ViewSonic, have infringed the patents in suit.  (*See* D.I. 1, ¶¶ 11-21, 24, 32, 37, 42.)  LG.Philips also has given notice of the patents in suit by, *inter alia*, filing the Complaint.  (*See* D.I. 1.)

Finally, it should be noted that – unlike the plaintiffs in the cases relied upon by ViewSonic – LG.Philips has set forth limiting parameters regarding the scope of any infringing products.  For instance, LG.Philips's Complaint is clear that the products at issue are LCDs that are designed and manufactured using the technology covered by the

_____

*(footnote continued from previous page)*

2001 WL 179926, at *1; *see also Symbol Tech.*, 2003 WL 22750145, at *3 (denying Rule 12(e) motion in case involving 12 patents).

8

patents in suit, as well as LCD products incorporating such modules, including LCD portable computers, LCD computer monitors, and LCD televisions. (D.I. 1, ¶¶ 3, 24.)

To grant ViewSonic's request for a more definite statement would be contrary to the Federal Rules of Civil Procedure and case law. Here, as in any other patent litigation, ViewSonic may obtain further details through the many available discovery vehicles.

## VI.    **CONCLUSION**

For the reasons stated herein, LG.Philips respectfully requests that the Court deny

ViewSonic's Motion for a More Definite Statement.


May 18, 2007                              THE BAYARD FIRM

                                         /s/ Richard D. Kirk (rk0922)
                                         Richard D. Kirk (rk0922)
                                         Ashley B. Stitzer (as3891)
                                         222 Delaware Avenue
                                         Suite 900
                                         Post Office Box 25130
                                         Wilmington, Delaware  19899-5130
                                         rkirk@bayardfirm.com
                                         astitzer@bayardfirm.com
                                         (302) 655-5000
                                         Counsel for Plaintiff
                                         LG.PHILIPS LCD CO., LTD.

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 18, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Edmond D. Johnson
Thomas H. Kovach
Pepper Hamilton LLP
1313 Market Street, Suite 5100
PO Box 1709
Wilmington, DE  19899-1709

Karen L. Pascale
John W. Shaw
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Philip A. Rovner
Dave E. Moore
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE  19899-0951

William E. Manning
Jennifer M. Becnel-Guzzo
Buchanan Ingersoll & Rooney
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

The undersigned counsel further certifies that copies of the foregoing document were sent by email to the above counsel on May 18, 2007, and will be sent by hand on May 18, 2007, and were sent by email on May 18, 2007, and will be sent by first class mail on May 18, 2007, to the following non-registered participants:

John N. Zarian
Samia McCall
Matthew D. Thayne
J. Walter Sinclair
Stoel Rives LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID  83702

Vincent K. Yip
Peter J. Wied
Jay C. Chiu
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071

656846-1

Kenneth R. Adamo                    Bryan J. Sinclair
Robert C. Kahrl                     Karineh Khachatourian
Arthur P. Licygiewicz               Buchanan Ingersoll & Rooney
Jones Day                           333 Twin Dolphin Drive
North Point                         Redwood Shores, CA  94065-1418
901 Lakeside Avenue
Cleveland, OH  44114-1190


                                    /s/ Richard D. Kirk (rk922)
                                    Richard D. Kirk

656846-1

# UNREPORTED CASES

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 524589 (D.Del.)
(Cite as: 2005 WL 524589 (D.Del.))

Page 1

**C**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
APPLERA CORPORATION, MDS Inc., and
Applied Biosystems/MDS Sciex Instruments,
Plaintiffs,
v.
THERMO ELECTRON CORPORATION,
Defendant.
**No. Civ.A. 04-1230(GMS).**

Feb. 25, 2005.

Josy W. Ingersoll, Young, Conaway, Stargatt &
Taylor, Wilmington, DE, for Plaintiffs.

*ORDER*

SLEET, J.

I. INTRODUCTION

*1 On September 3, 2004, Applera Corporation
("Applera"), MDS Inc. ("MDS"), and Applied
Biosystems/MDS Sciex Instruments ("Applied
Biosystems") (collectively, the "plaintiffs") filed a
complaint, alleging that Thermo Electron
Corporation ("Thermo") infringes one or more claims
of U.S. Patent No. 4,963,736 (the " '736 patent"). The
'736 is directed to a mass spectrometer and a method
of operating the mass spectrometer.

