IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LCD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 06-726-JJF |
| | ) | |
| CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, | ) ) ) ) ) ) ) | DEMAND FOR JURY TRIAL |
| Defendants. | ) | |

**DEFENDANT VIEWSONIC CORPORATION'S REPLY
IN SUPPORT OF ITS MOTION TO STAY**

STOEL RIVES LLP
John N. Zarian
Samia E. McCall
Matthew D. Thayne
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702
(208) 389-9000
Fax: (208) 389-9040

PEPPER HAMILTON LLP
Edmond D. Johnson (DE Bar # 2257)
Thomas H. Kovach (DE Bar # 3964)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709
P.O. Box 1709
(302) 777-6500
Fax: (302) 421-8390

*Attorneys for Defendant ViewSonic Corporation*

Dated: May 29, 2007

#8592364 v1

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. The Validity of All Three of the Patents-In-Suit is at Issue in Other Pending Related Actions ........................................................................................................ 2

    B. The Foundation of ViewSonic's Motion Does Not Rest Solely on the Possibility of a Reversal on Appeal ........................................................................................... 3

    C. The Request for a Stay Should be Granted Regardless of the Applicability of the "Customer Suit Exception." ...................................................................................... 3

    D. To the Extent the Court Finds it Determinative, ViewSonic Will Agree to be Bound by the Results of Proceedings Against AUO and CMO. ............................... 4

    E. The Case Law Cited By LPL Fails to Support Its Opposition. ................................. 5

    F. The Balance of Equities Favors Granting a Stay as to ViewSonic. .......................... 6

    G. LPL's Inducement Claims Wholly Fail to Justify Denying the Motion to Stay. ..... 7

III. CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Bechtel Corp. v. Laborers' Int'l Union*,
    544 F.2d 1207 (3d Cir. 1976) ............................................................................................4

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
    734 F. Supp. 656 (D. Del. 1990) ........................................................................................6

*Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.*,
    279 F.3d 1022 (Fed. Cir. 2002) .........................................................................................8

*Kahn v. Gen. Motors Corp.*,
    889 F.2d 1078 (Fed. Cir. 1989) .........................................................................................6

*Mitsubishi Elec. Corp. v. IMS Tech., Inc.*,
    Civ. A. No. 96-C-0499, 1996 U.S. Dist. LEXIS 12239 (N.D. Ill. Aug. 21,
    1996) ..................................................................................................................................5

*Refac Int'l, Ltd v. IBM*,
    790 F.2d 79 (Fed. Cir. 1986) .............................................................................................4

*Sunbeam Corp. v. Faberge, Inc.*,
    312 F. Supp. 998 (D. Minn. 1970) ....................................................................................3

**STATE CASES**

*Upjohn Co. v. Syntro Corp.*,
    1990 WL 79232 (D. Del. March 9, 1990) ........................................................................8

**FEDERAL STATUTES**

35 U.S.C. § 271(a) ........................................................................................................................7

#8592364 v1

I.  **INTRODUCTION**

In response to the pending motion, LG.Philips LCD Co., Ltd. ("LPL") simply fails to controvert the grounds for staying the claims in this case, either in whole or at least as to ViewSonic Corporation ("ViewSonic").

Indeed, most of the facts underlying this motion are entirely uncontroverted. As LPL admits, ViewSonic does not design or manufacture any product. Furthermore, ViewSonic only has responsibility to pay any damages claims to the extent defendants AU Optronics Corporation ("AUO") and Chi Mei Optoeletronics Corporation ("CMO") are unable to do so. Moreover, appeals and/or post-trial proceedings in related cases involving the very same patents will have a significant impact upon—if not completely resolve—several of the key issues in this case.

Rather than rebutting these essential facts, LPL focuses its Answering Brief on peripheral issues, none of which is important to the pending motion. For example, LPL argues that the "customer suit exception" is inapplicable. Whether or not the exception applies, however, it remains that the circumstances in this case are *more* compelling in favor of a stay than those in which the customer suit exception might clearly apply. (Of course, nothing prevents the Court from granting the motion outside the confines of this doctrine.) LPL also asserts that AUO and CMO are "primarily" inducing infringement and that this somehow requires ViewSonic's participation in the case. Again, upon closer scrutiny, this allegation fails to stand up or provide a basis for denying this motion.

