IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LCD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 06-726-JJF |
| | ) | |
| CHI MEI OPTOELECTRONICS CORPORATION; | ) | DEMAND FOR JURY TRIAL |
| AU OPTRONICS CORPORATION; AU | ) | |
| OPTRONICS CORPORATION AMERICA; | ) | |
| TATUNG COMPANY; TATUNG COMPANY OF | ) | |
| AMERICA, INC.; AND VIEWSONIC | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VIEWSONIC CORPORATION'S REPLY
IN SUPPORT OF ITS MOTION FOR A MORE DEFINITE STATEMENT**

STOEL RIVES LLP
John N. Zarian
Samia E. McCall
Matthew D. Thayne
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702
(208) 389-9000
Fax: (208) 389-9040

PEPPER HAMILTON LLP
Edmond D. Johnson (DE Bar # 2257)
Thomas H. Kovach (DE Bar # 3964)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709
P.O. Box 1709
(302) 777-6500
Fax: (302) 421-8390

*Attorneys for Defendant ViewSonic Corporation*

Dated: May 29, 2007

#8592399 v1

# **TABLE OF CONTENTS**

I. LPL MISINTERPRETS THE APPLICABLE LEGAL STANDARDS ................. 1

    A. Boilerplate Recital of the Allegations in Form 16 is Not Sufficient to Survive, in Every Case, a Motion for More Definite Statement. ............................................... 1

    B. As LPL Concedes, There Are Factual Circumstances Requiring Greater Specificity in a Complaint Alleging Patent Infringement. ...................................... 2

    C. As LPL Concedes, for Each Patent, the Complaint Must Describe *How* it Has Been Infringed by Defendants, including ViewSonic. ............................................ 2

II. VIEWSONIC'S MOTION SHOULD BE GRANTED .......................................... 2

    A. LPL Fails to Address Specific Circumstances Justifying a More Definite Statement, Including the Existence of Claims Previously Prosecuted and/or Still Pending in Other Cases Filed by LPL. ................................................................ 2

    B. Evidently, LPL Has Purposefully Omitted More Definite Facts ............................ 3

    C. LPL Has Compounded the Lack of Clarity in its Pleading(s) by Filing Multiple Operative Complaints Against the Defendants Herein ............................................ 4

III. CONCLUSION ...................................................................................................... 5

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*Agilent Tech, Inc. v. Micromuse, Inc.*,
   2004 WL 2346152 (S.D.N.Y., Oct. 19, 2004) ................................................................. 1

*Gen-Probe, Inc. v. Amoco, Inc.*,
   926 F. Supp. 948 (S.D. Cal. 1996) .................................................................................. 1

**STATE CASES**

*Hewlett-Packard Co. v. Inter-graph Corp.*,
   2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ................................................................ 1

*Shearing v. Optical Radiation Corp.*,
   1994 WL 382444 (D. Nev. Mar. 5, 1994) ....................................................................... 1

**FEDERAL STATUTES**

Fed. R. Civ. P. 12(e) ............................................................................................... 1, 2, 5,

ViewSonic Corporation ("ViewSonic") respectfully submits the instant reply in further support of its motion pursuant to Rule 12 of the Federal Rule of Civil Procedure. Under the circumstances, involving claims previously prosecuted and/or still pending in other cases, LG.Philips LCD Co., Ltd. ("LPL") should be required to provide a more definite statement, so as to allow ViewSonic adequately to respond to LPL's complaint.

## I.   LPL MISINTERPRETS THE APPLICABLE LEGAL STANDARDS

In reply, ViewSonic respectfully clarifies the correct legal standards applicable to its pending motion for more definite statement.

### A.   Boilerplate Recital of the Allegations in Form 16 is Not Sufficient to Survive, in Every Case, a Motion for More Definite Statement.

LPL argues that, in order to survive a motion for more definite statement, a complaint need only recite the allegations in Form 16 (most recently amended in 1963), from the Appendix of Forms attached to the Federal Rules of Civil Procedure.

In fact, there is a split of authority on this question, with numerous courts finding that reliance on Form 16 or similar boilerplate language is insufficient to survive a Rule 12(e) motion. *See, e.g., Agilent Tech., Inc. v. Micromuse, Inc.*, 2004 WL 2346152 at *2-*6 (S.D.N.Y. Oct. 18, 2004) (only two patents-in-suit); *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794 at *1-*2 (N.D. Cal. Sept. 6, 2003) (distinguishing Form 16 as limited to a single "type" of product); *Gen-Probe, Inc. v. Amoco, Inc.*, 926 F. Supp. 948, 962 (S.D. Cal. 1996) (two patents-in-suit, five defendants) (boilerplate insufficient).

Moreover, Form 16 does *not* address contributory infringement or inducement of infringement, alleged against ViewSonic in this case. *See Shearing v. Optical Radiation Corp.*, 1994 WL 382444 at *2 (D. Nev. Mar. 5, 1994) (granting motions to dismiss).

#8592399 v1

### B. As LPL Concedes, There Are Factual Circumstances Requiring Greater Specificity in a Complaint Alleging Patent Infringement.

LPL acknowledges that, in appropriate circumstances, "greater specificity" is required in a complaint alleging patent infringement. (*See* D.I. 51, at p.7 (citing *In re Pabst Licensing GmbH Patent Litig.*, 2001 WL 179926 at *1 (E.D. La. Feb. 22, 2001).) In fact, for the reasons argued below, such circumstances are present here.

### C. As LPL Concedes, for Each Patent, the Complaint Must Describe *How* it Has Been Infringed by Defendants, including ViewSonic.

