IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

    Plaintiff,

v.

CHI MEI OPTOELECTRONICS
CORPORATION; CHI MEI
OPTOELECTRONICS USA, INC.; AU
OPTRONICS CORPORATION; AU
OPTRONICS CORPORATION AMERICA;
TATUNG COMPANY; TATUNG COMPANY
OF AMERICA, INC.; AND VIEWSONIC
CORPORATION,

    Defendants.

Civil Action No. 06-726-JJF

**DECLARATION OF RICHARD D. KIRK IN SUPPORT OF
PLAINTIFF LG.PHILIPS LCD CO., LTD.'S
ANSWERING BRIEF IN OPPOSITION TO
DEFENDANT VIEWSONIC CORPORATION'S MOTION TO DISMISS**

I, Richard D. Kirk, hereby depose and state:

    1.    I am an attorney with The Bayard Firm, whose office is located at 222 Delaware Avenue, 9th Floor, Wilmington, Delaware 19899-5130. The Bayard Firm is local counsel for Plaintiff LG.Philips LCD Co., LTD. ("LG.Philips") with respect to the instant action. I am admitted to the bar of the this Court.

    2.    I make this Declaration in support of LG.Philips's Answering Brief in Opposition to Defendant ViewSonic Corporation's Motion to Dismiss, filed contemporaneously with this Declaration. I am fully familiar with the facts contained therein and fully familiar with the documents described herein.

    3.    Attached to this Declaration as **Exhibit 1** is a true and correct copy of the complaint for patent infringement filed by AU Optronics Corporation against LG.Philips

662992-1

and LG.Philips LCD America on March 8, 2007 in the U.S. District Court for the Western District of Wisconsin, Civ. A. No. 07-C-0137-S. (The exhibit does not include the attachments to the complaint.)

4.    Attached to this Declaration as **Exhibit 2** is a true and correct copy of the complaint for patent infringement filed by Chi Mei Optoelectronics Corporation against LG.Philips and LG.Philips LCD America on May 4, 2007 in the U.S. District Court for the Eastern District of Texas, Civ. A. No. 2-07CV-176. The exhibit does not include the attachments to the complaint.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on this 15th day of June, 2007.

/Richard D. Kirk

# Exhibit 1

Document Number Case Number
002                07-C-0137-S
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
03/09/2007 04:55:53 PM CST

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

2007 MAR -8 PM 1: 27

| | |
|---|---|
| AU Optronics Corporation<br>No. 1, Li-Hsin Road 2<br>Hsinchu Science Park<br>Hsinchu, Taiwan, R.O.C.,<br><br>*Plaintiff*,<br><br>vs.<br><br>LG.Philips LCD Co., Ltd.<br>17th Fl., West Tower<br>LG Twin Towers<br>20 Yoido-dong<br>Youngdungpo-gu, Seoul, 150721, South Korea<br><br>and<br><br>LG.Philips LCD America<br>150 East Brokaw Road<br>San Jose, CA 95112,<br><br>*Defendants*. | 07 C 0137 S<br><br>Civil Action No..: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR JURY TRIAL

AU Optronics Corporation, for its Complaint, avers as follows:

1.   AU Optronics Corporation is a Taiwanese corporation with its principal place of business at No. 1, Li-Hsin Road 2, Hsinchu Science Park, Hsinchu, Taiwan, R.O.C.

2.   Upon information and belief, LG.Philips LCD Co., Ltd. ("LPL") is a corporation organized under the laws of the Republic of Korea, with its principal place of business in Seoul, South Korea.

3.   Upon information and belief, LG.Philips LCD America ("LPLA") is a corporation organized under the laws of the State of California, with its principal place of business in San Jose, California.

4. This is an action arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a). Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

5. The Court has personal jurisdiction over LPL and LPLA.

6. AU Optronics Corporation is the owner by assignment of United States Patent No. 6,689,629 ("the '629 patent"), which was duly and legally issued by the United States Patent and Trademark Office on February 10, 2004. A copy of the '629 patent is attached to this Complaint as Exhibit A.

