**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No.  06-726 (JJF) |
| CHI MEI OPTOELECTRONICS CORPORATION, et al. | |
| Defendants. | |

**DECLARATION OF ASHLEY B. STITZER, ESQ. IN SUPPORT**
**OF PLAINTIFF'S ALTERNATIVE MOTION FOR LEAVE TO USE**
**DISCOVERY OR, IN THE FURTHER ALTERNATIVE,**
**TO CONDUCT JURISDICTIONAL DISCOVERY**

I, Ashley B. Stitzer, Esq. declare under penalty of perjury as follows:

1.      I am a partner with the Bayard Firm.  I have personal knowledge of the facts stated in this declaration, and if called as a witness, could competently testify to them.  I make this declaration in support of Plaintiff's Alternative Motion for Leave to Use Discovery or, in the Further Alternative, to Conduct Jurisdictional Discovery.

2.      Attached as Exhibit 1 is a true and correct copy of the April 20, 2005 Stipulation and Order entered in *Commissariat à l'Energie Atomique v. Samsung Electronics Co., et al.*, Case No. 03-484-MPT (the "CEA Litigation"), which is D.I. 375 in that case.

3.      Attached as Exhibit 2 is a true and correct copy of Non-Party LG.Philips LCD Co., Ltd.'s Motion to Modify Stipulated Protective Order (without the attached exhibits) filed on April 17, 2007 in the CEA Litigation, which is D.I. 1043 in that case.

4.      Attached as Exhibit 3 is a true and correct copy of the December 13, 2004 Stipulated Protective Order entered in the CEA Litigation, which is D.I. 265 in that case.

5.      Attached as Exhibit 4 is a true and correct copy of the June 15, 2004 Stipulated Protective Order entered in the CEA Litigation, which is D.I. 215 in that case.

6.      Attached as Exhibit 5 is a true and correct copy of the transcript of the May 7, 2007 hearing before the Honorable May Pat Thynge regarding Non-Party LG.Philips LCD Co., Ltd.'s Motion to Modify Stipulated Protective Order in the CEA Litigation, which is D.I. 1051 in that case.

7.      Attached as Exhibit 6 is a true and correct copy of the Answering Brief of Chi Mei Optoelectronics Corporation in Opposition to Non-Party LG.Philips LCD Co., Ltd.'s Motion to Modify Stipulated Protective Order filed on May 1, 2007 in the CEA Litigation, which is D.I. 1046 in that case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of June, 2007.

Ashley B. Stitzer

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 18, 2007, she served the foregoing

documents by email and by hand upon the following counsel:

Edmond D. Johnson
Thomas H. Kovach
Pepper Hamilton LLP
1313 Market Street, Suite 5100
PO Box 1709
Wilmington, DE  19899-1709

Karen L. Pascale
John W. Shaw
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Philip A. Rovner
Dave E. Moore
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE  19899-0951

William E. Manning
Jennifer M. Becnel-Guzzo
Buchanan Ingersoll & Rooney
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

The undersigned counsel further certifies that, on June 18, 2007, she served the

foregoing documents by email and by U.S. Mail upon the following counsel:

John N. Zarian
Samia McCall
Matthew D. Thayne
J. Walter Sinclair
Stoel Rives LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID  83702

Vincent K. Yip
Peter J. Wied
Jay C. Chiu
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190

Bryan J. Sinclair
Karineh Khachatourian
Buchanan Ingersoll & Rooney
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA  94065-1418

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

COMMISSARIAT À L'ENERGIE
ATOMIQUE,

Plaintiff,

v.

CHI MEI OPTOELECTRONICS
CORPORATION, et al.,

Defendants.

Civil Action No.  03-484 (KAJ)

## STIPULATION AND ORDER

IT IS HEREBY STIPULATED by the parties below, subject to the approval of the Court, that

1.    Chi Mei Optoelectronics Corporation ("CMO") hereby withdraws its Motion to Dismiss and to Quash Service of Process (D.I. 10) and its Renewed Motion to Dismiss and to Quash Service of Process (D.I. 386) and agrees that it will not contest personal jurisdiction, sufficiency of process, or sufficiency of service of process in this case.  CMO reserves the right to challenge personal jurisdiction and service in any other litigation filed against CMO in this forum;

2.    Commissariat à l'Energie Atomique ("CEA") will dismiss without prejudice the complaint it filed against CMO in the United States District Court for the Northern District of California captioned, Commissariat à l'Energie Atomique v. Chi Mei Optoelectronics Corporation, Case No. C 03-05812 SBA;

SB4929v3

3.     CEA agrees that it will not seek a preliminary injunction against CMO in this action;

4.     The deadline for the Joinder of Other Parties and Amendment of Pleadings under the Court's September 23, 2004 Scheduling Order (D.I. 240) is hereby extended as between CEA and CMO only, to July 15, 2005;

5.     CMO consents to consolidation of this case with the Consolidated Cases under this same Civil Action Number against Defendants Samsung Electronics Co., Ltd., Fujitsu Display Technologies Corp., Sharp Corporation, and AU Optronics Corporation;

6.     Pursuant to paragraph 9 of the Court's Scheduling Order [D.I. 240], and subject to the Court's approval and schedule, CEA and CMO hereby request that an in person technology tutorial be held in this matter on July 25, 2005 in conjunction with the status conference already set for that date (in place of the May 18, 2005 date); and

7.     CMO consents to the filing of a Second Amended Complaint by CEA.  CMO shall file its answer to the Second Amended Complaint within ten (10) business days of its filing.

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rkirk@bayardfirm.com)
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130
(302) 655-5000

Attorneys for Plaintiff
Commissariat à l'Energie Atomique

FISH & RICHARDSON P.C.

/s/ William J. Marsden, Jr. (wm2247)
William J. Marsden, Jr. (marsden@fr.com)
919 Market Street, #1100
Wilmington, DE 19899
(302) 778-8401

Attorneys for Defendant
Chi Mei Optoelectronics Corporation

SO ORDERED this ____ day of April, 2005.

_____
United States District Judge

584929v1

-2-

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on April 20, 2005, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

Gerard M. O'Rourke, Esq.
Larry J. Hume, Esq.
Connolly, Bove, Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Robert H. Richards, III, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

The undersigned counsel further certifies that, on April 20, 2005, copies of the

foregoing document were sent by hand to the above local counsel and by email and first

class mail to the following non-registered participants:

Robert W. Adams, Esq.
Nixon & Vanderhye, PC
1100 North Glebe Road, 8th Floor
Arlington, VA 22201-4714

Karen L. Hagberg, Esq.
Sherman Kahn, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

Neil Sirota, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

574867v1

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COMMISSARIAT À L'ENERGIE ATOMIQUE,

    Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD.,
FUJITSU DISPLAY TECHNOLOGIES CORP.,
SHARP CORPORATION,
AU OPTRONICS CORPORATION, and
CHI MEI OPTOELECTRONICS CORPORATION,

    Defendants.

CONSOLIDATED CASES

Civil Action No. 03-484-MPT

## NON-PARTY LG.PHILIPS LCD CO., LTD.'S
## MOTION TO MODIFY STIPULATED PROTECTIVE ORDER

Non- Party LG.Philips LCD Co., Ltd. ("LPL") moves the Court to modify the Stipulated Protective Order in this action (D.I. 265). See Exhibit 1. Plaintiff Commissariat à l'Energie Atomique ("CEA") consents to and joins in this motion. This motion is made on an emergency basis.

This action is one of several filed by CEA against Defendant Chi Mei Optoelectronics Corporation ("CMO"), and others, alleging infringement of the Patents-in-Suit. In response to the Complaint, CMO filed a Motion to Dismiss for Lack of Personal Jurisdiction (D.I. 10). The Court granted CMO's motion and did not initially grant jurisdictional discovery (D.I. 52 and D.I. 75). CEA then appealed that ruling to the Court of Appeals for the Federal Circuit ("CAFC") (D.I. 81) and simultaneously filed an action against CMO in the Northern District of California alleging the same cause of action for patent infringement. CEA filed the appeal and the California action to ensure that it could bring its claim against CMO for CMO's patent infringement in the United

States.  After the California action had commenced, the CAFC vacated this Court's order

dismissing CMO and remanded the case to allow CEA to conduct jurisdictional discovery

(D.I. 277).  The parties then engaged in months of jurisdictional discovery, including

written discovery between the parties, subpoenas issued to third parties, and preparation

for several depositions of CMO's representatives and other third party witnesses.  During

that phase of the case, CEA obtained significant evidence establishing that CMO does

business throughout the United States, including in Delaware.  After months of

jurisdictional discovery, CMO ultimately consented to the jurisdiction of this Court, on

the day before CEA was to take the deposition a CMO sales person in the United States

(D.I. 375).  The parties then began merits discovery and engaged in extensive written and

oral discovery, which resulted in further evidence regarding CMO's importation, sale,

and distribution of products in the United States, including in this judicial district.

On December 1, 2006, non-party LPL filed an action against CMO in this Court,

related to Patent Nos. 4,624,737, 5,019,002, and 5,825,449.  See LG.Philips LCD Co.,

Ltd. v. Chi Mei Optoelectronics Corp., et al., Civil Action No. 06-726 (JJF) (D. Del.).  In

response to the Complaint, CMO has filed a Motion to Dismiss for Lack of Personal

Jurisdiction and Insufficiency of Service of Process.  Because CMO raised the same

issues in the referenced action, and because the documents produced by CMO in this

action related to CMO's importation, sale, and distribution of products in the United

States, including in Delaware, the discovery in this case is directly relevant to CMO's

new motion to dismiss.

Accordingly, LPL respectfully moves this Court to modify the Stipulated
Protective Order.[1]  See Exhibit 1.  This motion is made on an emergency basis because
LPL will need time to review the discovery and incorporate it into LPL's opposition to
CMO's motion to dismiss, which is due on May 22.

## I.    MODIFICATION OF THE STIPULATED PROTECTIVE ORDER WILL HELP ENSURE THE COURT IN A RELATED ACTION IS NOT MISLED

The Protective Order provides in pertinent part that "Each party and all persons
bound by the terms of this Order shall use any information or document governed by this
Order only in connection with the prosecution or defense of the above captioned action,
... <u>except by consent of all of the parties or order of the Court</u>."  See Exhibit 1 at ¶ 3.1
(emphasis added).  In light of this language, LPL contacted CMO prior to the filing of
this motion to request its consent to the proposed modification to the Stipulated
Protective Order.  See Exhibit 2.  LPL reasonably believed that CMO would agree to the
proposed modification because to do so would clearly minimize the burden and expense
on all of the parties to the new action, including CMO.  CMO has failed to respond to
LPL's request.

As CMO is aware, the evidence gathered in the referenced action against CMO
establishes jurisdiction in this Court.  Preventing LPL from using the documents already
seen by its attorneys will severely prejudice LPL.  LPL cannot be expected to allow CMO
to assert that it has insufficient contacts with this jurisdiction when LPL's counsel is

---

[1] LPL is a licensee to CEA with respect to the Patents-in-Suit.  In addition, both LPL and CEA are
represented by McKenna Long & Aldridge LLP.  Although LPL has not seen any of the documents
produced by CMO in the referenced action because LPL is not permitted to under the current Protective
Order, McKenna Long & Aldridge LLP, LPL's counsel, has knowledge that the documents produced by
CMO in this action establish that exercise of jurisdiction over CMO by this Court is proper.

aware of significant information that raises serious questions about the representations made by CMO in its new motion to dismiss. Indeed, if the Stipulated Protective Order is not modified as advocated by LPL, the Court in the new action may be misled into believing that CMO does not have sufficient contacts with this jurisdiction, despite strong evidence in this action to the contrary.

