UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION, et al. <br><br> Defendants. | Civil Action No. 06-726 (JJF) |

### DECLARATION OF GASPARE J. BONO, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS AND SANCTIONS PURSUANT TO 28 U.S.C. § 1927

I, Gaspare J. Bono, Esq. declare under penalty of perjury as follows:

1. I am a partner with the law firm of McKenna Long & Aldridge LLP. I have personal knowledge of the facts stated in this declaration, and if called as a witness, could competently testify to them. I make this declaration in support of Plaintiff's Motion for Rule 11 Sanctions and Sanctions Pursuant to 28 U.S.C. § 1927.

2. Attached as Exhibit 1 is a true and correct copy of the April 20, 2005 Stipulation and Order entered in *Commissariat à l'Energie Atomique v. Chi Mei Optoelectronics Corp., et al.*, Case No. 03-484, which is D.I. 375 in that case.

3. Attached as Exhibit 2 is a true and correct copy of my May 10, 2007 letter to Kenneth Adamo, Esq.

4. Attached as Exhibit 3 is a true and correct copy of Robert Kahrl, Esq.'s May 14, 2007 letter to me.

5.  Attached as Exhibit 4 is a true and correct copy of my May 16, 2007 letter to Robert Kahrl, Esq.

6.  Attached as Exhibit 5 is a true and correct copy of my May 24, 2007 letter to Robert Kahrl, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of May, 2007.

_____
Gaspare J. Bono

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 19, 2007, she served the foregoing documents by email and by hand upon the following counsel:

Edmond D. Johnson
Thomas H. Kovach
Pepper Hamilton LLP
1313 Market Street, Suite 5100
PO Box 1709
Wilmington, DE 19899-1709

Karen L. Pascale
John W. Shaw
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Philip A. Rovner
Dave E. Moore
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19899-0951

William E. Manning
Jennifer M. Becnel-Guzzo
Buchanan Ingersoll & Rooney
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

The undersigned counsel further certifies that, on June 19, 2007, she served the foregoing documents by email and by U.S. Mail upon the following counsel:

John N. Zarian
Samia McCall
Matthew D. Thayne
J. Walter Sinclair
Stoel Rives LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702

Vincent K. Yip
Peter J. Wied
Jay C. Chiu
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

Bryan J. Sinclair
Karineh Khachatourian
Buchanan Ingersoll & Rooney
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

/s/ Ashley B. Stitzer, (as3891)
Ashley B. Stitzer

656846-1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMMISSARIAT À L'ENERGIE ATOMIQUE,<br><br>Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 03-484 (KAJ) |

### STIPULATION AND ORDER

IT IS HEREBY STIPULATED by the parties below, subject to the approval of the Court, that

1.    Chi Mei Optoelectronics Corporation ("CMO") hereby withdraws its Motion to Dismiss and to Quash Service of Process (D.I. 10) and its Renewed Motion to Dismiss and to Quash Service of Process (D.I. 386) and agrees that it will not contest personal jurisdiction, sufficiency of process, or sufficiency of service of process in this case. CMO reserves the right to challenge personal jurisdiction and service in any other litigation filed against CMO in this forum;

2.    Commissariat à l'Energie Atomique ("CEA") will dismiss without prejudice the complaint it filed against CMO in the United States District Court for the Northern District of California captioned, <u>Commissariat à l'Energie Atomique v. Chi Mei Optoelectronics Corporation</u>, Case No. C 03-05812 SBA;

584929v1

3.   CEA agrees that it will not seek a preliminary injunction against CMO in this action;

4.   The deadline for the Joinder of Other Parties and Amendment of Pleadings under the Court's September 23, 2004 Scheduling Order (D.I. 240) is hereby extended as between CEA and CMO only, to July 15, 2005;

5.   CMO consents to consolidation of this case with the Consolidated Cases under this same Civil Action Number against Defendants Samsung Electronics Co., Ltd., Fujitsu Display Technologies Corp., Sharp Corporation, and AU Optronics Corporation;

6.   Pursuant to paragraph 9 of the Court's Scheduling Order [D.I. 240], and subject to the Court's approval and schedule, CEA and CMO hereby request that an in person technology tutorial be held in this matter on July 25, 2005 in conjunction with the status conference already set for that date (in place of the May 18, 2005 date); and

