IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; VIEWSONIC CORPORATION; AND CHI MEI OPTOELECTRONICS USA, INC.,<br><br>Defendants.<br><br>AU OPTRONICS CORPORATION,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD., AND LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Defendants. | Civil Action No. 1:06-cv-00726-JJF<br><br>JURY TRIAL DEMANDED<br><br><br><br><br>JURY TRIAL DEMANDED |

**LG.PHILIPS LCD CO., LTD.'S ANSWER IN RESPONSE TO AU OPTRONICS CORPORATION'S COUNTERCLAIM AGAINST PLAINTIFF LG.PHILIPS LCD CO., LTD. AND ADDITIONAL PARTY LG.PHILIPS LCD AMERICA, INC.**

Defendant LG.Philips LCD Co., Ltd. ("LPL"), by and through their undersigned counsel, hereby files its Answer in Response to the Counterclaims of AU Optronics Corporation ("AUO"), in the above titled action. A jury trial is demanded for all claims so triable.

1

**RESPONSE TO THE COUNTERCLAIM PARTIES**

1. LPL admits the allegations of paragraph 1 of the Counterclaims.

2. LPL admits the allegations of paragraph 2 of the Counterclaims.

3. LPL admits the allegations of paragraph 3 of the Counterclaims.

4. LPL denies the allegations of paragraph 4 of the Counterclaims.

**RESPONSE TO JURISDICTION AND VENUE**

5. LPL admits the allegations of paragraph 5 of the Counterclaims.

6. LPL admits the allegations of paragraph 6 of the Counterclaims.

7. LPL admits the allegations of paragraph 7 of the Counterclaims.

8. LPL admits the allegations of paragraph 8 of the Counterclaims.

9. LPL admits that venue is proper and admits that LPLA sells LCD modules designed and manufactured by LPL. LPL denies the remaining allegations of paragraph 9 of the Counterclaims.

**RESPONSE TO COUNTERCLAIM COUNT ONE**

10. LPL admits that Exhibit A to the Counterclaims purports to be a copy of United States Patent No. 6,976,781, entitled "Frame and Bezel Structure for Backlight Unit" (the "'781 patent"), but LPL lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 10 of the Complaint, and therefore denies them.

11. LPL denies the allegations in paragraph 11 of the Complaint.

12. LPL denies the allegations in paragraph 12 of the Complaint.

13. LPL denies the allegations in paragraph 13 of the Complaint.

663659-1

## RESPONSE TO COUNTERCLAIM COUNT TWO

14. LPL admits that Exhibit B to the Counterclaims purports to be a copy of United States Patent No. 6,778,160, entitled "Liquid-Crystal Display, Liquid-Crystal Control Circuit, Flicker Inhibition Method, And Liquid-Crystal Driving Method" (the "'60 patent"), but LPL lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 14 of the Complaint, and therefore denies them.

15. LPL denies the allegations in paragraph 15 of the Complaint.

16. LPL denies the allegations in paragraph 16 of the Complaint.

17. LPL denies the allegations in paragraph 17 of the Complaint.

## RESPONSE TO COUNTERCLAIM COUNT THREE

18. LPL admits that Exhibit C to the Counterclaims purports to be a copy of United States Patent No. 6,689,629, entitled "Array Substrate for Display, Method of Manufacturing Array Substrate for Display and Display Device Using the Array Substrate" (the "'629 patent"), but LPL lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 18 of the Complaint, and therefore denies them.

19. LPL denies the allegations in paragraph 19 of the Complaint.

20. LPL denies the allegations in paragraph 20 of the Complaint.

21. LPL denies the allegations in paragraph 21 of the Complaint.

## RESPONSE TO EXCEPTIONAL CASE

22. LPL denies the allegations in paragraph 22 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

As to paragraphs A through K of the Prayer For Relief, LPL denies that AUO is entitled to the requested relief.

663659-1

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the foregoing denials, and without prejudice to LPL's right to plead additional defenses as discovery into the facts of the matter warrants, LPL hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

23.   AUO has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

24.   LPL's products and processes have not and do not infringe any claim of the Asserted AUO Patents, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

25.   LPL has not directly or indirectly contributed to infringement of, nor induced another to infringe the Asserted AUO Patents.

### FOURTH AFFIRMATIVE DEFENSE

26.   One or more claims of the Asserted AUO Patents are invalid for failing to meet one or more of the requisite conditions or requirements for patentability specified by 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FIFTH AFFIRMATIVE DEFENSE

27.   Pursuant to 35 U.S.C. § 287(b), LPL is not liable for damages for infringement under any section of 35 U.S.C. § 271 before receiving notice of AUO's allegations of infringement in this action.

## SIXTH AFFIRMATIVE DEFENSE

28. AUO's claims are barred, in whole or in part, because of the affirmative defense of license.

June 25, 2007

THE BAYARD FIRM

/s/ Ashley B. Stitzer (as3891)
Richard D. Kirk (#0922)
Ashley B. Stitzer (#3891)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

Attorneys for Plaintiff/Counterclaim-Defendant
LG.Philips LCD Co., Ltd.

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 25, 2007, she served the foregoing documents by email and by hand upon the following counsel:

Edmond D. Johnson
Thomas H. Kovach
Pepper Hamilton LLP
1313 Market Street, Suite 5100
PO Box 1709
Wilmington, DE 19899-1709

Karen L. Pascale
John W. Shaw
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Philip A. Rovner
Dave E. Moore
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19899-0951

William E. Manning
Jennifer M. Becnel-Guzzo
Buchanan Ingersoll & Rooney
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

The undersigned counsel further certifies that, on June 25, 2007, she served the foregoing documents by email and by U.S. Mail upon the following counsel:

John N. Zarian
Samia McCall
Matthew D. Thayne
J. Walter Sinclair
Stoel Rives LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702

Vincent K. Yip
Peter J. Wied
Jay C. Chiu
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

Bryan J. Sinclair
Karineh Khachatourian
Buchanan Ingersoll & Rooney
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

/s/ Ashley B. Stitzer, (as3891)
Ashley B. Stitzer

656846-1