IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG. PHILIPS LCD CO., LTD.,

          Plaintiff,

          v.

CHI MEI OPTOELECTRONICS
CORPORATION; AU OPTRONICS
CORPORATION, AU OPTRONICS
CORPORATION OF AMERICA;
TATUNG COMPANY; TATUNG
COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 06-726 (JJF)

**ANSWERING BRIEF IN OPPOSITION TO LG.PHILIPS LCD CO., LTD.'S
ALTERNATIVE MOTION FOR LEAVE TO USE DISCOVERY OR, IN THE FURTHER
ALTERNATIVE, TO CONDUCT JURISDICTIONAL DISCOVERY**

OF COUNSEL:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
(216) 586-3939

Dated:  July 2, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant*
*Chi Mei Optoelectronics Corporation*

## TABLE OF CONTENTS

STATEMENT OF NATURE OF THE PROCEEDINGS ..........................................................1

SUMMARY ........................................................................................................................1

BACKGROUND AND STATEMENT OF FACTS ...............................................................2

ARGUMENT .....................................................................................................................4

I.   LPL'S BRIEF IS ESSENTIALLY A SURREPLY THAT IS PROHIBITED BY
     THE LOCAL RULES...................................................................................................4

     A.   Contrary to LPL's Assertion, CMO Is Not Subject To Personal
          Jurisdiction In Delaware. .................................................................................4

     B.   LPL Does Not Dispute That The "Evidence" It Offered Is Hearsay. ................5

     C.   LPL Cannot Reasonably Distinguish This Case  From *Siemens
          Aktiengesellschaft v. LG Semicon Co.* .............................................................6

     D.   LPL Misrepresents The Evidence And Holding In The *CEA* Case. ..................6

II.  LPL DID NOT ESTABLISH THROUGH SWORN AFFIDAVITS OR OTHER
     COMPETENT EVIDENCE THAT IT IS ENTITLED TO JURISDICTIONAL
     DISCOVERY TO TRY AND PROVE A CLAIM OF PERSONAL
     JURISDICTION IN THIS CASE. ................................................................................7

III. LPL'S RENEWED REQUEST TO OBTAIN MORE OF THE SAME
     EVIDENCE STILL IS INEFFECTUAL. ...................................................................10

IV.  JUDICIAL ECONOMY WOULD NOT BE SERVED BY GIVING
     LPL ACCESS TO DOCUMENTS IN THE *CEA* DISTRICT COURT CASE..........11

V.   CMO NEVER CONCEDED THAT JURISDICTIONAL DISCOVERY IS
     PROPER. ...................................................................................................................13

CONCLUSION................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*American Telephone and Telegraph Company v. Grady,*
   594 F.2d 594 (7th Cir. 1978) ........................................................................11

*Ames v. Whitman's Chocolates,*
   1991 U.S. Dist. LEXIS 18389 (E.D. Pa. Dec. 30, 1991) .............................9

*Asahi Metal Industry Co. v. Super. Ct. of California, Solano County,*
   480 U.S. 102 (1987)..............................................................1, 5, 6, 8, 10

*Bancoult v. McNamara,*
   214 F.R.D. 5 (D.D.C. 2003)........................................................................8

*Caribbean Broadcasting System, Ltd. v. Cable & Wireless PLC,*
   148 F.3d 1080 (D.C. Cir. 1998)..............................................................2, 9

*Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corporation,*
   293 F. Supp. 2d 423 (D. Del. 2003)........................................................1, 2

*Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corporation,*
   395 F.3d 1315 (Fed. Cir. 2005)........................................................1, 4, 6, 7

*Freeman v. Keycorp,*
   1990 U.S. Dist. LEXIS 1525 (M.D. Pa. 1990) .............................................9

*GTE New Media Services, Inc. v. BellSouth Corp.,*
   199 F.3d 1343 (D.C. Cir. 2000)..................................................................8

*Greenly v. Davis,*
   486 A.2d 669 (Del. 1984) .......................................................................5, 7

*Hansen v. Neumueller GmbH,*
   163 F.R.D. 471 (D. Del. 1995) ....................................................................8

