IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LCD<br><br>Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION;<br>AU OPTRONICS CORPORATION; AU<br>OPTRONICS CORPORATION AMERICA;<br>TATUNG COMPANY; TATUNG COMPANY OF<br>AMERICA, INC.; AND VIEWSONIC<br>CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action 06-726-JJF<br>)<br>)  DEMAND FOR JURY TRIAL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT VIEWSONIC'S RESPONSE TO PLAINTIFF'S ALTERNATIVE MOTION FOR LEAVE TO USE DISCOVERY OR, IN THE FURTHER ALTERNATIVE, TO CONDUCT JURISDICTIONAL DISCOVERY

Defendant ViewSonic Corporation ("ViewSonic") respectfully submits the instant response to Plaintiff's Motion for Leave to Use Discovery or, in the Further Alternative, to Conduct Jurisdictional Discovery (the "Motion").

1. ViewSonic takes no position and does not object to the foregoing Motion to the extent LG.Philips LCD Co., Ltd. ("LPL" or "Plaintiff") seeks to use jurisdictional discovery adduced in the matter of *Commissariat a l'Energie Atomique v. Samsung Electronics Co., et al.,* Case No. 03-484-MPT (the "CEA Litigation"), in an effort to establish jurisdiction over defendant Chi Mei Optoelectronics ("CMO") in this matter.

#8692578 v1

2. However, ViewSonic does object to the Motion to the extent (if any) LPL seeks to use any other (or all) of the discovery adduced in the CEA Litigation in support of motions or claims not directly related to its efforts to establish jurisdiction over CMO.

3. The CEA Litigation involves different parties, different patents, and different claims with no apparent relevance to the issues raised in the instant case. (Indeed, LPL is not a party to the CEA Litigation.) Furthermore, the complaint in the CEA Litigation was filed over four years ago and the discovery adduced in that matter is believed to be extensive. Any need to evaluate such discovery would present a very substantial, and seemingly unnecessary, burden on other parties (including ViewSonic) in this case.

4. Under the circumstances, ViewSonic submits, any order allowing LPL and/or other parties to use discovery obtained in the CEA Litigation should be limited to jurisdictional discovery and to efforts to establish jurisdiction over CMO in this case.

Dated: July 5, 2007

Edmond D. Johnson (DE Bar #2257)
Thomas H. Kovach (DE Bar #3964)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

-And-

## CERTIFICATE OF SERVICE

I, Thomas H. Kovach, hereby certify that on the 5th day of July, 2007, I caused a copy of the foregoing **DEFENDANT VIEWSONIC'S RESPONSE TO PLAINTIFF'S ALTERNATIVE MOTION FOR LEAVE TO USE DISCOVERY OR, IN THE FURTHER ALTERNATIVE, TO CONDUCT JURISDICTIONAL DISCOVERY** to be filed with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard D. Kirk, Esquire
Ashley B. Stitzer, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801

David Ellis Moore, Esquire
Potter Anderson & Corroon, LLP
Hercules Plaza,
1313 N. Market St., 6th Fl.
P.O. Box 951
Wilmington, DE 19899-0951

William E. Manning, Esquire
Jennifer M. Becnel-Guzzo, Esquire
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397

_/s/ Thomas H. Kovach_
Thomas H. Kovach (DE Bar #3964)

#8692578 v1