IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LCD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-726-JJF |
| | ) | |
| CHI MEI OPTOELECTRONICS | ) | |
| CORPORATION; AU OPTRONICS | ) | |
| CORPORATION; AU OPTRONICS | ) | |
| CORPORATION AMERICA; TATUNG | ) | |
| COMPANY; TATUNG COMPANY OF | ) | |
| AMERICA, INC.; AND VIEWSONIC | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VIEWSONIC CORPORATION'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

PEPPER HAMILTON LLP
Edmond D. Johnson (DE Bar # 2257)
Thomas H. Kovach (DE Bar # 3964)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709
P.O. Box 1709
(302) 777-6500
Fax: (302) 421-8390

*Attorneys for Defendant ViewSonic
Corporation*

STOEL RIVES LLP
John N. Zarian
Samia E. McCall
Matthew D. Thayne
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702
(208) 389-9000
Fax: (208) 389-9040

Dated: July 13, 2007

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. PROCEDURAL BACKGROUND ........................................................................1

III. ARGUMENT..........................................................................................................1

    A. LPL's Complaint Fails to Provide ViewSonic Fair Notice. .......................1

    B. LPL's Complaint Failed to Include Basic Facts Available to LPL. ..........2

    C. Boilerplate Recital of the Allegations in Form 16 is Not Sufficient. ........3

    D. The References to Other Complaints Are Unavailing................................4

    E. LPL Has Compounded the Absence of "Fair Notice" in its Pleading(s) by Filing Multiple Operative Complaints In This Action. ............................4

IV. CONCLUSION ......................................................................................................5

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Conley v. Gibson,*
    355 U.S. 41 (1957) .................................................................................................. 1

*eSoft, Inc. v. Astaro Corporation,*
    2006 WL 2164454 (D. Colo. July 31, 2006) .......................................................... 4

*Gen-Probe, Inc. v. Amoco Corp., Inc.,*
    926 F. Supp. 948 (S.D. Cal. 1996) ..................................................................... 2, 3

*Grid Sys. Corp. v. Texas Instruments Inc.,*
    771 F. Supp. 1033 (N.D. Cal. 1991) ....................................................................... 1

*Hewlett-Packard Co. v. Inter-graph Corp.,*
    2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ....................................................... 4

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,*
    203 F.3d 790 (Fed. Cir. 2000) ................................................................................ 1

*Q-Pharma, Inc. v. Andrew Jergens Co.,*
    360 F.3d 1295 (Fed. Cir. 2004) .............................................................................. 3

## FEDERAL RULES

Fed. R. Civ. P. 8(a) ............................................................................................................ 4

Fed. R. Civ. P. 11 .......................................................................................................... 2, 3

Fed. R. Civ. P. 12 ............................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 2, 4, 5

I.  **INTRODUCTION**

ViewSonic Corporation ("ViewSonic") respectfully submits the instant reply brief in further support of its Motion to Dismiss the operative complaint (the "Complaint") filed by LG.Philips LCD Co., Ltd. ("LPL") in this matter.

II. **PROCEDURAL BACKGROUND**

ViewSonic has filed three motions in response to the Complaint. Its Motion to Stay (D.I. 37) and Motion for a More Definite Statement (D.I. 39) have been fully briefed and were taken under advisement on May 30, 2007. With this brief, ViewSonic's Motion to Dismiss (D.I. 41) will be fully briefed as well.

On July 3, 2007, this matter was reassigned to Judge Gregory M. Sleet.

III. **ARGUMENT**

    A.    **LPL's Complaint Fails to Provide ViewSonic Fair Notice.**

Although liberal, the notice pleading standard nevertheless requires that a complaint provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Grid Sys. Corp. v. Texas Instruments Inc.*, 771 F. Supp. 1033, 1037 (N.D. Cal. 1991) (notice pleading "should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter-or-cross claims, and for preparing an appropriate answer").

Here, LPL fails to meet the applicable pleading standards, and fails even to satisfy the requirements set forth in *Phonometrics*, a case upon which LPL relies in opposition. *See Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (holding that patentee need not amend to reflect claim construction on appeal)

#8706385 v1

In particular, and contrary to LPL's argument, the Complaint does not adequately describe the "means" by which ViewSonic allegedly infringes the three patents in suit. Paragraphs 32, 37 & 42 of the Complaint (cited by LPL in its opposition) are nothing more than a *single* boilerplate sentence, repeated three times (but inserting, in each instance, a different patent number). The only "notice" given by these allegations is the vague notion that "Defendants have infringed and/or induced infringement of the [patents in suit] by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that are made by a method that infringes one or more claims of the '002 Patent in this judicial district and elsewhere in the United States." (*See* D.I. 1, ¶¶ 32, 37 & 42.)

This boilerplate sentence does not provide fair notice or adequately describe the "means" by which ViewSonic allegedly infringed the three patents in suit. Under the circumstances, ViewSonic respectfully submits, LPL has failed to satisfy the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B.   LPL's Complaint Failed to Include Basic Facts Available to LPL.

Each of the three patents in suit is the subject of prior actions filed by LPL against ViewSonic and other defendants named in this case, and a number of those prior actions are still pending. As argued by ViewSonic in its separate Motion for a More Definite Statement (D.I. 39), these circumstances demand greater specificity in the Complaint.

