IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LCD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-726-GMS |
| | ) | |
| CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## VIEWSONIC'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINTS

### INTRODUCTION

1.  Defendant ViewSonic Corporation ("ViewSonic") respectfully submits the instant Motion to Strike Plaintiff's Amended Complaints filed on April 11, 2007 (D.I. 29) and May 22, 2007 (D.I. 54).

### BACKGROUND

2.  On December 1, 2006 Plaintiff LG.Philips LCD Co., Ltd. ("LPL" or "Plaintiff") filed its original Complaint (D.I. 1) against Chi Mei Optoelectronics Corporation ("CMO"), AU Optronics Corporation and AU Optronics Corporation America (collectively "AUO"), Tatung Company and Tatung Company of America ("Tatung"), and ViewSonic Corporation ("ViewSonic") (collectively "Defendants").

#8726963 v1

3. On April 11, 2007, LG.Philips filed its First Amended Complaint (D.I. 29), purportedly against AUO only ("First Amended Complaint"). Just over one month later, on May 22, 2007, LPL filed another First Amended Complaint (D.I. 54), purportedly against CMO only ("Second First Amended Complaint").

4. These amended Complaints are not proper under Federal Rule of Civil Procedure 15, and they create unnecessary confusion and undue delay. Accordingly, ViewSonic submits, the complaints should be stricken from the Court's record.

**Plaintiff's First Amended Complaint Should Be Stricken Because it States a New and Unrelated Cause of Action.**

5. As a general rule, Federal Rule of Civil Procedure 15(a) allows a party to amend a pleading once, as a matter of course, at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).

6. However, an amendment to a complaint may not be filed without leave of court if it states a new and unrelated cause of action or claim for relief. *See Martinez v. Safeway Stores, Inc.*, 66 F.R.D. 446, 448 (N.D. Cal. 1975).

7. In this case, Plaintiffs' First Amended Complaint seeks to add, as Count IV and Count V, claims for declaratory judgment of invalidity of certain patents owned by AUO, *i.e.,* U.S. Patent No. 6,976,781 (the "'781 Patent"), U.S. Patent No. 6,778,160 (the "'160 Patent"), and U.S. Patent No. 6,689,629 (the "'629 Patent"). These patents were not referenced in the original Complaint, and there is no apparent

relationship between the new claims (against AUO only) and the original claims (against all parties).

8.      Thus, the First Amended Complaint impermissibly sets forth new and unrelated causes of action. *See Martinez*, 66 F.R.D. at 448. Furthermore, by doubling the number of patents-in-suit and injecting new and different claims for relief, Plaintiff has created confusion and undue delay, as well as the potential for significant prejudice to ViewSonic, which is not a party to these new claims for relief. Accordingly, Plaintiffs' First Amended Complaint should be stricken.

**Plaintiff's Second First Amended Complaint Should Be Stricken Because Plaintiff Failed to Seek Leave of Court and Because the Complaint States a New and Unrelated Cause of Action.**

9.      Federal Rule of Civil Procedure 15(a) only allows a party to amend a pleading *once* without seeking leave of court or written consent of the adverse parties. Fed. R. Civ. P. 15(a).

10.     Here, Plaintiff filed the Second First Amended Complaint without seeking leave of court or written consent of the adverse parties. Therefore, the Second First Amended Complaint should be stricken.

11.     Plaintiff's Second First Amended Complaint should also be stricken because it asserts new and unrelated claims for relief. In particular, Plaintiffs' Second First Amended Complaint seeks to add, *also* as Counts IV and V, claims for declaratory judgment of invalidity of patents owned by CMO, to wit, U.S. Patent No. 6,008,786 (the "'786 Patent"), U.S. Patent No. 6,013,923 (the "'923 Patent"), U.S. Patent No. 5,619,352 (the "'352 Patent"), and U.S. Patent No. 6,734,926 B2 (the "'926

Patent"). The Second First Amended Complaint, purportedly filed against CMO only, would increase the number of patents-in-suit to ten (10) – from three (3) in the original Complaint.

12. None of these new Patents was the subject of either the Complaint or the First Amended Complaint. Further, the new Patents do not relate to the original claims, and they do not involve ViewSonic. Since the Second First Amended Complaint sets forth new and unrelated causes of action, ViewSonic respectfully requests that it be stricken.

