IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LCD<br><br>Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION,<br><br>Defendants. | Civil Action 06-726-GMS |

## VIEWSONIC AND TATUNG'S JOINT MOTION FOR CLARIFICATION

### I. INTRODUCTION

Defendants ViewSonic Corporation ("ViewSonic"), Tatung Company and Tatung Company of America, Inc. ("Tatung") (collectively "Defendants") respectfully submit this Joint Motion for Clarification.

### II. BACKGROUND

1) On December 1, 2006, LG.Philips LCD Co., Ltd. ("Plaintiff" or "LPL") filed a complaint in the District of Delaware initiating a lawsuit against Chi Mei Optoelectronics Corporation ("CMO"), AU Optronics Corporation, AU Optronics Corporation of America (collectively, with AU Optronics Corporation, "AUO"), Tatung, and ViewSonic, C.A. No. 06-726 (the "LPL Action"). The case was originally pending before Judge Farnan; however, on July 3, 2007, the case was transferred to Judge Sleet.

2)      On March 8, 2007, in the District of Wisconsin, AUO filed a complaint against LPL alleging patent infringement. On or about June 6, 2007, that case (the "AUO Action") was transferred to the District of Delaware, C.A. No. 07-357, and assigned to Judge Farnan. CMO, ViewSonic, and Tatung are not parties to the AUO Action.

3)      On June 26, 2007, while the LPL Action and the AUO Action were both before Judge Farnan, LPL and AUO filed a joint motion to consolidate them. (D.I. 92).

4)      On July 3, 2007, the LPL Action was reassigned to Judge Sleet. The AUO Action, however, remained pending before Judge Farnan.

5)      On July 6, 2007, the motion to consolidate was withdrawn and re-filed by LPL and AUO. (D.I. 102 & 103). LPL and AUO filed their new motion in <u>both</u> the LPL Action (pending before Judge Sleet) and the AUO Action (pending before Judge Farnan).

6)      When contacted by moving counsel regarding the motion(s) to consolidate, both ViewSonic and Tatung indicated that they intended to file a response to AUO's and LPL's renewed motion. Of course, ViewSonic's and Tatung's oppositions could only be filed in the case in which ViewSonic and Tatung were parties – the LPL Action. Unfortunately, LPL and AUO apparently did not inform Judge Farnan that they expected that oppositions to the consolidation motions would be filed in the LPL Action.

7)      On Friday, July 20, 2007, both Tatung and ViewSonic timely filed oppositions to the re-filed joint motion to consolidate in the LPL Action – the only one of the two cases to which they are party. (D.I. 115 & 116).

8)      On Monday, July 23, 2007, ViewSonic and Tatung learned that Judge Farnan had entered an order in the AUO Action transferring the case to Judge Sleet and consolidating it into the LPL Action already before Judge Sleet. (*See* Civil Action. No.

07-357-JJF, D.I. 100). Judge Farnan's order was entered on July 23, 2007 (hereinafter, the "July 23 Order"), though it is dated July 19, 2007. (Id.)

9) The July 23 Order states, as a basis for granting the consolidation, that the Court had "not received an opposition to the Joint Motion to Consolidate." (Id.)

### III.  ARGUMENT

A. **Judge Farnan Was Unaware of the Oppositions Filed By Tatung and ViewSonic in This Action Before Entering the July 23 Order in the AUO Action.**

By its terms, the July 23 Order was entered by Judge Farnan in the AUO Action without consideration of the oppositions filed by ViewSonic and Tatung in this case, presumably because Judge Farnan was not informed that ViewSonic and Tatung would be responding to the consolidation motion filed in this case. (*See* Civil Action. No. 07-357-JJF, D.I. 100.) The July 23 Order specifically cites the absence of any opposition as a ground for granting the Joint Motion to Consolidate. (Id.)

B. **Tatung and ViewSonic Filed Timely Oppositions in This Case.**

Neither ViewSonic nor Tatung filed oppositions (or any other documents) in the subsequently-filed AUO Action, because neither ViewSonic nor Tatung are parties to that case. ViewSonic and Tatung cannot file pleadings in the AUO Action, because they lack standing.[1] However, both ViewSonic and Tatung did, in fact, file oppositions to the Joint Motion to Consolidate in <u>this</u> case, the LPL Action, which is the only case to which they are parties. (*See* D.I. 115 & 116). It is undisputed that the oppositions were timely filed and served by ViewSonic and Tatung in this case on Friday, July 20, 2007. (Id.)

---

[1] Indeed, even if they wanted to file pleadings in the AUO Action, ViewSonic and Tatung would be prevented from doing so by the CM/ECF filing system.

C.  **Consolidation is Appropriate Only When the Cases Are Under the Managerial Power of a Single District Judge.**

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is procedurally appropriate only when two or more actions are "pending before the Court…" Fed. R. Civ. Pro. 42(a). In order to be "pending before the Court," all of the actions to be consolidated must be "subject to the managerial power of a single district judge." *8 James Wm. Moore et al.*, Moore's Federal Practice § 42.11 (3d ed. 1997).

In this instance, LPL and AUO filed a motion to consolidate (actually, two concurrent motions to consolidate) actions that were pending before *two* District Court Judges. Such filings, involving actions in which there was not a unity of parties, were procedurally inappropriate prior to transfer or reassignment to a single judge.[2]

D.  **Tatung and ViewSonic Seek Clarification of the Procedural Impact of the July 23 Order Entered by Judge Farnan in the AUO Action, Particularly Since the Joint Motion to Consolidate (D.I. 116) is Still Pending in This Case.**

Under the circumstances, and by this motion, ViewSonic and Tatung seek clarification regarding the procedural impact of the July 23 Order entered by Judge Farnan in the AUO Action, particularly since the Joint Motion to Consolidate filed in this case (D.I. 116) is still pending.

