UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>　　　　　　Plaintiff,<br>v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>　　　　　　Defendants. | C.A. No. 06-726-GMS<br>C.A. No. 07-357-GMS<br><br>**CONSOLIDATED CASES** |

**PLAINTIFF LG.PHILIPS LCD CO., LTD.'S
MEMORANDUM IN OPPOSITION TO
DEFENDANT VIEWSONIC CORPORATION'S
MOTION TO STRIKE AMENDED COMPLAINTS
AND TO DEFENDANTS TATUNG COMPANY'S AND
TATUNG COMPANY OF AMERICA'S JOINDER THEREIN**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby responds to the Motion to Strike Plaintiff's Amended Complaints (D.I. 114) (the "Motion to Strike") filed by defendant ViewSonic Corporation ("ViewSonic").[1] ViewSonic has moved the Court to strike LPL's First Amended Complaint against defendants AU Optronics Corporation and AU Optronics Corporation America (D.I. 29) and LPL's First Amended Complaint against defendant Chi Mei Optoelectronics Corporation and against Chi Mei Optoelectronics USA, Inc. (D.I. 54.) ViewSonic argues that the two amended complaints are "not proper under Federal Rule of Civil Procedure 15" and "create unnecessary confusion and undue delay." (D.I. 114 at ¶ 4.) For the reasons set forth herein, the Motion to Strike should be denied.

---

[1] Defendants Tatung Company and Tatung Company of America, Inc. joined in the Motion to Strike. (D.I. 117.) The Tatung Defendants presented no additional argument, and so LPL incorporates by reference all of its arguments herein in response to the Tatung Defendants' joinder. Defendant Chi Mei Optoelectronics Corporation has also joined in the Motion to Strike. (D,I. 119.). LPL believes CMO's joinder is improper and will respond to it separately.

666652-1

## COUNTERSTATEMENT OF FACTS

On December 1, 2006, LPL commenced this action by filing a complaint for patent infringement (D.I. 1) against Chi Mei Optoelectronics Corporation, AU Optronics Corporation, AU Optronics Corporation America, Tatung Company, Tatung Company of America, Inc., and ViewSonic. The complaint set forth LPL's patents-in-suit and alleged that all of the defendants infringed those patents.

On April 11, 2007, LPL filed its First Amended Complaint Against AU Optronics Corporation and AU Optronics Corporation America (D.I. 29) (the "First Amended AUO Complaint"). The First Amended AUO Complaint made no changes whatsoever from the initial complaint with respect to the allegations common to all of the defendants. The only change made by the First Amended AUO Complaint was to add a new count *only* against AU Optronics Corporation for declaratory judgment related to patents that AU Optronics Corporation had by then asserted against LPL in Wisconsin.[2] Counsel for LPL made clear in an email communication to counsel for ViewSonic that the amended pleading was not directed at ViewSonic. *See* Exhibit A, email dated April 16 from Richard D. Kirk to Edmund D. Johnson and Thomas Kovach, ViewSonic's Delaware counsel.

On May 22, 2007, LPL filed its First Amended Complaint Against Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. (D.I. 54) (the "First Amended CMO Complaint"). The First Amended CMO Complaint made no changes whatsoever from the initial complaint with respect to the allegations common to all of the defendants. The only relevant change made by the First Amended CMO Complaint was

---

[2] LPL moved to transfer AUO's Wisconsin action to Delaware, and that motion was granted. The transferred case, opened here as Civil Action No. 07-357-JJF (D.I. 49 in 07-357), has now been consolidated into this case and reassigned to this Court. (D.I. 100 in 07-357).

to add a new count *only* against Chi Mei Optoelectronics Corporation for declaratory judgment related to patents that Chi Mei Optoelectronics Corporation had by then asserted against LPL in Texas.³ Counsel for LPL made clear in the email communication serving the First Amended CMO Complaint that the amended pleading was only directed to CMO. See Exhibit B, email dated May 22, 2007 Richard D. Kirk to all defense counsel, including Edmund D. Johnson and Thomas Kovach, ViewSonic's Delaware counsel.

