UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION, et al. <br><br> Defendants. | C.A. No. 06-726-GMS <br> C.A. No. 07-357-GMS <br><br> CONSOLIDATED CASES |

**PLAINTIFF LG.PHILIPS LCD CO., LTD.'S
RESPONSE TO DEFENDANT CMO'S MOTION AND JOINDER
IN VIEWSONIC'S MOTION TO STRIKE
PLAINTIFF'S AMENDED COMPLAINTS**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby responds to defendant Chi Mei Optoelectronics Corporation's ("CMO") Motion and Joinder in Viewsonic's Motion to Strike Plaintiff's Amended Complaints (D.I. 119) (the "Joinder"). CMO's Joinder should be denied for at least three reasons: (i) LPL's amended complaints were properly filed under Fed. R. Civ. P. 15(a); (ii) CMO's Joinder is untimely as CMO has been in default since June 6, 2007 and has waived its right to file a motion to strike, and (iii) the Joinder was filed solely to further delay the adjudication of the issues between the parties.

**COUNTERSTATEMENT OF FACTS**

LPL incorporates by reference the Counterstatement of Facts included in its Memorandum In Opposition To Defendant Viewsonic Corporation's Motion To Strike Amended Complaints and To Defendants Tatung Company's and Tatung Company of America's Joinder Therein, filed on August 3, 2007 ("LPL's Opposition") (D.I. 123), and states the following additional facts.

By Stipulation and Order dated March 7, 2007, CMO's response to LPL's original complaint was due on April 6, 2007. (D.I. 16.) On May 22, LPL served on CMO a copy of the Summons and First Amended Complaint against defendants CMO and Chi Mei Optoelectronics USA, Inc. ("CMO USA") ("First Amended CMO Complaint") (D.I. 54) by serving the Secretary of State of Delaware pursuant to 10 *Del. C.* §3104, which states that a party can serve a nonresident defendant by serving a copy of the Summons and Complaint on the Secretary of State, if the person is subject to personal jurisdiction in Delaware. (D.I. 66, 67.) On May 24, 2007, LPL sent to CMO by registered mail, return receipt requested, a notice letter, together with copies of the Summons and First Amended CMO Complaint as served upon the Secretary of State of Delaware. (D.I. 67.) Also, on May 22, LPL personally served CMO USA's registered agent, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, DE, 19808, with the Summons and First Amended CMO Complaint. (D.I. 66.)

Until CMO's motion to strike filed on July 26, 2007, neither CMO, nor CMO USA had filed any response to the First Amended Complaint Against CMO and CMO USA.

## ARGUMENT

I.  **BOTH CMO AND CMO USA FORFEITED THEIR RIGHT TO STRIKE THE AMENDED COMPLAINT, THEREFORE, CMO'S MOTION SHOULD BE STRICKEN**

Although properly served with the First Amended CMO Complaint, CMO chose to ignore the pleading for two months and now, instead of directly responding to it, CMO simply piggy backs on Viewsonic's motion to strike. This unsatisfactory response should be stricken as untimely.

A defendant must file an answer to an amended complaint within the time remaining for responding to the original complaint, or within 10 days after service of the amended complaint, whichever is longer. Fed. R. Civ. P. 15(a). When the amended complaint adds a new defendant, that defendant must file an answer within 20 days after service. Fed. R. Civ. P. 12(a)(1). Although Fed. R. Civ. P. 12(f) permits a motion to strike an amended complaint for failing to satisfy the requirements of Fed. R. Civ. P. 15(a), *Readmond v. Matsushita Elec. Corp.*, 355 F. Supp. 1073, 1080 (E.D. Pa. 1972), such a motion must be filed *before* a responsive pleading is due. Fed. R. Civ. P. 12(f).

Here, pursuant to the Stipulation and Order dated March 7, 2007, CMO had until April 6, 2007 to respond to LPL's original complaint. (D.I. 16.) Both, CMO and CMO USA were served with the First Amended CMO Complaint on May 22, 2007. Accordingly, under Fed. R. Civ. P. 15, CMO's response to the First Amended CMO Complaint was due on June 6, 2007. CMO USA, having been added as a party for the first time and served with a summons on May 22, should have responded by June 20, 2007. Neither CMO, nor CMO USA, filed any response to the First Amended CMO Complaint until CMO filed this Joinder on July 26, 2007. Thus, CMO has been in default as of June 6, and CMO USA has been in default as of June 20, 2007. Accordingly, CMO is no longer permitted to move in response to the First Amended CMO Complaint, and its Joinder should be stricken as untimely. *See Harel v. Rutgers, State University*, 5 F. Supp. 2d 246, 260 (D.N.J. 1998) (rejecting defendant's untimely attempt to dismiss plaintiff's amended complaint for failing to comply with the requirements of Fed. R. Civ. P. 15(a)). CMO's attempt to salvage its error in failing to

respond to the First Amended CMO Complaint by filing an untimely Joinder in Viewsonic's motion to strike should therefore be rejected.

## II.  THE FIRST AMENDED COMPLAINT AGAINST AUO WAS A PROPER FILING

CMO does not directly address Viewsonic's argument with respect to the First Amended Complaint against defendants AU Optronics Corporation and AU Optronics Corporation America (D.I. 29) in its Joinder.  LPL incorporates by reference its response to ViewSonic's argument set forth in LPL's Opposition.

