IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LCD<br><br>Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 06-726-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VIEWSONIC'S REPLY IN FURTHER SUPPORT OF
MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINTS**

Defendant ViewSonic Corporation ("ViewSonic") respectfully submits the instant Reply in further support of its pending Motion to Strike (D.I. 114) plaintiff's two amended complaints – filed April 11, 2007 (D.I. 29) and May 22, 2007 (D.I. 54) – and in response to the opposition (D.I. 123) filed by plaintiff LG.Philips LCD Co., Ltd. ("LPL").

**I.    INTRODUCTION**

LPL's opposition entirely misses the mark because it fails even to *address* the threshold question presented by ViewSonic's pending motion to strike – *i.e.,* should a plaintiff be permitted to have three different "operative" complaints on file in a case, while insisting that different defendants should simply be forced to respond to different complaints?  The answer, ViewSonic submits, is "no."  LPL's pleadings are procedurally improper and, for that reason, LPL's two amended complaints should be stricken.

#8789406 v1

## II. THERE CAN BE ONLY ONE OPERATIVE COMPLAINT

One searches LPL's opposition in vain for any reference to a statute, rule or judicial decision that would justify the pendency of three operative complaints in one action. The absurdity of LPL's position is underscored by the fact that LPL is forced to rely upon two *emails* from counsel that ostensibly "explain" (informally) which of the three complaints is to be deemed operative against which of the six named defendants.

Perhaps as a result of the weakness of LPL's argument, the opposition eventually resorts to an attack on ViewSonic for allegedly engaging in some "delay" in this case. To be sure, ViewSonic filed a motion to dismiss (D.I. 37) and a motion for a more definite statement (D.I. 39) in response to LPL's boilerplate and deficient complaint. ViewSonic also filed a well-founded motion to stay (D.I. 41), based on the pendency of two other actions (also filed by LPL) involving the same three patents-in-suit. However, the fact that LPL has *compounded* its prior procedural mistakes by insisting on the simultaneous prosecution of three complaints – prompting this additional motion[1] – is *not* evidence that ViewSonic seeks to "delay" the action. Rather, it is evidence that LPL has compounded its prior procedural mistakes by seeking to prosecute three complaints simultaneously.[2]

---

[1] LPL's *second* First Amended Complaint (D.I. 54) was filed on May 22, 2007, after ViewSonic filed its three motions. (*See* D.I. 37, 39, 41.) Therefore, the issues raised in this motion to strike could not have been raised in ViewSonic's prior motions.

[2] Any "delay" in resolving these procedural issues is attributable solely to LPL.

Indeed, LPL could have avoided this motion altogether by timely filing a single amended pleading, or by properly filing a motion for leave to amend. Instead, LPL chose to stand on its tenuous position, resulting in superfluous motion practice and imposing an unnecessary burden on ViewSonic and the Court.

### III. LPL FAILS TO ARTICULATE A COGENT ARGUMENT IN DEFENSE OF THE *SECOND* FIRST AMENDED (CMO) COMPLAINT

Evidently, LPL maintains that it has a "right" to file, piecemeal, as many operative complaints as there are defendants in a given action. On this basis, LPL defends the simultaneous pendency of (a) the *first* First Amended Complaint (D.I. 29), which included new claims against AU Optronics Corporation ("AUO"), (b) the *second* First Amended Complaint (D.I. 54), which *omitted* the new claims against AUO but added new claims against Chi Mei Optoelectronics Corporation ("CMO"), and (c) the original complaint (D.I. 1), which ostensibly continues to apply to all other defendants.

The cases cited by LPL do *not* support its position. *Kronfeld v. First New Jersey Nat'l Bank*, 638 F.Supp. 1454 (D.N.J. 1986), did not involve multiple amended complaints or, indeed, any amended complaints filed without seeking leave of court.[3] Only one proposed amended complaint was filed in *Kronfeld*, a securities fraud case in which 1400 municipal bondholders brought suit against numerous defendants across the nation. *See Kronfeld*, 638 F.Supp. at 1460. The court did grant the motion to amend duly filed by the plaintiffs, but it also ordered them to compensate two defendants who had already answered the original complaint. *Id.*

LPL's reliance on *Anderson v. USAA Casualty Insurance Corp.*, 218 F.R.D. 307 (D.D.C. 2003), is equally attenuated. *Anderson* also involved a motion for

---

[3] LPL relies almost exclusively on *Kronfeld*, a case that involved a contested motion to amend under Fed.R.Civ.P. 15(a). *See Kronfeld*, 638 F.Supp. at 1460. Earlier in its opposition, however, and with unintended irony, LPL distinguishes a case cited by ViewSonic on the grounds that "*Martinez* actually involved a contested motion to amend *so it does not address the question of amendment as of right at all.*" (Emphasis added.)

leave to file a proposed amended complaint. *Anderson*, 218 F.R.D. at 309-10. Ruling on the motion, the court explained simply that, under Rule 15(a), a plaintiff may amend its complaint once as a matter of course as to any defendant that has not served an answer. *Id.*[4]

Neither *Kronfeld* nor *Anderson* involved any complaint (much less two complaints) filed without leave of court. Neither *Kronfeld* nor *Anderson* involved the filing of a "second" First Amended Complaint omitting some of the new claims from a "first" First Amended Complaint but adding other new claims against a different defendant. Finally, of course, neither *Kronfeld* nor *Anderson* involved a plaintiff's insistence on prosecuting three operative complaints while blithely directing the parties and the court to various emails to determine which complaint applies to which defendant.

