IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-726 (GMS) |
| | ) | |
| CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION, AU OPTRONICS CORPORATION OF AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| AU OPTRONICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-357 (GMS) |
| | ) | |
| LG.PHILIPS LCD CO., LTD and LG.PHILIPS LCD AMERICA, INC. | ) ) ) | CONSOLIDATED CASES |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF CHI MEI OPTOELECTRONICS CORPORATION'S MOTION AND JOINDER IN VIEWSONIC CORPORATION'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINTS**

OF COUNSEL:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
(216) 586-3939

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant
Chi Mei Optoelectronics Corporation*

Dated: August 16, 2007

I. **LPL'S ATTEMPT TO FILE A SECOND "FIRST AMENDED COMPLAINT" WITHOUT LEAVE OF THE COURT IS FATAL TO ITS ATTEMPTED AMENDMENT.**

LG.Philips LCD Co., Ltd.'s ("LPL") entire argument is premised on the assumption that its filing of a second "First Amended Complaint" without obtaining leave of the Court is proper and that Chi Mei Optoelectronics ("CMO") and Chi Mei Optoelectronics USA, Inc. ("CMO USA") are obligated to respond to it. LPL is wrong. LPL's failure to obtain leave to file its second "First Amended Complaint" is fatal and renders the second "First Amended Complaint" a nullity.

LPL originally filed its Complaint against CMO and others on December 1, 2006. (D.I. 1). Then, on April 11, 2007, LPL filed a first "First Amended Complaint" to add counterclaims against AU Optronics Corporation (D.I. 29). On May 22, 2007, LPL attempted to file a second "First Amended Complaint" to add new claims against CMO and to join CMO USA in the litigation. On June 5, 2007, in an effort to resolve this issue informally, CMO advised LPL that it failed to comply with the requirements of Fed. R. Civ. P. 15(a), and that if LPL moved to amend the Complaint and did not seek treatment *nunc pro tunc*, CMO would not oppose LPL's motion to amend. (*See* Licygiewicz Declaration, filed concurrently herewith, at Exhibit A). LPL, however, did not so move this Court.

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part that

> [a] party may amend *the party's pleading* once as a matter of course at any time before a responsive pleading is served or, if the *pleading* is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend *the party's pleading* only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

(emphasis added). Fed. R. Civ. P. 7(a) enumerates the types of "pleadings" permitted in federal practice and that can be amended:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

After LPL amended its Complaint the first time as a matter of course, it was required under Fed. R. Civ. P. 15(a) to obtain leave of the Court to amend its Complaint a second time. LPL did not do so. Accordingly, LPL's second "First Amended Complaint" should be stricken.[1] *See Douglas v. Kimberly-Clark, Corp.*, 2005 U.S. Dist. LEXIS 417, * 6 (E.D.Pa. 2005) (amended complaint was stricken when its filing was undertaken without leave of court as required by Fed. R. Civ. P. 15(a)); *Readmond v. Matsushita Elec. Corp.*, 355 F. Supp. 1073, 1080 (E.D. Pa. 1972) (striking amended complaint when new allegation was added without leave of court as required by Fed. R. Civ. P. 15(a)).

---

[1] LPL erroneously contends that Fed. R. Civ. P. 12(f) requires that a motion to strike an amended complaint must be filed before a responsive pleading is *due*. However, the plain language of Rule 12(f) provides that a motion to strike may be made:

> Upon motion made by a party *before responding to a pleading* or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

(emphasis added). CMO properly moved to strike the improper second "First Amended Complaint" before responding to the pleading.

LPL also mistakenly relies on *Harel v. Rutgers, State University*, 5 F. Supp. 2d 246, 260 (D.N.J. 1998) to show that CMO's motion was untimely. The defendant in *Harel*, however, did not challenge the amendment of a complaint for more than one year after it was filed and, in the interim, had engaged in discovery on the subject matter of the amended complaint. Consequently, the Court found that the defendant had implicitly consented to the amended complaint. The same is not true here. CMO has not consented to the entry of the proposed second "First Amended Complaint."

