IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-726 (GMS) |
| CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION, AU OPTRONICS CORPORATION OF AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| AU OPTRONICS CORPORATION, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-357 (GMS) |
| LG.PHILIPS LCD CO., LTD and LG.PHILIPS LCD AMERICA, INC. | ) ) ) | CONSOLIDATED CASES |
| Defendants. | ) ) ) | |

### DECLARATION OF ARTHUR P. LICYGIEWICZ

OF COUNSEL:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
(216) 586-3939

Dated: August 16, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant*
*Chi Mei Optoelectronics Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-726 (GMS) |
| CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION, AU OPTRONICS CORPORATION OF AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| AU OPTRONICS CORPORATION, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-357 (GMS) |
| LG.PHILIPS LCD CO., LTD and LG.PHILIPS LCD AMERICA, INC. | ) ) ) | CONSOLIDATED CASES |
| Defendants. | ) ) | |

## DECLARATION OF ARTHUR P. LICYGIEWICZ

I, Arthur P. Licygiewicz, hereby declare and state as follows:

1. I make this Declaration in support of Chi Mei Optoelectronics Corporation's Reply in Support of Chi Mei Optoelectronics Corporation's Motion and Joinder in ViewSonic Corporation's Motion to Strike Plaintiff's Amended Complaints. The statements made in this Declaration are based on my own personal knowledge and on information that I believe to be true and correct, and if called as a witness, I could and would testify competently to the following facts.

CLI-1543005v1

2. I am an attorney at Jones Day and am one of the attorneys representing Chi Mei Optoelectronics Corporation in this matter.

3. Attached at Exhibit A hereto is a true and correct copy of the June 5, 2007 letter from counsel for Chi Mei Optoelectronics Corporation, Robert C. Kahrl, Esq., and counsel for LG.Philips LCD Co., Ltd., Gaspare J. Bono, Esq.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Date: August 16, 2007

_____
Arthur P. Licygiewicz

# EXHIBIT A

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190
TELEPHONE: 216-586-3939 • FACSIMILE: 216-579-0212

Direct Number: (216) 586-7177
rckahrl@jonesday.com

JP027128/1522428
987893-600001

June 5, 2007

**VIA ELECTRONIC MAIL**

Gaspare J. Bono, Esq.
McKenna Long & Aldridge
1900 K Street, NW
Washington, D.C. 20006

    Re:    **LG. Philips LCD Co., Ltd. v. Chi Mei Optoelectronics Corp., et al.,**
            Civil Action No. 06-726 (JJF) (D. Del.)

Dear Mr. Bono:

    This letter responds further to your letter of May 24. Please see my earlier response dated May 29.

    CMO intends to present its response to LPL's opposition in its reply brief, not in a letter exchange with you. It is worth pointing out at this point that LPL's opposition brief repeatedly states that CMO has sold products in Delaware, but when we examined the supporting papers, we did not find any evidence of any sales by CMO. Instead, we found in your papers some evidence of sales by others in Delaware. This evidence does not meet the test of personal jurisdiction set forth by the Federal Circuit in the *CEA* case. Indeed, LPL's brief concludes by asking for discovery on the jurisdictional issue, so LPL is aware that it has not adequately addressed the personal jurisdiction test of *CEA*.

    LPL did not have enough confidence in its position on personal jurisdiction to stand on its pleadings, but instead filed on the same day as its opposition to CMO's motion a "first amended complaint" adding as an additional defendant Chi Mei Optoelectronics USA, Inc. ["CMO USA"]. Apparently the decision to add CMO USA was made in haste, because LPL either ignored or forgot that it had already filed a "first amended complaint" on April 11, and therefore could not file an additional amended complaint without permission of the Court, pursuant to Rule 15(a), Fed. R. Civ. P. Permission of the Court was neither sought nor received. Instead, the second amended complaint was mislabeled as the "First Amended Complaint," suggesting to the clerk's office that the complaint could be filed without an accompanying order granting leave to file it.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Gaspare J. Bono, Esq.
June 5, 2007
Page 2

 You knew before you filed LPL's first amended complaint on April 11 about the existence of CMO USA because we had already described CMO USA in CMO's motion to dismiss. LPL's first amended complaint added new claims against another defendant, AU Optronics, but did not seek to add a new defendant to this case. Since you passed up the opportunity to add CMO USA in LPL's only opportunity to amend the complaint as a matter of course, we surmise that your hasty filing of a second "First Amended Complaint" without complying with Rule 15(a) was done after assessing LPL's inability to hold jurisdiction over CMO on the papers you were submitting the same day. Indeed, we notice that the second "First Amended Complaint" omitted claims that were added in the April 11 "First Amended Complaint."

 Now it will be necessary for LPL to seek permission of the Court to file its second amended complaint. Hopefully it will be properly styled as a "Second Amended Complaint." If it is properly styled and does not seek treatment nunc pro tunc, we would not oppose LPL's motion for leave to file and serve it, but we would need to review the motion prior to your filing it. We expect that you will then attempt to make proper service, although CMO will not concede personal jurisdiction, and will move to dismiss again if service does not comply with the statutes and rules governing service.

 You might also choose to take this opportunity to fix the inconsistent paragraph numbering that exists between LPL's First Amended Complaint filed April 11 and its second "First Amended Complaint" dated May 22. These inconsistencies are the subject of the Tatung defendants' motion for a more definite statement filed earlier today.

Very truly yours,

Robert C. Kahrl

cc: Richard D. Kirk, Esq. (via e-mail)
  Philip A. Rovner, Esq. (via e-mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

        I, Philip A. Rovner, hereby certify that on August 16, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, -EMAIL AND HAND DELIVERY**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

William E. Manning, Esq.
Jennifer M. Becnel-Guzzo, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801
william.manning@bipc.com
jennifer.becnelguzzo@bipc.com

**BY CM-ECF, EMAIL AND HAND DELIVERY**

Edmond D. Johnson, Esq.
Thomas H. Kovach, Esq.
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709
johnsone@pepperlaw.com
kovacht@pepperlaw.com

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

        I hereby certify that on August 16, 2007 I have sent by E-mail the foregoing document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA 90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com

| | |
|---|---|
| Karineh Khachatourian, Esq.<br>Jeffrey M. Ratinoff, Esq.<br>Bryan J. Sinclair, Esq.<br>Buchanan Ingersoll & Rooney PC<br>333 Twin Dolphin Drive<br>Redwood Shores, CA 94065-1418<br>Karineh.khachatourian@bipc.com<br>Jeffrey.ratinoff@bipc.com<br>Bryan.sinclair@bipc.com | John N. Zarian, Esq.<br>Samia E. McCall, Esq.<br>Stoel Rives LLP<br>101 S. Capitol Boulevard<br>Suite 1900<br>Boise, ID 83702<br>jnzarian@stoel.com<br>semccall@stoel.com |
| Ron E. Shulman, Esq.<br>Julie M. Holloway, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>rshulman@wsgr.com<br>jholloway@wsgr.com | M. Craig Tyler, Esq.<br>Brian D. Range, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, TX 78759<br>ctyler@wsgr.com<br>brange@wsgr.com |

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

2