UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.,<br><br>Plaintiff,<br>v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>Defendants. | C.A. No. 06-726-GMS<br>C.A. No. 07-357-GMS<br><br>CONSOLIDATED CASES |

**PLAINTIFF LG.PHILIPS LCD CO., LTD.'S ANSWERING BRIEF
IN OPPOSITION TO VIEWSONIC'S AND TATUNG'S
<u>JOINT MOTION FOR CLARIFICATION</u>**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby responds to the Joint Motion for Clarification of Judge Farnan's July 19, 2007 consolidation order filed by defendants ViewSonic Corporation ("ViewSonic"), Tatung Company and Tatung Company of America, Inc. (the "Tatung Defendants") (collectively "Defendants"). (D.I. 122.) Defendants' motion for clarification is a misnomer as Judge Farnan's consolidation order is explicit and no clarification is necessary. By characterizing a request for reconsideration as clarification, Defendants implicitly admit they cannot meet the high standard required for reconsideration. Instead, through their motion, Defendants seem to hope oppositions filed after the consolidation order was signed will be resurrected. Defendants' arguments, however, are legally flawed and factually incorrect.

This Court has already identified Civil Action No. 06-726 as the lead consolidated case and is accepting filings for both of the above captioned cases in the lead case. Defendants' procedural attacks on the Judge Farnan's consolidation order are without merit. Judge Farnan presided over both cases and thus had a sufficient understanding of the parties and issues to decide the consolidation question. Accordingly, Judge Farnan's

667649-1

order is proper and has effect in this Court over the consolidated cases. The Defendants' request that this Court reconsider Judge Farnan's order, reject the findings of both Judge Farnan and Judge Shabaz in the Western District of Wisconsin, and accept Defendants' misguided arguments opposing consolidation should be denied.

## COUNTERSTATEMENT OF FACTS

On December 1, 2006, LPL filed a complaint for patent infringement in the United States District Court for the District of Delaware, Civil Action No. 06-726 (the "Original Action"), asserting patents directed to LCD technology against Chi Mei Optoelectronics Corporation ("CMO"), AU Optronics Corporation ("AUO"), AU Optronics America, Inc. ("AUOA"), ViewSonic and the Tatung Defendants. (D.I. 1.) AUO and CMO manufacture LCD modules accused of infringing claims of LPL's patents. ViewSonic and the Tatung Defendants sell products in the United States that incorporate infringing LCD modules manufactured by AUO and/or CMO.

More than three months after LPL filed its complaint in the Original Action, instead of filing counterclaims here in Delaware, AUO filed a new infringement action on March 8, 2007 in the Western District of Wisconsin against LPL and LPL's subsidiary, LG.Philips LCD America, Inc. ("LPLA") (the "AUO action"). This second action included patents that are also directed at LCD technology. Shortly thereafter, LPL amended its Delaware complaint against AUO to add declaratory judgment counts of invalidity and non-infringement relating to the identical patents asserted by AUO in Wisconsin. (D.I. 29.) LPL then filed a motion to transfer with the Wisconsin court (the Hon. John C. Shabaz presiding). In granting the motion, Judge Shabaz concluded "[t]he interest of justice *overwhelmingly favors* transfer to Delaware *for consolidation* with the

first filed case presently pending in that Court." *AU Optronics Corp. v. LG.Philips LCD Co., Ltd.*, No. 07-C-137-S, 2007 U.S. Dist. LEXIS 39340, at *13 (W.D. Wis. May 30, 2007) (emphasis added). The transferred case was opened in the District of Delaware as Civil Action No. 07-357-JJF on June 6, 2007. (D.I. 49 in 07-357.) AUO subsequently asserted the patents from the AUO Action against LPL and LPLA in the Original Action. (D.I. 72.)

