## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG.PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-726 (GMS) |
| | ) | |
| CHI MEI OPTOELECTRONICS CORPORATION, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| AU OPTRONICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-357 (GMS) |
| | ) | |
| LG.PHILIPS LCD CO., LTD and | ) | CONSOLIDATED CASES |
| LG.PHILIPS LCD AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| LG.PHILIPS LCD CO., LTD. and LG.PHILIPS LCD AMERICA, INC., | ) | |
| | ) | |
| Counterclaim-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AU OPTRONICS CORPORATION, *et al.,* | ) | |
| | ) | |
| Counterclaim-Defendants. | ) | |

## OPENING BRIEF OF CHI MEI OPTOELECTRONICS USA, INC. IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE LG.PHILIPS LCD CO., LTD'S ADDITIONAL COUNTERCLAIMS

OF COUNSEL:
Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
(216) 586-3939
Dated:  August 22, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Counterclaim Defendant*
*Chi Mei Optoelectronics USA, Inc.*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS ................................................................ 1

SUMMARY OF ARGUMENT ........................................................................................ 2

ARGUMENT .................................................................................................................... 2

     I.     Third-Party "Additional Counterclaims" Are Not Permitted. ................. 2

     II.    LPL's "Additional Counterclaims" May be Dismissed as Permissive
           Counterclaims. ....................................................................................... 3

     III.   The "Additional Counterclaims" Should Not Be Permitted as An
           Amendment to LPL's Complaint. ........................................................... 4

CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

## CASES

*Davis & Cox v. Summa Corp.*
   751 F.2d 1507 (9th Cir. 1985) ...........................................................................4

*Douglas v. Kimberly-Clark, Corp.*
   2005 U.S. Dist. LEXIS 417 (E.D. Pa. 2005) .......................................................5

*Hartford Empire Co. v. Obear-Nester Glass Co.*
   7 F.R.D. 564 (E.D. Mo. 1947) ........................................................................2, 3

*Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*
   50 F.R.D. 415 (D. Del. 1970) ...........................................................................3

*Metallgesellschaft AG v. Foster Wheeler Energy Corp.*
   143 F.R.D 553 (D. Del. 1992) .......................................................................3, 4

*Readmond v. Matsushita Electric Corp.*
   355 F. Supp. 1073 (E.D. Pa. 1972) ..................................................................5

*Southeastern Industrial Tire Co. v. Durapreme Corp.*
   70 F.R.D. 585 (E.D. Pa. 1976)......................................................................3, 5

*Turner & Boisseau v. Nationwide Mutual Insurance Co.*
   175 F.R.D. 686 (D.C. Kan. 1997)....................................................................5

*White v. SKF Aerospace Inc.*
   768 F. Supp. 498 (E.D. Pa. 1991) ...................................................................5

## STATUTES AND RULES

Fed. R. Civ. P. 7................................................................................................3

Fed. R. Civ. P. 7(a) ..........................................................................................2

Fed. R. Civ. P. 13(f)..........................................................................................5

Fed. R. Civ. P. 15(a) .........................................................................................5

## OTHER AUTHORITIES

Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1409 (2d Edition 1990)...........4

Counterclaim Defendant Chi Mei Optoelectronics Corp. USA, Inc. ("CMO USA") respectfully submits this memorandum of law, in support of its motion, pursuant to Fed. R. Civ. P. 7, 12, 13, 15 and 20, to dismiss and/or strike Defendant LG.Philips LCD Co., Ltd.'s permissive "Additional Counterclaims" for patent infringement filed on August 8, 2007.

## NATURE AND STAGE OF PROCEEDINGS

After *AU Optronics Corp. v. LG.Phillips LCD Co., LTD et al.*, Civil Action No. 07-357, was transferred to this Court from the United States District Court for the Western District of Wisconsin, on June 11, 2007, LG.Philips LCD Co., Ltd. ("LPL") filed its Answer to the Complaint. (D.I. 73, Civil Action No. 07-357). In that pleading, LPL filed counterclaims not only against Plaintiffs AU Optronics Corp. and AU Optronics Corp., America (the "AU Plaintiffs"), but also against third-parties Chi Mei Optoelectronics Corp. ("CMO") and CMO USA.

