IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD. and <br> LG.PHILIPS LCD AMERICA, INC., <br><br> *Plaintiff*, <br><br> vs. <br><br> AU OPTRONICS CORPORATION; <br> AU OPTRONICS CORPORATION <br> AMERICA; CHI MEI OPTOELECTRONICS <br> CORPORATION; and CHI MEI <br> OPTOELECTRONICS USA, INC., <br><br> *Defendants*. | Civil Action No. 06-726-GMS |
| AU OPTRONICS CORPORATION, <br><br> *Plaintiff*, <br><br> vs. <br><br> LG.PHILIPS LCD CO., LTD. and <br> LG.PHILIPS LCD AMERICA, INC., <br><br> *Defendants*. | Civil Action No. 07-357-GMS <br><br> **CONSOLIDATED CASES** <br><br> **JURY TRIAL DEMANDED** |

**AU OPTRONICS CORPORATION AMERICA'S REPLY TO LG.PHILIPS LCD CO.
LTD.'S FIRST AMENDED COUNTERCLAIMS AND ADDITIONAL
COUNTERCLAIMS AGAINST LG.PHILIPS LCD CO. LTD.**

Plaintiff AU OPTRONICS CORPORATION AMERICA ("AUOA") hereby replies to LG.Philips LCD Co. Ltd.'s ("LPL") additional counterclaims filed on or on about July 24, 2007 (D.I. 102 in C.A. No. 07-357-GMS), asserts affirmative defenses to those claims, and asserts additional counterclaims against LPL.

### REPLY TO COUNTERCLAIMS

1.    With regard to paragraph 35, AUOA denies that LPL is entitled to any relief by virtue of its counterclaims.

2.  AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

3.  With regard to paragraph 37, AUOA admits that it is a California corporation, and it has a place of business at 1800 Wyatt Drive, Suite 7, Santa Clara, CA 35054.

4.  With regard to paragraph 38, AUOA admits that LPL's Counterclaims purport to set forth claims arising under the patent laws of the United States (Title 35 of the United States Code). AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies them.

5.  AUOA understands that paragraph 39 references LPL's patent infringement claims, and on that basis, subject matter jurisdiction is proper over LPL's patent infringement claims against AUOA.

6.  AUOA denies the allegations of paragraph 40.

7.  With regard to paragraph 41, AUOA admits that the '569 Patent appears to be entitled "Liquid Crystal Display Device Array Substrate and Method of Manufacturing Same." AUOA denies that the '569 Patent was duly and legally issued. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies them.

8.  With regard to paragraph 42, AUOA admits that the '984 Patent appears to be entitled "Method and Apparatus for Manufacturing Liquid Crystal Display Device Using Serial Production Processes." AUOA denies that the '984 Patent was duly and legally issued. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies them.

9. With regard to paragraph 43, AUOA admits that the '374 Patent appears to be entitled "Liquid Crystal Display Device and Method of Manufacturing the Same." AUOA denies that the '374 Patent was duly and legally issued. AUOA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies them.

10. AUOA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

## RESPONSE TO COUNTERCLAIM COUNT VI
## INFRINGEMENT OF THE '569 PATENT

11. AUOA refers to and incorporates herein its responses to paragraphs 35-44.

12. AUOA denies the allegations in paragraph 46.

13. AUOA denies the allegations in paragraph 47.

14. AUOA denies the allegations in paragraph 48.

15. AUOA denies the allegations in paragraph 49.

## RESPONSE TO COUNTERCLAIM COUNT VII
## INFRINGEMENT OF THE '984 PATENT

16. AUOA refers to and incorporates herein its responses to paragraphs 35-49.

17. AUOA denies the allegations in paragraph 51.

18. AUOA denies the allegations in paragraph 52.

19. AUOA denies the allegations in paragraph 53.

20. AUOA denies the allegations in paragraph 54.

## RESPONSE TO COUNTERCLAIM COUNT VIII
## INFRINGEMENT OF THE '374 PATENT

21. AUOA refers to and incorporates herein its responses to paragraphs 35-54.

22. AUOA denies the allegations in paragraph 56.

23. AUOA denies the allegations in paragraph 57.

24. AUOA denies the allegations in paragraph 58.

25. AUOA denies the allegations in paragraph 59.

### RESPONSE TO PRAYER FOR RELIEF

As to paragraphs A through L of the Prayer for Relief, AUOA denies that LPL is entitled to the requested relief.

### AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the foregoing denials, and without prejudice to AUOA's right to plead additional defenses as discovery into the facts of the matter warrants, AUOA hereby asserts the following affirmative defenses.

### First Affirmative Defense

26. As a First and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that the Amended Complaint fails to state a claim upon which relief may be granted and fails to set forth facts sufficient to state a claim for relief against AUOA.

