UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION, et al. <br><br> Defendants. | C.A. No. 06-726-GMS <br> C.A. No. 07-357-GMS <br><br> CONSOLIDATED CASES <br><br> JURY TRIAL DEMANDED |

**LG.PHILIPS LCD CO., LTD.'S ANSWER TO
AU OPTRONICS CORPORATION'S ADDITIONAL COUNTERCLAIMS AND
ADDITIONAL COUNTERCLAIMS**

Defendant LG.Philips LCD Co., Ltd. ("LPL"), by and through its undersigned counsel, hereby files its Answer in Response to the Additional Counterclaims of Plaintiff AU Optronics Corporation ("AUO"), in the above titled action (D.I. 134).

**RESPONSE TO ALLEGATIONS AS TO THE COUNTERCLAIM PARTIES**

1.  LPL admits that AUO is a corporation organized under the laws of the Republic of China with its principal place of business in Taiwan as alleged in paragraph 60 of the Counterclaims.

2.  LPL lacks knowledge or information sufficient to admit or deny the allegations of paragraph 61 of the Counterclaims and therefore denies them.

3.  LPL admits the allegations of paragraph 62 of the Counterclaims.

4.  LPL denies the allegations of paragraph 63 of the Counterclaims.

5.  LPL admits the allegations of paragraph 64 of the Counterclaims.

6.  The allegations in paragraph 65 of the Counterclaims are conclusions of law to which no response is required.

670373-1

7. The allegations in paragraph 66 of the Counterclaims are conclusions of law to which no response is required.

**RESPONSE TO ALLEGATIONS AS TO JURISDICTION AND VENUE**

8. LPL admits that this Court has jurisdiction over these Counterclaims, but the remaining allegations of paragraph 67 of the Counterclaims are conclusions of law to which no response is required.

9. LPL admits that this Court has jurisdiction over these Counterclaims, but the remaining allegations of paragraph 68 of the Counterclaims are conclusions of law to which no response is required.

10. LPL admits the allegations of paragraph 69 of the Counterclaims.

**RESPONSE TO COUNTERCLAIM COUNT SEVEN**

11. LPL admits that Exhibit A to the Counterclaims purports to be a copy of United States Patent No. 7,101,069, entitled "Direct Backlight Module" ("the '069 patent"), but LPL lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 70 of the Counterclaims, and therefore denies them.

12. LPL denies the allegations in paragraph 71 of the Counterclaims.

13. LPL denies the allegations in paragraph 72 of the Counterclaims.

14. LPL denies the allegations in paragraph 73 of the Counterclaims.

**RESPONSE TO COUNTERCLAIM COUNT EIGHT**

15. LPL admits that Exhibit B to the Counterclaims purports to be a copy of United States Patent No. 5,748,266, entitled "Color Filter, Liquid Crystal Display Panel, Liquid Crystal Display, And Liquid Crystal Display Panel Manufacturing Method" ("the '266 patent"), but LPL lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 74 of the Counterclaims, and therefore denies them.

16. LPL denies the allegations in paragraph 75 of the Counterclaims.

17. LPL denies the allegations in paragraph 76 of the Counterclaims.

18. LPL denies the allegations in paragraph 77 of the Counterclaims.

### RESPONSE TO COUNTERCLAIM COUNT NINE

19. LPL refers and incorporates herein its responses to AUO's allegations in paragraphs 1-18, above, as though fully set forth herein.

20. LPL admits the allegations in paragraph 79 of the Counterclaims.

21. LPL denies the allegations in paragraph 80 of the Counterclaims.

22. LPL denies the allegations in paragraph 81 of the Counterclaims.

23. LPL denies the allegations in paragraph 82 of the Counterclaims.

24. LPL denies the allegations in paragraph 83 of the Counterclaims.

### RESPONSE TO COUNTERCLAIM COUNT TEN

25. LPL refers and incorporates herein its responses to AUO's allegations in paragraphs 1-24, above, as though fully set forth herein.

26. LPL denies the allegations of paragraph 85 of the Counterclaims.

27. LPL denies the allegations in paragraph 86 of the Counterclaims.

28. LPL denies the allegations in paragraph 87 of the Counterclaims.

29. LPL denies the allegations in paragraph 88 of the Counterclaims.

### RESPONSE TO ALLEGATIONS AS TO EXCEPTIONAL CASE

30. LPL denies the allegations in paragraph 89 of the Counterclaims.

### RESPONSE TO PRAYER FOR RELIEF

31. As to paragraphs A through O of the Prayer For Relief, LPL denies that AUO is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the foregoing denials, and without prejudice to LPL's right to plead additional defenses as discovery into the facts of the matter warrants, LPL hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

32.     One or more claims of the AUO Patents are invalid for failing to meet one or more of the requisite conditions or requirements for patentability specified by 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE

33.     LPL's products have not and do not infringe any claim of the AUO Patents, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

34.     LPL has not directly or indirectly contributed to infringement of, nor induced another to infringe the AUO Patents.

