# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

                 Plaintiff,

    v.

CHI MEI OPTOELECTRONICS
CORPORATION, et al.

                 Defendants.

Civil Action No.  06-726 (GMS)
Civil Action No.  07-357 (GMS)

**CONSOLIDATED CASES**

---

### LG.PHILIPS LCD CO., LTD.'S ANSWERING BRIEF IN
### OPPOSITION TO CHI MEI OPTOELECTRONICS USA, INC.'S
### MOTION TO DISMISS AND/OR STRIKE ADDITIONAL COUNTERCLAIMS

 

THE BAYARD FIRM

OF COUNSEL:
Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

Attorneys for Defendant and Counterclaim Plaintiff
LG.Philips LCD Co., Ltd.

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

SUMMARY OF ARGUMENT ...................................................................................... 2

STATEMENT OF FACTS ............................................................................................. 4

ARGUMENT ................................................................................................................. 4

I.     LPL PROPERLY ASSERTED COUNTERCLAIMS IN REPLY TO
AUO'S COUNTERCLAIMS ............................................................................... 4

II.    FORCING A SEPARATE SUIT INVOLVING THE SAME PARTIES
AND THE SAME PATENTS RUNS COUNTER TO THE GOALS OF
THE FEDERAL RULES OF CIVIL PROCEDURE............................................ 6

III.   CMO USA'S "UNDULY COMPLICATED" ARGUMENT FAILS TO
RECOGNIZE COMMON ISSUES OF FACT AND LAW ................................. 7

IV.   CMO USA'S ARGUMENT THAT LPL SHOULD HAVE SOUGHT
LEAVE TO FILE COUNTERCLAIMS IN ITS REPLY IS MERITLESS
AND DIRECTLY CONTRARY TO THE LAW IN THIS DISTRICT.............. 10

CONCLUSION............................................................................................................. 12

# TABLE OF AUTHORITIES

**Page**

## CASES

*Hoffman v. Wisner Classic Mfg. Co., Inc.*, 927 F.Supp. 67 (E.D.N.Y. 1996) ................................................................... 5

*Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415 (D. Del. 1970) ........................................ 5, 10, 11

*Metallgesellschaft AG v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553 (D. Del. 1992) .................................................. 8

*Montecatini Edison, S.P.A. v. Ziegler*, 486 F.2d 1279 (D.C. Cir. 1973) .................................................................................. 8

*Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, No. 05-CV-73615-DT, 2007 WL 1218701 (E.D. Mich. April 20, 2007) .................................................................................. 5, 7

*Satellite Financial Planning Corp. v. First National Bank of Wilmington*, No. 85-463, 1987 WL 7189 (D. Del. Feb. 5, 1987) .................................................................................. 11

*Switzer Bros. v. Locklin*, 207 F.2d 483 (7th Cir. 1953) ................... 8

*Tralon Corp. v. Cedarapids, Inc.*, 966 F.Supp. 812 (N.D. Iowa 1997) .................................................................................. 11

*United States ex rel. Kashulines v. Thermo Contracting Corp.*, 437 F. Supp. 195, 199 (D.N.J. 1976) .......................................... 8

## OTHER AUTHORITIES

Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1434 (2d Edition 1990) ..................................................... 5, 7

## RULES

Federal Rules of Civil Procedure 7 ....................................... 4, 10, 11

Federal Rules Civil Procedure 13 ........................................... passim

Federal Rules Civil Procedure 15 ............................................ 10, 11

Federal Rules of Civil Procedure 19 & 20 ......................................... 5

670466-1

## NATURE AND STAGE OF THE PROCEEDINGS

On December 1, 2006, Plaintiff LG.Philips LCD Co., Ltd. ("LPL") filed a

Complaint for Patent Infringement against Defendants Chi Mei Optoelectronics

Corporation ("CMO"); AU Optronics Corporation ("AUO"); AU Optronics Corporation

America ("AUO America"); Tatung Company; Tatung Company of America, Inc. (the

"Tatung Defendants"); and ViewSonic Corporation ("ViewSonic") alleging infringement

of three of LPL's United States LCD technology patents in Case No. 06-726-GMS (the

Honorable Gregory M. Sleet presiding) (the "Delaware Case").  (D.I. 1.)[1]

Instead of filing counterclaims in the 06-726 case, on March 8, 2007, AUO filed

an infringement action regarding patents directed at LCD technology in the Western

District of Wisconsin against LPL and its subsidiary, LG.Philips LCD America, Inc.

