UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br>                    Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION, et al. <br><br>                    Defendants. | Civil Action No. 06-726 (GMS) <br> Civil Action No. 07-357 (GMS) <br><br> **CONSOLIDATED CASES** |

**LG.PHILIPS LCD CO., LTD.'S RESPONSE TO
CHI MEI OPTOELECTRONICS CORPORATION'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND
FOR INSUFFICIENCY OF SERVICE OF PROCESS**

OF COUNSEL:
Gaspare J. Bono
Song K. Jung
R. Tyler Goodwyn, IV
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

THE BAYARD FIRM

Richard D. Kirk
Ashley B. Stitzer
Stephen B. Brauerman
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

Attorneys for Plaintiffs LG.Philips LCD Co., Ltd.
and LG.Philips LCD America, Inc.

670464-1

## TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 1

SUMMARY OF ARGUMENT ........................................................................................ 2

STATEMENT OF FACTS ............................................................................................... 3

ARGUMENT .................................................................................................................... 4

I.   CMO'S MOTION SHOULD BE DENIED BECAUSE THIS COURT
     MAY PROPERLY EXERCISE JURISDICTION OVER CMO, AND
     LPL'S SERVICE OF PROCESS ON CMO WAS EFFECTIVE AND
     PROPER .............................................................................................................. 3

CONCLUSION ................................................................................................................. 5

670464-1

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Commissariat à l'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
    395 F.3d 1315 (Fed. Cir. 2005) .................................................................................... 3

**Statutes and Rules**

Fed. R. Civ. P. 4(f)(3) ............................................................................................................ 5

10 Del. C. § 3104 ............................................................................................................ 3, 4

## NATURE AND STAGE OF THE PROCEEDINGS

On December 1, 2006, Plaintiff LG.Philips LCD Co., Ltd. ("LPL") filed a Complaint for Patent Infringement against Defendants Chi Mei Optoelectronics Corporation ("CMO"); AU Optronics Corporation ("AUO"); AU Optronics Corporation America ("AUO America"); Tatung Company; Tatung Company of America, Inc.; and ViewSonic Corporation alleging infringement of three of LPL's United States patents in Case No. 06-726 (GMS) (the Honorable Gregory M. Sleet presiding). (D.I. 1.)[1] On April 6, 2007 CMO filed a Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process (D.I. 19), an Opening Brief in Support thereof (D.I. 20), a Declaration of Li-Yi Chen (D.I. 21), and a Declaration of Arthur P. Licygiewicz (D.I. 22). LPL filed its answering brief in response to CMO's motion to dismiss on May 22, 2007 (D.I. 57), along with the Declaration of Lora A. Brzezynski (D.I. 60), Declaration of Michael R. Tierney, Jr. (D.I. 58), and the Declaration of Lewis W. Hyden, II (D.I. 59). Further, on that date, LPL also filed a First Amended Complaint against CMO, which added Chi Mei Optoelectronics USA, Inc. ("CMO USA") as a defendant. (D.I. 54.)

On March 8, 2007, AUO filed an infringement action regarding patents directed at LCD technology in the Western District of Wisconsin (the Honorable John C. Shabaz presiding) against LPL and its subsidiary, LG.Philips LCD America, Inc. ("LPLA"). LPL responded on April 16, 2007 by filing a motion to transfer the Wisconsin case to Delaware, which was granted on May 30, 2007. (*See* D.I. 109, Ex. 1.) On June 11, 2007,

---

[1] Unless otherwise indicated, all D.I. numbers listed reference documents filed in Civil Action No. 06-726 (GMS).

670464-1

LPL filed an Answer and Counterclaims against AUO, AUO America, CMO, and CMO USA in that case. (D.I. 72-73, Case No. 07-357.) CMO then filed a Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process in response to LPL's Counterclaims. (D.I. 89, Case No. 07-357.) On July 19, 2007, LPL and LPLA filed their opposition to CMO's motion. (D.I. 99, Case No. 07-357.)

On June 26, 2007, AUO, AUO America, LPL, and LPLA jointly moved to consolidate the transferred Wisconsin case with the Delaware Case (D.I. 102, Case No. 06-726; D.I. 90, Case No. 07-357), and on July 19, 2007, the two cases were consolidated. (D.I. 100, Case No. 07-357.)

On July 10, 2007, AUO filed its First Amended Reply to LPL's Counterclaims and Counterclaims Against LPL. (D.I. 93, Case No. 07-357.) On August 8, 2007, LPL filed its First Amended Answer to AUO's Amended Counterclaims and Additional Counterclaims (D.I. 124.) CMO then filed a Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process (D.I. 131) incorporating the arguments previously set forth in CMO's Opening Brief in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process (D.I. 20), along with the Declaration of Li-Yi Chen (D.I. 21), and Declaration of Arthur P. Licygiewicz (D.I. 22).

## SUMMARY OF ARGUMENT

1.    CMO's motion to dismiss for lack of personal jurisdiction should be dismissed for the same grounds raised by LPL in its opposition brief and supporting declarations filed on May 22, 2007. That is, CMO regularly does business in Delaware and engages in a persistent course of conduct in the state, CMO is part of an established

distribution channel designed to serve and benefit from the U.S. markets, including the Delaware market, and CMO derives substantial revenues from goods sold in Delaware. The overwhelming evidence of personal jurisdiction over CMO conclusively establishes that the Delaware long arm statute reaches CMO and the exercise of jurisdiction comports with due process. Significantly, CMO ignores Federal Circuit precedent that already found that there has been "a prima facie case for CMO's use of an established distribution network that likely results in substantial sales of its products in Delaware." *Commissariat à l'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005).

