## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHI MEI OPTOELECTRONICS ) <br> CORPORATION; AU OPTRONICS ) <br> CORPORATION, AU OPTRONICS ) <br> CORPORATION OF AMERICA; ) <br> TATUNG COMPANY; TATUNG ) <br> COMPANY OF AMERICA, INC.; AND ) <br> VIEWSONIC CORPORATION, ) <br> ) <br> Defendants. ) | Civil Action No. 06-726 (GMS) |
| AU OPTRONICS CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LG.PHILIPS LCD CO., LTD and ) <br> LG.PHILIPS LCD AMERICA, INC. ) <br> ) <br> Defendants. ) | Civil Action No. 07-357 (GMS) <br><br> CONSOLIDATED CASES |

### REPLY IN SUPPORT OF CHI MEI OPTOELECTRONICS
### USA, INC.'S MOTION TO DISMISS AND/OR STRIKE
### LG.PHILIPS LCD CO., LTD'S "ADDITIONAL COUNTERCLAIMS"

OF COUNSEL:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
(216) 586-3939

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant*
*Chi Mei Optoelectronics USA, Inc.*

Dated: October 1, 2007

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

I.  THE FILING OF LPL'S "ADDITIONAL COUNTERCLAIMS" WAS AN ATTEMPT TO AMEND LPL's CLAIMS WITHOUT LEAVE OF THE COURT ..................................................................................................1

II. LPL'S "ADDITIONAL COUNTERCLAIMS" UNDULY COMPLICATE THIS MATTER..........................................................................2

III. LPL's "ADDITIONAL COUNTERCLAIMS" AGAINST CMO USA ARE THE SAME CLAIMS FILED BY LPL AGAINST CMO USA IN A TEXAS FEDERAL COURT ..................................................................4

CONCLUSION...............................................................................................................................4

# TABLE OF AUTHORITIES

## CASES

**Page(s)**

*Douglas v. Kimberly-Clark, Corp.*,
   2005 U.S. Dist. LEXIS 417 (E.D. Pa. 2005) ...................................................................2

*Friedman v. Transamerica Corp.*,
   5 F.R.D. 115 (D. Del. 1946) ..............................................................................................2

*Metallgesellschaft AG v. Foster Wheeler Energy Corp.*,
   143 F.R.D 553 (D. Del. 1992) ...........................................................................................3

*Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*,
   No. 05-CV-73615-DT, 2007 WL 1218701 (E.D. Mich. April 20, 2007).........................3

*Readmond v. Matsushita Elec. Corp.*,
   355 F. Supp. 1073 (E.D. Pa. 1972) ...................................................................................2

*Southeastern Industrial Tire Co. v. Durapreme Corp.*,
   70 F.R.D. 585 (E.D. Pa. 1976)......................................................................................1, 3

*Triangle Industries, Inc. v. Kennecott Copper Corp.*,
   402 F.Supp. 210 (D.C.N.Y. 1975) ....................................................................................3

*Turner & Boisseau v. Nationwide Mut. Ins. Co.*,
   175 F.R.D. 686 (D.C. Kan. 1997).....................................................................................1

*White v. SKF Aerospace Inc.*,
   768 F. Supp. 498 (E.D. Pa. 1991) .....................................................................................2

## RULES

Fed. R. Civ. Proc. 15(a) ..............................................................................................................1, 2

## **INTRODUCTION**

LPL did not merely file a counterclaim in reply. Rather, LPL filed "Additional Counterclaims" against CMO USA in its reply to the counterclaims filed by the AU Plaintiffs which were filed in reply to the counterclaims filed by LPL in response to the Complaint filed by the AU Plaintiffs. Contrary to LPL's assertions, the "Additional Counterclaims" do not foster judicial economy. Adding yet additional patents against CMO USA does nothing more than further complicate an already complicated action for patent infringement. Indeed, far from avoiding multiple lawsuits, LPL, through its "Additional Counterclaims," has attempted to introduce into this action the very same patents that they included in a separate lawsuit in the Eastern District of Texas. Under these circumstances, LPL's "Additional Counterclaims" against CMO USA must be dismissed, or at a minimum stricken, as they are in essence an unauthorized amendment of LPL's claims against CMO USA.

### I.   THE FILING OF LPL'S "ADDITIONAL COUNTERCLAIMS" WAS AN ATTEMPT TO AMEND LPL's CLAIMS WITHOUT LEAVE OF THE COURT.

LPL fails to cite a single case holding that courts have improperly treated counterclaims in a reply as an attempt to amend the parties' pleadings. (*See* Opp. at 10-11). Indeed, the entirety of LPL's legal argument in this regard is to characterize *Southeastern Industrial Tire Co. v. Durapreme Corp.*, 70 F.R.D. 585 (E.D. Pa. 1976) as "stale". (*See* Opp. at 10). It is not. Moreover, LPL cannot escape the fact that its "Additional Counterclaims" were for all intents and purposes an attempt to amend its claims against CMO USA. *See, e.g., Turner & Boisseau v. Nationwide Mut. Ins. Co.*, 175 F.R.D. 686, 687 (D.C. Kan. 1997) ("plaintiff's proper course of action would be to move for leave to amend its complaint pursuant to Fed. R. Civ. Proc. 15(a) …"); *see also Southeastern Industrial Tire Co.*, 70 F.R.D. at 588 (holding that while a

counterclaim in reply was cognizable under the federal rules, it would be dismissed in favor of an amendment to the complaint).

LPL failed to seek the leave of this Court to file its "Additional Counterclaims" against CMO USA. It is well-settled law that where a party fails to seek leave of the court, the amended pleading "is without legal effect." *White v. SKF Aerospace Inc.*, 768 F. Supp. 498, 501 (E.D. Pa. 1991) (dismissing the amended complaint for, in part, failure to seek leave of the court). An amended pleading that is without legal effect may be stricken. *See, e.g., Douglas v. Kimberly-Clark, Corp.*, 2005 U.S. Dist. LEXIS 417, * 6 (E.D. Pa. 2005) (amended complaint was stricken when its filing was undertaken without leave of court as required by Fed. R. Civ. P. 15(a)); *Readmond v. Matsushita Elec. Corp.*, 355 F. Supp. 1073, 1080 (E.D. Pa. 1972) (striking the amended complaint when a new allegation was added without leave of court as required by Fed. R. Civ. P. 15(a)). Accordingly, LPL's "Additional Counterclaims" should be stricken.

Further, LPL suggests that even if its "Additional Counterclaims" were treated as an attempt to amend its pleadings, such amendment would be permitted as a matter of course. However, while leave to amend should generally be freely given, it is not always appropriate to do so. *See, e.g., Friedman v. Transamerica Corp.*, 5 F.R.D. 115, 116 (D. Del. 1946) ("a liberal policy does not mean the absence of all restraint. Were that the intention, leave of the court would not be required. The requirement of judicial approval suggests that there are instances where leave should not be granted."). In this instance, LPL's amendment of its claims further complicates an already complicated matter and thus any such amendment should be denied.

## II. LPL'S "ADDITIONAL COUNTERCLAIMS" UNDULY COMPLICATE THIS MATTER.

In footnote 4 of its Opposition, LPL argues that it is the fault of the AU Plaintiffs that LPL has filed additional counterclaims against CMO USA. But the fault lies with LPL. Had

LPL properly confined its reply to the AU Plaintiffs' counterclaims to issues and claims regarding the AU Plaintiffs, LPL would not have filed its "Additional Counterclaims" against CMO USA. Indeed, it is precisely because LPL filings have unduly complicated this matter that CMO USA's Motion should be granted.

LPL cites no authority, and CMO USA is not aware of any, to support the contention that LPL can file multiple "Additional Counterclaims" against CMO USA in reply to the AU Plaintiffs' counterclaims against LPL.[1] Rather, courts in this circuit have expressed a concern about the specter of this type of counterclaim leading to pleadings without end. *See, e.g., Southeastern Industrial Tire Co. v. Durapreme Corp.*, 70 F.R.D. 585, 588 (E.D. Pa. 1976). Indeed, the specter envisioned by the court in *Southeastern Industrial Tire Co.* has now fully appeared as LPL's "Additional Counterclaims" have lead to further counterclaims filed by the AU Plaintiffs, which in turn gave rise to additional counterclaims being filed by LPL. (*See* D.I. 134, 135 and 138, Civil Action No. 06-726).

It is clear that the "Additional Counterclaims" raised by LPL have served only to further complicate this already complicated matter. When a court finds that the adjudication of claims raised in a counterclaim alleging patent infringement "would unduly complicate the intrinsically complex factual and legal issues at bar[,] judicial economies can be accomplished without litigating all of the disputes between [the] parties in one action." *Metallgesellschaft AG v. Foster Wheeler Energy Corp.*, 143 F.R.D 553, 559 (D. Del. 1992); *See also e.g., Triangle Industries, Inc. v. Kennecott Copper Corp.*, 402 F.Supp. 210, 212 (D.C.N.Y. 1975) (denying a motion to to

---

[1] LPL's citation to *Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, No. 05-CV-73615-DT, 2007 WL 1218701, *3 (E.D. Mich. April 20, 2007), is without consequence. In that case, the plaintiff filed reply counterclaims against the defendant. Nothing in *Power Tools & Supply, Inc.* supports the filing of the type of "Additional Counterclaims" filed by LPL in this matter.

amend the complaint on the basis that the cases were "already exceptionally complex"). Thus, LPL's "Additional Counterclaims" should be dismissed or, at a minimum, stricken.

### III. LPL's "ADDITIONAL COUNTERCLAIMS" AGAINST CMO USA ARE THE SAME CLAIMS FILED BY LPL AGAINST CMO USA IN A TEXAS FEDERAL COURT.

Five days after asserting "Additional Counterclaims" against CMO USA in this case, LPL filed its answer and counterclaims in a separate lawsuit in the Eastern District of Texas, asserting that CMO USA is infringing the same patents that are the subject of the "Additional Counterclaims." *Chi Mei Optoelectronics v. LG Philips LCD Co., Ltd*, Civil Action No. 2:07-cv-00176 (E.D. Tex). Indeed, LPL asserted five patents there that are also being asserted in this case against CMO USA ('274, '321, '489, '984 and '374).

Thus, a month before LPL submitted its opposition brief arguing to this Court that granting this motion would force it to file its claims in another court, LPL had already elected to file these same claims in another court, but not mentioning such filing to this Court. It is LPL, not CMO USA, that is engaged in tactics to multiply the proceedings. LPL's counterclaims in Texas also asserted these five patents against parent CMO. CMO has challenged jurisdiction in this Court, but all parties have accepted jurisdiction in Texas. Granting this motion will aid in simplifying this case, and not prejudice LPL in light of its election to pursue these claims against CMO USA in Texas.

### CONCLUSION

While a party may, in certain circumstances, raise counterclaims in reply to claims filed against it, a defendant should not be permitted to extend the pleadings by filing "Additional Counterclaims" against a third party, as LPL did in this case. Such a filing is without legal effect and unduly complicates the matter. Further, a defendant should not be permitted to maintain the

- 5 -

same cause of action in two separate lawsuits. Thus, for at least the foregoing reasons, LPL's "Additional Counterclaims" against CMO USA must be dismissed and/or stricken.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
(216) 586-3939

Dated: October 1, 2007
822441

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant*
*Chi Mei Optoelectronics USA, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on October 1, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, -EMAIL AND HAND DELIVERY**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

William E. Manning, Esq.
Jennifer M. Becnel-Guzzo, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801
william.manning@bipc.com
jennifer.becnelguzzo@bipc.com

**BY CM-ECF, EMAIL AND HAND DELIVERY**

Edmond D. Johnson, Esq.
Thomas H. Kovach, Esq.
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19899-1709
johnsone@pepperlaw.com
kovacht@pepperlaw.com

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

I hereby certify that on October 1, 2007 I have sent by E-mail the foregoing document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA 90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com

Karineh Khachatourian, Esq.
Jeffrey M. Ratinoff, Esq.
Bryan J. Sinclair, Esq.
Buchanan Ingersoll & Rooney PC
333 Twin Dolphin Drive
Redwood Shores, CA 94065-1418
Karineh.khachatourian@bipc.com
Jeffrey.ratinoff@bipc.com
Bryan.sinclair@bipc.com

Ron E. Shulman, Esq.
Julie M. Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
jholloway@wsgr.com

John N. Zarian, Esq.
Samia E. McCall, Esq.
Stoel Rives LLP
101 S. Capitol Boulevard
Suite 1900
Boise, ID 83702
jnzarian@stoel.com
semccall@stoel.com

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759
ctyler@wsgr.com
brange@wsgr.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

2