# BAYARD

222 Delaware Avenue • Suite 900
P.O. Box 25130 • Wilmington, DE • 19899
Zip Code For Deliveries 19801

(302) 429-4208
rkirk@bayardlaw.com

ELECTRONICALLY FILED
ORIGINAL BY HAND

February 28, 2008

The Honorable Joseph J. Farnan, Jr.
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124
Wilmington, DE  19801

    Re:   *LG.Philips LCD Co., Ltd. v. Chi Mei Optoelectronics et al,*
           Case Nos. 06-726-JJF and 07-357-JJF

Dear Judge Farnan:

    Following up on the status conference held on February 14, 2008, I am pleased to submit a proposed Rule 16 Scheduling Order. Although the parties negotiated at length, they were not able to reach agreement on all issues. Accordingly, the enclosed proposal reflects the parties' differences in the body of the order and the parties' positions in footnotes.

    If the Court has any questions or wishes to confer again with counsel, we would be pleased to respond.

                                 Respectfully submitted,

                                 Richard D. Kirk (rk0922)

cc:  Counsel as shown on the attached certificate



# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on February 28, 2008, he served the foregoing documents by email and by hand upon the following counsel:

Philip A. Rovner
Dave E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19899-0951

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

The undersigned counsel further certifies that, on February 28, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

Vincent K. Yip
Peter J. Wied
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071

Ron E. Shulman, Esquire
Julie Holloway, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION, et al. <br><br> Defendants. | Civil Action No. 06-726 (JJF) <br> Civil Action No. 07-357 (JJF) <br><br> CONSOLIDATED CASES |

### RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

**1.   Pre-Discovery Disclosures.**

The parties will exchange by **March 13, 2008**, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

**2.   Joinder of other Parties.**

All motions to join other parties shall be filed on or before **April 4, 2008**.

**3.   Settlement Conference.**

Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement. If the parties agree that they would benefit from a settlement conference, the parties shall contact the Magistrate Judge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

**4.     Discovery.**

(a)     Exchange and completion of contention interrogatories, identification of fact witnesses and party document production shall be commenced so as to be completed by [Plaintiff's proposal: May 30, 2008; Defendants' proposal: June 27, 2008].  The parties reserve the right to supplement in accordance with Fed. R. Civ. P. 26(e).

(b)     LPL may serve a maximum of 30 interrogatories on AUO and may serve a maximum of 30 interrogatories on CMO, including contention interrogatories.  AUO may serve a maximum of 30 interrogatories, including contention interrogatories, on LPL.  CMO may serve a maximum of 30 interrogatories on LPL.  For purposes of Section 4 of this Order, "LPL" refers to both LG.Philips LCD Co., Ltd. and LG.Philips LCD America collectively; "AUO" refers to both AU Optronics Corporation and AU Optronics Corporation America collectively, and "CMO" refers to both Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. collectively.

(c)     LPL may serve a maximum of 25 requests for admission on AUO and may serve a maximum of 25 requests for admission on CMO.  AUO may serve a maximum of 25 requests for admission on LPL.  CMO may serve a maximum of 25 requests for admission on LPL.

(d)     Non-party Discovery and document production shall be commenced so as to be completed by [Plaintiff's proposal: October 31, 2008; Defendants' proposal: December 17, 2008].

(e)     LPL may depose AUO (pursuant to Fed. R. Civ. P. 30(b)(6) and/or individual officers or employees of AUO) for a maximum of [Plaintiff's proposal: 35 hours;

Defendants' proposal[1]: 120 hours]. LPL may depose CMO (whether pursuant to Fed. R. Civ. P. 30(b)(6) and/or individual officers or employees of CMO) for a maximum of [Plaintiff's proposal: 35 hours; Defendants' proposal: 120 hours]. AUO may depose LPL (whether pursuant to Fed. R. Civ. P. 30(b)(6) and/or individual officers or employees of LPL) for a maximum of [Plaintiff's proposal: 35 hours; Defendants' proposal: 120 hours]. CMO may depose LPL (whether pursuant to Fed. R. Civ. P. 30(b)(6) and/or individual officers or employees of LPL) for a maximum of [Plaintiff's proposal: 35 hours; Defendants' proposal: 120 hours]. With respect to these time limits, translated depositions will count as one-half hour per hour of translated deposition time. Expert depositions and non-party depositions are excluded from these hourly totals. The parties agree that 30(b)(6) depositions may extend past one day, and the parties further agree that personal depositions of individual officers or employees will not extend longer than 7 hours of transcribed time (except if translated, such depositions may extend to 14 hours). Depositions shall not commence until after the completion date set forth in Paragraph 4(a).

(f) Each side may depose non-parties for a maximum of 60 hours.

(g) Fact Discovery shall be completed by [Plaintiff's proposal: October 31, 2008; Defendants' proposal: December 17, 2008].

(h) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from parties bearing the burden of proof by [Plaintiff's proposal: November 21, 2008;

---

[1] Defendants' request is based on the fact that LPL has asserted eight (8) patents, totaling 125 claims, against CMO, and nine (9) patents, totaling 162 claims, against AUO. Plaintiff clarifies that the same 8 patents have been asserted against both AUO and CMO, and that no party has identified its asserted claims at this time. Plaintiff further notes that Defendants' hours proposal would allow for 480-960 hours of depositions, while Plaintiff's proposal provides for 140-280 hours of depositions.

Defendants' proposal[2]: January 12, 2009] and rebuttal expert reports by [Plaintiff's proposal: December 19, 2008; Defendants' proposal: February 9, 2009]. [AUO proposes that the following sentence be added to the end of this paragraph: "If the Court has not issued a Markman ruling by January 12, 2009, the parties shall meet and confer regarding due dates for opening expert reports, rebuttal reports, and close of expert discovery after the issuance of the Markman ruling." LPL objects to this provision as it is outside the appropriate subject matter of the Court's Scheduling Order and is an attempt by Defendants to have an excuse to delay the trial date, but if the Court is inclined to add AUO's proposed sentence, LPL requests that the Court also add the following sentence: "Under no circumstances, however, will the trial date be changed."]

(i)   Any party desiring to depose an expert witness shall notice and complete said deposition no later than [Plaintiff's proposal: January 30, 2009; Defendants' proposal: March 6, 2009], unless otherwise agreed in writing by the parties or ordered by the Court.

(j)   [CMO proposes that the following language be added to this Order: "Defendant Chi Mei Optoelectronics Corporation having entered a special appearance to contest jurisdiction and service of process, the obligations herein to provide discovery pursuant to paragraphs 1 and 4 herein shall take effect fourteen days after the Court rules on its motion to dismiss." LPL objects to CMO's proposal because it is outside the appropriate subject matter of the Court's Scheduling Order, and the Court already denied this request by CMO at the Status Conference and specifically ordered CMO to proceed with discovery notwithstanding its motion.]

---

[2] Defendants' proposal is based upon its requested Markman date, while Plaintiff's proposal is based on its requested Markman date.

5.  **Non-Case Dispositive Motions.**

   (a)   All non-case dispositive motions shall be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive Motions in Patent Cases (as modified February 1, 2008):

   (i)   Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion.

   (1)   The Notice of Motion shall designate the date the movant seeks to present the motion.

   (2)   Briefing shall be in accordance with the Federal and Local Rules. The Court will not order expedited briefing.

   (3)   The final brief submitted shall be filed no later than 12:00 noon the Friday before the motion day on which it is to be heard.

   (4)   The Court will regularly post the available motion days on the internet at: http://www.ded.uscourts.gov/JJFmain.htm.

   (ii)   Upon filing of the Notice of Motion a copy of said Notice should be sent to chambers at: jjf_civil@ded.uscourts.gov.

   (iii)   At the motion hearing, a total of twenty (20) minutes will be allocated for argument on each motion with said time being shared by each side equally.

6.  **Amendment of the Pleadings.**

All motions to amend the pleadings shall be filed on or before **August 1, 2008**.

7.  **Case Dispositive Motions.**

Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before [Plaintiff's proposal: February 20, 2009;

Defendants' proposal: March 16, 2009]. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. For those opening briefs filed on February 20, 2009, opposition briefs shall be filed on [Plaintiff's proposal: March 23, 2009; Defendants' proposal: April 6, 2009], and reply briefs shall be filed on [Plaintiff's proposal: April 10, 2009; Defendants' proposal: April 13, 2009]. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

8.   **Markman.**

(a) A Markman Hearing will be held on [Plaintiff's proposal: September 18, 2008; Defendants' proposal[3]: November 4, 2009]. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. Each party shall exchange a list of terms believed to require construction by [Plaintiff's proposal: June 10, 2008; Defendants' proposal: July 1, 2008]. Each party shall exchange proposed constructions of the disputed terms by [Plaintiff's proposal: July 3, 2008; Defendants' proposal: July 17, 2008]. The parties shall file with the Court a single chart showing each party's proposed construction of the claims at issue together with the intrinsic evidence supporting that construction on [Plaintiff's proposal: July 11, 2008; Defendants' proposal: August 1, 2008], after conferring first in an attempt to narrow the disputes between the parties. Opening Briefs for each party shall be filed on [Plaintiff's proposal: July 18, 2008; Defendants' proposal: August 8, 2008] and Response

---

[3] Defendants' proposed schedule attempts to accommodate Plaintiff's counsel's trial conflict (scheduled for the month of October) and AUO's counsel's trial conflict (scheduled for the last week of August and the first two weeks of September). Plaintiff's proposed Markman hearing date of September 18, 2008 accommodates all trial conflicts, and Plaintiff further states that it is amenable to any date between September 18 and September 26 for the Markman hearing. Plaintiff believes that the Markman hearing should be scheduled during the month of September rather than two months later in November.

Briefs shall be filed on [Plaintiff's proposal: August 15, 2008; Defendants' proposal: September 25, 2008]. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

(b) [Defendants propose that the following language be added: "Within fourteen days after the Court issues its ruling from the Markman Hearing, each party asserting patent infringement claims shall serve on the other parties a list of fourteen claims from its patents that it will assert at trial, which list shall be final except for good cause shown." LPL believes it is premature to include this language in the Scheduling Order, and this language is outside the appropriate subject matter of the Court's Scheduling Order, but if the Court is inclined to include such a proposal at this time, LPL counter-proposes that the following sentence be added instead of the one proposed by the Defendants: "Not later than fourteen days before the deadline for filing summary judgment motions, each party asserting patent infringement claims against another party shall serve on such other party a list of fourteen claims from its patents that it will assert against such other party at trial, which list shall be final except for good cause shown."]

9. **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive Motions in Patent cases. Parties may file stipulated and

unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

        (b)     No facsimile transmissions will be accepted.

        (c)     No telephone calls shall be made to Chambers.

        (d)     Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

**10.    Pretrial Conference and Trial.**

        (a)     A pretrial conference will be held _____ at _____ a.m./p.m. in Courtroom 4B. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference. [Defendants propose to add the following sentence: "AUO and CMO reserve the right to request separate trials." LPL believes there should be one trial and will object to any request for separate trials made by Defendants.]

        (b)     The Court has scheduled the trial to commence on **June 2, 2009**.

_____                  _____
      DATE                                                                    UNITED STATES DISTRICT JUDGE

DC:50527778.3