IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG. PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-726 (JJF) |
| | ) | |
| CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION, AU OPTRONICS CORPORATION OF AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |
| AU OPTRONICS CORPORATION, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-357 (JJF) |
| | ) | |
| LG.PHILIPS LCD CO., LTD and LG.PHILIPS LCD AMERICA, INC. | ) ) ) | CONSOLIDATED CASES |
| | ) | |
| Defendants. | ) ) | |

**CHI MEI OPTOELECTRONICS CORPORATION'S
OPENING BRIEF IN SUPPORT OF ITS MOTION TO STRIKE
<u>PLAINTIFF'S SECOND "FIRST AMENDED COMPLAINT"</u>**

OF COUNSEL:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
(216) 586-3939

Dated:  March 4, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant
Chi Mei Optoelectronics Corporation*

## **TABLE OF CONTENTS**

BACKGROUND ...................................................................................................................1

ARGUMENT .......................................................................................................................2

I.    LPL'S ATTEMPT TO FILE THE SECOND "FIRST AMENDED COMPLAINT" WITHOUT OBTAINING LEAVE TO AMEND OR THE WRITTEN CONSENT OF THE PARTIES IS NOT SUPPORTED BY LAW ......................................2

II.   THE FEDERAL RULES OF CIVIL PROCEDURE DO NOT ALLOW FOR ONE AMENDMENT TO BE MADE WITH RESPECT TO EACH DEFENDANT. ................................................3

CONCLUSION ....................................................................................................................5

# TABLE OF AUTHORITIES

### CASES

*Douglas v. Kimberly-Clark, Corp.*,
    2005 U.S. Dist. LEXIS 417 (E.D. Pa. 2005) ............................................................... 3

*Readmond v. Matsushita Elec. Corp.*,
    355 F. Supp. 1073 (E.D. Pa. 1972) ............................................................................ 3

### RULES

Fed. R. Civ. P. 1 .................................................................................................................. 3

Fed. R. Civ. P. 7(a) ............................................................................................................. 2

Fed. R. Civ. P. 15(a) ......................................................................................................... 1-3

LG.Philips LCD Co., Ltd. ("LPL") failed to obtain the required leave or written consent of the parties to file its second "First Amended Complaint" as required by Fed. R. Civ. P. 15(a), even though the rule plainly provides that leave or written consent is required. While a party is permitted to amend its pleading once as a matter of course before a responsive pleading is filed, a party is not permitted to amend its pleading one time with respect to each defendant in the action. Such an interpretation was not contemplated by Fed. R. Civ. P. 15(a) and is not supported by the plain language of the rule. As a result, LPL's failure to comply with the requirements of Fed. R. Civ. P. 15(a) is fatal and renders the second "First Amended Complaint" a nullity. Accordingly, LPL's second "First Amended Complaint" should be stricken.

## BACKGROUND

LPL originally filed its Complaint against Chi Mei Optoelectronics ("CMO") and others on December 1, 2006. (D.I. 1). Then, on April 11, 2007, LPL filed a first "First Amended Complaint" to add counterclaims against AU Optronics Corporation (D.I. 29). On May 22, 2007, LPL attempted to file a second "First Amended Complaint" (D.I. 54) to add new claims against CMO and to join Chi Mei Optoelectronics USA, Inc. ("CMO USA") in the litigation.

On June 5, 2007, in an effort to resolve this issue informally, CMO advised LPL that it failed to comply with the requirements of Fed. R. Civ. P. 15(a), and that if LPL moved to amend the Complaint and did not seek treatment *nunc pro tunc*, CMO would not oppose LPL's motion to amend. (*See* Licygiewicz Declaration, filed concurrently herewith, at Exhibit A). LPL, however, did not so move this Court.

Thereafter, on July 26, 2007, CMO filed a Motion for Joinder in ViewSonic Corporation's Motion to Strike Plaintiff's Amended Complaints (D.I. 119). On February 5, 2008, ViewSonic Corporation stipulated to dismissal and withdrew as moot all pending motions it had

filed, including its Motion to Strike Plaintiff's Amended Complaints (D.I. 114). In its February 19, 2008 Order, this Court denied CMO's Motion for Joinder in ViewSonic Corporation's Motion to Strike Plaintiff's Amended Complaints as moot. (D.I. 154). The Court also stated that the "[p]arties may file a motion if this matter still requires the Court's attention." *Id.* Accordingly, CMO filed its Motion to Strike Plaintiff's Second "First Amended Complaint", filed concurrently herewith, and this memorandum in support thereof.

## ARGUMENT

I. **LPL'S ATTEMPT TO FILE THE SECOND "FIRST AMENDED COMPLAINT" WITHOUT OBTAINING LEAVE TO AMEND OR THE WRITTEN CONSENT OF THE PARTIES IS NOT SUPPORTED BY LAW.**

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part that

> [a] party may amend *the party's pleading once* as a matter of course at any time before a responsive pleading is served or, if *the pleading* is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend *the party's pleading only* by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

(emphasis added). Fed. R. Civ. P. 7(a) enumerates the types of "pleadings" permitted in federal practice and that can be amended:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

After LPL amended its Complaint the first time as a matter of course, it was required under Fed. R. Civ. P. 15(a) to obtain leave of the Court or the written consent of the parties to

amend its Complaint a second time. LPL did not do so. Accordingly, LPL's second "First Amended Complaint" should be stricken. *See Douglas v. Kimberly-Clark, Corp.*, 2005 U.S. Dist. LEXIS 417, * 6 (E.D. Pa. 2005) (amended complaint was stricken when its filing was undertaken without leave of court as required by Fed. R. Civ. P. 15(a)); *Readmond v. Matsushita Elec. Corp.*, 355 F. Supp. 1073, 1080 (E.D. Pa. 1972) (striking amended complaint when new allegation was added without leave of court as required by Fed. R. Civ. P. 15(a)).

### II. THE FEDERAL RULES OF CIVIL PROCEDURE DO NOT ALLOW FOR ONE AMENDMENT TO BE MADE WITH RESPECT TO EACH DEFENDANT.

The language of Fed. R. Civ. P. 15(a) is plain. "A party may amend *the party's pleading once* as a matter of course. . . . Otherwise a party may amend *the party's pleading only* by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a) (emphasis added). The rule does not permit, nor contemplate, that a party can amend its pleading once with respect to each defendant in the litigation. Indeed, such an interpretation of Fed. R. Civ. P. 15(a) would cause uncertainty, as well as unnecessary confusion and delay, by creating multiple operative complaints with multiple and potentially unique counts.

Here, LPL's proposed interpretation of Fed. R. Civ. P. 15(a) has resulted in multiple purportedly operative complaints. Both the first "First Amended Complaint" and the second "First Amended Complaint" added Counts IV and V to the action. In each case, however, these counts were directed to different patents and different defendants, thereby creating the uncertainty and confusion that the Federal Rules of Civil Procedure are designed to prevent. *See* Fed. R. Civ. P. 1 (The rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.")

Counts IV and V of the April 11, 2007 first "First Amended Complaint" sought to add claims for declaratory judgment of invalidity and non-infringement of certain patents owned by

AU Optronics Corporation, *i.e.*, U.S. Patent Nos. 6,976,781; 6,778,160; and 6,689,629. LPL, however, dropped these Counts IV and V from its second "First Amended Complaint." Instead, Counts IV and V of the May 22, 2007 second "First Amended Complaint" sought to add claims for declaratory judgment of invalidity and non-infringement of certain patents owned by CMO that were already at issue between the parties in a separate patent infringement action pending in the United States District Court for the Eastern District of Texas (Case No. 2-07CV-176 (TJW), filed May 4, 2007), *i.e.* U.S. Patent Nos. 6,008,786; 6,013,923; 5,619,352; and 6,734,926; as well as add another defendant in this action, CMO USA.

LPL's attempt to amend its Complaint with respect to each defendant in piecemeal fashion should not be permitted. LPL's second "First Amended Complaint" serves only to further complicate this already complex patent infringement action by adding four (4) new patents to this case – patents that are properly being litigated in another forum. And, it does nothing more than create uncertainty, as well as unnecessary confusion and delay in the just, speedy, and inexpensive determination of this action. Accordingly, LPL's second "First Amended Complaint" should be stricken.

-5-

## **CONCLUSION**

For at least for the foregoing reasons, Chi Mei Optoelectronics Corporation's Motion to Strike Plaintiff's Second "First Amended Complaint" should be granted.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Kenneth R. Adamo<br>Robert C. Kahrl<br>Arthur P. Licygiewicz<br>Jones Day<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114-1190<br>(216) 586-3939 | By: /s/ Philip A. Rovner<br>Philip A. Rovner (#3215)<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>provner@potteranderson.com |
| Dated: March 4, 2008<br>852688 | *Attorneys for Counterclaim-Defendant*<br>*Chi Mei Optoelectronics Corporation* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

      I, Philip A. Rovner, hereby certify that on March 4, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

| BY CM/ECF, -EMAIL AND HAND DELIVERY | BY CM-ECF, EMAIL AND HAND DELIVERY |
|---|---|
| Richard E. Kirk, Esq.<br>Ashley Blake Stitzer, Esq.<br>The Bayard Firm<br>222 Delaware Avenue<br>Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardfirm.com<br>astitzer@bayardfirm.com | John W. Shaw, Esq.<br>Karen L. Pascale, Esq.<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>jshaw@ycst.com<br>kpascale@ycst.com |

      I hereby certify that on March 4, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

| | |
|---|---|
| Gaspare J. Bono, Esq.<br>Matthew T. Bailey, Esq.<br>Lora A. Brzezynski, Esq.<br>McKenna Long & Aldridge LLP<br>1900 K Street, NW<br>Washington, DC 20006<br>gbono@mckennalong.com<br>mbailey@mckennalong.com<br>lbrzezynski@mckennalong.com | Vincent K. Yip, Esq.<br>Peter J. Wied, Esq.<br>Jay C. Chiu, Esq.<br>Paul Hastings Janofsky & Walker LLP<br>515 South Flower Street<br>Los Angeles, CA 90071<br>vincentyip@paulhastings.com<br>peterwied@paulhastings.com<br>jaychiu@paulhastings.com |

| | |
|---|---|
| Ron E. Shulman, Esq.<br>Julie M. Holloway, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>rshulman@wsgr.com<br>jholloway@wsgr.com | M. Craig Tyler, Esq.<br>Brian D. Range, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, TX 78759<br>ctyler@wsgr.com<br>brange@wsgr.com |

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

2

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION, AU OPTRONICS CORPORATION OF AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 06-726 (JJF) |
| AU OPTRONICS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> LG.PHILIPS LCD CO., LTD and LG.PHILIPS LCD AMERICA, INC. <br><br> Defendants. | Civil Action No. 07-357 (JJF) <br><br> CONSOLIDATED CASES |

## DECLARATION OF ARTHUR P. LICYGIEWICZ

I, Arthur P. Licygiewicz, hereby declare and state as follows:

1. I make this Declaration in support of Chi Mei Optoelectronics Corporation's Motion to Strike Plaintiff's Second "First Amended Complaint". The statements made in this Declaration are based on my own personal knowledge and on information that I believe to be true and correct, and if called as a witness, I could and would testify competently to the following facts.

CLI-1594763v1

2.   I am an attorney at Jones Day and am one of the attorneys representing Chi Mei Optoelectronics Corporation in this matter.

3.   Attached at Exhibit A hereto is a true and correct copy of the June 5, 2007 letter from counsel for Chi Mei Optoelectronics Corporation, Robert C. Kahrl, Esq., and counsel for LG.Philips LCD Co., Ltd., Gaspare J. Bono, Esq.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Date: March 4, 2008

Arthur P. Licygiewicz

# EXHIBIT A

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190
TELEPHONE: 216-586-3939 • FACSIMILE: 216-579-0212

Direct Number: (216) 586-7177
rckahrl@jonesday.com

JP027128/1522428         June 5, 2007
987893-600001

**VIA ELECTRONIC MAIL**

Gaspare J. Bono, Esq.
McKenna Long & Aldridge
1900 K Street, NW
Washington, D.C. 20006

    Re:    **LG. Philips LCD Co., Ltd. v. Chi Mei Optoelectronics Corp., et al.,**
             Civil Action No. 06-726 (JJF) (D. Del.)

Dear Mr. Bono:

    This letter responds further to your letter of May 24. Please see my earlier response dated May 29.

    CMO intends to present its response to LPL's opposition in its reply brief, not in a letter exchange with you. It is worth pointing out at this point that LPL's opposition brief repeatedly states that CMO has sold products in Delaware, but when we examined the supporting papers, we did not find any evidence of any sales by CMO. Instead, we found in your papers some evidence of sales by others in Delaware. This evidence does not meet the test of personal jurisdiction set forth by the Federal Circuit in the *CEA* case. Indeed, LPL's brief concludes by asking for discovery on the jurisdictional issue, so LPL is aware that it has not adequately addressed the personal jurisdiction test of *CEA*.

    LPL did not have enough confidence in its position on personal jurisdiction to stand on its pleadings, but instead filed on the same day as its opposition to CMO's motion a "first amended complaint" adding as an additional defendant Chi Mei Optoelectronics USA, Inc. ["CMO USA"]. Apparently the decision to add CMO USA was made in haste, because LPL either ignored or forgot that it had already filed a "first amended complaint" on April 11, and therefore could not file an additional amended complaint without permission of the Court, pursuant to Rule 15(a), Fed. R. Civ. P. Permission of the Court was neither sought nor received. Instead, the second amended complaint was mislabeled as the "First Amended Complaint," suggesting to the clerk's office that the complaint could be filed without an accompanying order granting leave to file it.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Gaspare J. Bono, Esq.
June 5, 2007
Page 2

    You knew before you filed LPL's first amended complaint on April 11 about the existence of CMO USA because we had already described CMO USA in CMO's motion to dismiss. LPL's first amended complaint added new claims against another defendant, AU Optronics, but did not seek to add a new defendant to this case. Since you passed up the opportunity to add CMO USA in LPL's only opportunity to amend the complaint as a matter of course, we surmise that your hasty filing of a second "First Amended Complaint" without complying with Rule 15(a) was done after assessing LPL's inability to hold jurisdiction over CMO on the papers you were submitting the same day. Indeed, we notice that the second "First Amended Complaint" omitted claims that were added in the April 11 "First Amended Complaint."

    Now it will be necessary for LPL to seek permission of the Court to file its second amended complaint. Hopefully it will be properly styled as a "Second Amended Complaint." If it is properly styled and does not seek treatment nunc pro tunc, we would not oppose LPL's motion for leave to file and serve it, but we would need to review the motion prior to your filing it. We expect that you will then attempt to make proper service, although CMO will not concede personal jurisdiction, and will move to dismiss again if service does not comply with the statutes and rules governing service.

    You might also choose to take this opportunity to fix the inconsistent paragraph numbering that exists between LPL's First Amended Complaint filed April 11 and its second "First Amended Complaint" dated May 22. These inconsistencies are the subject of the Tatung defendants' motion for a more definite statement filed earlier today.

Very truly yours,

Robert C. Kahrl

cc:   Richard D. Kirk, Esq. (via e-mail)
       Philip A. Rovner, Esq. (via e-mail)