**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-726 (JJF) |
| CHI MEI OPTOELECTRONICS | ) |
| CORPORATION; AU OPTRONICS | ) |
| CORPORATION, AU OPTRONICS | ) |
| CORPORATION OF AMERICA; | ) |
| TATUNG COMPANY; TATUNG | ) |
| COMPANY OF AMERICA, INC.; AND | ) |
| VIEWSONIC CORPORATION, | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| AU OPTRONICS CORPORATION, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 07-357 (JJF) |
| LG.PHILIPS LCD CO., LTD and | ) |
| LG.PHILIPS LCD AMERICA, INC. | ) CONSOLIDATED CASES |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**CHI MEI OPTOELECTRONICS USA, INC.'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
TO THE COUNTERCLAIMS OF LG.PHILIPS LCD CO., LTD.**

Counterclaim-Defendant Chi Mei Optoelectronics USA, Inc. ("CMO USA") by and

through its attorneys of record, and for its Answer, Affirmative Defenses and Counterclaims to

the Counterclaims of LG.Philips LCD Co., Ltd., ("LPL") states the following:

1.      CMO USA admits that by its counterclaims LPL seeks injunctive and declaratory relief and damages, including treble or multiple damages against Plaintiff AU Optronics Corporation, and additional parties AU Optronics Corporation America, Chi Mei Optoelectronics Corporation, and Chi Mei Optoelectronics USA, Inc.  CMO USA denies the remaining allegations of Paragraph 58 of the Counterclaims.

2.      CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Counterclaims, and therefore denies the same.

3.      CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Counterclaims, and therefore denies the same.

4.      CMO USA admits that Chi Mei Optoelectronics Corporation ("Chi Mei") is a Taiwanese Corporation having its principal place of business at 2F, No. 1, Chi-Yeh Road, Tainan Science Based Industrial Park, Hsinshih Hsiang, Tainan Hsien 710, Taiwan 74147, R.O.C. CMO USA admits that Chi Mei manufactures components for LCD products in Taiwan and China, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 of the Counterclaims, and therefore denies the same.

5.      CMO USA admits that it is a Delaware corporation having its principal place of business at 101 Metro Drive, Suite 510, San Jose, California 95110.  CMO USA denies the remaining allegations contained in Paragraph 62 of the Counterclaims.

6.      CMO USA admits, in response to Paragraph 63 of the Counterclaims, that the Counterclaims purport to be based on and arise under the patent laws of the United States, Title

35 § 100 *et seq.* CMO USA further admits that the Counterclaims purport to seek redress of infringement of United States Patent No. 6,664,569 (the "'569 Patent"); United States Patent No. 6,803,984 (the "'984 Patent"); and United States Patent No. 7,218,374 (the "'374 Patent"). CMO USA denies that LPL is entitled to any relief thereunder.

7.    CMO USA admits that the Counterclaims purport to arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States. CMO USA denies that LPL is entitled to any relief thereunder. CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64 of the Counterclaims, and therefore denies the same.

8.    CMO USA admits, in response to Paragraph 65 of the Counterclaims, that this Court has jurisdiction over the subject matter of the Counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

9.    CMO USA admits that this Court has personal jurisdiction over CMO USA. CMO USA denies that venue is proper for the purposes of this action with respect to CMO USA. CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66 of the Counterclaims, and therefore denies the same.

10.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Counterclaims, and therefore denies the same.

11.    CMO USA admits that Exhibit A to the Counterclaims purports to be a copy of the '569 Patent, entitled "Liquid Crystal Display Device Array Substrate and Method of Manufacturing the Same," which on the face of the patent reflects an issue date of December 16,

3

2003. CMO USA lacks knowledge or information sufficient to form a belief as to their truth as to the remaining allegations of Paragraph 68 of the Counterclaims, and therefore denies the same.

12.    CMO USA admits that Exhibit B to the Counterclaims purports to be a copy of the '984 Patent, entitled "Method and Apparatus for Manufacturing Liquid Crystal Display Device Using Serial Production Processes," which on the face of the patent reflects an issue date of October 12, 2004. CMO USA lacks knowledge or information sufficient to form a belief as to their truth as to the remaining allegations of Paragraph 69 of the Counterclaims, and therefore denies the same.

13.    CMO USA admits that Exhibit C to the Counterclaims purports to be a copy of the '374 Patent, entitled "Liquid Crystal Display Device and Method of Manufacturing the Same," which on the face of the patent reflects an issue date of May 15, 2007. CMO USA lacks knowledge or information sufficient to form a belief as to their truth as to the remaining allegations of Paragraph 70 of the Counterclaims, and therefore denies the same.

14.    CMO USA denies that LPL is entitled to any relief for any purported infringement of the '569 Patent, '984 Patent, or '374 Patent. CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 71 of the Counterclaims, and therefore denies the same.

15.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Counterclaims, and therefore denies the same.

## COUNTERCLAIM COUNT VI
## INFRINGEMENT OF THE '569 PATENT

16.    CMO USA, in response to Paragraph 73 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 15 above as if fully rewritten herein.

17.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Counterclaims, and therefore denies the same.

18.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Counterclaims, and therefore denies the same.

19.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Counterclaims, and therefore denies the same.

20.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Counterclaims, and therefore denies the same.

### COUNTERCLAIM COUNT VII
### INFRINGEMENT OF THE '984 PATENT

21.    CMO USA, in response to Paragraph 78 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 20 above as if fully rewritten herein.

22.    To the extent the allegations of Paragraph 79 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 79 of the Counterclaims. To the extent the allegations of Paragraph 79 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Counterclaims, and therefore denies the same.

23.    To the extent the allegations of Paragraph 80 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 80 of the Counterclaims.

To the extent the allegations of Paragraph 80 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Counterclaims, and therefore denies the same.

24.     To the extent the allegations of Paragraph 81 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 81 of the Counterclaims. To the extent the allegations of Paragraph 81 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Counterclaims, and therefore denies the same.

25.     To the extent the allegations of Paragraph 82 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 82 of the Counterclaims. To the extent the allegations of Paragraph 82 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Counterclaims, and therefore denies the same.

**COUNTERCLAIM COUNT VIII**
**INFRINGEMENT OF THE '374 PATENT**

26.     CMO USA, in response to Paragraph 83 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 25 above as if fully rewritten herein.

27.     To the extent the allegations of Paragraph 84 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 84 of the Counterclaims. To the extent the allegations of Paragraph 84 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 84 of the Counterclaims, and therefore denies the same.

28.    To the extent the allegations of Paragraph 85 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 85 of the Counterclaims. To the extent the allegations of Paragraph 85 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Counterclaims, and therefore denies the same.

29.    To the extent the allegations of Paragraph 86 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 86 of the Counterclaims. To the extent the allegations of Paragraph 86 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Counterclaims, and therefore denies the same.

30.    To the extent the allegations of Paragraph 87 of the Counterclaims are directed to CMO USA, CMO USA denies the allegations contained in Paragraph 87 of the Counterclaims. To the extent the allegations of Paragraph 87 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Counterclaims, and therefore denies the same.

**COUNTERCLAIM COUNT IX**
**CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF**
**THE '944 PATENT, THE '157 PATENT, AND THE '506 PATENT**
**AGAINST PLAINTIFF AU OPTRONICS CORPORATION**

31.     CMO USA, in response to Paragraph 88 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 30 above as if fully rewritten herein.

32.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Counterclaims, and therefore denies the same.

33.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Counterclaims, and therefore denies the same.

34.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Counterclaims, and therefore denies the same.

35.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Counterclaims, and therefore denies the same.

36.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Counterclaims, and therefore denies the same.

**COUNTERCLAIM COUNT X**
**CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF**
**THE '944 PATENT, THE '157 PATENT, AND THE '506 PATENT**
**AGAINST PLAINTIFF AU OPTRONICS CORPORATION**

37.     CMO USA, in response to Paragraph 94 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 36 above as if fully rewritten herein.

38.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Counterclaims, and therefore denies the same.

39.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Counterclaims, and therefore denies the same.

40.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Counterclaims, and therefore denies the same.

41.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Counterclaims, and therefore denies the same.

### COUNTERCLAIM COUNT XI
### CLAIM FOR DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '944 PATENT AGAINST PLAINTIFF AU OPTRONICS CORPORATION

42.     CMO USA, in response to Paragraph 99 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 41 above as if fully rewritten herein.

43.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Counterclaims, and therefore denies the same.

44.     CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Counterclaims, and therefore denies the same.

45.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Counterclaims, and therefore denies the same.

46.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Counterclaims, and therefore denies the same.

47.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Counterclaims, and therefore denies the same.

48.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Counterclaims, and therefore denies the same.

49.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Counterclaims, and therefore denies the same.

50.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Counterclaims, and therefore denies the same.

51.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Counterclaims, and therefore denies the same.

52.    CMO USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Counterclaims, and therefore denies the same.

## AFFIRMATIVE DEFENSES

CMO USA alleges that the '984 Patent and '374 Patent are not infringed and are invalid for one or more of the following reasons:

### FIRST AFFIRMATIVE DEFENSE

1.    The '984 Patent and '374 Patent are invalid because the alleged inventions patented thereby fails to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation sections 101, 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE

2.    LPL is estopped in view of the prior art and/or by virtue of cancellations, amendments, representations, and concessions, made to the United States Patent and Trademark Office, during the pendency of the application for the '984 Patent and '374 Patent, from construing any claim of that patent to be infringed or to have been infringed by CMO USA.

### THIRD AFFIRMATIVE DEFENSE

3.    To the extent that LPL failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that CMO USA's actions allegedly infringed the '984 Patent and '374 Patent, CMO USA is not liable to LPL for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '984 Patent and '374 Patent.

## FOURTH AFFIRMATIVE DEFENSE

4.      To the extent that LPL asserts that CMO USA indirectly infringes, either by contributory infringement or inducement of infringement, CMO USA is not liable to LPL for the acts alleged to have been performed before CMO USA knew that its actions would cause the alleged indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

5.      LPL is barred from relief by the doctrines of waiver, estoppel, laches, unclean hands, and/or other applicable equitable defenses.

## SIXTH AFFIRMATIVE DEFENSE

6.      LPL's claims for relief and prayer for damages are limited by at least 35 U.S.C. §§ 286 and 287.

## SEVENTH AFFIRMATIVE DEFENSE

7.      LPL has failed to state a claim upon which relief can be granted.

## COUNTERCLAIMS

1.      Counterclaim-Defendant Chi Mei Optoelectronics USA, Inc. ("CMO USA") asserts the following counterclaims against Defendant / Counterclaim-Plaintiff LG.Philips LCD Co., Ltd. ("LPL").

2.      This is an action to declare United States Patent Nos. 6,803,984 (the "'984 Patent") and 7,218,374 (the "'374 Patent") not infringed by CMO USA and/or invalid and for attorney fees and costs.

3.      By the filing of its Counterclaims, LPL has purported to assert a claim against CMO USA for the alleged infringement of '984 Patent and '374 Patent.

4.      CMO USA has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '984 Patent or '374 Patent.

5.      An actual controversy exists between the parties with respect to the infringement, validity, and scope of the '984 Patent and '374 Patent.

## THE PARTIES

6.      CMO USA is a Delaware corporation having its principal place of business at 101 Metro Drive, Suite 510, San Jose, California 95110.

7.      LPL is a Korean corporation having its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

## JURISDICTION AND VENUE

8.      This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 100 *et seq.*

9.      This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

10.     To the extent that this action remains in this District, venue is appropriate pursuant to 28 U.S.C. § 1391.

11.     LPL is subject to personal jurisdiction in this Court.

## COUNT III
## DECLARATION OF INVALIDITY

12.     CMO USA incorporates paragraphs 1 - 11 as if fully stated herein.

13.     Each claim of the '984 Patent and '374 Patent is invalid because, among other things, it does not meet one or more of the conditions of patentability set forth in Title 35, including by way of example, §§ 102, 103 and/or 112.

14.     A judicial declaration of invalidity is necessary to resolve the actual controversy relative to the '984 Patent and '374 Patent.

## COUNT IV
## DECLARATION OF NON-INFRINGEMENT

15.     CMO USA incorporates paragraphs 1 - 14 as if fully stated herein.

16.     CMO USA has denied LPL's claims of infringement and believes that LPL's Counterclaims have been filed without good cause.

17.     LPL is estopped, in view of the prior art and/or by virtue of cancellations, amendments, representations, and/or concessions made to the United States Patent and Trademark Office during the pendency of the application for the '984 Patent and '374 Patent, from construing any claim of the '984 Patent and '374 Patent to be infringed or to have been infringed by CMO USA.

18.     CMO USA is entitled to judgment from this Court that the aforementioned patents are not infringed by CMO USA and that CMO USA has not induced or contributed to any infringement of the aforementioned patents.

19.     LPL also has filed this action without a good faith basis, making this an exceptional case.  Consequently, LPL is liable for any and all attorneys' fees incurred by CMO USA in connection with this baseless action by LPL.

WHEREFORE, Counterclaim-Defendant CMO USA respectfully requests that the Court enter judgment in its favor and against LPL as follows:

(a)    that this Court adjudge, decree, and declare that United States Patent Nos. 6,803,984 and 7,218,374 are invalid and/or not infringed, either directly, contributorily or through inducement, by CMO USA;

(b)    That LPL take nothing by its Counterclaims and that LPL's Counterclaims be dismissed with prejudice;

(c)    That pursuant to 35 U.S.C. § 285 and/or other applicable laws, LPL's conduct in commencing and pursuing this action be found to render this an exceptional case and that CMO USA be awarded its attorneys' fees incurred in connection with this action;

(d)    That CMO USA be awarded its expenses and costs of suit incurred herein; and

(e)    That CMO USA be granted such other and additional relief as this Court deems just and proper.

OF COUNSEL:                                          POTTER ANDERSON & CORROON LLP

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz                               By: _____
Jones Day                                                Philip A. Rovner (#3215)
North Point                                              Hercules Plaza
901 Lakeside Avenue                                      P. O. Box 951
Cleveland, OH  44114-1190                                Wilmington, DE  19899
(216) 586-3939                                           (302) 984-6000
                                                         provner@potteranderson.com

Dated:  March 6, 2008
853366                                              *Attorneys for Counterclaim-Defendant*
                                                   *Chi Mei Optoelectronics USA, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on March 6, 2008, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as indicated;

and that the document is available for viewing and downloading from CM/ECF.

### BY CM/ECF, AND EMAIL

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

### BY CM-ECF AND EMAIL

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
jshaw@ycst.com
kpascale@ycst.com

I hereby certify that on March 6, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA  90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com

Ron E. Shulman, Esq.
Julie M. Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
jholloway@wsgr.com

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759
ctyler@wsgr.com
brange@wsgr.com

Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

2