**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| LG DISPLAY CO., LTD., | C.A. No.  06-726-GMS<br>C.A. No.  07-357-GMS |
| Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>Defendants. | CONSOLIDATED CASES<br><br>**TRIAL BY JURY DEMANDED** |

**LG DISPLAY CO., LTD.'S ANSWER TO**
**CHI MEI OPTOELECTRONICS USA, INC.'S COUNTERCLAIMS AND**
**COUNTERCLAIMS ASSERTED AGAINST**
**CHI MEI OPTOELECTRONICS CORPORATION**

LG.Philips LCD Co., Ltd., now LG Display, Co., Ltd. ("LG Display"), by and through its undersigned counsel, hereby files its Answer in Response to the Counterclaims of Chi Mei Optoelectronics USA, Inc. ("CMO USA"), in the above titled action, filed on or about March 6, 2008, and asserts counterclaims against opposing party Chi Mei Optoelectronics Corporation.

**RESPONSE TO ALLEGATIONS AS TO THE COUNTERCLAIMS**

1. The allegations in paragraph 1 of the Counterclaims are conclusions of law to which no response is required.

2. The allegations in paragraph 2 of the Counterclaims are conclusions of law to which no response is required.

3. LG Display admits the allegations of paragraph 3 of the Counterclaims.

4. LG Display denies the allegations of paragraph 4 of the Counterclaims.

5. The allegations in paragraph 5 of the Counterclaims are conclusions of law to which no response is required.

**RESPONSE TO ALLEGATIONS AS TO THE PARTIES**

6.      LG Display admits the allegations of paragraph 6 of the Counterclaims.

7.      LG Display admits the allegations of paragraph 7 of the Counterclaims.

**RESPONSE TO ALLEGATIONS AS TO JURISDICTION AND VENUE**

8.      LG Display admits that these Counterclaims are asserted under the Declaratory Judgment Act and the Patent Laws, but denies the remaining allegations of paragraph 8 of the Counterclaims.

9.      LG Display admits the allegations of paragraph 9 of the Counterclaims.

10.     LG Display admits the allegations of paragraph 10 of the Counterclaims.

11.     LG Display admits the allegations of paragraph 11 of the Counterclaims.

**RESPONSE TO COUNTERCLAIM COUNT III**

12.     LG Display refers to and incorporates herein its responses to CMO USA's allegations in paragraphs 1-11, above, as though fully set forth herein.

13.     LG Display denies the allegations in paragraph 13 of the Counterclaims.

14.     LG Display denies the allegations in paragraph 14 of the Counterclaims.

**RESPONSE TO COUNTERCLAIM COUNT IV**

15.     LG Display refers to and incorporates herein its responses to CMO USA's allegations in paragraphs 1-14, above, as though fully set forth herein.

16.     LG Display denies the allegations in paragraph 16 of the Counterclaims.

17.     LG Display denies the allegations in paragraph 17 of the Counterclaims.

18.     LG Display denies the allegations in paragraph 18 of the Counterclaims.

19.     LG Display denies the allegations in paragraph 19 of the Counterclaims.

**RESPONSE TO UNNUMBERED PARAGRAPH**

As to the unnumbered paragraph, including subparagraphs (a) through (e), LG Display denies the allegations contained therein and denies that CMO USA is entitled to the requested relief.

**<u>LG.PHILIPS LCD CO., LTD.'S ADDITIONAL COUNTERCLAIMS</u>**

20.    By these Counterclaims and pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiffs LG.Philips LCD Co., Ltd., now LG Display ("LG Display"), seeks declaratory relief against Defendant Chi Mei Optoelectronics Corporation ("Chi Mei"), an opposing party in the above captioned case.

21.    Counterclaim Plaintiff LG Display is a Korean corporation having its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

22.    Counterclaim Defendant Chi Mei is a Taiwanese corporation, having its principal place of business at 2F, No. 1, Chi-Yeh Road, Tainan Science Based Industrial Park, Hsinshih Hsiang, Tainan Hsien 710, TAIWAN 74147, R.O.C.

23.    Chi Mei claims to be the owner of United States Patent No. 6,134,092 ("the '092 Patent") and United States Patent No. 7,280,179 ("the '179 Patent") (collectively "the Chi Mei Patents").

24.    These Counterclaims are brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, are based upon an actual controversy between LG Display and Chi Mei regarding the validity, enforceability, and infringement of the claims of the Chi Mei Patents, and are intended to provide appropriate and necessary declaratory relief.

25.    This Court has jurisdiction over the Counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.

26.    This Court has personal jurisdiction over Chi Mei and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b), (c) and (d), in that Chi Mei is committing and is causing acts of patent infringement within the United States and within this judicial district both directly, through one or more intermediaries, and as an intermediary, and in that Chi Mei has caused and causes injury and damages in this judicial district by acts or omissions outside of this judicial district, including but not limited to utilization of its own distribution channels established in the United States and CMO USA's distribution channels in the United States to ship a variety of products that infringe LG Display patents into the United States and into this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district.

### COUNTERCLAIM COUNT XIV
### CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF
### THE '092 PATENT AND THE '179 PATENT AGAINST CHI MEI

27.    LG Display hereby incorporates paragraphs 20-26 above as though fully set forth herein.

28.    Chi Mei has accused LG Display of infringing the Chi Mei Patents, as such, there is a substantial controversy between the parties having adverse legal interests.

29.    Claims of the '092 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

30.     Claims of the '179 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

31.     Because Chi Mei has asserted the Chi Mei Patents against LG Display, thereby creating an actual controversy, declaratory relief is both appropriate and necessary to establish that one or more of the claims of the '092 Patent and the '179 Patent are invalid.

**COUNTERCLAIM COUNT XV**
**CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF**
**THE '092 PATENT AND THE '179 PATENT AGAINST CHI MEI**

32.     LG Display hereby incorporates paragraphs 20-31 above as though fully set forth herein.

33.     LG Display's LCD modules and/or methods of lighting LCD modules do not infringe any claim of the '092 Patent, either literally or under the doctrine of equivalents.

34.     LG Display's LCD panels and/or methods for manufacturing LCD panels do not infringe any claim of the '179 Patent, either literally or under the doctrine of equivalents.

35.     Because Chi Mei maintains that LG Display infringes the Chi Mei Patents, thereby creating an actual controversy, a declaration of rights between LG Display and Chi Mei is both appropriate and necessary to establish that LG Display has not infringed and does not infringe any claim of the '092 Patent or the '179 Patent.

**COUNTERCLAIM COUNT XVI**
**CLAIM FOR DECLARATORY JUDGMENT OF UNENFORCEABILITY OF**
**THE '179 PATENT AGAINST CHI MEI**

36.     LG Display hereby incorporates paragraphs 1-35 above as though fully set forth herein.

37.     The '179 Patent relates to liquid crystal display cell with a sealing member including a main portion that encloses a display region of the liquid crystal display cell and a protrusion part extending from the main portion.

38.     The listed inventors Hsin-Yi Hsu, Shang-Tai Tsa; the assignee of the patent, Chi Mei; and/or one or more individuals involved with the filing and prosecution of the '179 Patent had knowledge of material prior art references disclosing, among other features, a main sealant enclosing a display region having no injection hole, and on information and belief, willfully and with the intent to deceive the United States Patent and Trademark Office ("USPTO") refrained from disclosing such references to the USPTO.   Such prior art references include, but are not limited to, U.S. Patent No. 7,219,374 ("the '374 Patent").

39.     The application for the '374 Patent, Serial No. 10/184,118, was filed on June 28, 2002, claiming priority for earlier-filed Korean Patent Application No. 2002-8900, filed in Korea on February 20, 2002.  The application for the '374 Patent published in the United States on August 21, 2003 as Publication No. US 2003/0156246 A1.

40.     The '374 Patent and its teachings were highly material to the patentability of one or more claims of the '179 Patent during its prosecution.  The '374 Patent establishes, individually and in combination with other information, a prima facie case of unpatentability of one or more claims of the '179 Patent, as it (among other prior art)

renders one or more of the claims of the '179 Patent invalid under 35 U.S.C. § § 102 and 103. On information and belief, the '374 Patent would have been viewed as important by a reasonable Examiner. Further, the '374 Patent was not cumulative of other art of record in the application leading to the '179 Patent.

41.    On information and belief, the listed inventors, the assignee, and/or one or more individuals involved with the filing and prosecution of the '179 Patent had knowledge of the '374 Patent during the prosecution in the United States of application number 10/921,508, filed on August 19, 2004, which led to the '179 Patent. The '179 Patent claims foreign priority to earlier-filed Taiwanese Patent Application No. 92130636, filed in Taiwan on November 3, 2003.

42.    On August 10, 2004, each named inventor of the '179 Patent signed a declaration stating, in part, "I/we acknowledge the duty to disclose information which is material to patentability as defined in 37 C.F.R. 1.56." This declaration was filed in the USPTO as part of the prosecution record for the '179 Patent.

43.    A Notice of Allowance for the application that issued as the '179 Patent was mailed by the USPTO on June 5, 2007 and attorneys for Chi Mei paid the issue fee and signed and submitted the Issue Fee Transmittal to the USPTO on September 4, 2007.

44.    On August 8, 2007, during the prosecution of the application that issued as the '179 Patent and before payment of the issue fee or issuance of the '179 Patent, LG Display filed its First Amended Answer to AU Optronics's Amended Counterclaims and Additional Counterclaims in the instant case ("LG Display's First Amended Answer"). LG Display asserted that Chi Mei infringed and induced infringement of the '374 Patent. A copy of the '374 Patent was filed as Exhibit C to LG Display's First Amended Answer,

which was served on Chi Mei through its counsel, Messrs. Philip Rovner and David Moore of Potter Anderson & Corroon LLP and Messrs. Kenneth R. Adamo, Robert Kahrl and Arthur Licygiewicz of Jones Day on August 8, 2007.

45.    On August 13, 2007, during the prosecution of the application that issued as the '179 Patent and before payment of the issue fee or issuance of the '179 Patent, LG Display filed its Answer to Plaintiff's Complaint and Counterclaims Against Plaintiff and Additional Party Chi Mei Optoelectronics USA, Inc. ("CMO USA") ("LG Display's Answer and Counterclaims") in the United States District Court for the Eastern District of Texas, Civil Action No. 2:07-176-TJW.  LG Display asserted that Chi Mei and CMO USA infringed and induced infringement of the '374 Patent.  A copy of the '374 Patent was filed as Exhibit E to LG Display's Answer and Counterclaims, which was served on Chi Mei through its counsel, Ms. Melissa Richards Smith of Gillem & Smith, LLP and Mr. Jonathan Kagan of Irell & Manella LLP on August 13, 2007.

46.    An actual and justiciable controversy exists between the parties as to the enforceability of the '179 Patent.  Declaratory relief is both appropriate and necessary to establish that the '179 Patent is unenforceable.

47.    Because the listed inventors, the assignee, and/or one or more individuals involved with the filing and prosecution of the '179 Patent failed to disclose material prior art and/or material information to the USPTO with the intent to deceive the USPTO during the prosecution of the '179 Patent, the '179 Patent is unenforceable due to inequitable conduct.  LG Display is entitled to a judicial declaration that the '179 Patent is unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, LG Display prays for judgment as follows:

A.     That the Court issue a declaratory judgment that LG Display does not directly or indirectly infringe any of the Chi Mei Patents under any applicable provision of 35 U.S.C. § 271;

B.     That the Court issue a declaratory judgment that the Chi Mei Patents are invalid;

C.     That the Court issue a declaratory judgment that the '179 Patent is unenforceable;

D.     That this is an exceptional case under 35 U.S.C. § 285 and that LG Display be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

E.     That the Court award LG Display other relief as it may find appropriate.

March 13, 2008                              BAYARD, P.A.

                                           */s/ Richard D. Kirk (rk0922)*
                                           Richard D. Kirk (rk0922)
                                           222 Delaware Avenue, Suite 900
                                           P.O. Box 25130
                                           Wilmington, DE 19899
                                           (302) 655-5000
                                           *Attorney for LG Display Co., Ltd. And*
                                           *LG Display America, Inc.*

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C.  20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 13, 2008, he served the

foregoing documents by email and by hand upon the following counsel:

Philip A. Rovner
Dave E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE  19899-0951

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391

The undersigned counsel further certifies that, on March 13, 2008, he served the

foregoing documents by email and by U.S. Mail upon the following counsel:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190

Vincent K. Yip
Peter J. Wied
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA   90071

Ron E. Shulman, Esquire
Julie Holloway, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1