UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., <br><br>                    Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION, et al. <br><br>                    Defendants. | Civil Action No. 06-726 (JJF) <br> Civil Action No. 07-357 (JJF) <br><br> CONSOLIDATED CASES |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO
CHI MEI OPTOELECTRONICS CORPORATION'S
MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT**

BAYARD, P.A.

Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

*Attorneys for Plaintiff LG Display Co., Ltd.*

OF COUNSEL:
Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

INTRODUCTION .................................................................................................................. 1
STATEMENT OF FACTS .................................................................................................... 1
ARGUMENT .......................................................................................................................... 4
    I.    CMO'S ATTEMPT TO STALL AND DELAY THESE PROCEEDINGS WITH ITS MOTION TO STRIKE SHOULD BE REJECTED ............................ 4
    II.    CMO HAS ALREADY FORFEITED ANY RIGHT TO STRIKE THE AMENDED COMPLAINT ................................................................................ 5
    III.    THE FIRST AMENDED COMPLAINT AGAINST CMO WAS PROPERLY FILED ......................................................................................... 6
    IV.    IN THE ALTERNATIVE, THE COURT SHOULD GRANT LEAVE TO FILE THE FIRST AMENDED CMO COMPLAINT .......................................... 7
CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. USAA Casualty Insurance Corp.*,
   218 F.R.D. 307 (D.D.C. 2003)..................................................................................6

*CFMT, Inc. v. YieldUp Intern. Corp.*,
   No. CIV. A. 95-549-LON, 1996 WL 33140642 (D. Del. Apr. 5, 1996) ....................5

*Douglas v. Kimberly-Clark Corp.*,
   No. 03-2248, 2005 WL 66327 (E.D. Pa. Jan. 12, 2005).............................................7

*Harel v. Rutgers, State University*,
   5 F. Supp. 2d 246 (D.N.J. 1998), *aff'd* 191 F.3d 444 (3rd Cir. 1999) .......................5

*Kronfeld v. First New Jersey Nat'l Bank*,
   638 F. Supp. 1454 (D.N.J. 1986)................................................................................6

*Martek Biosciences Corp. v. Nutrinova*,
   Inc., No. Civ.A.03-896 GMS, 2005 WL 1745680 (D. Del. July 19, 2005)...............7

*Readmond v. Matsushita Elec. Corp.*,
   355 F. Supp. 1073 (E.D. Pa. 1972) .......................................................................5, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(f)............................................................................................................5

Fed. R. Civ. P. 15(a) ..............................................................................................5, 6, 7, 8

## INTRODUCTION

CMO's motion, like the motion to dismiss it filed in April 2007, is a blatant attempt to stall and frustrate these proceedings. CMO's motion runs counter to this Court's ruling that the Federal Rules are to be construed "liberally to avoid multiplicity of lawsuits and to foster judicial economy." (D.I. 155.) CMO's consistent pattern of delay in this case belies its arguments that the First Amended CMO Complaint has caused "delay in the just, speedy, and inexpensive determination of this action." Moreover, when LG Display filed the First Amended CMO Complaint over nine months ago, CMO failed to respond timely and instead ignored it for over two months. The Court then denied CMO's belated attempt to join in a motion to strike by ViewSonic when ViewSonic was dismissed from the case. (D.I. 154.) CMO should not now be permitted to further delay these proceedings by renewing its motion to strike. Indeed, it is obvious that CMO, by its motion practice, is vexatiously and needlessly multiplying these proceedings because CMO has already stated that it would not oppose a motion for leave to file the First Amended CMO Complaint that its motion seeks to strike. Thus, this motion's only purpose is to delay and increase the costs of these proceedings. LG Display submits that there is no reason for the Court to devote time to hold a hearing on CMO's unnecessary motion to strike LG Display's properly filed First Amended CMO Complaint. The motion should be denied on the papers.

## STATEMENT OF FACTS

LG Display Co., Ltd. ("LG Display"), formerly LG.Philips LCD Co., Ltd., commenced this action on December 1, 2006 by filing a complaint for patent infringement (D.I. 1) against Chi Mei Optoelectronics Corporation ("CMO"), AU

Optronics Corporation ("AUO"), AU Optronics Corporation America ("AUOA"), Tatung Company and Tatung Company of America, Inc. (collectively "Tatung"), and ViewSonic Corporation ("ViewSonic"). The complaint set forth LG Display's patents-in-suit and alleged that all of the defendants infringed those patents. Thereafter, on March 8, 2008, AUO filed suit against LG Display in Wisconsin. The Wisconsin Court transferred AUO's case to this Court and this Court consolidated AUO's case with this one. (D.I. 100.)

In response to LG Display's complaint, CMO filed a motion to dismiss for lack of personal jurisdiction on April 6, 2007 (D.I. 19) and then filed a related LCD patent suit against LG Display in the Eastern District of Texas on May 4, 2007. *Chi Mei Optoelectronics Corp. v. LG.Philips Co., Ltd. and LG.Philips LCD America, Inc.*, No. 2:07-cv-00176-TJW. LG Display opposed CMO's motion to dismiss (D.I. 57) and filed a motion for sanctions against CMO related to CMO's filing of the motion to dismiss (D.I. 86). In Texas, LG Display moved to transfer CMO's case to this Court. Each of those three motions is pending.

On April 11, 2007, LG Display filed a First Amended Complaint Against AUO and AUOA (D.I. 29) (the "First Amended AUO Complaint"). The First Amended AUO Complaint made no changes from the initial complaint with respect to the allegations common to all of the defendants, but instead added claims against *only* AUO for declaratory judgment related to the patents that AUO asserted against LG Display in Wisconsin.

On May 22, 2007, LG Display filed a First Amended Complaint (D.I. 54) directed solely to CMO, which had not yet answered the initial complaint, and CMO USA, which

had not been named in the suit previously ("First Amended CMO Complaint"). The First Amended CMO Complaint made no changes whatsoever from the initial complaint with respect to the allegations common to all of the defendants, but instead added claims *only* against CMO for declaratory judgment related to the patents that CMO against LG Display in Texas.[1]  Counsel for LG Display made clear in an email communication serving the First Amended CMO Complaint that the amended pleading was only directed to CMO and not the other parties already in the case. (*See* Exhibit A, email dated May 22, 2007 LG Display Counsel Richard D. Kirk to all defense counsel.[2])

CMO subsequently indicated to LG Display that, although it disagreed with the procedure by which LG Display amended the complaint, it would not oppose the amended complaint should LG Display seek leave to amend. (*See* Exhibit B, letter dated June 5, 2007 from CMO Counsel Robert C. Kahrl to LG Display Counsel Gaspare J. Bono.) CMO thereafter failed timely to respond to the First Amended CMO Complaint. ViewSonic filed, and Tatung joined, a motion to strike the First Amended CMO Complaint on July 20, 2007 (D.I. 114, 117). CMO joined that motion on July 26, 2007. (D.I. 119). ViewSonic and Tatung have since been dismissed from the complaint pursuant to stipulation and ViewSonic withdrew its motion to strike. (D.I. 147, 150.) The Court then denied CMO's joinder as moot. (D.I. 154.)

---

[1] The First Amended CMO Complaint also added CMO USA as a new party defendant to the original, unchanged, common claims of patent infringement.

[2] All exhibits referenced in this memorandum are exhibits to the declaration of Richard D. Kirk submitted in support of this opposition to CMO's Motion to Strike.

## **ARGUMENT**

### I. CMO'S ATTEMPT TO STALL AND DELAY THESE PROCEEDINGS WITH ITS MOTION TO STRIKE SHOULD BE REJECTED

Last June, two weeks after LG Display filed and served its First Amended CMO Complaint, CMO stated that it would not oppose that pleading if it were the subject of a motion to amend. (D.I. 119.) Now, over nine months later, CMO asks this Court to reserve time on its busy calendar to hold a hearing on a motion to strike that very same pleading.

CMO's reasons for bringing this motion are without merit. Remarkably, CMO claims the First Amended CMO Complaint has created "delay in the just, speedy, and inexpensive determination of this action." CMO's pattern of behavior in this case demonstrates, however, that it has no interest in the just, speedy, and inexpensive determination of this case. First, CMO filed a motion to dismiss for lack of personal jurisdiction in the face of overwhelming evidence of CMO's contacts with this jurisdiction. (D.I. 19). Next, instead of filing counterclaims in this suit, CMO filed a related LCD patent infringement suit in the Eastern District of Texas. Then, CMO filed another motion to dismiss in the consolidated case transferred from Wisconsin. (D.I. 131.) Now, even though this case is set for trial earlier than the Texas case, CMO is continuing to pursue two related cases involving the same patents in separate venues with the significant additional costs to the parties and judicial resources that such a tactic will entail.

CMO's argument that the First Amended CMO Complaint has created uncertainty and confusion also lacks merit. The declaratory judgment claims as to the AUO patents that LG Display added in the First Amended AUO Complaint are obviously only directed

toward AUO. Similarly, the declaratory judgment claims as to the CMO patents that LG Display added in the First Amended CMO Complaint are obviously only directed toward CMO. Accordingly, there can be no other purpose for CMO's motion but to delay and needlessly increase the costs of these proceedings. Such a motivation is unacceptable as motions to strike are not appropriate "*except* when they serve to expedite, rather than delay." *CFMT, Inc. v. YieldUp Intern. Corp.*, No. CIV. A. 95-549-LON, 1996 WL 33140642 (D. Del. Apr. 5, 1996) (emphasis in original). Therefore, CMO's motion should be denied.

## II. CMO HAS ALREADY FORFEITED ANY RIGHT TO STRIKE THE AMENDED COMPLAINT

A defendant must file an answer to an amended complaint within the time remaining for responding to the original complaint, or within 10 days after service of the amended complaint, whichever is longer. Fed. R. Civ. P. 15(a). Although Fed. R. Civ. P. 12(f) permits a motion to strike an amended complaint for failing to satisfy the requirements of Fed. R. Civ. P. 15(a), *Readmond v. Matsushita Elec. Corp.*, 355 F. Supp. 1073, 1080 (E.D. Pa. 1972), such a motion must be filed *before* a responsive pleading is due. Fed. R. Civ. P. 12(f). Otherwise, the motion should be denied. *See Harel v. Rutgers, State University*, 5 F. Supp. 2d 246, 260 (D.N.J. 1998) (rejecting defendant's untimely attempt to dismiss plaintiff's amended complaint), *aff'd* 191 F.3d 444 (3rd Cir. 1999).

Although properly served with the First Amended CMO Complaint on May 22, 2007, CMO chose to ignore the pleading for over two months and then, on July 26, 2007, over a month after a response was due, attempted to piggy-back onto ViewSonic's

motion to strike instead of responding directly.[3] Now, a month after ViewSonic withdrew its motion to strike, CMO attempts to revive its untimely motion with this equally meritless one. CMO should not be permitted such an opportunity given its failure to timely respond when first served with the First Amended CMO Complaint.

### III. THE FIRST AMENDED COMPLAINT AGAINST CMO WAS PROPERLY FILED

Courts have interpreted Fed. R. Civ. P. 15(a) to mean that "A party may amend its pleading [*as to another party*] once as a matter of course at any time before a responsive pleading is served [*by that other party*]..." See *Kronfeld v. First New Jersey Nat'l Bank*, 638 F. Supp. 1454 (D.N.J. 1986) (finding plaintiffs could amend as of right regarding defendants who had not answered the complaint even though other defendants had submitted answers); *Anderson v. USAA Casualty Insurance Corp.*, 218 F.R.D. 307, 309 (D.D.C. 2003) ("If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer.").

In both *Kronfeld* and *Anderson*, even though at least one responsive pleading (i.e., an answer) had already been filed, the courts said the plaintiffs still had the ability to amend as of right to the non-answering defendants. In *Kronfeld*, as in this case, the plaintiffs sued multiple defendants. Some defendants responded by filing answers while other defendants filed motions to dismiss. Plaintiffs then sought to amend the complaint.

---

[3] With CMO's deadline for responding to the original complaint, April 16, 2007, having already passed, CMO's deadline for responding to the First Amended CMO Complaint was June 6, 2007, ten days after service.

The Court ruled that, as to defendants who had only filed motions and not answers, plaintiffs could amend as of right.

Significantly, in their Rule 15 analysis, both courts looked at the state of the pleadings as between the plaintiffs and each of the defendants separately, not as between the plaintiffs and all the defendants as a collective whole. The cases CMO cites are irrelevant to this analysis; neither *Readmond* nor *Douglas v. Kimberly-Clark Corp.*, No. 03-2248, 2005 WL 66327 (E.D. Pa. Jan. 12, 2005), involves multiple defendants.

LG Display had not previously amended its complaint against CMO, and CMO had not filed a responsive pleading before LG Display filed the First Amended CMO Complaint. Therefore, LG Display complied with Fed. R. Civ. P. 15(a) when it filed its First Amended CMO Complaint.

## IV. IN THE ALTERNATIVE, THE COURT SHOULD GRANT LEAVE TO FILE THE FIRST AMENDED CMO COMPLAINT

If the Court were to find that LG Display should have sought leave before filing the First Amended CMO Complaint, LG Display respectfully submits that striking the amended complaint would not be a proper or necessary remedy. Instead, if the Court were to make that finding, given that CMO stated that it would not oppose a motion for leave to amend, LG Display would respectfully request the Court to treat the filing of the First Amended CMO Complaint as if it were a motion seeking leave to file it. LG Display would then request that the Court grant that motion *nunc pro tunc*, as such a motion to amend would certainly have met the liberal standards for amendment set forth in Rule 15 and the case law construing it. Indeed, CMO itself acknowledges the liberal standard by stating that it "would not oppose such a motion." (D.I. 119.) *See Martek Biosciences Corp. v. Nutrinova*, Inc., No. Civ.A.03-896 GMS, 2005 WL 1745680 (D. Del.

July 19, 2005) (J. Sleet) (remarking that the "liberal amendment philosophy [of Rule 15(a)] limits the district court's discretion to deny leave to amend") (quoting *Adams v Gould, Inc.*, 739 F.2d 858, 864 (3d. Cir. 1984)).

## CONCLUSION

For the foregoing reasons, LG Display respectfully submits that no hearing is necessary and this Court should deny CMO's Motion to Strike on the papers.

March 17, 2008

BAYARD, P.A.

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

*Attorneys for Plaintiff LG Display Co., Ltd.*

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 17, 2008, he served the foregoing documents by email and by hand upon the following counsel:

Philip A. Rovner
Dave E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19899-0951

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

The undersigned counsel further certifies that, on March 17, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

Vincent K. Yip
Peter J. Wied
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071

Ron E. Shulman, Esquire
Julie Holloway, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1