IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG DISPLAY CO., LTD., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-726 (JJF) |
| CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION, AU OPTRONICS CORPORATION OF AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| AU OPTRONICS CORPORATION, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-357 (JJF) |
| LG DISPLAY CO., LTD and LG DISPLAY AMERICA, INC., | ) ) ) | CONSOLIDATED CASES |
| Defendants. | ) ) | |

**REPLY BRIEF OF CHI MEI OPTOELECTRONICS CORPORATION
IN SUPPORT OF ITS MOTION TO STRIKE
PLAINTIFF'S SECOND "FIRST AMENDED COMPLAINT"**

OF COUNSEL:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
(216) 586-3939

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant
Chi Mei Optoelectronics Corporation*

Dated: March 25, 2008

## **TABLE OF CONTENTS**

I. CMO'S TIMELY MOTION TO STRIKE WAS FILED FOR A PROPER PURPOSE, NOT TO DELAY THESE PROCEEDINGS. ...................................................................1

II. CMO'S MOTION TO STRIKE PLAINTIFF'S SECOND "FIRST AMENDED COMPLAINT" APPROPRIATELY ADDRESSES FATAL DEFECTS IN LPL'S PROPOSED PLEADING. ...................................................................................................2

III. LPL'S REQUEST, IN THE ALTERNATIVE, THAT THIS COURT GRANT IT LEAVE TO FILE ITS SECOND "FIRST AMENDED COMPLAINT" SHOULD BE DENIED OR, AT A MINIMUM, ITS FILING SHOULD NOT BE AFFORDED *NUNC PRO TUNC* TREATMENT. ...................................................................................................4

CONCLUSION...................................................................................................5

# **TABLE OF AUTHORITIES**

## CASES

|  | Page(s) |
|---|---|
| *Anderson v. USAA Casualty Insurance Corp.*, 218 F.R.D. 307 (D.D.C. 2003) | 3 |
| *Douglas v. Kimberly-Clark Corp.*, 2005 U.S. Dist. LEXIS 417 (E.D. Pa. 2005) | 2 |
| *Harel v. Rutgers State University*, 5 F. Supp. 2d 246 (D.N.J. 1998) | 1 |
| *Kronfeld v. First New Jersey Nat'l Bank*, 638 F. Supp. 1454 (D.N.J. 1986) | 3 |
| *Readmond v. Matsushita Elec. Corp.*, 355 F. Supp. 1073 (E.D. Pa. 1972) | 2 |

## RULES

| | |
|---|---|
| Fed. R. Civ. P. 12(f) | 1 |
| Fed. R. Civ. P. 15(a) | 1, 2, 3 |

Having no case to support its filing of a second "First Amended Complaint" without permission, LG Display Co., Ltd ("LPL") chooses instead to attack another motion of Chi Mei Optoelectronics Corporation ("CMO") and accuse CMO of delay. This accusation is self-serving. It is really LPL that does not want to be bothered with complying with any step in the Federal Rules of Civil Procedure that takes time. Indeed, throughout this case LPL has acted as if it were exempt from taking any time-consuming steps that may be required by the Federal Rules. As a result, there are now two First Amended Complaints that include completely different allegations in the same numbered paragraphs. This demonstrates the impropriety of LPL's actions. Accordingly, CMO's Motion to Strike Plaintiff's Second "First Amended Complaint" should be granted.

### I. CMO'S TIMELY MOTION TO STRIKE WAS FILED FOR A PROPER PURPOSE, NOT TO DELAY THESE PROCEEDINGS.

LPL erroneously contends that a motion to strike an amended complaint must be filed before a responsive pleading is *due*. However, the plain language of Rule 12(f) of the Federal Rules of Civil Procedure provides that a motion to strike may be made:

> Upon motion made by a party *before responding to a pleading* or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

(emphasis added). Since the second "First Amended Complaint" is a nullity because LPL did not comply with Fed. R. Civ. P. 15(a), CMO could properly move to strike it.

LPL mistakenly relies on *Harel v. Rutgers State University*, 5 F. Supp. 2d 246, 260 (D.N.J. 1998) to support its claim that CMO's motion to strike was untimely. The defendant in *Harel*, however, did not challenge the amendment of a complaint for more than one year after it

was filed and, in the interim, had engaged in discovery on the subject matter of the amended complaint. Consequently, the Court found that the defendant had implicitly consented to the amended complaint. The same is not true here. CMO has not consented to the entry of the proposed second "First Amended Complaint" and no discovery has taken place.

Furthermore, LPL's claim that CMO's motions are merely an attempt to delay these proceedings is without merit. (Answering Brief at 4, 5). When LPL failed to comply with Fed. R. Civ. P. 15(a) and seek leave from this Court to file its second "First Amended Complaint," CMO proposed a quick solution. (*See* D.I. 158 at Ex. A, Declaration of Arthur P. Licygiewicz at Ex. A). LPL, however, rejected it. Even though LPL could have avoided any alleged delay and related motion practice if it had timely filed a single amended complaint, for reasons unknown, it did not. Thus, any delay here is attributable to LPL, not CMO.

## II. CMO'S MOTION TO STRIKE PLAINTIFF'S SECOND "FIRST AMENDED COMPLAINT" APPROPRIATELY ADDRESSES FATAL DEFECTS IN LPL'S PROPOSED PLEADING.

LPL does not dispute that it failed to seek leave of this Court or written consent of the parties before filing its second "First Amended Complaint" as required by Fed. R. Civ. P. 15(a). Nor, does LPL dispute that a party is only permitted to amend its pleading once as a matter of course before a responsive pleading is filed. *See* Fed. R. Civ. P. 15(a); *Douglas v. Kimberly-Clark Corp.*, 2005 U.S. Dist. LEXIS 417, * 6 (E.D. Pa. 2005) (amended complaint was stricken when its filing was undertaken without leave of court as required by Fed. R. Civ. P. 15(a)); *Readmond v. Matsushita Elec. Corp.*, 355 F. Supp. 1073, 1080 (E.D. Pa. 1972) (striking amended complaint when new allegation was added without leave of court as required by Fed. R. Civ. P. 15(a)).

Instead, LPL claims that it can amend its pleadings one time with respect to each defendant. LPL cites no authority, and CMO is not aware of any, to support this proposition. Fed. R. Civ. P. 15(a) does not permit, nor contemplate, that a party can amend its pleading once with respect to each defendant. The cases relied on by LPL do not hold otherwise. LPL's cited cases, *Kronfeld v. First New Jersey Nat'l Bank*, 638 F. Supp 1454 (D.N.J. 1986) and *Anderson v. USAA Casualty Insurance Corp.*, 218 F.R.D. 307 (D.D.C. 2003), do not hold that a second amended complaint can be filed by a party without it first obtaining leave of the court. In both of these cases, the amending party first sought leave of the court for their amendment. In *Kronfeld*, the plaintiffs sought leave to file a first amended complaint, which the court granted, after some defendants had answered, but before other defendants had done so. In *Anderson*, the plaintiff sought leave, which the court granted, before he filed his first amended complaint. In neither case did the plaintiffs attempt to file a second amended complaint without first obtaining leave of the court.

Any other interpretation of Fed. R. Civ. P. 15(a) or these cases would cause uncertainty, as well as unnecessary confusion and delay, by potentially creating multiple operative complaints with multiple and unique counts. Here, both the first "First Amended Complaint" and the second "First Amended Complaint" would have added Counts IV and V to this action. As demonstrated in CMO's Opening Brief, in each case, these counts were directed to different patents and different defendants. (Opening Brief at 3, 4). LPL's second "First Amended Complaint" only complicates this already complex patent infringement action, which currently involves at least seventeen (17) patents, and in the process casts doubt on whether LPL's counterclaims relative to the patents of AU Optronics Corporation ("AUO") still would be pending.

-3-

Furthermore, on March 13, 2008, LPL asserted additional declaratory judgment counterclaims in this case relating to two other CMO patents (U.S. Patent No. 6,134,092 and 7,280,179) (*See* D.I. 163) that also are being appropriately litigated in the action currently pending in the United States District Court for the Eastern District of Texas (Case No. 2-07CV-176 (TJW)), filed May 4, 2007. Together, LPL's second "First Amended Complaint" and its recent counterclaims attempt to add six (6) CMO patents to this case (all of which are unrelated to the other patents asserted by LPL and AUO). This would further complicate this case and create additional unnecessary delay in the just, speedy, and inexpensive determination of this action.

Accordingly, LPL's attempt to amend its Complaint with respect to each defendant in piecemeal fashion should not be permitted. LPL's second "First Amended Complaint" should be stricken.

### III. LPL'S REQUEST, IN THE ALTERNATIVE, THAT THIS COURT GRANT IT LEAVE TO FILE ITS SECOND "FIRST AMENDED COMPLAINT" SHOULD BE DENIED OR, AT A MINIMUM, ITS FILING SHOULD NOT BE AFFORDED *NUNC PRO TUNC* TREATMENT.

LPL wrongly asserts that CMO would not oppose the filing and service of LPL's second "First Amended Complaint" "if it were the subject of a motion to amend." (Answering Brief at 4). However, CMO actually stated that it would not oppose LPL's Motion to Amend its "First Amended Complaint" <u>if</u> that amendment did not seek *nunc pro tunc* treatment of the filing. (*See* D.I. 158 at Ex. A, Declaration of Arthur P. Licygiewicz at Ex. A). But, now that LPL is seeking such treatment, CMO hereby opposes the motion to amend to the extent that the amendment would be provided *nunc pro tunc* treatment for the filing and service of the second "First Amended Complaint."

At a minimum, because CMO is not subject to personal jurisdiction in Delaware and was never properly served with the original Complaint, LPL must be required to serve its second "First Amended Complaint" in accordance with the Federal Rules of Civil Procedure. (*See, e.g.,* D.I. 19, 20). Accordingly, it would be fundamentally unfair (and would deny CMO its due process rights) if *nunc pro tunc* treatment was used to retroactively overcome such a deficiency in this case.

## CONCLUSION

For at least for the foregoing reasons, Chi Mei Optoelectronics Corporation's Motion to Strike Plaintiff's Second "First Amended Complaint" should be granted.

| | |
|---|---|
| OF COUNSEL:<br><br>Kenneth R. Adamo<br>Robert C. Kahrl<br>Arthur P. Licygiewicz<br>Jones Day<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH  44114-1190<br>(216) 586-3939<br><br>Dated:  March 25, 2008<br>856835 | POTTER ANDERSON & CORROON LLP<br><br>By: _____<br>Philip A. Rovner (#3215)<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6000<br>provner@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Chi Mei Optoelectronics Corporation* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on March 25, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, AND EMAIL**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

**BY CM-ECF AND EMAIL**

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

I hereby certify that on March 25, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com
cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA 90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com

| | |
|---|---|
| Ron E. Shulman, Esq.<br>Julie M. Holloway, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>rshulman@wsgr.com<br>jholloway@wsgr.com | M. Craig Tyler, Esq.<br>Brian D. Range, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, TX 78759<br>ctyler@wsgr.com<br>brange@wsgr.com |

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com