
Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140  Direct Phone
(302) 658-1192  Fax

April 1, 2008

**BY E-FILE**

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the
 District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE  19801

    Re: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, *et al.*,
      D. Del., C.A. No. 06-726-JJF
      AU Optronics Corporation v. LG Display Co., Ltd., *et al.*,
      <u>D. Del., C.A. No. 07-357-JJF - Consolidated</u>

Dear Judge Farnan:

  We represent defendant Chi Mei Optoelectronics Corporation ("CMO"), one of the defendants in the above-captioned suit. Plaintiff LG DisplayCo., Ltd. ("LG Display") has asserted eight patents against CMO in several successive pleadings in this case, and CMO has moved to dismiss each of these pleadings for lack of personal jurisdiction and improper service of process (D.I. 19 and 131 in C.A. No. 06-726-JJF, and D.I. 89 in C.A. No. 07-357-JJF).  On March 31, District Judge Ward of the Eastern District of Texas transferred to this Court an action that CMO had filed against LG Display asserting a total of six patents against LG Display (the "Texas patents").  CMO had not asserted the Texas patents in this case.  Rather, after CMO had brought its action in Texas, LG Display asserted declaratory judgment counts against the Texas patents here.  As it did in response to LP Display's other counts, CMO moved to dismiss the declaratory judgment counts for, among other things, lack of personal jurisdiction.  As to the Texas patents, CMO was the first to file, not LG Display.

  In the last portion of Judge Ward's Memorandum Opinion and Order, he stated, "If the Delaware court concludes this case is improperly joined or it would serve the interest of judicial efficiency to continue this action in this District, the Delaware court is free to transfer the case back to the Eastern District of Texas."  If the Texas case is consolidated with the existing Delaware case, LG Display will be asserting nine patents against defendant AU Optronics Corporation ("AUO") and eight of those same patents against CMO, AUO will be asserting eight patents against LG Display, and CMO will be asserting six patents (*i.e.*, the Texas patents) against LG Display.  On the other hand, if this Court rules that CMO's motion to dismiss for lack of personal jurisdiction and/or improper service of process has merit, Judge Ward has proposed that the case between CMO and LG Display be returned to Texas, which this Court could

The Honorable Joseph J. Farnan, Jr.
April 1, 2008
Page 2

accomplish under 28 U.S.C. §§ 1404 or 1406. Such an action would not only resolve the motions to dismiss, but also reduce the massiveness of this case by six patents.

On the same day that Judge Ward issued his Order, this Court issued a Scheduling Order governing the Delaware case as the case appeared before inclusion of the Texas patents (D.I. 175 in C.A. No. 06-726-JJF). If this Scheduling Order is not amended, there will not be sufficient provision for CMO's case to be added to the other patent issues already in the case. For example, the limitation of party depositions to 35 hours per side is plainly insufficient for CMO to assert its affirmative case on six patents in addition to defending eight patents of LG Display (see D.I. 175, Section 4(e)). Transfer to Texas would alleviate the problem of having so many patents added to the Scheduling Order.

In ordering the Texas case transferred to Delaware, Judge Ward did not address CMO's pending motions in this Court showing that this Court lacks personal jurisdiction over CMO, and that service of process was improper. We suggest that LG Display should not be able to impose personal jurisdiction involuntarily on CMO by obtaining a transfer of CMO's own case to a district in which CMO had challenged jurisdiction and had not consented to be sued.

As to LG Display's declaratory judgment counts against CMO's patents, CMO had moved to strike LG Display's pleading on four of these patents for failure to obtain this Court's permission to amend its pleading by adding those patents (D.I. 157 in C.A. No. 06-726-JJF), and filed herewith a motion to dismiss LG Display's declaratory judgment counts on the other two patents for the reasons stated in CMO's initial motion to dismiss (D.I. 176 in C.A. No. 06-726-JJF). Granting these motions as well would completely remove from the Delaware case the six patents initially asserted by CMO against LG Display in Texas, and would eliminate CMO as a defendant in this case.

Accordingly, CMO respectfully requests that this Court grant CMO's four pending motions to dismiss, as well as CMO's pending motion to strike the second first amended counterclaim, either by granting the motions or by transferring the pleadings subject to the motions to the Eastern District of Texas, Marshall Division.

Respectfully,

Philip A. Rovner
provner@potteranderson.com

Kenneth R. Adamo
kradamo@jonesday.com
Robert C. Kahrl
rckahrl@jonesday.com

PAR/mes/858300
Cc:  Richard D. Kirk, Esq. – By Hand and E-mail
     John W. Shaw, Esq. – By Hand and E-mail