IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-726-JJF |
| | : |
| CHI MEI OPTOELECTRONICS, | : |
| CORPORATION, AU OPTRONICS | : |
| CORPORATION, AU OPTRONICS | : |
| CORPORATION AMERICA, and CHI MEI | : |
| OPTOELECTRONICS USA, INC. | : |
| | : |
| Defendants. | : |
| | : |
| AU OPTRONICS CORPORATION, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 07-357-JJF |
| v. | : |
| | : CONSOLIDATED CASES |
| LG.PHILIPS LCD. CO., LTD, and | : |
| LG.PHILIPS LCD AMERICA, INC., | : |
| | : |
| Defendants. | : |
| | : |
| LG.PHILIPS LCD. CO., LTD, and | : |
| LG.PHILIPS LCD AMERICA, INC., | : |
| | : |
| Counterclaim-Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| AU OPTRONICS CORPORATION, et al., | : |
| | : |
| Counterclaim-Defendants. | : |
| | : |

### RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1.  **Pre-Discovery Disclosures.** The parties will exchange by **March 13, 2008** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

2.  **Joinder of other Parties.** All motions to join other parties are to be filed on or before **April 4, 2008**.

3.  **Settlement Conference.** Pursuant to 28 U.S.C. §635, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement. If the parties agree that they would benefit from a settlement conference, the parties shall contact the Magistrate Judge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

4.  **Discovery.**

    (a) Exchange and completion of contention interrogatories, identification of fact witnesses and party document production shall be commenced so as to be completed by **June 27, 2008**. The parties reserve the right to supplement in accordance with Fed. R. Civ. P. 26(e).

    (b) LPL may serve a maximum of 30 interrogatories on AUO and may serve a maximum of 30 interrogatories on CMO, including contention interrogatories. AUO may serve maximum of 30 interrogatories, including contention interrogatories, on LPL. CMO may serve a maximum of 30 interrogatories on LPL. For purposes of Section 4 of this Order, "LPL" refers to both LG.Philips LCD Co., LTD and LG.Philips LCD America collectively;

"AUO" refers to both AU Optronics Corporation and AU Optronics Corporation America collectively, and "CMO" refers to both Chi Mei Optoelectronics and Chi Mei Optoelectronics, USA, Inc. collectively.

    (c) LPL may serve a maximum of 25 requests for admission on AUO and may serve a maximum of 25 requests for admission on CMO.  AUO may serve a maximum of 25 requests for admission on LPL.  CMO may serve a maximum of 25 requests for admission on LPL.

    (d) Non-party Discovery and document production shall be commenced so as to be completed by **December 17, 2008.**

    (e) LPL may depose AUO (pursuant to Fed. R. Civ. P. 30(b)(6) and/or individual officers or employees of AUO) for a maximum of 70 hours.  LPL may depose CMO (whether pursuant to Fed. R. Civ. P. 30(b)(6) and/or individual officers or employees of CMO) for a maximum of 70 hours.  AUO may depose LPL (whether pursuant to Fed. R. Civ. P. 30(b)(6) and/or individual officers or employees of LPL) for a maximum of 70 hours. CMO may depose LPL (whether pursuant to Fed. R. Civ. P. 30(b)(6) and/or individual officers or employees of LPL) for a maximum of 70 hours. With respect to these time limits, translated depositions will count as one-half hour per hour of translated deposition time.  Expert depositions and non-party depositions are excluded from these hourly totals.  The parties agree that 30(b)(6) depositions may extend past one day, and the parties further

agree that personal depositions of individual officers or employees will not extend longer than 7 hours of transcribed time (except if translated, such depositions may extend to 14 hours). Depositions shall not commence until after the completion date set forth in Paragraph 4(a).

(f)  Each side may depose non-parties for a maximum of 60 hours.

(g) Fact Discovery shall be completed by **December 17, 2008.**

(h) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party bearing the burden of proof by **January 12, 2009** and rebuttal expert reports by **February 9, 2009.**

(i) Any party desiring to depose an expert witness shall notice and complete said deposition no later than **March 6, 2009**, unless otherwise agreed in writing by the parties or ordered by the Court.

5.  **Non-Case Dispositive Motions.**

(a)  All non-case dispositive motions shall be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive Motions in Patent Cases (as modified February 1, 2008);

(i)  Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion.

(1) The Notice of Motion shall designate the

date the movant seeks to present the motion.

    (2) Briefing shall be in accordance with th Federal and Local Rules.  The Court will not order expedited briefing.

    (3) The final brief submitted shall be filed no later than 12:00 noon the Friday before the motion day on which it is to be heard.

    (4) The Court will regularly post the available motion days on the internet at: http://www.ded.uscourts.gove/JJFmain.htm.

    (5) Upon filing of the Notice of Motion, a copy of said Notice should be sent to Chambers at: jjf_civil@ded.uscourts.gov.

    (6) At the motion hearing, a total of twenty (20) minutes will be allocated for argument on each motion with said time being shared by each side equally.

  6. **Amendment of the Pleadings**.  All motions to amend the pleadings shall be filed on or before **August 1, 2008**.

  7. **Case Dispositive Motions**.  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **March 16, 2009**. The parties shall follow the Court's procedures for summary judgment motions which is available at the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm.

  8. **Markman**.  A Markman Hearing will be held on **September

**18, 2008 at 10 a.m.** Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. Each party shall exchange a list of terms believed to require construction by **July 1, 2008**. Each party shall exchange proposed constructions of the disputed terms by **July 17, 2008**.

    9.    **Application by Motion.**

        (a)   Any applications to the Court shall be by written motion filed with the Clerk of Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any non-dispositive motion shall contain the statement required by D. Del. L.R. 7.1.1 and be made in accordance with the Court's February 1, 2008 Order on procedures for filing non-dispostive motions in patent cases. Briefs shall be limited to no more than ten (10) pages. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

        (b)   No facsimile transmissions will be accepted.

        (c)   No telephone calls shall be made to Chambers.

        (d)   Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency.

10. **Pretrial Conference and Trial.**

(a) A Pretrial Conference will be held on **May 7, 2009** at 10:00 a.m. in Courtroom 4B. The Federal Rules of Civil Procedure and D.Del. LR 16.3 shall govern the Pretrial Conference.

(b) The Court has scheduled the trial to commence on **June 2, 2009**.

April 29, 2008

_____
UNITED STATES DISTRICT JUDGE