

222 Delaware Avenue • Suite 900
P.O. Box 25130 • Wilmington, DE • 19899
Zip Code For Deliveries 19801

(302) 429-4208
rkirk@bayardlaw.com

ELECTRONICALLY FILED
ORIGINAL BY HAND

May 1, 2008

The Honorable Mary Pat Thynge
J. Caleb Boggs Federal Building
844 N. King Street
Room 2124, Lockbox 8
Wilmington, DE 19801

Re: *LG.Philips LCD Co., Ltd. v. Chi Mei Optoelectronics et al,*
Case Nos. 06-726-JJF and 07-357-JJF

I write on behalf of LG Display Co., Ltd. ("LG Display") in response to AU Optronics Corporation's ("AUO") letter of today (D.I. 196). LG Display submits that without a Court order directing the production of the actual license agreements, the mediation will not be as productive as it would otherwise be.

In its letter, AUO suggests that the parties can provide licensing information in the mediation statements without consent by simply identifying relevant terms and withholding names of the parties. That is not correct. LG Display (and presumably AUO) cannot disclose the terms of its license agreements anywhere, including its mediation statement, without consent of the other parties to its agreements because such disclosure would be a violation of the confidentiality provisions of the agreements, unless the Court enters an order compelling production. Moreover, providing such information without disclosing the names of the parties to the agreements would be futile in any event as it is critical to know who the parties are when analyzing the scope of each agreement.

AUO incorrectly recalls that the Court stated that it would prefer a chart outlining the material terms of the relevant license agreements *in lieu of* the agreements themselves. LG Display recalls that, during the conference call, the Court requested a chart *in addition to* the actual agreements so Your Honor did not have to take the time to parse through each agreement, but would have access to the full agreements as a reference, if necessary.

Finally, LG Display reminds the Court that AUO requested early mediation in this case, before the discovery period during which the parties would have produced their relevant license agreements. AUO implicitly suggests that the parties to its license agreements will ultimately give their consent. If they do not, a court order will likely be necessary anyway. Since mediation is less than two weeks away, we anticipate that the parties will not have the necessary





The Honorable Mary Pat Thynge
May 1, 2008
Page Two

consents in time.  Without a court order, then, it is likely that the mediation willingly embraced by AUO will not be as productive as it could be.  LG Display submits that its proposed solution is expedient and minimally intrusive.

Respectfully submitted,

Richard D. Kirk (rk0922)

cc: Counsel as shown on the attached certificate

{00866335;v1}

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 1, 2008, he served the foregoing documents by email and by hand upon the following counsel:

Philip A. Rovner
Dave E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19899-0951

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

The undersigned counsel further certifies that, on May 1, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH 44114-1190

Vincent K. Yip
Peter J. Wied
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

Ron E. Shulman, Esquire
Julie Holloway, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1