IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION, AU OPTRONICS CORPORATION OF AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, <br><br> Defendants. | Civil Action No. 06-726 (JJF) |
| AU OPTRONICS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> LG DISPLAY CO., LTD and LG DISPLAY AMERICA, INC., <br><br> Defendants. | Civil Action No. 07-357 (JJF) <br><br> CONSOLIDATED CASES |

**CHI MEI OPTOELECTRONICS CORPORATION'S
REPLY AND AFFIRMATIVE DEFENSES
TO THE ADDITIONAL COUNTERCLAIMS OF LG DISPLAY CO., LTD.**

Comes now separate Counterclaim-Defendant Chi Mei Optoelectronics Corporation ("CMO") by and through its attorneys of record, and for its Reply and Affirmative Defenses to the Additional Counterclaims of LG Display Co., Ltd., ("LG Display") filed March 13, 2008 and states the following:

1. CMO admits that by its counterclaims LG Display seeks declaratory relief against Defendant CMO. CMO denies the remaining allegations of Paragraph 20 of the Counterclaims.

2. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Counterclaims, and therefore denies the same.

3. CMO admits the allegations contained in Paragraph 22 of the Counterclaims.

4. In response to Paragraph 23 of the Counterclaims, CMO admits that it is the owner of U.S. Patent No. 6,134,092 (the "'092 Patent") and U.S. Patent No. 7,280,179 (the "'179 Patent") (collectively "the CMO Patents").

5. CMO admits that the Counterclaims purport to arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States. CMO denies that LG Display is entitled to any relief thereunder. CMO further admits that there is a justiciable controversy between LG Display and CMO regarding the validity and infringement of the claims of the CMO Patents. CMO denies the remaining allegations of Paragraph 24 of the Counterclaims.

6. CMO admits, in response to Paragraph 25 of the Counterclaims, that this Court has jurisdiction over the subject matter of the Counterclaims under 28 U.S.C. §§ 1331 and 1338(a). Insofar as the allegations of this paragraph purport to state legal conclusions, no response thereto is required.

7. CMO denies the allegations contained in Paragraph 26 of the Counterclaims.

**COUNTERCLAIM COUNT XIV**
**CLAIM FOR DECLARATORY JUDGMENT**
**OF INVALIDITY OF THE '092 PATENT AND THE '179 PATENT**

8. CMO, in response to Paragraph 27 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 7 above as if fully rewritten herein.

9. CMO admits the allegations contained in Paragraph 28 of the Counterclaims.

10. CMO denies the allegations contained in Paragraph 29 of the Counterclaims.

11. CMO denies the allegations contained in Paragraph 30 of the Counterclaims.

12. CMO admits that it has asserted the CMO Patents against LG Display in the United States District Court for the Eastern District of Texas, Civil Action No. 2:07-176-TJW. CMO denies the remaining allegations contained in Paragraph 31 of the Counterclaims.

### COUNTERCLAIM COUNT XV
### CLAIM FOR DECLARATORY JUDGMENT
### OF NON-INFRINGEMENT OF THE '092 PATENT AND THE '179 PATENT

13. CMO, in response to Paragraph 32 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 12 above as if fully rewritten herein.

14. CMO denies the allegations contained in Paragraph 33 of the Counterclaims.

15. CMO denies the allegations contained in Paragraph 34 of the Counterclaims.

16. CMO admits that in the United States District Court for the Eastern District of Texas, Civil Action No. 2:07-176-TJW its maintains that LG Display infringes the CMO Patents. CMO denies the remaining allegations contained in Paragraph 35 of the Counterclaims.

### COUNTERCLAIM COUNT XVI
### CLAIM FOR DECLARATORY JUDGMENT
### OF UNENFORCEABILITY OF THE '179 PATENT

17. CMO, in response to Paragraph 36 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 16 above as if fully rewritten herein.

18. CMO admits that the '179 Patent speaks for itself. CMO denies the remaining allegations contained in Paragraph 37 of the Counterclaims.

19. CMO denies the allegations contained in Paragraph 38 of the Counterclaims.

20. CMO denies the allegations contained in Paragraph 39 of the Counterclaims.

21. CMO denies the allegations contained in Paragraph 40 of the Counterclaims.

22. CMO admits that the '179 Patent claims priority to at least the earlier-filed Taiwanese Patent Application No. 92130636, filed November 3, 2003, as listed on the face of the '179 Patent. CMO denies the remaining allegations contained in Paragraph 41 of the Counterclaims.

23. CMO admits the allegations contained in Paragraph 42 of the Counterclaims.

24. CMO admits the allegations contained in Paragraph 43 of the Counterclaims.

25. CMO admits that LG Display filed its First Amended Answer to AU Optronics' Amended Counterclaims and Additional Counterclaims on August 8, 2007, in the United States District Court for the District of Delaware in Civil Action No. 06-726-GMS. CMO denies the remaining allegations contained in Paragraph 44 of the Counterclaims.

26. CMO admits that LG Display filed its Answer to Plaintiff's Complaint and Counterclaims Against Plaintiff and Additional Party Chi Mei Optoelectronics USA, Inc. in the United States District Court for the Eastern District of Texas, Civil Action No. 2:07-176-TJW. CMO denies the remaining allegations contained in Paragraph 45 of the Counterclaims.

27. CMO admits that it asserts that the '179 Patent is enforceable and that Defendants assert that this patent is unenforceable. CMO denies the remaining allegations contained in Paragraph 46 of the Counterclaims.

28. CMO denies the allegations contained in Paragraph 47 of the Counterclaims.

## AFFIRMATIVE DEFENSES

CMO asserts the following affirmative defenses. CMO also reserves the right to add defenses that may be supported by the facts upon the completion of discovery.

## FIRST AFFIRMATIVE DEFENSE

1. LG Display has failed to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. LG Display cannot prevail on their Counterclaims because the CMO Patents are valid and enforceable, and are infringed by LG Display.

OF COUNSEL:

Jonathan S. Kagan
Alexander C. D. Giza
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA 90067
(310) 277-1010

Dated: May 14, 2008
864716

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P. O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Counterclaim-Defendant
Chi Mei Optoelectronics Corporation*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 14, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

I hereby certify that on May 14, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com
cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA 90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com

Ron E. Shulman, Esq.
Julie M. Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
jholloway@wsgr.com

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759
ctyler@wsgr.com
brange@wsgr.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com