IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION, AU OPTRONICS CORPORATION OF AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION,<br><br>    Defendants. | Civil Action No. 06-726 (JJF) |
| AU OPTRONICS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>LG DISPLAY CO., LTD and<br>LG DISPLAY AMERICA, INC.,<br><br>    Defendants. | Civil Action No. 07-357 (JJF)<br><br>CONSOLIDATED CASES |

**CHI MEI OPTOELECTRONICS CORPORATION'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
TO THE COMPLAINT OF LG DISPLAY CO., LTD.**

Comes now separate Defendant Chi Mei Optoelectronics Corporation ("CMO") by and through its attorneys of record, and for its Answer, Affirmative Defenses and Counterclaims to the Complaint of LG Display Co., Ltd., ("LG Display") filed December 1, 2006 and states the following:

## NATURE OF THE ACTION

1. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. In response to Paragraph 2 of the Complaint, CMO admits that this action purports to be a civil action of the infringement of United States Patent No. 5,019,002 (the "'002 Patent"); Unites States Patent No. 5,825,449 (the "'449 Patent"); and United States Patent No. 4,624,737 (the "'737 Patent") (collectively the "Patents-in-Suit") and that this action alleges willful infringement of the Patents-in-Suit by the Defendants.

3. CMO admits the allegations contained in Paragraph 3 of the Complaint.

## THE PARTIES

4. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5. CMO admits that it is a Taiwanese corporation having its principal place of business at 2F, No. 1, Chi-Yeh Road, Tainan Science Based Industrial Park, Hsinshih Hsiang, Tainan Hsien 710, Taiwan 74147, R.O.C. CMO admits that it manufactures components for LCD products in Taiwan and China, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

7. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

8. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

10. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

11. CMO admits, in response to Paragraph 11 of the Complaint, that this action purport to be based on and arise under the patent laws of the United States, Title 35 § 100 *et seq*. CMO denies that there is any infringement or that LG Display is entitled to any relief thereunder.

12. CMO admits, in response to Paragraph 12 of the Complaint, that this Court has jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

13. To the extent the allegations of Paragraph 13 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 13 of the Complaint. To the extent the allegations of Paragraph 13 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14. CMO denies that this Court has personal jurisdiction over CMO. CMO denies that venue is proper for the purposes of this action with respect to CMO. To the extent the remaining allegations of Paragraph 14 of the Complaint are directed to CMO, CMO denies the remaining allegations contained in Paragraph 14 of the Complaint. To the extent the remaining allegations of Paragraph 14 of the Complaint are directed to the remaining Defendants, CMO

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint, and therefore denies the same.

15. CMO lacks knowledge or information sufficient to form a belief as to their truth as to the allegations of Paragraph 15 of the Complaint, and therefore denies the same.

16. CMO lacks knowledge or information sufficient to form a belief as to their truth as to the allegations of Paragraph 16 of the Complaint, and therefore denies the same.

## THE PATENTS-IN-SUIT

17. CMO admits that Exhibit A to the Complaint purports to be a copy of the '002 Patent, entitled "Method of Manufacturing Flat Panel Backplanes including Electrostatic Discharge Prevention and Displays Made Thereby," which on the face of the patent reflects an issue date of May 28, 1991. CMO denies that the '002 Patent was duly and legally issued. CMO lacks knowledge or information sufficient to form a belief as to their truth as to the remaining allegations of Paragraph 17 of the Complaint, and therefore denies the same.

18. CMO admits that Exhibit B to the Complaint purports to be a copy of the '449 Patent, entitled "Liquid Crystal Display Device and Method of Manufacturing the Same," which on the face of the patent reflects an issue date of October 20, 1998. CMO denies that the '449 Patent was duly and legally issued. CMO lacks knowledge or information sufficient to form a belief as to their truth as to the remaining allegations of Paragraph 18 of the Complaint, and therefore denies the same.

19. CMO admits that Exhibit C to the Complaint purports to be a copy of the '737 Patent, entitled "Process for Producing Thin-Film Transistor," which on the face of the patent reflects an issue date of November 25, 1986. CMO denies that the '737 Patent was duly and

legally issued. CMO lacks knowledge or information sufficient to form a belief as to their truth as to the remaining allegations of Paragraph 19 of the Complaint, and therefore denies the same.

20.     CMO denies that LG Display is entitled to any relief for any purported infringement of the Patents-in-Suit. CMO lacks knowledge or information sufficient to form a belief as to their truth as to the remaining allegations of Paragraph 20 of the Complaint, and therefore denies the same.

21.     To the extent the allegations of Paragraph 21 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 21 of the Complaint. To the extent the allegations of Paragraph 21 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies the same.

## FACTUAL BACKGROUND

22.     CMO lacks knowledge or information sufficient to form a belief as to their truth as to the allegations of Paragraph 22 of the Complaint, and therefore denies the same.

23.     CMO lacks knowledge or information sufficient to form a belief as to their truth as to the allegations of Paragraph 23 of the Complaint, and therefore denies the same.

24.     To the extent the allegations of Paragraph 24 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 24 of the Complaint. To the extent the allegations of Paragraph 24 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore denies the same.

25.     To the extent the allegations of Paragraph 25 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 25 of the Complaint. To the extent

the allegations of Paragraph 25 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore denies the same.

26. To the extent the allegations of Paragraph 26 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 26 of the Complaint. To the extent the allegations of Paragraph 26 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore denies the same.

27. To the extent the allegations of Paragraph 27 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 27 of the Complaint. To the extent the allegations of Paragraph 27 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore denies the same.

28. To the extent the allegations of Paragraph 28 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 28 of the Complaint. To the extent the allegations of Paragraph 28 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore denies the same.

29. To the extent the allegations of Paragraph 29 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 29 of the Complaint. To the extent the allegations of Paragraph 29 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore denies the same.

30. To the extent the allegations of Paragraph 30 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 30 of the Complaint. To the extent the allegations of Paragraph 30 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies the same.

## COUNT I
## INFRINGEMENT OF THE '002 PATENT

31. CMO, in response to Paragraph 31 of the Complaint, hereby incorporates by reference its responses to Paragraphs 1 - 30 above as if fully rewritten herein.

32. To the extent the allegations of Paragraph 32 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 32 of the Complaint. To the extent the allegations of Paragraph 32 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore denies the same.

33. To the extent the allegations of Paragraph 33 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 33 of the Complaint. To the extent the allegations of Paragraph 33 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore denies the same.

34. To the extent the allegations of Paragraph 34 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 34 of the Complaint. To the extent the allegations of Paragraph 34 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore denies the same.

35.  To the extent the allegations of Paragraph 35 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 35 of the Complaint. To the extent the allegations of Paragraph 35 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore denies the same.

## COUNT II
## INFRINGEMENT OF THE '449 PATENT

36.  CMO, in response to Paragraph 36 of the Complaint, hereby incorporates by reference its responses to Paragraphs 1 - 35 above as if fully rewritten herein.

37.  To the extent the allegations of Paragraph 37 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 37 of the Complaint. To the extent the allegations of Paragraph 37 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore denies the same.

38.  To the extent the allegations of Paragraph 38 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 38 of the Complaint. To the extent the allegations of Paragraph 38 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore denies the same.

39.  To the extent the allegations of Paragraph 39 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 39 of the Complaint. To the extent the allegations of Paragraph 39 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore denies the same.

40. To the extent the allegations of Paragraph 40 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 40 of the Complaint. To the extent the allegations of Paragraph 40 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore denies the same.

## COUNT III
## INFRINGEMENT OF THE '737 PATENT

41. CMO, in response to Paragraph 41 of the Complaint, hereby incorporates by reference its responses to Paragraphs 1 - 40 above as if fully rewritten herein.

42. To the extent the allegations of Paragraph 42 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 42 of the Complaint. To the extent the allegations of Paragraph 42 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and therefore denies the same.

43. To the extent the allegations of Paragraph 43 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 43 of the Complaint. To the extent the allegations of Paragraph 43 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore denies the same.

44. To the extent the allegations of Paragraph 44 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 44 of the Complaint. To the extent the allegations of Paragraph 44 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and therefore denies the same.

45. To the extent the allegations of Paragraph 45 of the Complaint are directed to CMO, CMO denies the allegations contained in Paragraph 45 of the Complaint. To the extent the allegations of Paragraph 45 of the Complaint are directed to the remaining Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore denies the same.

## AFFIRMATIVE DEFENSES

CMO alleges that the '002 Patent, '449 Patent, and '737 Patent are not infringed and are invalid for one or more of the following reasons:

## FIRST AFFIRMATIVE DEFENSE

1. The '002 Patent, '449 Patent, and '737 Patent are invalid because the alleged inventions patented thereby fails to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation sections 101, 102, 103, and/or 112.

## SECOND AFFIRMATIVE DEFENSE

2. LG Display is estopped in view of the prior art and/or by virtue of cancellations, amendments, representations, and concessions, made to the United States Patent and Trademark Office, during the pendency of the application for the '002 Patent, '449 Patent, and '737 Patent, from construing any claim of that patent to be infringed or to have been infringed by CMO.

## THIRD AFFIRMATIVE DEFENSE

3. To the extent that LG Display failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that CMO's actions allegedly infringed the '002 Patent, '449 Patent, and '737 Patent, CMO is not liable to LG

Display for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '002 Patent, '449 Patent, and '737 Patent.

### FOURTH AFFIRMATIVE DEFENSE

4.  To the extent that LG Display asserts that CMO indirectly infringes, either by contributory infringement or inducement of infringement, CMO is not liable to LG Display for the acts alleged to have been performed before CMO knew that its actions would cause the alleged indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

5.  LG Display is barred from relief by the doctrines of waiver, estoppel, laches, unclean hands, and/or other applicable equitable defenses.

### SIXTH AFFIRMATIVE DEFENSE

6.  LG Display's claims for relief and prayer for damages are limited by at least 35 U.S.C. §§ 286 and 287.

### SEVENTH AFFIRMATIVE DEFENSE

7.  LG Display has failed to state a claim upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

8.  This Court lacks personal jurisdiction over CMO, and venue is improper in this judicial district.

### COUNTERCLAIMS

1.  Defendant Chi Mei Optoelectronics Corporation ("CMO") asserts the following counterclaims against Plaintiff LG Display Co., Ltd. ("LG Display").

2.  This is an action to declare United States Patent No. 5,019,002 (the "'002 Patent"); Unites States Patent No. 5,825,449 (the "'449 Patent"); and United States Patent No.

4,624,737 (the "'737 Patent") not infringed by CMO and/or invalid and for attorney fees and costs.

3. By the filing of its Complaint, LG Display has purported to assert a claim against CMO for the alleged infringement of the '002 Patent, '449 Patent, and '737 Patent.

4. CMO has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '002 Patent, '449 Patent, and '737 Patent.

5. An actual controversy exists between the parties with respect to the infringement, validity, and scope of the '002 Patent, '449 Patent, and '737 Patent.

## THE PARTIES

6. CMO is a Taiwanese corporation having its principal place of business at 2F, No. 1, Chi-Yeh Road, Tainan Science Based Industrial Park, Hsinshih Hsiang, Tainan Hsien 710, Taiwan 74147, R.O.C.

7. LG Display is a Korean corporation having its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

## JURISDICTION AND VENUE

8. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 100 *et seq.*

9. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

10. To the extent that this action remains in this District, venue is appropriate pursuant to 28 U.S.C. § 1391.

11. LG Display is subject to personal jurisdiction in this Court.

## COUNT III
## DECLARATION OF INVALIDITY

12. CMO incorporates paragraphs 1 - 11 as if fully stated herein.

13. Each claim of the '002 Patent, '449 Patent, and '737 Patent is invalid because, among other things, it does not meet one or more of the conditions of patentability set forth in Title 35, including by way of example, §§ 102, 103 and/or 112.

14. A judicial declaration of invalidity is necessary to resolve the actual controversy relative to the '002 Patent, '449 Patent, and '737 Patent.

## COUNT IV
## DECLARATION OF NON-INFRINGEMENT

15. CMO incorporates paragraphs 1 - 14 as if fully stated herein.

16. CMO has denied LG Display's claims of infringement and believes that LG Display's Complaint has been filed without good cause.

17. LG Display is estopped, in view of the prior art and/or by virtue of cancellations, amendments, representations, and/or concessions made to the United States Patent and Trademark Office during the pendency of the application for the '002 Patent, '449 Patent, and '737 Patent, from construing any claim of the '002 Patent, '449 Patent, and '737 Patent to be infringed or to have been infringed by CMO.

18. CMO is entitled to judgment from this Court that the aforementioned patents are not infringed by CMO and that CMO has not induced or contributed to any infringement of the aforementioned patents.

19. LG Display also has filed this action without a good faith basis, making this an exceptional case. Consequently, LG Display is liable for any and all attorneys' fees incurred by CMO in connection with this baseless action by LG Display.

13

WHEREFORE, Defendant CMO respectfully requests that the Court enter judgment in its favor and against LG Display as follows:

(a) that this Court adjudge, decree, and declare that United States Patent No. 5,019,002; Unites States Patent No. 5,825,449; and United States Patent No. 4,624,737 are invalid and/or not infringed, either directly, contributorily or through inducement, by CMO;

(b) That LG Display take nothing by its Complaint and that LG Display's Complaint be dismissed with prejudice;

(c) That pursuant to 35 U.S.C. § 285 and/or other applicable laws, LG Display's conduct in commencing and pursuing this action be found to render this an exceptional case and that CMO be awarded its attorneys' fees incurred in connection with this action;

(d) That CMO be awarded its expenses and costs of suit incurred herein; and

(e) That CMO be granted such other and additional relief as this Court deems just and proper.

OF COUNSEL:

Jonathan S. Kagan
Alexander C. D. Giza
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA 90067
(310) 277-1010

Dated: May 14, 2008
864718

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
   Philip A. Rovner (#3215)
   Hercules Plaza
   P. O. Box 951
   Wilmington, DE 19899
   (302) 984-6000
   provner@potteranderson.com

*Attorneys for Counterclaim-Defendant*
*Chi Mei Optoelectronics Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on May 14, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

I hereby certify that on May 14, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com
cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA 90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com

| | |
|---|---|
| Ron E. Shulman, Esq.<br>Julie M. Holloway, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>rshulman@wsgr.com<br>jholloway@wsgr.com | M. Craig Tyler, Esq.<br>Brian D. Range, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, TX 78759<br>ctyler@wsgr.com<br>brange@wsgr.com |

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

2