IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>  Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION, AU OPTRONICS CORPORATION OF AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION,<br><br>  Defendants. | Civil Action No. 06-726 (JJF) |
| AU OPTRONICS CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>LG DISPLAY CO., LTD and LG DISPLAY AMERICA, INC.,<br><br>  Defendants. | Civil Action No. 07-357 (JJF)<br><br>CONSOLIDATED CASES |

**CHI MEI OPTOELECTRONICS CORPORATION'S
REPLY, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
TO THE COUNTERCLAIMS OF LG DISPLAY CO., LTD.**

Comes now separate Counterclaim-Defendant Chi Mei Optoelectronics Corporation ("CMO") by and through its attorneys of record, and for its Reply, Affirmative Defenses and Counterclaims to the Counterclaims of LG Display Co., Ltd., ("LG Display") filed June 11, 2007 and states the following:

1.  CMO admits that by its counterclaims LG Display seeks injunctive and declaratory relief and damages, including treble or multiple damages against Plaintiff AU

Optronics Corporation, and additional parties AU Optronics Corporation America, Chi Mei Optoelectronics Corporation, and Chi Mei Optoelectronics USA, Inc. CMO denies the remaining allegations of Paragraph 23 of the Counterclaims.

2. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Counterclaims, and therefore denies the same.

3. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Counterclaims, and therefore denies the same.

4. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Counterclaims, and therefore denies the same.

5. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Counterclaims, and therefore denies the same.

6. CMO admits that it is a Taiwanese corporation having its principal place of business at 2F, No. 1, Chi-Yeh Road, Tainan Science Based Industrial Park, Hsinshih Hsiang, Tainan Hsien 710, Taiwan 74147, R.O.C. CMO admits that it manufactures components for LCD products in Taiwan and China, but denies the remaining allegations contained in Paragraph 28 of the Counterclaims.

7. CMO admits that Chi Mei Optoelectronics USA, Inc. ("CMO USA") is a domestic subsidiary of CMO and that it is a Delaware corporation having its principal place of business at 101 Metro Drive, Suite 510, San Jose, California 95110. CMO admits that it owns 100% of the shares of Chi Mei Optoelectronics Japan Co., Ltd., which in turn owns 100% of the shares of CMO USA. CMO denies the remaining allegations contained in Paragraph 29 of the Counterclaims.

8. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Counterclaims, and therefore denies the same.

9. CMO admits the allegations contained in Paragraph 31 of the Counterclaims.

10. CMO admits, in response to Paragraph 32 of the Counterclaims, that the Counterclaims purport to be based on and arise under the patent laws of the United States, Title 35 § 100 *et seq*. CMO denies that LG Display is entitled to any relief thereunder.

11. CMO admits that the Counterclaims purport to arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States. CMO denies that LG Display is entitled to any relief thereunder. CMO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Counterclaims, and therefore denies the same.

12. CMO admits, in response to Paragraph 34 of the Counterclaims, that this Court has subject matter jurisdiction over the subject matter of the Counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

13. CMO admits that this Court has subject matter jurisdiction over the subject matter of the Counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States. CMO denies that LG Display is entitled to any relief thereunder. CMO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Counterclaims, and therefore denies the same.

14. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Counterclaims, and therefore denies the same.

15. CMO denies the allegations contained in Paragraph 37 of the Counterclaims.

16.     CMO denies that venue is proper for the purposes of this action. CMO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Counterclaims, and therefore denies the same.

## THE PATENTS-IN-SUIT

17.     CMO admits that Exhibit A to the Counterclaims purports to be a copy of U.S. Patent No. 5,905,274 (the "'274 Patent"), entitled "Thin-Film Transistor and Method of Making Same," which on the face of the patent reflects an issue date of May 18, 1999. CMO lacks knowledge or information sufficient to form a belief as to their truth as to the remaining allegations of Paragraph 39 of the Counterclaims, and therefore denies the same.

18.     CMO admits that Exhibit B to the Counterclaims purports to be a copy of U.S. Patent No. 6,815,321 (the "'321 Patent"), entitled "Thin-Film Transistor and Method of Making Same," which on the face of the patent reflects an issue date of November 9, 2004. CMO lacks knowledge or information sufficient to form a belief as to their truth as to the remaining allegations of Paragraph 40 of the Counterclaims, and therefore denies the same.

19.     CMO admits that Exhibit C to the Counterclaims purports to be a copy of U.S. Patent No. 7,176,489 (the "'489 Patent"), entitled "Thin-Film Transistor and Method of Making Same," which on the face of the patent reflects an issue date of February 13, 2007. CMO lacks knowledge or information sufficient to form a belief as to their truth as to the remaining allegations of Paragraph 41 of the Counterclaims, and therefore denies the same.

20.     CMO denies that LG Display is entitled to any relief for any purported infringement of the Patents-in-Suit. CMO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Counterclaims, and therefore denies the same.

21. To the extent the allegations of Paragraph 43 of the Counterclaims are directed to CMO, CMO denies the allegations contained in Paragraph 43 of the Counterclaims. To the extent the allegations of Paragraph 43 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Counterclaims, and therefore denies the same.

## COUNTERCLAIM COUNT I
## INFRINGEMENT OF THE '274 PATENT

22. CMO, in response to Paragraph 44 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 21 above as if fully rewritten herein.

23. To the extent the allegations of Paragraph 45 of the Counterclaims are directed to CMO, CMO denies the allegations contained in Paragraph 45 of the Counterclaims. To the extent the allegations of Paragraph 45 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Counterclaims, and therefore denies the same.

24. To the extent the allegations of Paragraph 46 of the Counterclaims are directed to CMO, CMO denies the allegations contained in Paragraph 46 of the Counterclaims. To the extent the allegations of Paragraph 46 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Counterclaims, and therefore denies the same.

25. To the extent the allegations of Paragraph 47 of the Counterclaims are directed to CMO, CMO denies the allegations contained in Paragraph 47 of the Counterclaims. To the

extent the allegations of Paragraph 47 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Counterclaims, and therefore denies the same.

26. To the extent the allegations of Paragraph 48 of the Counterclaims are directed to CMO, CMO denies the allegations contained in Paragraph 48 of the Counterclaims. To the extent the allegations of Paragraph 48 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Counterclaims, and therefore denies the same.

## COUNTERCLAIM COUNT II
## INFRINGEMENT OF THE '321 PATENT

27. CMO, in response to Paragraph 49 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 26 above as if fully rewritten herein.

28. To the extent the allegations of Paragraph 50 of the Counterclaims are directed to CMO, CMO denies the allegations contained in Paragraph 50 of the Counterclaims. To the extent the allegations of Paragraph 50 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Counterclaims, and therefore denies the same.

29. To the extent the allegations of Paragraph 51 of the Counterclaims are directed to CMO, CMO denies the allegations contained in Paragraph 51 of the Counterclaims. To the extent the allegations of Paragraph 51 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 51 of the Counterclaims, and therefore denies the same.

30.     To the extent the allegations of Paragraph 52 of the Counterclaims are directed to CMO, CMO denies the allegations contained in Paragraph 52 of the Counterclaims. To the extent the allegations of Paragraph 52 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Counterclaims, and therefore denies the same.

31.     To the extent the allegations of Paragraph 53 of the Counterclaims are directed to CMO, CMO denies the allegations contained in Paragraph 53 of the Counterclaims. To the extent the allegations of Paragraph 53 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Counterclaims, and therefore denies the same.

**COUNTERCLAIM COUNT III**
**INFRINGEMENT OF THE '489 PATENT**

32.     CMO, in response to Paragraph 54 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 31 above as if fully rewritten herein.

33. To the extent the allegations of Paragraph 55 of the Counterclaims are directed to CMO, CMO denies the allegations contained in Paragraph 55 of the Counterclaims. To the extent the allegations of Paragraph 55 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Counterclaims, and therefore denies the same.

34. To the extent the allegations of Paragraph 56 of the Counterclaims are directed to CMO, CMO denies the allegations contained in Paragraph 56 of the Counterclaims. To the extent the allegations of Paragraph 56 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Counterclaims, and therefore denies the same.

35. To the extent the allegations of Paragraph 57 of the Counterclaims are directed to CMO, CMO denies the allegations contained in Paragraph 57 of the Counterclaims. To the extent the allegations of Paragraph 57 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Counterclaims, and therefore denies the same.

36. To the extent the allegations of Paragraph 58 of the Counterclaims are directed to CMO, CMO denies the allegations contained in Paragraph 58 of the Counterclaims. To the extent the allegations of Paragraph 58 of the Counterclaims are directed to the remaining Counterclaim-Defendants, CMO lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 58 of the Counterclaims, and therefore denies the same.

## COUNTERCLAIM COUNT IV
## CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE '781 PATENT, THE '160 PATENT, AND THE '629 PATENT AGAINST DEFENDANT AU OPTRONICS CORPORATION

37. CMO, in response to Paragraph 59 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 36 above as if fully rewritten herein.

38. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Counterclaims, and therefore denies the same.

39. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Counterclaims, and therefore denies the same.

40. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Counterclaims, and therefore denies the same.

41. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Counterclaims, and therefore denies the same.

42. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Counterclaims, and therefore denies the same.

## COUNTERCLAIM COUNT V
## CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '781 PATENT, THE '160 PATENT, AND THE '629 PATENT AGAINST DEFENDANT AU OPTRONICS CORPORATION

43. CMO, in response to Paragraph 65 of the Counterclaims, hereby incorporates by reference its responses to Paragraphs 1 - 42 above as if fully rewritten herein.

44. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Counterclaims, and therefore denies the same.

45. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Counterclaims, and therefore denies the same.

46. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Counterclaims, and therefore denies the same.

47. CMO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Counterclaims, and therefore denies the same.

## AFFIRMATIVE DEFENSES

CMO alleges that the '274 Patent, '321 Patent, and '489 Patent are not infringed and are invalid for one or more of the following reasons:

## FIRST AFFIRMATIVE DEFENSE

1. The '274 Patent, '321 Patent, and '489 Patent are invalid because the alleged inventions patented thereby fails to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation sections 101, 102, 103, and/or 112.

## SECOND AFFIRMATIVE DEFENSE

2. LG Display is estopped in view of the prior art and/or by virtue of cancellations, amendments, representations, and concessions, made to the United States Patent and Trademark Office, during the pendency of the application for the '274 Patent, '321 Patent, and '489 Patent, from construing any claim of that patent to be infringed or to have been infringed by CMO.

## THIRD AFFIRMATIVE DEFENSE

3. To the extent that LG Display failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that CMO's actions

allegedly infringed the '274 Patent, '321 Patent, and '489 Patent, CMO is not liable to LG Display for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '274 Patent, '321 Patent, and '489 Patent.

### FOURTH AFFIRMATIVE DEFENSE

4.To the extent that LG Display asserts that CMO indirectly infringes, either by contributory infringement or inducement of infringement, CMO is not liable to LG Display for the acts alleged to have been performed before CMO knew that its actions would cause the alleged indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

5.LG Display is barred from relief by the doctrines of waiver, estoppel, laches, unclean hands, and/or other applicable equitable defenses.

### SIXTH AFFIRMATIVE DEFENSE

6.LG Display's claims for relief and prayer for damages are limited by at least 35 U.S.C. §§ 286 and 287.

### SEVENTH AFFIRMATIVE DEFENSE

7.LG Display has failed to state a claim upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

8.This Court lacks personal jurisdiction over CMO, and venue is improper in this judicial district.

## COUNTERCLAIMS

1.  Counterclaim-Defendant Chi Mei Optoelectronics Corporation ("CMO") asserts the following counterclaims against Defendant / Counterclaim-Plaintiff LG Display Co., Ltd. ("LG Display").

2.  This is an action to declare United States Patent Nos. 5,905,274 (the "'274 Patent"); 6,815,321 (the "'321 Patent"); and 7,176,489 (the "'489 Patent") not infringed by CMO and/or invalid and for attorney fees and costs.

3.  By the filing of its Counterclaims, LG Display has purported to assert a claim against CMO for the alleged infringement of the '274 Patent, '321 Patent, and '489 Patent.

4.  CMO has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '274 Patent, '321 Patent, or '489 Patent.

5.  An actual controversy exists between the parties with respect to the infringement, validity, and scope of the '274 Patent, '321 Patent, and '489 Patent.

## THE PARTIES

6.  CMO is a Taiwanese corporation having its principal place of business at 2F, No. 1, Chi-Yeh Road, Tainan Science Based Industrial Park, Hsinshih Hsiang, Tainan Hsien 710, Taiwan 74147, R.O.C.

7.  LG Display is a Korean corporation having its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

## JURISDICTION AND VENUE

8.  This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 100 *et seq.*

9.  This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

10. To the extent that this action remains in this District, venue is appropriate pursuant to 28 U.S.C. § 1391.

11. LG Display is subject to personal jurisdiction in this Court.

## COUNT I
## DECLARATION OF INVALIDITY

12. CMO incorporates paragraphs 1 - 11 as if fully stated herein.

13. Each claim of the '274 Patent, '321 Patent, and '489 Patent is invalid because, among other things, it does not meet one or more of the conditions of patentability set forth in Title 35, including by way of example, §§ 102, 103 and/or 112.

14. A judicial declaration of invalidity is necessary to resolve the actual controversy relative to the '274 Patent, '321 Patent, and '489 Patent.

## COUNT II
## DECLARATION OF NON-INFRINGEMENT

15. CMO incorporates paragraphs 1 - 14 as if fully stated herein.

16. CMO has denied LG Display's claims of infringement and believes that LG Display's Counterclaims have been filed without good cause.

17. LG Display is estopped, in view of the prior art and/or by virtue of cancellations, amendments, representations, and/or concessions made to the United States Patent and Trademark Office during the pendency of the application for the '274 Patent, '321 Patent, and '489 Patent, from construing any claim of the '274 Patent, '321 Patent, and '489 Patent to be infringed or to have been infringed by CMO.

18.     CMO is entitled to judgment from this Court that the aforementioned patents are not infringed by CMO and that CMO has not induced or contributed to any infringement of the aforementioned patents.

19.     LG Display also has filed this action without a good faith basis, making this an exceptional case. Consequently, LG Display is liable for any and all attorneys' fees incurred by CMO in connection with this baseless action by LG Display.

WHEREFORE, Counterclaim-Defendant CMO respectfully requests that the Court enter judgment in its favor and against LG Display as follows:

(a)     that this Court adjudge, decree, and declare that U.S. Patent Nos. 5,905,274; 6,815,321; and 7,176,489 are invalid and/or not infringed, either directly, contributorily or through inducement, by CMO;

(b)     That LG Display take nothing by its Counterclaims and that LG Display's Counterclaims be dismissed with prejudice;

(c)     That pursuant to 35 U.S.C. § 285 and/or other applicable laws, LG Display's conduct in commencing and pursuing this action be found to render this an exceptional case and that CMO be awarded its attorneys' fees incurred in connection with this action;

(d)     That CMO be awarded its expenses and costs of suit incurred herein; and

(e)     That CMO be granted such other and additional relief as this Court deems just and proper.

OF COUNSEL:

Jonathan S. Kagan
Alexander C. D. Giza
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA 90067
(310) 277-1010

Dated: May 14, 2008
864720

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P. O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Counterclaim-Defendant*
*Chi Mei Optoelectronics Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 14, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

| BY CM/ECF, HAND DELIVERY AND E-MAIL | BY CM/ECF, HAND DELIVERY AND E-MAIL |
|---|---|
| Richard E. Kirk, Esq.<br>Ashley Blake Stitzer, Esq.<br>The Bayard Firm<br>222 Delaware Avenue<br>Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardfirm.com<br>astitzer@bayardfirm.com | John W. Shaw, Esq.<br>Karen L. Pascale, Esq.<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>jshaw@ycst.com<br>kpascale@ycst.com |

I hereby certify that on May 14, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

| | |
|---|---|
| Gaspare J. Bono, Esq.<br>Matthew T. Bailey, Esq.<br>Lora A. Brzezynski, Esq.<br>Cass W. Christenson, Esq.<br>R. Tyler Goodwyn, IV, Esq.<br>McKenna Long & Aldridge LLP<br>1900 K Street, NW<br>Washington, DC 20006<br>gbono@mckennalong.com<br>mbailey@mckennalong.com<br>lbrzezynski@mckennalong.com<br>cchristenson@mckennalong.com<br>tgoodwyn@mckennalong.com | Vincent K. Yip, Esq.<br>Peter J. Wied, Esq.<br>Jay C. Chiu, Esq.<br>Paul Hastings Janofsky & Walker LLP<br>515 South Flower Street<br>Los Angeles, CA 90071<br>vincentyip@paulhastings.com<br>peterwied@paulhastings.com<br>jaychiu@paulhastings.com |

| | |
|---|---|
| Ron E. Shulman, Esq.<br>Julie M. Holloway, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>rshulman@wsgr.com<br>jholloway@wsgr.com | M. Craig Tyler, Esq.<br>Brian D. Range, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, TX 78759<br>ctyler@wsgr.com<br>brange@wsgr.com |

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com