## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>               Plaintiff,<br><br>    v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>               Defendants. | Civil Action No.  06-726 (JJF)<br>Civil Action No.  07-357 (JJF)<br><br>**CONSOLIDATED CASES** |

### PLAINTIFF LG DISPLAY CO. LTD.'S
### MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff LG Display Co., Ltd. ("LG Display")

respectfully moves this Court for the entry of a proposed protective order in this case.  A

copy of LG.Display's proposed Protective Order is attached.  LG Display relies on the

accompanying brief and the exhibits attached thereto.

June 6, 2008

BAYARD P.A.

Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
*Attorneys for Plaintiffs LG Display Co.,*
*Ltd. and LG Display America, Inc.*

OF COUNSEL:
Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| LG DISPLAY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION, et al. <br><br> Defendants. | Civil Action No. 06-726 (JJF) <br> Civil Action No. 07-357 (JJF) <br><br> CONSOLIDATED CASES |

**PROTECTIVE ORDER**

**WHEREAS**, the parties have stipulated and agreed that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary and useful to protect confidential business, financial or proprietary information that will likely be disclosed in the course of discovery in this action:

**IT IS HEREBY ORDERED THAT:**

**DEFINITIONS**

1.      The term "Confidential Information" shall mean and include any Documents, whether in paper, electronic, or other form, portions of Documents, tangible items, information or other things furnished by any party, including third-parties, answers to interrogatories, responses to requests to produce documents or other things, responses to requests for admissions, depositions, transcripts of depositions, all copies, extracts, summaries, compilations, designations and portions thereof, and technical or commercial information derived therefrom deemed by any party to be its confidential information. Documents designated "Confidential Information" shall meet the criteria stated in the Introduction of this Stipulation. This Order shall not govern the admissibility of evidence during the trial proceedings nor does it prohibit any party or interested member of the public from seeking a protective order to govern disclosure of confidential information to the public during the trial proceedings. However, any Confidential Information designated with a confidentiality marking under the terms of this Protective Order

shall continue to be afforded the protection of this Order by the parties unless the Confidential Information becomes a public record at trial.

2.    The term "Documents" shall mean all materials within the scope of F.R.C.P. Rule 34.

## SPECIFIC PROVISIONS

1.    **DESIGNATION OF MATERIAL AS CONFIDENTIAL**.  Any Document, file, tangible item, or testimony provided by any party or non-party which the producing party in good faith contends contains information proprietary to it and is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure, may be designated as "CONFIDENTIAL" and, except as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party, such designated documents or testimonial information shall be received by counsel of record for the party upon the terms and conditions of this Protective Order (hereafter, "this Protective Order").

2.    **DESIGNATION OF MATERIAL AS HIGHLY CONFIDENTIAL**.  Any CONFIDENTIAL Document, file, tangible item, or testimony produced by any party which contains particularly sensitive information proprietary to the producing party, including, for example, particularly sensitive competitive information, may be designated as "HIGHLY CONFIDENTIAL."  Non-exclusive examples of the types of information that may be HIGHLY CONFIDENTIAL include:

(a)    The names, or other information tending to reveal the identities, of a party's suppliers, present or prospective customers, or distributors;

(b)    Information relating to pending patent applications;

(c)    Financial information of a party;

(d)    Information constituting product specifications;

(e)    Technical notebooks and technical reports of a party or other like information;

(f)    Marketing plans of a party; and

(g)     Other information that a party considers a trade secret.

Other categories of HIGHLY CONFIDENTIAL information may exist. Disputes regarding whether material is properly designated as "HIGHLY CONFIDENTIAL" shall be resolved in accordance with paragraph 15. The parties agree to designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's or the public's access to information concerning the lawsuit.

3. **PROCEDURE FOR DESIGNATING MATERIAL**. Documents or tangible items shall be designated confidential within the meaning of this Protective Order in the following ways:

(a)     In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or similar;

(b)     In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the first page and all subsequent pages containing the confidential information the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL";

(c)     In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if practicable or, if not practicable, by placing such marking visibly on a package or container for the item;

(d)     In the case of documents that are produced in an electronic file format and it is not possible to label each page in that format, such as native files, parties shall include the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name, or otherwise affix the appropriate legend to the media in which the information is disclosed (i.e., CD, DVD or disk drive).

(e)     In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party

shall mark as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

4.    **DESIGNATED MATERIAL SHALL BE KEPT CONFIDENTIAL.**  With respect to all documents, information, or tangible items, produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.  Any native files designated as HIGHLY CONFIDENTIAL can be stored, viewed, or printed out on paper only on or from stand-alone computers that are not networked to other computers or servers, and print-outs need to be marked as HIGHLY CONFIDENTIAL and with the source file name.

5.  **DEPOSITION TESTIMONY.**  If, in the course of this proceeding, depositions are conducted that involve confidential information, counsel for the witness or party producing such information may state, on the record, that the deposition, or a portion thereof, may contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information.  If such designation is made, that deposition, or portion thereof, will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL or HIGHLY CONFIDENTIAL information, as the case may be, in accordance with this Protective Order including interpreters, videographers, and the Court Reporter.  Subject to the terms hereof, CONFIDENTIAL or HIGHLY CONFIDENTIAL information may be disclosed by a receiving party to a deponent, to the extent that its use is necessary, at the deposition(s) of (a) employees, officers, and/or directors of the producing party or its affiliates (e.g., subsidiaries) (b) an author, addressee, or other person indicated as a lawful recipient of a document containing the information; (c) a person clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information; (d) any independent advisor, consultant or expert otherwise qualified under

this Protective Order to receive such information; and (e) any person for whom prior authorization is obtained from the producing party or the Court.

Each party shall have until thirty (30) days after receipt of the final deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The right to make such designation shall be waived unless made within the thirty (30) day period. Prior to such designation, or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed HIGHLY CONFIDENTIAL information. Transcripts of testimony, or portions thereof, containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be filed only under seal as described in paragraph 6, until further order of the Court.

6. **COURT FILINGS CONTAINING CONFIDENTIAL INFORMATION**. Any document, pleading, or tangible item which contains Confidential Information, if filed or submitted to the court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any document, pleading, or tangible item which contains Confidential Information shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of this action, the party filing the materials, the nature of the materials filed, the appropriate legend, and a statement substantially in the following form printed on the envelope(s):

**Subject To Protective Order
To Be Open Only As Directed By The Court**

7. **SIGNED UNDERTAKINGS REQUIRED**. Before disclosure of any information subject to this Protective Order is made to any employee, officer, or director of a non-producing party, or to any consultant or expert (who may not be a present or former employee, officer, or director of the non-producing party) who is retained by a non-producing party, or to any witness, or prospective witness (outside of an actual deposition of such witness), counsel for the party disclosing the information shall obtain the written Undertaking, attached hereto as Exhibit A,

from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. The written Undertaking shall be provided to opposing counsel ten (10) days in advance of the first disclosure of any Confidential Information to such person. If no objection is made to such person receiving Confidential Information within such ten (10) day period, then Confidential Information may be disclosed to such person. Any and all objections must be made in writing with all grounds for objection stated with specificity. If objection is made, then any party may bring before the Court the question of whether the Confidential Information may be disclosed to such person. All signed Undertakings shall be maintained by the counsel who obtained such Undertakings through the conclusion of this action. After completion of the action, the originals of all such Undertakings shall be provided to counsel for the party whose Confidential Information was provided to such person.

In connection with disclosures to experts and consultants, each party shall disclose to the opposing counsel in writing the identity, residence, and curriculum vitae of each expert or consultant (whether testifying or non-testifying). Such curriculum vitae shall provide or summarize the expert or consultant's full name, professional address, educational background, and the qualifications of the expert or consultant (including a list of all publications authored within the preceding four years and a listing of any other cases in which the expert or consultant has testified as an expert at trial or by deposition within the preceding four years) and disclose all of the expert's or consultant's current employers and consulting engagements as well as his or her former employers and past consulting engagements, each for the past four (4) years.

In the event a party retains an expert or consulting firm, the party shall disclose each person to whom the disclosing party's Confidential Information is disclosed whose education, work experience, and role on the matter qualifies him or her as an expert or consultant. In such cases, the party need not submit disclosures for junior analysts and staff members, so long as

they are working on the matter with an expert or consultant that has been disclosed and approved as set forth in this Paragraph.

The expert or consultant may designate his or her disclosures as CONFIDENTIAL or HIGHLY CONFIDENTIAL. To the extent the expert's or consultant's employments or engagements are confidential, the expert or consultant may make a representation that his or her undisclosed employments and engagement (whether current or from the past) did not involve the subject matter of this case (e.g., display technologies), the parties, or affiliates of the parties, in lieu of providing details regarding the employer or particular project.

This disclosure shall be made at the same time the written Undertaking is provided to opposing counsel. The right of a party to object shall be waived if no objection is received by the party disclosing the expert or consultant within ten (10) business days of receipt of said disclosure, except to the extent that the non-designating party later discovers that the original disclosure of a particular expert or consultant was in error or otherwise not fully responsive to the requirements of this Paragraph 7.

In connection with disclosures to employees, officers, or directors of a non-producing party, each party shall disclose to the opposing counsel in writing the identity and title of each employee, officer, or director of the non-producing party. This disclosure shall be made at the same time the written Undertaking is provided to opposing counsel.

8. **LIMITATIONS ON DISCLOSURE OF HIGHLY CONFIDENTIAL MATERIALS**. Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of HIGHLY CONFIDENTIAL documents, deposition transcripts, tangible items or information, including summaries thereof, but not including documents or tangible items with the confidential portions redacted, shall be limited to:

(a)    outside counsel for the parties, whether trial counsel or not, and associate attorneys, paralegal, secretarial and clerical employees assisting such counsel;

(b)    Judges, Magistrates, law clerks, and clerical personnel of the Court before which this action is pending and qualified court reporters, videographers, and translators;

(c)    consultants or experts, who are not present or former employees or officers of the parties, retained by either of the parties to consult or testify in the case, who have executed the attached Undertaking;

(d)    employees and officers of the party producing the documents or information;

(e)    authors or drafters, addressees and those who received the documents or information prior to the commencement of this action; and

(f)    third party contractors and their employees whose regular business is providing litigation support services and who are engaged by a party to assist counsel with coding, imaging, or other document management services, translation services, trial preparation services, the preparation of demonstratives or other visual aids for presentation at a hearing or trial, and/or jury consulting services for this litigation, provided that such personnel of third party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business.

The persons receiving (pursuant to Sections 8(a) above) mask files, electronic CAD files, or process specifications for LCD display products that are designated HIGHLY CONFIDENTIAL information, or any testimony or other discovery (e.g., interrogatory responses) containing such information, shall not supervise or participate on behalf of any party in drafting, filing, or prosecuting any patent applications involving the subject matter of any of the patents at suit in this action from the time the HIGHLY CONFIDENTIAL information is received and until one (1) year following the conclusion of their participation in the above captioned case.

9.   **LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL MATERIALS**.

Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of CONFIDENTIAL documents, deposition transcripts, tangible items or information, including summaries thereof, but not including documents or tangible items with the confidential portions redacted, shall be limited to (a) the persons and entities

identified in paragraph 8; and (b) no more than 7 employees or officers of the non-producing party whose identities shall be made known ten (10) days in advance to the producing party and who shall sign an Undertaking in the form attached hereto as Exhibit A.

However, nothing in this Protective Order shall bar or otherwise restrict counsel for a party from rendering legal advice to his or her client which is party to this litigation with respect to this litigation and, in the course thereof, relying upon his or her examination of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any person not entitled to have access to it.

10. **PROCEDURE FOR DISCLOSURES TO OTHER PERSONS**.  If it becomes necessary for counsel for a party receiving Confidential Information to seek the assistance of any person, other than those persons referred to in paragraphs 8 and 9, such as any employee of the receiving party, and to disclose certain Confidential Information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

(a)     Counsel for the receiving party shall notify, in writing, counsel for the party producing the Confidential Information of their desire to disclose certain Confidential Information and shall identify the person(s) to whom they intend to make disclosure;

(b)     If no objection to such disclosure is made by counsel for the producing party within ten (10) days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an Undertaking in the form attached hereto as Exhibit A, whereby such person agrees to comply with and be bound by this Protective Order;

(c)     If the producing party objects to such disclosure, no disclosure shall be made.  Any party may bring before the court the question of whether the particular Confidential

Information can be disclosed to the designated person(s) and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure.

11. **CORRECTION OF INADVERTENT FAILURE TO DESIGNATE MATERIAL AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL**. If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, the producing party may subsequently inform the receiving party of the CONFIDENTIAL or HIGHLY CONFIDENTIAL nature of the disclosed information, and the receiving party shall treat the disclosed information as CONFIDENTIAL or HIGHLY CONFIDENTIAL information upon receipt of written notice from the producing party. The failure of the producing party to designate material CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be deemed or construed to constitute an admission that such material is not confidential or proprietary. The receiving party's disclosure of such CONFIDENTIAL or HIGHLY CONFIDENTIAL information to persons not authorized to receive that information prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the document has been distributed in a manner inconsistent with the designation, a receiving party will take reasonable steps to retrieve all copies of the CONFIDENTIAL or HIGHLY CONFIDENTIAL information that are inconsistently designated, or notes or extracts thereof. In the event distribution has occurred to a person not under the control of a receiving party, the receiving party shall make a request in writing for return of the document and for an Undertaking (in the form provided at Exhibit A). In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the receiving party deems the making of the request to be a useless act, the receiving party shall promptly notify the producing party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

12. **CORRECTION OF INADVERTENT PRODUCTION OF PRIVILEGED OR WORK PRODUCT IMMUNE MATERIALS OR INFORMATION**. If a disclosing party

inadvertently discloses information that is subject to the attorney-client privilege, the attorney work product doctrine, or that is otherwise immune from discovery the disclosing party shall promptly upon learning of such disclosure so advise the receiving party in writing, explaining the basis for the claim of privilege or immunity, and request that the item or items of information, and all copies thereof, be returned. No party shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other immunity. It is further agreed that the receiving party will return or destroy the inadvertently produced item or items of information within five (5) days of the earliest of: (i) discovery by the receiving party of the inadvertent nature of the production; or (ii) receipt of a written request for the return or destruction of such item or items of information.

13. **INFORMATION NOT COVERED BY THIS ORDER**. The restrictions set forth in this Order will not apply to information which is in the possession of or otherwise known to the receiving party or the public before the date of its transmission to the receiving party, or which comes into the possession of or becomes known to the receiving party or comes into the possession of or otherwise becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this order. If such information known to or possessed by the receiving party or the public is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", the receiving party must provide ten (10) days written notice to the producing party of the pertinent circumstances before the restrictions of this order will be inapplicable.

14. **LIMITATIONS ON USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION**. No person or party receiving any CONFIDENTIAL or HIGHLY CONFIDENTIAL information obtained pursuant to any pretrial discovery in this action shall directly or indirectly utilize or disclose such information, except for the purpose of this action and Civil Action 2:07cv-176 in the United States District Court for the Eastern

District of Texas, or as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party (whether a party or non-party).

15. **CONTESTING DESIGNATION OF CONFIDENTIALITY**. Acceptance by a party of any information, document, or thing designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a concession that the information, document or thing is confidential. Any party or interested member of the public may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by any party by motion or otherwise. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, but information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be deemed as such until the matter is resolved.

16. **NO LIMITATION OF OTHER RIGHTS**. This Protective Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

17. **RELIEF FROM OR MODIFICATION OF THIS ORDER**. This Protective Order shall not prevent any party or interested member of the public from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

18. **RETURN OF CONFIDENTIAL INFORMATION**. At the conclusion of this action and any related actions, including any appeals, all Confidential Information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the attorneys of record for the producing party, or destroyed by counsel for the receiving party. In the case where the latter option is used, within thirty (30) days of the conclusion of this action, counsel for the

receiving party shall notify counsel for the producing party, in writing, that such destruction has taken place. Notwithstanding the foregoing, outside counsel for the parties may maintain a reasonable number of copies of work product (including internal communications such as e-mail), discovery requests and responses (other than document production), correspondence, briefs, depositions, trial transcripts, trial exhibits, deposition exhibits. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, Confidential Information produced hereunder shall continue to be binding after the conclusion of this action.

19. **INFORMATION PRODUCED BY THIRD PARTIES**. If discovery is sought of a person or other entity not a party to this action ("third-party") requiring disclosure of information that such third-party believes in good faith must be kept CONFIDENTIAL or HIGHLY CONFIDENTIAL, such information disclosed by the third-party may be shared with only those persons designated in paragraphs 9 and 8 respectively. Additionally such information will be subject to all other protections provided by the remainder of this Order. Furthermore, to the extent that the Court, any party and/or any other person seeks to change the designation of or protection of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL information, use such information in open Court, or provide such information to any person not listed in paragraphs 9 and 8 respectively, the producing third-party shall have notice of no less than ten (10) days and shall be given an opportunity to be heard with respect to such action. Finally, except as provided in paragraph 12 with respect to inadvertent disclosure, the burden of proving that a document is entitled to less protection than that selected by the producing third-party shall be on the receiving party who seeks to change such designation or use such information in a manner not permitted by paragraph 9 and 8.

20. **PROCESS IN OTHER ACTIONS**. In the event any person or receiving party having possession, custody, or control of any document, testimony, or information produced in the above captioned action and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by a disclosing party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail the attorneys of record of the disclosing

party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any reasonable procedure sought to be pursued by the party whose interest may be affected.  The disclosing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order.  The person or party receiving the subpoena or other process, or order shall be entitled to comply with it except to the extent the disclosing party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

21. **APPLICATION OF ORDER TO PREVIOUSLY DISCLOSED MATERIALS**.

This Protective Order shall apply to information and materials produced in this action prior to the entry of this order.


_____
Honorable Judge Joseph J. Farnan
United States District Court

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

LG DISPLAY CO., LTD.,

                              Plaintiff,

            v.

CHI MEI OPTOELECTRONICS
CORPORATION, et al.

                              Defendants.

Civil Action No.  06-726 (GMS)
Civil Action No.  07-357 (GMS)

**CONSOLIDATED CASES**

## PLAINTIFF LG DISPLAY CO., LTD.'S
## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.1.1
## REGARDING MOTION FOR ENTRY OF PROTECTIVE ORDER

I hereby certify that counsel for Plaintiff LG Display Co., Ltd. ("LG Display")

attempted in good faith to resolve the issue presented in LG Display's June 6, 2008

motion regarding the entry of a protective order in the above captioned case.  Counsel for

LG Display, AU Optronics Corporation ("AUO") and Chi Mei Optoelectronics

Corporation ("CMO") exchanged numerous e-mails and letters from March through June

5, 2008 regarding this issue.  *See* Exhibit 1.

On March 24, 2008, LG Display circulated a proposed protective order for the

instant case that was substantially similar to the protective order that LG Display and

AUO stipulated to in the case AUO filed in the Western District of Wisconsin, which was

ultimately transferred here and consolidated into this action.  *See* Exhibit 1 at 12-13.

CMO objected to a provision in LG Display's proposed protective order, allowing only

outside attorneys and experts access to certain highly sensitive information.  *See* Exhibit

1 at 9-10.  LG Display continued to negotiate with CMO's former counsel Jones Day

regarding this provision until Jones Day withdrew from the case on May 14.  *See* Exhibit

1.

Two days after Jones Day withdrew, on May 16, LG Display promptly contacted CMO's new counsel, Irell & Manella, expressing LG Display's hope that the parties could stipulate to a protective order as soon as possible. *See* Exhibit 1 at 1. CMO's counsel responded on May 30, 2008, but still maintained its demand for "insider access" to LG Display's highly sensitive confidential information. *See* Exhibit 2. On June 5, 2008, LG Display reiterated to CMO that it could not agree to a provision allowing CMO employees to have access to LG Display's highly sensitive confidential information. *See* Exhibit 3. CMO confirmed, however, that insisted on it "insider access" to LG Display's most sensitive and competitive information. *See* Exhibit 4.

AUO has indicated that it does not agree to CMO's approach and also wants a two-tiered system so that AUO's trade secret technical information is not shared with anyone but outside counsel, and no one within LG Display and CMO. *See* Exhibit 1 at 3.

Accordingly, despite good faith efforts to resolve this dispute, LG Display respectfully requests that the Court grant LG Display's motion for entry of protective order.

June 6, 2008

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

BAYARD P.A.

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
*Attorneys for Plaintiffs LG Display Co., Ltd.*
*and LG Display America, Inc.*

# EXHIBIT 1

**Lomas, John**

| | |
|---|---|
| **From:** | Brzezynski, Lora |
| **Sent:** | Friday, May 16, 2008 3:37 PM |
| **To:** | LGD vs CMO/AUO DE |
| **Subject:** | FW: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. -- Draft of Proposed Stipulated Protective Order |
| **Attachments:** | 20070524 Protective Order[1].pdf; DC-#50537261-v1-LGD_Protective_Order_(Delaware).DOC |


20070524
otective Order[1].pdf.


DC-#50537261-v1-
LGD_Protective...

fyi

-----Original Message-----
From: Brzezynski, Lora
Sent: Friday, May 16, 2008 3:36 PM
To: Kagan, Jonathan
Cc: 'Range, Brian D.'; Tyler, Craig; Holloway, Julie; jshaw; katherinemurray; Karen L.
Pascale; peterwied; Philip A Rovner; terrygarnett@paulhastings.com; vincentyip; Kirk
Richard; Bono, Gaspare; Goodwyn, Tyler; Christenson, Cass
Subject: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. -- Draft of Proposed
Stipulated Protective Order

Jonathan:

Please see the series of emails below.  We would like to work together to stipulate to the
entry of a protective order in this case as soon as possible.  To bring you up to date,
AUO and LG Display agreed to a protective order in AUO's Wisconsin case before it was
transferred and consolidated with this case in Delaware.  For your convenience, attached
is a copy of that Order.  LG Display slightly revised that Order and circulated it for
review in this case.  A copy of LG Display's draft, which is almost identical to the
Wisconsin protective order is attached as well.  To date, we have not received agreement
from CMO on LG Display's draft order.

The primary disagreement has concerned CMO's position that its in-house employees should
have access to LG Display's highly confidential documents produced in the case.  LG Display
understood as of Mr. Licygiewicz's April 8, 2008 email that CMO agreed to a two-tier
confidentiality system with one tier being limited to outside counsel only and that the
only issue remaining concerned whether certain technical notebooks and product
specifications of a party could be marked highly confidential and limited to outside
counsel.  However, Mr. Licygiewicz's April 24, 2008 email suggested that CMO
representatives should have access to all documents produced in the case and that there
should not be a confidentiality level limited to outside counsel.

As previously noted, LG Display cannot agree to CMO's approach. It would be highly
irregular and inappropriate for competitors in this LCD industry to have access to another
party's trade secrets and other highly confidential information.  Mr. Tyler's May 6, 2008
email confirms that AUO cannot agree with CMO's approach either.  Given that you have just
been substituted in as counsel for CMO, we ask that you respond as soon as you can with
CMO's comments to the draft protective order attached so that a protective order can be
promptly entered.  We are also amenable to a conference call next week to work out any
remaining issues.

Prior to the entry of a protective order, the parties are proceeding to produce documents
and information pursuant to Local Rule 26.2.  In the interim, however, LG Display
requested that all parties agree to the proposed prosecution bar paragraph.  AUO has

1

agreed, and we would appreciate receiving CMO's agreement as soon as possible before LG Display produces its documents to CMO.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Range, Brian D. [mailto:brange@wsgr.com]
Sent: Friday, May 09, 2008 4:58 PM
To: Brzezynski, Lora; Tyler, Craig; Arthur P. Licygiewicz
Cc: Christenson, Cass; Bono, Gaspare; Holloway, Julie; Lomas, John; jshaw; katherinemurray; kpascale; Kenneth R. Adamo; peterwied; Philip A Rovner; Robert C. Kahrl; Richard Kirk; terrygarnett; Goodwyn, Tyler; vincentyip
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. -- Draft of Proposed Stipulated Protective Order

Lora:

AUO agrees to the patent prosecution language.

Brian

-----Original Message-----
From: Brzezynski, Lora [mailto:lbrzezynski@mckennalong.com]
Sent: Friday, May 09, 2008 3:16 PM
To: Tyler, Craig; Arthur P. Licygiewicz
Cc: Range, Brian D.; Christenson, Cass; Bono, Gaspare; Holloway, Julie; Lomas, John; jshaw; katherinemurray; kpascale; Kenneth R. Adamo; peterwied; Philip A Rovner; Robert C. Kahrl; Richard Kirk; terrygarnett; Goodwyn, Tyler; vincentyip
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. -- Draft of Proposed Stipulated Protective Order

Dear Craig, Brian, and Art:

Given where we are, we think it would be best to work from the draft protective order that LG Display circulated.  I have attached it again to this email for your convenience.  This draft protective order is almost identical to the protective order drafted by AUO and that was entered in the Wisconsin action.

At a minimum, however, as information and documents are beginning to be produced, we do need to finalize our agreement on the prosecution bar language.  Thus, in the absence of a protective order and because the parties are beginning to produce information and documents under Local Rule 26.2, we would like all parties to agree to the prosecution bar language and agree that such a prosecution bar is in effect in this case.  We believe that AUO is in agreement with this paragraph given that the same paragraph was included in the AUO Wisconsin protective order, but if we are incorrect, please let us know.  We would also appreciate receiving CMO's agreement as soon as possible.

Below is LG Display's suggested languuage:

The persons receiving mask files, electronic CAD files, or process

2

specifications for LCD display products that are designated HIGHLY
CONFIDENTIAL information, or any testimony or other discovery (e.g.,
interrogatory responses) containing such information, shall not
supervise or participate on behalf of any party in drafting, filing, or
prosecuting any patent applications involving the subject matter of any
of the patents at suit in this action from the time the HIGHLY
CONFIDENTIAL information is received and until one (1) year following
the conclusion of their participation in the above captioned case.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Tyler, Craig [mailto:ctyler@wsgr.com]
Sent: Tuesday, May 06, 2008 10:44 AM
To: Brzezynski, Lora; Arthur P. Licygiewicz
Cc: Range, Brian D.; Christenson, Cass; Bono, Gaspare; Holloway, Julie;
Lomas, John; jshaw; katherinemurray; kpascale; Kenneth R. Adamo;
peterwied; Philip A Rovner; Robert C. Kahrl; Richard Kirk; terrygarnett;
Goodwyn, Tyler; vincentyip
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et
al. -- Draft of Proposed Stipulated Protective Order

Art,

We have discussed your proposal with AUO, and AUO is not agreeable to
your approach.  There needs to be a two-tier order so that at least
certain AUO trade secret technical information is not shared with anyone
but outside counsel, and no one within both LGD and CMO.  Thanks.


M. Craig Tyler
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746-5546
(512) 338-5410 (direct)
(512) 576-3388 (cell)
(512) 338-5499 (fax)

-----Original Message-----
From: Brzezynski, Lora [mailto:lbrzezynski@mckennalong.com]
Sent: Tuesday, May 06, 2008 9:30 AM
To: Arthur P. Licygiewicz
Cc: Range, Brian D.; Christenson, Cass; Tyler, Craig; Bono, Gaspare;
Holloway, Julie; Lomas, John; jshaw; katherinemurray; kpascale; Kenneth
R. Adamo; peterwied; Philip A Rovner; Robert C. Kahrl; Richard Kirk;
terrygarnett; Goodwyn, Tyler; vincentyip
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et
al. -- Draft of Proposed Stipulated Protective Order

Art:

LG Display understood as of your April 8, 2008 email that CMO agreed to
a two-tier confidentiality system with one tier being limited to outside

3

counsel only. Indeed, as noted in my April 15, 2008 email to you, LG Display believed the issue remaining concerned whether certain technical notebooks and other technical product specifications of a party could be marked highly confidential and limited to outside counsel. LG Display maintains that such technical information should only be seen by outside counsel given this extremely competitive LCD industry.

Your April 24th email appears to ignore the progress the parties had made in reaching a compromise and moves us further apart. We understand your April 24 email to now suggest that CMO representatives should have access to all documents produced in the case and that there should not be a two-tier system with one tier being limited to outside counsel. This suggestion is simply not workable, and we would be very surprised if AUO agrees with your proposal given that AUO proposed the protective order in Wisconsin and specifically proposed a two-tier system, with one tier being limited to outside counsel, to which LG Display agreed.

As my previous two emails state, we believe it would be highly irregular for competitors in this LCD industry to have access to another party's trade secrets and other highly confidential information. It is customary in these patent infringement cases to utilize experts, where necessary, to assist counsel in the analysis of certain highly confidential documents. Further, your email ignored the point made in my April 15 email that CMO required in the related Texas litigation that counsel first agree that native mask files be viewed only on stand alone computers by outside counsel before such files would be produced. CMO's position in Texas is consistent with the positions it has taken in other litigations as well. Moreover, your email alludes to Federal Circuit precedent and precedent in the Delaware court. If you have case law that you wish to cite to us, we would be happy to review your cases.

Concerning the prosecution bar paragraph, you refer to one proposed "in the stipulated protective order." Please advise regarding which protective order you are referring and identify the paragraph specifically. Both the AUO/LGD protective order from the Wisconsin case and LG Display's draft protective order that I circulated had the same prosecution bar paragraph. If that is the paragraph to which you are referring, we can reach agreement on the wording of that paragraph. I am not aware of a prosecution bar paragraph proposed by CMO.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Arthur P. Licygiewicz [mailto:aplicygiewicz@JonesDay.com]
Sent: Thursday, April 24, 2008 2:02 PM
To: Brzezynski, Lora
Cc: brange; Christenson, Cass; ctyler; Bono, Gaspare; jholloway; Lomas, John; jshaw; katherinemurray; kpascale; Kenneth R. Adamo; Caplan, Mindy; peterwied; Philip A Rovner; Robert C. Kahrl; Richard Kirk; terrygarnett; Goodwyn, Tyler; vincentyip
Subject: Re: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. -- Draft of Proposed Stipulated Protective Order

Lora,

4

We have had a chance to discuss your proposal with our client.

We, too, are amenable to working together to agree on a specific list of documents that can be marked with the higher level of confidentiality or on other creative solutions that would resolve the protective order issue.
As
I indicated previously, we believe that the list originally circulated as part of the protective order that you proposed was too expansive in the context of the proposed order.  Nevertheless, in an effort to move our discussions forward, we propose the following solution that we believe would resolve all concerns about the access that a particular party may have to another's "Highly Confidential" information, as well as the designation of materials under the stipulated protective order:

> All of the categories (a) through (g) as referenced in the proposed stipulated protective order can be used to appropriately designate materials that may be "Highly Confidential" to a party.

> Three (3) CMO in-house attorneys or advisors working in its legal department that are specifically designated to work on this lawsuit can have access to the "Highly Confidential" information as produced by LG Display or third parties, but not any such information that is produced by AUO.

> AUO can similarly designate three (3) in-house attorneys or advisors working in its legal department to have access to such "Highly Confidential" information produced by LG Display or third parties, but not any such information produced by CMO.

> LG Display can similarly designate three (3) in-house attorneys or advisors working in its legal department to have access to "Highly Confidential" information produced by CMO, AUO or third parties.

Naturally, all of the individuals who have such access would be subject to a prosecution bar such as the one proposed in the stipulated protective order.  Also, none of the individuals would be involved in any competitive decision-making activities such as those that involve providing advice or participating in a client's decisions relative to pricing, product design or other competitive activities made in light of similar or corresponding information about a competitor.

We believe that this proposed solution is supported by Federal Circuit precedent and previously has been accepted in this Court.  Indeed, this proposed solution would enable those legal personnel working at CMO, AUO and LG Display to assist outside counsel in evaluating this litigation, and allow for the efficient communication of  recommendations regarding the management and possible settlement of litigation.  In addition, this solution would ameliorate any hardships that would otherwise be faced by the parties in the conduct of this case if in-house legal personnel were not permitted to participate in the preparation of a party's defense, or in LG Display's case, prosecution of this case.  Overall, we believe that this solution is in the best interests of all parties involved and would address the concerns regarding a party's access to another party's "Highly Confidential" information.

Assuming that the parties can agree on the above proposal, I believe
that we can reach agreement on the remaining points of the proposed,
stipulated protective order relatively quickly.

Best regards,
Art

```
===================================
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Telephone:  (216) 586 - 7165
Facsimile:  (216) 579 - 0212
Email:  aplicygiewicz@jonesday.com
===================================
```

|         |                                               |
|---------|-----------------------------------------------|
|         | "Brzezynski,Lora"                             |
|         | <lbrzezynski@mckennalong.com>                 |
| To      | "Arthur Licygiewicz"                          |
|         | <aplicygiewicz@jonesday.com>                  |
| cc      |                                               |
| 4/15/2008 06:35 PM | brange <brange@wsgr.com>,          |

"Christenson, Cass"<cchristenson@mckennalong.com>,ctyler <ctyler@wsgr.com>,
"Bono,Gaspare" <gbono@mckennalong.com>,                       jholloway
<jholloway@wsgr.com>,"Lomas, John" <jlomas@mckennalong.com>, jshaw<jshaw@ycst.com>,
katherinemurray katherinemurray@paulhastings.com>, kpascale <kpascale@ycst.com>, "Kenneth
R. Adamo"                        <kradamo@JonesDay.com>, peterwied
<peterwied@paulhastings.com>, "Philip A Rovner"
<provner@potteranderson.com>,"Robert C. Kahrl" <rckahrl@JonesDay.com>, "Richard
Kirk" <RKirk@bayardfirm.com>,terrygarnett <terrygarnett@paulhastings.com>, "Goodwyn,
Tyler"
<tgoodwyn@mckennalong.com>,vincentyip <vincentyip@paulhastings.com>, Caplan, Mindy>
<mcaplan@mckennalong.com>

 Subject
LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. --Draft of Proposed
Stipulated                       Protective Order

Art:

Thank you for your email.  LG Display appreciates Chi Mei's willingness
to now agree to a two tier confidentiality system with one tier
permitting access to only outside counsel.  We understand that you
believe that there should be a limit on types of documents that should
be marked with the higher level of confidentiality.  We are amenable to
working with you to agree on such a list.  The protective order that LG
Display circulated contained the following list of information that may
be designated as highly confidential.  This list was initially prepared
by AUO as the protective order that LG Display circulated is almost
identical to the order entered in the AUO v. LG Display Wisconsin case
before it was transferred to Delaware.

            (a)          The names, or other information tending to
reveal
the
identities, of a party's suppliers, present or prospective customers, or
distributors;

            (b)          Information relating to pending patent
applications;

6

(c)          Financial information of a party;

(d)          Information constituting product
specifications;

(e)          Technical notebooks and technical reports of a
party or
other like information;

(f)          Marketing plans of a party; and

(g)          Other information that a party considers a
trade
secret.


Chi Mei agrees that (a), (b), (c), and (f) represent information
properly designated as highly confidential information.  We understand
from your email, however, that Chi Mei believes that the parties'
product specifications, technical notebooks and technical reports should
not be designated as highly confidential.  We cannot agree to your
proposal.  As I am sure you can appreciate, the LCD industry is
extremely competitive, and such technical information regarding LG
Display's products is considered and treated as trade secrets by LG
Display.  The purpose of the protective order would be undermined if Chi
Mei and AUO are permitted access to such highly confidential trade
secret information.  We believe that AUO shares LG Display's opinion as
its counsel initially drafted the protective order.  Further, given Chi
Mei's practice in other litigations, we are surprised that Chi Mei is
demanding that technical data relating to the parties' products not be
given a highly confidential marking.  Indeed, in Chi Mei's Texas
litigation that it brought against LG Display, which has now been
transferred to Delaware, counsel for Chi Mei specifically required that
before Chi Mei would produce its mask files, counsel had to agree to
review all such native files on a stand alone computer not connected to
a network or the internet.  Chi Mei required and LG Display provided
adequate assurances that such sensitive information would not be
distributed beyond LG Display's counsel in that matter.  Thus, we simply
do not understand how Chi Mei can possibly now claim that it should be
permitted access to such technical information, including LG Display's
mask files.  As we previously explained, we believe it is customary to
retain expert witnesses to assist outside counsel when reviewing certain
highly confidential documents.  Thus, we do not see any justification
for Chi Mei's in-house employees to view LG Display's highly
confidential technical information.

In my last email to you, I referenced Chi Mei's protective orders in its
litigations involving Commisariat a L'Energie Atomique and Semiconductor
Energy Laboratory.  Both protective orders contained a two-tier
confidenitality system, and there was no restriction on the designation
of the parties' technical information being marked as attorneys' eyes
only.  For your reference, I have attached those protective orders to
this email.  In addition, it has been our experience that Judge Farnan,
as well as the other judges in Delaware, have agreed to and routinely
approve protective orders that permit a party's confidential technical
information in patent cases to be afforded the highest confidentiality
protection equating to attorneys' eyes only.  You may wish to confirm
this with your Delaware counsel.  I have attached two other protective
orders by Judge Farnan for your reference on this point as well.

Chi Mei also objects to category "(g) other information that a party
considers a trade secret."  We believe that it is important to include a
category like this one to ensure that no documents are inadvertently
excluded.  If you can suggest another way to handle this situation, we
are happy to discuss that with you.  Further, you have asked whether
other specific information should be included within the higher level of

confidentiality category.    To avoid any misunderstanding in the future,
LG Display believes that the category "financial information of a party"
includes the parties' sales, profit, and expense information, as well as
information relating to the parties' license agreements in the LCD
industry.

Our last paragraph also directed you to the language we proposed for a
prosecution bar restriction. (See last paragraph in section 8 in our
draft protective order.) Kindly confirm that Chi Mei is in agreement
with the language in that paragraph.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Arthur P. Licygiewicz [mailto:aplicygiewicz@JonesDay.com]
Sent: Tuesday, April 08, 2008 4:07 PM
To: Brzezynski, Lora
Cc: brange; Christenson, Cass; ctyler; Bono, Gaspare; jholloway; Lomas,
John; jshaw; katherinemurray; kpascale; Kenneth R. Adamo; peterwied;
Philip A Rovner; Robert C. Kahrl; Richard Kirk; terrygarnett; Goodwyn,
Tyler; vincentyip
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et
al. -- Draft of Proposed Stipulated Protective Order

Lora,

We do not disagree that it would be in the best interests of all parties
to work together on such issues as the protective order and other
discovery related matters, and we stand ready and willing to do so.
Indeed, that is why we took a pro-active approach and proposed a
stipulated protective order that we believed would be acceptable to and
meet the needs of all parties in this litigation when a proposed order
had not yet been circulated by any other party.

As for the structure of the stipulated Protective Order itself, we still
believe that in the long run, it would be more productive to have just
one level of confidentiality.  However, we can understand your position
with maintaining a two-tier system.  We are willing to consider the
entry of a protective order that provides for such a two-tier
confidentiality system if the parties can reach agreement on appropriate
limits to the types of documents that could be designated with the
higher level of confidentiality.  Your proposed protective order
provides non-exclusive examples of information that may be designated
under the higher level of confidentiality, and that list is, in our
opinion, over-inclusive.  We believe that the list of information that
may be designated under the higher level of confidentiality should be
limited to:  (1) a party's financial information; (2) information that
reveals the identities of a party's present suppliers or distributors;
(3) information that reveals the identities of a party's present or
prospective customers; (4) information relating to sales and marketing
plans, and (5) information relating to pending patent applications.  The
other categories enumerated in your proposed protective order:  (1)
information constituting product specifications; (2) technical notebooks
and technical reports of a party or other like information; or (3) other
information that a party considers a trade secret, should only be

8

permitted to be designated with the lower
level of confidentiality.   Be advised that we are not asking for documents
such as invention files to be made public.   We are just asking that they
be afforded the lower level of confidentiality so that they can be
shown, as suggested in your proposed protective order at paragraph 9, to
three (3) officers or employees of a party who are obligated not to
spread the information further.  Please confirm your agreement with this
proposal.  If you believe other specific information should be included
within the higher level of confidentiality, please advise so that we can
consider your suggestion.

If we can agree on such appropriate limits on the designation of
information produced by the parties in this case, it certainly would
move the parties closer to agreeing on a proposed Stipulated Protective
Order, and allow the parties to address other aspects of the proposed
order.

We look forward to your prompt agreement to the above proposal so that
the parties can move quickly to finalizing the Stipulated Protective
Order for this case.

Best regards,
Art

=====================================
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Telephone:  (216) 586 - 7165
Facsimile:  (216) 579 - 0212
Email:  aplicygiewicz@jonesday.com
=====================================


            "Brzezynski,Lora"
            <lbrzezynski@mckennalong.com>
To   "Arthur P. Licygiewicz"
<aplicygiewicz@JonesDay.com>
cc
     04/02/2008 04:03 PM          brange <brange@wsgr.com>,Christenson, Cass"
<cchristenson@mckennalong.com>, ctyler <ctyler@wsgr.com>, "Bono,Gaspare"
<gbono@mckennalong.com>,                          jholloway
<jholloway@wsgr.com>, "Lomas, John" <jlomas@mckennalong.com>, jshaw
<jshaw@ycst.com>, katherinemurray <katherinemurray@paulhastings.com>, kpascale
<kpascale@ycst.com>,                              "Kenneth R. Adamo"
<kradamo@JonesDay.com>, peterwied <peterwied@paulhastings.com>, Philip A Rovner"
<provner@potteranderson.com>, Robert C. Kahrl" <rckahrl@JonesDay.com>, "Richard Kirk"
<RKirk@bayardfirm.com>,                               terrygarnett
<terrygarnett@paulhastings.com>, "Goodwyn, Tyler" <tgoodwyn@mckennalong.com>,
vincentyip <vincentyip@paulhastings.com>

Subject   RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al.--Draft of
Proposed Stipulated Protective Order

Art,

We continue to believe that the parties should work together to agree on
a Stipulated Protective Order.  Because LG Display and AUO have already
agreed to a protective order in the Wisconsin case that was transferred
to and consolidated with this case, it makes the most sense to use that

9

protective order as a basis for our discussions. That is exactly what
we did with the draft protective order that we circulated as it is
almost identical to the protective order entered in Wisconsin. We fully
expect that AUO will agree to the draft protective order that we have
circulated since AUO initially proposed that form of order in Wisconsin,
and we ask that AUO promptly confirm its agreement.

You are correct that we have a fundamental disagreement with CMO
regarding CMO's insistence that (i) there be only one level of
confidentiality and (ii) the parties' designated representatives should
be permitted access to all documents produced in the case. Based on our
experience handling patent cases in Delaware and in other jurisdictions
and as confirmed by our Delaware local counsel, we understand that the
common and accepted practice in Delaware is to have two levels of
confidentiality, with one level permitting access to only outside
counsel. Further, we believe that it is highly irregular to allow party
employees access to highly confidential documents produced in the case.
Doing so would undermine the purpose of the protective order, which is
to prevent a competitor from accessing confidential, competitive
information. The need for this protection is especially important in
this case, which involves technology in an extraordinarily competitive
industry. Indeed, we have reviewed the protective orders from two
recent cases that CMO has litigated, Commisariat a L'Energie Atomique v.
Chi Mei Optoelectronics Corporation and Semiconductor Energy Laboratory
Co., Ltd. v. Chi Mei Optoelectronics, and in both of these cases, the
protective orders contained two levels of confidentiality with one level
limited to outside counsel only. Chi Mei is thus accustomed to
conducting discovery that limits disclosure of highly sensitive
information to outside counsel, as is typical in patent cases, including
in Delaware. We urge you to consult with your Delaware local counsel
about the practice in Delaware.

Your email raises a concern that there may be increased motion practice
with challenges to inappropriate confidentiality designations if there
are two levels of confidentiality. That certainly has not been our
experience, and we would expect the parties to work together to resolve
any disputes. In addition, you have recognized in your email that our
draft protective order limits the use of the higher confidentiality
designation only to certain categories of documents. If CMO believes
the category of documents that we have listed should be amended, we are
amenable to discussing that with you.

You make a passing reference to the idea of expanding access to all
produced information in order to assist outside counsel. Such access,
however, is not necessary. While it has been our experience that it may
be necessary to retain expert witnesses to assist outside counsel when
reviewing certain highly confidential documents, the draft protective
order that we circulated allows appropriate experts to have access to
highly sensitive information, and thus outside counsel can work with
experts if necessary with respect to particular highly confidential
documents. In addition, our proposed protective order has a specific
provision that does not bar counsel from providing legal advice to their
clients relying upon his or her examination of highly confidential
documents as long as no disclosure of information deemed highly
confidential is provided to the client. (See section 9, second
paragraph). Thus, we do not believe that CMO has presented sound
reasons to deviate from standard practice and permit party
representatives to see all documents produced in the case. Given that
the parties in this case are competitors, we are surprised by CMO's
insistence, and we request that CMO reconsider its position.

We appreciate your willingness to consider a prosecution bar
restriction. Our draft protective order in the last paragraph in
section 8 contained such a provision. We ask that you review that
paragraph for the scope of the prosecution bar, which was already agreed
to by AUO in the AUO/LG Display protective order entered in Wisconsin.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Arthur P. Licygiewicz [mailto:aplicygiewicz@JonesDay.com]
Sent: Tuesday, March 25, 2008 4:43 PM
To: Brzezynski, Lora
Cc: brange; Christenson, Cass; ctyler; Bono, Gaspare; jholloway; Lomas,
John; jshaw; katherinemurray; kpascale; Kenneth R. Adamo; peterwied;
Philip A Rovner; Robert C. Kahrl; Richard Kirk; terrygarnett; Goodwyn,
Tyler; vincentyip
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et
al. -- Draft of Proposed Stipulated Protective Order

Lora,

As I indicated to you earlier, we proposed a Stipulated Protective Order
that we believe is appropriate for this case.  Contrary to your
suggestion, we did review and consider the protective order that was
negotiated between LG Display Co. Ltd. and AU Optronics Corporation in
the Wisconsin action.
After reviewing that protective order, we believed that it would require
significant revisions before it, or a derivative thereof, would be
acceptable to CMO in this case.  Thus, instead of embarking on this
lengthy exercise, on Friday, March 21, 2008, we forwarded a draft
Stipulated Protective Order that is acceptable to CMO for everyone's
consideration.

It is plain based on your electronic mail message that we have a
fundamental disagreement about the appropriateness of certain provisions
in each others' draft protective orders and have differing views about
provisions that  typically should be found in protective orders in
patent infringement cases.  For example, your proposed stipulated
protective order includes two levels of confidentiality.  Presently, CMO
believes that only one level of confidentiality is required and
appropriate for this case.  In our experience, when parties decide to
use two tiers of confidentiality designations in a protective order,
more often than not, one or more of the parties produce virtually all of
their documents at the highest level of confidentiality and render the
less restrictive designation meaningless.
Such an approach also generally vitiates any provision that provides a
limited number of party representatives with access to the produced
information to assist outside counsel in the litigation.  Further, while
it appears that you attempt to limit the use of the higher
confidentiality designation only to certain categories of documents, as
presented, the proposed limitations really do nothing to limit the type
of information that could be designated as coming within the higher
level of confidentiality.  Overall, we believe that there is no benefit
to your suggestion to include two levels of confidentiality in the
stipulated protective order in this case.  In fact, such a provision
likely would result in increased motion practice as the parties
challenge what they believe to be an inappropriate confidentiality
designation for produced materials, thereby delaying discovery in this
case.

As for your suggestion regarding a prosecution bar, we would be willing

11

to consider such a restriction, if it is for a limited duration of time, on those individuals who have access to another parties' confidential information.  Please advise of the parameters that you envision for such a bar and we can draft appropriate language that hopefully would be acceptable to all parties.

Finally, please let us know of any other revisions or modifications that you might have relative to the protective order that we proposed on March 21, 2008.

Best regards,
Art

=====================================
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Telephone:  (216) 586 - 7165
Facsimile:  (216) 579 - 0212
Email:  aplicygiewicz@jonesday.com
=====================================


    "Brzezynski, Lora"
      <lbrzezynski@mckennalong.com>
To   "Arthur P. Licygiewicz"
<aplicygiewicz@JonesDay.com>,
brange <brange@wsgr.com>
            03/24/2008 03:05 PM
cc "Christenson, Cass" <cchristenson@mckennalong.com>, ctyler <ctyler@wsgr.com>, "Bono,
Gaspare" <gbono@mckennalong.com>,
jholloway <jholloway@wsgr.com>, "Lomas, John" <jlomas@mckennalong.com>, jshaw
<jshaw@ycst.com>, katherinemurray
<katherinemurray@paulhastings.com>, kpascale <kpascale@ycst.com>, "Kenneth R. Adamo"
<kradamo@JonesDay.com>, peterwied <peterwied@paulhastings.com>, "Philip A Rovner"
<provner@potteranderson.com>, "Robert C. Kahrl" <rckahrl@JonesDay.com>, "Richard
Kirk" <RKirk@bayardfirm.com>, terrygarnett <terrygarnett@paulhastings.com>, "Goodwyn,
Tyler"                    <tgoodwyn@mckennalong.com>, vincentyip
<vincentyip@paulhastings.com>

Subject RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. -- Draft of
Proposed Stipulated                        Protective Order

  <<DC-#50537261-v1-LGD_Protective_Order_(Delaware).DOC>> Art:

I reviewed over the weekend your draft protective order that we received from you on Friday, and it is vastly different from both (i) the protective order that we already agreed to with AUO in the Wisconsin case before it was transferred and consolidated with this case and (ii) the draft protective order circulated by your client CMO in the Texas case that we also expect will be transferred and consolidated with this Delaware case.  It is both inefficient and inappropriate to have three separate protective orders related to these actions.  The better course of action is to draft a protective order modeled after the protective order that we have already agreed to with AUO, and I believe using that protective order as the basis for the order would require only minimal revisions.

Your draft protective order would require extensive redlines as it is inadequate for numerous reasons, including but not limited to: (i) it does not have two levels of confidentiality related to documents; (ii) it does not have a level of confidentiality that is limited to

12

attorneys' eyes only and inappropriately permits client representatives from seeing all highly confidential documents; (iii) it does not have a prosecution bar paragraph; and (iv) it does not contemplate the production of data in native format as highly confidential.  All of those are typically found in protective orders in patent infringement cases, and should be included in a protective order in this case. Indeed, all of those provisions were included in the AUO/LG Display protective order that was entered in Wisconsin.

As noted in my March 13, 2008 letter, I specifically stated that we were working on a draft protective order and would circulate it shortly for review.  As the plaintiff, that is typical practice and was a request made by AUO to which we agreed.  I am not certain why you chose to jump the gun and draft your own protective order after receiving my letter, and without even looking at or at least considering the protective order already signed by LG Display and co-defendant AUO.  We are not going to engage in a protacted negotiation related to your draft protective order.  Instead, as we stated we would do in my prior letter, we have drafted and have attached to this email a draft protective order that is appropriately modeled after the one entered in the transferred LG Display/AUO Wisconsin case.  Our draft includes all of the necessary provisions missing from your draft order.  As we anticipate agreement by AUO on this draft, we expect CMO to fully cooperate and provide its comments as soon as possible.

I am available for a conference call on Thursday or Friday afternoon to discuss your comments.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Arthur P. Licygiewicz [mailto:aplicygiewicz@JonesDay.com]
Sent: Saturday, March 22, 2008 10:11 AM
To: Brzezynski, Lora; brange
Cc: Christenson, Cass; ctyler; Bono, Gaspare; jholloway; Lomas, John; jshaw; katherinemurray; kpascale; Kenneth R. Adamo; peterwied; Philip A Rovner; Robert C. Kahrl; Richard Kirk; terrygarnett; Goodwyn, Tyler; vincentyip
Subject: Re: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. -- Draft of Proposed Stipulated Protective Order

Lora,

We proposed a Stipulated Protective Order that we believe is appropriate for this case. It was not derived from either action. Please provide us with your agreement to the proposed Stipulated Protective Order after your review of the same. If you have any suggested revisions to the proposed Stipulated Protective Order, please provide those to us forthwith for our consideration.

Best regards,
Art

=====================================

13

Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Telephone:  (216) 586 - 7165
Facsimile:  (216) 579 - 0212
Email:  aplicygiewicz@jonesday.com
=================================
-------------------
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.  If you received this e-mail in error, please delete it from
your system without copying it and notify sender by reply e-mail, so
that our records can be corrected.
-------------------


----- Original Message -----
From: "Brzezynski, Lora" [lbrzezynski@mckennalong.com]
Sent: 03/21/2008 06:25 PM
To: "Arthur P. Licygiewicz" <aplicygiewicz@JonesDay.com>;brange@wsgr.com
Cc: "Christenson, Cass"
<cchristenson@mckennalong.com>;ctyler@wsgr.com;"Bono, Gaspare"
<gbono@mckennalong.com>;jholloway@wsgr.com;"Lomas, John"
<jlomas@mckennalong.com>;jshaw@ycst.com;katherinemurray@paulhastings.com
;kpascale@ycst.com;kradamo@jonesday.com;peterwied@paulhastings.com;provn
er@potteranderson.com;rckahrl@jonesday.com;"Richard Kirk"
<RKirk@bayardfirm.com>;terrygarnett@paulhastings.com;"Goodwyn, Tyler"
<tgoodwyn@mckennalong.com>;vincentyip@paulhastings.com
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et
al. -- Draft of Proposed Stipulated Protective Order

Art:

I want to ensure that we proceed in an efficient manner.  Thus, before I
spend time reviewing your draft protective order, please advise whether
you (i) have spoken to counsel for AUO and modeled your draft on the
protective order that was agreed to by LGD and AUO in the Wisconsin case
that has since been transferred and consolidated with this action or
(ii) have spoken to your client and CMO's counsel in Texas and modeled
your draft on the protective order that was drafted by CMO in the case
it brought against LGD in Texas.  As I am sure you know if you have
spoken with your client, CMO proposed a draft protective order in Texas,
and I have been negotiating that order with Irell & Manella, including
providing a redline earlier today to CMO's counsel in the Texas matter.


Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Arthur P. Licygiewicz [mailto:aplicygiewicz@JonesDay.com]
Sent: Friday, March 21, 2008 9:50 AM
To: Brzezynski, Lora; brange@wsgr.com

14

Cc: Christenson, Cass; ctyler@wsgr.com; Bono, Gaspare;
jholloway@wsgr.com; Lomas, John; jshaw@ycst.com;
katherinemurray@paulhastings.com; kpascale@ycst.com;
kradamo@jonesday.com; peterwied@paulhastings.com;
provner@potteranderson.com; rckahrl@jonesday.com; Richard Kirk;
terrygarnett@paulhastings.com; Goodwyn, Tyler;
vincentyip@paulhastings.com
Subject: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. --
Draft of Proposed Stipulated Protective Order


Counsel,

Further to my letter of yesterday's date, attached is a draft of the
proposed Stipulated Protective Order for use in this case.  Please
review the attached and confirm that the Order is acceptable to your
clients.  In the event that you might have some proposed changes, please
let me know of them at your earliest opportunity.

In the interim, please do not hesitate in contacting me if you have any
questions.

Best regards,
Art

(See attached file: Draft of Stipulated Protective Order.pdf)

==================================
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Telephone:  (216) 586 - 7165
Facsimile:  (216) 579 - 0212
Email:  aplicygiewicz@jonesday.com
==================================

==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records can be corrected.
==========

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of
McKenna Long & Aldridge LLP, and are intended solely for the use of the
named recipient or recipients. This e-mail may contain privileged
attorney/client communications or work product. Any dissemination of
this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from
any further viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have received this
e-mail in error, notify the sender immediately and permanently delete
the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of
McKenna Long & Aldridge LLP, and are intended solely for the use of the

named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

[attachment "DC-#50537261-v1-LGD_Protective_Order_(Delaware).DOC" deleted by Arthur P. Licygiewicz/JonesDay]

=========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
=========

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

=========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
=========

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

[attachment "Stipulated Protective Order CEA  signed 6-15-041.pdf" deleted
by Arthur P. Licygiewicz/JonesDay] [attachment "Protective Order.pdf" deleted by Arthur P. Licygiewicz/JonesDay] [attachment "Agreed

16

Protective Order Filed  Habasit on August 29 2003.pdf" deleted by Arthur
P.
Licygiewicz/JonesDay] [attachment "Confidentiality Stipulation and
Protective Order, CPT filed 1-23-06[1].pdf" deleted by Arthur P.
Licygiewicz/JonesDay]

=========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records can be corrected.
=========


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of
McKenna Long & Aldridge LLP, and are intended solely for the use of the
named recipient or recipients. This e-mail may contain privileged
attorney/client communications or work product. Any dissemination of
this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from
any further viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have received this
e-mail in error, notify the sender immediately and permanently delete
the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.


This email and any attachments thereto may contain private,
confidential, and privileged material for the sole use of the intended
recipient.  Any review, copying, or distribution of this email (or any
attachments thereto) by others is strictly prohibited.  If you are not
the intended recipient, please contact the sender immediately and
permanently delete the original and any copies of this email and any
attachments thereto.


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of
McKenna Long & Aldridge LLP, and are intended solely for the use of the
named recipient or recipients. This e-mail may contain privileged
attorney/client communications or work product. Any dissemination of
this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from
any further viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have received this
e-mail in error, notify the sender immediately and permanently delete
the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.


This email and any attachments thereto may contain private, confidential, and privileged
material for the sole use of the intended recipient.  Any review, copying, or distribution
of
this email (or any attachments thereto) by others is strictly prohibited.  If you are not
the
intended recipient, please contact the sender immediately and permanently delete the
original
and any copies of this email and any attachments thereto.

17

# EXHIBIT 2

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7902
FACSIMILE (310) 203-7199
ahoffman@irell.com

May 30, 2008

**VIA E-MAIL**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:    *LG Display Co, Ltd. v. Chi Mei Optoelectronics Corp.*, 06-726 (D. Del.)

Dear Lora:

We have reviewed the correspondence regarding the protective order, and noted that the primary open issue appears to be developing a protocol to allow specified individuals in LGD and CMO's legal departments with no role in commercial decision making or product development to review LGD materials designated highly confidential. CMO believes this access is necessary for CMO to play an active role in advising its counsel and managing this very complex litigation. CMO has indicated that it will be extremely flexible in setting the rules and procedures for such access. It appears that you and Jones Day had some correspondence about this issue, but were not able to resolve it. It would speed things up greatly if you could let us know what rules and/or procedures LGD would prefer for providing access to highly confidential information to individuals in our respective legal departments with no role in commercial decision making or product development.

Note that because CMO and AUO have not asserted claims against each other, neither believes that it requires such access to any highly confidential information in each others' produced materials. AUO has agreed in principle with the approach of having reciprocal insider access between LCD and CMO while not having such access between AUO and CMO or LCD and AUO. Thus, we believe we should be able to wrap this up quickly by reaching an agreeable procedure between CMO and LGD.

Moreover, assuming we can work out procedures for the limited insider access proposed by CMO, this will help address our concerns about LGD's proposed prosecution bar language. At the same time, the prosecution bar should help allay any concerns LGD has about access by specified CMO personnel to materials designated highly confidential.

Otherwise, we have only one additional concern with the draft protective order you have provided us. Paragraph 12 of the draft protective order states that inadvertently produced materials can be pulled back by written request, and "if that request is properly

1875743.1 01

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
May 30, 2008
Page 2

made and supported, no party in the above captioned action shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other immunity." We think the "properly made and supported" language is, as positioned in the current draft, problematic, as it limits the no-waiver language. We propose that instead the provision read that, upon discovering an inadvertent production,

> The disclosing party shall promptly upon learning of such disclosure so advise the receiving party in writing, explaining the basis for the claim of privilege or immunity, and request that the item or items of information, and all copies thereof, be returned. No party shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other immunity.

Please let us know if LGD agrees with this revision.

Very truly yours,
/s/Adam Hoffman
Adam Hoffman

cc: Brian Range, Esq.

1875743.1 01

# EXHIBIT 3

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7902
FACSIMILE (310) 203-7199
ahoffman@irell.com

June 5, 2008

**VIA E-MAIL**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

Re:  *LG Display Co, Ltd. v. Chi Mei Optoelectronic Corp.*, CV No. 06-726
     (D. Del.)

Dear Lora:

I write in response to your letter of today regarding CMO's proposal that designated personnel from CMO and LG Display be able to view materials designated by the other party as highly confidential under the protective order. Please note that it is our understanding that AUO does not oppose this proposal, as it does not involve AUO materials. Please also note that it is not the case that CMO requested that certain native files produced in Texas be kept and viewed only on non-networked computers. This was in fact a demand of LG Display, communicated by Mindy Caplan. CMO merely requested that this practice be reciprocal.

As stated in my prior correspondence, we would prefer to work with LG Display to implement CMO's proposed approach to limited insider access, but as LG Display refuses to work with us on this issue, we will file a motion to ask that the court resolve the matter.

Very truly yours,
/s/Adam Hoffman
Adam Hoffman

ASH

1826901.1 04

# EXHIBIT 4

# McKenna Long
## & Aldridge LLP
### Attorneys at Law

Atlanta

Denver

Los Angeles

Philadelphia

1900 K Street, NW • Washington, DC 20006
202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

San Diego

San Francisco

Washington, DC

Brussels

LORA A. BRZEZYNSKI
(202) 496-7239

lbrzezynski@mckennalong.com

June 5, 2008

**VIA E-MAIL**

Adam Hoffman, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067-4276

Re:   *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, et al.;*
      C.A Nos. 06-726-JJF and 07-357-JJF

Dear Adam:

We are in receipt of your May 30, 2008 letter sent by you in response to my May 16, 2008 email to your colleague, Jonathan Kagan. My May 16, 2008 email attached the history of emails on the issue of a protective order that have been circulated by LG Display, AUO, and CMO over the last few months. In all of the emails sent by LG Display, including in my May 16, 2008 email, LG Display's position was clear. LG Display will not agree to a protective order that includes a provision that permits CMO's in-house employees access to LG Display's highly confidential documents produced in this case. Thus, your suggestion that the primary open issue "appears to be developing a protocol to allow specified individuals in LGD and CMO's legal departments with no role in commercial decision making or product development to LGD materials designated highly confidential" is incorrect. LG Display has never suggested that it would entertain developing such a protocol.

The fact that CMO continues to insist that certain of its in house employees should have access to LG Display's highly confidential documents is troubling given that (i) LGD and CMO are direct competitors in this highly competitive LCD industry; (ii) the protective orders entered into by CMO in its other litigations in the U.S. have always included two levels of confidentiality with one level limited to outside counsel only; (iii) AUO is not agreeable to your approach, and (iv) CMO's approach is wholly inconsistent with CMO's insistence in the Texas litigation that counsel first agree that native mask files produced by the parties be viewed only on stand alone computers by outside counsel before such files would be produced. As you know, we have fully complied with this procedure in the review of CMO's mask files produced both in the Texas litigation and in this Delaware case.

Adam Hoffman, Esq.
June 5, 2008
Page 2

        We have also been operating under and complying with the prosecution bar paragraph contained in the last paragraph of section 8 of the draft protective order that we circulated (attached to this letter for your reference).  Although you state in your letter that you have "concerns about LGD's proposed prosecution bar language," you do not specify what those concerns are.  If instead you are simply withholding agreement on the prosecution bar paragraph until LG Display agrees to a procedure for limited insider access, such a position is inappropriate.  Given that AUO has agreed to the prosecution bar paragraph, we assume that the parties will comply with that paragraph unless and until we have an agreement otherwise.

        Finally, with respect to your concern about a portion of paragraph 12 dealing with inadvertently produced materials, we agree with your suggested revision.  We have revised paragraph 12 of the attached protective order to include your proposed wording.

        If you would like to have a discussion about any of these issues, I am available next week.  I could have a conference call with you on Tuesday afternoon after 3:00 pm (EDT) or on Wednesday after 11:30 am (EDT).

                        Very truly yours,

                        Lora A. Brzezynski

Enclosure

cc:    M. Craig Tyler, Esq.

DC:50551109.1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 6, 2008, he served the foregoing

documents by email and by hand upon the following counsel:

| | |
|---|---|
| Philip A. Rovner | Karen L. Pascale |
| David E. Moore | John W. Shaw |
| POTTER ANDERSON & CORROON LLP | YOUNG CONAWAY STARGATT & |
| 1313 North Market Street | TAYLOR, LLP |
| Wilmington, DE  19899-0951 | The Brandywine Building |
| | 1000 West Street, 17th Floor |
| | Wilmington, DE  19899-0391 |

The undersigned counsel further certifies that, on June 6, 2008, he served the

foregoing documents by email and by U.S. Mail upon the following counsel:

| | |
|---|---|
| Jonathan S. Kagan | Vincent K. Yip |
| IRELL & MANELLA LLP | Peter J. Wied |
| 1800 Avenue of the Stars | PAUL, HASTINGS, JANOFSKY & |
| Suite 900 | WALKER LLP |
| Los Angeles, CA  90067 | 515 South Flower Street, 25th Floor |
| | Los Angeles, CA   90071 |
| | |
| Ron E. Shulman, Esquire | M. Craig Tyler, Esquire |
| Julie Holloway, Esquire | Brian D. Range, Esquire |
| WILSON SONSINI GOODRICH & ROSATI | WILSON SONSINI GOODRICH & ROSATI |
| 650 Page Mill Road | 8911 Capital of Texas Highway North |
| Palo Alto, California 94304-1050 | Westech 360, Suite 3350 |
| | Austin, Texas 78759-8497 |

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1