# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>                          Plaintiff,<br><br>        v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>                          Defendants. | Civil Action No.  06-726 (JJF)<br>Civil Action No.  07-357 (JJF)<br><br>**CONSOLIDATED CASES** |

## PLAINTIFF LG DISPLAY'S OPENING BRIEF IN SUPPORT OF LG DISPLAY'S MOTION FOR ENTRY OF PROTECTIVE ORDER

BAYARD P.A.

OF COUNSEL:
Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000

*Attorneys for Plaintiffs LG Display Co., Ltd. and*
*LG Display America, Inc.*

## TABLE OF AUTHORITIES

**Page**

CASES

*Akzo N.V. v. U.S Intern. Trade Comm'n,*
   808 F.2d 1471 (Fed Cir. 1986).................................................................7, 8

*Cook Inc. v. Boston Scientific Corp.,*
   206 F.R.D. 244 (S.D. Ind. 2001)..............................................................6

*Gaymar Industries, Inc. v. Cloud Nine, LCC et al.,*
   No 1:06-cv-62-TC, 2007 WL 582948 (D. Utah Feb. 20, 2007) ................6

*Liveware Publishing, Inc. v. Best Software, Inc.,*
   252 F. Supp. 2d 74 (D. Del. 2003)...........................................................6

*Netquote, Inc. v. Byrd,*
   No. 07-cv-00630-DME-MEH, 2007 WL 2438947 (D. Colo. Aug. 23, 2007) .........................8

*Nuratech, Inc. v. Syntech International, Inc. et al.,*
   242 F.R.D. 552 (C.D. Cal. 2007)..............................................................6

*RPA International Pty Ltd. v. Compact International, Inc.,*
   No. 06-cv-1174-WQH (S.D. Cal. Nov. 16, 2007) ....................................8

*Westbrook v. Charlie Sciara & Son Produce Co.,*
   No. 07-2657-Ma/P, 2008 WL 839745 (W.D. Tenn. Mar. 27, 2008)..........5


OTHER AUTHORITIES

Fed. R. Civ. P. 26(c) ...................................................................................2

D. Del. Local Rule 26.2 ..............................................................................2

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ................................................... 1

SUMMARY OF ARGUMENT ........................................................................... 3

STATEMENT OF FACTS ................................................................................ 3

ARGUMENT ................................................................................................. 5

I.    THE COMPETITIVE AND HIGHLY SENSITIVE NATURE OF
INFORMATION SOUGHT BY THE PARTIES AND THE COMPETITIVE
RELATIONSHIP  AMONG THE PARTIES NECESSITATES LIMITING
ACCESS TO SUCH INFORMATION TO OUTSIDE ATTORNEYS ONLY ............... 5

    A.    LG Display's Highly Sensitive Confidential Technical and Business
Information Should Not Be Disclosed To Any Employees AUO and CMO ........ 6

    B.    LG Display's Highly Sensitive Confidential Technical and Business
Information Should Not Be Disclosed To Comptitors Such As CMO ............... 7

II.    DISCLOSURE OF LG DISPLAY'S COMPETITIVE INFORMATION TO
EMPLOYEES OF CMO OR AUO WOULD BE SEVERELY PREJUDICIAL .............. 8

CONCLUSION .............................................................................................. 10

## NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case. LG Display Co., Ltd. ("LG Display") alleges that Defendants Chi Mei Optoelectronics Corporation ("CMO"), Chi Mei Optoelectronics USA, AU Optronics Corporation ("AUO") and AU Optronics America, unlawfully infringe several Patents-in-Suit. AUO has countered with infringement claims of its own originally asserted in a case that AUO filed in the United States District of Court for the Western District of Wisconsin. The Western District of Wisconsin, however, granted LG Display's motion to transfer, and AUO's Wisconsin case has since been consolidated with this case.

The technology at issue in this case is directed to many aspects of LCD flat panel technology used in computers, televisions, and other products. The Patent-in-Suit collectively cover a broad range of manufacturing processes and technology concerning the manufacture of LCD products. LG Display is a leading global LCD panel manufacturer and competes directly against CMO and AUO, which are Taiwanese manufacturers of LCD products. The LCD industry is extremely competitive.

The parties have exchanged numerous discovery requests covering critical and confidential technical and business information. Such information includes highly sensitive technical information concerning product design and manufacturing, including trade secrets. The parties also seek highly sensitive business and customer information, such as contracts, patent licenses and purchase agreements, product sales and marketing strategies, pricing forecasts and strategies, and the identity of customers and potential customers, among other highly confidential and competitive information.

-1-

In the case that AUO filed in Wisconsin, LG Display and AUO agreed on a protective order (the "LGD-AUO Protective Order"). That LGD-AUO protective order contains an attorneys' eyes only provision, whereby only outside counsel have access to highly confidential documents. LG Display therefore proposed for entry in this case a protective order virtually identical to the LGD-AUO protective order. CMO, however, has not agreed that highly sensitive confidential and competitive documents should be disclosed only to outside counsel and expert witnesses assisting counsel in this case. Instead, CMO has insisted that LG Display's highly competitive and trade secret information be disclosed to a certain number of in house employees of CMO, in addition to outside counsel and experts. AUO does not agree with CMO's approach and also wants a two-tiered system so that AUO's trade secret technical information is not shared with anyone but outside counsel, and no one within LG Display and CMO. Also, while CMO has indicated that it is amenable to the prosecution bar agreed to by LG Display and AUO, CMO is apparently withholding its express agreement until the two-tiered confidentiality system is resolved. Based on the parties' communications LG Display understands the only disputed issue regarding the protective order is whether attorneys' eyes only information should be disclosed only to outside counsel and expert witnesses.

Facing a June 27, 2008 deadline for contention interrogatories, identification of fact witnesses and party document production, the parties have begun responding to interrogatories and producing documents. *See* Rule 16 Scheduling Order (D.I. 194) ¶ 4(a). Because the parties have not yet stipulated to a protective order, they are producing confidential information pursuant to Local Rule 26.2 (restricting disclosure of confidential information to "members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate,

have been admitted pro hac vice"). Despite good faith efforts to resolve this dispute, LG Display respectfully requests that the Court enter the Protective Order proposed by LG Display. *See* Exhibit 1.

## SUMMARY OF ARGUMENT

1.     The Federal rules of Civil Procedure provide for the entry of a Protective Order to limit access, and protect from inadvertent disclosure, information that is a trade secret or other confidential research, development, or commercial information. Fed. R. Civ. P. 26(c).

2.     The nature of the highly sensitive information in this case, including competitive and trade secret business and technical information, warrants entry of a Protective Order that includes an outside counsel only provision, which is a typical provision in patent infringement cases.

3.     LGD, CMO, and AUO are direct competitors, further justifying the need for an outside attorney's eyes only provision in this case.

4.     Disclosure of LG Display's confidential competitive information to direct competitors AUO and CMO would severely prejudice LGD by revealing LG Display's proprietary product design and manufacturing information, and its highly secret licensing and commercial information that is closely guarded and protected.

## STATEMENT OF FACTS

LG Display and AUO stipulated to a protective order that the Honorable John C. Shabaz of the United States District Court for the Western District of Wisconsin entered on May 24, 2007 ("LGD-AUO Protective Order") in the patent infringement suit AUO filed against LG Display. *See* Exhibit 2. The LGD-AUO Protective Order included a provision that limited

access to highly sensitive confidential documents to outside counsel, and prohibits disclosing

such information to officers or employees of the non-producing party. *See* Exhibit 2 at 2-3, 7-8.

The LGD-AUO Protective Order also contained a provision barring any persons receiving

certain highly sensitive confidential documents from supervising or participating on behalf of

any party in drafting, filing, or prosecuting any patent applications involving the subject matter

of the patents in suit until one year after the conclusion of that person's participation in the case.

*See* Exhibit 2 at 8.

LG Display circulated a proposed protective order for the instant case, modeled after the

LGD-AUO protective order and including the two-tiered confidentiality system and prosecution

bar provision, to AUO and CMO on March 24, 2008. *See* Exhibits 1, 3 at 12-13. This is the

same Protective Order that LG Display requests in this motion.

CMO objects to LG Display's proposed protective order and maintains that some party

employees should have access to all confidential information produced in the case. *See* Exhibit 3

at 11-12. LG Display and AUO do not agree with this approach. *See id.* at 3-4. LG Display

continued to negotiate with CMO's Jones Day counsel until Jones Day withdrew from the case

on May 14.

LG Display contacted CMO's new counsel, Irell & Manella, on May 16 expressing LG

Display's hope that the parties could stipulate to a protective order as soon as possible. *See id.* at

1. CMO's counsel did not respond until two weeks later, indicating that it would continue to

seek "insider access" to highly confidential information. *See* Exhibit 4.

CMO appears to agree to the other provisions of LG Display's proposed Protective

Order, although it has not yet expressly agreed to the prosecution bar provision. In previous

-4-

patent cases, CMO has agreed to protective orders that included a provision restricting access to competitive information to outside counsel only.  Both the protective orders in *Commisariat Á l'Energie Atomique v. Samsung Electronics Co., Ltd. et al.*, and in *Semiconductor Energy Laboratory Co., Ltd. v. Chi Mei Optoelectronics, et al.*, contained provisions limiting access to highly confidential documents to outside counsel only.  *See* Exhibits 5 and 6.

## ARGUMENT

**I.    THE COMPETITIVE AND HIGHLY SENSITIVE NATURE OF INFORMATION SOUGHT BY THE PARTIES AND THE COMPETITIVE  RELATIONSHIP AMONG THE PARTIES NECESSITATES LIMITING ACCESS TO SUCH INFORMATION TO OUTSIDE ATTORNEYS ONLY**

Courts have held that limiting access to confidential information to outside attorneys is appropriate when that information is particularly technical or sensitive in nature *or* the parties are competitors.  *See Westbrook v. Charlie Sciara & Son Produce Co.*, No. 07-2657-Ma/P, 2008 WL 839745, *4 (W.D. Tenn. Mar. 27, 2008) ("In general, Courts utilize "attorneys' eyes only" protective orders when especially sensitive information is at issue or the information is to be provided to a competitor.").  Here, both factors sufficient for an outside attorneys only limitation, such as the one to which LG Display and AUO have previously agreed, are present.  This suit involves three direct competitors in a highly competitive industry, seeking discovery concerning twenty-three patents covering LCD module design and manufacturing.  The information sought involves proprietary trade secrets.  Further, discovery also involves highly sensitive marketing, financial, and customer information.  Confidential and sensitive licensing and other business information and strategies are also sought in this case.

**A.    LG Display's Highly Sensitive Confidential Technical and Business
Information Should Not Be Disclosed To Any Employees of AUO and CMO**

Courts regularly mandate proprietary trade secret and technical information be disclosed

only to the receiving party's trial attorneys and independent experts and consultants. *See, e.g.,*

*Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244 (S.D. Ind. 2001) (stating: "The Court finds

and concludes that trade secrets may be restricted to outside or trial counsel's eyes only.");

*Gaymar Industries, Inc. v. Cloud Nine, LLC, et al.*, No 1:06-cv-62-TC, 2007 WL 582948 (D.

Utah Feb. 20, 2007) (explaining that trade secrets including technical customer and financial data

must be protected from unnecessary disclosure and entering a protective order making such

information accessible to attorneys' eyes only).  Access to particularly sensitive business

information, such as sales and marketing strategy and details about customer relationships, is

also appropriately limited to outside counsel. *See, e.g., Liveware Publishing, Inc. v. Best*

*Software, Inc.*, 252 F. Supp. 2d 74, 85 (D. Del. 2003) (finding that customer lists are regularly

accorded treatment as trade secrets and are appropriately subject to a protective order and

available only to trial counsel); *Nuratech, Inc. v. Syntech International, Inc. et al.*, 242 F.R.D.

552, 555 (C.D. Cal. 2007) (recognizing that customer and supplier lists are regularly produced

subject to an "'attorneys eye's only order.'")

These types of information are implicated in this case.  The parties have exchanged

numerous discovery requests seeking disclosure of a wide range of highly sensitive business and

technical information.  As noted above, the requests seek, among other sensitive, critical

information, manufacturing process recipes that include trade secrets; mask and CAD files that

detail the entire product design; the terms of parts and material supply contracts, license

agreements, and sales contracts; intellectual property acquisition and development strategies;

-6-

customer and potential customer lists; and product development and marketing strategies. This information is so sensitive that most company employees do not even have access to it.

None of the parties are disputing that this type of information is highly sensitive, requiring particular safeguards outlined in a protective order. In fact, CMO stated that it understood LG Display's concerns and agreed in the Texas action that CMO brought against LG Display (that has now been transferred to Delaware) that native mask and CAD files produced by CMO and LG Display would be reviewed only by outside counsel and only on stand-alone computers. Significantly, CMO has entered into protective orders with a two-tiered confidentiality system allowing only outside counsel access to similarly sensitive in its other LCD patent infringement cases. For example, CMO agreed to such provisions in *Commisariat À l'Energie Atomique v. Samsung Electronics Co., Ltd. et al.*, No. 03-484-KAJ (D. Del.), *see* Exhibit 5, and *Semiconductor Energy Laboratory Co., Ltd. v. Chi Mei Optoelectronics et al.*, No. 04-04675-MHP, *see* Exhibit 6.

The volume and scope of sensitive information that will be disclosed in this case will be much greater and therefore creates a greater risk, than what existed in those cases. In the *Commisariat À l'Energie Atomique* case, only two patents were at issue; in the *Semiconductor Energy Laboratory Co., Ltd* case, only five patents were at issue. In neither of those cases were any CMO patents at issue. Here, there are 23 patents at issue covering a wide array of LCD panel technology, including six CMO patents.

**B.**     <u>LG Display's Highly Sensitive Confidential Technical and Business Information Should Not Be Disclosed To Competitors Such As CMO</u>

The Federal Circuit recognizes that the disclosure of sensitive information to employees of competitors carries a significant risk to the disclosing party. *Akzo N.V. v. U.S Intern. Trade*

*Comm'n*, 808 F.2d 1471, 1483 (Fed. Cir. 1986) ("Obviously, where confidential material is disclosed to an employee of a competitor, the risk of the competitor obtaining an unfair business advantage may be substantially increased."). Courts recognize that an attorney's eyes only provisions are appropriate when "confidential information that may be used against the company by a direct competitor in the lawsuit is disclosed." *Netquote, Inc. v. Byrd*, No. 07-cv-00630-DME-MEH, 2007 WL 2438947 (D. Colo. Aug. 23, 2007) (entering a protective order with an attorney's eyes only provision that extends to technical computer system information, customer lists and pricing options and forecasts). This is because when parties compete directly, as the parties do here, there is a "legitimate fear of irreparable economic disadvantage if [a party-competitor] obtains access to confidential information," such as that at issue here. *RPA International Pty Ltd. v. Compact International, Inc.*, No. 06-cv-1174-WQH, 2007 WL 4105725, *2-3 (S.D. Cal. Nov. 16, 2007) (denying a party-competitor access to confidential information that may lead to the discovery of the disclosing party's customer lists and marketing strategies).

## II.     DISCLOSURE OF LG DISPLAY'S COMPETITIVE INFORMATION TO EMPLOYEES OF CMO OR AUO WOULD BE SEVERELY PREJUDICIAL

LG Display has, for many years, been recognized as an industry leader and innovator. Further, there is no question that innovation in product design and manufacturing can provide competitive advantages. CMO presumably agrees that LG Display and CMO are direct competitors in the fiercely competitive LCD industry.

In this case, LG Display is asked to produce extremely detailed files and computerized drawings that reflect proprietary designs of LG Display's products. In addition, LG Display is asked to produce GDS "mask" files that show technical steps and processes used to manufacture the substrates that are used for LCD modules. This information is among the most sensitive and

-8-

proprietary information concerning LCD modules made and sold by LG Display. CMO cannot seriously dispute the competitive and confidential nature of LG Display's product designs.

The highly sensitive information at issue is not limited only to proprietary technical information and trade secrets related to manufacturing LCD products with improved performance and features that differentiate them from competitor's products. In addition, CMO and AUO have asked LG Display to provide a broad range of confidential and strategic business information, including how LG Display markets its products to customers. LG Display's customer relationships, sales and marketing plans, and similar competitive information should not be disclosed to employees of AUO or CMO. LG Display's sales and marketing efforts and plans reflect competitive decision-making and confidential strategies. Disclosure of this information to LG Display's competitors CMO or AUO would unjustly enrich CMO and AUO, and prejudice LG Display.

Disclosure of any of LG Display's trade secret product design and manufacturing information sought in this case to employees of AUO or CMO would provide an irreparable and unfair business advantage to LG Display's key competitors. Similarly, LG Display should not have to share with any employees of AUO or CMO competitive information concerning customers, pricing, marketing strategies, or other business issues. The risk of competitive harm to LG Display is substantially exacerbated, moreover, because CMO and AUO have requested that LG Display produce a huge volume and scope of sensitive and competitive information in this case.

LG Display devotes enormous resources to research and development efforts in seeking to gain and preserve competitive advantages. Further, LG Display spends substantial efforts to

cultivate and develop appropriate markets, customers, and business strategies. Given the serious prejudice threatened by use or disclosure of LG Display's competitive information, LG Display respectfully requests that the Court enter a protective order that precludes disclosure of certain highly sensitive information, except to outside counsel and independent experts assisting counsel in this case.

## CONCLUSION

For the foregoing reasons, LG Display requests that the Court grant its motion for entry of protective order and enter LG Display's proposed protective order.

June 6, 2008                                   BAYARD P.A.

                                              /s/ Richard D. Kirk (rl0922)
                                              Richard D. Kirk
                                              Ashley B. Stitzer
                                              222 Delaware Avenue, 9th Floor
                                              P.O. Box 25130
                                              Wilmington, DE 19899-5130
                                              (302) 655-5000
                                              rkirk@bayardfirm.com
                                              *Attorneys for Plaintiffs LG Display Co., Ltd. and LG Display America, Inc.*

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

-10-

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

LG DISPLAY CO., LTD.,

      Plaintiff,

      v.

CHI MEI OPTOELECTRONICS
CORPORATION, et al.

      Defendants.

Civil Action No.  06-726 (JJF)
Civil Action No.  07-357 (JJF)

CONSOLIDATED CASES

## PROTECTIVE ORDER

**WHEREAS**, the parties have stipulated and agreed that an order pursuant to Federal

Rule of Civil Procedure 26(c) is necessary and useful to protect confidential business, financial

or proprietary information that will likely be disclosed in the course of discovery in this action:

      **IT IS HEREBY ORDERED THAT:**

## DEFINITIONS

      1.      The term "Confidential Information" shall mean and include any Documents,

whether in paper, electronic, or other form, portions of Documents, tangible items, information

or other things furnished by any party, including third-parties, answers to interrogatories,

responses to requests to produce documents or other things, responses to requests for admissions,

depositions, transcripts of depositions, all copies, extracts, summaries, compilations,

designations and portions thereof, and technical or commercial information derived therefrom

deemed by any party to be its confidential information.  Documents designated "Confidential

Information" shall meet the criteria stated in the Introduction of this Stipulation.  This Order

shall not govern the admissibility of evidence during the trial proceedings nor does it prohibit

any party or interested member of the public from seeking a protective order to govern disclosure

of confidential information to the public during the trial proceedings.  However, any Confidential

Information designated with a confidentiality marking under the terms of this Protective Order

shall continue to be afforded the protection of this Order by the parties unless the Confidential Information becomes a public record at trial.

2.      The term "Documents" shall mean all materials within the scope of F.R.C.P. Rule 34.

## SPECIFIC PROVISIONS

1.      **DESIGNATION OF MATERIAL AS CONFIDENTIAL**.  Any Document, file, tangible item, or testimony provided by any party or non-party which the producing party in good faith contends contains information proprietary to it and is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure, may be designated as "CONFIDENTIAL" and, except as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party, such designated documents or testimonial information shall be received by counsel of record for the party upon the terms and conditions of this Protective Order (hereafter, "this Protective Order").

2.      **DESIGNATION OF MATERIAL AS HIGHLY CONFIDENTIAL**.  Any CONFIDENTIAL Document, file, tangible item, or testimony produced by any party which contains particularly sensitive information proprietary to the producing party, including, for example, particularly sensitive competitive information, may be designated as "HIGHLY CONFIDENTIAL."  Non-exclusive examples of the types of information that may be HIGHLY CONFIDENTIAL include:

(a)      The names, or other information tending to reveal the identities, of a party's suppliers, present or prospective customers, or distributors;

(b)      Information relating to pending patent applications;

(c)      Financial information of a party;

(d)      Information constituting product specifications;

(e)      Technical notebooks and technical reports of a party or other like information;

(f)      Marketing plans of a party; and

(g)    Other information that a party considers a trade secret.

Other categories of HIGHLY CONFIDENTIAL information may exist.  Disputes regarding whether material is properly designated as "HIGHLY CONFIDENTIAL" shall be resolved in accordance with paragraph 15.  The parties agree to designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's or the public's access to information concerning the lawsuit.

3.    **PROCEDURE FOR DESIGNATING MATERIAL**.  Documents or tangible items shall be designated confidential within the meaning of this Protective Order in the following ways:

(a)    In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or similar;

(b)    In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the first page and all subsequent pages containing the confidential information the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL";

(c)    In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if practicable or, if not practicable, by placing such marking visibly on a package or container for the item;

(d)    In the case of documents that are produced in an electronic file format and it is not possible to label each page in that format, such as native files, parties shall include the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name, or otherwise affix the appropriate legend to the media in which the information is disclosed (i.e., CD, DVD or disk drive).

(e)    In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL."  Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party

shall mark as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

4.    **DESIGNATED MATERIAL SHALL BE KEPT CONFIDENTIAL**.  With respect to all documents, information, or tangible items, produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.  Any native files designated as HIGHLY CONFIDENTIAL can be stored, viewed, or printed out on paper only on or from stand-alone computers that are not networked to other computers or servers, and print-outs need to be marked as HIGHLY CONFIDENTIAL and with the source file name.

5.  **DEPOSITION TESTIMONY**.  If, in the course of this proceeding, depositions are conducted that involve confidential information, counsel for the witness or party producing such information may state, on the record, that the deposition, or a portion thereof, may contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information.  If such designation is made, that deposition, or portion thereof, will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL or HIGHLY CONFIDENTIAL information, as the case may be, in accordance with this Protective Order including interpreters, videographers, and the Court Reporter.  Subject to the terms hereof, CONFIDENTIAL or HIGHLY CONFIDENTIAL information may be disclosed by a receiving party to a deponent, to the extent that its use is necessary, at the deposition(s) of (a) employees, officers, and/or directors of the producing party or its affiliates (e.g., subsidiaries) (b) an author, addressee, or other person indicated as a lawful recipient of a document containing the information; (c) a person clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information; (d) any independent advisor, consultant or expert otherwise qualified under

this Protective Order to receive such information; and (e) any person for whom prior authorization is obtained from the producing party or the Court.

Each party shall have until thirty (30) days after receipt of the final deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The right to make such designation shall be waived unless made within the thirty (30) day period. Prior to such designation, or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed HIGHLY CONFIDENTIAL information. Transcripts of testimony, or portions thereof, containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be filed only under seal as described in paragraph 6, until further order of the Court.

6. **COURT FILINGS CONTAINING CONFIDENTIAL INFORMATION.** Any document, pleading, or tangible item which contains Confidential Information, if filed or submitted to the court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any document, pleading, or tangible item which contains Confidential Information shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of this action, the party filing the materials, the nature of the materials filed, the appropriate legend, and a statement substantially in the following form printed on the envelope(s):

**Subject To Protective Order
To Be Open Only As Directed By The Court**

7. **SIGNED UNDERTAKINGS REQUIRED.** Before disclosure of any information subject to this Protective Order is made to any employee, officer, or director of a non-producing party, or to any consultant or expert (who may not be a present or former employee, officer, or director of the non-producing party) who is retained by a non-producing party, or to any witness, or prospective witness (outside of an actual deposition of such witness), counsel for the party disclosing the information shall obtain the written Undertaking, attached hereto as Exhibit A,

from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. The written Undertaking shall be provided to opposing counsel ten (10) days in advance of the first disclosure of any Confidential Information to such person. If no objection is made to such person receiving Confidential Information within such ten (10) day period, then Confidential Information may be disclosed to such person. Any and all objections must be made in writing with all grounds for objection stated with specificity. If objection is made, then any party may bring before the Court the question of whether the Confidential Information may be disclosed to such person. All signed Undertakings shall be maintained by the counsel who obtained such Undertakings through the conclusion of this action. After completion of the action, the originals of all such Undertakings shall be provided to counsel for the party whose Confidential Information was provided to such person.

In connection with disclosures to experts and consultants, each party shall disclose to the opposing counsel in writing the identity, residence, and curriculum vitae of each expert or consultant (whether testifying or non-testifying). Such curriculum vitae shall provide or summarize the expert or consultant's full name, professional address, educational background, and the qualifications of the expert or consultant (including a list of all publications authored within the preceding four years and a listing of any other cases in which the expert or consultant has testified as an expert at trial or by deposition within the preceding four years) and disclose all of the expert's or consultant's current employers and consulting engagements as well as his or her former employers and past consulting engagements, each for the past four (4) years.

In the event a party retains an expert or consulting firm, the party shall disclose each person to whom the disclosing party's Confidential Information is disclosed whose education, work experience, and role on the matter qualifies him or her as an expert or consultant. In such cases, the party need not submit disclosures for junior analysts and staff members, so long as

they are working on the matter with an expert or consultant that has been disclosed and approved as set forth in this Paragraph.

The expert or consultant may designate his or her disclosures as CONFIDENTIAL or HIGHLY CONFIDENTIAL. To the extent the expert's or consultant's employments or engagements are confidential, the expert or consultant may make a representation that his or her undisclosed employments and engagement (whether current or from the past) did not involve the subject matter of this case (e.g., display technologies), the parties, or affiliates of the parties, in lieu of providing details regarding the employer or particular project.

This disclosure shall be made at the same time the written Undertaking is provided to opposing counsel. The right of a party to object shall be waived if no objection is received by the party disclosing the expert or consultant within ten (10) business days of receipt of said disclosure, except to the extent that the non-designating party later discovers that the original disclosure of a particular expert or consultant was in error or otherwise not fully responsive to the requirements of this Paragraph 7.

In connection with disclosures to employees, officers, or directors of a non-producing party, each party shall disclose to the opposing counsel in writing the identity and title of each employee, officer, or director of the non-producing party. This disclosure shall be made at the same time the written Undertaking is provided to opposing counsel.

8. **LIMITATIONS ON DISCLOSURE OF HIGHLY CONFIDENTIAL MATERIALS**. Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of HIGHLY CONFIDENTIAL documents, deposition transcripts, tangible items or information, including summaries thereof, but not including documents or tangible items with the confidential portions redacted, shall be limited to:

(a)     outside counsel for the parties, whether trial counsel or not, and associate attorneys, paralegal, secretarial and clerical employees assisting such counsel;

(b)     Judges, Magistrates, law clerks, and clerical personnel of the Court before which this action is pending and qualified court reporters, videographers, and translators;

(c)    consultants or experts, who are not present or former employees or officers of the parties, retained by either of the parties to consult or testify in the case, who have executed the attached Undertaking;

(d)    employees and officers of the party producing the documents or information;

(e)    authors or drafters, addressees and those who received the documents or information prior to the commencement of this action; and

(f)    third party contractors and their employees whose regular business is providing litigation support services and who are engaged by a party to assist counsel with coding, imaging, or other document management services, translation services, trial preparation services, the preparation of demonstratives or other visual aids for presentation at a hearing or trial, and/or jury consulting services for this litigation, provided that such personnel of third party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business.

The persons receiving (pursuant to Sections 8(a) above) mask files, electronic CAD files, or process specifications for LCD display products that are designated HIGHLY CONFIDENTIAL information, or any testimony or other discovery (e.g., interrogatory responses) containing such information, shall not supervise or participate on behalf of any party in drafting, filing, or prosecuting any patent applications involving the subject matter of any of the patents at suit in this action from the time the HIGHLY CONFIDENTIAL information is received and until one (1) year following the conclusion of their participation in the above captioned case.

9.    <u>**LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL MATERIALS**</u>. Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of CONFIDENTIAL documents, deposition transcripts, tangible items or information, including summaries thereof, but not including documents or tangible items with the confidential portions redacted, shall be limited to (a) the persons and entities

identified in paragraph 8; and (b) no more than 7 employees or officers of the non-producing party whose identities shall be made known ten (10) days in advance to the producing party and who shall sign an Undertaking in the form attached hereto as Exhibit A.

However, nothing in this Protective Order shall bar or otherwise restrict counsel for a party from rendering legal advice to his or her client which is party to this litigation with respect to this litigation and, in the course thereof, relying upon his or her examination of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any person not entitled to have access to it.

10. **PROCEDURE FOR DISCLOSURES TO OTHER PERSONS**.  If it becomes necessary for counsel for a party receiving Confidential Information to seek the assistance of any person, other than those persons referred to in paragraphs 8 and 9, such as any employee of the receiving party, and to disclose certain Confidential Information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

(a)    Counsel for the receiving party shall notify, in writing, counsel for the party producing the Confidential Information of their desire to disclose certain Confidential Information and shall identify the person(s) to whom they intend to make disclosure;

(b)    If no objection to such disclosure is made by counsel for the producing party within ten (10) days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an Undertaking in the form attached hereto as Exhibit A, whereby such person agrees to comply with and be bound by this Protective Order;

(c)    If the producing party objects to such disclosure, no disclosure shall be made.  Any party may bring before the court the question of whether the particular Confidential

Information can be disclosed to the designated person(s) and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure.

11. **CORRECTION OF INADVERTENT FAILURE TO DESIGNATE MATERIAL AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL**. If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, the producing party may subsequently inform the receiving party of the CONFIDENTIAL or HIGHLY CONFIDENTIAL nature of the disclosed information, and the receiving party shall treat the disclosed information as CONFIDENTIAL or HIGHLY CONFIDENTIAL information upon receipt of written notice from the producing party. The failure of the producing party to designate material CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be deemed or construed to constitute an admission that such material is not confidential or proprietary. The receiving party's disclosure of such CONFIDENTIAL or HIGHLY CONFIDENTIAL information to persons not authorized to receive that information prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the document has been distributed in a manner inconsistent with the designation, a receiving party will take reasonable steps to retrieve all copies of the CONFIDENTIAL or HIGHLY CONFIDENTIAL information that are inconsistently designated, or notes or extracts thereof. In the event distribution has occurred to a person not under the control of a receiving party, the receiving party shall make a request in writing for return of the document and for an Undertaking (in the form provided at Exhibit A). In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the receiving party deems the making of the request to be a useless act, the receiving party shall promptly notify the producing party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

12. **CORRECTION OF INADVERTENT PRODUCTION OF PRIVILEGED OR WORK PRODUCT IMMUNE MATERIALS OR INFORMATION**. If a disclosing party

inadvertently discloses information that is subject to the attorney-client privilege, the attorney work product doctrine, or that is otherwise immune from discovery the disclosing party shall promptly upon learning of such disclosure so advise the receiving party in writing, explaining the basis for the claim of privilege or immunity, and request that the item or items of information, and all copies thereof, be returned. No party shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other immunity. It is further agreed that the receiving party will return or destroy the inadvertently produced item or items of information within five (5) days of the earliest of: (i) discovery by the receiving party of the inadvertent nature of the production; or (ii) receipt of a written request for the return or destruction of such item or items of information.

13. **INFORMATION NOT COVERED BY THIS ORDER**. The restrictions set forth in this Order will not apply to information which is in the possession of or otherwise known to the receiving party or the public before the date of its transmission to the receiving party, or which comes into the possession of or becomes known to the receiving party or comes into the possession of or otherwise becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this order. If such information known to or possessed by the receiving party or the public is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", the receiving party must provide ten (10) days written notice to the producing party of the pertinent circumstances before the restrictions of this order will be inapplicable.

14. **LIMITATIONS ON USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION**. No person or party receiving any CONFIDENTIAL or HIGHLY CONFIDENTIAL information obtained pursuant to any pretrial discovery in this action shall directly or indirectly utilize or disclose such information, except for the purpose of this action and Civil Action 2:07cv-176 in the United States District Court for the Eastern

District of Texas, or as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party (whether a party or non-party).

15. **CONTESTING DESIGNATION OF CONFIDENTIALITY**. Acceptance by a party of any information, document, or thing designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a concession that the information, document or thing is confidential. Any party or interested member of the public may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by any party by motion or otherwise. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, but information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be deemed as such until the matter is resolved.

16. **NO LIMITATION OF OTHER RIGHTS**. This Protective Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

17. **RELIEF FROM OR MODIFICATION OF THIS ORDER**. This Protective Order shall not prevent any party or interested member of the public from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

18. **RETURN OF CONFIDENTIAL INFORMATION**. At the conclusion of this action and any related actions, including any appeals, all Confidential Information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the attorneys of record for the producing party, or destroyed by counsel for the receiving party. In the case where the latter option is used, within thirty (30) days of the conclusion of this action, counsel for the

receiving party shall notify counsel for the producing party, in writing, that such destruction has taken place. Notwithstanding the foregoing, outside counsel for the parties may maintain a reasonable number of copies of work product (including internal communications such as e-mail), discovery requests and responses (other than document production), correspondence, briefs, depositions, trial transcripts, trial exhibits, deposition exhibits. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, Confidential Information produced hereunder shall continue to be binding after the conclusion of this action.

19. **INFORMATION PRODUCED BY THIRD PARTIES**. If discovery is sought of a person or other entity not a party to this action ("third-party") requiring disclosure of information that such third-party believes in good faith must be kept CONFIDENTIAL or HIGHLY CONFIDENTIAL, such information disclosed by the third-party may be shared with only those persons designated in paragraphs 9 and 8 respectively. Additionally such information will be subject to all other protections provided by the remainder of this Order. Furthermore, to the extent that the Court, any party and/or any other person seeks to change the designation of or protection of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL information, use such information in open Court, or provide such information to any person not listed in paragraphs 9 and 8 respectively, the producing third-party shall have notice of no less than ten (10) days and shall be given an opportunity to be heard with respect to such action. Finally, except as provided in paragraph 12 with respect to inadvertent disclosure, the burden of proving that a document is entitled to less protection than that selected by the producing third-party shall be on the receiving party who seeks to change such designation or use such information in a manner not permitted by paragraph 9 and 8.

20. **PROCESS IN OTHER ACTIONS**. In the event any person or receiving party having possession, custody, or control of any document, testimony, or information produced in the above captioned action and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by a disclosing party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail the attorneys of record of the disclosing

party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any reasonable procedure sought to be pursued by the party whose interest may be affected. The disclosing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process, or order shall be entitled to comply with it except to the extent the disclosing party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

21. **<u>APPLICATION OF ORDER TO PREVIOUSLY DISCLOSED MATERIALS</u>**. This Protective Order shall apply to information and materials produced in this action prior to the entry of this order.

_____
Honorable Judge Joseph J. Farnan
United States District Court

EXHIBIT A

## **UNDERTAKING OF PROPOSED EXPERT OR OTHER DESIGNEE**

I, _____, hereby acknowledge that I might receive material or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "Confidential Information") as set forth in the Protective Order in this case.

I certify my understanding that the Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I understand that the Confidential Information or any information derived therefrom, including excerpts, summaries, indices, abstracts, or copies thereof, and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such Confidential Information.

I will return on request or at the termination of this action all materials containing, referring to, relating to, or otherwise reflecting Confidential Information, or derived in whole or part from Confidential Information, copies thereof and notes that have been prepared relating thereto, to outside trial counsel for the party by whom or on whose behalf I am employed or retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order and waive any and all objections to jurisdiction and venue.


_____
(Signature)

_____
(Printed Name)

_____
(Date)

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| AU OPTRONICS CORPORATION, | ) | |
| Plaintiff, | ) | Case No.: 07-C-0137-S |
| v. | ) | Judge John C. Shabaz |
| LG.PHILIPS LCD CO., LTD. and LG.PHILIPS LCD AMERICA, | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

### INTRODUCTION

WHEREAS, the parties believe in good faith that certain information discoverable in this case consists of financial information, proprietary information, confidential sales information, and/or commercially valuable information that the respective parties, or non-parties from whom the parties seek discovery, maintain in confidence in the ordinary course of business;

WHEREAS, the parties reasonably believe that public disclosure of such confidential information would cause financial and competitive harms to the disclosing party or non-party;

WHEREAS, the parties believe that good cause exists for the entry of this Protective Order, which is narrowly tailored to protect the aforementioned confidential information.

By reason of the foregoing, the parties, by their counsel, jointly request that this Court enter the following Protective Order Regarding Confidential Information in this matter.

### DEFINITIONS

1.    The term "Confidential Information" shall mean and include any Documents, whether in paper, electronic, or other form, portions of Documents, tangible items, information or other things furnished by any party, including third-parties, answers to interrogatories, responses to requests to produce documents or other things, responses to requests for admissions, depositions, transcripts of depositions, all copies, extracts, summaries, compilations,

Copy of this document has been
provided to: HAUS TIMOIS
TYLER PETERSON & BARD
this 25 day of May, 2007
by _____
M. Hardin, Secretary to

designations and portions thereof, and technical or commercial information derived therefrom deemed by any party to be its confidential information. Documents designated "Confidential Information" shall meet the criteria stated in the Introduction of this Stipulation. This Order shall not govern the admissibility of evidence during the trial proceedings nor does it prohibit any party or interested member of the public from seeking a protective order to govern disclosure of confidential information to the public during the trial proceedings. However, any Confidential Information designated with a confidentiality marking under the terms of this Protective Order shall continue to be afforded the protection of this Order by the parties unless the Confidential Information becomes a public record at trial.

2.    The term "Documents" shall mean all materials within the scope of F.R.C.P. Rule 34.

## SPECIFIC PROVISIONS

1.    <u>**DESIGNATION OF MATERIAL AS CONFIDENTIAL**</u>.  Any Document, tangible item, or testimony provided by any party or non-party which the producing party in good faith contends contains information proprietary to it and is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure, may be designated as "CONFIDENTIAL" and, except as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party, such designated documents or testimonial information shall be received by counsel of record for the party upon the terms and conditions of this Protective Order (hereafter, "this Protective Order").

2.    <u>**DESIGNATION OF MATERIAL AS ATTORNEYS' EYES ONLY**</u>.  Any CONFIDENTIAL Document, tangible item, or testimony produced by any party which contains particularly sensitive information proprietary to the producing party, including, for example, particularly sensitive competitive information, may be designated as "ATTORNEYS' EYES ONLY." Non-exclusive examples of the types of information that may be ATTORNEYS' EYES ONLY include:

    (a)      The names, or other information tending to reveal the identities, of a party's suppliers, present or prospective customers, or distributors;

    (b)      Information relating to pending patent applications;

    (c)      Financial information of a party;

    (d)      Information constituting product specifications;

    (e)      Technical notebooks and technical reports of a party or other like information;

    (f)      Marketing plans of a party; and

    (g)      Other information that a party considers a trade secret.

Other categories of ATTORNEYS' EYES ONLY information may exist. Disputes regarding whether material is properly designated as "ATTORNEYS' EYES ONLY" shall be resolved in accordance with paragraph 15. The parties agree to designate information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's or the public's access to information concerning the lawsuit.

    3.  **PROCEDURE FOR DESIGNATING MATERIAL.** Documents or tangible items shall be designated confidential within the meaning of this Protective Order in the following ways:

    (a)      In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or similar;

    (b)      In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the first page and all subsequent pages containing the confidential information the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY";

    (c)      In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if practicable or, if not practicable, by placing such marking visibly on a package or container for the item;

PROTECTIVE ORDER

(d)    In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

4.    **DESIGNATED MATERIAL SHALL BE KEPT CONFIDENTIAL**. With respect to all documents, information, or tangible items, produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

5.    **DEPOSITION TESTIMONY**. If, in the course of this proceeding, depositions are conducted that involve confidential information, counsel for the witness or party producing such information may state, on the record, the portion of the deposition which counsel believes may contain CONFIDENTIAL or ATTORNEYS' EYES ONLY information. If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL or ATTORNEYS' EYES ONLY information, as the case may be, in accordance with this Protective Order, and the Court Reporter. Subject to the terms hereof, CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be disclosed by a receiving party to a deponent, to the extent that its use is necessary, at the deposition(s) of (a) employees, officers, and/or directors of the producing party, (b) an author, addressee, or other person indicated as a lawful recipient of a document containing the information; (c) a person clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information; (d) any independent advisor, consultant

or expert otherwise qualified under this Protective Order to receive such information; and (e) any person for whom prior authorization is obtained from the producing party (which agrees not to unreasonably withhold, condition, or delay such consent) or the Court.

Each party shall have until thirty (30) days after receipt of the final deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The right to make such designation shall be waived unless made within the thirty (30) day period. Prior to such designation, or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed ATTORNEYS' EYES ONLY information. Transcripts of testimony, or portions thereof, containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be filed only under seal as described in paragraph 6, until further order of the Court.

6. **COURT FILINGS CONTAINING CONFIDENTIAL INFORMATION**. Any document, pleading, or tangible item which contains Confidential Information, if filed or submitted to the court, shall be filed in a sealed envelope marked "Confidential - Not To Be Opened Except By Order Of The Court."

7. **SIGNED UNDERTAKINGS REQUIRED**. Before disclosure of any information subject to this Protective Order is made to any employee, officer, or director of a non-producing party, or to any consultant or expert (who may not be a present or former employee, officer, or director of the non-producing party) who is retained by a non-producing party, or to any witness, or prospective witness (outside of an actual deposition of such witness), counsel for the party disclosing the information shall obtain the written Undertaking, attached hereto as Exhibit A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. The written Undertaking shall be provided to

PROTECTIVE ORDER

opposing counsel ten (10) days in advance of the first disclosure of any Confidential Information to such person. If no objection is made to such person receiving Confidential Information within such ten (10) day period, then Confidential Information may be disclosed to such person. Any and all objections must be made in writing with all grounds for objection stated with specificity. If objection is made, then any party may bring before the Court the question of whether the Confidential Information may be disclosed to such person. All signed Undertakings shall be maintained by the counsel who obtained such Undertakings through the conclusion of this action. After completion of the action, the originals of all such Undertakings shall be provided to counsel for the party whose Confidential Information was provided to such person.

In connection with disclosures to experts and consultants, each party shall disclose to the opposing counsel in writing the identity, residence, and curriculum vitae of each expert or consultant (whether testifying or non-testifying). Such curriculum vitae shall provide or summarize the expert or consultant's full name, professional address, educational background, general areas of expertise, all present or prior relationships between the expert or consultant and the receiving party, and the qualifications of the expert or consultant (including a list of all publications authored within the preceding four years and a listing of any other cases in which the expert or consultant has testified as an expert at trial or by deposition within the preceding four years) and disclose all of the expert's or consultant's current employers and consulting engagements as well as his or her former employers and past consulting engagements, each for the past four (4) years.

In the event a party retains an expert or consulting firm, the party shall disclose each person to whom the disclosing party's Confidential Information is disclosed whose education, work experience, and role on the matter qualifies him or her as an expert or consultant. In such cases, the party need not submit disclosures for junior analysts and staff members, so long as they are working on the matter with an expert or consultant that has been disclosed and approved as set forth in this Paragraph.

The expert or consultant may designate his or her disclosures as CONFIDENTIAL or ATTORNEYS' EYES ONLY. To the extent the expert's or consultant's employments or engagements are confidential, the expert or consultant may make a representation that his or her undisclosed employments and engagement (whether current or from the past) did not involve the subject matter of this case (e.g., display technologies), the parties, or affiliates of the parties, in lieu of providing details regarding the employer or particular project.

This disclosure shall be made at the same time the written Undertaking is provided to opposing counsel. The right of a party to object shall be waived if no objection is received by the party disclosing the expert or consultant within ten (10) business days of receipt of said disclosure, except to the extent that the non-designating party later discovers that the original disclosure of a particular expert or consultant was in error or otherwise not fully responsive to the requirements of this Paragraph 7.

In connection with disclosures to employees, officers, or directors of a non-producing party, each party shall disclose to the opposing counsel in writing the identity and title of each employee, officer, or director of the non-producing party. This disclosure shall be made at the same time the written Undertaking is provided to opposing counsel.

8. **LIMITATIONS ON DISCLOSURE OF ATTORNEYS' EYES ONLY MATERIALS.** Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of ATTORNEYS' EYES ONLY documents, deposition transcripts, tangible items or information, including summaries thereof, but not including documents or tangible items with the confidential portions redacted, shall be limited to:

      (a)    outside counsel for the parties, whether trial counsel or not, and associate attorneys, paralegal, secretarial and clerical employees assisting such counsel;

      (b)    Judges, Magistrates, law clerks, and clerical personnel of the Court before which this action is pending and qualified court reporters, videographers, and translators;

      (c)      consultants or experts, who are not present or former employees or officers of the parties, retained by either of the parties to consult or testify in the case, who have executed the attached Undertaking;

      (d)      employees and officers of the party producing the documents or information;

      (e)      authors or drafters, addressees and those who received the documents or information prior to the commencement of this action; and

      (f)      third party contractors and their employees whose regular business is providing litigation support services and who are engaged by a party to assist counsel with coding, imaging, or other document management services, translation services, trial preparation services, the preparation of demonstratives or other visual aids for presentation at a hearing or trial, and/or jury consulting services for this litigation, provided that such personnel of third party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business.

The persons receiving (pursuant to Sections 8(a), 8(c), or 8(f) above) mask files, electronic CAD files, or process specifications for LCD display products that are designated ATTORNEYS EYES' ONLY information, or any testimony or other discovery (e.g., interrogatory responses) containing such information, shall not supervise or participate on behalf of any party in drafting, filing, or prosecuting any patent applications involving the subject matter of any of the patents at suit in this action from the time the ATTORNEYS' EYES ONLY information is received and until one (1) year following the conclusion of their participation in the above captioned case.

9.  <u>**LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL MATERIALS**</u>.

Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of CONFIDENTIAL documents, deposition transcripts, tangible items or information, including summaries thereof, but not including documents or tangible items with the confidential portions redacted, shall be limited to (a) the persons and entities

identified in paragraph 8; and (b) no more than 7 employees or officers of the non-producing party whose identities shall be made known ten (10) days in advance to the producing party and who shall sign an Undertaking in the form attached hereto as Exhibit A.

However, nothing in this Protective Order shall bar or otherwise restrict counsel for a party from rendering legal advice to his or her client which is party to this litigation with respect to this litigation and, in the course thereof, relying upon his or her examination of information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any person not entitled to have access to it.

10. **PROCEDURE FOR DISCLOSURES TO OTHER PERSONS**.  If it becomes necessary for counsel for a party receiving Confidential Information to seek the assistance of any person, other than those persons referred to in paragraphs 8 and 9, such as any employee of the receiving party, and to disclose certain Confidential Information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

(a)    Counsel for the receiving party shall notify, in writing, counsel for the party producing the Confidential Information of their desire to disclose certain Confidential Information and shall identify the person(s) to whom they intend to make disclosure;

(b)    If no objection to such disclosure is made by counsel for the producing party within ten (10) days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an Undertaking in the form attached hereto as Exhibit A, whereby such person agrees to comply with and be bound by this Protective Order;

(c)    If the producing party objects to such disclosure, no disclosure shall be made.  Any party may bring before the court the question of whether the particular Confidential

Information can be disclosed to the designated person(s) and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure.

11. **CORRECTION OF INADVERTENT FAILURE TO DESIGNATE MATERIAL AS CONFIDENTIAL OR ATTORNEYS' EYES ONLY**. If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, the producing party may subsequently inform the receiving party of the CONFIDENTIAL or ATTORNEYS' EYES ONLY nature of the disclosed information, and the receiving party shall treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information upon receipt of written notice from the producing party. The failure of the producing party to designate material CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be deemed or construed to constitute an admission that such material is not confidential or proprietary. The receiving party's disclosure of such CONFIDENTIAL or ATTORNEYS' EYES ONLY information to persons not authorized to receive that information prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the document has been distributed in a manner inconsistent with the designation, a receiving party will take reasonable steps to retrieve all copies of the CONFIDENTIAL or ATTORNEYS' EYES ONLY information that are inconsistently designated, or notes or extracts thereof. In the event distribution has occurred to a person not under the control of a receiving party, the receiving party shall make a request in writing for return of the document and for an Undertaking (in the form provided at Exhibit A). In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the receiving party deems the making of the request to be a useless act, the receiving party shall promptly notify the producing party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

12. **CORRECTION OF INADVERTENT PRODUCTION OF PRIVILEGED OR WORK PRODUCT IMMUNE MATERIALS OR INFORMATION**. The inadvertent

production of documents or information subject to the attorney-client privilege, work-product immunity, or other privilege, despite the parties' reasonable efforts to prescreen such documents and information prior to production, shall be without prejudice to any claim that such material is privileged or protected from discovery. No party will be held to have waived any rights by such inadvertent production if the designating party gives prompt notice upon learning of the inadvertent production to all other parties that it is asserting a claim of privilege or other objection with respect to such document or other information. Once the receiving party has received notice of the claim of inadvertent production, the receiving party shall not review, copy, disseminate, or otherwise use the inadvertently produced document or information in any manner or for any purpose until further order of the Court, and the receiving party shall, within five (5) business days of receipt of such notice, use his or her best efforts to retrieve and return to the producing party or destroy all copies of the documents or information at issue and shall destroy any documents, copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such documents or information. The return of any discovery item to the producing party shall not in any way preclude the non-producing party from moving the Court for a ruling that: (a) the document or thing was never privileged or otherwise immune from disclosure; and/or (b) that any applicable privilege or immunity has been waived. The receiving party will notify the designating party and certify in writing that such documents or information and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such documents or information have been returned or destroyed.

13. **INFORMATION NOT COVERED BY THIS ORDER**. The restrictions set forth in this Order will not apply to information which is in the possession of or otherwise known to the receiving party or the public before the date of its transmission to the receiving party, or which comes into the possession of or becomes known to the receiving party or comes into the possession of or otherwise becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this

order. If such information known to or possessed by the receiving party or the public is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", the receiving party must provide ten (10) days written notice to the producing party of the pertinent circumstances before the restrictions of this order will be inapplicable.

14. **LIMITATIONS ON USE OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION**. No person or party receiving any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained pursuant to any pretrial discovery in this action shall directly or indirectly utilize or disclose such information, except for the purpose of this action only, as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party (whether a party or non-party).

15. **CONTESTING DESIGNATION OF CONFIDENTIALITY**. Acceptance by a party of any information, document, or thing designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a concession that the information, document or thing is confidential. Any party or interested member of the public may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by any party by motion or otherwise. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, but information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be deemed as such until the matter is resolved.

16. **NO LIMITATION OF OTHER RIGHTS**. This Protective Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

17. **RELIEF FROM OR MODIFICATION OF THIS ORDER**. This Protective Order shall not prevent any party or interested member of the public from applying to the Court for

relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

18. **RETURN OF CONFIDENTIAL INFORMATION**.  At the conclusion of this action, including any appeals, all Confidential Information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the attorneys of record for the producing party, or destroyed by counsel for the receiving party.  In the case where the latter option is used, within thirty (30) days of the conclusion of this action, counsel for the receiving party shall notify counsel for the producing party, in writing, that such destruction has taken place. Notwithstanding the foregoing, outside counsel for the parties may maintain a reasonable number of copies of work product (including internal communications such as e-mail), discovery requests and responses (other than document production), correspondence, briefs, depositions, trial transcripts, trial exhibits, deposition exhibits. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, Confidential Information produced hereunder shall continue to be binding after the conclusion of this action.

19. **INFORMATION PRODUCED BY THIRD PARTIES**.  If discovery is sought of a person or other entity not a party to this action ("third-party") requiring disclosure of information that such third-party believes in good faith must be kept CONFIDENTIAL or ATTORNEYS' EYES ONLY, such information disclosed by the third-party may be shared with only those persons designated in paragraphs 9 and 8 respectively.  Additionally such information will be subject to all other protections provided by the remainder of this Order.  Furthermore, to the extent that the Court, any party and/or any other person seeks to change the designation of or protection of any such CONFIDENTIAL or ATTORNEYS' EYES ONLY information, use such information in open Court, or provide such information to any person not listed in paragraphs 9 and 8 respectively, the producing third-party shall have notice of no less than ten (10) days and shall be given an opportunity to be heard with respect to such action.  Finally, except as provided in paragraph 12 with respect to inadvertent disclosure, the burden of proving that a document is

PROTECTIVE ORDER

entitled to less protection than that selected by the producing third-party shall be on the receiving party who seeks to change such designation or use such information in a manner not permitted by paragraph 9 and 8.

20. **PROCESS IN OTHER ACTIONS**. In the event any person or receiving party having possession, custody, or control of any document, testimony, or information produced in the above captioned action and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by a disclosing party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail the attorneys of record of the disclosing party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any reasonable procedure sought to be pursued by the party whose interest may be affected. The disclosing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process, or order shall be entitled to comply with it except to the extent the disclosing party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

21. **APPLICATION OF ORDER TO PREVIOUSLY DISCLOSED MATERIALS**. This Protective Order shall apply to information and materials produced in this action prior to the entry of this order.

**ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:

DATED this 24 day of MAY , 2007.

The Hon. John C. Shabaz
United States District Judge

PROTECTIVE ORDER

# EXHIBIT 3

**Lomas, John**

| | |
|---|---|
| **From:** | Brzezynski, Lora |
| **Sent:** | Friday, May 16, 2008 3:37 PM |
| **To:** | LGD vs CMO/AUO DE |
| **Subject:** | FW: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. -- Draft of Proposed Stipulated Protective Order |
| **Attachments:** | 20070524 Protective Order[1].pdf; DC-#50537261-v1-LGD_Protective_Order_(Delaware).DOC |


20070524
otective Order[1].p.


DC-#50537261-v1-
LGD_Protective...

fyi


-----Original Message-----
From: Brzezynski, Lora
Sent: Friday, May 16, 2008 3:36 PM
To: Kagan, Jonathan
Cc: 'Range, Brian D.'; Tyler, Craig; Holloway, Julie; jshaw; katherinemurray; Karen L. Pascale; peterwied; Philip A Rovner; terrygarnett@paulhastings.com; vincentyip; Kirk Richard; Bono, Gaspare; Goodwyn, Tyler; Christenson, Cass
Subject: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. -- Draft of Proposed Stipulated Protective Order

Jonathan:

Please see the series of emails below.  We would like to work together to stipulate to the entry of a protective order in this case as soon as possible.  To bring you up to date, AUO and LG Display agreed to a protective order in AUO's Wisconsin case before it was transferred and consolidated with this case in Delaware.  For your convenience, attached is a copy of that Order.  LG Display slightly revised that Order and circulated it for review in this case.  A copy of LG Display's draft, which is almost identical to the Wisconsin protective order is attached as well.  To date, we have not received agreement from CMO on LG Display's draft order.

The primary disagreement has concerned CMO's position that its in-house employees should have access to LG Display's highly confidential documents produced in the case.  LG Display understood as of Mr. Licygiewicz's April 8, 2008 email that CMO agreed to a two-tier confidentiality system with one tier being limited to outside counsel only and that the only issue remaining concerned whether certain technical notebooks and product specifications of a party could be marked highly confidential and limited to outside counsel.  However, Mr. Licygiewicz's April 24, 2008 email suggested that CMO representatives should have access to all documents produced in the case and that there should not be a confidentiality level limited to outside counsel.

As previously noted, LG Display cannot agree to CMO's approach. It would be highly irregular and inappropriate for competitors in this LCD industry to have access to another party's trade secrets and other highly confidential information.  Mr. Tyler's May 6, 2008 email confirms that AUO cannot agree with CMO's approach either.  Given that you have just been substituted in as counsel for CMO, we ask that you respond as soon as you can with CMO's comments to the draft protective order attached so that a protective order can be promptly entered.  We are also amenable to a conference call next week to work out any remaining issues.

Prior to the entry of a protective order, the parties are proceeding to produce documents and information pursuant to Local Rule 26.2.  In the interim, however, LG Display requested that all parties agree to the proposed prosecution bar paragraph.  AUO has

agreed, and we would appreciate receiving CMO's agreement as soon as possible before LG
Display produces its documents to CMO.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Range, Brian D. [mailto:brange@wsgr.com]
Sent: Friday, May 09, 2008 4:58 PM
To: Brzezynski, Lora; Tyler, Craig; Arthur P. Licygiewicz
Cc: Christenson, Cass; Bono, Gaspare; Holloway, Julie; Lomas, John; jshaw;
katherinemurray; kpascale; Kenneth R. Adamo; peterwied; Philip A Rovner; Robert C. Kahrl;
Richard Kirk; terrygarnett; Goodwyn, Tyler; vincentyip
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. -- Draft of
Proposed Stipulated Protective Order

Lora:

AUO agrees to the patent prosecution language.

Brian

-----Original Message-----
From: Brzezynski, Lora [mailto:lbrzezynski@mckennalong.com]
Sent: Friday, May 09, 2008 3:16 PM
To: Tyler, Craig; Arthur P. Licygiewicz
Cc: Range, Brian D.; Christenson, Cass; Bono, Gaspare; Holloway, Julie;
Lomas, John; jshaw; katherinemurray; kpascale; Kenneth R. Adamo;
peterwied; Philip A Rovner; Robert C. Kahrl; Richard Kirk; terrygarnett;
Goodwyn, Tyler; vincentyip
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et
al. -- Draft of Proposed Stipulated Protective Order

Dear Craig, Brian, and Art:

Given where we are, we think it would be best to work from the draft
protective order that LG Display circulated.  I have attached it again
to this email for your convenience.  This draft protective order is
almost identical to the protective order drafted by AUO and that was
entered in the Wisconsin action.

At a minimum, however, as information and documents are beginning to be
produced, we do need to finalize our agreement on the prosecution bar
language.  Thus, in the absence of a protective order and because the
parties are beginning to produce information and documents under Local
Rule 26.2, we would like all parties to agree to the prosecution bar
language and agree that such a prosecution bar is in effect in this
case.  We believe that AUO is in agreement with this paragraph given
that the same paragraph was included in the AUO Wisconsin protective
order, but if we are incorrect, please let us know.  We would also
appreciate receiving CMO's agreement as soon as possible.

Below is LG Display's suggested langugage:

The persons receiving mask files, electronic CAD files, or process

2

specifications for LCD display products that are designated HIGHLY
CONFIDENTIAL information, or any testimony or other discovery (e.g.,
interrogatory responses) containing such information, shall not
supervise or participate on behalf of any party in drafting, filing, or
prosecuting any patent applications involving the subject matter of any
of the patents at suit in this action from the time the HIGHLY
CONFIDENTIAL information is received and until one (1) year following
the conclusion of their participation in the above captioned case.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Tyler, Craig [mailto:ctyler@wsgr.com]
Sent: Tuesday, May 06, 2008 10:44 AM
To: Brzezynski, Lora; Arthur P. Licygiewicz
Cc: Range, Brian D.; Christenson, Cass; Bono, Gaspare; Holloway, Julie;
Lomas, John; jshaw; katherinemurray; kpascale; Kenneth R. Adamo;
peterwied; Philip A Rovner; Robert C. Kahrl; Richard Kirk; terrygarnett;
Goodwyn, Tyler; vincentyip
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et
al. -- Draft of Proposed Stipulated Protective Order

Art,

We have discussed your proposal with AUO, and AUO is not agreeable to
your approach.   There needs to be a two-tier order so that at least
certain AUO trade secret technical information is not shared with anyone
but outside counsel, and no one within both LGD and CMO.  Thanks.


M. Craig Tyler
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746-5546
(512) 338-5410 (direct)
(512) 576-3388 (cell)
(512) 338-5499 (fax)

-----Original Message-----
From: Brzezynski, Lora [mailto:lbrzezynski@mckennalong.com]
Sent: Tuesday, May 06, 2008 9:30 AM
To: Arthur P. Licygiewicz
Cc: Range, Brian D.; Christenson, Cass; Tyler, Craig; Bono, Gaspare;
Holloway, Julie; Lomas, John; jshaw; katherinemurray; kpascale; Kenneth
R. Adamo; peterwied; Philip A Rovner; Robert C. Kahrl; Richard Kirk;
terrygarnett; Goodwyn, Tyler; vincentyip
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et
al. -- Draft of Proposed Stipulated Protective Order

Art:

LG Display understood as of your April 8, 2008 email that CMO agreed to
a two-tier confidentiality system with one tier being limited to outside

3

counsel only. Indeed, as noted in my April 15, 2008 email to you, LG Display believed the issue remaining concerned whether certain technical notebooks and other technical product specifications of a party could be marked highly confidential and limited to outside counsel. LG Display maintains that such technical information should only be seen by outside counsel given this extremely competitive LCD industry.

Your April 24th email appears to ignore the progress the parties had made in reaching a compromise and moves us further apart. We understand your April 24 email to now suggest that CMO representatives should have access to all documents produced in the case and that there should not be a two-tier system with one tier being limited to outside counsel. This suggestion is simply not workable, and we would be very surprised if AUO agrees with your proposal given that AUO proposed the protective order in Wisconsin and specifically proposed a two-tier system, with one tier being limited to outside counsel, to which LG Display agreed.

As my previous two emails state, we believe it would be highly irregular for competitors in this LCD industry to have access to another party's trade secrets and other highly confidential information. It is customary in these patent infringement cases to utilize experts, where necessary, to assist counsel in the analysis of certain highly confidential documents. Further, your email ignored the point made in my April 15 email that CMO required in the related Texas litigation that counsel first agree that native mask files be viewed only on stand alone computers by outside counsel before such files would be produced. CMO's position in Texas is consistent with the positions it has taken in other litigations as well.  Moreover, your email alludes to Federal Circuit precedent and precedent in the Delaware court. If you have case law that you wish to cite to us, we would be happy to review your cases.

Concerning the prosecution bar paragraph, you refer to one proposed "in the stipulated protective order." Please advise regarding which protective order you are referring and identify the paragraph specifically.  Both the AUO/LGD protective order from the Wisconsin case and LG Display's draft protective order that I circulated had the same prosecution bar paragraph.  If that is the paragraph to which you are referring, we can reach agreement on the wording of that paragraph.  I am not aware of a prosecution bar paragraph proposed by CMO.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Arthur P. Licygiewicz [mailto:aplicygiewicz@JonesDay.com]
Sent: Thursday, April 24, 2008 2:02 PM
To: Brzezynski, Lora
Cc: brange; Christenson, Cass; ctyler; Bono, Gaspare; jholloway; Lomas, John; jshaw; katherinemurray; kpascale; Kenneth R. Adamo; Caplan, Mindy; peterwied; Philip A Rovner; Robert C. Kahrl; Richard Kirk; terrygarnett; Goodwyn, Tyler; vincentyip
Subject: Re: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. -- Draft of Proposed Stipulated Protective Order

Lora,

We have had a chance to discuss your proposal with our client.

We, too, are amenable to working together to agree on a specific list of documents that can be marked with the higher level of confidentiality or on other creative solutions that would resolve the protective order issue.
As
I indicated previously, we believe that the list originally circulated as part of the protective order that you proposed was too expansive in the context of the proposed order. Nevertheless, in an effort to move our discussions forward, we propose the following solution that we believe would resolve all concerns about the access that a particular party may have to another's "Highly Confidential" information, as well as the designation of materials under the stipulated protective order:

      All of the categories (a) through (g) as referenced in the
      proposed stipulated protective order can be used to
appropriately
      designate materials that may be "Highly Confidential" to a
party.

      Three (3) CMO in-house attorneys or advisors working in its
legal
      department that are specifically designated to work on this
      lawsuit can have access to the "Highly Confidential"
information
      as produced by LG Display or third parties, but not any such
      information that is produced by AUO.

      AUO can similarly designate three (3) in-house attorneys or
      advisors working in its legal department to have access to such
      "Highly Confidential" information produced by LG Display or
third
      parties, but not any such information produced by CMO.

      LG Display can similarly designate three (3) in-house attorneys
or
      advisors working in its legal department to have access to
"Highly
      Confidential" information produced by CMO, AUO or third
parties.

Naturally, all of the individuals who have such access would be subject to a prosecution bar such as the one proposed in the stipulated protective order. Also, none of the individuals would be involved in any competitive decision-making activities such as those that involve providing advice or participating in a client's decisions relative to pricing, product design or other competitive activities made in light of similar or corresponding information about a competitor.

We believe that this proposed solution is supported by Federal Circuit precedent and previously has been accepted in this Court. Indeed, this proposed solution would enable those legal personnel working at CMO, AUO and LG Display to assist outside counsel in evaluating this litigation, and allow for the efficient communication of recommendations regarding the management and possible settlement of litigation. In addition, this solution would ameliorate any hardships that would otherwise be faced by the parties in the conduct of this case if in-house legal personnel were not permitted to participate in the preparation of a party's defense, or in LG Display's case, prosecution of this case. Overall, we believe that this solution is in the best interests of all parties involved and would address the concerns regarding a party's access to another party's "Highly Confidential" information.

Assuming that the parties can agree on the above proposal, I believe
that we can reach agreement on the remaining points of the proposed,
stipulated protective order relatively quickly.

Best regards,
Art

```
=================================
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Telephone:  (216) 586 - 7165
Facsimile:  (216) 579 - 0212
Email:  aplicygiewicz@jonesday.com
=================================
```

|  |  |
|---|---|
| To | "Brzezynski,Lora"<br><lbrzezynski@mckennalong.com><br>"Arthur Licygiewicz"<br><aplicygiewicz@jonesday.com> |
| cc |  |
| 4/15/2008 06:35 PM | brange <brange@wsgr.com>,<br>"Christenson, Cass"<cchristenson@mckennalong.com>,ctyler <ctyler@wsgr.com>,<br>"Bono,Gaspare" <gbono@mckennalong.com>,                     jholloway<br><jholloway@wsgr.com>,"Lomas, John" <jlomas@mckennalong.com>, jshaw<jshaw@ycst.com>,<br>katherinemurray katherinemurray@paulhastings.com>, kpascale <kpascale@ycst.com>, "Kenneth<br>R. Adamo"            <kradamo@JonesDay.com>, peterwied<br><peterwied@paulhastings.com>, "Philip A Rovner"<br><provner@potteranderson.com>,"Robert C. Kahrl" <rckahrl@JonesDay.com>, "Richard<br>Kirk" <RKirk@bayardfirm.com>,terrygarnett <terrygarnett@paulhastings.com>, "Goodwyn,<br>Tyler"<br><tgoodwyn@mckennalong.com>,vincentyip <vincentyip@paulhastings.com>, Caplan, Mindy"<br><mcaplan@mckennalong.com> |
| Subject | LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. --Draft of Proposed<br>Stipulated                     Protective Order |

Art:

Thank you for your email.  LG Display appreciates Chi Mei's willingness
to now agree to a two tier confidentiality system with one tier
permitting access to only outside counsel.  We understand that you
believe that there should be a limit on types of documents that should
be marked with the higher level of confidentiality.  We are amenable to
working with you to agree on such a list.  The protective order that LG
Display circulated contained the following list of information that may
be designated as highly confidential.  This list was initially prepared
by AUO as the protective order that LG Display circulated is almost
identical to the order entered in the AUO v. LG Display Wisconsin case
before it was transferred to Delaware.

        (a)        The names, or other information tending to
reveal
the
identities, of a party's suppliers, present or prospective customers, or
distributors;

        (b)        Information relating to pending patent
applications;

(c)          Financial information of a party;

(d)          Information constituting product
specifications;

(e)          Technical notebooks and technical reports of a
party or
other like information;

(f)          Marketing plans of a party; and

(g)          Other information that a party considers a
trade
secret.

Chi Mei agrees that (a), (b), (c), and (f) represent information
properly designated as highly confidential information. We understand
from your email, however, that Chi Mei believes that the parties'
product specifications, technical notebooks and technical reports should
not be designated as highly confidential. We cannot agree to your
proposal. As I am sure you can appreciate, the LCD industry is
extremely competitive, and such technical information regarding LG
Display's products is considered and treated as trade secrets by LG
Display. The purpose of the protective order would be undermined if Chi
Mei and AUO are permitted access to such highly confidential trade
secret information. We believe that AUO shares LG Display's opinion as
its counsel initially drafted the protective order. Further, given Chi
Mei's practice in other litigations, we are surprised that Chi Mei is
demanding that technical data relating to the parties' products not be
given a highly confidential marking. Indeed, in Chi Mei's Texas
litigation that it brought against LG Display, which has now been
transferred to Delaware, counsel for Chi Mei specifically required that
before Chi Mei would produce its mask files, counsel had to agree to
review all such native files on a stand alone computer not connected to
a network or the internet. Chi Mei required and LG Display provided
adequate assurances that such sensitive information would not be
distributed beyond LG Display's counsel in that matter. Thus, we simply
do not understand how Chi Mei can possibly now claim that it should be
permitted access to such technical information, including LG Display's
mask files. As we previously explained, we believe it is customary to
retain expert witnesses to assist outside counsel when reviewing certain
highly confidential documents. Thus, we do not see any justification
for Chi Mei's in-house employees to view LG Display's highly
confidential technical information.

In my last email to you, I referenced Chi Mei's protective orders in its
litigations involving Commisariat a L'Energie Atomique and Semiconductor
Energy Laboratory. Both protective orders contained a two-tier
confidenitality system, and there was no restriction on the designation
of the parties' technical information being marked as attorneys' eyes
only. For your reference, I have attached those protective orders to
this email. In addition, it has been our experience that Judge Farnan,
as well as the other judges in Delaware, have agreed to and routinely
approve protective orders that permit a party's confidential technical
information in patent cases to be afforded the highest confidentiality
protection equating to attorneys' eyes only. You may wish to confirm
this with your Delaware counsel. I have attached two other protective
orders by Judge Farnan for your reference on this point as well.

Chi Mei also objects to category "(g) other information that a party
considers a trade secret." We believe that it is important to include a
category like this one to ensure that no documents are inadvertently
excluded. If you can suggest another way to handle this situation, we
are happy to discuss that with you. Further, you have asked whether
other specific information should be included within the higher level of

confidentiality category.    To avoid any misunderstanding in the future,
LG Display believes that the category "financial information of a party"
includes the parties' sales, profit, and expense information, as well as
information relating to the parties' license agreements in the LCD
industry.

Our last paragraph also directed you to the language we proposed for a
prosecution bar restriction. (See last paragraph in section 8 in our
draft protective order.) Kindly confirm that Chi Mei is in agreement
with the language in that paragraph.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.   20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Arthur P. Licygiewicz [mailto:aplicygiewicz@JonesDay.com]
Sent: Tuesday, April 08, 2008 4:07 PM
To: Brzezynski, Lora
Cc: brange; Christenson, Cass; ctyler; Bono, Gaspare; jholloway; Lomas,
John; jshaw; katherinemurray; kpascale; Kenneth R. Adamo; peterwied;
Philip A Rovner; Robert C. Kahrl; Richard Kirk; terrygarnett; Goodwyn,
Tyler; vincentyip
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et
al. -- Draft of Proposed Stipulated Protective Order

Lora,

We do not disagree that it would be in the best interests of all parties
to work together on such issues as the protective order and other
discovery related matters, and we stand ready and willing to do so.
Indeed, that is why we took a pro-active approach and proposed a
stipulated protective order that we believed would be acceptable to and
meet the needs of all parties in this litigation when a proposed order
had not yet been circulated by any other party.

As for the structure of the stipulated Protective Order itself, we still
believe that in the long run, it would be more productive to have just
one level of confidentiality.  However, we can understand your position
with maintaining a two-tier system.  We are willing to consider the
entry of a protective order that provides for such a two-tier
confidentiality system if the parties can reach agreement on appropriate
limits to the types of documents that could be designated with the
higher level of confidentiality.  Your proposed protective order
provides non-exclusive examples of information that may be designated
under the higher level of confidentiality, and that list is, in our
opinion, over-inclusive.  We believe that the list of information that
may be designated under the higher level of confidentiality should be
limited to:  (1) a party's financial information; (2) information that
reveals the identities of a party's present suppliers or distributors;
(3) information that reveals the identities of a party's present or
prospective customers; (4) information relating to sales and marketing
plans, and (5) information relating to pending patent applications.  The
other categories enumerated in your proposed protective order:  (1)
information constituting product specifications; (2) technical notebooks
and technical reports of a party or other like information; or (3) other
information that a party considers a trade secret, should only be

8

permitted to be designated with the lower
level of confidentiality.   Be advised that we are not asking for
documents
such as invention files to be made public.   We are just asking that
they
be afforded the lower level of confidentiality so that they can be
shown, as suggested in your proposed protective order at paragraph 9, to
three (3) officers or employees of a party who are obligated not to
spread the information further.   Please confirm your agreement with this
proposal.  If you believe other specific information should be included
within the higher level of confidentiality, please advise so that we can
consider your suggestion.

If we can agree on such appropriate limits on the designation of
information produced by the parties in this case, it certainly would
move the parties closer to agreeing on a proposed Stipulated Protective
Order, and allow the parties to address other aspects of the proposed
order.

We look forward to your prompt agreement to the above proposal so that
the parties can move quickly to finalizing the Stipulated Protective
Order for this case.

Best regards,
Art

==================================
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Telephone:  (216) 586 - 7165
Facsimile:  (216) 579 - 0212
Email:  aplicygiewicz@jonesday.com
==================================


          "Brzezynski,Lora"
          <lbrzezynski@mckennalong.com>
To  "Arthur P. Licygiewicz"
<aplicygiewicz@JonesDay.com>
cc
      04/02/2008 04:03 PM       brange <brange@wsgr.com>,Christenson, Cass"
<cchristenson@mckennalong.com>, ctyler <ctyler@wsgr.com>, "Bono,Gaspare"
<gbono@mckennalong.com>,                    jholloway
<jholloway@wsgr.com>, "Lomas, John" <jlomas@mckennalong.com>, jshaw
<jshaw@ycst.com>, katherinemurray <katherinemurray@paulhastings.com>, kpascale
<kpascale@ycst.com>,                    "Kenneth R. Adamo"
<kradamo@JonesDay.com>, peterwied <peterwied@paulhastings.com>, Philip A Rovner"
<provner@potteranderson.com>, Robert C. Kahrl" <rckahrl@JonesDay.com>, "Richard Kirk"
<RKirk@bayardfirm.com>,                    terrygarnett
<terrygarnett@paulhastings.com>, "Goodwyn, Tyler" <tgoodwyn@mckennalong.com>,
vincentyip <vincentyip@paulhastings.com>

Subject  RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al.--Draft of
Proposed Stipulated Protective Order

Art,

We continue to believe that the parties should work together to agree on
a Stipulated Protective Order.  Because LG Display and AUO have already
agreed to a protective order in the Wisconsin case that was transferred
to and consolidated with this case, it makes the most sense to use that

9

protective order as a basis for our discussions. That is exactly what we did with the draft protective order that we circulated as it is almost identical to the protective order entered in Wisconsin. We fully expect that AUO will agree to the draft protective order that we have circulated since AUO initially proposed that form of order in Wisconsin, and we ask that AUO promptly confirm its agreement.

You are correct that we have a fundamental disagreement with CMO regarding CMO's insistence that (i) there be only one level of confidentiality and (ii) the parties' designated representatives should be permitted access to all documents produced in the case. Based on our experience handling patent cases in Delaware and in other jurisdictions and as confirmed by our Delaware local counsel, we understand that the common and accepted practice in Delaware is to have two levels of confidentiality, with one level permitting access to only outside counsel. Further, we believe that it is highly irregular to allow party employees access to highly confidential documents produced in the case. Doing so would undermine the purpose of the protective order, which is to prevent a competitor from accessing confidential, competitive information. The need for this protection is especially important in this case, which involves technology in an extraordinarily competitive industry. Indeed, we have reviewed the protective orders from two recent cases that CMO has litigated, Commisariat a L'Energie Atomique v. Chi Mei Optoelectronics Corporation and Semiconductor Energy Laboratory Co., Ltd. v. Chi Mei Optoelectronics, and in both of these cases, the protective orders contained two levels of confidentiality with one level limited to outside counsel only. Chi Mei is thus accustomed to conducting discovery that limits disclosure of highly sensitive information to outside counsel, as is typical in patent cases, including in Delaware. We urge you to consult with your Delaware local counsel about the practice in Delaware.

Your email raises a concern that there may be increased motion practice with challenges to inappropriate confidentiality designations if there are two levels of confidentiality. That certainly has not been our experience, and we would expect the parties to work together to resolve any disputes. In addition, you have recognized in your email that our draft protective order limits the use of the higher confidentiality designation only to certain categories of documents. If CMO believes the category of documents that we have listed should be amended, we are amenable to discussing that with you.

You make a passing reference to the idea of expanding access to all produced information in order to assist outside counsel. Such access, however, is not necessary. While it has been our experience that it may be necessary to retain expert witnesses to assist outside counsel when reviewing certain highly confidential documents, the draft protective order that we circulated allows appropriate experts to have access to highly sensitive information, and thus outside counsel can work with experts if necessary with respect to particular highly confidential documents. In addition, our proposed protective order has a specific provision that does not bar counsel from providing legal advice to their clients relying upon his or her examination of highly confidential documents as long as no disclosure of information deemed highly confidential is provided to the client. (See section 9, second paragraph). Thus, we do not believe that CMO has presented sound reasons to deviate from standard practice and permit party representatives to see all documents produced in the case. Given that the parties in this case are competitors, we are surprised by CMO's insistence, and we request that CMO reconsider its position.

We appreciate your willingness to consider a prosecution bar restriction. Our draft protective order in the last paragraph in section 8 contained such a provision. We ask that you review that paragraph for the scope of the prosecution bar, which was already agreed to by AUO in the AUO/LG Display protective order entered in Wisconsin.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Arthur P. Licygiewicz [mailto:aplicygiewicz@JonesDay.com]
Sent: Tuesday, March 25, 2008 4:43 PM
To: Brzezynski, Lora
Cc: brange; Christenson, Cass; ctyler; Bono, Gaspare; jholloway; Lomas,
John; jshaw; katherinemurray; kpascale; Kenneth R. Adamo; peterwied;
Philip A Rovner; Robert C. Kahrl; Richard Kirk; terrygarnett; Goodwyn,
Tyler; vincentyip
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et
al. -- Draft of Proposed Stipulated Protective Order

Lora,

As I indicated to you earlier, we proposed a Stipulated Protective Order
that we believe is appropriate for this case.  Contrary to your
suggestion, we did review and consider the protective order that was
negotiated between LG Display Co. Ltd. and AU Optronics Corporation in
the Wisconsin action.
After reviewing that protective order, we believed that it would require
significant revisions before it, or a derivative thereof, would be
acceptable to CMO in this case.  Thus, instead of embarking on this
lengthy exercise, on Friday, March 21, 2008, we forwarded a draft
Stipulated Protective Order that is acceptable to CMO for everyone's
consideration.

It is plain based on your electronic mail message that we have a
fundamental disagreement about the appropriateness of certain provisions
in each others' draft protective orders and have differing views about
provisions that  typically should be found in protective orders in
patent infringement cases.  For example, your proposed stipulated
protective order includes two levels of confidentiality.  Presently, CMO
believes that only one level of confidentiality is required and
appropriate for this case.  In our experience, when parties decide to
use two tiers of confidentiality designations in a protective order,
more often than not, one or more of the parties produce virtually all of
their documents at the highest level of confidentiality and render the
less restrictive designation meaningless.
Such an approach also generally vitiates any provision that provides a
limited number of party representatives with access to the produced
information to assist outside counsel in the litigation.  Further, while
it appears that you attempt to limit the use of the higher
confidentiality designation only to certain categories of documents, as
presented, the proposed limitations really do nothing to limit the type
of information that could be designated as coming within the higher
level of confidentiality.  Overall, we believe that there is no benefit
to your suggestion to include two levels of confidentiality in the
stipulated protective order in this case.  In fact, such a provision
likely would result in increased motion practice as the parties
challenge what they believe to be an inappropriate confidentiality
designation for produced materials, thereby delaying discovery in this
case.

As for your suggestion regarding a prosecution bar, we would be willing

11

to consider such a restriction, if it is for a limited duration of time, on those individuals who have access to another parties' confidential information.  Please advise of the parameters that you envision for such a bar and we can draft appropriate language that hopefully would be acceptable to all parties.

Finally, please let us know of any other revisions or modifications that you might have relative to the protective order that we proposed on March 21, 2008.

Best regards,
Art

====================================
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Telephone:  (216) 586 - 7165
Facsimile:  (216) 579 - 0212
Email:  aplicygiewicz@jonesday.com
====================================


    "Brzezynski, Lora"
      <lbrzezynski@mckennalong.com>
To    "Arthur P. Licygiewicz"
<aplicygiewicz@JonesDay.com>,
brange <brange@wsgr.com>
                    03/24/2008 03:05 PM
cc "Christenson, Cass" <cchristenson@mckennalong.com>, ctyler <ctyler@wsgr.com>, "Bono, Gaspare" <gbono@mckennalong.com>,
jholloway <jholloway@wsgr.com>, "Lomas, John" <jlomas@mckennalong.com>, jshaw <jshaw@ycst.com>, katherinemurray
<katherinemurray@paulhastings.com>, kpascale <kpascale@ycst.com>, "Kenneth R. Adamo" <kradamo@JonesDay.com>, peterwied <peterwied@paulhastings.com>, "Philip A Rovner"
<provner@potteranderson.com>, "Robert C. Kahrl" <rckahrl@JonesDay.com>, "Richard Kirk" <RKirk@bayardfirm.com>, terrygarnett <terrygarnett@paulhastings.com>, "Goodwyn, Tyler"                   <tgoodwyn@mckennalong.com>, vincentyip
<vincentyip@paulhastings.com>

Subject RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. -- Draft of Proposed Stipulated                   Protective Order

    <<DC-#50537261-v1-LGD_Protective_Order_(Delaware).DOC>> Art:

I reviewed over the weekend your draft protective order that we received from you on Friday, and it is vastly different from both (i) the protective order that we already agreed to with AUO in the Wisconsin case before it was transferred and consolidated with this case and (ii) the draft protective order circulated by your client CMO in the Texas case that we also expect will be transferred and consolidated with this Delaware case.  It is both inefficient and inappropriate to have three separate protective orders related to these actions.  The better course of action is to draft a protective order modeled after the protective order that we have already agreed to with AUO, and I believe using that protective order as the basis for the order would require only minimal revisions.

Your draft protective order would require extensive redlines as it is inadequate for numerous reasons, including but not limited to: (i) it does not have two levels of confidentiality related to documents; (ii) it does not have a level of confidentiality that is limited to

attorneys' eyes only and inappropriately permits client representatives
from seeing all highly confidential documents; (iii) it does not have a
prosecution bar paragraph; and (iv) it does not contemplate the
production of data in native format as highly confidential.  All of
those are typically found in protective orders in patent infringement
cases, and should be included in a protective order in this case.
Indeed, all of those provisions were included in the AUO/LG Display
protective order that was entered in Wisconsin.

As noted in my March 13, 2008 letter, I specifically stated that we were
working on a draft protective order and would circulate it shortly for
review.  As the plaintiff, that is typical practice and was a request
made by AUO to which we agreed.  I am not certain why you chose to jump
the gun and draft your own protective order after receiving my letter,
and without even looking at or at least considering the protective order
already signed by LG Display and co-defendant AUO.  We are not going to
engage in a protacted negotiation related to your draft protective
order.  Instead, as we stated we would do in my prior letter, we have
drafted and have attached to this email a draft protective order that is
appropriately modeled after the one entered in the transferred LG
Display/AUO Wisconsin case.  Our draft includes all of the necessary
provisions missing from your draft order.  As we anticipate agreement by
AUO on this draft, we expect CMO to fully cooperate and provide its
comments as soon as possible.

I am available for a conference call on Thursday or Friday afternoon to
discuss your comments.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Arthur P. Licygiewicz [mailto:aplicygiewicz@JonesDay.com]
Sent: Saturday, March 22, 2008 10:11 AM
To: Brzezynski, Lora; brange
Cc: Christenson, Cass; ctyler; Bono, Gaspare; jholloway; Lomas, John;
jshaw; katherinemurray; kpascale; Kenneth R. Adamo; peterwied; Philip A
Rovner; Robert C. Kahrl; Richard Kirk; terrygarnett; Goodwyn, Tyler;
vincentyip
Subject: Re: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et
al. -- Draft of Proposed Stipulated Protective Order

Lora,

We proposed a Stipulated Protective Order that we believe is appropriate
for this case. It was not derived from either action. Please provide us
with your agreement to the proposed Stipulated Protective Order after
your review of the same. If you have any suggested revisions to the
proposed Stipulated Protective Order, please provide those to us
forthwith for our consideration.

Best regards,
Art

=======================================

```
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Telephone:  (216) 586 - 7165
Facsimile:  (216) 579 - 0212
Email:  aplicygiewicz@jonesday.com
=================================
------------------
```

This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.  If you received this e-mail in error, please delete it from
your system without copying it and notify sender by reply e-mail, so
that our records can be corrected.
------------------

```
----- Original Message -----
From: "Brzezynski, Lora" [lbrzezynski@mckennalong.com]
Sent: 03/21/2008 06:25 PM
To: "Arthur P. Licygiewicz" <aplicygiewicz@JonesDay.com>;brange@wsgr.com
Cc: "Christenson, Cass"
<cchristenson@mckennalong.com>;ctyler@wsgr.com;"Bono, Gaspare"
<gbono@mckennalong.com>;jholloway@wsgr.com;"Lomas, John"
<jlomas@mckennalong.com>;jshaw@ycst.com;katherinemurray@paulhastings.com
;kpascale@ycst.com;kradamo@jonesday.com;peterwied@paulhastings.com;provn
er@potteranderson.com;rckahrl@jonesday.com;"Richard Kirk"
<RKirk@bayardfirm.com>;terrygarnett@paulhastings.com;"Goodwyn, Tyler"
<tgoodwyn@mckennalong.com>;vincentyip@paulhastings.com
Subject: RE: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et
al. -- Draft of Proposed Stipulated Protective Order
```

Art:

I want to ensure that we proceed in an efficient manner.  Thus, before I
spend time reviewing your draft protective order, please advise whether
you (i) have spoken to counsel for AUO and modeled your draft on the
protective order that was agreed to by LGD and AUO in the Wisconsin case
that has since been transferred and consolidated with this action or
(ii) have spoken to your client and CMO's counsel in Texas and modeled
your draft on the protective order that was drafted by CMO in the case
it brought against LGD in Texas.  As I am sure you know if you have
spoken with your client, CMO proposed a draft protective order in Texas,
and I have been negotiating that order with Irell & Manella, including
providing a redline earlier today to CMO's counsel in the Texas matter.


Best regards,

Lora

```
Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com
```


```
-----Original Message-----
From: Arthur P. Licygiewicz [mailto:aplicygiewicz@JonesDay.com]
Sent: Friday, March 21, 2008 9:50 AM
To: Brzezynski, Lora; brange@wsgr.com
```

Cc: Christenson, Cass; ctyler@wsgr.com; Bono, Gaspare;
jholloway@wsgr.com; Lomas, John; jshaw@ycst.com;
katherinemurray@paulhastings.com; kpascale@ycst.com;
kradamo@jonesday.com; peterwied@paulhastings.com;
provner@potteranderson.com; rckahrl@jonesday.com; Richard Kirk;
terrygarnett@paulhastings.com; Goodwyn, Tyler;
vincentyip@paulhastings.com
Subject: LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp. et al. --
Draft of Proposed Stipulated Protective Order


Counsel,

Further to my letter of yesterday's date, attached is a draft of the
proposed Stipulated Protective Order for use in this case. Please
review the attached and confirm that the Order is acceptable to your
clients. In the event that you might have some proposed changes, please
let me know of them at your earliest opportunity.

In the interim, please do not hesitate in contacting me if you have any
questions.

Best regards,
Art

(See attached file: Draft of Stipulated Protective Order.pdf)

====================================
Arthur P. Licygiewicz
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Telephone:  (216) 586 - 7165
Facsimile:  (216) 579 - 0212
Email:  aplicygiewicz@jonesday.com
====================================

==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records can be corrected.
==========

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of
McKenna Long & Aldridge LLP, and are intended solely for the use of the
named recipient or recipients. This e-mail may contain privileged
attorney/client communications or work product. Any dissemination of
this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from
any further viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have received this
e-mail in error, notify the sender immediately and permanently delete
the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of
McKenna Long & Aldridge LLP, and are intended solely for the use of the

named recipient or recipients. This e-mail may contain privileged
attorney/client communications or work product. Any dissemination of
this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from
any further viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have received this
e-mail in error, notify the sender immediately and permanently delete
the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.

[attachment "DC-#50537261-v1-LGD_Protective_Order_(Delaware).DOC"
deleted by Arthur P. Licygiewicz/JonesDay]


==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records can be corrected.
==========


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of
McKenna Long & Aldridge LLP, and are intended solely for the use of the
named recipient or recipients. This e-mail may contain privileged
attorney/client communications or work product. Any dissemination of
this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from
any further viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have received this
e-mail in error, notify the sender immediately and permanently delete
the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.


==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records can be corrected.
==========

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of
McKenna Long & Aldridge LLP, and are intended solely for the use of the
named recipient or recipients. This e-mail may contain privileged
attorney/client communications or work product. Any dissemination of
this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from
any further viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have received this
e-mail in error, notify the sender immediately and permanently delete
the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.

[attachment "Stipulated Protective Order CEA  signed 6-15-041.pdf"
deleted
by Arthur P. Licygiewicz/JonesDay] [attachment "Protective Order.pdf"
deleted by Arthur P. Licygiewicz/JonesDay] [attachment "Agreed

Protective Order Filed  Habasit on August 29 2003.pdf" deleted by Arthur
P.
Licygiewicz/JonesDay] [attachment "Confidentiality Stipulation and
Protective Order, CPT filed 1-23-06[1].pdf" deleted by Arthur P.
Licygiewicz/JonesDay]


==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other
privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our
records can be corrected.
==========


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of
McKenna Long & Aldridge LLP, and are intended solely for the use of the
named recipient or recipients. This e-mail may contain privileged
attorney/client communications or work product. Any dissemination of
this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from
any further viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have received this
e-mail in error, notify the sender immediately and permanently delete
the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.


This email and any attachments thereto may contain private,
confidential, and privileged material for the sole use of the intended
recipient.  Any review, copying, or distribution of this email (or any
attachments thereto) by others is strictly prohibited.  If you are not
the intended recipient, please contact the sender immediately and
permanently delete the original and any copies of this email and any
attachments thereto.


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of
McKenna Long & Aldridge LLP, and are intended solely for the use of the
named recipient or recipients. This e-mail may contain privileged
attorney/client communications or work product. Any dissemination of
this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from
any further viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have received this
e-mail in error, notify the sender immediately and permanently delete
the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.


This email and any attachments thereto may contain private, confidential, and privileged
material for the sole use of the intended recipient.  Any review, copying, or distribution
of
this email (or any attachments thereto) by others is strictly prohibited.  If you are not
the
intended recipient, please contact the sender immediately and permanently delete the
original
and any copies of this email and any attachments thereto.

# EXHIBIT 4

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7902
FACSIMILE (310) 203-7199
ahoffman@irell.com

May 30, 2008

<u>**VIA E-MAIL**</u>

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006

   Re: <u>*LG Display Co, Ltd. v. Chi Mei Optoelectronics Corp.*, 06-726 (D. Del.)</u>

Dear Lora:

   We have reviewed the correspondence regarding the protective order, and noted that the primary open issue appears to be developing a protocol to allow specified individuals in LGD and CMO's legal departments with no role in commercial decision making or product development to review LGD materials designated highly confidential. CMO believes this access is necessary for CMO to play an active role in advising its counsel and managing this very complex litigation. CMO has indicated that it will be extremely flexible in setting the rules and procedures for such access. It appears that you and Jones Day had some correspondence about this issue, but were not able to resolve it. It would speed things up greatly if you could let us know what rules and/or procedures LGD would prefer for providing access to highly confidential information to individuals in our respective legal departments with no role in commercial decision making or product development.

   Note that because CMO and AUO have not asserted claims against each other, neither believes that it requires such access to any highly confidential information in each others' produced materials. AUO has agreed in principle with the approach of having reciprocal insider access between LCD and CMO while not having such access between AUO and CMO or LCD and AUO. Thus, we believe we should be able to wrap this up quickly by reaching an agreeable procedure between CMO and LGD.

   Moreover, assuming we can work out procedures for the limited insider access proposed by CMO, this will help address our concerns about LGD's proposed prosecution bar language. At the same time, the prosecution bar should help allay any concerns LGD has about access by specified CMO personnel to materials designated highly confidential.

   Otherwise, we have only one additional concern with the draft protective order you have provided us. Paragraph 12 of the draft protective order states that inadvertently produced materials can be pulled back by written request, and "if that request is properly

1875743.1 01

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
May 30, 2008
Page 2

made and supported, no party in the above captioned action shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other immunity." We think the "properly made and supported" language is, as positioned in the current draft, problematic, as it limits the no-waiver language. We propose that instead the provision read that, upon discovering an inadvertent production,

> The disclosing party shall promptly upon learning of such disclosure so advise the receiving party in writing, explaining the basis for the claim of privilege or immunity, and request that the item or items of information, and all copies thereof, be returned. No party shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other immunity.

Please let us know if LGD agrees with this revision.

Very truly yours,
/s/Adam Hoffman
Adam Hoffman

cc: Brian Range, Esq.

1875743.1 01

# EXHIBIT 5



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

COMMISSARIAT À L'ENERGIE ATOMIQUE,    )
                                             )
        Plaintiff,    )
                                             )
        v.    )    <u>CONSOLIDATED CASES</u>
                                           )
SAMSUNG ELECTRONICS CO., LTD.;    )    C. A. No. 03-484 (KAJ)
TOTTORI SANYO ELECTRONICS CO., LTD.;    )
and FUJITSU DISPLAY TECHNOLOGIES CORP.,    )
                                           )
        Defendants.    )

## <u>STIPULATED PROTECTIVE ORDER</u>

    Whereas pretrial discovery in this action will necessarily involve the disclosure of trade secrets or confidential research, development, product or commercial information of both parties and of non-parties from whom discovery may be sought; and

    Whereas the parties have in good faith conferred and have agreed upon most of the terms of this Protective Order, and the court having reviewed and considered the parties' arguments on the disputed Protective Order issues, including the parties' briefing in support of and opposition to Plaintiff's Motion for Expedited Entry of Protective Order, and the Court having ruled thereon; therefore

    Pursuant to the Court's Memorandum Order of May 25, 2004 and Rule 26(c) of the Federal Rules of Civil Procedure, the parties stipulate (without waiver of Plaintiff CEA's objections, or any suggestion that CEA has stipulated, to those matters ordered by the Court to which CEA has not agreed) to the following Protective Order, subject to the approval of the Court:



F I L E D

JUN 1 5 2004

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### 1.    Scope of Protection.

1.1    This Protective Order shall govern any record of information, designated pursuant to ¶ 2 of this Protective Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2    This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or District of Delaware local rule, and any supplementary disclosures thereto.

1.3    This Protective Order shall apply to the parties and any nonparty from whom discovery may be sought and who desires the protection of this Protective Order (collectively herein referred to as a "party" or the "parties").

### 2.    Designation.

2.1    Each party shall have the right to designate as confidential and subject to this Protective Order any information produced by it in this action which contains, reflects, or otherwise discloses confidential technical, business or financial information ("CONFIDENTIAL information").  This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving

party that the information shall be considered confidential under this Protective Order. The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER that are generally available to the public.

2.2    Each party shall have the right to designate as restricted to review by those categories of individuals listed in ¶¶ 4.1(a) - 4.1(e) and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses (1) trade secrets, (2) research and development or other highly sensitive technical information created or generated since May 19, 1996, or (3) highly sensitive business-related financial information (collectively, "HIGHLY SENSITIVE CONFIDENTIAL information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend HIGHLY SENSITIVE CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered HIGHLY SENSITIVE CONFIDENTIAL under this Protective Order. To the extent that material is marked HIGHLY SENSITIVE CONFIDENTIAL, such material shall be revealed to or used by limited categories of individuals, as provided for in ¶ 4.2, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed HIGHLY SENSITIVE CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. Use of this highly restrictive designation is limited to

3

information of the highest sensitivity. The parties will use reasonable care to avoid designating any documents or information HIGHLY SENSITIVE CONFIDENTIAL for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this ¶ 2.2. HIGHLY SENSITIVE CONFIDENTIAL information shall be used only for purposes directly related to this action, and for no other purpose whatsoever, except by consent of all of the parties or order of the Court.

2.3    To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the producing party has marked with <u>any</u> confidentiality designation, all such materials shall be considered to have been designated under this Order as HIGHLY SENSITIVE CONFIDENTIAL unless otherwise agreed by the Parties.

**3.    Limit On Use And Disclosure Of Designated Information.**

3.1    Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the parties or order of the Court. No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated confidential

4

information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the producing party.

3.3    The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

**4.    Disclosure Of Confidential Material.**

4.1    Documents or information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER shall be disclosed by the recipient thereof only to:

(a)    the attorneys who are actively involved in this action and who are partners of or employed by the following law firms of record for the parties, and their authorized secretarial, clerical and legal assistant staff: Morris, James, Hitchens & Williams LLP; McKenna, Long & Aldridge LLP; Potter Anderson & Corroon LLP; Baker Botts LLP; Pepper Hamilton LLP; Katten Muchin Zavis Rosenman; Richards, Layton & Finger, P.A.; and Morrison & Foerster LLP provided that such attorneys shall not be provided access to HIGHLY SENSITIVE CONFIDENTIAL information if such attorneys

(1)    currently participate in, direct or supervise any patent prosecution activity involving (i) LCD technology or (ii) technology directed to increasing the wide-angle viewing of LCD products (collectively, "the Subject Matter"). During the pendency of this litigation and for one year after the full and

5

final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to HIGHLY SENSITIVE CONFIDENTIAL materials covered by this order will not participate in, direct or supervise any patent prosecution activity in the United States Patent and Trademark Office or with any patent office outside the United States involving the Subject Matter, or

(2) currently provide non-legal, business advice or non-legal, business representation to clients in the LCD industry wherein the highly sensitive business-related financial information of any opposing party would be relevant to such non-legal, business advice or non-legal, business representation. During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to HIGHLY SENSITIVE CONFIDENTIAL materials covered by this order will not provide non-legal, business advice or non-legal, business representation to clients in the LCD industry wherein the highly sensitive business-related financial information of any opposing party would be relevant to such non-legal, business advice or representation.

(b)    the Court and Court personnel, as provided in ¶ 12;

(c)    consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are agreed upon by the parties pursuant to ¶ 6, who are not employees or otherwise affiliated with any of the parties (except persons

6

scheduled to be deposed by any of the parties pursuant to Rule 30(b)(6), Fed.R.Civ.P.), and who first agree to be bound by the terms of this Protective Order;

(d)    court reporters employed in connection with this action;

(e)    outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators);

(f)    Commissariat à l'Energie Atomique's in-house counsel and up to eight designated employees, and the following outside counsel in France: Mizrahi & Associes. and Cabinet Regimbeau and the attorneys who are partners of or employed by them, and their authorized secretarial, clerical and legal assistant staff, provided that each such individual must first agree to be bound by the terms of this Protective Order;

(g)    Samsung Electronics Co., Ltd.'s in-house counsel and up to eight designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order;

(h)    Tottori Sanyo Electronics Co., Ltd.'s in-house counsel and up to eight designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order; and

(i)    Fujitsu Displays Technologies Corp.'s in-house counsel and up to eight designated employees, provided that each such individual must first agree to be bound by the terms of this Protective Order.

4.2    Documents or information designated HIGHLY SENSITIVE CONFIDENTIAL shall be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1(a) – 4.1(e) subject to the restrictions therein.

**5.    Redaction.**

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Rule 26(b), Fed.R.Civ.P. However, any document from which material is masked must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated on a log to be provided within thirty (30) days after the production of the documents. Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity. The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by case basis.

**6.    Disclosure to Independent Consultants and Identification of Experts.**

6.1    If any party desires to disclose information designated CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL to any expert or consultant pursuant to ¶ 4 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant. The attorney for the producing party shall have ten (10) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified.

6.2    Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae identifying at least all other present and prior employments or consultancies of the expert or consultant in the field of LCD display technologies, and a list of the cases in which the expert or consultant has testified at a deposition or at trial within the last four years. The

8

parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the party seeking to disclose the CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information to the expert or consultant may move the Court for an Order allowing the disclosure. On any motion challenging the disclosure of such information to an expert or consultant, the burden of proof shall lie with the party objecting to the disclosure to establish that the information should not be disclosed to the expert or consultant. In the event objections are made and not resolved informally, disclosure of information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

### 7.    Agreement Of Confidentiality.

In no event shall any information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL be disclosed to any person authorized pursuant to ¶ 4, other than (a) the Court and Court personnel, (b) the parties' attorneys identified in ¶ 4.1(a) and their authorized secretarial and legal assistant staffs, (c) court reporters, and (d) outside copying and computer services necessary for document handling, until such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order. Copies of such Confidentiality Undertakings shall be promptly served on the producing party.

### 8.    Related Documents.

Information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL shall include (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with ¶ 9; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with ¶ 10.

### 9.    Designation Of Deposition Transcripts.

9.1    Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see ¶ 2.1) as the designating party may direct, or (b) within twenty-one (21) days following the receipt of the transcript of the deposition by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

9.2    All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, HIGHLY SENSITIVE CONFIDENTIAL until the expiration of the period set forth in ¶ 9.1, and neither the transcript nor the content of the testimony

shall be disclosed by a non-designating party to persons other than those persons named or approved according to ¶ 4.

9.3    The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to ¶ 4.

**10.    Designation Of Hearing Testimony Or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL information, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions.    Whenever matter designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

**11.    Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document containing information designated

11

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL to any person which the document clearly identifies as an author, addressee, or carbon copy recipient of such document, or to any current employee of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed. During deposition or trial testimony, counsel may disclose documents produced by a party to current employees and officers of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed. And regardless of such designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

**12.    Designation Of Documents Under Seal.**

Any information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes any CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party

12

filing the materials, the nature of the materials filed, the appropriate legend (see ¶ 2.1),

and a statement substantially in the following form:

> **This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed or made public except by Order of the Court or written agreement of the parties.**

**13.    Confidentiality Of Party's Own Documents.**

No person may disclose, in public or private, any designated information of

another party except as provided for in this Protective Order, but nothing herein shall

affect the right of the designating party to disclose to its officers, directors, employees,

attorneys, consultants or experts, or to any other person, its own information.    Such

disclosure shall not waive the protections of this Protective Order and shall not entitle

other parties or their attorneys to disclose such information in violation of it, unless by

such disclosure of the designating party the information becomes public knowledge (see

¶ 16).    Similarly, the Protective Order shall not preclude a party from showing its own

information to its officers, directors, employees, attorneys, consultants or experts, or to

any other person, which information has been filed under seal by the opposing party.

**14.    Other Protections.**

14.1    No person shall use any CONFIDENTIAL or HIGHLY SENSITIVE

CONFIDENTIAL information, or information derived therefrom, for purposes other than

the prosecution or defense of this action, including without limitation, for purposes of

preparing, filing or prosecuting any patent application, continuation or divisional patent

application, reissue patent application or request for re-examination.

14.2    Any party may mark any document or thing containing CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information as an exhibit to a deposition, hearing or other proceeding and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material.

### 15.    Challenge To Confidentiality.

15.1    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate.    Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect.    No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

15.2    On any motion challenging the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information.    If a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party wishing the designated information, the following procedure shall be utilized:

14

a.    The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request; and

b.    If, after conferring, the parties cannot reach agreement concerning the matter, then the party requesting the declassification or removal of particular items may file and serve a motion for a further Order of this Court directing that the designation shall be so removed.

### 16.    Prior Or Public Knowledge.

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

### 17.    Limitation Of Protective Order.

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

### 18.    Other Proceedings.

By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who may be subject to a motion to disclose another party's CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information pursuant to this order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

**19.    Inadvertent Disclosure Of Work Product Or Privileged Information: Procedure And Waiver.**

19.1.    If the producing party at any time notifies the Non-producing party in writing that it has inadvertently produced documents and/or things that are protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure, the non-producing party shall return all copies of such documents and/or things to the producing party within five (5) business days of receipt of such notice and shall not further disclose or use such items for any purpose until further order of the Court. Upon being notified by the producing party pursuant to this section, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents at issue.

19.2    The return of any discovery item to the producing party shall not in any way preclude the non-producing party from moving the Court for a ruling that: (a) the document or thing was never privileged or otherwise immune from disclosure; and/or (b) that any applicable privilege or immunity has been waived.

16

19.3    Inadvertent or unintentional disclosure of information subject to any privilege or immunity during the course of this litigation without proper designation shall not be deemed a waiver of a claim that disclosed information is in fact subject to a privilege or immunity if so designated within ten (10) business days after the producing party actually learns of the inadvertent or unintentional disclosure.

**20.    Non-Party Material.**

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information provided by a non-party.    Information provided by a non-party in connection with this action and designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

**21.    Return Of Designated Information.**

Within thirty (30) days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all materials containing information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege

17

communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence and written discovery responses may be retained by counsel.

**22.    Waiver Or Termination Of Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court ~~for good cause shown~~. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

**23.    Modification Of Order; Prior Agreements.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. To the extent the terms of this Protective Order conflict with Local Rule 26.2 or with any agreements between the parties regarding the confidentiality of particular documents or information entered into before the date of this Protective Order, the terms of this Protective Order shall govern, except as to those documents and information produced or disclosed prior to the entry of this Protective Order, which documents and information shall continue to be governed by the terms of such prior agreements or by the provisions of Local Rule 26.2, as applicable.

18

24.    **Section Captions.**

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.


Dated: June **7**, 2004

Of Counsel

Gaspare J. Bono
Song K. Jung
Matthew T. Bailey
Rel S. Ambrozy
Adrian P.J. Mollo
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500


MORRIS, JAMES, HITCHENS &
WILLIAMS LLP

By: _____
Richard D. Kirk (Bar No. 922)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888 –6800

*Attorneys for Plaintiff*
*Commissariat À l'Energie Atomique*


Dated: June **8**, 2004

Of Counsel:

BAKER BOTTS L.L.P.
Neil P. Sirota
Paul A. Ragusa
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2500

Michael Barta
The Warner
1299 Pennsylvania Avenue
Washington, D.C. 20004-2400
(202) 639-7700


POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (Bar No. 2246)
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000

*Attorneys for Defendant*
*Samsung Electronics Co., Ltd.*


19

Dated: June 8, 2004

PEPPER HAMILTON LLP

Of Counsel:

By: _M. Duncan Grant_

Timothy J. Vezeau
Scott M. Gettleson
KATTEN MUCHIN ZAVIS
ROSENMAN
525 West Monroe Street, Suite 1600
Chicago, Illinois 60661-1600
(312) 902-5200

M. Duncan Grant (Bar No. 2994)
Albert H. Manwaring IV (Bar No. 4339)
Joseph S. Naylor (Bar No. 3886)
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, Delaware 19899-1709
(302) 777-6500

*Attorneys for Defendant*
*Tottori Sanyo Electric Co., Ltd.*

Dated: June 8, 2004

RICHARDS, LAYTON & FINGER, P.A.

Of Counsel:

By: _____

Karen Hagberg
Sherman Kahn
Indira Satyendra
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000

Robert H. Richards, III (Bar No. 706)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
(302) 651-7700

*Attorneys for Defendant*
*Fujitsu Display Technologies Corp.*

SO ORDERED this 15th day of June 2004.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMMISSARIAT À L'ENERGIE ATOMIQUE, | |
| Plaintiff, | |
| v. | CONSOLIDATED CASES |
| SAMSUNG ELECTRONICS CO., LTD.;<br>TOTTORI SANYO ELECTRONICS CO., LTD.;<br>and FUJITSU DISPLAY TECHNOLOGIES CORP. | Civil Action No. 03-484 (KAJ) |
| Defendants. | |

## CONFIDENTIALITY UNDERTAKING

I certify that I have read the Protective Order in this action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order and waive any venue objection with respect to any such proceedings.

EXECUTED this _____ day of _____, 2004.

_____
Name

_____
Affiliation

_____
Business Address

# EXHIBIT 6

1 | Names of Counsel Listed on Last Page

**FILED**

APR 2 5 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEMICONDUCTOR ENERGY LABORATORY CO. LTD., | CASE NO. C 04-04675 MHP |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| CHI MEI OPTOELECTRONICS et al., | |
| Defendant. | |

1    1.    PURPOSES AND LIMITATIONS

2        Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

5    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

6    Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

7    all disclosures or responses to discovery and that the protection it affords extends only to the

8    limited information or items that are entitled under the applicable legal principles to treatment as

9    confidential.  The parties further acknowledge, as set forth in Section 10, below, that this

10   Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil

11   Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will

12   be applied when a party seeks permission from the court to file material under seal.

13       2.    DEFINITIONS

14       2.1    Party: any party to this action, including all of its officers, directors,

15   employees, consultants, retained experts, and outside counsel (and their support staff).

16       2.2    Disclosure or Discovery Material: all items or information, regardless of the

17   medium or manner generated, stored, or maintained (including, among other things, testimony,

18   transcripts, or tangible things) that are produced or generated in disclosures or responses to

19   discovery in this matter.

20       2.3    "Confidential" Information or Items: information (regardless of how generated,

21   stored or maintained) or tangible things that qualify for protection under standards developed

22   under F.R.Civ.P. 26(c).

23       2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely

24   sensitive "Confidential Information or Items" whose disclosure to another Party or non-Party

25   would create a substantial risk of serious injury that could not be avoided by less restrictive

26   means.

27       2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a

28   Producing Party.

STIPULATED PROTECTIVE ORDER
Case No. C 04-04675 MHP
                                           - 2 -

2.6    Producing Party: a Party or non-Party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party: a Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

1  of each page that contains protected material. A Party or non-Party that makes original documents

2  or materials available for inspection need not designate them for protection until after the

3  inspecting Party has indicated which material it would like copied and produced. During the

4  inspection and before the designation, all of the material made available for inspection shall be

5  deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party

6  has identified the documents it wants copied and produced, the Producing Party must determine

7  which documents, or portions thereof, qualify for protection under this Order, then, before

8  producing the specified documents, the Producing Party must affix the appropriate legend

9  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top

10  of each page that contains Protected Material.

11        (b) For testimony given in deposition or in other pretrial or trial proceedings,

12  all Parties will treat testimony as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

13  for twenty (20) days after receiving a transcript, unless and until any pages are otherwise

14  designated. From the date of receipt of the transcript, any party has twenty (20) days to identify

15  pages containing testimony entitled to protection, and to mark or designate the pages of the

16  transcript with such testimony according to the level of protection being asserted

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". The

18  provisions of this Order shall cover only those portions of the testimony appropriately marked or

19  designated within the twenty (20) days.

20        (c) For information produced in some form other than documentary, and for any

21  other tangible items, the Producing Party must affix in a prominent place on the exterior of the

22  container or containers in which the information or item is stored the legend  CONFIDENTIAL"

23  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the

24  information or item warrant protection, the Producing Party, to the extent practicable, shall

25  identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

26  Confidential – Attorneys' Eyes Only."

27       5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

28  todesignate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

1  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

2  under this Order for such material. If material is appropriately designated as "Confidential" or

3  "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced without

4  such designation, the Receiving Party, on timely notification of the designation, must make

5  reasonable efforts to assure that the material is henceforth treated in accordance with the

6  provisions of this Order.

7         6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

8         6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

9  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

10 economic burdens, or a later significant disruption or delay of the litigation, a Party does not

11 waive its right to challenge a confidentiality designation by electing not to mount a challenge

12 promptly after the original designation is disclosed.

13        6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating

14 Party's confidentiality designation must do so in good faith and must begin the process by

15 conferring directly with counsel for the Designating Party. The challenging Party must explain the

16 basis for its belief that the confidentiality designation was not proper and must give the

17 Designating Party an opportunity to review the designated material, to reconsider the

18 circumstances, and, if no change in designation is offered, to explain the basis for the chosen

19 designation. A challenging Party may proceed to the next stage of the challenge process only if it

20 has engaged in this meet and confer process first.

21        6.3    Judicial Intervention. A Party that elects to press a challenge to a confidentiality

22 designation after considering the justification offered by the Designating Party may file and serve

23 a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

24 that identifies the challenged material and sets forth in detail the basis for the challenge. Each

25 such motion must be accompanied by a competent declaration that affirms that the movant has

26 complied with the meet-and-confer requirements imposed in the preceding paragraph, and that sets

27 forth with specificity the justification for the confidentiality designation that was given by the

28 Designating Party in the meet and confer dialogue.

1    The burden of persuasion in any such challenge proceeding shall be on the Designating

2    Party. Until the court rules on the challenge, all parties shall continue to afford the material in

3    question the level of protection to which it is entitled under the Producing Party's designation.

4        7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

5        7.1    <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed

6    or produced by another Party or by a non-Party in connection with this case only for prosecuting,

7    defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

8    the categories of persons and under the conditions described in this Order.  When the litigation has

9    been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

10   DISPOSITION).

11       Protected Material must be stored and maintained by a Receiving Party at a location

12   and in a secure manner that ensures that access is limited to the persons authorized under this

13   Order.

14       7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise

15   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

16   disclose any information or item designated CONFIDENTIAL only to:

17       (a) the Receiving Party's Outside Counsel of record in this action, as well as

18   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

19   litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

20   hereto as Exhibit A;

21       (b) the officers, directors, and employees (including House Counsel) of the

22   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

23   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

24       (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is

25   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

26   Protective Order" (Exhibit A);

27       (d) the Court and its personnel;

28

STIPULATED PROTECTIVE ORDER
Case No. C 04-04675 MHP

1            (e) court reporters, their staffs, and professional vendors to whom disclosure is

2    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

3    Protective Order" (Exhibit A);

4            (f) during their depositions, witnesses in the action to whom disclosure is

5    reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

6    (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

7    Protected Material must be separately bound by the court reporter and may not be disclosed to

8    anyone except as permitted under this Stipulated Protective Order.

9            (g) the author of the document or the original source of the information.

10       7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

11   Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

12   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

13   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

14           (a) the Receiving Party's Outside Counsel of record in this action, as well as

15   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

16   litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

17   hereto as Exhibit A;

18           (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably

19   necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective

20   Order" (Exhibit A);

21           (c) the Court and its personnel;

22           (d) court reporters, their staffs, and professional vendors to whom disclosure is

23   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

24   Protective Order" (Exhibit A); and

25           (e) the author of the document or the original source of the information.

26       7.4    Procedures for Approving Disclosure of "CONFIDENTIAL" and "HIGHLY

27   CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to "Experts"

28

1        (a)     Unless otherwise ordered by the Court or agreed in writing by the

2 Designating party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

3 information or item that has been designated "CONFIDENTIAL" OR "HIGHLY

4 CONFIDENTIAL - ATTORNEYS' EYES ONLY" first must provide to the Designating Party (1)

5 the full name of the Expert and the city and state of his or her primary residence, (2) a copy of the

6 Expert's current resume, (3) a written identification of the Expert's current employer(s), (4) a

7 written identification of each person or entity from whom the Expert has received compensation

8 for work in his or her areas of expertise or to whom the expert has provided professional services

9 at any time during the preceding five years, and (5) the name and action number of the case, filing

10 date, and location of any court concerning any litigation in connection with which the Expert has

11 provided any professional services during the preceding five years.

12        (b)     A Party that makes a request and provides the information specified in the

13 preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

14 within seven (7) court days of delivering the request, the Party receives a written objection from

15 the Designating Party. Any such objection must set forth in detail the grounds on which it is

16 based.

17        (c)     A Party that receives a timely written objection must meet and confer with

18 the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

19 agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

20 file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

21 applicable) seeking permission from the court to do so. Any such motion must describe the

22 circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert

23 is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

24 additional means that might be used to reduce that risk. In addition, any such motion must be

25 accompanied by a competent declaration in which the movant describes the parties' efforts to

26 resolve the matter by agreement (i.e., the extent and the content of the meet and confer

27 discussions) and sets forth the reasons advanced by the designating Party for its refusal to approve

28 the disclosure.

STIPULATED PROTECTIVE ORDER
Case No. C 04-04675 MHP

1    In any such proceeding the Party opposing disclosure to the Expert shall bear the

2    burden of proving that the risk of harm that the disclosure would entail (under the safeguards

3    proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

4    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

5    OTHER LITIGATION.

6    If a Receiving Party is served with a subpoena or an order issued in other litigation that

7    would compel disclosure of any information or items designated in this action as

8    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

9    Receiving Party must so notify the Designating Party, in writing immediately and in no event

10    more than three court days after receiving the subpoena or order.  Such notification must include a

11    copy of the subpoena or court order.

12    The Receiving Party also must immediately inform in writing the Party who caused the

13    subpoena or order to issue in the other litigation that some or all the material covered by the

14    subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

15    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

16    caused the subpoena or order to issue.

17    The purpose of imposing these duties is to alert the interested parties to the existence

18    of this Protective Order and to afford the Designating Party in this case an opportunity to try to

19    protect its confidentiality interests in the court from which the subpoena or order issued. The

20    Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

21    confidential material – and nothing in these provisions should be construed as authorizing or

22    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

23    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

25    Material to any person or in any circumstance not authorized under this Stipulated Protective

26    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

27    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

28    inform the person or persons to whom unauthorized disclosures were made of all the terms of this

STIPULATED PROTECTIVE ORDER
Case No. C 04-04675 MHP

1  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

2  Be Bound" that is attached hereto as Exhibit A.

3      10.    FILING PROTECTED MATERIAL. Without written permission from the

4  Designating Party or a court order secured after appropriate notice to all interested persons, a Party

5  may not file in the public record in this action any Protected Material. A Party that seeks to file

6  under seal any Protected Material must comply with Civil Local Rule 79-5.

7      11.    FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the

8  Producing Party, within sixty (60) days after the final termination of this action, each Receiving

9  Party must return all Protected Material to the Producing Party. As used in this subdivision, "all

10 Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

11 reproducing or capturing any of the Protected Material. With permission in writing from the

12 Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

13 of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must

14 submit a written certification to the Producing Party (and, if not the same person or entity, to the

15 Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate)

16 all the Protected Material that was returned or destroyed and that affirms that the Receiving Party

17 has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

18 capturing any of the Protected Material.

19      Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

20 pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

21 even if such materials contain Protected Material. Any such archival copies that contain or

22 constitute Protected Material remain subject to this Protective Order as set forth in Section 4

23 (DURATION), above.

24      12.    MISCELLANEOUS

25      12.1    Right to Further Relief. Nothing in this Order abridges the right of any person

26 to seek its modification by the Court in the future.

27      12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

28 Order no Party waives any right it otherwise would have to object to disclosing or producing any

1  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

2  Party waives any right to object on any ground to use in evidence of any of the material covered

3  by this Protective Order.

4  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5                                                    JENNER & BLOCK LLP

6

7  DATED:  April 20, 2005                    _____/s/ Terrence J. Truax_____
                                                     Terrence J. Truax
8                                                    Attorneys for Plaintiff
                                                     Semiconductor Energy Laboratory Co., Ltd.
9

10                                                   FINNEGAN HENDERSON FARABOW GARRETT
                                                     & DUNNER LLP
11

12  DATED: April 21, 2005                     _____/s/ Scott R. Mosko_____
                                                     Scott R. Mosko
13                                                   Attorneys for Defendants
                                                     Chi Mei Optoelectronics Corp.,
14                                                   International Display Technology USA, Inc.,
                                                     Westinghouse Digital Electronics, LLC, and
15                                                   International Display Technology Co., Ltd.

16          Pursuant to General Order No. 45, Section X(b) regarding signatures, I attest under penalty

17  of perjury that concurrence in the filing of this document has been obtained from Terrence J.

18  Truax.

19                                                   FINNEGAN HENDERSON FARABOW GARRETT
                                                     & DUNNER LLP
20

21  DATED:  April 21, 2005                    _____/s/ Scott R. Mosko_____
                                                     Scott R. Mosko,
22                                                   Attorneys for Defendants
                                                     Chi Mei Optoelectronics Corp.,
23                                                   International Display Technology USA, Inc.,
                                                     Westinghouse Digital Electronics, LLC, and
24                                                   International Display Technology Co., Ltd.

25  PURSUANT TO STIPULATION, IT IS SO ORDERED.

26  DATED: 4/22/15

27                                                   Marilyn H. Patel
                                                     United States District Court Judge
28

STIPULATED PROTECTIVE ORDER
Case No. C 04-04675 MHP                              - 12 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on _____ in the case of SEMICONDUCTOR ENERGY

LABORATORY CO., LTD. V. CHI MEI OPTOELECTRONICS, ET AL., C 04-04675 MHP. I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
Case No. C 04-04675 MHP

- 13 -

1  NAMES OF COUNSEL:

2  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Victoria F. Maroulis (Bar No. 202603)
3    R. Tulloss Delk (Bar No. 229442)
   555 Twin Dolphin Drive, Suite 560
4  Redwood City, CA  94065
   (650) 620-4500
5  (650) 620-4555 (Facsimile)

6  JENNER & BLOCK LLP
     Donald R. Harris (Admitted *Pro Hac Vice*)
7    Stanley A. Schlitter (Admitted *Pro Hac Vice*)
     Terrence J. Truax (Admitted *Pro Hac Vice*)
8    Stephen M. Geissler (Admitted *Pro Hac Vice*)
     Joseph A. Saltiel (Admitted *Pro Hac Vice*)
9  One IBM Plaza
   Chicago, IL  60611
10 (312) 222-9350
   (312) 527-0484 (Facsimile)
11
   Attorneys for Plaintiff
12 Semiconductor Energy Laboratory Co., Ltd.

13 FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
   Scott R. Mosko (State Bar No. 106070)
14 E-Mail:  scott.mosko@finnegan.com
   Stanford Research Park
15 700 Hansen Way
   Palo Alto, California  94304
16 Telephone:    (650) 849-6600
   Facsimile:    (650) 849-6666
17
   Of Counsel:
18
   E. Robert Yoches
19 E-Mail:  bob.yoches@finnegan.com
   901 New York Avenue, N.W.
20 Washington, D.C.  20001-4413
   Telephone:    (202) 408-4000
21 Facsimile:    (202) 408-4400

22 John R. Alison
   E-Mail:  john.alison@finnegan.com
23 Ya-Chiao Chang
   E-Mail:  ya-chiao.chang@finnegan.com
24 12D, 167 DunHua North Road
   Taipei 105, Taiwan, R.O.C.
25 Telephone:    011-886-2-2712-7001
   Facsimile:    011-886-2-2712-7080
26
   Attorneys for Defendants Chi Mei Optoelectronics Corp.,
27 International Display Technology USA, Inc., Westinghouse
   Digital Electronics, LLC, and International Display
28 Technology Co., Ltd

   STIPULATED PROTECTIVE ORDER
   Case No. C 04-04675 MHP
                                    - 14 -