IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG DISPLAY CO., LTD., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 06-726-JJF |
| AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA; CHI, MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |
| AU OPTRONICS CORPORATION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 07-357-JJF |
| LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., | ) ) ) | **CONSOLIDATED CASES** |
| Defendants. | ) ) | |

## NOTICE OF SUBPOENA AND DEPOSITION
### (DIRECTED TO ALL AMERICAN SEMICONDUCTOR)

PLEASE TAKE NOTICE that, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of

Civil Procedure, defendants and counterclaim plaintiffs AU Optronics Corporation and AU

Optronics Corporation America ("AUO") are serving a subpoena ad testificandum and duces

tecum upon All American Semiconductor ("All American"), in the form appended hereto, for an

oral deposition on the topics listed in Exhibit A to the subpoena, and for the production of

documents described in Exhibit B to the subpoena.

The requested documents are to be produced by 4:00 p.m. PDT on June 20, 2008 at the

offices of Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-

1050.

The deposition will take place at the offices of Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050, at a time to be determined.  In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, All American will be advised that it is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the matters set forth in Exhibit A to the subpoena.

The deposition will be taken in accordance with the Federal Rules of Civil Procedure before an official authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed.  This deposition may be recorded by any means permitted under the Federal Rules of Civil Procedure, including audio, audio-visual, and/or stenographic means.

You are invited to attend and cross-examine.

June 6, 2008

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Richard H. Morse (#531) [rmorse@ycst.com]
John W. Shaw (#3362) [jshaw@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  (302) 571-6600
*Attorneys for AU Optronics Corporation and*
*AU Optronics Corporation America*

OF COUNSEL:

PAUL HASTINGS JANOFSKY & WALKER LLP
Vincent K. Yip
Terry D. Garnett
Peter J. Wied
Jay C. Chiu
Katherine F. Murray
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000

- and -

2

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
Ron E. Shulman
Julie M. Holloway
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone:  (650) 493-9300

M. Craig Tyler
Brian D. Range
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497
Telephone: (512) 338-5400

DB02:6658983.1                                                    065944.1001



**WSGR** Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746-5546
PHONE 512.338.5400
FAX 512.338.5499
www.wsgr.com

June 3, 2008

All American Semiconductor, LLC
1301 Olympic Blvd.
Santa Monica, CA 90404

Re: *LG Display Co., Ltd., v. AU Optronics Corp., et al./ AU Optronics Corp. V. LG Display Co., Ltd., et al.*

Dear Sir or Madam:

AU Optronics ("AUO") and LG Display Co., Ltd. ("LGD"), formerly known as LG.Philips LCD Co., Ltd., are involved in a patent infringement case in the federal district court in Delaware. We represent AUO in the above noted matter. As a distributor for LGD (and/or LG Display America)'s products, you likely have documents and/or testimony relevant to this lawsuit. Accordingly, we have enclosed with this letter, a subpoena, which seeks such relevant documents and deposition testimony. If you are represented by counsel, please have your counsel contact us.

We have described the categories of documents that you are requested to produce in Exhibit A and the topics for deposition testimony in Exhibit B to the enclosed subpoena. We have also included a draft declaration that would, if applicable, establish the basis for admissibility of documents sought by the requests. In particular, the declaration is aimed at certifying the documents as records of regularly conducted activity in accordance with the Federal Rules of Evidence ("FRE") 803(6), 902(11), and 902(12). Therefore, to the extent that your document production complies with the subpoena and the admissibility of the produced documents can be established by written declaration(s) (instead of deposition testimony), it may be possible for us to forego a deposition on the topics outlined in Exhibit B.

In lieu of producing original documents to the mailing address provided above or at the location specified in the subpoena, you may send copies. We will reimburse you for your reasonable shipping and copying costs.

AUSTIN    NEW YORK    PALO ALTO    SAN DIEGO    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

June 3, 2008
Page 2


      We ask that you immediately comply with the subpoena, and note that the due date for your response and requested documents is June 20, 2008.  Thank you for your cooperation and if you have any questions or wish to discuss compliance with the subpoena, please do not hesitate to contact me.

      Sincerely,

      WILSON SONSINI GOODRICH & ROSATI
      Professional Corporation

      Jeff Whiting

JW/pmh
Enclosure

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN _____ DISTRICT OF _____ CALIFORNIA

LG.Philips Display Co., Ltd., et al.

V.

Chi Mei Optoelectronics Corporation, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:06-cv-00726 (Dist. of Delaware)

TO:  All American Semiconductor  c/o: Belinda Valle, Reg. Agent
1230 Devcon Drive              1301 Olympic Blvd.
San Jose, CA 95112             Santa Monica, CA 90404

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    Wilson Sonsini Goodrich & Roasti, 650 Page Mill Road    Palo Alto, California 94304-1050 | DATE AND TIME    To Be Determined |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit A.

| PLACE    Wilson Sonsini Goodrich & Roasti, 650 Page Mill Road    Palo Alto, California 94304-1050 | DATE AND TIME    6/20/2008 4:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE    6/3/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeffrey Whiting, Attorney for AU Optronics / 512.338.5482
Wilson Sonsini Goodrich & Rosati, 900 South Capital of Texas Highway, Las Cimas IV, Fifth Floor, Austin, TX 78746

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
   (iv) subjects a person to undue burden.
 (B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## INSTRUCTIONS

1.  In responding to the present subpoena, you are required to furnish such information as is available to you, including but not limited to information in the possession of your agents, representatives, or any other person or persons acting on your behalf.

2.  If you have no writings, recordings, documents, or other information responsive to a particular category, please state so in writing.  Additionally, if you have documents responsive to a particular category which you claim are privileged, please state so in writing and please produce all non-privileged documents.  For each document you claim as privileged, please state: (i) the type of privilege you claim; (ii) the nature of the document (*e.g.* letter, memorandum, notes, etc.); (iii) its date; (iv) its author(s) and recipient(s), if any; and (v) the identity of each and every person, other than the identified author(s) or recipient(s), who was sent or provided with the document or a portion of the document.

## DEFINITIONS

1.  The term "AUO" or "Plaintiff" shall refer to Plaintiff AU Optronics Corporation and its subsidiaries, divisions, parents, and affiliates, and all officers, agents, employees, representatives, consultants, experts, in-house and outside counsel, or other persons acting on its behalf or under its control.

2.  "All American" refers to All American. and includes (a) any of its divisions, departments, offices, subsidiaries, agents; (b) all companies, corporations, or partnerships that are predecessors-in-interest or successors-in-interest of All American; (c) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control, in any manner, with All American; and (d) each of the present and former officer, directors, employees, agents, consultants, independent contractors, attorneys,

representatives, or other persons acting or purporting to act on behalf of the foregoing entity, or on whose behalf the foregoing entity acted or purported to act.

3. "LGD" refers to LG Display Co., Ltd. (formerly known as LG.Philips LCD Co., Ltd.) and includes (a) any of its divisions, departments, offices, subsidiaries, agents; (b) all companies, corporations, or partnerships that are predecessors-in-interest or successors-in-interest of LGD; (c) all companies through which LGD markets or distributes its LCD Modules in the United States, including without limitation LGDA; (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control, in any manner, with LGD; and (e) each of the present and former officer, directors, employees, agents, consultants, independent contractors, attorneys, representatives, or other persons acting or purporting to act on behalf of the foregoing entity, or on whose behalf the foregoing entity acted or purported to act.

4. "LGDA" refers to LG Display America, Inc. (formerly known as LG.Philips LCD America) and includes (a) any of its divisions, departments, offices, subsidiaries, agents; (b) all companies, corporations, or partnerships that are predecessors-in-interest or successors-in-interest of LGDA; (c) all companies through which LGDA markets or distributes its LCD Modules in the United States, including without limitation LGD; (d) all companies, corporations, partnerships, associations, or other business entities which are or have been under common ownership or control, in any manner, with LGDA; and (e) each of the present and former officer, directors, employees, agents, consultants, independent contractors, attorneys, representatives, or other persons acting or purporting to act on behalf of the foregoing entity, or on whose behalf the foregoing entity acted or purported to act.

5. The term "LCD Modules" shall refer to any liquid crystal display ("LCD") module(s) designed, produced, manufactured, sold or offered for sale by, or purchased or otherwise obtained from, or imported on behalf of, LGD and/or LGDA, including but not limited to, modules used in or incorporated into televisions, monitors, computers, mobile phones, portable audio/video devices, automotive devices, industrial, or medical devices. The term "LCD

Modules" also includes but is not limited to any custom or special order modules designed, produced, manufactured, sold or offered for sale by LGD and/or LGDA.

6.  The term "communications" refers to any form of interpersonal communication, including without limitation any transmission, conveyance, or exchange of word, statement, fact, thing, idea, document, instrument, data, or information, by any medium whether written, verbal, non-verbal or any other means, including without limitation electronic communications and e-mails.

7.  The term "person" refers to any natural person, company, corporation, partnership, firm, association, government agency or other organization cognizable at law, and its agents and employees.

8.  The term "document" shall have the broadest scope permissible under the Federal Rules of Civil Procedure and includes, for example, all writings, drawings, graphs, charts, photographs, phono-records, schematics, layouts, specifications, data sheets, application notes, marketing presentations and materials, internal presentations, design reports, hardware source code (including, for example, verilog), software source code (including, for example, firmware), pseudocode, timing diagrams, waveform diagrams, test reports, customer complaints and responses, engineering change notices, modification histories, white papers, assembly diagrams, assembly drawings, and assembly instructions, whether or not such documents are claimed to be privileged or confidential, and within the Defendant's possession, custody, or control as set forth in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" also refers, in addition to the original or original copy, to all copies of any kind that contain any alteration, marking, or omission, or which in any other way are not identical to the original or original copy and all drafts or notes made in the preparation of each document. The term "document" shall further refer to and include all electronic data (including, for example, executable files) in whatever form it may exist.

9.  The term "thing" encompasses without limitation all tangible things which constitute or contain matters within the scope of Rule 26(b) of the Federal Rules of Civil Procedure and

which are in the possession, custody, or control of the Defendant as set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

10. The term "identify" as used herein shall refer to the following: (a) With respect to a natural person to provide: full name; present or last known business address and telephone number; present or last known residential address and telephone number; and occupation and business position or title held; (b) With respect to a legal or business entity, to provide: full name; place of incorporation or organization (if any); principal place of business; and identification of any representative of such entity who has knowledge relating to any information in connection with which such entity has been identified; (c) With respect to any document or thing, to provide: the date the document or thing bears or was prepared or transmitted; the identity of each person who authored, signed, created or prepared the document or thing; the identity of each addressee and recipient of the document or thing; its title and general character (subject matter); the number of pages in the document; the identity of the persons having possession, custody or control of the original or copies of the document or thing; the present location of the document or thing; and for each document or thing that you contend is privileged, immune or otherwise excludable from discovery, the basis for such claim of privilege, immunity or exclusion (in sufficient detail for the Court to rule on such claim) and whether you would be willing to produce such document or portions of such document under a suitable protective order.

11. The terms "relating to," "relate to," and "related to" mean pertaining to, alluding to, responding to, referring to, commenting on, regarding, recording, evidencing, containing, setting forth, reflecting, illustrating, showing, discussing, disclosing, describing, explaining, summarizing, supporting, contradicting, refuting, or concerning, whether directly or indirectly.

12. The use of the singular form of any word includes the plural, and vice versa, as necessary to bring within the scope of the following requests all information which might otherwise be construed to be outside its scope.

13. The terms "or" as well as "and" shall be construed disjunctively as well as conjunctively as necessary to bring within the scope of the following requests all information which might otherwise be construed to be outside its scope.

14. The term "including" as used herein is not be interpreted as limiting the request and to the contrary is intended to indicate specific examples without limitation.

## REQUESTS

**REQUEST NO. 1:**

All communications sent or received during the period from March 8, 2001 to present, including but not limited to electronic mail, between All American and Dong Hoon Han, the Account Manager of LGDA.

**REQUEST NO. 2:**

All communications sent or received during the period from March 8, 2001 to present, including but not limited to electronic mail, between All American and LGDA.

**REQUEST NO. 3:**

All communications sent or received during the period from March 8, 2001 to present, including but not limited to electronic mail, between All American and LGD.

**REQUEST NO. 4:**

All documents relating to any business arrangement (whether past or present) between All American and LGDA, including but not limited to distributor agreements.

**REQUEST NO. 5:**

All documents sufficient to show the existence (whether past or present) of any relationship between All American and LGDA.

**REQUEST NO. 6:**

All documents relating to any business arrangement (whether past or present) between All American and LGD, including but not limited to distributor agreements.

**REQUEST NO. 7:**

All documents sufficient to show the existence (whether past or present) of any relationship between All American and LGD.

**REQUEST NO. 8:**

All documents relating to any transaction involving All American and LGDA, including but not limited to invoices, purchase orders, receipts or sales agreements.

**REQUEST NO. 9:**

All documents relating to any transaction involving All American and LGD, including but not limited to invoices, purchase orders, receipts or sales agreements.

**REQUEST NO. 10:**

All documents relating to any transaction involving any LCD Modules, including but not limited to invoices, purchase orders, receipts or sales agreements.

**REQUEST NO. 11:**

Documents sufficient to show All American's annual sales per LCD Module (in units and revenues) in the Unites States from 2001 to present involving any LCD Modules, as well as the price or cost paid to LGDA and/or LGD associated with such sales.

**REQUEST NO. 12:**

All marketing and promotional materials or technical presentations created, distributed, published or used in any way by All American in the period from March 8, 2001 to present regarding any LCD Module.

**REQUEST NO. 13:**

All documents regarding the importation or shipment into the United States of any LCD Module in the period from March 8, 2001 to present.

**REQUEST NO. 14:**

All communications (including emails) between All American, on the one hand, and LGDA or LGD, on the other hand, regarding the importation or shipment into the United States of any LCD Module in the period from March 8, 2001 to present.

**REQUEST NO. 15:**

All communications (including emails) between All American, on the one hand, and LGDA or LGD, on the other hand, addressing any technical issues regarding any LCD Module in the period from March 8, 2001 to present.

**REQUEST NO. 16:**

All communications (including emails) between All American, on the one hand, and LGDA or LGD, on the other hand, regarding the incorporation of any LCD Module into any end product in the period from March 8, 2001 to present.

**REQUEST NO. 17:**

All communications (including emails) between All American, on the one hand, and LGDA or LGD, on the other hand, regarding marketing and promotional materials or technical presentations created, distributed, published or used in any way by All American in the period from March 8, 2001 to present regarding any LCD Module.

**REQUEST NO. 18:**

All documents regarding any on-site visits or presentations made by LGDA or LGD to All American regarding any LCD Module in the period from March 8, 2001 to present.

**REQUEST NO. 19:**

All communications (including emails) between All American, on the one hand, and LGDA or LGD, on the other hand, regarding the quantity of LCD Modules or end products containing LCD Modules that were sold in the United States for any period between March 8, 2001 and present.

**REQUEST NO. 20:**

All license agreements involving All American and relating to any LCD technology.

**EXHIBIT B**

The Definitions in Exhibit A are incorporated by reference. You are requested to produce witness(es) with knowledge concerning the topics set forth below.

**TOPICS**

**TOPIC NO. 1:**

The business practice relating to documents produced in response to Exhibit A of this subpoena, including but not limited to:

    (a)    the practice relating to the creation of the documents, including the timing of the creation, the authorship of the documents, the information from which the documents were created and the source/author of such information, and whether the documents were created as part of regularly conducted activity as a regular practice; and

    (b)    the practice relating to the maintenance of the documents, including whether the documents were kept in the course of regularly conducted activity.

**TOPIC NO. 2:**

All communications sent or received during the period from March 8, 2001 to present, including but not limited to electronic mail, between All American and Dong Hoon Han, the Account Manager of LGDA.

**TOPIC NO. 3:**

All communications sent or received during the period from March 8, 2001 to present, including but not limited to electronic mail, between All American and LGDA.

**TOPIC NO. 4:**

All communications sent or received during the period from March 8, 2001 to present, including but not limited to electronic mail, between All American and LGD.

**TOPIC NO. 5:**

Any business arrangement (whether past or present) between All American and LGDA, including but not limited to distributor agreements.

**TOPIC NO. 6:**

Existence (whether past or present) of any relationship between All American and LGDA.

**TOPIC NO. 7:**

Any business arrangement (whether past or present) between All American and LGD, including but not limited to distributor agreements.

**TOPIC NO. 8:**

Existence (whether past or present) of any relationship between All American and LGD.

**TOPIC NO. 9:**

Any transaction involving All American and LGDA.

**TOPIC NO. 10:**

Any transaction involving All American and LGD.

**TOPIC NO. 11:**

Any transaction involving any LCD Modules, including but not limited to invoices, purchase orders, receipts or sales agreements.

**TOPIC NO. 12:**

All American's annual sales per LCD Module (in units and revenues) in the Unites States from 2001 to present involving any LCD Modules, as well as the price or cost paid to LGDA and/or LGD associated with such sales.

**TOPIC NO. 13:**

Marketing and promotional materials or technical presentations created, distributed, published or used in any way by All American in the period from March 8, 2001 to present regarding any LCD Module.

**TOPIC NO. 14:**

Importation or shipment into the United States of any LCD Module in the period from March 8, 2001 to present.

**TOPIC NO. 15:**

All communications between All American, on one hand, and LGDA or LGD, on the other hand, regarding the importation or shipment into the United States of any LCD Module in the period from March 8, 2001 to present.

**TOPIC NO. 16:**

All communications between All American, on the one hand, and LGDA or LGD, on the other hand, addressing any technical issues regarding any LCD Module in the period from March 8, 2001 to present.

**TOPIC NO. 17:**

All communications between All American, on the one hand, and LGDA or LGD, on the other hand, regarding the incorporation of any LCD Module into any end product in the period from March 8, 2001 to present.

**TOPIC NO. 18:**

All communications between All American, on the one hand, and LGDA or LGD, on the other hand, regarding marketing and promotional materials or technical presentations created, distributed, published or used in any way by All American in the period from March 8, 2001 to present regarding any LCD Module.

**TOPIC NO. 19:**

Any on-site visits or presentations made by LGDA or LGD to All American regarding any LCD Module in the period from March 8, 2001 to present.

**TOPIC NO. 20:**

All communications between All American, on the one hand, and LGDA or LGD, on the other hand, regarding the quantity of LCD Modules or end products containing LCD Modules that were sold in the United States for any period between March 8, 2001 and present.

**TOPIC NO. 21:**

All license agreements involving All American and relating to any LCD technology.

**TOPIC NO. 22:**

Documents produced in response to Exhibit A of this subpoena.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., ET AL.<br><br>                    Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, ET AL.<br><br>                    Defendants. | Civil Action No.:  06-726-JJF<br>Civil Action No.:  06-357-JJF<br><br>**CONSOLIDATED CASES** |

## <u>THIRD PARTY BUSINESS RECORDS AFFIDAVIT</u>

I certify that I am the custodian of records of _____

("the Company") and have produced documents, Bates Numbered _____

through _____, (the "Documents") pursuant to subpoena served on the

Company by AU Optronics Corporation in the above-entitled matter, and I further

certify that, to the best of my knowledge:

    1.  The Documents were made at or near the time of the occurrence of the matters

set forth by, or from information transmitted by, a person with knowledge of those

matters;

    2.  The Documents were copied from the files and business records generated,

kept, and maintained in the ordinary course of business by the Company;

    3.  The Documents are true and correct copies of original documents;

    4.  This affidavit of certification is intended to comply with the requirements of

authentication set forth in Federal Rules of Evidence 902(11) and 902(12), as well as

the business records exception set forth in Federal Rule of Evidence 803(6).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed the _____ day of _____, 2008 at_____[am][pm].

_____

Declarant Printed Name:_____

Subscribed and sworn before me this _____ day of _____, 2008, at _____, _____.

_____
Notary Public

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on June 6, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard D. Kirk [rkirk@bayardfirm.com]
> Ashley B. Stitzer [astitzer@bayardfirm.com]
> BAYARD, P.A.
> 222 Delaware Avenue, Suite 900
> P.O. Box. 25130
> Wilmington, DE 19899-5130
> (302) 655-5000
> > *Attorneys for LG Display Co., Ltd. and LG Display America, Inc.*

> Philip A. Rovner [provner@potteranderson.com]
> David E. Moore [dmoore@potteranderson.com]
> POTTER, ANDERSON & CORROON
> 6th Floor, Hercules Plaza
> 1313 N. Market Street
> Wilmington, DE 19801
> > *Attorneys for Chi Mei Optoelectronics Corporation and*
> > *Chi Mei Optoelectronics USA, Inc.*

I further certify that I caused a copy of the foregoing document to be served by e-mail and on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### *By E-mail*

> Gaspare J. Bono [gbono@mckennalong.com]
> Matthew T. Bailey [mbailey@mckennalong.com]
> R. Tyler Goodwyn, IV [tgoodwyn@mckennalong.com]
> Lora A. Brzezynski [lbrzezynski@mckennalong.com]
> Cass W. Christenson [cchristenson@mckennalong.com]
> MCKENNA LONG & ALDRIDGE LLP
> 1900 K Street, NW
> Washington, DC 20006
> (202) 496-7500
> > *Attorneys for LG Display Co., Ltd. and LG Display America, Inc.*

> Jonathan S. Kagan [jkagan@irell.com]
> Alexander C.D. Giza [agiza@irell.com]
> IRELL & MANELLA LLP
> 1800 Avenue of the Stars
> Suite 900
> Los Angeles, CA 90067
> (310) 277-1010
> > *Attorneys for Chi Mei Optoelectronics Corporation and*
> > *Chi Mei Optoelectronics USA, Inc.*

065944.1001

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

June 6, 2008

Richard H. Morse (#531) *[rmorse@ycst.com]*
John W. Shaw (No. 3362) *[jshaw@ycst.com]*
Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone: 302-571-6600

*Attorneys for AU Optronics Corporation and*
*AU Optronics Corporation America*

2

065944.1001