UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>                          Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>                         Defendants. | Civil Action No. 06-726 (JJF)<br>Civil Action No. 07-357 (JJF)<br><br>**CONSOLIDATED CASES** |

**PLAINTIFF LG DISPLAY CO., LTD.'S NOTICE OF
FED.R.CIV.P. 30(b)(6) DEPOSITION AND
FED.R.CIV.P. 45 SERVICE OF SUBPOENA *DUCES TECUM***
(Teleplan Service Logistics, Inc.)

TO:

| | |
|---|---|
| Karen L. Pascale, Esq.<br>John W. Shaw, Esq.<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899-0391 | Philip A. Rovner, Esq.<br>Dave E. Moore, Esq.<br>Potter Anderson & Corroon LLP<br>1313 North Market Street<br>Wilmington, DE 19899-0951 |
| Ron E. Shulman, Esq.<br>Julie Holloway, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | M. Craig Tyler, Esq.<br>Brian D. Range, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, TX 78759-8497 |
| Jonathan S. Kagan, Esq.<br>Irell & Manella LLP<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067-4276 | Vincent K. Yip, Esq.<br>Peter J. Wied, Esq.<br>Jay C. Chiu, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>515 South Flower Street<br>Twenty-Fifth Floor<br>Los Angeles, CA 90071 |

      PLEASE TAKE NOTICE that Plaintiff LG Display Co., Ltd. ("LG Display") will take

the deposition *duces tecum* of third party Teleplan Service Logistics, Inc. ("Teleplan") pursuant

to Fed. R. Civ. P. 45 and Fed. R. Civ. P. 30(b)(6), on July 30, 2008, at 9:00 a.m. The deposition will take place at Esquire Deposition Services, 520 Capital Mall, Suite 250, Sacramento, CA 95814. The deposition will be taken before a notary public or court reporter, duly authorized to administer oaths and transcribe the testimony of the deponent(s). The deposition will be videotaped and continue from day to day until completed or adjourned if authorized by the Court or stipulated by the parties.

PLEASE ALSO TAKE NOTICE that LG Display is serving Teleplan with a subpoena (the "Subpoena"), a copy of which is attached hereto. The subjects covered in the deposition will include (but are not limited to) the subjects listed on Attachment A to the Subpoena. Pursuant to Fed. R. Civ. P. 30(b)(6), Teleplan is required to designate one or more persons to testify at the deposition as to the matters known or reasonably available to Teleplan concerning all topics listed in Attachment A to the Subpoena. In addition, the Subpoena requires Teleplan to produce the documents identified in Attachment B to the Subpoena at Esquire Deposition Services, 520 Capital Mall, Suite 250, Sacramento, CA 95814, on or before July 15, 2008.

You are invited to attend and cross examine.

June 11, 2008                                    BAYARD, P.A.

                                                 /s/ Richard D. Kirk (rk0922)
                                                 Richard D. Kirk, Esquire (#922)
OF COUNSEL:                                      222 Delaware Avenue
Gaspare J. Bono                                  Ninth Floor
R. Tyler Goodwyn, IV                             Wilmington, DE 19801
Lora A. Brzezynski                               (302) 655-5000
Cass W. Christenson
McKenna Long & Aldridge LLP                      *Attorneys For Plaintiff LG Display Co., Ltd.*
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

# McKenna Long & Aldridge LLP
### Attorneys at Law

Albany
Atlanta
Brussels
Denver
Los Angeles

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

JOHN W. LOMAS, JR.
(202) 496-7183

EMAIL ADDRESS
jlomas@mckennalong.com

June 11, 2008

Teleplan Service Logistics, Inc.
8875 Washington Boulevard, Suite B
Roseville, VA 95678

Re:  *LG Display Co. Ltd. v. AU Optronics Corp., Chi Mei Optoelectronics Corp., et al.*
Case Nos. 06-726-JJF & 07-357-JJF (consolidated)

Dear Sir or Madam:

We represent LG Display Co. Ltd. ("LG Display"), previously known as LG.Philips LCD Co., Ltd., in the above-referenced litigation involving AU Optronics Corp. ("AUO"), Chi Mei Optoelectronics Corp. ("CMO"), and related entities.

This is a patent infringement case involving claims and counterclaims alleging patent infringement. We have served a subpoena on your company because we understand that you are likely to have information that is relevant to this case, including information concerning AUO, CMO, and their products. Accordingly, the subpoena requests that your company produce relevant documents and electronically stored information, and provide a deposition to address certain topics, as more specifically discussed in the subpoena.

We appreciate your cooperation in responding to the subpoena and providing us with the requested information. If your counsel or you have any questions regarding the subpoena, we look forward to discussing the subpoena with your counsel (or with you directly, if you are not represented by counsel). Please contact me directly with any questions by telephone or email.

For your convenience, you may make copies of responsive documents and send them to me at the above address, which may avoid the need to produce documents in person. Please contact me in advance, however, to let me know the anticipated volume of documents to be produced.

Further, we will consider any scheduling conflicts you may have concerning the scheduled date for your deposition. We may be able to reschedule or limit deposition testimony, or forego the necessity of a deposition, depending on the circumstances. We can discuss this with you further after we have received and reviewed the documents that you produce in response to the subpoena.

Teleplan Service Logistics, Inc.
June 11, 2008
Page 2

We will work with you to obtain the information that we need efficiently and cooperatively, without any unnecessary inconvenience or disruption to your business.

Thank you in advance for your prompt attention and response to this subpoena.

Sincerely,

John W. Lomas, Jr.

JWL:ea
Enclosure

DC:50552188.1

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
Eastern District of California

| LG Display Co., Inc. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Chi Mei Optoelectronics Corporation, et al. | Case Number:[1] 06-726-JJF, 07-357-JJF (D.Del.) |

TO: Teleplan Service Logistics, Inc.
8875 Washington Boulevard, Suite B
Roseville, CA 95678

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition may be videotaped.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire Deposition Services, 520 Capital Mall, Suite 250 Sacramento, CA 95814 (See Attachment A for topics.) | 7/30/2008 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents listed in Attachment B.

| PLACE | DATE AND TIME |
|---|---|
| Attn: John W. Lomas, Jr., Esq., Esquire Deposition Services 520 Capital Mall, Suite 250, Sacramento, CA 95814 | 7/15/2008 10:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 6/10/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John W. Lomas, Jr., Esq., McKenna Long & Aldridge LLP (Attorney for Plaintiff/Counterclaim Defendant LG Display)
1900 K Street, NW, Washington, DC 20006  (202) 496-7183

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A: TOPICS TO BE ADDRESSED AT THE DEPOSITION

For purposes of this Attachment, Teleplan Service Logistics, Inc. should use the following definitions for the terms used herein.

A. "Teleplan" as used herein means Teleplan Service Logistics, Inc. and all persons or entities acting or purporting to act on Teleplan's behalf, and any Affiliates (as that term is defined herein) of Teleplan.

B. "AUO" means AU Optronics Corporation, all persons or entities acting or purporting to act on AU Optronics Corporation's behalf, and any Affiliates (as that term is defined herein) of AU Optronics Corporation (including, for example, AU Optronics Corporation America).

C. "CMO" means Chi Mei Optoelectronics Corporation, all persons or entities acting or purporting to act on Chi Mei Corporation's behalf, and any Affiliates (as that term is defined herein) of Chi Mei Corporation (including, for example, Chi Mei Optoelectronics USA).

D. "Affiliate(s)" means any partnerships, parents, subsidiaries, and divisions, and any corporation or other entity that controls, is controlled by, or is under common control with the identified corporation or entity.

E. "LCD panel" means an LCD display component that includes a TFT array and color filter with liquid crystal material between them.

F. "LCD module" means an LCD display component that includes, inter alia, an LCD panel, a backlight unit, and driver ICs.

G. "LCD display product" means any device that contains an LCD module. An LCD computer monitor, LCD television, laptop computer, and any telephone or other portable or

handheld product incorporating an LCD module are examples of LCD display products. This includes all such devices, regardless of brand name.

H. "AUO Products" means all LCD modules and LCD panels made, shipped, imported, or sold by or for AUO since December 1, 2000, and any LCD display products containing LCD modules and/or LCD panels made, shipped, imported, or sold by or for AUO.

I. "CMO Products" means all LCD modules and LCD panels made, shipped, imported, or sold by or for CMO since December 1, 2000, and any LCD display products containing LCD modules and/or LCD panels made, shipped, imported, or sold by or for CMO.

J. "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information between two or more persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery, or otherwise, including, but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements, and other understandings.

K. The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these deposition topics and/or document requests all information that might otherwise be construed to be outside of their scope.

L. "Concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, describing, discussing, evidencing, or constituting the referenced subject.

M. "Document" means all types of documents, electronically stored information, and things embraced within Federal Rules of Civil Procedure 34 and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or

reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, email, facsimiles, telegrams, cable, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films, slides, photographs, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, patent studies, opinions of counsel, records, reports, summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, sound recordings, computer printouts, floppy disks, hard drives, CD-ROM's, magnetic tapes and any other data, database, server, or data compilations from which information can be obtained either directly, or, if necessary translated by you through detection devices into a reasonably usable form. The term document also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, products, prototypes, models, and specimens.

N. "Any" means each and every.

O. "Person" means any natural person, firm, association, partnership, corporation, joint venture, or other form of legal entity.

P. "Service and Repair" means any type of diagnosis, repair, or service of any kind, including, but not limited to inspection, replacement, restoration, refurbishment, reassembly, rebuilding, repairing, servicing, testing, and warranty-related work.

Q. The use of the singular form of any word includes the plural and vice versa.

Deposition Topics

The topics to be covered in the deposition include:

1. All documents that you produced in response to this subpoena, including the contents of the documents, and the business practices concerning those documents, such as:

   a. the creation of such documents, including whether the documents were created as part of regularly conducted activity as a regular practice; and

   b. the maintenance of the documents, including whether the documents were kept in the course of regularly conducted activity.

2. The scope and nature of services and support that Teleplan provides for AUO and AUO products and/or CMO and CMO Products, including, but not limited to, concerning Service and Repair.

3. The terms of all contracts, agreements, and business arrangements concerning Teleplan and AUO or AUO Products.

4. The terms of all contracts, agreements, and business arrangements concerning Teleplan and CMO or CMO Products.

5. The types and categories of documents that Teleplan has received from AUO and/or CMO, including, for example, any authorizations, orders, and reports.

6. The types and categories of documents that Teleplan has concerning AUO Products and/or CMO Products.

7. The process by which Teleplan receives AUO Products and/or CMO Products for Service and Repair, including any authorizations for such Service and Repair work.

8. The process by which Teleplan is paid or compensated for Service and Repair concerning AUO Products and/or CMO Products, including who pays for such work and the methods of payment.

9. All Service and Repair work by or for you concerning AUO Products and/or CMO Products, including the quantity of each model on which Teleplan performed Service and Repair work, the nature of the work performed, and the payment received for each type of Service and Repair and for each transaction.

10. Communications between Teleplan and AUO or CMO, including, but not limited to, the dates and locations of any in person meetings between employees or representatives of Teleplan and AUO or CMO, the identity and job descriptions of participants in such meetings, and the substance of issues discussed or addressed in such meetings.

11. The efforts Teleplan took to gather and search for information and documents responsive to this subpoena, including email and other electronically stored information, and all sources of such information and documents.

## ATTACHMENT B: DOCUMENTS TO BE PRODUCED

For purposes of this Attachment, Teleplan Service Logistics, Inc. should refer to Attachment A for the definition or meaning of terms used herein, which definitions are incorporated herein by reference. The documents to be produced on or before July 15, 2008 include the following:

1. Contracts and agreements with AUO and/or CMO, or concerning AUO Products and/or CMO Products, including all amendments and exhibits.

2. Documents sufficient to show any Service and Repair work that you performed or provided since December 1, 2000 concerning any AUO Products and/or under any contract, agreement, business arrangement, statement of work, and/or work authorization, formal or informal, written or oral, with AUO.

3. Documents sufficient to show any Service and Repair work that you performed or provided since December 1, 2000 concerning any CMO Products and/or under any contract, agreement, business arrangement, statement of work, and/or work authorization, formal or informal, written or oral, with CMO.

4. Documents sufficient to show the payment and compensation received by or for you concerning any Service and Repair work that you performed or provided since December 1, 2000 on any AUO Products and/or under any contract, agreement, business arrangement, statement of work, and/or work authorization, formal or informal, written or oral, with AUO.

5. Documents sufficient to show the payment and compensation received by or for you concerning any Service and Repair work that you performed or provided since December 1, 2000 on any CMO Products and/or under any contract, agreement, business arrangement, statement of work, and/or work authorization, formal or informal, written or oral, with CMO.

6. Documents sufficient to identify all shipments to you in the United States of AUO Products and/or CMO Products since December 1, 2000, including the model numbers, quantities of each model, and dates with respect to each shipment.

7. Documents reflecting all communications, since December 1, 2000, with AUO or CMO and/or concerning AUO Products or CMO Products.

8. All documents concerning any in person meetings, since December 1, 2000, between Teleplan and employees or representatives of AUO or CMO, including documents sufficient to identify the date, location, and persons attending such meetings and any e-mails, trip reports, presentations, notes, minutes, agendas, or summaries concerning such meetings.

9. Documents sufficient to show, on an annual basis, your total number of Service and Repair transactions in the United States since December 1, 2000 concerning AUO Products or CMO Products, including the models serviced and the amount that you billed and received.

10. All documents concerning the Service and Repair, distribution, and/or shipment within the United States of AUO Products and/or CMO Products, including, for example, reports, work authorizations, repair orders, supply, material, and consignment records, and projections.

11. All documents that Teleplan has exchanged with AUO and/or CMO since December 1, 2000.

12. Documents concerning persons in the United States that have owned, used, or purchased any AUO Products and/or CMO Products, including the quantity and model numbers of such AUO Products and/or CMO Products, since December 1, 2000.

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 11, 2008, he served the foregoing documents by email and by hand upon the following counsel:

Philip A. Rovner
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19899-0951

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

The undersigned counsel further certifies that, on June 11, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

Jonathan S. Kagan
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067

Vincent K. Yip
Peter J. Wied
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

Ron E. Shulman, Esquire
Julie Holloway, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk