## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS <br> CORPORATION, et al. <br><br> Defendants. | Civil Action No.  06-726 (JJF) <br> Civil Action No.  07-357 (JJF) <br><br> **CONSOLIDATED CASES** |

### PLAINTIFF LG DISPLAY CO., LTD.'S NOTICE OF
### FED.R.CIV.P. 30(b)(6) DEPOSITION AND
### FED.R.CIV.P. 45 SERVICE OF SUBPOENA *DUCES TECUM*
### (Acer America Corporation)

TO:

Karen L. Pascale, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

Philip A. Rovner, Esq.
Dave E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19899-0951

Ron E. Shulman, Esq.
Julie Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759-8497

Jonathan S. Kagan, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071

PLEASE TAKE NOTICE that Plaintiff LG Display Co., Ltd. ("LG Display") will

take the deposition *duces tecum* of third party Acer America Corporation ("Acer")

pursuant to Fed. R. Civ. P. 45 and Fed. R. Civ. P. 30(b)(6), on August 4, 2008, at 9:00

a.m.  The deposition will take place at McKenna Long & Aldridge LLP, 101 California

Street, Floor 41, San Francisco, CA  94111.  The deposition will be taken before a notary

public or court reporter, duly authorized to administer oaths and transcribe the testimony

of the deponent(s).  The deposition will be videotaped and continue from day to day until

completed or adjourned if authorized by the Court or stipulated by the parties.

PLEASE ALSO TAKE NOTICE that LG Display is serving Acer with a

subpoena (the "Subpoena"), a copy of which is attached hereto.  The subjects covered in

the deposition will include (but are not limited to) the subjects listed on Attachment A to

the Subpoena.  Pursuant to Fed. R. Civ. P. 30(b)(6), Acer is required to designate one or

more persons to testify at the deposition as to the matters known or reasonably available

to Acer concerning all topics listed in Attachment A to the Subpoena.  In addition, the

Subpoena requires Acer to produce the documents identified in Attachment B to the

Subpoena at McKenna Long & Aldridge LLP, 101 California Street, Floor 41, San

Francisco, CA  94111, on or before July 15, 2008.

You are invited to attend and cross examine.


June 11, 2008                                          BAYARD, P.A.

OF COUNSEL:                                      /s/ Richard D. Kirk (rk0922)
                                                          Richard D. Kirk
Gaspare J. Bono                                   222 Delaware Avenue, Suite 900
R. Tyler Goodwyn                                P.O. Box 25130
Lora A. Brzezynski                               Wilmington, DE  19899-5130
McKenna Long & Aldridge LLP              (302) 655-5000
1900 K Street, NW
Washington, DC  20006                          *Attorneys for Plaintiff LG Display Co., Ltd*
202-496-7500

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# &Aldridge LLP
### Attorneys at Law

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

JOHN W. LOMAS, JR.
(202) 496-7183

EMAIL ADDRESS
jlomas@mckennalong.com

June 11, 2008

Acer America Corporation
333 W San Carlos Street
Suite 1500
San Jose, CA  95110

Re:     *LG Display Co. Ltd. v. AU Optronics Corp., Chi Mei Optoelectronics Corp., et al.*
Case Nos. 06-726-JJF & 07-357-JJF (consolidated)

Dear Sir or Madam:

We represent LG Display Co. Ltd. ("LG Display"), previously known as LG.Philips LCD Co., Ltd., in the above-referenced litigation involving AU Optronics Corp. ("AUO"), Chi Mei Optoelectronics Corp. ("CMO"), and related entities.  This is a patent infringement case involving claims and counterclaims alleging patent infringement.

LG Display recognizes that your company is not a party to this litigation, and does not wish to inconvenience or burden you in any way.  However, because your company may have important information concerning AUO and CMO, it was necessary for us to have a subpoena issued to you requesting certain information.  Although this subpoena is necessary, we respect and do not want to interfere with any business dealings you may have with LG Display or others.  Please be assured that LG Display intends to minimize your involvement in this case and the discovery process.  Thank you in advance for your assistance in providing the requested information, and we look forward to cooperating with you to obtain relevant information as efficiently as possible.

The subpoena requests that your company produce relevant documents and electronically stored information, and provide a deposition to address certain topics, as more specifically discussed in the subpoena.

We appreciate your cooperation in responding to the subpoena and providing us with the requested information.  If your counsel or you have any questions regarding the subpoena, we look forward to discussing the subpoena with your counsel (or with you directly, if you are not represented by counsel).  Please contact me directly with any questions by telephone or email.

Acer America Corporation
June 11, 2008
Page 2

For your convenience, you may make copies of responsive documents and send them to me at the above address, which may avoid the need to produce documents in person. Please contact me in advance, however, to let me know the anticipated volume of documents to be produced.

Further, we will consider any scheduling conflicts you may have concerning the scheduled date for your deposition. We may be able to reschedule or limit deposition testimony, or forego the necessity of a deposition, depending on the circumstances. We can discuss this with you further after we have received and reviewed the documents that you produce in response to the subpoena.

We will work with you to obtain the information that we need efficiently and cooperatively, without any unnecessary inconvenience or disruption to your business.

Thank you in advance for your prompt attention and response to this subpoena.

Sincerely,

John W. Lomas, Jr.

JWL:ea
Enclosure

DC:50551904.1

∿AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Northern District of California

LG Display Co., Inc.

V.

**SUBPOENA IN A CIVIL CASE**

Chi Mei Optoelectronics Corporation, et al.

Case Number:[1] 06-726-JJF, 07-357-JJF (D.Del.)

TO:  Acer America Corporation
     333 W. San Carlos Street, Suite 1500
     San Jose, CA 95110

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.   **The deposition may be videotaped.**

| PLACE OF DEPOSITION   McKenna Long & Aldridge LLP, 101 California Street, Floor 41 San Francisco, CA 94111 (See Attachment A for topics.) | DATE AND TIME 8/4/2008 9:00 am |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents listed in Attachment B.

| PLACE     McKenna Long & Aldridge LLP, 101 California Street, Floor 41 San Francisco, CA 94111 | DATE AND TIME 7/15/2008 10:30 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 6/10/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John W. Lomas, Jr., Esq., McKenna Long & Aldridge LLP (Attorney for Plaintiff/Counterclaim Defendant LG Display)
1900 K Street, NW, Washington, DC 20006 (202) 496-7183

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

                                        SIGNATURE OF SERVER

                                          ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A: TOPICS TO BE ADDRESSED AT THE DEPOSITION**

For purposes of this Attachment, Acer America Corporation should use the following definitions for the terms used herein.

A.    "Acer," "you," and "your" as used herein means Acer America Corporation and all persons or entities acting or purporting to act on Acer America Corporation's behalf, and any Affiliates (as that term is defined herein) of Acer America Corporation.

B.    "AUO" means AU Optronics Corporation, all persons or entities acting or purporting to act on AU Optronics Corporation's behalf, and any Affiliates (as that term is defined herein) of AU Optronics Corporation (including, for example, AU Optronics Corporation America).

C.    "CMO" means Chi Mei Optoelectronics Corporation, all persons or entities acting or purporting to act on Chi Mei Corporation's behalf, and any Affiliates (as that term is defined herein) of Chi Mei Corporation (including, for example, Chi Mei Optoelectronics USA).

D.    "QDI" means Quanta Display Inc., all persons or entities acting or purporting to act on Quanta Display Inc.'s behalf, and any Affiliates (as that term is defined herein) of Quanta Display Inc.

E.    "Affiliate(s)" means any partnerships, parents, subsidiaries, and divisions, and any corporation or other entity that controls, is controlled by, or is under common control with the identified corporation or entity.

F.    "LCD module" means an LCD display component that includes, inter alia, an LCD panel, a backlight unit, and driver ICs.

G.    "LCD product" means any device or product that contains an LCD module. An LCD computer monitor, LCD television, laptop computer, and any telephone or other portable or

handheld product incorporating an LCD module are examples of LCD products. This includes all such devices, regardless of brand name.

      H.    "AUO Products" means all LCD modules and LCD panels made, shipped, imported, or sold by or for AUO since December 1, 2000, and any LCD products containing LCD modules and/or LCD panels made, shipped, imported, or sold by or for AUO.

      I.    "CMO Products" means all LCD modules and LCD panels made, shipped, imported, or sold by or for CMO since December 1, 2000, and any LCD products containing LCD modules and/or LCD panels made, shipped, imported, or sold by or for CMO.

      J.    "QDI Products" means all LCD modules and LCD panels made, shipped, imported, or sold by or for QDI since December 1, 2000, and any LCD products containing LCD modules and/or LCD panels made, shipped, imported, or sold by or for QDI.

      K.    "OEMs" as used herein means any original equipment manufacturers or systems integrators that manufacture, assemble, or supply LCD products, and any of their officers, directors, employees, agents, representatives, and Affiliates.

      L.    "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information between two or more persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, presentations, interviews, consultations, agreements and other understandings.

      M.    "Concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, regarding, describing, discussing, evidencing or constituting the referenced subject.

N.    The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all information that might otherwise be construed to be outside of their scope.

O.    "Document" means all types of documents, electronically stored information, and things embraced within Federal Rules of Civil Procedure 34 and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, facsimiles, telegrams, cable, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films, slides, photographs, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, patent studies, opinions of counsel, records, reports, summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, email, sound recordings, computer printouts, floppy disks, hard drives, CD-ROM's, magnetic tapes and any other data, database, server, or data compilations from which information can be obtained either directly, or, if necessary translated by you through detection

3

devices into a reasonably usable form. The term document also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, products, prototypes, models, and specimens.

P.    "Any" means each and every.

Q.    "Person" means any natural person, firm, association, partnership, corporation, joint venture, or other form of legal entity.

R.    The use of the singular form of any word includes the plural and vice versa.

<u>Deposition Topics</u>

Topics to be covered in the deposition include:

1.    All documents that you produced in response to this subpoena, including the contents of the documents, and the business practices concerning those documents, such as:

    a.    the creation of such documents, including whether the documents were created as part of regularly conducted activity as a regular practice; and

    b.    the maintenance of the documents, including whether the documents were kept in the course of regularly conducted activity.

2.    All communications between Acer and AUO, CMO, and/or QDI since December 1, 2000, including but not limited to, communications concerning: (a) the purchase, sale, and delivery of AUO Products, CMO Products, and/or QDI Products; (b) the technical specifications of AUO Products, CMO Products, and/or QDI Products; (c) the design and/or integration of AUO Products, CMO Products, and/or QDI Products into Acer's LCD display products; (d) OEMs; (e) the U.S. market; and/or (f) the storage, delivery, or distribution in or to the U.S. of AUO Products, CMO Products, and/or QDI Products.

3.      All presentations, meetings, and in-person communications between Acer and AUO, CMO, and/or QDI since December 1, 2000, including but not limited to, the frequency, location, participants and purpose of such presentations, meetings and communications.

4.      All actions and efforts by AUO, CMO, and/or QDI to: (a) promote and/or sell AUO Products, CMO Products, and/or QDI Products to or for Acer; (b) create new business opportunities with Acer; and/or (c) support or expand their relationship with Acer.

5.      All contracts, agreements, letters of agreements, and memoranda of understanding between Acer and AUO, CMO , and/or QDI regarding the manufacturing, production, design, marketing, sale or supply of LCD products, AUO Products, CMO Products, and/or QDI Products.

6.      All offers to sell and/or negotiations between Acer and any person regarding the actual or potential purchase or sale of AUO Products, CMO Products, and/or QDI Products since December 1, 2000.

7.      All LCD Products that contain or incorporate AUO Products, CMO Products, and/or QDI Products that were or could have been imported, offered for sale, and/or sold in the U.S. since December 1, 2000, including which brands and models of your LCD products used which models of AUO Products, CMO Products, and/or QDI Products.

8.      Since December 1, 2000, all shipments and sales of AUO Products, CMO Products, and/or QDI Products to be used for Acer LCD products, and all sales and imports in the U.S. by or for you, of AUO Products, CMO Products, and/or QDI Products (whether alone or as part of an LCD product).

5

9.     All audits, inspections, approvals, and awards or recognition concerning AUO, CMO, and QDI, including, but not limited to, with respect to manufacturing and production processes, facilities, and/or AUO Products, CMO Products, and QDI Products.

10.     All products and specifications that you approved, designed, developed, or marketed jointly, cooperatively, or in coordination with AUO, CMO and/or QDI since December 1, 2000.

11.     The efforts you took to gather and search for information and documents responsive to this subpoena and your document and email retention policies and practices.

## ATTACHMENT B:  DOCUMENTS TO BE PRODUCED BY
## ACER AMERICA CORPORATION

For purposes of this Attachment, Acer should refer to *Attachment A* for the definition or meaning of terms used herein, which are incorporated herein by reference.  The documents to be produced on or before July 15, 2008, include the following:

1.      All documents reflecting the order, purchase, sale or delivery, by or to Acer and/or OEMs, since December 1, 2000, of any AUO Products, CMO Products, and/or QDI Products, including but not limited to summaries of sales and/or shipments, reports concerning sales and/or shipments, purchase orders, invoices, shipping records, and bills of lading.

2.      All documents reflecting orders and purchases by or for you from any person (including, but not limited to OEMs) of LCD products that did or could contain AUO Products, CMO Products, and/or QDI Products, such as, for example, summaries, reports, purchase orders, and invoices.

3.      Documents sufficient to identify all products purchased, manufactured, sold, or imported by or for Acer since December 1, 2000, that did or could contain AUO Products, CMO Products, and/or QDI Products, including information sufficient to identify which specific AUO Products have been used in which brands and models of LCD products, which specific CMO Products have been used in which brands and models of LCD products, and which specific QDI Products have been used in which brands and models of LCD products.

4.      All documents reflecting offers to sell, price quotes, and/or negotiations concerning AUO Products, CMO Products, and/or QDI Products, since December 1, 2000.

5.      All contracts and/or agreements between Acer and AUO, CMO, and/or QDI, or concerning AUO Products, CMO Products, and/or QDI Products.

6.      Summaries, reports, and other documents sufficient to identify all sales and imports in the United States, by or for you, of LCD products that did or could contain AUO Products, CMO Products, and/or QDI Products since December 1, 2000, including the dates, brands, models, quantities, customers, location, and price concerning all such sales and imports. If subtotals and totals are not included, then this information, including spreadsheets, is requested in native electronic format.

7.      All documents received from or provided to AUO, CMO, and/or QDI, since December 1, 2000, concerning the sale, marketing, supply, distribution, shipping, and/or importation of AUO Products, CMO Products, and/or QDI Products, or LCD products containing AUO Products, CMO Products, and/or QDI Products, including, but not limited to plans, presentations, proposals, strategies, and/or reports (for example, road maps, Business/Biz Alignment presentations, product codenames, product or market updates, feasibility studies, product strategies or strategy reports, quarterly business reviews, market reports or trends, meeting agendas, and sales kits).

8.      All documents reflecting communications (including e-mail) with AUO, CMO, and/or QDI, since December 1, 2000, referencing or concerning: (a) stores or websites selling LCD products in the U.S. (such as Best Buy); (b) the U.S. market; (c) U.S. laws, regulations, or requirements relevant to AUO Products, CMO Products, QDI Products, and/or LCD products; and/or (d) hubs or other locations in the U.S. for storage, delivery, and/or distribution of LCD products.

9.      All documents received from or provided to AUO, CMO, and/or QDI, since December 1, 2000, concerning the design, development, technical specifications, manufacturing, production, performance, and/or testing of AUO Products, CMO Products, and/or QDI Products.

2

10.    All documents concerning or reflecting any offer, proposal, or attempt to supply or promote AUO Products, CMO Products, and/or QDI Products, since December 1, 2000, including, for example, communications regarding possible business opportunities to design or supply LCD modules.

11.    All documents concerning any in-person communications/meetings between Acer and AUO, CMO, and/or QDI at any time since December 1, 2000, including, but not limited to e-mails, trip reports, agendas, presentations, meeting notes, minutes, or other summary of the in-person communication/meeting, including meetings or visits in the U.S.

12.    All documents concerning all audits, inspections, approvals, and awards or recognition regarding AUO, CMO, or QDI, including their facilities, their manufacturing and production processes, or AUO Products, CMO Products, and/or QDI Products, since December 1, 2000.

13.    All documents concerning any sales or product support provided by AUO, CMO, and QDI since December 1, 2000, including all communications and/or agreements relating to the service, repair, refurbishment, or replacement of AUO Products, CMO Products, and/or QDI Products in the United States, and all documents regarding warranties or service agreements for the benefit of Acer or purchasers of LCD products.

14.    All documents sufficient to identify product or project names and codenames for Acer LCD products, and documents sufficient to link or correlate such names or codenames to models or other identifiers for AUO Products, CMO Products, and/or QDI Products used and/or approved for those LCD product projects and/or codenames, since December 1, 2000.

3

15.    All documents reflecting products and specifications that you approved, designed, developed, or marketed jointly, cooperatively, or in coordination with AUO, CMO and/or QDI since December 1, 2000.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 11, 2008, he served the foregoing

documents by email and by hand upon the following counsel:

| | |
|---|---|
| Philip A. Rovner | Karen L. Pascale |
| David E. Moore | John W. Shaw |
| POTTER ANDERSON & CORROON LLP | YOUNG CONAWAY STARGATT & |
| 1313 North Market Street | TAYLOR, LLP |
| Wilmington, DE 19899-0951 | The Brandywine Building |
| | 1000 West Street, 17th Floor |
| | Wilmington, DE 19899-0391 |

The undersigned counsel further certifies that, on June 11, 2008, he served the

foregoing documents by email and by U.S. Mail upon the following counsel:

| | |
|---|---|
| Jonathan S. Kagan | Vincent K. Yip |
| IRELL & MANELLA LLP | Peter J. Wied |
| 1800 Avenue of the Stars | PAUL, HASTINGS, JANOFSKY & |
| Suite 900 | WALKER LLP |
| Los Angeles, CA 90067 | 515 South Flower Street, 25th Floor |
| | Los Angeles, CA 90071 |
| | |
| Ron E. Shulman, Esquire | M. Craig Tyler, Esquire |
| Julie Holloway, Esquire | Brian D. Range, Esquire |
| WILSON SONSINI GOODRICH & ROSATI | WILSON SONSINI GOODRICH & ROSATI |
| 650 Page Mill Road | 8911 Capital of Texas Highway North |
| Palo Alto, California 94304-1050 | Westech 360, Suite 3350 |
| | Austin, Texas 78759-8497 |

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk