**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LG DISPLAY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION, et al. <br><br> Defendants. | Civil Action No. 06-726 (JJF) <br> Civil Action No. 07-357 (JJF) <br><br> **CONSOLIDATED CASES** |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
FROM THE APPROPRIATE JUDICIAL AUTHORITY IN TAIPEI, TAIWAN**

TO THE APPROPRIATE JUDICIAL AUTHORITY OF TAIPEI, TAIWAN:

The United States District Court for the District of Delaware presents its compliments, and requests International Judicial Assistance to permit the Plaintiff in the above-captioned civil matter to take the deposition of and request the production of documents from the entities named herein.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the Appropriate Judicial Authority of Taipei, Taiwan compel the following entities to provide testimony upon oral examination relating to the questions in attached Schedule A and to provide the production of documents requested in attached Schedule B:

    1.    Acer Incorporated
            7F, 137, Sector 2
            Chien Kuo North Road
            Taipei 10479, Taiwan

1

2. Foxconn Technology Co., Ltd.
   No. 3-2 Chungshan Rd.
   Tucheng City, Taipei County 236, Taiwan

3. Hon Hai Precision Industry Co., Ltd.
   2 Tzu Yu Street
   Tu Cheng, Taiwan

4. Pro Arch Technology, Inc.
   8Fl China General Plastics Bldg 3 Tun Hua South Rd Section 1
   Sungshan Dist
   Taipei City, 105, Taiwan

Collectively, these companies are referred to herein as the "LCD Product Manufacturers".

The above-captioned lawsuit is an action by Plaintiff LG Display Co., Ltd. ("LG Display"), a corporation existing under the laws of Korea, against Defendants that include AU Optronics Corporation ("AUO") and Chi Mei Optoelectronics Corporation ("CMO"), both corporations existing under the laws of Taiwan. This Court properly has jurisdiction of all the parties and the subject matter of this action.

LG Display sued AUO and CMO for infringement of United States Patent Nos. 5,019,002 (the "'002 patent"), 5,825,449 (the "'449 patent"), 4,624,737 (the "'737 patent"), 5,905,274 (the "'274 patent"), 6,815,321 (the "'321 patent"), 7,176,489 (the "'489 patent"), 6,664,569 (the "'569 patent"), 7,218,374 (the "'374 patent"), and 6,803,984 (the "'984 patent") (collectively, "the Patents-in-Suit"), which cover various aspects of liquid crystal display ("LCD") technology. LG Display alleges that AUO and CMO make and sell certain LCD modules that infringe the various claims of the Patents-in-Suit. LG Display also alleges that Quanta Display, Inc. ("QDI") made and sold certain LCD modules that infringe the various claims of the Patents-in-Suit. QDI merged into AUO, and AUO is now responsible for any infringement by QDI products.

LG Display alleges that AUO and CMO manufacture infringing LCD modules in Taiwan, and that AUO and CMO sell and supply those allegedly infringing modules to LCD Product Manufacturers located in Taiwan and elsewhere for use in making LCD products such as televisions, laptop computers and computer monitors. The LCD Product Manufacturers sell and supply such display products containing the allegedly infringing AUO and CMO LCD modules to companies and brands that import and sell those products in the United States. LG Display believes that AUO and CMO sell modules directly to LCD Product Manufacturers and other customers. In addition, LG Display believes that AUO and CMO ship to LCD Product Manufacturers modules that AUO and CMO sell to customers whose LCD products are made or supplied by the LCD Product Manufacturers, using infringing AUO modules and CMO modules.

LG Display seeks information from the LCD Product Manufacturers regarding their use and purchase of AUO's, CMO's, and QDI's LCD products. Information sought by LG Display, for example, includes the quantities and model numbers of AUO, CMO, and QDI products purchased by the LCD Product Manufacturers, which brands and model numbers of finished LCD products use AUO's, CMO's, and QDI's products, and the sale and distribution of these products, including into and for the United States market. LG Display thus seeks to depose the LCD Product Manufacturers regarding the questions listed in the attached Schedule A. LG Display also seeks to obtain from the LCD Product Manufacturers the documents and things listed in the attached Schedule B.

By compelling the LCD Product Manufacturers to answer the questions listed in attached Schedule A and to produce the documents and things listed in attached Schedule B, the Appropriate Judicial Authority of Taiwan will allow LG Display to obtain necessary and material evidence for use at trial concerning issues including whether AUO and CMO induce

3

infringement of the Patents-in-Suit and the amount of damages that should be awarded to LG Display regarding any direct and/or indirect infringement.

It is requested that the witnesses be placed under oath before answering the questions. In the event that the witnesses cannot be placed under oath, it is requested that they answer questions in such manner as provided by local law for taking evidence.

It is also requested: a) that the responses of the witnesses be recorded by verbatim stenography or, if this is not possible, that LG Display is allowed to bring a court reporter to the examination of the witnesses in order to keep such verbatim minutes; b) that the witnesses sign the verbatim transcript or other record of their responses to the questions; and c) that the Court shall take all available measures to protect the confidentiality of the information obtained during the testimony.

It is further requested that the Court, if possible, request the witnesses to send the documents requested in Schedule B to LG Display's United States trial counsel at McKenna Long & Aldridge LLP, Attn: Cass W. Christenson, 1900 K Street NW, Washington, DC 20006, as soon as possible.

It is also requested, given the importance of the evidence to be obtained, that these Requests be given the highest consideration. To the extent that any of these Requests cannot be granted, the execution of these Requests shall be performed according to applicable law and the fact that some part or parts of this request can not be granted should not affect the execution of the remaining parts.

It is further requested that the parties' U.S. legal representatives identified above be informed as soon as practicable of the date and place where the examination is to take place. It is

further requested that, if possible, notice should be furnished to these legal representatives at least 15 days before the date set for the examination.

Any privilege to refuse to give evidence under United States law is contained in the United States Federal Rules of Civil Procedure ("FRCP"), Federal Rules of Evidence and other applicable United States laws. Specifically, the witness must answer all questions unless the witness is directed by counsel not to answer the question. Such an instruction is appropriate only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to support a motion to cease testimony due to harassment of the witness. See FRCP 30(d)(1).

This Court respectfully requests that the Appropriate Judicial Authority in Taipei, Taiwan provide the foregoing judicial assistance. In addition, and in return for the favor of such judicial assistance by the Appropriate Judicial Authority in Taipei, Taiwan with respect to this matter, this Court offers its future assistance which may be hereafter required in the District of Delaware by the Appropriate Judicial Authority of Taipei, Taiwan.

Fees and costs incurred by the Taiwanese authorities executing this Letter of Request will be borne by Plaintiff LG Display. A check payable to the American Institute in Taiwan is enclosed to cover fees of the Appropriate Judicial Authority in Taipei, Taiwan.

Dated: June 16, 2008

Respectfully requested,

The Honorable Joseph J. Farnan JR.
United States District Judge
United States District Court for the
District of Delaware
J. Caleb Boggs Federal Bldg
844 North King Street
Wilmington, DE 19801-3519

LETTER REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE IN TAIWAN
Civil Action Nos. 06-726 (JJF) and 07-357 (JJF)

**Judicial Seal:**

6

LETTER REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE IN TAIWAN
Civil Action Nos. 06-726 (JJF) and 07-357 (JJF)