UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>                      Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>                      Defendants. | Civil Action No. 06-726 (JJF)<br>Civil Action No. 07-357 (JJF)<br><br>**CONSOLIDATED CASES** |

**PLAINTIFF LG DISPLAY CO., LTD.'S NOTICE OF
FED.R.CIV.P. 30(b)(6) DEPOSITION AND
<u>FED.R.CIV.P. 45 SERVICE OF SUBPOENA *DUCES TECUM*</u>
(Rockwell Collins, Inc.)**

TO:

| | |
|---|---|
| Karen L. Pascale, Esq.<br>John W. Shaw, Esq.<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899-0391 | Philip A. Rovner, Esq.<br>Dave E. Moore, Esq.<br>Potter Anderson & Corroon LLP<br>1313 North Market Street<br>Wilmington, DE 19899-0951 |
| Ron E. Shulman, Esq.<br>Julie Holloway, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 | M. Craig Tyler, Esq.<br>Brian D. Range, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, TX 78759-8497 |
| Jonathan S. Kagan, Esq.<br>Irell & Manella LLP<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067-4276 | Vincent K. Yip, Esq.<br>Peter J. Wied, Esq.<br>Jay C. Chiu, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>515 South Flower Street<br>Twenty-Fifth Floor<br>Los Angeles, CA 90071 |

      PLEASE TAKE NOTICE that Plaintiff LG Display Co., Ltd. ("LG Display") will take the deposition *duces tecum* of third party Rockwell Collins, Inc. ("Rockwell") pursuant to Fed.

R. Civ. P. 45 and Fed. R. Civ. P. 30(b)(6), on July 28, 2008, at 9:00 a.m. The deposition will take place at Scheldrup Law Firm - Law Building, 225 2nd Street SE, Suite 200, Cedar Rapids, IA 54201. The deposition will be taken before a notary public or court reporter, duly authorized to administer oaths and transcribe the testimony of the deponent(s). The deposition will be videotaped and continue from day to day until completed or adjourned if authorized by the Court or stipulated by the parties.

PLEASE ALSO TAKE NOTICE that LG Display is serving Rockwell with a subpoena (the "Subpoena"), a copy of which is attached hereto. The subjects covered in the deposition will include (but are not limited to) the subjects listed on Attachment A to the Subpoena. Pursuant to Fed. R. Civ. P. 30(b)(6), Rockwell is required to designate one or more persons to testify at the deposition as to the matters known or reasonably available to Rockwell concerning all topics listed in Attachment A to the Subpoena. In addition, the Subpoena requires Rockwell to produce the documents identified in Attachment B to the Subpoena at Scheldrup Law Firm - Law Building, 225 2nd Street SE, Suite 200, Cedar Rapids, IA 54201, on or before July 15, 2008.

You are invited to attend and cross examine.

June 19, 2008

OF COUNSEL:
Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

BAYARD, P.A.

s/ Richard D. Kirk (rk0922)
Richard D. Kirk, Esquire (#0922)
222 Delaware Avenue
Ninth Floor
Wilmington, DE 19801
(302) 655-5000

*Attorneys For Plaintiff LG Display Co., Ltd.*

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

JOHN W. LOMAS, JR.
(202) 496-7183

EMAIL ADDRESS
jlomas@mckennalong.com

June 18, 2008

Gary Chadick, Esq.
General Counsel
Rockwell Collins, Inc.
400 Collins Road, NE
Cedar Rapids, IA 52498

    Re: *LG Display Co. Ltd. v. AU Optronics Corp., Chi Mei Optoelectronics Corp., et al.*
          Case Nos. 06-726-JJF & 07-357-JJF (consolidated)

Dear Mr. Chadick:

    We represent LG Display Co. Ltd. ("LG Display"), previously known as LG.Philips LCD Co., Ltd., in the above-referenced litigation involving AU Optronics Corp. ("AUO"), Chi Mei Optoelectronics Corp. ("CMO"), and related entities.

    This is a patent infringement case involving claims and counterclaims alleging patent infringement. We have served a subpoena on your company because we understand that you are likely to have information that is relevant to this case, including information concerning AUO, CMO, and their products. Accordingly, the subpoena requests that your company produce relevant documents and electronically stored information, and provide a deposition to address certain topics, as more specifically discussed in the subpoena.

    We appreciate your cooperation in responding to the subpoena and providing us with the requested information. If your counsel or you have any questions regarding the subpoena, we look forward to discussing the subpoena with your counsel (or with you directly, if you are not represented by counsel). Please contact me directly with any questions by telephone or email.

    For your convenience, you may make copies of responsive documents and send them to me at the above address, which may avoid the need to produce documents in person. Please contact me in advance, however, to let me know the anticipated volume of documents to be produced.

    Further, we will consider any scheduling conflicts you may have concerning the scheduled date for your deposition. We may be able to reschedule or limit deposition testimony, or forego the necessity of a deposition, depending on the circumstances. We can discuss this

Rockwell Collins, Inc.
June 18, 2008
Page 2

with you further after we have received and reviewed the documents that you produce in response to the subpoena.

We will work with you to obtain the information that we need efficiently and cooperatively, without any unnecessary inconvenience or disruption to your business.

Thank you in advance for your prompt attention and response to this subpoena.

Sincerely,

John W. Lomas, Jr.

JWL:ea
Enclosure

∆AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
Central District of California

| LG Display Co., Ltd. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Chi Mei Optoelectronics Corporation, et al. | Case Number:[1] 06-726-JJF, 07-357-JJF (D.Del.) |

TO: Rockwell Collins, Inc.
400 Collins Road, NE
Cedar Rapids, IA 52498

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  The deposition may be videotaped.

| PLACE OF DEPOSITION Scheldrup Law Firm - Law Building, 225 2nd Street, SE, Suite 200 Cedar Rapids, IA 52401 (See Attachment A for topics.) | DATE AND TIME 7/28/2008 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents listed in Attachment B.

| PLACE Attn: John W. Lomas, Jr., Esq., c/o Scheldrup Law Firm - Law Building, 225 2nd Street, SE, Suite 200, Cedar Rapids, IA 52401 | DATE AND TIME 7/15/2008 10:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* | DATE June 16, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John W. Lomas, Jr., Esq., McKenna Long & Aldridge LLP (Attorney for Plaintiff/Counterclaim Defendant LG Display)
1900 K Street, NW, Washington, DC 20006  (202) 496-7218

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## ATTACHMENT A: DEPOSITION TOPICS

### Definitions

For purposes of this Attachment, Rockwell Collins, Inc. should use the following definitions for the terms used herein.

A.  "Rockwell," "you," and "your" as used herein, means Rockwell Collins, Inc., all persons or entities acting on your behalf, and any Affiliates (as that term is defined herein) of Rockwell Collins, Inc.

B.  "LG Display" means LG Display Co., Ltd., formerly known as LG.Philips LCD Co., Ltd., and all persons or entities acting on its behalf.

C.  "LGDA" means LG Display America, Inc., formerly known as LG.Philips LCD America, Inc., and all persons or entities acting or purporting to act on its behalf.

D.  "CMO" means Chi Mei Optoelectronics Corporation, and all persons or entities acting or purporting to act on Chi Mei Optoelectronics Corporation's behalf, and any Affiliates (as that term is defined herein) of Chi Mei Optoelectronics Corporation (including, for example, Chi Mei Optoelectronics USA, Inc.).

E.  "AUO," means AU Optronics Corporation, and all persons or entities acting or purporting to act on AU Optronics Corporation's behalf, and any Affiliates (as that term is defined herein) of AU Optronics Corporation (including, for example, AU Optronics Corporation America).

F.  "Affiliate(s)" means any partnerships, parents, subsidiaries, and divisions, and any corporation or other entity that controls, is controlled by, or is under common control with the identified corporation or entity (such as, but not limited to, Rockwell Technologies, LLC; Innovative Technology Licensing, LLC; and Rockwell Scientific Licensing, LLC).

G.  "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information between two of more persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery, or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements, and other understandings.

H.  The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests all information that might otherwise be construed to be outside of their scope.

I.  "Concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, describing, discussing, evidencing, or constituting the referenced subject.

J.  "Document" means all types of documents, electronically stored information, and things embraced within Federal Rules of Civil Procedure 34 and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, facsimiles, telegrams, cable, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films, slides, photographs, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions

or statements of policy, lists of persons attending meetings or conferences, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, patent studies, opinions of counsel, records, reports, summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, email, sound recordings, computer printouts, floppy disks, hard drives, CD-ROM's, magnetic tapes, and any other data, database, server, or data compilations from which information can be obtained either directly, or, if necessary translated by you through detection devices into a reasonably usable form. The term document also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, products, prototypes, models, and specimens.

K.  "Person" means any natural person, firm, association, partnership, corporation, or other form of legal entity.

L.  The "'352 Patent" means United States Patent No. 5,619,352, and includes U.S. Patent Application No. 690,033, which issued as United States Patent No. 5,619,352 on April 8, 1997.

M.  "Foreign Counterparts of the '352 Patent" means any patent application filed anywhere in the world that claims priority in whole or in part to United States Patent No. 5,619,352.

N.  The use of the singular form of any word includes the plural and vice versa.

<u>Deposition Topics</u>

Topics to be covered in the deposition include:

1. All documents that you produced in response to this subpoena, including, for example, the contents of the documents, and the business practices concerning those documents, such as:

   a. the creation of such documents, including whether the documents were created as part of regularly conducted activity as a regular practice; and

   b. the maintenance of the documents, including whether the documents were kept in the course of regularly conducted activity.

2. Any correspondence, prior art, search, study, investigation, review, opinion, or analysis concerning the validity or invalidity, enforceability or unenforceability, infringement or non-infringement of the '352 Patent or the Foreign Counterparts of the '352 Patent.

3. All communications, meetings, and negotiations with CMO concerning the '352 Patent, the identity and job descriptions of participants in such communications or meetings, and the substance of issues discussed or addressed.

4. All communications, meetings, and negotiations with any other person concerning the '352 Patent, the identity and job descriptions of participants in such communications or meetings, and the substance of issues discussed or addressed.

5. All draft and final agreements, contracts, and/or assignments exchanged and/or signed with CMO concerning the '352 Patent.

6. All other agreements or contracts between you and CMO and/or AUO.

7. The participants, terms, dates, and circumstances of all offers or agreements to license, transfer, purchase, or sell any right, title, or interest as to the '352 Patent.

8. All license agreements, purchase agreements, assignments, and covenants not to sue concerning the '352 Patent, including the parties, beneficiaries, terms, and consideration for each such license, agreement, assignment, and covenant not to sue.

9. All other contracts and agreements concerning the '352 Patent, written or oral, including the dates, parties, and substance of such contracts and agreements.

10. The actual and asserted monetary value of a the '352 Patent, including, but not limited to, any correspondence, offers for sale, purchase offers, negotiations, agreements, appraisals, reports, or opinions.

11. All links in the chain of title for the '352 Patent, including the identities of all persons with any ownership interest, the nature of each such interest, the dates when that interest was acquired, and the current status of that interest.

12. The efforts you took to gather and search for information and documents responsive to this subpoena, your document and e-mail retention policies and practices, and your efforts to preserve information relevant to this subpoena.

## ATTACHMENT B: DOCUMENTS TO BE PRODUCED

For purposes of this Attachment, Rockwell Collins, Inc. should refer to *Attachment A* for the definition or meaning of terms used herein, which are incorporated herein by reference. The documents to be produced on or before July 15, 2008, include the following:

1. All documents concerning the monetary value of the '352 Patent, including but not limited to any correspondence, offers for sale, purchase offers, negotiations, appraisals, reports, or opinions.

2. All documents concerning the validity or invalidity, enforceability or unenforceability, infringement or non-infringement, scope, or meaning of any of the claims of the '352 Patent or the Foreign Counterparts of the '352 Patent, including any correspondence, prior art, search, study, investigation, review, opinion or analysis.

3. All documents concerning ownership of any interest in the '352 Patent, including documents reflecting all links in the chain of title of the '352 Patent.

4. All documents concerning or reflecting any transfer, assignment, or forbearance of any right, title, or interest in the '352 Patent, including, for example, all licenses, license agreements, purchase agreements, covenants not to sue, and drafts of such documents.

5. All documents concerning or reflecting any offers to sell, sales, offers to license, and/or licenses as to the '352 Patent.

6. All documents concerning or reflecting any right, title, or interest that CMO currently has or may have had at any time, as to the '352 Patent.

7. All documents concerning communications, presentations, meetings, negotiations, offers, discussions, and agreements to or with CMO or AUO regarding the '352 Patent.

8. All documents concerning any consideration or payment offered to or received by you regarding the '352 Patent.

9. All documents reflecting any communications between Rockwell and CMO or AUO, including, but not limited to, all e-mails and attachments.

10. All documents concerning the '352 Patent.

11. All contracts and agreements between you and AUO.

12. All contracts and agreements between you and CMO.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 19, 2008, he served the foregoing documents by email and by hand upon the following counsel:

Philip A. Rovner
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE  19899-0951

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391

The undersigned counsel further certifies that, on June 19, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

Jonathan S. Kagan
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA  90067

Vincent K. Yip
Peter J. Wied
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA   90071

Ron E. Shulman, Esquire
Julie Holloway, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk