# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| LG DISPLAY CO., LTD., | |
| Plaintiff, | Civil Action No. 06-726 (JJF)<br>Civil Action No. 07-357 (JJF) |
| v. | **CONSOLIDATED CASES** |
| CHI MEI OPTOELECTRONICS<br>CORPORATION, et al. | |
| Defendants. | |

## PLAINTIFF LG DISPLAY CO., LTD.'S NOTICE OF
## FED.R.CIV.P. 30(b)(6) DEPOSITION AND
## FED.R.CIV.P. 45 SERVICE OF SUBPOENA *DUCES TECUM*
### (Teledyne Technologies, Inc.)

TO:

Karen L. Pascale, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

Philip A. Rovner, Esq.
Dave E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19899-0951

Ron E. Shulman, Esq.
Julie Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759-8497

Jonathan S. Kagan, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071

PLEASE TAKE NOTICE that Plaintiff LG Display Co., Ltd. ("LG Display") will take

the deposition *duces tecum* of third party Teledyne Technologies, Inc. ("Teledyne") pursuant to

Fed. R. Civ. P. 45 and Fed. R. Civ. P. 30(b)(6), on July 22, 2008, at 9:00 a.m. The deposition will take place at McKenna Long & Aldridge LLP, 444 South Flower Street, 8th Floor, Los Angeles, CA 90071. The deposition will be taken before a notary public or court reporter, duly authorized to administer oaths and transcribe the testimony of the deponent(s). The deposition will be videotaped and continue from day to day until completed or adjourned if authorized by the Court or stipulated by the parties.

PLEASE ALSO TAKE NOTICE that LG Display is serving Teledyne with a subpoena (the "Subpoena"), a copy of which is attached hereto. The subjects covered in the deposition will include (but are not limited to) the subjects listed on Attachment A to the Subpoena. Pursuant to Fed. R. Civ. P. 30(b)(6), Teledyne is required to designate one or more persons to testify at the deposition as to the matters known or reasonably available to Teledyne concerning all topics listed in Attachment A to the Subpoena. In addition, the Subpoena requires Teledyne to produce the documents identified in Attachment B to the Subpoena at McKenna Long & Aldridge LLP, 444 South Flower Street, 8th Floor, Los Angeles, CA 90071, on or before July 15, 2008.

You are invited to attend and cross examine.

June 19, 2008                                    BAYARD, P.A.

                                                 s/ Richard D. Kirk (rk0922)
                                                 Richard D. Kirk, Esquire (#0922)
OF COUNSEL:                                      222 Delaware Avenue
Gaspare J. Bono                                  Ninth Floor
R. Tyler Goodwyn, IV                             Wilmington, DE 19801
Lora A. Brzezynski                               (302) 655-5000
Cass W. Christenson
McKenna Long & Aldridge LLP                      *Attorneys For Plaintiff LG Display Co., Ltd.*
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# &Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

JOHN W. LOMAS, JR.
(202) 496-7183

EMAIL ADDRESS
jlomas@mckennalong.com

June 19, 2008

John T. Kuelbs, Esq.
General Counsel
Teledyne Technologies, Inc.
1049 Camino Del Rios
Thousand Oaks, CA  91360

Re:   *LG Display Co. Ltd. v. AU Optronics Corp., Chi Mei Optoelectronics Corp., et al.*
       Case Nos. 06-726-JJF & 07-357-JJF (consolidated)

Dear Mr. Kuelbs:

Thank you for accepting service of the enclosed subpoenas to Teledyne Technologies, Inc.; Teledyne Scientific & Imaging LLC; Teledyne Licensing LLC; and Teledyne Lighting and Display Products, Inc. (the "Teledyne Companies").

We represent LG Display Co. Ltd. ("LG Display"), previously known as LG.Philips LCD Co., Ltd., in the above-referenced litigation involving AU Optronics Corp. ("AUO"), Chi Mei Optoelectronics Corp. ("CMO"), and related entities.

This is a patent infringement case involving claims and counterclaims alleging patent infringement. We have served subpoenas on the Teledyne Companies because we understand that the Teledyne Companies are likely to have information that is relevant to this case, including information concerning some of the patents in suit. Accordingly, the subpoenas request that the Teledyne Companies produce relevant documents and electronically stored information, and provide depositions to address certain topics, as more specifically discussed in the subpoenas.

We appreciate your cooperation in responding to the subpoenas and providing us with the requested information. If you have any questions regarding the subpoenas, we look forward to discussing the subpoenas with you. Please contact me directly with any questions by telephone or email.

For your convenience, you may make copies of responsive documents and send them to me at the above address, which may avoid the need to produce documents in person. Please contact me in advance, however, to let me know the anticipated volume of documents to be produced.

John T. Kuelbs, Esq.
June 19, 2008
Page 2


Further, we will consider any scheduling conflicts you may have concerning the scheduled date for the depositions. We may be able to reschedule or limit deposition testimony, or forego the necessity of a deposition, depending on the circumstances. We can discuss this with you further after we have received and reviewed the documents that the Teledyne Companies produce in response to the subpoenas.

We will work with you to obtain the information that we need efficiently and cooperatively, without any unnecessary inconvenience or disruption to your business.

Thank you in advance for your prompt attention and response to the enclosed subpoenas.

Sincerely,

John W. Lomas, Jr.

JWL:ea
Enclosures

ʳ₂AO88  (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### Central District of California

LG Display Co., Ltd.

**V.**

Chi Mei Optoelectronics Corporation, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  06-726-JJF, 07-357-JJF (D.Del.)

TO:   Teledyne Technologies, Inc.
      1049 Camino Dos Rios
      Thousand Oaks, CA  91360

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.   **The deposition may be videotaped.**

| PLACE OF DEPOSITION   McKenna Long & Aldridge LLP, 444 South Flower Street, 8th Floor Los Angeles, CA  90071 (See Attachment A for topics.) | DATE AND TIME 7/22/2008 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents listed in Attachment B.

| PLACE   McKenna Long & Aldridge LLP, 444 South Flower Street, 8th Floor Los Angeles, CA  90071 | DATE AND TIME 7/15/2008 10:30 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE June 16, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John W. Lomas, Jr., Esq., McKenna Long & Aldridge LLP (Attorney for Plaintiff/Counterclaim Defendant LG Display)
1900 K Street, NW, Washington, DC  20006  (202) 496-7218

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit inspection, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A: DEPOSITION TOPICS**

Definitions

For purposes of this Attachment, Teledyne Technologies, Inc. should use the following definitions for the terms used herein.

A.    "Teledyne," "you," and "your" as used herein, means Teledyne Technologies, Inc., all persons or entities acting on your behalf, and any Affiliates (as that term is defined herein) of Teledyne Technologies, Inc. (including, but not limited to, Teledyne Brown Engineering, Inc., located at 300 Sparkman Drive, Huntsville, AL 35805; Teledyne Licensing, LLC, located at 1049 Camino Dos Rios, Thousand Oaks, California 91360; Teledyne Scientific & Imaging, LLC, also located at 1049 Camino Dos Rios, Thousand Oaks, California 91360; and Teledyne Lighting and Display Products, Inc., also located at 1049 Camino Dos Rios, Thousand Oaks, California 91360).

B.    "LG Display" means LG Display Co., Ltd., formerly known as LG.Philips LCD Co., Ltd., and all persons or entities acting on its behalf.

C.    "LGDA" means LG Display America, Inc., formerly known as LG.Philips LCD America, Inc., and all persons or entities acting or purporting to act on its behalf.

D.    "CMO" means Chi Mei Optoelectronics Corporation, and all persons or entities acting or purporting to act on Chi Mei Optoelectronics Corporation's behalf, and any Affiliates (as that term is defined herein) of Chi Mei Optoelectronics Corporation (including, for example, Chi Mei Optoelectronics USA, Inc.).

E.    "AUO," means AU Optronics Corporation, and all persons or entities acting or purporting to act on AU Optronics Corporation's behalf, and any Affiliates (as that term is

Attachments A to Fed. R. Civ. P. 45 Subpoena

1

defined herein) of AU Optronics Corporation (including, for example, AU Optronics Corporation America).

      F.      "Affiliate(s)" means any partnerships, parents, subsidiaries, and divisions, and any corporation or other entity that controls, is controlled by, or is under common control with the identified corporation or entity.

      G.      "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information between two of more persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery, or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements, and other understandings.

      H.      The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests all information that might otherwise be construed to be outside of their scope.

      I.      "Concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, describing, discussing, evidencing, or constituting the referenced subject.

      J.      "Document" means all types of documents, electronically stored information, and things embraced within Federal Rules of Civil Procedure 34 and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, facsimiles, telegrams, cable, telexes, memoranda, recordings,

studies, summaries or records of telephone conversations, summaries or records of personal

conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or

engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films,

slides, photographs, information bearing photographic products of any nature whatsoever, photo-

records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions

or statements of policy, lists of persons attending meetings or conferences, reports or summaries

of interviews, reports or summaries of investigations, opinions or reports of consultants, patent

studies, opinions of counsel, records, reports, summaries of negotiations, sales literature of any

nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals,

advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new

product releases, reprints, drafts of any documents, working papers, indices, original or

preliminary notes, email, sound recordings, computer printouts, floppy disks, hard drives, CD-

ROM's, magnetic tapes, and any other data, database, server, or data compilations from which

information can be obtained either directly, or, if necessary translated by you through detection

devices into a reasonably usable form. The term document also refers to any tangible object

other than a document as described above, and includes objects of every kind and nature such as,

but not limited to, products, prototypes, models, and specimens.

      K.     "Person" means any natural person, firm, association, partnership, corporation, or

other form of legal entity.

      L.     The "'352 Patent" means United States Patent No. 5,619,352, and includes U.S.

Patent Application No. 690,033, which issued as United States Patent No. 5,619,352 on April 8,

1997.

M.    The "'092 Patent" means United States Patent No. 6,134,092, and includes U.S. Patent Application No. 09/057,199, which issued as United States Patent No. 6,134,092 on October 17, 2000.

N.    "Teledyne Patents" means the '352 Patent and the '092 Patent, individually and collectively.

O.    "Foreign Counterparts of the Teledyne Patents" means any patent application filed anywhere in the world that claims priority in whole or in part to United States Patent No. 5,619,352 or United States Patent No. 6,134,092.

P.    The use of the singular form of any word includes the plural and vice versa.

Deposition Topics

Topics to be covered in the deposition include:

1.    All documents that you produced in response to this subpoena, including, for example, the contents of the documents, and the business practices concerning those documents, such as:

a.    the creation of such documents, including whether the documents were created as part of regularly conducted activity as a regular practice; and

b.    the maintenance of the documents, including whether the documents were kept in the course of regularly conducted activity.

2.    Any correspondence, prior art, search, study, investigation, review, opinion, or analysis concerning the validity or invalidity, enforceability or unenforceability, infringement or non-infringement of the Teledyne Patents or the Foreign Counterparts of the Teledyne Patents.

3.      All communications, meetings, and negotiations with CMO concerning the Teledyne Patents, the identity and job descriptions of participants in such communications or meetings, and the substance of issues discussed or addressed.

4.      All communications, meetings, and negotiations with any other person concerning the Teledyne Patents, the identity and job descriptions of participants in such communications or meetings, and the substance of issues discussed or addressed.

5.      All draft and final agreements, contracts, and/or assignments exchanged and/or signed with CMO concerning the Teledyne Patents.

6.      All other agreements or contracts between you and CMO and/or AUO.

7.      The participants, terms, dates, and circumstances of all offers or agreements to license, transfer, purchase, or sell any right, title, or interest as to the Teledyne Patents.

8.      All license agreements, purchase agreements, assignments, and covenants not to sue concerning the Teledyne Patents, including the parties, beneficiaries, terms, and consideration for each such license, agreement, assignment, and covenant not to sue.

9.      All other contracts and agreements concerning the Teledyne Patents, written or oral, including the dates, parties, and substance of such contracts and agreements.

10.     The actual and asserted monetary value of a the Teledyne Patents, including, but not limited to, any correspondence, offers for sale, purchase offers, negotiations, agreements, appraisals, reports, or opinions.

11.     All links in the chain of title for the Teledyne Patents, including the identities of all persons with any ownership interest, the nature of each such interest, the dates when that interest was acquired, and the current status of that interest.

12.    The efforts you took to gather and search for information and documents responsive to this subpoena, your document and e-mail retention policies and practices, and your efforts to preserve information relevant to this subpoena.

## ATTACHMENT B: DOCUMENTS TO BE PRODUCED

For purposes of this Attachment, Teledyne Technologies, Inc. should refer to *Attachment A* for the definition or meaning of terms used herein, which are incorporated herein by reference. The documents to be produced on or before July 15, 2008, include the following:

1.      All documents concerning the monetary value of the Teledyne Patents, including but not limited to any correspondence, offers for sale, purchase offers, negotiations, appraisals, reports, or opinions.

2.      All documents concerning the validity or invalidity, enforceability or unenforceability, infringement or non-infringement, scope, or meaning of any of the claims of the Teledyne Patents or the Foreign Counterparts of the Teledyne Patents, including any correspondence, prior art, search, study, investigation, review, opinion or analysis.

3.      All documents concerning ownership of any interest in the Teledyne Patents, including documents reflecting all links in the chain of title of the Teledyne Patents.

4.      All documents concerning or reflecting any transfer, assignment, or forbearance of any right, title, or interest in the Teledyne Patents, including, for example, all licenses, license agreements, purchase agreements, covenants not to sue, and drafts of such documents.

5.      All documents concerning or reflecting any offers to sell, sales, offers to license, and/or licenses as to the Teledyne Patents.

6.      All documents concerning or reflecting any right, title, or interest that CMO currently has or may have had at any time, as to the Teledyne Patents.

7.      All documents concerning communications, presentations, meetings, negotiations, offers, discussions, and agreements to or with CMO or AUO regarding the Teledyne Patents.

8.    All documents concerning any consideration or payment offered to or received by you regarding the Teledyne Patents.

9.    All documents reflecting any communications between Teledyne and CMO or AUO, including, but not limited to, all e-mails and attachments.

10.    All documents concerning the Teledyne Patents.

11.    All contracts and agreements between you and AUO.

12.    All contracts and agreements between you and CMO.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 19, 2008, he served the foregoing

documents by email and by hand upon the following counsel:

| | |
|---|---|
| Philip A. Rovner | Karen L. Pascale |
| David E. Moore | John W. Shaw |
| POTTER ANDERSON & CORROON LLP | YOUNG CONAWAY STARGATT & |
| 1313 North Market Street | TAYLOR, LLP |
| Wilmington, DE  19899-0951 | The Brandywine Building |
| | 1000 West Street, 17th Floor |
| | Wilmington, DE  19899-0391 |

The undersigned counsel further certifies that, on June 19, 2008, he served the

foregoing documents by email and by U.S. Mail upon the following counsel:

| | |
|---|---|
| Jonathan S. Kagan | Vincent K. Yip |
| IRELL & MANELLA LLP | Peter J. Wied |
| 1800 Avenue of the Stars | PAUL, HASTINGS, JANOFSKY & |
| Suite 900 | WALKER LLP |
| Los Angeles, CA  90067 | 515 South Flower Street, 25th Floor |
| | Los Angeles, CA   90071 |
| | |
| Ron E. Shulman, Esquire | M. Craig Tyler, Esquire |
| Julie Holloway, Esquire | Brian D. Range, Esquire |
| WILSON SONSINI GOODRICH & ROSATI | WILSON SONSINI GOODRICH & ROSATI |
| 650 Page Mill Road | 8911 Capital of Texas Highway North |
| Palo Alto, California 94304-1050 | Westech 360, Suite 3350 |
| | Austin, Texas 78759-8497 |

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk