## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 06-726 (JJF)
Civil Action No. 07-357 (JJF)

CONSOLIDATED CASES

## DEFENDANT CHI MEI OPTOELECTRONICS CORPORATION'S
## OPENING BRIEF IN SUPPORT OF
## MOTION TO CONSOLIDATE AND TO EXTEND DISCOVERY LIMITS

OF COUNSEL:

Jonathan S. Kagan
Alexander C. D. Giza
Adam Hoffman
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA 90067
(310) 277-1010

Dated: June 25, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant*
*Chi Mei Optoelectronics Corporation*

## TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF PROCEEDINGS ........................................................2

II.   SUMMARY OF ARGUMENT .............................................................................4

III.  ARGUMENT .........................................................................................................5

    A.   THIS COURT SHOULD EXERCISE ITS DISCRETION TO
         CONSOLIDATE THE TEXAS ACTION WITH THE DELAWARE
         ACTION AND TO SET APPROPRIATE DISCOVERY LIMITS ..............5

    B.   AN AMENDMENT TO THE APRIL 29, 2008 SCHEDULING
         ORDER IS NECESSARY TO PROVIDE CMO ADEQUATE TIME
         AND DISCOVERY TO DEVELOP ITS ENTIRE CASE ...........................6

IV.   CONCLUSION ......................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.,*
    339 F.2d 673 (3d Cir. 1964).........................................................................................5

*In re TMI Litigation,*
    193 F.3d 613 (3d Cir. 1999).........................................................................................5

*Train, Inc. v. Pro-Ed, Inc.,*
    1993 U.S. Dist. LEXIS 2298, \*11 (E.D. Pa. 1993) ......................................................5

*Waste Distillation Technology, Inc. v. Pan American Resources,*
    775 F. Supp. 759 (D. Del. 1991)...................................................................................5

**Rules**

Fed. R. Civ. P. 42(a) .........................................................................................................5

Chi Mei Optoelectronics Corporation ("CMO") moves this Court to consolidate and to amend the scheduling order to accommodate the case recently transferred from the Eastern District of Texas, *Chi Mei Optoelectronics Corporation v. LG Philips LCD Co., Ltd., and LG Philips LCD America, Inc*, Civil Action No. 08-355-JJF ("CMO's offensive case"). All three parties agree to consolidation; the sole dispute between the parties is whether an amendment of the April 29, 2008 Scheduling Order (Docket No. 194) (the "Scheduling Order") is appropriate in conjunction with the consolidation. CMO and AUO agree that a modest extension of discovery-related limits is appropriate, and CMO has made several proposals of various extensions. LGD has rejected CMO's proposals and has demanded that CMO and AUO agree to consolidation unconditionally.

Consolidation is only appropriate in this case, however, if it is accompanied by an amendment of specific discovery limits and deadlines. CMO's offensive case was progressing in Texas under a schedule that trailed the schedule in this case by approximately 2 to 7 months, depending on the specific deadline in question, and included the discovery needed for the parties to litigate CMO's offensive claims. For example, CMO's offensive case had a discovery deadline of July 7, 2009; the discovery cut-off in this case is nearly seven months earlier (December 17, 2008). As another example, in CMO's offensive case, Judge Ward provided CMO with 60 hours of non-party depositions; this case, which does not include CMO's offensive claims, allows CMO only 30 hours. Accelerating the transferred case and reducing the available discovery would unfairly limit CMO's opportunity to develop its offensive claims and will negatively affect CMO's ability to develop its case as a whole.

Accordingly, CMO moves this Court for consolidation and to amend the Scheduling Order to allow an additional two months for fact discovery and amendment of pleadings and 60

additional hours of third-party deposition time. CMO's proposed amendments do not require any additional changes to the Scheduling Order, and this case would remain on course for trial on June 2, 2009.

## I.    NATURE AND STAGE OF PROCEEDINGS

This action is a complex patent litigation involving LCD flat panel technology used in products such as computers and televisions. It involves parties from three corporate families: (1) LG Display ("LGD") (LG Display Co., Ltd. and LG Display America, Inc.); (2) AU Optronics ("AUO") (AU Optronics Corporation and AU Optronics America); and (3) Chi Mei Optoelectronics (Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA).

Prior to any requests for consolidation, three separate patent infringement actions involving these corporate families were pending in Delaware, Wisconsin, and Texas.

- On December 1, 2006, LGD filed a patent infringement action against CMO and AUO for patent infringement in this Court (the "LGD action").
- On March 8, 2007, AUO sued LGD for patent infringement in the Western District of Wisconsin (the "AUO action").
- On May 4, 2007, CMO sued LGD for patent infringement in the Eastern District of Texas (the "CMO action").

Only after being sued in Wisconsin and Texas, LGD amended its complaint in the LGD action to include declaratory judgment counts of invalidity and non-infringement relating to the same AUO patents asserted in Wisconsin and the same CMO patents asserted in Texas. Thus, the LGD action included the same parties and the same patents as the AUO and CMO actions, but the LGD action put the parties in different positions, as CMO and AUO lacked offensive claims in the LGD action.

Both the AUO action and the CMO action were transferred to Delaware. The AUO action was transferred to Delaware first. Reasoning that "the [AUO and LGD] actions include common issues and patents," this Court consolidated the two actions on June 19, 2007 "in the interest of judicial economy." July 19, 2007 Order (Docket No. 103, 1:07-cv-00357-JJF) at 1. This consolidation occurred before the schedule for the LGD case was set.

Following the transfer and consolidation of the AUO action, but before the CMO action was transferred from Texas, this Court held a telephonic scheduling conference and considered the parties' positions on an appropriate schedule. On March 31, 2008, this Court issued its initial Rule 16 Scheduling Order.

On the same day, the Texas court ruled that the CMO case would be transferred to Delaware. CMO filed a letter with the Court, noting the Texas court's indication in the transfer order that the CMO case could be transferred back to Texas if the case was improperly joined or this Court determined it would serve judicial efficiency to have separate cases. CMO noted its pending motions to dismiss in the combined LGD/AUO case and expressed its initial concern over the possible future consolidation of the CMO action with the now consolidated LGD/AUO action. The CMO letter noted, as one example, that the party deposition time would be inadequate if the cases were combined. *See* Ex. A. This Court doubled the party deposition time in the April 29, 2008 Scheduling Order. Since the transfer was still pending and reconsideration of the transfer by the Texas court was a possibility, CMO did not press further for amendment of the Scheduling Order to accommodate the possibility of consolidation.

On June 9, 2008, the transfer order was sent to this District, and the CMO case is now in Delaware.

## II.    SUMMARY OF ARGUMENT

1.      CMO, LGD, and AUO are in general agreement that the Texas action should be consolidated with the Delaware action.  CMO believes that consolidation will, among other things, allow this Court to set a comprehensive schedule for all the pending claims among the parties, will eliminate duplicative proceedings, and will prevent inconsistent rulings.

2.      LGD, however, has refused to consider anything other than an unconditional consolidation and, in particular, has refused to consider any extension of deadlines accompanying the consolidation.  *See* Ex. B.  Accordingly, CMO moves the Court for the following modifications to its Scheduling Order upon consolidation:

- Requiring completion of fact discovery by February 17, 2009;

- Allowing each party to depose non-parties for a maximum of 60 hours; and

- Allowing any motions to amend pleadings to be filed on or before October 31, 2008.

3.      These three requests—which would provide CMO with less discovery and substantially less time than originally set in the CMO action—would allow CMO adequate time to develop its case with the addition of its offensive claims.  Absent these extensions, CMO will lack the time to obtain and respond to the discovery necessary to prepare for a consolidated trial.

- 4 -

## III.    ARGUMENT

### A.    THIS COURT SHOULD EXERCISE ITS DISCRETION TO CONSOLIDATE THE TEXAS ACTION WITH THE DELAWARE ACTION AND TO SET APPROPRIATE DISCOVERY LIMITS

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Under Rule 42(a), "a district court [has] broad power . . . to consolidate cases for trial as may facilitate the administration of justice." *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964). "The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litigation*, 193 F.3d 613, 724 (3d Cir. 1999). "The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." *Waste Distillation Technology, Inc. v. Pan American Resources*, 775 F. Supp. 759, 761 (D. Del. 1991); *see also, Train, Inc. v. Pro-Ed, Inc.*, 1993 U.S. Dist. LEXIS 2298, *11-12 (E.D. Pa. 1993) ("In balancing the need for judicial efficiency with the likelihood that Defendants Stanton and Hammill will be unduly prejudiced by consolidating these actions, any potential prejudice that is likely to affect these Defendants can be cured by extending the discovery deadline.").

Consolidating the CMO action with the combined LGD/AUO action will yield substantial benefits to the parties and to the Court. Consolidation will serve the interests of judicial efficiency by eliminating duplicative discovery and testimony, preventing inconsistent

rulings, and allowing this Court to reset appropriate discovery limits for preparing and resolving the issues in all three cases.

### B. AN AMENDMENT TO THE APRIL 29, 2008 SCHEDULING ORDER IS NECESSARY TO PROVIDE CMO ADEQUATE TIME AND DISCOVERY TO DEVELOP ITS ENTIRE CASE

An amendment of the April 29, 2008 Scheduling Order in this case is necessary to provide adequate discovery and time for CMO to develop its offensive claims to be consolidated with this case. The scheduling order in Texas—to which LGD agreed—had a timeline that trailed this case. *See* Ex. C ("Texas Scheduling Order"). This schedule, as well as the broader discovery limits, reflected the discovery needs for CMO's offensive claims. But even these broader discovery limits in the Texas Scheduling Order did not adequately reflect the parties' discovery needs in a consolidated action, because LGD has asserted three additional patents in Delaware against CMO that were not asserted in Texas.[1]

In contrast, this Court's Scheduling Order was prepared without considering CMO's offensive claims. The addition of CMO's offensive claims requires additional preparation by CMO. Upon consolidation, CMO will no longer be merely defending LGD's declaratory judgment claims, for which LGD has the burden of proof. Instead, with the addition of CMO's offensive claims, CMO has the burden of proof to show LGD's infringement of every limitation of the asserted claims.

Despite this additional complexity, CMO is not seeking all of the additional time and discovery limits that the parties had under the Texas Scheduling Order. Rather, CMO requests to

---

[1] LGD has also now informed CMO—the day before exchange of terms for construction were due—that it plans to assert an additional patent (U.S. Patent No. 6,664,569) against CMO. *See* Ex. D. Although LGD has asserted this patent against AUO from the beginning of this case, LGD has thus far failed to provide any explanation as to why it refrained from asserting this patent against CMO until now. If this patent is eventually added to the case, CMO will likely need reasonable discovery and time, in addition to what is requested here for consolidation.

selectively adjust this case's schedule and discovery limits only where absolutely necessary to accommodate consolidation and to preserve the existing trial date. CMO's three specific requests are as follows:

**Adding an additional two months for fact discovery**. This change would put the fact discovery cut-off at February 17, 2009, allowing parties to serve document requests and interrogatories so as to be completed by this date. Even this deadline would provide CMO with approximately five months less time for discovery than in its original action in Texas, which had a discovery cut-off of July 7, 2009. Absent at least this modest two-month extension, CMO will lose the opportunity to pursue discovery planned for in the Texas action.

**Allowing 60 hours of non-party deposition time per party.** In the Texas action, CMO would have had at least 60 hours of non-party deposition time to develop its offensive case. *See* Ex. E at 4 ("Texas Discovery Order") (allowing 60 hours of non-party deposition per side but noting that "The parties have discussed modifying these discovery limitations but have not yet reached agreement.") Absent modification of the non-party deposition limit, and considering the additional LGD patents in the Delaware action, CMO will have half the hours originally allotted to it in Texas to develop a case that includes at least three more asserted patents. Allowing 60 hours of non-party deposition time per party is appropriate to provide sufficient discovery to develop CMO's offensive claims.

**Moving the deadline to amend pleadings to October 3, 2008**. Extending discovery to allow CMO the necessary time to develop its offensive case should include providing CMO with the opportunity to determine whether an amendment to the pleadings is necessary to conform with the evidence. As with CMO's request fact-discovery extension, an October deadline provides less time than the November 15, 2008 deadline agreed to by both CMO and LGD in

Texas. Although CMO relied on the schedule set in Texas to plan its discovery for its offensive claims, CMO nonetheless believes the requested October 3, 2008 deadline is a reasonable compromise that will prevent prejudice to CMO.

LGD may argue that CMO has sufficient time and discovery under the current schedule because it could have been pursing discovery in its case in Texas. This is disingenuous for two reasons. First, in Texas, although an early discovery schedule was set by the Eastern District's Local Patent Rules and the court's early discovery order, see Ex. F, LGD resisted CMO's requests for open discovery. In response to CMO's initial document requests, LGD refused to produce anything more than the limited materials required by the local Patent Rules. *See, e.g.,* Ex. G at 4. In addition, LGD never supplemented its production in Texas before the transfer. Second, the CMO case and the combined LGD/AUO case have some significant differences in the structure of their case schedules. Unlike the Delaware Scheduling Order, which has a deadline for the completion of contention interrogatories and party document production of June 27, 2008, the Texas Scheduling Order lacked a deadline for interrogatories other than the general discovery deadline of July 7, 2009. For this reason—and because early contention interrogatories were unnecessary in light of the disclosure requirements of the Eastern District's Local Patent Rules—there was still ample time for CMO to serve additional interrogatories and document requests under the schedule in Texas. CMO's requested amendments to the Scheduling Order provide the minimal changes to conform the Texas case schedule to the faster Delaware case schedule and do not disturb the set trial date.

## IV.    CONCLUSION

For the reasons set out above, consolidation of the present case with the recently transferred Texas action and the three amendments to the Scheduling Order requested by CMO would allow for an efficient, fair adjudication of all claims. Consolidation without these

amendments to this Court's April 29, 2008 Scheduling Order would severely prejudice CMO.
This Court should grant CMO's request, which reasonably provides for additional discovery and
time needed to prepare CMO's offensive case without departing significantly from this Court's
current Scheduling Order and without changing the date set for trial.


POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Jonathan S. Kagan
Alexander C. D. Giza                        By: /s/ Philip A. Rovner
Adam Hoffman                                    Philip A. Rovner (#3215)
Irell & Manella LLP                             Hercules Plaza
1800 Avenue of the Stars                        P. O. Box 951
Los Angeles, CA 90067                           Wilmington, DE  19899
(310) 277-1010                                  (302) 984-6000
                                                provner@potteranderson.com
Dated:  June 25, 2008
871436                                      *Attorneys for Defendant*
                                            *Chi Mei Optoelectronics Corporation*

- 9 -

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on June 25, 2008, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as indicated;

and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

I hereby certify that on June 25, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com
cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Katherine F. Murray, Esq.
Ms. Denise Esparza
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA 90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com
katherinemurray@paulhastings.com
deniseesparza@paulhastings.com

Ron E. Shulman, Esq.
Julie M. Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
jholloway@wsgr.com

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759
ctyler@wsgr.com
brange@wsgr.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

2

# EXHIBIT A



Potter
Anderson
Corroon LLP

Philip A. Rovner
Partner
provner@potteranderson.com
(302) 984-6140  Direct Phone
(302) 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302.984.6000

April 1, 2008

www.potteranderson.com

**BY E-FILE**

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the
  District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE  19801

> Re:    LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, *et al.*,
>         D. Del., C.A. No. 06-726-JJF
>         AU Optronics Corporation v. LG Display Co., Ltd., *et al.*,
>         D. Del., C.A. No. 07-357-JJF - Consolidated

Dear Judge Farnan:

    We represent defendant Chi Mei Optoelectronics Corporation ("CMO"), one of the
defendants in the above-captioned suit.  Plaintiff LG DisplayCo., Ltd. ("LG Display") has
asserted eight patents against CMO in several successive pleadings in this case, and CMO has
moved to dismiss each of these pleadings for lack of personal jurisdiction and improper service
of process (D.I. 19 and 131 in C.A. No. 06-726-JJF, and D.I. 89 in C.A. No. 07-357-JJF).  On
March 31, District Judge Ward of the Eastern District of Texas transferred to this Court an action
that CMO had filed against LG Display asserting a total of six patents against LG Display (the
"Texas patents").  CMO had not asserted the Texas patents in this case.  Rather, after CMO had
brought its action in Texas, LG Display asserted declaratory judgment counts against the Texas
patents here.  As it did in response to LP Display's other counts, CMO moved to dismiss the
declaratory judgment counts for, among other things, lack of personal jurisdiction.  As to the
Texas patents, CMO was the first to file, not LG Display.

    In the last portion of Judge Ward's Memorandum Opinion and Order, he stated, "If the
Delaware court concludes this case is improperly joined or it would serve the interest of judicial
efficiency to continue this action in this District, the Delaware court is free to transfer the case
back to the Eastern District of Texas."  If the Texas case is consolidated with the existing
Delaware case, LG Display will be asserting nine patents against defendant AU Optronics
Corporation ("AUO") and eight of those same patents against CMO, AUO will be asserting eight
patents against LG Display, and CMO will be asserting six patents (*i.e.*, the Texas patents)
against LG Display.  On the other hand, if this Court rules that CMO's motion to dismiss for lack
of personal jurisdiction and/or improper service of process has merit, Judge Ward has proposed
that the case between CMO and LG Display be returned to Texas, which this Court could

The Honorable Joseph J. Farnan, Jr.
April 1, 2008
Page 2

accomplish under 28 U.S.C. §§ 1404 or 1406. Such an action would not only resolve the motions to dismiss, but also reduce the massiveness of this case by six patents.

On the same day that Judge Ward issued his Order, this Court issued a Scheduling Order governing the Delaware case as the case appeared before inclusion of the Texas patents (D.I. 175 in C.A. No. 06-726-JJF). If this Scheduling Order is not amended, there will not be sufficient provision for CMO's case to be added to the other patent issues already in the case. For example, the limitation of party depositions to 35 hours per side is plainly insufficient for CMO to assert its affirmative case on six patents in addition to defending eight patents of LG Display (*see* D.I. 175, Section 4(e)). Transfer to Texas would alleviate the problem of having so many patents added to the Scheduling Order.

In ordering the Texas case transferred to Delaware, Judge Ward did not address CMO's pending motions in this Court showing that this Court lacks personal jurisdiction over CMO, and that service of process was improper. We suggest that LG Display should not be able to impose personal jurisdiction involuntarily on CMO by obtaining a transfer of CMO's own case to a district in which CMO had challenged jurisdiction and had not consented to be sued.

As to LG Display's declaratory judgment counts against CMO's patents, CMO had moved to strike LG Display's pleading on four of these patents for failure to obtain this Court's permission to amend its pleading by adding those patents (D.I. 157 in C.A. No. 06-726-JJF), and filed herewith a motion to dismiss LG Display's declaratory judgment counts on the other two patents for the reasons stated in CMO's initial motion to dismiss  (D.I. 176 in C.A. No. 06-726-JJF). Granting these motions as well would completely remove from the Delaware case the six patents initially asserted by CMO against LG Display in Texas, and would eliminate CMO as a defendant in this case.

Accordingly, CMO respectfully requests that this Court grant CMO's four pending motions to dismiss, as well as CMO's pending motion to strike the second first amended counterclaim, either by granting the motions or by transferring the pleadings subject to the motions to the Eastern District of Texas, Marshall Division.

Respectfully,

Philip A. Rovner
provner@potteranderson.com

Kenneth R. Adamo
kradamo@jonesday.com
Robert C. Kahrl
rckahrl@jonesday.com

PAR/mes/858300
Cc:    Richard D. Kirk, Esq. – By Hand and E-mail
       John W. Shaw, Esq. – By Hand and E-mail

# EXHIBIT B

## Lyon, Richard

| | |
|---|---|
| **From:** | Lomas, John [jlomas@mckennalong.com] |
| **Sent:** | Wednesday, June 25, 2008 9:05 AM |
| **To:** | Giza, Alexander; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com |
| **Cc:** | ~Bono, Gaspare; ~Goodwyn, Tyler; ~Brzezynski, Lora; ~Christenson, Cass; ~Kirk, Richard |
| **Subject:** | RE: Consolidation of CMO's case |

Alex,

LG Display's position has been and continues to be that CMO has had every opportunity to move forward with the discovery necessary for its affirmative claims in either Texas or Delaware, thus there is no basis to condition consolidation on a change to the schedule. That CMO chose not to pursue discovery that was available to it cannot be a basis to delay the entire case. Indeed, consolidation is improper if it results in unnecessary delay or cost.

The issues of infringement and validity as to the CMO Patents asserted in Texas have been in the Delaware case for months. LG Display offered to consider specific deadline proposals, but those proposals must specify why CMO needs more time and relate specifically and solely to issues or discovery that is not already in the case, taking into account all of the discovery that could and should have been done in both Delaware and Texas, and the work that was previously done in Texas. To date CMO's proposals have instead been non-specific 4 month, 3 month, and now 2 month delays to the schedule that have not taken into account the discovery that CMO could and should have pursued in both Delaware and Texas. Further, all of CMO's proposals to date would necessarily impact the entire schedule and the trial date.

We have always attempted to work with you in good faith to reach a resolution. Your suggestion otherwise is inappropriate. While we are amenable to speaking with you this afternoon, please be advised that we cannot agree to your proposed two month extension of all deadlines.

Regards,

John

-----Original Message-----
From: Giza, Alexander [mailto:AGiza@irell.com]
Sent: Wednesday, June 25, 2008 12:45 AM
To: Lomas, John; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: Bono, Gaspare; Goodwyn, Tyler; Brzezynski, Lora; Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case

John:

As we discussed today, CMO is agreeable to a consolidation of the transferred case with the Delaware case, provided that it includes an appropriate amendment of discovery limits. LGD argues that CMO needs no additional time or discovery to prepare its offensive claims, and requires that CMO agree to consolidation without any changes in the schedule. I will confer with my client and let you know.

In any event, a reasonable amendment of the scheduling is appropriate with consolidation of the cases. CMO never asserted its patents in the Delaware case. When Judge Farnan held the status telephone conference to set the schedule in this case on February 14, 2008, and issued the Rule 16 Scheduling Order on March 31, 2008, CMO did not have its offensive claims in the Delaware case. The Delaware schedule does not address all the issues relating to consolidation because it could not - the issues were not presented to the Court. If LGD wants to add CMO's offensive claims from the Texas case to this case,

the schedule needs to be amended to appropriately accommodate the necessary discovery to present CMO's offensive claims.

CMO initially proposed a global extension of all deadlines for simplicity. LGD rejected the concept of an overall extension, but stated that it would consider specific amendments to the schedule. CMO changed its proposal to extensions of specific dates, which you specifically required as a condition to agreeing to discuss the issues.

When we talked, LGD rejected CMO's proposals. CMO attempted to find middle ground and made additional proposals, including a two-month extension of discovery dates, but LGD still refused to agree to anything. Finally, I suggested that we check with our respective clients and confer again. Your email below is not encouraging. If you are not going to be prepared to discuss the issues and attempt to reach resolution in good faith, then please let know in advance so that we do not waste further time.

Conference call - June 25 at 2 pm EDT:
Dial-in: 800 216 0770
Passcode: 310 203 7143

Sincerely,
Alex

-----Original Message-----
From: Lomas, John [mailto:jlomas@mckennalong.com]
Sent: Tuesday, June 24, 2008 4:59 PM
To: Giza, Alexander; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: ~Bono, Gaspare; ~Goodwyn, Tyler; ~Brzezynski, Lora; ~Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case

Alex,

Before our call today, I clearly stated LG Display's position that it could not agree with CMO's continued attempts to condition consolidation on a reworking of the existing schedule in this case. I indicated that LG Display would be willing to consider CMO's positions on specific deadline changes separately from the consolidation issue. During our call, however, CMO once again refused to agree to stipulate to consolidation without changes to the schedule.

I also told you before our call that LG Display would not agree to a global extension of deadlines, however, that is precisely what you proposed again in your 2pm ET e-mail. CMO merely replaced its initial unreasonable demand for a four month extension of deadlines with an unreasonable demand for a three month extension of deadlines. Although you did not specifically identify date changes related to experts or dispositive motions in your e-mail, all the other changes you proposed would necessarily push those dates back as well.

For example, Judge Farnan told the parties that he would require fact discovery be completed before any expert discovery or reporting takes place. Expert reports are currently due on January 12. Your proposal suggests a March 6 fact discovery deadline. Similarly, Judge Farnan told the parties to factor in a sixty-day decision period after Markman.
Your proposed Markman date of December 18 would push the decision back until late February. Expert depositions are currently due on March 6 and case dispositive motions are due on March 16. Thus, your unreasonable second proposed global extension was clearly unworkable and unacceptable from the start.

During our call, we repeated LG Display's position that the consolidation of the Texas case does not require any changes to the schedule given that the same CMO patents are already in the lead Delaware case. CMO failed to provide any acceptable explanation as to why consolidation would necessitate any changes to the schedule.

Regards,

John

2

-----Original Message-----
From: Giza, Alexander [mailto:AGiza@irell.com]
Sent: Tuesday, June 24, 2008 5:24 PM
To: Giza, Alexander; Lomas, John; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig;
~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw,
John; ~Pascale, Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: Bono, Gaspare; Goodwyn, Tyler; Brzezynski, Lora; Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case

John:

Before our call today, you told me that LGD would not agree to a "global extension" of
deadlines in connection with the potential consolidation of the Texas action with the
Delaware action, but you told me that you would "negotiate on specific deadline
extensions."  You asked me to identify particular areas for discussion one hour before our
call.  As you requested, I provided you with a list of items for discussion.

Although I provided you with the requested list by the time you requested, LGD was unable
to respond to CMO's proposals, other than just rejecting them.  In fact, LGD made no
effort to "negotiate" any of the items I identified.  Despite my attempts to propose
additional dates, your colleague Lora repeatedly said that she didn't think that LGD would
be able to agree to anything.

LGD asked CMO to agree to an unconditional consolidation without modification of any of
the items we were supposed to negotiate today.
This is not in keeping with our prior correspondence on this matter and suggests that LGD
is not acting in good faith to resolve this issue.  I do not believe it is productive for
LGD to drag out our discussion of these scheduling items that are directly related to the
proposed consolidation.  Please be prepared to discuss the items I identified in my
earlier e-mail when we talk tomorrow on the phone.

Sincerely,
Alex

Alexander C.D. Giza
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: 310-203-7143
Facsimile:  310-203-7199


-----Original Message-----
From: Lomas, Alexander
Sent: Tuesday, June 24, 2008 11:02 AM
To: ~Lomas, John; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie;
~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale,
Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: ~Bono, Gaspare; ~Goodwyn, Tyler; ~Brzezynski, Lora; ~Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case

John:

CMO disagrees with LGD's view of events and the current circumstances.
Adding CMO's offensive claims to this action requires additional time and discovery to
prevent prejudice to CMO.  The Texas case had a longer schedule to trial, which was
further delayed by transfer.  The Texas case also included additional discovery.
Furthermore, LGD now wants to add a patent and several claims against CMO.  Why are these
being asserted on the day before the exchange of terms for claim construction?
LGD's delay in asserting this patent against CMO is prejudicial to CMO's defense.

However, in the interest of attempting to resolve these issues without burdening the
Court, and reserving all rights, we propose the following schedule/discovery changes:

Third party deposition time - 60 hours per party CMO to provide claim terms for

3

construction on '569 patent - 8/27/2008 Exchange proposed constructions - 9/26/2008
Production complete - 9/26/2008 Disclosures of Fact Witnesses - 9/26/2008 Contention rogs
addressed? - 9/26/2008 JCCC -
10/21/2008 Amendment of pleadings deadline - 10/31/2008
Opening CC briefs          - 11/7/2008
Response CC briefs - 12/4/2008
Markman hearing -          12/18/2008
Discovery cut-off - 3/6/2009

Here's dial-in and password information for our conference call at 3pm
EDT:

Dial-in: 800 216 0770
Passcode: 310 203 7143

Sincerely,
Alex

-----Original Message-----
From: Lomas, John [mailto:jlomas@mckennalong.com]
Sent: Tuesday, June 24, 2008 8:16 AM
To: Giza, Alexander; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie;
~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale,
Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: ~Bono, Gaspare; ~Goodwyn, Tyler; ~Brzezynski, Lora; ~Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's· case

Alex,

Thank you for your response.  As we have previously stated, we fundamentally disagree with
CMO's continued attempts to condition consolidation on a reworking of the existing
schedule in this case.
Consolidation will not add any new patents to the case, the Scheduling Order was entered
with the input of all counsel and after contemplating the transfer of the Texas case, and
the parties have already agreed to modify claim construction dates and to extend the
document production deadline.

We will agree to a call at 3pm to discuss proposed scheduling changes separately, if you
identify by 2pm which specific deadlines CMO wishes to delay and how much additional time
CMO would like.

Thank you,

John

-----Original Message-----
From: Giza, Alexander [mailto:AGiza@irell.com]
Sent: Tuesday, June 24, 2008 8:41 AM
To: Lomas, John; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip,
Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen;
~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: Bono, Gaspare; Goodwyn, Tyler; Brzezynski, Lora; Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case

John:

Please do not assume disagreement without further communication.  Given the flexibility
that you indicate in your email, I think we can reach an agreement.  At least the
extension of deadlines relating to discovery and claim construction and an increase in the
hours of third party deposition time are necessary and appropriate under the
circumstances.
Discussing the issues in real time will likely be most productive - can you be available
to discuss at 3 pm EDT today?

Sincerely,
Alex

4

```
-----Original Message-----
From: Lomas, John [mailto:jlomas@mckennalong.com]
Sent: Monday, June 23, 2008 2:03 PM
To: Giza, Alexander; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie;
~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale,
Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: ~Bono, Gaspare; ~Goodwyn, Tyler; ~Brzezynski, Lora; ~Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case
```

Alex,

Thank you for your response.  Currently, CMO's stated position is a demand for a four
month global extension of all deadlines and reopening discovery limits, which is not
acceptable.

As in the past, we remain willing to negotiate on specific deadline extensions.  LG
Display cannot, however, agree to a global extension of all deadlines in this case, and
will not condition the consolidation on any such changes.  LG Display will also not agree
to any change to the trial date.

We will assume that CMO does not agree to consolidation unless we hear otherwise by 3pm ET
tomorrow.

Regards,

John

```
-----Original Message-----
From: Giza, Alexander [mailto:AGiza@irell.com]
Sent: Monday, June 23, 2008 4:15 PM
To: Lomas, John; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip,
Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen;
~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: Bono, Gaspare; Goodwyn, Tyler; Brzezynski, Lora; Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case
```

John:

Although we believe that an extension is appropriate with the consolidation, we will
consider whether consolidation alone is a possibility.  Is it LGD's position that, even
under the current circumstances, it will not agree to any extension of any deadlines?

Alex

```
-----Original Message-----
From: Lomas, John [mailto:jlomas@mckennalong.com]
Sent: Monday, June 23, 2008 12:14 PM
To: Giza, Alexander; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie;
~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale,
Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: ~Bono, Gaspare; ~Goodwyn, Tyler; ~Brzezynski, Lora; ~Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case
```

Alex,

LG Display cannot agree to a four-month extension of all deadlines in the current
Scheduling Order.  The mirror image of CMO's offensive claims from the Texas case have
been in the consolidated Delaware action for months, thus no change to the scheduling
order or discovery limits is necessary.

In Delaware, Judge Farnan contemplated the transfer of CMO's Texas case to Delaware when,
over four months ago, he set a firm trial date of June 2, 2009 and then specifically told
the parties that: "I want to be sure that the trial date I set is one everybody
understands won't be moved."
Judge Farnan also expressly directed CMO to move forward with discovery regardless of

CMO's pending motions to dismiss, telling CMO that "I have enough information to make the decision and so I think we ought to get started on the case."

In Texas, Judge Ward's Early Discovery Order of October 23, 2007, allowed the parties to begin conducting discovery, including interrogatories, requests for admission, requests for production, and party and non-party depositions relating to the technical operation of accused products, the identity of and technical operation of any products reasonably similar to any accused product, the scope and content of any identified prior art references, and any issues related to whether the reference in fact constitutes prior art. On February 1, Judge Ward issued a new Discovery Order and set the document production deadline for May 30, 2008, and set limits for interrogatories, requests for admission, and depositions.

CMO has had every opportunity to pursue discovery related to its offensive claims in either or both Texas and Delaware.  Further, the Early Discovery Order in Texas, by requiring invalidity and infringement contentions even before the initial scheduling conference, forced the parties to develop their claims and defenses in the CMO Action at a much faster pace than in the Delaware case.

CMO cannot now use the transfer as an excuse to delay resolution of claims that LG Display filed over a year and a half ago in December 2006, or to propound additional, untimely discovery requests in this case.

It is unfortunate we cannot agree that the cases should be consolidated without any conditions attached.

Regards,

John

-----Original Message-----
From: Giza, Alexander [mailto:AGiza@irell.com]
Sent: Thursday, June 19, 2008 3:37 PM
To: Lomas, John; Lomas, John; ~Range, Brian; Kagan, Jonathan; ~Tyler, M.
Craig; ~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine;
~Shaw, John; ~Pascale, Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: Bono, Gaspare; Goodwyn, Tyler; Brzezynski, Lora; Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case

John and Brian:

CMO is amenable to consolidation of the transferred action (now Delaware Civil Action No.
08-355) with the consolidated Delaware actions, provided that a reasonable extension of
the current schedule can be arranged.  Among other things, CMO needs time for discovery on
its offensive claims that would be added to the consolidated Delaware action.  We
currently believe that a four-month extension of all deadlines should be sufficient.  We
should also discuss appropriate discovery limits.  Please let me know if LGD and AUO will
agree with consolidation and the proposed extension.

Sincerely,
Alex

Alexander C.D. Giza
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: 310-203-7143
Facsimile:  310-203-7199


-----Original Message-----
From: Lomas, John [mailto:jlomas@mckennalong.com]
Sent: Tuesday, June 17, 2008 1:20 PM
To: ~Lomas, John; ~Range, Brian; Giza, Alexander; Kagan, Jonathan; ~Tyler, M. Craig;
~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw,
John; ~Pascale, Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com

Cc: ~Bono, Gaspare; ~Goodwyn, Tyler; ~Brzezynski, Lora; ~Christenson, Cass; ~Kirk, Richard
Subject: Consolidation of CMO's case

Alex and Brian,

The patent infringement suit filed by CMO against LG Display in the Eastern District of
Texas has been formally transferred to Delaware as Civil Action No. 08-355. Because Judge
Ward transferred CMO's case so that the parties could resolve their related disputes
together in Delaware, and CMO's case involves patents and claims that are also at issue in
the consolidated action, CMO's case should be consolidated into the consolidated action.

Attached is a stipulation and order of consolidation that we propose filing in both the
consolidated case and the new case transferred from Texas. Please let us know if AUO and
CMO will stipulate to the consolidation.

Regards,

John

 <<LG 3 - stipulation to consolidate (01035010).DOC>> John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
202.496.7183
jlomas@mckennalong.com


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.

ccmailg.irell.com made the following annotations
---------------------------------------------------------------------
PLEASE NOTE:  This message, including any attachments, may include privileged,
confidential and/or inside information.  Any distribution or use of this communication by
anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.
If you are not the intended recipient, please notify the sender by replying to this
message and then delete it from your system. Thank you.


---------------------------------------------------------------------


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or

storage media and destroy any printouts of the e-mail or attachments.

ccmailg.irell.com made the following annotations
------------------------------------------------------------------------
PLEASE NOTE:  This message, including any attachments, may include privileged,
confidential and/or inside information.  Any distribution or use of this communication by
anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.
If you are not the intended recipient, please notify the sender by replying to this
message and then delete it from your system. Thank you.

------------------------------------------------------------------------

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.

ccmailg.irell.com made the following annotations
------------------------------------------------------------------------
PLEASE NOTE:  This message, including any attachments, may include privileged,
confidential and/or inside information.  Any distribution or use of this communication by
anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.
If you are not the intended recipient, please notify the sender by replying to this
message and then delete it from your system. Thank you.

------------------------------------------------------------------------

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.

ccmailg.irell.com made the following annotations
------------------------------------------------------------------------
PLEASE NOTE:  This message, including any attachments, may include privileged,
confidential and/or inside information.  Any distribution or use of this communication by
anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.
If you are not the intended recipient, please notify the sender by replying to this

message and then delete it from your system. Thank you.

---------------------------------------------------------------------

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.

ccmailg.irell.com made the following annotations
---------------------------------------------------------------------
PLEASE NOTE:  This message, including any attachments, may include privileged,
confidential and/or inside information.  Any distribution or use of this communication by
anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.
If you are not the intended recipient, please notify the sender by replying to this
message and then delete it from your system. Thank you.

---------------------------------------------------------------------

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG PHILIPS LCD AMERICA, INC., a California Corporation, <br><br> Defendants. <br> LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, <br><br> Counterclaim Defendants. | Civil Action No. 2:07-cv-00176-TJW |

## DOCKET CONTROL ORDER

In accordance with the case Status Conference held herein on the 8th day of January, 2008, it is hereby

**ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| August 3, 2009 | Jury Selection - 9:00 a.m. in Marshall, Texas |
| July 24, 2009 | Pretrial Conference - 9:00 a.m. in Marshall, Texas |

| July 13, 2009 | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict |
|---|---|
| July 17, 2009 | **Motions in *Limine* Due**<br><br>The parties are ordered to **meet and confer** on their respective motions *in limine* and **advise the Court of any agreements in this regard by 3:00 p.m. the business day before** the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the Court could not alleviate the prejudice with appropriate instruction(s). |
| Requested | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings**. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| July 7, 2009 | Response to Dispositive Motions (including *Daubert* motions)[1] **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV-56.** |
| June 12, 2009 | Deadline for filing Dispositive Motions and any other motions that may require a hearing (not including *Daubert* motions) |
| June 22, 2009 | Deadline for filing *Daubert* Motions |
| July 7, 2009 | Mediation to be completed |
| July 17, 2009 | Parties to Identify Trial Witnesses on issues for which bears burden of proof |
| July 7, 2009 | Parties to Identify Trial Witnesses on issues for which bear burden of proof |
| July 7, 2009 | Discovery Deadline |

---

[1] The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition."

| | |
|---|---|
| June 16, 2009 | Designate Rebuttal Expert Witnesses other than claims construction |
| May 25, 2009 | Expert witness report due for party with the burden of proof Refer to Discovery Order for required information. |
| May 25, 2009 | Comply with P.R. 3-7. |
| May 25, 2009 | Party with the burden of proof to designate Expert Witnesses other than claims construction Expert witness report due Refer to Discovery Order for required information. |
| May 7, 2009 | Claim construction hearing **9:00 a.m., Marshall, Texas.** |
| April 23, 2009 | Comply with P.R. 4-5(c). |
| April 9, 2009 | Comply with P.R. 4-5(b). |
| March 23, 2009 | Comply with P.R. 4-5(a). |
| March 9, 2009 | Discovery deadline-claims construction issues |
| December 15, 2008 | Respond to Amended Pleadings |
| November 15, 2008 | Amend Pleadings **(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein.)** |
| February 16, 2009 | Comply with P.R. 4-3. |
| January 19, 2009 | Comply with P.R. 4-2. |
| December 18, 2008 | Comply with P.R. 4-1. |
| August 25, 2008 | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents) |
| August 1, 2008 | Join Additional Parties |

## OTHER LIMITATIONS

1.    All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.    The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3.    The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   (a)    The fact that there are motions for summary judgment or motions to dismiss pending;

   (b)    The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

   (c)    The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

SIGNED this 4th day of March, 2008.

_T. John Ward_

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

4

# EXHIBIT D

**Lyon, Richard**

| | |
|---|---|
| **From:** | Brzezynski, Lora [lbrzezynski@mckennalong.com] |
| **Sent:** | Monday, June 23, 2008 7:00 AM |
| **To:** | Hoffman, Adam; ~Chiu, Jay; ~Range, Brian; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; Kagan, Jonathan; #CMO/LPL [Int]; ~Platt, Christian; ~Warren, Joe; Giza, Alexander |
| **Cc:** | ~Bono, Gaspare; ~Goodwyn, Tyler; ~Christenson, Cass; ~Lomas, John |
| **Subject:** | '569 Patent |
| | |
| **Attachments:** | DC-#50554579-v1-Amended_Pleading_to_Add_'569_to_CMO.DOC |



DC-#50554579-v1-
Amended_Pleadi...

> > Dear Adam:
>
> As you know, LG Display has asserted its '569 Patent against AUO. LG
> Display first asserted this patent in its Answer to AU Optronic
> Corporation's Amended Counterclaims and Additional Counterclaims filed
> on August 7, 2007. LG Display now intends to amend that Answer and
> assert the '569 Patent against CMO and CMO USA (hereinafter
> collectively "CMO"). As the deadline in the Scheduling Order to amend
> the pleadings is not until August 1, 2008, we do not believe that CMO
> has any valid basis to assert any legitimate objection to such an
> amendment. Accordingly, please confirm that CMO will consent to LG
> Display amending its August 7, 2007 Answer. For your convenience, we
> have attached to this e-mail a proposed redline of LG Display's Second
> Amended Answer. If CMO does not consent, we will be forced to file a
> motion to amend. We would like to avoid bothering the Court with such
> a motion given that the deadline for amendment is not until August. We
> look forward to your cooperation.
>
> LG Display asserts that CMO infringes at least one of claims 25, 31,
> 32, 33, and 34 of the '569 Patent. Pursuant to the Stipulation and
> Order modifying the Scheduling Order, all parties are to exchange a
> list of terms believed to require construction by Tuesday, June 24,
> 2008. To avoid any argument by CMO that it has not had sufficient time
> to identify terms for the '569 Patent by the deadline of Tuesday, LG
> Display will agree to extend CMO's time to identify terms for the '569
> Patent (but not any other patents) until Friday, June 27, 2008. Given
> that both LG Display and AUO will identify terms they each believe
> require construction for the '569 Patent on Tuesday (as well as all
> other patents asserted in the case), CMO will have the benefit of
> seeing the terms identifed by LG Display and AUO as to the '569
> Patent. If CMO wants to identify any additional terms relating to the
> '569 Patent, it can do so by Friday.
>
> We look forward to your prompt response.
>
> Best regards,
>
> Lora
>
>
> <<DC-#50554579-v1-Amended_Pleading_to_Add_'569_to_CMO.DOC>>

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any

1

dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

# EXHIBIT E

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation,<br><br>Defendants.<br><br>LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation,<br><br>Counterclaim Defendants. | Civil Action No. 2:07-cv-00176-TJW |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures.** Except as provided by paragraph 1(h), and, to the extent not already disclosed, by **March 5, 2008**, each party shall disclose to every other party the following information:

   (a)    the correct names of the parties to the lawsuit;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)    any settlement agreements relevant to the subject matter of this action;

(g)    any statement of any party to the litigation;

(h)    for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

    a.    the expert's name, address, and telephone number;

    b.    the subject matter on which the expert will testify;

    c.    if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

        (a)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (b)     the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

    d.     for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information;

2.    **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

3.    **Additional Disclosures.** Each party, without awaiting a discovery request, shall provide, to the extent not already provided, to every other party the following:

    (a)    the disclosures required by the Patent Rules for the Eastern District of Texas;

    (b)    by **May 30, 2008**, a copy of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, including damages, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas. By written agreement of all parties, alternative forms of disclosure of documents may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

(c)     by **May 18, 2009**, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(d)     by **not applicable**, those documents and authorizations described in Local Rule CV-34.

4.     **Discovery Limitations.**   The discovery in this cause is limited to the disclosures described in Paragraphs 1 and 3 together with 40 interrogatories per side, 40 requests for admissions per side, the depositions of the parties, depositions on written questions of custodians of business records for third parties, 60 hours of nonparty depositions per side, and 3 expert witnesses per side.   "Side" means a party or a group of parties with a common interest.  Any party may move to modify these limitations for good cause.  **The parties have discussed modifying these discovery limitations but have not yet reached agreement.  The parties are continuing their discussions in an effort to reach a mutual agreement.  If a mutual agreement cannot be reached, the parties intend to advise the Court of their respective positions through separate filings.**

5.     **Privileged Information.**   There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By **August 25, 2008**, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the

4

privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact by **September 25, 2008**.

6.    **Pre-trial disclosures.** Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

    (a)    The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

    (b)    The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

    (c)    An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the Court, these disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the Court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of

a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7.    **Signature.** The disclosures required by this order shall be made in writing signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8.    **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true

9    **Disputes.**

(a)    Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The

parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within 14 days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.** Any filings in excess of 20 pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing.

SIGNED this 1st day of February, 2008.

_T. John Ward_

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

7

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHI MEI OPTOELECTRONICS CORP. | § | |
| | § | |
| V. | § | CIVIL NO. 2:07-CV-176(TJW) |
| | § | |
| LG PHILLIPS LCD CO., LTD, ET AL. | § | |

## O R D E R

The court, *sua sponte*, orders the following:

1.   Any party claiming patent infringement shall comply with P.R. 3-1 and 3-2 within 15 days from the date of this order;

2.   Any party opposing a claim of patent infringement shall comply with P.R. 3-3 and 3-4 in accordance with the deadline provided in those rules;

3.   The parties may conduct discovery relevant to these disclosures subject to the following limitations: 30 interrogatories per side; 30 requests for admission per side; 30 requests for production per side; 25 hours of party depositions per side; 25 hours of third-party depositions per side; the depositions of any inventors; and unlimited depositions on written questions directed toward third parties. Discovery "relevant to these disclosures" includes discovery relating to the technical operation of the accused products, as well as the identity of and technical operation of any products reasonably similar to any accused product. It also includes discovery into the scope and content of any identified prior art references, as well as any issues related to whether the reference in fact constitutes prior art.

4.   The parties may also conduct discovery into any jurisdictional issues, subject to the above limits.

5.   The provisions of the Patent Rules, including P.R. 2-2, will apply to discovery conducted pursuant to this order.

6.   Consistent with the court's calendar, the court will set this case for a Scheduling Conference at a future date and time to address requests for additional discovery.

SIGNED this 23rd day of October, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

- As amended November 19, 2007

# APPENDIX M
# PATENT RULES

## 1. SCOPE OF RULES

**1-1. Title.**

These are the Rules of Practice for Patent Cases before the Eastern District of Texas. They should be cited as "P. R. __."

**1-2. Scope and Construction.**

These rules apply to all civil actions filed in or transferred to this Court which allege infringement of a utility patent in a complaint, counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a utility patent is not infringed, is invalid or is unenforceable. The Court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Patent Rules based on the circumstances of any particular case, including, without limitation, the complexity of the case or the number of patents, claims, products, or parties involved. If any motion filed prior to the Claim Construction Hearing provided for in P. R. 4-6 raises claim construction issues, the Court may, for good cause shown, defer the motion until after completion of the disclosures, filings, or ruling following the Claim Construction Hearing. The Civil Local Rules of this Court shall also apply to these actions, except to the extent that they are inconsistent with these Patent Rules. The deadlines set forth in these rules may be modified by Docket Control Order issued in specific cases.

**1-3. Effective Date.**

These Patent Rules shall take effect on February 22, 2005 and shall apply to any case filed thereafter and to any pending case in which more than 9 days remain before the Initial Disclosure of Asserted Claims is made. The parties to any other pending civil action shall meet and confer promptly after February 22, 2005, for the purpose of determining whether any provision in these

claims and the prior art; and

(d) Requests seeking to elicit from an accused infringer the identification of any opinions of counsel, and related documents, that it intends to rely upon as a defense to an allegation of willful infringement.

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under Fed.R.Civ.P. 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to provide the requested information to an opposing party under these Patent Rules, unless there exists another legitimate ground for objection.

## 3. PATENT INITIAL DISCLOSURES

### 3-1. Disclosure of Asserted Claims and Infringement Contentions.

Not later than 10 days before the Initial Case Management Conference with the Court, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

(a) Each claim of each patent in suit that is allegedly infringed by each opposing party;

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results

5

in the practice of the claimed method or process;

(c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(f) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**3-2. Document Production Accompanying Disclosure.**

With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

(a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint

6

development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

**(b)** All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier; and

**(c)** A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

## 3-3. Invalidity Contentions.

Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions" which must contain the following information:

**(a)** The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which

7

made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

**(b)** Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

**(c)** A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

**(d)** Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

**3-4. Document Production Accompanying Invalidity Contentions.**

With the "Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

**(a)** Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart;

8

and

**(b)** A copy of each item of prior art identified pursuant to P. R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

### 3-5. Disclosure Requirement in Patent Cases for Declaratory Judgment.

**(a) Invalidity Contentions If No Claim of Infringement.** In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, P. R. 3-1 and 3-2 shall not apply unless and until a claim for patent infringement is made by a party. If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later than 10 days after the defendant serves its answer, or 10 days after the Initial Case Management Conference, whichever is later, the party seeking a declaratory judgment must serve upon each opposing party its Invalidity Contentions that conform to P. R. 3-3 and produce or make available for inspection and copying the documents described in P. R. 3-4. The parties shall meet and confer within 10 days of the service of the Invalidity Contentions for the purpose of determining the date on which the plaintiff will file its Final Invalidity Contentions which shall be no later than 50 days after service by the Court of its Claim Construction Ruling.

**(b) Applications of Rules When No Specified Triggering Event.** If the filings or actions in a case do not trigger the application of these Patent Rules under the terms set forth herein, the parties shall, as soon as such circumstances become known, meet and confer for the purpose of agreeing on the application of these Patent Rules to the case.

**(c) Inapplicability of Rule.** This P. R. 3-5 shall not apply to cases in which a request for a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable is filed in response to a complaint for infringement of the same patent.

**3-6. Amending Contentions.**

(a) **Leave not required.**   Each party's "Infringement Contentions" and "Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.

(1) If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Amended Infringement Contentions" without leave of court that amend its "Infringement Contentions" with respect to the information required by Patent R. 3-1(c) and (d).

(2) Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" without leave of court that amend its "Invalidity Contentions" with respect to the information required by P. R. 3-3 if:

(A) a party claiming patent infringement has served "Infringement Contentions" pursuant to P. R. 3-6(a), or

(B) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

(b) **Leave required.**   Amendment or supplementation any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause.

**3-7. Willfulness.**

By the date set forth in the Docket Control Order, each party opposing a claim of patent

infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall:

> **(a)** Produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and

> **(b)** Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party opposing a claim of patent infringement who does not comply with the requirements of this P. R. 3-8 shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the Court, which shall be entered only upon a showing of good cause.

## 4. CLAIM CONSTRUCTION PROCEEDINGS

### 4-1. Exchange of Proposed Terms and Claim Elements for Construction.

**(a)** Not later than 10 days after service of the "Invalidity Contentions" pursuant to P. R. 3-3, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

**(b)** The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

11

# EXHIBIT G

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CHI MEI OPTOELECTRONICS CORPORATION, a Taiwan Corporation, | |
| Plaintiff, | |
| v. | Civil Action No. 2:07-cv-00176-TJW |
| | **JURY TRIAL DEMANDED** |
| LG.PHILIPS LCD CO., LTD., a Korean Corporation, and LG.PHILIPS LCD AMERICA, INC., a California Corporation, | |
| Defendants. | |
| LG.PHILIPS LCD CO., LTD., and LG.PHILIPS LCD AMERICA, INC., | |
| Counterclaim Plaintiffs, | |
| v. | |
| CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., a Delaware Corporation, | **JURY TRIAL DEMANDED** |
| Counterclaim Defendants. | |

## LG.PHILIPS LCD CO., LTD.'S
## OBJECTIONS AND RESPONSES TO CHI MEI OPTOELECTRONICS
## CORPORATION'S DOCUMENT REQUESTS (1-17)

Defendant LG.Philips LCD Co., Ltd. ("LG.Philips"), by and through its counsel and

pursuant to this Court's October 23, 2007 Order (Docket #37) and Fed. R. Civ. P. 34, objects and

responds as follows to Plaintiff Chi Mei Optoelectronics Corporation's ("CMO's") Document

Requests (1-17).

1

## GENERAL OBJECTIONS

These general objections apply to each Document Request and thus, for convenience, are not repeated after each Document Request, but rather are set forth herein and are hereby incorporated into each response. By responding to any particular Document Request with the phrase "Subject to and without waiving these objections," we are incorporating by reference not only the specific objections but also these general objections.

1.    LG.Philips objects to each Document Request to the extent it seeks information subject to the attorney-client privilege, work product doctrine, and other applicable privileges or immunities from discovery. LG.Philips does not by these responses waive any claim of privilege or work product.

2.    LG.Philips objects to each Document Request to the extent it seeks discovery of trade secrets or other confidential research, development or commercial information and will only produce such information in accordance with P.R. 2-2 until such time that a protective order is entered in this action. However, to the extent that any Document Request calls for the production of confidential information of third parties that are in LG.Philips's possession, LG.Philips shall attempt to obtain the consent of such third parties prior to production. If LG.Philips cannot obtain such consent, it will not produce the information.

3.    LG.Philips objects to these Document Requests to the extent that they request information that is: a) not in LG.Philips's possession; b) already in CMO's possession; c) in the public domain; or d) more easily obtainable from other sources by the exercise of ordinary due diligence as required by any applicable rule.

2

4.     LG.Philips objects to these Document Requests to the extent they request information not relevant to the subject matter of the above titled action, or not reasonably calculated to lead to the discovery of admissible evidence.

5.     LG.Philips objects to CMO's "<u>Definitions and Instructions</u>" to the extent they purport to impose obligations not required by the Court's October 23, 2007 Order or the Federal Rules of Civil Procedure.

6.     LG.Philips objects to CMO's definition A of "LPL" because it is overly broad and unduly burdensome, as it, *inter alia*, improperly includes a variety of people over which LG.Philips has no control, and because it includes LG.Philips's attorneys, which implicates the attorney-client privilege and work product doctrine.

7.     LG.Philips objects to Definition E because it is overly broad and unduly burdensome, as it, *inter alia*, imposes unreasonable burdens not required by the Federal Rules of Civil Procedure

8.     LG.Philips objects to Definitions G & N because they are overly broad.

9.     LG.Philips objects to Instruction Q to the extent that it exceeds the requirements of the Federal Rules of Civil Procedure. LG.Philips will supplement its responses pursuant to Fed. R. Civ. P. 26(e).

10.     LG.Philips objects to Instructions R through V because they impose unreasonable burdens not required by the Federal Rules of Civil Procedure. LG.Philips will respond to these Document Requests pursuant to Fed. R. Civ. P. 34.

3

## REQUESTS

**REQUEST NO. 1    All DOCUMENTS RELATING TO the PATENTS-IN-SUIT or to any RELATED PATENTS or RELATED APPLICATIONS, including parents, continuations, divisionals, continuations-in-part, and foreign counterparts thereof.**

Response: LG.Philips objects to this request as overly broad, unduly burdensome,

seeking information protected by the attorney-client privilege and work-product doctrine, and to

the extent it requests information not relevant to the subject matter of the above titled action, or

not reasonably calculated to lead to the discovery of admissible evidence.  LG.Philips further

objects to this request as being inappropriate at this time under Fed. R. Civ. P. 26(d) and as being

beyond the scope of this Court's October 23, 2007 Order (Docket #37).  Subject to and without

waiving these objections, LG.Philips will provide responsive, non-privileged documents,

including the document production accompanying its infringement contentions provided to CMO

pursuant to P.R. 3-2 and this Court's October 23, 2007 Order (Docket #37).

**REQUEST NO. 2    All DOCUMENTS RELATING TO the level of knowledge, schooling, experience, expertise, or relevant technical information of a person having ordinary skill in the art to which the inventions claimed in the PATENTS-IN-SUIT pertain.**

Response: LG.Philips objects to this request as vague, ambiguous, overly broad, unduly

burdensome, seeking information protected by the attorney-client privilege and work-product

doctrine, and as being inappropriate at this time under Fed. R. Civ. P. 26(d).  LG.Philips further

objects to this request as beyond the scope of this Court's October 23, 2007 Order (Docket #37).

**REQUEST NO. 3    All DOCUMENTS that support, contradict, or RELATE TO DEFENDANTS' contention that they do not infringe, either literally or under the doctrine of equivalents, nor induce or contribute to the infringement of, any claim of the CMO PATENTS, regardless of whether DEFENDANTS contend that the claim is invalid or unenforceable.**

Response: LG.Philips objects to this request as overly broad, unduly burdensome,

requesting information protected by the attorney-client privilege and work-product doctrine, and

as being inappropriate at this time under Fed. R. Civ. P. 26(d).  LG.Philips further objects to this

4

request as beyond the scope of this Court's October 23, 2007 Order (Docket #37). LG.Philips

also objects to this request as premature under P.R. 2-5. Subject to and without waiving these

objections, LG.Philips will provide responsive, non-privileged documents, including the

document production accompanying its invalidity contentions that LG.Philips will provide

pursuant to P.R. 3-4 and this Court's October 23, 2007 Order (Docket #37).

**REQUEST NO. 4    All DOCUMENTS referring to CMO, CMO technology, CMO products, or CMO officers, directors, or employees.**

Response: LG.Philips objects to this request as vague, ambiguous, overly broad, unduly

burdensome, seeking information protected by the attorney-client privilege and work-product

doctrine, and to the extent it requests information not relevant to the subject matter of the above

titled action, or not reasonably calculated to lead to the discovery of admissible evidence.

LG.Philips further objects to this request as being inappropriate at this time under Fed. R. Civ. P.

26(d) and as being beyond the scope of this Court's October 23, 2007 Order (Docket #37).

**REQUEST NO. 5    DOCUMENTS sufficient to identify each model or version of DEFENDANTS' LCD PRODUCTS, including the quantities of each model or version sold.**

Response: LG.Philips objects to this request as overly broad, unduly burdensome, it is

not limited to a specific period of time, and it is not reasonably calculated to lead to the

discovery of admissible evidence. LG.Philips further objects to this request as being

inappropriate at this time under Fed. R. Civ. P. 26(d) and as beyond the scope of this Court's

October 23, 2007 Order (Docket #37). Subject to and without waiving these objections,

LG.Philips will provide responsive, non-privileged documents, including the document

production accompanying its invalidity contentions that LG.Philips will provide pursuant to P.R.

3-4 and this Court's October 23, 2007 Order (Docket #37).

DC:50511045.1

**REQUEST NO. 6    All DOCUMENTS describing all steps in the manufacture of DEFENDANTS' LCD PRODUCTS, including but not limited to all steps in the formation of the TFT devices, application of sealant to form an LCD cell, and incorporation of any liquid crystal display material into DEFENDANTS' LCD PRODUCTS.**

Response: LG.Philips objects to this request as vague, overly broad, and unduly

burdensome, and to the extent it requests information not relevant to the subject matter of the

above titled action, or not reasonably calculated to lead to the discovery of admissible evidence.

LG.Philips further objects to this request as it is not limited to a specific period of time.  Subject

to and without waiving these objections, LG.Philips will provide responsive, non-privileged

documents.

**REQUEST NO. 7    All DOCUMENTS RELATING TO each person employed by DEFENDANTS and to each THIRD PARTY who has been involved with or participated in the conception, research, development, design, engineering, implementation, testing, manufacturing, sales, marketing or use of DEFENDANTS' LCD PRODUCTS, and the nature of each such person's or THIRD PARTY's duties, involvement, and participation.**

Response: LG.Philips objects to this request as vague, ambiguous, overly broad, unduly

burdensome, seeking information protected by the attorney-client privilege and work-product

doctrine, and to the extent it requests information not relevant to the subject matter of the above

titled action, or not reasonably calculated to lead to the discovery of admissible evidence.

LG.Philips also objects to this request as it is not limited to a specific period of time and to the

extent such information is outside the scope of LG.Philips's possession, custody, and control.

LG.Philips further objects to this request as being inappropriate at this time under Fed. R. Civ. P.

26(d) and as being beyond the scope of this Court's October 23, 2007 Order (Docket #37).

6

**REQUEST NO. 8    All drawings, blueprints, schematics, bills of materials, parts lists, manufacturing specifications, materials lists, developmental files, functional specifications, design specifications, operational specifications, other specifications, technical papers, white papers, articles, research files, notebooks, records, or other similar DOCUMENTS, whether published or unpublished, RELATING TO DEFENDANTS' LCD PRODUCTS.**

Response:  LG.Philips objects to this request as overly broad, unduly burdensome,

seeking information protected by the attorney-client privilege and work-product doctrine, and to

the extent it requests information not relevant to the subject matter of the above titled action, or

not reasonably calculated to lead to the discovery of admissible evidence.  LG.Philips further

objects to this request as it is not limited to a specific period of time and as being inappropriate at

this time under Fed. R. Civ. P. 26(d).  Subject to and without waiving these objections,

LG.Philips will provide responsive, non-privileged documents, including the document

production accompanying its invalidity contentions that LG.Philips will provide pursuant to P.R.

3-4 and this Court's October 23, 2007 Order (Docket #37).

**REQUEST NO. 9    Representative samples of each distinct type of DEFENDANTS' LCD PRODUCTS sold or imported in the United States.**

Response:  LG.Philips objects to this request as vague, ambiguous, overly broad, and

unduly burdensome.  LG.Philips further objects to this request as it is not limited to a specific

period of time and to the extent it requests information not relevant to the subject matter of the

above titled action, or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10    All DOCUMENTS, including without limitation correspondence and memoranda, RELATING TO the validity or invalidity of any one of the LPL PATENTS, including any reference or activity that might constitute PRIOR ART to any one of the LPL PATENTS.**

Response:  LG.Philips objects to this request as vague, ambiguous, overly broad, unduly

burdensome, seeking information protected by the attorney-client privilege and work-product

doctrine, and as being inappropriate at this time under Fed. R. Civ. P. 26(d).  LG.Philips further

objects to this request as beyond the scope of this Court's October 23, 2007 Order (Docket #37).

Subject to and without waiving these objections, LG.Philips will provide responsive, non-privileged documents relating to identified prior art references and whether such identified references constitute prior art.

**REQUEST NO. 11   All DOCUMENTS RELATING TO the drafting, preparation, or prosecution of any United States patent application that resulted in the issuance of any of the LPL PATENTS or to any RELATED PATENTS or RELATED APPLICATIONS, including any parents, continuations, divisionals, continuations-in-part, and foreign counterparts thereof.**

Response:  LG.Philips objects to this request as overly broad, unduly burdensome, seeking information protected by the attorney-client privilege and work-product doctrine, and as being inappropriate at this time under Fed. R. Civ. P. 26(d).  LG.Philips further objects to this request as beyond the scope of this Court's October 23, 2007 Order (Docket #37).  Subject to and without waiving these objections, LG.Philips will provide responsive, non-privileged documents, including the document production accompanying its infringement contentions provided to CMO pursuant to P.R. 3-2 and this Court's October 23, 2007 Order (Docket #37).

**REQUEST NO. 12   LPL's, or any predecessor in interest to LPL's (including but not limited to LG Electronics, Inc.), invention disclosures, inventor notebooks, documents and things RELATING TO development, and other internal forms concerning the inventions claimed in the LPL PATENTS or any RELATED PATENTS or RELATED APPLICATIONS.**

Response:  LG.Philips objects to this request as overly broad, unduly burdensome, seeking information protected by the attorney-client privilege and work-product doctrine, and as being inappropriate at this time under Fed. R. Civ. P. 26(d).  LG.Philips further objects to this request as beyond the scope of this Court's October 23, 2007 Order (Docket #37) and because documents are sought that are outside the scope of LG.Philips's possession, custody, and control.  Subject to and without waiving these objections, LG.Philips will provide responsive, non-privileged documents, including the document production accompanying its infringement

8

contentions provided to CMO pursuant to P.R. 3-2 and this Court's October 23, 2007 Order

(Docket #37).

**REQUEST NO. 13    All DOCUMENTS describing the CLAIMED SUBJECT MATTER
OF THE LPL PATENTS.**

Response:  LG.Philips objects to this request as vague, ambiguous, overly broad, unduly

burdensome, seeking information protected by the attorney-client privilege and work-product

doctrine, and as being inappropriate at this time under Fed. R. Civ. P. 26(d).  LG.Philips further

objects to this request as beyond the scope of this Court's October 23, 2007 Order (Docket #37).

**REQUEST NO. 14    All DOCUMENTS brought to the attention of LPL or any of the
attorneys who prosecuted the LPL PATENTS by other persons or entities who contended
that the documents were relevant to the (i) validity, (ii) scope, or (iii) enforceability of the
LPL PATENTS or any RELATED PATENTS, including parents, continuations,
divisionals, continuations-in-part, and foreign counterparts thereof.**

Response:  LG.Philips objects to this request as overly broad, unduly burdensome,

seeking information protected by the attorney-client privilege and work-product doctrine, and as

being inappropriate at this time under Fed. R. Civ. P. 26(d).  LG.Philips further objects to this

request as beyond the scope of this Court's October 23, 2007 Order (Docket #37) and premature

under P.R. 2-5.

**REQUEST NO. 15    All DOCUMENTS RELATING TO the scope of the PATENTS-IN-
SUIT, including without limitation construction or interpretation of claim terms.**

Response:  LG.Philips objects to this request as overly broad, unduly burdensome,

seeking information protected by the attorney-client privilege and work-product doctrine, and as

being inappropriate at this time under Fed. R. Civ. P. 26(d).  LG.Philips further objects to this

request as premature under P.R. 2-5 and beyond the scope of this Court's October 23, 2007

Order (Docket #37).

9

**REQUEST NO. 16** **All DOCUMENTS RELATING TO secondary considerations of nonobviousness (including commercial success, a long-felt unsolved need, copying, industry acceptance, skepticism, teaching away in the prior art, or industry awards) of the alleged inventions claimed in the LPL PATENTS.**

Response: LG.Philips objects to this request as overly broad, unduly burdensome,

seeking information protected by the attorney-client privilege and work-product doctrine, and as

being inappropriate at this time under Fed. R. Civ. P. 26(d). LG.Philips further objects to this

request as beyond the scope of this Court's October 23, 2007 Order (Docket #37).

**REQUEST NO. 17** **All DOCUMENTS RELATING TO YOUR Patent Rule 3-1 disclosures, including but not limited to, all documents RELATING TO YOUR contentions in subsection (d) and (f) and all documents cited or mentioned in the contentions.**

Response: LG.Philips objects to this request as vague, ambiguous, overly broad, unduly

burdensome, seeking information protected by the attorney-client privilege and work-product

doctrine, as premature under P.R. 2-5, and as being inappropriate at this time under Fed. R. Civ.

P. 26(d).

December 3, 2007

Law Office of Mike C. Miller, P.C.

Mike C. Miller
Texas State Bar No. 14101100
Law Office of Mike C. Miller, P.C.
201 West Houston Street
Marshall, Texas 75670
Phone: (903) 938-4395
Facsimile: (903) 938-3360

*Attorneys for Defendants*
*LG.Philips LCD Co., Ltd. and*
*and LG.Philips LCD America, Inc.*

Of Counsel
Gaspare J. Bono
R. Tyler Goodwyn
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Phone: (202) 496-7500 / Fax: (202) 496-7756

10

## CERTIFICATE OF SERVICE

I hereby certify that LG.Philips LCD Co., Ltd.'s Objections and Responses to Chi Mei Optoelectronics Corporation's Document Requests (1-17) were served on this 3rd day of December, 2007 via first-class mail, postage prepaid, on the following counsel:

Melissa Richards Smith
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670

Alexander Chester Giza
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

Jonathan S. Kagan
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276

Mike C. Miller

11

DC:50511045.1