UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION, et al. <br><br> Defendants. | Civil Action No. 06-726 (JJF) <br> Civil Action No. 07-357 (JJF) <br><br> **CONSOLIDATED CASES** |
| CHI MEI OPTOELECTRONICS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., <br><br> Defendants. | Civil Action No. 08-355 (JJF) |

**PLAINTIFF LG DISPLAY CO. LTD.'S
MOTION FOR CONSOLIDATION**

Pursuant to Fed. R. Civ. P. 42(a), Plaintiff LG Display Co., Ltd. ("LG Display") respectfully moves this Court to consolidate Civil Action No. 08-355 (JJF) with Civil Action 06-726 (JJF) and Civil Action 07-357 (JJF), because the actions include common issues, patents, and parties. A proposed Order is attached to this Motion. The factual and legal support for this motion are set forth in the accompanying brief and the exhibits attached thereto, which have been simultaneously served with this motion.

June 25, 2008

BAYARD P.A.

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
*Attorneys for Plaintiffs LG Display Co., Ltd. and LG Display America, Inc.*

OF COUNSEL:
Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>　　　　　　　Defendants. | Civil Action No. 06-726 (JJF)<br>Civil Action No. 07-357 (JJF)<br><br>**CONSOLIDATED CASES** |
| CHI MEI OPTOELECTRONICS<br>CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>LG DISPLAY CO., LTD. and<br>LG DISPLAY AMERICA, INC.,<br><br>　　　　　　　Defendants. | Civil Action No. 08-355 (JJF) |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that Plaintiff LG Display Co., Ltd. will present the within Motion to Consolidate on September 12, 2008, at 10:00 a.m.

June 25, 2008

BAYARD P.A.

*/s/ Richard D. Kirk (rk0922)*
Richard D. Kirk
222 Delaware Avenue, 9th Floor
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
*Attorneys for Plaintiffs LG Display Co.,
Ltd. and LG Display America, Inc.*

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>　　　　　　Defendants. | Civil Action No. 06-726 (JJF)<br>Civil Action No. 07-357 (JJF)<br><br>**CONSOLIDATED CASES** |
| CHI MEI OPTOELECTRONICS<br>CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LG DISPLAY CO., LTD. and<br>LG DISPLAY AMERICA, INC.,<br><br>　　　　　　Defendants. | Civil Action No. 08-355 (JJF) |

**PLAINTIFF LG DISPLAY CO., LTD.'S CERTIFICATION OF COUNSEL
PURSUANT TO LOCAL RULE 7.1.1 REGARDING MOTION FOR
CONSOLIDATION**

I hereby certify that counsel for Plaintiff LG Display Co., Ltd. ("LG Display") attempted in good faith to resolve the issue presented in LG Display's June 25, 2008 motion regarding the entry of a protective order in the above captioned case. On June 19, 2008, counsel for LG Display sent an e-mail to counsel for AU Optronics Corporation ("AUO") and Chi Mei Optoelectronics Corporation ("CMO"), asking them to stipulate to the consolidation of Civil Action No. 08-355 (JJF) with Civil Action Nos. 06-726 (JJF) and 07-357 (JJF). *See* Exhibit 1.

Counsel for AUO indicated that AUO is amenable to the consolidation. *Id.* Counsel for CMO, however, would not agree to consolidation without significant concessions that LG Display believes are inappropriate and unfair. First, even though the infringement and validity issues concerning the CMO patents in the transferred Texas case are already in the lead Delaware case, CMO wanted LG Display to agree to a four month delay of all deadlines in the Scheduling Order for this case. *Id.* CMO now demands a two month delay of deadlines, but has not specified why such delay is necessary considering CMO has had every opportunity to pursue discovery and prepare its claims in both Delaware and Texas. *Id.* In addition, CMO suggested that the parties should discuss the reopening of discovery limits, which LG Display opposes as contrary to the Scheduling Order. *Id.*

The parties discussed the issue during two phone calls on June 24, 2008 and June 25, 2008. During the June 24 call, counsel for LG Display asked whether CMO would agree to consolidation without any conditions. During the June 25 call, counsel for CMO confirmed that CMO would not agree to consolidation without an amendment to the scheduling order. Because AUO has consented to consolidation, but CMO has attempted to condition any consolidation on demands that are unnecessary and unreasonable, LG Display has filed its motion for consolidation.

June 25, 2008                                   BAYARD P.A.


                                                /s/ Richard D. Kirk
                                                Richard D. Kirk
                                                Ashley B. Stitzer
                                                222 Delaware Avenue, 9th Floor
                                                P.O. Box 25130
                                                Wilmington, DE 19899-5130
                                                (302) 655-5000
                                                rkirk@bayardfirm.com
                                                *Attorneys for Plaintiffs LG Display Co., Ltd.
                                                and LG Display America, Inc.*

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

3

# EXHIBIT 1

# Lomas, John

| | |
|---|---|
| **From:** | Lomas, John |
| **Sent:** | Wednesday, June 25, 2008 12:05 PM |
| **To:** | 'Giza, Alexander'; '~Range, Brian'; 'Kagan, Jonathan'; '~Tyler, M. Craig'; '~Holloway, Julie'; '~Yip, Vincent'; '~Garnett, Terry'; '~Wied, Peter'; '~Murray, Katherine'; '~Shaw, John'; '~Pascale, Karen'; '~Chiu, Jay'; '#CMO/LPL [Int]'; 'provner@potteranderson.com' |
| **Cc:** | Bono, Gaspare; Goodwyn, Tyler; Brzezynski, Lora; Christenson, Cass; '~Kirk, Richard' |
| **Subject:** | RE: Consolidation of CMO's case |

Alex,

LG Display's position has been and continues to be that CMO has had every opportunity to move forward with the discovery necessary for its affirmative claims in either Texas or Delaware, thus there is no basis to condition consolidation on a change to the schedule. That CMO chose not to pursue discovery that was available to it cannot be a basis to delay the entire case. Indeed, consolidation is improper if it results in unnecessary delay or cost.

The issues of infringement and validity as to the CMO Patents asserted in Texas have been in the Delaware case for months. LG Display offered to consider specific deadline proposals, but those proposals must specify why CMO needs more time and relate specifically and solely to issues or discovery that is not already in the case, taking into account all of the discovery that could and should have been done in both Delaware and Texas, and the work that was previously done in Texas. To date CMO's proposals have instead been non-specific 4 month, 3 month, and now 2 month delays to the schedule that have not taken into account the discovery that CMO could and should have pursued in both Delaware and Texas. Further, all of CMO's proposals to date would necessarily impact the entire schedule and the trial date.

We have always attempted to work with you in good faith to reach a resolution. Your suggestion otherwise is inappropriate. While we are amenable to speaking with you this afternoon, please be advised that we cannot agree to your proposed two month extension of all deadlines.

Regards,

John

-----Original Message-----
From: Giza, Alexander [mailto:AGiza@irell.com]
Sent: Wednesday, June 25, 2008 12:45 AM
To: Lomas, John; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: Bono, Gaspare; Goodwyn, Tyler; Brzezynski, Lora; Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case

John:

As we discussed today, CMO is agreeable to a consolidation of the transferred case with the Delaware case, provided that it includes an appropriate amendment of discovery limits. LGD argues that CMO needs no additional time or discovery to prepare its offensive claims, and requires that CMO agree to consolidation without any changes in the schedule. I will confer with my client and let you know.

In any event, a reasonable amendment of the scheduling is appropriate with consolidation of the cases. CMO never asserted its patents in the Delaware case. When Judge Farnan held the status telephone conference to set the schedule in this case on February 14, 2008, and issued the Rule 16 Scheduling Order on March 31, 2008, CMO did not have its offensive claims in the Delaware case. The Delaware schedule does not address all the issues relating to consolidation because it could not - the issues were not presented to the Court. If LGD wants to add CMO's offensive claims from the Texas case to this case, the schedule needs to be amended to appropriately accommodate the necessary discovery to

1

present CMO's offensive claims.

CMO initially proposed a global extension of all deadlines for simplicity. LGD rejected the concept of an overall extension, but stated that it would consider specific amendments to the schedule. CMO changed its proposal to extensions of specific dates, which you specifically required as a condition to agreeing to discuss the issues.

When we talked, LGD rejected CMO's proposals. CMO attempted to find middle ground and made additional proposals, including a two-month extension of discovery dates, but LGD still refused to agree to anything. Finally, I suggested that we check with our respective clients and confer again. Your email below is not encouraging. If you are not going to be prepared to discuss the issues and attempt to reach resolution in good faith, then please let know in advance so that we do not waste further time.

Conference call - June 25 at 2 pm EDT:
Dial-in: 800 216 0770
Passcode: 310 203 7143

Sincerely,
Alex

-----Original Message-----
From: Lomas, John [mailto:jlomas@mckennalong.com]
Sent: Tuesday, June 24, 2008 4:59 PM
To: Giza, Alexander; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: ~Bono, Gaspare; ~Goodwyn, Tyler; ~Brzezynski, Lora; ~Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case

Alex,

Before our call today, I clearly stated LG Display's position that it could not agree with CMO's continued attempts to condition consolidation on a reworking of the existing schedule in this case. I indicated that LG Display would be willing to consider CMO's positions on specific deadline changes separately from the consolidation issue. During our call, however, CMO once again refused to agree to stipulate to consolidation without changes to the schedule.

I also told you before our call that LG Display would not agree to a global extension of deadlines, however, that is precisely what you proposed again in your 2pm ET e-mail. CMO merely replaced its initial unreasonable demand for a four month extension of deadlines with an unreasonable demand for a three month extension of deadlines. Although you did not specifically identify date changes related to experts or dispositive motions in your e-mail, all the other changes you proposed would necessarily push those dates back as well.

For example, Judge Farnan told the parties that he would require fact discovery be completed before any expert discovery or reporting takes place. Expert reports are currently due on January 12. Your proposal suggests a March 6 fact discovery deadline. Similarly, Judge Farnan told the parties to factor in a sixty-day decision period after Markman.
Your proposed Markman date of December 18 would push the decision back until late February. Expert depositions are currently due on March 6 and case dispositive motions are due on March 16. Thus, your unreasonable second proposed global extension was clearly unworkable and unacceptable from the start.

During our call, we repeated LG Display's position that the consolidation of the Texas case does not require any changes to the schedule given that the same CMO patents are already in the lead Delaware case. CMO failed to provide any acceptable explanation as to why consolidation would necessitate any changes to the schedule.

Regards,

John

-----Original Message-----

2

```
From: Giza, Alexander [mailto:AGiza@irell.com]
Sent: Tuesday, June 24, 2008 5:24 PM
To: Giza, Alexander; Lomas, John; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig;
~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw,
John; ~Pascale, Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: Bono, Gaspare; Goodwyn, Tyler; Brzezynski, Lora; Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case
```

John:

Before our call today, you told me that LGD would not agree to a "global extension" of deadlines in connection with the potential consolidation of the Texas action with the Delaware action, but you told me that you would "negotiate on specific deadline extensions." You asked me to identify particular areas for discussion one hour before our call. As you requested, I provided you with a list of items for discussion.

Although I provided you with the requested list by the time you requested, LGD was unable to respond to CMO's proposals, other than just rejecting them. In fact, LGD made no effort to "negotiate" any of the items I identified. Despite my attempts to propose additional dates, your colleague Lora repeatedly said that she didn't think that LGD would be able to agree to anything.

LGD asked CMO to agree to an unconditional consolidation without modification of any of the items we were supposed to negotiate today.
This is not in keeping with our prior correspondence on this matter and suggests that LGD is not acting in good faith to resolve this issue. I do not believe it is productive for LGD to drag out our discussion of these scheduling items that are directly related to the proposed consolidation. Please be prepared to discuss the items I identified in my earlier e-mail when we talk tomorrow on the phone.

Sincerely,
Alex

Alexander C.D. Giza
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: 310-203-7143
Facsimile:  310-203-7199


-----Original Message-----
From: Giza, Alexander
Sent: Tuesday, June 24, 2008 11:02 AM
To: ~Lomas, John; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie;
~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale,
Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: ~Bono, Gaspare; ~Goodwyn, Tyler; ~Brzezynski, Lora; ~Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case

John:

CMO disagrees with LGD's view of events and the current circumstances.
Adding CMO's offensive claims to this action requires additional time and discovery to prevent prejudice to CMO. The Texas case had a longer schedule to trial, which was further delayed by transfer. The Texas case also included additional discovery.
Furthermore, LGD now wants to add a patent and several claims against CMO. Why are these being asserted on the day before the exchange of terms for claim construction?
LGD's delay in asserting this patent against CMO is prejudicial to CMO's defense.

However, in the interest of attempting to resolve these issues without burdening the Court, and reserving all rights, we propose the following schedule/discovery changes:

Third party deposition time - 60 hours per party CMO to provide claim terms for construction on '569 patent - 8/27/2008 Exchange proposed constructions - 9/26/2008 Production complete - 9/26/2008 Disclosures of Fact Witnesses - 9/26/2008 Contention rogs addressed? - 9/26/2008 JCCC -

3

10/21/2008 Amendment of pleadings deadline - 10/31/2008
Opening CC briefs - 11/7/2008
Response CC briefs - 12/4/2008
Markman hearing - 12/18/2008
Discovery cut-off - 3/6/2009

Here's dial-in and password information for our conference call at 3pm EDT:

Dial-in: 800 216 0770
Passcode: 310 203 7143

Sincerely,
Alex

-----Original Message-----
From: Lomas, John [mailto:jlomas@mckennalong.com]
Sent: Tuesday, June 24, 2008 8:16 AM
To: Giza, Alexander; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: ~Bono, Gaspare; ~Goodwyn, Tyler; ~Brzezynski, Lora; ~Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case

Alex,

Thank you for your response. As we have previously stated, we fundamentally disagree with CMO's continued attempts to condition consolidation on a reworking of the existing schedule in this case.
Consolidation will not add any new patents to the case, the Scheduling Order was entered with the input of all counsel and after contemplating the transfer of the Texas case, and the parties have already agreed to modify claim construction dates and to extend the document production deadline.

We will agree to a call at 3pm to discuss proposed scheduling changes separately, if you identify by 2pm which specific deadlines CMO wishes to delay and how much additional time CMO would like.

Thank you,

John

-----Original Message-----
From: Giza, Alexander [mailto:AGiza@irell.com]
Sent: Tuesday, June 24, 2008 8:41 AM
To: Lomas, John; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: Bono, Gaspare; Goodwyn, Tyler; Brzezynski, Lora; Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case

John:

Please do not assume disagreement without further communication. Given the flexibility that you indicate in your email, I think we can reach an agreement. At least the extension of deadlines relating to discovery and claim construction and an increase in the hours of third party deposition time are necessary and appropriate under the circumstances.
Discussing the issues in real time will likely be most productive - can you be available to discuss at 3 pm EDT today?

Sincerely,
Alex

-----Original Message-----
From: Lomas, John [mailto:jlomas@mckennalong.com]
Sent: Monday, June 23, 2008 2:03 PM

4

```
To: Giza, Alexander; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie;
~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale,
Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: ~Bono, Gaspare; ~Goodwyn, Tyler; ~Brzezynski, Lora; ~Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case
```

Alex,

Thank you for your response. Currently, CMO's stated position is a demand for a four month global extension of all deadlines and reopening discovery limits, which is not acceptable.

As in the past, we remain willing to negotiate on specific deadline extensions. LG Display cannot, however, agree to a global extension of all deadlines in this case, and will not condition the consolidation on any such changes. LG Display will also not agree to any change to the trial date.

We will assume that CMO does not agree to consolidation unless we hear otherwise by 3pm ET tomorrow.

Regards,

John

```
-----Original Message-----
From: Giza, Alexander [mailto:AGiza@irell.com]
Sent: Monday, June 23, 2008 4:15 PM
To: Lomas, John; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip,
Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen;
~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: Bono, Gaspare; Goodwyn, Tyler; Brzezynski, Lora; Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case
```

John:

Although we believe that an extension is appropriate with the consolidation, we will consider whether consolidation alone is a possibility. Is it LGD's position that, even under the current circumstances, it will not agree to any extension of any deadlines?

Alex

```
-----Original Message-----
From: Lomas, John [mailto:jlomas@mckennalong.com]
Sent: Monday, June 23, 2008 12:14 PM
To: Giza, Alexander; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie;
~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale,
Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: ~Bono, Gaspare; ~Goodwyn, Tyler; ~Brzezynski, Lora; ~Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case
```

Alex,

LG Display cannot agree to a four-month extension of all deadlines in the current Scheduling Order. The mirror image of CMO's offensive claims from the Texas case have been in the consolidated Delaware action for months, thus no change to the scheduling order or discovery limits is necessary.

In Delaware, Judge Farnan contemplated the transfer of CMO's Texas case to Delaware when, over four months ago, he set a firm trial date of June 2, 2009 and then specifically told the parties that: "I want to be sure that the trial date I set is one everybody understands won't be moved."
Judge Farnan also expressly directed CMO to move forward with discovery regardless of CMO's pending motions to dismiss, telling CMO that "I have enough information to make the decision and so I think we ought to get started on the case."

In Texas, Judge Ward's Early Discovery Order of October 23, 2007, allowed the parties to begin conducting discovery, including interrogatories, requests for admission, requests

for production, and party and non-party depositions relating to the technical operation of accused products, the identity of and technical operation of any products reasonably similar to any accused product, the scope and content of any identified prior art references, and any issues related to whether the reference in fact constitutes prior art. On February 1, Judge Ward issued a new Discovery Order and set the document production deadline for May 30, 2008, and set limits for interrogatories, requests for admission, and depositions.

CMO has had every opportunity to pursue discovery related to its offensive claims in either or both Texas and Delaware. Further, the Early Discovery Order in Texas, by requiring invalidity and infringement contentions even before the initial scheduling conference, forced the parties to develop their claims and defenses in the CMO Action at a much faster pace than in the Delaware case.

CMO cannot now use the transfer as an excuse to delay resolution of claims that LG Display filed over a year and a half ago in December 2006, or to propound additional, untimely discovery requests in this case.

It is unfortunate we cannot agree that the cases should be consolidated without any conditions attached.

Regards,

John

-----Original Message-----
From: Giza, Alexander [mailto:AGiza@irell.com]
Sent: Thursday, June 19, 2008 3:37 PM
To: Lomas, John; Lomas, John; ~Range, Brian; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: Bono, Gaspare; Goodwyn, Tyler; Brzezynski, Lora; Christenson, Cass; ~Kirk, Richard
Subject: RE: Consolidation of CMO's case

John and Brian:

CMO is amenable to consolidation of the transferred action (now Delaware Civil Action No. 08-355) with the consolidated Delaware actions, provided that a reasonable extension of the current schedule can be arranged. Among other things, CMO needs time for discovery on its offensive claims that would be added to the consolidated Delaware action. We currently believe that a four-month extension of all deadlines should be sufficient. We should also discuss appropriate discovery limits. Please let me know if LGD and AUO will agree with consolidation and the proposed extension.

Sincerely,
Alex

Alexander C.D. Giza
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: 310-203-7143
Facsimile: 310-203-7199


-----Original Message-----
From: Lomas, John [mailto:jlomas@mckennalong.com]
Sent: Tuesday, June 17, 2008 1:20 PM
To: ~Lomas, John; ~Range, Brian; Giza, Alexander; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; ~Chiu, Jay; #CMO/LPL [Int]; provner@potteranderson.com
Cc: ~Bono, Gaspare; ~Goodwyn, Tyler; ~Brzezynski, Lora; ~Christenson, Cass; ~Kirk, Richard
Subject: Consolidation of CMO's case

Alex and Brian,

The patent infringement suit filed by CMO against LG Display in the Eastern District of

Texas has been formally transferred to Delaware as Civil Action No. 08-355. Because Judge Ward transferred CMO's case so that the parties could resolve their related disputes together in Delaware, and CMO's case involves patents and claims that are also at issue in the consolidated action, CMO's case should be consolidated into the consolidated action.

Attached is a stipulation and order of consolidation that we propose filing in both the consolidated case and the new case transferred from Texas. Please let us know if AUO and CMO will stipulate to the consolidation.

Regards,

John

<<LG 3 - stipulation to consolidate (01035010).DOC>> John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
202.496.7183
jlomas@mckennalong.com

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.


ccmailg.irell.com made the following annotations
-----------------------------------------------------------------------
PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.



-----------------------------------------------------------------------


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.


ccmailg.irell.com made the following annotations
-----------------------------------------------------------------------
PLEASE NOTE: This message, including any attachments, may include privileged,

confidential and/or inside information. Any distribution or use of this communication by
anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.
If you are not the intended recipient, please notify the sender by replying to this
message and then delete it from your system. Thank you.

------------------------------------------------------------------------

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.


ccmailg.irell.com made the following annotations
------------------------------------------------------------------------
PLEASE NOTE: This message, including any attachments, may include privileged,
confidential and/or inside information. Any distribution or use of this communication by
anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.
If you are not the intended recipient, please notify the sender by replying to this
message and then delete it from your system. Thank you.

------------------------------------------------------------------------

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.


ccmailg.irell.com made the following annotations
------------------------------------------------------------------------
PLEASE NOTE: This message, including any attachments, may include privileged,
confidential and/or inside information. Any distribution or use of this communication by
anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.
If you are not the intended recipient, please notify the sender by replying to this
message and then delete it from your system. Thank you.

------------------------------------------------------------------------

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.


ccmailg.irell.com made the following annotations
------------------------------------------------------------------
PLEASE NOTE:  This message, including any attachments, may include privileged,
confidential and/or inside information.  Any distribution or use of this communication by
anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.
If you are not the intended recipient, please notify the sender by replying to this
message and then delete it from your system. Thank you.



------------------------------------------------------------------

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>　　　　　　　Defendants. | Civil Action No. 06-726 (JJF)<br>Civil Action No. 07-357 (JJF)<br><br>**CONSOLIDATED CASES** |
| CHI MEI OPTOELECTRONICS<br>CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LG DISPLAY CO., LTD. and<br>LG DISPLAY AMERICA, INC.,<br><br>　　　　　　　Defendants. | Civil Action No. 08-355 (JJF) |

## ORDER

WHEREAS, LG Display Co., Ltd. moves the Court for consolidation of C. A. No. 08-355 (JJF) with C. A. Nos. 06-726 (JJF) and 07-357 (JJF);

WHEREAS, the actions include common issues and patents;

**NOW THEREFORE, IT IS HEREBY ORDERED,** in the interest of judicial economy that, C. A. No. 08-355 (JJF) shall be consolidated into C. A. Nos. 06-726 (JJF) and 07-357 (JJF) for pre-trial proceedings and trial. All future filings should be captioned and filed only in the consolidated lead C. A. No. 06-726 (JJF).

This _____ day of _____,
2008.

_____
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 25, 2008, he served the foregoing documents by email and by hand upon the following counsel:

| | |
|---|---|
| Philip A. Rovner<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>1313 North Market Street<br>Wilmington, DE 19899-0951 | Karen L. Pascale<br>John W. Shaw<br>YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899-0391 |

The undersigned counsel further certifies that, on June 25, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

| | |
|---|---|
| Jonathan S. Kagan<br>Alexander Giza<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067 | Vincent K. Yip<br>Peter J. Wied<br>PAUL, HASTINGS, JANOFSKY &<br>WALKER LLP<br>515 South Flower Street, 25th Floor<br>Los Angeles, CA 90071 |
| Ron E. Shulman, Esquire<br>Julie Holloway, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, California 94304-1050 | M. Craig Tyler, Esquire<br>Brian D. Range, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, Texas 78759-8497 |

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1