## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>　　　　　　　Defendants. | Civil Action No.  06-726 (JJF)<br>Civil Action No.  07-357 (JJF)<br><br>**CONSOLIDATED CASES** |
| CHI MEI OPTOELECTRONICS<br>CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LG DISPLAY CO., LTD. and<br>LG DISPLAY AMERICA, INC.,<br><br>　　　　　　　Defendants. | Civil Action No. 08-355 (JJF) |

## PLAINTIFF LG DISPLAY'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR CONSOLIDATION

June 25, 2008


OF COUNSEL:
Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

BAYARD P.A.

Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000

*Attorneys for Plaintiffs LG Display Co., Ltd. and*
*LG Display America, Inc.*

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

SUMMARY OF ARGUMENT ................................................................................................. 4

STATEMENT OF FACTS ....................................................................................................... 5

ARGUMENT ........................................................................................................................... 9

I.     CMO'S AFFIRMATIVE CLAIMS SHOULD BE CONSOLIDATED WITH
THE PENDING CASES SO THAT THE PARTIES' COMMON,
OVERLAPPING CLAIMS AND DEFENSES ARE RESOLVED TOGETHER ............ 9

II.    THE TEXAS CASE WAS TRANSFERRED TO DELAWARE SO THAT THE
RELATED CASES, WITH COMMON PARTIES AND PATENTS, COULD
PROCEED TOGETHER ON A CONSOLIDATED BASIS ........................................ 11

III.   THE CONSOLIDATION IS NECESSARY TO AVOID UNDUE EXPENSE,
DELAY, OR PREJUDICE TO THE PARTIES, THE COURT, AND
WITNESSES ............................................................................................................... 13

       A.     Consolidation Will Promote Efficiency and Reduce Expense ........................... 13

       B.     Consolidation Will Avoid Delay and Prejudice ................................................. 14

CONCLUSION ...................................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.,*
   C.A. No. 06-514 GMS, 2007 WL 2892707 (D. Del. Sept. 30, 2007) ..................................9, 11

*AMW Material Testing, Inc. v. Town of Babylon,*
   215 F.R.D. 67 (E.D.N.Y. 2003) .....................................................................................16

*AU Optronics Corp. v. LG.Philips LCD Co., Ltd.,*
   No. 07-C-137-S, 2007 U.S. Dist. LEXIS 39340 (W.D. Wis. May 30, 2007)..............1, 2, 5, 12

*Cedars-Sinai Med. Ctr. v. Revlon, Inc.,*
   111 F.R.D. 24 (D. Del. 1986) ........................................................................................11

*Chi Mei Optoelectronics Corp. v. LG Philips LCD Co., Ltd.,*
   No. 2:07-CV-176, 2008 WL 901405 (E.D. Tex., March 31, 2008) ...........................1, 2, 8, 12

*CIMA Labs., Inc. v. Actavis Group HF,* Civ. Nos. 07-893 (DRD), 06-1970 (DRD), 06-
   1999 (DRD), 2007 WL 1672229 (D.N.J. June 7, 2007)...........................................................10

*Componentone, L.L.C. v. Componentart, Inc.,*
   No. 02:05-cv-1122, 2007 WL 2580635 (Aug. 16, 2007) ........................................................18

*Hynix Semiconductor Inc. v. Rambus Inc.,*
   --- F.R.D. ----, Nos. CV-00-20905 RMW, C-05-00334 RMW, C-06-00244 RMW,
   2008 WL 687252 (N.D.Cal. March 10, 2008.) ........................................................................18

*Commissaraiat à l'Energie Atomique v. Chi Mei Optoelectronics Corp. et al.,*
   395 F.3d 1315 (Fed. Cir. 2005)..................................................................................5, 6

*Rohm & Haas Co. v. Mobil Oil Corp.,*
   525 F. Supp. 1298 (D. Del. 1981)..............................................................................10, 13

*Sage Prods., Inc. v. Devon Indus., Inc.,*
   148 F.R.D. 213 (N.D. Ill. 1993).................................................................................10, 13

*Slip Track Systems, Inc. v. Metal-Lite, Inc.,*
   304 F.3d 1256 (Fed. Cir. 2002).........................................................................................18

*Smithkline Beecham Corp. v. Geneva Pharms., Inc.,*
   No. 9-CV-2926, et al., 2001 WL 1249694 (E.D. Pa. Sept. 26, 2001) ....................................10

*Tracinda Corp. v. DaimlerChrysler AG,*
   No. Civ. A. 00-984-JJF, 01-004-JJF, 2001 WL 849736 (D. Del. July 26, 2001)...............9, 11

*United States v. Dentsply Int'l, Inc.*,
   190 F.R.D. 140 (D. Del. 1999) ............................................................................17

*Waste Distillation Tech., Inc. v. Pan American Resources, Inc.*,
   775 F. Supp. 759 (D. Del. 1991) ....................................................................9, 14


**OTHER AUTHORITIES**

Fed. R. Civ. P. 16(b) ...........................................................................................18

Fed. R. Civ. P. 42(a) ....................................................................................9, 10, 11

## NATURE AND STAGE OF THE PROCEEDINGS

LG Display Co., Ltd ("LG Display") filed this patent infringement action concerning liquid crystal display ("LCD") technology on December 1, 2006 ("LG Display Action") against Chi Mei Optoelectronics Corporation ("CMO"), Chi Mei Optoelectronics Corporation USA ("CMO USA"), AU Optronics Corporation ("AUO"), and AU Optronics Corporation America ("AUOA") (collectively, the "Defendants").[1]  (D.I. 1.)  LG Display asserts that the Defendants infringe nine patents.[2]  Both AUO and CMO subsequently filed related patent infringement claims concerning LCD technology against LG Display in Wisconsin (AUO) and Texas (CMO).

In response to Defendants' attempts to split the proceedings into three separate courts, LG Display moved to transfer both cases back to this Court.  (No. 07-357, D.I. 22; No. 08-355-JJF, D.I. 75, Attachment 13.)  In moving for transfer, LG Display contended that the parties' overlapping infringement, non-infringement, and validity related claims and defenses should be resolved together in Delaware, where LG Display first filed the action.  (*Id.*)  The United States District Courts for the Western District of Wisconsin and the Eastern District of Texas agreed and transferred both cases here.  *AU Optronics Corp. v. LG.Philips LCD Co., Ltd.*, No. 07-C-137-S, 2007 U.S. Dist. LEXIS 39340, *6-7 (W.D. Wis. May 30, 2007); *Chi Mei Optoelectronics Corp. v. LG Philips LCD Co., Ltd.*, No. 2:07-CV-176, 2008 WL 901405, *2 (E.D. Tex., March 31, 2008).

---

[1] LG Display also asserted claims against Viewsonic Corporation, Tatung Company, and Tatung Company of America, who each settled with LG Display and each of whom has since been dismissed from this case.

[2] United States Patent Nos. 5,019,002 (the "'002 Patent"); 4,624,737 (the "'737 Patent"); 5,825,449 (the "'440 Patent"); 5,905,274 (the "'274 Patent"); 6,815,321 (the "'321 Patent"); 7,176,489 (the "'489 Patent"); 6,803,984 (the "'984 Patent"); 7,218,374 (the "'374 Patent"); and 6,664,569 (the "'569 Patent").

The Honorable John C. Shabaz transferred AUO's case from the Western District of Wisconsin (the "AUO Action") to this District "where consolidation is feasible." *AU Optronics*, 2007 U.S. Dist. LEXIS 39340 at *6-7. This Court consolidated the AUO Action with the LG Display Action, (No. 07-357, D.I. 100), after a joint motion by LG Display and AUO that CMO did not oppose (No. 07-357, D.I. 90). The Honorable John T. Ward likewise transferred CMO's case from the Eastern District of Texas ("CMO Action") to this District so the parties could resolve all of their related LCD patent issues together. *Chi Mei*, 2008 WL 901405 at *2.

The LG Display Action and CMO Action involve identical patents and parties. LG Display, LG Display America, CMO, and CMO USA are parties in both cases. Both cases involve the same five LG Display patents[3] and the same six CMO patents[4]. In both cases, LG asserts infringement claims related to the LG Display Patents against CMO and CMO USA. In both cases, LG Display and LG Display America, Inc. ("LGD America") assert declaratory judgment counts against CMO, of non-infringement and invalidity as to each of the CMO Patents, and a declaratory judgment count of unenforceability as to the '179 Patent. In both cases, CMO and CMO USA assert declaratory judgment counts against each of the LG Display Patents. The only claims that are not yet consolidated with the LG Display Action are CMO's affirmative infringement claims concerning the CMO Patents against LG Display and LG Display America, regarding the same CMO Patents as LG Display's declaratory claims in this case.

---

[3] The '274 Patent, '321 Patent, '489 Patent, '984 Patent, and '374 Patent (collectively, the "LG Display Patents").

[4] United States Patent Nos. 6,013,923 (the "'923 Patent"); 5,619,352 (the "'352 Patent"); 6,734,926 (the "'926 Patent"); 6,008,786 (the "'786 Patent"); 7,280,179 (the "'179 Patent"); and 6,134,092 (the "'092 Patent") (collectively the "CMO Patents").

This Court entered a Scheduling Order in the consolidated LG Display Action on March 31, 2008. The Scheduling Order was entered after discussion with counsel for LG Display, CMO, and AUO (collectively, the "Parties"), understanding that the CMO Action in Texas could be transferred to Delaware. During the February 14, 2008 scheduling teleconference with all counsel, this Court specifically discussed the claims and patents asserted in the LG Display Action, the AUO Action, and the CMO Action. (D.I. 175.) At the time of the February 14 teleconference, the AUO Action had already been transferred and consolidated with the LG Display Action, and LG Display's motion to transfer the CMO Action was pending in Texas.

Taking into account all of the related cases, this Court set a firm trial date of June 2, 2009 with the understanding that 21 patents were already in the case and that the CMO Action could be transferred to Delaware. (*See* Transcript of Scheduling Conference at 7-9, attached as Exhibit A.) The Court also directed CMO to proceed with discovery despite CMO's pending motions to dismiss LG Display's claims for lack of personal jurisdiction. (*Id.*) This Court denied CMO's motions to dismiss on April 29, 2008. (D.I. 193.)

The parties have served and responded to numerous interrogatories and document requests related to the claims concerning the CMO Patents, LG Display Patents, and AUO Patents. LG Display and CMO have begun producing documents and have agreed, at CMO's request, to extend the deadline for production to July 18, 2008. The Parties also have agreed to a *Markman* briefing schedule for this case. (D.I. 208.) By agreement, each party will identify claim terms for construction on June 24, 2008, and each party will exchange proposed constructions on July 29, 2008. (*Id.*) In addition, LG Display and CMO exchanged discovery in the CMO Action before transfer, including initial disclosures, discovery responses, infringement

contentions, invalidity contentions, and related document production concerning the CMO Patents.

The Clerk docketed the CMO Action in this District on June 12, 2008. (No. 08-355-JJF, D.I. 75.) On June 19, 2008, LG Display requested that CMO and AUO agree to consolidate the CMO Action into the LG Display Action. (*See* Del. L.R. 7.1.1 Statement.) AUO does not oppose the consolidation. (*Id.*) CMO, however, has conditioned its agreement to consolidate on an unreasonable extension of deadlines that would threaten the trial date and a discussion of new discovery limits. (*Id.*) LG Display opposes any delay or rescheduling of the Scheduling Order deadlines in this case.

## <u>SUMMARY OF ARGUMENT</u>

1.    Because the CMO Patents and LG Display Patents are at issue in both the LG Display Action (C.A. No. 06-726 (JJF)) and the CMO Action (C.A. No. 08-355 (JJF)), both cases should be consolidated so that the parties' common claims and defenses are resolved together, including for discovery, claim construction, and trial.

2.    CMO's Action was transferred from Texas to Delaware so that the related cases, with common parties and patents, could proceed together on a consolidated basis for joint resolution.

3.    Consolidation is necessary to avoid undue expense, delay, or prejudice to the parties, the court, and witnesses. CMO's request that the deadlines in the Scheduling Order should be delayed should be denied as the Court scheduled the trial date of June 2, 2009 understanding that the CMO Patents were already a part of the LG Display Action and CMO's claims in Texas could be transferred and joined with this case.

## STATEMENT OF FACTS

### The LG Display Action and Consolidation With the Related AUO Action

LG Display filed the LG Display Action on December 1, 2006, asserting patents related to liquid crystal display ("LCD") technology against the Defendants. (D.I. 1.) On March 8, 2007, AUO responded to the LG Display Action by filing a related patent infringement suit involving other patents concerning LCD technology against LG Display and LGD America in the Western District of Wisconsin (the "AUO Action"). *AU Optronics Corp. v. LG.Philips LCD Co., Ltd.*, No. 07-C-137-S (W.D. Wis.). The Honorable John C. Shabaz transferred the AUO Action to this District, finding: "[t]he interest of justice would be best served by transferring [AUO's] case to the United States Court for the District of Delaware where consolidation is feasible." *AU Optronics*, 2007 U.S. Dist. LEXIS 39340 at *6-7.

After the transfer, LG Display filed counterclaims in the AUO Action that included the assertion of the LG Display Patents against CMO. (No. 07-357, D.I. 73; No. 06-726, D.I. 124.) LG Display filed its counterclaims against CMO in June and August 2007. This Court consolidated AUO's Action into the LG Display Action on July 19, 2007, finding consolidation to be "in the interest of judicial economy." (No. 07-357, D.I. 100.)

CMO moved to dismiss LG Display's claims against it in both the LG Display Action, and consolidated AUO Action, (D.I. 19, 131, 176) challenging personal jurisdiction in Delaware. LG Display opposed the motion to dismiss and sought Rule 11 sanctions against CMO, including because in a recent infringement case in this same Court, CMO was found to sell LCD products to companies that incorporate them into their products, which are "likely sold in Delaware in substantial quantities." *Commissariat à l'Energie Atomique v. Chi Mei Optoelectronics Corp. et*

*al.*, 395 F.3d 1315, 1320 (Fed. Cir. 2005). This Court denied CMO's motions to dismiss on April 29, 2008. (D.I. 193.)

At a scheduling conference on February 14, 2008, this Court, understanding the number of patents-in-suit, and after asking whether the parties had contemplated the CMO Action being transferred to Delaware, requested the parties' thoughts on a trial date. (*See* Ex. A at 7-8.) After considering the parties' responses and contemplating the transfer of the CMO Action, the Court set the LG Display Action trial date for June 2, 2009, and explained that, regardless of the 21 patents-in-suit and the possibility of more parties and claims, "*I want to be sure that the trial date [of June 2, 2009] is one everybody understands won't be moved.*" (*Id.* at 9.) (Emphasis added.) The Court reaffirmed the June 2, 2009 trial date in a revised Scheduling Order issued on April 29, 2008, after denying CMO's motions to dismiss. (D.I. 194.)

In the LG Display Action, CMO USA has served 27 numbered interrogatories on LG Display, including interrogatories related to its offensive case seeking technical LG Display product information, LG Display sales and marketing information, and information regarding LG Display's investigations of the CMO Patents. (D.I. 181, 217.) CMO USA also has served 109 document requests in the LG Display Action, many of which are also related to CMO's offensive infringement case, again seeking documents concerning technical LG Display product information, LG Display sales and marketing information, and LG Display's investigations of the CMO Patents. (D.I. 181.) Likewise, LG Display has propounded discovery on CMO. (D.I. 172, 215.)

**The Transfer of the Related CMO Action for Resolution With LG Display's Action**

Like AUO, CMO also responded to the LG Display Action by filing a related patent infringement suit involving patents concerning LCD technology against LG Display. *Chi Mei*

*Optoelectronics Corp.. v. LG Display Co., Ltd.*, No. 2:07-CV-00176-TJW (E.D. Tex.). In the

CMO Action, filed in the Eastern District of Texas on May 4, 2007, CMO asserted the '923

Patent, '352 Patent, '926 Patent, and '786 Patent against LG Display and LG Display America.

(No. 08-355-JJF, D.I. 75, Attachment 1.) LG Display amended its complaint in the LG Display

Action to include Declaratory Judgment counts of non-infringement and invalidity against each

of those patents. (D.I. 54.) LG Display and LG Display America also filed counterclaims in the

CMO Action asserting those same Declaratory Judgment counts. (No. 08-355-JJF , D.I. 79, 80.)

In addition, LG Display filed counterclaims in the CMO Action asserting that CMO and CMO

USA infringe the LG Display Patents.[5] (No. 08-355-JJF , D.I. 79.)

On June 15, 2007, LG Display moved to transfer the CMO Action to Delaware. (No. 08-

355-JJF, D.I. 75, Attachment 1.) On October 23, 2007, while LG Display's transfer motion was

pending, Judge Ward entered an Early Discovery Order in the CMO Action setting deadlines for

infringement contentions, invalidity contentions, and related document production. (No. 08-355-

JJF, D.I. 77, Attachment 2.) The Early Discovery Order permitted discovery between LG

Display and CMO on core issues including, for example, the technical operation of accused

products, the identity of and technical operation of any products reasonably similar to any

accused product, the scope and content of any identified prior art references, and whether the

references constitute prior art. (*Id.*)

On November 7, 2007, both CMO and LG Display exchanged infringement contentions

concerning each of the CMO Patents and LG Display Patents, and produced documents related

---

[5] CMO later asserted two additional patents, the '092 Patent and '179 Patent, against LG Display in the CMO Action. (No. 08-355-JJF , D.I. 81). LG Display has asserted declaratory judgment counterclaims concerning those patents in both the CMO Action, (No. 08-355-JJF , D.I. 83), and the LG Display Action in Delaware (D.I. 163).

to those contentions. (No. 08-355-JJF, D.I. 77, Attachments 4-5.) On December 27, 2007, both CMO and LG Display exchanged invalidity contentions concerning each of the CMO Patents and LG Display Patents, and produced documents related to those contentions. (No. 08-355-JJF, D.I. 77, Attachments 14-15.) On February 1, 2008, Judge Ward issued a Discovery Order, setting the document production deadline for May 30, 2008. (No. 08-355-JJF, D.I. 76, Attachment 23.)

At a scheduling conference on January 8, 2008, Judge Ward set the trial date for the CMO Action for August 3, 2009, only two months later than the trial date for the LG Display Action.

On March 31, 2008, Judge Ward granted LG Display's motion to transfer the CMO Action to Delaware with the LG Display Action. In granting the transfer, the Court concluded that "the public interest factors overwhelmingly favor a transfer." *Chi Mei*, 2008 WL 901405 at *2. Judge Ward further explained that he would not "allow CMO, by filing [the CMO Action] to circumvent the intention of Judge Shabaz's order relating to AUO's case," and that the *"interest of justice factor weighs in favor of having the parties resolve their related disputes in one forum, the District of Delaware." Id.* (Emphasis added.) CMO delayed the formal transfer of its case to Delaware by moving for reconsideration on April 18, 2008, based solely on a purported "possible misunderstanding regarding personal jurisdiction over the parties in Delaware." (No. 08-355-JJF, D.I. 77, Attachment 47.) This Court denied CMO's motions to dismiss for lack of personal jurisdiction in Delaware, however, on April 29, 2008. (D.I. 192.) On May 27, 2008, Judge Ward denied CMO's request for reconsideration of the transfer. (No. 08-355-JJF, D.I. 77, Attachment 52.)

Since Judge Ward's transfer order, the Parties have agreed to modify the Scheduling

Order in the LG Display Action twice. On May 16, the Parties agreed to modify claim

construction dates. (D.I. 208.) LG Display and AUO also recently agreed to CMO's request to

extend the deadline for document production from June 27 to July 18.

## ARGUMENT

## I.    CMO'S AFFIRMATIVE CLAIMS SHOULD BE CONSOLIDATED WITH THE PENDING CASES SO THAT THE PARTIES' COMMON, OVERLAPPING CLAIMS AND DEFENSES ARE RESOLVED TOGETHER

The court has broad discretion to consolidate cases if two actions involve "common

questions of law or fact." Fed. R. Civ. P. 42(a); *see also Waste Distillation Tech., Inc. v. Pan*

*American Resources, Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991). "Although common issues are

a prerequisite to consolidation, the Court must also consider such factors as the saving of money,

time and effort, and any prejudice to the rights of the parties as a result of consolidation."

*Tracinda Corp. v. DaimlerChrysler AG*, No. Civ. A. 00-984-JJF, 01-004-JJF, 00-993-JJF, 2001

WL 849736, *2 (D. Del. July 26, 2001). Where the claims raise common questions of law and

fact, "the mere pursuit of a different legal theory or a different claim by one of the parties is

insufficient to defeat a motion to consolidate." *Id.* A party cannot demonstrate prejudice and

avoid consolidation, moreover, based on mere assumptions. *See Abbott Diabetes Care, Inc. v.*

*Dexcom, Inc.*, C.A. No. 06-514 GMS, 2007 WL 2892707, *4 n.6 (D. Del. Sept. 30, 2007).

Applying these standards, consolidation should be granted in this case, as was intended

by the transfer of CMO's case, so that the overlapping issues regarding CMO's Patents and LG

Display's Patents can be resolved jointly and efficiently. Indeed, this court previously

consolidated AUO's case for the same reason, and courts routinely consolidate patent cases that,

like the cases here, involve overlapping parties and patents. *See, e.g., id.*, 2007 WL 2892707 at

-9-

*4; *CIMA Labs., Inc. v. Actavis Group HF*, Civ. Nos. 07-893 (DRD), 06-1970 (DRD), 06-1999 (DRD), 2007 WL 1672229, *6 - *8 (D.N.J. June 7, 2007); *Smithkline Beecham Corp. v. Geneva Pharms., Inc.*, No. 9-CV-2926, et al., 2001 WL 1249694, *5 - *6 (E.D. Pa. Sept. 26, 2001); *Sage Prods., Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 215 (N.D. Ill. 1993); *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309-10 (D. Del. 1981).

Both parties to the CMO Action, CMO and LG Display, are parties to the LG Display Action. All of the patents at issue in the CMO Action are also at issue in the LG Display Action. LG Display and CMO, therefore, are asserting common and overlapping claims of patent infringement and invalidity defenses in both cases. Both cases will involve the same sets of accused products, with corresponding common theories of infringement, non-infringement, validity, and invalidity asserted by the parties and their experts. LG Display and CMO will produce huge volumes of documents and discovery regarding their overlapping claims and defenses. Numerous witnesses will be deposed for fact and expert discovery. Common claim terms will be involved in both cases, and the parties are preparing to identify and construe those claim terms.

The LG Display Action and the CMO Action, involving the same CMO Patents and the LG Display Patents, are the ultimate candidates for consolidation based on "common questions of law or fact." Fed. R. Civ. P. 42(a). Indeed, the two cases involve *identical* questions of law and fact about *identical* patents and products that are being litigated by *identical* parties. Common questions predominate between the two cases. Therefore, the Court should grant LGD's motion to consolidate. *See CIMA Labs, Inc.*, 2007 WL 1672229 at *8 (consolidating patent cases consolidated involving the same patents and parties because "the cases involve common questions of law and fact, which makes coordinated discovery appropriate" and

-10-

"consolidation will avoid duplication of effort by the parties"); *Tracinda Corp.*, 2001 WL 849736, *2 (concluding that "enough common issues of law and fact exist among the parties' claims" to satisfy Rule 42(a), "even if each and every fact is not relevant to each and every party's claims").

Even when cases involve patents that are not identical, but concern related technology, consolidation is appropriate. *Abbot Diabates Care, Inc.*, 2007 WL 2892707 at *4 (consolidating cases that involved different patents, but related technologies). Factors that support consolidation include the "well-established" principle that two juries should not decide "the same essential issues," that factual determinations in one action would have collateral estoppel effect in the second action, or that duplicative discovery would occur in both actions. *Cedars-Sinai Med. Ctr. v. Revlon, Inc.*, 111 F.R.D. 24, 32-34 (D. Del. 1986). All of those circumstances are present here, where common parties are litigating several common patents in both cases.

## II.    THE TEXAS CASE WAS TRANSFERRED TO DELAWARE SO THAT THE RELATED CASES, WITH COMMON PARTIES AND PATENTS, COULD PROCEED TOGETHER ON A CONSOLIDATED BASIS

LG Display brought this case to resolve a patent infringement dispute with both CMO and AUO. Presumably for strategic reasons, AUO and CMO attempted to split this dispute into separate infringement cases involving two other federal district courts. For the purpose of efficiency, and to avoid inconsistent results, CMO's Action and AUO's Action were transferred here so that this dispute could, as originally intended, be resolved in one venue. Recognizing this, the Court already has consolidated AUO's Action with this case, and CMO did not object to that consolidation. The final remaining step, therefore, is for the Court to consolidate CMO's Action with this case, which AUO does not oppose.

Judge Ward transferred the CMO Action to this District because of the common questions of law and fact that exist in the CMO Action and LG Display Action, explaining that: "[T]he public interest factors overwhelmingly favor a transfer. The accused technology in this case is similar to the accused technology in the Delaware action: all patents involved related to LCD display technology." *Chi Mei*, 2008 WL 901405 at *2. Judge Ward added that he "would not allow CMO . . . to circumvent the intention of Judge Shabaz's order relating to AUO's case." *Id.*

The purpose of transferring CMO's Action to Delaware, therefore, was to enable the consolidation of the CMO Action with the LG Display Actions. Judge Shabaz likewise transferred AUO's Action to allow the parties' related patent cases to be resolved together in this Court. *AU Optronics*, 2007 U.S. Dist. LEXIS 39340 at *4-7. Judge Shabaz, summarizing LG Display's argument for transfer, noted that "[LG Display and LG Display America] argue that the interest of justice would be served by transferring the case to the District of Delaware for consolidation with the suit previously filed there by [LG Display]." *Id.* at *4. Judge Shabaz agreed with LG Display's position, explaining that: "The interest of justice would best be served by transferring this case where consolidation is feasible." *Id.* at *6-7. This Court similarly found that the AUO Action and LG Display Action should be consolidated to promote "the interest of judicial economy." (No. 07-357, D.I. 100.)

As the courts involved have unanimously determined, the interests of justice demands that the LCD patent disputes among the Parties should be consolidated and litigated together. Indeed, the purpose of transferring CMO's Action would be frustrated entirely without consolidation. Consolidating the CMO Action into the LG Display Action is the appropriate administrative step to achieve what was intended by the transfer of CMO's Action to this Court.

-12-

III.    **CONSOLIDATION IS NECESSARY TO AVOID UNDUE EXPENSE, DELAY, OR PREJUDICE TO THE PARTIES, THE COURT, AND WITNESSES**

LG Display filed the LG Display Action on December 1, 2006.  CMO repeatedly has attempted to delay and complicate these proceedings, including by challenging personal jurisdiction in Delaware, filing a related case in the Eastern District of Texas, and requesting a reconsideration of Judge Ward's transfer order.  Notwithstanding CMO's efforts to the contrary, this case is moving forward with discovery, including discovery concerning CMO's patents.  Consolidating the overlapping CMO Action will avoid undue expense, delay and prejudice by eliminating burdensome and duplicative discovery, claim construction, and litigation related to claims and defenses that will necessarily be decided in the LG Display Action.

A.    **Consolidation Will Promote Efficiency and Reduce Expense**

Many of the same parties, patents, and accused products are at issue in both cases.  Maintaining two separate actions involving mirror image claims concerning the same patents would result in duplicative discovery efforts and claim construction.  LG Display, and presumably the other parties, already have invested enormous time and effort to comply with the Scheduling Order and meet deadlines related to discovery and claim construction.  The parties all have been operating under the deadlines in this case, with agreed modifications.  Because the parties are in the process of completing all work in this case that would be needed in the CMO Action, there is no reason for the cases to proceed separately.  Any discovery and claim construction in the CMO Action would be duplicative and unnecessary given the identical parties and claims concerning infringement, validity and enforceability of the CMO Patents at issue in both cases.  *See Sage Prods., Inc.*, 148 F.R.D. at 215 (consolidating patent cases for pretrial purposes "because duplication of effort will be avoided as will the delay and expense of proceeding with separate depositions and separate motion schedules"); *Rohm & Haas Co.*, 525 F.

-13-

Supp. at 1310 (consolidating patent cases, recognizing that "both cases will undoubtedly involve a large number of the same witnesses, and the same documentary evidence and exhibits, thus raising the specter of inefficient and wasteful duplication").

As this Court previously reasoned in consolidating cases involving overlapping parties and claims, consolidation "will encourage orderly pretrial discovery, save witness time and expense, avoid duplicitous filings, and eliminate the risk of inconsistent results between to proceedings . . . ." *Waste Distillation Tech., Inc.*, 775 F. Supp. at 761. On the other hand, proceeding separately with CMO's Action would "waste time, energy and money[.]" *Id.*

**B.    Consolidation Will Avoid Delay and Prejudice**

Consolidation will not delay or prejudice the resolution of CMO's affirmative claims concerning the CMO Patents because the mirror image of each of those claims are already at issue in the LG Display Action. The Scheduling Order contemplating each of the claims involving the CMO Patents is already in place and being complied with by the parties. CMO and LG Display have known about the claims and defenses concerning the CMO Patents and LG Display Patents for many months. CMO has already provided infringement contentions concerning the CMO Patents and LG Display has provided invalidity contentions concerning the CMO Patents in the CMO Action. In this case, moreover, the parties exchanged initial disclosures on March 13, 2008; have exchanged discovery requests and responses; have agreed to make good faith efforts to produce substantially all CAD and mask files by June 27; are preparing to identify and construe claim terms concerning the patents-in-suit, including the CMO Patents; and have agreed, at CMO's request, to extend the document production date to July 18, 2008. Consolidating CMO's infringement claims, therefore, will not delay this case.

Further, CMO is not entitled to use consolidation as a basis to create unnecessary delay. CMO has contended that the consolidation of its case should result in a delay and extension of all deadlines. CMO's proposal to reschedule LG Display's Action filed in 2006, however, incorrectly assumes that any extension of time is necessary. LG Display and CMO necessarily must comply with the Scheduling Order in this case, including with respect to the CMO Patents. The parties must, therefore, be prepared for trial on the CMO Patents in June 2009.

In addition, CMO's proposed deadline extensions are unworkable and would prejudice LG Display. LG Display has worked diligently under the existing Scheduling Order to comply with discovery deadlines and to prepare for the *Markman* process, including to exchange claim terms and proposed definitions. The Court set the June 2, 2009 trial date with all counsel and understanding that CMO's claims in Texas could be transferred and joined with this case.

Indeed, before setting the trial date at the scheduling conference, the Court asked the parties: "Would any schedule that you would arrive at contemplate that Judge Ward is going to send that case here?" (*See* Ex. A at 7-8.). The Court further made clear that the trial date is firm regardless of whether CMO's claims were joined with this case: "in light of the parties and the possibility that there may be some others joining you, I want to be sure that the trial date I set is one that everybody understands won't be moved." (*See id.* at 9.). The Court also made certain that CMO understood the need to move forward in this case with discovery while CMO's motion to dismiss was pending. CMO's counsel then specifically asked the Court if CMO should proceed with discovery given its pending motions to dismiss. (*See id.* at 11.) The Court answered, "Yes," confirming that: "I have enough information to go on to make a decision [as to CMO's motion] and so I think we ought to get started on the case." (*See id.*) Thus, all parties -- including CMO -- understood the need to complete discovery timely, to comply with the

-15-

deadlines proposed by the parties and adopted in the Scheduling Order, and to prepare for trial in June 2009 on all claims and defenses.

CMO has also suggested that discovery limits should be discussed, even though counsel already have discussed and the Court already has established the deadlines and limits for discovery in this case. CMO cannot use the transfer as an excuse to delay resolution of claims that LG Display filed over a year and a half ago in December 2006, or to propound additional, untimely discovery requests in this case. CMO could and should have litigated its patents in this Court as part of LG Display's first filed action. Instead, CMO unnecessarily filed a separate infringement case in Texas. CMO also vigorously contested personal jurisdiction in Delaware, even after CMO's same defense was unsuccessful in another recent case before this Court. CMO also had the opportunity to serve interrogatories on LG Display in the Texas case before that case was transferred here, but CMO chose not to do so. CMO, therefore, is responsible for its own litigation strategy, however ill-advised that strategy proved to be. *See, e.g., AMW Material Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 71-72 (E.D.N.Y. 2003) (finding no good cause to modify the scheduling order to extend the deposition deadline when the defendant made a tactical strategy decision to forego depositions pending the outcome of a related case).

Further, CMO will benefit from consolidation. CMO obviously stands to benefit from consolidating CMO's affirmative claims with LG Display's pending declaratory relief claims asserting that CMO's patents are not infringed and are invalid. Without consolidation, CMO's affirmative infringement claims presumably would not be resolved until long after LG Display's declaratory claims attacking CMO's patents. Further, because CMO's patents are at issue in both cases, CMO must be prepared to conduct *Markman* briefing on all relevant terms in CMO's patents, regardless of consolidation. In short, CMO cannot both obtain the benefit of

-16-

consolidation and obtain a separate schedule for its affirmative claims. If CMO's affirmative claims are consolidated into this case, then those claims should be resolved subject to the same schedule and deadlines as the claims and defenses asserted by LG Display.

Indeed, LG Display has cooperated with CMO to accommodate CMO's requests for more time. LG Display agreed to CMO's request to extend the time to produce documents to and including July 18, 2008. This agreement was reached *after* the Eastern District of Texas had transferred CMO's case to Delaware. The parties also agreed to adjust the schedule to exchange claim terms for *Markman* briefing. This agreement was reached on May 16, 2008, *after* Judge Ward issued his transfer order, and *after* this Court denied CMO's motions to dismiss that were the sole basis for CMO's request that Judge Ward reconsider the transfer. At no time during prior discussions or extensions has CMO suggested that it would attempt to renegotiate the entire schedule for this case.

CMO's proposed delay, moreover, is contrary to the purpose of consolidation, which is to promote efficiency. Indeed, the possibility of delay is a basis to deny consolidation. *See, e.g., United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 146 (D. Del. 1999) (denying consolidation because it would "caus[e] delay that would necessitate lengthening the discovery schedule"). In addition, CMO's deliberate decision not to propound additional discovery within the permitted deadlines is not a basis to reopen discovery for CMO. For whatever reason, CMO USA propounded discovery, but CMO itself declined to do so. CMO USA has served broad and substantial discovery requests, including 27 numbered interrogatories and 109 document requests. CMO USA's discovery requests relate to many claims and defenses that are relevant to CMO, as well as to CMO USA.

CMO has not filed any motion to adjust the Scheduling Order in this case, nor would such a motion be fruitful. CMO cannot show good cause to delay discovery or trial and thus has no basis to extend the existing Scheduling Order. *See* Fed. R. Civ. P. 16(b); *see also Slip Track Systems, Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1270-71 (Fed. Cir. 2002); *Hynix Semiconductor Inc. v. Rambus Inc.*, --- F.R.D. ----, Nos. CV-00-20905 RMW, C-05-00334 RMW, C-06-00244 RMW, 2008 WL 687252, *4-5 (N.D.Cal. March 10, 2008.); *Componentone, L.L.C. v. Componentart, Inc.*, No. 02:05-cv-1122, 2007 WL 2580635, *1-3 (Aug. 16, 2007). Accordingly, the court should consolidate the related cases together for all purposes, including trial, to proceed on the schedule as adopted by the Court in the existing Scheduling Order for this case. (D.I. 194.)

## **CONCLUSION**

For the foregoing reasons, LG Display requests that the Court consolidate Civil Action No. 08-355 (JJF) with Civil Action Nos. 06-726 (JJF) and 07-357 (JJF).

June 25, 2008

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

BAYARD P.A.

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
*Attorneys for Plaintiffs LG Display Co., Ltd. and LG Display America, Inc.*

# EXHIBIT A

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

L.G. PHILIPS LCD CO. LTD.,           )
                                     )
            Plaintiff,               )
                                     )C.A. No. 07-357
v.                                   )
                                     )
CHI MEI OPTOELECTRONICS CORPORATION, )
et al.,                              )
                                     )
            Defendants.              )


                    Thursday, February 14, 2008
                    3:30 p.m.
                    Courtroom 4B

                    844 King Street
                    Wilmington, Delaware


BEFORE:   THE HONORABLE JOSEPH J. FARNAN, JR.
          United States District Court Judge




APPEARANCES:

          BAYARD, P.A.
          BY:  RICHARD D. KIRK, ESQ.

                -and-

          McKENNA, LONG & ALDRIDGE
          BY:  GASPAR BONO, ESQ.
          BY:  TYLER GOODWYN, ESQ.

                    Counsel for the Plaintiffs

2

APPEARANCES (Cont'd:)


        YOUNG CONAWAY STARGATT & TAYLOR
        BY:  KAREN PASCALE
        BY:  JOHN SHAW, ESQ.

            -and-

        PAUL HASTINGS
        BY:  PETER WIED, ESQ.

                Counsel for the Defendant
                AU Optronics Corporation


        POTTER, ANDERSON & CORROON, LLP
        BY:  PHILIP A. ROVNER, ESQ.

            -and-

        JONES DAY
        BY:  KENNETH ADAMO, ESQ.
        BY:  ROBERT KARL, ESQ.

                Counsel for the Defendant
                Chi Mei Optoelectronics Corporation

3

```
1                    MR. KIRK:  Good afternoon, Your

2     Honor.

3                    THE COURT:  Good afternoon.

4                    MR. KIRK:  Your Honor, this is

5     Richard Kirk from Bayard, P.A.  I represent the

6     plaintiff, L.G. Philips LCD Company and with me

7     on the line are two attorneys from McKenna, Long

8     & Aldridge in Washington, they are Gaspar Bono,

9     B-O-N-O, and Tyler Goodwyn, G-O-O-D-W-Y-N.

10                    MR. ROVNER:  Your Honor, this is

11    Philip Rovner from Potter, Anderson on behalf of

12    the Chi Mei entities.  With me on the line is

13    Ken Adamo and Bob Karl from Jones Day.

14                    THE COURT:  All right.

15                    MS. PASCALE:  Good afternoon, Your

16    Honor.  This is Karen Pascale and John Shaw from

17    Young, Conaway for AU Optronics entities.  And

18    also on the line for AU Optronics we have Peter

19    Wied, W-I-E-D from Paul Hastings in California,

20    Julie Holloway from the Wilson Suncini firm in

21    Pala Alto, California and also from Wilson

22    Suncini Brian Ranke in the Austin, Texas office.

23                    THE COURT:  All right.  Good

24    afternoon.
```

4

```
1              MR. KIRK:  This is Dick Kirk.

2    This call was prompted by our request on behalf

3    of L.G. Philips LCD for a status conference in

4    these consolidated cases.  May I ask my

5    colleague, Mr. Bono to address the Court?

6              THE COURT:  Yes.

7              MR. BONO:  Good afternoon, Your

8    Honor.  This is Gaspar Bono on behalf of L.G.

9    Philips.

10             Your Honor, we asked for this call

11   because we wanted to apprise the Court of the

12   status of the case, and also to ask for a

13   schedule from Your Honor so that this case can

14   be set to proceed against the defendants.

15             By way of a brief background, we

16   filed this case in December of 2006 against CMO,

17   AUO, Tatung and Viewsonic.  And as we apprised

18   the Court, the Tatung and Viewsonic defendants

19   reached a settlement agreement with L.G.

20   Philips, all the claims between those parties

21   have been dismissed.  That leaves the CMO

22   defendants and the AUO defendants.

23             The background as Your Honor may

24   remember is both AUO and CMO, rather than
```

1    responding in this case initially, each filed

2    separate lawsuits.  AUO filed a lawsuit in

3    Wisconsin in March of last year and CMO filed a

4    lawsuit in May of last year in Texas.

5                We moved to transfer both of those

6    cases to this Court under the first to file

7    rule.  The Wisconsin court, Judge Shabaz,

8    transferred in May the AUO lawsuit from

9    Wisconsin to this Court and Your Honor

10    consolidated that case with this case in June of

11    last year.

12                Our motion to transfer the CMO

13    case is pending right now in front of Judge Ward

14    in the Eastern District of Texas.

15                With respect to AUO, all of the

16    pleadings have now been completed and issue is

17    joined and there are no motions pending with

18    respect to AUO, between AUO defendants and L.G.

19    Philips.

20                On the other hand, with respect to

21    CMO, CMO filed a motion to dismiss for lack of

22    personal jurisdiction and insufficient service,

23    L.G. Philips opposed that motion and we believe

24    that motion should be denied.

6

```
 1              Also, L.G. Philips filed a motion

 2     for sanctions because we believe that CMO's

 3     motion was frivolous and should not have been

 4     filed, challenging jurisdiction.

 5              In addition, we filed an

 6     alternative motion for discovery, but that is an

 7     alternative motion because we believe we have

 8     already made a sufficient showing for purposes

 9     of personal jurisdiction against CMO.

10              I believe there is one other set

11     of motions that are pending, which deals with

12     the form of the pleadings as to the CMO.

13              We filed an amended complaint as

14     of right first against AUO, and then we filed an

15     amended complaint against CMO before they filed

16     any responsive pleadings.  The parties have a

17     disagreement on whether Rule 15 so provides for

18     that.  We believe we have a right to an amended

19     complaint as a right, CMO thinks otherwise.

20              We think it's really a nonissue

21     because if we are right, that would end that,

22     but even if we're not correct, we believe our

23     filing should be treated as a motion for leave

24     to amend and we see no reason why it would not
```

7

1    be granted.

2              So we're asking the Court to set a

3    schedule so those motions can be promptly

4    resolved and the case can move forward.

5              THE COURT:  All right.  Did CMO

6    want to be heard?

7              MR. ADAMO:  It's Ken Adamo from

8    Jones Day for CMO.  The briefing on the various

9    motions is complete.  In response to counsel's

10   comments, we did not file frivolous motions.

11   The motions with regard to CMO and CMO USA are

12   well founded, both in law and in fact, but at

13   the end of the day, Your Honor, the briefing

14   cycle has been completed and we don't disagree

15   with plaintiff that it might now be appropriate

16   to set scheduling for the case as you feel might

17   be appropriate.

18              THE COURT:  Okay.  Would any

19   schedule that you would arrive at contemplate

20   that Judge Ward is going to send that case here?

21              MR. ADAMO:  Your Honor, it's Ken

22   Adamo again.  I and my firm are not despite my

23   presence normally in east Texas, we are not

24   representing CMO in that action, but I do appear

8

```
1    in that court quite frequently and I think Your
2    Honor is aware that transfer from court to court
3    is not something that happens with frequency,
4    but Judge Ward does what Judge Ward does, and
5    I'm sure he will rule on the matter when he gets
6    -- I'm sure his honor, Judge Ward, will rule on
7    the motion when he gets to it.
8                    THE COURT:  Okay.  So what are
9    your views on when the trial date ought to be?
10                   MR. BONO:  Your Honor, this is Gap
11   Bono for the plaintiff.  We obviously would like
12   a trial date as promptly as Your Honor can
13   accommodate a trial on Your Honor's schedule.
14   And we would think a trial, you know, a year or
15   fifteen months from now would be amenable to us,
16   if Your Honor could accommodate that.
17                   THE COURT:  All right.  What about
18   the other side?
19                   MR. ADAMO:  Your Honor, we're
20   certainly not asking for any setting that would
21   be unusually short or unusually long.  As long
22   as we have sufficient time to conduct necessary
23   discovery so we can fully defend ourselves,
24   whatever would be the next available time in
```

9

1    Your Honor's calendar for a case like this is

2    going to require a lot of discovery would be

3    acceptable to us.

4              MR. WIED:  Your Honor, this is

5    Peter Wied from Paul Hastings for the AUO

6    parties.  We, too, our only concern would be

7    with providing sufficient time for discovery of

8    all the issues and we would just note that

9    presuming -- if it turns out that the CMO

10   parties remain in the case, there would be a

11   total of twenty-one patents at issue, and so in

12   comparison even to other patent cases, this one

13   may require a bit more time for full discovery

14   of the issues.

15             THE COURT:  I would imagine that

16   at some point the twenty-one patents would be

17   narrowed to some hopefully more manageable

18   number.  But in light of the parties and the

19   possibility that there may be some others

20   joining you, I want to be sure that the trial

21   date I set is one that everybody understands

22   won't be moved.  So I'm going to set it in June

23   of 2009 for June the 1st -- I'm sorry, June the

24   2nd, which is a Tuesday, and then you can get

10

```
 1      together and backfill dates.  And the only thing
 2      that I'll require is that you have fact
 3      discovery with any Markman proceeding at the end
 4      of or near the end of that fact discovery before
 5      any expert discovery or reporting takes place.
 6                   And you should factor in a
 7      sixty-day decision period from the time frame
 8      that would be the month that you select for a
 9      Markman hearing.  Any disagreement you have as
10      to dates or how you should proceed, just note
11      them in the proposed order and I'll circle a
12      winner when I get the proposed order.
13                   You should also account for
14      document production to be prior to any
15      commencement -- to be initiated and completed
16      prior to the commencement of any deposition
17      discovery.
18                   Do you have any questions?
19                   MR. BONO:  No, Your Honor.  When
20      should we submit the scheduling order through
21      the Court?
22                   THE COURT:  I would try to get it
23      here in the next two weeks.
24                   MR. BONO:  All right.
```

11

1          THE COURT:  And then hopefully

2     I'll get to resolve any -- I'll just enter it if

3     it comes in agreed.  If there are any disputes,

4     hopefully I'll get them to you by the end of the

5     month, the first of March.

6               MR. BONO:  Thank you, Your Honor.

7               THE COURT:  Okay.  Anything else?

8               MR. ADAMO:  Your Honor, it's Ken

9     Adamo.  I assume you want us to go forward with

10    the discovery according to the order once

11    entered, not wait on your decisions on the

12    motions?

13              THE COURT:  Yes.  The only

14    question I have is given that federal circuit

15    case, the caption of which has escaped me, but

16    it was a Delaware case, and there was some

17    thought that there ought to be jurisdictional

18    discovery when the record is a little bare, so

19    as to see if you had to go, what is it, to

20    Justice O'Connor's decisions.  But I think in

21    this case, I have enough information to make the

22    decision and so I think we ought to get started

23    on the case.

24              MR. ADAMO:  Thank you, Your Honor.

12

1          I just appreciate the clarification.

2                    THE COURT:  All right.  Thank you.

3                    (Court recessed at 3:47 p.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

13

```
1        State of Delaware      )
                                 )
2        New Castle County       )

3

4

                   CERTIFICATE OF REPORTER
5

6               I, Dale C. Hawkins, Registered Merit
    Reporter and Notary Public, do hereby certify that
7   the foregoing record is a true and accurate
    transcript of my stenographic notes taken on February
8   14, 2008, in the above-captioned matter.

9               IN WITNESS WHEREOF, I have hereunto
    set my hand and seal this 5th day of April, 2008, at
10  Wilmington.

11

12                    _____
                           Dale C. Hawkins, RMR
13

14

15

16

17

18

19

20

21

22

23

24
```

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 25, 2008, he served the foregoing

documents by email and by hand upon the following counsel:

Philip A. Rovner
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE  19899-0951

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391

The undersigned counsel further certifies that, on June 25, 2008, he served the

foregoing documents by email and by U.S. Mail upon the following counsel:

Jonathan S. Kagan
Alexander Giza
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA  90067

Vincent K. Yip
Peter J. Wied
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071

Ron E. Shulman, Esquire
Julie Holloway, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1