## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>                              Plaintiff,<br><br>                    v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>                              Defendants. | Civil Action No.  06-726 (JJF)<br>Civil Action No.  07-357 (JJF)<br><br>**CONSOLIDATED CASES** |

### PLAINTIFF LG DISPLAY CO. LTD.'S MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER TO AU OPTRONICS CORPORATION'S AMENDED COUNTERCLAIMS AND ADDITIONAL COUNTERCLAIMS

Plaintiff LG Display Co., Ltd. ("LG Display") respectfully moves, pursuant to Fed. R. Civ. P. 15(a), for leave to file its Second Amended Answer to AU Optronics Corporation's Amended Counterclaims and Additional Counterclaims, in the form attached as Exhibit A, with proposed changes marked on the attached Exhibit B.  In its Answer, originally filed on July 24, 2007 and first amended on August 8, 2007, LG Display asserted a counterclaim for infringement of United States Patent No. 6,664,569 (the "'569 Patent") against AU Optronics Corporation and AU Optronics Corporation America.  LG Display seeks to amend that counterclaim to assert the '569 Patent against the other parties in the above-captioned case, Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc.  The factual and legal support for this motion are set forth in the accompanying opening brief, which has been simultaneously filed and served with this motion..

June 30, 2008

BAYARD P.A.

*/s/ Richard D. Kirk (rk0922)*
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
*Attorneys for Plaintiffs LG Display Co.,*
*Ltd. and LG Display America, Inc.*

OF COUNSEL:
Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., | |
| Plaintiff, | Civil Action No.  06-726 (JJF)<br>Civil Action No.  07-357 (JJF) |
| v. | **CONSOLIDATED CASES** |
| CHI MEI OPTOELECTRONICS CORPORATION, et al. | |
| Defendants. | |

### LG DISPLAY CO., LTD.'S SECOND AMENDED ANSWER TO AU OPTRONICS CORPORATION'S AMENDED COUNTERCLAIMS AND ADDITIONAL COUNTERCLAIMS

Defendant LG Display Co., Ltd. ("LG Display"), by and through its undersigned counsel, hereby files its Second Amended Answer in Response to the Amended Counterclaims of Plaintiff AU Optronics Corporation ("AUO"), in the above titled action, filed on or about July 10, 2007, asserts affirmative defenses to those claims, and asserts counterclaims against AUO, Chi Mei Optoelectronics ("CMO"), and Chi Mei Optoelectronics USA, Inc. ("CMO USA").  A jury trial is demanded for all claims so triable.

### RESPONSE TO ALLEGATIONS AS TO THE COUNTERCLAIM PARTIES

1.      LG Display admits that AUO is a corporation organized under the laws of the Republic of China with its principal place of business in Taiwan as alleged in paragraph 56 of the Counterclaims.

2.      LG Display lacks knowledge or information sufficient to admit or deny the allegations of paragraph 57 of the Counterclaims and therefore denies them.

3.      LG Display admits the allegations of paragraph 58 of the Counterclaims.

4.      LG Display denies the allegations of paragraph 59 of the Counterclaims.

5.      LG Display admits the allegations of paragraph 60 of the Counterclaims.

6.      The allegations in paragraph 61 of the Counterclaims are conclusions of law to which no response is required.

7.      The allegations in paragraph 62 of the Counterclaims are conclusions of law to which no response is required.

**RESPONSE TO ALLEGATIONS AS TO JURISDICTION AND VENUE**

8.      LG Display admits that this Court has jurisdiction over these Counterclaims, but the remaining allegations of paragraph 63 of the Counterclaims are conclusions of law to which no response is required.

9.      LG Display admits that this Court has jurisdiction over these Counterclaims, but the remaining allegations of paragraph 64 of the Counterclaims are conclusions of law to which no response is required.

10.     LG Display admits the allegations of paragraph 65 of the Counterclaims.

**RESPONSE TO COUNTERCLAIM COUNT ONE**

11.     LG Display admits that Exhibit A to the Counterclaims purports to be a copy of United States Patent No. 6,734,944, entitled "Liquid Crystal Display" ("the '944 patent"), but LG Display lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 66 of the Counterclaims, and therefore denies them.

12.     LG Display denies the allegations in paragraph 67 of the Counterclaims.

13.     LG Display denies the allegations in paragraph 68 of the Counterclaims.

14.     LG Display denies the allegations in paragraph 69 of the Counterclaims.

**RESPONSE TO COUNTERCLAIM COUNT TWO**

15.    LG Display admits that Exhibit B to the Counterclaims purports to be a copy of United States Patent No. 7,125,157, entitled "Backlight Unit and Liquid Crystal Display Utilizing the Same" ("the '157 patent"), but LG Display lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 70 of the Counterclaims, and therefore denies them.

16.    LG Display denies the allegations in paragraph 71 of the Counterclaims.

17.    LG Display denies the allegations in paragraph 72 of the Counterclaims.

18.    LG Display denies the allegations in paragraph 73 of the Counterclaims.

**RESPONSE TO COUNTERCLAIM COUNT THREE**

19.    LG Display admits that Exhibit C to the Counterclaims purports to be a copy of United States Patent No. 7,090,506, entitled "Signal Transmission Device Having Flexible Printed Circuit Boards" ("the '506 patent"), but LG Display lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 74 of the Counterclaims, and therefore denies them.

20.    LG Display denies the allegations in paragraph 75 of the Counterclaims.

21.    LG Display denies the allegations in paragraph 76 of the Counterclaims.

22.    LG Display denies the allegations in paragraph 77 of the Counterclaims.

**RESPONSE TO COUNTERCLAIM COUNT FOUR**

23.    LG Display refers and incorporates herein its responses to AUO's allegations in paragraphs 1-10, above, as though fully set forth herein.

24.    LG Display admits the allegations of paragraph 79 of the Counterclaims.

25.    LG Display denies the allegations in paragraph 80 of the Counterclaims.

26.    LG Display denies the allegations in paragraph 81 of the Counterclaims.

27.     LG Display denies the allegations in paragraph 82 of the Counterclaims.

28.     LG Display denies the allegations in paragraph 83 of the Counterclaims.

### RESPONSE TO COUNTERCLAIM COUNT FIVE

29.     LG Display refers and incorporates herein its responses to AUO's allegations in paragraphs 1-10 and 23-28, above, as though fully set forth herein.

30.     LG Display denies the allegations of paragraph 85 of the Counterclaims.

31.     LG Display denies the allegations in paragraph 86 of the Counterclaims.

32.     LG Display denies the allegations in paragraph 87 of the Counterclaims.

33.     LG Display denies the allegations in paragraph 88 of the Counterclaims.

### RESPONSE TO COUNTERCLAIM COUNT SIX

34.     LG Display refers and incorporates herein its responses to AUO's allegations in paragraphs 1-10 and 23-33, above, as though fully set forth herein.

35.     LG Display admits that the LG Display patents relate to, inter alia, thin film transistors having double-layer metal gate structures, but otherwise denies the allegations in paragraph 90 of the Counterclaims.

36.     LG Display denies the allegations in paragraph 91 of the Counterclaims.

37.     LG Display admits that an application for patent was filed on October 25, 2001 that became U.S. Patent No. 6,753,127. LG Display also admits that during the prosecution of the '127 Patent, the Examiner issued an office action on or about August 14, 2002, citing the Seiki Reference. LG Display denies the remaining allegations in paragraph 92 of the Counterclaims.

38.     LG Display denies the allegations in paragraph 93 of the Counterclaims.

39.     LG Display denies the allegations of paragraph 94 of the Counterclaims.

40.     LG Display denies the allegations in paragraph 95 of the Counterclaims.

41.    LG Display denies the allegations in paragraph 96 of the Counterclaims.

42.    LG Display admits that the Examiner rejected the original claim 1 of the '274 Patent and that the applicant amended the original claim. LG Display denies the remaining allegations in paragraph 97 of the Counterclaims.

43.    LG Display denies the allegations of paragraph 98 of the Counterclaims.

44.    LG Display admits that U.S. Application No. 09/243,556 was filed on or about February 2, 1999 ("the '556 Application"), which led to U.S. Patent No. 6,340,610 that issued on January 22, 2002, but denies the remaining allegations in paragraph 99 of the Counterclaims.

45.    LG Display admits that during the prosecution of the '556 Application, the Examiner rejected the original claim 9 in separate office actions (dated September 6, 2000 and March 29, 2001), but denies the remaining allegations in paragraph 100 of the Counterclaims.

46.    LG Display denies the allegations in paragraph 101 of the Counterclaims.

47.    LG Display denies the allegations of paragraph 102 of the Counterclaims.

48.    LG Display denies the allegations in paragraph 103 of the Counterclaims.

## RESPONSE TO ALLEGATIONS AS TO EXCEPTIONAL CASE

49.    LG Display denies the allegations in paragraph 104 of the Counterclaims.

## RESPONSE TO PRAYER FOR RELIEF

50.    As to paragraphs A through K of the Prayer For Relief, LG Display denies that AUO is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the

foregoing denials, and without prejudice to LG Display's right to plead additional

defenses as discovery into the facts of the matter warrants, LG Display hereby asserts the

following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

51.     One or more claims of the Asserted AUO Patents are invalid for failing to

meet one or more of the requisite conditions or requirements for patentability specified

by 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE

52.     LG Display's products have not and do not infringe any claim of the

Asserted AUO Patents, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

53.      LG Display has not directly or indirectly contributed to infringement of,

nor induced another to infringe the Asserted AUO Patents.

### FOURTH AFFIRMATIVE DEFENSE

54.     AUO has failed to state a claim for which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

55.     Pursuant to 35 U.S.C. § 287(b), LG Display is not liable for damages for

infringement under any section of 35 U.S.C. § 271 before receiving notice of AUO's

allegations of infringement in this action.

### SIXTH AFFIRMATIVE DEFENSE

56.     AUO's claims are barred, in whole or in part, because of the affirmative

defense of license.

**SEVENTH AFFIRMATIVE DEFENSE**

57.    AUO's '944 Patent is unenforceable due to inequitable conduct, including, but not limited to the allegations set forth in Counterclaim IX below, which are incorporated herein.

**ADDITIONAL COUNTERCLAIMS**

58.    By these Counterclaims and pursuant to Rule 13, Rule 19 and/or Rule 20 of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiff LG Display Co., Ltd. ("LG Display") seeks injunctive and declaratory relief and damages, including treble or multiple damages against Counterclaim Defendants AU Optronics Corporation ("AUO"), Chi Mei Optoelectronics Corporation ("CMO"), and Chi Mei Optoelectronics USA, Inc. ("CMO USA").

59.    Counterclaim Plaintiff LG Display Co., Ltd. ("LG Display") is a Korean corporation having its head office at 18th Floor, West Tower, LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

60.    Counterclaim Defendant AUO is a Taiwanese corporation, having its principal place of business at 1, Li-Hsin Rd., II, Science-Based Industrial Park, Hsinchu City 30077 Taiwan, ROC.

61.    Counterclaim Defendant Chi Mei Optoelectronics Corporation ("CMO") is a Taiwanese corporation, having its principal place of business at 2F, No. 1, Chi-Yeh Road, Tainan Science Based Industrial Park, Hsinshih Hsiang, Tainan Hsien 710, TAIWAN 74147, R.O.C.  CMO manufactures LCD products in Taiwan and China and, on information and belief, directs those products to the United States, including Delaware, through established distribution channels involving various third parties,

knowing that these third parties will use their respective nationwide contacts and distribution channels to import into, sell, offer for sale, and/or use these products in Delaware and elsewhere in the United States.

62.     Counterclaim Defendant Chi Mei Optoelectronics USA, Inc. ("CMO USA") is a Delaware corporation, having its principal pace of business at 101 Metro Drive Suite 510, San Jose, CA 95110. CMO USA markets and sells CMO's products throughout the United States.

63.     These Counterclaims are based upon and arise under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular §§ 271, 281, 283, 284 and 285, and is intended to redress infringement of United States Patent No. 6,664,569 ("the '569 Patent"), United States Patent No. 6,803,984 ("the '984 Patent"), and United States Patent No. 7,218,374 ("the '374 Patent") owned by LG Display.

64.     These Counterclaims are also under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, based upon an actual controversy between LG Display and AUO regarding the validity and infringement of the claims of the AUO Patents, and is intended to provide appropriate and necessary declaratory relief.

65.     This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

66.     This Court has personal jurisdiction and venue over AUO and CMO USA because, *inter alia*, AUO and CMO USA have submitted itself to the jurisdiction of this Court.

67.     This Court has personal jurisdiction over CMO and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and (d), and 28 U.S.C. § 1400(b), in that CMO is committing and is causing acts of patent infringement within the United States and within this judicial district, including the infringing acts alleged herein, both directly, through one or more intermediaries, and as an intermediary, and in that CMO has caused and causes injury and damages in this judicial district by acts or omissions outside of this judicial district, including but not limited to utilization of its own distribution channels established in the United States and CMO USA's distribution channels in the United States, as set forth below, to ship a variety of products that infringe the Patents-in-Suit into the United States and into this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

68.     On December 16, 2003, the '569 Patent, entitled "Liquid Crystal Display Device Array Substrate and Method of Manufacturing the Same," was duly and legally issued. LG Display is the owner by assignment of all rights, title, and interest in and to the '569 Patent. A copy of the '569 Patent is attached as Exhibit A.

69.     On October 12, 2004, the '984 Patent, entitled "Method and Apparatus for Manufacturing Liquid Crystal Display Device Using Serial Production Processes," was duly and legally issued. LG Display is the owner by assignment of all rights, title, and interest in and to the '984 Patent. A copy of the '984 Patent is attached as Exhibit B.

70.     On May 15, 2007, the '374 Patent, entitled "Liquid Crystal Display Device and Method of Manufacturing the Same," was duly and legally issued. LG

Display is the owner by assignment of all rights, title, and interest in and to the '374 Patent. A copy of the '374 Patent is attached as Exhibit C.

71.    LG Display owns the '569 Patent, the '984 Patent, and the '374 Patent, and possesses the right to sue and to recover for infringement of the '569 Patent, the '984 Patent, and the '374 Patent.

72.    AUO claims to be the owner of the '944 Patent, the '157 Patent, and the '506 Patent.

**COUNTERCLAIM COUNT VI**
**INFRINGEMENT OF THE '569 PATENT**

73.    LG Display hereby incorporates paragraphs 58-72 above as though fully set forth herein.

74.    AUO, CMO, and CMO USA have infringed, and/or induced infringement of the '569 Patent by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that infringe one or more claims of the '569 Patent in this judicial district and elsewhere in the United States.

75.    The products that are used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by AUO, CMO, and CMO USA meet each and every limitation of at least one claim of the '569 Patent, either literally or equivalently.

76.    LG Display has been and will continue to be injured by AUO's, CMO's, and CMO USA's past and continuing infringement of the '569 Patent and is without adequate remedy at law.

77.    AUO, CMO, and CMO USA, upon information and belief, infringed and are infringing the '569 Patent with knowledge of LG Display's patent rights and without a reasonable basis for believing its conduct is lawful.  AUO's, CMO's, and CMO USA's infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling LG Display to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNTERCLAIM COUNT VII
### INFRINGEMENT OF THE '984 PATENT

78.    LG Display hereby incorporates paragraphs 58-77 above as though fully set forth herein.

79.    AUO, CMO, and CMO USA have infringed, and/or induced infringement of the '984 Patent by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that infringe one or more claims of the '984 Patent in this judicial district and elsewhere in the United States.

80.    The products that are used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by AUO, CMO, and CMO USA meet each and every limitation of at least one claim of the '984 Patent, either literally or equivalently.

81.    LG Display has been and will continue to be injured by AUO's, CMO's, and CMO USA's past and continuing infringement of the '984 Patent and is without adequate remedy at law.

82.    AUO, CMO, and CMO USA, upon information and belief, infringed and is infringing the '984 Patent with knowledge of LG Display's patent rights and without a

reasonable basis for believing its conduct is lawful. AUO's, CMO's, and CMO USA's infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling LG Display to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNTERCLAIM COUNT VIII**
**INFRINGEMENT OF THE '374 PATENT**

83.    LG Display hereby incorporates paragraphs 58-82 above as though fully set forth herein.

84.    AUO, CMO, and CMO USA have infringed, and/or induced infringement of the '374 Patent by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that infringe one or more claims of the '374 Patent in this judicial district and elsewhere in the United States.

85.    The products that are used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by AUO, CMO, and CMO USA meet each and every limitation of at least one claim of the '374 Patent, either literally or equivalently.

86.    LG Display has been and will continue to be injured by AUO's, CMO's, and CMO USA's past and continuing infringement of the '374 Patent and is without adequate remedy at law.

87.    AUO, CMO, and CMO USA, upon information and belief, infringed and is infringing the '374 Patent with knowledge of LG Display's patent rights and without a reasonable basis for believing its conduct is lawful. AUO's, CMO's, and CMO USA's infringement has been and continues to be willful and deliberate, and will continue unless

enjoined by this Court, making this an exceptional case and entitling LG Display to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNTERCLAIM COUNT IX
## CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE '944 PATENT, THE '157 PATENT, AND THE '506 PATENT AGAINST PLAINTIFF AU OPTRONICS CORPORATION

88.     LG Display hereby incorporates paragraphs 58-87 above as though fully set forth herein.

89.     AUO has accused LG Display of infringing the AUO Patents by filing counterclaims in this action.  As such, there is a substantial controversy between the parties having adverse legal interests.

90.     Claims of the '944 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

91.     Claims of the '157 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

92.     Claims of the '506 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code.

93.     Because AUO has asserted the AUO Patents against LG Display, thereby creating an actual controversy, declaratory relief is both appropriate and necessary to establish that one or more of the claims of the '944 Patent, the '157 Patent, and the '506 Patent are invalid.

## COUNTERCLAIM COUNT X
## CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '944 PATENT, THE '157 PATENT, AND THE '506 PATENT AGAINST PLAINTIFF AU OPTRONICS CORPORATION

94.    LG Display hereby incorporates paragraphs 58-93 above as though fully set forth herein.

95.    LG Display's LCD modules do not infringe any claim of the '944 Patent, either literally or under the doctrine of equivalents.

96.    LG Display's LCD modules do not infringe any claim of the '157 Patent, either literally or under the doctrine of equivalents.

97.    LG Display's LCD modules do not infringe any claim of the '506 Patent, either literally or under the doctrine of equivalents.

98.    Because AUO maintains that LG Display infringes the AUO Patents, thereby creating an actual controversy, a declaration of rights between LG Display and AUO is both appropriate and necessary to establish that LG Display has not infringed and does not infringe any claim of the '944 Patent, the '157 Patent, or the '506 Patent.

## COUNTERCLAIM COUNT XI
## CLAIM FOR DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '944 PATENT AGAINST PLAINTIFF AU OPTRONICS CORPORATION

99.    LG Display hereby incorporates paragraphs 58-98 above as though fully set forth herein.

100.    The '944 Patent relates to a liquid-crystal display having a photosensitive resin regulating cell gaps having dynamic hardness or plastic deformation values within a fixed range.

101.    The listed inventors Toshihiko Koseki, Hidefumi Yamashita, Taro Hasumi, Yuichi Momoi, Yoshinori Shohmitsu, and Tomohito Johnai ("the Inventors")

and the original assignee of the patent International Business Machines, Corp. ( "IBM")
knew of prior art references disclosing a photosensitive resin regulating cell gaps having
a dynamic hardness value and a plastic deformation value within a fixed range that is the
same as or similar to the claimed photosensitive resin of the '944 Patent, and on
information and belief, willfully and with the intent to deceive the United States Patent
and Trademark Office ("USPTO"), refrained from disclosing such references to the
USPTO. Such prior art references include but are not limited to Japanese Patent ("JP")
06-273774, JP 05-080343, JP 03-287127, JP 04-191823, JP 06-265912, JP 62-090622,
and JP 11-109372 (collectively, "the Japanese references").

102.    On information and belief the Inventors and IBM knew of the teachings of
the Japanese references before filing, or during the prosecution in the United States of
application number 09/558,819 ("the US '819 application") for the '944 Patent.  The
Inventors and IBM filed patent application JP 11-122923 ("the JP '923 application") in
Japan on April 28, 1999.  This application to which the '944 Patent claims foreign
priority is listed on the face of the '944 Patent.  The JP '923 application discloses the
same photosensitive resin for regulating cell gaps having a dynamic hardness value and a
plastic deformation value within a fixed range as in the '944 Patent.

103.    During the prosecution of the JP '923 application, the Examiner in the
Japanese Patent Office issued a first Office Action on March 5, 2002, citing and
discussing the Japanese references in rejecting the claims.  The applicant amended the
original claims in an attempt to overcome the Examiner's rejections. On April 16, 2003,
the Japanese Patent Office Examiner issued an Advisory Action rejecting the amended
claims, citing and discussing the same Japanese references.   After learning of the

Examiner rejections in the Office Action and Advisory Action in the Japanese priority application, the Inventors and assignee IBM continued to prosecute the co-pending US '819 application without disclosing these rejections to the USPTO. In fact, the Inventors and assignee IBM did not submit any Information Disclosure Statements during the prosecution of the '944 Patent application.

104.    The applicant filed an Appeal in Japan from the Advisory Action on July 11, 2003, appealing the Examiner's rejections over the Japanese References. A Decision from the Japanese Patent Office on May 19, 2006 denied the Appeal on a number of grounds, including unpatentability over JP 06-273774, one of the Japanese references. As a result, the applicant abandoned the JP '923 application.

105.    The Japanese references and their teachings were highly material to the patentability of the '944 Patent during its prosecution. On information and belief, the Japanese references would have been viewed as important by a reasonable Examiner. The Japanese references are not cumulative of other art of record in the US '819 application. The Japanese references alone or in combination with the other prior art references of record, would establish a prima facie case of unpatentability of one or more claims of the '944 Patent, and/or refute the arguments made by the applicant during the prosecution of the US '819 application. On information and belief, the Inventors and assignee IBM knew, or should have known, the high materiality of the Japanese references.

106.    On information and belief, the Inventors and IBM knew of material information relating to and arising from the Japanese Patent Office Examiner's rejections in the March 5, 2002 Office Action and the April 16, 2003 Advisory Action of the claims

of the JP '923 application that are substantially similar to the issued claims of the '944 Patent, and willfully and with the intent to deceive the USPTO, refrained from disclosing such material information to the USPTO.

107.    The original claim 1 of the JP '923 application, as filed on April 28, 1999, is the same or substantially similar to the claims of the '944 Patent as issued as original claim 1 of the JP '923 application contains a number of limitations that are the same or substantially similar to the limitations recited in the claims of the '944 Patent as issued.

108.    An actual and justiciable controversy exists between the parties as to the enforceability of the '944 Patent.  Declaratory relief is both appropriate and necessary to establish that the '944 Patent is unenforceable.

109.    Because the Inventors and/or IBM failed to disclose material prior art and/or material information to the USPTO with the intent to deceive the USPTO during the prosecution of the '944 Patent, the '944 Patent is unenforceable due to inequitable conduct.   LG Display is entitled to a judicial declaration that the '944 Patent is unenforceable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** LG Display prays for judgment as follows:

A.    That the Court dismiss AUO's Counterclaims with prejudice;

B.    That the '569 Patent, the '984 Patent, and the '374 Patent are valid and enforceable;

C.    That AUO, CMO, and CMO USA have infringed the '569 Patent, the '984 Patent, and the '374 Patent;

D.    That AUO's, CMO's, and CMO USA's infringement of the '569 Patent, the '984 Patent, and the '374 Patent has been willful;

E.    That AUO, CMO, and CMO USA, and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, are enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and/or selling products that infringe, and from inducing the infringement of, the '569 Patent, the '984 Patent, and the '374 Patent, prior to their expiration, including any extensions;

F.    That AUO, CMO, and CMO USA, and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them deliver to LG Display all products that infringe the '569 Patent, the '984 Patent, and the '374 Patent for destruction at LG Display's option;

G.    That LG Display be awarded monetary relief adequate to compensate LG Display for AUO's, CMO's, and CMO USA's acts of infringement of the '569 Patent, the '984 Patent, and the '374 Patent within the United States prior to the expiration of the '569 Patent, the '984 Patent, and the '374 Patent, including any extensions;

H.    That any monetary relief awarded to LG Display regarding the infringement of the '569 Patent, the '984 Patent, and the '374 Patent by AUO, CMO, and CMO USA be trebled due to the willful nature of AUO's, CMO's, and CMO USA's infringement of the '569 Patent, the '984 Patent, and the '374 Patent;

I.

O.    That any monetary relief awarded to LG Display be awarded with prejudgment interest;

P.     That a post trial accounting be done as part of the monetary relief awarded to LG Display;

Q.     That the Court issue a declaratory judgment that LG Display does not directly or indirectly infringe any Asserted AUO Patent under any applicable provision of 35 U.S.C. § 271;

R.     That the Court issue a declaratory judgment that the Asserted AUO Patents are invalid;

S.     That the Court issue a declaratory judgment that the '944 Patent is unenforceable;

T.     That this is an exceptional case under 35 U.S.C. § 285 and that LG Display be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

U.     That the Court award LG Display other relief as it may find appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, LG Display Co., Ltd. respectfully demands a trial by jury on all issues so triable in this action.

June 30, 2008                          BAYARD, P.A.

                                       /s/ Richard D. Kirk (rk0922)
                                       Richard D. Kirk (Bar I.D. 922)
                                       222 Delaware Avenue, Suite 900
                                       P.O. Box 25130
                                       Wilmington, DE 19899
                                       (302) 655-5000
                                       Attorneys for Defendant/Counterclaim-
                                       Plaintiff LG Display Co., Ltd.

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C.  20006
(202) 496-7500

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

LG DISPLAY CO., LTD.,

                          Plaintiff,

          v.

CHI MEI OPTOELECTRONICS
CORPORATION, et al.

                          Defendants.

Civil Action No.  06-726 (JJF)
Civil Action No.  07-357 (JJF)

CONSOLIDATED CASES

**Formatted:** English (U.S.)

---

**LG DISPLAY CO., LTD.'S SECOND AMENDED ANSWER TO
AU OPTRONICS CORPORATION'S AMENDED COUNTERCLAIMS
AND ADDITIONAL COUNTERCLAIMS**

**Deleted:** .PHILIPS LCD

**Deleted:** FIRST

Defendant LG Display Co., Ltd. ("LG Display"), by and through its undersigned

**Deleted:** .Philips LCD

**Deleted:** PL

**Deleted:** First

counsel, hereby files its Second Amended Answer in Response to the Amended

Counterclaims of Plaintiff AU Optronics Corporation ("AUO"), in the above titled action,

filed on or about July 10, 2007, asserts affirmative defenses to those claims, and asserts

counterclaims against AUO, Chi Mei Optoelectronics ("CMO"), and Chi Mei

Optoelectronics USA, Inc. ("CMO USA").  A jury trial is demanded for all claims so

triable.

**RESPONSE TO ALLEGATIONS AS TO THE COUNTERCLAIM PARTIES**

1.      LG Display admits that AUO is a corporation organized under the laws of

**Deleted:** LPL

the Republic of China with its principal place of business in Taiwan as alleged in

paragraph 56 of the Counterclaims.

2.      LG Display lacks knowledge or information sufficient to admit or deny

**Deleted:** LPL

the allegations of paragraph 57 of the Counterclaims and therefore denies them.

3.      LG Display admits the allegations of paragraph 58 of the Counterclaims.

**Deleted:** LPL

4.      LG Display denies the allegations of paragraph 59 of the Counterclaims.

5.      LG Display admits the allegations of paragraph 60 of the Counterclaims.

6.      The allegations in paragraph 61 of the Counterclaims are conclusions of law to which no response is required.

7.      The allegations in paragraph 62 of the Counterclaims are conclusions of law to which no response is required.

**RESPONSE TO ALLEGATIONS AS TO JURISDICTION AND VENUE**

8.      LG Display admits that this Court has jurisdiction over these Counterclaims, but the remaining allegations of paragraph 63 of the Counterclaims are conclusions of law to which no response is required.

9.      LG Display admits that this Court has jurisdiction over these Counterclaims, but the remaining allegations of paragraph 64 of the Counterclaims are conclusions of law to which no response is required.

10.     LG Display admits the allegations of paragraph 65 of the Counterclaims.

**Deleted:** LPL

**Deleted:** LPL

**Deleted:** LPL

**Deleted:** LPL

**Deleted:** LPL

-2-

**RESPONSE TO COUNTERCLAIM COUNT ONE**

11. LG Display admits that Exhibit A to the Counterclaims purports to be a copy of United States Patent No. 6,734,944, entitled "Liquid Crystal Display" ("the '944 patent"), but LG Display lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 66 of the Counterclaims, and therefore denies them.

12. LG Display denies the allegations in paragraph 67 of the Counterclaims.

13. LG Display denies the allegations in paragraph 68 of the Counterclaims.

14. LG Display denies the allegations in paragraph 69 of the Counterclaims.

**RESPONSE TO COUNTERCLAIM COUNT TWO**

15. LG Display admits that Exhibit B to the Counterclaims purports to be a copy of United States Patent No. 7,125,157, entitled "Backlight Unit and Liquid Crystal Display Utilizing the Same" ("the '157 patent"), but LG Display lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 70 of the Counterclaims, and therefore denies them.

16. LG Display denies the allegations in paragraph 71 of the Counterclaims.

17. LG Display denies the allegations in paragraph 72 of the Counterclaims.

18. LG Display denies the allegations in paragraph 73 of the Counterclaims.

**RESPONSE TO COUNTERCLAIM COUNT THREE**

19. LG Display admits that Exhibit C to the Counterclaims purports to be a copy of United States Patent No. 7,090,506, entitled "Signal Transmission Device Having Flexible Printed Circuit Boards" ("the '506 patent"), but LG Display lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 74 of the Counterclaims, and therefore denies them.

20. LG Display denies the allegations in paragraph 75 of the Counterclaims.

-3-

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

21. LG Display denies the allegations in paragraph 76 of the Counterclaims.

    Deleted: LPL

22. LG Display denies the allegations in paragraph 77 of the Counterclaims.

    Deleted: LPL

### RESPONSE TO COUNTERCLAIM COUNT FOUR

23. LG Display refers and incorporates herein its responses to AUO's

    Deleted: LPL

allegations in paragraphs 1-10, above, as though fully set forth herein.

24. LG Display admits the allegations of paragraph 79 of the Counterclaims.

    Deleted: LPL

25. LG Display denies the allegations in paragraph 80 of the Counterclaims.

    Deleted: LPL

26. LG Display denies the allegations in paragraph 81 of the Counterclaims.

    Deleted: LPL

27. LG Display denies the allegations in paragraph 82 of the Counterclaims.

    Deleted: LPL

28. LG Display denies the allegations in paragraph 83 of the Counterclaims.

    Deleted: LPL

### RESPONSE TO COUNTERCLAIM COUNT FIVE

29. LG Display refers and incorporates herein its responses to AUO's

    Deleted: LPL

allegations in paragraphs 1-10 and 23-28, above, as though fully set forth herein.

30. LG Display denies the allegations of paragraph 85 of the Counterclaims.

    Deleted: LPL

31. LG Display denies the allegations in paragraph 86 of the Counterclaims.

    Deleted: LPL

32. LG Display denies the allegations in paragraph 87 of the Counterclaims.

    Deleted: LPL

33. LG Display denies the allegations in paragraph 88 of the Counterclaims.

    Deleted: LPL

### RESPONSE TO COUNTERCLAIM COUNT SIX

34. LG Display refers and incorporates herein its responses to AUO's

    Deleted: LPL

allegations in paragraphs 1-10 and 23-33, above, as though fully set forth herein.

35. LG Display admits that the LG Display patents relate to, inter alia, thin

    Deleted: LPL
    Deleted: LPL

film transistors having double-layer metal gate structures, but otherwise denies the

allegations in paragraph 90 of the Counterclaims.

36. LG Display denies the allegations in paragraph 91 of the Counterclaims.

    Deleted: LPL

-4-

37.     LG Display admits that an application for patent was filed on October 25,

2001 that became U.S. Patent No. 6,753,127.  LG Display also admits that during the

prosecution of the '127 Patent, the Examiner issued an office action on or about August

14, 2002, citing the Seiki Reference.  LG Display denies the remaining allegations in

paragraph 92 of the Counterclaims.

38.     LG Display denies the allegations in paragraph 93 of the Counterclaims.

39.     LG Display denies the allegations of paragraph 94 of the Counterclaims.

40.     LG Display denies the allegations in paragraph 95 of the Counterclaims.

41.     LG Display denies the allegations in paragraph 96 of the Counterclaims.

42.     LG Display admits that the Examiner rejected the original claim 1 of the

'274 Patent and that the applicant amended the original claim.  LG Display denies the

remaining allegations in paragraph 97 of the Counterclaims.

43.     LG Display denies the allegations of paragraph 98 of the Counterclaims.

44.     LG Display admits that U.S. Application No. 09/243,556 was filed on or

about February 2, 1999 ("the '556 Application"), which led to U.S. Patent No. 6,340,610

that issued on January 22, 2002, but denies the remaining allegations in paragraph 99 of

the Counterclaims.

45.     LG Display admits that during the prosecution of the '556 Application, the

Examiner rejected the original claim 9 in separate office actions (dated September 6,

2000 and March 29, 2001), but denies the remaining allegations in paragraph 100 of the

Counterclaims.

46.     LG Display denies the allegations in paragraph 101 of the Counterclaims.

47.     LG Display denies the allegations of paragraph 102 of the Counterclaims.

-5-

**Deleted:** LPL
**Deleted:** LPL
**Deleted:** LPL
**Deleted:** LPL
**Deleted:** LPL
**Deleted:** LPL
**Deleted:** LPL
**Deleted:** LPL
**Deleted:** LPL
**Deleted:** LPL
**Deleted:** LPL
**Deleted:** LPL
**Deleted:** LPL
**Deleted:** LPL

48.    LG Display denies the allegations in paragraph 103 of the Counterclaims.

*Deleted: LPL*

### RESPONSE TO ALLEGATIONS AS TO EXCEPTIONAL CASE

49.    LG Display denies the allegations in paragraph 104 of the Counterclaims.

*Deleted: LPL*

### RESPONSE TO PRAYER FOR RELIEF

50.    As to paragraphs A through K of the Prayer For Relief, LG Display denies

*Deleted: LPL*

that AUO is entitled to the requested relief.

### AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an

affirmative defense, or that any of the following are not already at issue by virtue of the

foregoing denials, and without prejudice to LG Display's right to plead additional

*Deleted: LPL*

defenses as discovery into the facts of the matter warrants, LG Display hereby asserts the

*Deleted: LPL*

following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

51.    One or more claims of the Asserted AUO Patents are invalid for failing to

meet one or more of the requisite conditions or requirements for patentability specified

by 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE

52.    LG Display's products have not and do not infringe any claim of the

*Deleted: LPL*

Asserted AUO Patents, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

53.    LG Display has not directly or indirectly contributed to infringement of,

*Deleted: LPL*

nor induced another to infringe the Asserted AUO Patents.

### FOURTH AFFIRMATIVE DEFENSE

54.    AUO has failed to state a claim for which relief can be granted.

-6-

**FIFTH AFFIRMATIVE DEFENSE**

55.    Pursuant to 35 U.S.C. § 287(b), LG Display is not liable for damages for

infringement under any section of 35 U.S.C. § 271 before receiving notice of AUO's

allegations of infringement in this action.

**SIXTH AFFIRMATIVE DEFENSE**

56.    AUO's claims are barred, in whole or in part, because of the affirmative

defense of license.

**SEVENTH AFFIRMATIVE DEFENSE**

57.    AUO's '944 Patent is unenforceable due to inequitable conduct, including,

but not limited to the allegations set forth in Counterclaim IX below, which are

incorporated herein.

**ADDITIONAL COUNTERCLAIMS**

58.    By these Counterclaims and pursuant to Rule 13, Rule 19 and/or Rule 20

of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiff LG Display

Co., Ltd. ("LG Display") seeks injunctive and declaratory relief and damages, including

treble or multiple damages against Counterclaim Defendants AU Optronics Corporation

("AUO"), Chi Mei Optoelectronics Corporation ("CMO"), and Chi Mei Optoelectronics

USA, Inc. ("CMO USA").

59.    Counterclaim Plaintiff LG Display Co., Ltd. ("LG Display") is a Korean

corporation having its head office at 18th Floor, West Tower, LG Twin Towers, 20

Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

Deleted: LPL

Deleted: LG.Philips LCD

Deleted: LPL

Deleted: LG.Philips LCD

Deleted: LPL

-7-

60.     Counterclaim Defendant AUO is a Taiwanese corporation, having its principal place of business at 1, Li-Hsin Rd., II, Science-Based Industrial Park, Hsinchu City 30077 Taiwan, ROC.

61.     Counterclaim Defendant Chi Mei Optoelectronics Corporation ("CMO") is a Taiwanese corporation, having its principal place of business at 2F, No. 1, Chi-Yeh Road, Tainan Science Based Industrial Park, Hsinshih Hsiang, Tainan Hsien 710, TAIWAN 74147, R.O.C.  CMO manufactures LCD products in Taiwan and China and, on information and belief, directs those products to the United States, including Delaware, through established distribution channels involving various third parties, knowing that these third parties will use their respective nationwide contacts and distribution channels to import into, sell, offer for sale, and/or use these products in Delaware and elsewhere in the United States.

62.     Counterclaim Defendant Chi Mei Optoelectronics USA, Inc. ("CMO USA") is a Delaware corporation, having its principal pace of business at 101 Metro Drive Suite 510, San Jose, CA 95110.  CMO USA markets and sells CMO's products throughout the United States.

63.     These Counterclaims are based upon and arise under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular §§ 271, 281, 283, 284 and 285, and is intended to redress infringement of United States Patent No. 6,664,569 ("the '569 Patent"), United States Patent No. 6,803,984 ("the '984 Patent"), and United States Patent No. 7,218,374 ("the '374 Patent") owned by LG Display.

| Deleted: LPL |
| --- |

64.     These Counterclaims are also under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, based upon an actual

controversy between LG Display and AUO regarding the validity and infringement of the

Deleted: LPL

claims of the AUO Patents, and is intended to provide appropriate and necessary

declaratory relief.

     65.     This Court has jurisdiction over the subject matter of these Counterclaims

pursuant to 28 U.S.C. §§ 1331 and 1338(a).

     66.     This Court has personal jurisdiction and venue over AUO and CMO USA

because, *inter alia*, AUO and CMO USA have submitted itself to the jurisdiction of this

Court.

     67.     This Court has personal jurisdiction over CMO and venue is proper in this

judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and (d), and 28 U.S.C.

§ 1400(b), in that CMO is committing and is causing acts of patent infringement within

the United States and within this judicial district, including the infringing acts alleged

herein, both directly, through one or more intermediaries, and as an intermediary, and in

that CMO has caused and causes injury and damages in this judicial district by acts or

omissions outside of this judicial district, including but not limited to utilization of its

own distribution channels established in the United States and CMO USA's distribution

channels in the United States, as set forth below, to ship a variety of products that

infringe the Patents-in-Suit into the United States and into this judicial district while

deriving substantial revenue from services or things used or consumed within this judicial

district, and will continue to do so unless enjoined by this Court.

     68.     On December 16, 2003, the '569 Patent, entitled "Liquid Crystal Display

Device Array Substrate and Method of Manufacturing the Same," was duly and legally

issued. LG Display is the owner by assignment of all rights, title, and interest in and to

the '569 Patent. A copy of the '569 Patent is attached as Exhibit A.

> **Deleted:** LPL

69.     On October 12, 2004, the '984 Patent, entitled "Method and Apparatus for

Manufacturing Liquid Crystal Display Device Using Serial Production Processes," was

duly and legally issued. LG Display is the owner by assignment of all rights, title, and

> **Deleted:** LPL

interest in and to the '984 Patent. A copy of the '984 Patent is attached as Exhibit B.

70.     On May 15, 2007, the '374 Patent, entitled "Liquid Crystal Display

Device and Method of Manufacturing the Same," was duly and legally issued. LG

> **Deleted:** LPL

Display is the owner by assignment of all rights, title, and interest in and to the '374

Patent. A copy of the '374 Patent is attached as Exhibit C.

71.     LG Display owns the '569 Patent, the '984 Patent, and the '374 Patent,

> **Deleted:** LPL

and possesses the right to sue and to recover for infringement of the '569 Patent, the '984

Patent, and the '374 Patent.

72.     AUO claims to be the owner of the '944 Patent, the '157 Patent, and the

'506 Patent.

**COUNTERCLAIM COUNT VI**
**INFRINGEMENT OF THE '569 PATENT**

73.     LG Display hereby incorporates paragraphs 58-72 above as though fully

> **Deleted:** LPL

set forth herein.

74.     AUO, CMO, and CMO USA have infringed, and/or induced infringement

> **Deleted:** s

of the '569 Patent by making, using, causing to be used, offering to sell, causing to be

offered for sale, selling, causing to be sold, importing, and/or causing to be imported

products that infringe one or more claims of the '569 Patent in this judicial district and

elsewhere in the United States.

-10-

75.    The products that are used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by AUO, CMO, and CMO USA meet each and every limitation of at least one claim of the '569 Patent, either literally or equivalently.

76.    LG Display has been and will continue to be injured by AUO's, CMO's, and CMO USA's past and continuing infringement of the '569 Patent and is without adequate remedy at law.

77.    AUO, CMO, and CMO USA, upon information and belief, infringed and are infringing the '569 Patent with knowledge of LG Display's patent rights and without a reasonable basis for believing its conduct is lawful.  AUO's, CMO's, and CMO USA's infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling LG Display to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNTERCLAIM COUNT VII
## INFRINGEMENT OF THE '984 PATENT

78.    LG Display hereby incorporates paragraphs 58-77 above as though fully set forth herein.

79.    AUO, CMO, and CMO USA have infringed, and/or induced infringement of the '984 Patent by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that infringe one or more claims of the '984 Patent in this judicial district and elsewhere in the United States.

80.    The products that are used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by

-11-

**Deleted:** LPL

**Deleted:** LPL

**Deleted:** is

**Deleted:** LPL

**Deleted:** LPL

**Deleted:** LPL

AUO, CMO, and CMO USA meet each and every limitation of at least one claim of the '984 Patent, either literally or equivalently.

81.    LG Display has been and will continue to be injured by AUO's, CMO's, and CMO USA's past and continuing infringement of the '984 Patent and is without adequate remedy at law.

Deleted: LPL

82.    AUO, CMO, and CMO USA, upon information and belief, infringed and is infringing the '984 Patent with knowledge of LG Display's patent rights and without a reasonable basis for believing its conduct is lawful.  AUO's, CMO's, and CMO USA's infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling LG Display to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

Deleted: LPL

Deleted: LPL

## COUNTERCLAIM COUNT VIII
## INFRINGEMENT OF THE '374 PATENT

83.    LG Display hereby incorporates paragraphs 58-82 above as though fully set forth herein.

Deleted: LPL

84.    AUO, CMO, and CMO USA have infringed, and/or induced infringement of the '374 Patent by making, using, causing to be used, offering to sell, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported products that infringe one or more claims of the '374 Patent in this judicial district and elsewhere in the United States.

85.    The products that are used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by AUO, CMO, and CMO USA meet each and every limitation of at least one claim of the '374 Patent, either literally or equivalently.

-12-

86.    LG Display has been and will continue to be injured by AUO's, CMO's,

and CMO USA's past and continuing infringement of the '374 Patent and is without

adequate remedy at law.

Deleted: LPL

87.    AUO, CMO, and CMO USA, upon information and belief, infringed and

is infringing the '374 Patent with knowledge of LG Display's patent rights and without a

reasonable basis for believing its conduct is lawful.  AUO's, CMO's, and CMO USA's

infringement has been and continues to be willful and deliberate, and will continue unless

enjoined by this Court, making this an exceptional case and entitling LG Display to

increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

Deleted: LPL
Deleted: LPL

## COUNTERCLAIM COUNT IX
## CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF
## THE '944 PATENT, THE '157 PATENT, AND THE '506 PATENT
## AGAINST PLAINTIFF AU OPTRONICS CORPORATION

88.    LG Display hereby incorporates paragraphs 58-87 above as though fully

set forth herein.

Deleted: LPL

89.    AUO has accused LG Display of infringing the AUO Patents by filing

counterclaims in this action.  As such, there is a substantial controversy between the

parties having adverse legal interests.

Deleted: LPL

90.    Claims of the '944 Patent are invalid for failure to satisfy one or more of

the requirements for patentability set forth in Title 35 of the United States Code.

91.    Claims of the '157 Patent are invalid for failure to satisfy one or more of

the requirements for patentability set forth in Title 35 of the United States Code.

92.    Claims of the '506 Patent are invalid for failure to satisfy one or more of

the requirements for patentability set forth in Title 35 of the United States Code.

93.    Because AUO has asserted the AUO Patents against LG Display, thereby

creating an actual controversy, declaratory relief is both appropriate and necessary to

establish that one or more of the claims of the '944 Patent, the '157 Patent, and the '506

Patent are invalid.

**COUNTERCLAIM COUNT X**
**CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF**
**THE '944 PATENT, THE '157 PATENT, AND THE '506 PATENT**
**AGAINST PLAINTIFF AU OPTRONICS CORPORATION**

94.    LG Display hereby incorporates paragraphs 58-93 above as though fully

set forth herein.

95.    LG Display's LCD modules do not infringe any claim of the '944 Patent,

either literally or under the doctrine of equivalents.

96.    LG Display's LCD modules do not infringe any claim of the '157 Patent,

either literally or under the doctrine of equivalents.

97.    LG Display's LCD modules do not infringe any claim of the '506 Patent,

either literally or under the doctrine of equivalents.

98.    Because AUO maintains that LG Display infringes the AUO Patents,

thereby creating an actual controversy, a declaration of rights between LG Display and

AUO is both appropriate and necessary to establish that LG Display has not infringed and

does not infringe any claim of the '944 Patent, the '157 Patent, or the '506 Patent.

**COUNTERCLAIM COUNT XI**
**CLAIM FOR DECLARATORY JUDGMENT OF UNENFORCEABILITY OF**
**THE '944 PATENT AGAINST PLAINTIFF AU OPTRONICS CORPORATION**

99.    LG Display hereby incorporates paragraphs 58-98 above as though fully

set forth herein.

-14-

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

Deleted: LPL

100.    The '944 Patent relates to a liquid-crystal display having a photosensitive resin regulating cell gaps having dynamic hardness or plastic deformation values within a fixed range.

101.    The listed inventors Toshihiko Koseki, Hidefumi Yamashita, Taro Hasumi, Yuichi Momoi, Yoshinori Shohmitsu, and Tomohito Johnai ("the Inventors") and the original assignee of the patent International Business Machines, Corp. ( "IBM") knew of prior art references disclosing a photosensitive resin regulating cell gaps having a dynamic hardness value and a plastic deformation value within a fixed range that is the same as or similar to the claimed photosensitive resin of the '944 Patent, and on information and belief, willfully and with the intent to deceive the United States Patent and Trademark Office ("USPTO"), refrained from disclosing such references to the USPTO.  Such prior art references include but are not limited to Japanese Patent ("JP") 06-273774, JP 05-080343, JP 03-287127, JP 04-191823, JP 06-265912, JP 62-090622, and JP 11-109372 (collectively, "the Japanese references").

102.    On information and belief the Inventors and IBM knew of the teachings of the Japanese references before filing, or during the prosecution in the United States of application number 09/558,819 ("the US '819 application") for the '944 Patent.  The Inventors and IBM filed patent application JP 11-122923 ("the JP '923 application") in Japan on April 28, 1999.  This application to which the '944 Patent claims foreign priority is listed on the face of the '944 Patent.  The JP '923 application discloses the same photosensitive resin for regulating cell gaps having a dynamic hardness value and a plastic deformation value within a fixed range as in the '944 Patent.

-15-

103.    During the prosecution of the JP '923 application, the Examiner in the Japanese Patent Office issued a first Office Action on March 5, 2002, citing and discussing the Japanese references in rejecting the claims. The applicant amended the original claims in an attempt to overcome the Examiner's rejections. On April 16, 2003, the Japanese Patent Office Examiner issued an Advisory Action rejecting the amended claims, citing and discussing the same Japanese references. After learning of the Examiner rejections in the Office Action and Advisory Action in the Japanese priority application, the Inventors and assignee IBM continued to prosecute the co-pending US '819 application without disclosing these rejections to the USPTO. In fact, the Inventors and assignee IBM did not submit any Information Disclosure Statements during the prosecution of the '944 Patent application.

104.    The applicant filed an Appeal in Japan from the Advisory Action on July 11, 2003, appealing the Examiner's rejections over the Japanese References. A Decision from the Japanese Patent Office on May 19, 2006 denied the Appeal on a number of grounds, including unpatentability over JP 06-273774, one of the Japanese references. As a result, the applicant abandoned the JP '923 application.

105.    The Japanese references and their teachings were highly material to the patentability of the '944 Patent during its prosecution. On information and belief, the Japanese references would have been viewed as important by a reasonable Examiner. The Japanese references are not cumulative of other art of record in the US '819 application. The Japanese references alone or in combination with the other prior art references of record, would establish a prima facie case of unpatentability of one or more claims of the '944 Patent, and/or refute the arguments made by the applicant during the

-16-

prosecution of the US '819 application.  On information and belief, the Inventors and assignee IBM knew, or should have known, the high materiality of the Japanese references.

106.    On information and belief, the Inventors and IBM knew of material information relating to and arising from the Japanese Patent Office Examiner's rejections in the March 5, 2002 Office Action and the April 16, 2003 Advisory Action of the claims of the JP '923 application that are substantially similar to the issued claims of the '944 Patent, and willfully and with the intent to deceive the USPTO, refrained from disclosing such material information to the USPTO.

107.    The original claim 1 of the JP '923 application, as filed on April 28, 1999, is the same or substantially similar to the claims of the '944 Patent as issued as original claim 1 of the JP '923 application contains a number of limitations that are the same or substantially similar to the limitations recited in the claims of the '944 Patent as issued.

108.    An actual and justiciable controversy exists between the parties as to the enforceability of the '944 Patent.  Declaratory relief is both appropriate and necessary to establish that the '944 Patent is unenforceable.

109.    Because the Inventors and/or IBM failed to disclose material prior art and/or material information to the USPTO with the intent to deceive the USPTO during the prosecution of the '944 Patent, the '944 Patent is unenforceable due to inequitable conduct.  LG Display is entitled to a judicial declaration that the '944 Patent is unenforceable.

**Deleted:** LPL

**PRAYER FOR RELIEF**

**WHEREFORE,** LG Display prays for judgment as follows:

**Deleted:** LPL

A.      That the Court dismiss AUO's Counterclaims with prejudice;

-17-

B.    That the '569 Patent, the '984 Patent, and the '374 Patent are valid and enforceable;

C.    That AUO, CMO, and CMO USA have infringed the '569 Patent, the '984 Patent, and the '374 Patent;

**Deleted: s**

D.    That AUO's, CMO's, and CMO USA's infringement of the '569 Patent, the '984 Patent, and the '374 Patent has been willful;

E.    That AUO, CMO, and CMO USA, and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, are enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and/or selling products that infringe, and from inducing the infringement of, the '569 Patent, the '984 Patent, and the '374 Patent, prior to their expiration, including any extensions;

**Deleted: its**

F.    That AUO, CMO, and CMO USA, and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them deliver to LG Display all products that infringe the '569 Patent, the '984 Patent, and the '374 Patent for destruction at LG Display's option;

**Deleted: its**

**Deleted: LPL**

**Deleted: LPL**

G.    That LG Display be awarded monetary relief adequate to compensate LG Display for AUO's, CMO's, and CMO USA's acts of infringement of the '569 Patent, the '984 Patent, and the '374 Patent within the United States prior to the expiration of the '569 Patent, the '984 Patent, and the '374 Patent, including any extensions;

**Deleted: LPL**

**Deleted: LPL**

-18-

H.    That any monetary relief awarded to LG Display regarding the infringement of the '569 Patent, the '984 Patent, and the '374 Patent by AUO, CMO, and CMO USA be trebled due to the willful nature of AUO's, CMO's, and CMO USA's infringement of the '569 Patent, the '984 Patent, and the '374 Patent;

I.

O.    That any monetary relief awarded to LG Display be awarded with prejudgment interest;

P.    That a post trial accounting be done as part of the monetary relief awarded to LG Display;

Q.    That the Court issue a declaratory judgment that LG Display does not directly or indirectly infringe any Asserted AUO Patent under any applicable provision of 35 U.S.C. § 271;

R.    That the Court issue a declaratory judgment that the Asserted AUO Patents are invalid;

S.    That the Court issue a declaratory judgment that the '944 Patent is unenforceable;

T.    That this is an exceptional case under 35 U.S.C. § 285 and that LG Display be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

U.    That the Court award LG Display other relief as it may find appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, LG Display Co., Ltd. respectfully demands a trial by jury on all issues so triable in this action.

-19-

**Deleted:** LPL

**Deleted:** That CMO and CMO USA have infringed the '984 Patent and the '374 Patent;¶
J. . That CMO's and CMO USA's infringement of the '984 Patent and the '374 Patent be willful; ¶
. K. . That CMO and CMO USA and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, are enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and/or selling products that infringe the '984 Patent and the '374 Patent, prior to their expiration, including any extensions; ¶
. L. . That CMO, CMO USA, their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them deliver to LPL all products that infringe the '984 Patent and the '374 Patent for destruction at LPL's option;¶
. M. . That LPL be awarded monetary relief adequate to compensate LPL for CMO's and CMO USA's acts of infringement of the '984 Patent and the '374 Patent within the United States prior to the expiration of the '984 Patent and the '374 Patent, including any extensions;¶
. N. . That any monetary relief awarded to LPL regarding the infringement of the '984 Patent and the '374 Patent by CMO and CMO USA be trebled due to the willful nature of CMO's and CMO USA's infringement of the '984 Patent and the '374 Patent;

**Deleted:** LPL

**Deleted:** LPL

**Deleted:** LPL

**Deleted:** LPL

**Deleted:** LG.Philips LCD

June 30, 2008

BAYARD, P.A.

Deleted: THE BAYARD FIRM

Richard D. Kirk (Bar I.D. 922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
Attorneys for Defendant/Counterclaim-
Plaintiff LG Display Co., Ltd.

Deleted: LG.Philips LCD

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

Deleted: August 8, 2007

-20-

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

LG DISPLAY CO., LTD.,

                     Plaintiff,

       v.

CHI MEI OPTOELECTRONICS
CORPORATION, et al.

                   Defendants.

Civil Action No.  06-726 (JJF)
Civil Action No.  07-357 (JJF)

**CONSOLIDATED CASES**

### NOTICE OF MOTION

      PLEASE TAKE NOTICE that, on September 12, 2008, at 10:00 a.m., plaintiff

LG Display Co., Ltd. will present the within Motion to for Leave to File a Second

Amended Answer to AU Optronics Corporation's Amended Counterclaims and

Additional Counterclaims

June 30, 2008

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

BAYARD P.A.

*/s/ Richard D. Kirk (rk0922)*
Richard D. Kirk
222 Delaware Avenue, 9th Floor
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
*Attorneys for Plaintiffs LG Display Co.,
Ltd. and LG Display America, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

LG DISPLAY CO., LTD.,

                         Plaintiff,

        v.

CHI MEI OPTOELECTRONICS
CORPORATION, et al.

                    Defendants.

Civil Action No.  06-726 (JJF)
Civil Action No.  07-357 (JJF)

**CONSOLIDATED CASES**

**PLAINTIFF LG DISPLAY CO., LTD.'S CERTIFICATION OF COUNSEL
PURSUANT TO LOCAL RULE 7.1.1 REGARDING MOTION FOR LEAVE TO
FILE SECOND AMENDED ANSWER TO AU OPTRONICS CORPORATION'S
AMENDED COUNTERCLAIMS AND ADDITIONAL COUNTERCLAIMS**

The undersigned certifies that counsel for Plaintiff LG Display Co., Ltd. ("LG

Display") attempted in good faith to resolve the issue presented in LG Display's Motion

for Leave to Amend LG Display's Answer to AU Optronics Corporation's Amended

Counterclaims and Additional Counterclaims.  LG Display seeks to add Chi Mei

Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. as counterclaim

defendants to an infringement count concerning United States Patent No. 6,664,569 (the

"'569 Patent").

On June 23, 2008, promptly after confirming that CMO products infringe the '569

Patent, counsel for LG Display sent an e-mail to CMO's counsel, asking for CMO's

consent to the proposed amendment.  (*See* Exhibit 1.)  In that e-mail, LG Display offered

CMO a three day extension to identify terms of the '569 Patent that CMO believes to

require construction.  (*Id.*)  Later, in a phone call between counsel, LG Display also

offered a five day extension for CMO to propose its constructions for terms of the '569

Patent.  (*Id.*)  Both extensions would have given CMO the advantage of seeing LG

Display's and AUO's identified terms and proposed constructions concerning the '569

Patent before CMO submitted its own terms and constructions.

Although the deadline for motions to amend is not until August 1, 2008, and

CMO has asked the Court to delay that deadline until October 31, CMO told LG Display

that it would oppose LG Display's amendment. (*Id.*) Accordingly, LG Display was

unable to resolve this matter without the Court's assistance. LG Display thus has filed

this motion for leave to amend.

June 30, 2008                                BAYARD P.A.


                                            */s/ Richard D. Kirk (rk0922)*
                                            Richard D. Kirk
                                            Ashley B. Stitzer
                                            222 Delaware Avenue, 9th Floor
                                            P.O. Box 25130
                                            Wilmington, DE 19899-5130
                                            (302) 655-5000
                                            rkirk@bayardfirm.com
                                            *Attorneys for Plaintiffs LG Display Co., Ltd.*
                                            *and LG Display America, Inc.*

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

# EXHIBIT 1

**Lomas, John**

| | |
|---|---|
| **From:** | Brzezynski, Lora |
| **Sent:** | Monday, June 30, 2008 11:12 AM |
| **To:** | 'Giza, Alexander'; Hoffman, Adam; ~Chiu, Jay; ~Range, Brian; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; Kagan, Jonathan; #CMO/LPL [Int]; ~Platt, Christian; ~Warren, Joe; provner@potteranderson.com |
| **Cc:** | Bono, Gaspare; Goodwyn, Tyler; Christenson, Cass; Lomas, John; 'Richard Kirk' |
| **Subject:** | RE: '569 Patent |

Dear Alex:

We are disappointed that CMO has chosen to oppose LG Display's request to amend its answer more than one month prior to the deadline for amending pleadings.  It is also unfortunate that CMO has chosen to attack LG Display and accuse it of improper tactics.  LG Display has acted in good faith throughout this case and has repeatedly tried to work out issues and disputes with all parties.  Further, it is LG Display that has and continues to meet its discovery obligations, producing thousands and thousands of pages of meaningful discovery and its highly sensitive data while both CMO and AUO have failed to match LG Display's efforts and production quality.  Indeed, LG Display waited until it had a good faith basis to assert the '569 Patent against CMO, and we asserted the patent promptly after discovering infringement by CMO.

LG Display suggested a very reasonable accommodation to CMO to ensure it has ample opportunity to propose terms for construction from that patent and propose constructions during the claim construction process.  Specifically, we extended to Friday, June 27th CMO's time to identify terms for the '569 Patent, although both LG Display and AUO identified its terms on Tuesday, June 24th.  It is unfortunate that CMO chose to refuse that extension and characterize it as unreasonable.  Please be advised that given CMO's failure to identify terms for the '569 Patent on Friday or request any other reasonable extension, LG Display reserves the right to assert that CMO has waived its right to propose terms for that Patent.  We also offered CMO an extension to July 22, 2008 for CMO to propose its constructions for terms in the '569 Patent.  This would have given CMO considerable advantage given that both LG Display and AUO will have to propose its constructions on Thursday, July 17th.  It is also unfortunate that CMO has rejected this proposal from LG Display.  By rejecting LG Display's offered extensions, CMO can only look to itself as the basis for any prejudice it will claim to have suffered.

As you well know, analysis of infringement and noninfringement is not necessary for claim construction.  Thus, your suggestion that CMO is disadvantaged in not having time to complete this analysis is simply a red herring.

We will proceed to file our motion to amend.

Best regards,

Lora

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7239
(202) 496-7756 (Facsimile)
lbrzezynski@mckennalong.com


-----Original Message-----
From: Giza, Alexander [mailto:AGiza@irell.com]
Sent: Wednesday, June 25, 2008 8:37 PM
To: Brzezynski, Lora; Hoffman, Adam; ~Chiu, Jay; ~Range, Brian; ~Tyler, M. Craig;
~Holloway, Julie; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw,

John; ~Pascale, Karen; Kagan, Jonathan; #CMO/LPL [Int]; ~Platt, Christian; ~Warren, Joe
Cc: Bono, Gaspare; Goodwyn, Tyler; Christenson, Cass; Lomas, John
Subject: RE: '569 Patent

Dear Lora:

This responds to your email from Monday seeking CMO's agreement to allow LGD to amend its
complaint to assert the '569 patent against CMO.

As you point out in your email, LGD added the '569 patent against AUO in August 2007, over
10 months ago.  For the past 10 months LGD has had the ability to raise the '569 patent
with respect to CMO but has not done so.  Your email does not provide the reason for LGD's
delay in raising the '569 patent against CMO, nor have you responded to CMO's request for
such information.  At a minimum, before we can even consider your request, we need you to
explain why LGD waited so long -- the day before the required exchange of claim
construction terms -- to attempt to assert the '569 against CMO.

Under the circumstances, LGD's request to assert the '569 patent against CMO at this
juncture in the case, coupled with LGD's refusal to consider a reasonable schedule
accommodation for claim construction if the '569 patent were to be added against CMO,
smacks of tactical gamesmanship.
Your suggestion that CMO should propose '569 claim terms for construction within 4 days of
your email is frankly ludicrous, and we do not see how you could even think such a
proposal was close to reasonable.  As you know, claim construction is based on a detailed
evaluation of the patent, the file history, the prior art, and any relevant extrinsic
evidence, all of which needs to be analyzed and studied in extensive detail by persons
with technical expertise.· Asking that this process be carried out in four days, much less
four weeks, in parallel with the busy claim construction period is plainly unreasonable.
Your further suggestion today that CMO get an "extra"
week to propose its constructions for the '569 patent terms is similarly unreasonable.  By
contrast, LGD and AUO have had over 10 months to conduct their analyses.

Indeed, LGD's "litigation-by-ambush" tactics appear calculated to inflict maximum
prejudice on CMO by essentially freezing CMO out of meaningful participation in the claim
construction process.  By raising the '569 patent at such a late date, LGD is essentially
attempting to force CMO to accept whatever claim terms and constructions are
proposed/negotiated by LGD and AUO, without giving CMO the ability to fully research and
analyze the claim construction issues.

LGD has not even identified the accused products -- information that has been available
for all other patents in suit by now, and which LGD clearly has in its possession but has
not shared -- further disadvantaging CMO.  LGD's infringement allegations are also vague.
LGD accuses CMO of infringing "at least one of" claims 25 and 31-34.  Is LGD planning to
assert all of these claims and, if not, which claims does LGD actually plan on asserting?

Given LGD's unreasonable demand to add the '569 patent at the eleventh hour, without
explanation, the day before exchanging claim terms, without any reasonable accommodation
to the schedule, CMO will oppose LGD's attempt to amend its complaint to assert the '569
patent against CMO.

We are disappointed that LGD has acted so unreasonably on this issue.
As always, we remain open to discussing the issue with LGD if it reconsiders its position.

Sincerely,
Alex

Alexander C.D. Giza
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: 310-203-7143
Facsimile:  310-203-7199


-----Original Message-----
From: Brzezynski, Lora [mailto:lbrzezynski@mckennalong.com]
Sent: Monday, June 23, 2008 7:00 AM

2

To: Hoffman, Adam; ~Chiu, Jay; ~Range, Brian; ~Tyler, M. Craig; ~Holloway, Julie; ~Yip,
Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen;
Kagan, Jonathan; #CMO/LPL [Int]; ~Platt, Christian; ~Warren, Joe; Giza, Alexander
Cc: ~Bono, Gaspare; ~Goodwyn, Tyler; ~Christenson, Cass; ~Lomas, John
Subject: '569 Patent

> Dear Adam:
>
> As you know, LG Display has asserted its '569 Patent against AUO.  LG
> Display first asserted this patent in its Answer to AU Optronic
> Corporation's Amended Counterclaims and Additional Counterclaims filed

> on August 7, 2007.  LG Display now intends to amend that Answer and
> assert the '569 Patent against CMO and CMO USA (hereinafter
> collectively "CMO").  As the deadline in the Scheduling Order to amend

> the pleadings is not until August 1, 2008, we do not believe that CMO
> has any valid basis to assert any legitimate objection to such an
> amendment.  Accordingly, please confirm that CMO will consent to LG
> Display amending its August 7, 2007 Answer.  For your convenience, we
> have attached to this e-mail a proposed redline of LG Display's Second

> Amended Answer. If CMO does not consent, we will be forced to file a
> motion to amend. We would like to avoid bothering the Court with such
> a motion given that the deadline for amendment is not until August. We

> look forward to your cooperation.
>
> LG Display asserts that CMO infringes at least one of claims 25, 31,
> 32, 33, and 34 of the '569 Patent.  Pursuant to the Stipulation and
> Order modifying the Scheduling Order, all parties are to exchange a
> list of terms believed to require construction by Tuesday, June 24,
> 2008. To avoid any argument by CMO that it has not had sufficient time

> to identify terms for the '569 Patent by the deadline of Tuesday, LG
> Display will agree to extend CMO's time to identify terms for the '569

> Patent (but not any other patents) until Friday, June 27, 2008.  Given

> that both LG Display and AUO will identify terms they each believe
> require construction for the '569 Patent on Tuesday (as well as all
> other patents asserted in the case), CMO will have the benefit of
> seeing the terms identifed by LG Display and AUO as to the '569
> Patent. If CMO wants to identify any additional terms relating to the
> '569 Patent, it can do so by Friday.
>
> We look forward to your prompt response.
>
> Best regards,
>
> Lora
>
>
> <<DC-#50554579-v1-Amended_Pleading_to_Add_'569_to_CMO.DOC>>

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.

ccmailg.irell.com made the following annotations
-----------------------------------------------------------------
PLEASE NOTE:  This message, including any attachments, may include privileged,
confidential and/or inside information.  Any distribution or use of this communication by
anyone other than the intended recipient(s) is strictly prohibited and may be unlawful.
If you are not the intended recipient, please notify the sender by replying to this
message and then delete it from your system. Thank you.


-----------------------------------------------------------------

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 30, 2008, he served the foregoing

documents by email and by hand upon the following counsel:

Philip A. Rovner                          Karen L. Pascale
David E. Moore                            John W. Shaw
POTTER ANDERSON & CORROON LLP             YOUNG CONAWAY STARGATT &
1313 North Market Street                  TAYLOR, LLP
Wilmington, DE  19899-0951                The Brandywine Building
                                          1000 West Street, 17th Floor
                                          Wilmington, DE  19899-0391

The undersigned counsel further certifies that, on June 30, 2008, he served the

foregoing documents by email and by U.S. Mail upon the following counsel:

Jonathan S. Kagan                         Vincent K. Yip
Alexander Giza                            Peter J. Wied
IRELL & MANELLA LLP                       PAUL, HASTINGS, JANOFSKY &
1800 Avenue of the Stars                  WALKER LLP
Suite 900                                 515 South Flower Street, 25th Floor
Los Angeles, CA  90067                    Los Angeles, CA  90071

Ron E. Shulman, Esquire                   M. Craig Tyler, Esquire
Julie Holloway, Esquire                   Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI          WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road                        8911 Capital of Texas Highway North
Palo Alto, California 94304-1050          Westech 360, Suite 3350
                                          Austin, Texas 78759-8497

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk