UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>      Plaintiff,<br><br> v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>      Defendants. | Civil Action No. 06-726 (JJF)<br>Civil Action No. 07-357 (JJF)<br><br>CONSOLIDATED CASES |

**PLAINTIFF LG DISPLAY'S OPENING BRIEF
IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SECOND
AMENDED ANSWER TO AU OPTRONICS CORPORATION'S
AMENDED COUNTERCLAIMS AND ADDITIONAL COUNTERCLAIMS**

June 30, 2008

OF COUNSEL:
Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

BAYARD P.A.

Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

*Attorneys for Plaintiffs LG Display Co., Ltd. and
LG Display America, Inc.*

...

## TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ................................................................ 1

SUMMARY OF ARGUMENT ............................................................................................. 2

STATEMENT OF FACTS .................................................................................................... 3

ARGUMENT ........................................................................................................................ 5

I.  LG DISPLAY'S TIMELY, GOOD FAITH MOTION FOR LEAVE TO AMEND IS NOT PREJUDICIAL AND SHOULD BE GRANTED IN ACCORDANCE WITH RULE 15(A) ......................................................................................................... 5

    A.  LG Display's Timely Motion to Amend is Made in Good Faith .......................... 5

    B.  LG Display's Amendment Will Not Unduly Prejudice CMO ............................... 8

II. GRANTING LG DISPLAY'S MOTION TO AMEND IS CLEARLY IN THE INTEREST OF JUDICIAL ECONOMY ................................................................... 9

CONCLUSION ................................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Agere Systems Guardian Corp. v. Proxim, Inc.*,
   190 F. Supp. 2d 726 (D. Del. 2002) ............................................................................................5

*Alvin v. Suzuki*,
   227 F.3d 107 (3d Cir. 2000) .......................................................................................................5

*Arthur v. Maersk, Inc.*,
   434 F.3d 196 (3d Cir. 2006) .......................................................................................................5

*AU Optronics Corp. v. LG.Philips LCD Co., Ltd.*,
   No. 07-C-137-S, 2007 U.S. Dist. LEXIS 39340 (W.D. Wis. May 30, 2007) ................3, 10, 11

*Centerforce Technologies, Inc. v. Austin Logistics, Inc.*,
   No. 99-243 (MMS), 2000 WL 652943 (D. Del. Mar. 10, 2000) ....................................6, 7, 8, 9

*Chi Mei Optoelectronics Corp. v. LG Philips LCD Co., Ltd.*,
   No. 2:07-CV-176, 2008 WL 901405 (E.D. Tex., Mar. 31, 2008) .........................................3, 11

*Foman v. Davis*,
   371 U.S. 178 (1962) ....................................................................................................................5

*Micron Technology, Inc. v. Rambus, Inc.*,
   409 F. Supp. 2d 552 (D. Del. 2006) ............................................................................................9

*Phillip M. Adams & Associates, L.L.C. v. Dell, Inc.*,
   No. 1:05-cv-64 (TS), 2006 WL 3840168 (D. Utah Dec. 21, 2006) ..........................................10

*Trueposition, Inc. v. Allen Telecom, Inc.*,
   Civ. No. 01-823 (GMS), 2002 WL 1558531 (D. Del. July 16, 2002) ..........................6, 8, 9, 10

*United States v. Donald Lane Construction*,
   19 F. Supp. 2d 217 (D. Del. 1998) .....................................................................................2, 5, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a) ........................................................................................................................5

Fed. R. Civ. P. Rule 11 ................................................................................................................7, 8

## **NATURE AND STAGE OF THE PROCEEDINGS**

These proceedings involve three related patent infringement cases concerning 23 patents. LG Display Co., Ltd. ("LG Display") brought the first filed case (C.A. 06-726) in this District. AU Optronics Corporation ("AUO") and Chi Mei Optoelectronics Corporation ("CMO") responded by filing related suits in Wisconsin ("AUO Action") and Texas ("CMO Action"). Both cases have since been transferred here for consolidation with the first-filed case. This Court has already consolidated the AUO Action, and the parties agree that the CMO Action should also be consolidated with this case.[1]

LG Display is alleging that Defendants AUO and CMO infringe nine patents ("LG Display Patents"), including U.S. Patent No. 6,664,569 (the "'569 Patent"). AUO is asserting eight patents ("AUO patents") against LG Display and LG Display America, Inc. ("LG Display America"). CMO is asserting six patents ("CMO Patents") against LG Display and LG Display America. Collectively, more than one hundred and fifty claims are at issue regarding the LG Display Patents, the AUO Patents, and the CMO Patents.

LG Display has asserted eight of the nine LG Display Patents against both AUO and CMO. The remaining patent, the '569 Patent, is currently asserted only against AUO, and not against CMO. LG Display asserted the '569 Patent against AUO and AUO America in counterclaims filed by LG Display on July 24, 2007. (No. 07-357, D.I. 102, 103.)

LG Display asserted the '569 Patent against only AUO because LG Display had not confirmed that CMO infringes the '569 Patent until very recently. In June, 2008, LG Display and its counsel confirmed the basis for infringement claims against CMO with respect to the

---

[1] LG Display and CMO have filed cross motions to consolidate the CMO Action, which was assigned Civil Action No. 08-355 (JJF). (D.I. 295, 296, 298, 299.)

-1-

'569 Patent. On June 23, 2008, LG Display notified CMO of its intent to amend its pleadings to allege that CMO infringes claims 25, 31, 32, 33, and 34 of the '569 Patent. Four of those same five claims are already in this case as part of LG Display's claims against AUO and AUO America.

Discovery is continuing and the parties are in the process of collecting and producing documents. All parties have received discovery from LG Display, and AUO already has served requests for discovery concerning all of the LG Display Patents, including the '569 Patent. The parties have identified claim terms for claim construction briefing, and will exchange proposed claim term definitions on July 17, 2008. (D.I. 194.) Fact and third party discovery will close on December 17, 2008 and expert reports are not due until January 12, 2009. (D.I. 194.) Trial on all claims is scheduled to begin on June 2, 2009. (*Id.*) LG Display now seeks to amend its pleadings to allege that CMO infringes claims 25, 31, 32, 33, and 34 of the '569 Patent, rather than filing an additional case asserting the '569 Patent against CMO and then moving to consolidate that case with this pending action.

The deadline to move to amend pleadings is currently August 1, 2008 (D.I. 194), and CMO has proposed extending the deadline to amend pleadings to October 31, 2008 (D.I. 295).

## SUMMARY OF ARGUMENT

1.  Motions to amend should be liberally granted. *See United States v. Donald Lane Construction*, 19 F. Supp. 2d 217, 221 (D. Del. 1998) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). LG Display's motion for leave to amend is brought in good faith and promptly after confirming that CMO infringes the '569 Patent. LG Display raised this amendment promptly after learning of the factual basis for its claims, six months before the fact-discovery deadline, and well before the deadline for motions to amend pleadings.

2. CMO will not be prejudiced by the amendment to add five additional claims from the '569 Patent. LG Display and AUO already have been addressing the '569 Patent in this case, including in discovery, which will provide relevant information for CMO to use. In addition, ample time remains for CMO to analyze the patent, respond to the claims, and prepare for trial.

3. LG Display's proposed amendment involves a single patent and relates to common claims, common products, and the same parties already in the case. The interests of justice weigh in favor of granting LG Display's motion for leave to amend, rather than having LG Display bring a new overlapping action.

## STATEMENT OF FACTS

LG Display filed this patent infringement action concerning liquid crystal display ("LCD") technology on December 1, 2006 ("LG Display Action") against CMO, CMO USA, AUO, and AUO America (collectively, the "Defendants").[2] (D.I. 1.) Both AUO and CMO subsequently filed related patent infringement claims concerning LCD technology against LG Display in Wisconsin (AUO) and Texas (CMO).

In response to Defendants' attempts to split the proceedings into three separate courts, LG Display moved to transfer both cases back to this Court. (No. 07-357, D.I. 22; No. 08-355-JJF, D.I. 75, Attachment 13.) The United States District Courts for the Western District of Wisconsin and the Eastern District of Texas granted LG Display's motions and transferred both cases here, finding that the interest of justice would be served by the parties resolving all their related disputes together in Delaware. *See AU Optronics Corp. v. LG.Philips LCD Co., Ltd.*, No. 07-C-137-S, 2007 U.S. Dist. LEXIS 39340, *6-7 (W.D. Wis. May 30, 2007); *Chi Mei*

---

[2] LG Display also asserted claims against Viewsonic Corporation, Tatung Company, and Tatung Company of America, who each settled with LG Display and each of whom has since been dismissed from this case.

*Optoelectronics Corp. v. LG Philips LCD Co., Ltd.*, No. 2:07-CV-176, 2008 WL 901405, *2 (E.D. Tex., March 31, 2008). This Court consolidated AUO's Action into the LG Display Action on July 19, 2007, finding consolidation to be "in the interest of judicial economy." (No. 07-357, D.I. 100.) LG Display and CMO also have moved to consolidate the CMO Action with the LG Display Action. (D.I. 295, 296, 298, 299.)

On June 11, 2007 LG Display filed its answer to the complaint in the transferred AUO Action and asserted counterclaims against AUO. (No. 07-357, D.I. 73.) AUO and AUOA filed their replies to LG Display's counterclaims on June 21, 2007 and asserted additional counterclaims against LG Display. (No. 07-357, D.I. 80, 81.) On July 10, 2007, AUO and AUOA amended their replies against LG Display to add an additional counterclaim. (No. 07-357, D.I. 92, 93.) On July 24, 2007, LG Display filed its answers to AUO's and AUOA's counterclaims and asserted additional counterclaims against both AUO and AUOA, including a counterclaim for infringement of the '569 Patent. (No. 07-357, D.I. 102, 103.)

At that time, LG Display had not confirmed that CMO's products infringe the '569 Patent. After reviewing discovery recently produced by CMO in this case on May 15, 2008, LG Display determined that some of CMO's products infringe claims 25, 31, 32, 33, and 34 of the '569 Patent. As soon as LG Display learned that CMO infringed the '569 Patent, LG Display promptly gave notice to CMO of LG Display's intent to amend its '569 Patent counterclaim to add CMO and CMO USA as defendants. (*See* Del. L.R. 7.1.1 Statement.) CMO and CMO USA did not agree to this amendment. (*Id.*)

## ARGUMENT

I. **LG DISPLAY'S TIMELY, GOOD FAITH MOTION FOR LEAVE TO AMEND IS NOT PREJUDICIAL AND SHOULD BE GRANTED IN ACCORDANCE WITH RULE 15(A)**

Federal Rule of Civil Procedure 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). As this Court has explained, "the phrase 'freely given' should be accorded full effect." *United States*, 19 F. Supp. 2d 217 at 221 (*citing Foman*, 371 U.S. at 182). Indeed, there is a "'presumption in favor of allowing a party to amend pleadings.'" *Id.* at 222 (*citing Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 939 (3d Cir. 1984)). Accordingly, the Supreme Court has counseled that motions to amend should be granted except in cases involving unusual circumstances absent here, such as undue delay, bad faith, or dilatory motive. *Foman*, 371 U.S. at 182; *see also Agere Systems Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 732 (D. Del. 2002) (quoting *Foman*). Mere delay, without more, does not justify the denial of leave to amend. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

Consistent with this approach, the U.S. Court of Appeals for the Third Circuit has held that "it is an abuse of discretion to deny leave to amend unless 'plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or [the amendment] fails to cure the jurisdictional defect.'" *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citations omitted). LG Display's motion to amend is timely, meritorious, and brought in good faith.

A. **LG Display's Timely Motion to Amend is Made in Good Faith**

LG Display notified CMO of its intent to assert the '569 Patent promptly after LG Display learned that it had a good faith basis for doing so. LG Display confirmed that CMO is

infringing the '569 Patent in June 2008, based on its review of files relating to CMO products that CMO recently produced in this case. The fact-discovery deadline of December 17, 2008, is still six months away and no depositions have been taken yet. (D.I. 194.) LG Display has filed its motion to amend more than one month before the deadline to amend pleadings of August 1, 2008. (*Id.*) Further, CMO has argued that the Court should delay the deadline for motions to amend pleadings by three more months to October 31. (D.I. 295.) Moreover, the parties have only just exchanged claim terms believed to require construction. Proposed constructions are not due until July 17, 2008 and opening claim construction briefs are not due until August 8, 2008. (D.I. 208.) Finally, expert reports are not due until January 12, 2009. (D.I. 194.)

Courts routinely permit amendments to assert additional patents when those amendments are proposed before the motion to amend deadline or before fact discovery closes. *See, e.g., Trueposition, Inc. v. Allen Telecom, Inc.,* Civ. No. 01-823 (GMS), 2002 WL 1558531, *1 (D. Del. July 16, 2002); *Centerforce Technologies, Inc. v. Austin Logistics, Inc.*, No. 99-243 (MMS), 2000 WL 652943 (D. Del. Mar. 10, 2000). Indeed, this Court has previously granted leave to amend when a party sought to assert four new patents on very last day that the parties were permitted to bring motions to amend. *Trueposition*, 2002 WL 1558531 at *2. Courts have even granted leave to add new patents to the case after the deadline for motions to amend has passed and after depositions have been taken. *See Centerforce*, 2002 WL 652943 at *7.

Here, with still a month left before the motion to amend deadline, LG Display seeks to amend its claims to add the assertion of just a single patent, which is already one of the twenty-three patents in this case, against CMO and CMO USA. LG Display's amendment also comes before the document production deadline, before any depositions have been taken, and six months before the close of fact discovery. Accordingly, LG Display's motion is timely.

-6-

LG Display's motion is also made in good faith. For purposes of amending pleadings, bad faith is limited to some type of misconduct such as "actual or constructive fraud; a design to mislead or deceive; or a neglect or refusal to fulfill some duty or contractual obligation not prompted by an honest mistake but rather by some interested or sinister motive." *United States*, 19 F. Supp. 2d 217 at 221 n.6. CMO cannot show that LG Display's motion to amend is the result of misconduct. Instead, LG Display properly refrained from asserting the '569 Patent until LG Display had a proper basis to do so. As soon as LG Display learned that CMO is infringing the '569 Patent, moreover, LG Display took immediate steps to amend its pleadings.

CMO claims that LG Display's motion is made in bad faith because LG Display should have asserted the '569 Patent against CMO earlier. (*See* Del. L.R. 7.1.1 Statement.) LG Display could not, however, have asserted the '569 Patent earlier because it did not have sufficient information to do so. It cannot be bad faith for a party not to file an infringement claim before having a basis to do so. *See Centerforce*, 2002 WL 652943 at *5 (finding that the Court could not conclude that the plaintiff unduly delayed asserting a claim for infringement when it only recently had developed a sufficient basis).

In *Centerforce*, for example, the parties had already exchanged responses to document requests and interrogatories, and had already engaged in depositions before the plaintiff moved to amend the complaint to add a claim for infringement of an additional patent. *Id*. at *3. Although the plaintiff had expressed its concern that the defendant infringed this additional patent, it asserted that it could not have filed a claim any earlier because it lacked sufficient evidence to do so. *Id*. at *4. The plaintiff argued that it was only after deposing officers of the defendant, that it had sufficient evidence to assert an infringement claim without violating the Rule 11 mandate that the claims and allegations are well grounded in fact. *Id*. at *4-5 (*citing*

Fed. R. Civ. P. 11). The plaintiff promptly moved to amend once it had sufficient evidence. *Id.* at *4. This Court granted the plaintiff's motion to amend.

Like the plaintiff in *Centerforce*, LG Display did not confirm CMO's infringement of the '569 Patent until it had the opportunity to take discovery in this case. *Id.* at *4-5. A review of CMO product files recently produced by CMO in this case enabled LG Display to confirm that CMO products infringe the '569 Patent. LG Display, like the plaintiff in *Centerforce*, swiftly sought to amend its claims once it had developed a sufficient factual basis. *Id.* LG Display could not have, consistent with Rule 11 requirements, brought a claim any earlier than it did. Accordingly, LG Display's motion is made in good faith.

### B. LG Display's Amendment Will Not Unduly Prejudice CMO

CMO cannot credibly claim that LG Display's proposed amendment is unduly prejudicial. As this Court has explained, to show undue prejudice, CMO "must demonstrate that it will be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence' unless leave to amend is denied." *Trueposition*, 2002 WL 1558531 at *2 (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.1989)). CMO cannot do so.

LG Display seeks to assert only five claims from one additional patent against CMO, bringing the total number of claims asserted against CMO to 50. LG Display is defending against over 100 asserted claims from 14 different patents, and five additional AUO Patents for which AUO still has not identified the claims that AUO is asserting against LG Display. The parties are in the midst of producing documents and the close of fact-discovery is still six months away. (D.I. 194.) Depositions have not begun yet, and expert reports are not due until January 2009. (*Id.*) There is still ample time for CMO to review LG Display's document production, take discovery concerning LG Display's assertion of the '569 Patent, and retain any desired

expert witnesses. Further, claim construction briefing will begin in August 2008, the *Markman* hearing is in September 2008, and CMO will have ample opportunity to brief and argue its claim construction positions. (*Id.*)

CMO also cannot claim that any additional discovery on the '569 Patent would be burdensome. *See Centerforce*, 2000 WL 652943 at *6 (finding that any potential prejudice to the defendant by the assertion of a new patent is diminished because the claims relate to the same product and significant discovery regarding that patent had already been conducted); *Micron Technology, Inc. v. Rambus, Inc.*, 409 F. Supp. 2d 552, 559 (D. Del. 2006) (finding that any prejudice is reduced by overlap with already completed case preparation because the new patents relate to the same subject matter as the patents-in-suit and concern overlapping accused products). The new '569 Patent claims against CMO relate to at least the same CMO products already at issue in the case. Significant discovery regarding the '569 Patent has already been conducted by LG Display and AUO. CMO will have the benefit of that discovery, including all prior art identified by both LG Display and AUO. LG Display has also attempted to work with CMO to allow CMO to propose claim constructions for terms in the five asserted claims of the '569 Patent after having the added benefit of first seeing LG Display's and AUO's proposed claim constructions concerning the '569 Patent. Further, the parties have already begun discussions on limiting the scope of briefing for claim construction given the large number of claims and claim terms at issue.

## II.  GRANTING LG DISPLAY'S MOTION TO AMEND IS CLEARLY IN THE INTEREST OF JUDICIAL ECONOMY

This Court has found that when patents are closely related to other patents-in-suit and involve similar technology, "it is clearly in the interest of judicial economy to dispose of all of the claims between the parties in one proceeding." *Trueposition*, 2002 WL 1558531 at *2; *see*

*also Phillip M. Adams & Associates, L.L.C. v. Dell, Inc.*, No. 1:05-cv-64 (TS), 2006 WL 3840168, *1 (D. Utah Dec. 21, 2006) (granting a motion to amend filed over eighteen months after the original pleading that would add infringement claims concerning two additional patents because "it makes little sense to handle part of the parties' disputes and then require a second suit to resolve the rest.").

LG Display's proposed amendment seeks to assert the '569 Patent, which LG Display already has asserted against AUO in this case, against CMO and CMO USA, who are both already parties in this case. Because LG Display's assertion of the '569 Patent involves the same patent, common accused products, common subject matter, and the same parties, the narrow amendment proposed by LG Display will substantially overlap with facts and issues already in this case. "Granting the motion to amend will therefore enable the court to address all of these related issues simultaneously." *Trueposition*, 2002 WL 1558531 at *2. "Conversely, if the motion to amend were denied, [LG Display] could institute a second action against [CMO] for infringement of the additional patent[]." *Id.* The interest of justice is promoted by having all the LCD related patent infringement claims between the parties be resolved in this case. *Id.*; *Phillip M. Adams & Associates*, 2006 WL 3840168 at *1.

Three federal courts have already determined that all of the parties' related claims should be resolved together. Indeed, two other federal district courts have already transferred CMO's and AUO's related LCD infringement suits here so that this dispute could, as originally intended, be resolved in one venue. The United States District Court for the Western District of Wisconsin transferred the AUO Action to Delaware finding that: "[t]he interest of justice would be best served by transferring [AUO's] case to the United States Court for the District of Delaware where consolidation is feasible." *AU Optronics*, 2007 U.S. Dist. LEXIS 39340 at *6-7. *AU*

*Optronics Corp. v. LG.Philips LCD Co., Ltd.*, No. 07-C-137-S, 2007 U.S. Dist. LEXIS 39340, *6-7 (W.D. Wis. May 30, 2007). This Court consolidated the two cases finding that consolidation was in "the interest of judicial economy." (No. 07-357, D.I. 100.) Subsquently, the United States Court for the Eastern District of Texas likewise transferred the CMO Action to Delaware, finding that "the public interest factors overwhelmingly favor a transfer," and that "[t]he interest of justice factor weighs in favor of having the parties resolve their related disputes in one forum, the District of Delaware." *Chi Mei Optoelectronics Corp. v. LG Philips LCD Co., Ltd.*, No. 2:07-CV-176, 2008 WL 901405, *2 (E.D. Tex., March 31, 2008). The parties agree that the CMO Action should also be consolidated. (D.I. 295, 296, 298, 299.) Accordingly, all of the relevant issues concerning the parties' patents-in-suit, including the '569 Patent, should be resovled together.

Because the '569 Patent and common accused CMO products are already at issue in this case, the interests of justice and judicial economy would be best served by granting LG Display's motion for leave to amend.

## CONCLUSION

For the foregoing reasons, LG Display requests that the Court grant LG Display's motion for leave to file its Second Second Amended Answer to Au Optronics Corporation's Amended Counterclaims and Additional Counterclaims, attached as Exhibit A to the motion.

June 30, 2008                                                BAYARD P.A.

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com
*Attorneys for Plaintiffs LG Display Co., Ltd. and LG Display America, Inc.*

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 30, 2008, he served the foregoing documents by email and by hand upon the following counsel:

Philip A. Rovner
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE  19899-0951

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391

The undersigned counsel further certifies that, on June 30, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

Jonathan S. Kagan
Alexander Giza
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA  90067

Vincent K. Yip
Peter J. Wied
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA   90071

Ron E. Shulman, Esquire
Julie Holloway, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 30, 2008, he served the foregoing documents by email and by hand upon the following counsel:

Philip A. Rovner
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19899-0951

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

The undersigned counsel further certifies that, on June 30, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

Jonathan S. Kagan
Alexander Giza
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067

Vincent K. Yip
Peter J. Wied
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

Ron E. Shulman, Esquire
Julie Holloway, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

656846-1