## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-726 (JJF) |
| ) | Civil Action No. 07-357 (JJF) |
| v. ) | |
| ) | CONSOLIDATED CASES |
| CHI MEI OPTOELECTRONICS ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## DEFENDANT CHI MEI OPTOELECTRONICS CORPORATION'S
## SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR
## ENTRY OF PROTECTIVE ORDER

As CMO stated in its Opposition Brief (D.I. 292), CMO has offered to consider any

reasonable protective measures, in addition the several already in the proposed protective

order, to address LG Display's concerns about the security of highly confidential material.

On July 7, 2008, the Court approved a set of such measures in resolution of AUO and LG

Display's dispute regarding the treatment highly confidential product files.  In order the allay

the security concerns LG Display described in its Reply Brief, CMO would accept a similar

set of protective measures to apply to the three-person in-house litigation team (the

"designated personnel") that are the subject of the dispute between CMO and LG Display.

These measures would include:

- Native format product files such as mask files will be kept on a non-networked computer

   in a room at the offices of CMO's outside counsel, to which access will be restricted to

   outside counsel and the designated personnel, and the designated personnel will access

these files only on this non-networked computer and will take no print-outs away from this room.

- The designated personnel will have access to other highly confidential information only in the same restricted-access room at the offices of CMO's outside counsel.

- In addition to the agreed-upon one year prosecution ban on work on patents involving the subject matter of any of the patents in suit, the designated personnel will not participate in any way with patent prosecutions during the course of this action.

These measures, in combination with the significant security measures already in place in both parties' proposed protective orders, should provide a secure context for the delimited in-house access CMO has requested.

OF COUNSEL:

Jonathan S. Kagan
Alexander C. D. Giza
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA 90067
(310) 277-1010

Dated: July 9, 2008
873227

POTTER ANDERSON & CORROON LLP

By: _____

Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant*
*Chi Mei Optoelectronics Corporation*

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on July 9, 2008, the within document was

filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to

the following; that the document was served on the following counsel as indicated; and that the

document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

I hereby certify that on July 9, 2008 I have sent by E-mail the foregoing document

to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com
cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Katherine F. Murray, Esq.
Ms. Denise Esparza
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA 90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com
katherinemurray@paulhastings.com
deniseesparza@paulhastings.com

Ron E. Shulman, Esq.
Julie M. Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
jholloway@wsgr.com

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759
ctyler@wsgr.com
brange@wsgr.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG DISPLAY CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-726 (JJF) |
| | ) | Civil Action No. 07-357 (JJF) |
| v. | ) | |
| | ) | [PROPOSED] ORDER |
| CHI MEI OPTOELECTRONICS | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**AND NOW**, the Court, this _____ day of _____, 2008 upon consideration

of Plaintiff LG Display Co., Ltd.'s Motion for Entry of Protective Order and Defendant Chi

Mei Optoelectronics Corporation's Opposition thereto, does hereby **ORDER**:

The parties shall craft a protective order that permits access to materials designated

"highly confidential" for three members each of the legal departments of Chi Mei

Optoelectronics and LG Display Co., Ltd. (the "designated personnel"), provided that such

personnel shall agree to be bound by the terms of the protective order and to be subject to

the authority of the Court in this matter and:

- Native format product files such as mask files will be kept on a non-networked computer

  in a room at the offices of the parties' respective outside counsel, to which access is

  limited to outside counsel and the designated personnel, and the designated personnel

  will access these files only on this computer, and will take no print-outs away from this

  conference room.

- The designated personnel will have access to other materials designated highly

  confidential only in this same restricted-access room at the offices of the parties'

  respective outside counsel.

- Designated personnel will not participate in any way with patent prosecutions during the course of this action.

IT IS SO ORDERED:

_____
The Honorable Joseph J. Farnan, Jr.