IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 06-726 (JJF) <br> Civil Action No. 07-357 (JJF) <br><br> CONSOLIDATED CASES |

### DEFENDANT CHI MEI OPTOELECTRONIC CORPORATION'S NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION AND FED. R. CIV. P. 45 SERVICE OF SUBPOENA *DUCES TECUM* (Nitto Denko America, Inc.)

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Chi Mei Optoelectronics, Corp. ("Defendant") is serving the attached subpoena on Nitto Denko America, Inc. ("Nitto Denko").

PLEASE TAKE FURTHER NOTICE that Defendant will take the deposition of Nitto Denko as set forth in this notice. The deposition will commence at 9:00 a.m. on August 4, 2008, at the Marriott-San Francisco, 55 4th St., San Francisco, CA 94103, USA, or at such other date, time, or location as may be agreed, and will continue from day to day until completed. The deposition will be recorded by audiotape, videotape, and stenographic recording, including real-time reporting, and shall be taken before an officer qualified to administer oaths under the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that the deponent is not a natural person. Pursuant to Rule 30(b)(6) of the Federal Rule of Civil Procedure, Nitto Denko shall designate one or more

of its officers, directors, or managing agents, or other persons who consent to testify on its behalf, with respect to the subject matters set forth on Attachment "A" of the subpoena.

PLEASE TAKE FURTHER NOTICE that the subpoena for deposition is also a subpoena *duces tecum*. Defendant requests that Nitto Denko produce for inspection and copying the documents and things set forth in Attachment "B" of the subpoena to the attention of Richard E. Lyon, Esq. at Marriott-San Francisco, 55 4th St., San Francisco, CA 94103, USA, or another location as may be agreed, on or before July 21, 2008, or at such other date, time, or location as may be agreed.

You are invited to attend and cross examine.

OF COUNSEL:

Jonathan S. Kagan
Alexander C. D. Giza
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA 90067
(310) 277-1010

Dated: July 9, 2008
873372

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant*
*Chi Mei Optoelectronics Corporation*

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Northern District        of California

LG Display Co., Inc.

**SUBPOENA IN A CIVIL CASE**

V.

Chi Mei Optoelectronics Corporation, et al.

Case Number:[1]  06-726 JJF, 07-357-JJF (D.Del)

TO: Nitto Denko America, Inc.
    Bayside Business Park
    48500 Fremont Blvd., Fremont, CA 94538

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    The depositon may be videotaped.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Marriot-San Francisco 55 4th St., San Francisco, CA 94103 | 9:00 a.m. August 4, 2008 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents in Attachment B.

| PLACE Attn: Richard E. Lyon, Esq. Marriot - San Francisco 55 4th St., San Francisco, CA 94103 | DATE AND TIME 9:00 a.m. July 21, 2008 |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] Attorney for Defendant | July 9, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard E. Lyon, Esq., Irell & Manella, LLP
1800 Avenue of the Stars, Suite 900, Los Angeles, CA  90067  (310) 277-1010

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### INSTRUCTIONS

A.  In responding to the present subpoenas, you are required to furnish such information as is available to you that is within your possession custody or control, including but not limited to information in the possession of your agents, representatives, or any other person or entity acting on your behalf.

B.  If you have no writings, recordings, documents, or other information responsive to a particular category, please so state in writing. Additionally, if you have documents responsive to a particular category which you claim are privileged, please state to in writing and please produce all non-privileged documents. For each document that you claim is privileged, please state: (i) the claimed privilege; (ii) the nature of the document (*e.g.* letter, memorandum, email, notes, *etc.*); (iii) its date; (iv) its author(s), recipient(s), and the employer and position of each person identified; and (v) the identity of each and every person, other than those identified previously, who was sent or provided with the document or information contained therein.

### DEFINITIONS

For purposes of this Attachment, Nitto Denko America, Inc. should use the following definitions for the terms used herein.

A.  "Nitto Denko" "you," and "your" as used hereto, means Nitto Denko America, Inc. Nitto Denko Corporation, all persons or entities acting on your behalf, and any Affiliates (as that term is defined herein), including but not limited to Nitto Denko Corporation.

B.  "CMO" means Chi Mei Optoelectronics Corporation, and all persons or entities acting on its behalf.

C.  "LG Display" and "Plaintiff" means LG Display Co., Ltd., formerly known as LG Philips LCD Co., Ltd., and all persons or entities acting or purporting to act on the behalf of LG Display Co., Ltd., and any Affiliates (as that term is defined herein) of LG Display Co., Ltd.

D.  "AUO" means AU Optronics Corporation, and all persons or entities acting or purporting to act on AU Optronics Corporation's behalf, and any Affiliates (as that term is defined

herein) of AU Optronics Corporation (including, for example, AU Optronics Corporation America).

E. "Affiliate(s)" means any partnerships, parents, subsidiaries, and divisions, and any corporation or other entity that controls, is controlled by, or is under common control with the identified corporation or entity.

F. "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information between two of more persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery, or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements, and other understandings.

G. The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests all information that might otherwise be construed to be outside of their scope.

H. "Concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, describing, discussing, evidencing, or constituting the referenced subject.

I. "Document" means all types of documents, electronically stored information, and things embraced within Federal Rules of Civil Procedure 34 and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, facsimiles, telegrams, cable, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films, slides, photographs, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries

of interviews, reports or summaries of investigations, opinions or reports of consultants, patent studies, opinions of counsel, records, reports, summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, email, sound recordings, computer printouts, floppy disks, hard drives, CD-ROM's, magnetic tapes, and any other data, database, server, or data compilations from which information can be obtained either directly, or, if necessary translated by you through detection devices into a reasonably usable form. The term document also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, products, prototypes, models, and specimens.

J.  "Person" means any natural person, firm, association, partnership, corporation, or other form of legal entity.

K.  "The '352 Patent" means United States Patent No. 5,619,352, and all related applications, continuations, continuations-in-part, or patents issuing there from.

L.  "Foreign Counterparts of the '352 Patent" means any patent applications filed anywhere in the world that claim priority in whole or in part to the '352 Patent, and any patents issuing there from.

M.  The use of the singular form of any word includes the plural and vice versa.

## DEPOSITION TOPICS

You are requested to produce witness(es) with knowledge concerning the following topics:

1.  All documents that you produced in response to this subpoena.

2.  Any correspondence, prior art, search, study, investigation, review, opinion, or analysis concerning the validity or invalidity, enforceability or unenforceability, infringement or non-infringement of any or all of the '352 Patent or Foreign Counterparts of the '352 Patent.

3.  Your sales of optical and display materials used in wide viewing angle Liquid Crystal Display ("LCD") applications, including polarizers and compensators, including the products sold, the amount sold, the buyer, the date, and the cost of the products.

4. The design, components, manufacture, production and structure of optical and display materials used in wide viewing angle LCD applications, including polarizers and compensators, that you offer for sale or have sold.

5. Third party suppliers of materials or components used in the manufacture or production of optical and display materials used in wide viewing angle LCD applications, including polarizers and compensators, that you offer for sale or have sold.

6. Third parties that participate in the manufacture or production of optical and display materials used in wide viewing angle LCD applications, including polarizers and compensators, that you offer for sale or have sold.

7. Communications, meetings, and negotiations between you and AUO, CMO, and/or LGD concerning the '352 Patent or Foreign Counterparts of the '352 Patent (whether individually or as part of a portfolio) or optical and display materials that can be used in wide viewing angle LCD applications, including polarizers and compensators, including the identity and job descriptions of participants in such communications or meetings, and the substance of issues discussed or addressed.

8. Communications, meetings, and negotiations between you and any other person concerning the '352 Patent or the Foreign Counterparts of the '352 Patent (whether individually or as part of a portfolio), the identity and job descriptions of participants in such communications or meetings, and the substance of issues discussed or addressed.

9. Draft and final agreements, contracts, and/or assignments exchanged and/or signed with AUO, CMO, and/or LGD concerning the '352 Patent, Foreign Counterparts of the '352 Patent, or optical and display materials that can be used in wide viewing angle LCD applications, including polarizers and compensators.

10. All other agreements or contracts between you and AUO, CMO, and/or LGD.

11. The optical and display materials used in wide viewing angle LCD applications, including polarizers and compensators, that you supply to LGD.

12. The optical characteristics, including but not limited to the optical symmetry axis, the tilt angle, and the azimuthal angle, of optical and display materials used in wide viewing angle LCD applications, including polarizers and compensators, that you offer for sale or have sold.

13. The efforts you took to gather and search for information and documents responsive to this subpoena, your document and e-mail retention policies and practices, and your efforts to preserve information relevant to this subpoena.

**ATTACHMENT B**

**DOCUMENTS TO BE PRODUCED**

For purposes of this Attachment, Nitto Denko should refer to Attachment A for the definition or meaning of terms used herein, which are incorporated herein by reference. The documents to be produced on or before July 21, 2008, include the following:

1. Documents showing any optical and display materials used in wide viewing angle LCD applications, including polarizers and compensators, that you offer for sale or have sold.

2. Documents describing the design, components, composition, optical characteristics, manufacture, production and structure of any optical and display materials used in wide viewing angle LCD applications, including polarizers and compensators, that you offer for sale or have sold.

3. All documents describing the optical characteristics, including but not limited to the optical symmetry axis, the tilt angle, and the azimuthal angle, of optical and display materials used in wide viewing angle LCD applications, including polarizers and compensators, that you offer for sale or have sold.

4. Documents sufficient to identify all third party suppliers of materials or components used in the manufacture or production of any optical and display materials used in wide viewing angle LCD applications, including polarizers and compensators, that you offer for sale or have sold, including identification of any material or components supplied.

5. Documents sufficient to identify all third parties that participate in the manufacture or production of any optical and display materials used in wide viewing angle LCD applications, including polarizers and compensators, that you offer for sale or have sold.

6. Documents sufficient to identify your sales of optical and display materials used in wide viewing angle LCD applications, including polarizers and compensators, including the products sold, the amount sold, the buyer, the date, and the cost of the products to the buyer.

7. All documents concerning communications, presentations, meetings, negotiations, offers, discussions, and agreements to or with AUO, CMO, or LGD regarding the '352 Patent,

Foreign Counterparts of the '352 Patent, or optical and display materials used in wide viewing angle LCD applications, including polarizers and compensators.

8. All documents reflecting any communications between you and AUO, LGD, or CMO concerning CMO, LGD, or any lawsuit regarding or alleging patent infringement.

9. All contracts and agreements between you and AUO.

10. All contracts and agreements between you and CMO.

11. All contracts and agreements between you and LGD.

12. Documents sufficient to identify optical and display materials used in wide viewing angle LCD applications, including polarizers and compensators, that you supply to LGD.

13. All documents concerning the validity or invalidity, enforceability or unenforceability, infringement or non-infringement, scope, or meaning of any of the claims of any or all of the '352 Patent or Foreign Counterparts of the '352 Patent, including any correspondence, prior art, search, study, investigation, review, opinion or analysis.

14. Documents describing the design, components, composition, optical characteristics, manufacture, production and structure of the following products: LNC-SEGH1MP-F4005BR, LNC-SEGH1 MP-F4005T, LNC-SIGH0LP-3205B, LNC-SIGH0MP-3204B, LNC-SIGH0MP-3704B, LNC-SIGH1HP-3704T, LNC-TEGARC150T-E125T, LNC-TEGH2MP-E1030B, LNC-TEGH2MP-E1032T, LNC-TEGS1-E116T, LNC-TEGS2B-C103T, LNC-TEGS2B-E114B, LNC-TEGS2B-E114B, LNR-TEGATWH1LP-3206T, LNR-TEGATWH1MP-3205T, LNR-TEGATWH1MP-3705T, LNR-TEGTWCH0LP-4201B, LNR-TEGTWH1LP-4201T, LNS-AXTPBTXX8-260009T, LNS-AXTPBTXX8-370009T, LNS-AXTPSTXX8-320014T, LNS-XXTPBZX18-370009B, LNS-XXTPBZXI8-260009B, LNS-XXTPSZXI8-320014B.

15. All documents describing the optical characteristics, including but not limited to the optical symmetry axis, the tilt angle, and the azimuthal angle, of the products listed in the immediately preceding document request no. 14.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on July 9, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

I hereby certify that on July 9, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com
cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Katherine F. Murray, Esq.
Ms. Denise Esparza
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA 90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com
katherinemurray@paulhastings.com
deniseesparza@paulhastings.com

Ron E. Shulman, Esq.
Julie M. Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
jholloway@wsgr.com

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759
ctyler@wsgr.com
brange@wsgr.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com