UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>            Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS CORPORATION, et al.<br><br>            Defendants. | Civil Action No. 06-726 (JJF)<br>Civil Action No. 07-357 (JJF)<br><br>**CONSOLIDATED CASES** |
| CHI MEI OPTOELECTRONICS CORPORATION,<br><br>            Plaintiff,<br><br>v.<br><br>LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC.,<br><br>            Defendants. | Civil Action No. 08-355 (JJF) |

**PLAINTIFF LG DISPLAY'S REPLY BRIEF IN SUPPORT OF
ITS MOTION TO CONSOLIDATE**

July 24, 2008

OF COUNSEL:
Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

BAYARD P.A.

Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

*Attorneys for Plaintiffs LG Display Co., Ltd. and LG Display America, Inc.*

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Chancellor v. Pottsgrove School Dist.*,
   501 F. Supp. 2d 695 (E.D. Pa. 2007) ................................................................................ 1, 2

*Fratzke v. IC System, Inc.*, Civil Nos. 05-1115, 06-232, 2007 WL 1114155 (D. Minn.
   Apr. 13, 2007) ........................................................................................................................ 3

*Muldrow v. United States*,
   No. 4:07-CV-00033, 2007 WL 582184 (E.D. Ark. Feb. 20, 2007) ...................................... 3

*United States v. Dentsply Int'l, Inc.*,
   190 F.R.D. 140 (D. Del. 1999) ............................................................................................. 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16 ........................................................................................................................ 2

Del. L.R. 7.1.2(a) ........................................................................................................................ 2

LG Display Co. Ltd.'s ("LG Display") Motion to Consolidate (D.I. 298) seeks consolidation without any amendments to the Scheduling Order, whereas Chi Mei Optoelectronics Corporation's ("CMO") Motion to Consolidate (D.I. 295) unfairly seeks to extend discovery deadlines to benefit CMO's patent infringement claims and double the number of third-party deposition hours allotted to CMO. The parties all agree that the overlapping Civil Action No. 08-355 (JJF) (the "Transferred Case") should be consolidated with Civil Action Nos. 06-726 (JJF) and 07-357 (JJF). LG Display believes the Court should grant its Motion to Consolidate.

CMO's further request to modify discovery limits and deadlines, however, should be denied. As LG Display sets forth in its Answering Brief in Opposition to Chi Mei Optoelectronics Corporation's Motion for Consolidation (D.I. 337.) ("Opposition to CMO's Motion to Consolidate"), which LG Display incorporates herein, consolidation should be granted without any changes to the Scheduling Order. CMO cannot demonstrate the good cause necessary for amending the Scheduling Order to delay deadlines and increase discovery limits, when this Court entered the current Scheduling Order anticipating the motion for consolidation and when CMO accepted the revised Scheduling Order without objection. (*Id.* at 13-15.) Indeed, CMO fails to identify a single specific reason why it cannot prepare its case under the current Scheduling Order in light of the several hundred requests for production served by AUO and Chi Mei Optoelectronics USA and the fact that LG Display has already produced hundreds of thousands of pages of documents, including technical and sales information for LG Display's products. (*Id.* at 18-20.) Moreover, CMO has had every opportunity to pursue additional discovery in support of its overlapping affirmative claims in the Transferred Case, but chose not to do so. (*Id.* at 15-17.) This lack of diligence further precludes CMO from establishing the

required good cause to amend the Scheduling Order. *See Chancellor v. Pottsgrove School Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007) (citing Fed. R. Civ. P. 16, advisory comm. note (1983)).

CMO's proposed schedule modifications are also unworkable and inconsistent with this Court's decisions on how to manage this case. As AU Optronics Corporation ("AUO") explains in its Response to CMO's Motion to Consolidate and to Extend Discovery Limits, CMO's requested changes to the Scheduling Order could disrupt the entire case management schedule.[1] (D.I. 335.) CMO's proposed amendments, for example, would conflict with this Court's requirement that fact discovery be completed "before any expert discovery or reporting takes place." (Transcript of February 14, 2008 status hearing, attached as Ex. A to LG Display's Opening Brief, D.I. 299, at 10.) CMO requests that the Court extend fact discovery to February 13, 2009, yet opening reports are due earlier, on January 12, 2009. This Court has already confirmed expressly, moreover, that *"the trial date . . . won't be moved."* (*Id.* at 9, emphasis added). In addition, as explained in LG Display's Opposition to CMO's Motion to Consolidate, there is no basis for *any* disruption to the Scheduling Order, let alone a complete overhaul of this Court's case management schedule. (D.I. 377 at 18-20.) Any further delays to the schedule would prejudice LG Display, who has worked diligently to meet this Court's deadlines. (*Id.* at 20-22.)

---

[1] LG Display notes that the Court should disregard any request for relief made by AUO in its opposition to CMO's Motion to Consolidate. In particular, LG Display objects to AUO's request for a two-month extension of all deadlines, including the trial date. Any request to modify the Scheduling Order deadlines would require AUO to file a motion with the Court. *See* Del. L.R. 7.1.2(a) ("Unless otherwise ordered, all requests for relief shall be presented to the Court by motion."). Neither AUO nor any other party has moved this Court for any such amendment to the Scheduling Order. Indeed, in their respective motions to consolidate, LG Display and CMO both recognize that consolidation does not and should not affect the existing trial date. (D.I. 299 at 15-17; D.I. 296 at 7.) Accordingly, AUO's request is improper and LG Display respectfully requests that the Court disregard it, or, in the alternative, permit LG Display to file an opposition to AUO's request.

AUO and CMO have already delayed the resolution of LG Display's claims against them by filing separate lawsuits in separate courts. Permitting the proposed deadline extensions or discovery limit changes would only unnecessarily and unfairly further delay the resolution of this case and create additional costs. Such a result directly conflicts with the very purpose of consolidation, which is to promote efficiency and avoid delay. *See, e.g., United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 146 (D. Del. 1999) (denying consolidation because it would "caus[e] delay that would necessitate lengthening the discovery schedule"); *Muldrow v. United States*, No. 4:07-CV-00033, 2007 WL 582184, *3 (E.D. Ark. Feb. 20, 2007) (consolidation's "purpose is the avoidance of unnecessary cost or delay."); *Fratzke v. IC System, Inc.*, Civil Nos. 05-1115, 06-232, 2007 WL 1114155, *2 (D. Minn. Apr. 13, 2007) ("the purpose of consolidation is to encourage convenience and economy of administration of cases and avoid unnecessary cost or delay.").

Accordingly, for the foregoing reasons and the reasons set forth in LGD's opening brief (D.I. 299) and LGD's brief in opposition to CMO's motion (D.I. 377), LG Display respectfully requests the Court grant LG Display's motion for consolidation without any changes to the Scheduling Order.

July 24, 2008                                    BAYARD P.A.

                                                 /s/ Richard D. Kirk (rk0922)
OF COUNSEL:                                      Richard D. Kirk
Gaspare J. Bono                                  Ashley B. Stitzer
R. Tyler Goodwyn, IV                             222 Delaware Avenue, 9th Floor
Lora A. Brzezynski                               P.O. Box 25130
Cass W. Christenson                              Wilmington, DE 19899-5130
John W. Lomas, Jr.                               (302) 655-5000
McKenna Long & Aldridge LLP
1900 K Street, N.W.                              *Attorneys for Plaintiffs LG Display Co., Ltd. and*
Washington, D.C. 20006                           *LG Display America, Inc.*
(202) 496-7500

3

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 24, 2008, he served the foregoing documents by email and by hand upon the following counsel:

Philip A. Rovner
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19899-0951

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

The undersigned counsel further certifies that, on July 24, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

Jonathan S. Kagan
Alexander Giza
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067

Vincent K. Yip
Peter J. Wied
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

Ron E. Shulman, Esquire
Julie Holloway, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk