IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION, et al. <br><br> Defendants. | Civil Action No. 06-726 (JJF) <br> Civil Action No. 07-357 (JJF) <br><br> CONSOLIDATED CASES |

**REPLY IN SUPPORT OF CHI MEI OPTOELECTRONICS CORPORATION'S
MOTION TO CONSOLIDATE AND TO EXTEND DISCOVERY LIMITS**

OF COUNSEL:

Jonathan S. Kagan
Alexander C. D. Giza
Adam Hoffman
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA 90067
(310) 277-1010

Dated: July 24, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant
Chi Mei Optoelectronics Corporation*

TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................1

II. CONSOLIDATION PROVIDES GOOD CAUSE FOR MODIFYING THE SCHEDULING ORDER, AND CMO REASONABLY RELIED ON THE TEXAS SCHEDULE IN PLANNING ITS OFFENSIVE DISCOVERY.................2

III. CMO TIMELY OBJECTED TO LGD'S PROPOSAL THAT CONSOLIDATION PROCEED WITHOUT ANY SCHEDULING MODIFICATION. .................................................................................................3

IV. CONCLUSION......................................................................................................6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chancellor v. Pottsgrove Sch. Dist.*,
    501 F. Supp. 2d 695 (E.D. Pa. 2007) ................................................................ 2

*Dag Enters., Inc. v. Exxon Mobil Corp.*,
    226 F.R.D. 95 (D.D.C. 2005) .............................................................................. 3

*FMC Corp. v. Vendo Co.*,
    196 F. Supp. 2d 1023 (E.D. Cal. 2002) ........................................................... 3, 5

*Koplove v. Ford Motor Co.*,
    795 F.2d 15 (3d. Cir. 1986) ................................................................................ 2

**Rules**

Fed. R. Civ. P. 16(b) ........................................................................................................ 2

Fed. R. Civ. P. 46 ............................................................................................................ 4

I.  **INTRODUCTION**

If the Court consolidates this action with the recently transferred Texas action, a result that all parties favor, good cause exists for modifying this Court's April 29, 2008 Scheduling Order ("Scheduling Order"). Contrary to LGD's assertions, adjusting the Scheduling Order in light of consolidation is not equivalent to granting CMO an ordinary deadline extension. CMO merely seeks to preserve some modicum of the considerable time still remaining in the Texas action for fact discovery, amendments to pleadings, and time allotted for third-party depositions.

With the addition of CMO's affirmative patent infringement claims in the Delaware action, CMO will have the burden of proof to show LGD's infringement of each and every limitation of the asserted claims of six additional patents.[1] The Scheduling Order was prepared without considering CMO's offensive claims and must be amended to permit CMO additional time and discovery to prepare its case. As detailed in its Opening Brief, CMO has proposed three limited adjustments to the Scheduling Order: (1) a two-month extension for fact discovery; (2) a two-month extension for amendment of pleadings; and (3) 60 additional hours of third-party deposition time.

By opposing these limited modifications, LGD seeks to gain an unfair tactical advantage by impeding CMO's ability to take discovery and develop facts necessary for its affirmative claims, which, until now, have never been at issue in Delaware. As discussed in this Reply Brief, the arguments presented in LGD's Answering Brief mischaracterize the factual record and should not prevent the Court from granting CMO's request for a limited modification of the Scheduling Order.

---

[1] At present, in the Delaware action, LGD has the burden of proof to demonstrate non-infringement of CMO's patents. Thus, a showing by LGD of non-infringement of a single limitation in an independent claim would resolve the issues of infringement for the entire independent claim and all claims depending therefrom. In contrast, for CMO's offensive claims, CMO needs to address infringement of every limitation of every asserted claim.

## II. CONSOLIDATION PROVIDES GOOD CAUSE FOR MODIFYING THE SCHEDULING ORDER, AND CMO REASONABLY RELIED ON THE TEXAS SCHEDULE IN PLANNING ITS OFFENSIVE DISCOVERY.

In its Answering Brief, LGD attempts to sidestep the effect that consolidation would have on scheduling by framing the issue around CMO's purported lack of "diligence" in pursuing discovery. However, the facts fail to support LGD's assertion, as CMO diligently sought discovery in the Texas action despite LGD's tactical efforts to resist and delay. For example, LGD refused CMO's requests for open discovery in Texas in response to CMO's initial document requests. *See, e.g.*, Exs. F, G to CMO's Opening Brief. LGD then produced only the limited materials required by local patent rules and refused to supplement its production prior to transfer. *Id.*

More importantly, CMO reasonably relied on the ample time remaining under the Texas schedule when planning its offensive discovery prior to transfer. LGD's assertion that CMO must lose all of this time is unreasonable and unsupportable. For all of the verbiage in its Answering Brief, LGD fails to cite a single Rule 16(b) case that addresses the scheduling consequences of consolidation. All of LGD's cited cases merely involve parties seeking extensions in unconsolidated actions. *See, e.g., Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007) (cited by LGD as if relevant to consolidation scheduling, but which merely involves a single case in which defendants moved to amend their pleadings after the relevant deadline had passed); *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d. Cir. 1986) (plaintiff in an unconsolidated case "failed to file a motion to compel responses to discovery in sufficient time" under the governing scheduling order with "no explanation" for the failure). Because the cases on which LGD relies do not speak to the impact of consolidation on scheduling, they are of little relevance here.

LGD dismisses the fact that considerable time remained in the Texas action for fact discovery and amendment of the pleadings, as well as 60 hours per party of third-party depositions. LGD argues that CMO should lose all of this time because it should have *assumed* that it would lose this time when LGD first moved to transfer the Texas action in June 2007. Answering Brief at 16 (arguing that consolidation without any scheduling accommodation "has been reasonably foreseeable since [LGD] moved to transfer the CMO Action to Texas on June 15, 2007").[2] LGD's sole support for this assertion is *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 106 (D.D.C. 2005). However, like every other Rule 16 case cited by LGD, *Dag* does not address the unique scheduling issues raised by consolidation. *Dag* stands for the unremarkable principle that a party cannot move to compel the production of new documents, without the court's permission, after the discovery deadline passed and when that party should have previously foreseen the documents' relevance.

More to the issue at hand, parties like LGD who move for consolidation should "reasonably expect the outcome they requested ... to have some effect on the deadlines." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1050 (E.D. Cal. 2002) (holding that "some modification of the schedule" was required "in light of consolidation" even where a party had otherwise failed to demonstrate good cause for a schedule modification).

### III. CMO TIMELY OBJECTED TO LGD'S PROPOSAL THAT CONSOLIDATION PROCEED WITHOUT ANY SCHEDULING MODIFICATION.

Throughout its Answering Brief, LGD misrepresents the record in order to suggest that CMO "accept[ed] the current Scheduling Order" with the "understanding that the CMO action was transferred for Consolidation with [the Delaware] case." Answering Brief at 13. LGD

---

[2] Although LGD now argues that CMO should have anticipated transfer and planned its discovery for its affirmative case in Texas in accord with the Delaware Scheduling Order, this argument rings hollow given that LGD was resisting CMO's discovery efforts in Texas during this time. *See supra* at 2.

writes that the "parties submitted a proposed scheduling order" in response to the Court's invitation "to consider the effect that transfer of the CMO Action would have on the schedule." *Id.* LGD's characterization of events is highly misleading. At the February 14, 2008 scheduling conference, the Court asked explicitly whether the proposed schedule would contemplate transfer of the Texas action to Delaware. Answering Brief, Ex. A, at 7. Counsel for CMO responded only that he did not represent CMO in the Texas action, and that, in his opinion, transfer was unlikely.[3] *Id.* at 7-8. LGD offered no response to this question. *Id.* at 8.

CMO was not required to object to the Scheduling Order in "anticipation" of LGD's motion to consolidate the Delaware and Texas cases without any scheduling accommodation. This Court has never ruled or otherwise indicated that the Scheduling Order would absorb CMO's Texas claims in this manner. While the Court fixed a trial date during the February 2008 scheduling conference, and ordered the parties to go forward with discovery in the Delaware case despite CMO's pending jurisdictional challenges, the Court never directed the parties to propose discovery deadlines in anticipation of consolidation. *See id.* at 11 ("But I think *in this case*, I have enough information to make the decision and so I think we ought to get started on the case.") (emphasis added). CMO did not object to entry of the Scheduling Order because that order provided sufficient time and discovery for the Delaware claims that it governed.

LGD now asks, for the first time, that the Court consolidate the Texas and Delaware cases and eliminate the time still available for fact discovery and amendments to the pleadings, as well as the additional time allotted for third-party depositions, under the Texas schedule. CMO's objection to this proposal is both sound and timely. *See* Fed. R. Civ. P. 46 (providing

---

[3] MR. ADAMO: Your Honor, it's Ken Adamo again. I and my firm are not . . . representing CMO in [the Texas] action, but I do appear in that court quite frequently and I think Your Honor is aware that transfer from court to court is not something that happens with frequency, but Judge Ward does what Judge Ward does, and I'm sure he will rule on the matter when he gets . . . to it. Answering Brief, Ex. A, at 7-8.

- 4 -

that the time for objecting to a ruling or order is once "the ruling or order is requested or made"). Any arbitrary shortening of the deadlines governing CMO's affirmative claims will prevent CMO from obtaining and responding to the discovery necessary to prepare for a consolidated trial. For example, CMO needs to seek substantial third party information regarding components of LGD products for its infringement analysis, as well as information regarding the sales and distribution of LGD products for the purpose of assessing damages. In this regard, LGD and AUO have already served dozens of third party subpoenas, and have submitted with the Court Letters of Request for foreign discovery, to develop their own affirmative claims. This information is likewise crucial to CMO's affirmative claims, which were not at issue in the Delaware case prior to consolidation.[4] By granting the three scheduling adjustments proposed in CMO's Opening Brief, the Court will prevent serious hardship to CMO while leaving the scheduled trial date intact.

Lastly, LGD claims that any schedule modification will result in prejudice, but it fails to explain how a limited extension, which would affect all parties equally and leave the trial date undisturbed, would create more prejudice than denying CMO reasonable time to prepare its case.[5] *See FMC Corp.*, 196 F. Supp. 2d at 1050 ("Vendo/Floway do not demonstrate how a

---

[4] Obtaining foreign discovery through Letters of Request can take many months, and much of the information relevant to CMO's affirmative claims resides overseas and will require Letters of Request.

[5] Specifically, LGD argues that extending fact discovery will cause prejudice by creating some overlap with expert discovery. Answering Brief, at 21. CMO realizes that the Court initially directed the parties to complete fact discovery before commencing expert discovery, but this occurred prior to transfer of CMO's affirmative claims to Delaware. *Id.* Ex. A, at 10. In light of the Court's strong indication that trial not be moved, *id.*, CMO has made a good-faith effort to propose a compromise that allows for some further development of its affirmative claims while leaving the scheduled trial date intact. LGD has offered no alternative, save for unconditional consolidation without any schedule modification whatsoever. *Id.* Ex. B. If the Court prefers, however, CMO does not object to the Scheduling Order modification proposed in AU Optronics Corporation's Response to CMO's Opening Brief (D.I. 335), at 2, which involves a two-month extension for all remaining scheduling deadlines.

delay of a few months will prejudice them, while BNSF will be greatly prejudiced if it is not allowed reasonable time to prepare its case[.]"). Further, it should be of no surprise to LGD that modest scheduling changes would be necessary to consolidate the Delaware and Texas actions when it first raised the issue of consolidation. *Id.* (holding that the parties who moved to dismiss, stay, or consolidate a related action should reasonably have expected consolidation to result in some extension of the schedule governing the initial action). Thus, LGD should not be heard to complain now about the inevitable result of its actions.

## IV. CONCLUSION

For the reasons set forth above and in CMO's Opening Brief, CMO urges the Court to consolidate this action with the recently transferred Texas action and to adopt three amendments to the Court's April 29, 2008 Scheduling Order to prevent severe prejudice to CMO: (1) a two-month extension for fact discovery; (2) a two-month extension for amendment of pleadings; and (3) 60 additional hours of third-party deposition time. CMO's request reasonably provides for additional discovery and time needed to prepare CMO's offensive case without departing significantly from this Court's current Scheduling Order and without changing the date set for trial.

OF COUNSEL:

Jonathan S. Kagan
Alexander C. D. Giza
Adam Hoffman
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA 90067
(310) 277-1010

Dated: July 24, 2008
875887

POTTER ANDERSON & CORROON LLP

By: */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Hercules Plaza, 6th Floor
    P. O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Defendant
Chi Mei Optoelectronics Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on July 24, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

| **BY CM/ECF, HAND DELIVERY AND E-MAIL** | **BY CM/ECF, HAND DELIVERY AND E-MAIL** |
|---|---|
| Richard E. Kirk, Esq.<br>Ashley Blake Stitzer, Esq.<br>The Bayard Firm<br>222 Delaware Avenue<br>Suite 900<br>P.O. Box 25130<br>Wilmington, DE  19899<br>rkirk@bayardfirm.com<br>astitzer@bayardfirm.com | John W. Shaw, Esq.<br>Karen L. Pascale, Esq.<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801<br>jshaw@ycst.com<br>kpascale@ycst.com |

I hereby certify that on July 24, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com
cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Katherine F. Murray, Esq.
Ms. Denise Esparza
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA  90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com
katherinemurray@paulhastings.com
deniseesparza@paulhastings.com

| | |
|---|---|
| Ron E. Shulman, Esq.<br>Julie M. Holloway, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>rshulman@wsgr.com<br>jholloway@wsgr.com | M. Craig Tyler, Esq.<br>Brian D. Range, Esq.<br>Wilson Sonsini Goodrich & Rosati<br>8911 Capital of Texas Highway North<br>Westech 360, Suite 3350<br>Austin, TX 78759<br>ctyler@wsgr.com<br>brange@wsgr.com |

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com