UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>                Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>                Defendants. | Civil Action No. 06-726 (JJF)<br>Civil Action No. 07-357 (JJF)<br><br>CONSOLIDATED CASES |

**PLAINTIFF LG DISPLAY'S REPLY BRIEF IN SUPPORT OF
LG DISPLAY'S MOTION FOR LEAVE TO FILE SECOND
AMENDED ANSWER TO AU OPTRONICS CORPORATION'S
<u>AMENDED COUNTERCLAIMS AND ADDITIONAL COUNTERCLAIMS</u>**

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

BAYARD P.A.

Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000

*Attorneys for Plaintiffs LG Display Co., Ltd. and
LG Display America, Inc.*

{BAY:01088796v1}

## **TABLE OF CONTENTS**

                                                                  **Page**

ARGUMENT ............................................................................................................................. 2

I.     CMO CANNOT MEET ITS BURDEN OF DEMONSTRATING WHY THE LIBERAL AMENDMENT POLICY SHOULD NOT APPLY TO LG DISPLAY'S TIMELY MOTION TO AMEND ............................................................. 2

II.    PROMPTLY UPON LEARNING CMO INFRINGED THE '569 PATENT, LG DISPLAY PROVIDED NOTICE TO CMO AND MOVED TO AMEND ..................... 3

        A.    CMO's Attempt To Impugn LG Display By Accusing LG Display Of Improper Tactics Is Wholly Unfounded ............................................... 4

        B.    Whether LG Display Could Have Learned That CMO Infringed The '569 Patent Through Additional Testing And Analysis Is Irrelevant ............................ 6

III.   CMO'S MANUFACTURED PREJUDICE FROM ITS OWN DECISION TO SIT OUT CLAIM CONSTRUCTION AS TO THE '569 PATENT CANNOT BE A BASIS TO DENY LG DISPLAY'S MOTION TO AMEND .................................... 10

IV.  CONCLUSION .............................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*IXYS Corp. v. Advanced Power Technology, Inc.*,
No. C-02-03942, 2004 WL 135861 (N.D. Cal. Jan. 22, 2004)..........................................12, 13

*Aloe Vera of America, Inc. v. United States*,
233 F.R.D. 532 (D. Ariz. 2005) ...............................................................................................5

*Arthur v. Maersk*,
434 F.3d 196 (3d. Cir. 2006)............................................................................................ *passim*

*Centreforce Technologies, Inc. v. Austin Logistics, Inc.*,
No. Civ. A. 99-243 (MMS), 2000 WL 652943, *4 n.3 (D. Del. Mar. 10, 2000) ......................3

*Clark v. Williams*,
C.A. No. 07-239 (JJF), 2008 WL 1803648 (D. Del. April 18, 2008).........................1, 2, 12, 13

*General Motors Corp. v. Schneider Logistics, Inc.*,
2008 WL 2785861 (E.D. Pa. 2008) .........................................................................................2

*GSS Properties, Inc. v. Kendale Shopping Center, Inc.*,
119 F.R.D. 379 (M.D.N.C. 1988) ............................................................................................5

*Kinberg v. Colorforms*,
Nos. 89 Civ. 1156 (PKL), 89 Civ. 1292 (PKL), 1991 WL 107439 (S.D.N.Y. June 10, 1991) ........................................................................................................................................7

*Lorenz v. CSX Corp.*,
1 F.3d 1406 (3d Cir. 1993)........................................................................................................7

*NeoMagic Corp. v. Trident Microsystems, Inc.*,
287 F.3d 1062 (Fed. Cir. 2002)................................................................................................11

*Samick Music Corp. v. Delaware Music Industries, Inc.*,
Civ. A. No. 91-23-CMW, 1992 WL 39052 (D. Del. Feb. 12, 1992)........................................7

*Semiconductor Energy Laboratory Co. v. Sanyo North America Corp.*,
No. C.A. 00-0018-GMS, 2001 WL 194303 (D. Del. Feb. 22, 2001) .....................................12

*Senza-Gel Corp. v. Seiffhart*,
803 F.2d 661 (Fed. Cir. 1986)..............................................................................................2, 4

*Smithkline Beecham Corp. v. Apotex Corp.*,
403 F.3d 1331 (Fed. Cir. 2005), *cert. denied*, 126 S. Ct. 2887 (2006) ...................................11

*SRI Intern. v. Matsushita Elec. Corp. of America*,
 775 F.2d 1107 (Fed. Cir. 1985).................................................................................................11

*Stokes v. Arpaio*,
 No. CV-04-2845, 2007 WL 951970 (D. Ariz. Mar. 28, 2007)..................................................5

*Vonage Holdings Corp. v. SBC Internet Serivces, Inc.*,
 Nos 4:04-CV-548-Y, 4:05-CV-224-Y, 2007 WL 3169167 (Oct. 30, 2007) ...........................12

LG Display Co. Ltd. ("LG Display") promptly asserted United States Patent No. 6,664,569 (the "'569 Patent") against Chi Mei Optoelectronics Corporation ("CMO") as soon as LG Display was aware that CMO infringed the '569 Patent and well in advance of the deadline for motions to amend. LG Display first learned that CMO infringed the '569 Patent in June of this year. Counsel for LG Display promptly, on June 21, 2008, reviewed mask files produced by CMO and confirmed that CMO infringed the '569 Patent. Counsel for LG Display then promptly notified CMO on Monday, June 23, 2008, in an e-mail to CMO's counsel in California at 7:00 am PDT (10:00 am EDT), that LG Display intended to assert the '569 Patent against CMO. CMO's unsupported allegation and assumptions of bad faith and intentional delay by LG Display are patently false.

Furthermore, CMO's attempt to argue that LG Display possibly could have learned of CMO's infringement earlier ignores the history of this case and, in any event, is not a basis to deny the motion to amend. *Arthur v. Maersk*, 434 F.3d 196, 204 (3d. Cir. 2006). LG Display filed its motion to amend promptly after learning it had a basis to assert the '569 patent. Leave to amend thus should be granted because CMO has not proved that it would be unjustly prejudiced by the proposed amendment. *Clark v. Williams*, C.A. No. 07-239 (JJF), 2008 WL 1803648, at *1 (D. Del. April 18, 2008) (J. Farnan).

CMO's claim of prejudice is that CMO will not participate in the claim construction process for the '569 Patent, but CMO's failure to participate is of its own choosing. LG Display is asserting only five claims of the '569 Patent against CMO, and only one of those claims is an independent claim. When LG Display notified CMO's counsel that it intended to assert the '569 Patent against CMO, LG Display offered CMO an extension to Friday, June 28, 2008 to identify claim terms believed to require construction. This would have given CMO five full working

days to identify claim terms, including three full days after CMO received the '569 claim terms identified by both LG Display and AUO on June 24, 2008. LG Display further offered CMO an additional five days, from July 17, 2008 to July 22, 2008, to provide proposed constructions of the '569 claim terms, giving CMO the significant advantage of first seeing the constructions proposed by both LG Display and AUO. CMO refused to make any attempt to work with LG Display, however. Instead, although CMO has had notice of LG Display's '569 claims for over a month, CMO has chosen to sit out the '569 claim construction instead of agreeing to any reasonable exchange of CMO's proposed terms or constructions. CMO's own decision to not participate in claim construction on the '569 Patent cannot be a basis to deny a timely motion to amend filed over a month before the deadline to amend pleadings. LG Display therefore respectfully requests the Court grant its Motion to Amend.

## ARGUMENT

### I. CMO CANNOT MEET ITS BURDEN OF DEMONSTRATING WHY THE LIBERAL AMENDMENT POLICY SHOULD NOT APPLY TO LG DISPLAY'S TIMELY MOTION TO AMEND

Consistent with the "'strong policy to permit the amending of pleadings'" and the Supreme Court's instruction to freely and liberally grant leave to amend, "the non-movant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986) (citations omitted). As this Court just recently explained, "[t]he non-moving party has the burden of *proving* that actual prejudice will result from amendment of the complaint." *Clark*, 2008 WL 1803648, at *1 (citing *Kiser v. Gen. Elec. Co.*, 831 F.2d 423, 427-28 (3d Cir. 1987)). Indeed, the non-moving party also has the "burden [of] demonstrating undue delay" and "'must show that it was unfairly disadvantaged or deprived of the opportunity to present factors or evidence which it would have offered'" if the amendment had been made earlier. *General Motors Corp. v. Schneider Logistics, Inc.*, 2008 WL 2785861, at

{BAY:01088796v1}

2

*3 (E.D. Pa. 2008) (citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of the V.I., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981)).

CMO fails to satisfy its burden. LG Display timely moved to amend before the deadline to amend pleadings, well before the close of discovery, and promptly after learning for the first time that CMO infringed the '569 Patent. The parties have not yet briefed the claim terms, have not begun to take depositions, and will not conduct expert discovery for months. Thus, CMO's allegations of bad faith and undue delay are meritless. Further, any alleged prejudice to CMO has been self-inflicted by its own strategic decision to sit out the '569 Patent claim construction process. Accordingly, consistent with the liberal policy in favor of permitting amendments, LG Display respectfully requests that the Court grant LG Display's Motion to Amend.

## II.   PROMPTLY UPON LEARNING CMO INFRINGED THE '569 PATENT, LG DISPLAY PROVIDED NOTICE TO CMO AND MOVED TO AMEND

CMO's claim that LG Display waited months to raise the '569 Patent against CMO is simply false. LG Display was not aware of any basis to assert the '569 Patent against CMO when it filed the original complaint, when it asserted the '569 Patent against AUO on July 25, 2007, when it filed its counterclaims in CMO's Texas suit in August 2007 and in November 2007, or when it filed any other claims in this suit.[1] Indeed, LG Display knew of no basis at all to assert the '569 Patent against CMO until just recently when it learned for the first time in June 2008 that one of CMO's products might infringe the '569 Patent. Thus LG Display's motion to

---

[1] If the Court deems it necessary, LG Display is willing to provide a declaration to support the facts asserted in this brief, but is concerned it would implicate work product and attorney client communication privileges. Further, this Court has previously stated that there appears to be "no authority that would require the filing of an affidavit to support a motion to amend." *Centreforce Technologies, Inc. v. Austin Logistics, Inc.*, No. Civ. A. 99-243 (MMS), 2000 WL 652943, *4 n.3 (D. Del. Mar. 10, 2000).

amend is timely and should be granted consistent with the well established policy to liberally permit amendments. *Senza-Gel Corp.*, 803 F.2d at 666.

### A. CMO's Attempt To Impugn LG Display By Accusing LG Display Of Improper Tactics Is Wholly Unfounded

Contrary to CMO's unfounded claim of intentional and strategic delay, LG Display only recently became aware through analysis of a CMO product that the product might infringe the '569 Patent. Promptly thereafter, upon learning this information on June 21, 2008, LG Display's counsel reviewed mask files for that product and other CMO products, confirming that LG Display had a sufficient basis to assert the '569 Patent against CMO. For example, LG Display's counsel reviewed TJV501XB_TJV501XH.gds, a native product file that CMO produced on May 16, 2008, and learned that CMO model number V315B1 infringes the '569 Patent. Two days later, before the work day for CMO's counsel began on Monday, June 23, 2008, LG Display emailed CMO's counsel concerning LG Display's intention to assert the '569 Patent against CMO. (D.I. 302, Certificate of Counsel, Ex. 1).

CMO thus has no basis to claim that LG Display strategically delayed asserting the '569 patent. CMO's claim that LG Display delayed asserting the '569 Patent for a tactical advantage, moreover, is logically unpersuasive. Had LG Display intentionally delayed as CMO suggests, LG Display would create an unnecessary dispute. LG Display gains no benefit from delaying assertion of the '569 Patent against CMO. Because the '569 Patent is already in the case against AUO, CMO will already have the benefit of all of AUO's and LG Display's discovery concerning the '569 Patent. Similarly, CMO already will have the benefit of AUO's efforts to develop claim constructions for terms in the '569 Patent. Indeed, because of the extensions offered by LG Display, CMO would have the significant added benefit of studying both AUO's and LG Display's proposed claim term constructions before having to submit its own. LG

Display did not assert the '569 Patent against CMO earlier because, until now, LG Display was not aware that CMO is infringing that patent.

CMO's reliance on *Aloe Vera of America, Inc. v. United States*, 233 F.R.D. 532, 535 (D. Ariz. 2005), is misplaced. In *Aloe Vera*, the plaintiffs delayed adding a new claim until after the case had been pending for almost five years despite the fact the plaintiffs *were aware* of the facts supporting the claim from the beginning of the case. *Id.* Plaintiff's counsel even wrote to defendant's counsel about the proposed amendment nine months before seeking to amend. Unlike LG Display, moreover, the plaintiff in that case intentionally waited to file the motion to amend until after depositions had already concluded. *Id.* The U.S. District Court for the District of Arizona has expressly recognized, however, that bad faith does not exist when, as is the case here, a plaintiff seeks to amend promptly after learning of the existence of the additional claims. *Stokes v. Arpaio*, No. CV-04-2845, 2007 WL 951970, at *2 (D. Ariz. Mar. 28, 2007). Indeed, the court found bad faith in *Aloe Vera* only because the plaintiffs had "wait[ed] to amend their complaint after they had taken the depositions of the defendants'' witnesses." *Id.*

The other authority cited by CMO is similarly inapposite. In *GSS Properties, Inc. v. Kendale Shopping Center, Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. 1988), the court found bad faith because the plaintiff "*clearly knew*" of the facts supporting the claim prior to filing the action. (Emphasis added). The plaintiff had even admitted to the defendant that it knew the relevant facts at time of the original complaint, but "did not raise [the] allegations earlier because of regard for defendant's shareholders." *Id.* at 380. As CMO concedes, LG Display did not "give CMO any indication that it may later seek to assert the '569 patent against CMO." (D.I. 350 at 2.) LG Display could not have given any such indication until it did so in June 2008 because, until then, LG Display had no basis to do so.

{BAY:01088796v1}

5

### B. Whether LG Display Could Have Learned That CMO Infringed The '569 Patent Through Additional Testing And Analysis Is Irrelevant

CMO claims that LG Display could have learned about CMO's infringement of the '569 Patent at least a year earlier, but provides no authority for any such "could have known" test. (D.I. 350 at 4, 10-11.) CMO even suggests that LG Display could have asserted the '569 Patent against CMO from the outset of this litigation.[2] (*Id.* at 13.) That argument rests on the absurd assumption that LG Display should have analyzed all of CMO's products for infringement of all of LG Display's thousands of patents before bringing any infringement suit against CMO. CMO likewise provides no authority for this proposition. If CMO's assertion were true, CMO improperly delayed asserting United States Patent No. 7,280,179 (the "'179 Patent") against LG Display when it filed a counterclaim in the Texas case seven months after filing the original complaint.

Rather than trying to determine when a party *could have* learned of the facts necessary to support a proposed amendment, the more appropriate analysis focuses on when the moving party *knew* of the facts supporting the amendment.[3] In a case CMO cites as authority, for example,

---

[2] CMO claims LG Display waited eighteen months to amend its '569 Patent to add CMO as a defendant (D.I. 350 at 13), but LG Display did not file its original claim on the '569 Patent (against AUO) until July 24, 2007 (No. 07-357, D.I. 103). Thus, LG Display's motion to amend comes only eleven months after the original claim, which, according to precedent in the Third Circuit, is not unreasonable. *Arthur*, 434 F.3d at 204.

[3] Even applying CMO's hindsight analysis, moreover, LG Display's motion to amend should be granted. *See, e.g., Arthur*, 434 F.3d at 206. In *Arthur*, a merchant seaman moved to amend his negligence claim, for injuries suffered aboard ship, eleven months after first filing the claim, seeking to add the United States as a defendant. *Id.* at 201-02. The seaman claimed that he did not confirm that the United States owned and controlled the ships until shortly before filing the amendment. *Id.* at 205. The Third Circuit recognized that because the seaman knew the ships bore the "U.S.N.S" designation, the plaintiff had a basis to name the United States as a defendant when it originally filed the claim on May 16, 2002. *Id.* In addition, counsel for the named defendants "'clearly made known their views that the United States, not their clients, was the proper defendant'" on October 15, 2002. *Id.* at 200. Yet the Third Circuit held that granting

*(Footnote cont'd on next page.)*

this Court found undue delay only because the facts underlying the new claim "were *known* to the defendants" over a year before the defendants moved to amend their answer, which, significantly, was "seven months beyond the date provided for amending pleadings in the Rule 16(b) scheduling order and two months after discovery had essentially ended." *Samick Music Corp. v. Delaware Music Industries, Inc.*, Civ. A. No. 91-23-CMW, 1992 WL 39052, at *7 (D. Del. Feb. 12, 1992) (emphasis added). By contrast, LG Display had no knowledge that CMO infringed the '569 Patent until shortly before filing the instant motion. Accordingly, LG Display had no basis to bring a claim against CMO in July 2007, when LG Display asserted the '569 Patent against AUO.

The other authorities that CMO cites in its brief are also inapposite. In *Kinberg v. Colorforms*, Nos. 89 Civ. 1156 (PKL), 89 Civ. 1292 (PKL), 1991 WL 107439, at *2 (S.D.N.Y. June 10, 1991), the court clearly stated that it denied plaintiff's motion to amend because of the undue prejudice to the defendant from granting a motion to amend *after discovery had already closed and after the Court had already recommended that the parties' summary judgment motions be denied.* The language cited by CMO concerning product testing is mere dicta. (D.I. 350 at 11.) Here, the close of discovery is still five months away, no depositions have been taken, no expert discovery has begun, and claim construction briefing has not started.

Similarly, in *Lorenz v. CSX Corp.*, 1 F.3d 1406 at 1414 (3d Cir. 1993), the plaintiff moved to amend three years after the action was filed and nearly two years after the complaint

---

*(Footnote cont'd from previous page.)*

plaintiff's motion for leave to amend the complaint filed on April 14, 2003 was proper, explaining that "[e]ven if [the plaintiff], with the benefit of hindsight, could have named the [defendant] prior to this time, his failure to do so cannot be viewed as so egregious as to render amendment inequitable." *Id.* at 205 (emphasis added).

was amended, attempting to cure deficiencies in her original claim by offering additional factual support. The proposed amendment recited facts occurring during the prior three decades that were "either repetitions of events already described in the amended complaint, or . . . ha[d] little relevance to the" plaintiff's claim. *Id.* Accordingly, the court denied leave to amend because the proposed amendment was futile. *Id.* CMO does not argue futility and this case likewise does not support CMO's position.

CMO's claim that LG Display could have known of CMO's infringement earlier is unfounded and unfairly relies on hindsight, ignoring the context and history of discovery in this case and CMO's case in Texas. CMO claims that LG Display could have learned about CMO's infringement of the '569 Patent because it had an optical microscopy picture of a CMO product, V260B1-L01, included in the November 7, 2007 infringement contentions LG Display served in the Texas case. The claim charts and infringement contentions LG Display prepared for the Texas, however, were the product of investigations directed *solely to the patents asserted in that action*. LG Display did not analyze CMO's products for infringement of the '569 Patent at that time because the '569 Patent was not at issue in the Texas case.

Similarly, CMO claims that LG Display should have been able to identify CMO products that infringe the '569 Patent when LG Display analyzed CMO products for infringement of the United States Patent Nos. 5,905,274 (the "'274 Patent"), 4,624,737 (the "'737 Patent"), and 5,825,449 (the "'449 Patent"), but those analyses were individually conducted for those particular patents. (D.I. 350 at 10.) Whoever conducted those analyses would not have had ready knowledge of LG Display's entire patent portfolio so as to be able to identify all possible patents the product being analyzed might infringe. Indeed, LG Display asserted the '569 Patent almost two months after it first asserted the '274 Patent and over eight months after asserting the

'737 and '449 Patents because LG Display's analysis of and focus on the '569 Patent with respect to CMO and AUO came later. Furthermore, the CMO products LG Display did analyze for infringement of the '569 Patent when deciding whether to assert that patent in July 2007, did not appear to infringe. For example, LG Display is not asserting the '569 Patent against the V260B1-L01 product, included in LG Display's Texas infringement contentions and highlighted in CMO's opposition brief, because LG Display currently does not believe it has a basis to do so.

In October through December of 2007, LG Display's focus was on preparing those infringement contentions concerning *six other* LG Display patents and invalidity contentions concerning six CMO patents required in the Texas case. LG Display could not have actively reviewed all of CMO's products for potential infringement of the '569 Patent as CMO now seems to suggest. LG Display remained focused on the Texas case and discovery concerning the twelve patents in that suit throughout the early part of 2008. At that time, LG Display also began preparing discovery related to the multitude of affirmative and defensive claims concerning the many patents that had already been asserted in this case. After this Court entered its Scheduling Order in March, discovery moved forward in this case and LG Display was occupied by its enormous effort to respond to hundreds of requests for production and three sets of interrogatories propounded by AUO and CMO in March and April. LG Display also had to prepare in April and early May for the May 12, 2008 mediation conference with AUO.

LG Display has acted diligently in investigating and asserting its claims against AUO and CMO. LG Display also has acted responsibly. LG Display refrained from asserting the '569 Patent against CMO earlier, because LG Display did not have a basis to assert such a claim until now. Even if LG Display could have found time to do additional analysis for additional claims against CMO while it pursued the claims it had already asserted and defended against the claims

that had been asserted against it, there would still be no basis to find undue delay. *See, e.g., Arthur*, 434 F.3d at 206 ("The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the presentation of a case. It allows for misunderstandings and good-faith lapses in judgment, so long as the party thereafter acts reasonably and diligently."). In *Arthur*, for example, the Third Circuit permitted an amendment adding a new defendant, proposed eleven months after the original claim, even though the plaintiff should have known that further investigation into the proper defendant was warranted from the outset of the case, and had been put on notice of the proper defendant six months before moving to amend. *Id.* at 200-08.

### III. CMO'S MANUFACTURED PREJUDICE FROM ITS OWN DECISION TO SIT OUT CLAIM CONSTRUCTION AS TO THE '569 PATENT CANNOT BE A BASIS TO DENY LG DISPLAY'S MOTION TO AMEND

CMO's claim that it needs months or perhaps even a year to prepare for claim construction of the '569 Patent is without merit. When CMO filed counterclaims asserting United States Patent Nos. 6,134,092 (the "'092 Patent") and the '179 Patent against LG Display on October 9, 2007, LG Display had just over three weeks to assert affirmative defenses and any compulsory counterclaims such as LG Display's counterclaims for non-infringement and invalidity of the '092 Patent and '179 Patent and for unenforceability of the '179 Patent. These defenses required LG Display to research prior art for both patents and construe the claim terms of both patents, even though LG Display was not previously aware of either patent.[4] Because CMO did not identify which claims it was asserting, moreover, LG Display had to consider all of the combined 48 claims of the '092 Patent and '179 Patent. This process required LG Display to

---

[4] Indeed, CMO asserted the '179 Patent against LG Display on the day it issued.

not only construe the many potentially relevant terms of both patents, but also to consider how those terms might be applied to its products.

Here, LG Display informed CMO on June 23, 2008 that it would assert only five claims of the '569 Patent against CMO. The '569 Patent had already been in this suit against AUO, so CMO was already aware of and likely reviewed the '569 Patent. Further, LG Display offered CMO extensions that would have given it five full days to identify claim terms that it believed would require construction and one month to provide proposed constructions for those terms. These extensions would have provided CMO the enormous benefit of seeing both LG Display's and AUO's identified terms and constructions in advance, before CMO disclosed its own lists of terms and constructions. AUO's terms and constructions would be particularly beneficial as AUO, like CMO, is seeking to invalidate the '569 Patent.

CMO's attempt to minimize this benefit fails. Its argument that AUO's accused products are different from CMO's accused products is a red herring. During claim construction the court is tasked with determining the meaning of the claims at the time the patent issued, thus accused products are irrelevant. *NeoMagic Corp. v. Trident Microsystems, Inc.*, 287 F.3d 1062, 1074 (Fed. Cir. 2002) ("It is well settled that claims may not be construed by reference to the accused device."). The process is a "contextual interpretation of language." *Smithkline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1339-40 (Fed. Cir. 2005), *cert. denied*, 126 S. Ct. 2887 (2006). As the Federal Circuit has explained:

> A claim is construed in the light of the claim language, the other claims, the prior art, the prosecution history, and the specification, *not in light of the accused device . . . claims are not construed 'to cover' or 'not to cover' the accused device.* That procedure would make infringement a matter of judicial whim. It is only after the claims have been construed without reference to the accused device that the claims, as so construed, are applied to the accused device to determine infringement.

*SRI Intern. v. Matsushita Elec. Corp. of America*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (emphasis added). Therefore, LG Display's proposed amendment did not create any undue prejudice to CMO. CMO cannot now manufacture prejudice because of its strategic decision to sit out the initial stages of the '569 Patent claim construction process. *See, e.g., Arthur*, 434 F.3d at 206 (finding that "[a] 'careless or myopic' decision on the part of the [defendant] to initiate only 'superficial investigatory practices,' despite the likelihood that the [plaintiff] would later name it as a defendant, does not constitute prejudice for purposes of Rule 15(a)"). Thus CMO cannot satisfy its burden of proving undue prejudice. *Clark*, 2008 WL 1803648 at *1.

CMO seeks support for its prejudice argument by citing to *Semiconductor Energy Laboratory Co. v. Sanyo North America Corp.*, No. C.A. 00-0018-GMS, 2001 WL 194303 (D. Del. Feb. 22, 2001). In that case, however, the plaintiff, SEL, filed its motion to amend four months after the motion to amend deadline and after discovery was already "substantially complete." *SEL*, 2001 WL 194303, at *2-3. Further, unlike here, the new claims SEL sought to add were for money damages, whereas SEL previously had sought only injunctive relief. *Id.* The new claim would force the parties to "engage in an entirely new discovery aspect of the case." *Id.* at *3. In addition, unlike CMO here, the defendant in SEL contended that the new claims would not involve the same technology, witnesses, and products as the claims already in suit. *Id.*

CMO's reliance on two other cases is similarly misplaced. In *Vonage Holdings Corp. v. SBC Internet Services, Inc.*, Nos. 4:04-CV-548-Y, 4:05-CV-224-Y, 2007 WL 3169167, at *3 (Oct. 30, 2007), the litigation, involving six parties in two consolidated suits filed by two different plaintiffs, had been pending for more than three years before the proposed amendment. After the deadline for motions to amend had passed, Nortel Networks filed a motion to amend to

add counterclaims concerning three patents that had not previously been in the case. *Id.* The new claims involved only two of the six parties to the case and were already pending in another case in another district, and the new patents were related to different technology than the patents already in suit. *Id.* Furthermore, Nortel provided no explanation whatsoever for its decision to not assert those patents in its original response. Similarly, in *IXYS Corp. v. Advanced Power Technology, Inc.*, No. C-02-03942, 2004 WL 135861, at *3 (N.D. Cal. Jan. 22, 2004), the new claim involved a patent that had not previously been in suit, so no discovery on the patent had occurred and the court would have had to construe a number of new claim terms. Furthermore, the court had already had its claim construction hearing as to the other patents in suit. *Id.* at *2.

Here, in stark contrast, LG Display has already asserted the '569 Patent against one defendant, AUO, and seeks now to assert that same patent against the only other defendant, CMO. CMO has received discovery from both LG Display and AUO relating to the '569 Patent and this Court will already be construing the '569 Patent claim terms. When LG Display informed CMO of its intent to assert the '569 Patent, no claim terms had been exchanged and the *Markman* hearing was still three months away. Furthermore, the '569 Patent is directed toward the manufacturing and operation of the TFT substrate, as are six of the other patents LG Display has asserted against CMO in this case. Indeed, CMO recognizes that the '569 Patent implicates some of the same structural features as the '274 Patent, '449 Patent, and '737 Patent, all of which LG Display has already asserted against CMO in this case. (D.I. 350 at 10.) In addition, unlike Nortel Networks, LG Display could not have asserted the '569 Patent until now because it previously had no basis to do so. CMO therefore fails to satisfy its burden of proving it would be prejudiced by the proposed amendment. *Clark*, 2008 WL 1803648, at *1.

## IV. CONCLUSION

For the foregoing reasons, and the reasons set forth in LG Display's opening brief, LG Display respectfully requests that the Court grant LG Display's Motion to Amend and permit LG Display to add CMO and Chi Mei Optoelectronics USA, Inc. as defendants to LG Display's infringement claim concerning the '569 Patent.

July 28, 2008                                        BAYARD P.A.

/s/ Stephen B. Brauerman (sb4952)
Richard D. Kirk (rk922)
Ashley B. Stitzer (as3891)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
sbrauerman@bayardlaw.com
*Attorneys for Plaintiffs LG Display Co., Ltd. and LG Display America, Inc.*

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 28, 2008, he served the foregoing documents by email and by hand upon the following counsel:

Philip A. Rovner
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19899-0951

Karen L. Pascale
John W. Shaw
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

The undersigned counsel further certifies that, on July 28, 2008, he served the foregoing documents by email and by U.S. Mail upon the following counsel:

Jonathan S. Kagan
Alexander Giza
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067

Vincent K. Yip
Peter J. Wied
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

Ron E. Shulman, Esquire
Julie Holloway, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050

M. Craig Tyler, Esquire
Brian D. Range, Esquire
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497

/s/ Stephen B. Brauerman (sb4952)
Stephen B. Brauerman

{BAY:01064613v1}