
Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140  Direct Phone
(302) 658-1192  Fax

July 30, 2008

**BY E-FILE**

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the
 District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE  19801

      Re:    LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, *et al.*,
              D. Del., C.A. No. 06-726-JJF
              AU Optronics Corporation v. LG Display Co., Ltd., *et al.*,
              D. Del., C.A. No. 07-357-JJF - Consolidated

Dear Judge Farnan:

      In accordance with the Court's July 29, 2008 Order (D.I. 361), defendant Chi Mei Optoelectronics Corporation ("CMO") respectfully submits that it does not believe it is subject to the Court's July 7, 2008 Order regarding the procedures AU Optronics ("AUO") and LG Display Co., Ltd. ("LGD") would use to protect each other's "Product Files" because, in 2007, CMO and LGD had reached a separate agreement regarding the precautions they would use to protect each other's "Product Files," and they have successfully exchanged such files pursuant to this agreement.  Accordingly, CMO was not a party to the dispute before the Court that led to the July 7 Order.  CMO has confirmed with LGD that it will continue to fully abide by the confidentiality restrictions CMO and LGD negotiated for "Product Files."  The dispute between AUO and LGD does not present a legitimate reason for LGD to try to renegotiate its agreement with CMO - a deal that worked without problem for months prior to the AUO-LGD dispute.

      The agreement between LGD and CMO outlining the protective measures that restrict access to each other's "Product Files" is reflected in Paragraph 4 of each of the proposed Protective Orders submitted by CMO and LGD in connection with LGD's June 6, 2008 motion, both versions of which state in relevant part:

      Any native files designated as HIGHLY CONFIDENTIAL can be stored, viewed, or printed out on paper only on or from stand-alone computers that are not networked to other computers or servers, and print-outs need to be marked as HIGHLY CONFIDENTIAL and with the source file name.

The Honorable Joseph J. Farnan, Jr.
July 30, 2008
Page 2

      CMO and LGD have separately confirmed in writing that each will abide by Paragraph 4 until entry of a final Protective Order by the Court. Prior to that, the parties exchanged draft Protective Orders that reflected the above agreement. Moreover, CMO and LGD reached agreement on the secure production of "Product Files" at least as early as December 27, 2007, the date on which both LGD and CMO produced "Product Files" in the action between CMO and LGD now pending before this Court as Civil Action No. 08-355. LGD produced to CMO those same documents again in this action on June 3, 2008. Further, LGD produced to CMO additional "Product Files" on June 27, 2008 - the same day LGD made its final submission to the Court regarding its dispute with AUO. However, it was not until after the Court issued the July 7 Order that LGD asserted that the Order should govern its productions of "Product Files" to CMO. Should it please the Court, CMO will submit all relevant documentation to the Court for consideration.

      Because CMO and LGD had already reached agreement regarding the secure production of "Product Files" - and had already produced "Product Files" to each other pursuant to that agreement - there was no dispute between LGD and CMO over the protections to be afforded these files. It was only LGD and AUO who were unable to reach agreement. LGD thus requested relief from the Court only with regard to AUO: "LG Display respectfully requests that the Court instruct AUO to immediately produce its "Product Files" in electronic native format to LG Display's outside counsel pursuant to LG Display's proposed safeguards." June 27, 2008, 5:41 p.m. email to the Court from Richard D. Kirk. LGD further acknowledged that CMO and LGD had successfully exchanged "Product Files" pursuant to the less-burdensome restrictions in their agreement. *See, e.g., id.* ("AUO proposes unreasonable limitations on LG Display's counsel's review and use of AUO's Product Files, even though both LG Display and CMO are now producing their own [Product F]iles without such burdensome limitations.").

      Because CMO was not a party to the dispute between AUO and LGD regarding "Product Files," and given that CMO had already negotiated a successful procedure for exchanging such documents with LGD, CMO does not understand that the Order resolving the dispute between AUO and LGD was intended to replace its negotiated agreement with LGD.

                                                   Respectfully,

                                                   Philip A. Rovner
                                                   provner@potteranderson.com

PAR/mes/876503
Cc:    Richard D. Kirk, Esq. – By E-mail
        Karen L. Pascale, Esq. – By E-mail