## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG PHILIPS LCD CO., LTD.,

                Plaintiff,

      v.

CHI MEI OPTOELECTRONICS CORPORATION;
AU OPTRONICS CORPORATION; AU
OPTRONICS CORPORATION AMERICA;
TATUNG COMPANY; TATUNG COMPANY OF
AMERICA, INC., AND VIEWSONIC
CORPORATION,

                Defendants.

---

AU OPTRONICS CORPORATION,

                Counterclaim Plaintiff,

      v.

LG PHILIPS LCD CO., LTD., AND LG PHILIPS
LCD AMERICA, INC.,

                Counterclaim Defendants.

C.A. No. 06-726 (JJF)

Jury Trial Demanded

## NON-PARTY PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S OBJECTIONS TO SUBPOENA FROM DEFENDANT AU OPTRONICS CORPORATION

Non-party Philips Electronics North America Corporation ("PENAC") responds to

Defendant AU Optronics Corporation's ("AUO") July 15, 2008, subpoena to PENAC[1] as

follows:

---

[1] To permit PENAC the opportunity to retain outside counsel for this matter, AUO extended the period for responding to this subpoena in a July 28, 2008 telephone conference between Kevin Simons, in-house counsel representing PENAC, and Jeffrey Whiting, counsel issuing the subpoena for AUO.

## GENERAL OBJECTIONS

1.      Nothing in these responses should be construed as waiving rights or objections which might otherwise be available to PENAC, nor should PENAC's answering any of these document requests and deposition topics be deemed an admission of relevancy, materiality, or admissibility in evidence of the document requests and deposition topics or the responses thereto.

2.      PENAC objects to the entire subpoena to the extent it fails to comply with Fed. R. Civ. P. 45(a)(1)(A)(iv).

3.      PENAC objects to the entire subpoena to the extent that it purports to require production of documents that are readily obtainable from other sources that are less burdensome and/or less expensive, including documents that are already in the possession of a party to the litigation.

4.      To the extent that AUO's subpoena seeks information from internal work-product files from any of PENAC's outside counsel, including, but not limited to, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., PENAC objects to providing such information and to the production or listing of these documents on a withheld document list.

5.      PENAC objects to the location and arbitrary date set for the taking of the deposition.  PENAC is willing to discuss a mutually agreeable time and place for any deposition.

6.      PENAC objects to providing commercial, financial, regulatory, marketing, and other information to the extent such information relates to countries other than the United States as unduly burdensome, overly broad, and irrelevant to any issue in the suit, and not reasonably calculated to lead to the discovery of admissible evidence.

7.      The incidental production of any information, document, or thing covered by any of PENAC's General or Specific Objections shall not be construed as a waiver of the objection with respect to any other information, document, or thing.

8.      PENAC objects to the document requests and deposition topics as overly broad, unreasonably cumulative, and unduly burdensome to the extent they seek information from electronic backup sources or the recovery of deleted electronic data or information.

9.     PENAC objects to the document requests and deposition topics as overly broad and unduly burdensome to the extent they purport to impose obligations or seek information beyond what is required under the Federal Rules of Civil Procedure, the local rules, and applicable case law.

10.     PENAC objects to each of these document requests and deposition topics to the extent that the information sought would improperly require PENAC to create or compile collections of information that do not currently exist, or formulate opinions or conclusions that do not currently exist.

11.     PENAC objects to the document requests and deposition topics as unduly burdensome and overly broad to the extent they ask PENAC to obtain or provide information that is not available from a reasonable search of its files or a reasonable inquiry of its current employees.  Similarly, PENAC objects to obtaining or providing information that is not in PENAC's possession, custody, or control, such as information known to persons not currently employed by PENAC or information in the custody of third parties.

12.     PENAC objects to the document requests and deposition topics to the extent that they seek documents and information protected by the attorney-client privilege, attorney work product doctrine, or any other privilege.

13.     PENAC objects to the document requests and deposition topics to the extent that they seek confidential information of third parties subject to a nondisclosure agreement or other obligations of secrecy.

14.     PENAC objects to the document requests and deposition topics as unreasonably burdensome to the extent they request information that is publicly available, that is otherwise equally accessible to AUO, that has previously been disclosed to AUO, or to which AUO has already been granted access.

15.     PENAC objects to the document requests and deposition topics to the extent that they purport to require PENAC to review an unreasonably large volume of electronic mail ("e-

mail") files.  If necessary, PENAC will review and produce relevant, non-privileged documents responsive to the document requests from e-mail files pursuant to an agreed upon procedure.

16.     PENAC objects to the document requests and deposition topics as vague, unduly burdensome, overly broad, and not relevant to the extent they ask PENAC to obtain or provide information for an unspecified and unlimited time period.

17.     PENAC objects to the document requests and deposition topics as unduly burdensome and overly broad to the extent they ask PENAC to provide information that is not necessary for the pending lawsuit and which would require disclosure of trade secrets or other confidential research, development, or commercial information.  Whenever requested information is confidential and its disclosure might be harmful, "the burden shifts to the party seeking discovery to establish that disclosure of trade secrets and confidential information is relevant and necessary to its case." *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987).  Trade secrets or other confidential research, development, or commercial information should only be revealed in accordance with a protective order entered by the Court pursuant to Federal Rule 26(c)(7).

18.     PENAC objects to AUO's definition of the terms "Philips Electronics", "you", and "your" to the extent the definition potentially includes entities, persons, or information, outside the possession, custody, or control of PENAC.

19.     PENAC reserves the right to supplement its responses in accordance with Rule 26(e).

20.     The General Objections apply to all of AUO's subpoena, including document requests and deposition topics and subparts.  To the extent that any particular General Objection is cited in response to any specific document requests and deposition topics, those specific citations are provided because they are believed to be particularly applicable to the request or topic and are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the request or topic.

## RESPONSES AND OBJECTIONS

### DOCUMENT REQUEST NO. 1:

All documents reflecting the order, purchase, sale or delivery, by or to Philips Electronics and/or OEMs, since March 8, 200 1, of any LCD Modules from any person, including but not limited to summaries of sales and/or shipments, reports concerning sales and/or shipments, purchase orders, invoices, shipping records, and bills of lading.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

PENAC objects to this request as duplicative to the extent the documents this request seeks are sought by other requests. PENAC further objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

### DOCUMENT REQUEST NO. 2:

All documents reflecting the order, purchase, sale or delivery by or to Philips Electronics and/or OEMs, since March 8, 200 1, of LCD Products from any person that did or could contain LCD Modules, including any summaries, reports, purchase orders, invoices, shipping records, and bills of lading.

### RESPONSE TO DOCUMENT REQUEST NO. 2:

PENAC objects to this request as duplicative to the extent the documents this request seeks are sought by other requests. PENAC further objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 3:**

Documents sufficient to identify all products purchased, manufactured, sold, or imported by or for Philips Electronics since March 8, 200 1, that did or could contain LCD Modules, including information sufficient to identify which specific LCD Modules have been used in which brands and models of LCD Products.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 4:**

All documents reflecting offers to sell, offer to buy, price quotes, and/or negotiations concerning Philips Electronics and any LCD Modules since March 8, 2001.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 5:**

All contracts, agreements or other documents relating to any business arrangement or relationship (past or present) between Philips Electronics and LGD or LGDA.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 6:**

Summaries, reports, and other documents sufficient to identify all sales and imports into the United States, by or for you, of LCD Products that did or could contain LCD Modules since March 8, 2001, including the dates, brands, models, quantities, customers, location, and price concerning all such sales and imports. If subtotals and totals are not included (in units and revenue), then this information, including spreadsheets, is requested in native electronic format.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

PENAC objects to this request as duplicative to the extent the documents this request seeks are sought by other requests.  PENAC further objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 7:**

Summaries, reports, and other documents sufficient to identify all sales and imports in the United States, by or for you, of LCD Modules since March 8, 200 1, including the dates, models,

quantities, customers, location, and price concerning all such sales and imports. If subtotals and totals are not included (in units and revenue), then this information, including spreadsheets, is requested in native electronic format.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

PENAC objects to this request as duplicative to the extent the documents this request seeks are sought by other requests.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 8:**

All documents you received from or provided to LGD or LGDA since March 8, 200 1, concerning the sale, marketing, supply, distribution, shipping, and/or importation of LCD Modules, or LCD Products containing LCD Modules, including, but not limited to plans, presentations, proposals, strategies, and/or reports (for example, road maps, presentations, product codenames, product or market updates, feasibility studies, product strategies or strategy reports, quarterly business reviews, market reports or trends, meeting agendas, marketing materials and sales kits).

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 9:**

All documents you received from or provided to LGD or LGDA since March 8, 2001, concerning the design, development, technical specifications, manufacturing, production, performance, and/or testing of LCD Modules and/or LCD Products.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.


**DOCUMENT REQUEST NO. 10:**

All documents concerning or reflecting any offer, proposal, or attempt to supply or promote LCD Modules, or LCD Products containing LCD Modules since March 8, 2001, including, for example, communications regarding possible business opportunities to design or supply LCD Modules.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.


**DOCUMENT REQUEST NO. 11:**

All documents concerning any in-person communications/meetings between Philips Electronics and LGD or LGDA at any time since March 8, 2001, including, but not limited to emails, trip reports, agendas, presentations, meeting notes, minutes, or other summary of the in person communication/meeting, including meetings or visits inside or outside the U.S.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

PENAC objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity. PENAC further objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 12:**

All documents concerning all audits, inspections, approvals, and awards or recognition regarding LGD or LGDA, including their facilities, their manufacturing and production processes, or LCD Modules, or LCD Products containing LCD Modules, since March 8, 2001.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

PENAC objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity. PENAC further objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 13:**

All documents concerning any sales or product support provided by LGD or LGDA since March 8, 2001, including all communications and/or agreements relating to the service, repair, refurbishment, or replacement of LCD Modules, or LCD Products containing LCD Modules in

the United States, and all documents regarding warranties or service agreements for the benefit of Philips Electronics or purchasers of LCD Products.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 14:**

All documents sufficient to identify product or project names and codenames for your LCD Modules or LCD Products, and documents sufficient to link or correlate such names or codenames to LGD or LGDA product models or other identifiers for LCD Modules, or LCD Products containing LCD Modules used and/or approved for those LCD Product projects and/or codenames, since March 8, 200 1.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 15:**

All documents reflecting any products and specifications that you approved, designed, developed, or marketed jointly, cooperatively, or in coordination with LGD or LGDA since March 8, 2001.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 16:**

All marketing and promotional materials or technical presentations created, distributed, published or used in any way by Philips Electronics in the period from March 8, 2001 to present regarding any LCD Module or LCD Product.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 17:**

All documents reflecting your communications (including e-mail) with LGD or LGDA since March 8, 2001.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

PENAC objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity. PENAC further objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 18:**

All communications sent or received since March 8, 2001 (including e-mail) between Philips Electronics and Dong Hoon Han, the Account Manager of LGDA.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 19:**

All communications (including e-mail) between Philips Electronics, on the one hand, and LGDA or LGD, on the other hand, regarding the incorporation of any LCD Module into any end product in the period from March 8, 2001 to present.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 20:**

All communications (including e-mail) between Philips Electronics, on the one hand, and LGDA or LGD, on the other hand, regarding marketing and promotional materials or technical presentations created, distributed, published or used in any way by Philips Electronics in the period from March 8, 2001 to present regarding any LCD Module.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.


**DOCUMENT REQUEST NO. 21:**

All communications (including e-mail) between Philips Electronics, on the one hand, and LGDA or LCD, on the other hand, regarding the quantity of LCD Modules or end products containing LCD Modules that were sold in the United States for any period between March 8, 2001 and present.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.


**DOCUMENT REQUEST NO. 22:**

All documents, including all communications between you and LGD or LGDA regarding the importation or shipment into the United States of any LCD Module or LCD Product in the period from March 8, 2001 to present.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DOCUMENT REQUEST NO. 23:**

All license agreements involving Philips Electronics and LCD or LGDA that relate to any LCD technology.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

PENAC objects to this request as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, PENAC will produce relevant, non-privileged documents responsive to this request, to the extent any such documents exist.

**DEPOSITION TOPICS**

**TOPIC NO. 1:**

The business practice relating to documents produced in response to Exhibit A of this subpoena, including but not limited to:

(a) the practice relating to the creation of the documents, including the timing of the creation, the authorship of the documents, the information from which the documents were created and the source/author of such information, and whether the documents were created as part of regularly conducted activity as a regular practice; and

(b) the practice relating to the maintenance of the documents, including whether the documents were kept in the course of regularly conducted activity.

**RESPONSE TO TOPIC NO. 1:**

PENAC objects to this topic to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity. PENAC further objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 2:**

All communications sent or received since March 8, 200 1, including but not limited to electronic mail, between Philips Electronics and LGD or LGDA.

**RESPONSE TO TOPIC NO. 2:**

PENAC objects to this topic to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity. PENAC further objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 3:**

Any business arrangement (whether past or present) between Philips Electronics and LCD or LGDA.

**RESPONSE TO TOPIC NO. 3:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 4:**

Any transaction involving Philips Electronics and LGD or LGDA, including all transactions involving LCD Modules.

**RESPONSE TO TOPIC NO. 4:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 5:**

Philips Electronics' annual sales of LCD Products or LCD Modules (in units and revenues) in the Unites States from 2001 to present, as well as the price or cost paid associated with such sales.

**RESPONSE TO TOPIC NO. 5:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 6:**

Marketing and promotional materials or technical presentations created, distributed, published or used in any way by Philips Electronics in the period from March 8, 2001 to present regarding any LCD Module.

**RESPONSE TO TOPIC NO. 6:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 7:**

Importation or shipment into the United States of any LCD Module or LCD Product in

the period from March 8, 2001 to present.

**RESPONSE TO TOPIC NO. 7:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 8:**

Any technical issues regarding any LCD Module you discussed with LGD or LGDA in the period from March 8, 2001 to present.

**RESPONSE TO TOPIC NO. 8:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 9:**

The incorporation of any LCD Module into any end product sold by you in the period from March 8, 2001 to present.

**RESPONSE TO TOPIC NO. 9:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 10:**

The quantity of LCD Modules or end products containing LCD Modules that were sold by you in the United States for any period between March 8, 2001 and present.

**RESPONSE TO TOPIC NO. 10:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 11:**

All presentations, meetings, and in-person communications by or between Philips Electronics and/or LGD or LGDA since March 8, 2001, including but not limited to, the frequency, location, participants and purpose of such presentations, meetings and communications.

**RESPONSE TO TOPIC NO. 11:**

PENAC objects to this topic to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity. PENAC further objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 12:**

All actions and efforts by LGD or LGDA to: (a) promote and/or sell LCD Modules or LCD Products to or for Philips Electronics; (b) create new business opportunities with Philips Electronics; and/or (c) support or expand their relationship with Philips Electronics.

**RESPONSE TO TOPIC NO. 12:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 13:**

All business relationships, contracts, agreements, letters of agreements, and memoranda

of understanding between Philips Electronics and LGD or LGDA regarding the manufacturing, production, design, marketing, sale or supply of LCD Products or LCD Modules.

**RESPONSE TO TOPIC NO. 13:**

PENAC objects to this topic to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity. PENAC further objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 14:**

All offers to sell and/or negotiations between Philips Electronics and any person regarding the actual or potential purchase or sale of LCD Modules or LCD Products since March 8,2001.

**RESPONSE TO TOPIC NO. 14:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 15:**

All LCD Products that contain or incorporate LCD Modules that were or could have been imported, offered for sale, and/or sold in the U.S. since March 8, 2001, including which brands and models of your LCD Products used which models of LCD Modules.

**RESPONSE TO TOPIC NO. 15:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 16:**

Since March 8, 2001, all shipments and sales of LCD Modules to be used for Philips Electronics LCD Products, and all sales and imports in the U.S. by or for you, of LCD Modules (whether alone or as part of an LCD Product).

**RESPONSE TO TOPIC NO. 16:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 17:**

All audits, inspections, approvals, and awards or recognition concerning LGD or LGDA, including, but not limited to, with respect to manufacturing and production processes, facilities, and/or LCD Modules.

**RESPONSE TO TOPIC NO. 17:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 18:**

All products and specifications that you approved, designed, developed, or marketed jointly, cooperatively, or in coordination with LGD or LGDA since March 8, 2001.

**RESPONSE TO TOPIC NO. 18:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 19:**

The efforts you took to gather and search for information and documents responsive to this subpoena and your document and email retention policies and practices.

**RESPONSE TO TOPIC NO. 19:**

PENAC objects to this topic to the extent it seeks documents protected by the attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity. PENAC further objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 20:**

All license agreements involving Philips Electronics and LGA or LIDGA that relate to any LCD technology.

**RESPONSE TO TOPIC NO. 20:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**TOPIC NO. 21:**

Documents produced in response to Exhibit A of this subpoena.

**RESPONSE TO TOPIC NO. 21:**

PENAC objects to this topic as being unduly broad and burdensome and as seeking

information that is irrelevant and not likely to lead to the discovery of admissible evidence.

Dated:  August 6, 2008                    By:

Frank A. De Costa, III
E-mail:  frank.decosta@finnegan.com
Walter Davis
E-mail: walter.davis@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
Telephone:  (202) 408-4000
Facsimile:   (202) 408-4400

Attorneys for Philips Electronics
North America Corporation

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing NON-PARTY PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S OBJECTIONS TO SUBPOENA FROM DEFENDANT AU OPTRONICS CORPORATION was served on counsel for AU Optronics Corporation via e-mail and U.S. mail on August 6, 2008.

_____
Walter D. Davis, Jr.


<u>COUNSEL FOR AU OPTRONICS CORPORATION</u>

**Wilson Sonsini Goodrich & Rosati**

Jeffrey Whiting [jwhiting@wsgr.com]
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746
Phone: 512-338-5482


<u>COUNSEL FOR CHI MEI OPTOELECTRONICS</u>

**Potter, Anderson & Corron**

Phillip A. Rovner [provner@potteranderson.com]
David E. Moore [dmoore@potteranderson.com]
6th Floor, Hercules Plaza
1313 N. Market St.
Wilmington, DE 19801

**Irell & Manella LLP**

Johnathan S. Kagan [jkagan@irell.com]
Alexander C.D. Giza [agioza@irell.com]
1800 Avenue of the Stars
Suite 900
Los Angelas, CA 90067
Phone: 310-277-1010

<u>COUNSEL FOR LG DISPLAY CO. AND LG DISPLAY AMERICA, INC.</u>

**Bayard, P.A.**

Richard D. Kirk [rkirk@bayardfirm.com]
Ashley B. Stitzer [astitzer@bayardfirm.com]
222 Delaware Ave, Suite 900
P.O. Box. 25130
Wilmington, DE 19899-5130
Phone: 302-655-5000

**McKenna Long & Aldridge LLP**

Gaspare J. Bono [gbono@mckennalong.com]
Matthew T. Bailey [mbailey@mckennalong.com]
R. Tyler Goodwyn, IV [tgoodwyn@mckennalong.com]
Lora A. Brzezynski [lbrzezynski@mckennalong.com]
Cass W. Christenson [cchristenson@mckennalong.com]
1900 K St., NW
Washington, DC 2006
Phone: 202-496-7500


I further certify that I caused a copy of the foregoing document to be served by e-mail on the above listed counsel of record and on the following non-registered participants in the manner indicated:

**<u>By E-mail</u>**

<u>COUNSEL FOR LG DISPLAY CO. AND LG DISPLAY AMERICA, INC</u>

**McKenna Long & Aldridge LLP**

Gaspare J. Bono [gbono@mckennalong.com]
Matthew T. Bailey [mbailey@mckennalong.com]
R. Tyler Goodwyn, IV [tgoodwyn@mckennalong.com]
Lora A. Brzezynski [lbrzezynski@mckennalong.com]
Cass W. Christenson [cchristenson@mckennalong.com]
1900 K St., NW
Washington, DC 2006
Phone: 202-496-7500

COUNSEL FOR CHI MEI  OPTOELECTRONICS CORPORATION AND CHI MEI OPTOELECTRONICS USA, INC.

**Irell & Manella LLP**

Johnathan S. Kagan [jkagan@irell.com]
Alexander C.D. Giza [agioza@irell.com]
1800 Avenue of the Stars
Suite 900
Los Angelas, CA 90067
Phone: 310-277-1010