## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG DISPLAY CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-726 (JJF) |
| | ) | Civil Action No. 07-357 (JJF) |
| v. | ) | |
| | ) | CONSOLIDATED CASES |
| CHI MEI OPTOELECTRONICS | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF THOMAS C. WERNER IN SUPPORT OF
## DEFENDANTS CHI MEI OPTOELECTRONICS'
## MOTION TO COMPEL PLAINTIFFS LG DISPLAY TO PRODUCE DOCUMENTS
## <u>RESPONSIVE TO DOCUMENT REQUEST NO. 98</u>

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Alexander C.D. Giza
Adam Hoffman
Thomas C. Werner
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010

Dated:  August 11, 2008
878020

Philip A. Rovner (#3215)
POTTER, ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market St.
P.O. Box 951
Wilmington, Delaware  19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant*
*Chi Mei Optoelectronics Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG DISPLAY CO., LTD.,                )
                                     )
            Plaintiff,               )          Civil Action No. 06-726 (JJF)
                                     )          Civil Action No. 07-357 (JJF)
      v.                             )
                                     )          CONSOLIDATED CASES
CHI MEI OPTOELECTRONICS             )
CORPORATION, et al.,                 )
                                     )
            Defendants.              )
                                     )
                                     )

## DECLARATION OF THOMAS C. WERNER IN SUPPORT OF
## DEFENDANTS CHI MEI OPTOELECTRONICS'
## MOTION TO COMPEL PLAINTIFFS LG DISPLAY TO PRODUCE DOCUMENTS
## RESPONSIVE TO DOCUMENT REQUEST NO. 98

I, Thomas C. Werner, declare as follows:

1.      I am an attorney at the law firm of Irell & Manella LLP, counsel of record for

defendant Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc.  I

am a member in good standing of the State Bar of California.  I have personal knowledge of

the facts set forth in this declaration and could and would testify competently to such facts

under oath.

2.      Defendants Chi Mei Optoelectronics Corporation and Chi Mei

Optoelectronics USA, Inc. ("CMO") sought the production by plaintiffs LG Display Co.,

Ltd. and LG Display America, Inc. ("LGD") of discovery materials from *LG.Philips LCD

Co., Ltd. v. Chunghwa Picture Tubes Ltd.*, 02-6775 CBM (C.D. Cal.) (which represents the

consolidation of Civil Actions 02-6775, 03-2886, 03-2866, 03-2884, 03-2885), and

*LG.Philips LCD Co., Ltd. v. Tatung Co.*, 05-292 JJF (D. Del.) (collectively, the "LGD Prior

Litigations"), via Chi Mei Optoelectronics USA, Inc.'s Document Request No. 98, which

was served upon LGD on April 8, 2008. Attached hereto as Exhibit 1 is a true and correct copy of Chi Mei Optoelectronics USA, Inc.'s First Set of Requests for the Production of Documents and Things to LGD. LGD asserted infringement in the LGD Prior Litigations of three of the same patents that LGD has asserted against CMO in this action: United States Patent Nos. 4,624,737; 5,825,449; and 5,019,002 (collectively, the "LGD Asserted Patents").

3.      LGD responded to Document Request No. 98 on May 29, 2008, promising to seek the consents that LGD contended were necessary to permit production of responsive materials. Attached hereto as Exhibit 2 is a true and correct copy of LG Display Co., Ltd.'s Responses to Chi Mei Optoelectronics USA, Inc.'s First Set of Requests for the Production of Documents and Things.

4.      Attached hereto as Exhibit 3 is a true and correct copy of the June 17, 2008 letter from Thomas C. Werner to Lora A. Brzezynski, regarding LGD's failure to produce materials responsive to Document Request No. 98.

5.      As reflected in Exhibit 3, CMO specifically requested that LGD produce the transcripts of the trials in the LGD Prior Litigations. According to the currently available docket in *LG.Philips LCD Co., Ltd. v. Chunghwa Picture Tubes Ltd.*, 02-6775 CBM (C.D. Cal.), the Court ordered unidentified portions of the transcript of the trial proceedings sealed in that action. Attached hereto as Exhibit 4 is a true and correct copy of the text of the June 13, 2008 email from Jessica Hand, of Hawkins Reporting Service, to Suzy Chang, staff working at the direction of counsel for CMO, confirming that the cost to CMO of obtaining a copy of the transcripts of the trial in *LG.Philips LCD Co., Ltd. v. Tatung Co.*, 05-292 JJF (D. Del.), would be $5,774.40.

6.    Attached hereto as Exhibit 5 is a true and correct copy of the July 7, 2008 letter from Lora A. Brzezynski to Thomas C. Werner, which responded to CMO's inquiries regarding LGD Prior Litigations materials by directing CMO to obtain those materials itself.

7.    Attached hereto as Exhibit 6 is a true and correct copy of the July 10, 2008 letter from Thomas C. Werner to Lora A. Brzezynski, regarding LGD's failure to produce materials responsive to Document Request No. 98 and seeking a meet and confer.

8.    Attached hereto as Exhibit 7 is a true and correct copy of the July 12, 2008 letter from Thomas C. Werner to Lora A. Brzezynski, noting LGD's refusal to meet and confer prior to that date, and offering to meet and confer during the week of July 15, 2008, during which time I was on vacation in Hawai'i. LGD did not respond to that offer, and have since incorrectly claimed that I was unavailable during the week of July 15, 2008.

9.    Between July 15, 2008, and July 22, 2008, LGD produced documents that I am informed and believe, according to staff working at my direction who are responsible for preparing those document productions for review by counsel for CMO, bring the total size of LGD's document production to over 2,000,000 pages.

10.    I personally reviewed LGD's document production, through and including its July 22, 2008 production. I was unable to locate despite my diligent efforts any LGD Prior Litigations materials in that 2,000,000-page production. On July 23, 2008, I wrote to LGD, outlining many problems with the substance and form of LGD's document production, including LGD's failure to produce any LGD Prior Litigations materials. Attached hereto as Exhibit 8 is a true and correct copy of that July 23, 2008 letter, from Thomas C. Werner to Lora A. Brzezynski, which includes a request to meet and confer.

11.    LGD agreed to meet and confer on July 28, 2008. In advance of that meet and confer, I wrote to LGD to reiterate the categories of LGD Prior Litigations materials that

are responsive to CMO's Document Request No. 98. Attached hereto as Exhibit 9 is a true and correct copy of that July 25, 2008 letter, from Thomas C. Werner to Cass Christenson.

12.     CMO first met and conferred with LGD regarding LGD Prior Litigations materials on July 28, 2008, at 11:00 a.m. PDT. During the meet and confer, the parties discussed each category of materials listed in Exhibit 9, including, where appropriate, examples of the specific types of documents that are responsive to Document Request No. 98. With respect to categories 1–6 in Exhibit 9, LGD agreed to produce materials only if LGD believed they related to the validity, enforceability, ownership, or inventorship of the LGD Asserted Patents. I clarified with respect to each of categories 1–6 that LGD intended to exclude from its production as irrelevant any materials that related to infringement or damages. In each case, LGD stated that it would produce only materials that related to the validity, enforceability, ownership, or inventorship of the LGD Asserted Patents. At least with respect to the first category in Exhibit 9, expert reports, LGD expressly stated that it would not produce LGD Prior Litigations expert reports opining on infringement or damages. With respect to Category 7, LGD stated that it had reviewed its LGD Prior Litigations document productions and had produced to CMO documents produced in the LGD Prior Litigations that are relevant to this action. With respect to Category 8, LGD stated that it would produce documents produced by third parties that relate to the validity, enforceability, ownership, or inventorship of the LGD Asserted Patents.

13.     During that same July 28 meet and confer, I stated that CMO would move to compel the production of LGD Prior Litigations materials that relate to infringement and damages if LGD refused to produce them. I further explained that LGD was required to produce these materials under Rule 26 and citing caselaw, because CMO was entitled to discovery into LGD's assertions and arguments in the LGD Prior Litigations regarding the

- 5 -

LGD Asserted Patents to ensure that LGD was not taking inconsistent positions in this action. LGD again stated that it would not produce LGD Prior Litigations materials that related to infringement and damages and that the parties would have to "agree to disagree" regarding their relevance to this action.

14.    During that same July 28 meet and confer, LGD stated that LGD had not contacted and would not contact any party or non-party to the LGD Prior Litigations to obtain the consent that is required to produce materials in this action that are subject to Protective Orders entered in the LGD Prior Litigations. LGD stated that it was precluded from producing LGD Prior Litigations materials by the terms of those Protective Orders, which dictate that materials subject to their terms could be used only in the LGD Prior Litigations. The parties ran out of time during the meet and confer due to other scheduled obligations and agreed to schedule a further meet and confer the next day, July 29, 2008.

15.    The parties met and conferred again on July 29, 2008, at 8:00 a.m. PDT. LGD again refused to produce LGD Prior Litigations relating to damages or infringement. However, instead of its prior refusal to cooperate, LGD now offered "reasonable cooperation" in obtaining consent from parties and non-parties to the LGD Prior Litigations to produce in this action materials subject to the Protective Orders entered in the LGD Prior Litigations. I requested that LGD, to honor its promise of "reasonable cooperation," forward CMO's July 25, 2008 letter (Exhibit 9) to each of those parties and non-parties, and request their consent to produce their materials in this action. LGD stated it would take my suggestion "under consideration." The parties scheduled another meet and confer for Thursday, July 31, 2008.

16.    Attached hereto as Exhibit 10 is a true and correct copy of the July 30, 2008 letter from Thomas C. Werner to Cass Christenson. Exhibit 10 revised the list of categories

from CMO's July 25, 2008 letter (Exhibit 9) to reflect the examples of the specific types of documents that are responsive to Document Request No. 98 that the parties had discussed during the July 28 meet and confer.

17.    The parties again met and conferred on July 31, 2008, during which time the parties discussed CMO's July 30, 2008 letter (Exhibit 10), reading through each category one by one. LGD stated that it would not produce any LGD Prior Litigations materials described in Exhibit 10 that relate to infringement or damages and that it would only produce such materials to the extent they related to the validity, enforceability, ownership, or inventorship of the LGD Asserted Patents. I stated that CMO would move to compel the production of the LGD Prior Litigations materials described in Exhibit 10 that relate to infringement or damages. LGD confirmed that it maintained that such materials were irrelevant and would not produce them. LGD stated that it agreed to forward CMO's July 30, 2008 letter (Exhibit 10) to parties and non-parties to the LGD Prior Litigations and seek their consent to produce the LGD Prior Litigations materials described in Exhibit 10 in this action. Attached hereto as Exhibit 11 is a true and correct copy of the July 31, 2008 letter from Thomas C. Werner to Cass Christenson, memorializing that agreement.

18.    Attached hereto as Exhibit 13 is a true and correct copy of the August 4, 2008 letter from Cass Christenson to Thomas C. Werner. In that letter, LGD outlined its agreement to produce certain LGD Prior Litigations materials. However, beyond LGD's stated relevance objections, LGD promised to produce only select types of documents that were identified in the July 30, 2008 letter outlining LGD Prior Litigations materials responsive to Document Request No. 98 (Exhibit 10).

19.    Attached hereto as Exhibit 14 is a true and correct copy of the August 4, 2008 letter from Thomas C. Werner to Cass Christenson, which includes a request that the parties

discuss LGD's August 4, 2008 letter (Exhibit 13) during a meet and confer the parties had already scheduled for August 5, 2008, at 9:00 a.m. PDT. I attended that meet and confer, but despite my requests, LGD refused to discuss Exhibit 13 or LGD's production of LGD Prior Litigations materials.

20.     Attached hereto as Exhibit 12 is a true and correct copy of the August 8, 2008 letter from Cass Christenson to Thomas C. Werner. In that letter, LGD states that it "continues to maintain its objections to [CMO's] overly broad requests" and "will continue to oppose those requests," and further states that LGD, as of August 8, 2008, is still "discussing this matter with our client and continuing our investigation concerning the extent to which the requested information is available for production, whether consent is needed to produce such information, and the appropriate contact from whom to seek such consent."

I declare under the penalty of perjury under the laws of the United States of America and the state of Delaware that the foregoing is true and correct.

Executed on August 11, 2008 in Los Angeles, California.

_____
Thomas C. Werner

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 11, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

I hereby certify that on August 11, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com
cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Katherine F. Murray, Esq.
Ms. Denise Esparza
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA 90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com
katherinemurray@paulhastings.com
deniseesparza@paulhastings.com

Ron E. Shulman, Esq.
Julie M. Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
jholloway@wsgr.com

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759
ctyler@wsgr.com
brange@wsgr.com

*/s/ Philip A. Rovner*
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

846666

2

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG DISPLAY CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-726 (JJF) |
| | ) | |
| CHI MEI OPTOELECTRONICS | ) | |
| CORPORATION; AU OPTRONICS | ) | |
| CORPORATION, AU OPTRONICS | ) | |
| CORPORATION OF AMERICA; | ) | |
| TATUNG COMPANY; TATUNG | ) | |
| COMPANY OF AMERICA, INC.; AND | ) | |
| VIEWSONIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| AU OPTRONICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-357 (JJF) |
| | ) | |
| LG DISPLAY CO., LTD and | ) | CONSOLIDATED CASES |
| LG DISPLAY AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CHI MEI OPTOELECTRONICS USA, INC.'S
FIRST SET OF REQUESTS FOR THE PRODUCTION OF
DOCUMENTS AND THINGS (Nos. 1 - 109) TO PLAINTIFF**

Defendant, Chi Mei Optoelectronics USA, Inc. ("CMO USA"), by its

undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure,

requests the production for inspection and copying of the following Documents from

Plaintiff, LG Display Co., Ltd. within thirty (30) days after service hereof, said

Documents to be produced at the offices of Jones Day, North Point, 901 Lakeside

Avenue, Cleveland, Ohio 44114, or at such other place and time as may mutually be agreed upon by counsel.

Plaintiff also is requested to serve a written response, separately responding to each request set out herein, specifically identifying for which requests responsive Documents are or are not being produced and/or otherwise identified on appropriate privileged document schedules (which schedules should also be provided with or as part of said written response), on the day said Documents are produced for inspection and copying.

## DEFINITIONS OF TERMS AND INSTRUCTIONS

The following definitions and instructions are applicable to these requests for production:

For purposes of these requests, you should use the following definitions for the terms used herein. All requests and corresponding definitions of terms are for purposes of discovery only, and not to be construed as limiting or reflecting CMO USA's position in this action regarding claim construction or any other issue. CMO USA specifically reserves the right to use different terms, or to assert different meanings, for all purposes in this action (including, for example, with respect to claim construction, infringement analysis, and validity analysis).

1.    "LG Display," "you," and "your" means LG Display Co., Ltd., formerly known as LG.Philips LCD Co., Ltd., and all Persons or entities acting or purporting to act on its behalf, and any Affiliates (as that term is defined herein) of LG Display Co., Ltd. (including, for example, LG Display America, Inc., formerly known as LG.Philips LCD America, Inc.)

2.    "LGDA" means LG Display America, Inc., formerly known as LG.Philips LCD America, Inc., and all Persons or entities acting or purporting to act on its behalf, and any Affiliates (as that term is defined herein) of LG Display America, Inc.

3.    "CMO" means Chi Mei Optoelectronics Corporation, and all Persons or entities acting on Chi Mei Optoelectronics Corporation's behalf.

4.    "CMO USA" means Chi Mei Optoelectronics USA, Inc., and all Persons or entities acting on Chi Mei Optoelectronics USA, Inc.'s behalf.

5.    "Affiliate(s)" means any partnerships, parents, subsidiaries, and divisions, and any corporation or other entity that controls, is controlled by, or is under common control with the identified corporation or entity.

6.    "Representative" means any Person, attorney, agent, consultant or other individual(s) or business entity(ies) in the employ of, or otherwise acting on behalf of an entity or individual.

7.    "LGD Products" means all LCD Modules and LCD Panels made, shipped, imported, or sold by or for LGD and/or LGDA since December 1, 2000.

8.    "LCD Display Product" means any device that contains an LCD Module. An LCD computer monitor, LCD television, laptop computer, and any telephone or other portable or handheld product incorporating an LCD Module are examples of LCD Display Products.  This includes all such devices, regardless of Brand.

9.    "LCD Module" means an LCD display component that includes, inter alia, an LCD Panel, a backlight unit, and driver ICs.

10.    "LCD Panel" means an LCD display component that includes a TFT Array and color filter with liquid crystal material between them.

11.    "TFT Substrate" means the substrate that contains one or more TFT Arrays.

12.    "TFT Array" means a thin-film-transistor array, electrodes, wiring, and pads used to drive and control the liquid crystal material in an LCD display.

13.    "Color Filter Substrate" means the substrate that contains one or more color filters used in an LCD Panel.

14.    "Brand" means any brand name or company whose name, mark, or logo appears on LCD Display Products, including, for example, Dell, Hewlett-Packard, Apple, and ViewSonic.

15.    "LGD Customer" means any person (including any Brand that sells LCD Display Products) that has, directly or through an intermediary, ordered, received, purchased, approved, imported, and/or used any LGD Products, including LCD Display Products that contain LGD Products.

16.    "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information between two or more Persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery, or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements, and other understandings.

17.    The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests all information that might otherwise be construed to be outside of their scope.

18.    "Concern," "concerning," and "relative to" are used in their broadest sense and embrace all matter relating to, referring to, describing, discussing, evidencing, or constituting the referenced subject.

19.    "Document" means all types of documents, electronically stored information, and things embraced within Federal Rules of Civil Procedure 34 and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, Communications, correspondence, facsimiles, telegrams, cable, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films, slides, photographs, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, patent studies, opinions of counsel, records, reports, summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals,

advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, sound recordings, computer printouts, floppy disks, hard drives, CD-ROMs, DVDs, portable drives, magnetic tapes and any other data, database, server, or data compilations from which information can be obtained either directly, or, if necessary translated by you through detection devices into a reasonably usable form. The term "Document" also refers to any tangible object other than as described above, and includes objects of every kind and nature such as, but not limited to, products, prototypes, models, and specimens. A draft or nonidentical copy is a separate "Document" within the meaning of this term.

20.    "Thing" is defined to be synonymous in meaning and equal in scope to the usage of the term "tangible things " in Federal Rule of Civil Procedure 34(a), including, without limitation, products, devices, models, mockups, prototypes, systems, and all other tangible things that are in your actual or constructive possession, custody or control, all prior versions or attempts to create the foregoing, and all reproductions of the foregoing that have undergone any alteration, modification, addition, removal, revision, or other change. A non-identical thing is a separate thing.

21.    "Any" means each and every.

22.    "Use" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

23.    "Make" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

24.     "Offer to sell" or "Offered for Sale" has the same meaning as in 35

U.S.C. § 271 and applicable case law.

25.     "Sell" or "sale" has the same meaning as in 35 U.S.C. § 271 and

applicable case law.

26.     "Prior Art" has the same meaning as at term is used in 35 U.S.C. § 103

and applicable case law, without regard to pertinence, including, but not limited to,

conceptions, reductions to practice, publications, uses, disclosures, offers for sale and

sales, and commercial exploitations of an idea, product, device, method, apparatus, or

system, that you or any othe party in litigation or licensing negotiations identified as

potentially relevant to any claims of the LGD Patents.

27.     "Person" means any natural person, firm, association, partnership,

corporation, joint venture, or other form of legal entity.

28.     The "LGD Patents" means United States Letters Patent Nos. 4,624,737;

5,019,002; 5,825,449; 5,905,274; 6,803,984; 6,815,321; 7,176,489; and 7,218,374, as

well as any reissues and/or reexaminations thereof, and any reissue applications

therefrom.

29.     "Foreign Counterparts of the LGD Patents" means any patent

applications filed anywhere in the world that claim priority in whole or in part to the

LGD Patents.

30.     "Part Number" means the name(s) and alpha-numeric identifier(s) by

which a part or product, for example an LCD display, LCD Module, LCD Panel, or

components thereof, in general, are bought, sold, or identified (including, for example,

internally by LG Display or for sales and marketing purposes), and/or by LGD Customers).

31.    "Specification" means all Documents or Things that discuss, illustrate, define, or reflect, in whole or in part, any aspect of how something is, can, or should be made, inspected, or tested.  Specifications include, for example, textual Documents, drawings, mask files, product specifications, TFT Array Specifications, TFT Substrate specifications, Manufacturing Process Specifications, Color Filter Substrate specifications, panel or cell specifications, material specifications, assembly specifications, blueprints, and/or illustrations.

32.    "Manufacturing Process Specifications" means Documents that describe the steps and/or process conditions for forming each layer on a Color Filter Substrate or TFT Substrate.

33.    "TFT Array Specifications" means Documents that describe a TFT Array design such as layout, material composition of layers, and/or properties of array components.

34.    The use of the singular form of any word includes the plural and vice versa.

35.    LG Display shall produce all attachments to e-mails immediately behind the e-mail to which such Documents were attached so that the complete contents of each e-mail are together in  LG Display's production.

36.    If  LG Display believes that any request contained in this set of discovery requests is unclear, unintelligible or because of its wording otherwise prohibits or prevents  LG Display from responding to that discovery request, CMO

USA requests that LG Display request immediate clarification of that discovery request from CMO USA.

37.    LG Display is advised that these discovery requests are continuing and require further and supplemental responses by LG Display, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

38.    In producing the Documents described below, LG Display should furnish all Documents within your possession, custody or control, including information that you have the ability and right to obtain or access through or from Affiliates, Representatives, suppliers, or others.

39.    In response to the following set of requests, as to each Document withheld in whole or in part from production on the basis of a claim of privilege or immunity, LG Display shall state the following outlined information.  LG Display is requested to submit this information on the date and at the time of production of Documents and Things responsive to these requests.

      a.    identification of the Document being withheld, including separately each copy or draft;

      b.    the nature of and basis for the privilege or immunity asserted;

      c.    the kind of Document (e.g., letter, memorandum, facsimile, etc.);

      d.    the date it bears, if any, as well as the date it was prepared, if different;

      e.    whether the Document was sent, and if so, the date it was sent;

f.    the name, address, and title of its author, its addressee, each

Person to whom a copy has been sent or who received a copy, and each

Person known to have read the Document; and

g.    a description of the subject matter and contents of the Document.

40.    Whenever available, Documents shall be produced in native format on a

CD, DVD or removable hard drive with the original file names kept in tact, regardless

of their language.  LG Display shall include in the file name a production number by

which the file may be later referenced.

41.    No Document or information shall be withheld on the asserted grounds

that such Document or information therein is not reasonably calculated to lead to the

discovery of admissible evidence unless (i) the burden of responding is fully described,

and (ii) persons familiar with the Document or information requested are identified.

## REQUESTS FOR PRODUCTION

**Document Request No. 1**

All Documents concerning LG Display's decision to commence this action, including documents sufficient to identify persons who participated in or contributed to that decision, and all documents concerning the basis or bases upon which that decision was made.

**Document Request No. 2**

All Documents and Things concerning any CMO product obtained by LG Display prior to commencement of this action, including, but not limited to, Documents and Things regarding LG Display's pre-suit investigation of CMO products and its alleged infringement of any LGD Patents.

**Document Request No. 3**

All Documents and Things concerning LG Display's pre-suit investigation of CMO USA and its alleged infringement of any LGD Patents.

**Document Request No. 4**

All Documents concerning the factual basis or bases for each of your allegations in any of LG Display's pleadings relative to CMO, including, but not limited to, LGD's Complaint, Amended Complaints, or Counterclaims.

**Document Request No. 5**

All Documents concerning the factual basis or bases for each of your allegations in any of LG Display's pleadings relative to CMO USA, including, but not limited to, LGD's Complaint, Amended Complaints, or Counterclaims.

**Document Request No. 6**

All Documents that concern, support or refute, or tend to support or refute any of the allegations in any of LG Display's pleadings relative to CMO, including, but not limited to, LGD's Complaint, Amended Complaints, or Counterclaims.

**Document Request No. 7**

All Documents that concern, support or refute, or tend to support or refute any of the allegations in any of LG Display's pleadings relative to CMO USA, including, but not limited to, LGD's Complaint, Amended Complaints, or Counterclaims.

**Document Request No. 8**

All Documents relating to LG Display's first awareness of each allegedly infringing act or product for which LG Display seeks any recovery against CMO, including when LG Display first determined that any CMO act or product allegedly infringed one or more claims of any LGD Patent.

**Document Request No. 9**

All Documents relating to LG Display's first awareness of each allegedly infringing act for which LG Display seeks any recovery against CMO USA.

**Document Request No. 10**

All Documents concerning any contention by you relative to whether or not CMO infringes one or more claims of any LGD Patent, whether literally or under the doctrine of equivalents.

**Document Request No. 11**

All Documents concerning any contention by you relative to whether or not CMO USA infringes one or more claims of any LGD Patent, whether literally or under the doctrine of equivalents.

-12-

**Document Request No. 12**

All Documents concerning any contention by you relative to whether or not CMO induces infringement or contributes to the infringement of one or more claims of any LGD Patent.

**Document Request No. 13**

All Documents concerning any contention by you relative to whether or not CMO USA induces infringement or contributes to the infringement of one or more claims of any LGD Patent.

**Document Request No. 14**

All Documents and Things concerning CMO's alleged infringement of one or more claims of any LGD Patent, including, but not limited to, correspondence, electronic mail, memoranda, notes, calculations, presentations, analyses, studies, requests for quotes, invitations to bid, bid packages, bids, quotes, proposals, contracts, purchase orders, invoices, submissions, product samples, reports, or meeting minutes.

**Document Request No. 15**

All Documents and Things concerning CMO USA's alleged infringement of one or more claims of any LGD Patent, including, but not limited to, correspondence, electronic mail, memoranda, notes, calculations, presentations, analyses, studies, requests for quotes, invitations to bid, bid packages, bids, quotes, proposals, contracts, purchase orders, invoices, submissions, product samples, reports, or meeting minutes.

**Document Request No. 16**

All studies, tests, comparisons, analyses, inspections or reports conducted by LG Display or on LG Display's behalf concerning the structure, function or operation of

any of the accused CMO products or any other products LG Display contends practice any of the inventions purportedly claimed in the LGD Patents.

**Document Request No. 17**

All Documents concerning any contention by you relative to whether or not CMO's alleged infringement of one or more claims of any LGD Patent is "willful."

**Document Request No. 18**

All Documents concerning any contention by you relative to whether or not CMO USA's alleged infringement of one or more claims of any LGD Patent is "willful."

**Document Request No. 19**

All Documents concerning any contention by you relative to whether or not CMO should be enjoined and restrained from infringing one or more claims of any LGD Patent.

**Document Request No. 20**

All Documents concerning any contention by you relative to whether or not CMO USA should be enjoined and restrained from infringing one or more claims of any LGD Patent.

**Document Request No. 21**

All Documents concerning any contention by you relative to whether or not this action is an "exceptional case."

**Document Request No. 22**

All Documents concerning any claim by LG Display that any Person other than CMO or CMO USA infringed one or more claims of an LGD Patent.

**Document Request No. 23**

All Documents concerning the interpretation, scope, or construction of each claim of the LGD Patents.

**Document Request No. 24**

All documents that LG Display intends to use to support its construction of each claim of the LGD Patents.

**Document Request No. 25**

All Documents exchanged between LGD and DisplaySearch or any other market research publisher concerning LGD Products, LCD Display Products, LCD Modules, or LCD Panels, including, but not limited to, financial information.

**Document Request No. 26**

All Documents generated or relied upon by LG Display since December 1, 2000 that reference information or data from DisplaySearch or any other market research publisher.

**Document Request No. 27**

All Documents concerning the United States and/or North American market for LGD Products, LCD Display Products, LCD Modules, or LCD Panels.

**Document Request No. 28**

All Documents concerning the marketing and/or sale of LGD Products, LCD Display Products, LCD Modules, or LCD Panels in or for the United States and/or North American market, including, for example, Communications with Brands, LGD Customers, or potential customers that sell in the United States any LGD Products, LCD Display Products, LCD Modules, or LCD Panels.

**Document Request No. 29**

All Documents concerning any analysis, study, or report prepared by or on

behalf of LG Display concerning any LGD Products, LCD Display Products, LCD

Modules, or LCD Panels that LG Display contends are covered by any claim of any

LGD Patent, including, without limitation, all Documents concerning any estimated,

projected or actual market shares; any estimated, projected or actual royalties; and/or

any estimated, projected or actual profit for each such product on the market at any time

or anticipated to be on the market.

**Document Request No. 30**

All Documents concerning LG Display's market share (actual or estimated)

and/or projected market share relative to LGD Products, LCD Display Products, LCD

Modules, or LCD Panels in the United States for any period from 2000 to the present.

**Document Request No. 31**

All Documents concerning any trips to the United States by any LG Display

employee regarding LGD Products, LCD Display Products, LCD Modules, or LCD

Panels.

**Document Request No. 32**

All Documents concerning any trips by any LG Display or LGDA employee to

any LGD Customer, potential LGD Customer, or Brand that does business in part in the

United States or is an Affiliate of an entity that does business in the United States.

**Document Request No. 33**

All Documents concerning any laws, regulations, or requirements in the United

States that apply to LGD Products, LCD Display Products, LCD Modules, or LCD

Panels , including, but not limited to, Documents evidencing compliance with any such

-16-

United States laws, regulations, and requirements (for example, UL and EPA requirements).

**Document Request No. 34**

All Documents that you submitted, filed with, and received since December 1, 2000, from any United States (federal, state or local) government agency or authority concerning the importation and/or sale of LGD Products, LCD Display Products, LCD Modules, or LCD Panels and any requirements or approvals for such sales and imports.

**Document Request No. 35**

All Documents concerning the manufacture of any LGD TFT Array or TFT Substrate in accordance with any LGD Patents, including, but not limited to, TFT Array Specifications that describe or disclose the material composition of each layer of each substrate; process Specifications that describe or disclose the steps for forming (e.g., cleaning, depositing, coating, etching, and/or stripping) each layer of each substrate, and mask files (i.e., electronic files such as GDS-II) that describe or disclose the layer patterns of each substrate.

**Document Request No. 36**

All Documents concerning the design and/or analysis of the structure of any thin-film transistor on any LGD TFT Substrate made in accordance with any LGD Patents including, but not limited to, Documents that describe or disclose the cross section structure of a TFT, and Documents that describe or disclose testing, analysis, or evaluation, including performance, produceability, operation, yield, reliability, fault, or quality control, of LGD Products including components or structures of TFT Arrays and LCD Panels.

**Document Request No. 37**

All Documents concerning any LG Display cell assembly process in accordance with any LGD Patents, including, but not limited to, product Specifications and CAD files that describe or disclose patterns (e.g., seal printing or seal dispensing, liquid crystal filling, Au or Ag dispensing, UV light masking, and/or glass cutting) on the LGD TFT Substrate and/or the LGD Color Filter Substrate; process Specifications that describe or disclose the steps for assembling (e.g., cleaning, printing, filling, dispensing, attaching, exposing to UV light, baking, cutting, beveling, and/or bubble removal) a LG Display LCD Panel; and material Specifications that describe or disclose the sealant material (e.g., by designated product name, supplier, and/or composition) for each LG Display LCD Panel.

**Document Request No. 38**

All Documents concerning any LG Display cell assembly material flow and fabrication equipment used in connection with product made in accordance with any LGD Patents, including, but not limited to, fabrication equipment floor layouts for all cell assembly production lines; Specifications that describe or disclose a cell production line as serial, single or other similar designation; and Documents that describe or disclose the process flow, control, relative timing, and/or operation of the seal dispensing, liquid crystal dispensing, cleaning, and/or assembly equipment in each cell assembly production line.

**Document Request No. 39**

Samples of each LCD Display Product, LCD Module, and LCD Panel that LGD contends are covered by or embody, in whole or in part, any claim of any LGD Patent.

-18-

**Document Request No. 40**

All Documents concerning the designs, structures, procedures, process conditions, equipment used, materials, functions, analysis, operation, absence, use, and/or purpose of the following with respect to your products that you claim are covered by any LGD Patents or manufactured in accordance with any LGD Patents:

a.   Electrostatic Discharge Protection, including:

    i.   structures or components on a TFT Substrate or LCD Panel;

    ii.   manufacturing process steps that relate to electrostatic charge or discharge;

    iii.   equipment, environmental conditions or procedures that relate to reducing electrostatic charge, discharge, or dispersal of discharge; and

    iv.   testing, analysis, or evaluation (including performance, produceability, yield, reliability, fault, or quality control) of structures, equipment, conditions or procedures related to electrostatic charge, discharger or dispersal of discharge;

b.   TFT Substrate and color filter design and manufacture, including:

    i.   procedures, process conditions and materials used for the deposition and patterning of each layer;

    ii.   design and measurement of component performance (e.g., threshold voltage, capacitance values), material characteristics (e.g., resistivity) and pattern parameters (e.g., thickness, width, length, shape);

    iii.   design and operation of components and layers depicted in mask files; and

    iv.   testing, analysis, or evaluation (including performance, produceability, yield, reliability, fault, or quality control) of individual layers, physical interrelationships between layers, and electrical characteristics of interrelationships between layers;

c.   Cell assembly, including:

    i.   applying or dispensing sealant, including patterns as depicted in CAD files;

    ii.    procedures and equipment used for applying or curing the
        sealant;

    iii.   applying, dispensing, or injecting liquid crystal material;

    iv.   aligning, joining and cutting TFT and Color Filter Substrates;

    v.    optical compensation structures, including films;

    vi.   testing, analysis, or evaluation (including performance,
        produceability, yield, reliability, fault, or quality control) of
        sealant application or dispensing patterns; and

    vii.  evaluation of production line capacity, throughput or costs
        associated with each production line; and

d.    Module assembly, including:

    i.    backlight unit structures and components;

    ii.   design, operation and interrelationship of components depicted in
        CAD files; and

    iii.   driver circuit attachment and operation.

**Document Request No. 41**

    All Documents concerning the conception, design, reduction to practice (actual
and constructive), diligence or lack of diligence in reduction to practice, research, and
development of each invention, product, device, service, method, or activity, that
concerns or is purportedly covered by one or more of the claims of any LGD Patents or
the Foreign Counterparts of the LGD Patents, including, but not limited to, all product
proposals, design notes, engineering notebooks, laboratory notebooks, memoranda,
drawings, specifications, prototypes, computer software, change orders, publications,
and printed matter concerning such products, devices, services, methods, or activities,
and any written description, printed publication or disclosure prior to the respective
application dates for each of the LGD Patents, whether in the United States or
elsewhere.

**Document Request No. 42**

All Documents concerning the efforts by any Person other than the named inventors to aid in the conception of the subject matter that concerns or is purportedly covered by one or more of the claims of any LGD Patents or any Foreign Counterparts of the LGD Patents.

**Document Request No. 43**

All Documents concerning the efforts by any Person other than the named inventors to aid in the reduction to practice (actual and constructive) of the subject matter that concerns or is purportedly covered by one or more of the claims of any LGD Patents or any Foreign Counterparts of the LGD Patents.

**Document Request No. 44**

All Documents concerning any search, investigation, analysis, review, opinion or study relating to the scope, novelty, nonobviousness, patentability, validity, enforceability and/or infringement of any claim of any LGD Patents or any Foreign Counterparts of the LGD Patents.

**Document Request No. 45**

All Documents concerning any search for Prior Art for the subject matter purportedly defined by each of the claims of the LGD Patents.

**Document Request No. 46**

All Documents concerning any Prior Art, whether or not you contend it is actually Prior Art, relative to the LGD Patents, including all Prior Art or potential Prior Art references to those patents or their respective Foreign Counterparts.

**Document Request No. 47**

All Documents regarding any product, publication, patent, or other Document or Thing that you contend may be relative to Prior Art to the LGD Patents.

**Document Request No. 48**

All English translations of any foreign patent, publication or other Document or Thing that anyone has identified as Prior Art to any of the LGD Patents.

**Document Request No. 49**

All Documents concerning the first Use in public, Offer to Sell, or Sale of the subject matter described and purportedly claimed in any LGD Patent or any Foreign Counterparts of the LGD Patents.

**Document Request No. 50**

All Documents concerning the first description in a printed Document or publication, relative to the first Use in public, Offer to Sell, or Sale of the subject matter described and purportedly claimed in any LGD Patent or any Foreign Counterparts of the LGD Patents.

**Document Request No. 51**

All Documents concerning any Use, whether public or otherwise and whether experimental or otherwise, of each alleged invention corresponding to any claims of any LGD Patent or any Foreign Counterparts of the LGD Patents prior to the respective application dates for each of the LGD Patents, whether in the United States or elsewhere.

**Document Request No. 52**

All Documents concerning the best mode for practicing the purported invention claimed in each of the LGD Patents.

**Document Request No. 53**

All Documents authored by the named inventors of the LGD Patents concerning the subject matter of the LGD Patents including, but not limited to, any lab notebooks, schematics, papers, publications, or notes.

**Document Request No. 54**

With respect to each of the LGD Patents and Foreign Counterparts of the LGD Patents, as well as any reissue application and/or reexamination request and/or interference thereof or related thereto, the following categories of Documents:

a.      the complete patent prosecution files and all Documents relating to prosecution of each of the LGD Patents and Foreign Counterparts of the LGD Patents;

b.      all Documents concerning the decision to file each application, the scope of the claims during prosecution, the naming of inventors or any amendment thereof, and the preparation of the patent application(s);

c.      all Documents reviewed, consulted, considered, or prepared in connection with the preparation or prosecution of each application, including, without limitation, any Prior Art or potential Prior Art identified or known during prosecution;

d.      all drafts of the application(s), any amendments thereof, any responses to Patent Office actions and any other papers filed or submitted during prosecution;

e.      all Documents concerning Communications with or from any third Person or any of the inventors or possible inventors or any Person at any time named as an inventor;

f.      all Documents concerning Communications with or from any patent attorney, patent agent, or Prior Art searcher relating to the Prior Art, the purported invention, applications, or the prosecution of the application(s);

-23-

g.      all Documents relating to references cited by or to the United States

Patent and Trademark Office or any foreign patent office during the prosecution of the

application(s);

h.      all Documents concerning any conflicts, interferences, oppositions,

infringements, nullity, revocation, lawsuits or any other proceedings concerning any of

the LGD Patents or any Foreign Counterparts of the LGD Patents; and

i.      all Documents concerning ownership and/or assignments or transfers of

interest with respect to any LGD Patents and any Foreign Counterparts of the LGD

Patents.

**Document Request No. 55**

All Documents concerning LG Display's policies and/or practices regarding

patents or patent applications.

**Document Request No. 56**

All Documents concerning all links in the chain of title or ownership of any

LGD Patents, any Foreign Counterparts of the LGD Patents, or related family patent

rights, beginning with the inventors, including, but not limited to, all assignment

Documents and all Documents concerning the acquisition of any LGD Patent, any

Foreign Counterparts of the LGD Patents, or related family patent rights.

**Document Request No. 57**

All Documents concerning the actual or potential purchase, sale, or transfer of

any rights or interest in or to any LGD Patent, including, but not limited to,

Communications, negotiations, offers, discussions, presentations, meeting notes,

meeting minutes, analyses, agreements, contracts, assignments, and licenses, including

all drafts, modifications, or amendments (if any) thereof, and Documents exchanged with third parties.

**Document Request No. 58**

All Documents and Things relating to any test, study, experiment, or investigation conducted by any Person in an effort to design around any LGD Patent or any Foreign Counterparts of the LGD Patents.

**Document Request No. 59**

All Documents concerning any contention that any alleged "secondary considerations" of the type described in *Graham v. John Deere*, 383 U.S. 1 (1966), and its progeny, for the subject matter purportedly described and claimed in any LGD Patent and any Foreign Counterparts of the LGD Patents show them to be non-obvious, including, without limitation, Documents relevant to:

    a.    any alleged long-felt need, or absence thereof, for the subject matter of any of the claims of any LGD Patent;

    b.    any alleged commercial success, or lack thereof, of the subject matter of any of the claims of any LGD Patent;

    c.    any alleged copying by others, or lack thereof, of the subject matter of any of the claims of any LGD Patent;

    d.    any alleged praise, or absence thereof, for the subject matter of any of the claims of any LGD Patent;

    e.    any alleged unexpected results, or lack thereof, of the subject matter of any of the claims of any LGD Patent;

    f.    any alleged skepticism, or lack thereof, concerning the subject matter of any of the claims of any LGD Patent; or

g.    any alleged nexus or lack thereof between the use of the subject matter

claimed in any LGD Patents and any alleged commercial success of products or

services using or incorporating that subject matter.

**Document Request No. 60**

All Documents concerning the utility, advantages, problems, and solutions

corresponding to inventions purportedly disclosed, described or claimed in any of the

LGD Patents.

**Document Request No. 61**

All license agreements, covenants not to sue, agreements providing an

immunity-from-suit, and related agreements to which LG Display is a party, including

all addendums, amendments, and exhibits to such agreements.

**Document Request No. 62**

All Documents concerning any offer of, request for or expression of interest in a

license and/or immunity-from-suit under or assignment or purchase of, or concerning

any grant or amendment of a license and/or immunity-from-suit under, or concerning

any assignment or purchase of the LGD Patents, any patent applications that led to any

LGD Patents, or any Foreign Counterparts of the LGD Patents or patent applications

corresponding to or claiming the benefit of or priority under any of the foregoing, and

for each such offer, request, expression of interest, grant, assignment or purchase, all

Documents concerning, but not limited to:

a.    the parties involved;

b.    the negotiation of each license, immunity, assignment or purchase

offered or requested;

c.    the duration of each license and/or immunity offered or requested;

-26-

     d.      the products to be covered by each such proposed license and/or immunity;

     e.      the amount of consideration offered, requested or received for such license, immunity, assignment or purchase, if any, including the amounts paid or to be paid for activities which predated each proposed license, immunity, assignment or purchase and the amounts to be paid for activities after the grant of each proposed license, immunity, assignment or purchase;

     f.      any royalties, royalty rates, royalty or compensation bases, if any;

     g.      any cross-licenses, licenses, or agreements under other patents, patent applications, trade secrets, or know-how;

     h.      the actual license(s), immunity(ies) or assignment(s) entered into and any and all proposed license(s), immunity(ies) or assignment(s); and/or

     i.      any amendments to any such license(s), immunity(ies) or assignment(s) or any proposed amendments.

**Document Request No. 63**

All Documents concerning your former or current patent licensing policies, practices or strategies.

**Document Request No. 64**

All Documents concerning the identity and significance of all factors that you have considered when negotiating license agreements or valuing technology for licensing purposes from December 1, 2000 to the present.

**Document Request No. 65**

All Documents concerning any lost profits sought by LG Display in this case.

**Document Request No. 66**

All Documents concerning any reasonable royalties sought by LG Display in

this case, including with respect to each of the factors referenced in *Georgia-Pacific*

*Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970),

*modified and aff 'd*, 446 F.2d 295 (2d Cir. 1971), and royalty damages claimed for each

LGD Patent.

**Document Request No. 67**

All Documents concerning, or providing basis or support for, any of LG

Display's contentions, positions, or assertions made or to be made concerning LG

Display's damage theories in this litigation, including, without limitation, contentions,

positions, or assertions made or to be made concerning the theories of lost profits,

reasonable royalty, established royalty, lost sales and/or any other basis for alleged

compensation under 35 U.S.C. § 284, including, without limitation:

a.      all Documents concerning the rate at which LG Display pays interest on

incurred debts;

b.      all Documents concerning the compensation received or expected to be

received by LG Display from its licensing or other exploitation of any of the claims of

any LGD Patents;

c.      all Documents concerning how LG Display arrived at the royalty rate or

the rate of compensation earned by LG Display for the licensing or other exploitation of

any of the claims of any LGD Patents;

d.      any royalties received by LG Display pursuant to any licenses,

sublicenses or covenants not to sue of any LGD Patents;

-28-

e.    any royalty rates paid by companies in the United States for the use of

patents comparable to any LGD Patents;

f.    the effect of the LGD Patents in generating sales of LGD Products, LCD

Display Products, LCD Modules, or LCD Panels, other products or technology, and/or

licensing revenue in the United States;

g.    all Documents concerning whether there is a demand for products

embodying the purported invention disclosed in any LGD Patent;

h.    all Documents concerning whether there are a lack of acceptable non-

infringing alternatives to products embodying the purported inventions disclosed in any

LGD Patent;

i.    all Documents concerning LG Display's marketing and manufacturing

capability to exploit the purported demand for the purported inventions disclosed in any

LGD Patent; and

j.    all Documents concerning the amount of profit that LG Display would

have allegedly made.

**Document Request No. 68**

All Documents concerning the monetary value of any LGD Patent (whether

individually, together, or as part of a larger portfolio), including, but not limited to, any

licenses, accounting records, settlement agreements, appraisals, reports, or opinions.

**Document Request No. 69**

All Documents reflecting all valuations and the methodology or basis that you

have used since December 1, 2000, to negotiate or calculate the rate or amount of

royalty regarding any patents concerning technology used in or for LGD Products, LCD

Display Products, LCD Modules, or LCD Panels, or manufacturing as to any such products.

**Document Request No. 70**

All license agreements and related agreements concerning LGD Products, LCD Display Products, LCD Modules, or LCD Panels, and/or the manufacture or assembly of any such products, including all addendums, amendments, and exhibits to such license agreements.

**Document Request No. 71**

All Documents concerning the types of technology involved in any license agreement to which LG Display is a party, and Documents reflecting the extent to which any existing licenses involve technology that is relevant or comparable to the subject matter of the LGD Patents.

**Document Request No. 72**

All Documents and Things concerning the settlement of any lawsuit or claim concerning any LGD Patent.

**Document Request No. 73**

All Documents, in native format if available, that identify each LCD Module, LCD Panel, or LCD Display Product that incorporates, has been used with, or has been incorporated into any LGD Product, including Documents that identify which Brands, models, and Part Numbers incorporate, have been used with, or have been incorporated into each LGD Product since December 1, 2000 and in what quantities.

**Document Request No. 74**

All reports, forecasts, projections, plans, estimates, revenues, and data compilations, in native format if available, created, generated, received or maintained,

including the computer databases or document management systems in which such

Documents are located, concerning the revenues, profitability, costs, margins,

manufacturing, marketing, advertising, importation, distribution, purchase and sales of

LGD Products, LCD Display Products, LCD Modules, or LCD Panels made, sold, or

offered for sale by or for you on a monthly basis since December 1, 2000.

**Document Request No. 75**

All Documents, in native format if available, summarizing transactions since

December 1, 2000 with any LGD Customer, distributor, reseller, and retailer that either

does business in part or has an Affiliate that does business in part in the United States

concerning LGD Products, LCD Display Products, LCD Modules, or LCD Panels,

including, but not limited to, all offers to sell, sales, orders, shipments, and imports.

**Document Request No. 76**

All Documents, in native format, summarizing or concerning sales, shipments,

price per unit, gross profit per unit, net profit per unit, fixed cost per unit, and variable

cost per unit of LGD Products, LCD Display Products, LCD Modules, or LCD Panels

made and sold by or for you or on your behalf since December 1, 2000, including

identifying from whom each product was shipped and to whom each product was

shipped.

**Document Request No. 77**

Documents sufficient to determine the manufacturing cost and yield for all LGD

Products, LCD Display Products, LCD Modules, or LCD Panels and fabrication plants,

including, but not limited to, manufacturing cost reports and any other Documents

reflecting product yield, changes in product yield, and reasons for changes in product

yield for each fabrication plant.

**Document Request No. 78**

All Documents reflecting any marking or obligation to mark products with any of the LGD Patent numbers.

**Document Request No. 79**

All Communications concerning the LGD Patents or any Foreign Counterparts of the LGD Patents, including but not limited to, internal memoranda, e-mail, and correspondence between you and your officers, agents, consultants, subcontractors, and employees.

**Document Request No. 80**

All Documents concerning all Communications between LG Display and any third-party related to any LGD Patent or the subject matter of any LGD Patent.

**Document Request No. 81**

All Documents received by LG Display from CMO or any person, referencing any LGD Patent.

**Document Request No. 82**

All Documents sent by or on behalf of LG Display to CMO or any person affiliated with CMO, referencing any LGD Patents.

**Document Request No. 83**

All Documents exchanged between LG Display and any of the following concerning LGD Products, LCD Display Products, LCD Modules, or LCD Panels:

      h.    Apple Computer, Inc., including its affiliates and subsidiaries;

      i.    TPV Technologies Limited Ltd., including its affiliates and subsidiaries;

      j.    Proview International, including its affiliates and subsidiaries;

      k.    Hewlett-Packard, including its affiliates and subsidiaries;

    l.     Westinghouse, including its affiliates and subsidiaries;

    m.    Dell, including its affiliates and subsidiaries;

    n.     Funai Electric Co., Ltd., including its affiliates and subsidiaries (such as
Funai Corporation);

    o.     NEC, including its affiliates and subsidiaries;

    p.     Samsung, including its affiliates and subsidiaries.

**Document Request No. 84**

All Documents exchanged between LG Display and any of the following
concerning the United States, including, for example, with respect to United States
market trends or consumer preferences, LGD Products, LCD Display Products, LCD
Modules, or LCD Panels that could be used, sold, offered for sale in the United States
and/or LG Display employees, meetings, offices, or presentations in or regarding the
United States:

    a.     Apple Computer, Inc., including its affiliates and subsidiaries;

    b.     TPV Technologies Limited Ltd., including its affiliates and subsidiaries;

    c.     Proview International, including its affiliates and subsidiaries;

    d.    Hewlett-Packard, including its affiliates and subsidiaries;

    e.     Westinghouse, including its affiliates and subsidiaries;

    f.     Dell, including its affiliates and subsidiaries;

    g.    NEC, including its affiliates and subsidiaries;

    h.    Funai Electric Co., Ltd., including its affiliates and subsidiaries (such as
Funai Corporation);

    i.     Samsung, including its affiliates and subsidiaries.

**Document Request No. 85**

All Documents concerning any opinion of counsel regarding the LGD Patents, including, for example, all opinions, draft opinions, notes, analyses, and Communications regarding each opinion, and all Documents received and/or considered for the purposes of each opinion.

**Document Request No. 86**

All Documents concerning strategic alliances and joint ventures between LG Display and others regarding LGD Products, LCD Display Products, LCD Modules, or LCD Panels.

**Document Request No. 87**

All Documents that identify product or project names and codenames for LGD Products, LCD Display Products, LCD Modules, or LCD Panels, and that link or correlate such names or codenames between such LGD Products, LCD Display Products, LCD Modules, or LCD Panels, or are used and/or approved for LCD Display Product projects and/or codenames.

**Document Request No. 88**

Documents sufficient to show or explain the letter and/or numbering system by which LG Display assigns model numbers and/or Part Numbers to its LGD Products, LCD Display Products, LCD Modules, or LCD Panels, including Documents sufficient to show or explain what each letter and/or number signifies.

**Document Request No. 89**

All Documents concerning any expert expected to testify for you in this case, including, for example:

-34-

     a.     each expert's reports for this case and other cases within the past four

years;

     b.     all Documents considered by any expert regarding this case; and

     c.     all publications of the expert concerning any issues or subject matter

related to the issues or subject matter in this action.

**Document Request No. 90**

All Documents reviewed by or received by any person LG Display expects to

call as a witness at any hearing or at trial in this action to the extent such documents

relate to the subject matter of this action.

**Document Request No. 91**

All Documents prepared by any person LG Display expects to call as a witness

at any hearing or at trial in this action to the extent such documents relate to the subject

matter of this action.

**Document Request No. 92**

All Documents and Things that LG Display may use or introduce at any hearing

or trial of this action.

**Document Request No. 93**

All Documents in the possession, custody or control of each of the individuals

listed on LG Display's and LGDA's Initial Disclosures that concern the LGD Patents or

the subject matter of this action.

**Document Request No. 94**

All Documents identified, described, or referenced in LG Display's and

LGDA's Initial Disclosures.

**Document Request No. 95**

All organizational charts and other Documents that reflect LG Display's entire organizational structure, including the structure of your Intellectual Property department or division, including lines of reporting and all positions, offices, divisions, units, departments, teams, and employees within LG Display, and their corresponding titles, functions, and responsibilities.

**Document Request No. 96**

All Documents that identify employees, officers, agents, subsidiaries, or Representatives acting on behalf of LG Display and/or LGDA in the United States.

**Document Request No. 97**

All Documents reflecting any Communications between LG Display and any other Person regarding CMO, CMO USA, or the following cases: *AU Optronics Corporation vs. LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc.*, Civil Action No. 07-C-0137-S (United States District Court for the Western District of Wisconsin); *AU Optronics Corporation vs. LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc. et al.*, Civil Action No. 07-357-JJF (United States District Court for the District of Delaware); *LG.Philips LCD Co., Ltd. v. Chi Mei Optoelectronics Corporation, et al.*, Civil Action No. 06-726-JJF (United States District Court for the District of Delaware); *Chi Mei Optoelectronics Corporation v. LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc.*, Civil Action No. 07-176-TJW (United States District Court for the Eastern District of Texas); *LG.Philips LCD Co Ltd v. Chunghwa Picture Tubes Ltd*, Civil Action No. 05-07004-CBM (United States District Court for the Central District of California); *LG.Philips LCD Co., Ltd. v. Chunghwa Picture Tubes Ltd., et al.,* Civil Action No. 02-6775-CBM (United States District Court for the

-36-

Central District of California); and *LG.Philips LCD Co., Ltd. v. Tatung Co., et al.*, Civil

Action No. 05-292-JJF (United States District Court for the District of Delaware).

**Document Request No. 98**

All Documents concerning pleadings, discovery requests, responses to discovery

requests, expert reports, claim construction briefing, claim charts, deposition transcripts,

court transcripts, trial transcripts, and court orders relative to any action or lawsuit in

which LG Display has alleged that any Person has infringed any LGD Patent, including,

but not limited to the following cases: *AU Optronics Corporation vs. LG.Philips LCD*

*Co., Ltd. and LG.Philips LCD America, Inc.*, Civil Action No. 07-C-0137-S (United

States District Court for the Western District of Wisconsin); *AU Optronics Corporation*

*vs. LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc. et al.*, Civil Action No.

07-357-JJF (United States District Court for the District of Delaware); *LG.Philips LCD*

*Co Ltd v. Chunghwa Picture Tubes Ltd*, Civil Action No. 05-07004-CBM (United

States District Court for the Central District of California); *LG.Philips LCD Co., Ltd. v.*

*Chunghwa Picture Tubes Ltd., et al.*, Civil Action No. 02-6775-CBM (United States

District Court for the Central District of California); and *LG.Philips LCD Co., Ltd. v.*

*Tatung Co.*, et al., Civil Action No. 05-292-JJF (United States District Court for the

District of Delaware).

**Document Request No. 99**

All Documents concerning LG Display's participation in, sponsorship of, and/or

Communications with any group, organization, or other body concerning establishing,

publishing, or developing industry standards potentially relevant to LGD Products, LCD

Display Products, LCD Modules, or LCD Panels.

**Document Request No. 100**

All policies, procedures, manuals, guidelines, and other Documents concerning

the retention, destruction, storage, archiving, and management of Documents, records,

and/or electronically stored information that apply to LG Display, LGDA or their

employees.

**Document Request No. 101**

All Documents concerning efforts to identify information (including

electronically stored information) relevant to claims and defenses or discovery in this

case, including Documents identifying all sources of relevant information, all

custodians of relevant information.

**Document Request No. 102**

All reports to your shareholders, including all annual reports, in English, since

December 1, 2000.

**Document Request No. 103**

All Documents concerning LG Display stock or shares, including, but not

limited to, stock offerings (such as Offering Circulars), shareholders agreements or any

agreements relating to stock purchases, share purchases or asset sales or transfers to

which LG Display is a party, assignor, assignee, or beneficiary.

**Document Request No. 104**

All annual reports, income statements, and financial statements concerning LG

Display since December 1, 2000.

**Document Request No. 105**

All Documents and Things produced to, provided to, examined by or given to AU Optronics Corporation or AU Optronics Corporation of America in connection with this action.

**Document Request No. 106**

All Documents concerning CMO.

**Document Request No. 107**

All Documents concerning CMO USA.

**Document Request No. 108**

All English translations of any non-English documents that are responsive to any of the document request posed by CMO USA.

**Document Request No. 109**

All Documents that you identified, consulted, referred to, or relied upon in responding to any interrogatories posed by CMO USA.


OF COUNSEL:                                    POTTER ANDERSON & CORROON LLP

Kenneth R. Adamo
Robert C. Kahrl                                By: _____
Arthur P. Licygiewicz
Jones Day                                           Philip A. Rovner (#3215)
North Point                                         Hercules Plaza
901 Lakeside Avenue                                 P. O. Box 951
Cleveland, OH  44114-1190                           Wilmington, DE  19899
(216) 586-3939                                      (302) 984-6000
                                                    provner@potteranderson.com
Dated:  April 8, 2008
859219                                         *Attorneys for Defendant*
                                               *Chi Mei Optoelectronics USA, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 8, 2008 true and correct copies of

the within document were served on the following counsel of record, at the addresses and in the

manner indicated:

**BY HAND DELIVERY AND EMAIL**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

**BY E-MAIL**

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com
cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

**BY HAND DELIVERY AND EMAIL**

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

**BY E-MAIL**

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA 90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com

Ron E. Shulman, Esq.
Julie M. Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
jholloway@wsgr.com

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759
ctyler@wsgr.com
brange@wsgr.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., | |
| Plaintiff, | Civil Action No. 06-726 (GMS)<br>Civil Action No. 07-357 (GMS) |
| v. | |
| CHI MEI OPTOELECTRONICS<br>CORPORATION, et al. | **CONSOLIDATED CASES** |
| Defendants. | |

## LG DISPLAY CO., LTD.'S RESPONSES TO CHI MEI OPTOELECTRONICS USA, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (Nos. 1-109)

Plaintiff LG Display Co., Ltd. ("LG Display"), by counsel and pursuant to Fed. R. Civ. P. 34, responds as follows to Chi Mei Optoelectronics USA, Inc.'s ("CMO USA") First Set of Requests for the Production of Documents and Things.

### PRELIMINARY STATEMENT

1.      Discovery has just begun, LG Display's investigation is ongoing, there is no protective order in place and no depositions have been taken. Thus, these responses are based solely on information available to LG Display at a very early stage of this litigation. LG Display reserves its right to amend, retract, or supplement its responses in light of new information or a revised understanding of existing information.

2.      By providing these responses, LG Display does not waive any objections or claims of privilege.

### GENERAL OBJECTIONS

These general objections apply to each request and thus, for convenience, are not repeated after each request, but rather are set forth herein and are hereby incorporated into each

response. By responding to any particular request with the phrase "Subject to and without waiving the foregoing objections," LG Display is incorporating by reference not only the specific objections stated in the response, but also these General Objections.

1.    LG Display objects to these requests as overly broad and unduly burdensome, in scope and effect, to the extent that these requests seek discovery that is not properly limited to relevant products, issues, time periods, or information, and/or would require unreasonable effort and expense to investigate or respond.

2.    LG Display objects to these requests to the extent they seek documents protected from discovery by the attorney-client privilege, work product doctrine, and other applicable privileges or immunities. This includes, but is not limited to, documents or information generated after filing of the Complaint herein. To the extent that these requests seek documents that are not subject to this objection, LG Display's responses shall not constitute or be construed as a waiver of such privilege and/or work-product immunity. Moreover, to the extent that identification of individuals or documents would disclose privileged or protected information, LG Display objects to any such identification. Any demand for a privilege log contemporaneous with these responses is premature and LG Display will meet and confer regarding an appropriate exchange of privilege logs in this case.

3.    LG Display objects to these requests to the extent they seek discovery of confidential and/or competitive information, including, for example, documents containing trade secrets or other confidential research, development or commercial information and will only produce such documents in accordance with Local Rule 26.2 and/or a protective order to be entered in this action, including special safeguards regarding the handling of and access to highly confidential or competitive information.

2

4.      LG Display objects to these requests to the extent they seek the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LG Display.  LG Display shall attempt to obtain the consent of such third party prior to production.  If LG Display cannot obtain such consent, LG Display will not produce the documents.

5.      LG Display objects to these requests to the extent they request documents that are: a) not in LG Display's possession, custody or control; b) already in Defendants' possession; c) in the public domain; or d) more easily obtainable from other sources by the exercise of ordinary due diligence as required by any applicable rule, as unduly burdensome, oppressive, and designed to harass.

6.      LG Display objects to these requests to the extent they seek information related to any LG Display product in or under development.  Such information is neither relevant to any claims or defenses asserted in this case, nor reasonably likely to lead to the discovery of admissible evidence.

7.      LG Display objects to CMO USA's requests and "Definitions of Terms and Instructions" to the extent that they seek to impose obligations beyond the scope of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.  LG Display will comply to the extent required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.

8.      LG Display objects to Definition 1 of "LG Display," "you," and "your" because it is overly broad.

9.      LG Display objects to Definition 2 of "LGDA" because it is overly broad.

3

10.    LG Display objects to Definition 6 of "Representative" because it is overly broad.

11.    LG Display objects to Definition 20 of "Thing" as overly broad and unduly burdensome to the extent it seeks the production of things that are beyond the scope of Fed. R. Civ. P. 34.

12.    LG Display objects to Instruction 40 and these requests to the extent they seek the production of electronically stored information in a manner that is inconsistent with the parties' agreement. The parties have agreed, subject to document requests and objections, to produce "relevant electronically stored information in TIFF format along with load files or in PDF format. To the extent any electronically stored information cannot be converted to TIFF or PDF format, the parties will produce that information in its native format." April 3, 2008 letter from Mr. Range to Messrs. Bono and Adamo. LG Display refers to and incorporates into this objection by reference the following correspondence that more fully describes the parties' agreement: (1) March 3, 2008 letter from Brian Range to Messrs. Bono and Adamo (*see* ¶ 2 (a)-(d)); (2) March 13, 2008 letter from Lora Brzezynski to Messrs. Range and Adamo (amending ¶ 2(a)); (3) March 20, 2008 letter from Arthur Licygiewicz to Brian Range and Lora Brzezynski (agreeing with ¶ 2(a)-(d), as amended); (4) March 24, 2008 e-mail from Mr. Range to Arthur Licygiewicz and Lora Brzezynski, and others (slightly modifying  ¶ 2 (a)); and April 3, 2008 letter from Mr. Range to Messrs. Bono and Adamo. To the extent that CMO USA's instructions or requests conflict with the parties' agreement and seek the production of other information or other formats of electronically stored information, including metadata, LG Display objects. Further, LG Display objects to producing electronically stored information that is not reasonably accessible and would be unduly burdensome or expensive to produce. Subject to all responses and objections, LG Display will produce any relevant, non-privileged electronically stored

4

information that can be retrieved without undue burden or cost. As further confirmed in the aforementioned letters, any party may request a native electronic copy and/or metadata associated with a document produced in the agreed format, with an explanation of the basis for that request, in which case the other party will reasonably cooperate. LG Display will, therefore, discuss any such requests on a case-by-case basis.

13.     LG Display objects to Instruction 41 because it imposes unreasonable burdens not required by the Federal Rules of Civil Procedure. LG Display will respond to these Requests pursuant to Fed. R. Civ. P. 26 and 34.

14.     LG Display reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of both its responses to these requests and to any document produced in response to these requests in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever.

15.     LG Display objects to the date and location for producing responsive documents as unduly burdensome. LG Display shall produce relevant, non-privileged documents responsive to these requests, to the extent such documents exist, on a rolling basis and as required under the Scheduling Order.

16.     LG Display objects to these requests as overly broad to the extent they seek information concerning claims and defenses asserted by and between parties other than LG Display and CMO USA.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**DOCUMENT REQUEST NO. 1:**

All Documents concerning LG Display's decision to commence this action, including documents sufficient to identify persons who participated in or contributed to that decision, and all documents concerning the basis or bases upon which that decision was made.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

In addition to the General Objections, LG Display objects to this request as overly broad

with respect to "All Documents." LG Display objects to this request as overly broad and unduly

burdensome. LG Display also objects to this request to the extent it seeks documents protected

by the attorney-client privilege, work product doctrine and/or any other applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 2:**

All Documents and Things concerning any CMO product obtained by LG Display prior to commencement of this action, including, but not limited to, Documents and Things regarding LG Display's pre-suit investigation of CMO products and its alleged infringement of any LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display further objects to this request as overly broad

with respect to "All Documents and Things." LG Display objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

other applicable privileges.

**DOCUMENT REQUEST NO. 3:**

All Documents and Things concerning LG Display's pre-suit investigation of CMO USA and its alleged infringement of any LGD Patents.

6

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to the General Objections, LG Display objects to this request as overly broad

with respect to "All Documents and Things." LG Display also objects to this request to the

extent it seeks documents protected by the attorney-client privilege, work product doctrine

and/or any other applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 4:**
All Documents concerning the factual basis or bases for each of your allegations in any
of LG Display's pleadings relative to CMO, including, but not limited to, LGD's Complaint,
Amended Complaints, or Counterclaims.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges. Moreover, LG Display objects to this request as redundant and duplicative

to the extent it seeks information sought by other document requests served on LG Display by

CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 5:**
All Documents concerning the factual basis or bases for each of your allegations in any
of LG Display's pleadings relative to CMO USA, including, but not limited to, LGD's
Complaint, Amended Complaints, or Counterclaims.

7

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

In addition to the General Objections, LG Display objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

other applicable privileges.  Moreover, LG Display objects to this request as redundant and

duplicative to the extent it seeks information sought by other document requests served on LG

Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 6:**
All Documents that concern, support or refute, or tend to support or refute any of the
allegations in any of LG Display's pleadings relative to CMO, including, but not limited to,
LGD's Complaint, Amended Complaints, or Counterclaims.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA.  LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges and to the extent it seeks the disclosure of documents that are subject to a

confidentiality agreement with a third party or that are proprietary or confidential information of

a third party that is in the possession, custody, or control of LG Display.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 7:**
All Documents that concern, support or refute, or tend to support or refute any of the
allegations in any of LG Display's pleadings relative to CMO USA, including, but not limited to,
LGD's Complaint, Amended Complaints, or Counterclaims.

8

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

In addition to the General Objections, LG Display objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

other applicable privileges and to the extent it seeks the disclosure of documents that are subject

to a confidentiality agreement with a third party or that are proprietary or confidential

information of a third party that is in the possession, custody, or control of LG Display.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 8:**
All Documents relating to LG Display's first awareness of each allegedly infringing act
or product for which LG Display seeks any recovery against CMO, including when LG Display
first determined that any CMO act or product allegedly infringed one or more claims of any LGD
Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 9:**
All Documents relating to LG Display's first awareness of each allegedly infringing act
for which LG Display seeks any recovery against CMO USA.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

In addition to the General Objections, LG Display objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

9

other applicable privileges. Moreover, LG Display objects to this request as redundant and

duplicative to the extent it seeks information sought by other document requests served on LG

Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 10:**
All Documents concerning any contention by you relative to whether or not CMO
infringes one or more claims of any LGD Patent, whether literally or under the doctrine of
equivalents.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 11:**
All Documents concerning any contention by you relative to whether or not CMO USA
infringes one or more claims of any LGD Patent, whether literally or under the doctrine of
equivalents.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

In addition to the General Objections, LG Display objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

other applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 12:**

All Documents concerning any contention by you relative to whether or not CMO induces infringement or contributes to the infringement of one or more claims of any LGD Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges and to the extent it seeks the disclosure of documents that are subject to a

confidentiality agreement with a third party or that are proprietary or confidential information of

a third party that is in the possession, custody, or control of LG Display.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 13:**

All Documents concerning any contention by you relative to whether or not CMO USA induces infringement or contributes to the infringement of one or more claims of any LGD Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

In addition to the General Objections, LG Display objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

other applicable privileges and to the extent it seeks the disclosure of documents that are subject

to a confidentiality agreement with a third party or that are proprietary or confidential

information of a third party that is in the possession, custody, or control of LG Display.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

11

exist.

## DOCUMENT REQUEST NO. 14:

All Documents and Things concerning CMO's alleged infringement of one or more claims of any LGD Patent, including, but not limited to, correspondence, electronic mail, memoranda, notes, calculations, presentations, analyses, studies, requests for quotes, invitations to bid, bid packages, bids, quotes, proposals, contracts, purchase orders, invoices, submissions, product samples, reports, or meeting minutes.

## RESPONSE TO DOCUMENT REQUEST NO. 14:

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display also objects to this request as overly broad to the extent it

seeks information beyond the scope of the claims and defenses asserted by and between LG

Display and CMO USA. LG Display specifically objects to this request as overly broad with

respect to "All Documents and Things." LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges and to the extent it seeks the disclosure of documents that are subject to a

confidentiality agreement with a third party or that are proprietary or confidential information of

a third party that is in the possession, custody, or control of LG Display. To the extent this

request seeks the production of electronically stored information, LG Display objects to

producing electronically stored information that is not reasonably accessible and would be

unduly burdensome or expensive to produce. To the extent LG Display produces any

electronically stored information, such information will be produced in the manner agreed to as

set forth in LG Display's General Objections.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant non-privileged documents responsive to this request.

## DOCUMENT REQUEST NO. 15:

All Documents and Things concerning CMO USA's alleged infringement of one or more claims of any LGD Patent, including, but not limited to, correspondence, electronic mail, memoranda, notes, calculations, presentations, analyses, studies, requests for quotes, invitations

to bid, bid packages, bids, quotes, proposals, contracts, purchase orders, invoices, submissions, product samples, reports, or meeting minutes.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

In addition to the General Objections, LG Display objects to this request as overly broad and unduly burdensome. LG Display specifically objects to this request as overly broad with respect to "All Documents and Things." LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges and to the extent it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LG Display. To the extent this request seeks the production of electronically stored information, LG Display objects to producing electronically stored information that is not reasonably accessible and would be unduly burdensome or expensive to produce. To the extent LG Display produces any electronically stored information, such information will be produced in the manner agreed to as set forth in LG Display's General Objections.

Subject to and without waiving the foregoing objections, LG Display will produce relevant non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 16:**
All studies, tests, comparisons, analyses, inspections or reports conducted by LG Display or on LG Display's behalf concerning the structure, function or operation of any of the accused CMO products or any other products LG Display contends practice any of the inventions purportedly claimed in the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

In addition to the General Objections, LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display objects to this request as overly broad with

13

respect to "All." LG Display objects to this request to the extent it seeks documents protected by

the attorney-client privilege, work product doctrine and/or any other applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 17:**
All Documents concerning any contention by you relative to whether or not CMO's
alleged infringement of one or more claims of any LGD Patent is "willful."

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request as overly broad with

respect to "All Documents." LG Display objects to this request to the extent it seeks documents

protected by the attorney-client privilege, work product doctrine and/or any other applicable

privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 18:**
All Documents concerning any contention by you relative to whether or not CMO USA's
alleged infringement of one or more claims of any LGD Patent is "willful."

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

In addition to the General Objections, LG Display objects to this request as overly broad

with respect to "All Documents." LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges.

14

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 19:**
All Documents concerning any contention by you relative to whether or not CMO should
be enjoined and restrained from infringing one or more claims of any LGD Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request as overly broad with

respect to "All Documents." LG Display objects to this request to the extent it seeks documents

protected by the attorney-client privilege, work product doctrine and/or any other applicable

privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 20:**
All Documents concerning any contention by you relative to whether or not CMO USA
should be enjoined and restrained from infringing one or more claims of any LGD Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

In addition to the General Objections, LG Display objects to this request as overly broad

with respect to "All Documents." LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

## DOCUMENT REQUEST NO. 21:
All Documents concerning any contention by you relative to whether or not this action is an "exceptional case."

## RESPONSE TO DOCUMENT REQUEST NO. 21:

In addition to the General Objections, LG Display objects to this request as overly broad

with respect to "All Documents." LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

## DOCUMENT REQUEST NO. 22:
All Documents concerning any claim by LG Display that any Person other than CMO or CMO USA infringed one or more claims of an LGD Patent.

## RESPONSE TO DOCUMENT REQUEST NO. 22:

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

evidence. LG Display objects to this request as overly broad to the extent it seeks information

beyond the scope of the claims and defenses asserted by and between LG Display and CMO

USA. LG Display objects to this request as overly broad with respect to "All Documents." LG

Display objects to this request to the extent it seeks documents protected by the attorney-client

privilege, work product doctrine and/or any other applicable privileges and to the extent it seeks

the disclosure of documents that are subject to a confidentiality agreement with a third party or

16

that are proprietary or confidential information of a third party that is in the possession, custody, or control of LG Display.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist.

**DOCUMENT REQUEST NO. 23:**
All Documents concerning the interpretation, scope, or construction of each claim of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

In addition to the General Objections, LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display objects to this request as overly broad with respect to "All Documents." LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges. LG Display further objects to the extent that this request seeks discovery that relates to claims or claim terms not in dispute. LG Display objects to this request as premature prior to the claim construction process.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 24:**
All documents that LG Display intends to use to support its construction of each claim of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

In addition to the General Objections, LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display objects to this request as premature prior to

17

the claim construction process.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 25:**
All Documents exchanged between LGD and DisplaySearch or any other market research
publisher concerning LGD Products, LCD Display Products, LCD Modules, or LCD Panels,
including, but not limited to, financial information.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome, including with respect to "All Documents." LG Display specifically

objects to this request as overly broad to the extent it is not limited to relevant products or

information concerning claims or defenses at issue in this case. LG Display also objects to this

request as overly broad to the extent it is unlimited in temporal scope or otherwise not limited to

a time frame that is relevant to this litigation.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 26:**
All Documents generated or relied upon by LG Display since December 1, 2000 that
reference information or data from DisplaySearch or any other market research publisher.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome, including with respect to "All Documents." LG Display objects to this

request to the extent it seeks information that is not relevant to the claims or defenses asserted in

this case. LG Display also objects to this request as overly broad to the extent it is not limited to

a time frame that is relevant.

**DOCUMENT REQUEST NO. 27:**

All Documents concerning the United States and/or North American market for LGD Products, LCD Display Products, LCD Modules, or LCD Panels.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

In addition to the General Objections, LG Display objects to this request as overly broad and unduly burdensome, including with respect to "All Documents." LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges. LG Display objects to this request as unduly burdensome to the extent it seeks documents in the public domain. LG Display objects to this request as overly broad to the extent it is unlimited in temporal scope or otherwise not limited to a time frame that is relevant to this litigation.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 28:**

All Documents concerning the marketing and/or sale of LGD Products, LCD Display Products, LCD Modules, or LCD Panels in or for the United States and/or North American market, including, for example, Communications with Brands, LGD Customers, or potential customers that sell in the United States any LGD Products, LCD Display Products, LCD Modules, or LCD Panels.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

In addition to the General Objections, LG Display objects to this request as overly broad and unduly burdensome. LG Display objects to this request to the extent it seeks information that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the extent this request seeks information not reasonably likely to lead to the discovery of admissible evidence. LG Display also objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display specifically objects to this request as overly broad with respect to

19

"All Documents." LG Display objects to this request as overly broad to the extent it is unlimited

in temporal scope or otherwise not limited to a time frame that is relevant to this litigation.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 29:**
All Documents concerning any analysis, study, or report prepared by or on behalf of LG
Display concerning any LGD Products, LCD Display Products, LCD Modules, or LCD Panels
that LG Display contends are covered by any claim of any LGD Patent, including, without
limitation, all Documents concerning any estimated, projected or actual market shares; any
estimated, projected or actual royalties; and/or any estimated, projected or actual profit for each
such product on the market at any time or anticipated to be on the market.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display also objects to the extent this request seeks information not

reasonably likely to lead to the discovery of admissible evidence. LG Display objects to this

request as overly broad to the extent it seeks information beyond the scope of the claims and

defenses asserted by and between LG Display and CMO USA. LG Display specifically objects

to this request as overly broad with respect to "All Documents" and "any analysis." LG Display

objects to this request as overly broad to the extent it is unlimited in temporal scope or otherwise

not limited to a time frame that is relevant to this litigation. LG Display objects to this request to

the extent it seeks documents protected by the attorney-client privilege, work product doctrine

and/or any other applicable privileges. Moreover, LG Display objects to this request as

redundant and duplicative to the extent it seeks information sought by other document requests

served on LG Display by CMO USA. LG Display further objects to this request because it is

vague, ambiguous, and fails to specify documents sought with reasonable particularity,

preventing LG Display from identifying responsive documents.

Subject to and without waiving the foregoing objections, LG Display is currently

unaware of any analysis, study, or report concerning LG Display's products with respect to any

patent asserted in this case by LG Display.

**DOCUMENT REQUEST NO. 30:**

All Documents concerning LG Display's market share (actual or estimated) and/or
projected market share relative to LGD Products, LCD Display Products, LCD Modules, or LCD
Panels in the United States for any period from 2000 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

evidence. LG Display objects to this request as overly broad to the extent it seeks information

beyond the scope of the claims and defenses asserted by and between LG Display and CMO

USA. LG Display specifically objects to this request as overly broad with respect to "All

Documents." Moreover, LG Display objects to this request as overly broad to the extent that it is

not limited to a time frame that is relevant.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 31:**

All Documents concerning any trips to the United States by any LG Display employee
regarding LGD Products, LCD Display Products, LCD Modules, or LCD Panels.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

21

evidence. LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display specifically objects to this request as overly broad with respect to "All Documents." LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges. LG Display objects to this request as overly broad to the extent it is unlimited in temporal scope or otherwise not limited to a time frame that is relevant to this litigation.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist.

**DOCUMENT REQUEST NO. 32:**
All Documents concerning any trips by any LG Display or LGDA employee to any LGD Customer, potential LGD Customer, or Brand that does business in part in the United States or is an Affiliate of an entity that does business in the United States.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

In addition to the General Objections, LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display objects to this request as overly broad with respect to "All Documents." LG Display objects to this request as overly broad to the extent it is unlimited in temporal scope or otherwise not limited to a time frame that is relevant to this litigation. LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges. Moreover, LG Display objects to this request as redundant and duplicative to the extent it seeks information sought by other document requests served on LG Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

22

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 33:**
All Documents concerning any laws, regulations, or requirements in the United States
that apply to LGD Products, LCD Display Products, LCD Modules, or LCD Panels, including,
but not limited to, Documents evidencing compliance with any such United States laws,
regulations, and requirements (for example, UL and EPA requirements).

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request as overly broad with

respect to "All Documents." LG Display objects to this request as overly broad to the extent it is

unlimited in temporal scope or otherwise not limited to a time frame that is relevant to this

litigation. LG Display objects to this request to the extent it seeks documents protected by the

attorney-client privilege, work product doctrine and/or any other applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 34:**
All Documents that you submitted, filed with, and received since December 1, 2000,
from any United States (federal, state or local) government agency or authority concerning the
importation and/or sale of LGD Products, LCD Display Products, LCD Modules, or LCD Panels
and any requirements or approvals for such sales and imports.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

23

evidence. LG Display objects to this request as overly broad to the extent it seeks information

beyond the scope of the claims and defenses asserted by and between LG Display and CMO

USA. LG Display specifically objects to this request as overly broad to the extent it is not

limited to relevant products at issue in this case.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 35:**
    All Documents concerning the manufacture of any LGD TFT Array or TFT Substrate in
accordance with any LGD Patents, including, but not limited to, TFT Array Specifications that
describe or disclose the material composition of each layer of each substrate; process
Specifications that describe or disclose the steps for forming (e.g., cleaning, depositing, coating,
etching, and/or stripping) each layer of each substrate, and mask files (i.e., electronic files such
as GDS-II) that describe or disclose the layer patterns of each substrate.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA and/or concerning products that are not relevant. LG

Display objects to this request to the extent that it is ambiguous and obscure with respect to "in

accordance with any LGD Patents." LG Display objects to this request as overly broad to the

extent it is unlimited in temporal scope or otherwise not limited to a time frame that is relevant to

this litigation. LG Display objects to this request to the extent it seeks the disclosure of

documents that are subject to a confidentiality agreement with a third party or that are

proprietary or confidential information of a third party that is in the possession, custody, or

control of LG Display. To the extent this request seeks the production of electronically stored

information, LG Display objects to producing electronically stored information that is not

reasonably accessible and would be unduly burdensome or expensive to produce. To the extent

LG Display produces any electronically stored information, such information will be produced in

the manner agreed to as set forth in LG Display's General Objections. LG Display objects on the

grounds that documents and information sought by this request are highly confidential, trade

secret information. LG Display will only produce these documents and materials subject to a

protective order containing special safeguards regarding the handling of and access to this

information.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 36:**
All Documents concerning the design and/or analysis of the structure of any thin-film
transistor on any LGD TFT Substrate made in accordance with any LGD Patents including, but
not limited to, Documents that describe or disclose the cross section structure of a TFT, and
Documents that describe or disclose testing, analysis, or evaluation, including performance,
produceability, operation, yield, reliability, fault, or quality control, of LGD Products including
components or structures of TFT Arrays and LCD Panels.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA and/or concerning products that are not relevant. LG

Display objects to this request to the extent that it is ambiguous and obscure with respect to "in

accordance with any LGD Patents." LG Display objects to this request as overly broad to the

extent it is unlimited in temporal scope or otherwise not limited to a time frame that is relevant to

this litigation. LG Display objects to this request to the extent it seeks the disclosure of

documents that are subject to a confidentiality agreement with a third party or that are

proprietary or confidential information of a third party that is in the possession, custody, or

control of LG Display. To the extent this request seeks the production of electronically stored

information, LG Display objects to producing electronically stored information that is not

25

reasonably accessible and would be unduly burdensome or expensive to produce. To the extent

LG Display produces any electronically stored information, such information will be produced in

the manner agreed to as set forth in LG Display's General Objections. LG Display objects on the

grounds that documents and information sought by this request are highly confidential, trade

secret information. LG Display will only produce these documents and materials subject to a

protective order containing special safeguards regarding the handling of and access to this

information.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 37:**

All Documents concerning any LG Display cell assembly process in accordance with any LGD Patents, including, but not limited to, product Specifications and CAD files that describe or disclose patterns (e.g., seal printing or seal dispensing, liquid crystal filling, Au or Ag dispensing, UV light masking, and/or glass cutting) on the LGD TFT Substrate and/or the LGD Color Filter Substrate; process Specifications that describe or disclose the steps for assembling (e.g., cleaning, printing, filling, dispensing, attaching, exposing to UV light, baking, cutting, beveling, and/or bubble removal) a LG Display LCD Panel; and material Specifications that describe or disclose the sealant material (e.g., by designated product name, supplier, and/or composition) for each LG Display LCD Panel.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA and/or concerning products that are not relevant. LG

Display objects to this request to the extent that it is ambiguous and obscure with respect to "in

accordance with any LGD Patents." LG Display objects to this request as overly broad to the

extent it is unlimited in temporal scope or otherwise not limited to a time frame that is relevant to

this litigation. LG Display objects to this request to the extent it seeks the disclosure of

documents that are subject to a confidentiality agreement with a third party or that are

proprietary or confidential information of a third party that is in the possession, custody, or

control of LG Display. To the extent this request seeks the production of electronically stored

information, LG Display objects to producing electronically stored information that is not

reasonably accessible and would be unduly burdensome or expensive to produce. To the extent

LG Display produces any electronically stored information, such information will be produced in

the manner agreed to as set forth in LG Display's General Objections. LG Display objects on the

grounds that documents and information sought by this request are highly confidential, trade

secret information. LG Display will only produce these documents and materials subject to a

protective order containing special safeguards regarding the handling of and access to this

information.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 38:**
All Documents concerning any LG Display cell assembly material flow and fabrication
equipment used in connection with product made in accordance with any LGD Patents,
including, but not limited to, fabrication equipment floor layouts for all cell assembly production
lines; Specifications that describe or disclose a cell production line as serial, single or other
similar designation; and Documents that describe or disclose the process flow, control, relative
timing, and/or operation of the seal dispensing, liquid crystal dispensing, cleaning, and/or
assembly equipment in each cell assembly production line.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA and/or concerning products that are not relevant. LG

Display objects to this request to the extent that it is ambiguous and obscure with respect to

"used in connection with product [sic] made in accordance with any LGD Patents." LG Display

objects to this request as overly broad to the extent it is unlimited in temporal scope or otherwise

not limited to a time frame that is relevant to this litigation. LG Display objects to this request to the extent it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LG Display. To the extent this request seeks the production of electronically stored information, LG Display objects to producing electronically stored information that is not reasonably accessible and would be unduly burdensome or expensive to produce. To the extent LG Display produces any electronically stored information, such information will be produced in the manner agreed to as set forth in LG Display's General Objections. LG Display objects on the grounds that documents and information sought by this request are highly confidential, trade secret information. LG Display will only produce these documents and materials subject to a protective order containing special safeguards regarding the handling of and access to this information.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 39:**
Samples of each LCD Display Product, LCD Module, and LCD Panel that LGD contends are covered by or embody, in whole or in part, any claim of any LGD Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

In addition to the General Objections, LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display objects to this request as overly broad to the extent it is unlimited in temporal scope or otherwise not limited to a time frame that is relevant to this litigation. LG Display objects to this request as unduly burdensome to the extent it seeks documents or things in the public domain. LG Display objects to this request to the extent the documents sought are within the possession, custody, and control of CMO and/or CMO USA.

28

LG Display will meet and confer to discuss the potential production of samples of relevant

products.

**DOCUMENT REQUEST NO. 40:**
    All Documents concerning the designs, structures, procedures, process conditions, equipment used, materials, functions, analysis, operation, absence, use, and/or purpose of the following with respect to your products that you claim are covered by any LGD Patents or manufactured in accordance with any LGD Patents:

    a.    Electrostatic Discharge Protection, including:

        i.    structures or components on a TFT Substrate or LCD Panel;

        ii.    manufacturing process steps that relate to electrostatic charge or discharge;

        iii.    equipment, environmental conditions or procedures that relate to reducing electrostatic charge, discharge, or dispersal of discharge; and

        iv.    testing, analysis, or evaluation (including performance, produceability, yield, reliability, fault, or quality control) of structures, equipment, conditions or procedures related to electrostatic charge, discharger or dispersal of discharge;

    b.    TFT Substrate and color filter design and manufacture, including:

        i.    procedures, process conditions and materials used for the deposition and patterning of each layer;

        ii.    design and measurement of component performance (e.g., threshold voltage, capacitance values), material characteristics (e.g., resistivity) and pattern parameters (e.g., thickness, width, length, shape);

        iii.    design and operation of components and layers depicted in mask files; and

        iv.    testing, analysis, or evaluation (including performance, produceability, yield, reliability, fault, or quality control) of individual layers, physical interrelationships between layers, and electrical characteristics of interrelationships between layers;

    c.    Cell assembly, including:

        i.    applying or dispensing sealant, including patterns as depicted in CAD files;

        ii.    procedures and equipment used for applying or curing the sealant;

     iii.     applying, dispensing, or injecting liquid crystal material;

     iv.     aligning, joining and cutting TFT and Color Filter Substrates;

     v.     optical compensation structures, including films;

     vi.     testing, analysis, or evaluation (including performance, produceability, yield, reliability, fault, or quality control) of sealant application or dispensing patterns; and

     vii.     evaluation of production line capacity, throughput or costs associated with each production line; and

   d.     Module assembly, including:

     i.     backlight unit structures and components;

     ii.     design, operation and interrelationship of components depicted in CAD files; and

     iii.     driver circuit attachment and operation.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

In addition to the General Objections, LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display objects to this request to the extent it seeks information that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the extent this request seeks information not reasonably likely to lead to the discovery of admissible evidence. LG Display objects to this request as overly broad to the extent it is unlimited in temporal scope or otherwise not limited to a time frame that is relevant to this litigation. LG Display objects to this request to the extent that it is ambiguous and obscure with respect to products "covered by any LGD Patents or manufactured in accordance with any LGD Patents." LG Display objects to this request to the extent it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LG

Display. To the extent this request seeks the production of electronically stored information, LG

Display objects to producing electronically stored information that is not reasonably accessible

and would be unduly burdensome or expensive to produce. To the extent LG Display produces

any electronically stored information, such information will be produced in the manner agreed to

as set forth in LG Display's General Objections. LG Display objects on the grounds that

documents and information sought by this request are highly confidential, trade secret

information. LG Display will only produce these documents and materials subject to a

protective order containing special safeguards regarding the handling of and access to this

information.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 41:**
All Documents concerning the conception, design, reduction to practice (actual and constructive), diligence or lack of diligence in reduction to practice, research, and development of each invention, product, device, service, method, or activity, that concerns or is purportedly covered by one or more of the claims of any LGD Patents or the Foreign Counterparts of the LGD Patents, including, but not limited to, all product proposals, design notes, engineering notebooks, laboratory notebooks, memoranda, drawings, specifications, prototypes, computer software, change orders, publications, and printed matter concerning such products, devices, services, methods, or activities, and any written description, printed publication or disclosure prior to the respective application dates for each of the LGD Patents, whether in the United States or elsewhere.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges and to the extent it seeks the disclosure of documents that are subject to a

confidentiality agreement with a third party or that are proprietary or confidential information of

31

a third party that is in the possession, custody, or control of LG Display. To the extent this

request seeks the production of electronically stored information, LG Display objects to

producing electronically stored information that is not reasonably accessible and would be

unduly burdensome or expensive to produce. To the extent LG Display produces any

electronically stored information, such information will be produced in the manner agreed to as

set forth in LG Display's General Objections. LG Display objects on the grounds that

documents and information sought by this request are highly confidential, trade secret

information. LG Display will only produce these documents and materials subject to a

protective order containing special safeguards regarding the handling of and access to this

information.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 42:**
All Documents concerning the efforts by any Person other than the named inventors to
aid in the conception of the subject matter that concerns or is purportedly covered by one or
more of the claims of any LGD Patents or any Foreign Counterparts of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request as overly broad to the extent it seeks

information that is not relevant to the claims or defenses asserted in this case, and/or seeks

information beyond the scope of the claims and defenses asserted by and between LG Display

and CMO USA. LG Display specifically objects to this request as overly broad with respect to

"All Documents." LG Display objects to this request to the extent it seeks documents protected

by the attorney-client privilege, work product doctrine and/or any other applicable privileges.

Moreover, LG Display objects to this request as redundant and duplicative to the extent it seeks

32

information sought by other document requests served on LG Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist.

**DOCUMENT REQUEST NO. 43:**
All Documents concerning the efforts by any Person other than the named inventors to aid in the reduction to practice (actual and constructive) of the subject matter that concerns or is purportedly covered by one or more of the claims of any LGD Patents or any Foreign Counterparts of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

In addition to the General Objections, LG Display objects to this request as overly broad and unduly burdensome. LG Display objects to this request to the extent it seeks information that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the extent this request seeks information not reasonably likely to lead to the discovery of admissible evidence. LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display specifically objects to this request as overly broad with respect to "All Documents." LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges. Moreover, LG Display objects to this request as redundant and duplicative to the extent it seeks information sought by other document requests served on LG Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist.

**DOCUMENT REQUEST NO. 44:**

All Documents concerning any search, investigation, analysis, review, opinion or study relating to the scope, novelty, nonobviousness, patentability, validity, enforceability and/or infringement of any claim of any LGD Patents or any Foreign Counterparts of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request as overly broad to the extent it seeks

information beyond the scope of the claims and defenses asserted by and between LG Display

and CMO USA. LG Display specifically objects to this request as overly broad with respect to

"All Documents" and "any search, investigation, analysis, review, opinion or study." LG

Display objects to this request to the extent it seeks documents protected by the attorney-client

privilege, work product doctrine and/or any other applicable privileges. Moreover, LG Display

objects to this request as redundant and duplicative to the extent it seeks information sought by

other document requests served on LG Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 45:**

All Documents concerning any search for Prior Art for the subject matter purportedly defined by each of the claims of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request as overly broad to the extent it seeks

information that is not relevant to the claims or defenses asserted in this case, and/or seeks

information beyond the scope of the claims and defenses asserted by and between LG Display

and CMO USA. LG Display objects to this request to the extent it seeks documents protected by

34

the attorney-client privilege, work product doctrine and/or any other applicable privileges.

Moreover, LG Display objects to this request as redundant and duplicative to the extent it seeks

information sought by other document requests served on LG Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 46:**
All Documents concerning any Prior Art, whether or not you contend it is actually Prior
Art, relative to the LGD Patents, including all Prior Art or potential Prior Art references to those
patents or their respective Foreign Counterparts.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

evidence. LG Display objects to this request as overly broad to the extent it seeks information

beyond the scope of the claims and defenses asserted by and between LG Display and CMO

USA. Moreover, LG Display objects to this request as redundant and duplicative to the extent it

seeks information sought by other document requests served on LG Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 47:**
All Documents regarding any product, publication, patent, or other Document or Thing
that you contend may be relative to Prior Art to the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

35

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

evidence. LG Display objects to this request as overly broad to the extent it seeks information

beyond the scope of the claims and defenses asserted by and between LG Display and CMO

USA. LG Display specifically objects to this request as overly broad with respect to "All

Documents." LG Display objects to this request to the extent it seeks documents protected by

the attorney-client privilege, work product doctrine and/or any other applicable privileges.

Moreover, LG Display objects to this request as redundant and duplicative to the extent it seeks

information sought by other document requests served on LG Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 48:**
All English translations of any foreign patent, publication or other Document or Thing
that anyone has identified as Prior Art to any of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

In addition to the General Objections, LG Display objects to this request as overly broad.

LG Display also objects to this request to the extent it seeks documents protected by the

attorney-client privilege, work product doctrine and/or any other applicable privileges. LG

Display will meet and confer to discuss the potential production of translations of certain foreign

language documents, on a reciprocal basis.

**DOCUMENT REQUEST NO. 49:**
All Documents concerning the first Use in public, Offer to Sell, or Sale of the subject
matter described and purportedly claimed in any LGD Patent or any Foreign Counterparts of the
LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

In addition to the General Objections, LG Display objects to this response as overly

broad and unduly burdensome. LG Display also objects to this request as overly broad to the

extent it seeks information beyond the scope of the claims and defenses asserted by and between

LG Display and CMO USA. LG Display specifically objects to this request as overly broad with

respect to "All Documents." LG Display objects to this request to the extent that it is ambiguous

and obscure with respect to "subject matter described."

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 50:**

All Documents concerning the first description in a printed Document or publication,
relative to the first Use in public, Offer to Sell, or Sale of the subject matter described and
purportedly claimed in any LGD Patent or any Foreign Counterparts of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

evidence. LG Display objects to this request as overly broad to the extent it seeks information

beyond the scope of the claims and defenses asserted by and between LG Display and CMO

USA. LG Display specifically objects to this request as overly broad with respect to "All

Documents." LG Display objects to this request to the extent that it is ambiguous and obscure

with respect to "subject matter described."

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 51:**
All Documents concerning any Use, whether public or otherwise and whether experimental or otherwise, of each alleged invention corresponding to any claims of any LGD Patent or any Foreign Counterparts of the LGD Patents prior to the respective application dates for each of the LGD Patents, whether in the United States or elsewhere.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome.  LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case.  LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

evidence.  LG Display objects to this request as overly broad to the extent it seeks information

beyond the scope of the claims and defenses asserted by and between LG Display and CMO

USA.  LG Display specifically objects to this request as overly broad with respect to "All

Documents."  LG Display objects to this request to the extent it seeks documents protected by

the attorney-client privilege, work product doctrine and/or any other applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 52:**
All Documents concerning the best mode for practicing the purported invention claimed in each of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA.  LG Display objects to this request to the extent it seeks

38

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 53:**

All Documents authored by the named inventors of the LGD Patents concerning the subject matter of the LGD Patents including, but not limited to, any lab notebooks, schematics, papers, publications, or notes.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

In addition to the General Objections, LG Display objects to this request as overly broad

and to the extent it seeks information that is not relevant to the claims or defenses asserted in this

case. LG Display also objects to the extent this request seeks information not reasonably likely

to lead to the discovery of admissible evidence. LG Display objects to this request as overly

broad to the extent it seeks information beyond the scope of the claims and defenses asserted by

and between LG Display and CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 54:**

With respect to each of the LGD Patents and Foreign Counterparts of the LGD Patents, as well as any reissue application and/or reexamination request and/or interference thereof or related thereto, the following categories of Documents:

a.     the complete patent prosecution files and all Documents relating to prosecution of each of the LGD Patents and Foreign Counterparts of the LGD Patents;

b.     all Documents concerning the decision to file each application, the scope of the claims during prosecution, the naming of inventors or any amendment thereof, and the preparation of the patent application(s);

c.    all Documents reviewed, consulted, considered, or prepared in connection with the preparation or prosecution of each application, including, without limitation, any Prior Art or potential Prior Art identified or known during prosecution;

d.    all drafts of the application(s), any amendments thereof, any responses to Patent Office actions and any other papers filed or submitted during prosecution;

e.    all Documents concerning Communications with or from any third Person or any of the inventors or possible inventors or any Person at any time named as an inventor;

f.    all Documents concerning Communications with or from any patent attorney, patent agent, or Prior Art searcher relating to the Prior Art, the purported invention, applications, or the prosecution of the application(s);

g.    all Documents relating to references cited by or to the United States Patent and Trademark Office or any foreign patent office during the prosecution of the application(s);

h.    all Documents concerning any conflicts, interferences, oppositions, infringements, nullity, revocation, lawsuits or any other proceedings concerning any of the LGD Patents or any Foreign Counterparts of the LGD Patents; and

i.    all Documents concerning ownership and/or assignments or transfers of interest with respect to any LGD Patents and any Foreign Counterparts of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

In addition to the General Objections, LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges. LG Display objects to this request as unduly burdensome to the extent it seeks documents in the public domain. Further, LG Display objects to paragraph (h) as overly broad, unduly burdensome, and lacking reasonable particularity.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 55:**
All Documents concerning LG Display's policies and/or practices regarding patents or patent applications.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display specifically objects to this request as overly

broad with respect to "All Documents." LG Display objects to this request to the extent that it is

ambiguous and obscure with respect to "policies and/or practices regarding patents or patent

applications."

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 56:**

All Documents concerning all links in the chain of title or ownership of any LGD Patents,
any Foreign Counterparts of the LGD Patents, or related family patent rights, beginning with the
inventors, including, but not limited to, all assignment Documents and all Documents concerning
the acquisition of any LGD Patent, any Foreign Counterparts of the LGD Patents, or related
family patent rights.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges and to the extent it seeks the disclosure of documents that are subject to a

confidentiality agreement with a third party or that are proprietary or confidential information of

a third party that is in the possession, custody, or control of LG Display.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 57:**

All Documents concerning the actual or potential purchase, sale, or transfer of any rights or interest in or to any LGD Patent, including, but not limited to, Communications, negotiations, offers, discussions, presentations, meeting notes, meeting minutes, analyses, agreements, contracts, assignments, and licenses, including all drafts, modifications, or amendments (if any) thereof, and Documents exchanged with third parties.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges and to the extent it seeks the disclosure of documents that are subject to a

confidentiality agreement with a third party or that are proprietary or confidential information of

a third party that is in the possession, custody, or control of LG Display.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 58:**

All Documents and Things relating to any test, study, experiment, or investigation conducted by any Person in an effort to design around any LGD Patent or any Foreign Counterparts of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

evidence. LG Display objects to this request as overly broad to the extent it seeks information

beyond the scope of the claims and defenses asserted by and between LG Display and CMO

USA. LG Display specifically objects to this request as overly broad with respect to "All

42

Documents and Things" and "any." LG Display further objects to this request to the extent the

documents sought are already in the possession of CMO and/or CMO USA or are more

appropriately obtained from a third party.

**DOCUMENT REQUEST NO. 59:**

All Documents concerning any contention that any alleged "secondary considerations" of
the type described in *Graham v. John Deere*, 383 U.S. 1 (1966), and its progeny, for the subject
matter purportedly described and claimed in any LGD Patent and any Foreign Counterparts of
the LGD Patents show them to be non-obvious, including, without limitation, Documents
relevant to:

a.      any alleged long-felt need, or absence thereof, for the subject matter of any of the
claims of any LGD Patent;

b.      any alleged commercial success, or lack thereof, of the subject matter of any of
the claims of any LGD Patent;

c.      any alleged copying by others, or lack thereof, of the subject matter of any of the
claims of any LGD Patent;

d.      any alleged praise, or absence thereof, for the subject matter of any of the claims
of any LGD Patent;

e.      any alleged unexpected results, or lack thereof, of the subject matter of any of the
claims of any LGD Patent;

f.      any alleged skepticism, or lack thereof, concerning the subject matter of any of
the claims of any LGD Patent; or

g.      any alleged nexus or lack thereof between the use of the subject matter claimed in
any LGD Patents and any alleged commercial success of products or services using or
incorporating that subject matter.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request as overly broad with

respect to "All Documents" and to the extent it seeks discovery concerning claims that are not

relevant. LG Display objects to this request to the extent it seeks documents protected by the

attorney-client privilege, work product doctrine and/or any other applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 60:**
All Documents concerning the utility, advantages, problems, and solutions corresponding
to inventions purportedly disclosed, described or claimed in any of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 60:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request as overly broad with

respect to "All Documents."

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 61:**
All license agreements, covenants not to sue, agreements providing an immunity-from-
suit, and related agreements to which LG Display is a party, including all addendums,
amendments, and exhibits to such agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 61:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

evidence. LG Display objects to this request as overly broad to the extent it seeks information

beyond the scope of the claims and defenses asserted by and between LG Display and CMO

USA. LG Display objects to this request to the extent it seeks the disclosure of documents that

are subject to a confidentiality agreement with a third party or that are proprietary or confidential

information of a third party that is in the possession, custody, or control of LG Display.

44

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 62:**
All Documents concerning any offer of, request for or expression of interest in a license and/or immunity-from-suit under or assignment or purchase of, or concerning any grant or amendment of a license and/or immunity-from-suit under, or concerning any assignment or purchase of the LGD Patents, any patent applications that led to any LGD Patents, or any Foreign Counterparts of the LGD Patents or patent applications corresponding to or claiming the benefit of or priority under any of the foregoing, and for each such offer, request, expression of interest, grant, assignment or purchase, all Documents concerning, but not limited to:

    a.    the parties involved;

    b.    the negotiation of each license, immunity, assignment or purchase offered or requested;

    c.    the duration of each license and/or immunity offered or requested;

    d.    the products to be covered by each such proposed license and/or immunity;

    e.    the amount of consideration offered, requested or received for such license, immunity, assignment or purchase, if any, including the amounts paid or to be paid for activities which predated each proposed license, immunity, assignment or purchase and the amounts to be paid for activities after the grant of each proposed license, immunity, assignment or purchase;

    f.    any royalties, royalty rates, royalty or compensation bases, if any;

    g.    any cross-licenses, licenses, or agreements under other patents, patent applications, trade secrets, or know-how;

    h.    the actual license(s), immunity(ies) or assignment(s) entered into and any and all proposed license(s), immunity(ies) or assignment(s); and/or

    i.    any amendments to any such license(s), immunity(ies) or assignment(s) or any proposed amendments.

**RESPONSE TO DOCUMENT REQUEST NO. 62:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to this

request as lacking reasonable particularity and to the extent this request seeks information not

reasonably likely to lead to the discovery of admissible evidence. LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges and to the extent it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LG Display. Moreover, LG Display objects to this request as redundant and duplicative to the extent it seeks information sought by other document requests served on LG Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 63:**
All Documents concerning your former or current patent licensing policies, practices or strategies.

**RESPONSE TO DOCUMENT REQUEST NO. 63:**

In addition to the General Objections, LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display objects to this request as overly broad with respect to "All Documents." LG Display objects to this request as overly broad to the extent it is unlimited in temporal scope or otherwise not limited to a time frame that is relevant to this litigation. LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request, to the extent such documents

46

exist.

**DOCUMENT REQUEST NO. 64:**
     All Documents concerning the identity and significance of all factors that you have considered when negotiating license agreements or valuing technology for licensing purposes from December 1, 2000 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 64:**

     In addition to the General Objections, LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display objects to this request as overly broad with respect to "All Documents." LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges.

     Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist.

**DOCUMENT REQUEST NO. 65:**
     All Documents concerning any lost profits sought by LG Display in this case.

**RESPONSE TO DOCUMENT REQUEST NO. 65:**

     In addition to the General Objections, LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges.

     Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist.

**DOCUMENT REQUEST NO. 66:**

All Documents concerning any reasonable royalties sought by LG Display in this case, including with respect to each of the factors referenced in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff 'd*, 446 F.2d 295 (2d Cir. 1971), and royalty damages claimed for each LGD Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 66:**

In addition to the General Objections, LG Display objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

other applicable privileges.  LG Display objects to this request to the extent the documents

sought are within the possession, custody, or control of CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 67:**

All Documents concerning, or providing basis or support for, any of LG Display's contentions, positions, or assertions made or to be made concerning LG Display's damage theories in this litigation, including, without limitation, contentions, positions, or assertions made or to be made concerning the theories of lost profits, reasonable royalty, established royalty, lost sales and/or any other basis for alleged compensation under 35 U.S.C. § 284, including, without limitation:

a.      all Documents concerning the rate at which LG Display pays interest on incurred debts;

b.      all Documents concerning the compensation received or expected to be received by LG Display from its licensing or other exploitation of any of the claims of any LGD Patents;

c.      all Documents concerning how LG Display arrived at the royalty rate or the rate of compensation earned by LG Display for the licensing or other exploitation of any of the claims of any LGD Patents;

d.      any royalties received by LG Display pursuant to any licenses, sublicenses or covenants not to sue of any LGD Patents;

e.      any royalty rates paid by companies in the United States for the use of patents comparable to any LGD Patents;

f.      the effect of the LGD Patents in generating sales of LGD Products, LCD Display Products, LCD Modules, or LCD Panels, other products or technology, and/or licensing revenue in the United States;

g.      all Documents concerning whether there is a demand for products embodying the purported invention disclosed in any LGD Patent;

h.      all Documents concerning whether there are a lack of acceptable non-infringing alternatives to products embodying the purported inventions disclosed in any LGD Patent;

i.      all Documents concerning LG Display's marketing and manufacturing capability to exploit the purported demand for the purported inventions disclosed in any LGD Patent; and

j.      all Documents concerning the amount of profit that LG Display would have allegedly made.

**RESPONSE TO DOCUMENT REQUEST NO. 67:**

In addition to the General Objections, LG Display objects to this request as overly broad and unduly burdensome. LG Display objects to this request to the extent it seeks information that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the extent this request seeks information not reasonably likely to lead to the discovery of admissible evidence. LG Display specifically objects to this request as overly broad with respect to "All Documents." LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges. LG Display objects to this request to the extent the documents sought are within the possession, custody, and control of CMO and/or CMO USA. Moreover, LG Display objects to this request as redundant and duplicative to the extent it seeks information sought by other document requests served on LG Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 68:**
All Documents concerning the monetary value of any LGD Patent (whether individually, together, or as part of a larger portfolio), including, but not limited to, any licenses, accounting records, settlement agreements, appraisals, reports, or opinions.

**RESPONSE TO DOCUMENT REQUEST NO. 68:**

In addition to the General Objections, LG Display objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

other applicable privileges and to the extent it seeks the disclosure of documents that are subject

to a confidentiality agreement with a third party or that are proprietary or confidential

information of a third party that is in the possession, custody, or control of LG Display.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 69:**

All Documents reflecting all valuations and the methodology or basis that you have used
since December 1, 2000, to negotiate or calculate the rate or amount of royalty regarding any
patents concerning technology used in or for LGD Products, LCD Display Products, LCD
Modules, or LCD Panels, or manufacturing as to any such products.

**RESPONSE TO DOCUMENT REQUEST NO. 69:**

In addition to the General Objections, LG Display objects to this request LG Display

objects to this request to the extent it seeks documents protected by the attorney-client privilege,

work product doctrine and/or any other applicable privileges and to the extent it seeks the

disclosure of documents that are subject to a confidentiality agreement with a third party or that

are proprietary or confidential information of a third party that is in the possession, custody, or

control of LG Display.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 70:**

All license agreements and related agreements concerning LGD Products, LCD Display
Products, LCD Modules, or LCD Panels, and/or the manufacture or assembly of any such
products, including all addendums, amendments, and exhibits to such license agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 70:**

In addition to the General Objections, LG Display objects to this request as redundant

and duplicative to the extent it seeks information sought by other document requests served on

LG Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 71:**

All Documents concerning the types of technology involved in any license agreement to
which LG Display is a party, and Documents reflecting the extent to which any existing licenses
involve technology that is relevant or comparable to the subject matter of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 71:**

In addition to the General Objections, LG Display objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

other applicable privileges and to the extent it seeks the disclosure of documents that are subject

to a confidentiality agreement with a third party or that are proprietary or confidential

information of a third party that is in the possession, custody, or control of LG Display.

Moreover, LG Display objects to this request as redundant and duplicative to the extent it seeks

information sought by other document requests served on LG Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 72:**

All Documents and Things concerning the settlement of any lawsuit or claim concerning
any LGD Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 72:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

evidence. LG Display objects to this request to the extent it seeks documents protected by the

attorney-client privilege, work product doctrine and/or any other applicable privileges and to the

extent it seeks the disclosure of documents that are subject to a confidentiality agreement with a

third party or that are proprietary or confidential information of a third party that is in the

possession, custody, or control of LG Display.

## DOCUMENT REQUEST NO. 73:

All Documents, in native format if available, that identify each LCD Module, LCD Panel, or LCD Display Product that incorporates, has been used with, or has been incorporated into any LGD Product, including Documents that identify which Brands, models, and Part Numbers incorporate, have been used with, or have been incorporated into each LGD Product since December 1, 2000 and in what quantities.

## RESPONSE TO DOCUMENT REQUEST NO. 73:

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request to the extent it seeks

the disclosure of documents that are subject to a confidentiality agreement with a third party or

that are proprietary or confidential information of a third party that is in the possession, custody,

or control of LG Display. To the extent this request seeks the production of electronically stored

information, LG Display objects to producing electronically stored information that is not

reasonably accessible and would be unduly burdensome or expensive to produce. To the extent

LG Display produces any electronically stored information, such information will be produced in

the manner agreed to as set forth in LG Display's General Objections.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

## DOCUMENT REQUEST NO. 74:

All reports, forecasts, projections, plans, estimates, revenues, and data compilations, in native format if available, created, generated, received or maintained, including the computer databases or document management systems in which such Documents are located, concerning the revenues, profitability, costs, margins, manufacturing, marketing, advertising, importation, distribution, purchase and sales of LGD Products, LCD Display Products, LCD Modules, or LCD Panels made, sold, or offered for sale by or for you on a monthly basis since December 1, 2000.

## RESPONSE TO DOCUMENT REQUEST NO. 74:

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display also objects to this request as overly broad to

the extent it is not limited to a time frame that is relevant. To the extent this request seeks the

production of electronically stored information, LG Display objects to producing electronically

stored information that is not reasonably accessible and would be unduly burdensome or

expensive to produce. To the extent LG Display produces any electronically stored information,

such information will be produced in the manner agreed to as set forth in LG Display's General

Objections.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

## DOCUMENT REQUEST NO. 75:

All Documents, in native format if available, summarizing transactions since December 1, 2000 with any LGD Customer, distributor, reseller, and retailer that either does business in part or has an Affiliate that does business in part in the United States concerning LGD Products, LCD Display Products, LCD Modules, or LCD Panels, including, but not limited to, all offers to sell, sales, orders, shipments, and imports.

## RESPONSE TO DOCUMENT REQUEST NO. 75:

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display also objects to this request as overly broad to the extent it is not limited to a time frame that is relevant. To the extent this request seeks the production of electronically stored information, LG Display objects to producing electronically stored information that is not reasonably accessible and would be unduly burdensome or expensive to produce. To the extent LG Display produces any electronically stored information, such information will be produced in the manner agreed to as set forth in LG Display's General Objections.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 76:**
All Documents, in native format, summarizing or concerning sales, shipments, price per unit, gross profit per unit, net profit per unit, fixed cost per unit, and variable cost per unit of LGD Products, LCD Display Products, LCD Modules, or LCD Panels made and sold by or for you or on your behalf since December 1, 2000, including identifying from whom each product was shipped and to whom each product was shipped.

**RESPONSE TO DOCUMENT REQUEST NO. 76:**

In addition to the General Objections, LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display also objects to this request as overly broad to the extent it is not limited to a time frame that is relevant. To the extent this request seeks the production of electronically stored information, LG Display objects to producing electronically stored information that is not reasonably accessible and would be unduly burdensome or expensive to produce. To the extent LG Display produces any electronically stored information, such information will be produced in the manner agreed to as set forth in LG Display's General Objections.

Subject to and without waiving the foregoing objections, LG Display will produce

54

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 77:**
 Documents sufficient to determine the manufacturing cost and yield for all LGD
Products, LCD Display Products, LCD Modules, or LCD Panels and fabrication plants,
including, but not limited to, manufacturing cost reports and any other Documents reflecting
product yield, changes in product yield, and reasons for changes in product yield for each
fabrication plant.

**RESPONSE TO DOCUMENT REQUEST NO. 77:**

 In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA.  LG Display also objects to this request as overly broad to

the extent it is unlimited in temporal scope or otherwise not limited to a time frame that is

relevant to this litigation.

 Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 78:**
 All Documents reflecting any marking or obligation to mark products with any of the
LGD Patent numbers.

**RESPONSE TO DOCUMENT REQUEST NO. 78:**

 In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA.  LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges.

 Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 79:**
All Communications concerning the LGD Patents or any Foreign Counterparts of the LGD Patents, including but not limited to, internal memoranda, e-mail, and correspondence between you and your officers, agents, consultants, subcontractors, and employees.

**RESPONSE TO DOCUMENT REQUEST NO. 79:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA.  LG Display also objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

other applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 80:**
All Documents concerning all Communications between LG Display and any third-party related to any LGD Patent or the subject matter of any LGD Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 80:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA.  LG Display also objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work-product doctrine, and/or any

other applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 81:**
All Documents received by LG Display from CMO or any person, referencing any LGD Patent.

56

**RESPONSE TO DOCUMENT REQUEST NO. 81:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 82:**
All Documents sent by or on behalf of LG Display to CMO or any person affiliated with
CMO, referencing any LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 82:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 83:**
All Documents exchanged between LG Display and any of the following concerning
LGD Products, LCD Display Products, LCD Modules, or LCD Panels:

      h.     Apple Computer, Inc., including its affiliates and subsidiaries;

      i.     TPV Technologies Limited Ltd., including its affiliates and subsidiaries;

      j.     Proview International, including its affiliates and subsidiaries;

      k.     Hewlett-Packard, including its affiliates and subsidiaries;

      l.     Westinghouse, including its affiliates and subsidiaries;

      m.     Dell, including its affiliates and subsidiaries;

      n.     Funai Electric Co., Ltd., including its affiliates and subsidiaries (such as Funai
Corporation);

57

o.    NEC, including its affiliates and subsidiaries;

p.    Samsung, including its affiliates and subsidiaries.

**RESPONSE TO DOCUMENT REQUEST NO. 83:**

In addition to the General Objections, LG Display objects to this request as overly broad and unduly burdensome. LG Display objects to this request to the extent it seeks information that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the extent this request seeks information not reasonably likely to lead to the discovery of admissible evidence. LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display specifically objects to this request as overly broad to the extent it is not limited to relevant products or information concerning claims and defenses at issue in this case. LG Display objects to this request to the extent it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LG Display. To the extent this request seeks the production of electronically stored information, LG Display objects to producing electronically stored information that is not reasonably accessible and would be unduly burdensome or expensive to produce. To the extent LG Display produces any electronically stored information, such information will be produced in the manner agreed to as set forth in LG Display's General Objections. LG Display objects on the grounds that documents and information sought by this request are highly confidential, trade secret information. LG Display will only produce these documents and materials subject to a protective order containing special safeguards regarding the handling of and access to this information.

Subject to and without waiving the foregoing objections, LG Display will produce

58

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 84:**

All Documents exchanged between LG Display and any of the following concerning the United States, including, for example, with respect to United States market trends or consumer preferences, LGD Products, LCD Display Products, LCD Modules, or LCD Panels that could be used, sold, offered for sale in the United States and/or LG Display employees, meetings, offices, or presentations in or regarding the United States:

  a.  Apple Computer, Inc., including its affiliates and subsidiaries;

  b.  TPV Technologies Limited Ltd., including its affiliates and subsidiaries;

  c.  Proview International, including its affiliates and subsidiaries;

  d.  Hewlett-Packard, including its affiliates and subsidiaries;

  e.  Westinghouse, including its affiliates and subsidiaries;

  f.  Dell, including its affiliates and subsidiaries;

  g.  NEC, including its affiliates and subsidiaries;

  h.  Funai Electric Co., Ltd., including its affiliates and subsidiaries (such as Funai Corporation);

  i.  Samsung, including its affiliates and subsidiaries.

**RESPONSE TO DOCUMENT REQUEST NO. 84:**

In addition to the General Objections, LG Display objects to this request as overly broad and unduly burdensome. LG Display objects to this request to the extent it seeks information that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the extent this request seeks information not reasonably likely to lead to the discovery of admissible evidence. LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display specifically objects to this request as overly broad to the extent it is not limited to relevant products or information concerning claims or defenses at issue in this case. LG Display objects to this request to the extent it seeks the disclosure of documents that are

subject to a confidentiality agreement with a third party or that are proprietary or confidential

information of a third party that is in the possession, custody, or control of LG Display. To the

extent this request seeks the production of electronically stored information, LG Display objects

to producing electronically stored information that is not reasonably accessible and would be

unduly burdensome or expensive to produce. To the extent LG Display produces any

electronically stored information, such information will be produced in the manner agreed to as

set forth in LG Display's General Objections. LG Display objects on the grounds that

documents and information sought by this request are highly confidential, trade secret

information. LG Display will only produce these documents and materials subject to a

protective order containing special safeguards regarding the handling of and access to this

information.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 85:**
All Documents concerning any opinion of counsel regarding the LGD Patents, including,
for example, all opinions, draft opinions, notes, analyses, and Communications regarding each
opinion, and all Documents received and/or considered for the purposes of each opinion.

**RESPONSE TO DOCUMENT REQUEST NO. 85:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

## DOCUMENT REQUEST NO. 86:

All Documents concerning strategic alliances and joint ventures between LG Display and others regarding LGD Products, LCD Display Products, LCD Modules, or LCD Panels.

## RESPONSE TO DOCUMENT REQUEST NO. 86:

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

evidence. LG Display objects to this request as overly broad to the extent it seeks information

beyond the scope of the claims and defenses asserted by and between LG Display and CMO

USA. Further, LG Display objects to this request to the extent it seeks the disclosure of

documents that are subject to a confidentiality agreement with a third party or that are

proprietary or confidential information of a third party that is in the possession, custody, or

control of LG Display.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

## DOCUMENT REQUEST NO. 87:

All Documents that identify product or project names and codenames for LGD Products, LCD Display Products, LCD Modules, or LCD Panels, and that link or correlate such names or codenames between such LGD Products, LCD Display Products, LCD Modules, or LCD Panels, or are used and/or approved for LCD Display Product projects and/or codenames.

## RESPONSE TO DOCUMENT REQUEST NO. 87:

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

evidence. LG Display objects to this request as overly broad to the extent it seeks information

beyond the scope of the claims and defenses asserted by and between LG Display and CMO

USA. LG Display specifically objects to this request as overly broad to the extent it is not

limited to relevant products or information concerning claims and defenses at issue in this case.

To the extent this request seeks the production of electronically stored information, LG Display

objects to producing electronically stored information that is not reasonably accessible and

would be unduly burdensome or expensive to produce. To the extent LG Display produces any

electronically stored information, such information will be produced in the manner agreed to as

set forth in LG Display's General Objections. Further, LG Display objects to this request to the

extent it seeks the disclosure of documents that are subject to a confidentiality agreement with a

third party or that are proprietary or confidential information of a third party that is in the

possession, custody, or control of LG Display.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 88:**
Documents sufficient to show or explain the letter and/or numbering system by which LG
Display assigns model numbers and/or Part Numbers to its LGD Products, LCD Display
Products, LCD Modules, or LCD Panels, including Documents sufficient to show or explain
what each letter and/or number signifies.

**RESPONSE TO DOCUMENT REQUEST NO. 88:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display specifically objects to this request as overly

broad to the extent it is not limited to relevant products or information concerning claims or

defenses at issue in this case.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

## DOCUMENT REQUEST NO. 89:

All Documents concerning any expert expected to testify for you in this case, including, for example:

    a.    each expert's reports for this case and other cases within the past four years;

    b.    all Documents considered by any expert regarding this case; and

    c.    all publications of the expert concerning any issues or subject matter related to the issues or subject matter in this action.

## RESPONSE TO DOCUMENT REQUEST NO. 89:

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display further objects to this request to the extent this

request seeks draft expert reports and attorney communications with experts that are not relied

upon as a basis for expert opinions, which the parties have agreed will not be discoverable and

will not be used as evidence in this case. LG Display objects to this request on the ground that it

is premature.

Subject to and without waiving the foregoing objections, and subject to the existing

agreement to exempt certain information from discovery, LG Display will produce relevant, non-

privileged documents responsive to this request, consistent with applicable Federal Rules of

Civil Procedure, local rules, and any orders of the Court.

## DOCUMENT REQUEST NO. 90:

All Documents reviewed by or received by any person LG Display expects to call as a witness at any hearing or at trial in this action to the extent such documents relate to the subject matter of this action.

## RESPONSE TO DOCUMENT REQUEST NO. 90:

In addition to the General Objections, LG Display objects to this request as overly broad

63

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display also objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

other applicable privileges. LG Display objects to this request on the ground that it is premature.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, consistent with applicable Federal

Rules of Civil Procedure, local rules, and any orders of the Court.

**DOCUMENT REQUEST NO. 91:**
All Documents prepared by any person LG Display expects to call as a witness at any
hearing or at trial in this action to the extent such documents relate to the subject matter of this
action.

**RESPONSE TO DOCUMENT REQUEST NO. 91:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the

extent this request seeks information not reasonably likely to lead to the discovery of admissible

evidence. LG Display objects to this request as overly broad to the extent it seeks information

beyond the scope of the claims and defenses asserted by and between LG Display and CMO

USA. LG Display objects to this request as overly broad to the extent it is unlimited in temporal

scope or otherwise not limited to a time frame that is relevant to this litigation. LG Display

further objects to this request to the extent this request seeks draft expert reports and attorney

communications with experts that are not relied upon as a basis for expert opinions, which the

parties have agreed will not be discoverable and will not be used as evidence in this case. LG

Display objects to this request on the ground that it is premature.

Subject to and without waiving the foregoing objections, LG Display will produce

64

relevant, non-privileged documents responsive to this request, to the extent such documents

exist, consistent with applicable Federal Rules of Civil Procedure, local rules, and any orders of

the Court.

**DOCUMENT REQUEST NO. 92:**
All Documents and Things that LG Display may use or introduce at any hearing or trial
of this action.

**RESPONSE TO DOCUMENT REQUEST NO. 92:**

In addition to the General Objections, LG Display objects to this request as premature.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist, consistent with applicable Federal Rules of Civil Procedure, local rules, and any orders of

the Court.

**DOCUMENT REQUEST NO. 93:**
All Documents in the possession, custody or control of each of the individuals listed on
LG Display's and LGDA's Initial Disclosures that concern the LGD Patents or the subject matter
of this action.

**RESPONSE TO DOCUMENT REQUEST NO. 93:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case. LG Display also objects to this

request as overly broad to the extent it is unlimited in temporal scope or otherwise not limited to

a time frame that is relevant to this litigation. LG Display also objects to the extent this request

seeks information not reasonably likely to lead to the discovery of admissible evidence. LG

Display objects to this request to the extent it seeks documents protected by the attorney-client

privilege, work product doctrine and/or any other applicable privileges and to the extent it seeks

the disclosure of documents that are subject to a confidentiality agreement with a third party or

that are proprietary or confidential information of a third party that is in the possession, custody,

or control of LG Display. To the extent this request seeks the production of electronically stored

information, LG Display objects to producing electronically stored information that is not

reasonably accessible and would be unduly burdensome or expensive to produce. To the extent

LG Display produces any electronically stored information, such information will be produced in

the manner agreed to as set forth in LG Display's General Objections.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 94:**
All Documents identified, described, or referenced in LG Display's and LGDA's Initial
Disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 94:**

In addition to the General Objections, LG Display objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

other applicable privileges and to the extent it seeks the disclosure of documents that are subject

to a confidentiality agreement with a third party or that are proprietary or confidential

information of a third party that is in the possession, custody, or control of LG Display. To the

extent this request seeks the production of electronically stored information, LG Display objects

to producing electronically stored information that is not reasonably accessible and would be

unduly burdensome or expensive to produce. To the extent LG Display produces any

electronically stored information, such information will be produced in the manner agreed to as

set forth in LG Display's General Objections. LG Display objects on the grounds that

documents and information sought by this request are highly confidential, trade secret

information. LG Display will only produce these documents and materials subject to a

protective order containing special safeguards regarding the handling of and access to this

information.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 95:**
All organizational charts and other Documents that reflect LG Display's entire
organizational structure, including the structure of your Intellectual Property department or
division, including lines of reporting and all positions, offices, divisions, units, departments,
teams, and employees within LG Display, and their corresponding titles, functions, and
responsibilities.

**RESPONSE TO DOCUMENT REQUEST NO. 95:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request as overly broad to the

extent it is unlimited in temporal scope or otherwise not limited to a time frame that is relevant to

this litigation. LG Display objects to this request to the extent it seeks documents protected by

the attorney-client privilege, work product doctrine and/or any other applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 96:**
All Documents that identify employees, officers, agents, subsidiaries, or Representatives
acting on behalf of LG Display and/or LGDA in the United States.

**RESPONSE TO DOCUMENT REQUEST NO. 96:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

between LG Display and CMO USA. LG Display objects to this request as overly broad in

seeking "All Documents" and to the extent it is unlimited in temporal scope or otherwise not

limited to a time frame that is relevant to this litigation. LG Display objects to this request to the

extent it seeks documents protected by the attorney-client privilege, work product doctrine

and/or any other applicable privileges.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 97:**
All Documents reflecting any Communications between LG Display and any other
Person regarding CMO, CMO USA, or the following cases: *AU Optronics Corporation vs.
LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc.*, Civil Action No. 07-C-0137-S
(United States District Court for the Western District of Wisconsin); *AU Optronics Corporation
vs. LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc. et al.*, Civil Action No. 07-357-
JJF (United States District Court for the District of Delaware); *LG.Philips LCD Co., Ltd. v. Chi
Mei Optoelectronics Corporation, et al.*, Civil Action No. 06-726-JJF (United States District
Court for the District of Delaware); *Chi Mei Optoelectronics Corporation v. LG.Philips LCD
Co., Ltd. and LG.Philips LCD America, Inc.*, Civil Action No. 07-176-TJW (United States
District Court for the Eastern District of Texas); *LG.Philips LCD Co Ltd v. Chunghwa Picture
Tubes Ltd*, Civil Action No. 05-07004-CBM (United States District Court for the Central District
of California); *LG.Philips LCD Co., Ltd. v. Chunghwa Picture Tubes Ltd., et al.*, Civil Action
No. 02-6775-CBM (United States District Court for the Central District of California); and
*LG.Philips LCD Co., Ltd. v. Tatung Co., et al.*, Civil Action No. 05-292-JJF (United States
District Court for the District of Delaware).

**RESPONSE TO DOCUMENT REQUEST NO. 97:**

In addition to the General Objections, LG Display objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

other applicable privileges. LG Display also objects to this request as overly broad to the extent

it seeks information beyond the scope of the claims and defenses asserted by and between LG

Display and CMO USA. Further, LG Display objects to this request as not reasonably calculated

to lead to discovery of admissible evidence, and not relevant to any claims or defenses at issue in

this case.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 98:**

All Documents concerning pleadings, discovery requests, responses to discovery requests, expert reports, claim construction briefing, claim charts, deposition transcripts, court transcripts, trial transcripts, and court orders relative to any action or lawsuit in which LG Display has alleged that any Person has infringed any LGD Patent, including, but not limited to the following cases: *AU Optronics Corporation vs. LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc.*, Civil Action No. 07-C-0137-S (United States District Court for the Western District of Wisconsin); *AU Optronics Corporation vs. LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc. et al.*, Civil Action No. 07-357-JJF (United States District Court for the District of Delaware); *LG.Philips LCD Co Ltd v. Chunghwa Picture Tubes Ltd*, Civil Action No. 05-07004-CBM (United States District Court for the Central District of California); *LG.Philips LCD Co., Ltd. v. Chunghwa Picture Tubes Ltd., et al.*, Civil Action No. 02-6775-CBM (United States District Court for the Central District of California); and *LG.Philips LCD Co., Ltd. v. Tatung Co.*, et al., Civil Action No. 05-292-JJF (United States District Court for the District of Delaware).

**RESPONSE TO DOCUMENT REQUEST NO. 98:**

In addition to the General Objections, LG Display objects to this request as overly broad and unduly burdensome. LG Display objects to this request to the extent it seeks information that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the extent this request seeks information not reasonably likely to lead to the discovery of admissible evidence. LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display objects to this request to the extent it seeks the disclosure of documents that are subject to a confidentiality agreement with a third party or that are proprietary or confidential information of a third party that is in the possession, custody, or control of LG Display. LG Display objects to this request as unduly burdensome to the extent it seeks documents in the public domain.

**DOCUMENT REQUEST NO. 99:**

All Documents concerning LG Display's participation in, sponsorship of, and/or Communications with any group, organization, or other body concerning establishing, publishing, or developing industry standards potentially relevant to LGD Products, LCD Display Products, LCD Modules, or LCD Panels.

69

**RESPONSE TO DOCUMENT REQUEST NO. 99:**

In addition to the General Objections, LG Display objects to this request as overly broad and unduly burdensome. LG Display objects to this request to the extent it seeks information that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the extent this request seeks information not reasonably likely to lead to the discovery of admissible evidence. LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display specifically objects to this request as overly broad to the extent it is not limited to relevant products or information concerning claims or defenses at issue in this case. To the extent this request seeks the production of electronically stored information, LG Display objects to producing electronically stored information that is not reasonably accessible and would be unduly burdensome or expensive to produce. To the extent LG Display produces any electronically stored information, such information will be produced in the manner agreed to as set forth in LG Display's General Objections.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request, to the extent such documents exist.

**DOCUMENT REQUEST NO. 100:**
All policies, procedures, manuals, guidelines, and other Documents concerning the retention, destruction, storage, archiving, and management of Documents, records, and/or electronically stored information that apply to LG Display, LGDA or their employees.

**RESPONSE TO DOCUMENT REQUEST NO. 100:**

In addition to the General Objections, LG Display objects to this request as overly broad to the extent it is unlimited in temporal scope or otherwise not limited to a time frame that is relevant to this litigation.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 101:**
     All Documents concerning efforts to identify information (including electronically stored information) relevant to claims and defenses or discovery in this case, including Documents identifying all sources of relevant information, all custodians of relevant information.

**RESPONSE TO DOCUMENT REQUEST NO. 101:**

     In addition to the General Objections, LG Display objects to this request as overly broad

with respect to "All Documents." LG Display objects to this request to the extent it seeks

documents protected by the attorney-client privilege, work product doctrine and/or any other

applicable privileges.

     Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request, to the extent such documents

exist.

**DOCUMENT REQUEST NO. 102:**
     All reports to your shareholders, including all annual reports, in English, since December 1, 2000.

**RESPONSE TO DOCUMENT REQUEST NO. 102:**

     In addition to the General Objections, LG Display objects to this request as unduly

burdensome to the extent it seeks documents in the public domain.

     Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 103:**
     All Documents concerning LG Display stock or shares, including, but not limited to, stock offerings (such as Offering Circulars), shareholders agreements or any agreements relating to stock purchases, share purchases or asset sales or transfers to which LG Display is a party, assignor, assignee, or beneficiary.

71

**RESPONSE TO DOCUMENT REQUEST NO. 103:**

In addition to the General Objections, LG Display objects to this request to the extent it

seeks documents protected by the attorney-client privilege, work product doctrine and/or any

other applicable privileges and to the extent it seeks the disclosure of documents that are subject

to a confidentiality agreement with a third party or that are proprietary or confidential

information of a third party that is in the possession, custody, or control of LG Display.  LG

Display objects to this request as unduly burdensome to the extent it seeks documents in the

public domain.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 104:**

All annual reports, income statements, and financial statements concerning LG Display
since December 1, 2000.

**RESPONSE TO DOCUMENT REQUEST NO. 104:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome.  LG Display objects to this request to the extent it seeks information

that is not relevant to the claims or defenses asserted in this case and/or claims and defenses

between LG Display and CMO USA.  LG Display also objects to the extent this request seeks

information not reasonably likely to lead to the discovery of admissible evidence.  LG Display

objects to this request as unduly burdensome to the extent it seeks documents in the public

domain.

Subject to and without waiving the foregoing objections, LG Display will produce

relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 105:**

All Documents and Things produced to, provided to, examined by or given to AU
Optronics Corporation or AU Optronics Corporation of America in connection with this action.

72

**RESPONSE TO DOCUMENT REQUEST NO. 105:**

In addition to the General Objections, LG Display objects to this request as overly broad and unduly burdensome. LG Display objects to this request to the extent it seeks information that is not relevant to the claims or defenses asserted in this case by or between LG Display and CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request.

**DOCUMENT REQUEST NO. 106:**
All Documents concerning CMO.

**RESPONSE TO DOCUMENT REQUEST NO. 106:**

In addition to the General Objections, LG Display objects to this request as overly broad and unduly burdensome. LG Display further objects to this request to the extent it fails to set forth a category of documents with the reasonable particularity required under Fed. R. Civ. P. 34. LG Display objects to this request to the extent it seeks information that is not relevant to the claims or defenses asserted in this case. LG Display also objects to the extent this request seeks information not reasonably likely to lead to the discovery of admissible evidence. LG Display objects to this request as overly broad to the extent it seeks information beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA. LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges. Moreover, LG Display objects to this request as redundant and duplicative to the extent it seeks information sought by other document requests served on LG Display by CMO USA.

**DOCUMENT REQUEST NO. 107:**
All Documents concerning CMO USA.

73

**RESPONSE TO DOCUMENT REQUEST NO. 107:**

In addition to the General Objections, LG Display objects to this request as overly broad

and unduly burdensome. LG Display further objects to this request to the extent it fails to set

forth a category of documents with the reasonable particularity required under Fed. R. Civ. P. 34.

LG Display objects to this request to the extent it seeks information that is not relevant to the

claims or defenses asserted in this case. LG Display also objects to the extent this request seeks

information not reasonably likely to lead to the discovery of admissible evidence. LG Display

objects to this request to the extent it seeks documents protected by the attorney-client privilege,

work product doctrine and/or any other applicable privileges. Moreover, LG Display objects to

this request as redundant and duplicative to the extent it seeks information sought by other

document requests served on LG Display by CMO USA.

**DOCUMENT REQUEST NO. 108:**
All English translations of any non-English documents that are responsive to any of the
document request posed by CMO USA.

**RESPONSE TO DOCUMENT REQUEST NO. 108:**

In addition to the General Objections, LG Display objects to this request as overly broad.

LG Display also objects to this request to the extent it seeks documents protected by the

attorney-client privilege, work product doctrine and/or any other applicable privileges. LG

Display will meet and confer to discuss the potential production of translations of certain foreign

language documents, on a reciprocal basis.

**DOCUMENT REQUEST NO. 109:**
All Documents that you identified, consulted, referred to, or relied upon in responding to
any interrogatories posed by CMO USA.

**RESPONSE TO DOCUMENT REQUEST NO. 109:**

In addition to the General Objections, LG Display objects to this request as overly broad

to the extent it seeks information beyond the scope of the claims and defenses asserted by and

74

between LG Display and CMO USA. LG Display objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine and/or any other applicable privileges. LG Display objects to this request as unduly burdensome to the extent it seeks documents in the public domain. LG Display further objects to this request to the extent the documents sought are already in the possession of CMO and/or CMO USA. Moreover, LG Display objects to this request as redundant and duplicative to the extent it seeks information sought by other document requests served on LG Display by CMO USA.

Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request.


May 29, 2008                                    BAYARD, P.A.

                                                /s/ Richard D. Kirk (rk0922)
                                                Richard D. Kirk
                                                Ashley B. Stitzer
                                                222 Delaware Avenue, Suite 900
                                                P.O. Box 25130
                                                Wilmington, DE  19899-5130
                                                rkirk@bayardfirm.com
                                                (302) 655-5000

                                                Counsel for Plaintiff
                                                LG DISPLAY CO., LTD
                                                LG DISPLAY AMERICA, INC.

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC  20006
202-496-7500

# EXHIBIT 3

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

June 17, 2008

**VIA E-MAIL**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
lbrzezynski@mckennalong.com

Re:     *LG Display Co, Ltd. v. Chi Mei Optoelectronic Corp.*, CV No. 06-726
        (D. Del.)

Dear Lora:

I write to address some of the deficiencies in LG Display Co., Ltd.'s ("LGD") Responses to Chi Mei Optoelectronics USA, Inc.'s ("CMO USA") First Set of Requests for Production of Documents and Things. In particular, in response to CMO USA's Document Request Nos. 2, 26, 58, 72, and 98, LGD refused to produce *any* responsive documents, and, beyond boilerplate objections, LGD failed to provide the bases for its refusals.

Document Request No. 2 (documents re CMO products obtained prior to the commencement of this action including documents re LGD's pre-suit investigation of CMO products and CMO's alleged infringement of LGD's Patents) seeks documents that are relevant, *inter alia*, to the key issue of the alleged infringement of CMO USA as well as LGD's Rule 11 obligations. Please explain with particularity the basis for LGD's refusal to produce any documents responsive to Request No. 3 or, alternatively, please confirm that LGD will be producing responsive documents.

Document Request No. 26 (documents generated or relied upon by LGD since Dec. 1, 2000 that reference information or data from DisplaySearch or any other market research publisher) seeks documents that are relevant, *inter alia*, to damages as well as objective indicia of non-obviousness. Please explain with particularity the basis for LGD's refusal to produce any documents responsive to Request No. 26 or, alternatively, please confirm that LGD will be producing responsive documents.

Document Request No. 58 (documents relating to design around studies of the LGD Patents and their foreign counterparts) seeks documents that are relevant, *inter alia*, to damages and infringement. Please explain with particularity the basis for LGD's refusal to

1884779

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
June 17, 2008
Page 2

produce documents responsive to Request No. 58 or, alternatively, please confirm that LGD will be producing responsive documents.

Document Request No. 72 (documents and things concerning the settlement of any lawsuit or claim concerning any LGD patent) seeks documents that are relevant, *inter alia*, to damages. Please explain with particularity the basis for LGD's refusal to produce documents responsive to Request No. 72 or, alternatively, please confirm that LGD will be producing responsive documents.

Document Request No. 98 seeks documents concerning "pleadings, discovery requests, responses to discovery requests, expert reports, claim construction briefing, claim charts, deposition transcripts, court transcripts, trial transcripts, and court orders relative to any action or lawsuit in which LG Display has alleged that any Person has infringed any LGD Patent . . . ." Documents responsive to this request are relevant not only to the fundamental issues of non-infringement, patent validity, and damages, but also to claim construction, the deadlines for which are fast approaching. Accordingly, to avoid any unnecessary back and forth on this request and to move along the meet and confer process, I will address some of LGD's boilerplate objections.

With Document Request No. 98, CMO is not seeking production of any documents protected by attorney-client privilege or the attorney work product doctrine. Further, to minimize any purported burden, CMO is amenable to agreeing that the parties need not provide a comprehensive privilege log of documents generated solely in connection with previous litigations that are responsive to document requests served in the various litigations pending among the parties. To the extent that LGD's objection to Document Request No. 98 is based on confidentiality obligations to third parties, we note that the draft protective orders proposed by LGD and CMO both provide the same confidentiality protections to third parties that are provided to LGD and CMO. To avoid unnecessary delay, CMO is already taking measures to obtain the approval from third parties to produce certain documents that are responsive to document requests propounded by LGD. We expect that LGD is likewise taking measures to timely secure permission of third parties to produce responsive documents, including documents responsive to Request No. 98. That said, please explain with particularity the basis for LGD's refusal to produce documents responsive to Request No. 98 or, alternatively, please confirm that LGD will be producing responsive documents.

Moreover, although we expect LGD to provide a timely and comprehensive production of documents in response to Document Request No. 98 once LGD has obtained third party consent, we request that LGD immediately produce the non-confidential trial transcripts for *LG.Philips LCD Co. Ltd. v. Tatung Company et al*, Civil Action No. 05-292-JJF (United States Court for the District of Delaware) and *LG Philips LCD Co. Ltd. v.*

1884779

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
June 17, 2008
Page 3

*Tatung Co. of America et al.*, Civil Action No. 02-6775-CBM (United States Court for the Central District of California).

I look forward to your prompt response.

Very truly yours,

Thomas C. Werner

1884779

# EXHIBIT 4

From: Hawkins Reporting Service [mailto:dalehrs@cavtel.net]
Sent: Friday, June 13, 2008 12:17 PM
To: Chang, Suzy
Subject: LG Phillips v. Tatung Order

Hello, please find attached an order form for transcripts in the above mentioned case. I also
have enclosed the total amount that it will cost for these transcripts. Our office has a COD
policy for any out of state clients that we do not have a billing history with. If you could, let
me know what day the check in the amount of $5,774.40 is ready and I will send a Fed-Ex
package COD with the PDF files. Thank you so much in advance for this and please let me
know if you should have any questions.
--
Jessica Hand
Hawkins Reporting Service
715 N. King Street, Suite 200
Wilmington, DE 19801
302-658-6697
302-658-8418 (fax)

# EXHIBIT 5

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# &Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

LORA A. BRZEZYNSKI
(202) 496-7239

EMAIL ADDRESS
lbrzezynski@mckennalong.com

July 7, 2008

**VIA E-MAIL**

Thomas C. Werner, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276

Re:    *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, et al.;*
C.A Nos. 06-726-JJF and 07-357-JJF

Dear Tom:

I am writing in response to your June 17, 2008 letter.  Contrary to your assertion, LG Display has not refused to produce documents responsive to CMO USA's Request Nos. 2, 26, 58, 72, and 98.  Indeed, among the thousands of pages of meaningful discovery that LG Display has already produced are documents responsive to some of those requests.  These documents were produced subject to LG Display's objections identified in its responses to CMO USA's first set of requests for production.

In addition to reaffirming the objections in LG Display's responses to CMO USA's first set of requests for production, LG Display presents the following responses to the specific requests you identified in your letter.

As stated in LG Display's objections, Request No. 2 on its face is overly broad and beyond the scope of claims asserted between LG Display and CMO USA.  In your letter, you indicate that with Request No. 2, CMO seeks documents that are relevant to the key issue of the alleged infringement of CMO USA as well as LG Display's Rule 11 obligations.  Such documents will, therefore, be responsive to Request No. 3, to which LG Display indicated that "Subject to and without waiving the foregoing objections, LG Display will produce relevant, non-privileged documents responsive to this request."

With respect to Request No. 26, LG Display reaffirms its objections that the request is overly broad and unduly burdensome, including with respect to "All Documents"; seeks information that is not relevant to the claims or defenses asserted in this case; and is not limited to a time frame that is relevant.  Subject to these objections, LG Display has, however, already

Thomas C. Werner, Esq.
July 7, 2008
Page 2

produced documents that are responsive to Request No. 26, and will continue to do so. Subject to its objections and to the extent any exist, for example, LG Display will produce relevant sales and marketing documents that reference market research information or data from a market research publisher. LG Display also will produce other relevant documents, if any, that reference market research information and are otherwise responsive to other document requests. LG Display objects, however, to producing every document within the company that may refer to any information from any market research company. Further, we are available to meet and confer regarding what market research reports should and should not be produced, given that the parties likely all subscribe to the same market research companies such as DisplaySearch. It would not make sense for the parties to waste time and energy producing the same reports to each other.

With respect to Request No. 58, LG Display reaffirms its objections, particularly its objection that such documents may already be in the possession of CMO and/or CMO USA or are more appropriately obtained from a third party. In any event, we are presently unaware of any responsive documents in LG Display's possession, but LG Display's investigation is continuing.

Request No. 72 is clearly overly broad and unduly burdensome. LG Display has already produced and will produce settlement agreements from lawsuits concerning the LG Display patents-in-suit after obtaining any necessary permission from the appropriate third-parties as those agreements are confidential. LG Display cannot respond further, however, unless CMO USA provides specific and reasonable limits on this request. Further, LG Display reaffirms its objection that this request seeks information that is protected by the attorney-client privilege, work product doctrine, and other applicable privileges.

As an initial matter, with respect to Request No. 98, LG Display agrees with CMO's suggestion that the parties should not be required to provide a privilege log of documents generated solely in connection with previous litigations. We would also like to extend that agreement to include any privileged documents created for the purposes of this litigation after litigation ensued. Let us know if CMO will agree.

Pleadings and court orders from the litigations cited in Request No. 98 are publicly available via Pacer. It is our understanding that the entire trial transcript for 05-292-JJF (D. Del.) is under seal. The non-confidential trial transcripts for 02-6775-CBM (C.D. Cal.) should be available from court reporters Leandra Amber (http://www.leandraamber.com/) and Pat Cuneo (grammacuneo@aol.com).

Thomas C. Werner, Esq.
July 7, 2008
Page 3

We trust this letter responds to each of the issues raised in your June 17, 2008 letter. Concerning the document requests noted in this letter for which LG Display requires additional information from CMO, we will await further detail from you.

Very truly yours,

Lora A. Brzezynski

# EXHIBIT 6

IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
lwerner@irell.com

July 10, 2008

**VIA E-MAIL**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
lbrzezynski@mckennalong.com

Re:    *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
       (D. Del.)

Dear Lora:

I write in response to your July 7, 2008 letter regarding the issues raised in my June 17, 2008 letter regarding LGD's deficient responses to CMO's Document Requests. Throughout your letter, you confirm that LGD has yet to produce documents in response to a number of CMO's Document Requests. You further confirm that LGD has failed to produce any documents responsive to some of CMO's Document Requests (though you do not indicate which ones). Despite this admission, LGD provides only vague promises of forthcoming discovery, and otherwise stands by its objections and continues to refuse to produce responsive discovery—in some instances despite its demands for the same discovery from CMO. LGD's tactics merely serve to emphasize the need to meet and confer on all of the parties' outstanding issues. LGD's continuing refusal to do so is not well taken.

Document Request Nos. 2 and 3: We understand from your letter that LGD intends to produce documents relating to any CMO product only if it relates to LGD's pre-suit investigation of CMO's alleged infringement. Such a limitation is improper, and we sincerely hope that this is not LGD's position. We look forward to discussing this further.

Document Request No. 26: We understand that LGD is no longer refusing to produce documents in response to this request, and we look forward to receiving a supplemental response to this request accordingly. CMO requested a meet and confer regarding these types of documents (which include documents sought by Document Request No. 25, among others) on June 30. Your statement that LGD is "willing" to meet and confer, while appreciated, falls well short of LGD's obligations. Again, we would like to meet and confer.

Document Request No. 58: LGD's repeated refusal to produce documents that "may be" in the possession of CMO is improper. We hope that LGD will abandon that position,

1895662

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 10, 2008
Page 2

and produce responsive documents in its possession, custody, or control, as LGD is obligated to do.

Document Request No. 72: We understand that LGD is no longer refusing to produce documents in response to this request as well, and we look forward to receiving a supplemental response to this request accordingly. We are concerned, however, by LGD's decision to "not respond further" regarding this request. How are the parties supposed to resolve these issues if LGD refuses to respond? CMO is left only to guess, but notes that we invited on June 30 a discussion of limiting the scope of Requests for Production to exclude privileged drafts of agreements. Perhaps that addresses LGD's concerns—we really have no idea. Again, the parties need to meet and confer to resolve these issues globally.

Document Request No. 98: LGD's refusal to produce responsive documents in its possession, custody, or control on the ground that they are publicly available is improper, particularly in light of LGD's assertion that it "expects" CMO to produce publicly available documents. *See* your July 9, 2008 letter to me. LGD's decision to stonewall requests for documents from prior litigations involving the patents-in-suit is a transparent attempt to keep highly relevant information out of this litigation.[1] Perhaps after some discussion LGD will reconsider its position.

We hope this letter serves to focus the parties for the global meet and confer that CMO has been trying to schedule for some time now. LGD is only selectively responding to CMO's correspondence, and in a manner that appears to be an effort to avoid meeting and conferring regarding LGD's discovery deficiencies, e.g., by delaying its responses to CMO's inquiries—in this instance for nearly a month. We sincerely hope that LGD abandons these tactics and offers a time when the parties can meet and confer regarding all outstanding discovery issues, as we have requested numerous times. Thank you.

Very truly yours,

Thomas C. Werner

cc:    Christian Platt, Esq. (christianplatt@paulhastings.com)
       Brian Range, Esq. (brange@wsgr.com)

---

[1] Your July 8 letter requests that we explain how an inventor's statements under oath regarding the patents he allegedly invented are relevant to construing the claims of those patents. We believe that to be self-evident. Please advise immediately if LGD intends to continue to withhold Mr. Shin's deposition. Otherwise, we assume it will be produced without further delay.

1895662

# EXHIBIT 7

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
lwerner@irell.com

July 12, 2008

**VIA E-MAIL**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
lbrzezynski@mckennalong.com

　　　　Re:　*LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
　　　　　　(D. Del.)

Dear Lora:

　　　　I write regarding your recent letters relating to CMO's attempt to facilitate a
discussion among the parties of their outstanding discovery issues, and LGD's refusal to do
so. Of the eight pages of letters LGD sent over July 8 and 9, only briefly at the end of one
of those letters does LGD actually respond to CMO's request to explain LGD's discovery
deficiencies. Even then, you continue to question your obligation to produce highly relevant
documents from other litigations involving the LGD patents in suit. At the same time, as
you confirmed in your July 9 letter, LGD is intentionally delaying its response to my June
30 letter regarding LGD's deficient responses to CMO's Interrogatories.

　　　　We are by now well familiar with LGD's tactics of demanding that CMO meet and
confer regarding LGD's issues while refusing to meet and confer regarding CMO's issues,
claiming those issues are not "ripe" for discussion simply because LGD has chosen not to
timely address them. To reiterate CMO's position, we continue to believe that the parties
need to meet and confer regarding all outstanding discovery issues, and that LGD's
persistent refusal to even indicate when LGD will be prepared discuss CMO's issues is
improper. We ask once again that LGD advise when that global meet and confer will occur.
Should LGD decide to finally come to the table next week, please note that I will be in
Hawai'i, which is six hours earlier than Washington. I understand you find it "unreasonable"
to meet and confer after 4:00 p.m. EDT, which leaves us with a very small window of
opportunity. I ask that you take that into consideration in proposing times to conference.

　　　　I would like to address one of the more problematic issues raised in your letters,
regarding LGD's desire for detailed discovery into sales of products regardless of whether or
not those products are made, used, sold, offered for sale or imported into the United States,
and regardless of whether or not those customers have any connection to the United States.

1896858

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 12, 2008
Page 2

You contend that LGD has explained why it is entitled to such discovery. That is not the case. As requested in my June 30 letter, and which we have yet to receive, please identify any caselaw that you contend supports LGD's position. Our understanding of the several-page excerpt of the hearing transcript you provided—which far from reveals the entire circumstances of or issues involved in that case—does not support LGD's request for detailed information regarding every sale of any CMO product around the world. We further note that, during that hearing, counsel for LGD conceded that only a fraction of the discovery you seek could even possibly lead to the discovery of admissible evidence. *See* Ex. 1 to your July 9, 2008 letter, Hearing Transcript at 29:13–18 (stating that only one-third of LCD sales are to the United States, whether directly or indirectly through some "intermediary"). We again request citation to the legal authority supporting LGD's demands.

Finally, your July 8 letter confirms that LGD has (without explanation or reason) failed to produce documents of the most basic nature, such as assignment documents related to the '737 patent. On a similar note, we have reviewed LGD's production, and find that LGD has failed to produce virtually any service manuals for its products. These manuals are relevant to determining, among other things, which parts LGD uses in its products, how those parts are assembled, and what part numbers and supplier numbers correspond to each product. According to our list of accused LGD products, and based upon our review of LGD's production to date, LGD has failed to produce service manuals for at least 112 of those accused products. Please advise when we will receive this delinquent production.

We look forward to discussing these and the other issues raised in the parties' correspondence once LGD finally agrees to come to the table. Thank you.

Very truly yours,

Thomas C. Werner

Enclosures

cc:    Christian Platt, Esq. (christianplatt@paulhastings.com)
       Brian Range, Esq. (brange@wsgr.com)

1896858

# EXHIBIT 8

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

July 23, 2008

**<u>VIA E-MAIL</u>**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
lbrzezynski@mckennalong.com

> Re:  *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
> (D. Del.)

Dear Lora:

I write regarding serious deficiencies in LGD's July 15, 18, 21, and 22, 2008 document productions. Where the parties have not already reached an unfortunate impasse, we request an immediate response so that we may determine which other of these issues need to be brought to the Court for resolution.

<u>LGD's Failure to Produce any Documents from Prior Litigations Involving LGD's</u> <u>Patents.</u>  For well over a month now, CMO has repeatedly requested the production of documents responsive to CMO's Document Request No. 98, which seeks documents from LGD's other litigations alleging infringement of the patents-in-suit. Based on our review to date, we find no such documents in LGD's production. On that basis, and given that the deadline for document production has passed, CMO has no choice but to move to compel LGD to produce these highly relevant documents. If LGD has in fact produced responsive documents, please immediately inform us so that we can determine whether or not to proceed with our motion. We had always hoped to avoid motion practice on this issue, and have patiently waited for LGD's compliance, but the prejudice CMO has suffered due to LGD's failure to produce any responsive documents at all has become too great.

<u>LGD's Refusal to Produce Emails.</u>  A week before the document production deadline, LGD attempted to unilaterally modify the stipulated deadline for the production of documents to exclude emails. As CMO made clear, LGD's actions were improper, and LGD has violated its obligations under the stipulated order. The parties served requests for production that sought, *inter alia*, email documents. CMO collected responsive email

1901325

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 23, 2008
Page 2


documents, was prepared to produce them on the 18th, and stands ready to produce them now. In light of LGD's refusal, however, and to avoid still further prejudice to CMO, CMO withheld email documents from its July 18 production. Please confirm that LGD will immediately produce the email documents it claims to have collected for production. Once we receive that confirmation, CMO will produce email documents as well. Should LGD refuse, CMO will move to compel LGD to produce email documents.

LGD's Refusal to Produce Electronically Stored Information in Searchable Form in Contravention of Rule 34. Despite that the majority of LGD's production reflects documents that LGD appears to ordinarily maintain as electronically stored information in searchable form, LGD improperly removed the searchable text from its documents prior to production. As you confirmed LGD is aware in Cass Christenson's July 11 letter, LGD's conduct is inconsistent with Rule 34. LGD's claims that the parties agreed to the contrary is incorrect, as reflected in the correspondence to which you refer. Please immediately provide the searchable text associated with the electronically stored information that LGD produced. The particular means by which the parties provide searchable text is irrelevant; the parties may provide search functionality in any of the ways described in Cass Christenson's July 18 email. CMO provided searchable text for its production of electronically stored information by producing documents in native form. Please confirm that LGD will not use that searchable text until LGD produces the same in kind. To avoid further prejudice to CMO, please do not delay any longer providing searchable text for the electronically stored information that LGD produced.

LGD's Failure to Produce Documents in Reasonably Usable Form: Beyond GDS and similar files, LGD made its entire production in TIF form. As CMO previously made clear, other forms of production may be more appropriate or indeed necessary under certain circumstances. In particular, production in TIF form of Excel spreadsheets, executable files such as source code, and engineering drawings, for example, is problematic. The volume of electronically stored information that LGD produced in TIF form makes this problem acute.

LGD produced a substantial number of what appear to be Excel files in TIF form, which rendered them illegible because, e.g., the text is too small, the contents of the "cells" within such spreadsheets are hidden from view, or the document as a whole is rendered unusable because it is exploded into hundreds or even thousands of pages. *See, e.g.,* LGD00182382; LGD00193213; LGD00193215; LGD00193217; LGD00193219; LGD00193221; LGD00193223; LGD00193225; LGD00193227; LGD00193228; LGD00193246; LGD00193248; LGD00193250; LGD00193252; LGD00193254; LGD00193256; LGD00193258; LGD00193260; LGD00193262; LGD00193264; LGD00193266; LGD00193268; LGD00193270; LGD00193290; LGD00193291; LGD00193303; LGD00219629; LGD00220604; LGD00222387; LGD00224747; LGD00224765; LGD00224770; LGD00224776; LGD00224777; LGD00224786; LGD00224795; LGD00224818; LGD00224820; LGD00224821; LGD00224824;

I R E L L  &  M A N E L L A  LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 23, 2008
Page 3

LGD00224825; LGD00224826; LGD00224827; LGD00224828; LGD00224829;
LGD00224830; LGD00224831; LGD00224832; LGD00224834; LGD00224839;
LGD00224843; LGD00224844; LGD00224846; LGD00224848; LGD00224849;
LGD00224850; LGD00224851; LGD00224852; LGD00224854; LGD00224855;
LGD00224879; LGD00224880; LGD00224881; LGD00224896; LGD00224897;
LGD00224898; LGD00224899; LGD00224918; LGD00225036; LGD00225037;
LGD00225038; LGD00225045; LGD00225047; LGD00225051; LGD00225052;
LGD00225178; LGD00225888; LGD00225889; LGD00225890; LGD00225891;
LGD00225892; LGD00225893; LGD00225980; LGD00225981; LGD00226007;
LGD00226008; LGD00226009; LGD00226010; LGD00226015; LGD00226016;
LGD00226017; LGD00226018; LGD00226019; LGD00226030; LGD00226032;
LGD00226033; LGD00229267; LGD00229316; LGD00229317; LGD00229323;
LGD00229326; LGD00229329; LGD00229333; LGD00229337; LGD00229341;
LGD00229345; LGD00229347; LGD00229349; LGD00229351; LGD00229353;
LGD00229354; LGD00229355; LGD00229357; LGD00229359; LGD00229361;
LGD00229363; LGD00229365; LGD00229541; LGD00229544; LGD00229547;
LGD00229549; LGD00229561; LGD00229563; LGD00229565; LGD00229567;
LGD00230786; LGD00230796; LGD00230806; LGD00230817; LGD01992840 (one 270
page document); (LGD02009520 (one 10,674 page document); LGD02020194 (one 7,758
page document); LGD02027952 (one 2,546 page document); LGD02030498 (one 499 page
document).

According to Rule 34, even where a producing party objects to a particular form of
production, that party must still produce electronically stored information either in
reasonably usable form or the form in which it is ordinarily maintained. LGD does not
maintain Excel files in TIF form. As noted above, LGD removed the searchable
functionality from these documents by producing them in TIF form. While that alone
renders them not reasonably usable, that is not the only functionality that LGD removed,
given that data stored in Excel files and similar documents is manipulable—all sorting,
scrolling, querying, filtering, compiling, and similar functionality has been disabled by
LGD's choice of production form. LGD therefore failed to produce Excel files in reasonably
usable form. In light of LGD's failure to produce these documents either in reasonably
usable form or in the form in which they are ordinarily maintained, LGD has failed to satisfy
its obligations under Rule 34. To remedy this deficiency, LGD must re-produce all Excel
and similar files (i.e., all spreadsheet and database files, e.g., Access databases, including all
delimited files that are best suited for viewing in spreadsheet or database applications, e.g.,
CSV files) in native form—the form in which they are ordinarily maintained, and the only
form in which they are reasonably usable.

The same issues and problems exist with respect to other categories of documents
produced by LGD in TIF form. LGD produced as TIF numerous engineering drawings,
which CMO is unable to use with the CAD software with which those files were designed to

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 23, 2008
Page 4

be viewed. *See, e.g.*, LGD00182657; LGD00182658; LGD00182659; LGD00182660; LGD00182661; LGD00182662; LGD00182663; LGD00182664; LGD00182665; LGD00182666; LGD00182667; LGD00182668; LGD00182669; LGD00182670; LGD00182671; LGD00182672; LGD00182673; LGD00182674; LGD00182675; LGD00182676; LGD00182677; LGD00182678; LGD00182679; LGD00182680; LGD00229268; LGD00229269; LGD00229270; LGD00229271; LGD00229272; LGD00229273; LGD00229274; LGD00229275; LGD00229276; LGD00229277; LGD00229278; LGD00229279; LGD00229280; LGD01993110–LGD01993849 (740 drawings files). CMO is unable to manipulate these files as is possible only by using their native applications, which CMO cannot do because of the form in which LGD produced them. These files are therefore not reasonably usable, and since they were not produced in the form in which they are ordinarily maintained, LGD has again failed to satisfy the requirements of Rule 34. LGD must produce these documents natively.

LGD further produced thousands of source code documents—amounting to several hundred thousands pages—in TIF form. Such executable files, which have essentially been printed out to hundreds of thousands of pages, were thereby rendered unusable by LGD's production form decision because CMO is unable to search, compile, or otherwise manipulate them as can only be done with the native versions of those documents. *See* most if not all of the documents produced at LGD00289392–522344; LGD00569187–701043; LGD02034183–2055063. The result is hundreds of thousands of pages of indecipherable text. Again, LGD has failed to produce these documents either in reasonably usable form or in the in which they are ordinarily maintained, and must therefore produce them in native form.

Similarly, LGD produced tens of thousands of pages of what appear to be bills of materials ("BOMs") documents, which appear to contain information regarding the components of LGD's products. *See* LGD1285220–1991121, over 350 documents representing over 700,000 pages of LGD's production. However, rather than producing its BOMs in a comprehensible form, LGD produced TIFs of what amounts to printouts of the markup language source code. CMO is unable to parse that source code to make the documents intelligible. Instead, CMO would have to wade through each page of source code and individually isolate each piece of substantive information from among the non-substantive code, and reconstruct it into a comprehensible document. One BOM document alone (LGD1787087) is 6,169 pages, and there are hundreds of. These documents are therefore not reasonably usable. LGD does not ordinarily maintain these documents in TIF form, and has therefore failed to satisfy Rule 34 by producing them as TIFs. LGD must produce these documents natively.

To be clear, the onus is not on CMO to review LGD's production and identify problematic production form decisions on a document-by-document basis. Even were LGD to address all of the specific documents cited in this letter, the problems caused by LGD's

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 23, 2008
Page 5

production form decisions will remain, and LGD has an affirmative duty to remedy them
without a specific request from CMO. Should LGD refuse to comply with its discovery
obligations by producing all of its documents in reasonably usable form or in the in which
they are ordinarily maintained, CMO will have no choice to move to compel LGD to do so.
We sincerely hope to avoid that outcome.

LGD's Failure to Produce Documents According to Common Litigation Support
Standards. The technical specification of LGD's TIF production varies (e.g., some multi-
page TIFs and some single-page TIFs, some Group IV TIFs and some JPEG compression
TIFs). CMO has been able to work around these variances. However, CMO must object to
LGD's production at LGD231977–266737 of nearly 40,000 single-page TIF images that
appear to comprise multi-page documents, but for which LGD failed to provide any
unitization information. CMO therefore has no idea which individual pages represent a
given document. Based on our review, it is not even clear that LGD produced these
documents in any order whatsoever. Please re-produce LGD00231977–266737 in order,
and with document breaks.

Further, in some instances LGD produced 300 dpi TIF images—as is the litigation
support industry's standard practice—but in other instances, LGD produced TIF images at
only 200 dpi resolution. Documents produced at 200 dpi are difficult to read in electronic
form—even using advanced zooming features, which would make for cumbersome review
that is equivalent to having to read each page with a magnifying glass—and are completely
illegible when printed. Please immediately re-produce all TIF images in LGD's production
at 300 dpi (to the extent LGD is not required to instead produce those documents natively, as
discussed above). Alternatively, LGD can produce the underlying documents natively.

Improper Conditions on LGD's Document Productions. In its July 15, 18, 21, and
22, 2008 letters, LGD asserts, *inter alia*, that CMO is subject to an Order regarding a dispute
to which CMO was not a party. To be clear, the protections afforded CMO's and LGD's
document productions are spelled out in the Interim Protective Order and our
correspondence confirming our agreement to abide by its terms, notwithstanding LGD's
contentions to the contrary.

LGD's Failure to Bates Number its Native Productions. LGD has now twice failed
to produce native documents with any Bates numbers directly associated with those
productions. None of LGD's LGDN production bears any Bates numbers. CMO attempted
to obtain Bates number information from LGD in the past, and would have applied it
ourselves, but LGD refused even to provide the information CMO requested. In light of
LGD's refusals and unreasonable stance, CMO will simply refer to LGD's production of
native documents by the only identification information that LGD provided associated
directly with those documents: their filenames. LGD must do the same.

1901325

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 23, 2008
Page 6


        CMO reserves its rights regarding all other aspects of LGD's document production, including its size, scope, responsiveness, comprehensiveness, and timing.

                        Very truly yours,

                        Thomas C. Werner

cc:     Christian Platt, Esq. (christianplatt@paulhastings.com)
        Brian Range, Esq. (brange@wsgr.com)

1901325

# EXHIBIT 9

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
lwerner@irell.com

July 25, 2008

<u>**VIA E-MAIL**</u>

Cass Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
cchristenson@mckennalong.com

> Re:     *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
>         (D. Del.)

Dear Cass:

I write in advance of our discussion scheduled for Monday morning regarding the issues raised in my July 23, 2008 letter regarding LGD's document productions.  In particular, I write to provide a framework for our discussion of LGD's failure to produce documents responsive to CMO's Document Request No. 98, which seeks documents from LGD's other litigations alleging infringement of the patents-in-suit.

LGD previously asserted patents in *LG.Philips LCD Co., Ltd. v. Chunghwa Picture Tubes Ltd.*, 02-6775 CBM (C.D. Cal.) (which represents the consolidation of Civil Actions 02-6775, 03-2886, 03-2866, 03-2884, 03-2885) and *LG.Philips LCD Co., Ltd. v. Tatung Co.*, 05-292 JJF (D. Del.) (collectively, the "LGD Prior Litigations") that have now been asserted against CMO: United States Patent Nos. 4,624,737; 5,825,449; and 5,019,002 (collectively, the "LGD Asserted Patents").  In response to CMO's Document Request No. 98, LGD should have long ago produced, and in any event must now immediately produce, at a minimum, the following materials:

1.    Expert reports, including declarations or other written testimony given by expert witnesses, that refer or relate to the LGD Asserted Patents and that were served in the LGD Prior Litigations, and exhibits to such materials.

1903419

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Cass Christenson, Esq.
July 25, 2008
Page 2

2.    Transcripts and videos of testimony given in the LGD Prior Litigations by LG Display[1] or by witnesses testifying on behalf of LG Display that refers or relates to the LGD Asserted Patents, and exhibits to such materials.

3.    Transcripts of hearings in the LGD Prior Litigations that refer or relate to the LGD Asserted Patents, and materials used at those hearings, including but not limited to technology tutorials and demonstratives.

4.    Documents filed with the Courts presiding over the LGD Prior Litigations that refer or relate to the LGD Asserted Patents, and exhibits to such materials.

5.    Documents used at trials in the LGD Prior Litigations, including but not limited to trial exhibit lists, trial exhibits (including demonstratives), witness statements, pre-trial briefs, pre-trial statements, and post-trial briefs, and transcripts of those trial proceedings.

6.    Discovery requests and responses served or received by LG Display in the LGD Prior Litigations that refer or relate to the LGD Asserted Patents, and exhibits, appendices, or any similar attachments to such materials.

7.    Documents produced by LG Display on behalf of LG Display or any third party in the LGD Prior Litigations that refer or relate to the LGD Asserted Patents. Such documents must be produced to CMO in the same form and bearing the same Bates numbers as in the LGD Prior Litigation.

8.    Documents produced by anyone in the LGD Prior Litigations that refer or relate to the validity, enforceability, ownership, inventorship, or term of the LGD Asserted Patents.

To the extent these materials exist as electronically stored information, LGD must produce these materials in the form in which they are ordinarily maintained, or in reasonably usable form. Regardless of the particular form of production, LGD may not remove or significantly degrade the searchable functionality of these materials, e.g., by scanning hard copy materials where LGD also possess them as electronically stored information.

To the extent that LGD claims that it is restricted from producing the foregoing materials because of protective orders from the LGD Prior Litigations, LGD must immediately produce these materials in redacted form, removing the restricted information from those materials. CMO requests that, in light of LGD's refusal despite our repeated

---

[1] "LG Display" is used in this letter as that phrase is defined in CMO's Document Requests.

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Cass Christenson, Esq.
July 25, 2008
Page 3

requests to produce these documents during the nearly four months that CMO's Document Request No. 98 has been pending, LGD provide CMO with a copy of all documentation of LGD's efforts to obtain consent to produce these materials.

Despite my request, you still have yet to propose a time for our meet and confer on Monday morning. We sincerely hope that LGD does not continue to avoid this issue.

Very truly yours,

Thomas C. Werner

cc:    Christian Platt, Esq. (christianplatt@paulhastings.com)
       Brian Range, Esq. (brange@wsgr.com)

1903419

# EXHIBIT 10

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900

**LOS ANGELES, CALIFORNIA 90067-4276**

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7966
FACSIMILE (310) 203-7199
lwerner@irell.com

July 30, 2008

**VIA E-MAIL**

Cass Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
cchristenson@mckennalong.com

      Re:    *LG Display v. Chi Mei Optoelectronics*, CV No. 06-726 (D. Del.)

Dear Cass:

      I write to follow-up on our meet and confer of yesterday, where LGD finally agreed to "reasonably cooperate" to secure the production of documents responsive to CMO's Document Request No. 98, which seeks documents from LGD's other litigations alleging infringement of the patents-in-suit.  LGD must at a minimum immediately forward this letter to all other parties and non-parties whose confidential information may be reflected in the materials described below, and request that those parties and non-parties consent to production of those materials in this action.

      LGD previously asserted patents in *LG.Philips LCD v. Chunghwa Picture Tubes*, 02-6775 CBM (C.D. Cal.) (consolidating Civil Actions 02-6775, 03-2886, 03-2866, 03-2884, 03-2885) and *LG.Philips LCD v. Tatung*, 05-292 JJF (D. Del.) (collectively, the "LGD Prior Litigations") that have now been asserted against CMO: United States Patent Nos. 4,624,737; 5,825,449; and 5,019,002 (collectively, the "LGD Asserted Patents").  CMO's Document Request No. 98 seeks, and LGD must immediately produce to the extent in its possession, custody, or control, at least the following materials:

      1.    Expert reports, including declarations or other written testimony given by expert witnesses, that refer or relate to the LGD Asserted Patents and that were served in the LGD Prior Litigations, and exhibits to such materials.

      2.    Transcripts and videos of testimony given in the LGD Prior Litigations by LG Display[1] or by witnesses testifying on behalf of LG Display (including any inventor of the LGD Asserted Patents) that refers or relates to the LGD Asserted Patents, and exhibits to such materials.

      3.    Transcripts of hearings in the LGD Prior Litigations that refer or relate to the LGD Asserted Patents, and materials used at those hearings, including but not limited to technology tutorials and demonstratives.

---

[1] "LG Display" is used in this letter as that phrase is defined in CMO's Document Requests.

1905261

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Cass Christenson, Esq.
July 30, 2008
Page 2

4.      Documents, including exhibits, filed with the courts presiding over the LGD
Prior Litigations that refer or relate to the LGD Asserted Patents, including but not
limited to claim construction and summary judgment filings, as well as filings
relating to geographic limitations on the scope of discovery into accused products,
and orders that issued in connection with court filings.

5.      Documents from trials in the LGD Prior Litigations, including but not limited
to trial exhibit lists, trial exhibits (including demonstratives), witness statements, pre-
trial briefs, pre-trial statements, motions in limine, post-trial briefs, transcripts of the
trial proceedings, and orders that issued in connection with the trial.

6.      Discovery requests and responses served or received by LG Display in the
LGD Prior Litigations that refer or relate to the LGD Asserted Patents, and exhibits,
appendices, or any similar attachments to such materials.

7.      Documents produced by LG Display on behalf of LG Display or any third
party in the LGD Prior Litigations that refer or relate to the LGD Asserted Patents.
Such documents must be produced to CMO in the same form and bearing the same
Bates numbers as in the LGD Prior Litigation.

8.      Materials provided by anyone in the LGD Prior Litigations that refer or relate
to the validity, enforceability, ownership, inventorship, or term of the LGD Asserted
Patents, including but not limited to documents and deposition testimony.

CMO agrees that LGD Prior Litigations materials produced in this action will be restricted
under the Interim Protective Order (and the final Protective Order entered by the Court), and
further will be restricted to outside counsel eyes only to the extent they reflect the
confidential information of prior litigants other than LG Display.

Please copy me on LGD's consent request letters, which we look forward to seeing
no later than August 1, 2008. LGD's choice to delay seeking these consents until now has
severely prejudiced CMO, and we reserve all of our rights.

Regarding LGD's stated refusal to produce, *inter alia*, materials described above that
relate to infringement and damages, CMO appears to have no choice but to move to compel
their production.

Very truly yours,

Thomas C. Werner

cc:     Christian Platt, Esq. (christianplatt@paulhastings.com)
        Brian Range, Esq. (brange@wsgr.com)

1905261

# EXHIBIT 11

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

July 31, 2008

**VIA E-MAIL**

Cass Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
cchristenson@mckennalong.com

        Re:    *LG Display v. Chi Mei Optoelectronics*, CV No. 06-726 (D. Del.)

Dear Cass:

        I write to follow-up on our meet and confers of this week regarding the production of documents responsive to CMO's Document Request No. 98, which seeks documents from LGD's other litigations alleging infringement of the patents-in-suit.

        LGD confirmed that LGD will forward my July 30, 2008 letter to you on this subject to all other parties and non-parties to the LGD Prior Litigations whose confidential information may be reflected in the materials described in that letter, and will request that those parties and non-parties consent to the production of those materials in this action, copying CMO on all of LGD's correspondence with those parties and non-parties.

        LGD confirmed that it will produce all LGD Prior Litigations materials described in my July 30, 2008 letter, subject to LGD's relevance objections, except those materials that first require consent from other parties or non-parties to the LGD Prior Litigations.

        If this letter is inaccurate in any way, please correct our understanding.

        LGD's decision to delay the production of documents that LGD admits are relevant and responsive to CMO's Document Request No. 98 has prejudiced CMO, and we reserve all of our rights.  Regarding LGD's refusal to produce LGD Prior Litigations materials that relate to infringement and damages, CMO will move to compel their production.

                        Very truly yours,

                        Thomas C. Werner

cc:    Christian Platt, Esq. (christianplatt@paulhastings.com)
       Brian Range, Esq. (brange@wsgr.com)

1906925

# EXHIBIT 12

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
## &Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

August 8, 2008

**VIA EMAIL**

S. Christian Platt, Esq.
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA  92130

Thomas C. Werner, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA  90067

Re:  *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, et al.:*
     C.A Nos. 06-726-JJF and 07-357-JJF

Dear Christian and Tom:

I write in response to Tom's August 6, 2008 letter and Christian's August 1, 2008 letter concerning AUO's and CMO's request that LG Display seek consent to produce certain information from prior cases.

We are preparing an appropriate letter to send to notify counsel in prior cases of the discovery requested by AUO and CMO regarding those cases. We are also discussing this matter with our client and continuing our investigation concerning the extent to which the requested information is available for production, whether consent is needed to produce such information, and the appropriate contact from whom to seek such consent. Nonetheless, we anticipate that we will send notification letters out early next week, and continue to send such letters as appropriate to complete this production. We are also investigating the issues raised in Tom's August 6 letter regarding the documents that we produced this week and whether we have certain related information.

With respect to AUO's position, we have reviewed Christian's August 1 letter. AUO is aware of the types of documents that CMO has requested from prior cases and Christian attended our July 28 teleconference with CMO on this issue, but did not suggest any position on this issue. Further, AUO has not addressed any of my prior letters concerning the scope of this

S. Christian Platt, Esq.
Thomas C. Werner, Esq.
August 8, 2008
Page 2

aspect of LG Display's production. LG Display continues to maintain its objections to the overly broad requests for discovery from prior cases, which improperly seek burdensome information. As set forth in my August 4, 2008 letter to Tom, we are willing to produce some of the discovery in an effort to avoid unproductive motion practice. If AUO or CMO intends to press their overly broad document requests, however, we will continue to oppose those requests. Further, LG Display's document production to AUO includes documents that LG Display produced in the Positive Technologies case and we are checking to determine whether LG Display has produced any additional documents in that case that were not produced in this case.

Finally, CMO's allegation of "prejudicial delay" is incorrect. LG Display is agreeing to produce discovery that is objectionable and unnecessary. In any event, AUO and CMO could and may obtain directly from the third parties or their counsel whatever third party information AUO and CMO are attempting to obtain indirectly from LG Display.

I look forward to discussing this further with you when I return from vacation the week of August 18.

Very truly yours,

Cass W. Christenson

CWC:rla
DC:50564391.1

# EXHIBIT 13

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# & Aldridge LLP
#### Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

August 4, 2008

BY E-MAIL

Thomas C. Werner, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276

      Re:    *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp., et al.*; CV 06-726 (JJF)
           (D.Del.)

Dear Tom:

      I write in response to your July 25, 2008, July 30, 2008, and July 31, 2008 letters
concerning CMO's request for production of certain documents concerning other cases in which
LG Display litigated U.S. Patent Numbers 4,624,737; 5,825,449; and 5,019,002 (collectively,
the "LG Display Patents").[1]  We discussed your letters and LG Display's position and objections
in teleconferences on July 28, July 29, and July 31, 2008.  This letter confirms our discussions,
particularly with respect to what LG Display has agreed to produce.

      As we discussed, LG Display continues to maintain its several objections to CMO's
document request number 98, seeking documents concerning prior cases to which CMO was not
a party.  LG Display objects, for example, because request 98 and your July 25 and July 30
letters, are overly broad, pose an undue burden, and seek information that is neither relevant nor
reasonably calculated to obtain admissible evidence.  Indeed, you conceded during our
teleconferences that CMO is not seeking all of the documents that are literally requested in
document request 98 or in the eight numbered paragraphs of your July 25 and July 28 letters.
You clarified, moreover, that CMO is seeking the legal contentions and analysis from prior cases
concerning LG Display's patents.

---

[1] Specifically, your July 25 letter confirms that CMO is seeking documents regarding "*LG.Philips LCD Co., Ltd. v.
Chunghwa Picture Tubes Ltd.*, 02-6775 CBM (C.D. Cal.) (which represents the consolidation of Civil Actions 02-
6775, 03-2886, 03-2866, 03-2884, 03-2885) and *LG.Philips LCD Co., Ltd. v. Tatung Co.*, 05-292 JJF (D. Del.)
(collectively, the 'LGD Prior Litigations')."

Thomas C. Werner, Esq.
August 4, 2008
Page 2

As we informed you during our teleconferences, LG Display is willing to produce much of the information that CMO is requesting as summarized in your July 25, 2008 letter.[2] As we explained, LG Display will produce documents from the LGD Prior Litigations that specifically relate to the LG Display Patents and validity, enforceability, inventorship, ownership, and/or claim construction.

Accordingly, in a good faith effort to resolve the disputed issues concerning CMO's Request 98, as clarified in your July 25, 2008 letter, LG Display will agree to produce the following documents from the previous cases (the "Prior Litigation Documents"), subject to any limitation on our ability to disclose that information, such as the need for consent from another party and/or relief from an order of the court in another case:

1.     Expert reports and expert declarations, including exhibits, to the extent they address validity, enforceability, inventorship, ownership, and/or claim construction as to the LG Display Patents;

2.     Deposition transcripts reflecting testimony by LG Display or any witness testifying on behalf of LG Display (including any inventor deposition testimony offered by LG Display) to the extent they address validity, enforceability, inventorship, ownership, and/or claim construction as to the LG Display Patents;

3.     Transcripts concerning hearings to the extent they address motions or rulings on validity, enforceability, inventorship, ownership, and/or claim construction as to the LG Display Patents;

4.     Markman briefing concerning the LG Display Patents and summary judgment briefs to the extent they address validity, enforceability, inventorship, or ownership as to the LG Display Patents;

5.     Transcripts of trial testimony to the extent addressing validity, enforceability, inventorship, and/or ownership as to the LG Display Patents, to the extent that such transcripts are not under seal and can be disclosed;

6.     Answers to interrogatories and responses to requests for admissions to the extent they address validity, enforceability, inventorship, ownership, and/or claim construction as to the LG Display Patents;

---

[2] After we scheduled our July 28 meet and confer, you sent your July 25 letter identifying the document categories sought by CMO with respect to document request 98. We then spent substantial time discussing those categories on July 28 and 29. After two days of meeting and conferring, you then recast your eight paragraphs describing the requested documents in a new letter sent on July 30. As I noted in our July 31 teleconference, we object to the extent that CMO sought to expand its categories of requested documents on July 30 after we had met and conferred on the same issues in reliance on your July 25 letter.

Thomas C. Werner, Esq.
August 4, 2008
Page 3

     7.     Documents produced by LG Display or a third party, to the extent they address validity, enforceability, inventorship, ownership, and/or claim construction as to the LG Display Patents; and

     8.     Any prior art references that LG Display produced or received from another party concerning the LG Display Patents.

     We asked you to confirm which documents are most important to CMO and should be produced first. You stated that while CMO would like all of these documents, the most important documents and highest priority are expert reports and expert depositions. We agreed to search for and produce expert reports and expert depositions as soon as possible to the extent that we can provide such discovery at this time. In addition, many of the documents that CMO is requesting are publicly available. We discussed that CMO already has obtained the publicly available documents and has produced numerous documents in this case concerning prior litigations involving LG Display's patents.

     We are providing this information in an effort to avoid further disputes. In doing so, LG Display does not concede that this information is relevant or admissible concerning the pending case between LG Display and CMO. LG Display specifically reserves all rights and objections concerning these Prior Litigation Documents, including, for example, all objections if CMO attempts to offer any such documents in evidence or use them in this case. Further, CMO has purported to dictate how LG Display should bates number its production and the format of LG Display's production of Prior Litigation Documents. CMO has no basis to do so, including because CMO did not assert such requests in its document request no. 98 and because LG Display has informed CMO (including in LG Display's responses to CMO's document requests and in our recent teleconferences) that LG Display will follow the parties' existing agreement on the format of document production in this case. We are continuing to discuss these issues with CMO.

     We also made clear that LG Display cannot, and will not, disclose any information or produce any Prior Litigation Documents if those documents include confidential third party information or information designated under or protected by any protective order or other court order or restriction against the disclosure or use of such information.[3] You requested, therefore, that LG Display agree to send a letter to third parties seeking the consent of each such party to production of those documents from prior cases to CMO in this case. In an August 1, 2008

---

[3] LG Display cannot attempt to guess as to which information was the basis for any confidentiality designation and then redact that information while producing the document to CMO. Doing so would unfairly expose LG Display to potential adverse consequences if information deemed confidential or protected by a third party and/or court order were disclosed by LG Display. As we discussed, for example, protective orders in the prior cases may expressly prohibit disclosure or use of any protected information in any other case or for any purpose other than litigation of the other case.

Thomas C. Werner, Esq.
August 4, 2008
Page 4

letter, AUO joined in CMO's request for Prior Litigation Documents. As I previously informed you, we will send a letter notifying each relevant third party or counsel that CMO and AUO have requested the information summarized in your July 30 letter. As we discussed, however, we are doing so with the agreement and understanding that LG Display's request for such consent does not in any way change the scope of our intended production as summarized in this letter. LG Display does not agree to produce all of the Prior Litigation Documents that CMO is seeking. Nonetheless, you explained that requesting consent now from each third party for that entire scope of discovery will avoid the need for future requests for consent from third parties if additional documents need to be produced in the future over LG Display's objections.

Accordingly, we agreed to seek consent as to all such documents now, and you agreed that doing so is for the sake of efficiency and will not be used against LG Display or to contend that LG Display should produce all such documents. We also agreed that we would copy CMO on our correspondence to third parties, assuming that CMO will provide us with any correspondence between CMO and those same third parties. Please confirm CMO's agreement on this point.

Finally, your threat to move to compel unspecified documents from prior cases concerning infringement and damages is not well taken. We have asked you to explain why CMO is seeking this information and for any authority that supports CMO's requests for this information. We reiterate our request for this information for us to consider before CMO raises this issue with the Court.

Very truly yours,

Cass W. Christenson

CWC:ea

# EXHIBIT 14

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
lwerner@irell.com

August 4, 2008

**VIA E-MAIL**

Cass Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
cchristenson@mckennalong.com

> Re:   *LG Display v. Chi Mei Optoelectronics*, CV No. 06-726 (D. Del.)

Dear Cass:

I write in response to your letter of today regarding LGD's failure to timely produce any LGD Prior Litigations materials, and continuing refusal to produce certain LGD Prior Litigations materials. That LGD still has not sought the consents it is obligated to seek is disconcerting. Perhaps, instead of writing to CMO, LGD should write the letters it promised last week to send to all other parties and non-parties to the LGD Prior Litigations whose confidential information may be reflected in the materials described in my July 30, 2008 letter, seeking the consents it was obligated to obtain months ago. LGD has yet to live up to its belated promise of "reasonable cooperation" on this matter.

First and foremost, we believe that none of the limited materials described in your letter require the consent of any third party prior to production, and that LGD was able to and should have produced those materials months ago.[1] Instead, LGD engaged in a variety of tactics designed to deny CMO information that is directly relevant to claim construction. These materials must be produced immediately. If you intend to continue to withhold any of the materials described in your letter on any ground, please immediately advise CMO.

We were also surprised by your assertion that LGD is not aware of the legal authority that defines what information is relevant to this litigation. As I stated during our extensive meet and confers, LGD may find that authority in Federal Rule of Civil Procedure 26(b)(1), and citing case law. During each of our July 28, 29, and 31 meet and confers (during which we discussed my July 30 letter in detail), I asked repeatedly whether or not LGD would produce LGD Prior Litigations materials that relate to infringement or damages.

---

[1] To clarify your letter, during our meet and confer, I prioritized categories 1 and 2 from my July 30 letter for immediate production. Category 2 includes inventor dispositions. Indeed, CMO explicitly requested on July 2, 2008 that LGD produce the transcript of the LGD Prior Litigation deposition of Mr. Shin, which request LGD has apparently ignored.

1908937

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Cass Christenson, Esq.
August 4, 2008
Page 2

At no time did LGD (represented by three attorneys) express any confusion regarding which LGD Prior Litigations materials "relate to infringement and damages." Indeed, LGD responded by expressly confirming that it would not produce each of the categories of materials described in my July 30 letter that relate to infringement or damages. Your attempt to mischaracterize the state of the parties' meet and confer efforts is not well taken.

However, your letter does raise a valid point. LGD alone is in the unique position of knowing precisely which LGD Prior Litigations materials are in LGD's possession, custody, and control. Moreover, only LGD knows which LGD Prior Litigations materials LGD intends to produce. It is difficult to square LGD's claim that it understands precisely which materials relate to validity, enforceability, inventorship, ownership, and/or claim construction, with its newly asserted claim to have no idea whatsoever which materials relate to infringement or damages. To avoid future disputes, please provide an index of all LGD Prior Litigations materials in LGD's possession, custody, or control.

Your letter itself provides a perfect illustration for the necessity of such an index. Beyond reflecting LGD's improper relevance limitations (including LGD's improper refusal to produce materials that refer or relate to the term of the LGD Asserted Patents), your letter further attempts to improperly narrow the categories of relevant materials described in my July 30 letter by careful omission and by rephrasing that letter. Please be prepared to discuss the following during our scheduled call tomorrow:

1.      LGD restricts its production to expert reports and declarations. Does any other written testimony exist? CMO will move to compel the production of such written testimony, if it exists.

2.      LGD restricts its production to "inventor deposition testimony offered by LG Display." What inventor testimony exists that was not "offered by LGD?" CMO will move to compel the production of such testimony, if it exists.

3.      CMO understands that LGD refuses to produce materials used at relevant hearings. CMO will move to compel their production.

4.      CMO understands that LGD refuses to produce exhibits to filings, as well as court orders. CMO will move to compel their production.

5.      CMO understands that LGD refuses to produce trial materials, except for trial transcripts. CMO will move to compel the production of trial materials, as described in my July 30 letter.

6.      CMO understands that LGD refuses to produce responses to requests for production, and any other discovery responses. CMO will move to compel their production.

7.      CMO understands that LGD refuses to produce documents produced in prior litigation with their prior Bates numbers intact. CMO will move to compel the production of that relevant, non-privileged information.

1908937

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Cass Christenson, Esq.
August 4, 2008
Page 3

8.    CMO further understands that LGD refuses to produce materials other than documents provided by third parties in the LGD prior litigations, e.g., transcripts of depositions.  CMO will move to compel the production of those materials.

As I already confirmed to you, CMO will copy LGD on its correspondence with those whom LGD contacts to obtain consent to produce LGD Prior Litigations materials.[2] Your characterization of "concessions" or "clarifications" you allege I made during our meet and confers is incorrect.  CMO seeks materials responsive to Document Request No. 98. My July 30 letter outlines the materials that LGD, at a minimum, should have produced months ago.  The parties have met and conferred regarding that letter, and are clearly at an impasse given LGD's flat refusal to produce highly relevant materials.

Very truly yours,

Thomas C. Werner

cc:    Christian Platt, Esq. (christianplatt@paulhastings.com)
       Brian Range, Esq. (brange@wsgr.com)

---

[2] Your letter suggests that LGD will contact only parties and non-parties to the LGD Prior Litigations whose confidential information is contained within documents that LGD deems relevant.  That would be improper.  If LGD does not intend to contact all other parties and non-parties to the LGD Prior Litigations whose confidential information may be reflected in the materials described in my July 30, 2008 letter, please immediately so advise.