IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AU OPTRONICS CORPORATION, et al.,<br><br>Defendants. | C.A. No. 06-726-JJF<br>C.A. No. 07-357-JJF<br><br>CONSOLIDATED CASES |

**STIPULATION AND ORDER RE:
<u>ISSUING LETTER OF REQUEST (SOUTH KOREA)</u>**

THE PARTIES HERETO STIPULATE AND AGREE, subject to the approval of the Court, that a Letter of Request, in the form attached hereto as Exhibit 1, be issued by the Court to the Appropriate Judicial Authority of South Korea, seeking information from the foreign companies identified below by stipulation.

1. A Letter of Request, in the form attached hereto as Exhibit 1, shall be issued on behalf of AU Optronics Corporation to the following companies and corresponding judicial authority:

**LG Innotech, LG Electronics, LG International (South Korea)**

2. The parties reserve all rights and objections concerning information provided by any third party in response to any Letter of Request, including objections to any documents offered into evidence at trial.

3. Upon the Court's approval, the Letter of Request (Exhibit 1) shall be issued by the Court with the Court's signature and seal, and provided to counsel for translation and forwarding to the appropriate judicial authority.

Dated: August 18, 2008

OF COUNSEL:

Vincent K. Yip
Peter J. Wied
Terry Garnett
Katherine Murray
PAUL HASTINGS JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000

M. Craig Tyler
Brian D. Range
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759-8497
(512) 338-5400

Ron E. Shulman
Julie M. Holloway
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050

/s/ *Karen L. Pascale*
_____
John W. Shaw (#3362)
Karen L. Pascale (#2903)
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(301) 571-6600
kpascale@ycst.com

*Attorneys for AU Optronics Corporation and AU Optronics Corporation America*

| | |
|---|---|
| OF COUNSEL:<br><br>Gaspare J. Bono<br>Song K. Jung<br>R. Tyler Goodwyn, IV<br>Lora A. Brzezynski<br>MCKENNA LONG & ALDRIDGE LLP<br>1900 K Street, N.W.<br>Washington, D.C. 20006<br>(202) 496-7500 | /s/ *Richard D. Kirk*<br>―――――――――――――<br>Richard D. Kirk (#0922)<br>Ashley B. Stitzer (#3891)<br>THE BAYARD FIRM<br>222 Delaware Avenue, 9th Floor<br>P.O. Box 25130<br>Wilmington, DE 19899-5130<br>(302) 655-5000<br>rkirk@bayardfirm.com<br><br>*Attorneys for LG Display Co., Ltd. and LG Display America, Inc.* |
| OF COUNSEL:<br><br>Jonathan S. Kagan<br>Alexander C.D. Giza<br>Adam Hoffman<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>Telephone:    (310) 277-1010 | /s/ *Philip A. Rovner*<br>―――――――――――――<br>Philip A. Rovner (#3215)<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>provner@potteranderson.com<br><br>*Attorneys for Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc.* |

SO ORDERED this _____ day of _____, 2008.

―――――――――――――――――――
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, Karen L. Pascale, Esquire, hereby certify that on August 18, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard D. Kirk [rkirk@bayardfirm.com]
> Ashley B. Stitzer [astitzer@bayardfirm.com]
> BAYARD, P.A.
> 222 Delaware Avenue, Suite 900
> P.O. Box. 25130
> Wilmington, DE 19899-5130
> (302) 655-5000
>> *Attorneys for LG Display Co., Ltd. and LG Display America, Inc.*

> Philip A. Rovner [provner@potteranderson.com]
> David E. Moore [dmoore@potteranderson.com]
> POTTER, ANDERSON & CORROON
> 6th Floor, Hercules Plaza
> 1313 N. Market Street
> Wilmington, DE 19801
>> *Attorneys for Chi Mei Optoelectronics Corporation and*
>> *Chi Mei Optoelectronics USA, Inc.*

I further certify that I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> ***By E-mail***

> Gaspare J. Bono [gbono@mckennalong.com]
> Matthew T. Bailey [mbailey@mckennalong.com]
> R. Tyler Goodwyn, IV [tgoodwyn@mckennalong.com]
> Lora A. Brzezynski [lbrzezynski@mckennalong.com]
> Cass W. Christenson [cchristenson@mckennalong.com]
> MCKENNA LONG & ALDRIDGE LLP
> 1900 K Street, NW
> Washington, DC 20006
> (202) 496-7500
>> *Attorneys for LG Display Co., Ltd. and LG Display America, Inc.*

> Jonathan S. Kagan [jkagan@irell.com]
> Alexander C.D. Giza [agiza@irell.com]
> IRELL & MANELLA LLP
> 1800 Avenue of the Stars
> Suite 900
> Los Angeles, CA 90067
> (310) 277-1010
>> *Attorneys for Chi Mei Optoelectronics Corporation and*
>> *Chi Mei Optoelectronics USA, Inc.*

August 18, 2008

YOUNG CONAWAY STARGATT & TAYLOR LLP

/s/ *Karen L. Pascale*

---

Richard H. Morse (#531) *[rmorse@ycst.com]*
John W. Shaw (#3362) *[jshaw@ycst.com]*
Karen L. Pascale (#2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone: 302-571-6600

*Attorneys for AU Optronics Corporation and AU Optronics Corporation America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>   Plaintiff,<br><br>  v.<br><br>AU OPTRONICS CORPORATION, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 06-726-JJF<br>) C.A. No. 07-357-JJF<br>)<br>) **CONSOLIDATED CASES**<br>)<br>)<br>) |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM
THE APPROPRIATE JUDICIAL AUTHORITY IN SEOUL, SOUTH KOREA**

TO THE APPROPRIATE JUDICIAL AUTHORITY OF SEOUL, SOUTH KOREA:

  The United States District Court for the District of Delaware presents its compliments, and requests International Judicial Assistance to permit AU Optronics Corporation, defendant and counter-plaintiff in the above-captioned civil matter to take the deposition of and request the production of documents from the entities named herein.

  This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the Appropriate Judicial Authority of Seoul, South Korea compels the following entities to provide testimony upon oral examination relating to the questions in attached Schedule A and to provide the production of documents requested in attached Schedule B:

  1.  **LG Electronics Inc.
     LG Twin Towers
     20,Yeouido-dong, Yeoungdeungpo-gu
     Seoul, 150-721, South Korea**

  2.  **LG Innotech Co., Ltd.
     LG Twin Towers
     33/34F, Yeouido-dong, Yeongdeungpo-gu,
     Seoul, 150-721 South Korea**

    3.     **LG International Corp.**
           **LG Twin Towers**
           **20, Yeouido-dong, Yeongdeungpo-gu**
           **Seoul 150-721, South Korea**

Collectively, these companies are referred to herein as the "**LCD Product Manufacturers**".

The above-captioned lawsuit is an action by Plaintiff LG Display Co., Ltd., a corporation existing under the laws of South Korea, against Defendants that include AU Optronics Corporation ("AUO") and Chi Mei Optoelectronics Corporation ("CMO"), both corporations existing under the laws of Taiwan. AUO asserted its own claims against LG Display Co., Ltd. and LG Display America, Inc., a corporation existing under the laws of the United States. Both LG Display Co., Ltd. and LG Display America, Inc. are referred to collectively as "LG Display." This Court properly has jurisdiction over all the parties and the subject matter of this action.

AUO's claims against LG Display are for infringement of United States Patent Nos. 5,748,266, 6,689,629, 6,976,781, 6,778,160, 6,734,944, 7,125,157, 7,090,506, and 7,101,069 (collectively, "the AUO Patents-in-Suit"), which cover various aspects of liquid crystal display ("LCD") technology. AUO alleges that LG Display makes and sells certain LCD modules that infringe the various claims of the AUO Patents-in-Suit.

AUO alleges that LG Display manufactures infringing LCD modules and that LG Display sells and supplies those allegedly infringing modules to LCD manufacturers, including the LCD Product Manufacturers, located in South Korea and elsewhere for use in making LCD products such as televisions, laptop computers and computer monitors. The LCD Product Manufacturers, in turn, sell and supply such display products containing the allegedly infringing LG Display LCD modules to companies and brands that import and sell those products in the United States. AUO believes that LG Display sells LCD modules directly to the LCD Product Manufacturers and other customers. In addition, AUO believes LG Display may ship LCD modules to the LCD Product Manufacturers that LG Display in turn sells to customers whose LCD products are made or supplied by the LCD Product Manufacturers, using infringing LG Display modules.

AUO seeks information from the LCD Product Manufacturers regarding their use and purchase of LG Display's LCD products. Information sought by AUO, for example, includes the quantities and model numbers of LG Display products purchased by the LCD Product Manufacturers, which brands and model numbers of finished LCD products use LG Display's products, and the sale and distribution of these products, including into and for the United States market. AUO thus seeks to depose the LCD Product Manufacturers regarding the set of questions listed in the attached Schedule A. AUO also seeks to obtain from the LCD Product Manufacturers the documents and things listed in the attached Schedule B.

By compelling the LCD Product Manufacturers to answer the questions listed in attached Schedule A and to produce the documents and things listed in attached Schedule B, the Appropriate Judicial Authority of Seoul, South Korea will allow AUO to obtain necessary and material evidence for use at trial concerning issues including whether LG Display induces infringement of the AUO Patents-in-Suit and the amount of damages that should be awarded to AUO regarding any direct and/or indirect infringement.

It is requested that the witnesses be placed under oath before answering the questions. In the event that the witnesses cannot be placed under oath, it is requested that they answer questions in such manner as provided by local law for taking evidence.

It is also requested: a) that the responses of the witnesses be recorded by verbatim stenography or, if this is not possible, that AUO be allowed to bring a court reporter to the examination of the witnesses in order to keep such verbatim minutes; b) that the witnesses sign the verbatim transcript or other record of their responses to the questions; and c) that the Court take all available measures to protect the confidentiality of information obtained during the testimony.

It is further requested that the Court request the LCD Product Manufacturers produce or make the available for inspection the documents requested in Schedule B to AUO's United States trial counsel at the following address:

Jeffrey M. Whiting
Wilson Sonsini Goodrich & Rosati P.C.
900 South Capital of Texas Highway
Las Cimas IV, 5th Floor
Austin, Texas, USA 78759

It is also requested, given the importance of the evidence to be obtained, that these Requests be given the highest consideration and that the documents requested be provided as soon as possible. Complete responses are respectfully requested by December 17, 2008, as this is the deadline imposed by the Court for this matter. To the extent that any of these Requests cannot be granted, the execution of these Requests shall be performed according to applicable law and the fact that some part or parts of this request can not be granted should not affect the execution of the remaining parts.

It is requested that the parties' U.S. legal representatives identified above (Jeffrey M. Whiting) be informed as soon as practicable of the date and place where the examination is to take place. It is further requested that, if possible, notice should be furnished to these legal representatives at least 15 days before the date set for the examination.

Any privilege to refuse to give evidence under United States law is contained in the United States Federal Rules of Civil Procedure ("FRCP"), Federal Rules of Evidence and other applicable United States laws. Specifically, the witness must answer all questions unless the witness is directed by counsel not to answer the question. Such an instruction is appropriate only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to support a motion to cease testimony due to harassment of the witness. *See* FRCP 30(d)(l).

This Court respectfully requests that the Appropriate Judicial Authority in Seoul, South Korea provide the foregoing judicial assistance. In addition, and in return for the favor of such judicial assistance by the Appropriate Judicial Authority in Seoul, South Korea with respect to this matter, this Court offers its future assistance which may be hereafter required in the District of Delaware by the Appropriate Judicial Authority of Seoul, South Korea.

This Court offers its assurances that the fees and costs incurred by the South Korean authorities executing this Letter of Request will be paid for by AU Optronics Corporation.

This Letter of Request is made this _____ day of _____, 2008 by the undersigned requesting court, the United States District Court for the District of Delaware.

Respectfully requested,

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge

United States District Court for the
District of Delaware
844 North King Street
Wilmington, Delaware 19801-3519
United States of America

**Judicial Seal**:

## SCHEDULE A

**NOTE:** Throughout these requests, "LG Display" refers to both LG Display Co., Ltd and LG Display America, Inc.

### QUESTIONS TO BE ASKED THE WITNESSES AT DEPOSITION

1. Did you have, or do you have, any strategic alliances with LG Display?

   If so, please describe the nature of the alliance and when that alliance first began.

2. For each year since 2001, what percentage of your LCD products contain an LG Display LCD module?

3. For each year since 2001, which of your models use which LCD modules supplied by LG Display?

4. Are your products that use LG Display LCD modules supplied in whole or part for the United States?

5. For each year since 2001, which of your customers purchased products containing LCD modules from LG Display?

6. For each year since 2001, did your products using LCD modules from LG Display comply with any requirements and regulations that apply to imports or sales in the United States? If so, which products?

7. Which brands and models of LCD products did your company supply or manufacture for sale in the United States, in whole or in part, including the number of such units sold and the price per unit, each year since March 8, 2001?

8. What was the annual revenue received by your company from the sales of LCD products in each year from 2001 to 2007?

9. Since March 8, 2001, what models of LCD modules have you purchased and/or received from LG Display?

10. Since March 8, 2001, which LCD modules manufactured or sold by LG Display were used in each of the different brands and models of products manufactured and sold by your company?

11. For each product model made or sold by your company, how many of your products and units used LG Display modules?

12. For each year since 2001, how many of each model of LCD module has your company purchased or received from LG Display?

13. For each year since 2001, what was the price paid, including the unit price and net price after any discounts or rebates, for each model of LCD module purchased or received from LG Display?

14. For each year since March 8, 2001, how many of each brand and model of LCD product you shipped and sold used or could have used modules from LG Display?

15. For each year since March 8, 2001, what was the destination of each brand and model of LCD product you shipped and sold that used or could have used modules from LG Display?

16. Identify each brand and customer that has imported and/or sold in the United States LCD products made or supplied by your company since March 8, 2001?

17. What price did your company sell each brand and model of LCD product to its customers that sell LCD products in the United States, for each year since March 8, 2001?

18. What was the annual volume of sales made by your company to each customer that sells LCD products in the United States, including the quantity of each model sold or supplied to or for each customer, each year since March 8, 2001?

19. What was the annual revenue generated from sales made by your company to brands and customers that sell LCD products in the United States, for each model of your products, each year since 2001?

## SCHEDULE B

**NOTE:** Throughout these requests, "LG Display" refers to both LG Display Co., Ltd and LG Display America, Inc.

### LIST OF THE DOCUMENTS AND THINGS TO BE PRODUCED

1. Documents showing the different models of LCD products sold by your company since March 8, 2001.

2. Documents showing the unit sales of each different brand and model of LCD product sold by your company since March 8, 2001, including the number of units sold and the price per unit.

3. Documents showing which brands and models of LCD products were manufactured for sale in the United States, in whole or in part, including the number of such units sold and the price per unit, each year since March 8, 2001.

4. Documents showing the annual revenue received by your company from the sales of LCD products from 2001 to 2007.

5. Documents showing the models of LCD modules purchased and/or received, since March 8, 2001 from LG Display.

6. Documents showing which LG Display modules were used in each of the different brands and models of products manufactured and sold by your company since March 8, 2001, and the quantity of each LG Display module used for each product model made or sold by your company.

7. Documents showing, since March 8, 2001 how many of each model of LCD module your company purchased or received, on an annual basis, from LG Display.

8. Documents showing, on an annual basis since March 8, 2001, the price paid, including the unit price and net price after any discounts or rebates, for each model of LCD module purchased or received from LG Display.

9. Documents showing, on an annual basis since March 8, 2001, how many of each brand and model of LCD product you shipped and sold that used or could have used LCD modules from LG Display.

10. Documents showing, since March 8, 2001, the destination of each brand and model of LCD product you shipped and sold that used or could have used modules from LG Display.

11. Documents showing how many LCD modules your company has purchased from suppliers other than LG Display on an annual basis since March 8, 2001.

12. Documents showing the percentage of LCD modules that your company has purchased from each of its suppliers on an annual basis since March 8, 2001.

13. Documents showing the identity of brands and customers that sell or sold in the United States LCD products made or sold by your company since March 8, 2001.

14. Documents showing the price at which your company sold each brand and model of LCD product to its customers that sell LCD products in the United States, for each year since March 8, 2001.

15. Documents showing the annual volume of sales made by your company to each customer that sells LCD products in the United States, including the quantity of each model sold or supplied to or for each customer, since March 8, 2001.

16. Documents showing the annual revenue generated from sales made by your company to brands and customers that sell LCD products in the United States, for each model of your products, since March 8, 2001.