IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG DISPLAY CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-726 (JJF) |
| | ) | Civil Action No. 07-357 (JJF) |
| CHI MEI OPTOELECTRONICS | ) | |
| CORPORATION, et al., | ) | CONSOLIDATED CASES |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANT AND CROSS-CLAIMANT AU OPTRONICS CORPORATION'S
ANSWERING BRIEF IN OPPOSITION TO
CHI MEI OPTOELECTRONICS CORPORATION'S MOTION TO LIMIT
THE NUMBER OF PATENTS-IN-SUIT AND STAY THE REMAINDER**

OF COUNSEL:

Vincent K. Yip
Terry D. Garnett
Peter J. Wied
Jay C. Chiu
Katherine F. Murray
PAUL HASTINGS JANOFSKY & WALKER LLP
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000

Ron E. Shulman
Julie M. Holloway
Greg Wallace
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

M. Craig Tyler
Brian D. Range
Jeffrey Whiting
WILSON SONSINI GOODRICH & ROSATI
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746-5546
(512) 338-5400

Richard H. Morse (No. 531)
John W. Shaw (No. 3362)
Karen L. Pascale (No. 2903)
Andrew A. Lundgren (No. 4429)
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Bldg., 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600
alundgren@ycst.com

*Attorneys for AU Optronics Corporation and
AU Optronics Corporation America*

Dated: August 22, 2008

## TABLE OF CONTENTS

I.      NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II.     SUMMARY OF ARGUMENT ....................................................................................... 1

III.    STATEMENT OF FACTS ............................................................................................... 2

      A.      AUO Lacks Key Information Necessary To Evaluate The Extent Of
            LGD's Infringement.............................................................................................. 2

      B.      CMO Proposed A Large Percentage Of Claim Terms "For Construction"
            But Did Not Even Brief Many Of These Terms. ................................................... 2

IV.     ARGUMENT ................................................................................................................... 4

      A.      A Premature Stay Will Lead To Inefficiency Because Resolution Of A
            Handful Of Claims Will Not Resolve This Dispute. ............................................ 4

      B.      CMO Has Not Established That A Stay Of Patents Is Necessary To Avoid
            Claim Construction Burdens................................................................................. 6

      C.      The Court Should Not Arbitrarily Grant An Indefinite Stay. ............................... 8

V.      CONCLUSION ................................................................................................................ 9

DB02:7169437.1                                                                                                065944.1001

## <u>TABLE OF AUTHORITIES</u>

### CASES

<u>Page(s)</u>

*Agere Systems, Inc. v. Broadcom Corp.*, No. Civ. A. 03-3138, 2004 WL 1658530
(E. D. Pa. July 20, 2004)............................................................................................5

*Ampex Corp. v. Eastman Kodak Co.*, 460 F.Supp.2d 541 (D. Del. 2006).......................7

*Atlas Powder Co. v. Ireco Chem.*, 773 F.2d 1230 (Fed. Cir. 1985)................................8

*Hunter Eng'g Co. v. ACCU Indus., Inc.*, 245 F.Supp.2d 761 (E.D. Va. 2002)...............5

*Landis v. North Am. Co.*, 299 U.S. 248 (1936)...............................................................8

*Maytag Corp. v. Electrolux Home Prods., Inc.*, 411 F.Supp.2d 1008 (N.D. Iowa
2006) ...........................................................................................................................7

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351 (Fed. Cir.
2008) ...........................................................................................................................7

*Rambus, Inc. v. Hynix Semiconductor Inc.*, Nos. C-05-0334, C-05-2298, C-06-
0244, 2008 WL 2754805 (N. D. Cal. July 10, 2008).................................................5

*Remington Arms Co., Inc. v. Modern Muzzleloading, Inc.*, No. 2:97CV00660,
1998 WL 1037920, (M.D.N.C. Dec. 17, 1998) ........................................................8

*Standard Haven Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511 (Fed. Cir. 1990).....8

*U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554 (Fed. Cir. 1997)............................7

*Vivid Technologies, Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795 (Fed.
1999) ...........................................................................................................................7

065944.1001

## I.    NATURE AND STAGE OF PROCEEDINGS

LGD asserts nine patents against AUO and CMO.  AUO asserts eight patents against LGD.  CMO asserts six patents against LGD.  LGD and AUO have engaged in a great deal of unsuccessful mediation and negotiation.  The parties are now in the midst of discovery and claim construction briefing.  Document production and interrogatory responses are ongoing.  No expert discovery has occurred.

Despite this case substantively being at an early stage, CMO asks the Court to stay all but three claims of four AUO patents.  Under CMO's proposal, AUO's other four patents and claims would be stayed indefinitely.  AUO opposes CMO's motion for the reasons explained below.

## II.    SUMMARY OF ARGUMENT

CMO's pending motion asks this Court to indefinitely stay AUO's assertion of over half of its asserted patents and the vast majority of AUO's patent claims.  CMO argues that claim construction efficiency justifies such an approach.  While AUO agrees that there will likely be a time when the parties should narrow this case, there are three reasons why now is not that time.

1.    If the Court stays the AUO patents now, AUO will lack a claim construction ruling and most necessary discovery.  Without this information, it will be impossible for AUO to objectively evaluate the relative strength of the various patents it has asserted against LGD, and this case will remain very unlikely to settle even if trial resolves a handful of claims.  Thus, the Court is likely to face a huge inefficiency – a second trial, second claim construction hearing, and second discovery process for the "stayed" patents and patent claims.

2.    CMO argues that a stay is appropriate so that the Court can avoid its *Markman* burdens.  However, CMO grossly overstates those burdens.  The *O2* case relied upon by CMO makes clear that the Court only needs to construe claim terms which fundamentally affect the infringement or invalidity analyses.  CMO has not established that "over 300" terms affect these

analyses. Indeed, the fact that CMO only briefed arguments for only a small percentage of these terms suggests that few of these terms are fundamental. Moreover, if no settlement is reached, a stay would only delay burdens, not avoid them.

        3.      The core value of AUO's patent rights – the ability to exclude others – is diminished further with each passing day that AUO's patents are not adjudicated.

        CMO's motion presents no compelling reason for the Court to immediately stay AUO's enforcement of these patent rights. Just to the contrary, a stay now is likely to harm judicial economy, not help it. Thus, AUO asks that the Court deny CMO's motion at this time.

## III.    STATEMENT OF FACTS

### A.    AUO Lacks Key Information Necessary To Evaluate The Extent Of LGD's Infringement.

To date, AUO lacks:

- claim construction rulings;
- thorough and complete invalidity, infringement, or non-infringement contentions;
- complete production of LGD's documents;
- exchange of expert reports and analyses;
- deposition testimony; and
- direct access to the vast majority of the hundreds of LGD products at issue.

Without the above information, AUO (and LGD) cannot accurately and objectively place a value on each of the patents-in-suit. The lack of information impedes any further settlement discussions, and CMO's proposed stay would further delay the parties' access to this information.

### B.    CMO Proposed A Large Percentage Of Claim Terms "For Construction" But Did Not Even Brief Many Of These Terms.

        CMO argues that a stay of AUO's patents is appropriate because "the parties now collectively believe that over 300 claim elements require claim construction." However, this

        065944.1001

large number is largely due to CMO.  The chart below illustrates that CMO initially proposed

more terms for construction than either AUO or LGD:

| NUMBER OF TERMS THE PARTIES INITIALLY PROPOSED FOR CONSTRUCTION | | | | |
|---|---|---|---|---|
| | AUO's eight Patents | CMO's six Patents | LGD's nine Patents | Terms proposed per patent |
| AUO Initial Proposed Terms | 20 | ███████ | 72 | 5.4 |
| CMO Initial Proposed Terms | ███████ | 2 | 151 (addressing eight patents) | 10.9 |
| LGD Initial Proposed Terms | 68 | 56 | 52 | 7.7 |

Thus, per patent, CMO proposed about twice the terms for construction than AUO did.

However, despite CMO submitting 153 terms "for construction," it only argued about 94

terms (including terms raised by LGD and AUO)[1] in the body of its opening *Markman* brief.

CMO's failure to argue many of the terms it alleged were "at issue" may be, in part, due to claim

construction page limits, but CMO never raised an objection to those limits and did not oppose

AUO and LGD's stipulation to the limits.  [D.I. 368 in 1:06-cv-00726-JJF]  Thus, while CMO is

correct that the "parties" submitted "over 300 elements" for construction, CMO omits the fact

that CMO is responsible for the vast majority of these "disputed" elements[2] and that CMO found

much of the "dispute" not even worthy of briefing.

Claim construction briefing is not complete, but it will be complete by the time the Court

hears CMO's motion.

---

[1]    This count is very approximate.  It is difficult to assess from the briefing precisely how many individual terms are argued.

[2]    As a matter of fact, while all three parties had met and conferred a number of times prior to the submission of joint claim construction charts to the Court, no representative from CMO with authority to make decisions as to four of the nine LGD patents at issue was available at these conferences.  Declaration of Hua Chen In Support Of AUO's Opposition to CMO's Motion to Limit the Number of Patents-in-Suit and Stay the Remainder, ¶ 3.

## IV.   ARGUMENT

CMO argues that a stay now is necessary to streamline claim construction.  However, as explained below, CMO's motion is premature.  Indeed, the immediate stay suggested by CMO will likely lead to the extreme inefficiency of multiple trials.  Rather than accepting CMO's heavy handed proposal for a lengthy stay, the Court has less severe options for streamlining claim construction, as explained below.  Thus, AUO's enforcement of its valuable and time-sensitive patent rights should not arbitrarily be placed on an indefinite hold at this time.

### A.   A Premature Stay Will Lead To Inefficiency Because Resolution Of A Handful Of Claims Will Not Resolve This Dispute.

If CMO's motion is granted, the likely end result will be an utter waste of judicial resources.  CMO's efficiency arguments *assume* that the parties will globally settle their disputes after adjudication of just twelve patent claims spread across four patents.  However, CMO's view of settlement is overly optimistic.  If the vast majority of the case is stayed now (as opposed to *after* discovery and claim construction), trial of a few claims is unlikely to lead to settlement.

The parties (or at least AUO and LGD) have been extremely far apart in their settlement positions.  From AUO's perspective, LGD irrationally believes that its portfolio is vastly more valuable than AUO's.  AUO believes that its patent portfolio, which includes a wealth of patents purchased from IBM, is at least equally strong as LGD's portfolio if not stronger.  Unless AUO and LGD are allowed the information to assess a large portion of those portfolios, this dispute is unlikely to be resolved.  However, if AUO and LGD are permitted the benefit of claim construction rulings and complete discovery, settlement may be more likely.  Thus, it is most sensible to narrow the case only *after* discovery and a claim construction ruling so that the parties can better assess the strengths and weaknesses of their respective patents.

With respect to claim construction, courts routinely construe claims for multiple patents in one litigation. *See, e.g., Rambus, Inc. v. Hynix Semiconductor Inc.*, Nos. C-05-0334, C-05-2298, C-06-0244, 2008 WL 2754805 (N. D. Cal. July 10, 2008) (allowing claim construction of 28 patents-in-suit); *Agere Systems, Inc. v. Broadcom Corp.*, No. Civ. A. 03-3138, 2004 WL 1658530 (E. D. Pa. July 20, 2004) (allowing claim construction of 26 patents-in-suit). Claim construction rulings would greatly enhance the parties' ability to assess the respective value of their patent portfolios and frame settlement terms.

With respect to discovery, AUO, at present, has had little opportunity to assess the scope of LGD's infringement. LGD has only recently produced some (but not all) relevant discovery, and AUO is in the process of assessing LGD's production. To date, there has been no deposition testimony and no expert discovery. As a result, AUO currently is in the midst of assessing precisely how many of LGD's hundreds of products infringe. As such, if patents are stayed now, the looming uncertainty as to the relative strengths of AUO and LGD's patent portfolios is likely to prevent the parties from reaching any settlement. *Compare with Hunter Eng'g Co. v. ACCU Indus., Inc.*, 245 F.Supp.2d 761, 764 (E.D. Va. 2002) (district court stayed patents only after Court appointed expert spent 560 hours investigating eighteen patents at issue).

Thus, the immediate stay requested by CMO will diminish the likelihood of any settlement. A trial concerning a handful of patent claims will not provide enough information for assessment of the complete portfolios. As a result, under CMO's proposal, the Court would likely conduct a trial as to the non-stayed patent claims but then have to have a second trial (as well as claim construction and discovery proceedings) for the stayed AUO, LGD, and CMO patents in an entirely separate trial. Even worse, if all three claims of any of the four patents were found to be invalid or not infringed, the Court would possibly have to try the exact same

patents (but different claims) in a second proceeding. Indeed, CMO's proposal leaves the parties

with a strategic incentive to hold back some of the best claims of each patent just in case things

go badly during a first trial.

Granting CMO's motion now would create a huge potential for inefficiency and the only

benefit is the possibly pushing some claim constructions off to a later date. AUO proposes that,

to maximize the possibility of settlement, patents should only be stayed (if at all) after claim

construction and after discovery is complete. CMO's impractical motion should be denied.

**B.      CMO Has Not Established That A Stay Of Patents Is Necessary To Avoid Claim Construction Burdens.**

CMO argues that the Court, as a practical matter, must limit patents now because the

parties "have identified over 300 claim elements" and so, CMO argues, it is logistically too

burdensome for the parties to deal with so many terms and too burdensome for the Court to

avoid legal error by all of these elements. However, CMO is wrong on both counts.

With respect to the parties, all claim construction briefing will be complete by the time

the Court addresses CMO's motion to stay. Therefore, a stay would not save the parties any

significant time or expense.

With respect to the Court, CMO's reading of the law is completely incorrect. The Court

does not need to construe anywhere near 300 claim elements. To the contrary, the Federal

Circuit has explained:

> *Markman* did not hold that the trial judge must always parse the claims for the jury,
> whether or not there is an issue in material dispute as to the meaning or scope of the
> claims. Neither this court nor the Supreme Court held that the trial judge must conduct
> such a rote exercise, on pain of having to retry the case.

*U.S. Surgical Corp. v.* Ethicon, Inc., 103 F.3d 1554, 1570 (Fed. Cir. 1997) (refusing to remand

based on failure to construe terms where constructions would not prejudice substantive issue of

obviousness); *see also Vivid Technologies, Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 803

(Fed. Cir. 1999) ("only those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy").

CMO's argument is based on misapplication of *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351 (Fed. Cir. 2008). In that case, the district court erred by not construing the term "only if" because reliance on ordinary meaning could not solve the parties' fundamental and outcome determinative claim construction dispute (whether or not the "only if" limitation had to be satisfied "at all times" or "during steady state operation"). *Id* at 1361-2. In particular, the defendant's entire non-infringement case depended upon "only if" meaning "at all times" (including, for example, during start-up). *Id.* at 1357-8. Thus, where the court's construction of "only if" was case dispositive, a construction was required. *Id.*

Here, CMO argues that 300 claim terms are in dispute, but CMO has not explained how any of the terms matter at all as to the outcome of the case (i.e., as to infringement or invalidity). Indeed, this Court has already effectively forced the parties to focus only upon terms that matter by setting page limits for *Markman* briefing. Thus, it would be entirely proper for the Court to construe terms addressed in the parties' briefing and set aside other terms until if and when a real dispute arises. This is precisely the approach taken by the *Maytag* and *Ampex* cases cited by CMO. *Maytag Corp. v. Electrolux Home Prods., Inc.*, 411 F.Supp.2d 1008, 1036 (N.D. Iowa 2006) (declining to construe immaterial elements until necessary); *Ampex Corp. v. Eastman Kodak Co.*, 460 F.Supp.2d 541, 543, n. 1 (D. Del. 2006) (same).

Alternatively, the Court could further reduce its burden by requiring the parties to identify a limited number of terms for construction that are "fundamental" to the dispute, or the Court could require the parties to explain, for each claim offered for construction, why construction of the term is potentially outcome determinative. All of these options are less heavy

handed and prejudicial to AUO's patent rights than a premature and indefinite stay of the vast majority of AUO's case. CMO's requested stay is inappropriate and should be denied.

### C.    The Court Should Not Arbitrarily Grant An Indefinite Stay.

Although the Court certainly has some inherent power to manage its own docket, that power is not unlimited. Indeed, discretion is abused where there is "a stay of indefinite duration in the absence of pressing need." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936). Here, both the indefinite duration and absence of pressing need weigh against CMO's proposed stay.

With respect to duration, CMO has set no time limit on the requested stay. An indefinite stay is especially troubling here because the primary value of AUO's patents arises from AUO's ability to seek an injunction and exclude sale and importation of infringing products. The power and value of potential injunction cannot be matched with money and diminishes rapidly in time. *See, e.g., Standard Haven Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 515 (Fed. Cir. 1990) (loss of market share cannot be compensated with money); *Atlas Powder Co. v. Ireco Chem.*, 773 F.2d 1230, 1233 (Fed. Cir. 1985) (patent statute allows injunctive relief "to preserve the legal interests of the parties *against future infringement* which may have market effects never fully compensable in money") (emphasis original); *Remington Arms Co., Inc. v. Modern Muzzleloading, Inc.*, No. 2:97CV00660, 1998 WL 1037920, at *3 (M.D.N.C. Dec. 17, 1998) (noting that after a lengthy stay, plaintiff's "prayer for relief to enjoin [defendant] from further infringement may no longer have value as technology or market conditions change."). Indeed, AUO's patents, like all patents, will eventually expire. At that point, the patents have no injunctive value at all.

With respect to absence of pressing need, CMO can cite no need other than the Court's possible desire to reduce the number of disputed claim elements. However, as explained in

065944.1001

Section III(B), above, CMO vastly overstates the Court's burden in this respect. Absent some more pressing need, the Court should not put AUO's patent rights on an indefinite hold.

The fact that CMO is so willing to indefinitely set aside two of its patents suggests that CMO has already determined that two of its patents are weak or that LGD's infringement of two of its patents is minimal. If that is the case, CMO can drop two of its patents with or without the blessing of AUO or the Court. However, AUO has asserted eight patents and believes that each of the eight patents has independent injunctive potential. AUO should not have to sacrifice its ability to gain a lasting injunction with regard to four of its patents without, at a minimum, having the benefit of claim construction and complete discovery so that AUO can understand the full extent of LGD's infringement.

## V.    CONCLUSION

For the foregoing reasons, CMO's motion to limit the number of patents-in-suit and stay the remainder should be denied.

DB02:7169437.1                    065944.1001

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____
Richard M. Morse (No. 531)
rmorse@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Karen L. Pascale (No. 2903)
kpascale@ycst.com
Andrew A. Lundgren (No. 4429)
alundgren@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600

*Counsel for Defendants AU Optronics
Corporation and AU Optronics Corporation
America*

OF COUNSEL:

Vincent K. Yip
Terry D. Garnett
Peter J. Wied
Jay C. Chiu
Katherine F. Murray
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000

Ron E. Shulman
Julie M. Holloway
Greg Wallace
Wilson, Sonsini, Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300

M. Craig Tyler
Brian D. Range
Jeffrey Whiting
Wilson, Sonsini, Goodrich & Rosati, P.C.
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Telephone: (512) 338-5400


DATED: August 22, 2008

DB02:7169437.1                                                      065944.1001

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on August 22, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard D. Kirk [rkirk@bayardfirm.com]
> Ashley B. Stitzer [astitzer@bayardfirm.com]
> BAYARD, P.A.
> 222 Delaware Avenue, Suite 900
> P.O. Box. 25130
> Wilmington, DE 19899-5130
> (302) 655-5000
> *Attorneys for LG Display Co., Ltd. and LG Display America, Inc.*

> Philip A. Rovner [provner@potteranderson.com]
> David E. Moore [dmoore@potteranderson.com]
> POTTER, ANDERSON & CORROON
> 6th Floor, Hercules Plaza
> 1313 N. Market Street
> Wilmington, DE 19801
> *Attorneys for Chi Mei Optoelectronics Corporation and*
> *Chi Mei Optoelectronics USA, Inc.*

I further certify that I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> ### *By E-mail*
>
> Gaspare J. Bono [gbono@mckennalong.com]
> Matthew T. Bailey [mbailey@mckennalong.com]
> R. Tyler Goodwyn, IV [tgoodwyn@mckennalong.com]
> Lora A. Brzezynski [lbrzezynski@mckennalong.com]
> Cass W. Christenson [cchristenson@mckennalong.com]
> MCKENNA LONG & ALDRIDGE LLP
> 1900 K Street, NW
> Washington, DC 20006
> (202) 496-7500
> *Attorneys for LG Display Co., Ltd. and LG Display America, Inc.*

Jonathan S. Kagan [jkagan@irell.com]
Alexander C.D. Giza [agiza@irell.com]
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
(310) 277-1010
 *Attorneys for Chi Mei Optoelectronics Corporation and*
 *Chi Mei Optoelectronics USA, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR LLP

August 22, 2008

Richard H. Morse (#531) *[rmorse@ycst.com]*
John W. Shaw (#3362) *[jshaw@ycst.com]*
Karen L. Pascale (#2903) *[kpascale@ycst.com]*
Andrew A. Lundgren ( #4429) *[alundgren@ycst.com]*
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone: 302-571-6600

*Attorneys for AU Optronics Corporation and*
*AU Optronics Corporation America*

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG DISPLAY CO., LTD.,                  )
                                       )
    Plaintiff,                        )
                                       )
    v.                                )     Civil Action No. 06-726 (JJF)
                                       )     Civil Action No. 07-357 (JJF)
CHI MEI OPTOELECTRONICS                )
CORPORATION, et al.                    )     CONSOLIDATED CASES
                                       )
    Defendants.                       )
                                       )
                                       )
_____)

### Declaration of Hua Chen In Support Of AUO's Opposition to
### CMO's Motion to Limit the Number of Patents-in-Suit and Stay the Remainder

        I, Hua Chen, declare as follows:

        1.        I am an attorney duly admitted to practice before all the courts of the State of California, and also admitted to practice pro hac vice before this Court. I am an attorney with the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel of record for Defendants Au Optronics Corporation and Au Optronics Corporation America (collectively "AUO"). I have personal knowledge of the facts declared herein, and if called as a witness, could and would competently testify thereto.

        2.        I make this Declaration in support of AUO's Opposition to Chi Mei Optoelectronics Corporation's Motion to Limit the Number of Patents-In-Suit And Stay the Remainder.

        3.        Counsel for AUO, LG. Display Co. Ltd. ("LGD"), and Chi Mei Optoelectronics Corporation ("CMO") have met and conferred on at least three separate occasions – July 23rd, July 25th, and July 28th – in an effort to reduce the number of claim terms in dispute with respect to the patents asserted by LGD in this action. CMO's counsel in charge

of the following LGD patents, U.S. Patent Nos. 5,019,002, 5,905,274, 6,815,321, and 7,176,489, did not attend any of these conferences.

       I hereby declare under penalty of perjury under the laws of the United States of America that the matters declared herein are true and correct, and that this declaration is executed this 21st day of August, 2008, at Los Angeles, California.

By _____

Hua Chen

CHEN DECL. ISO AUO'S OPPOS'N TO CMO'S MOTION TO LIMIT THE NUMBER OF PATENTS-IN-SUIT AND STAY THE REMAINDER