**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

LG DISPLAY CO., LTD.,    )
                         )
            Plaintiff,   )      Civil Action No. 06-726 (JJF)
                         )      Civil Action No. 07-357 (JJF)
        v.               )
                         )      **CONSOLIDATED CASES**
CHI MEI OPTOELECTRONICS  )
CORPORATION, et al.,     )      **PUBLIC VERSION**
                         )
            Defendants.  )
                         )

**DEFENDANTS CHI MEI OPTOELECTRONICS'**
**MOTION TO COMPEL PLAINTIFFS LG DISPLAY**
**TO RESPOND TO CMO INTERROGATORIES NOS. 1-27**

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Alexander C.D. Giza
Adam Hoffman
Thomas C. Werner
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010


Dated: August 26, 2008
Public Version: September 3, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendants*
*Chi Mei Optoelectronics Corporation*
*and Chi Mei Optoelectronics USA, Inc.*

Page(s)

TABLE OF CONTENTS

I.      NATURE AND STAGE OF PROCEEDINGS ................................................. 1

II.     SUMMARY OF ARGUMENT ........................................................................ 1

III.    STATEMENT OF FACTS ............................................................................... 2

IV.     ARGUMENT .................................................................................................... 5

        A.    LGD Improperly Answered Only 24 of the 30 Interrogatories Allowed
              to CMO Under the Scheduling Order. ................................................... 5

        B.    LGD Improperly Cites Rule 33(d) Without Identifying Responsive
              Records.................................................................................................... 6

V.      CONCLUSION................................................................................................. 7

Page(s)

## TABLE OF AUTHORITIES

**Cases**

*Allahverdi v. Regents of University of New Mexico,*
    228 F.R.D. 696 (D.N.H. 2005) .............................................................................. 2, 6

**Other Authorities**

8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS,
    FEDERAL PRACTICE AND PROCEDURE § 2168.1 (2008)........................................ 1, 5, 6

**Rules**

Fed. R. Civ. P. Rule 33(d)................................................................................................. passim

Defendants Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. ("CMO") respectfully move this Court to compel plaintiffs LG Display Co., Ltd. and LG Display America, Inc. ("LGD") to provide complete, substantive responses to CMO's Interrogatories. LGD improperly counted 5 CMO Interrogatories as 11 separate requests, and then chose to not answer interrogatories 25-27. Moreover, for the interrogatories on which it elected to respond, LGD cited CMO to documents, pursuant to Federal Rule of Civil Procedure 33(d), but it failed to comply with this rule by identifying specific documents that contained the responsive information . LGD has refused to correct these defects voluntarily, and has instead forced CMO to come to this Court to obtain answers to its properly served interrogatories.

## I.     NATURE AND STAGE OF PROCEEDINGS

This action is a patent litigation initially filed by LGD against CMO and AU Optronics Corp. in the District of Delaware. Fact discovery is ongoing. This motion involves LGD's refusal to respond to CMO's properly served interrogatory responses.

## II.    SUMMARY OF ARGUMENT

1.     To date, CMO has served 27 of its allotted 30 interrogatories in this case. Although each interrogatory is directed to a common theme, such as infringement, notice, damages, product designations, and invalidity, LGD chose to recharacterize 5 of these interrogatories as 11 separate requests. LGD then claimed that, under its new renumbering scheme, CMO asked more interrogatories than it was permitted, and it refused to respond to interrogatories numbered 25-27. LGD's effort to renumber CMO's interrogatories is improper because each of these interrogatories is "directed at eliciting details concerning [a] common theme." *See* 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2168.1 (2008). Each is therefore properly counted as a single interrogatory

2.      In addition, by selectively responding to some of the interrogatories that LGD claimed were improperly numbered, LGD has waived any objection that CMO exceeded the number of permissible interrogatories. *Allahverdi v. Regents of University of New Mexico*, 228 F.R.D. 696, 698 (D.N.H. 2005). LGD must provide complete, substantive responses to all of the CMO Interrogatories.

3.      Where LGD has responded to interrogatories by reference to documents pursuant to Federal Rule of Civil Procedure 33(d), LGD must specifically identify the documents, or portions of documents, that contain the information LGD claims is responsive to the interrogatory, pursuant to Rule 33(d).

## III.    STATEMENT OF FACTS

The April 29, 2008 Rule 16 Scheduling Order authorizes each party to serve up to 30 Interrogatories by June 27, 2008. D.I. 194. CMO served a total of 27 Interrogatories on LGD on April 8 and May 28, 2008. D.I. 181; 217. Included in these Interrogatories were Interrogatories Nos. 2, 3, 8, 10, and 16.

CMO Interrogatory No. 2 (which LGD counted as three separate requests) provided:

> **CMO Interrogatory No. 2:** Separately for each claim of any LGD Patent that LG Display contends is infringed by either CMO Defendant, identify each product or process that allegedly infringes each claim, and separately, for each product or process accused of infringement, provide a claim chart containing an element-by-element analysis that describes in detail how the claim allegedly reads on the accused product or process; including, without limitation, describing whether each claim is infringed directly or indirectly, whether such infringement is literal or under the doctrine of equivalents, and if LG Display contends that the claim is indirectly infringed, whether the indirect infringement is contributory or inducement to infringe; identify all Documents relative to LG Display's contentions; and identify all Persons with knowledge of such facts.

CMO Interrogatory No. 3 (which LGD counted as two separate requests) provided:

> **CMO Interrogatory No. 3:** Separately for each of the LGD Patents, state whether LG Display provided any notice of infringement to either of the CMO Defendants prior to the filing of each of the Complaint, Amended Complaints, or

Counterclaims and, if so, describe in detail the provision of such notice, including, without limitation, which CMO Defendant was provided notice, whether such notice was actual or constructive, each date (month/day/year) notice was provided to the CMO Defendants; the Person(s) who provided said notice; the Person(s) to whom the notice was provided; any marking of the patent number on LGD Products, LCD Display Products, LCD Modules, or LCD Panels, or associated containers, labels, or manuals; any steps taken to ensure LG Display's licensees properly mark licensed products; identify all Documents relative to said notice; and identify all Persons with knowledge of such facts.

CMO Interrogatory No. 8 (which LGD counted as two separate requests) provided:

**CMO Interrogatory No. 8:** Describe in detail LG Display's contentions concerning all purported damages relative to each CMO Defendants' alleged infringement of the LGD Patents, including, without limitation, a detailed explanation of any claim to lost profits, reasonable royalty, or any other measure of damages, including in that explanation the method and basis for determining any purported lost profits, reasonable royalty or other measure of damages; LG Display's definition of the relevant market; the identity of those Persons that LG Display contends compete in that relevant market; and LG Display's contention whether LG Display and each of the CMO Defendants compete in the relevant market; identify all Documents relative to LG Display's contentions; and identify all Persons with knowledge of such Documents and facts.

CMO Interrogatory No. 10 (which LGD counted as two separate requests) provided:

**CMO Interrogatory No. 10:** For each LGD Product, identify all corresponding product designations, including model and Part Numbers, used to refer to each LCD module, LCD panel and/or TFT substrate that corresponds to that LGD Product as well as every LCD display product for which that LGD Product was made, used, and approved for use, including the Brand and Part Number information for each LCD display product.

CMO Interrogatory No. 16 (which LGD counted as two separate requests) provided:

**CMO Interrogatory No. 16:** For each claim of any CMO Patents that you allege is invalid in seeking a declaratory judgment of invalidity, identify all bases with underlying facts for your allegation, including, for example, all prior art references with a detailed identification on an element by element basis of all disclosures within each claimed prior art reference that you assert disclose that element, and for each claim that you allege is obvious (pursuant to 35 U.S.C. 5 103), identify each reference or combination of references, including all bases for combining the references, that you assert renders that claim obvious.

LGD responded to CMO's Interrogatories on May 14 and July 18, 2008, and further

supplemented its responses on August 29, 2008. D.I. 202; 349; 405. LGD did not provide a

- 3 -

substantive response to interrogatories numbered 25-27, claiming that Interrogatories Nos. 2, 3, 8, 10, and 16 (reproduced above) constituted 11 separate requests, and that CMO had thereby exceeded the allowable number of Interrogatories. LGD chose, therefore, not to respond to CMO Interrogatories Nos. 25–27.

CMO requested in letters of June 30, July 30, and August 25, 2008 that LGD withdraw its improper objection and renumbering of CMO's Interrogatories, and provide complete, substantive responses to CMO Interrogatories Nos. 25-27. *See* Local Rule 7.1.1. Certification ("Certification"), filed concurrently with this Motion. CMO also raised the issue during the parties' August 4, 2008 meet and confer. *Id.* In letters of July 17 and August 6, 2008, and during the August 4 meet and confer, LGD refused to comply with CMO's request and claimed that it had "asserted an appropriate objection to CMO's purported interrogatory No. 25[–27] because CMO ha[d] exceeded the permissible number of interrogatories." *Id.*

Separately, CMO requested in its June 30, July 30, and August 25 letters, as well as during the parties' August 4 meet and confer, that LGD address its consistently improper reliance on Rule 33(d). LGD's answers to the CMO Interrogatories consistently and improperly cite to Rule 33(d) without identifying specific, responsive records. *See, e.g.*, LGD's Answers to CMO Interrogatories Nos. 4–7, 9, 16, and 20, attached to this Motion at Ex. A (LGD's Answers to CMO Interrogatories Nos. 1-9); Ex. B (LGD's Answers to CMO Interrogatories Nos. 10-27); and Ex. C (LGD's Supplemental Answers to CMO Interrogatories Nos. 2, 10-14, 16-19. LGD has refused to comply with CMO's request. *See* Certification.

## IV.    ARGUMENT

### A.    LGD Improperly Answered Only 24 of the 30 Interrogatories Allowed to CMO Under the Scheduling Order.

LGD counted CMO's Interrogatories Nos. 2, 3, 8, 10, and 16 as 11 separate requests.

Based on this false accounting, LGD objected to the number of CMO's Interrogatories and

refused to provide substantive answers to CMO Interrogatories Nos. 25–27. LGD's objection is

improper because each CMO Interrogatory does not "inquir[e] into discrete areas" but addresses

a common theme. 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS,

FEDERAL PRACTICE AND PROCEDURE § 2168.1 (2008). Even where interrogatories contain

subparts, which the CMO Interrogatories do not, "subparts directed at eliciting details concerning

[a] common theme … should be considered a single question." *Id.*

CMO's Interrogatory No. 2, which LGD counts as three Interrogatories, seeks LGD's

contentions that CMO products infringe its patents. LGD's response is not organized into any

discrete subparts that justify or explain its objection, and LGD has now responded with a single

set of (still inadequate) infringement claim charts. *See* Ex. C. CMO's Interrogatory No. 3, which

LGD counts as two Interrogatories, seeks LGD's contentions that CMO had notice of LGD's

patents. LGD's substantive response is a single paragraph. *See* Ex. A. CMO's Interrogatory No.

8, which LGD counts as two Interrogatories, seeks LGD's contentions that it suffered damages

from CMO's alleged infringement. LGD's substantive response is two sentences, one of which

refuses to provide responsive information until LGD serves its expert reports. *See* Ex. A.

CMO's Interrogatory No. 10, which LGD counts as two Interrogatories, seeks information

regarding LGD's product designations. CMO's Interrogatory No. 16, which LGD counts as two

Interrogatories, seeks LGD's contentions that CMO's patents are invalid.

As identified above, CMO Interrogatories Nos. 2, 3, 8, 10 and 16 each seek information relating to a common theme, *i.e.*, LGD's contentions regarding infringement, notice, damages, product designations, and invalidity. Accordingly, each properly counts as a single requests. LGD's objection, renumbering, and failure to respond substantively to CMO Interrogatories Nos. 25-27 are improper, and the Court should order LGD to provide complete, substantive responses to all of the CMO Interrogatories.

Moreover, LGD has waived its objection to the number of CMO Interrogatories. As held in *Allahverdi v. Regents of University of New Mexico*:

> When a party believes that another party has asked too many interrogatories, the [responding] party ... should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. *By answering some and not answering others, the Defendants waived this objection.*

228 F.R.D. 696, 698 (D.N.H. 2005) (emphasis added). *Allahverdi* makes clear that LGD has waived its objection by choosing to respond selectively to CMO's Second Set of Interrogatories. In other words, LGD has failed to respond to discovery in accordance with Rule 33.

### B.    LGD Improperly Cites Rule 33(d) Without Identifying Responsive Records.

LGD's responses to CMO's Interrogatories Nos. 4–7, 9, 16, and 20 invoke Rule 33(d) without identifying specific records containing the responsive information. *See* Exs. A; B; C. A party relying on Rule 33(d) in response to an interrogatory "must specify which records contain the information sought by the interrogatory." 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2178 (2008). LGD's non-responses to CMO Interrogatories Nos. 4–7, 9, 16, and 20 fail to comport with Rule 33(d). LGD must respond to these Interrogatories with specific and responsive documents, or with narrative answers.

- 6 -

V.    **CONCLUSION**

In accordance with the case management orders governing this action, CMO respectfully requests that the Court order LGD to immediately provide a complete, substantive response to CMO's Interrogatories Nos. 25-27.  Moreover, CMO asks that LGD be compelled to specify the documents responsive to CMO's Interrogatories Nos. 4–7, 9, 16, and 20 pursuant to Rule 33(d); or provide CMO with narrative responses.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Alexander C.D. Giza
Adam Hoffman
Thomas C. Werner
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010

By:  /s/ Philip A. Rovner
       Philip A. Rovner (#3215)
       Hercules Plaza
       P.O. Box 951
       Wilmington, Delaware  19899-0951
       (302) 984-6000
       provner@potteranderson.com

Dated:  August 26, 2008
880113
Public Version:  September 3, 2008

*Attorneys for Defendants*
*Chi Mei Optoelectronics Corporation*
*and Chi Mei Optoelectronics USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on September 3, 2008, the within

document was filed with the Clerk of the Court using CM/ECF which will send notification of

such filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
jshaw@ycst.com
kpascale@ycst.com

I hereby certify that on September 3, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com
cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Katherine F. Murray, Esq.
Ms. Denise Esparza
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA  90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com
katherinemurray@paulhastings.com
deniseesparza@paulhastings.com

Ron E. Shulman, Esq.
Julie M. Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
jholloway@wsgr.com

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759
ctyler@wsgr.com
brange@wsgr.com

*/s/ Philip A. Rovner*
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

846666

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG DISPLAY CO., LTD.,                    )
           Plaintiff,                 )
                       )
          v.                            )      Civil Action No. 06-726 (JJF)
CHI MEI OPTOELECTRONICS                 )      Civil Action No. 07-357 (JJF)
CORPORATION, et al.                      )
           Defendants.                )      **PUBLIC VERSION**

## NOTICE OF MOTION TO COMPEL PLAINTIFFS LG DISPLAY TO RESPOND TO CMO INTERROGATORIES NOS. 1-27

PLEASE TAKE NOTICE that, Defendants Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. ("CMO") have filed on this date CMO's Motion To Compel Plaintiffs LG Display to Respond to CMO Interrogatories Nos. 1-27. CMO is following the Court's directive that disputes regarding a party's refusal to respond to interrogatories be submitted as a Motion. There is currently no available hearing date that would permit a full briefing schedule. CMO requests the Court schedule this Motion to be heard at the next available hearing date. Should the Court determine that the September 12, 2008, 10:00 a.m. hearing date is the next available hearing date, CMO agrees under that circumstance to waive its opportunity to reply provided to CMO pursuant to Rule 7.1.2.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Alexander C. D. Giza
Adam Hoffman
Thomas C. Werner
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA 90067
(310) 277-1010

Dated: August 26, 2008
880118
Public Version: September 3, 2008

By: /s/ Philip A. Rovner
      Philip A. Rovner (#3215)
      Hercules Plaza
      P. O. Box 951
      Wilmington, DE 19899
      (302) 984-6000
      provner@potteranderson.com

*Attorneys for Defendants*
*Chi Mei Optoelectronics Corporation*
*and Chi Mei Optoelectronics USA, Inc.*

# EXHIBIT A

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT B

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT C

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG DISPLAY CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-726 (JJF) |
| | ) | Civil Action No. 07-357 (JJF) |
| v. | ) | |
| | ) | **CONSOLIDATED CASES** |
| CHI MEI OPTOELECTRONICS | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS CHI MEI OPTOELECTRONICS' LOCAL RULE 7.1.1 CERTIFICATION OF COUNSEL REGARDING MOTION TO COMPEL DEFENDANTS LG DISPLAY TO RESPOND TO CMO INTERROGATORIES NOS. 1-27

I hereby certify that counsel for Defendants Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc. ("CMO") attempted in good faith to resolve the issues raised in CMO's Motion to Compel Plaintiff LG Display Co., Ltd. ("LGD") to Respond to CMO Interrogatories Nos. 1-27 ("the Motion").

Counsel for CMO has sent numerous letters to LGD concerning the issues raised in the Motion (*See* Exhibits 1–2, attached hereto[1]).  In addition, CMO's counsel has met and conferred with opposing counsel on these issues to no avail.   Notwithstanding the efforts of CMO's counsel to resolve the disputed issues raised in the Motion, several areas remain in dispute.  Specifically, CMO seeks (1) complete, substantive responses by LGD to CMO Interrogatories Nos. 25-27 and (2) specific identification of responsive documents for each invocation by LGD of Fed. R. Civ. P. Rule 33(d).

---

[1] Exhibit 1 is a letter dated August 25, 2008 from Thomas C. Werner to Lora A. Brzezynski. Exhibit 2 contains the text of emails dated August 26, 2008 between Thomas C. Werner and Cass Christenson.

As outlined in the Motion, LGD refuses to offer substantive responses to CMO Interrogatories Nos. 25-27 on the ground that CMO allegedly has exceeded the number of Interrogatories allowed under the Court's April 29, 2008 Scheduling Order. CMO requested in letters of June 30, July 30, and August 25, 2008 that LGD withdraw its improper objection and provide complete, substantive responses to CMO Interrogatories Nos. 25–27. *See* Ex. 1. CMO also raised the issue during the parties' August 4, 2008 meet and confer. *Id.* LGD refused to bring its discovery responses into compliance. In letters of July 17 and August 6, 2008, and during the August 4 meet and confer, LGD refused to comply with CMO's request and claimed that it had "asserted an appropriate objection to CMO's purported interrogatory No. 25[–27] because CMO ha[d] exceeded the permissible number of interrogatories." *Id.*

In letters of June 30, July 30, and August 25, 2008, counsel for CMO also requested that LGD withdraw its Interrogatory answers' consistently improper reliance on Rule 33(d). *Id.* Counsel for CMO requested that LGD provide CMO with either (1) the specific, responsive documents facially required by Rule 33 or (2) narrative, substantive answers. Counsel for CMO additionally raised the issue with LGD during the parties August 4, 2008 meet and confer. LGD stated flatly on three separate occasions that it rejected CMO's position and would not comply with CMO's requests. Ex. 1; Ex. 2.

Having its requests met with only flat refusals multiple times, CMO contacted LGD one more time to make clear its intent to approach the Court. Ex. 2. LGD declined to agree to change its position. *See id.* CMO has therefore filed this Motion, as LGD has refused to provide complete, substantive responses to CMO Interrogatories Nos. 25–27 or specific identification of responsive documents for each citation to Rule 33(d).

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Alexander C.D. Giza
Adam Hoffman
Thomas C. Werner
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010

Dated:  August 26, 2008
880116

By:  /s/ Philip A. Rovner
      Philip A. Rovner (#3215)
      Hercules Plaza
      P.O. Box 951
      Wilmington, Delaware  19899-0951
      (302) 984-6000
      provner@potteranderson.com

*Attorneys for Defendants*
*Chi Mei Optoelectronics Corporation and*
*Chi Mei Optoelectronics USA, Inc.*

# EXHIBIT 1

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

August 25, 2008

**VIA E-MAIL**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
lbrzezynski@mckennalong.com

Re:     *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
        (D. Del.)

Dear Lora:

I write regarding LGD's refusal to respond to CMO's Interrogatories. LGD improperly counted five of CMO's Interrogatories (Nos. 2, 3, 8, 10, and 16) as eleven separate Interrogatories, and refused to substantively respond to CMO's Interrogatories Nos. 25–27 on that basis. In my letters of June 30, 2008 and July 30, 2008, and during our August 4, 2008 meet and confer, I requested that LGD withdraw its improper objection and renumbering of CMO's Interrogatories. In your letter of July 17, 2008, during our August 4 meet and confer, and again in your letter of August 6, 2008, you refused to comply with CMO's request, claiming that "LG Display asserted an appropriate objection to CMO's purported interrogatory No. 25[–27] because CMO has exceeded the permissible number of interrogatories."

CMO's Interrogatory No. 2, which LGD counts as three interrogatories, seeks LGD's contentions that CMO products infringe LGD's patents. LGD's response is not organized into any discrete subparts that justify or explain its objection, and LGD has now responded with a single set of (albeit inadequate) infringement claim charts. CMO's Interrogatory No. 3, which LGD counts as two interrogatories, seeks LGD's contentions that CMO had notice of LGD's patents. LGD's substantive response is a single paragraph. CMO's Interrogatory No. 8, which LGD counts as two interrogatories, seeks LGD's contentions that it suffered damages from CMO's alleged infringement. LGD's substantive response is two sentences, one of which refuses to provide responsive information until LGD serves its expert reports. CMO's Interrogatory No. 10, which LGD counts as two interrogatories, seeks information regarding LGD's product designations. LGD responded only by citing documents pursuant to Rule 33(d). CMO's Interrogatory No. 16, which LGD counts as two interrogatories, seeks LGD's contentions that CMO's patents are invalid.

1920583

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
August 25, 2008
Page 2

Interrogatories Nos. 2, 3, 8, 10, and 16 thus each seek information relating to a common theme, i.e., LGD's contentions regarding infringement, notice, damages, product designations, and invalidity. LGD's objection is therefore improper, and must be withdrawn.

In my letters of June 30, 2008 and July 30, 2008, and during our August 4, 2008 meet and confer, I further advised you that LGD's responses to many of CMO's Interrogatories improperly invoke Rule 33(d) without identification of any specific records from which responsive information can be found. You responded in your letter of July 17, 2008 that you "disagreed," and during our August 4 meet and confer you refused to commit to remedying this deficiency with respect to all of LGD's responses to CMO's Interrogatories. Rule 33(d) on its face requires that LGD identify specific responsive records. LGD must therefore identify records with specificity or withdraw its invocation of Rule 33(d) and provide a narrative response to Interrogatories Nos. 4–7, 9, 16, and 20.

If LGD does not by 12:00 p.m. PDT on August 26, 2008, agree to remedy these deficiencies and provide complete, proper, substantive responses to CMO's Interrogatories by 5:00 p.m. PDT Thursday, August 28, 2008, CMO will seek relief from the Court.

Very truly yours,

Thomas C. Werner

cc:    Christian Platt, Esq. (christianplatt@paulhastings.com)
       Brian Range, Esq. (brange@wsgr.com)

# EXHIBIT 2

From: Werner, Tom
Sent: Tuesday, August 26, 2008 12:10 PM
To: ~Christenson, Cass
Cc: ~AUO-PaulHastings/WSGR; ~Bono, Gaspare; ~Brzezynski, Lora; ~Chiu, Jay; ~Garnett, Terry; ~Gomez,
Martha; ~Goodwyn, Tyler; ~Holloway, Julie; ~Kirk, Richard; ~Lomas, John; ~Murray, Katherine; ~Pascale,
Karen; ~Platt, Christian; ~Range, Brian; ~Shaw, John; ~Tyler, M. Craig; ~Whiting, Jeff; ~Wied, Peter; ~Yip,
Vincent; ~Brzezynski, Lora; #CMO/LPL [Int]; 'Rovner, Philip A.'
Subject: RE: LGD v. CMO, 06-726 (D. Del.) - 2008-08-25 Werner ltr Brzezynski re LGD Responses to CMO
Rogs.pdf

Cass,

LGD has on three separate occasions stated flatly that it rejects CMO's position, and that it will not comply
with CMO's requests. The issue is simple: If LGD agrees to withdraw its objections to and renumbering of
CMO's Interrogatories, and to supplement or withdraw its empty Rule 33(d) citations, CMO will not file its
motion. Rather than suggesting a way to resolve this issue without resort to the Court, your email is merely
evidence of LGD's attempt to delay resolution of this matter on the pretext that one among many LGD
attorneys is not available. We regrettably must therefore approach the Court.

Once again, I must remind you to copy our service email on communications to CMO.

Very truly yours,
Thomas C. Werner, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
TWerner@irell.com
(310) 203-7956 (direct)
(310) 282-5798 (direct fax)


-----Original Message-----
From: Christenson, Cass [mailto:cchristenson@mckennalong.com]
Sent: Tuesday, August 26, 2008 11:45 AM
To: Werner, Tom
Cc: ~AUO-PaulHastings/WSGR; ~Bono, Gaspare; ~Brzezynski, Lora; ~Chiu, Jay; ~Garnett, Terry; ~Gomez,
Martha; ~Goodwyn, Tyler; ~Holloway, Julie; ~Kirk, Richard; ~Lomas, John; ~Murray, Katherine; ~Pascale,
Karen; ~Platt, Christian; ~Range, Brian; ~Shaw, John; ~Tyler, M. Craig; ~Whiting, Jeff; ~Wied, Peter; ~Yip,
Vincent; ~Brzezynski, Lora
Subject: RE: LGD v. CMO, 06-726 (D. Del.) - 2008-08-25 Werner ltr Brzezynski re LGD Responses to CMO
Rogs.pdf

Tom:

I write in response to your August 25, 2008 letter to Lora Brzezynski, attached to your email sent last night at
7:37 p.m. (Washington time).

Your insistence on receiving a response by 3:00 today is unreasonable.
You sent a letter yesterday afternoon, only to subsequently withdraw your own letter due to what you
described as unspecified "errors," and you substituted a "replacement" letter sent last night. We have just
received your letter and we are entitled to a reasonable time to review and discuss your letter. As you know,
Lora is out of the office on vacation this week. You previously have had discussions with Lora concerning
these or related issues. Lora can further respond to your new letter regarding those issues when she returns.

Your threat to file a motion to compel absent an agreement from Lora today, while Lora is away, to respond to
certain interrogatories by this Thursday (two days from now), is not well taken. We will continue to work with

CMO in good faith on these issues as we have done with all other discovery issues. There is no need to file any discovery motion.

Any such motion by CMO would be improper and premature, pending the outcome of the parties' discussions.

Regards,
Cass

-----Original Message-----
From: Werner, Tom [mailto:TWerner@irell.com]
Sent: Monday, August 25, 2008 7:37 PM
To: Brzezynski, Lora
Cc: ~AUO-PaulHastings/WSGR; Bono, Gaspare; Brzezynski, Lora; ~Chiu, Jay; Christenson, Cass; ~Garnett, Terry; ~Gomez, Martha; Goodwyn, Tyler; ~Holloway, Julie; ~Kirk, Richard; Lomas, John; ~Murray, Katherine; ~Pascale, Karen; ~Platt, Christian; ~Range, Brian; ~Shaw, John; ~Tyler, M. Craig; ~Whiting, Jeff; ~Wied, Peter; ~Yip, Vincent
Subject: RE: LGD v. CMO, 06-726 (D. Del.) - 2008-08-25 Werner ltr Brzezynski re LGD Responses to CMO Rogs.pdf

Lora,

We noticed some errors in my earlier letter. Please accept this replacement.

Thank you.

Thomas C. Werner, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
TWerner@irell.com
(310) 203-7956 (direct)
(310) 282-5798 (direct fax)

-----Original Message-----
From: Werner, Tom
Sent: Monday, August 25, 2008 9:22 AM
To: ~Brzezynski, Lora
Cc: ~AUO-PaulHastings/WSGR; ~Bono, Gaspare; ~Brzezynski, Lora; ~Chiu, Jay; ~Christenson, Cass; ~Garnett, Terry; ~Gomez, Martha; ~Goodwyn, Tyler; ~Holloway, Julie; ~Kirk, Richard; ~Lomas, John; ~Murray, Katherine; ~Pascale, Karen; ~Platt, Christian; ~Range, Brian; ~Shaw, John; ~Tyler, M. Craig; ~Whiting, Jeff; ~Wied, Peter; ~Yip, Vincent
Subject: LGD v. CMO, 06-726 (D. Del.) - 2008-08-25 Werner ltr Brzezynski re LGD Responses to CMO Rogs.pdf

The message is ready to be sent with the following file or link attachments:

2008-08-25 Werner ltr Brzezynski re LGD Responses to CMO Rogs.pdf

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG DISPLAY CO., LTD.,          )
                                   )
          Plaintiff,        )     Civil Action No. 06-726 (JJF)
                                   )     Civil Action No. 07-357 (JJF)
          v.             )
                                   )     **CONSOLIDATED CASES**
CHI MEI OPTOELECTRONICS     )
CORPORATION, et al.,          )
                                   )
          Defendants.     )
                                   )

## **[PROPOSED] ORDER**

**AND NOW**, the Court, this _____ day of _____, 2008, upon

consideration of Defendants Chi Mei Optoelectronics Corporation's and Chi Mei

Optoelectronics USA, Inc.'s ("CMO's") Motion to Compel Defendants LG Display to

Respond to Interrogatories Nos. 1-27, and Defendant LG Display Co., Ltd.'s ("LGD's")

Oppositions thereto, and all related materials, does hereby ORDER that:

LGD shall provide by the _____ day of _____, 2008, full and

complete responses to all CMO interrogatories in this action, and shall identify specific,

responsive documents wherever it relies on Fed. R. Civ. P. 33(d) in these responses.

IT IS SO ORDERED:

_____
The Honorable Joseph J. Farnan, Jr.