Presently before the court is Thermo's motion for a
more definite statement pursuant to Rule 12(e) of the
Federal Rules of Civil Procedure. For the following
reasons, the court will deny Thermo's motion.

II. DISCUSSION

The decision of whether to grant or deny Thermo's
motion rests within the sound discretion of the
District Court. *See* 5A CHARLES ALAN WRIGHT
AND ARTHUR R. MILLER, FEDERAL
PRACTICE & PROCEDURE: CIVIL 3D § 1377, at
728-29 & n. 3 (Supp.2004). Courts generally view
motions for a more definite statement with disfavor,
particularly " 'where the information sought by the
motion could easily be obtained by discovery." ' *See
CFMT, Inc. v. YieldUp Int'l Corp.,* No. Civ. A. 95-

549, 1996 WL 33140642, *1 (D.Del. Apr.5, 1996)
(citations omitted). Courts take this view because the
Federal Rules require that a pleading contain only a
"short and plain statement of the claim showing that
the pleader is entitled to relief." *See* Fed. R. Civ. P.
8(a)(2). [FN1] As a result, a motion for a more
definite statement should be granted only where the
pleading is so "vague or ambiguous" that the
opponent cannot draft a responsive pleading. *See* Fed.
R. Civ. P. 12(e); *see also Schaedler v. Reading Eagle
Publ'n,* 370 F.2d 795, 798 (3d Cir.1967). Courts have
interpreted this rule to mean that the motion should
only be granted where the pleading is unintelligible,
see *CFMT,* 1996 WL 33140642, at *1, or the issues
cannot be determined. *See Fischer & Porter Co. v.
Sheffield Corp.,* 31 F.R.D. 534, 536 (D.Del.1962);
*Container Co. v. Carpenter Container Corp.,* 8
F.R.D. 208, 210 (D.Del.1948).

> FN1. The Rule 8 standard does not change
> in an action for patent infringement. *See* 5
> WRIGHT & MILLER § 1251, at 459-60
> ("[T]he complaint in a patent infringement
> action ... must identify the patent that has
> been infringed and indicate in what manner
> the patent has been encroached upon;
> however no special level of particularity ...
> is required." (footnotes omitted); *see also*
> Fed.R.Civ.P. 84 (1998); Appendix of Forms,
> Form 16 (Complaint for Infringement of
> Patent).

Thermo asserts that it cannot reasonably be required
to frame an answer to the plaintiffs' complaint
because it contains three alternatively pleaded
theories of infringement without any specificity as to
time, place, or person. Thermo further asserts that it
cannot determine the issues in the case because the
plaintiffs failed to identify which of its ninety-three
mass spectrometers, in sixteen product lines, that it
has manufactured since 1990 allegedly infringe the
'736 patent. [FN2] After reviewing the plaintiffs'
complaint, the court finds that it is far from
unintelligible. In addition to identifying the patent in
suit, the complaint plainly states that Thermo has
allegedly infringed the '736 patent "directly,
contributorily, and/or by inducing others to infringe
the patent by making, using, offering for sale and
selling mass spectrometer systems that are
encompassed by or the use of which is encompassed
by one or more claims of the '736 patent." (D.I. 1 ¶

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 524589 (D.Del.)
**(Cite as: 2005 WL 524589 (D.Del.))**

18.) [FN3] The court, therefore, cannot say that the complaint is so "vague or ambiguous" that it prevents Thermo from reasonably framing a response. While the court understands and endorses Thermo's desire to narrow the issues of this litigation as early on in the process as possible, it believes that this goal is best achieved through the use of traditional mechanisms of discovery. *See Symbol Techs., Inc. v. Hand Held Prods., Inc.,* Civil Action No. 03-102, 2003 WL 22750145, *9 (D.Del. Nov.14, 2003).

> FN2. The '736 patent issued on October 16, 1990.
>
> FN3. Further, the plaintiffs have included a background section in the complaint that discusses previous litigation involving the '736 patent. (D.I. 1 ¶ ¶ 7-14.) In particular, the plaintiffs discuss the results of the *Markman* hearing, jury trial, bench trial concerning inequitable conduct, and appellate review. (*Id.*); *see Applera Corp. v. Micromass UK Ltd.,* 204 F.Supp.2d 724 (D.Del.2002), *aff'd,* 2003 WL 1795593 (Fed.Cir.2003). Thermo also discusses this prior litigation in its brief in support of its motion, asserting that the litigation makes it all the more important for the plaintiffs to identify which of its products or processes allegedly infringe the '736 patent. (D.I. 8, at 6-7.) The court disagrees because, as Thermo recognized in its brief, the prior litigation will inevitably inform the claims and defenses in the present case. For example, one of the plaintiffs' witnesses in the prior litigation testified that certain Thermo products do not infringe the '736 patent. (*Id.*)

## III. CONCLUSION

**\*2** For the aforementioned reasons, IT IS HEREBY ORDERED that:
 1. The defendant's Motion for a More Definite Statement (D.I.7) is DENIED.
 2. The defendant shall answer the complaint within thirty (30) days of the date of this Order.

Not Reported in F.Supp.2d, 2005 WL 524589 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 33140642 (D.Del.)
**(Cite as: 1996 WL 33140642 (D.Del.))**

Page 1

Ⓗ
Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
CFMT, INC. and CFM TECHNOLOGIES, INC.,
Plaintiffs,
v.
YIELDUP INTERNATIONAL CORP., Defendant.
**No. CIV. A. 95-549-LON.**

April 5, 1996.

Edward B. Maxwell, 2nd, Esquire, and Josy W. Ingersoll, Esquire, Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs.

Mary B. Graham, Esquire, Nichols, Arsht & Tunnell, Wilmington, for defendant.

MAGISTRATE'S REPORT AND
RECOMMENDATION

TROSTLE, Magistrate J.

BACKGROUND FACTS AND DISCUSSION

**\*1** This is a patent infringement action in which plaintiffs, CFMT, Inc. ("CFMT," the assignee and owner of the patent in suit) and CFM Technologies, Inc. ("CFM," the exclusive licensee), allege that defendant, YieldUp International Corp. ("YieldUp"), has infringed one or more claims of specified Patent No. 4,911,761 (" '761 patent") related to a process and apparatus for drying surfaces. (D.I.1). Presently before the Court is plaintiffs' motion to strike insufficient defenses and for a more definite statement pursuant to Rules 10(b), 12(e) and 12(f) of the Federal Rules of Civil Procedure (D.I.8).

Federal Rule of Civil Procedure 12(e) provides, in relevant part: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). Rule 12(e) "is plainly designed to strike at unintelligibility rather than want of detail. If the pleading meets the requirements of Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement will not be granted." *Thomson S.A. v. Time*

*Warner, Inc.,* C.A. No. 94-83-LON, slip. op. at 3 (June 2, 1994). *See also Schaedler v. Reading Eagle Publication, Inc.,* 370 F.2d 795, 798 (3d Cir.1967) ("Although the motion for a more definite statement continues to exist in Rule 12(e), it is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading"); *Beery v. Hitachi Home Electronics (America), Inc.,* 157 F.R.D. 477, 480 (C.D .Cal.1993); *Wood & Locker, Inc. v. Doran & Associates,* 708 F.Supp. 684 (W.D.Pa.1989) (unintelligibility, not lack of detail, is the basis for granting a Rule 12(e) motion); *United States v. Board of Harbor Commissioners,* 73 F.R.D. 460, 462 (D.Del.1977).

Indeed, motions for a more definite statement under Rule 12(e), which are within the discretion of the Court, are looked upon with disfavor and are consistently denied "where the information sought by the motion could easily be obtained by discovery." *Id.* at 2, 4. *See also Wilson v. United States,* 585 F.Supp. 202, 205 (M.D.Pa.1984). Motions to strike under Fed.R.Civ.P. 12(f) [FN1] are likewise disfavored, *except* when they serve to expedite, rather than delay. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294-95 (7th Cir.1989) (appellate court upheld district court's striking of affirmative defenses as insufficient on the face of the pleading, where defenses were nothing but "bare bones conclusory allegations," omitting any plain and short statement of facts and totally failing to allege the necessary elements of the alleged claims); Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1274 (1990) ("[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiffs fair notice of the nature of the defense").

> FN1. Fed.R.Civ.P. 12(f), Motion to Strike, provides that:
> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 33140642 (D.Del.)
(Cite as: 1996 WL 33140642 (D.Del.))

scandalous matter.

*2 Rule 8 of the Federal Rules of Civil Procedure states that, in addition to a declaration of jurisdiction and a demand for relief, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8. This requirement does not change in a patent infringement action. Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1251 (1990) ("[i]n drafting the complaint in an infringement action, plaintiff must identify the patent that has been infringed and indicate in what manner the patent has been encroached upon; however, no special laws of particularity of the statement is required.") (footnotes omitted). Nor does Fed.R.Civ.P. 10, Form of Pleadings, which states in relevant part: "All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances...Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." Fed.R.Civ.P. 10(b).

In the case at bar, plaintiffs claim that defendant's defense of patent invalidity due to the patent's failure to meet one or more of the patentability conditions specified in 35 U.S.C. § § 102(a), 102(b), 102(e), 102(f), 102(g) and 112 [FN2] is insufficient to comply with Fed.R.Civ.P. 8(e) and 10(b), where the alleged patent deficiencies are so inclusively asserted by defendant, without setting forth a ground of invalidity or any set of circumstances giving rise to any invalidity defense. Plaintiffs also argue that defendant has failed to specify the grounds of claimed invalidity as to which defendant asserts entitlement to declaratory judgment (D.I.8). [FN3]

> FN2. The cited parts of 35 U.S.C. § 102, Conditions for patentability; novelty and loss of right to patent, provide as follows:
> A person shall be entitled to a patent unless-
> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or
> (b) the invention was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United

States, or...
(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent, or
(f) he did not himself invent the subject matter sought to be patented, or
(g) before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it. In determining priority of invention there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.
35 U.S.C. § 102.
Section 112 of the United States Code, Specification, provides as follows: The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.
The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.
A claim may be written in independent or, if the nature of the case admits, in dependent or multiple dependent form.
Subject to the following paragraph, a claim in dependent form shall contain a reference to a claim previously set forth and then specify a further limitation of the subject matter claimed. A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers.
A claim in multiple dependent form shall contain a reference, in the alternative only, to more than one claim previously set forth and then specify a further limitation of the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                   Page 3
Not Reported in F.Supp., 1996 WL 33140642 (D.Del.)
**(Cite as: 1996 WL 33140642 (D.Del.))**

subject matter claimed. A multiple dependent claim shall not serve as a basis for any other multiple dependent claim. A multiple dependent claim shall be construed to incorporate by reference all the limitations of the particular claim in relation to which it is being considered.

An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof. 35 U.S.C. § 112.

FN3. YieldUp's invalidity defense is contained in paragraphs 19 and 20 of its answer:

19. Upon information and belief, the claims of the '761 patent are invalid because the invention allegedly patented thereby fails to meet one or more of the conditions for patentability provided in Title 35, United States Code, in particular one or more of Sections 102(a), 102(b), 102(e), 102(f), 102(g) and 112.

20. Upon information and belief, the claims of the '761 patent are invalid because the averred invention allegedly patented thereby would have been obvious to a person of ordinary skill in the art at the time of the alleged invention and thus fails to meet the requirements of 35 U.S.C. § 103. (D.I.4).

Defendant counters that the pleading at issue fully comports with the well-established practice in this district, meets the requirements of Fed.R.Civ.P. 8 and fairly notifies the plaintiffs of the nature of the claim, thereby supporting denial of plaintiffs' motion (D.I.13).

It is well recognized that where a party is able to discharge his pleading obligations under the Federal Rules of Civil Procedure, a Rule 12(e) motion made to obtain a *better* affirmative pleading, thus enabling the moving party to provide a more enlightened or accurate response, will be denied, particularly if the matter sought is a proper subject for discovery. Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1377 (1990). With particular regard to patent infringement actions, for instance, plaintiff need not specify the claims of originality upon which he intends to rely at trial, or

provide details of the respects in which defendant has infringed the patent; nor should defendant be required to explain his assertion of prior invention. Id. See also Beery, 157 F.R.D. at 480. Of course, federal law addresses potential deficiencies in this regard by requiring that a party (defendant) seeking to assert the defense of noninfringement or invalidity of the patent give the plaintiff 30 days written notice of certain elements of those defenses, if the defendant has chosen not to set forth those elements in his answer. 35 U.S.C. § 282; Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1251 (1990).

*3 In the answer at issue in the case at bar, defendant bases its invalidity defense on specifically identified statutory sections applying to anticipation (35 U.S.C. § 102), obviousness (35 U.S.C. § 103) and patent specification defects (35 U.S.C. § 112) (D.I.4). This Court has held that pleading invalidity in such general terms satisfies the requirements of notice pleading. *Calgon Corporation v. Nalco Chemical Company,* C.A. No. 89-90-JRR, slip op. at 12 (July 3, 1990). Thus, while it is generally true that Fed.R.Civ.P. 10 requires a party to plead in separate paragraphs short, plain and direct statements of the contended grounds "whenever a separation facilitates the clear presentation of the matters set forth," as would be the case with different legal theories, where a party fails to do so "is not necessarily fatal especially when the adversary makes no objection." *Vigor v. Chesapeake & Ohio R. Co.,* 101 F.2d 865, 869 (7th Cir.), *cert. denied,* 387 U.S. 635 (1939). And while the Court duly acknowledges plaintiffs' objections to defendant's form of answer, it nonetheless finds that YieldUp's affirmative defenses sufficiently comport with the Federal Rules of Civil Procedure, providing plaintiff with fair notice of the nature of the defense.

Furthermore, the parties have proceeded with discovery, serving interrogatories which ultimately will provide each party with the additional, more specific information required for litigation, effectively rendering plaintiffs' present motion moot. *See, e.g., Lert v. A.C. Nielsen Company,* 1993 U.S. Dist. Lexis 4235 at 5 (N.D .Ill.1993).

Thus, in light of the aforementioned considerations, the Court must deny plaintiffs' motion to strike insufficient defenses and for a more definite statement motion. *See* Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1274 (1990).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 33140642 (D.Del.)
**(Cite as: 1996 WL 33140642 (D.Del.))**

CONCLUSION

In conclusion, for the reasons contained herein, I recommend that plaintiffs' motion to strike insufficient defenses and for a more definite statement be DENIED.

The appropriate Order consistent with this Report and Recommendation shall follow.

Not Reported in F.Supp., 1996 WL 33140642 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22750145 (D.Del.)
**(Cite as: 2003 WL 22750145 (D.Del.))**

C

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
SYMBOL TECHNOLOGIES, INC., Plaintiff,
v.
HAND HELD PRODUCTS, INC. and HHP-NC,
Inc., Defendants.
**No. Civ.A. 03-102-SLR.**

Nov. 14, 2003.

Arthur G. Connolly, III, Connolly, Bove, Lodge &
Hutz, Andre G. Bouchard, Bouchard, Margules &
Friedlander, Wilmington, DE, for Plaintiff.

Donald F. Parsons, Jr., Mary B. Graham, Morris,
Nichols, Arsht & Tunnell, Wilmington, DE, for
Defendants.

MEMORANDUM ORDER

ROBINSON, J.

I. INTRODUCTION

*1 Currently before the court are the following
motions by the defendants Hand Held Products, Inc.
and HHP-NC, Inc. (collectively "HHP"): 1) motion to
dismiss U.S. Patent No. 5,591,956 of Count II for
lack of subject matter jurisdiction; 2) motion to
dismiss U.S. Patent No. 5,130,520 of Count I from
the action because HHP holds a valid license; 3)
motion to dismiss plaintiff's infringement and
noninfringement claims from Counts I and II
pursuant to Fed.R.Civ.P. 8 and 12(b)(6) for failure to
state a claim; 4) motion to dismiss Count II of the
complaint pursuant to Fed.R.Civ.P. 12(b)(1) and
12(b)(6) for lack of subject matter jurisdiction for
failure to satisfy the jurisdictional requirements of 18
U.S.C. § 2201; 5) motion to dismiss plaintiff's
invalidity and unenforceability claims from Count II
pursuant to Fed.R.Civ.P. 8 and 12(b)(6) for failure to
give notice of the bases for claims of invalidity and
unenforceability; 6) motion to strike plaintiff's
unenforceability allegations pursuant to Fed.R.Civ.P.
12(b)(6) for failure to plead fraud with particularity;
and 7) motion for a more definite statement as to
Counts I and II. (D.I.10) For the reasons and to the
extent stated below, the court grants in part and

denies in part HHP's motions.

II. BACKGROUND

Plaintiff Symbol Technologies, Inc. ("Symbol") and
HHP are competitors in the hand-held optical scanner
industry, each holding patents and manufacturing a
variety of products. Symbol is the owner of U.S.
Patent Nos. 5,029,183; 5,130,520; 5,157,687;
5,479,441; 5,521,366; 5,646,390; 5,702,059;
5,783,811; 5,818,028; 6,00,612; 6,019,286; and
6,105,871 (collectively, the "Symbol Patents"). HHP
is the owner of U.S. Patent Nos. 5,286,960;
5,291,008; 5,391,182; 5,420,409; 5,463,214;
5,569,902; 5,591,956; 5,723,853; 5,723,868;
5,773,806; 5,773,810; 5,780,834; 5,784,102;
5,786,586; 5,793,967; 5,801,918; 5,825,006;
5,831,254; 5,837,985; 5,838,495; 5,900,613;
5,914,476; 5,929,418; 5,932,862; 5,942,741;
5,949,052; 5,949,054; 5,965,863; 6,015,088;
6,060,722; 6,161,760; 6,298,176; 6,491,223;
D392,282; D400,199, and D400,872 (collectively
the "HHP Patents").

In September 1999, HHP was acquired by Welch
Allyn, Inc. ("Welch Allyn"), a direct competitor of
Symbol. Later that fall, Welch Allyn announced that
it intended to acquire another competitor of Symbol's,
PSC, Inc., with whom Symbol was engaged in patent
litigation.

On March 13, 2000, Welch Allyn's in-house counsel
sent an email to Symbol's in-house patent counsel
indicating that certain Welch Allyn patents might
"present problems" to Symbol's Golden Eye product
line. (D.I.19)

On June 6, 2000, Welch Allyn began negotiating
with Symbol on behalf of Welch Allyn's newly
acquired subsidiary, PSC, Inc. (*Id.*) Later that month,
a meeting was held between Symbol and Welch
Allyn to discuss the licensing of certain patents held
by HHP relating to the Golden Eye product line. At
that meeting, a list of twenty-three (23) patents was
presented to Symbol which Welch Allyn viewed as
relevant. (*Id.*)

*2 On June 28, 2000, a second list was provided to
Symbol by HHP in response to a request made at the
earlier meeting. This second list contained only ten
(10) patents, eight of which were previously listed on

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22750145 (D.Del.)
**(Cite as: 2003 WL 22750145 (D.Del.))**

the first list, and two of which were new additions. The June 28 letter indicated that these patents should be the topic of further licensing discussions between the parties. (*Id.*)

On November 30, 2000, Symbol acquired Telxon, a Texas company that was at the time engaged in patent-related disputes with Welch Allyn. Previously that year, Welch Allyn had sent a list of patents to Telxon, identical to the first list sent to Symbol, and suggested that Telxon's products might be infringing. Welch Allyn had also previously raised infringement issues with Metanetics, a Telxon subsidiary. (*Id.*)

Relations between Symbol and Welch Allyn deteriorated completely when Welch Allyn filed a lawsuit against Symbol in North Carolina regarding a certain contract that they shared to provide products to the United States Postal Service. (*Id.*)

On January 21, 2003, Symbol filed a two-count complaint alleging that HHP has infringed the Symbol Patents and seeking declaratory judgment that the HHP Patents are not infringed, invalid and/or unenforceable. (D.I.1)

In Count I of the complaint, Symbol alleges that "HHP infringed and continues to infringe, has induced and continues to induce others to infringe, and/or has committed and continues to commit acts of contributory infringement, of one or more claims of each of the Symbol Patents." (D.I. 1 at 6) In Count II of the complaint, Symbol seeks a declaratory judgment that the HHP Patents are noninfringed, invalid, and unenforceable. (*Id.*)

III. DISCUSSION

A. HHP's Motion to Dismiss U.S. Patent No. 5,591,956

HHP contends that the court is without subject-matter jurisdiction as to U.S. Patent No. 5,591,956 ("'956 patent"). (D.I.11) At oral arguments before the court on October 28, 2003, HHP's counsel affirmatively stated that the '956 patent is dedicated to the public; therefore, this patent will be dismissed from the complaint.

B. HHP's Motion to Dismiss U.S. Patent No. 5,130,520

HHP contends that U.S. Patent No. 5,130,520 ("'520 patent") should be dismissed because it is the subject of a valid license from Symbol. Symbol contends that

there is a license for the '520 patent, but that it pertains to a narrow field of use. It is established law that a licensee that exceeds the scope of its license may be held liable for infringement. *See General Talking Pictures Co.,* 304 U.S. 175, 58 S.Ct. 849, 82 L.Ed. 1273 (1938); *Eli Lily & Co. v. Genentech Inc.,* 17 U.S.P.Q.2d 1531, 1534 (S.D.Ind.1990). Consequently, HHP's motion to dismiss the '520 patent will be denied.

C. HHP's Motion to Dismiss Infringement and Noninfringement Claims from Count I and II for Failure to State a Claim, Motion to Dismiss Symbol's Claims of Invalidity and Unenforceability, and Motion for a More Definite Statement

**\*3** HHP contends that Symbol's complaint is facially defective under Fed.R.Civ.P. 8(a), as it fails to provide sufficient notice of which of HHP's products infringe claims under the Symbol Patents and which of Symbol's products may infringe HHP Patents. (D.I. 11 at 16) HHP, however, has failed to cite any precedent binding upon this court that requires a complaint to identify the basis of an infringement claim with such particularity. [FN1] It is established law that liberal pleading requirements are designed to put the parties on notice generally as to the nature of the cause of action. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Weston v. Pennsylvania,* 251 F.3d 420, 429 (3d Cir.2001). Particularly in complex litigation, it is through the discovery process that the parties refine and focus their claims. At this stage in the litigation, the court declines to dismiss Symbol's claims until adequate discovery has been completed.

> FN1. The court notes that HHP attempts to bootstrap Fed.R.Civ.P. 11 requirements into Rule 8, without actually alleging that Symbol's complaint is frivolous. (D.I. 11 at 9-10) In the absence of an actual motion by HHP to the contrary, the court will assume that Symbol's counsel has complied with their ethical obligations under Fed.R.Civ.P. 11.

In the alternative, HHP moves the court to require Symbol to provide a more definite statement pursuant to Fed.R.Civ.P. 12(e). A motion under Rule 12(e) is to correct a pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The purpose, however, of Rule 12(e) is not to make it easier for the moving party to prepare its case. Fed.R.Civ.P. 12 advisory committee's note. In this case, the crux of HHP's

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22750145 (D.Del.)
(Cite as: 2003 WL 22750145 (D.Del.))

motion is that Symbol's complaint is simply too large. There are, however, a finite number of claims and a finite number of infringing products. Consequently, the court finds that traditional mechanisms of discovery are the proper tools to refine the scope of this litigation. HHP's motions in this regard will be denied.

D. HHP's Motions to Dismiss Count II for Lack of Subject Matter Jurisdiction

HHP contends that the court is without subject matter jurisdiction as to the HHP Patents, as there is not an actual controversy within the meaning of § 2201. (*Id.*) See *Vectra Fitness, Inc. v. TNWK Corp.,* 162 F.3d 1379, 1383 (Fed.Cir.1998).

Declaratory judgment pursuant to 28 U.S.C. § 2201 requires that there be "(1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *BP Chemicals Ltd. v. Union Carbide Corp.,* 4 F.3d 975, 978 (Fed.Cir.1993). In reaching its conclusion, the court must apply a totality of the circumstances standard. *See C.R.Bard, Inc. v. Schwartz,* 716 F.2d 874, 880 (Fed.Cir.1983).

The recent contentious and litigious history between the parties weighs in favor of a finding that Symbol has a reasonable apprehension of suit. In *EMC Corp. v. Norand Corp.,* 89 F.3d 807 (Fed.Cir.1996), the Federal Circuit stated that the "test for finding a 'controversy' for jurisdictional purposes is a pragmatic one and cannot turn on whether the parties use polite terms in dealing with one another or engage in more bellicose saber rattling." *Id.* at 811. The Court of Appeals continued and emphasized that "the question is whether the relationship between the parties can be considered a 'controversy,' and that inquiry does not turn on whether the parties have used particular 'magic words' in communicating with one another." *Id.* at 812. Therefore, the absence of an explicit threat of suit, while a factor, is not dispositive. *See BP Chemicals Ltd. v. Union Carbide Corp.,* 4 F.3d 975, 979 (Fed.Cir.1993) ( "Declaratory judgment jurisdiction does not require direct threats.").

**\*4** Further, it is relevant under Federal Circuit precedent that at oral argument HHP did not affirmatively state that it would not bring suit. In *C.R. Bard Inc.,* the Court of Appeals held that a plaintiff

had a reasonable apprehension of suit when the defendant in a declaratory judgment declined to affirmatively state at oral arguments that he would not bring a suit for infringement against the plaintiff. [FN2] 716 F.2d at 881.

> FN2. The court is not entirely comfortable with the notion that a plaintiff might bring a declaratory judgment against a defendant for the purpose of forcing an admission of the defendant's intent to enforce its patent rights. The court is also uncomfortable with the notion that a defendant might plead that the plaintiff has no reasonable apprehension of suit, and then file in another forum once the declaratory judgment has been dismissed for want of subject matter jurisdiction. Nonetheless, the Federal Circuit in *C.R. Bard* made it clear that the failure to deny an intent to sue for infringement is a factor to be considered.

Having concluded that the totality of circumstances sufficiently demonstrates a reasonable apprehension of suit, nonetheless, Symbol has not established a reasonable apprehension of suit with respect to each of the named HHP Patents. At most, the affidavit and accompanying documents filed to support the complaint suggest that only those patents referenced in the June 28, 2000 correspondence from Welch Allyn are proper subjects of a declaratory judgment suit. [FN3] Consequently, the court will dismiss without prejudice those HHP Patents which were not the subject of the June 28, 2000 correspondence.

> FN3. Those patents are: U.S. Patent Nos. 5,286,960; 5,900,613; 5,723,868; 5,780,834; 5,784,102; 5,825,006; 5,831,254; 6,060,722; 5,929,418; and 5,965,863.

With respect to the remaining HHP Patents, the court finds that Symbol satisfies the "present activity" requirement of § 2201. It is sufficient that Symbol engages in the manufacture and production of products sufficiently similar to HHP's patents. *See Millipore Corp. v. Univ. Patents, Inc.,* 682 F.Supp. 227, 232 (D.Del.1987). Moreover, the fact that HHP's own correspondence to Symbol suggests that licensing of its patents may be needed is sufficient for the court to conclude that there is "present activity" as required under § 2201.

E. HHP's Motion to Strike Symbol's Allegations of Unenforceability for Failure to Plead with Particularity

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22750145 (D.Del.)
**(Cite as: 2003 WL 22750145 (D.Del.))**

The court will dismiss Symbol's claims for unenforceability without prejudice. Fraud is a clear exception to the otherwise broad notice-pleading standards under Fed.R.Civ.P. 9. A claim of patent unenforceability is premised upon inequitable conduct before the Patent & Trademark Office ("PTO"), which is a claim sounding in fraud. A plaintiff alleging unenforceability, therefore, must plead with particularity those facts which support the claim the patent holder acted fraudulently before the PTO. As Symbol has failed to adequately plead its bases for unenforceability of the remaining HHP Patents, that portion of Count II will be dismissed without prejudice.

## IV. CONCLUSION

At Wilmington this 14th day of November, 2003, having held oral argument and reviewed HHP's motion to dismiss pursuant to Fed.R.Civ.P. 8(a), 9, 12(b)(1), 12(b)(6) and 12(f), or in the alternative for a more definite statement pursuant to Rule 12(e) (D.I.10), and Symbol's response thereto;

IT IS ORDERED that:

1. HHP's motion to dismiss Count II of Symbol's complaint with respect to U.S. Patent No. 5,591,956 is granted. (D.I.10-1)

2. HHP's motion to dismiss U.S. Patent No. 5,130,520 of Count I is denied. (D.I.10-2)

3. HHP's motion to dismiss infringement and noninfringement claims from Counts I and II of the complaint pursuant to Fed.R.Civ.P. 8 and 12(b)(6) is denied. (D.I.10-3)

**\*5** 4. HHP's motion to dismiss Count II of the complaint pursuant to Fed. R. Civ P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction is granted with respect to U.S. Patent Nos. 5,291,008; 5,391,182;   5,420,409;  5,463,214;  5,5697,902; 5,723,853;  5,773,806;    5,773,810;  5,786,586; 5,793,967;  5,801,918;  5,837,985;    5,838,495; 5,914,476;  5,932,862;  5,942,741;   5,949,052; 5,949,054;   6,015,088;  6,161,760;   6,298,176; 6,491,223; D392, 282; D400,199; and D400,872, and is denied with respect to U.S. Patent Nos. 5,286,960; 5,900,613;   5,723,868;   5,780,834;   5,784,102; 5,825,006;  5,831,254;  6,060,722;  5,929,418;  and 5,965,863. (D.I.10-4)

5. HHP's motion pursuant to Fed.R.Civ.P. 8 and 12(b)(6) to dismiss Symbol's invalidity and unenforceability claims from Count II is denied. (D.I.10-5)

6. HHP's motion to strike Symbol's allegations of unenforceability pursuant to Fed.R.Civ.P. 12(b)(6) or 12(f) is granted. (D.I.10-6)

7. HHP's motion for a more definite statement is denied. (D.I.10-7)

Not Reported in F.Supp.2d, 2003 WL 22750145 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.