LPL continues to grasp at straws with an unfocused argument concerning the "extra-territorial" status of CMO and AUO. However, even a cursory examination of the case law cited in support of this argument shows that it is not even on point, let alone supportive of a distinction that might defeat the instant motion.

#8592364 v1

Finally, ViewSonic has offered to agree to be bound by the results of the action against its suppliers, should the Court determine such a concession is determinative of the outcome of this motion, rendering this motion even more compelling.

In sum, this action should be stayed because there is no sound reason for burdening this Court while related cases involving the same patents are also proceeding – promising to eliminate or at least simplify several complex issues. At the very least, the claims against ViewSonic should be stayed, to avoid waste and unnecessary expense.

## II.   ARGUMENT

### A.   The Validity of All Three of the Patents-In-Suit is at Issue in Other Pending Related Actions.

In response to ViewSonic's motion to stay, LPL states, on two separate occasions, that the patents at issue in this case differ from those asserted in previous cases in California and Delaware. Most notably, LPL asserts that the "California Litigation . . . did not involve a single one of LG.Philips's three patents in suit."[1] (D.I. 52, at p. 10).

This is simply not true. (*See* D.I. 38, at pp. 3-6.)

Because the same patents are at issue, the validity of each of the patents-in-suit is also at issue. As this Court is well aware, patent validity is a complex issue, the resolution of which will require copious time and effort by both the parties and the Court.

---

[1] LPL also now claims, for the first time, that this case involves different products than the other cases. LPL's Complaint is so vague, however, that could not have been ascertained by ViewSonic. Indeed, the potential overlap between the products at issue in this case and those at issue in previous cases remains unclear. Although LPL now indicates that this case is "limited to LCD modules manufactured by AUO and CMO," this does not explain why Tatung Company ("Tatung") has been named as a defendant in this case. Tatung is the parent company of Chunghwa Picture Tubes, Ltd. ("CPT") – whose products were the subject of prior and pending claims in other cases.

2

#8592364 v1

Under the circumstances, ViewSonic submits, it would not be prudent to engage in this exercise simultaneously with another court for any one of the three patents-in-suit, let alone all three. *See, e.g., Sunbeam Corp. v. Faberge, Inc.*, 312 F. Supp. 998 (D. Minn. 1970) (granting stay because validity of patent involved in another action at issue).

### B.  The Foundation of ViewSonic's Motion Does Not Rest Solely on the Possibility of a Reversal on Appeal.

LPL implies that the rationale behind LPL's motion to stay fails if the validity and infringement issues are upheld on appeal in the related cases involving the same patents.

This is simply not the case. To be sure, the possibility of a reversal on appeal (invalidating one or more of the claims from the patents-in-suit) provides a solid basis for staying this case pending appeal. However, several independent reasons also support the granting of a stay. For example, as stated in ViewSonic's opening brief, even if the validity of the patents is upheld on appeal, any claim construction provided by the Court of Appeals for the Federal Circuit would relieve the parties and the Court of having to undergo some or all of the complicated and lengthy process of claim construction.

In other words, the promise of guidance from the Court of Appeal, and the likelihood of avoiding wasted effort and expense, independently support a stay.

### C.  The Request for a Stay Should be Granted Regardless of the Applicability of the "Customer Suit Exception."

LPL argues that the "customer suit exception" does not apply because, here, customer/reseller (ViewSonic) and the manufacturers (AUO and CMO) are parties to the same lawsuit.

However, this "distinction" makes the justification for a stay even *more* compelling, regardless of whether the Court chooses to decide the motion under the framework of the customer suit exception.

3

As LPL appears to concede, district courts have broad discretion to determine whether to stay proceedings within their control. *See, e.g., Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("A United States district court has broad power to stay proceedings."). Furthermore, staying proceedings against a customer in favor of those against a manufacturer is squarely within the scope of this discretion, regardless of whether the two parties are part of the same action or not. *See Refac Int'l, Ltd v. IBM*, 790 F.2d 79 (Fed. Cir. 1986).

In this case, the fact that ViewSonic and its suppliers are part of the same action makes the case for granting a stay even stronger than if ViewSonic were to have filed a subsequent declaratory judgment action in another district. In situations in which a customer's suit is filed before a suit involving a manufacturer, a court is faced with negating a plaintiff's choice of forum in a first-filed action in favor of a subsequent action in an alternative forum. Here, by contrast, since all of the parties at issue in this motion are present in the same action, ViewSonic is simply asking the Court to stay the proceedings, at least as to ViewSonic, to avoid duplicative litigation and waste. In granting this motion, the Court would not be denying any of the parties their choice of forum, not would it result in negation of a first-filed action in favor of a later action, thereby overcoming the presumption in favor of the party who files first. Therefore, the rationale behind staying a customer action in favor of one against a manufacturer becomes even more compelling in circumstances involving parties to the same suit.

### D.    To the Extent the Court Finds it Determinative, ViewSonic Will Agree to be Bound by the Results of Proceedings Against AUO and CMO.

LPL cites to a decision that recites, as one of the factors considered in determining whether to grant a stay, whether a customer of a manufacturer has agreed to

be bound by the results of litigation against the manufacturer. *See Mitsubishi Elec. Corp. v. IMS Tech., Inc.*, Civ. A. No. 96-C-0499, 1996 U.S. Dist. LEXIS 12239, at *9 (N.D. Ill. Aug. 21, 1996).

However, the *Mitsubishi* case involved granting a stay of a first-filed action in favor of a subsequent action. *See id.* at *6-8. In other words, the factors set forth in *Mitsubishi* were specific to justifying application of the customer suit exception. As set forth above, ViewSonic's instant motion does not necessarily call for application of the customer suit exception.

Nevertheless, to the extent the Court considers this issue to be determinative of its decision on the pending motion, ViewSonic will agree to be bound by the results of the suit as to any issues actually litigated against AUO and CMO.[2]

ViewSonic submits that the requested stay would not even significantly delay any relief to which LPL is found entitled, let alone deprive LPL of any right or relief.

E.  **The Case Law Cited By LPL Fails to Support Its Opposition.**

LPL argues that the fact that AUO and CMO are "extra-territorial" parties somehow requires ViewSonic's presence in the action. In support of this claim, LPL cites two cases.

---

[2] LPL has not provided ViewSonic with any specific reasons why LPL might seek to establish that AUO and CMO "induce" infringement, rather than directly infringe. To the extent ViewSonic is held to be a direct infringer (for some reason not explained by LPL), while AUO and CMO are not held to directly infringe or induce infringement, then ViewSonic would reserve the right to defend itself at that point independently from the infringement allegations against AUO and CMO. *See infra* Section II.G.

As previously mentioned, however, ViewSonic does not design or manufacture products, and given LPL's conclusory and vague allegations (*see* ViewSonic's pending Motion for a More Definite Statement), ViewSonic is unable to foresee such a scenario.

5

#8592364 v1

First, LPL cites to *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078 (Fed. Cir. 1989). This citation is puzzling, however, because *Kahn* says nothing about maintaining a suit against the customer of an extra-territorial manufacturer. Moreover, even if it did, *Kahn* is easily distinguishable on several grounds. For example, *Kahn* involved a customer that participated in the manufacturing of the accused product. 889 F.2d at 1082. Unlike ViewSonic, the customer in *Kahn* was not a mere reseller. Furthermore, *Kahn* involved an attempt to set aside a first-filed action in favor of subsequent action under the "customer suit exception." This, as discussed *supra*, is not necessarily the case here.

Second, LPL cites to *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656 (D. Del. 1990). Like *Kahn*, however, this case contains no mention whatsoever of the significance of a manufacturer being "extra-territorial" in connection with any ruling on a motion to stay. To the contrary, one of the primary reasons given for denying the motion in the *Dentsply* case was that the manufacturer had waited five months to bring its action after the first action was filed. 734 F. Supp. at 659-60. Obviously, this is not true in the instant case. Also, like the *Kahn* case, *Dentsply* involved the customer suit exception, which need not form the basis for the Court's decision here.[3]

### F. The Balance of Equities Favors Granting a Stay as to ViewSonic.

LPL claims that it will be deprived of significant rights if the stay is granted, but provides only vague, unsupported, and speculative explanations in support of this claim.

---

[3] It is noted that LPL also cites to the *Dentsply* decision in arguing that it has a "separate interest" in its claims against ViewSonic. *Dentsply* did note that the patentee in that case had a "special interest" in its claims against the customer. 734 F. Supp. at 660 ("A patentee, such as Dentsply, has a "special interest" in proceeding against a customer when, such as in Kerr's case, the customer is the sole vendor of the product."). Here, LPL has not asserted that ViewSonic is the sole vendor of any of the accused products.

ViewSonic, on the other hand, is faced with the prospect of defending yet another in a long line of patent infringement claims brought by LPL (many of them without merit) for products designed and manufactured by others, and for which its presence adds nothing of substance other than allowing LPL to inflict financial burdens on ViewSonic.

LPL admits, as it must, that it cannot recover twice for the damages alleged in this case. It nevertheless argues that AUO and CMO may not be capable of satisfying any judgment that might be issued.[4] In truth, LPL is likely well aware of AUO's and CMO's ability to pay any damages that may be awarded in this case. ViewSonic's presence in the case is, accordingly, unnecessary. ViewSonic's presence would only add needless additional expense and complexity to an already complicated and multifaceted case.

### G.    LPL's Inducement Claims Wholly Fail to Justify Denying the Motion to Stay.

LPL attempts to muddy the waters by claiming that, whereas ViewSonic is a direct infringer, AUO and CMO are primarily indirect infringers because they induce infringement. This is a puzzling assertion. Even if accurate, however, this claim does nothing to justify ViewSonic's continued presence in this case.

LPL maintains that "a trier of fact could find that LCD modules made by AUO and CMO meet the claim limitation of the patents in suit without also finding that the two manufacturers induce infringement with respect to the module." (D.I. 52, at pp. 6-7.) Assuming a trier of fact so finds, however, there would be no need to pursue an indirect infringement claim. AUO and CMO would be direct infringers. *See* 35 U.S.C. § 271(a) ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention,

---

[4] Apparently, this has not been a concern for LPL in prior cases. As this Court is aware, LPL has agreed in prior actions not seek damages against ViewSonic.

7

#8592364 v1

within the United States, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.").

Moreover, and in any event, ViewSonic's presence would not be needed in order for LPL to establish its inducement claim. First, proof of direct infringement is a prerequisite to a finding of inducement to infringe. *Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1033 (Fed. Cir. 2002) ("Upon a failure of proof of direct infringement of a patent, any claim of inducement of infringement also fails."). To the extent LPL is able to prove that AUO and CMO sell products that directly infringe, as stated above, there would be no need to also prove inducement. Second, even if LPL, for some reason, needed to establish proof of ViewSonic's alleged direct infringement in order to pursue its claim of inducement, it could do so without ViewSonic as a party to the case. *See, e.g., Upjohn Co. v. Syntro Corp.*, 1990 WL 79232, at *5 (D. Del. March 9, 1990) ("[C]ourts have held that it is not necessary that the direct infringer be joined as a party to a suit against a contributory infringer.").

Accordingly, LPL's argument that its claims against the manufacturers will "primarily" be for inducement is a smokescreen, which fails to provide grounds for denying the pending motion to stay.

III.  **CONCLUSION**

For the foregoing reasons, and those set forth in ViewSonic's original moving papers, it is respectfully requested that the motion to stay be granted.

Dated: May 29, 2007

_____
Edmond D. Johnson (DE Bar #2257)
Thomas H. Kovach (DE Bar #3964)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

-And-

John N. Zarian
Samia E. McCall
Matthew D. Thayne
STOEL RIVES LLP
101 S. Capitol Blvd.
Suite 1900
Boise, ID  83702
(208) 389-9000

Attorneys for Defendant ViewSonic Corporation

9

#8592364 v1

## CERTIFICATE OF SERVICE

I, Edmond D. Johnson, hereby certify that on the 29th day of May, 2007, I caused a copy of the foregoing to **DEFENDANT VIEWSONIC CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO STAY** be filed with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard D. Kirk, Esquire
Ashley B. Stitzer, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

David Ellis Moore, Esquire
Potter Anderson & Corroon, LLP
Hercules Plaza,
1313 N. Market St., 6th Fl.
P.O. Box 951
Wilmington, DE 19899-0951

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801

William E. Manning, Esquire
Jennifer M. Becnel-Guzzo, Esquire
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397

Edmond D. Johnson (DE Bar #2257)

#8592364 v1