Finally, as acknowledged in the answering brief, in order to state a patent infringement claim, LPL's complaint must include a description of "how" ViewSonic has allegedly infringed "each patent." (*See* D.I. 51, at p.8 (citing *Phonometrics, Inc. v. Hospitality Franchise sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).) Contrary to the arguments advanced by LPL, the complaint does not satisfy this requirement.

## II. VIEWSONIC'S MOTION SHOULD BE GRANTED

As argued in the moving papers, ViewSonic's request for a more definite statement should be granted as to the patent infringement claims asserted by LPL.

### A. LPL Fails to Address Specific Circumstances Justifying a More Definite Statement, Including the Existence of Claims Previously Prosecuted and/or Still Pending in Other Cases Filed by LPL.

LPL does not dispute that its complaint fails to identify a single brand name, product number, or other indicator regarding its patent infringement claims. As set forth in ViewSonic's opening brief, courts often grant motions under Rule 12(e) when a plaintiff fails to identify any allegedly infringing product or products. (D.I. 40, at p.6.)

Here, other cases are still *pending* against ViewSonic in which LPL continues to assert claims under the same patents at issue here and in the same general category of products "identified" here (*i.e.*, "LCDs and LCD products"). Under LPL's boilerplate

2

#8592399 v1

allegations, ViewSonic is left to guess as to which of its hundreds of products might be at issue in this case and, in addition, cannot ascertain the relationship between the claims in this case and the claims previously asserted by LPL under these *very same* patents.

The inclusion of six defendants, without any meaningful explanation or differentiation, compounds the ambiguity and the need for a more definite statement. For example, defendant Tatung Company ("Tatung") is the parent of Chunghwa Picture Tubes, Ltd. ("CPT") – whose products were the subject of prior and pending claims by LPL – creating further uncertainty concerning the products at issue here.

Under the circumstances, ViewSonic submits, LPL should be required to provide a more definite statement of its claims and the products that may be at issue in this case.

### B. Evidently, LPL Has Purposefully Omitted More Definite Facts.

Because the three patents involved in this case have been the subject of extensive discovery and litigation in other cases, ViewSonic submitted (in its opening brief) that the vagueness in LPL's complaint might be intentional. (D.I. 40, at p. 7.)

Subsequent developments appear to *confirm* the foregoing suspicion. For example, in response to ViewSonic's motion to stay, LPL suggests that "the scope of infringement claims now before the Court is limited to LCD modules manufactured by AUO and/or CMO," and does not include "CPT modules." (D.I. 51, at pp. 3, 10.) Presumably, this information was known to LPL, but not disclosed in its complaint.

Similarly, in declarations filed just last week, LPL suggests that the accused products in this case include the ViewSonic VX700 and VX800 LCD monitors. (*See* D.I. 59 (Hyden Decl.); D.I. 58 (Tierney Decl.).) These declarations indicate that the foregoing monitors were inspected by LPL in July 2003 – and yet they were not identified in LPL's original complaint (or, indeed, in response to the instant motion).

3

#8592399 v1

By this motion, ViewSonic seeks "fair notice" of LPL's claims and how they relate to claims previously asserted in (numerous) other cases. There is simply no justification for LPL's failure to disclose known information, and no prejudice to requiring that LPL include in its pleading certain claims now being made in other briefs.

### C. LPL Has Compounded the Lack of Clarity in its Pleading(s) by Filing Multiple Operative Complaints Against the Defendants Herein.

Remarkably, LPL has filed as many as three separate complaints that it appears to believe are operative as to one or more defendants. LPL filed its original complaint on December 1, 2006. (D.I. 1.) Thereafter, on or about April 11, 2007, LPL filed a First Amended Complaint "... Against Defendant AU Optronics Corporation." (D.I. 29.) Most recently, on May 22, 2007, LPL filed another First Amended Complaint "... Against Defendant[s] Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc." (D.I. 54.) In an email transmitting the most recent pleading, LPL's counsel explained that LPL's most recent complaint "was not directed at or intended to effect any other defendant." (*See* true and correct copy of May 22, 2007 email attached as Ex. A.)

ViewSonic respectfully submits that it is unfamiliar with any rule of civil procedure that would allow LPL to have *three operative complaints* on file in this action.

Under the circumstances, ViewSonic is charged with patent infringement claims as set forth in three separate complaints. In response to LPL's *first* First Amended Complaint (or second complaint), ViewSonic re-filed three of its motions. ViewSonic is unable to determine whether it should now re-file some or all of these motions again.

Notwithstanding explanations in emails from counsel, ViewSonic should not be required to guess at which of the three operative complaints require a response. For this additional reason, a clear and more "definite" statement of claims should be required.

4

#8592399 v1

### III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in the moving papers, ViewSonic respectfully submits that LPL should be required to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

Dated: May 29, 2007

Edmond D. Johnson (DE Bar #2257)
Thomas H. Kovach (DE Bar #3964)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

-And-

John N. Zarian
Samia E. McCall
Matthew D. Thayne
STOEL RIVES LLP
101 S. Capitol Blvd.
Suite 1900
Boise, ID  83702
(208) 389-9000

Attorneys for Defendant ViewSonic Corporation

5

#8592399 v1

# CERTIFICATE OF SERVICE

I, Edmond D. Johnson, hereby certify that on the 29th day of May, 2007, I caused a copy of the foregoing to **DEFENDANT VIEWSONIC CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR A MORE DEFINITE STATEMENT** be filed with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard D. Kirk, Esquire
Ashley B. Stitzer, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801

David Ellis Moore, Esquire
Potter Anderson & Corroon, LLP
Hercules Plaza,
1313 N. Market St., 6th Fl.
P.O. Box 951
Wilmington, DE 19899-0951

William E. Manning, Esquire
Jennifer M. Becnel-Guzzo, Esquire
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397

Edmond D. Johnson (DE Bar #2257)

#8592399 v1