7. AU Optronics Corporation is the owner by assignment of United States Patent No. 6,976,781 ("the '781 patent"), which was duly and legally issued by the United States Patent and Trademark Office on December 20, 2005. A copy of the '781 patent is attached to this Complaint as Exhibit B.

8. AU Optronics Corporation is the owner by assignment of United States Patent No. 6,778,160 ("the '160 patent"), which was duly and legally issued by the United States Patent and Trademark Office on August 17, 2004. A copy of the '160 patent is attached to this Complaint as Exhibit C.

## COUNT ONE – INFRINGEMENT OF THE '629 PATENT

9. LPL and LPLA have each infringed and are continuing to infringe one or more claims of the '629 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country liquid crystal display devices in violation of 35 U.S.C. § 271.

10.  On information and belief, LPL and LPLA's infringement of the '629 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

11.  AU Optronics Corporation has been damaged by LPL and LPLA's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT TWO – INFRINGEMENT OF THE '781 PATENT

12.  LPL and LPLA have each infringed and are continuing to infringe one or more claims of the '781 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country liquid crystal display devices in violation of 35 U.S.C. § 271.

13.  On information and belief, LPL and LPLA's infringement of the '781 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

14.  AU Optronics Corporation has been damaged by LPL and LPLA's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## COUNT THREE – INFRINGEMENT OF THE '160 PATENT

15.  LPL and LPLA have each infringed and are continuing to infringe one or more claims of the '160 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country liquid crystal display devices in violation of 35 U.S.C. § 271.

16. On information and belief, LPL and LPLA's infringement of the '160 patent is willful and deliberate, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

17. AU Optronics Corporation has been damaged by LPL and LPLA's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

Wherefore, AU Optronics Corporation prays for judgment that:

1. LPL and LPLA have directly and willfully infringed, willfully contributed to the infringement of, and willfully induced infringement of the '629, '781 and '160 patents;

2. Preliminary and permanently enjoins LPL and LPLA, its officers, agents, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with any one of them, from infringing the '629, '781 and '160 patents;

3. Awards AU Optronics Corporation damages adequate to compensate for LPL's and LPLA's infringement of the '629, '781 and '160 patents together with interest and costs;

4. Trebles the damages assessed pursuant to 35 U.S.C. § 284;

5. Awards AU Optronics Corporation's its attorneys' fees pursuant to 35 U.S.C. § 285; and

6. Awards such other and further relief as this Court may deem proper.

## REQUEST FOR JURY TRIAL

Plaintiff AU Optronics Corporation hereby demands a trial by jury.

DATED this 8th day of March, 2007.   RESPECTFULLY SUBMITTED BY

MICHAEL BEST & FRIEDRICH LLP

By: _____
James R. Troupis
Michael A. Hughes
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI 53701-1806
Telephone: (608) 257-3501
Facsimile: (608) 283-2275

Of Counsel:

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Ron E. Shulman
Steven Baik
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

M. Craig Tyler
Brian D. Range
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759-8497
Telephone: (512) 338-5400

Attorneys for Plaintiff
AU Optronics Corporation

Q:\CLIENT\022628\0001\B1008588.1

# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FILED-CLERK
U.S. DISTRICT COURT
2007 MAY -4  AM 10: 39
TX EASTERN-MARSHALL

CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,

Plaintiff,

vs.

1. LG PHILIPS LCD CO., LTD., a Korean Corporation, and
2. LG PHILIPS LCD AMERICA, INC., a California Corporation,

Defendants.

Case No. 2-07CV-176 TJW

BY_____

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Chi Mei Optoelectronics Corporation ("CMO") hereby pleads the following claims for patent infringement against Defendants LG Philips LCD Co., Ltd., ("LPL") and LG Philips LCD America, Inc., ("LPLA"), and alleges as follows:

### JURISDICTION AND VENUE

1.  This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq., including § 271. This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1338(a) and 1331.

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b) and 1391(b)-(d) because, among other reasons, LPL is subject to personal jurisdiction in this judicial district, has committed acts of infringement in this judicial district, and is an alien subject to suit in this judicial district; and LPLA is subject to personal jurisdiction in this judicial district and has committed acts of infringement in this judicial district.

3.  CMO is informed and believes, and thereon alleges, that LPL and LPLA have placed infringing devices into the stream of commerce by shipping those products into this judicial district or knowing that the devices would be shipped into this judicial district.

1684361 3 05

## PARTIES

4.  Plaintiff CMO is a corporation organized and existing under the laws of Taiwan, having a principal place of business at No. 3, Sec. 1, Huanshi Rd., Southern Taiwan Science Park, Sinshih Township, Tainan Country, 74147 Taiwan R.O.C. CMO is the world's leading producer of Thin Film Transistor-Liquid Crystal Display ("TFT-LCD") panels used in notebook and desktop computers and televisions.

5.  Defendant LPL is a corporation organized and existing under the laws of Korea with a principal place of business at 17/F LG Twin Tower, 20 Yeouido-Dong, Yeongdeungpo-gu, Seoul, Korea, 150875. LPL designs, manufactures, and distributes TFT-LCD panels and Liquid Crystal Display ("LCD") modules worldwide. In addition, LPL has placed TFT-LCD panels and LCD modules into the stream of commerce by shipping those panels and modules into this judicial district or knowing that they would be shipped into this judicial district.

6.  CMO is informed and believes, and thereon alleges, that LPL has ongoing and systematic contacts throughout the United States. LPL has sales offices in California, Texas, North Carolina, and Illinois, and it has continuous and systematic contacts with this judicial district and elsewhere in the United States for the purpose of, among other things, meetings with employees of its subsidiary and promoting the sale of its products.

7.  Defendant LPLA is a wholly-owned subsidiary of LPL. LPLA is a corporation organized and existing under the laws of California, having a principal place of business at 150 E. Brokaw Rd., San Jose, CA 95112. LPLA is a wholesale seller of TFT-LCD panels and LCD modules in the United States, such panels and modules being designed and manufactured by LPL.

8.  CMO is informed and believes, and thereon alleges, that LPLA has ongoing and systematic contacts throughout the United States. LPLA has placed TFT-LCD panels and LCD modules into the stream of commerce by shipping those panels and modules into this judicial district or knowing that they would be shipped into this judicial district.

## FIRST CLAIM FOR RELIEF AGAINST LPL AND LPLA
## FOR PATENT INFRINGEMENT
### ('786 PATENT)

9. CMO incorporates by reference paragraphs 1 through 8 as if set forth here in full.

10. CMO is the owner of the entire right, title and interest in and to U.S. Patent No 6,008,786 (the "'786 patent"), entitled "Method for Driving Halftone Display for a Liquid Crystal Display," which was duly issued on December 28, 1999 in the name of inventors Yasuhiro Kimura and Haruhiro Matino, and is now assigned to CMO. A copy of the '786 patent is attached as Exhibit A hereto.

11. CMO is informed and believes, and thereon alleges, that LPL and LPLA have infringed, and are currently infringing, the '786 patent, in violation of 35 U.S.C. § 271, by making, using, offering for sale, selling and/or importing, within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof falling within the scope of one or more claims of the '786 patent.

12. CMO is informed and believes, and thereon alleges, that LPL and LPLA actively induced and are actively inducing the infringement of the '786 patent, in violation of 35 U.S.C. § 271(b), by actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell and/or import within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof falling within the scope of one or more claims of the '786 patent.

13. CMO is informed and believes, and thereon alleges, that LPL and LPLA have contributorily infringed and are currently contributorily infringing the '786 patent, in violation of 35 U.S.C. § 271(c), by selling, offering for sale and/or importing within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof, which constitute a material part of the '786 patent, knowing that such panels, modules, and/or components are especially made or especially adapted for use in the infringement of the '786 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

14. CMO is informed and believes, and thereon alleges, that LPL and LPLA's infringement of the '786 patent has been and continues to be willful and deliberate

15. Unless enjoined, LPL and LPLA will continue to infringe the '786 patent, and CMO will suffer irreparable injury as a direct and proximate result of LPL's and LPLA's conduct.

16. CMO has been damaged by LPL's and LPLA's conduct and until an injunction issues will continue to be damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF AGAINST LPL AND LPLA
## FOR PATENT INFRINGEMENT
## ('923 PATENT)

17. CMO incorporates by reference paragraphs 1 through 16 as if set forth here in full.

18. CMO is the owner of the entire right, title and interest in and to U S Patent No 6,013,923 (the "'923 patent"), entitled "Semiconductor Switch Array with Electrostatic Discharge Protection and Method of Fabricating," which was duly issued on January 11, 2000 in the name of inventor Zhong Shou Huang, and is now assigned to CMO A copy of the '923 patent is attached as Exhibit B hereto.

19. CMO is informed and believes, and thereon alleges, that LPL and LPLA have infringed, and are currently infringing, the '786 patent, in violation of 35 U S C. § 271(g), by importing into the United States and/or selling, offering to sell, or using within the United States, within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or material components thereof, that are made by a process falling within the scope of one or more claims of the '923 patent

20. CMO is informed and believes, and thereon alleges, that LPL and LPLA actively induced and are actively inducing the infringement of the '923 patent, in violation of 35 U S C § 271(b), by actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell and/or import within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof that are made by a process falling within the scope of one or more claims of the '923 patent

21. CMO is informed and believes, and thereon alleges, that LPL and LPLA have contributorily infringed and are currently contributorily infringing the '923 patent, in violation of 35 U.S.C. § 271(c), by selling, offering for sale and/or importing within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof, which constitute a material part of the '923 patent, knowing that such panels, modules, and/or components are especially made or especially adapted for use in the infringement of the '923 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

22. CMO is informed and believes, and thereon alleges, that LPL and LPLA's infringement of the '923 patent is and has been willful and deliberate.

23. Unless enjoined, LPL and LPLA will continue to infringe the '923 patent, and CMO will suffer irreparable injury as a direct and proximate result of LPL's and LPLA's conduct.

24. CMO has been damaged by LPL's and LPLA's conduct and until an injunction issues will continue to be damaged in an amount yet to be determined.

### THIRD CLAIM FOR RELIEF AGAINST LPL AND LPLA
### FOR PATENT INFRINGEMENT
### ('352 PATENT)

25. CMO incorporates by reference paragraphs 1 through 24 as if set forth here in full.

26. CMO is the owner of the right, title and interest in and to U.S. Patent No. 5,619,352 (the "'352 patent"), including the right to recover for past, present and future infringements and violations thereof. The '352 patent is entitled "LCD Splay/Twist Compensator having Varying Tilt and/or Azimuthal Angles for Improved Gray Scale Performance" and was duly issued on April 8, 1997 in the name of inventors Gene C. Koch, Bruce K. Winker, and William J. Gunning, III. A copy of the '352 patent is attached as Exhibit C hereto.

27. CMO is informed and believes, and thereon alleges, that LPL and LPLA have infringed, and are currently infringing, the '352 patent, in violation of 35 U.S.C. § 271, by making, using, offering for sale, selling and/or importing, within this judicial district and elsewhere in the

United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof falling within the scope of one or more claims of the '352 patent.

28. CMO is informed and believes, and thereon alleges, that LPL and LPLA actively induced and are actively inducing the infringement of the '352 patent, in violation of 35 U.S.C § 271(b), by actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell and/or import within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof falling within the scope of one or more claims of the '352 patent.

29. CMO is informed and believes, and thereon alleges, that LPL and LPLA have contributorily infringed and are currently contributorily infringing the '352 patent, in violation of 35 U.S.C. § 271(c), by selling, offering for sale and/or importing within this judicial district and elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof, which constitute a material part of the '352 patent, knowing that such panels, modules, and/or components are especially made or especially adapted for use in the infringement of the '352 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

30. CMO is informed and believes, and thereon alleges, that LPL and LPLA's infringement of the '352 patent is and has been willful and deliberate.

31. Unless enjoined, LPL and LPLA will continue to infringe the '352 patent, and CMO will suffer irreparable injury as a direct and proximate result of LPL's and LPLA's conduct.

32. CMO has been damaged by LPL's and LPLA's conduct and until an injunction issues will continue to be damaged in an amount yet to be determined.

### FOURTH CLAIM FOR RELIEF AGAINST LPL AND LPLA
### FOR PATENT INFRINGEMENT
### ('926 PATENT)

33. CMO incorporates by reference paragraphs 1 through 32 as if set forth here in full.

34. CMO is the owner of the entire right, title and interest in and to U.S. Patent No 6,734,926 B2 (the "'926 patent"), entitled "Display Apparatus with a Reduced Thickness," which

1  was duly issued on May 11, 2004 in the name of inventors Kuo-Shu Fan and Chin-Lung Ting, and
2  is now assigned to CMO. A copy of the '926 patent is attached as Exhibit D hereto.

3      35.    CMO is informed and believes, and thereon alleges, that LPL and LPLA have
4  infringed, and are currently infringing, the '926 patent, in violation of 35 U.S.C. § 271, by making,
5  using, offering for sale, selling and/or importing, within this judicial district and elsewhere in the
6  United States, without license or authority from CMO, TFT-LCD panels, LCD modules, and/or
7  components thereof falling within the scope of one or more claims of the '926 patent.

8      36.    CMO is informed and believes, and thereon alleges, that LPL and LPLA actively
9  induced and are actively inducing the infringement of the '926 patent, in violation of 35 U.S.C. §
10 271(b), by actively and knowingly aiding and abetting others to directly make, use, offer for sale,
11 sell and/or import within this judicial district and elsewhere in the United States, without license
12 or authority from CMO, TFT-LCD panels, LCD modules, and/or components thereof falling
13 within the scope of one or more claims of the '926 patent.

14     37.    CMO is informed and believes, and thereon alleges, that LPL and LPLA have
15 contributorily infringed and are currently contributorily infringing the '926 patent, in violation of
16 35 U.S.C. § 271(c), by selling, offering for sale and/or importing within this judicial district and
17 elsewhere in the United States, without license or authority from CMO, TFT-LCD panels, LCD
18 modules, and/or components thereof, which constitute a material part of the '926 patent, knowing
19 that such panels, modules, and/or components are especially made or especially adapted for use in
20 the infringement of the '926 patent, and not staple articles or commodities of commerce suitable
21 for substantial noninfringing use.

22     38     CMO is informed and believes, and thereon alleges, that LPL and LPLA's
23 infringement of the '926 patent is and has been willful and deliberate.

24     39     Unless enjoined, LPL and LPLA will continue to infringe the '926 patent, and
25 CMO will suffer irreparable injury as a direct and proximate result of LPL's and LPLA's conduct.

26     40.    CMO has been damaged by LPL's and LPLA's conduct and until an injunction
27 issues will continue to be damaged in an amount yet to be determined

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1684361 3 05                              - 7 -

## PRAYER FOR RELIEF

WHEREFORE, CMO prays for judgment as follows:

1. That U.S. Patent Nos. 6,008,786; 6,013,923; 5,619,352; and 6,734,926 (collectively, the "Patents-In-Suit") are valid and enforceable;

2. That LPL and LPLA have directly infringed the Patents-In-Suit;

3. That LPL and LPLA have induced the infringement of the Patents-In-Suit;

4. That LPL and LPLA have contributorily infringed the Patents-In-Suit;

5. That LPL and LPLA and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the Patents-In-Suit;

6. That LPL and LPLA be ordered to pay compensatory damages to CMO, together with interest;

7. That LPL and LPLA be ordered to provide an accounting;

8. That LPL and LPLA be ordered to pay supplemental damages to CMO, together with interest;

9. That the infringement by LPL and LPLA be adjudged willful and that the damages to CMO be increased under 35 U.S.C. § 284 to three times the amount found or measured;

10. That this be adjudged an exceptional case and that CMO be awarded its attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

11. That CMO be awarded such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Chi Mei Optoelectronics hereby demands trial by jury on all issues.

| | |
|---|---|
| 1  Dated: May 4, 2007 | Respectfully submitted, |
| 2 | GILLAM & SMITH |
| 3 | |
| 4 | |
| 5 | By: /s/ Melissa Smith |
| 6 | Melissa Smith<br>Texas State Bar No. 24001351 |
| 7 | 303 South Washington Avenue<br>Marshall, Texas 75670 |
| 8 | Phone: 903-934-8450<br>Facsimile: 903-934-9257 |
| 9 | Email: Melissa@gillamsmithlaw.com |
| 10 | Attorneys for Plaintiff<br>**CHI MEI OPTOELECTRONICS** |
| 11  Of counsel: | |
| 12  IRELL & MANELLA LLP<br>Morgan Chu | |
| 13  Jonathan S. Kagan<br>Ben J. Yorks | |
| 14  Alexander C.D. Giza<br>1800 Avenue of the Stars | |
| 15  Suite 900<br>Los Angeles, CA 90067 | |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1684361.3 05

- 9 -

**CERTIFICATE OF SERVICE**

       The undersigned counsel certifies that, on June 15, 2007, he served the foregoing documents by email and by hand upon the following counsel:

| | |
|---|---|
| Edmond D. Johnson | Karen L. Pascale |
| Thomas H. Kovach | John W. Shaw |
| Pepper Hamilton LLP | Young Conaway Stargatt & Taylor, LLP |
| 1313 Market Street, Suite 5100 | The Brandywine Building |
| PO Box 1709 | 1000 West Street, 17th Floor |
| Wilmington, DE  19899-1709 | P.O. Box 391 |
| | Wilmington, DE  19899-0391 |
| | |
| Philip A. Rovner | William E. Manning |
| Dave E. Moore | Jennifer M. Becnel-Guzzo |
| Potter Anderson & Corroon LLP | Buchanan Ingersoll & Rooney |
| 1313 North Market Street | The Brandywine Building |
| Wilmington, DE  19899-0951 | 1000 West Street, Suite 1410 |
| | Wilmington, DE  19801 |

       The undersigned counsel further certifies that, on June 15, 2007, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

| | |
|---|---|
| John N. Zarian | Vincent K. Yip |
| Samia McCall | Peter J. Wied |
| Matthew D. Thayne | Jay C. Chiu |
| J. Walter Sinclair | Paul, Hastings, Janofsky & Walker LLP |
| Stoel Rives LLP | 515 South Flower Street |
| 101 S. Capitol Blvd., Suite 1900 | Twenty-Fifth Floor |
| Boise, ID  83702 | Los Angeles, CA   90071 |
| | |
| Kenneth R. Adamo | Bryan J. Sinclair |
| Robert C. Kahrl | Karineh Khachatourian |
| Arthur P. Licygiewicz | Buchanan Ingersoll & Rooney |
| Jones Day | 333 Twin Dolphin Drive |
| North Point | Redwood Shores, CA  94065-1418 |
| 901 Lakeside Avenue | |
| Cleveland, OH  44114-1190 | |

                                              /s/ Richard D. Kirk (rk922)
                                              Richard D. Kirk

656846-1