## II.   MODIFICATION OF THE STIPULATED PROTECTIVE ORDER WILL MINIMIZE BURDEN AND EXPENSE AND ENHANCE JUDICIAL ECONOMY

In the referenced action, in response to CMO's motion to dismiss, the parties were forced to engage in months of discovery aimed at whether the Court could properly exercise jurisdiction over CMO. CEA spent significant sums of money to collect the discovery that supported allegations about CMO's contacts with Delaware. In addition, because it was not clear whether CMO would be a party to the action, CEA was initially forced to bring its suit against CMO in two courts (not including the resulting CAFC appeal) and also brought actions against approximately 61 other parties, most of which included distributors and retailers for the Defendants' products. (CMO's distributors and retailers were merely kept in the suit initially until it was clear that the Court could proceed against the manufacturers of the products at issue, including CMO.)

This motion to dismiss filed by CMO in the new case appears to be an attempt by CMO to delay the action filed by LPL, cause LPL additional expense, and muddy the waters before merits discovery begins. A modification of the Stipulated Protective Order as described herein would potentially avoid similar expense and delay in the new action filed by LPL against CMO. In addition, LPL intends to move for jurisdictional discovery in response to CMO's Motion to Dismiss and CMO will likely be required to produce an

identical set of documents as those previously produced in the referenced action in response to the jurisdictional discovery requests. Therefore, allowing the use of the documents and information discovered in the referenced action in relation to the new Motion to Dismiss is in the interest of justice because it will minimize the burden and expense on the parties and enhance judicial economy.

### III.     THE LANGUAGE OF THE STIPULATED PROTECTIVE ORDER SUPPORTS THE MODIFICATION SOUGHT HERE

The language of the Stipulated Protective Order supports the modification sought here in that it provides that, "By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case." See id. at ¶ 18. Here, the discovery is clearly relevant, in that it bears directly on whether this Court can establish jurisdiction over CMO in the new case filed by LPL. It is evident that the parties and the Court contemplated a situation such as the one here where the information would be needed in another action. As a result, the amendment sought here is appropriate and necessary. Although LPL is not a party to the Stipulated Protective Order, LPL hereby agrees to abide by its terms, including the provisions limiting the disclosure of Highly Sensitive Confidential information to outside counsel only.

April 17, 2007

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Attorneys for non-party
LG.Philips LCD Co., Ltd.

OF COUNSEL:
Gaspare J. Bono
Song K. Jung
Matthew T. Bailey
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

COMMISSARIAT À L'ENERGIE ATOMIQUE,

        Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD.,
FUJITSU DISPLAY TECHNOLOGIES CORP.,
SHARP CORPORATION,
AU OPTRONICS CORPORATION, and
CHI MEI OPTOELECTRONICS
CORPORATION,

        Defendants.

<u>CONSOLIDATED CASES</u>

Civil Action No. 03-484-MPT

**LOCAL RULE 7.1.1 STATEMENT IN SUPPORT OF
NON-PARTY LG.PHILIPS LCD CO., LTD.'S
MOTION TO MODIFY STIPUOLATED PROTECTIVE ORDER**

      The undersigned attorney for non-party LG.Philips LCD Co., Ltd. ("LPL") hereby

states, pursuant to Local Rule 7.1.1, that LPL's attorneys have made a reasonable effort

to reach agreement with opposing counsel on the matters set forth in the within motion.

Specifically, counsel for LPL wrote to counsel for defendant CMO and requested that

CMO consent to the relief requested. Counsel for CMO has not responded.

April 17, 2007

THE BAYARD FIRM

Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
Attorneys for non-party,
LG.Philips LCD Co., Ltd.

657349-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COMMISSARIAT À L'ENERGIE ATOMIQUE,

        Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD.,
FUJITSU DISPLAY TECHNOLOGIES CORP.,
SHARP CORPORATION,
AU OPTRONICS CORPORATION, and
CHI MEI OPTOELECTRONICS
CORPORATION,

        Defendants.

CONSOLIDATED CASES

Civil Action No.  03-484-KAJ

[PROPOSED] ORDER

Non-party LG.Philips LCD Co., Ltd. ("LPL") having moved for modification of

the Stipulated Protective Order (D.I. 265), and plaintiff Commissariat à l'Energie

Atomique ("CEA") having joined in that motion, defendant Chi Mei Optoelectronics

Corporation ("CMO") having opposed the motion, and the Court having concluded that

modification of the Stipulated Protective Order is warranted and is in the interest of

justice, the Stipulated Protective Order is amended by the addition of the following

Addendum:

> "Notwithstanding any other provisions of this Stipulated Protective Order,
> any of defendant Chi Mei Optoelectronic Corporation's ("CMO")
> "confidential" or "highly sensitive confidential" material may be used by
> non-party LG.Philips LCD Co., Ltd. ("LPL") in the case identified as
> *LG.Philips LCD Co., Ltd. v. Chi Mei Optoelectronics Corp., et al.*, Civil
> Action No. 06-726 (JJF) (D. Del.)(the "New Action") to respond to the
> jurisdictional challenge raised by CMO in the New Action, but fully
> subject to the provisions of Local Rule 26.2 until such time as a protective
> order is entered in the New Action.  Moreover, LPL agrees to be and
> hereby is bound by the terms and conditions of the Stipulated Protective
> Order as modified hereby."

SO ORDERED this _____ day of _____, 2007.

_____
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on April 17, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

The undersigned counsel further certifies that, on April 17, 2007, copies of the foregoing document were sent by email and hand to the above local counsel and by email and by hand or first class mail to the following non-registered participants:

Neil Sirota, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY  10112

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190

Philip A. Rovner, Esquire
Dave E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE  19899-0951

William J. Marsden, Jr., Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

657349-1

# EXHIBIT 3

$\widehat{265}$

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

COMMISSARIAT À L'ENERGIE ATOMIQUE,          )
                                             )
          Plaintiff,                         )
                                             )
     v.                                      )          CONSOLIDATED CASES
                                             )
SAMSUNG ELECTRONICS CO., LTD.;               )
TOTTORI SANYO ELECTRONICS CO., LTD.;         )          Civil Action No. 03-484 (KAJ)
FUJITSU DISPLAY TECHNOLOGIES CORP.;          )
SHARP CORPORATION; and                       )
AU OPTRONICS CORPORATION,                    )
                                             )
          Defendants.                        )
                                             )

## STIPULATED PROTECTIVE ORDER

Whereas pretrial discovery in this action will necessarily involve the disclosure of

trade secrets or confidential research, development, product or commercial information of

both parties and of non-parties from whom discovery may be sought; and

Whereas the parties have in good faith conferred and have agreed upon most of

the terms of this Protective Order, and the court having reviewed and considered the

parties' arguments on the disputed Protective Order issues, including the parties' briefing

in support of and opposition to Plaintiff's Motion for Expedited Entry of Protective

Order, and the Court having ruled thereon; therefore

Pursuant to the Court's Memorandum Order of May 25, 2004 and Rule 26(c) of

the Federal Rules of Civil Procedure, the parties stipulate (without waiver of Plaintiff

CEA's objections, or any suggestion that CEA has stipulated, to those matters ordered by

the Court to which CEA has not agreed) to the following Protective Order, subject to the approval of the Court:

## 1.     Scope of Protection.

1.1     This Protective Order shall govern any record of information, designated pursuant to ¶ 2 of this Protective Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2     This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or District of Delaware local rule, and any supplementary disclosures thereto.

1.3     This Protective Order shall apply to the parties and any nonparty from whom discovery may be sought and who desires the protection of this Protective Order (collectively herein referred to as a "party" or the "parties").

## 2.     Designation.

2.1     Each party shall have the right to designate as confidential and subject to this Protective Order any information produced by it in this action which contains, reflects, or otherwise discloses confidential technical, business or financial information ("CONFIDENTIAL information").  This designation shall be made by stamping or

otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered confidential under this Protective Order. The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER that are generally available to the public.

2.2     Each party shall have the right to designate as restricted to review by those categories of individuals listed in ¶¶ 4.1(a) - 4.1(e) and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses (1) trade secrets, (2) research and development or other highly sensitive technical information created or generated since May 19, 1996, or (3) highly sensitive business-related financial information (collectively, "HIGHLY SENSITIVE CONFIDENTIAL information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend HIGHLY SENSITIVE CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered HIGHLY SENSITIVE CONFIDENTIAL under this Protective Order. To the extent that material is marked HIGHLY SENSITIVE CONFIDENTIAL, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 4.2, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other

records regarding the contents thereof, shall also be deemed HIGHLY SENSITIVE CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. Use of this highly restrictive designation is limited to information of the highest sensitivity. The parties will use reasonable care to avoid designating any documents or information HIGHLY SENSITIVE CONFIDENTIAL for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this ¶ 2.2. HIGHLY SENSITIVE CONFIDENTIAL information shall be used only for purposees directly related to this action, and for no other purpose whatsoever, except by consent of all of the parties or order of the Court.

2.3    To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the producing party has marked with any confidentiality designation, all such materials shall be considered to have been designated under this Order as HIGHLY SENSITIVE CONFIDENTIAL unless otherwise agreed by the Parties.

**3.    Limit On Use And Disclosure Of Designated Information.**

3.1    Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the parties or order of the Court. No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this

Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated confidential information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the producing party.

3.3    The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

**4.    Disclosure Of Confidential Material.**

4.1    Documents or information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER shall be disclosed by the recipient thereof only to:

(a)    the attorneys who are actively involved in this action and who are partners of or employed by the following law firms of record for the parties, and their authorized secretarial, clerical and legal assistant staff: Morris, James, Hitchens & Williams LLP; McKenna, Long & Aldridge LLP; Potter Anderson & Corroon LLP; Baker Botts LLP; Pepper Hamilton LLP; Katten Muchin Zavis Rosenman; Richards, Layton & Finger, P.A.; Morrison & Foerster LLP; Nixon & Vanderhye P.C.; Young, Conaway, Stargatt & Taylor; and Connolly, Bove, Lodge & Hutz LLP provided that

such attorneys shall not be provided access to HIGHLY SENSITIVE CONFIDENTIAL information if such attorneys

(1) currently participate in, direct or supervise any patent prosecution activity involving (i) LCD technology or (ii) technology directed to increasing the wide-angle viewing of LCD products (collectively, "the Subject Matter"). During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to HIGHLY SENSITIVE CONFIDENTIAL materials covered by this order will not participate in, direct or supervise any patent prosecution activity in the United States Patent and Trademark Office or with any patent office outside the United States involving the Subject Matter, or

(2) currently provide non-legal, business advice or non-legal, business representation to clients in the LCD industry wherein the highly sensitive business-related financial information of any opposing party would be relevant to such non-legal, business advice or non-legal, business representation. During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to HIGHLY SENSITIVE CONFIDENTIAL materials covered by this order will not provide non-legal, business advice or non-legal, business representation to clients in the LCD industry wherein the highly sensitive business-related financial information of any

opposing party would be relevant to such non-legal, business advice or representation.

    (b)    the Court and Court personnel, as provided in ¶ 12;

    (c)    consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are agreed upon by the parties pursuant to ¶ 6, who are not employees or otherwise affiliated with any of the parties (except persons scheduled to be deposed by any of the parties pursuant to Rule 30(b)(6), Fed.R.Civ.P.), and who first agree to be bound by the terms of this Protective Order;

    (d)    court reporters employed in connection with this action;

    (e)    outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators);

    (f)    Commissariat à l'Energie Atomique's in-house counsel and up to eight designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order;

    (g)    Samsung Electronics Co., Ltd.'s or Samsung Electronics America, Inc.'s in-house counsel and up to eight designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order;

    (h)    Tottori Sanyo Electronics Co., Ltd.'s or Tottori Sanyo's parent's or SEID's in-house counsel and up to eight designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order;

    (i)    Fujitsu Displays Technologies Corp.'s ("FDTC") or Fujitsu Limited's in-house counsel and up to eight designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order;

(j)    Sharp Corporation's or Sharp Electronics Corporation's in-house counsel and up to eight designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order; and

(k)    AU Optronics Corporation's or AU Optronics Corporation America's in-house counsel and up to eight designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order.

4.2    Documents    or    information    designated    HIGHLY    SENSITIVE CONFIDENTIAL shall be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1(a) – 4.1(e) subject to the restrictions therein.

5.    **Redaction.**

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Rule 26(b), Fed.R.Civ.P. However, any document from which material is masked must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated on a log to be provided within thirty (30) days after the production of the documents. Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity. The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by case basis.

**6.    Disclosure to Independent Consultants and Identification of Experts.**

6.1    If any party desires to disclose information designated CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL to any expert or consultant pursuant to ¶ 4 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant.  The attorney for the producing party shall have ten (10) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified.

6.2    Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae identifying at least all other present and prior employments or consultancies of the expert or consultant in the field of LCD display technologies, and a list of the cases in which the expert or consultant has testified at a deposition or at trial within the last four years.  The parties shall attempt to resolve any objections informally.  If the objections cannot be resolved, the party seeking to disclose the CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information to the expert or consultant may move the Court for an Order allowing the disclosure.  On any motion challenging the disclosure of such information to an expert or consultant, the burden of proof shall lie with the party objecting to the disclosure to establish that the information should not be disclosed to the expert or consultant.  In the event objections are made and not resolved informally, disclosure of information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

**7.    Agreement Of Confidentiality.**

In no event shall any information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL be disclosed to any person authorized pursuant to ¶ 4, other than (a) the Court and Court personnel, (b) the parties' attorneys identified in ¶ 4.1(a) and their authorized secretarial and legal assistant staffs, (c) court reporters, and (d) outside copying and computer services necessary for document handling, until such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order.  Copies of such Confidentiality Undertakings shall be promptly served on the producing party.

**8.    Related Documents.**

Information    designated    CONFIDENTIAL-SUBJECT    TO    PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL shall include (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with ¶ 9; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with ¶ 10.

**9.     Designation Of Deposition Transcripts.**

9.1     Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see ¶ 2.1) as the designating party may direct, or (b) within twenty-one (21) days following the receipt of the transcript of the deposition by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

9.2     All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, HIGHLY SENSITIVE CONFIDENTIAL until the expiration of the period set forth in ¶ 9.1, and neither the transcript nor the content of the testimony shall be disclosed by a non-designating party to persons other than those persons named or approved according to ¶ 4.

9.3     The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to ¶ 4.

9.4     In addition, to the extent that any document or information that has been designated as either CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL and subject to this Protective Order, such document or information shall not be disclosed to or otherwise used with any witness not

currently or previously employed or retained by the producing party during a deposition without at least three (3) calendar days prior notice to the designating party of such potential use in order to permit counsel for the designating party to attend and to take such action as it deems appropriate to protect the confidentiality of the documents and/or information. Counsel for the parties shall attempt to resolve any objection(s) and they will only seek redress to the Court if no resolution can be reached. However, the receiving party shall not use or otherwise disclose the confidential documents or information subject to such objection at such deposition of a witness not currently or previously employed or retained by the producing party until the Court has ruled upon any such objection(s), provided that the producing party submits the matter to the Court within three (3) calendar days of the parties being unable to resolve the objection(s).

**10.    Designation Of Hearing Testimony Or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL information, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions. Whenever matter designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

**11.    Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document containing information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL to any person which the document clearly identifies as an author, addressee, or carbon copy recipient of such document, or to any current employee of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed.  During deposition or trial testimony, counsel may disclose documents produced by a party to current employees and officers of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed.  And regardless of such designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

**12.    Designation Of Documents Under Seal.**

Any information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order.  The party filing any paper which reflects, contains

13

or includes any CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend (see ¶ 2.1), and a statement substantially in the following form:

> **This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed or made public except by Order of the Court or written agreement of the parties.**

### 13.    Confidentiality Of Party's Own Documents.

No person may disclose, in public or private, any designated information of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge (see ¶ 16). Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

### 14.    Other Protections.

14.1    No person shall use any CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information, or information derived therefrom, for purposes other than

the prosecution or defense of this action, including without limitation, for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application or request for re-examination.

14.2    Any party may mark any document or thing containing CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information as an exhibit to a deposition, hearing or other proceeding and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material.


**15.    Challenge To Confidentiality.**

15.1    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate.    Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect.    No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

15.2    On any motion challenging the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information.    If a party seeks declassification or removal of particular items from a designation on the ground

that such designation is not necessary to protect the interests of the party wishing the designated information, the following procedure shall be utilized:

a.    The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request; and

b.    If, after conferring, the parties cannot reach agreement concerning the matter, then the party requesting the declassification or removal of particular items may file and serve a motion for a further Order of this Court directing that the designation shall be so removed.

### 16.    Prior Or Public Knowledge.

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

### 17.    Limitation Of Protective Order.

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

**18.    Other Proceedings.**

By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who may be subject to a motion to disclose another party's CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information pursuant to this order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

**19.    Inadvertent Disclosure Of Work Product Or Privileged Information:
Procedure And Waiver.**

19.1.   If the producing party at any time notifies the Non-producing party in writing that it has inadvertently produced documents and/or things that are protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure, the non-producing party shall return all copies of such documents and/or things to the producing party within five (5) business days of receipt of such notice and shall not further disclose or use such items for any purpose until further order of the Court. Upon being notified by the producing party pursuant to this section, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents at issue.

19.2   The return of any discovery item to the producing party shall not in any way preclude the non-producing party from moving the Court for a ruling that: (a) the document or thing was never privileged or otherwise immune from disclosure; and/or (b) that any applicable privilege or immunity has been waived.

19.3    Inadvertent or unintentional disclosure of information subject to any privilege or immunity during the course of this litigation without proper designation shall not be deemed a waiver of a claim that disclosed information is in fact subject to a privilege or immunity if so designated within ten (10) business days after the producing party actually learns of the inadvertent or unintentional disclosure.

**20.    Non-Party Material.**

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information provided by a non-party.    Information provided by a non-party in connection with this action and designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

**21.    Return Of Designated Information.**

Within thirty (30) days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all materials containing information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege

communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence and written discovery responses may be retained by counsel.

### 22.    Waiver Or Termination Of Order.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

### 23.    Modification Of Order; Prior Agreements.

~~This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court.~~  To the extent the terms of this Protective Order conflict with Local Rule 26.2 or with any agreements between the parties regarding the confidentiality of particular documents or information entered into before the date of this Protective Order, the terms of this Protective Order shall govern, except as to those documents and information produced or disclosed prior to the entry of this Protective Order, which documents and information shall continue to be governed by the terms of such prior agreements or by the provisions of Local Rule 26.2, as applicable.

24.   **Section Captions.**

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

Dated:  December __9__, 2004

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Of Counsel

Gaspare J. Bono
Song K. Jung
Matthew T. Bailey
Rel S. Ambrozy
Adrian P.J. Mollo
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

By: _____
      Richard D. Kirk (Bar No. 922)
      222 Delaware Avenue, 10th Floor
      P.O. Box 2306
      Wilmington, DE 19899-2306
      (302) 888 –6800

*Attorneys for Plaintiff*
*Commissariat À l'Energie Atomique*

Dated:  December __7__, 2004

POTTER ANDERSON & CORROON LLP

Of Counsel:

BAKER BOTTS L.L.P.
Neil P. Sirota
Paul A. Ragusa
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2500

Michael Barta
The Warner
1299 Pennsylvania Avenue
Washington, D.C. 20004-2400
(202) 639-7700

By: _____
      Richard L. Horwitz (Bar No. 2246)
      David E. Moore (Bar No. 3983)
      Hercules Plaza, 6th Floor
      1313 North Market Street
      P. O. Box 951
      Wilmington, Delaware 19899-0951
      (302) 984-6000

*Attorneys for Defendant*
*Samsung Electronics Co., Ltd.*

Dated: December 7, 2004

Of Counsel:

Timothy J. Vezeau
Scott M. Gettleson
KATTEN MUCHIN ZAVIS
ROSENMAN
525 West Monroe Street, Suite 1600
Chicago, Illinois 60661-1600
(312) 902-5200

PEPPER HAMILTON LLP

By: _M Duncan Grant_

M. Duncan Grant (Bar No. 2994)
Albert H. Manwaring IV (Bar No. 4339)
Joseph S. Naylor (Bar No. 3886)
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, Delaware 19899-1709
(302) 777-6500

*Attorneys for Defendant*
*Tottori Sanyo Electric Co., Ltd.*

Dated: December 8, 2004

Of Counsel:

Karen Hagberg
Sherman Kahn
Indira Satyendra
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000

RICHARDS, LAYTON & FINGER, P.A.

By: _____

Robert H. Richards, III (Bar No. 706)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
(302) 651-7700

*Attorneys for Defendant*
*Fujitsu Display Technologies Corp.*

Dated: December 9, 2004

YOUNG, CONAWAY, STARGATT & TAYLOR

Of Counsel:

By: _____

Robert W. Adams
Updeep "Mickey" Gill
NIXON & VANDERHYE P.C.
1100 North Glebe Road, Suite 800
Arlington, Va. 22201
(793) 816-4000

Josey Ingersoll (Bar No. 1088)
John Shaw (Bar No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6672

*Attorneys for Defendant*
*Sharp Corporation*

Dated: December 10, 2004

CONNOLLY, BOVE, LODGE & HUTZ LLP

By: _____
Gerald M. O'Rourke (Bar No. 3265)
1007 North Orange Street
Wilmington, Delaware 19801
(302) 888-6208

*Attorneys for Defendant*
*AU Optronics Corporation.*

661766

SO ORDERED this 13th day of December, 2004.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COMMISSARIAT À L'ENERGIE ATOMIQUE,

　　　　Plaintiff,

　　　　v.

SAMSUNG ELECTRONICS CO., LTD.;
TOTTORI SANYO ELECTRONICS CO., LTD.;
FUJITSU DISPLAY TECHNOLOGIES CORP.;
SHARP CORPORATION; and AU OPTRONICS
CORPORATION

　　　　Defendants.

CONSOLIDATED CASES

Civil Action No. 03-484 (KAJ)

## CONFIDENTIALITY UNDERTAKING

I certify that I have read the Protective Order in this action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order and waive any venue objection with respect to any such proceedings.

EXECUTED this _____ day of _____, 2004.

_____
Name

_____
Affiliation

_____
Business Address

# EXHIBIT 4



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMMISSARIAT À L'ENERGIE ATOMIQUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>CONSOLIDATED CASES</u> |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD.; | ) | C. A. No. 03-484 (KAJ) |
| TOTTORI SANYO ELECTRONICS CO., LTD.; | ) | |
| and FUJITSU DISPLAY TECHNOLOGIES CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>STIPULATED PROTECTIVE ORDER</u>

Whereas pretrial discovery in this action will necessarily involve the disclosure of trade secrets or confidential research, development, product or commercial information of both parties and of non-parties from whom discovery may be sought; and

Whereas the parties have in good faith conferred and have agreed upon most of the terms of this Protective Order, and the court having reviewed and considered the parties' arguments on the disputed Protective Order issues, including the parties' briefing in support of and opposition to Plaintiff's Motion for Expedited Entry of Protective Order, and the Court having ruled thereon; therefore

Pursuant to the Court's Memorandum Order of May 25, 2004 and Rule 26(c) of the Federal Rules of Civil Procedure, the parties stipulate (without waiver of Plaintiff CEA's objections, or any suggestion that CEA has stipulated, to those matters ordered by the Court to which CEA has not agreed) to the following Protective Order, subject to the approval of the Court:

```
F I L E D

JUN 1 5 2004

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

1.    **Scope of Protection.**

1.1    This Protective Order shall govern any record of information, designated pursuant to ¶ 2 of this Protective Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2    This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or District of Delaware local rule, and any supplementary disclosures thereto.

1.3    This Protective Order shall apply to the parties and any nonparty from whom discovery may be sought and who desires the protection of this Protective Order (collectively herein referred to as a "party" or the "parties").

2.    **Designation.**

2.1    Each party shall have the right to designate as confidential and subject to this Protective Order any information produced by it in this action which contains, reflects, or otherwise discloses confidential technical, business or financial information ("CONFIDENTIAL information").    This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving

party that the information shall be considered confidential under this Protective Order. The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER that are generally available to the public.

2.2    Each party shall have the right to designate as restricted to review by those categories of individuals listed in ¶¶ 4.1(a) - 4.1(e) and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses (1) trade secrets, (2) research and development or other highly sensitive technical information created or generated since May 19, 1996, or (3) highly sensitive business-related financial information (collectively, "HIGHLY SENSITIVE CONFIDENTIAL information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend HIGHLY SENSITIVE CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered HIGHLY SENSITIVE CONFIDENTIAL under this Protective Order. To the extent that material is marked HIGHLY SENSITIVE CONFIDENTIAL, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 4.2, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed HIGHLY SENSITIVE CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. Use of this highly restrictive designation is limited to

3

information of the highest sensitivity.  The parties will use reasonable care to avoid designating any documents or information HIGHLY SENSITIVE CONFIDENTIAL for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this ¶ 2.2.  HIGHLY SENSITIVE CONFIDENTIAL information shall be used only for purposes directly related to this action, and for no other purpose whatsoever, except by consent of all of the parties or order of the Court.

2.3    To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the producing party has marked with any confidentiality designation, all such materials shall be considered to have been designated under this Order as HIGHLY SENSITIVE CONFIDENTIAL unless otherwise agreed by the Parties.

**3.    Limit On Use And Disclosure Of Designated Information.**

3.1    Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the parties or order of the Court.  No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated confidential

4

information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the producing party.

3.3    The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

## 4.    Disclosure Of Confidential Material.

4.1    Documents or information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER shall be disclosed by the recipient thereof only to:

(a)    the attorneys who are actively involved in this action and who are partners of or employed by the following law firms of record for the parties, and their authorized secretarial, clerical and legal assistant staff: Morris, James, Hitchens & Williams LLP; McKenna, Long & Aldridge LLP; Potter Anderson & Corroon LLP; Baker Botts LLP; Pepper Hamilton LLP; Katten Muchin Zavis Rosenman; Richards, Layton & Finger, P.A.; and Morrison & Foerster LLP provided that such attorneys shall not be provided access to HIGHLY SENSITIVE CONFIDENTIAL information if such attorneys

(1)    currently participate in, direct or supervise any patent prosecution activity involving (i) LCD technology or (ii) technology directed to increasing the wide-angle viewing of LCD products (collectively, "the Subject Matter"). During the pendency of this litigation and for one year after the full and

final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to HIGHLY SENSITIVE CONFIDENTIAL materials covered by this order will not participate in, direct or supervise any patent prosecution activity in the United States Patent and Trademark Office or with any patent office outside the United States involving the Subject Matter, or

(2) currently provide non-legal, business advice or non-legal, business representation to clients in the LCD industry wherein the highly sensitive business-related financial information of any opposing party would be relevant to such non-legal, business advice or non-legal, business representation. During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to HIGHLY SENSITIVE CONFIDENTIAL materials covered by this order will not provide non-legal, business advice or non-legal, business representation to clients in the LCD industry wherein the highly sensitive business-related financial information of any opposing party would be relevant to such non-legal, business advice or representation.

(b)    the Court and Court personnel, as provided in ¶ 12;

(c)    consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are agreed upon by the parties pursuant to ¶ 6, who are not employees or otherwise affiliated with any of the parties (except persons

scheduled to be deposed by any of the parties pursuant to Rule 30(b)(6), Fed.R.Civ.P.), and who first agree to be bound by the terms of this Protective Order;

(d)    court reporters employed in connection with this action;

(e)    outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators);

(f)    Commissariat à l'Energie Atomique's in-house counsel and up to eight designated employees, and the following outside counsel in France: Mizrahi & Associes. and Cabinet Regimbeau and the attorneys who are partners of or employed by them, and their authorized secretarial, clerical and legal assistant staff, provided that each such individual must first agree to be bound by the terms of this Protective Order;

(g)    Samsung Electronics Co., Ltd.'s in-house counsel and up to eight designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order;

(h)    Tottori Sanyo Electronics Co., Ltd.'s in-house counsel and up to eight designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order; and

(i)    Fujitsu Displays Technologies Corp.'s in-house counsel and up to eight designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order.

4.2    Documents    or    information    designated    HIGHLY    SENSITIVE CONFIDENTIAL shall be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1(a) – 4.1(e) subject to the restrictions therein.

**5.     Redaction.**

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Rule 26(b), Fed.R.Civ.P.  However, any document from which material is masked must identify in the masked area that masking or redaction has occurred.  The reason for any such masking must be stated on a log to be provided within thirty (30) days after the production of the documents.  Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity.  The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by case basis.

**6.     Disclosure to Independent Consultants and  Identification of Experts.**

6.1     If any party desires to disclose information designated CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL to any expert or consultant pursuant to ¶ 4 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant.  The attorney for the producing party shall have ten (10) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified.

6.2     Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae identifying at least all other present and prior employments or consultancies of the expert or consultant in the field of LCD display technologies, and a list of the cases in which the expert or consultant has testified at a deposition or at trial within the last four years.  The

8

parties shall attempt to resolve any objections informally.  If the objections cannot be resolved, the party seeking to disclose the CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information to the expert or consultant may move the Court for an Order allowing the disclosure.  On any motion challenging the disclosure of such information to an expert or consultant, the burden of proof shall lie with the party objecting to the disclosure to establish that the information should not be disclosed to the expert or consultant.  In the event objections are made and not resolved informally, disclosure of information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

7.    **Agreement Of Confidentiality.**

In no event shall any information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL be disclosed to any person authorized pursuant to ¶ 4, other than (a) the Court and Court personnel, (b) the parties' attorneys identified in ¶ 4.1(a) and their authorized secretarial and legal assistant staffs, (c) court reporters, and (d) outside copying and computer services necessary for document handling, until such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order.  Copies of such Confidentiality Undertakings shall be promptly served on the producing party.

**8.    Related Documents.**

Information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL shall include (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with ¶ 9; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with ¶ 10.

**9.    Designation Of Deposition Transcripts.**

9.1    Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see ¶ 2.1) as the designating party may direct, or (b) within twenty-one (21) days following the receipt of the transcript of the deposition by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

9.2    All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, HIGHLY SENSITIVE CONFIDENTIAL until the expiration of the period set forth in ¶ 9.1, and neither the transcript nor the content of the testimony

10

shall be disclosed by a non-designating party to persons other than those persons named or approved according to ¶ 4.

9.3    The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to ¶ 4.

## 10.    Designation Of Hearing Testimony Or Argument.

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL information, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions.  Whenever matter designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

## 11.    Disclosure To Author Or Recipient.

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document containing information designated

11

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL to any person which the document clearly identifies as an author, addressee, or carbon copy recipient of such document, or to any current employee of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed. During deposition or trial testimony, counsel may disclose documents produced by a party to current employees and officers of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed. And regardless of such designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

**12.    Designation Of Documents Under Seal.**

Any information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes any CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party

filing the materials, the nature of the materials filed, the appropriate legend (see ¶ 2.1),

and a statement substantially in the following form:

> **This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed or made public except by Order of the Court or written agreement of the parties.**

### 13.    Confidentiality Of Party's Own Documents.

No person may disclose, in public or private, any designated information of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge (see ¶ 16). Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

### 14.    Other Protections.

14.1    No person shall use any CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information, or information derived therefrom, for purposes other than the prosecution or defense of this action, including without limitation, for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application or request for re-examination.

14.2    Any party may mark any document or thing containing CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information as an exhibit to a deposition, hearing or other proceeding and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material.

## 15.    Challenge To Confidentiality.

15.1    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate.    Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect.    No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

15.2    On any motion challenging the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information.    If a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party wishing the designated information, the following procedure shall be utilized:

14

a.    The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request; and

b.    If, after conferring, the parties cannot reach agreement concerning the matter, then the party requesting the declassification or removal of particular items may file and serve a motion for a further Order of this Court directing that the designation shall be so removed.

16.    **Prior Or Public Knowledge.**

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

17.    **Limitation Of Protective Order.**

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

18.    **Other Proceedings.**

By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who may be subject to a motion to disclose another party's CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information pursuant to this order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

## 19.     Inadvertent Disclosure Of Work Product Or Privileged Information: Procedure And Waiver.

19.1.   If the producing party at any time notifies the Non-producing party in writing that it has inadvertently produced documents and/or things that are protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure, the non-producing party shall return all copies of such documents and/or things to the producing party within five (5) business days of receipt of such notice and shall not further disclose or use such items for any purpose until further order of the Court. Upon being notified by the producing party pursuant to this section, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents at issue.

19.2     The return of any discovery item to the producing party shall not in any way preclude the non-producing party from moving the Court for a ruling that: (a) the document or thing was never privileged or otherwise immune from disclosure; and/or (b) that any applicable privilege or immunity has been waived.

16

19.3     Inadvertent or unintentional disclosure of information subject to any privilege or immunity during the course of this litigation without proper designation shall not be deemed a waiver of a claim that disclosed information is in fact subject to a privilege or immunity if so designated within ten (10) business days after the producing party actually learns of the inadvertent or unintentional disclosure.

**20.     Non-Party Material.**

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information provided by a non-party.     Information provided by a non-party in connection with this action and designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

**21.     Return Of Designated Information.**

Within thirty (30) days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all materials containing information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege

17

communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence and written discovery responses may be retained by counsel.

**22.     Waiver Or Termination Of Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court ~~for good cause shown~~. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

**23.     Modification Of Order; Prior Agreements.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. To the extent the terms of this Protective Order conflict with Local Rule 26.2 or with any agreements between the parties regarding the confidentiality of particular documents or information entered into before the date of this Protective Order, the terms of this Protective Order shall govern, except as to those documents and information produced or disclosed prior to the entry of this Protective Order, which documents and information shall continue to be governed by the terms of such prior agreements or by the provisions of Local Rule 26.2, as applicable.

18

24.    **Section Captions.**

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

Dated: June _7_, 2004    MORRIS, JAMES, HITCHENS &
              WILLIAMS LLP

<u>Of Counsel</u>

Gaspare J. Bono        By: _Richard D. Kirk_
Song K. Jung          Richard D. Kirk (Bar No. 922)
Matthew T. Bailey       222 Delaware Avenue, 10th Floor
Rel S. Ambrozy        P.O. Box 2306
Adrian P.J. Mollo       Wilmington, DE 19899-2306
MCKENNA LONG & ALDRIDGE LLP (302) 888 –6800
1900 K Street, NW
Washington, DC 20006     *Attorneys for Plaintiff*
(202) 496-7500       *Commissariat À l'Energie Atomique*

Dated: June _8_, 2004    POTTER ANDERSON & CORROON LLP

<u>Of Counsel:</u>

BAKER BOTTS L.L.P.     By: _Richard L. Horwitz_
Neil P. Sirota        Richard L. Horwitz (Bar No. 2246)
Paul A. Ragusa       Hercules Plaza, 6th Floor
30 Rockefeller Plaza      1313 North Market Street
New York, New York 10112-4498  P. O. Box 951
(212) 408-2500       Wilmington, Delaware 19899-0951
             (302) 984-6000
Michael Barta
The Warner         *Attorneys for Defendant*
1299 Pennsylvania Avenue    *Samsung Electronics Co., Ltd.*
Washington, D.C. 20004-2400
(202) 639-7700

19

Dated: June  8 , 2004

PEPPER HAMILTON LLP

Of Counsel:

By: *M. Duncan Grant*

Timothy J. Vezeau
Scott M. Gettleson
KATTEN MUCHIN ZAVIS
ROSENMAN
525 West Monroe Street, Suite 1600
Chicago, Illinois 60661-1600
(312) 902-5200

M. Duncan Grant (Bar No. 2994)
Albert H. Manwaring IV (Bar No. 4339)
Joseph S. Naylor (Bar No. 3886)
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, Delaware 19899-1709
(302) 777-6500

*Attorneys for Defendant*
*Tottori Sanyo Electric Co., Ltd.*

Dated: June  8 , 2004

RICHARDS, LAYTON & FINGER, P.A.

Of Counsel:

By:

Karen Hagberg
Sherman Kahn
Indira Satyendra
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000

Robert H. Richards, III (Bar No. 706)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
(302) 651-7700

*Attorneys for Defendant*
*Fujitsu Display Technologies Corp.*

SO ORDERED this  15  day of June 2004.

United States District Judge

20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COMMISSARIAT À L'ENERGIE ATOMIQUE,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD.;
TOTTORI SANYO ELECTRONICS CO., LTD.;
and FUJITSU DISPLAY TECHNOLOGIES CORP.

Defendants.

CONSOLIDATED CASES

Civil Action No. 03-484 (KAJ)

## CONFIDENTIALITY UNDERTAKING

I certify that I have read the Protective Order in this action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order and waive any venue objection with respect to any such proceedings.

EXECUTED this _____ day of _____, 2004.

_____
Name

_____
Affiliation

_____
Business Address

# EXHIBIT 5

SHEET 1

1

1                    IN THE UNITED STATES DISTRICT COURT

2                    IN AND FOR THE DISTRICT OF DELAWARE

3                                 - - -

COMMISSARIAT A L'ENERGIE          :          CIVIL ACTION
4   ATOMIQUE,                         :
                                      :
5            Plaintiff,               :
                                      :
6       v.                            :
                                      :
7   SAMSUNG ELECTRONICS CO., LTD.,    :
    SAMSUNG ELECTRONICS AMERICA, INC., :
8   SAMSUNG ELECTRONICS CANADA, INC.,  :
    and SAMSUNG ELECTRONICS, INC.     :
9                                     :
             Defendants.              :          NO. 03-484 (MPT)
10
                                 - - -
11
                        Wilmington, Delaware
12              Monday, May 7, 2007 at 4:07 p.m.
                     TELEPHONE CONFERENCE
13
                                 - - -
14
    BEFORE:  HONORABLE MARY PAT THYNGE, U.S. MAGISTRATE JUDGE
15
                                 - - -
16   APPEARANCES:

17

         THE BAYARD FIRM
18       BY:  RICHARD D. KIRK, ESQ.

19            -and-

20       MCKENNA LONG & ALDRIDGE, LLP
         BY:  GASPARE J. BONO, ESQ.
21            (Washington, District of Columbia)

22              Counsel for NonParty
                L.G.Philips LCD Co., Ltd.
23

24
                        Brian P. Gaffigan
25                      Registered Merit Reporter

SHEET 2

**2**

```
 1   APPEARANCES:  (Continued)
 2
 3             POTTER ANDERSON & CORROON, LLP
           BY:  RICHARD L. HORWITZ, ESQ.
 4                    -and-
 5             BAKER BOTTS L.L.P.
           BY:  NEIL P. SIROTA, ESQ.
 6                 (New York, New York)
 7                    -and-
 8             BAKER BOTTS L.L.P.
           BY:  MICHAEL J. BARTA, ESQ.
 9                 (Washington, District of Columbia)
10                      Counsel for Defendants Samsung
                      Electronics Co., Ltd., Samsung
11                    Electronics America, Inc., Samsung
                      Electronics Canada, Inc.,
12                    Samsung Electronics, Inc.
13
             POTTER ANDERSON & CORROON, LLP
14         BY:  PHILIP A. ROVNER, ESQ.
15                    -and-
16             JONES DAY
           BY:  KENNETH R. ADAMO, ESQ.
17                 (Cleveland, Ohio)
18                      Counsel for Defendant
                      Chi Mei Optoelectronics Corporation
19
20
21
22
23
24
25
```

**3**

```
 1                    - oOo -
 2              P R O C E E D I N G S
 3        (REPORTER'S NOTE:  The following telephone
 4   conference was held in chambers, beginning at 4:07 p.m.)
 5        THE COURT:  Good afternoon, this is Judge
 6   Thynge.
 7        MR. KIRK:  Good afternoon, Your Honor.
 8        THE COURT:  Who do I have on the line on behalf
 9   of Philips?  L.G.Philips?
10        MR. KIRK:  Your Honor this is Richard Kirk from
11   The Bayard Firm.  And with me on the line is my colleague
12   Gap Bono from McKenna Long & Aldridge in Washington.
13        THE COURT:  Okay.  And who do I have on the line
14   for CMO?
15        MR. ROVNER:  Your Honor, this is Phil Rovner
16   from Potter Anderson.  And with me on the line is Ken Adamo
17   from Jones Day.
18        THE COURT:  Ken?
19        MR. ADAMO:  Adamo, Your Honor.  It's A-D-A-M-O.
20   Good afternoon.
21        THE COURT:  Good afternoon.  All right,
22   gentlemen.  I had a chance to read your submission.
23        MR. HORWITZ:  Your Honor?
24        THE COURT:  Yes.
25        MR. HORWITZ:  So just so you know, the Samsung
```

**4**

```
 1   team is on the phone as well.
 2        THE COURT:  Oh, I apologize.
 3        MR. HORWITZ:  That's okay.  It's Rich Horwitz
 4   from Potter Anderson and Neil Sirota and Mike Barta from
 5   Baker Botts are on as well.
 6        THE COURT:  I am assuming, Neil, you are not
 7   going to be making any arguments at this time; is that
 8   correct?
 9        MR. SIROTA:  We have no intention of it at this
10   point.
11        THE COURT:  Okay.  Counsel, I had a chance to
12   review the submission so I don't need any further argument
13   on either side.  I even reviewed the cases that I received
14   today from L.G.Philips.  I have some limited questions.
15   When was the motion to dismiss for lack of personal
16   jurisdiction filed?
17        MR. ROVNER:  Your Honor, Chi Mei filed its
18   motion on April 6th.
19        THE COURT:  Was a scheduling order entered as
20   far as when it was going to be due for the answering brief?
21        MR. ROVNER:  Well, Your Honor, we had a briefing
22   scheduled that Philips asked to be amended.  They wanted 30
23   extra days, and that's why the response was due at the end
24   of May.
25        THE COURT:  Okay.  So that would have been May
```

**5**

```
 1   22nd or so?
 2        MR. ROVNER:  Yes.
 3        MR. KIRK:  It is, Your Honor.
 4        THE COURT:  Have you filed anything with Judge
 5   Farnan at all about delaying briefing on this so that you
 6   can take the appropriate discovery in the L.G.Philips, LPL
 7   matter?
 8        MR. KIRK:  We have not yet, Your Honor.
 9        THE COURT:  Why not?
10        MR. KIRK:  I think the thought, Your Honor, was
11   to wait and see what relief we could get first in this case.
12        THE COURT:  So you filed nothing with Judge
13   Farnan to tell him that the issue of CMO's personal
14   jurisdiction argument had already been, some discovery had
15   already been taken on, at least discovery through 2003, I
16   guess, right?
17        MR. BONO:  Your Honor, this is Gap Bono.
18        THE COURT:  Yes.
19        MR. BONO:  The discovery in that CEA case, the
20   jurisdictional discovery was produced by CMO in April of
21   2005.
22        THE COURT:  But how far out did it go to, Gap?
23        MR. ROVNER:  Until 2005.
24        THE COURT:  Okay.  Well, my ruling is as
25   follows:
```

SHEET 3

6

1   First of all, I don't think Pansy v Borough of
2   Stroudsburg is necessarily pertinent because it really does
3   deal with the FOIA matter and there is no FOIA interest in
4   this case.
5   Glenmede Trust Co. v Thompson is another case
6   that was dealt with at the appellate level, and the
7   circumstances of that case I don't think are necessarily
8   pertinent to this one at all.
9   And then case number three, which I think was
10  Koprowski v The Wister Institute of Anatomy and Biology, et
11  al., actually dealt with some depositions and sought, where
12  he is bringing a liable action subsequent to settlement of
13  the case in which no protective order or confidentiality
14  agreements were in place until after the settlement, that
15  is, there was no confidentiality expected at the time the
16  discovery was being taken.
17  Go back to Judge Farnan and tell him that this
18  discovery is out there, enter into a protective order with
19  CMO so that the information can be exchanged appropriately
20  in the L.G.Philips case.  This should not have been brought
21  up to me in this case.  It should have been explored first
22  because those issues, the issue of personal jurisdiction has
23  been raised in the L.G.Philips case.  It is a matter that,
24  quite frankly, should have been brought to Judge Farnan's
25  attention first or in conjunction with mine, just in case,

7

1   to find out whether or not he would give you additional time
2   to take the appropriate discovery on personal jurisdiction.
3   But I am not going to modify a stipulated protective order
4   by a nonparty because I don't think it's necessary.  I think
5   you had other avenues to explore before you came to me.  And
6   that's my ruling.
7   MR. ROVNER:  Thank you, Your Honor.
8   THE COURT:  Thank you, counsel.  Take care.
9   (The attorneys respond, "Thank you, Your
10  Honor.")
11  (Telephone conference ends at 4:13 p.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**0**

03-484 [1] - 1:9

**2**

2003 [1] - 5:15
2005 [2] - 5:21, 5:23
2007 [1] - 5:14
22nd [1] - 5:1

**3**

30 [1] - 4:22

**4**

4:07 [2] - 1:12, 3:4
4:13 [1] - 7:11

**6**

6th [1] - 4:18

**7**

7 [1] - 1:12

**A**

A-D-A-M-O [1] - 3:19
ACTION [1] - 1:3
action [1] - 6:12
ADAMO [2] - 2:16, 3:19
Adamo [2] - 3:16, 3:19
additional [1] - 7:1
afternoon [4] - 3:5, 3:7, 3:20, 3:21
agreements [1] - 6:14
al [1] - 6:11
Aldridge [1] - 3:12
ALDRIDGE [1] - 1:20
amended [1] - 4:22
America [1] - 2:11
AMERICA [1] - 1:7
Anatomy [1] - 6:10
AND [1] - 1:2
Anderson [2] - 3:16, 4:4
ANDERSON [2] - 2:2, 2:13
answering [1] - 4:20

apologize [1] - 4:2
APPEARANCES [2] - 1:16, 2:1
appellate [1] - 6:6
appropriate [2] - 5:6, 7:2
appropriately [1] - 6:19
April [2] - 4:18, 5:20
argument [2] - 4:12, 5:14
arguments [1] - 4:7
assuming [1] - 4:6
ATOMIQUE [1] - 1:4
attention [1] - 6:25
attorneys [1] - 7:9
avenues [1] - 7:5

**B**

Baker [1] - 4:5
BAKER [2] - 2:5, 2:8
Barta [1] - 4:4
BARTA [1] - 2:8
BAYARD [1] - 1:17
Bayard [1] - 3:11
BEFORE [1] - 1:14
beginning [1] - 3:4
behalf [1] - 3:8
Biology [1] - 6:10
BONO [3] - 1:20, 5:17, 5:19
Bono [2] - 3:12, 5:17
Borough [1] - 6:1
BOTTS [2] - 2:5, 2:8
Botts [1] - 4:5
Brian [1] - 1:24
brief [1] - 4:20
briefing [2] - 4:21, 5:5
bringing [1] - 6:12
brought [2] - 6:20, 6:24
BY [7] - 1:18, 1:20, 2:3, 2:5, 2:8, 2:14, 2:16

**C**

Canada [1] - 2:11
CANADA [1] - 1:8
care [1] - 7:8
case [11] - 5:11, 5:19, 6:4, 6:5, 6:7, 6:9, 6:13, 6:20, 6:21, 6:23, 6:25
cases [1] - 4:13
CEA [1] - 5:19
chambers [1] - 3:4

chance [2] - 3:22, 4:11
Chi [2] - 2:18, 4:17
circumstances [1] - 6:7
CIVIL [1] - 1:3
Cleveland [1] - 2:17
CMO [3] - 3:14, 5:20, 6:18
CMO's [1] - 5:13
Co [3] - 1:22, 2:10, 6:5
CO [1] - 1:7
colleague [1] - 3:11
Columbia [1] - 1:21, 2:9
COMMISSARIAT [1] - 1:3
conference [2] - 3:4, 7:11
CONFERENCE [1] - 1:12
confidentiality [2] - 6:13, 6:15
conjunction [1] - 6:25
Continued [1] - 2:1
Corporation [1] - 2:18
correct [1] - 4:8
CORROON [2] - 2:2, 2:13
Counsel [4] - 1:22, 2:10, 2:18, 4:11
counsel [1] - 7:8
COURT [19] - 1:1, 3:5, 3:8, 3:13, 3:18, 3:21, 3:24, 4:2, 4:6, 4:11, 4:19, 4:25, 5:4, 5:9, 5:12, 5:18, 5:22, 5:24, 7:8

**D**

DAY [1] - 2:16
days [1] - 4:23
deal [1] - 6:3
dealt [2] - 6:6, 6:11
Defendant [1] - 2:18
Defendants [2] - 1:9, 2:10
DELAWARE [1] - 1:2
Delaware [1] - 1:11
delaying [1] - 5:5
depositions [1] - 4:23
discovery [8] - 5:6, 5:14, 5:15, 5:19, 5:20, 6:16, 6:18, 7:2
dismiss [1] - 4:15
DISTRICT [2] - 1:1, 1:2
District [2] - 1:21, 2:9
due [2] - 4:20, 4:23

**E**

either [1] - 4:13
Electronics [4] - 2:10, 2:11, 2:11, 2:12
ELECTRONICS [4] - 1:7, 1:7, 1:8, 1:8
end [1] - 4:23
ends [1] - 7:11
enter [1] - 6:18
entered [1] - 4:19
ESQ [7] - 1:18, 1:20, 2:3, 2:5, 2:8, 2:14, 2:16
et [1] - 6:10
exchanged [1] - 6:19
expected [1] - 6:15
explore [1] - 7:5
explored [1] - 6:21
extra [1] - 4:23

**F**

far [2] - 4:20, 5:22
Farnan [3] - 5:5, 5:13, 6:17
Farnan's [1] - 6:24
filed [4] - 4:16, 4:17, 5:4, 5:12
Firm [3] - 3:11
FIRM [1] - 1:17
first [3] - 5:11, 6:21, 6:25
First [1] - 6:1
FOIA [1] - 6:3
following [1] - 3:3
follows [1] - 5:25
FOR [1] - 1:2
frankly [1] - 6:24

**G**

Gaffigan [1] - 1:24
Gap [3] - 3:12, 5:17, 5:22
GASPARE [1] - 1:20
gentlemen [1] - 3:22
Glenmede [1] - 6:5
guess [1] - 5:16

**H**

held [1] - 3:4
Honor [13] - 3:7, 3:10, 3:15, 3:19, 3:23, 4:17, 4:21, 5:3, 5:8,

5:10, 5:17, 7:7, 7:10
HONORABLE [1] - 1:14
Horwitz [1] - 4:3
HORWITZ [4] - 2:3, 3:23, 3:25, 4:3

**I**

IN [2] - 1:1, 1:2
Inc [3] - 2:11, 2:11, 2:12
INC [3] - 1:7, 1:8, 1:8
information [1] - 6:19
Institute [1] - 6:10
intention [1] - 4:9
interest [1] - 6:3
issue [2] - 5:13, 6:22
issues [1] - 6:22

**J**

JONES [1] - 2:16
Jones [1] - 3:17
Judge [5] - 3:5, 5:4, 5:12, 6:17, 6:24
JUDGE [1] - 1:14
jurisdiction [4] - 4:16, 5:14, 6:22, 7:2
jurisdictional [1] - 5:20

**K**

Ken [2] - 3:16, 3:18
KENNETH [1] - 2:16
KIRK [6] - 1:18, 3:7, 3:10, 5:3, 5:8, 5:10
Kirk [1] - 3:10
Koprowski [1] - 6:10

**L**

L'ENERGIE [1] - 1:3
L.G.Philips [6] - 1:22, 2:9, 4:14, 5:6, 6:20, 6:23
L.L.P [2] - 2:5, 2:8
lack [1] - 4:15
LCD [1] - 1:22
least [1] - 5:15
level [1] - 6:6
liable [1] - 6:12
limited [1] - 4:14
line [4] - 3:8, 3:11, 3:13, 3:16

LLP [3] - 1:20, 2:2, 2:13
LONG [1] - 1:20
LPL [1] - 5:6
Ltd [2] - 1:22, 2:10
LTD [1] - 1:7

**M**

MAGISTRATE [1] - 1:14
MARY [1] - 1:14
matter [3] - 5:7, 6:3, 6:23
McKenna [1] - 3:12
MCKENNA [1] - 1:20
Mei [2] - 2:18, 4:17
Merit [1] - 1:25
MICHAEL [1] - 2:8
Mike [1] - 4:4
mine [1] - 6:25
modify [1] - 7:3
Monday [1] - 1:12
motion [2] - 4:15, 4:18
MPT [1] - 1:9
MR [18] - 3:7, 3:10, 3:15, 3:19, 3:23, 3:25, 4:3, 4:9, 4:17, 4:21, 5:2, 5:3, 5:8, 5:10, 5:17, 5:19, 5:23, 7:7

**N**

necessarily [2] - 6:2, 6:7
necessary [1] - 7:4
need [1] - 4:12
NEIL [1] - 2:5
Neil [2] - 4:4, 4:6
New [2] - 2:6
NO [1] - 1:9
nonparty [1] - 7:4
NonParty [1] - 1:22
NOTE [1] - 3:3
nothing [1] - 5:12
number [1] - 6:9

**O**

OF [1] - 1:2
Ohio [1] - 2:17
one [1] - 6:8
oOo [1] - 3:1
Optoelectronics [1] - 2:18
order [4] - 4:19, 6:13,

6:18, 7:3

**P**

p.m [3] - 1:12, 3:4, 7:11
Pansy [1] - 6:1
PAT [1] - 1:14
personal [4] - 4:15, 5:13, 6:22, 7:2
pertinent [2] - 6:2, 6:8
Phil [1] - 3:15
PHILIP [1] - 2:14
Philips [2] - 3:9, 4:22
phone [1] - 4:1
place [1] - 6:14
Plaintiff [1] - 1:5
point [1] - 4:10
POTTER [2] - 2:2, 2:13
Potter [2] - 3:16, 4:4
produced [1] - 5:20
protective [3] - 6:13, 6:18, 7:3

**Q**

questions [1] - 4:14
quite [1] - 6:24

**R**

raised [1] - 6:23
read [1] - 3:22
really [1] - 6:2
received [1] - 4:13
Registered [1] - 1:25
relief [1] - 5:11
Reporter [1] - 1:25
REPORTER'S [1] - 3:3
respond [1] - 7:9
response [1] - 4:23
review [1] - 4:12
reviewed [1] - 4:13
Rich [1] - 4:3
Richard [1] - 3:10
RICHARD [2] - 1:18, 2:3
Rovner [1] - 3:15
ROVNER [7] - 2:14, 3:15, 4:17, 4:21, 5:2, 5:23, 7:7
ruling [2] - 5:24, 7:6

**S**

SAMSUNG [4] - 1:7,

1:7, 1:8, 1:8
Samsung [5] - 2:10, 2:10, 2:11, 2:12, 3:25
scheduled [1] - 4:22
scheduling [1] - 4:19
see [1] - 5:11
settlement [2] - 6:12, 6:14
side [1] - 4:13
SIROTA [2] - 2:5, 4:9
Sirota [1] - 4:4
sought [1] - 6:11
STATES [1] - 1:1
stipulated [1] - 7:3
Stroudsburg [1] - 6:2
submission [2] - 3:22, 4:12
subsequent [1] - 6:12

**T**

team [1] - 4:1
Telephone [1] - 7:11
TELEPHONE [1] - 1:12
telephone [1] - 3:3
THE [21] - 1:1, 1:2, 1:17, 3:5, 3:8, 3:13, 3:18, 3:21, 3:24, 4:2, 4:6, 4:11, 4:19, 4:25, 5:4, 5:9, 5:12, 5:18, 5:22, 5:24, 7:8
Thompson [1] - 6:5
three [1] - 6:9
THYNGE [1] - 1:14
Thynge [1] - 3:6
today [1] - 4:14
Trust [1] - 6:5

**U**

U.S [1] - 1:14
UNITED [1] - 1:1
up [1] - 6:21

**W**

wait [1] - 5:11
Washington [3] - 1:21, 2:9, 3:12
Wilmington [1] - 1:11
Wister [1] - 6:10

**Y**

York [2] - 2:6

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMMISSARIAT À L'ENERGIE ATOMIQUE, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., FUJITSU DISPLAY TECHNOLOGIES CORP., SHARP CORPORATION, AU OPTRONICS CORPORATION and CHI MEI OPTOELECTRONICS CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **CONSOLIDATED CASES** <br><br> Civil Action No. 03-484 (MPT) |

ANSWERING BRIEF OF CHI MEI OPTOELECTRONICS CORPORATION
IN OPPOSITION TO NON-PARTY LG.PHILIPS LCD CO., LTD.'S
MOTION TO MODIFY STIPULATED PROTECTIVE ORDER

OF COUNSEL:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
(216) 586-3939

Dated:  May 1, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant*
*Chi Mei Optoelectronics Corporation*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF NATURE OF THE PROCEEDINGS ............................................. 1

SUMMARY ....................................................................................................... 1

BACKGROUND AND STATEMENT OF FACTS ..................................................... 3

ARGUMENT ..................................................................................................... 5

    I.      LPL HAS NOT MET ITS HEAVY BURDEN OF
             DEMONSTRATING THAT THERE IS GOOD CAUSE FOR
             MODIFICATION OF THE PROTECTIVE ORDER (D.I. 265) ............ 5

    II.     THERE IS NO PUBLIC INTEREST IN MODIFYING THE
             PROTECTIVE ORDER. ......................................................... 8

    III.    MODIFYING THE PROTECTIVE ORDER WOULD NOT
             MINIMIZE BURDEN OR PROMOTE JUDICIAL ECONOMY. ....... 10

    IV.    LPL SHOULD NOT BENEFIT FROM ITS COUNSEL'S
             APPARENT BREACH OF THE PROTECTIVE ORDER.................. 11

CONCLUSION.................................................................................................. 13

i

# TABLE OF AUTHORITIES

Page

## CASES

*American Telephone and Telegraph Company v. Grady,*
　　594 F.2d 594 (7th Cir. 1978) ...............................................................6

*Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.,*
　　No. 95 CIV. 8833, 1999 U.S. Dist. LEXIS 1529 (S.D.N.Y. Feb. 11,
　　1999) ...................................................................................................6

*City of Hartford v. Chase,*
　　733 F. Supp. 533 (D.Conn. 1990) .......................................................9

*Damiano v. Sony Music Entertainment, Inc.,*
　　168 F.R.D. 485 (D.N.J. 1996) .............................................................9

*Jochims v. Isuzu Motors, Ltd.,*
　　145 F.R.D. 499 (S.D. Iowa 1992) ........................................................6

*Martindale v. International Telegraph & Telegraph Corp.,*
　　594 F.2d 291 (2d Cir. 1979) ...............................................................5

*Omega Homes, Inc. v. Citicorp Acceptance Co.,*
　　656 F. Supp. 393 (W.D. Va. 1987) ......................................................7

*Pansy v. Borough of Stroudsburg,*
　　23 F.3d 772 (3d Cir. 1994) ..............................................................8, 9

*Phillips Petroleum Co. v. Rexene Products Co.,*
　　158 F.R.D. 43 (D. Del. 1994) ..............................................................5

*Richard Wolf Medical Instruments Corp. v. Dory,*
　　130 F.R.D. 389 (N.D. Ill. 1990) ..........................................................6

*S.E.C. v. TheStreet.Com,*
　　273 F.3d 222 (2d Cir. 2001) ...............................................................7

*SRS Techs., Inc. v. Physitron, Inc.,*
　　216 F.R.D. 525 (N.D. Ala. 2003) ........................................................8

*State of Florida v. Jones Chemicals,*
　　148 F.R.D. 282 (M.D. Fla. 1993) .......................................................12

*In re: Knoxville News-Sentinel Co.,*
　　723 F.2d 470 (6th Cir. 1983) ..............................................................5

ii

*Videon Chevrolet, Inc. v. General Motors Corporation,*
    1995 U.S. Dist. LEXIS 9374 (E.D.Pa. 1995), *aff'd*, 1996 U.S.App.
    LEXIS 15009 (3d Cir. 1996) ........................................................................11, 12

## DOCKETED CASES

*LG.Philips LCD Co., Ltd., v. Chi Mei Optoelectronics Corporation et al.,*
    D. Del., Civil Action No. 06-726 (JJF).................................................................1

## STATUTES AND RULES

10 Del. C. § 3104 ........................................................................................................3

Fed. R. Civ. P. 26.......................................................................................................6

Fed. R. Civ. P. 26(c) ..................................................................................................5

## STATEMENT OF NATURE OF THE PROCEEDINGS

Defendant Chi Mei Optoelectronics Corp. ("CMO") is no longer a party in this action, having been dismissed on February 14, 2007.  Movant LG.Philips LCD Co., Ltd.'s ("LPL") has never been a party to this action.  However, Movant's law firms also represent the plaintiff in this case.  They seek to transfer confidential information from this case to an unrelated case to benefit an unrelated client.  That case is styled *LG.Philips LCD Co., Ltd., v. Chi Mei Optoelectronics Corporation et al.*, C.A. No. 06-726 (JJF) pending before Judge Farnan.  CMO opposes this effort to impose a protective order from this case into the LPL lawsuit, in lieu of seeking a protective order before Judge Farnan and taking discovery in that case.

LPL's styling of its motion as seeking to modify a "Stipulated Protective Order" is misleading as to CMO.  CMO never stipulated to entry of the "Stipulated Protective Order" to which LPL seeks modification (D.I. 265).  CMO had stipulated to a different protective order (D.I. 215), well after other parties in this action had stipulated to a broader protective order (D.I. 265).  CMO objects to a non-party in this action attempting to impose a protective order from this case, to which CMO never agreed, for use in another proceeding.

## SUMMARY

1.    No good cause exists to modify the Protective Order (D.I. 265).  First, there is no need to resolve this Motion on an emergency basis.  LPL's motion paper states that LPL intends to move for jurisdictional discovery in the action pending before Judge Farnan (even if this motion were granted).  The modification of the Protective Order would not obviate the need for LPL to take jurisdictional discovery.  As part of

that request, it is believed that LPL will seek the production of at least some of the documents previously produced in this case, as well as similar documents in CMO's possession, custody or control from the last two years. Because CMO would have to produce documents relative to jurisdictional discovery in any event, CMO would not be spared the burden of searching for and producing such information if LPL's Motion were granted.

      2.     CMO never entered into the Protective Order (D.I. 265) that LPL seeks to modify. That order does not prevent the disclosure of CMO's confidential information to its numerous competitors. The Protective Order (D.I. 215) that CMO entered into with Commissariat à L'Energie Atomique ("CEA") (who is not a competitor with CMO) prevented the disclosure of CMO's confidential and proprietary business information to many of its competitors. Hence, modifying the Protective Order (D.I. 265), as requested by LPL, would not only force CMO to enter into a protective order that it opted not to enter, but also would provide CMO's competitor, LPL, with access to CMO's confidential and proprietary business information, including highly confidential financial and sales information. Providing LPL with such access plainly would put CMO at a competitive disadvantage in the highly competitive market for liquid crystal displays.

      3.     Judicial economy would not be enhanced if the Protective Order in this case were modified. Indeed, if the Protective Order were modified as requested by LPL, it is unclear whether this Court or Judge Farnan would be required to resolve any disputes that develop relative to the production of CMO's confidential information. In contrast, Judge Farnan would clearly control any disputes that would arise relative to any protective order that ultimately might be entered in the action pending before him.

Judicial economy and certainty are achieved by having confidential information used in Judge Farnan's case to be supervised by Judge Farnan.

    4.    LPL could not even have known about the existence or the purported significance of documents in the possession of CEA's counsel, The Bayard Firm and McKenna Long & Aldridge, LLP (both of which represent LPL in the other action against CMO), except by reason of these law firms having obtained these materials for another client in this case. Such use of confidential information to benefit a non-party client appears to breach the Protective Order and reward LPL for retaining counsel that had access to the confidential information in this case.

## BACKGROUND AND STATEMENT OF FACTS

    On December 1, 2006, LPL, a competitor of CMO, filed an action against CMO and others, claiming infringement of three of patents relating to liquid crystal display modules. Two months later, on February 15, 2007, LPL improperly attempted to serve CMO with process by delivering a copy of the Summons and Complaint for Patent Infringement and Demand for Trial by Jury to the Delaware Secretary of State in accordance with the provisions of the Delaware long-arm statute, 10 Del. C. § 3104. Thereafter, on February 16, 2007, LPL's counsel purported to give notice of the claimed service by mailing a copy of a notice letter along with copies of the Summons and Complaint to CMO's offices in Sinshih Township, Tainan County, Taiwan, by registered mail, return receipt requested. Subsequently, on April 6, 2007, CMO moved to dismiss LPL's Complaint against it on the grounds of lack of personal jurisdiction and insufficiency of service of process.

Then, on April 17, 2007, LPL, a non-party in this case, moved this Court to modify the Protective Order (D.I. 265) (attached as Exhibit 1 to Declaration of Arthur P. Licygiewicz) in this action to permit LPL to have access to CMO's confidential and proprietary business information. In so moving the Court, LPL claimed that this motion was made on an emergency basis because it needed "time to review the discovery and incorporate it into LPL's opposition to CMO's motion to dismiss, which is due on May 22." At the same time, however, LPL stated that it "intends to move for jurisdictional discovery in response to CMO's Motion to Dismiss," thereby dispelling any notion of an emergency. (Motion at 4).

The Protective Order that LPL seeks to modify (D.I. 265) itself limits the use and disclosure of designated information. The order provides that:

> Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the parties or order of the Court. No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other Purpose.

(D.I. 265, ¶ 3.1). The order further provides that:

> The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purpose specified herein, and (b) disclosed only to authorized persons.

(D.I. 265, ¶ 3.3).

CMO, however, never agreed to entry of the Protective Order (D.I. 265). Instead, CMO stipulated to the entry of an earlier version of the protective order (D.I.

-4-

215) (attached as Exhibit 2 to Declaration of Arthur P. Licygiewicz) that limited the persons to whom CMO's confidential information could be provided. Indeed, CMO agreed to the more restrictive protective order (D.I. 215) after the newer protective order (D.I. 265) had been entered. Under that protective order, CMO was not required to disclose its confidential information to competitors such as Sharp Corporation, Sharp Electronics Corporation, Tottori Sanyo's parent company, Samsung Electronics America, Inc., Fujitsu Limited and AU Optronics Corporation or AU Optronics Corporation America (both of whom are defendants in the action pending before Judge Farnan). (*Cf.* D.I. 265, ¶ 4.1; D.I. 215, ¶ 4.1). All of these competitors, as well as non-party competitor LPL, would have access to CMO's confidential and proprietary business information under the Protective Order (D.I. 265) under LPL's proposed amendment.

## ARGUMENT

I.    **LPL HAS NOT MET ITS HEAVY BURDEN OF DEMONSTRATING THAT THERE IS GOOD CAUSE FOR MODIFICATION OF THE PROTECTIVE ORDER (D.I. 265).**

No good cause exists to modify the Protective Order (D.I. 265). LPL bears the burden of demonstrating that the protective order should be modified. *Phillips Petroleum Co. v. Rexene Prods. Co.,* 158 F.R.D. 43, 46 (D. Del. 1994). In order to obtain relief LPL must show "extraordinary circumstances" or a "compelling need" warranting modification of the order. *See In re: Knoxville News-Sentinel Co.,* 723 F.2d 470, 478 (6th Cir. 1983); *S.E.C. v. TheStreet.Com,* 273 F.3d 222 (2d Cir. 2001), citing *Martindell v. Int'l Tel. & Tel. Corp.,* 594 F.2d 291, 296 (2d Cir. 1979) ("Where there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under Rule 26(c) 'absent a showing of improvidence in the

grant of [the] order or some extraordinary circumstance or compelling need.'") LPL

has made no such showing. Thus, LPL's Motion should be denied.

Courts view efforts to modify the terms of a protective order with skepticism.

Indeed, LPL "has not shown any need for the materials in question beyond the usual

desire of a litigant for material that could be useful to it" in other cases. *Richard Wolf*

*Medical Instruments Corp. v. Dory*, 130 F.R.D. 389, 392 (N.D. Ill. 1990). As the court

aptly noted, "[i]f that is the extraordinary showing that would allow disclosure in the

face of a protective order such as entered in this case, no litigant can safely rely on a

protective order." *Richard Wolf Medical Instruments Corp.* 130 F.R.D. at 392, quoting

*American Tel. & Tel. Co. v. Grady*, 594 F.2d 594 (7th Cir. 1978).

In denying a motion to modify the protective order, the court in *Richard Wolf*

*Medical Instruments Corp.* observed that "generally a litigant should be able to 'take the

scope delineated by a protective order 'literally.'" *Id.* at 392. Similarly, other courts

also have expressed concern about permitting parties to amend carefully-negotiated

provisions of protective orders:

> To permit Jochims to conduct discovery under one set of
> rules and then have the court abrogate those rules after
> Jochims has achieved his desired result would be to
> countenance discovery by ambush. . . . The obvious effect
> of such an approach to discovery would be to place a chill
> upon future stipulated confidentiality agreements. This in
> turn would likely impede the processing of cases as the
> courts are called upon to rule upon countless motions
> under Rule 26.

*Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 503 (S.D. Iowa 1992); *see also*

*Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, No. 95 CIV. 8833, 1999 U.S.

Dist. LEXIS 1529, *20 (S.D.N.Y. Feb. 11, 1999) (attached as Exhibit A) (if protective

orders could be easily modified, such orders "would grant little assurance to parties who desire to place mutual limitations on the conduct of their litigation"); *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001) ("It is, moreover, presumptively unfair for courts to modify protective order which assure confidentiality and upon which the parties have reasonably relied. . . . We have been hesitant, therefore, to permit modifications of protective orders in part because such modifications unfairly disturb the legitimate expectations of litigants.")

In rejecting a request like LPL's to modify a stipulated protective order to permit disclosure of information for use in other litigation, one court explained that

> [the parties] fairly agreed to the protective order, apparently through negotiations by their sophisticated and well informed counsel. Throughout discovery [defendant] relied on that mutual understanding that the information it was disclosing was to be used solely for preparing this case. In effect, [plaintiff] is asking the court to rewrite the terms of the stipulated order and to apply them retroactively. The court refuses to endorse [plaintiff's] tactic of inducing broad disclosure under a set of ground rules and of then avoiding any limitations on itself by asking the court to come in and change those rules.

*Omega Homes, Inc. v. Citicorp Acceptance Co.*, 656 F. Supp. 393, 404 (W.D. Va. 1987). The *Omega Homes* court rejected the arguments LPL makes here -- that disclosure would save time and expense and that any prejudice could be avoided.

Critically, LPL has not demonstrated that there are any extraordinary circumstances or compelling needs to justify the modification of the protective order and consequently expose CMO to competitive harm. Contrary to LPL's suggestion, personal jurisdiction is at issue in Judge Farnan's case, as in this case, but the facts are different. In this case, CEA was required to prove personal jurisdiction as of May 2003.

In Judge Farnan's case, LPL must show personal jurisdiction as of December 2006. This different factual setting apparently drives LPL in any event to seek additional discovery on jurisdiction.   Indeed, LPL has already evidenced its intent to seek jurisdictional discovery in that case and presumably can obtain all relevant discovery at that time.   At this time, there is no need, much less a compelling need, to modify the Protective Order (D.I. 265).

In contrast, CMO's interest in protecting the confidentiality of its sensitive business information is paramount and warrants not modifying the protective order.  *See SRS Techs., Inc. v. Physitron, Inc.*, 216 F.R.D. 525, 531 (N.D. Ala. 2003) (denying motion to modify protective order when "reliance of the Defendants on the protections afforded by the confidentiality order and the need for the 'lubricating effects' of the protective order outweigh Plaintiff's interest in avoiding duplicative discovery in a possible future civil case.")

## II.    THERE IS NO PUBLIC INTEREST IN MODIFYING THE PROTECTIVE ORDER.

The courts have further ruled that parties seeking to modify a protective order show a public interest in doing so.   LPL fails to articulate any public interest for modifying the Protective Order.   In *Pansy v. Borough of Stroudsburg*, the court expressly recognized the hurdle that must be overcome in modifying a protective order when little or no public interest is implicated.   The Court stated:

> [I]f a case involves private litigants, and concerns matters
> of little legitimate public interest, that should be a factor
> weighing in favor of granting or maintaining an order of
> confidentiality.

23 F.3d 772, 788 (3d Cir. 1994). The words of the Third Circuit could not have better described the nature of the LPL action against CMO. It is a case involving private litigants with little or no public interest.

In *Damiano v. Sony Music Entertainment, Inc.*, 168 F.R.D. 485 (D.N.J. 1996), the Court, in denying a modification of a protective order, pointed to two important factors that need to be considered, namely, whether the information sought is important to the "public's health and safety" and whether it involves any legitimate "public concern." *Id.* at 490. The Court stated:

> If the parties or issues are of a public nature, and are matters of legitimate public concern, that should be a factor weighing in favor of disclosure, *Pansy*, 23 F.3d at 788. On the other hand, '[w]here the parties are private, the right to rely on confidentiality in their dealings is more compelling than where a government agency is involved[.]' *City of Hartford v. Chase*, 733 F. Supp. 533, 536, n.5 (D.Conn. 1990), *rev'd on other grounds*, 942 F.2d 130 (2d Cir. 1991).

*Id.* at 491.

The information sought by LPL does not affect the "public's health and safety" or involve any legitimate "public concern." Rather, it involves the confidential and proprietary business information of private litigants. Granting LPL's motion would fundamentally change the critical protections afforded CMO's confidential information under the Protective Order (D.I. 215) that it agreed to. The protective order that CMO agreed to (D.I. 215) did not provide for the disclosure of its confidential information to competitors such as Sharp Corporation, Sharp Electronics Corporation, Tottori Sanyo's parent company, Samsung Electronics America, Inc., Fujitsu Limited and AU Optronics Corporation or AU Optronics Corporation America (both of which are defendants in the action pending before Judge Farnan). (*Cf.* D.I. 215, ¶ 4.1; D.I. 265, ¶ 4.1). The

Protective Order (D.I. 265) that LPL seeks to modify, which was not agreed to by CMO, does provide for such disclosure.

Amending the protective order as requested by LPL essentially compels CMO retroactively to agree to a Protective Order (D.I. 265) that it previously decided not to enter. In addition, it would provide LPL, a competitor of CMO, with access to CMO's confidential and proprietary business information, including highly confidential financial and sales information, and could put CMO at a competitive disadvantage in the highly competitive market for liquid crystal displays. Consequently, LPL's Motion should be denied.

## III.   MODIFYING THE PROTECTIVE ORDER WOULD NOT MINIMIZE BURDEN OR PROMOTE JUDICIAL ECONOMY.

Contrary to LPL's contention, the burden on the parties would not be minimized and judicial economy would not be enhanced by modifying the Protective Order (D.I. 265). Even if the protective order is modified, LPL has represented that it still intends to move for jurisdictional discovery in the action pending before Judge Farnan. As part of that request, LPL has announced its intent to take jurisdictional discovery in which it may seek the production of at least some of the documents previously produced in this case, as well as similar documents in CMO's possession, custody or control from the last two years. Thus, even if the Protective Order (D.I. 265) was modified, CMO would have to produce documents relative to jurisdictional discovery. CMO would not be spared the burden of searching for and producing such information.

In addition, if the Protective Order (D.I. 265) is modified as requested by LPL, both this Court and Judge Farnan likely would be required to devote judicial resources to resolving any disputes that develop relative to the production of CMO's confidential

and proprietary business information. Judge Farnan would preside over any disputes that would arise relative to any protective order that ultimately might be entered in the action pending before him. This Court would have to resolve any disputes relative to the production of information resulting from the modification of the Protective Order (D.I. 265). In essence, this Court would have the added burden of managing discovery disputes in a matter in which it is not involved, a matter which is not proper for this Court to address. On the other hand, if this Court denied LPL's motion, Judge Farnan could manage all protective order issues in LPL's case.

## IV.    LPL SHOULD NOT BENEFIT FROM ITS COUNSEL'S APPARENT BREACH OF THE PROTECTIVE ORDER.

LPL could not even have known about the existence of documents in the possession of CEA or their potential use in LPL's case but for the suggestion of The Bayard Firm and McKenna Long & Aldridge, LLP (both of which represent LPL in the action pending before Judge Farnan). Their proposal to LPL to use their knowledge to seek modification of the Protective Order appears already to violate the Protective Order by using their knowledge to benefit another client. This Court should not condone such actions and reward LPL for retaining counsel that engages in them.

The court's decision in *Videon Chevrolet, Inc. v. General Motors Corp.*, 1995 U.S. Dist. LEXIS 9374 (E.D.Pa. 1995), *aff'd*, 1996 U.S.App. LEXIS 15009 (3d Cir. 1996) (attached as Exhibit B), is instructive. In *Videon Chevrolet, Inc.*, an attorney for a party holding discovery documents covered by a protective order, having been retained by other litigants, sought to be relieved of the terms of the protective order in order to use documents from the previous litigation in subsequent litigation against Chevrolet. The Court, in denying the application of the intervenors, noted first that:

-11-

> ... both Videon and GM clearly and specifically
> stipulated to the content of the Protective Order and
> agreed that there was good cause for the entry of such an
> order. Thus, both parties recognized the need to protect
> the sensitive nature of the discovery material.

*Id.* at 9.   Second, the Court noted that the counsel that had previously represented

Videon and the intervenors who were seeking the benefit of discovery in the earlier case:

> [S]hould not be permitted to benefit from ... clear
> violation of the stipulation and Protective Order.

*Id.* at 11.   *See also, State of Florida v. Jones Chems.*, 148 F.R.D. 282, 287-88 (M.D. Fla.

1993).

    While no suggestion is raised here that improper disclosure has already occurred,

the Protective Order prohibits any other use of CMO's confidential information outside

this case.   Planning strategy for a second client is an improper use.   LPL should not be

permitted to benefit from its counsel's apparent misuse of information produced by

CMO in this case.   LPL's Motion should be denied.

-12-

### CONCLUSION

For at least the foregoing reasons, Non-Party LG.Philips LCD Co., Ltd.'s

Motion to Modify Stipulated Protective Order should be denied.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
(216) 586-3939

Dated:  May 1, 2007

By: _____
     Philip A. Rovner (#3215)
     Hercules Plaza
     P. O. Box 951
     Wilmington, DE  19899
     (302) 984-6000
     provner@potteranderson.com

*Attorneys for Defendant*
*Chi Mei Optoelectronics Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 1, 2007, the within document was

filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to

the following; that the document was served on the following counsel as indicated; and that the

document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Richard E. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com


William J. Marsden, Esq.
Fish & Richardson P.C.
919 North Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114
marsden@fr.com

**BY HAND DELIVERY AND E-MAIL**

Richard L. Horwitz, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com

I hereby certify that on May 1, 2007 I have sent the foregoing document by E-

mail and Federal Express to the following non-registered participants:

Gaspare J. Bono, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com

Neil Sirota, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112
Neil.sirota@bakerbotts.com

Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com