7.   CMO consents to the filing of a Second Amended Complaint by CEA. CMO shall file its answer to the Second Amended Complaint within ten (10) business days of its filing.

| THE BAYARD FIRM | FISH & RICHARDSON P.C. |
|---|---|
| /s/ Richard D. Kirk (rk0922) | /s/ William J. Marsden, Jr. (wm2247) |
| Richard D. Kirk (rkirk@bayardfirm.com) | William J. Marsden, Jr. (marsden@fr.com) |
| 222 Delaware Avenue, Suite 900 | 919 Market Street, #1100 |
| Wilmington, DE 19899-5130 | Wilmington, DE 19899 |
| (302) 655-5000 | (302) 778-8401 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Commissariat à l'Energie Atomique | Chi Mei Optoelectronics Corporation |

SO ORDERED this ____ day of April, 2005.

_____
United States District Judge

584929v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on April 20, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

Gerard M. O'Rourke, Esq.
Larry J. Hume, Esq.
Connolly, Bove, Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

William J. Marsden, Jr., Esq.
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Robert H. Richards, III, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19801

The undersigned counsel further certifies that, on April 20, 2005, copies of the foregoing document were sent by hand to the above local counsel and by email and first class mail to the following non-registered participants:

Robert W. Adams, Esq.
Nixon & Vanderhye, PC
1100 North Glebe Road, 8th Floor
Arlington, VA 22201-4714

Karen L. Hagberg, Esq.
Sherman Kahn, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

Neil Sirota, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

574867v1

# EXHIBIT 2

| | **McKenna Long** | |
|---|---|---|
| Atlanta | **& Aldridge**LLP | San Diego |
| Denver | Attorneys at Law | San Francisco |
| Los Angeles | 1900 K Street, NW • Washington, DC 20006 | Washington, DC |
| | 202.496.7500 • Fax: 202.496.7756 | |
| Philadelphia | www.mckennalong.com | Brussels |

GASPARE J. BONO
(202) 496-7211

EMAIL ADDRESS
gbono@mckennalong.com

May 10, 2007

<u>VIA ELECTRONIC MAIL</u>

Kenneth R. Adamo, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

Re: <u>LG.Philips LCD Co., Ltd. v. Chi Mei Optoelectronics Corp., et al.,</u>
Civil Action No. 06-726 (JJF) (D. Del.)

Dear Ken:

As you know, your client, Chi Mei Optoelectronics Corporation ("CMO"), is a defendant in the referenced action pending in Delaware. In response to the complaint, CMO filed a Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process.

As you also know, in **Commissariat a l'Energie Atomique v. Samsung Electronics Co., Ltd., et al.,** Civil Action No. 03-484 (KAJ) ("the prior case"), CMO filed a similar motion to dismiss for lack of personal jurisdictional and insufficiency of service of process in that Delaware action. In response, the Court granted CMO's motion and did not initially grant jurisdictional discovery. CEA then appealed that ruling to the Court of Appeals for the Federal Circuit ("CAFC") and simultaneously filed an action against CMO in the Northern District of California alleging the same cause of action for patent infringement. During the pendency of the appeal to the CAFC, CMO answered the California complaint and did not contest personal jurisdiction in the California action.

After CMO did not contest personal jurisdiction in the California action, the CAFC vacated this Court's order dismissing CMO and remanded the Delaware case to allow CEA to conduct jurisdictional discovery. CEA then engaged in months of costly and extensive jurisdictional discovery on the subject of personal jurisdiction over CMO in Delaware. This discovery included written discovery and the production of several thousand pages of documents from CMO, as well as document production and depositions from third parties. After months of jurisdictional discovery, CMO then consented to the jurisdiction of this Court, on the day before CEA was to take the

Kenneth R. Adamo
May 10, 2007
Page 2

deposition of a CMO sales person in the United States, and before jurisdictional discovery was even completed.

In its opinion on the appeal filed by CEA in the prior case, the CAFC concluded that "CMO did not submit evidence to contradict CEA's allegation that CMO derived substantial revenue from sales of its products to Delaware. Nor did CMO submit evidence to contradict CEA's assertion that its products, as incorporated by OEM's into computer monitors, were likely to reach Delaware." It is also obvious that CMO will not be able to contradict any similar assertions LPL might present in response to the present motion. The CAFC also stated that, "[c]ontrary to the district court's holding, the evidence already presented by plaintiff is sufficient to demonstrate that CMO sells a very large volume of LCD's to companies which incorporate these displays into their final product and that these products are likely sold in Delaware in substantial quantities." In addition, the CAFC concluded that "the district court should have found CEA's showing sufficient to establish that substantial revenues could be derived by CMO from the sales of products in Delaware incorporating CMO's LCDs." Finally, the CAFC concluded that CEA went beyond the requirement for presentation of mere factual allegations of contacts with the jurisdiction by CMO, as required for jurisdictional discovery, and rather "has already made a prima facie case for CMO's use of an established distribution network that likely results in substantial sales of its products in Delaware."

In addition to the above facts that were before the Court in response to CMO's motion to dismiss the prior case, there are many additional facts separate and apart from the discovery subject to the protective order in the prior case, which will be presented to this Court to further establish personal jurisdiction against CMO. Such facts include, but are not limited to, the following:

(1)  evidence of actual sales of CMO products in Delaware from documents produced by third parties in the prior case that were not subject to any protective order in the prior case;

(2)  evidence of revenues earned by CMO from the sale of its products in Delaware, a fact supported by the CAFC decision, which concluded that CMO's Delaware revenues could be substantial, based on the allegations in the complaint, the pre-discovery evidence submitted by CEA, and CMO's failure to rebut the factual inference that devices incorporating its LCD's were sold in Delaware, and also supported by CMO's own annual reports and financial statements, showing large revenues from the U.S. as a whole;

(3)  evidence of CMO's acknowledgement that the exercise of jurisdiction by this Court would be proper, including the fact that CMO consented to

Kenneth R. Adamo
May 10, 2007
Page 3

        jurisdiction in Delaware in the prior case and did not challenge jurisdiction in the California case;

(4)    evidence of CMO's reliance on the benefits and protections of the laws of the United States, including its recent filing of a patent infringement lawsuit against LPL in Texas; and

(5)    other further evidence of CMO's contacts with Delaware found in the public record and based on our own investigation.[1]

While we believe that the public record more than establishes personal jurisdiction over CMO in Delaware as outlined in this letter, we also intend to request permission from Judge Farnan to use the discovery from the prior case, as suggested by Judge Thynge. We also intend to move in the alternative for jurisdictional discovery, and we have no doubt that such additional discovery will only serve to heighten the amount of evidence regarding CMO's contacts with Delaware.

As a result of the above facts, we fail to understand how CMO believes that a motion to dismiss is warranted or proper. Because your firm did not represent CMO in the prior case, we can only assume that you were unaware of the strong evidence of jurisdiction over CMO when you filed the motion. In any event, as you are now aware of the indisputable and uncontroverted facts that establish jurisdiction over your client in Delaware, we request that CMO withdraw its motion and enter into a stipulation regarding jurisdiction. If you fail to so agree, LPL will seek reimbursement of its costs and fees incurred in all matters related to CMO's meritless motion to dismiss. Because LPL has little time before it must respond to CMO's motion, please advise me of your position no later than close of business on May 14, 2007.

Very truly yours,

Gaspare J. Bono

cc:    Richard D. Kirk, Esq. (via e-mail)
        Philip A. Rovner, Esq. (via e-mail)

---

[1] To be clear, all such evidence cited in these paragraphs is not based on any document or information marked confidential or highly sensitive confidential pursuant to any protective order in the prior case.

# EXHIBIT 3

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190
TELEPHONE: 216-586-3939 • FACSIMILE: 216-579-0212

Direct Number: (216) 586-7177
rckahrl@jonesday.com

JP027128/1516593
987893-600001

May 14, 2007

**VIA ELECTRONIC MAIL**

Gaspare J. Bono, Esq.
McKenna Long & Aldridge
1900 K Street, NW
Washington, D.C. 20006

Re:   *LG. Philips LCD Co., Ltd. v. Chi Mei Optoelectronics Corp., et al.,*
      Civil Action No. 06-726 (JJF) (D. Del.)

Dear Mr. Bono:

    This letter responds to your letter to Mr. Adamo of May 10. I will address each of your points seriatim.

    The proceedings in which your firm represented CEA against numerous defendants including CMO were predicated upon jurisdiction existing as of May 2003. CEA never proved such jurisdiction, and CMO resolved the jurisdictional controversy with CEA by agreement. Indeed, in its answer in *CEA*, CMO specifically stated that its agreement not to contest personal jurisdiction or venue was "[p]ursuant to a compromise and settlement between CEA and CMO of certain procedural issues." Moreover, that agreement was "for purposes of the [CEA matter] only." Regardless of the agreement reached between CEA and CMO, personal jurisdiction in *this* case must exist as of December 2006. LPL is not entitled to a finding of personal jurisdiction in Delaware in December 2006 merely because CMO agreed with another company to settle a jurisdictional controversy predicated on facts in 2003.

    Although your letter quotes snippets from the Federal Circuit decision in CEA's appeal, *Commissariat A L'Energie v. Chi Mei Optoelectronics Corporation*, 395 F.3d 1315 (Fed. Cir. 2005), no mention was made of the actual holding of the court. The court did not hold that jurisdiction was established. The court held that it was unable to determine that jurisdiction existed over CMO under Justice O'Conner's theory of the stream of commerce test stated in *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987), stating that "evidence has not yet been presented that would satisfy Justice O'Conner's standard for '[a]dditional evidence of the defendant [to] indicate an intent or purpose to serve the market in the forum state . . . '", 395 F.3d at 1322. The case was remanded for CEA to attempt in discovery to show personal jurisdiction under the O'Conner test. CEA never made such a showing.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Gaspare J. Bono
May 14, 2007
Page 2

    Your letter lists five categories of purported facts that you contend "further establish" jurisdiction. If this catalog of proofs were so strong, it would seem unnecessary for you to take discovery. Indeed, LPL could itself expedite the proceedings by filing all of these proofs on May 22 when LPL's response is due. Indeed, your arguments that LPL has "many additional facts separate and apart from the discovery subject to the protective order" and "evidence of actual sales of CMO products in Delaware . . . not subject to any protective order in the prior case" suggest that LPL cannot show good cause to seek alteration of the *CEA* protective order.

    Finally, your letter does not show that LPL will be able to establish personal jurisdiction. It is lawyer argument without factual support -- too slender a reed to induce CMO to withdraw its motion.

    CMO also asserted in its motion that LPL's service of process was insufficient. Your letter does not contest this basis for dismissal. Since the facts showing insufficiency of service of process are simple and show without controversy that LPL did not comply with, among other things, the Delaware long-arm statute, dismissal could be ordered on May 22 without further proceedings.

Very truly yours,

Robert C. Kahrl

cc:    Richard D. Kirk, Esq. (via e-mail)
        Philip A. Rovner, Esq. (via e-mail)

# EXHIBIT 4

Atlanta

Denver

Los Angeles

Philadelphia

GASPARE J. BONO
(202) 496-7211

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

EMAIL ADDRESS
gbono@mckennalong.com

May 16, 2007

VIA ELECTRONIC MAIL

Robert C. Kahrl, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

   Re: <u>LG.Philips LCD Co., Ltd. v. Chi Mei Optoelectronics Corp., et al.</u>,
      Civil Action No. 06-726 (JJF) (D. Del.)

Dear Mr. Kahrl:

  I have reviewed your letter dated May 14, 2007 purporting to justify CMO's inappropriate and vexatious approach to litigation. Frankly, I do not understand how CMO can in good faith deny personal jurisdiction in Delaware in this case. This is particularly true because your letter does not dispute the facts set out in my May 10 letter that establish jurisdiction over your client in Delaware.

  CMO's lack of good faith has indeed been exacerbated as a result of its answer filed yesterday in *Anvik Corp. v. CMO and CMO USA, Inc.*, No. 07 Civ. 0821 (SCR), Southern District of New York, where CMO does <u>not</u> assert lack of personal jurisdiction as a defense, thereby consenting to personal jurisdiction in New York. Thus, the refusal of CMO here to accept jurisdiction stands in sharp contrast to its acceptance of personal jurisdiction in both California and Delaware in the earlier *CEA* case, its recent decision to rely upon U.S. law and the federal court system by filing a suit for alleged patent infringement against LG. Philips in the Eastern District of Texas, and now its conduct in the *Anvik* case.

  Moreover, CMO acknowledges in its Motion to Dismiss that it "owns stock in a subsidiary, Chi Mei Optoelectronics USA, Inc., which is a Delaware Corporation." However, CMO's statement that it "owns stock" in Chi Mei Optoelectronics USA, Inc. ("CMO USA"), attempts to downplay the extent to which CMO actually owns CMO USA. Indeed, CMO owns 100% of the shares of CMO Japan, which is nothing more than a holding company for CMO, and CMO Japan owns 100% of the shares of CMO USA. Thus, CMO USA is essentially the wholly owned subsidiary of CMO, and CMO

Robert C. Kahrl, Esq.
May 16, 2007
Page 2

USA is incorporated in Delaware. It is also apparent that CMO USA was incorporated to promote, induce, and facilitate sales of CMO's products in the United States, including in Delaware. Indeed, on CMO's website, CMO holds CMO USA out as its representative in the United States, and states that CMO USA sells electronic equipment and computer monitors.

Additionally, CMO recently entered into a joint venture with Neurok Optics, LLC, a Delaware corporation, to create iZ3D, LLC, a U.S. entity also incorporated in the State of Delaware. iZ3D develops and markets electronic products, including video monitors.

In light of the above, it is clear that CMO is targeting the entire U.S. market, including customers within the state of Delaware. Thus, it simply is not tenable for CMO to argue, as it does in its motion, that CMO has "never purposefully conducted business activities in Delaware." Therefore, because CMO refuses to withdraw its motion and enter into a stipulation regarding jurisdiction, LPL has no choice but to prepare and file its opposition to CMO's meritless motion and to seek reimbursement of its costs and fees incurred in all matters related to CMO's vexatious conduct regarding its motion to dismiss.

Very truly yours,

Gaspare J. Bono

cc: Richard D. Kirk, Esq. (via e-mail)
Philip A. Rovner, Esq. (via e-mail)

# EXHIBIT 5

Atlanta

Denver

Los Angeles

Philadelphia

GASPARE J. BONO
(202) 496-7211

# McKenna Long & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

EMAIL ADDRESS
gbono@mckennalong.com

May 24, 2007

VIA E-MAIL

Robert C. Kahrl, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

   Re:  <u>LG.Philips LCD Co., Ltd. v. Chi Mei Optoelectronics Corp., et al.</u>, Civil Action No. 06-726 (JJF) (D. Del.)

Dear Mr. Kahrl:

  I am writing to you again in connection with CMO's meritless motion to dismiss for lack of personal jurisdiction in the above captioned case.

  On May 10, I sent a letter to your firm providing you with additional information of which you may not have been aware, and asking you to withdraw your motion to dismiss because it was ill-founded.

  On May 14, you responded with a letter that did not dispute any of the facts and information presented to you, but nevertheless refused to withdraw the motion because you viewed the letter as "lawyer argument without factual support."

  On May 16, I wrote another letter to you providing you with additional information which further established personal jurisdiction over CMO in Delaware in this case. Apparently, you simply ignored that letter as I received no response from you.

  In light of your continued pursuit of this meritless motion, we were forced to file an opposition memorandum together with supporting affidavits and exhibits on May 22. Our opposition presented overwhelming and indisputable evidence, establishing without doubt personal jurisdiction over CMO in Delaware. We are now well beyond your prior assertion of "lawyer argument without factual support."

  Accordingly, I am again requesting that you withdraw CMO's motion to dismiss which has now been shown to be baseless and frivolous. Unless CMO agrees to withdraw its vexatious motion, we will have no choice but to serve a motion for sanctions on Tuesday, May 29.

Robert C. Kahrl, Esq.
May 24, 2007
Page 2

    We would, of course, like to avoid serving such a sanctions motion, but your continued vexatious conduct in pursuing this frivolous motion would place us in this position.

    I look forward to your prompt response.

Very truly yours,

Gaspare J. Bono

cc:    Richard D. Kirk, Esq. (via e-mail)
        Philip A. Rovner, Esq. (via e-mail)