*Intel Corp. v. Broadcom Corp.,*
   167 F. Supp. 2d 692 (D. Del. 2001)..........................................................2, 7

*International Terminal Operating Co., Inc. v. Skibs A/S Hidlefjord,*
   63 F.R.D. 85 (S.D.N.Y. 1973) ...................................................................10

*In re: Knoxville News-Sentinel Co.,*
   723 F.2d 470 (6th Cir. 1983) .....................................................................12

*Massachusetts Sch. of Law at Andover, Inc. v. American Bar Association,*
    107 F.3d 1026 (3d Cir. 1997)...........................................................................8

*McMullen v. European Adoption Consultants, Inc.,*
    109 F. Supp. 2d 417 (W.D. Pa. 2000).............................................................8

*Medical Solutions, Inc. v. C Change Surgical, LLC*
    468 F. Supp. 2d 130 (D.D.C. 2006)................................................................8

*Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd.,*
    64 F. Supp. 2d 448 (E.D. Pa. 1999) ...............................................................9

*Omega Homes, Inc. v. Citicorp Acceptance Co.,*
    656 F. Supp. 393 (W.D. Va. 1987) ...............................................................12

*Poe v. Babcock Int'l, plc,*
    662 F. Supp. 4 (M.D. Pa. 1985) ...................................................................10

*Rich v. KIS California, Inc.,*
    121 F.R.D. 254 (M.D.N.C. 1988) ...................................................................8

*Richard Wolf Medical Instruments Corp. v. Dory,*
    130 F.R.D. 389 (N.D. Ill. 1990)...............................................................11, 12

*SEC v. TheStreet.com,*
    273 F.3d 222 (2d Cir. 2001)..........................................................................12

*SRS Techs., Inc. v. Physitron, Inc.,*
    216 F.R.D. 525 (N.D. Ala. 2003)...................................................................12

*Siemens Aktiengesellschaft v. LG Semicon Co.,*
    69 F. Supp. 2d 622 (D. Del. 1999)..............................................................5, 6

*Southern Ocean Seafood Co. v. Holt Cargo Systems, Inc.,*
    1997 U.S. Dist. LEXIS 12159 (E.D. Pa. Aug. 11, 1997)...............................9

*Terracom v. Valley National Bank,*
    49 F.3d 555 (9th Cir. 1995) ............................................................................9

*Time Share Vacation Club v. Atlantic Resorts, Ltd.,*
    735 F.2d 61 (3d Cir. 1984)..........................................................................5, 7

*Toys "R" Us, Inc. v. Step Two, S.A.,*
    318 F.3d 446 (3d Cir. 2003)............................................................................8

*Wright v. American Home Products Corp.*,
    768 A.2d 518 (Del. Super. 2000) .................................................................................7

## STATUTES and RULES

28 U.S.C. § 1927 ...........................................................................................................1, 4

10 Del. C. § 3104 ...............................................................................................................3

D. Del. L.R. 7.1.2(b) ..........................................................................................................4

Fed. R. Civ. P. Rule 12(b)(2) .............................................................................................5

## STATEMENT OF NATURE OF THE PROCEEDINGS

In its Opening Brief in Support of its Motion for Rule 11 Sanctions and Sanctions Pursuant to 28 U.S.C. § 1927 filed June 19, 2007, LG.Philips LCD Co., Ltd. ("LPL") claimed that, "[t]he evidence of CMO's jurisdictional contacts is both undisputed and readily obtained in public records." (D.I. 87 at 35). Despite already having this "tremendous" and "overwhelming" "evidence," LPL filed an Alternative Motion for Leave to Use Discovery or, in the Further Alternative, to Conduct Jurisdictional Discovery ("Motion") in this action on June 18, 2007. (D.I. 80). Because LPL persists in seeking apparently unnecessary discovery, Chi Mei Optoelectronics Corp. ("CMO") respectfully submits this memorandum of law in opposition to LPL's Motion.

## SUMMARY

1.    LPL's Motion is nothing more than a "surreply" to CMO's Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process (D.I. 19), a pleading that is not allowed by this Court. LPL reiterates the baseless arguments that it made in its Opposition (D.I. 57) as to why CMO purportedly is subject to jurisdiction in this Court; attempts, but fails, to distinguish the cases relied by CMO; and misrepresents evidence and the holding of the Federal Circuit in *Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corporation*, 395 F.3d 1315 (Fed. Cir. 2005).

2.    LPL again fails to prove that the Justice O'Connor test for jurisdiction set forth in *Asahi Metal Industry Co. v. Super. Ct. of California, Solano County*, 480 U.S. 102 (1987) ("*Asahi*") was met and that CMO is subject to personal jurisdiction in Delaware. The documents referred to by LPL as having been produced in *Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corporation*, 293 F. Supp. 2d 423 (D. Del. 2003) (the "*CEA* District Court case")

do not prove that CMO is subject to jurisdiction in Delaware under the Justice O'Connor test. The "evidence" relied upon by LPL does not demonstrate that CMO had the necessary intent or purpose to serve Delaware. *See Commissariat a L'Energie Atomique*, 293 F. Supp. 2d at 429. Even if the finished liquid crystal display ("LCD") monitors were sold by retailers throughout the United States, and even if they were to reach Delaware, such facts would be ***insufficient as a matter of law*** to prove that CMO is subject to personal jurisdiction in Delaware.

      3.      According to LPL, "[t]he evidence of CMO's jurisdictional contacts is both undisputed and readily obtained in public records." (D.I. 87 at 35). Before being permitted to take this apparently unnecessary discovery, LPL must make a *prima facie* showing ***with sworn affidavits or other competent evidence*** that personal jurisdiction *might* exist over a defendant. *Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 699 (D. Del. 2001) (citation omitted). LPL did not do so; LPL cannot do so. When a plaintiff fails to show that it can supplement its jurisdictional allegations through discovery, its request for additional discovery should be denied. *See, e.g., Caribbean Broadcasting System, Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998).

      4.      Judicial economy would not be served by permitting LPL access to documents in the *CEA* District Court case. Such jurisdictional discovery is cumulative of the "evidence" already provided by LPL and will not overcome LPL's substantive deficiencies in proof.

      5.      CMO did not concede that it is subject to jurisdictional discovery or that jurisdictional discovery is proper in this case.

## BACKGROUND AND STATEMENT OF FACTS

      On December 1, 2006, LPL filed an action against CMO and others, claiming infringement of three patents relating to LCD modules. Two months later, on February 15, 2007,

LPL improperly attempted to serve CMO with process by delivering a copy of the Summons and Complaint for Patent Infringement and Demand for Trial by Jury on the Delaware Secretary of State in accordance with the provisions of the Delaware long-arm statute, 10 Del. C. § 3104. On February 16, 2007, LPL purported to give notice of the claimed service by mailing a copy of a notice letter along with copies of the Summons and Complaint to CMO's offices in Sinshih Township, Tainan County, Taiwan by registered mail, return receipt requested. On April 6, 2007, CMO moved to dismiss LPL's Complaint against it on the grounds of lack of personal jurisdiction and insufficiency of service of process. (D.I. 19).

Then, on April 17, 2007, LPL moved the court in *Commissariat a L'Energie Atomique v. Samsung Electronics Co., Ltd. et al.* (Civil Action No. 03-484 (MPT)), a case from which CMO was dismissed in February 2007, to modify a Stipulated Protective Order (D.I. 265) to permit LPL to have access to CMO's confidential and proprietary business information. CMO opposed LPL's motion. On May 7, 2007, Magistrate Judge Thynge denied LPL's request.

On May 22, 2007, LPL filed its Opposition to CMO's Motion to Dismiss. (D.I. 57). LPL requested that in the event that this Court was not inclined to deny CMO's Motion to Dismiss (D.I. 19) outright, that it afford LPL the opportunity to use the discovery produced in the *CEA* case or in the alternative take jurisdictional discovery. (D.I. 57 at 35–36). LPL claimed that "jurisdictional discovery from CMO will further establish CMO's substantial and ongoing contacts with the United States and Delaware, including its intimate knowledge of the distribution channel through which products are directly shipped into this State." (D.I. 57 at 36). LPL failed to submit any sworn affidavit or other competent evidence to support this claim.

On June 15, 2007, CMO filed its Reply Brief in Support of its Motion to Dismiss. (D.I. 78). In its brief, CMO showed that there is no personal jurisdiction over CMO in Delaware, and

that LPL's request for jurisdictional discovery was fatally flawed and unnecessary. Apparently, LPL could not let CMO have the last word: on June 18, 2007, LPL filed this Motion (D.I. 80), which is essentially a "surreply", to address the points raised in CMO's Reply Brief (D.I. 78).

Then, on June 19, 2007, LPL filed its Opening Brief in Support of its Motion for Rule 11 Sanctions and Sanctions Pursuant to 28 U.S.C. § 1927 in which it asserted that, "[t]he evidence of CMO's jurisdictional contacts is both undisputed and readily obtained in public records." (D.I. 87 at 35). LPL repeatedly claimed that the existing, already-briefed evidence supporting a finding of personal jurisdiction is "overwhelming" and "tremendous." (*See, e.g.*, D.I. 87 at 3, 4).

## ARGUMENT

### I.     LPL'S BRIEF IS ESSENTIALLY A SURREPLY THAT IS PROHIBITED BY THE LOCAL RULES.

The Local Rules of this Court do not provide for the filing of a surreply brief. (*See* D. Del. L.R. 7.1.2(b) ("Except for the citation of subsequent authorities, no additional papers shall be filed absent Court approval.")). LPL's Motion, however, is just that: LPL reiterates the baseless arguments that it made in its Opposition (D.I. 57), alleging that CMO was subject to jurisdiction in this Court; attempts, but fails, to distinguish the cases relied upon by CMO; and misrepresents evidence and the holding of the Federal Circuit in *Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corporation*, 395 F.3d 1315 (Fed. Cir. 2005) ("*CEA*").

### A.     Contrary to LPL's Assertion, CMO Is Not Subject To Personal Jurisdiction In Delaware.

LPL again attempts to show in its Motion that there is evidence of jurisdictional contacts between CMO and Delaware. Specifically, LPL claims that the purported long term contract between CMO and Dell relating to components for LCD monitors shows that CMO had "purposeful and direct contacts" with Delaware. (Motion at 16). LPL submitted no competent evidence, however, to support its claim.

-4-

LPL also again contends that CMO's sale of components for LCD monitors to companies located outside of the United States is equivalent to the sale of finished LCD monitors by third parties in the United States, and constitutes CMO's purposefully availing itself of doing business in Delaware. (Motion at 16). But, as the undisputed evidence shows, it is not. CMO sells components for LCD monitors to others located outside of the United States. (See D.I. 21, Chen Declaration, ¶¶ 3–8). CMO does not sell either LCD monitors or component parts for such monitors in Delaware. (*Id.*, ¶¶ 4–8). LPL offered no sworn affidavits or other competent evidence to the contrary. The fact that finished LCD monitors that are sold in Delaware by third parties may incorporate components manufactured and sold by CMO outside of the United States, is insufficient to meet the test for personal jurisdiction set forth by Justice O'Connor in *Asahi*. *See Asahi*, 480 U.S. at 112.

**B.     LPL Does Not Dispute That The "Evidence" It Offered Is Hearsay.**

LPL does not dispute that most of the "evidence" it submitted in support of its Opposition to CMO's Motion to Dismiss (D.I. 57) is hearsay. LPL asks this Court to ignore that the "evidence" is inadmissible, but, instead, to view it "in the light most favorable" to LPL. (Motion at 16). LPL's request is contrary to law.

LPL may not "rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66, n.9 (3d Cir. 1984) (citation omitted). Once the defense is raised, "the plaintiff 'must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.'" *Siemens Aktiengesellschaft*, 69 F. Supp. 2d at 624, *citing Time Share Vacation Club*, id.; *see also Greenly v. Davis*, 486 A.2d 669, 670 (Del. 1984). LPL did not do so. LPL cannot meet its burden by submitting hearsay "evidence" and asking inadmissible evidence to be viewed "in the light most favorable" to it.

**C.    LPL Cannot Reasonably Distinguish This Case
From *Siemens Aktiengesellschaft v. LG Semicon Co.***

LPL fails to distinguish *Siemens Aktiengesellschaft v. LG Semicon Co.*, 69 F. Supp. 2d

622 (D. Del. 1999). LPL claims that the *Siemens* case is distinguishable because DRAM chips

are only a minor computer component, whereas the LCD components sold by CMO outside of

the United States are "the heart and guts of LCD monitors and televisions." (Motion at 17). This

purported distinction is irrelevant. The value of a component in a finished product is not

dispositive of whether the seller of the component is subject to personal jurisdiction under either

of the tests set forth by Justice Brennan and Justice O'Connor in *Asahi*. *See Asahi*, 480 U.S. at

112.

Also, contrary to LPL's claim, the court in *Siemens* did analyze the distribution channels

used by LG Semicon Co. ("LG") to sell its products (DRAM chips) in the United States. *See*

*Siemens*, 69 F. Supp. 2d at 623. LG sold its products through its own regional sales

representatives and a national distributor to original equipment manufacturers ("OEMs"),

including Apple, Compaq, Dell, Gateway, IBM, and Hewlett Packard. *Id.*

**D.    LPL Misrepresents The Evidence And Holding In The *CEA* Case.**

LPL erroneously contends that the Federal Circuit adopted many of the facts presented in

the *CEA* District Court case during the adjudication of CMO's motion to dismiss for lack of

personal jurisdiction. LPL, as has become its practice, selectively quotes from portions of the

opinion in the *CEA* case to create the misimpression that the Federal Circuit determined that

CMO is subject to personal jurisdiction in Delaware. It did not.

The Federal Circuit did not "adopt[] many of the facts presented during the adjudication

of CMO's motion to dismiss for lack of personal jurisdiction" from the *CEA* District Court case

and did not hold that CMO is subject to personal jurisdiction in Delaware. (Motion at 2). Rather,

the Federal Circuit held that "evidence [relative to CMO's contacts] has not yet been presented that would satisfy Justice O'Connor's standard for '[a]dditional conduct of the defendant [to] indicate an intent or purpose to serve the market in the forum State, [such as] . . . advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum state." *Commissariat a L'Energie Atomique*, 395 F.3d at 1322.

The Federal Circuit also did not, as LPL contends, "reject[] CMO's argument that it did not transact business in Delaware." (Motion at 3). The Federal Circuit, as it did with the evidence that LPL claims is "key evidence regarding the exercise of jurisdiction over CMO" (Motion at 5), acknowledged that certain evidence was submitted to the district court by both parties. *Commissariat a L'Energie Atomique*, 395 F.3d at 1317. The court did not opine as to the sufficiency of the evidence. The court, however, did reject CEA's argument relative to transacting business, and opined that "section 3104(c)(3), the 'transacting business' provision" "is not a valid basis for assertion of jurisdiction under the stream of commerce theory." *Commissariat a L'Energie Atomique*, 395 F.3d 1315, 1319 n. 3 (Fed. Cir. 2005).

II.    **LPL DID NOT ESTABLISH THROUGH SWORN AFFIDAVITS OR OTHER COMPETENT EVIDENCE THAT IT IS ENTITLED TO JURISDICTIONAL DISCOVERY TO TRY AND PROVE A CLAIM OF PERSONAL JURISDICTION IN THIS CASE.**

Before being permitted to obtain jurisdictional discovery, LPL must make a *prima facie* showing ***with sworn affidavits or other competent evidence*** that personal jurisdiction *might* exist over a defendant. *Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 699 (D. Del. 2001), citing *Wright v. American Home Products Corp.*, 768 A.2d 518, 526 (Del.Super. 2000); *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66, n.9 (3d Cir. 1984); *Greenly v. Davis*, 486 A.2d 669, 670 (Del. 1984).

LPL must "demonstrate that it can supplement its jurisdictional allegations through discovery." *Bancoult v. McNamara*, 214 F.R.D. 5, 10 (D.D.C. 2003); *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F. 3d 1343, 1351 (D.C. Cir. 2000); *McMullen v. European Adoption Consultants, Inc.*, 109 F. Supp. 2d 417, 419 (W.D. Pa. 2000) (when a defendant properly raises a lack of personal jurisdiction defense, the burden falls upon the plaintiff to demonstrate sufficient contacts with the forum state).  Such factual allegations must be presented with reasonable particularity. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003).

In other words, LPL *must* show that discovery would enable it to prove that CMO would meet the Justice O'Connor test for personal jurisdiction in *Asahi* to obtain the discovery. *LPL has failed to do so: it doesn't even try. See* D.I. 78.  LPL offered only "bare," "attenuated," and "unsupported" assertions of personal jurisdiction.  (*See* Motion at 4–7).  *See Rich v. KIS California, Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988) (denying jurisdictional discovery and stating that when "a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition.") (citations omitted).

If a plaintiff fails to show, as LPL has, that it can supplement its jurisdictional allegations through discovery, its request for additional discovery should be denied. *Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (holding that conclusory allegation that defendant "transacts business" in an area is a "clearly frivolous" basis for jurisdictional discovery); *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 475 (D. Del. 1995) (plaintiff failed to come forward with evidence sufficient to justify jurisdictional discovery). *See also, Medical Solutions, Inc. v. C Change Surgical LLC*, 468 F. Supp. 2d 130, 136 (D.D.C. 2006)

(denying request for jurisdiction discovery when plaintiff "failed to show that additional discovery would be beneficial to its establishment of personal jurisdiction."); *Caribbean Broadcasting System, Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998) (no abuse of discretion in dismissing complaint without granting request for jurisdictional discovery when plaintiff did not allege any facts remotely suggesting sufficient contacts); *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (noting that plaintiff "failed to demonstrate how further discovery would allow it to contradict the [defendants'] affidavits" and recognizing that when "a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denial made by defendants, the Court need not permit even limited discovery") (citation omitted).

LPL's failure to rebut CMO's declaration (D.I. 21) with sworn evidence is fatal to LPL's request for discovery. *See Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd.*, 64 F. Supp. 2d 448, 454 (E.D. Pa. 1999) ("Defendant's affidavit that it has never sold the product in question in Pennsylvania and that less than one percent of its total sales are in Pennsylvania is uncontested. Consequently, the court will exercise its discretion and deny the request for further discovery."); *Southern Ocean Seafood Co. v. Holt Cargo Systems, Inc.*, 1997 U.S. Dist. LEXIS 12159, at *26-27 (E.D. Pa. Aug. 11, 1997) (denying request for jurisdictional discovery when plaintiff did not counter defendants' affidavits with anything more than mere speculation); *Ames v. Whitman's Chocolates*, 1991 U.S. Dist. LEXIS 18389, at *7-8 (E.D. Pa. Dec. 30, 1991) (noting that it would be inappropriate to allow plaintiff to conduct discovery on personal jurisdiction where plaintiff did not contradict the parent corporation's affidavit and would be merely conducting a fishing expedition); *Freeman v. Keycorp*, 1990 U.S. Dist. LEXIS 1525, at *7 (M.D. Pa. 1990) (granting motion to dismiss for lack of personal jurisdiction and refusing to allow

discovery on the jurisdictional issue "because plaintiffs have met defendants' affidavit regarding corporate structure with mere conjecture" and "have not produced any evidence that Keycorp is a mere alter ego of the other defendant"); *Poe v. Babcock Int'l, plc*, 662 F. Supp. 4, 7 (M.D. Pa. 1985) (holding that because "plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for . . . [jurisdiction] discovery . . . must be denied"). *See also, International Terminal Operating Co. v. Skibs A/S Hidlefjord*, 63 F.R.D. 85, 87-88 (S.D.N.Y. 1973) (holding that jurisdictional discovery not appropriate when plaintiff merely hopes to find inaccurate statements in defendant's affidavit but has not made counter allegations in its own affidavit).

Because LPL failed to submit sworn affidavits or other competent evidence to meet its burden, it is not entitled to discovery to respond to CMO's Motion to Dismiss.

## III.   LPL'S RENEWED REQUEST TO OBTAIN MORE OF THE SAME EVIDENCE STILL IS INEFFECTUAL.

According to LPL, "[t]he evidence of CMO's jurisdictional contacts is both undisputed and readily obtained in public records." (D.I. 87 at 35). Nevertheless, in its Opposition to CMO's Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process (D.I. 57), LPL requested in the alternative that this Court permit it to take jurisdictional discovery. (D.I. 57 at 35). LPL claimed that CMO raised the same issues in the *CEA* District Court case and that the documents produced by CMO in that case "related to CMO's importation, sale, and distribution of products in the United States, including in Delaware." (D.I. 57 at 35).

The evidence sought by LPL, however, would not show that the more rigorous "purposeful availment" standard advanced by Justice O'Connor in *Asahi* is met. The undisputed evidence already shows that CMO has never purposefully conducted business activities in Delaware. (D.I. 21, Chen Declaration, ¶4). The undisputed evidence shows that CMO never

purposefully directed business activities to Delaware and that it does not manufacture, design, advertise, package, sell, or distribute any products or raw materials in Delaware. (*Id.*) The undisputed evidence shows that CMO has never maintained, or caused, instructed, or directed any third parties to maintain, any agents, distributors, brokers, wholesalers, or other representatives in Delaware for the transaction of business of any nature. (*Id.*, ¶8). The undisputed evidence shows that CMO has never executed any contract in Delaware, or contracted with any party to manufacture, buy, sell or distribute products or services in Delaware. (*Id.*) Because LPL fails to meet its evidentiary burden, its renewed request for jurisdictional discovery also fails.

## IV. JUDICIAL ECONOMY WOULD NOT BE SERVED BY GIVING LPL ACCESS TO DOCUMENTS IN THE *CEA* DISTRICT COURT CASE.

LPL is asking this Court essentially to modify a protective order that was executed in the *CEA* District Court case to obtain jurisdictional discovery that is no better than the "evidence" already provided by LPL, and that will not overcome LPL's substantive deficiencies in proof. As Magistrate Judge Thynge found, this is insufficient to justify modification of the protective order.

Courts view efforts to modify a protective order with skepticism. LPL "has not shown any need for the materials in question beyond the usual desire of a litigant for material that could be useful to it" in other cases. *Richard Wolf Medical Instruments Corp. v. Dory*, 130 F.R.D. 389, 392 (N.D. Ill. 1990). As that court aptly noted, "[i]f that is the extraordinary showing that would allow disclosure in the face of a protective order such as entered in this case, no litigant can safely rely on a protective order." *Richard Wolf Medical Instruments Corp.* 130 F.R.D. at 392, quoting *American Telephone and Telegraph Company v. Grady*, 594 F.2d 594 (7th Cir. 1978). In denying a motion to modify the protective order, the court in *Richard Wolf Medical*

-11-

*Instruments Corp* observed that "generally a litigant should be able to 'take the scope delineated by a protective order 'literally.'" *Id.* at 392.

In rejecting a request like LPL's to modify a stipulated protective order to permit disclosure of information for use in other litigation, one court explained that

> [the parties] fairly agreed to the protective order, apparently through negotiations by their sophisticated and well informed counsel. Throughout discovery [defendant] relied on that mutual understanding that the information it was disclosing was to be used solely for preparing this case. In effect, [plaintiff] is asking the court to rewrite the terms of the stipulated order and to apply them retroactively. The court refuses to endorse [plaintiff's] tactic of inducing broad disclosure under a set of ground rules and of then avoiding any limitations on itself by asking the court to come in and change those rules.

*Omega Homes, Inc. v. Citicorp Acceptance Co.*, 656 F. Supp. 393, 404 (W.D. Va. 1987). The *Omega Homes* court rejected the arguments LPL makes here -- that disclosure would save time and expense and that any prejudice could be avoided.

In the *CEA* District Court case, CEA was required to prove personal jurisdiction as of May 2003. Here, LPL must show personal jurisdiction as of December 2006. This different factual setting belies LPL's claimed need for discovery from the prior case. *See also SRS Techs., Inc. v. Physitron, Inc.*, 216 F.R.D. 525, 531 (N.D. Ala. 2003) (denying motion to modify protective order when "reliance of the Defendants on the protections afforded by the confidentiality order and the need for the 'lubricating effects' of the protective order outweigh Plaintiff's interest in avoiding duplicative discovery in a possible future civil case.")

LPL has not shown any extraordinary circumstances or compelling needs that justify modification of the protective order and permit the use of discovery from the *CEA* District Court case in this case. *See In re: Knoxville News-Sentinel Co.*, 723 F.2d 470, 478 (6th Cir. 1983); *SEC v. TheStreet.com*, 273 F.3d 222 (2d Cir. 2001).

## V.   CMO NEVER CONCEDED THAT JURISDICTIONAL DISCOVERY IS PROPER.

Lastly, LPL contends that CMO conceded that it is subject to jurisdictional discovery in this case. (Motion at 20). LPL is wrong.

LPL's argument is based on selective quotation. CMO stated in its Opposition to Non-Party LG.Philips LCD Co., Ltd.'s Motion to Modify Stipulated Protective Order (Motion at Ex. 6) that "the burden on the parties would not be minimized and judicial economy would not be enhanced by modifying the Stipulated Protective Order (D.I. 265)." CMO also said that

> [e]ven if the protective order is modified, LPL still intends to move for jurisdictional discovery in the action pending before Judge Farnan. As part of that request, it is believed that LPL will seek the production of at least some of the documents previously produced in this case, as well as similar documents in CMO's possession, custody or control from the last two years. Thus, even if the Stipulated Protective Order (D.I. 265) is modified, CMO would have to produce documents relative to jurisdictional discovery. CMO would not be spared the burden of searching for and producing such information.

CMO certainly did not concede that jurisdictional discovery was proper or that it is subject to jurisdictional discovery in this case. In fact, the undisputed evidence shows that CMO has not purposefully availed itself of doing business in Delaware and is not subject to personal jurisdiction in the state.

## CONCLUSION

LG.Philips LCD Co., Ltd.'s Alternative Motion For Leave To Use Discovery Or, In The

Further Alternative, To Conduct Jurisdictional Discovery should be denied.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Kenneth R. Adamo                By: _____
Robert C. Kahrl                       Philip A. Rovner (#3215)
Arthur P. Licygiewicz                 Hercules Plaza
Jones Day                             P. O. Box 951
North Point                           Wilmington, DE  19899
901 Lakeside Avenue                   (302) 984-6000
Cleveland, OH  44114-1190             provner@potteranderson.com
(216) 586-3939

                                  *Attorneys for Defendant*
Dated:  July 2, 2007              *Chi Mei Optoelectronics Corporation*
804961

-14-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on July 2, 2007, the within document was

filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to

the following; that the document was served on the following counsel as indicated; and that the

document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, -EMAIL AND HAND**
**DELIVERY**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

William E. Manning, Esq.
Jennifer M. Becnel-Guzzo, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801
william.manning@bipc.com
jennifer.becnelguzzo@bipc.com

**BY CM-ECF, EMAIL AND HAND**
**DELIVERY**

Edmond D. Johnson, Esq.
Thomas H. Kovach, Esq.
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709
johnsone@pepperlaw.com
kovacht@pepperlaw.com

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

I hereby certify that on July 2, 2007 I have sent by E-mail the foregoing document

to the following non-registered participants:

Gaspare J. Bono, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA 90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com

Karineh Khachatourian, Esq.
Jeffrey M. Ratinoff, Esq.
Bryan J. Sinclair, Esq.
Buchanan Ingersoll & Rooney PC
333 Twin Dolphin Drive
Redwood Shores, CA 94065-1418
Karineh.khachatourian@bipc.com
Jeffrey.ratinoff@bipc.com
Bryan.sinclair@bipc.com

John N. Zarian, Esq.
Samia E. McCall, Esq.
Stoel Rives LLP
101 S. Capitol Boulevard
Suite 1900
Boise, ID 83702
jnzarian@stoel.com
semcall@stoel.com


Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

2