Furthermore, while cognizant of the distinction between Rule 11 and Rule 12 of the Federal Rules of Civil Procedure, ViewSonic submits that the prohibition against conclusory, boilerplate pleading is *reinforced* by the requirements of Rule 11. *See Gen-Probe, Inc. v. Amoco Corp., Inc.,* 926 F. Supp. 948, 961-62 (S.D. Cal. 1996) (finding that the requirements of Rule 11 buttressed the conclusion that a complaint failed to provide

fair notice). In the context of patent infringement litigation, in particular, Rule 11 requires, at a minimum, "that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004).[1]

Here, as evidenced by recent filings, it appears that LPL included only boilerplate allegations in its Complaint even though it had additional factual information available. For example, in response to ViewSonic's Motion to Stay, LPL explained (for the first time) that "the scope of infringement claims now before the Court is limited to LCD modules manufactured by AUO and/or CMO," and does not include "CPT modules." (D.I. 51, at pp. 3, 10.) More recently, in two declarations, LPL indicated that the accused products in this case may include the ViewSonic VX700 and VX800 LCD monitors and the N2000 television. (D.I. 58, 59.)

The failure to include such basic facts in the original Complaint has kept (and continues to keep) ViewSonic guessing as to the scope of the claims asserted by LPL here, compared to the claims asserted under the *same* patents in prior (pending) cases.

### C.    Boilerplate Recital of the Allegations in Form 16 is Not Sufficient.

Evidently, LPL argues that, in order to withstand a motion to dismiss, a complaint need only recite the allegations in Form 16 (most recently amended in 1963), from the Appendix of Forms attached to the Federal Rules of Civil Procedure.

---

[1] LPL appears to believe that ViewSonic has made a Rule 11 motion and argues that such a motion "should not have been filed." This is not correct.

Evidently, LPL misunderstands ViewSonic's argument, which is that, assuming LPL complied with its Rule 11 obligations, then LPL necessarily had additional information available which it intentionally omitted from the Complaint.

As courts have observed, Rule 11's requirements would be "meaningless" if the plaintiff were not required to make any factual contentions in its complaint. *See Gen-Probe, supra, at 961-62.*

-3-

However, courts have granted Rule 12(b)(6) motions where, as here, the Complaint recites the boilerplate text of Form 16 but nevertheless fails to satisfy the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *See, e.g., Hewlett-Packard Co. v. Inter-graph Corp.*, 2003 WL 23884794 at *1-*2 (N.D. Cal. Sept. 6, 2003) ("Form 16 simply does not address a factual scenario of this sort."); *see also eSoft, Inc. v. Astaro Corporation,* 2006 WL 2164454 (D. Colo. July 31, 2006) (granting alternative Rule 12(e) motion) ("Defendant cannot realistically be expected to frame a responsive pleading … in the absence of any indication as to which of its products are accused.").

### D.  The References to Other Complaints Are Unavailing.

LPL also asks this court to take notice of complaints filed against LPL by other parties – AU Optronics Corporation ("AUO") and Chi Mei Optoeletronics Corporation ("CMO") – in the states of Wisconsin and Texas. LPL does not explain the relevance (if any) of these cases, and remains silent concerning its responses (if any) to the complaints. Furthermore, LPL does not explain the teaching of the AUO and CMO complaints (if any) concerning the applicable legal standards or the sufficiency, under the rules, of LPL's own complaint. Under the circumstances, this "argument" should be disregarded.

### E.  LPL Has Compounded the Absence of "Fair Notice" in its Pleading(s) by Filing Multiple Operative Complaints In This Action.

As argued in ViewSonic's reply in support of its Motion for a More Definite Statement, and in a similar motion filed by Tatung Company and Tatung Company of America (collectively, "Tatung"), LPL has filed *three* complaints in this action, *each* of which is claimed to be operative as to one or more defendants. (*See* D.I. 1, 29, 54.)[2]

---

[2] LPL filed its original complaint on December 1, 2006. (D.I. 1.) Thereafter, on or about April 11, 2007, LPL filed a First Amended Complaint "… [a]gainst Defendant AU Optronics Corporation." (D.I.

-4-

-5-

ViewSonic is unfamiliar with any rule of civil procedure that would allow LPL to have *three operative complaints* pending in a *single* action, or to charge ViewSonic with patent infringement claims as set forth in three operative complaints pending in one case.

For this additional reason, ViewSonic submits, the Court should dismiss all three of LPL's complaints and require the filing of a pleading that complies with Rule 12(b)(6).

## IV.   CONCLUSION

For the foregoing reasons, and for the reasons set forth in ViewSonic's original moving papers, it is respectfully requested that the pending motion to dismiss be granted.

Dated: July 13, 2007

/s/ Edmond D. Johnson

Edmond D. Johnson (DE Bar #2257)
Thomas H. Kovach (DE Bar #3964)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

-And-

John N. Zarian
Samia E. McCall
Matthew D. Thayne
STOEL RIVES LLP
101 S. Capitol Blvd.
Suite 1900
Boise, ID   83702
(208) 389-9000

Attorneys for Defendant ViewSonic Corporation

---

29.) Most recently, on May 22, 2007, LPL filed another First Amended Complaint "… Against Defendant[s] Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc." (D.I. 54.)

## CERTIFICATE OF SERVICE

I, Thomas H. Kovach, hereby certify that on the 13th day of July, 2007, I caused a copy of the foregoing to **DEFENDANT VIEWSONIC CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** be filed with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard D. Kirk, Esquire
Ashley B. Stitzer, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

David Ellis Moore, Esquire
Potter Anderson & Corroon, LLP
Hercules Plaza,
1313 N. Market St., 6th Fl.
P.O. Box 951
Wilmington, DE 19899-0951

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801

William E. Manning, Esquire
Jennifer M. Becnel-Guzzo, Esquire
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397

Thomas H. Kovach (DE Bar #3964)