**There Can Only Be One Operative Complaint, Not Three, in This Action.**

13. Plaintiffs' First Amended Complaint is entitled "First Amended Complaint for Patent Infringement Against Defendant AU Optronics Corporation." Plaintiffs' Second First Amended Complaint is entitled (very similarly) "First Amended Complaint for Patent Infringement Against Defendant Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc." Evidently, Plaintiffs have taken the position that they may amend the Complaint once with respect to *each* defendant, in piecemeal fashion.

14. However, the Federal Rules do not allow for one amendment with respect to each defendant. Such an interpretation of the rule would create confusion and unnecessary delay. In this case, LPL's proposed interpretation of the rule has resulted in three separate complaints, with each of the three asserted as operative (as to one or more defendants) by LPL, even as all three complaints state claims against ViewSonic.

15. Furthermore, *both* of the two First Amended Complaints purport to add Counts IV and V. Confusingly, Counts IV and V in the First Amended Complaint do not involve the same patents or the same defendants as Counts IV and V in the Second First Amended Complaint.

16. Plaintiff's three Complaints (and novel interpretation of the Federal Rules) have created confusion. Under the circumstances, the Defendants will be forced to review multiple pleadings to ascertain the nature and extent of the claims asserted by LPL, and, presumably, each would be required to respond to a *different* complaint in this case.

17. In order to avoid confusion, and so as to require that there be only one operative Complaint in this action, ViewSonic requests that this Court strike the two First Amended Complaints filed by LPL without leave of Court.

For the reasons set forth above, ViewSonic respectfully requests that this Court strike the amended Complaints filed by Plaintiff on April 11, 2007 (D.I. 29) and May 22, 2007 (D.I. 54).

Dated: July 20, 2007

_____
Edmond D. Johnson (DE Bar #2257)
Thomas H. Kovach (DE Bar #3964)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
(302) 777-6500

Of Counsel:
John N. Zarian
Samia E. McCall
Matthew D. Thayne
STOEL RIVES LLP
101 S. Capitol Blvd.
Suite 1900
Boise, ID  83702
(208) 389-9000

*Attorneys for Defendant ViewSonic Corporation*

## LOCAL RULE 7.1.1 STATEMENT

Pursuant to D. Del. LR 7.1.1, I hereby certify that a reasonable effort has been made to reach agreement with Plaintiff LG.Philips LCD Co., Ltd. and that the parties have been unable to reach agreement regarding Plaintiff's amended complaints that are the subject of this motion.

Thomas H. Kovach (DE Bar #3964)

#8726963 v1

## CERTIFICATE OF SERVICE

I, Edmond D. Johnson, hereby certify that on the 20th day of July, 2007, I caused a copy of the foregoing *ViewSonic's Motion to Strike Plaintiff's Amended Complaints* to be filed with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard D. Kirk, Esquire
Ashley B. Stitzer, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801

David Ellis Moore, Esquire
Potter Anderson & Corroon, LLP
Hercules Plaza,
1313 N. Market St., 6th Fl.
P.O. Box 951
Wilmington, DE 19899-0951

William E. Manning, Esquire
Jennifer M. Becnel-Guzzo, Esquire
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397

/s/ Thomas H. Kovach
Thomas H. Kovach (DE Bar #3964)

#8726963 v1

## LOCAL RULE 7.1.1 STATEMENT

Pursuant to D. Del. LR 7.1.1, I hereby certify that a reasonable effort has been made to reach agreement with Plaintiff LG.Philips LCD Co., Ltd. and that the parties have been unable to reach agreement regarding Plaintiff's amended complaints that are the subject of this motion.

_____
Thomas H. Kovach (DE Bar #3964)

#8726963 v1

## CERTIFICATE OF SERVICE

I, Edmond D. Johnson, hereby certify that on the 20th day of July, 2007, I caused a copy of the foregoing *ViewSonic's Motion to Strike Plaintiff's Amended Complaints* to be filed with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard D. Kirk, Esquire
Ashley B. Stitzer, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801

David Ellis Moore, Esquire
Potter Anderson & Corroon, LLP
Hercules Plaza,
1313 N. Market St., 6th Fl.
P.O. Box 951
Wilmington, DE 19899-0951

William E. Manning, Esquire
Jennifer M. Becnel-Guzzo, Esquire
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397

Thomas H. Kovach (DE Bar #3964)

#8726963 v1