While ViewSonic and Tatung interpret the July 23 Order as having effectively transferred the AUO Action to Judge Sleet, these parties believe that any consolidation of the AUO Action into the instant action still requires a ruling from the judge now controlling and with knowledge of both cases, that is, Judge Sleet.

---

[2] Judge Farnan's ruling, made without the benefit or knowledge of any opposition filed by affected parties in this action, exemplifies why motions to consolidate should only be filed where the actions (and parties) to be consolidated are under the control of the same judge.

-4-

Moreover, and in any event, the July 23 Order should be reconsidered because Judge Farnan was not, and indeed could not have been, aware of the oppositions filed by ViewSonic and Tatung in the LPL Action. The language of the July 23 Order suggests that these oppositions would have been material to any such ruling by Judge Farnan.

**E.   Tatung and ViewSonic Request That the Court Consider Their Oppositions to the Joint Motion to Consolidate and, on the Merits, Deny That Motion.**

ViewSonic and Tatung respectfully request that this Court review and consider the merits of their oppositions to the Joint Motion to Consolidate (D.I. 116). For the reasons set forth in those oppositions, as filed on July 20, 2007, consolidation of the AUO Action with the LPL Action is inappropriate and would cause unnecessary delay and expense, imposing a substantial and undue burden on ViewSonic and Tatung.

**F.   LPL/AUO Have Declined Requests to Resolve This Matter by Consent.**

As set forth in the two accompanying Local Rule 7.1.1. Statements, LPL and AUO have declined requests to resolve this issue by the mutual consent of the parties.

### IV.  CONCLUSION

For all of the foregoing reasons, ViewSonic and Tatung respectfully request that this Court clarify the procedural import of the July 23 Order and consider the oppositions filed by ViewSonic and Tatung before ruling on the Joint Motion to Consolidate (D.I. 116) pending in this action.

#8768434 v2

-6-

Dated: August 2, 2007

| /s/ Edmond D. Johnson | /s/ Jennifer M. Becnel-Guzzo |
|---|---|
| Edmond D. Johnson (DE Bar #2257) | William E. Manning (DE Bar # 697) |
| Thomas H. Kovach (DE Bar #3964) | Jennifer M. Becnel-Guzzo (DE Bar #4492) |
| PEPPER HAMILTON LLP | BUCHANAN INGERSOLL & ROONEY PC |
| Hercules Plaza, Suite 5100 | 1000 West Street, Suite 1410 |
| 1313 N. Market Street | P.O. Box 1397 |
| P. O. Box 1709 | Wilmington, DE 19899-1397 |
| Wilmington, DE 19899-1709 | (302) 552-4200 |
| (302) 777-6539 | |
| | |
| -And- | -And- |
| John N. Zarian | Bryan J. Sinclair |
| Samia E. McCall | Karineh Khachatourian |
| Matthew D. Thayne | Jeffrey M. Ratinoff |
| STOEL RIVES LLP | BUCHANAN INGERSOLL & ROONEY PC |
| 101 S. Capitol Blvd., Suite 1900 | 333 Twin Dolphin Drive, Suite 700 |
| Boise, ID 83702 | Redwood Shores, CA 94065-1418 |
| (208) 389-9000 | (650) 622-2300 |
| | |
| Attorneys for Defendant ViewSonic Corporation | Attorneys for Defendants Tatung Company and Tatung Company of America |

#8768434 v2

## LOCAL RULE 7.1.1 STATEMENT

Pursuant to D. Del. LR 7.1.1, I hereby certify that a reasonable effort has been made to reach agreement with AU Optronics Corporation and AU Optronics Corporation America (collectively "AUO") and that the parties have been unable to reach agreement regarding the clarification of Judge Farnan's July 23, 2007 order that is the subject of this motion.

Thomas H. Kovach (DE Bar #3964)

#8768434 v1

## STATEMENT PURSUANT TO D. DEL. LR 7.1.1

I, William E. Manning, Esquire, hereby certify pursuant to D. Del. LR 7.1.1 that on July 26, 2007, I spoke with LG.Philips LCD Co., Ltd.'s counsel, Richard D. Kirk, Esquire, in an attempt to reach an agreement on the matters raised in ViewSonic and Tatung's Joint Motion for Clarification. Despite such efforts, we were unable to reach an agreement.

BUCHANAN INGERSOLL & ROONEY

*/s/ William E. Manning*
William E. Manning, Esquire (#697)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
(302) 552-4295 (facsimile)
william.manning@bipc.com

August 2, 2007

## CERTIFICATE OF SERVICE

I, Edmond D. Johnson, hereby certify that on the 2nd day of August, 2007, I caused a copy of the foregoing **Joint Motion for Clarification** to be filed with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard D. Kirk, Esquire
Ashley B. Stitzer, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

David Ellis Moore, Esquire
Potter Anderson & Corroon, LLP
Hercules Plaza,
1313 N. Market St., 6th Fl.
P.O. Box 951
Wilmington, DE 19899-0951

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801

William E. Manning, Esquire
Jennifer M. Becnel-Guzzo, Esquire
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397

/s/ Edmond D. Johnson
Edmond D. Johnson (DE Bar #2257)

#8768434 v2