ViewSonic has already filed a Motion to Dismiss for Failure to State a Claim (D.I. 41), a Motion to Stay (D.I. 37), and a Motion for More Definite Statement (D.I. 39). Those motions have been fully briefed and await decision. Now, ViewSonic has filed yet another motion directed to the pleadings. Like its earlier motions, ViewSonic's Motion to Strike lacks merit and should be denied.

### THE FIRST AMENDED AUO COMPLAINT WAS A PROPER FILING

ViewSonic asserts that LPL's First Amended AUO Complaint "should be stricken because it states a new and unrelated cause of action." In support of that assertion, ViewSonic states that "an amendment to a complaint may not be filed without leave of court if it states a new and unrelated cause of action or claim for relief," D.I. 114 at ¶ 6, citing *Martinez v. Safeway Stores, Inc.*, 66 F.R.D. 446, 448 (N.D. Cal. 1975). The import of ViewSonic's argument and citation to *Martinez* is that a plaintiff may not amend as of right under Fed.R.Civ.P. 15(a) if the amendment states a new and unrelated cause of action. That argument and citation are plainly incorrect.

---

³ The First Amended CMO Complaint also added a new party, Chi Mei Optoelectronics USA, Inc., as an additional defendant against whom the common claims of patent infringement were asserted.

First, Fed.R.Civ. P. 15(a) states simply, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served..." The rule draws no distinction between an amendment that states a new cause of action and one that does not. ViewSonic's argument ignores the plain language of Rule 15(a).

Second, *Martinez* does not stand for the proposition that a plaintiff must file a motion to amend (as opposed to amending as of right) if the amendment states a new and unrelated cause of action. *Martinez* actually involved a contested motion to amend so it did not address the question of amendment as of right at all. Accordingly, ViewSonic's citation to *Martinez* for the proposition that an amendment as of right may not include a new cause of action is erroneous.

It appears, then, that what ViewSonic is actually arguing is that Fed.R.Civ.P. 15(a) entirely forbids an amendment that sets forth new and unrelated causes of action, whether as of right or by motion. (D.I. 114 at ¶ 8 ("the First Amended Complaint impermissibly sets forth new and unrelated causes of action")). That argument is unsupported by the case law.

ViewSonic cites only *Martinez* in support of this erroneous argument. *Martinez* dealt with a motion to amend an employment discrimination case to add *as plaintiffs* two parties who were not in the same employment class as the existing plaintiffs. The Court framed the issue as being whether the new plaintiffs could have been joined in the original complaint, and thus analyzed the motion to amend under Rule 20, which governs the joinder of parties. The Court found that Rule 20 would have barred joining the two new parties to the original complaint because their claims of discrimination were fundamentally different from the claims of the existing plaintiffs. Because the proposed

plaintiffs could not have been joined at the outset, they obviously could not be added by amendment under Rule 15.

The situation in *Martinez,* where plaintiffs sought to add new plaintiffs to the case, and the situation here, where plaintiff added additional claims against only a single defendant, are completely different. Here, LPL asserted in the initial complaint the same claims of patent infringement against all of the defendants. The alignment of parties was unquestionably proper: one plaintiff asserting the same claim against all defendants. The First Amended AUO Complaint only added additional, separate claims against a single party without changing the allegations common to all defendants.

The only other pleading requirement that may be implicated is contained in Fed.R.Civ.P. 10(b), which requires that "(e)ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth." LPL fully complied with Rule 10(b) by setting forth its additional and separate claims against AUO in a separate count.

ViewSonic may have in mind some vintage cases that predate the promulgation of the Federal Rules of Civil Procedure, when rules of pleading were stricter. However, the decisions in those cases (which were not cited by ViewSonic) have been abrogated by Fed. R. Civ.P. 15:

> A small number of courts have indicated that an amendment substantially changing the original claim or defense so as to present a new claim or defense may not be allowed at all. *E.g., Wilson v. American Chain & Cable Co.,* D.C.Pa., 1963, 216 F.Supp. 32; *Watson v. World of Mirth Shows, Inc.,* D.C. Ga.1944, 4 F.R.D. 31; *Echeverria v. Texas Co.,* D.C. Del. 1940, 31 F.Supp. 596. These decisions probably can be traced to the prefederal rule practice of not allowing a new cause of action or defense to be introduced by amendment. However, they are totally inconsistent with the philosophy of the federal rules, including the relation back policy embodied in Rule 15(v), and the supplemental pleading practice under

> Rule 15(d). Their conclusions are further undercut because after stating the restrictive approach, the courts usually went on to hold that the amendment involved did not introduce a new claim and could be allowed.

6 Charles A. Wright, et al., *Federal Practice and Procedure* §1474 n. 15 (2d ed. 1990).

In short, the First Amended AUO Complaint, which simply added an additional, separate claim against one defendant, was a completely proper filing under the Federal Rules and should not be stricken.[4]

### THE FIRST AMENDED CMO COMPLAINT WAS A PROPER FILING

ViewSonic next asserts that LPL's First Amended CMO Complaint should also be stricken, first, because LPL failed to obtain leave of court or written consent of the parties to the amendment, and, second, because it states a new and unrelated cause of action.

In support of its second argument, ViewSonic simply restates its argument regarding the First Amended AUO Complaint. And so, LPL restates and incorporates by reference its argument regarding the First Amended AUO Complaint, *supra, at 3-6*. Adding additional, separate claims against an existing defendant was not improper and did not affect the propriety of the claims common to all defendants.

With respect to ViewSonic's first argument under this heading, LPL disagrees that it needed to obtain leave of Court to file the First Amended CMO Complaint, even though it had already filed the First Amended AUO Complaint. LPL complied with Fed.R.Civ.P. 15(a) when it filed its First Amended CMO Complaint. LPL had not previously amended its complaint against CMO, and CMO had not filed a responsive pleading before LPL filed the First Amended CMO Complaint. Rule 15(a) states: "A

---

[4] LPL notes that the AUO defendants, the parties with the largest interest therein, have already answered the First Amended AUO Complaint.

party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served…" LPL's filing was consistent with the language and intent of Rule 15.

The *Kronfeld v. First New Jersey Nat'l Bank*, 638 F.Supp. 1454 (D.N.J. 1986) case is instructive. There, the plaintiffs sued multiple defendants. Some defendants responded by filing answers, and some responded by filing motions to dismiss. Plaintiffs then sought to amend the complaint. The Court said that, as to the defendants who had already answered, plaintiffs had to seek leave to amend, but as to the defendants who had only filed motions, plaintiffs could amend as of right. See also, *Anderson v. USAA Casualty Insurance Corp.*, 218 F.R.D. 307, 309 (D.D.C. 2003) ("If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer."); 3 James Wm. Moore, et al., *Moore's Federal Practice* § 15.11 (3d ed. 2000); 6 Charles A.Wright, et al., *Federal Practice and Procedure* §1481 (2d ed. 1990).

While those authorities may not answer the precise question before this Court, namely whether LPL may successively amend as of right with respect to two different parties, LPL submits that those cases provide the best analytical framework. What is significant in *Kronfeld* and *Anderson* is that, even though at least one responsive pleading (i.e., an answer) had already been filed, the court said plaintiffs still had the ability to amend as of right as to the non-answering defendants. ***Thus, the filing of one responsive pleading by one defendant did not extinguish plaintiffs' ability to amend as of right as to the other defendants*** . The court looked at the state of the pleadings as between the plaintiffs and each of the defendants, not as between the plaintiffs and all the defendants

as a collective whole. Or put another way, the court read Fed.R.Civ.P. 15(a) as if it said, "A party may amend its pleading *as to another party* once as a matter of course at any time before a responsive pleading is served *by that other party*..."

In this case, CMO had not filed a responsive pleading at the time LPL filed the First Amended CMO Complaint. Accordingly, LPL filed the First Amended CMO Complaint, as of right, in the good faith belief that the Federal Rules permitted it to do so. LPL submits that the First Amended AUO Complaint was a completely proper filing under the Federal Rules, as interpreted by cases like *Kronfeld* and *Anderson*.

If the Court were to find that LPL should have sought leave before filing the First Amended CMO Complaint, LPL respectfully submits that striking the amended complaint would not be a proper or necessary remedy. Instead, if the Court were to make that finding, LPL would respectfully request the Court to treat LPL's filing of the First Amended CMO Complaint as if it were a motion seeking leave to file it, and then consider and grant that motion *nunc pro tunc*, as such a motion to amend would certainly have met the liberal standards for amendment set forth in Rule 15 and the case law construing it.[5]  *Martek Biosciences Corp. v. Nutrinova*, Inc., No. 03-896 GMS, 2005 WL 1745680, *2 (D. Del. July 19, 2005) (J. Sleet).

### THE PLEADINGS ARE NOT CONFUSING AS TO VIEWSONIC, WHICH SHOULD ANSWER THE COMPLAINT AND END ITS DELAY

ViewSonic ends its Motion to Strike by complaining that the pleadings are confusing and are causing delay in the adjudication of this case. ViewSonic's complaints of delay are ironic, to say the least. At the opening of the pleadings, LPL granted ViewSonic's request for a 30 day extension of time to respond to the initial complaint,

---

[5] Indeed, defendant CMO has stated that it would not have opposed a motion for leave to file an amended complaint. (D.I. 119.)

ostensibly so that ViewSonic could investigate and respond to the allegations of the complaint.  At the very end of that extension, ViewSonic commenced to file a Motion to Dismiss for Failure to State a Claim (D.I. 41), a Motion to Stay (D.I. 37), a Motion for More Definite Statement (D.I. 39), and it filed the Motion to Strike almost two full months after the filing of the second pleading it seeks to strike.  These do not seem to be the actions of a party opposed to delay.

With respect to confusion, LPL submits that there should be no confusion to any party or the Court, and certainly none on ViewSonic's part.  LPL's claims against ViewSonic were set forth six months ago in the initial complaint (D.I. 1).  Those claims against ViewSonic were not affected at all by the amendment as to AUO, nor were they affected at all by the amendment as to CMO.  In fact, LPL's counsel made clear to ViewSonic that the two amendments were not directed in any way at ViewSonic. (See Exhibits A and B.)  Under the circumstances, therefore, ViewSonic's complaint that it is simply "unable to ascertain the nature and extent of the claims asserted by LPL" rings hollow.

If, after all of the motions directed to jurisdiction and directed to the pleadings have been resolved, the Court directs LPL to submit a single, restated complaint, LPL will gladly do so.  In the meantime, however, ViewSonic knows full well what claims LPL is asserting against it.  Its argument to the contrary is simply not believable.

## CONCLUSION

LPL respectfully requests the Court to deny the Motion to Strike.

August 3, 2007

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

THE BAYARD FIRM

*/s/ Richard D. Kirk (rk0922)*
Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
Attorneys for Defendant/Counterclaim-
Plaintiff LG.Philips LCD Co., Ltd.

# EXHIBIT A

Case 1:06-cv-00726-JJF　　Document 123　　Filed 08/03/2007　　Page 11 of 16

## Dick Kirk

**From:** Dick Kirk
**Sent:** Monday, April 16, 2007 10:26 AM
**To:** 'Johnson, Edmond D.'; 'Kovach, Thomas'
**Subject:** LG.Philips LCD Co., Ltd. v. ViewSonic

Ted and Tom:

Sorry I was out when Ted called last week. (I was with Tom in Arlington, VA.)

The amended complaint I filed last week only amends claims against the AUO defendants. I had planned to tell the other defendants that they do not need to respond to the amended complaint and that any pleading they have filed already may be deemed filed against the amended complaint as well.

We have already stipulated with CMO to file our answering brief on May 22. Judge Farnan approved that stipulation. My guess is that if we (LPL and ViewSonic) filed a stipulation that recited (1) that your motion is partly dispositive and subject to local rules briefing, and (2) that we agreed subject to court approval that our answering brief would be filed May 22, Judge Farnan would likewise approve that. Would you check that with your folks?

Dick Kirk

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, Delaware 19801
Main: (302) 655-5000
Direct: (302) 429-4208
Fax: (302) 658-6395
rkirk@bayardfirm.com

7/25/2007

# EXHIBIT B

# Dick Kirk

| | |
|---|---|
| From: | Dick Kirk |
| Sent: | Tuesday, May 22, 2007 3:50 PM |
| To: | 'Arthur P. Licygiewicz'; 'David E. Moore'; 'Edmond D. Johnson'; 'Hua Chen'; 'J. Walter Sinclair'; 'Jay C. Chiu'; 'Jennifer M. Becnel-Guzzo'; 'John N. Zarian'; 'John W. Shaw'; 'Jonathan Hangartner'; 'Karen L. Pascale'; 'Kenneth R. Adamo'; 'Matthew D. Thayne'; 'Peter J. Wied'; 'Philip A. Rovner'; 'Robert C. Kahrl'; 'Samia E. McCall'; 'Thomas H. Kovach'; 'Vincent K. Yip'; 'William E. Manning' |
| Cc: | 'Bono, Gaspare' |
| Subject: | LG.Philips v. Chi Mei Optoelectronics Corporation, C.A. No. 06-726-JJF |
| Attachments: | first amended complaint_CMO.pdf; Ex A_USP 5019002.pdf; Ex B_USP 5825449.pdf; Ex C_USP 4624737.pdf; Ex D_USP 6008786.pdf; Ex E_USP 6013923.pdf; Ex F_USP 5619352.pdf; Ex G_USP 6734926.pdf; COS_052207.pdf; PRAECIPE - CHI MEI OPTOELECTRONICS USA.pdf; PRAECIPE - CHI MEI OPTOELECTRONICS CORPORATION.pdf |

Dear counsel:

Attached is LPL's First Amended Complaint for Patent Infringement Against Defendant Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. which was filed today (D.I. 54). This pleading was not directed at or intended to affect any other defendant. I am also attaching the praecipes we filed (D. I. 55 and D.I. 56) for summonses directed to those two defendants. Hard copies will be sent to you.

Phil, I have assumed that you are not authorized to accept service of this pleading on behalf of the Chi Mei entities. This email and the hard copies, then, are courtesy copies for you. We will serve Chi Mei Optoelectronics Corporation through the Secretary of State and Chi Mei Optoelectronics USA, Inc. through its registered agent.

Regards,

Dick Kirk

Richard D. Kirk
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, Delaware 19801
Main: (302) 655-5000
Direct: (302) 429-4208
Fax: (302) 658-6395
rkirk@bayardfirm.com

7/25/2007

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 3, 2007, he served the foregoing documents by email and by hand upon the following counsel:

Edmond D. Johnson
Thomas H. Kovach
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
PO Box 1709
Wilmington, DE 19899-1709

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Philip A. Rovner
Dave E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19899-0951

William E. Manning
Jennifer M. Becnel-Guzzo
BUCHANAN INGERSOLL & ROONEY
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

The undersigned counsel further certifies that, on August 3, 2007, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

John N. Zarian
Samia McCall
Matthew D. Thayne
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702

Vincent K. Yip
Peter J. Wied
Jay C. Chiu
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

Bryan J. Sinclair
Karineh Khachatourian
BUCHANAN INGERSOLL & ROONEY
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

656846-1

| | |
|---|---|
| Ron E. Shulman, Esquire<br>Julie Holloway, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, California 94304-1050 | James R. Troupis, Esquire<br>Paul D. Barbato, Esquire<br>MICHAEL BEST & FRIEDRICH LLP<br>One South Pinckney Street<br>Suite 700<br>P.O.Box 1806<br>Madison, WI 53701-1806 |
| M. Craig Tyler, Esquire<br>Brian D. Range, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, Texas 78759-8497 | |

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1