## III.  THE FIRST AMENDED COMPLAINT AGAINST CMO WAS A PROPER FILING

As more fully explained in LPL's Opposition, LPL's First Amended Complaint Against CMO and CMO USA was properly filed.  LPL had not previously amended its complaint against CMO, and CMO had not filed a responsive pleading before LPL filed the First Amended CMO Complaint.  Courts have interpreted Fed. R. Civ. P. 15(a) to mean that "A party may amend its pleading [*as to another party*] once as a matter of course at any time before a responsive pleading is served [*by that other party*]..." *See Kronfeld v. First New Jersey Nat'l Bank*, 638 F. Supp. 1454 case (D.N.J. 1986) (finding plaintiffs could amend as of right regarding defendants who had only filed motions and not an answer in response to plaintiffs' complaint); *Anderson v. USAA Casualty Insurance Corp.*, 218 F.R.D. 307, 309 (D.D.C. 2003) ("If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer.") Therefore, LPL complied with Fed. R. Civ. P. 15(a) when it filed its First Amended CMO Complaint.

Whether or not CMO corresponded with LPL regarding the validity of the First Amended CMO Complaint is irrelevant, except to demonstrate that both CMO and CMO USA received the pleading and therefore have had sufficient time to absorb the additional issues raised by LPL. Accordingly, CMO may not at this late date claim it is prejudiced by the new claims added by LPL. In fact, CMO is already prepared to address the new claims added in LPL's First Amended CMO Complaint, as CMO is presently asserting the mirror image of those claims against LPL in the Eastern District of Texas. *Chi Mei Optoelectronics Corp. v. LG.Philips Co., Ltd. and LG.Philips LCD America, Inc.*, No. 2:07-cv-00176-TJW (filed May 4, 2007).[1] Accordingly, CMO's notice argument has no merit.

Furthermore, motions to strike are disfavored except "when they serve to expedite, rather than delay." *CFMT, Inc. v. YieldUp Intern. Corp.*, No. CIV. A. 95-549-LON, 1996 WL 33140642 (D. Del. 2001). Here, CMO's untimely motion to strike is yet another attempt to delay these proceedings. Already, CMO has filed a motion to dismiss for lack of personal jurisdiction and failed to timely respond to the First Amended Complaint against it. Its subsidiary CMO USA has yet to make itself heard in these proceedings. Now CMO has latched on to Viewsonic's efforts to delay this case by joining Viewsonic's motion to strike. CMO has made no attempt to demonstrate any prejudice from the First Amended CMO Complaint. Indeed, CMO has informed this Court in the Joinder that "CMO would not oppose" a motion for leave to file that amended complaint. (D.I. 119.) It is thus clear that the present motion is simply another attempt to delay and disrupt the adjudication of the issues between the parties to this case.

---

[1] LPL has moved the Eastern District of Texas to transfer CMO's later-filed Texas case to Delaware.

5

IV. **IN THE ALTERNATIVE, THE COURT SHOULD GRANT LEAVE TO FILE THE FIRST AMENDED COMPLAINT AGAINST CMO AND CMO USA**

Given that CMO has told the Court that it would not oppose a motion for leave to amend, even if the Court were to find that LPL should have sought leave before filing the First Amended CMO Complaint, LPL respectfully submits that striking the amended complaint would not be a proper or necessary remedy. Instead, if the Court were to make that finding, LPL would respectfully request the Court to treat LPL's filing of the First Amended CMO Complaint as if it were a motion seeking leave to file it, and then consider and grant that motion *nunc pro tunc*, as such a motion to amend would certainly have met the liberal standards for amendment set forth in Rule 15 and the case law construing it, as CMO itself acknowledges by stating that it "would not oppose such a motion." (D.I. 119.) *See Martek Biosciences Corp. v. Nutrinova*, Inc., No. Civ.A.03-896 GMS, 2005 WL 1745680 (D. Del. July 19, 2005) (J. Sleet) (remarking that the "liberal amendment philosophy [of Rule 15(a)] limits the district court's discretion to deny leave to amend") (quoting *Adams v Gould, Inc.*, 739 F.2d 858, 864 (3d. Cir. 1984)).

## CONCLUSION

LPL respectfully requests the Court to strike CMO's Motion to Strike for its procedural defects and/or deny its motion for its substantive failings.

August 9, 2007                                THE BAYARD FIRM

                                              */s/ Richard D. Kirk (rk0922)*
                                              Richard D. Kirk (rk0922)
                                              222 Delaware Avenue, Suite 900
                                              P.O. Box 25130
                                              Wilmington, DE 19899
                                              (302) 655-5000
                                              Attorneys for Defendant/Counterclaim-
                                              Plaintiff LG.Philips LCD Co., Ltd.

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 9, 2007, he served the foregoing documents by email and by hand upon the following counsel:

Edmond D. Johnson
Thomas H. Kovach
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
PO Box 1709
Wilmington, DE  19899-1709

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Philip A. Rovner
Dave E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE  19899-0951

William E. Manning
Jennifer M. Becnel-Guzzo
BUCHANAN INGERSOLL & ROONEY
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

The undersigned counsel further certifies that, on August 9, 2007, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

John N. Zarian
Samia McCall
Matthew D. Thayne
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID  83702

Vincent K. Yip
Peter J. Wied
Jay C. Chiu
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190

Bryan J. Sinclair
Karineh Khachatourian
BUCHANAN INGERSOLL & ROONEY
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA  94065-1418

656846-1

| | |
|---|---|
| Ron E. Shulman, Esquire<br>Julie Holloway, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, California 94304-1050 | James R. Troupis, Esquire<br>Paul D. Barbato, Esquire<br>MICHAEL BEST & FRIEDRICH LLP<br>One South Pinckney Street<br>Suite 700<br>P.O.Box 1806<br>Madison, WI  53701-1806 |
| M. Craig Tyler, Esquire<br>Brian D. Range, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, Texas 78759-8497 | |

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1