Clearly, the *second* First Amended Complaint should be stricken.

## IV. THE *FIRST* FIRST AMENDED (AUO) COMPLAINT SHOULD BE STRICKEN AS WELL

In opposition to that portion of the motion to strike directed at the *first* First Amended Complaint, LPL argues that ViewSonic has misplaced its reliance on *Martinez v. Safeway Stores, Inc.*, 66 F.R.D. 446, 448 (N.D. Cal. 1975), or, alternatively, that the case is distinguishable. Once again, LPL's opposition misses the mark and avoids the plain thrust of ViewSonic's motion to strike.

Whether or not the *first* First Amended Complaint seeks to inject entirely new subject matter into this action (it does), it nevertheless should be dismissed because it creates significant procedural confusion and undue delay. As indicated by the

---

[4] This basic rule, cited in ViewSonic's own moving papers, cannot be read to conclude that a plaintiff may prosecute multiple operative complaints, with entirely different claims, against different defendants in a single action.

4

opposition filed in response to ViewSonic's motion, LPL apparently intends that the *first* First Amended Complaint should be operative as to AUO *only*. (*See* D.I. 123, at 2.) LPL expects each of the other defendants named in this pleading to be guided by various emails in looking back to the original complaint, or perhaps the *second* First Amended Complaint, to determine which claims are, in fact, being asserted against it by LPL.

As fancied by LPL, the *first* First Amended Complaint is simply not a proper pleading. *See, e.g.,* Fed. R. Civ. P., Rule 7(a) ("a complaint" may be filed); Rule 8 (claims must be stated concisely in a "short" and "plain" statement).

Therefore, the *first* First Amended Complaint should be stricken.

### V. LPL TACITLY CONCEDES ITS PROCEDURAL GAFFES, THEN SUGGESTS THEY BE "CURED" BY COMPOUNDING THE PREJUDICE TO VIEWSONIC AND THE OTHER DEFENDANTS

Eventually, LPL appears to concede, tacitly, that its opposition simply may be untenable. (*See* D.I. 123, at p.7 ("[w]hile those authorities may not answer the precise question before this Court, …"), p.8 ("[i]f the Court were to find that LPL should have sought leave before filing the [second] First Amended [CMO] Complaint …"), p.9 ("[If] the Court directs LPL to submit a single, restated complaint, LPL will glady do so.").

These tacit admissions are correct, but they come too late for ViewSonic, which has been forced by LPL to incur the burden and expense of filing this motion to strike.

Furthermore, the "solution" proposed by LPL is highly objectionable. LPL suggests that the Court treat its *second* First Amended (CMO) Complaint as a "motion" seeking leave to file it, and then immediately "consider and grant it." Of course,

5

it would be unfair to grant a motion that was never filed, without allowing any opposition. In addition, though, *LPL would still have three operative complaints* on file, since the *second* First Amended Complaint does not include the "new" claims asserted against AUO in the *first* First Amended Complaint, and the *first* First Amended Complaint does not include the "new" claims asserted against CMO in the *second* First Amended Complaint, and since the other defendants (including ViewSonic) would presumably still be required to look back to the *original* complaint.

   Ultimately, LPL's two amended complaints should be seen for what they really were, that is, attempts to gain a procedural advantage with respect to venue after AUO and CMO filed separate actions against LPL in Delaware and Wisconsin, respectively. The question of whether or not some or all of these claims (involving unrelated patents) should be "consolidated" with the claims in this case is the subject of other pending motions. (*See, e.g.,* D.I. 123, 115, 116.)

   However, in the context of ViewSonic's pending Motion to Strike, there should be no dispute that LPL's amended complaints are procedurally improper, and that there is no basis and no precedent for LPL's insistence that it be allowed to prosecute three separate operative complaints against different defendants in a single action.

VI.     **CONCLUSION**

For all of these reasons, and for the reasons set forth in the moving papers, ViewSonic respectfully submits that its to motion to strike should be granted.

Dated: August 10, 2007

Of Counsel:
John N. Zarian
Samia E. McCall
Matthew D. Thayne
STOEL RIVES LLP
101 S. Capitol Blvd.
Suite 1900
Boise, ID 83702
(208) 389-9000

Edmond D. Johnson (DE Bar #2257)
Thomas H. Kovach (DE Bar #3964)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

*Attorneys for Defendant ViewSonic Corporation*

## CERTIFICATE OF SERVICE

I, Thomas H. Kovach, hereby certify that on the 10th day of August, 2007, I caused a copy of the foregoing *ViewSonic's Reply in Support of Motion to Strike Plaintiff's Amended Complaints* to be filed with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard D. Kirk, Esquire
Ashley B. Stitzer, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

David Ellis Moore, Esquire
Potter Anderson & Corroon, LLP
Hercules Plaza,
1313 N. Market St., 6th Fl.
P.O. Box 951
Wilmington, DE 19899-0951

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Fl.
1000 West Street
Wilmington, DE 19801

William E. Manning, Esquire
Jennifer M. Becnel-Guzzo, Esquire
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397

Thomas H. Kovach (DE Bar #3964)

#8789406 v1