## II. LPL'S ATTEMPT TO FILE THE SECOND FIRST AMENDED COMPLAINT WITHOUT OBTAINING LEAVE TO AMEND IS NOT SUPPORTED BY LAW.

LPL cites no authority, and CMO is not aware of any, to support the contention that LPL can file multiple "First Amended Complaints" without obtaining leave of the Court. Indeed, as demonstrated above, Fed. R. Civ. P. 15(a) requires that a party obtain leave of the court to amend the same pleading for a second time. The cases relied on by LPL do not hold otherwise.

LPL's cited cases *Kronfeld v. First New Jersey Nat'l Bank*, 638 F. Supp 1454 (D.N.J. 1986) and *Anderson v. USAA Casualty Insurance Corp.*, 218 F.R.D. 307 (D.D.C. 2003) do not hold that a second amended complaint can be filed by a party without it first obtaining leave of the court. In both of these cases, the amending party first sought leave of the court for their amendment. In *Kronfeld*, the plaintiffs sought leave to file a first amended complaint, which the court granted, after some defendants had answered the complaint, but before other defendants had done so. In *Anderson*, the plaintiff sought leave, which the court granted, before he filed his first amended complaint. In neither case did the plaintiffs attempt to file a second amended complaint without first obtaining leave of the court.

## III. CMO'S MOTION WAS FILED FOR A PROPER PURPOSE, NOT TO DELAY THESE PROCEEDINGS.

There is no basis for LPL's claim that CMO's motion is nothing more than "another attempt to delay these proceedings." (Opposition at 5). Any delay in these proceedings is not attributable to CMO. CMO properly and in good faith moved this Court to dismiss LPL's Complaint for lack of personal jurisdiction and insufficiency of service of process. (D.I. 19, 20). In addition, when LPL failed to comply with its obligations under Fed. R. Civ. P. 15(a) and seek leave from this Court to file its second "First Amended Complaint," CMO attempted to resolve this issue informally. (*See* Licygiewicz Declaration at Exhibit A). LPL could have avoided any

alleged delay and this motion practice if it had timely filed a single amended complaint, but for reasons unknown, chose not to do so.

## CONCLUSION

LPL's request to strike Chi Mei Optoelectronics Corporation's Motion to Strike and joinder should be denied, and LPL's second "First Amended Complaint" should be stricken.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
(216) 586-3939

Dated: August 16, 2007
813211

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant*
*Chi Mei Optoelectronics Corporation*

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 16, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, -EMAIL AND HAND DELIVERY**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

William E. Manning, Esq.
Jennifer M. Becnel-Guzzo, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801
william.manning@bipc.com
jennifer.becnelguzzo@bipc.com

**BY CM-ECF, EMAIL AND HAND DELIVERY**

Edmond D. Johnson, Esq.
Thomas H. Kovach, Esq.
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709
johnsone@pepperlaw.com
kovacht@pepperlaw.com

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

I hereby certify that on August 16, 2007 I have sent by E-mail the foregoing document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA 90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com

Karineh Khachatourian, Esq.
Jeffrey M. Ratinoff, Esq.
Bryan J. Sinclair, Esq.
Buchanan Ingersoll & Rooney PC
333 Twin Dolphin Drive
Redwood Shores, CA 94065-1418
Karineh.khachatourian@bipc.com
Jeffrey.ratinoff@bipc.com
Bryan.sinclair@bipc.com

Ron E. Shulman, Esq.
Julie M. Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
jholloway@wsgr.com

John N. Zarian, Esq.
Samia E. McCall, Esq.
Stoel Rives LLP
101 S. Capitol Boulevard
Suite 1900
Boise, ID 83702
jnzarian@stoel.com
semccall@stoel.com

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759
ctyler@wsgr.com
brange@wsgr.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com