On June 26, 2007, while Judge Farnan still presided over both the Original Action and the AUO Action, LPL and AUO filed Joint Motions to Consolidate. (D.I. 92 in 06-726; D.I. 83 in 07-357.) Significantly, ViewSonic's counsel and Tatung's counsel were served with both Joint Motions to Consolidate, which were docketed in both actions, and so had fair notice of the issue of consolidation. The Original Action was reassigned to Judge Sleet on July 3, 2007. To comply with Judge Farnan's standing order with respect to hearing dates, LPL and AUO withdrew and re-filed their joint motions on July 6, 2007. (D.I. 102-03 in 06-726; D.I. 90-91 in 07-357.) LPL and AUO included a Local Rule 7.1.1 statement with their Joint Motion in each case indicating that Tatung reserves the right to file an opposition, ViewSonic will be filing a response, and "it is probably not accurate to state that ViewSonic does not oppose the motion." (D.I. 102 in 06-726; D.I. 90 in 07-357.) Judge Farnan ordered the two cases consolidated on July 19, 2007 ("Consolidation Order"), finding that consolidation was "in the interest of judicial economy. (D.I. 100 in 07-357.) The Consolidation Order was docketed on July 23, 2007. The AUO Action was then associated with the Original Action and reassigned to Judge Sleet. As per the Consolidation Order, the clerk notified the parties that all future filings should be captioned and filed only in the consolidated lead case. The Court has

since accepted filings for the AUO Action in the Original Action. (D.I. 124-25.) The Tatung Defendants filed an opposition to the motion to consolidate one day after Judge Farnan's order (D.I. 115) and ViewSonic joined that opposition (D.I. 116).

ViewSonic has already filed a Motion to Dismiss for Failure to State a Claim (D.I. 41), a Motion to Stay (D.I. 37), a Motion for More Definite Statement (D.I. 39), and a Motion to Strike (D.I. 114). The Tatung Defendants have already filed a Motion for More Definitive Statement (D.I. 74)[1] and joined Viewsonic's Motion to Strike (D.I. 117). Those motions have been fully briefed and await decision. Now, ViewSonic has filed yet another motion intended to delay these proceedings. Like their earlier motions, Defendants' Motion for Clarification lacks merit and should be denied.

## ARGUMENT

### I. CLEAR ON ITS FACE, JUDGE FARNAN'S ORDER NEEDS NO CLARIFICATION.

Although Defendants concede that the Consolidation Order effectively assigned the AUO Action to Judge Sleet, they claim to "interpret" the Consolidation Order to mean only that the AUO Action was transferred, not consolidated. Of course, the Consolidation Order clearly states:

> IT IS HEREBY ORDERED in the interest of judicial economy, that the [AUO Action] *shall be consolidated into Civil Action No. 06-726-GMS for pre-trial proceedings and trial*. All future filings shall be captioned *only in the consolidated lead Civil Action No. 06-726-GMS*.

---

[1] The Tatung Defendants initially filed a Motion for More Definitive Statement on June 5, 2007, their deadline for responding to the complaint. (D.I. 70.) That motion, however, was stricken for not complying with Judge Farnan's standing orders. The Tatung Defendants renewed their motion, over a week later, on June 13, 2007. (D.I. 74.)

4

(D.I. 100 in 07-357) (emphasis added). The order could not have been more clear. This Court has implemented the Consolidation Order by accepting subsequent filings for the AUO Action in the lead Original Action.

Consequently, further clarification as requested by the Defendants is unnecessary. To help correct for the record Defendants' flawed interpretation of Judge Farnan's Order, however, LPL respectfully requests that this Court docket Judge Farnan's Order in the Original Action.

## II.    DEFENDANTS' MISNAMED RECONSIDERATION REQUEST IS IMPROPER.

Defendants effectively request a reconsideration of Judge Farnan's consolidation order but fail to meet the high standard for reconsideration. "As a general rule, motions for reconsideration should be granted only 'sparingly.'" *Waters Technologies Corporation v. Applera Corporation*, No. C.A. 02-1285-GMS, 2004 WL 57217, *1 (D. Del. Jan. 13, 2004) (J. Sleet) (citations omitted). Motions for reconsideration are not granted unless "it appears the court has patently misunderstood a party, has [] made a decision outside the adversarial issues presented by the parties, or has made an error, not of reasoning, but apprehension . . . even if the court has committed one of these errors, there is no need to grant a motion for consideration if it would not alter the court's initial decision." *Id*.

In support of their position that the Consolidation Order should be reconsidered, Defendants make two erroneous procedural arguments. First, Defendants urge that no decision to consolidate should have been made before consideration of their oppositions. Next, Defendants posit that because the cases were not under the managerial power of the

same judge, consolidation was improper. Both arguments fail to approach the requisite reconsideration standard as they are fundamentally flawed and lack merit.

> A. **It Was Unnecessary to Consider Defendants' Oppositions as Judge Farnan Could Consolidate the Cases *Sua Sponte*.**

"'District courts have the inherent authority to order consolidation *sua sponte*.'" *D'Alessandro v. United States*, Civ. Act. No. 04-137-JJF, Civ. Act. No. 04-616-JJF, 2005 WL 984352 , *1 (D. Del. April 27, 2005) (emphasis in original) (citations omitted) (consolidating two similar cases *sua sponte*); *see also Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d. Cir. 1964) (explaining that Fed. R. Civ. P. 42(a) "confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate" actions). Accordingly, "even where the plaintiff and another defendant in a suit oppose consolidation, the court may grant consolidation." 33 Fed. Proc., L. Ed. § 77:47 (*citing American Photocopy Equipment Co. v. Fair (Inc.)*, 35 F.R.D. 236 (N.D. Ill. 1963) (consolidating two separate patent infringement actions even though both the plaintiff and one of the defendants opposed consolidation)).

Here, both plaintiff LPL and defendant AUO filed a Joint Motion to Consolidate the Original Action and the AUO Action. (D.I. 102 in 06-726; D.I. 90 in 07-357.) Even without such a motion, the Court could have decided on its own to consolidate the two cases. Defendants make much of the fact that the lead case was no longer before Judge Farnan at the time he issued the consolidation order, implying that Judge Farnan lacked "knowledge of both cases." However, Judge Farnan presided over the Original Action from its inception through July 3, 2007, and the AUO Action from the date it was transferred to Delaware, June 6, 2007, through the date it was consolidated with the Original Action on July 19, 2007. Accordingly, Judge Farnan had sufficient knowledge

of the parties and issues in both cases at the time he consolidated the two cases and found that "the actions include common issues and patents" and that consolidation was "in the interest of judicial economy." Because Judge Farnan made an informed decision, a decision he had the power to make even without hearing from the parties, Defendants' later filed opposition is irrelevant.

In addition, before the AUO Action was transferred here from the Western District of Wisconsin, Judge Shabaz held that "[t]he interest of justice would best be served by transferring [the AUO] case to the United States District Court where ***consolidation [with the Original Action] is feasible***." (D.I. 49 in 07-357, Attachment #60, p.6.) (emphasis added). Judge Shabaz noted "the obvious efficiencies of transfer" and explained that "the interest of justice would be undermined by the duplication and waste of judicial resources that would occur by keeping this action in [separate] courts." (Id. at p.5.)

Furthermore, Defendants naively argue that they could not have notified Judge Farnan of their opposition to the motion to consolidate in the AUO Action. In fact, pursuant to Local Rule 7.1.1, AUO and LPL informed Judge Farnan of Viewsonic's and the Tatung Defendants' positions at the time they filed joint motion to consolidate in the AUO Action. This statement explains:

> Tatung has not yet indicated whether or not it will oppose the motion. Tatung reserves the right to file an opposition.
>
> . . .
>
> Viewsonic's counsel has indicated that ViewSonic will be filing a response to the motion but is still determining exact content of the response . . . [I]t is probably not accurate to state that Viewsonic does not oppose the motion.

7

(D.I. 90 in 07-357.) In addition, Defendants were served with, and thus aware of, the Joint Motion to Consolidate in the AUO Action, yet still failed to respond to the issue in that Action before a response to the re-noticed motion was due on July 20. Although the Consolidation Order was dated July 19, it was not docketed until July 23rd, so any claim by the Defendants that the Consolidation Order discouraged them from timely opposing the motion in the AUO Action is baseless.

Now, Defendants ask this Court to reject Judge Farnan's consolidation ruling, reject the findings of Judge Shabaz in the Western District of Wisconsin, reconsider LPL's and AUO's Motion to Consolidate, and accept Defendants' misguided arguments opposing consolidation. These requests should be rejected.

### B. Defendants' "Single Judge" Argument Is Baseless.

Defendants erroneously claim that consolidation is procedurally appropriate only when all of the actions to be consolidated are subject to the managerial power of a single district judge. At least one Federal Circuit Court of Appeals has flatly rejected that flawed argument. *See Investor Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989) (emphasizing the broad discretion to consolidate conferred by Fed. R. Civ. P. 42(a) and, accordingly, expressly rejecting a district court's ruling that consolidation was not possible when actions are pending before different judges). Defendants cite *8 James Wm. Moore et al.*, Moore's Federal Practice § 42.11 (3d ed 1997) in support of their argument, but Moore's fails to cite to any rule, case or other authority for that proposition. That section of Moore's goes on, moreover, to advise practitioners to pay close attention to the particular mechanics of consolidation in the relevant district. Had Defendants followed this advice, they would have seen that

667649-1

cases brought before different judges in the District of Delaware may be consolidated. For example, Judge Farnan granted a motion to consolidate a case before him into a related case before Judge Robinson. *Walker v. Pepsi-Cola Bottling et al.*, Civ. A. No. 99-748, filed Nov. 4, 1999, D.I. 15. Judge Robinson's case became the lead consolidation case even though she did not herself rule or make an order with respect to consolidation. Instead, a copy of Judge Farnan's order was merely docketed in Judge Robinson's lead case. *Walker v. Pepsi-Cola Bottling et al.*, Civ. A. No 98-225, filed May 4, 1998, D.I. 80.

As with the *Walker v. Pepsi-Cola Bottling* case, where Judge Farnan's consolidation order in the consolidated case had effect in Judge Robinson's lead case, here the Consolidation Order in the AUO Action, has effect in the Original Action.

### III.  DEFENDANTS' ARGUMENTS IN OPPOSITION TO THE MOTION TO CONSOLIDATE ARE MERITLESS.

In support of their request that this Court deny consolidation after reconsidering the Consolidation Order, Defendants refer to the erroneous arguments set forth in their oppositions to the Joint Motion to Consolidate. In their oppositions, Defendants argue that consolidation is not appropriate because 1) there are no common legal or factual issues between the two actions and 2) the Defendants would be prejudiced because of additional discovery burdens and undue delay. These arguments are meritless.

#### A.  Common Issues of Law and Fact - Including Identical Patents - are Pending in Both Cases.

Both Judge Farnan and Judge Shabaz have concluded that the two actions include common issues and patents and that the interests of justice are served by consolidating those actions. LPL declaratory judgment claims for invalidity and non-infringement of

667649-1

AUO's asserted patents are pending in both the Original Action and the AUO Action.[2] Similarly, AUO claims for patent infringement are pending in both actions. Defendants "cursory review and comparison of claim[s]" are misguided as they focus on supposed differences between patents and claim terms as opposed to the common issues of facts involved. (*See* D.I. 115 at 4-5.) In actuality, the AUO patents pending in both actions, and all other asserted patents in the Original Action and the AUO Action, involve LCD technology. As such, there is extensive commonality in the evidence that will be presented in the two suits. For example, electronic mask files depict structures included in LCD backplanes. These structures are relevant to multiple AUO and LPL patents. Similarly, manufacturing process specifications show steps used in manufacturing LCD backplanes, which again are relevant to many of the patents asserted by both LPL and AUO. Further, various engineering specifications illustrate structures, interfaces and assemblies relevant to each of the parties' asserted patents. It makes very good sense that the same jury in Delaware reviews and analyzes these complex engineering and manufacturing documents.

In addition, common sales and distribution evidence will be relevant in both cases. Moreover, common evidence from the same third-party distributors and retailers will likely be relevant to the issues of inducement in both cases. Common witness testimony will be also relevant in both cases, particularly testimony from employees and officers familiar with the sales, advertising and marketing of LCD module products.

---

[2] The Tatung Defendants wrongly claim that LPL dropped its declaratory judgment counterclaims in the 06-726 case by filing a second First Amended Complaint against CMO and Chi Mei Optoelectronics USA, Inc. ("CMO USA") which did not include the declaratory judgment claims directed at the AUO patents. That complaint, however, was directed only to CMO and CMO USA and did not effect LPL claims directed to AUO, Viewsonic, or the Tatung Defendants that were asserted in the previous pleadings.

For example, in its initial disclosures in the AUO Action, AUO identified its Chief Technology Officer as knowledgeable of AUO's overall business operations and AUO's licensing of LCD-related technology. AUO further identified its Chief Financial Officer, its Head of Strategic Planning Division, and its Former Associate Vice President of Finance Division as knowledgeable of these areas as well as of AUO financial information, such as revenues, costs and profits. These issues are directly relevant to LPL's claims in the Original Action and therefore these witnesses will be deposed in both cases. In addition, LPL has identified many of its own witnesses in its initial disclosures in the AUO Action who may be witnesses in the Original Action on LCD technology and the LCD industry. Similarly, there is overlap of issues addressed by expert witnesses. These witnesses would have to testify multiple times if the cases are not consolidated, clearly inconveniencing individuals, especially those who reside in Korea or Taiwan. This commonality of evidence weighs strongly in favor of consolidation to promote efficiency and avoid possible inconsistent results.

Defendants look to the inapposite case of *Clopay Corp. v. Newell Companies, Inc.*, 527 F. Supp. 733 (D. Del. 1981), in support of their erroneous argument. There, the plaintiff accused two distinct defendants, each one in a separate case, of manufacturing infringing products. Here, in sharp contrast, both cases involve LPL's claims that AUO manufactures LCD modules that infringe LPL patents. Viewsonic and the Tatung Defendants are not accused of manufacturing infringing modules, but of selling products that incorporate AUO's infringing modules. Moreover, AUO's claims in the AUO Action are the mirror image of claims asserted by LPL in the Original Action. This was not the case with respect to the plaintiff and defendants in *Clopay*.

11

Furthermore, contrary to Defendants' argument, different cases involving related patents may be consolidated. *See, e.g., Genentech, Inc. v. The Wellcome Foundation Limited*, Civ. A. Nos. 88-330, Civ. A. 89-407, 1990 WL 69187, *1 (D. Del. Mar. 8, 1990) (consolidating a case involving two patents with another case involving a third patent). The District of Delaware will also consolidate cases involving different patents asserted against completely different defendants. *See, e.g., Cedars-Sinai Medical Center, v. Revlon, Inc.*, 111 F.R.D. 24, 34 (D. Del. 1986) (consolidating an action for infringement of one patent against two defendants with another action for infringement of another patent against two distinct defendants). In fact, all that is required under Fed. R. Civ. P. 42(a) is that some "common questions of law and fact exist among the claims advanced . . . even if each and every fact is not relevant to each and every party's claims." *Tracinda Corp. v. DaimlerChrysler AG*, Nos. Civ. A. 00-984, Civ. A. 01-004, Civ. A. 00-993, 2001 WL 849736, *2 (D. Del. July 26, 2001); *see also Choe-Rively v. Vietnam Veterans of America, Chapter 83, New Castle County Delaware, Inc.*, 135 F. Supp. 2d 462, 465 (D. Del. 2001) (proceeding with two consolidated cases "although the second action included several different parties and claims.")

### B. Consolidation Would Promote Efficiency, Saving the Expense of Two Trials Involving Identical Issues and Similar Parties.

Defendants go on to claim that consolidation would be inefficient, presenting them with additional discovery burdens. The technical discovery required to address infringement of LPL's patents, however, will principally be provided by the LCD module manufacturer (e.g, AUO). Similarly, technical discovery for AUO's infringement allegations will likely focus on LPL, with which discovery, presumably Viewsonic and the Tatung Defendants, are not involved. It is the LCD module manufacturers, therefore,

whose discovery and presentation of evidence burdens are impacted most directly by consolidation. It is telling to these issues that plaintiff LPL and defendant AUO, both manufacturers of LCD modules, jointly moved for consolidation. In contrast, Viewsonic and the Tatung Defendants are not accused of manufacturing infringing LCD modules, but of selling products that incorporate infringing modules. Whether or not those products sold in the U.S. infringe additional LPL patents should be inconsequential to any further discovery burden by ViewSonic and the Tatung Defendants - contrary to arguments otherwise.

Furthermore, Judge Farnan's Consolidation Order merely accomplishes what should have occurred in the first place – having all of the LCD technology patent issues involving LPL and AUO together in a single action. AUO could have and should have asserted its claims from the AUO Action as counterclaims in the Original Action. 6 Fed. Prac. & Proc. Civ.2d § 1421 ("[C]ounterclaim[s] based on patents other than the one originally sued upon [are] proper permissive counterclaim[s].") By filing the joint motion, AUO acknowledged that the patent issues should be resolved in a single action.

### C.    **Defendants' Actions Belie Their Claim of Undue Delay.**

Defendants' claim that consolidation would cause unnecessary delay is remarkable considering their tireless efforts to delay these proceedings. At the opening of the pleadings, LPL granted ViewSonic's request for a 30 day extension of time to respond to the initial complaint, ostensibly so that ViewSonic could investigate and respond to the allegations of the complaint. At the very end of that extension, ViewSonic commenced to file a Motion to Dismiss for Failure to State a Claim (D.I. 41), a Motion to Stay (D.I. 37), a Motion for More Definite Statement (D.I. 39), and it filed a Motion to

Strike almost two full months after the filing of the second pleading it seeks to strike (D.I. 114). Similarly, the Tatung Defendants received a 90 day extension to June 5, 2007 to respond to the initial complaint (D.I. 30), and waited until that day to file a Motion for More Definitive Statement (D.I. 70) that was struck for failure to comply with Judge Farnan's standing orders. The Tatung Defendants renewed their Motion to Strike over a week later (D.I. 74) and joined Viewsonic's Motion to Strike (D.I. 117). Defendants' actions to date have been clearly designed to delay the proceedings.

## CONCLUSION

LPL respectfully requests the Court to deny Defendants' Joint Motion for Clarification. LPL further requests that, should the Court think it advisable to do so, the Court enter a copy of the Consolidation Order in the lead case.

August 20, 2007                                    THE BAYARD FIRM

*/s/ Richard D. Kirk (rk0922)*
Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
Attorneys for Defendant/Counterclaim-
Plaintiff LG.Philips LCD Co., Ltd.

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

667649-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 20, 2007, he served the foregoing documents by email and by hand upon the following counsel:

Edmond D. Johnson
Thomas H. Kovach
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
PO Box 1709
Wilmington, DE 19899-1709

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Philip A. Rovner
Dave E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19899-0951

William E. Manning
Jennifer M. Becnel-Guzzo
BUCHANAN INGERSOLL & ROONEY
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

The undersigned counsel further certifies that, on August 20, 2007, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

John N. Zarian
Samia McCall
Matthew D. Thayne
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702

Vincent K. Yip
Peter J. Wied
Jay C. Chiu
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

Bryan J. Sinclair
Karineh Khachatourian
BUCHANAN INGERSOLL & ROONEY
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

656846-1

| | |
|---|---|
| Ron E. Shulman, Esquire<br>Julie Holloway, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, California 94304-1050 | James R. Troupis, Esquire<br>Paul D. Barbato, Esquire<br>MICHAEL BEST & FRIEDRICH LLP<br>One South Pinckney Street<br>Suite 700<br>P.O.Box 1806<br>Madison, WI 53701-1806 |
| M. Craig Tyler, Esquire<br>Brian D. Range, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, Texas 78759-8497 | |

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1