On July 2, 2007, CMO USA filed its reply to LPL's counterclaims, and asserted compulsory counterclaims for declarations of invalidity and non-infringement. (D.I. 87, Civil Action No. 07-357). On July 23, 2007, LPL answered CMO USA's counterclaims. (D.I. 101, Civil Action No. 07-357).

On June 21, 2007, the AU Plaintiffs filed a reply to the LPL counterclaims and added additional claims, in the form of counterclaims, against LPL. (D.I. 80-82, Civil Action No. 07-357). On July 10, 2007, prior to any answer by LPL, the AU Plaintiffs amended their counterclaims. (D.I. 92-93, Civil Action No. 07-357). On July 24, 2007, LPL answered the AU Plaintiffs' amended counterclaims. (D.I. 102-103, Civil Action No. 07-357).

On August, 8, 2007, in its First Amended Answer to AU Optronics Corporation's Amended Counterclaims and Additional Counterclaims, LPL amended its counterclaims against

the AU Plaintiffs and added "Additional Counterclaims" against third-parties CMO and CMO USA alleging that they infringed, or have induced others to infringe, United States Patent Nos. 6,803,984 and 7,218,374 relating to liquid crystal displays. (D.I. 124, Civil Action No. 06-726).

## SUMMARY OF ARGUMENT

This morass of counterclaims to counterclaims to counterclaims is just one piece of an already incredibly complicated set of pleadings in this consolidated matter. (*See* Chart and Table of Claims and Counterclaims attached hereto as Exhibit A). The complicated nature of the pleadings stems, in large part, from LPL's consistent failure to follow the Federal Rules of Civil Procedure. While those rules allow for a wide scope of pleadings, they do not give LPL an unlimited right to add claims and parties any time it wishes.

There must be some definitive closure to the pleadings. After the pleadings have closed, a party must seek leave of court to allege additional parties, claims and/or counterclaims. LPL's assertion of permissive "Additional Counterclaims" against **CMO USA** in its Reply to the **AU Plaintiffs'** Amended Answer and Counterclaims violates that basic principle. Thus, LPL's permissive "Additional Counterclaims" against CMO USA should be stricken as they are procedurally flawed, unduly complicate matters, and are without legal effect.

## ARGUMENT

**I.     Third-Party "Additional Counterclaims" Are Not Permitted.**

Federal Rule of Civil Procedure 7 provides that "[t]here shall be a complaint and an answer; a reply to a counterclaim denominated as such..." Fed. R. Civ. P. 7(a). Rule 7 further provides that "[n]o other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." *Id.*; *see also e.g., Hartford-Empire Co. v. Obear-Nester Glass*

Co., 7 F.R.D. 564, 565-66 (E.D. Mo. 1947) ("...an answer to a counterclaim is the last permitted pleading").

Courts in this District have interpreted Rule 7 to permit a party, in the first instance, to file a counterclaim against another party in its reply to **that party's** counterclaim. *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415 (D. Del. 1970); *Metallgesellschaft AG v. Foster Wheeler Energy Corp.*, 143 F.R.D 553 (D. Del. 1992). CMO USA however, is unaware of any Federal Rule of Civil Procedure or case law which permits a defendant to assert permissive "Additional Counterclaims" against **a third party** in the defendant's reply to the plaintiff's counterclaims. Indeed, permitting such a pleading would give rise to the specter of pleadings without end. *See e.g., Southeastern Industrial Tire Co. v. Durapreme Corp.*, 70 F.R.D. 585, 588 (E.D. Pa. 1976) (the court held that a counterclaim in reply was cognizable under the federal rules, but nevertheless cautioned that "...we are not insensitive to the prospect (or perhaps we should say specter) that the counterclaim in reply may indeed engender a reply to the counterclaim in reply...we find that prospect appalling").

The Federal Rules of Civil Procedure do not envision or allow for "Additional Counterclaims." To the extent a party is permitted to add counterclaims in a reply pleading, that ability does not extend to the lengths employed by LPL. Were LPL permitted to proceed with its "Additional Counterclaims" there would be no end to the pleadings. Thus, LPL's "Additional Counterclaims" must be stricken.

## II.    LPL's "Additional Counterclaims" May be Dismissed as Permissive Counterclaims.

The nature of LPL's counterclaims dictate their dismissal. Even if LPL's "Additional Counterclaims" are permitted under the Federal Rules of Civil Procedure, they may be dismissed as permissive counterclaims which unduly complicate matters.

It is clear that counterclaims alleging infringement of additional unrelated patents are permissive and not compulsory. *Metallgesellschaft AG*, 143 F.R.D 553 at 558. As noted by Judge Robinson in *Metallgesellschaft AG*:

> The division of counterclaims into those that are compulsory and those that are permissive represents an accommodation between two competing policies – the desire to adjudicate all the disputes between the parties in one action and the need to prevent lawsuits from becoming unduly complicated.

*Id.* at 557 (*citing* Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1409 (2d Edition 1990). Where a court finds that the adjudication of claims raised in a permissive counterclaim alleging patent infringement "would unduly complicate the intrinsically complex factual and legal issues at bar[,] judicial economies can be accomplished without litigating all of the disputes between [the] parties in one action." *Id.* at 559.[1] Thus, a permissive counterclaim that unduly complicates matters may be dismissed. *Id.*

In this matter, it is clear that LPL's counterclaims are permissive. It is equally clear that, even absent those counterclaims, this matter is already hopelessly complicated. (*See* Exhibit A). Thus, LPL's "Additional Counterclaims" should be dismissed as they unduly complicate the intrinsically complex factual and legal issues already before this Court.

**III.    The "Additional Counterclaims" Should Not Be Permitted as An Amendment to LPL's Complaint.**

Even if this Court were to find that LPL's "Additional Counterclaims" are permissible under the Federal Rules of Civil Procedure, and that those permissive counterclaims do not

---

[1] Indeed, because of the nature of permissive counterclaims, and the inherent complexity raised by counterclaims in reply, some courts have ruled that such permissive counterclaims in reply should be dismissed. *See e.g., Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1525 (9th Cir. 1985) ("the weight of authority allows the plaintiff to file such pleadings if the counterclaims in reply are compulsory, but denies them if permissive").

unduly complicate matters, they must still be stricken as LPL failed to seek leave of this Court to file those "Additional Counterclaims" against CMO USA.

In order to avoid the procedural morass that has befallen this consolidated action, Courts often treat a counterclaim contained in a reply as an attempt to amend the complaint.[2] For instance, the District Court for the District of Kansas held that the "plaintiff's proper course of action would be to move for leave to amend its complaint pursuant to Fed. R. Civ. Proc. 15(a)…". *Turner & Boisseau v. Nationwide Mut. Ins. Co.*, 175 F.R.D. 686, 687 (D.C. Kan. 1997); *see also Southeastern Industrial Tire Co.,* 70 F.R.D. at 588 (holding that while a counterclaim in reply was cognizable under the federal rules it would be dismissed in favor of an amendment to the complaint).

While the amendment of a pleading should be freely allowed, leave of the Court to amend it is required after the pleadings are closed. Fed. R. Civ. P.15(a); *see also* Fed. R. Civ. P. 13(f). Where a party fails to seek leave of the court, the amended pleading is "is without legal effect." *White v. SKF Aerospace Inc.*, 768 F. Supp. 498, 501 (E.D. Pa. 1991) (dismissing the amended complaint for, in part, failure to seek leave of the court). An amended pleading that is without legal effect may be stricken. *See, e.g., Douglas v. Kimberly-Clark, Corp.*, 2005 U.S. Dist. LEXIS 417, * 6 (E.D. Pa. 2005) (amended complaint was stricken when its filing was undertaken without leave of court as required by Fed. R. Civ. P. 15(a)); *Readmond v. Matsushita Elec. Corp.*, 355 F. Supp. 1073, 1080 (E.D. Pa. 1972) (striking the amended complaint when a new allegation was added without leave of court as required by Fed. R. Civ. P. 15(a)).

---

[2] The inappropriateness of LPL's third-party permissive "Additional Counterclaims" is further highlighted by the fact that such "Additional Counterclaims" can not truly be treated as an attempt to amend the complaint, as LPL is the **defendant** not the **plaintiff** in Civil Action No. 07-357.

LPL failed to seek leave of this Court to file its "Additional Counterclaims." After LPL filed its reply to CMO USA's counterclaim on July 23, 2007, LPL had 20 days to amend that filing as no responsive pleading was due. It failed to amend that pleading. Thus, on August 13, 2007, the pleadings as to CMO USA were closed. Accordingly, LPL's "Additional Counterclaims" against CMO USA, as plead in LPL's amendment to its reply as to the AU Plaintiff's counterclaims, should be stricken.

## CONCLUSION

While a party may raise compulsory counterclaims in reply to claims filed against it, a defendant should not be permitted to extend the pleadings by filing permissive "Additional Counterclaims" against a third party in its reply to counterclaims filed by the plaintiff. Such a filing is not permitted under the Federal Rules of Civil Procedure, unduly complicates matters, and is without legal effect. Thus, LPL's permissive third-party "Additional Counterclaims" must be dismissed and/or stricken.

OF COUNSEL:                                      POTTER ANDERSON & CORROON LLP

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz                           By: _____
Jones Day                                            Philip A. Rovner (#3215)
North Point                                          Hercules Plaza
901 Lakeside Avenue                                  P. O. Box 951
Cleveland, OH 44114-1190                             Wilmington, DE 19899
(216) 586-3939                                       (302) 984-6000
                                                     provner@potteranderson.com

Dated: August 22, 2007
814244                                          *Attorneys for Counterclaim*
                                                *Chi Mei Optoelectronics USA, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

   I, Philip A. Rovner, hereby certify that on August 22, 2007, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as indicated;

and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, -EMAIL AND HAND
DELIVERY**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

William E. Manning, Esq.
Jennifer M. Becnel-Guzzo, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE  19801
william.manning@bipc.com
jennifer.becnelguzzo@bipc.com

**BY CM-ECF, EMAIL AND HAND
DELIVERY**

Edmond D. Johnson, Esq.
Thomas H. Kovach, Esq.
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE  19899-1709
johnsone@pepperlaw.com
kovacht@pepperlaw.com

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
jshaw@ycst.com
kpascale@ycst.com

   I hereby certify that on August 22, 2007 I have sent by E-mail the foregoing

document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA  90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com

Karineh Khachatourian, Esq.
Jeffrey M. Ratinoff, Esq.
Bryan J. Sinclair, Esq.
Buchanan Ingersoll & Rooney PC
333 Twin Dolphin Drive
Redwood Shores, CA 94065-1418
Karineh.khachatourian@bipc.com
Jeffrey.ratinoff@bipc.com
Bryan.sinclair@bipc.com

Ron E. Shulman, Esq.
Julie M. Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
jholloway@wsgr.com

John N. Zarian, Esq.
Samia E. McCall, Esq.
Stoel Rives LLP
101 S. Capitol Boulevard
Suite 1900
Boise, ID 83702
jnzarian@stoel.com
semccall@stoel.com

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759
ctyler@wsgr.com
brange@wsgr.com

Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

2

# EXHIBIT A

# CHART AND TABLE OF CLAIMS AND COUNTERCLAIMS



The color of each patent corresponds to the pleading of the same color in the table below.

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|---|---|---|---|
| 1 | 12/01/06<br>Complaint for Patent Infringement (06-726) | 5,019,002<br>**(LPL Count I)**<br><br>5,825,449<br>**(LPL Count II)**<br><br>4,624,737<br>**(LPL Count III)** | Chi Mei Optoelectronics Corp. |
| | | 5,019,002<br>**(LPL Count I)**<br><br>5,825,449<br>**(LPL Count II)**<br><br>4,624,737<br>**(LPL Count III)** | AU Optronics Corp. |
| | | 5,019,002<br>**(LPL Count I)**<br><br>5,825,449<br>**(LPL Count II)**<br><br>4,624,737<br>**(LPL Count III)** | AU Optronics Corp. of America |
| | | 5,019,002<br>**(LPL Count I)** | Tatung Company |

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|---|---|---|---|
| | | 5,825,449 **(LPL Count II)** | |
| | | 4,624,737 **(LPL Count III)** | |
| | | 5,019,002 **(LPL Count I)** | Tatung Company of America |
| | | 5,825,449 **(LPL Count II)** | |
| | | 4,624,737 **(LPL Count III)** | |
| | | 5,019,002 **(LPL Count I)** | ViewSonic Corp. |
| | | 5,825,449 **(LPL Count II)** | |
| | | 4,624,737 **(LPL Count III)** | |
| 2 | 04/11/07 First Amended Complaint for Patent Infringement against AU Optronics Corp. (06-726) | 5,019,002 **(LPL Count I)** | AU Optronics Corp. |
| | | 5,825,449 **(LPL Count II)** | |

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|---|---|---|---|
| | | 4,624,737 **(LPL Count III)** | Declaratory Judgment of invalidity **(LPL Count IV)** and non-infringement **(LPL Count V)** sought by LG.Philips LCD Co., Ltd. |
| | | 6,689,629 | Chi Mei Optoelectronics Corp. |
| | | 6,778,160 | |
| | | 6,976,781 | |
| | | 5,019,002 **(LPL Count I)** | |
| | | 5,825,449 **(LPL Count II)** | |
| | | 4,624,737 **(LPL Count III)** | |
| | | 5,019,002 **(LPL Count I)** | AU Optronics Corp. of America |
| | | 5,825,449 **(LPL Count II)** | |
| | | 4,624,737 **(LPL Count III)** | |
| | | 5,019,002 **(LPL Count I)** | Tatung Company |

- 4 -

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|---|---|---|---|
| | | 5,825,449<br>**(LPL Count II)**<br><br>4,624,737<br>**(LPL Count III)** | Tatung Company of America |
| | | 5,019,002<br>**(LPL Count I)**<br><br>5,825,449<br>**(LPL Count II)**<br><br>4,624,737<br>**(LPL Count III)** | |
| | | 5,019,002<br>**(LPL Count I)**<br><br>5,825,449<br>**(LPL Count II)**<br><br>4,624,737<br>**(LPL Count III)** | ViewSonic Corp. |
| 3 | 05/22/07<br>First Amended Complaint for Patent Infringement against Chi Mei Optoelectronics Corp. and Chi Mei Optoelectronics USA, Inc.<br>(06-726) | 5,019,002<br>**(LPL Count I)**<br><br>5,825,449<br>**(LPL Count II)** | Chi Mei Optoelectronics Corp. |

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|---|---|---|---|
| | | 4,624,737 **(LPL Count III)** | Chi Mei Optoelectronics USA, Inc. |
| | | 5,019,002 **(LPL Count I)** | |
| | | 5,825,449 **(LPL Count II)** | |
| | | 4,624,737 **(LPL Count III)** | |
| | | 5,619,352 | Declaratory Judgment of invalidity **(LPL Count IV)** and non-infringement **(LPL Count V)** sought by LG.Philips LCD Co. |
| | | 6,008,786 | |
| | | 6,013,923 | |
| | | 6,734,926 | |
| | | 5,019,002 **(LPL Count I)** | AU Optronics Corp. |
| | | 5,825,449 **(LPL Count II)** | |
| | | 4,624,737 **(LPL Count III)** | |
| | | 5,019,002 **(LPL Count I)** | AU Optronics Corp. of America |

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|-----|----------|------------|---------------------|
| | | 5,825,449 **(LPL Count II)** | |
| | | 4,624,737 **(LPL Count III)** | Tatung Company |
| | | 5,019,002 **(LPL Count I)** | |
| | | 5,825,449 **(LPL Count II)** | |
| | | 4,624,737 **(LPL Count III)** | |
| | | 5,019,002 **(LPL Count I)** | Tatung Company of America |
| | | 5,825,449 **(LPL Count II)** | |
| | | 4,624,737 **(LPL Count III)** | |
| | | 5,019,002 **(LPL Count I)** | ViewSonic Corp. |
| | | 5,825,449 **(LPL Count II)** | |

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|---|---|---|---|
| | | 4,624,737<br>(LPL Count III) | L.G.Philips LCD Co. |
| 4 | 06/05/07<br>AUO Defendants' Answer and Counterclaims against L.G.Philips LCD Co. and Additional Party LG Philips CD America, Inc.<br>(06-726) | 6,976,781<br>(AUO Count I)<br><br>6,778,160<br>(AUO Count II)<br><br>6,689,629<br>(AUO Count III) | |
| | | 6,976,781<br>(AUO Count I)<br><br>6,778,160<br>(AUO Count II)<br><br>6,689,629<br>(AUO Count III) | LG Philips CD America, Inc. |
| 5 | 06/11/07<br>L.G.Philips LCD America, Inc.'s Answer and Counterclaims Against AU Optronics Corp.<br>(07-357) | 6,689,629<br><br>6,778,160<br><br>6,976,781 | Declaratory Judgment of invalidity (LPLA Counterclaim Count I) and non-infringement (LPLA Counterclaim Count II) sought by L.G.Philips LCD America, Inc. |

- 8 -

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|-----|----------|------------|---------------------|
| 6 | 06/11/07<br><br>I.G.Philips LCD Co., Ltd.'s Answer and Counterclaims Against AU Optronics Corp., and AU Optronics Corp. America, Chi Mei Optoelectronics Corp. and Chi Mei Optoelectronics USA, Inc.<br>(07-357) | 5,905,274<br>**(LPL**<br>**Counterclaim**<br>**Count I)**<br><br>6,815,321<br>**(LPL**<br>**Counterclaim**<br>**Count II)**<br><br>7,176,489<br>**(LPL**<br>**Counterclaim**<br>**Count III)** | Chi Mei Optoelectronics Corp. |
| | | 5,905,274<br>**(LPL**<br>**Counterclaim**<br>**Count I)**<br><br>6,815,321<br>**(LPL**<br>**Counterclaim**<br>**Count II)**<br><br>7,176,489<br>**(LPL**<br>**Counterclaim**<br>**Count III)** | Chi Mei Optoelectronics USA, Inc. |

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|---|---|---|---|
| | | 5,905,274<br>**(LPL<br>Counterclaim<br>Count I)**<br><br>6,815,321<br>**(LPL<br>Counterclaim<br>Count II)**<br><br>7,176,489<br>**(LPL<br>Counterclaim<br>Count III)** | AU Optronics Corp. |
| | | 5,905,274<br>**(LPL<br>Counterclaim<br>Count I)**<br><br>6,815,321<br>**(LPL<br>Counterclaim<br>Count II)**<br><br>7,176,489<br>**(LPL<br>Counterclaim<br>Count III)** | AU Optronics Corporation America |

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|---|---|---|---|
| | | 6,689,629 | Declaratory Judgment of invalidity (**LPL Counterclaim Count IV**) and non-infringement (**LPL Counterclaim Count V**) sought by LG.Philips LCD Co., Ltd. |
| | | 6,778,160 | |
| | | 6,976,781 | |
| 7 | 06/21/07 AU Optronics Corp. America's Reply to LG.Philips LCD Co. Ltd's Counterclaims and Counterclaims against LG.Philips LCD Co. Ltd. (07-357) | 5,905,274 | Declaratory Judgment of invalidity (**AUOA Counterclaim Count I**) and non-infringement (**AUOA Counterclaim Count II**) sought by AU Optronics Corp. America. |
| | | 6,815,321 | |
| | | 7,176,489 | |
| 8 | 06/21/07 AU Optronics Corp.'s Reply to LG.Philips LCD Co. Ltd's Counterclaims and Counterclaims against LG.Philips LCD Co. Ltd. (07-357) | 6,734,944 (**AUO Counterclaim Count I**) | LG.Philips LCD Co. Ltd. |
| | | 7,125,157 (**AUO Counterclaim Count II**) | |
| | | 7,090,506 (**AUO Counterclaim Count III**) | |

- 11 -

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|---|---|---|---|
| | | 5,905,274 | Declaratory Judgment of invalidity (AUO Counterclaim Count IV) and non-infringement (AUO Counterclaim Count V) sought by AU Optronics Corp. |
| | | 6,815,321 | |
| | | 7,176,489 | |
| 9 | 06/21/07<br>AU Optronics Corp.'s Reply to LG.Philips LCD America, Inc.'s Counterclaims and Counterclaims against LG.Philips LCD America, Inc.<br>(07-357) | 6,734,944 (AUO Counterclaim Count I) | LG.Philips LCD America, Inc. |
| | | 7,125,157 (AUO Counterclaim Count II) | |
| | | 7,090,506 (AUO Counterclaim Count III) | |
| 10 | 07/02/07<br>Chi Mei Optoelectronics USA, Inc.'s Answer, Affirmative Defenses and Counterclaims to the Counterclaims of LG.Philips LCD Co., Ltd.<br>(07-357) | 5,905,274 | Declaratory Judgment of invalidity (CMO USA Count I) and non-infringement (CMO USA Count II) sought by Chi Mei Optoelectronics USA, Inc. |
| | | 6,815,321 | |
| | | 7,176,489 | |

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|---|---|---|---|
| 11 | 07/10/07<br>AU Optronics Corp. America's First Amended Reply to LG.Philips LCD Co. Ltd's Counterclaims and Counterclaims against LG.Philips LCD Co. Ltd. (07-357) | 5,905,274<br><br>6,815,321<br><br>7,176,489 | Declaratory Judgment of invalidity (AUOA Counterclaim Count I), non-infringement (AUOA Counterclaim Count II) and unenforceability (AUOA Counterclaim Count III) sought by AU Optronics Corp. America. |
| 12 | 07/10/07<br>AU Optronics Corp's First Amended Reply to LG.Philips LCD Co. Ltd's Counterclaims and Counterclaims against LG.Philips LCD Co. Ltd. (07-357) | 6,734,944<br>(AUO Counterclaim Count I)<br><br>7,125,157<br>(AUO Counterclaim Count II)<br><br>7,090,506<br>(AUO Counterclaim Count III) | LG.Philips LCD Co. Ltd. |
|  |  | 5,905,274<br><br>6,815,321<br><br>7,176,489 | Declaratory Judgment of invalidity (AUO Counterclaim Count IV), non-infringement (AUO Counterclaim Count V) and unenforceability (AUO Counterclaim Count VI) sought by AU Optronics Corp. |

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|---|---|---|---|
| **13** | 07/24/07<br><br>LG.Philips LCD Co., Ltd.'s Answer to AU Optronics Corp's Amended Counterclaims and Additional Counterclaims against AU Optronics Corp.<br>(06-726, 07-357) | 6,664,569<br>**(LPL Counterclaim Count VI)** | AU Optronics Corp. |
| | | 6,734,944<br><br>7,125,157<br><br>7,090,506 | Declaratory Judgment of invalidity **(LPL Counterclaim Count VII)** and non-infringement **(LPL Counterclaim Count VIII)** sought by LG.Philips LCD Co., Ltd. |
| | | 6,734,944 | Declaratory Judgment of unenforceability **(LPL Counterclaim Count IX)** sought by LG.Philips LCD Co., Ltd. |
| **14** | 07/24/07<br><br>LG.Philips LCD Co., Ltd.'s Answer to AU Optronics Corp. America's Amended Counterclaims and Additional Counterclaim against AU Optronics Corp. America<br>(06-726, 07-357) | 6,664,569<br>**(LPL Counterclaim Count VI)** | AU Optronics Corp. America |

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|---|---|---|---|
| **15** | 08/08/07<br><br>LG.Philips LCD Co., Ltd's First Amended Answer to AU Optronics Corporation's Amended Counterclaims and Additional Counterclaims<br><br>(06-726, 07-357) | 6,664,569<br><br>**(LPL Counterclaim Count VI)**<br><br>6,803,984<br><br>**(LPL Counterclaim Count VII)**<br><br>7,218,374<br><br>**(LPL Counterclaim Count VIII)** | AU Optronics Corp. |
| | | 6,734,944<br><br>7,125,157<br><br>7,090,506 | Declaratory Judgment of invalidity **(LPL Counterclaim Count IX)** and non-infringement **(LPL Counterclaim Count X)** sought by LG.Philips LCD Co., Ltd. |
| | | 6,734,944 | Declaratory Judgment of unenforceability **(LPL Counterclaim Count XI)** sought by LG.Philips LCD Co., Ltd. |

- 15 -

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|---|---|---|---|
| | | 6,803,984 **(LPL Counterclaim Count VII)** | Chi Mei Optoelectronics Corp. |
| | | 7,218,374 **(LPL Counterclaim Count VIII)** | |
| | | 6,803,984 **(LPL Counterclaim Count VII)** | Chi Mei Optoelectronics USA, Inc. |
| | | 7,218,374 **(LPL Counterclaim Count VIII)** | |
| 16 | 08/08/07 LG.Philips LCD Co., Ltd's First Amended Answer to AU Optronics Corporation America's Amended Counterclaims and Additional Counterclaims Against AU Optronics Corporation America (06-726, 07-357) | 6,664,569 **(LPL Counterclaim Count VI)** | AU Optronics Corp. America |
| | | 6,803,984 **(LPL Counterclaim Count VII)** | |

| NO. | PLEADING | PATENT NO. | ALLEGED TO INFRINGE |
|-----|----------|------------|---------------------|
|     |          | 7,218,374<br>(LPL<br>Counterclaim<br>Count VIII) |                     |