### Second Affirmative Defense

27. As a Second and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that its products and processes have not infringed, are not now infringing, and are not threatening to infringe upon any valid and enforceable claim of the '569 Patent, the '984 Patent and/or the '374 Patent either literally or under the doctrine of equivalents.

### Third Affirmative Defense

28. As a Third and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that it has neither directly or indirectly contributed to the infringement of, nor induced another to infringe the '569 Patent, the '984 Patent and/or the '374 Patent.

### Fourth Affirmative Defense

29. As a Fourth and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that the '569 Patent, the '984 Patent and/or the '374 Patent are invalid for failure to comply with one, or more, of the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Fifth Affirmative Defense

30. As a Fifth and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that LPL's claims are barred by the equitable doctrine of laches and/or estoppel.

### Sixth Affirmative Defense

31. As a Sixth and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that LPL is precluded from construing such patents to cover AUOA's conduct and/or products, and is further estopped from asserting infringement under the doctrine of equivalents, on the basis of the statements made during the prosecution of one or more of the '569 Patent, the '984 Patent and/or the '374 Patent.

### Seventh Affirmative Defense

32. As a Seventh and Separate Affirmative Defense to LPL's Counterclaims, AUOA alleges that Plaintiff's damages are barred and/or limited by the provisions of 35 U.S.C. § 271, 286 and/or 287.

DB02:6198399.1    065944.1001

## ADDITIONAL COUNTERCLAIMS AGAINST LG.PHILIPS LCD CO., LTD.

By these Counterclaims and pursuant to Rules 12 and/or 13 of the Federal Rules of Civil Procedure, Plaintiff/Counterclaimant AU Optronics Corporation America ("AUOA") seeks declaratory relief with respect to LPL's patent counterclaims.

## THE COUNTERCLAIM PARTIES

33. Plaintiff and Counterclaimant AU Optronics Corporation America ("AUOA") is a corporation organized and existing under the laws of the California, with its principle place of business located in San Jose, California.

34. Defendant LG.Philips LCD Co., Ltd. ("LPL") alleges that it is a corporation organized and existing under the laws of the Republic of Korea, having its principal place of business at Seoul, Korea.

35. LPL claims to be the owner by assignment of United States Patent No. 6,664,569 ("the '569 Patent"), United States Patent 6,803,984 (the '984 Patent), and United States Patent 7,218,374 (the '374 Patent) (collectively "the LPL Patents").

36. These Counterclaims are based upon and arise under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*, and in particular §§ 271, 281, 283, 284 and 285.

37. Additionally, these Counterclaims are under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, based upon an actual controversy between LPL and AUOA regarding the validity and claims of the LPL Patents, and is intended to provide appropriate and necessary declaratory relief.

## JURISDICTION AND VENUE

38. This Court has jurisdiction over these Counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.

39. This court has personal jurisdiction and venue over LPL because, *inter alia*, LPL submitted itself to the jurisdiction of this Court.

### Counterclaim Count Four

### (Declaratory Judgment of Invalidity of the '569 Patent, the '984 Patent and/or the '374 Patent)

40. AUOA hereby incorporates paragraphs 33 - 40 above as though fully set forth herein.

41. LPL has accused AUOA of infringing the LPL Patents by filing its counterclaims in this action. As such, there is substantial controversy between the parties having adverse legal interests.

42. Claims of the '569 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

43. Claims of the '984 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

44. Claims of the '374 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

45. Because LPL has asserted the LPL Patents against AUOA, thereby creating an actual controversy, declaratory relief is both appropriate and necessary to establish that one or more of the claims of the '569 Patent, the '984 Patent and/or the '374 Patent are invalid.

## Counterclaim Count Five

### (Declaratory Judgment of Non-Infringement of the '569 Patent, the '984 Patent and/or the '374 Patent)

46. AUOA hereby incorporates paragraphs 33 – 45 above as though fully set forth herein.

47. AUOA has not infringed and does not infringe any claim of the '569 Patent, either literally or under the doctrine of equivalents.

48. AUOA has not infringed and does not infringe any claim of the '984 Patent, either literally or under the doctrine of equivalents.

49. AUOA has not infringed and does not infringe any claim of the '374 Patent, either literally or under the doctrine of equivalents.

50. Because LPL maintains that AUOA infringes the LPL Patents, thereby creating an actual controversy, a declaration of rights between LPL and AUOA is both appropriate and necessary to establish that LPL has not infringed and does not infringe any claim of the '569 Patent, the '984 Patent and/or the '374 Patent.

## EXCEPTIONAL CASE

51. This is an exceptional case under 35 U.S.C. § 285 and, as such, Plaintiff/Counterclaimant AUOA is entitled to recover from LPL the attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, AUOA respectfully requests that the Court:

A. Dismiss LPL's Counterclaims with prejudice;

B.  Enter judgment in favor of AUOA and declare that each of the claims of the '569 Patent are invalid;

C.  Enter judgment in favor of AUOA and declare that each of the claims of the '984 Patent are invalid;

D.  Enter judgment in favor of AUOA and declare that each of the claims of the '374 Patent are invalid;

E.  Enter judgment in favor of AUOA and declare that AUOA has not infringed any claim of the '569 Patent either literally or under the doctrine of equivalents;

F.  Enter judgment in favor of AUOA and declare that AUOA has not infringed any claim of the '984 Patent either literally or under the doctrine of equivalents;

G.  Enter judgment in favor of AUOA and declare that AUOA has not infringed any claim of the '374 Patent either literally or under the doctrine of equivalents;

H.  Declare that this is an exceptional case under 35 U.S.C. § 285 and award to AUOA its attorneys' fees and costs; and

I.  Grant such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, AU OPTRONICS CORPORATION AMERICA respectfully demands a trial by jury on all issues so triable in this action.

August 22, 2007

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
_____
Richard H. Morse (#531) [rmorse@ycst.com]
John W. Shaw (#3362) [jshaw@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
*Attorneys for AU Optronics Corporation America*

OF COUNSEL:

PAUL HASTINGS JANOFSKY & WALKER LLP
Vincent K. Yip
Terry D. Garnett
Peter J. Wied
Jay C. Chiu
Hua Chen
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000

- and -

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Ron E. Shulman
Julie M. Holloway
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300

M. Craig Tyler
Brian D. Range
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497
Telephone: (512) 338-5400

10

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on August 22, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard D. Kirk [rkirk@bayardfirm.com]
>Ashley B. Stitzer [astitzer@bayardfirm.com]
>THE BAYARD FIRM
>222 Delaware Avenue, Suite 900
>P.O. Box. 25130
>Wilmington, DE 19899-5130
>(302) 655-5000
>   *Attorneys for LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc.*

>Philip A. Rovner [provner@potteranderson.com]
>David E. Moore [dmoore@potteranderson.com]
>POTTER, ANDERSON & CORROON
>6th Floor, Hercules Plaza
>1313 N. Market Street
>Wilmington, DE 19801
>   *Attorneys for Chi Mei Optoelectronics Corporation*

>William E. Manning [william.manning@bipc.com]
>Jennifer M. Becnel-Guzzo [jennifer.becnelguzzo@bipc.com]
>BUCHANAN INGERSOLL & ROONEY
>The Brandywine Building
>1000 West Street, Suite 1410
>Wilmington, DE 19801
>(302) 552-4200
>   *Attorneys for Tatung Company and Tatung Company of America, Inc.*

>Edmond D. Johnson [johnsone@pepperlaw.com]
>Thomas H. Kovach [kovacht@pepperlaw.com]
>PEPPER HAMILTON LLP
>1313 Market Street, Suite 5100
>P.O. Box 1709
>Wilmington, DE 19899-1709
>   *Attorneys for ViewSonic Corporation*

I further certify that I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**<u>By E-mail</u>**

Gaspare J. Bono [gbono@mckennalong.com]
Matthew T. Bailey [mbailey@mckennalong.com]
R. Tyler Goodwyn, IV [tgoodwyn@mckennalong.com]
Lora A. Brzezynski [lbrzezynski@mckennalong.com]
Cass W. Christenson [cchristenson@mckennalong.com]
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500
 *Attorneys for LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc.*

Kenneth R. Adamo [kradamo@jonesday.com]
Robert C. Kahrl [rckahrl@jonesday.com]
Arthur P. Licygiewicz [aplicygiewicz@jonesday.com]
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
(216) 586-3939
 *Attorneys for Chi Mei Optoelectronics Corporation*

Bryan J. Sinclair [bryan.sinclair@bipc.com]
Karineh Khachatourian [karineh.khachatourian@bipc.com]
BUCHANAN INGERSOLL & ROONEY
333 Twin Dolphin Drive
Redwood Shores, CA 94065-1418
(650) 622-2300
 *Attorneys for Tatung Company and Tatung Company of America, Inc.*

John N. Zarian [jnzarian@stoel.com]
Samia E. McCall [semccall@stoel.com]
Matthew D. Thayne [mdthayne@stoel.com]
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702
(208) 389-9000
 *Attorneys for ViewSonic Corporation*

|  | YOUNG CONAWAY STARGATT & TAYLOR LLP |
|---|---|
|  | /s/ *Karen L. Pascale* |
| August 22, 2007 | Richard H. Morse (#531) *[rmorse@ycst.com]*<br>John W. Shaw (No. 3362) *[jshaw@ycst.com]*<br>Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391<br>Phone:  302-571-6600<br>   *Attorneys for AU Optronics Corporation America* |

3