### FOURTH AFFIRMATIVE DEFENSE

35.     AUO has failed to state a claim for which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

36.     Pursuant to 35 U.S.C. § 287(b), LPL is not liable for damages for infringement under any section of 35 U.S.C. § 271 before receiving notice of AUO's allegations of infringement in this action.

## SIXTH AFFIRMATIVE DEFENSE

37. AUO's claims are barred, in whole or in part, because of the affirmative defense of license.

## ADDITIONAL COUNTERCLAIMS

38. By these Counterclaims and pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiff LG.Philips LCD Co., Ltd. ("LPL") seeks declaratory relief against Counterclaim Defendant AU Optronics Corporation ("AUO").

39. Counterclaim Plaintiff LG.Philips LCD Co., Ltd. ("LPL") is a Korean corporation having its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

40. Counterclaim Defendant AUO is a Taiwanese corporation, having its principal place of business at 1, Li-Hsin Rd., II, Science-Based Industrial Park, Hsinchu City 30077 Taiwan, ROC.

41. These Counterclaims are based upon and arise under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*

42. These Counterclaims are also under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, based upon an actual controversy between LPL and AUO regarding the validity and infringement of the claims of the '069 Patent and the '266 Patent, and is intended to provide appropriate and necessary declaratory relief.

43. This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

670373-1

44. This Court has personal jurisdiction and venue over AUO because, *inter alia*, AUO has submitted itself to the jurisdiction of this Court.

45. AUO claims to be the owner of the '069 Patent and the '266 Patent (the "AUO Patents").

### COUNTERCLAIM COUNT XII
### CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE '069 PATENT AND THE '266 PATENT AGAINST PLAINTIFF AU OPTRONICS CORPORATION

46. LPL hereby incorporates paragraphs 38-45 above as though fully set forth herein.

47. AUO has accused LPL of infringing the AUO Patents by filing counterclaims in this action. As such, there is a substantial controversy between the parties having adverse legal interests.

48. Claims of the '069 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

49. Claims of the '266 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

50. Because AUO has asserted the '069 Patent and the '266 Patent against LPL, thereby creating an actual controversy, declaratory relief is both appropriate and necessary to establish that one or more of the claims of the AUO Patents are invalid.

### COUNTERCLAIM COUNT XIII
### CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '069 PATENT AND THE '266 PATENT AGAINST PLAINTIFF AU OPTRONICS CORPORATION

51. LPL hereby incorporates paragraphs 38-50 above as though fully set forth herein.

670373-1

52. LPL's LCD modules do not infringe any claim of the '069 Patent, either literally or under the doctrine of equivalents.

53. LPL's LCD modules do not infringe any claim of the '266 Patent, either literally or under the doctrine of equivalents.

54. Because AUO maintains that LPL infringes the AUO Patents, thereby creating an actual controversy, a declaration of rights between LPL and AUO is both appropriate and necessary to establish that LPL has not infringed and does not infringe any claim of the '069 Patent or the '266 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, LPL prays for judgment as follows:

A. That the Court dismiss AUO's Counterclaims with prejudice;

B. That the Court issue a declaratory judgment that LPL does not directly or indirectly infringe any of the AUO Patents under any applicable provision of 35 U.S.C. § 271;

C. That the Court issue a declaratory judgment that the AUO Patents are invalid;

D. That this is an exceptional case under 35 U.S.C. § 285 and that LPL be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

-8-

  E. That the Court award LPL other relief as it may find appropriate.

September 14, 2007

                THE BAYARD FIRM

                <u>/s/ Richard D. Kirk (rk0922)</u>
                Richard D. Kirk
                222 Delaware Avenue, Suite 900
                P.O. Box 25130
                Wilmington, DE 19899
                (302) 655-5000
                Attorneys for Defendant/Counterclaim-
                Plaintiff LG.Philips LCD Co., Ltd.

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

670373-1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 14, 2007, he served the foregoing documents by email and by hand upon the following counsel:

Edmond D. Johnson
Thomas H. Kovach
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
PO Box 1709
Wilmington, DE  19899-1709

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Philip A. Rovner
Dave E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE  19899-0951

William E. Manning
Jennifer M. Becnel-Guzzo
BUCHANAN INGERSOLL & ROONEY
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

The undersigned counsel further certifies that, on September 14, 2007, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

John N. Zarian
Samia McCall
Matthew D. Thayne
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID  83702

Vincent K. Yip
Peter J. Wied
Jay C. Chiu
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190

Bryan J. Sinclair
Karineh Khachatourian
BUCHANAN INGERSOLL & ROONEY
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA  94065-1418

656846-1

Ron E. Shulman, Esquire
Julie Holloway, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497

James R. Troupis, Esquire
Paul D. Barbato, Esquire
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street
Suite 700
P.O. Box 1806
Madison, WI 53701-1806

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1