("LPLA").  On May 30, the Honorable John C. Shabaz transferred AUO's Wisconsin

action to this Court for consolidation with the 06-726 case.  (D.I. 49, Ex. 1, Case No. 07-

357.)  The two cases were consolidated on June 19. (D.I. 100, Case No. 07-357.)

Similarly, instead of filing counterclaims in the 06-726 case, on May 4, 2007,

CMO filed an infringement action regarding patents directed at LCD technology in the

Eastern District of Texas against LPL and its subsidiary, LPLA.  At the same time, CMO

challenged personal jurisdiction and sufficiency of service of process.  (D.I. 19.)  CMO

USA, as a Delaware corporation, cannot challenge personal jurisdiction and instead seeks

to strike claims in an apparent attempt to benefit CMO's effort to avoid Delaware.

---

[1]   Unless otherwise indicated, all D.I. numbers listed reference documents filed in Civil
Action No. 06-726 (GMS).

In response to AUO's complaint in the transferred 07-357 case, on June 11, 2007, LPL filed an Answer and Counterclaims against AUO, AUO America, CMO, and Chi Mei Optoelectronics, USA, Inc. ("CMO USA").  (D.I. 72-73, Case No. 07-357.)  CMO USA, was served with the counterclaims on June 12.  (D.I. 75, Case No. 07-357.) Plaintiff AUO replied to LPL's counterclaims and asserted additional patents in the form of counterclaims against LPL and LPLA on June 21.  (D.I. 81-82, Case No. 07-357.) AUO America also replied and asserted counterclaims against LPL.  (D.I. 80, Case No. 07-357.)  Plaintiff AUO and AUO America later amended their replies against LPL on July 10.  (D.I. 92-93, Case No. 07-357.)  CMO USA replied to LPL's counterclaims on July 2 and asserted new counterclaims against LPL.  (D.I. 87, Case No. 07-357.)

LPL replied to CMO USA's counterclaims on July 23.  (D.I. 101, Case No. 07-357.)  LPL and LPLA replied to Plaintiff AUO's and Counterclaim Defendant's counterclaims on July 24 (D.I. 102-103, Case No. 07-357,) but LPL then amended its replies on August 8.  (D.I. 124-125.)  LPL's reply included counterclaims against AUO, AUOA, CMO, and CMO USA.  Plaintiff AUO and Counterclaim Defendant AUO America replied  to LPL's additional counterclaims with additional counterclaims of their own on August 22.  (D.I. 134-135.)  LPL answered those additional counterclaims on September 14.  (D.I. 138-139.)

## SUMMARY OF ARGUMENT

1.    As CMO USA concedes, the District of Delaware recognizes that Federal Rule of Civil Procedure 7 provides that a party may counterclaim in reply to a counterclaim.  CMO USA's attempt to create a third-party exception to this rule must fail. No such distinction is made in the rule or the case law, nor does any distinction make

670466-1

sense. Indeed, Rule 13(h) explicitly authorizes asserting counterclaims against third-parties. In addition, with respect to LPL's latest counterclaims, CMO USA is no longer a new third-party. CMO USA has already been joined as a party to this action through prior counterclaims and answered and pled its own counterclaims in this case, before LPL asserted the counterclaims at issue here.

2.      The Federal Rules of Civil Procedure aim to reduce burdens on the courts and parties by avoiding multiple lawsuits, minimizing the circuitry of actions, and fostering judicial economy. LPL sought to enforce its LCD technology patent rights in Delaware against infringing parties, AUO, AUO America, CMO and CMO USA. Instead of following the aims of the Federal Rules of Civil Procedure, AUO and CMO sought to spread this dispute out over the entire country by filing lawsuits in Wisconsin and Texas instead of asserting counterclaims in Delaware. Now, as the pleadings wind to a close in Delaware, CMO's subsidiary CMO USA seeks to create duplicative suits and waste judicial resources by asking this court to dismiss and/or strike some of LPL's LCD technology patent claims against companies that are already parties to this LCD technology patent case and forcing LPL to bring those claims in a separate suit. That would make no sense and would waste judicial time.

3.      CMO USA's unduly complicated argument lacks merit. Rule 13 aims to settle all the disputes between parties in one suit. Nothing in the Federal Rules authorizes a court to reject a properly pleaded counterclaim, whether compulsory or permissive.

4.      Leave to file additional counterclaims in a reply to counterclaims is not required under the Federal Rules and CMO USA's argument to the contrary finds no basis in the Federal Rules or this District's precedent. CMO USA is essentially asking

this Court to change the pleading rules for LPL as the pleadings near a close and then to

deprive LPL of an opportunity to follow those new rules.  This unjust request should be

rejected.

## STATEMENT OF FACTS

The relevant facts are set forth in the Nature and Stage of the Proceedings section.

## ARGUMENT

I.    **LPL PROPERLY ASSERTED COUNTERCLAIMS IN REPLY TO AUO'S COUNTERCLAIMS.**

The Federal Rules of Civil Procedure explicitly include a reply to a counterclaim

as a permissible pleading.  Fed. R. Civ. P. 7(a)  In fact, the Federal Rules mandate a reply

to a counterclaim, stating clearly that "[t]here shall be . . . a reply to a counterclaim if

denominated as such."  Id.  Furthermore, the Rules later state the following:

> *A pleading shall state as a counterclaim* any claim which at the time of serving
> the pleading the pleader has against any opposing party, if it arises out of the
> transaction or occurrence that is the subject matter of the opposing party's claim
> and does not require for its adjudication the presence of third parties of whom the
> court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a) (emphasis added).

> *A pleading may state as a counterclaim* any claim against an opposing party not
> arising out of the transaction or occurrence that is the subject matter of the
> opposing party's claim.

Fed. R. Civ. P. 13(b) (emphasis added).  Very simply, pursuant to Fed. R. Civ. P. 7(a), a

reply to a counterclaim is a permitted pleading and, pursuant to Fed. R. Civ. P. 13(a) and

13(b), counterclaims may be asserted in a pleading.

As explained in a District of Delaware patent case relied upon by CMO USA:

"The fact that Rule 7does not specifically provide for a counterclaim in the reply is not

persuasive.  It purports only to identify permissible pleadings by their generic names."

-4-

*Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415 (D. Del. 1970).

Moreover, as another court recently explained, "'aside from a rogue decision or two,

courts have long agreed that the federal rules provide for a counterclaim in reply.'"

*Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, No. 05-CV-73615-DT, 2007

WL 1218701, *3 (E.D. Mich. April 20, 2007).

As it must, CMO USA concedes this point, citing two cases from the District of

Delaware, including *Bancroft*, that affirm the right of a party, as provided by the Federal

Rules, to plead counterclaims in a reply to counterclaims asserted against it.  (D.I. 133,

pg. 3.)  CMO USA, however, attempts to create a limitation to this rule that has no basis

in the Federal Rules or the case law, erroneously claiming that the right afforded by the

Federal Rules to include a counterclaim in a reply does not include the right to assert that

counterclaim against a third party.  To make this argument CMO USA must ignore

another Federal Rule that clearly states "[p]ersons other than those made parties to the

original action may be made parties to a counterclaim or cross-claim in accordance with

the provisions of Rules 19 and 20."  Fed. R. Civ. P. 13(h).[2]

Courts liberally construe 13(h) "in an effort to avoid multiplicity of litigation,

minimize the circuity of actions, and foster judicial economy.  Wright, Miller & Kane,

Federal Practice & Procedure: Civil 2d § 1434 (2d Edition 1990) (citing cases); *Hoffman*

*v. Wisner Classic Mfg. Co., Inc.*, 927 F.Supp. 67, 74 (E.D.N.Y. 1996) (explaining that

---

[2] Rule 19 provides for the joinder of person needed for a just adjudication.  Fed. R. Civ. P.
19.  Rule 20 provides for the permissive joinder of parties if there is asserted against them
"any right to relief in respect of or arising out of the same transaction, occurrence, or
series of transactions or occurrences and if any question of law or fact common to all
defendants will arise in the action."  Fed. R. Civ. P. 20.

"Rule 13(h) is properly applied to patent infringement cases" and should be liberally

construed). Here, CMO USA had already been joined to the 07-357 case as of June 12

when LPL served CMO USA with a counterclaim that LPL filed in reply to AUO's

complaint. (D.I. 75, Case No. 07-357.) CMO USA then cemented its status as a party to

this case by replying to the counterclaim and asserting its own counterclaims against LPL

on July 2. (D.I. 87, Case No. 07-357.) Thus, CMO USA is very much a part of this case.

Despite the fact that it is a party and the patents are part of the case, CMO USA wants

this Court to create a situation that forces LPL to bring a separate infringement suit

against CMO USA on the same patents. CMO USA's argument make no sense and flies

in the face of the very goals the federal pleading rules are meant to further.

## II.    FORCING A SEPARATE SUIT INVOLVING THE SAME PARTIES AND THE SAME PATENTS RUNS COUNTER TO THE GOALS OF THE FEDERAL RULES OF CIVIL PROCEDURE.

As noted above, the Federal Rules of Civil Procedure aim to avoid multiplicity of

lawsuits, minimize the circuitry of actions, and foster judicial economy. Because AUO,

AUO America, CMO, CMO USA, Viewsonic, and the Tatung Defendants have infringed

and continue to infringe LPL's LCD technology patents, LPL has been forced to seek

redress in the courts. In response to LPL's infringement suit, AUO and CMO sought to

spread the patent dispute among these parties out over the entire country by filing

lawsuits in Wisconsin and Texas, instead of asserting counterclaims in Delaware. The

Western District of Wisconsin transferred AUO's case to this Court for consolidation

with LPL's original suit and this Court subsequently consolidated the two cases to satisfy

those objectives. (D.I. 49, Ex. 1, Case No. 07-357; D.I. 100, Case No. 07-357.)

Now, as the pleadings wind to a close in Delaware, CMO's subsidiary CMO USA seeks to duplicate suits and waste judicial resources. CMO USA asks this Court to dismiss some of LPL's LCD patent technology claims against one party and thus force LPL to bring those claims in a separate lawsuit. This Court should not now ignore the clear intent of the Federal Rules by granting CMO USA's motion to dismiss.

## III.    CMO USA'S "UNDULY COMPLICATED" ARGUMENT FAILS TO RECOGNIZE COMMON ISSUES OF FACT AND LAW.

Rule 13 provides courts with "broad discretion to allow claims to be joined in order to expedite the resolution of *all* the controversies between the parties in one suit." Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1403 (2d Edition 1990) (citing cases). The distinction CMO USA attempts to make between compulsory and permissive counterclaims is a false one. There is nothing in the Rules that permits a court to discriminate against a permissive counterclaim. In fact, courts have regularly rejected the distinction CMO USA attempts to create:

> Not one of the cases adopting [a limitation on permissive counterclaims asserted in a reply] has explained its rationale, and more importantly none of the cases adopting this rule have explained the consistency of this rule with the plain language of Rules 7 and 13. Applying that plain language as the Supreme Court has instructed [the federal courts] to do, it is clear that there is no distinction between permissive and compulsory counterclaims in terms of the requirements for proper pleading. . . . *[I]mportantly, Rule 13(b) does not grant a court any power to refuse to hear a permissive counterclaim which is properly pleaded*.

*Power Tools,* 2007 WL 1218701 at *3 (emphasis added).

> Rule 13 provides that a pleading *may* state any permissive counterclaim and *must* state any compulsory counterclaim. The word "may" is not intended to confer any discretion upon the court with respect to a permissive counterclaim; rather, it gives the litigant a choice either to assert or not to assert a permissive counterclaim. If he elects to plead it, the court must entertain it so long as it is within the court's subject matter jurisdiction."

*Montecatini Edison, S.P.A. v. Ziegler*, 486 F.2d 1279, 1282 (D.C. Cir. 1973) (emphasis in

original).

> Both the words 'compulsory' in paragraph (a) and 'permissive' in paragraph (b)
> are a description of the rights of the pleader. Neither has any bearing upon the
> right or duty of the court when a counterclaim is presented.

*Switzer Bros. v. Locklin*, 207 F.2d 483, 488 (7th Cir. 1953).

> Rule 13(b) by its terms grants an unqualified right to interpose . . . unrelated
> claims, and the court possesses no discretion to reject them.

*United States ex rel. Kashulines v. Thermo Contracting Corp.*, 437 F. Supp. 195, 199

(D.N.J. 1976).

In an attempt to support its argument, CMO USA looks to *Metallgesellschaft AG

v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553 (D. Del. 1992), in which Judge

Robinson dismissed counterclaims primarily because the case was already almost two

years old. The court acknowledged that maintaining the permissive counterclaim in light

of a dispute over subject matter jurisdiction would have required an additional round of

jurisdictional discovery, further delaying the case. *Id*. at 559. There is no such subject

matter jurisdictional dispute here. The only jurisdictional objection to LPL's latest

counterclaims is a renewed objection for lack of personal jurisdiction by CMO that must

be settled regardless of whether or not LPL's latest claims move forward against CMO

USA.

In a further effort to support its argument that LPL's counterclaims should be

dismissed for unduly complicating matters, CMO USA creates a "numbers" red herring.[3]

---

[3] In its attached exhibit, CMO USA apparently hopes to create an illusion of complexity
and impression that there are many more counts than there really are by listing the same
patents as many as *five* times on a single chart, including separate rows in a spreadsheet
for each pleading, and restating the same counts over again for each separate defendant.

Its argument fails to recognize that the patents pending in the above captioned cases all involve LCD technology. As such, there is extensive commonality in the evidence relevant to all of the counterclaims. For example, electronic mask files depict structures included in LCD backplanes. These structures are relevant to some of the asserted patents in each round of claims and counterclaims. Similarly, manufacturing process specifications show steps used in manufacturing LCD backplanes, which again are relevant to some of the patents asserted prior to and in the latest counterclaims. Further, various engineering specifications illustrate structures, interfaces and assemblies relevant to each of the parties' asserted patents. It makes very good sense that the same jury in Delaware reviews and analyzes these complex engineering and manufacturing documents.

In addition, common sales and distribution evidence will be relevant in all the claims. Moreover, common evidence from the same third-party distributors and retailers will likely be relevant to the issues of inducement in all the claims. Common witness testimony will be also relevant to all the claims, particularly testimony from employees and officers familiar with the sales, advertising and marketing of LCD module products. Similarly, there is overlap of issues addressed by expert witnesses. These witnesses would have to testify multiple times if LPL was forced to bring its latest counterclaims against CMO USA in another lawsuit, clearly inconveniencing individuals, especially those who reside in Korea or Taiwan. This commonality of evidence weighs strongly in favor of rejecting CMO USA's arguments to dismiss LPL's counterclaims.

IV.    **CMO USA'S ARGUMENT THAT LPL SHOULD HAVE SOUGHT LEAVE TO FILE COUNTERCLAIMS IN ITS REPLY IS MERITLESS AND DIRECTLY CONTRARY TO THE LAW IN THIS DISTRICT**

CMO USA initially concedes that Fed. R. Civ. P. 7 and the law in this District permits a party to file a counterclaim against another party in a reply to a counterclaim. (D.I. 133, p.3.) Perhaps in an attempt to further CMO's previous argument regarding pleading procedures (*see* D.I. 119), CMO USA similarly argues that a counterclaim contained in a reply should instead be treated as an attempt to amend the complaint, citing a District of Kansas case and a stale Eastern District of Pennsylvania case. CMO USA's argument runs directly contrary to the law in this District and, in any event, does not apply to the LPL counterclaims to which CMO USA objects.

As discussed and conceded by CMO USA, the District of Delaware understands that Rule 7 allows for the filing of a counterclaim in a reply to another counterclaim. *Joseph Bancroft.*, 50 F.R.D. at 415. Contrary to CMO USA's request, there is nothing in the Federal Rules of Civil Procedure that transforms an Rule 7 reply to new counterclaims into a Rule 15 amendment to an earlier pleading. By seeking to have this Court treat LPL's additional counterclaims as a Rule 15 amendment, CMO USA, is essentially asking the Court to disregard the law in this District and to read a new procedure into the Federal Rules.

Not only does CMO USA urge this Court to change its law in the middle of the pleadings here, but to also apply that change to prejudice LPL by dismissing its additional counterclaims. LPL followed the Federal Rules and the law in this District when it filed its reply with counterclaims. It would be patently unfair for the Court to change the rules and then penalize LPL for not previously following the new rules before

-10-

they were even in place. Moreover, the cases CMO USA cites refer to an original

plaintiff's assertion of a counterclaim in a reply to a defendant's counterclaim. CMO

USA's argument then applies only to AUO's decision to assert counterclaims in its reply

to the counterclaims contained in LPL's answer rather than amending its original

complaint.[4] This Court, having permitted AUO to reply to LPL's counterclaims with

additional counterclaims cannot now reject LPL's complete and appropriate response to

those counterclaims.

Should this court, however, agree with CMO USA's argument that a plaintiff's

counterclaims contained in a reply should be treated as an amendment to the original

complaint, it should apply that procedure to AUO's counterclaims filed on June 21 (D.I.

81-82, Case No. 07-357) and amended on July 10 (D.I. 92-93, Case No. 07-357). Should

the Court follow this path and grant AUO leave to amend its complaint, Rule 15(a)

provides LPL with the opportunity to respond anew as it sees fit. *Joseph Bancroft*, 50

F.R.D. at 419; *Satellite Financial Planning Corp. v. First National Bank of Wilmington*,

No. 85-463, 1987 WL 7189, *1 (D. Del. Feb. 5, 1987). Such a response may include the

additional counterclaims that CMO USA seeks to dismiss. *Tralon Corp. v. Cedarapids,

Inc.*, 966 F.Supp. 812, 832 (N.D. Iowa 1997) (citing *Joseph Bancroft*, 50 F.R.D. at 419).

---

[4] Indeed, CMO USA's displeasure should be directed toward AUO instead of LPL. It is
AUO who first chose to disrupt the proceedings by filing suit elsewhere, rather than filing
counterclaims in LPL's original suit. Then, as Plaintiff, AUO filed two rounds of
counterclaims rather than amending its initial complaint in the manner CMO USA
believes is appropriate. LPL is merely protecting itself and asserting its rights in
compliance with the Federal Rules 7 and 13 by fully responding to each of AUO's
additional counterclaims with appropriately asserted counterclaims related to AUO's new
claims.

## CONCLUSION

For the foregoing reasons, this Court should deny CMO USA's motion to dismiss

and/or strike LPL's additional counterclaims.

September 17, 2007                                THE BAYARD FIRM


                                                 */s/ Richard D. Kirk (rk0922)*
                                                 Richard D. Kirk
                                                 Ashley B. Stitzer
                                                 Stephen B. Brauerman
                                                 222 Delaware Avenue, 9th Floor
                                                 P.O. Box 25130
                                                 Wilmington, DE 19899-5130
                                                 (302) 655-5000
                                                 rkirk@bayardfirm.com

                                                 Attorneys for Defendant and Counterclaim Plaintiff
                                                 LG.Philips LCD Co., Ltd.


OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

670466-1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 17, 2007, he served the

foregoing documents by email and by hand upon the following counsel:

Edmond D. Johnson
Thomas H. Kovach
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
PO Box 1709
Wilmington, DE  19899-1709

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Philip A. Rovner
Dave E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE  19899-0951

William E. Manning
Jennifer M. Becnel-Guzzo
BUCHANAN INGERSOLL & ROONEY
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

The undersigned counsel further certifies that, on September 17, 2007, he served

the foregoing documents by email and by U.S. Mail upon the following counsel:

John N. Zarian
Samia McCall
Matthew D. Thayne
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID  83702

Vincent K. Yip
Peter J. Wied
Jay C. Chiu
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190

Bryan J. Sinclair
Karineh Khachatourian
BUCHANAN INGERSOLL & ROONEY
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA  94065-1418

656846-1

Ron E. Shulman, Esquire
Julie Holloway, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497

James R. Troupis, Esquire
Paul D. Barbato, Esquire
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street
Suite 700
P.O.Box 1806
Madison, WI  53701-1806

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1