    2.    CMO's motion to dismiss for insufficiency of service of process should also be denied for the same reasons stated in LPL's opposition filed on May 22, 2007. LPL's service of the Summons and Counterclaims on CMO by serving the Secretary of State of Delaware is proper and effective under 10 Del. C. § 3104 because CMO is subject to personal jurisdiction in Delaware and has no registered agent in this state.

## STATEMENT OF FACTS

LPL incorporates by reference herein the Statement of Facts set forth in its Answering Brief in Opposition to CMO's Motion to Dismiss for Lack of Personal Jurisdiction and for Insufficiency of Service of Process filed on May 22, 2007. (D.I. 57).

## ARGUMENT

I. **CMO'S MOTION SHOULD BE DENIED BECAUSE THIS COURT MAY PROPERLY EXERCISE JURISDICTION OVER CMO, AND LPL'S SERVICE OF PROCESS ON CMO WAS EFFECTIVE AND PROPER**

LPL incorporates by reference herein the arguments set forth in its Answering Brief, filed May 22, 2007, in Opposition to CMO's Motion to Dismiss for Lack of Personal Jurisdiction and for Insufficiency of Service of Process (D.I. 57), as well as the Declaration of Lora A. Brzezynski (D.I. 60), Declaration of Michael R. Tierney, Jr. (D.I. 58), and the Declaration of Lewis W. Hyden, II (D.I. 59). For the reasons set for therein, CMO's motion should be denied.[2] CMO's motion to dismiss for lack of personal jurisdiction lacks all merit, ignores Federal Circuit precedent, and misstates the facts about CMO's extensive contacts with the United States and this forum.

Further, CMO's motion to dismiss for insufficiency of service of process should be denied because service on CMO was proper as served on the Secretary of State. Specifically, under 10 Del. C. §3104(d), a party can serve a nonresident defendant by serving a copy of the summons and complaint on the Secretary of State if the defendant is subject to personal jurisdiction in Delaware, but has no registered agent in the state. 10 Del. C. § 3104. Because CMO is subject to personal jurisdiction in Delaware, LPL's service on the Secretary of State of the Summons and Counterclaims is valid, as is the

---

[2] While not "formally joining" in the motion to dismiss and/or strike the additional counterclaims filed by CMO USA (D.I. 132-133), CMO argues that the additional counterclaims should also be dismissed for the reasons set forth in CMO USA's motion (D.I. 132-133). (*See* D.I. 131 at 3 n.1). For the reasons set forth in LPL's opposition to CMO USA's motion, which is being filed concurrently herewith (D.I. 140), CMO's arguments fail and this Court should neither dismiss nor strike the additional counterclaims LPL asserted against CMO in its First Amended Answer to AUO's Amended Counterclaims and Additional Counterclaims (D.I. 124).

subsequent service of the additional counterclaims. Alternatively, this Court should exercise its discretion to find service proper under Fed. R. Civ. P. 4(f)(3).

## CONCLUSION

For the foregoing reasons, this Court should deny CMO's motion to dismiss for lack of personal jurisdiction and insufficiency of service of process.

| | |
|---|---|
| September 17, 2007 | THE BAYARD FIRM |
| | |
| | */s/ Richard D. Kirk (rk0922)* |
| | Richard D. Kirk |
| | Ashley B. Stitzer |
| | Stephen B. Brauerman |
| | 222 Delaware Avenue, 9th Floor |
| | P.O. Box 25130 |
| | Wilmington, DE 19899-5130 |
| | (302) 655-5000 |
| | rkirk@bayardfirm.com |
| | |
| | Attorneys for Plaintiffs LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc. |

OF COUNSEL:

Gaspare J. Bono
Song K. Jung
R. Tyler Goodwyn, IV
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 17, 2007, he served the foregoing documents by email and by hand upon the following counsel:

| | |
|---|---|
| Edmond D. Johnson<br>Thomas H. Kovach<br>PEPPER HAMILTON LLP<br>1313 Market Street, Suite 5100<br>PO Box 1709<br>Wilmington, DE  19899-1709 | Karen L. Pascale<br>John W. Shaw<br>YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391 |
| Philip A. Rovner<br>Dave E. Moore<br>POTTER ANDERSON & CORROON LLP<br>1313 North Market Street<br>Wilmington, DE  19899-0951 | William E. Manning<br>Jennifer M. Becnel-Guzzo<br>BUCHANAN INGERSOLL & ROONEY<br>The Brandywine Building<br>1000 West Street, Suite 1410<br>Wilmington, DE  19801 |

The undersigned counsel further certifies that, on September 17, 2007, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

| | |
|---|---|
| John N. Zarian<br>Samia McCall<br>Matthew D. Thayne<br>STOEL RIVES LLP<br>101 S. Capitol Blvd., Suite 1900<br>Boise, ID  83702 | Vincent K. Yip<br>Peter J. Wied<br>Jay C. Chiu<br>PAUL, HASTINGS, JANOFSKY &<br>WALKER LLP<br>515 South Flower Street<br>Twenty-Fifth Floor<br>Los Angeles, CA  90071 |
| Kenneth R. Adamo<br>Robert C. Kahrl<br>Arthur P. Licygiewicz<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH  44114-1190 | Bryan J. Sinclair<br>Karineh Khachatourian<br>BUCHANAN INGERSOLL & ROONEY<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA  94065-1418 |

656846-1

| | |
|---|---|
| Ron E. Shulman, Esquire<br>Julie Holloway, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, California 94304-1050 | James R. Troupis, Esquire<br>Paul D. Barbato, Esquire<br>MICHAEL BEST & FRIEDRICH LLP<br>One South Pinckney Street<br>Suite 700<br>P.O.Box 1806<br>Madison, WI  53701-1806 |
| M. Craig Tyler, Esquire<br>Brian D. Range, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, Texas 78759-8497 | |

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk