# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| LG DISPLAY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. 06-726 (JJF)
Civil Action No. 07-357 (JJF)

CONSOLIDATED CASES

**PUBLIC VERSION**

## DECLARATION OF THOMAS C. WERNER IN SUPPORT OF
## DEFENDANTS CHI MEI OPTOELECTRONICS'
## ANSWERING BRIEF IN OPPOSITION TO
## PLAINTIFF LG DISPLAY'S MOTION TO COMPEL
## DEFENDANTS TO PROVIDE DISCOVERY

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Alexander C.D. Giza
Adam Hoffman
Thomas C. Werner
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010

Dated: August 29, 2008
Public Version: September 4, 2008

Philip A. Rovner (#3215)
POTTER, ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market St.
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant*
*Chi Mei Optoelectronics Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LG DISPLAY CO., LTD.,           ) | |
|          ) | |
|      Plaintiff,      ) | Civil Action No. 06-726 (JJF) |
|          ) | Civil Action No. 07-357 (JJF) |
|    v.         ) | |
|          ) | CONSOLIDATED CASES |
| CHI MEI OPTOELECTRONICS    ) | |
| CORPORATION, et al.,      ) | **PUBLIC VERSION** |
|          ) | |
|      Defendants.    ) | |
|          ) | |
|          ) | |

**DECLARATION OF THOMAS C. WERNER IN SUPPORT OF
DEFENDANTS CHI MEI OPTOELECTRONICS'
ANSWERING BRIEF IN OPPOSITION TO
PLAINTIFF LG DISPLAY'S MOTION TO COMPEL
DEFENDANTS TO PROVIDE DISCOVERY**

I, Thomas C. Werner, declare as follows:

1.     I am an attorney at the law firm of Irell & Manella LLP, counsel of record for

defendant Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc.

("CMO"). I am a member in good standing of the State Bar of California. I have personal

knowledge of the facts set forth in this declaration and could and would testify competently

to such facts under oath.

2.     I am the attorney among counsel for CMO who is primarily responsible for

managing the collection and production of CMO documents in this action. I have engaged

in extensive discussions with my client CMO to investigate the allegations LGD makes in its

motion. I have also conducted my own review of the documents that CMO has produced in

this action. I am the sole attorney among counsel for CMO who participated in the meet and

confer sessions that LGD was willing to conduct in the weeks prior to filing this motion.

3.      I am informed and believe that CMO produced documents Bates numbered CMD0000001–CMD0066986 on May 9, 2008 to plaintiffs LG Display Co., Ltd. and LG Display America, Inc. ("LGD"). I am informed and believe that this was the first document production between LGD and CMO in this action. I am informed and believe that, as of May 14, 2008, CMO had produced to LGD a total of 278,017 TIF pages, plus native documents.

4.      Based on my experience over the previous five years as an attorney working with electronic discovery vendors who prepare documents for production in litigation, it is a common practice among such vendors to estimate that a single gigabyte of non-email native files equates to 50,000 TIF pages, while a single gigabyte of native email documents equates to 75,000 pages.

5.      As of July 18, 2008, CMO's document production consisted of approximately 360,000 TIF pages, plus an additional 13.4 gigabytes of non-email native files, which in total equates to approximately 1,030,000 pages (assuming 50,000 pages per gigabyte).

6.      Before July 18, 2008, staff working at my direction prepared for production emails provided by CMO. The total size of that production is 46.2 gigabytes, representing 441,760 email documents, which equates to approximately 3,465,000 (assuming 75,000 pages per gigabyte).

7.      I am informed and believe that LGD first produced documents in this action on June 3, 2008. I am informed and believe that, prior to July 15, 2008, LGD's document production consisted of a total of 151,065 pages, and 17.5 gigabytes of native files.

8.      I have personally reviewed many of the documents that LGD has produced to CMO in this action, and other attorneys and staff working at my direction have also done so. Based on our combined work product, CMO has determined that LGD's document production consists of approximately 1.7 million pages of computer source code (contained in approximately 46,000 documents) that were produced as TIF images. Among those 1.7 million pages are 615 documents Bates numbered LGD00791247–LGD01992839, a total of

1,201,593 TIF pages. Attached hereto as Exhibit Q are true and correct copies of the first and last pages of that production. While I and those working at my direction have not viewed every single page within this range, I believe that all of the approximately 1.2 million pages in this range appear to be similar to the pages in Exhibit P.

9.    LGD's motion states that CMO's Document Requests seek discovery into all LGD products, and identifies Requests by number. Motion at 7. CMO Document Requests 27, 28, 29, 30, 31, 33, 34, 67, 75, and 84 reflect express limitations, i.e., nexus to the United States. *See* LGD Ex. B. LGD asserted a number of objections to the other Requests identified in the Motion. LGD objected to those Requests as "not limited to relevant products" (25, 87–88, 99); "concerning products that are not relevant" (35–37, 40); "beyond the scope of the claims and defenses asserted by and between LG Display and CMO USA" (73–74, 76–77, 87); "not relevant to the claims or defenses asserted in this case [and] not reasonably likely to lead to the discovery of admissible evidence" (86–87, 99); and as "overly broad" (25, 35–37, 40, 73–74, 76–77, 86, 87, 88, 99). *See id.*

10.    I am informed by my client CMO and on that basis believe that CMO has produced detailed transactional sales data for all products that CMO knows were shipped to the United States; invoices, purchase orders, samples requests, and shipping records, for all products that CMO knows were shipped to the United States; high-level worldwide sales and profits data for those products, on a product-by-product basis, regardless of where the products were shipped or sold, anywhere in the world; and detailed technical documentation for those products. CMO did not exclude from this discovery products shipped F.O.B. Taiwan.

11.    During the parties' meet and confer of August 4, 2008, counsel for LGD acknowledged that Judge Jordan expressly premised his order in *Commissariat A L'Energique Atomique v. Samsung Elecs. Co.*, No. 03-486 KAJ (D. Del.) (the "CEA case") solely on the requested discovery being relevant to the commercial success prong of CMO's obviousness defense. CMO has provided discovery, as described in Paragraph 10 above, in

accordance with Judge Jordan's order.  I have inquired with my client CMO, as well as CMO's litigation counsel in the CEA case, and am informed and believe on that basis that CMO produced in that case only the same high-level sales and profits information that CMO has produced in this action.  I am further informed and believe that CMO's production of technical documents was limited to a specific subset of CMO products.

12.     Prior to filing its motion, the parties did not met and confer regarding the production of documents relating to the costs and manufacturing yield associated with the manufacture and sale of CMO's products.  Based on my review of CMO's document production, I was able to confirm that CMO has produced relevant and responsive documents.  I instructed my client CMO to conduct a further investigation to attempt to locate additional relevant and responsive documents, and CMO is in the process of collecting those documents.  Attached hereto as Exhibit R is a true and correct copy of the August 28, 2008 letter from Thomas C. Werner to Lora A. Brzezynski on that subject.

13.     Prior to filing its motion, the parties did not met and confer regarding the production of documents responsive to LGD's Document Requests No. 81–82.  I am informed by my client CMO and on that basis believe that CMO has produced documents responsive to those Requests (which do not include within their scope documents relating to LGD, though CMO has also produced such documents).

14.     I am informed by my client CMO and on that basis believe that the documents in CMO's possession, custody, or control that identify the composition and thickness of the various layers of the TFT array for each product are CMO's quality control documents, and that those documents have been produced to LGD.  The parties did not discuss this issue during any meet and confer in which I participated prior to LGD filing its motion.  I was in the process of investigating this issue with my client CMO when LGD filed this motion.

15.     I am informed by my client CMO and on that basis believe that CMO has produced documents related to CMO's manufacturing recipes for the gate deposition process

and manufacturing recipes for the gate etching process. The parties did not discuss this issue during any meet and confer in which I participated prior to LGD filing its motion. I was in the process of investigating this issue with my client CMO when LGD filed this motion.

16. I am informed by my client CMO and on that basis believe that CMO has produced floor layout documents for all of its fabrication facilities, including higher resolution electronic copies of those documents to replace CMO's original production, in response to LGD's request. The parties did not discuss this issue during any meet and confer in which I participated prior to LGD filing its motion. I was in the process of investigating this issue with my client CMO when LGD filed this motion.

17. Based on my review of CMO's document production, I located over 500 documents produced by CMO that relate to Fab IDT. CMO is also conducting a further search for documents related to Fab IDT within its possession, custody, or control, and intends to produce any relevant, responsive, non-privileged documents that are located. The parties did not discuss this issue during any meet and confer in which I participated prior to LGD filing its motion. I was in the process of investigating this issue with my client CMO when LGD filed this motion.

18. After discussion with my client CMO regarding whether any additional relevant and responsive documents might be found, CMO is currently conducting a further investigation for documents, and intends to produce any relevant, responsive, non-privileged documents that are located.

19. I am informed by my client CMO, and on that basis believe, the following:




20.

21.    I am informed and believe that LGD has served subpoenas on the following: Lite-On Technologies USA; Lite-On Technologies International; Nexgen Mediatech USA; Nu Horizons Electronics; Panasonic Corporation of North America; Quanta Computer USA; Jabil Global Services; Sam's Club; Samsung Electronics; Sony Electronics; Sony Corporation; Syntax-Brillian; Teleplan Service Logistics; Teleplan Holdings USA; Toshiba

America Consumer Products; Toshiba America Inc; Wal-Mart; Westinghouse Digital; Funai; Acer America; Sharp Electronics; Envision Peripherals; Best Buy Co; BenQ USA; Apple; Dell; Rockwell Collins, Inc.; Teledyne Scientific & Imaging; Teledyne Lighting and Display Products; Teledyne Licensing, LLC; Teledyne Technologies; Hewlett Packard Company; Toshiba America Information Systems; Best Buy Enterprises.

22.     I understand that LGD contends that CMO is party to an agreement regarding the form of production that is reflected in the April 3, 2008 letter from Brian D. Range to Gaspare J. Bono and Kenneth R. Adamo, a true and correct copy of which is attached hereto as Exhibit S. I am informed, including by counsel for AUO and LGD, and therefore believe that none of counsel for CMO signed this agreement. LGD has pointed to this "agreement" in support of its 2 million page production, and its refusal to provide any searchable text for that production.

23.     Attached to this Declaration as Exhibit A is a true and correct copy of letter to Lora A. Brzezynski from Thomas C. Werner dated July 7, 2008.

24.     Attached to this Declaration as Exhibit B is a true and correct copy of letter to Lora A. Brzezynski from S. Christian Platt dated August 13, 2008.

25.     Attached to this Declaration as Exhibit C is a true and correct copy of letter to Lora A. Brzezynski from Thomas C. Werner dated July 12, 2008.

26.     Attached to this Declaration as Exhibit D is a true and correct copy of letter to Lora A. Brzezynski from Thomas C. Werner dated July 23, 2008.

27.     Attached to this Declaration as Exhibit E is a true and correct copy of letter to Thomas C. Werner from Lora A. Brzezynski dated August 11, 2008.

28.     Attached to this Declaration as Exhibit F is a true and correct copy of letter to Lora A. Brzezynski from Thomas C. Werner dated August 29, 2008.

29.     Attached to this Declaration as Exhibit G is a true and correct copy of letter to Gaspare Bono from Monica Mucchetti Eno dated August 27, 2008.

30.    Attached to this Declaration as Exhibit H is a true and correct copy of an email to Thomas Werner from Cass Christenson dated July 18, 2008.

31.    Attached to this Declaration as Exhibit I is a true and correct copy of letter to S. Christian Platt and Thomas C. Werner from Cass W. Christenson dated August 8, 2008.

32.    Attached to this Declaration as Exhibit J is a true and correct copy of letter to Lora A. Brzezynski from Thomas C. Werner dated June 30, 2008.

33.    Attached to this Declaration as Exhibit K is a true and correct copy of letter to Lora A. Brzezynski from Thomas C. Werner dated July 31, 2008.

34.    Attached to this Declaration as Exhibit L is a true and correct copy of letter to Lora A. Brzezynski from Thomas C. Werner dated August 8, 2008.

35.    Attached to this Declaration as Exhibit M is a true and correct copy of letter to Thomas C. Werner from Lora A. Brzezynski dated August 12, 2008.

36.    Attached to this Declaration as Exhibit N is a true and correct copy of letter to Thomas C. Werner from Lora A. Brzezynski dated July 28, 2008.

37.    Attached to this Declaration as Exhibit O is a true and correct copy of letter to Lora A. Brzezynski from Thomas C. Werner dated August 8, 2008.

38.    Attached to this Declaration as Exhibit P is a true and correct copy of Defendant AU Optronics Corporation's Objections And Responses To Plaintiff LG Display Co., Ltd.'s First Set Of Requests For The Production Of Documents And Things (Nos. 1-83), served April 24, 2008.


I declare under the penalty of perjury under the laws of the United States of America and the state of Delaware that the foregoing is true and correct.

Executed on August 29, 2008 in Los Angeles, California.

Thomas C. Werner

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on September 4, 2008, the within

document was filed with the Clerk of the Court using CM/ECF which will send notification of

such filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

Richard E. Kirk, Esq.
Ashley Blake Stitzer, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

**BY CM/ECF, HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com

I hereby certify that on September 4, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

Gaspare J. Bono, Esq.
Matthew T. Bailey, Esq.
Lora A. Brzezynski, Esq.
Cass W. Christenson, Esq.
R. Tyler Goodwyn, IV, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
gbono@mckennalong.com
mbailey@mckennalong.com
lbrzezynski@mckennalong.com
cchristenson@mckennalong.com
tgoodwyn@mckennalong.com

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Katherine F. Murray, Esq.
Ms. Denise Esparza
Paul Hastings Janofsky & Walker LLP
515 South Flower Street
Los Angeles, CA 90071
vincentyip@paulhastings.com
peterwied@paulhastings.com
jaychiu@paulhastings.com
katherinemurray@paulhastings.com
deniseesparza@paulhastings.com

Ron E. Shulman, Esq.
Julie M. Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
jholloway@wsgr.com

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759
ctyler@wsgr.com
brange@wsgr.com

*/s/ Philip A. Rovner*
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

846666

# EXHIBIT A

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

July 7, 2008

**VIA E-MAIL**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
lbrzezynski@mckennalong.com

     Re:    *LG Display Co, Ltd. v. Chi Mei Optoelectronic Corp.*, CV No. 06-726
           (D. Del.)

Dear Lora:

    I write in response to your letter of June 24, 2008.  CMO accepts LGD's proposal to narrow Document Request No. 38 as stated in your letter.  In accordance with LGD's request and proposal, CMO hereby withdraws from its production the documents produced at CMD0021576–CMD0278017.  CMO will produce documents responsive to Document Request No. 38 as narrowed by your June 24 letter, subject to its objections, except that CMO hereby withdraws its objection that Document Request No. 38 is overbroad and unduly burdensome.

    I will not address your other comments about the nature of the original document production, except to note that your assumptions and assertions are not correct, and that the accusations based thereon are likewise incorrect and counter-productive to promoting the civil conduct of this litigation to which CMO believes the parties should aspire.

           Very truly yours,

           Thomas C. Werner

cc:    Christian Platt (christianplatt@paulhastings.com)
       Brian Range, Esq. (brange@wsgr.com)

1890494

# EXHIBIT B

# Paul *Hastings*

Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130
telephone 858-720-2500 • facsimile 858-720-2555 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Frankfurt
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

(858) 720-2524
christianplatt@paulhastings.com

August 13, 2008                                                                 59322.00008

**VIA ELECTRONIC MAIL (LBRZEZYNSKI@MCKENNALONG.COM)**

Lora A. Brzezynski, Esq.
McKenna, Long & Aldridge LLP
1900 K Street, NW
Washington, DC  20006-1108

Re:    *LG. Display Co., Ltd. v. AU Optronics Corp., et al.*,
         U.S.D.C., District of Delaware, Consol. Case Nos. 06-726-JJF and 07-357

Dear Lora:

I write in response to your August 4, 2008 letter, wherein you requested, among other things, that:  (i) LGD and AUO agree to a date certain to exchange invalidity prior art charts; and (ii) AUO withdraw its document production in response to LGD's overbroad Document Request Nos. 38, 53, and 72.  Following your letter, we also discussed these issues during a meeting of counsel, which also occurred on August 4, 2008.

First, while we disagree with your characterization of the facts, we are again willing to work with LGD to provide further information regarding AUO's invalidity position. Although we believe that AUO's supplemental interrogatory responses were sufficient, we will agree to a simultaneous exchange of invalidity and infringement contentions on August 22, 2008, as LGD proposed in our August 4, 2008 meeting of counsel.  AUO will agree to provide its non-infringement contentions only after it has had an opportunity to review and consider LGD's infringement contentions.  Please let me know by the close of business tomorrow (Eastern time), Thursday, August 14, 2008, whether LGD will agree to this proposed exchange.  We believe that the suggested exchange should satisfy LGD's Interrogatory Nos. 7 and 23, as well as AUO's Interrogatory Nos. 2, 4 and 15.

Next, AUO declines to withdraw its document production of prior art and potential priort art.  As stated in my July 21, 2008 letter, LGD's Document Request Nos. 38, 53, and 72 are overbroad, as such requests demand that AUO produce any and all documents related to the 23 patents-in-suit, including *all* prior art or *potential* prior art references.  As you know, AUO objected to Document Request Nos. 38, 53, and 72 and AUO again highlighted the overbreadth of these document requests in my July 21, 2008 letter.  To that end, LGD was put on notice at least as early as April 24, 2008 that Document Requests Nos. 38, 53, and 73 were overbroad.  Yet, LGD never narrowed the scope of these requests.  In any event, Paul Hastings reviewed the prior art and *potential* prior art references produced to LGD to develop AUO's invalidity theory.  Paul Hastings' analysis

**Paul**Hastings

Lora A. Brzezynski, Esq.
August 13, 2008
Page 2

of that prior art is work product and is ongoing; as such, Paul Hastings declines to produce its work product to LGD. That being said, Paul Hastings will provide LGD with its prior art charts (as discussed above) setting forth AUO's current invalidity position. Of course, as Paul Hastings continues its analysis of potential prior art that it has already identified, it will supplement its prior art charts as necessary.

To the extent, however, that LGD continues to insist that AUO withdraw its document production, AUO requests that LGD reimburse AUO for the costs of reviewing and producing documents in response to LGD's overbroad documents – particularly in light of the fact that LGD now concedes that such requests were overbroad from the outset.

Please feel free to give me a call if you have any questions or concerns regarding this letter.

Very truly yours,

S. Christian Platt
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

cc:     Jonathan S. Kagan, Esq. (jkagan@irell.com)
        Thomas C. Werner, Esq. (twerner@irell.com)
        M. Craig Tyler (ctyler@wsgr.com)
        Karen L. Pascale, Esq. (kpascale@ycst.com)

# EXHIBIT C

IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

July 12, 2008

**VIA E-MAIL**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
lbrzezynski@mckennalong.com

> Re:    *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
> (D. Del.)

Dear Lora:

I write regarding your recent letters relating to CMO's attempt to facilitate a discussion among the parties of their outstanding discovery issues, and LGD's refusal to do so. Of the eight pages of letters LGD sent over July 8 and 9, only briefly at the end of one of those letters does LGD actually respond to CMO's request to explain LGD's discovery deficiencies. Even then, you continue to question your obligation to produce highly relevant documents from other litigations involving the LGD patents in suit. At the same time, as you confirmed in your July 9 letter, LGD is intentionally delaying its response to my June 30 letter regarding LGD's deficient responses to CMO's Interrogatories.

We are by now well familiar with LGD's tactics of demanding that CMO meet and confer regarding LGD's issues while refusing to meet and confer regarding CMO's issues, claiming those issues are not "ripe" for discussion simply because LGD has chosen not to timely address them. To reiterate CMO's position, we continue to believe that the parties need to meet and confer regarding all outstanding discovery issues, and that LGD's persistent refusal to even indicate when LGD will be prepared discuss CMO's issues is improper. We ask once again that LGD advise when that global meet and confer will occur. Should LGD decide to finally come to the table next week, please note that I will be in Hawai'i, which is six hours earlier than Washington. I understand you find it "unreasonable" to meet and confer after 4:00 p.m. EDT, which leaves us with a very small window of opportunity. I ask that you take that into consideration in proposing times to conference.

I would like to address one of the more problematic issues raised in your letters, regarding LGD's desire for detailed discovery into sales of products regardless of whether or not those products are made, used, sold, offered for sale or imported into the United States, and regardless of whether or not those customers have any connection to the United States.

I R E L L  &  M A N E L L A  LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 12, 2008
Page 2


You contend that LGD has explained why it is entitled to such discovery.  That is not the case.  As requested in my June 30 letter, and which we have yet to receive, please identify any caselaw that you contend supports LGD's position.  Our understanding of the several-page excerpt of the hearing transcript you provided—which far from reveals the entire circumstances of or issues involved in that case—does not support  LGD's request for detailed information regarding every sale of any CMO product around the world.  We further note that, during that hearing, counsel for LGD conceded that only a fraction of the discovery you seek could even possibly lead to the discovery of admissible evidence.  *See* Ex. 1 to your July 9, 2008 letter, Hearing Transcript at 29:13–18 (stating that only one-third of LCD sales are to the United States, whether directly or indirectly through some "intermediary").  We again request citation to the legal authority supporting LGD's demands.

Finally, your July 8 letter confirms that LGD has (without explanation or reason) failed to produce documents of the most basic nature, such as assignment documents related to the '737 patent.  On a similar note, we have reviewed LGD's production, and find that LGD has failed to produce virtually any service manuals for its products.  These manuals are relevant to determining, among other things, which parts LGD uses in its products, how those parts are assembled, and what part numbers and supplier numbers correspond to each product.  According to our list of accused LGD products, and based upon our review of LGD's production to date, LGD has failed to produce service manuals for at least 112 of those accused products.  Please advise when we will receive this delinquent production.

We look forward to discussing these and the other issues raised in the parties' correspondence once LGD finally agrees to come to the table.  Thank you.

Very truly yours,

Thomas C. Werner

Enclosures

cc:    Christian Platt, Esq. (christianplatt@paulhastings.com)
        Brian Range, Esq. (brange@wsgr.com)

# EXHIBIT D

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA  92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA  90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

July 23, 2008

**VIA E-MAIL**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
lbrzezynski@mckennalong.com

> Re:    *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
> (D. Del.)

Dear Lora:

I write regarding serious deficiencies in LGD's July 15, 18, 21, and 22, 2008 document productions.  Where the parties have not already reached an unfortunate impasse, we request an immediate response so that we may determine which other of these issues need to be brought to the Court for resolution.

LGD's Failure to Produce any Documents from Prior Litigations Involving LGD's Patents.  For well over a month now, CMO has repeatedly requested the production of documents responsive to CMO's Document Request No. 98, which seeks documents from LGD's other litigations alleging infringement of the patents-in-suit.  Based on our review to date, we find no such documents in LGD's production.  On that basis, and given that the deadline for document production has passed, CMO has no choice but to move to compel LGD to produce these highly relevant documents.  If LGD has in fact produced responsive documents, please immediately inform us so that we can determine whether or not to proceed with our motion.  We had always hoped to avoid motion practice on this issue, and have patiently waited for LGD's compliance, but the prejudice CMO has suffered due to LGD's failure to produce any responsive documents at all has become too great.

LGD's Refusal to Produce Emails.  A week before the document production deadline, LGD attempted to unilaterally modify the stipulated deadline for the production of documents to exclude emails.  As CMO made clear, LGD's actions were improper, and LGD has violated its obligations under the stipulated order.  The parties served requests for production that sought, *inter alia*, email documents.  CMO collected responsive email

1901325

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 23, 2008
Page 2

documents, was prepared to produce them on the 18th, and stands ready to produce them now.  In light of LGD's refusal, however, and to avoid still further prejudice to CMO, CMO withheld email documents from its July 18 production.  Please confirm that LGD will immediately produce the email documents it claims to have collected for production.  Once we receive that confirmation, CMO will produce email documents as well.  Should LGD refuse, CMO will move to compel LGD to produce email documents.

LGD's Refusal to Produce Electronically Stored Information in Searchable Form in Contravention of Rule 34.  Despite that the majority of LGD's production reflects documents that LGD appears to ordinarily maintain as electronically stored information in searchable form, LGD improperly removed the searchable text from its documents prior to production.  As you confirmed LGD is aware in Cass Christenson's July 11 letter, LGD's conduct is inconsistent with Rule 34.  LGD's claims that the parties agreed to the contrary is incorrect, as reflected in the correspondence to which you refer.  Please immediately provide the searchable text associated with the electronically stored information that LGD produced.  The particular means by which the parties provide searchable text is irrelevant; the parties may provide search functionality in any of the ways described in Cass Christenson's July 18 email.  CMO provided searchable text for its production of electronically stored information by producing documents in native form.  Please confirm that LGD will not use that searchable text until LGD produces the same in kind.  To avoid further prejudice to CMO, please do not delay any longer providing searchable text for the electronically stored information that LGD produced.

LGD's Failure to Produce Documents in Reasonably Usable Form: Beyond GDS and similar files, LGD made its entire production in TIF form.  As CMO previously made clear, other forms of production may be more appropriate or indeed necessary under certain circumstances.  In particular, production in TIF form of Excel spreadsheets, executable files such as source code, and engineering drawings, for example, is problematic.  The volume of electronically stored information that LGD produced in TIF form makes this problem acute.

LGD produced a substantial number of what appear to be Excel files in TIF form, which rendered them illegible because, e.g., the text is too small, the contents of the "cells" within such spreadsheets are hidden from view, or the document as a whole is rendered unusable because it is exploded into hundreds or even thousands of pages. *See, e.g.*, LGD00182382; LGD00193213; LGD00193215; LGD00193217; LGD00193219; LGD00193221; LGD00193223; LGD00193225; LGD00193227; LGD00193228; LGD00193246; LGD00193248; LGD00193250; LGD00193252; LGD00193254; LGD00193256; LGD00193258; LGD00193260; LGD00193262; LGD00193264; LGD00193266; LGD00193268; LGD00193270; LGD00193290; LGD00193291; LGD00193303; LGD00219629; LGD00220604; LGD00222387; LGD00224747; LGD00224765; LGD00224770; LGD00224776; LGD00224777; LGD00224786; LGD00224795; LGD00224818; LGD00224820; LGD00224821; LGD00224824;

I R E L L  &  M A N E L L A  LLP
A REGISTERED  LIMITED  LIABILITY  LAW PARTNERSHIP
INCLUDING  PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 23, 2008
Page 3

LGD00224825; LGD00224826; LGD00224827; LGD00224828; LGD00224829;
LGD00224830; LGD00224831; LGD00224832; LGD00224834; LGD00224839;
LGD00224843; LGD00224844; LGD00224846; LGD00224848; LGD00224849;
LGD00224850; LGD00224851; LGD00224852; LGD00224854; LGD00224855;
LGD00224879; LGD00224880; LGD00224881; LGD00224896; LGD00224897;
LGD00224898; LGD00224899; LGD00224918; LGD00225036; LGD00225037;
LGD00225038; LGD00225045; LGD00225047; LGD00225051; LGD00225052;
LGD00225178; LGD00225888; LGD00225889; LGD00225890; LGD00225891;
LGD00225892; LGD00225893; LGD00225980; LGD00225981; LGD00226007;
LGD00226008; LGD00226009; LGD00226010; LGD00226015; LGD00226016;
LGD00226017; LGD00226018; LGD00226019; LGD00226030; LGD00226032;
LGD00226033; LGD00229267; LGD00229316; LGD00229317; LGD00229323;
LGD00229326; LGD00229329; LGD00229333; LGD00229337; LGD00229341;
LGD00229345; LGD00229347; LGD00229349; LGD00229351; LGD00229353;
LGD00229354; LGD00229355; LGD00229357; LGD00229359; LGD00229361;
LGD00229363; LGD00229365; LGD00229541; LGD00229544; LGD00229547;
LGD00229549; LGD00229561; LGD00229563; LGD00229565; LGD00229567;
LGD00230786; LGD00230796; LGD00230806; LGD00230817; LGD01992840 (one 270
page document); (LGD02009520 (one 10,674 page document); LGD02020194 (one 7,758
page document); LGD02027952 (one 2,546 page document); LGD02030498 (one 499 page
document).

According to Rule 34, even where a producing party objects to a particular form of
production, that party must still produce electronically stored information either in
reasonably usable form or the form in which it is ordinarily maintained.  LGD does not
maintain Excel files in TIF form.  As noted above, LGD removed the searchable
functionality from these documents by producing them in TIF form.  While that alone
renders them not reasonably usable, that is not the only functionality that LGD removed,
given that data stored in Excel files and similar documents is manipulable—all sorting,
scrolling, querying, filtering, compiling, and similar functionality has been disabled by
LGD's choice of production form.  LGD therefore failed to produce Excel files in reasonably
usable form.  In light of LGD's failure to produce these documents either in reasonably
usable form or in the form in which they are ordinarily maintained, LGD has failed to satisfy
its obligations under Rule 34.  To remedy this deficiency, LGD must re-produce all Excel
and similar files (i.e., all spreadsheet and database files, e.g., Access databases, including all
delimited files that are best suited for viewing in spreadsheet or database applications, e.g.,
CSV files) in native form—the form in which they are ordinarily maintained, and the only
form in which they are reasonably usable.

The same issues and problems exist with respect to other categories of documents
produced by LGD in TIF form.  LGD produced as TIF numerous engineering drawings,
which CMO is unable to use with the CAD software with which those files were designed to

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 23, 2008
Page 4

be viewed. *See, e.g.*, LGD00182657; LGD00182658; LGD00182659; LGD00182660; LGD00182661; LGD00182662; LGD00182663; LGD00182664; LGD00182665; LGD00182666; LGD00182667; LGD00182668; LGD00182669; LGD00182670; LGD00182671; LGD00182672; LGD00182673; LGD00182674; LGD00182675; LGD00182676; LGD00182677; LGD00182678; LGD00182679; LGD00182680; LGD00229268; LGD00229269; LGD00229270; LGD00229271; LGD00229272; LGD00229273; LGD00229274; LGD00229275; LGD00229276; LGD00229277; LGD00229278; LGD00229279; LGD00229280; LGD01993110–LGD01993849 (740 drawings files). CMO is unable to manipulate these files as is possible only by using their native applications, which CMO cannot do because of the form in which LGD produced them. These files are therefore not reasonably usable, and since they were not produced in the form in which they are ordinarily maintained, LGD has again failed to satisfy the requirements of Rule 34. LGD must produce these documents natively.

LGD further produced thousands of source code documents—amounting to several hundred thousands pages—in TIF form. Such executable files, which have essentially been printed out to hundreds of thousands of pages, were thereby rendered unusable by LGD's production form decision because CMO is unable to search, compile, or otherwise manipulate them as can only be done with the native versions of those documents. *See* most if not all of the documents produced at LGD00289392–522344; LGD00569187–701043; LGD02034183–2055063. The result is hundreds of thousands of pages of indecipherable text. Again, LGD has failed to produce these documents either in reasonably usable form or in the in which they are ordinarily maintained, and must therefore produce them in native form.

Similarly, LGD produced tens of thousands of pages of what appear to be bills of materials ("BOMs") documents, which appear to contain information regarding the components of LGD's products. *See* LGD1285220–1991121, over 350 documents representing over 700,000 pages of LGD's production. However, rather than producing its BOMs in a comprehensible form, LGD produced TIFs of what amounts to printouts of the markup language source code. CMO is unable to parse that source code to make the documents intelligible. Instead, CMO would have to wade through each page of source code and individually isolate each piece of substantive information from among the non-substantive code, and reconstruct it into a comprehensible document. One BOM document alone (LGD1787087) is 6,169 pages, and there are hundreds of. These documents are therefore not reasonably usable. LGD does not ordinarily maintain these documents in TIF form, and has therefore failed to satisfy Rule 34 by producing them as TIFs. LGD must produce these documents natively.

To be clear, the onus is not on CMO to review LGD's production and identify problematic production form decisions on a document-by-document basis. Even were LGD to address all of the specific documents cited in this letter, the problems caused by LGD's

1901325

I R E L L  &  M A N E L L A  LLP
A REGISTERED  LIMITED  LIABILITY  LAW  PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 23, 2008
Page 5

production form decisions will remain, and LGD has an affirmative duty to remedy them without a specific request from CMO.  Should LGD refuse to comply with its discovery obligations by producing all of its documents in reasonably usable form or in the in which they are ordinarily maintained, CMO will have no choice to move to compel LGD to do so. We sincerely hope to avoid that outcome.

    <u>LGD's Failure to Produce Documents According to Common Litigation Support Standards</u>.  The technical specification of LGD's TIF production varies (e.g., some multi-page TIFs and some single-page TIFs, some Group IV TIFs and some JPEG compression TIFs).  CMO has been able to work around these variances.  However, CMO must object to LGD's production at LGD231977–266737 of nearly 40,000 single-page TIF images that appear to comprise multi-page documents, but for which LGD failed to provide any unitization information.  CMO therefore has no idea which individual pages represent a given document.  Based on our review, it is not even clear that LGD produced these documents in any order whatsoever.  Please re-produce LGD00231977–266737 in order, and with document breaks.

    Further, in some instances LGD produced 300 dpi TIF images—as is the litigation support industry's standard practice—but in other instances, LGD produced TIF images at only 200 dpi resolution.  Documents produced at 200 dpi are difficult to read in electronic form—even using advanced zooming features, which would make for cumbersome review that is equivalent to having to read each page with a magnifying glass—and are completely illegible when printed.  Please immediately re-produce all TIF images in LGD's production at 300 dpi (to the extent LGD is not required to instead produce those documents natively, as discussed above).  Alternatively, LGD can produce the underlying documents natively.

    <u>Improper Conditions on LGD's Document Productions</u>.  In its July 15, 18, 21, and 22, 2008 letters, LGD asserts, *inter alia*, that CMO is subject to an Order regarding a dispute to which CMO was not a party.  To be clear, the protections afforded CMO's and LGD's document productions are spelled out in the Interim Protective Order and our correspondence confirming our agreement to abide by its terms, notwithstanding LGD's contentions to the contrary.

    <u>LGD's Failure to Bates Number its Native Productions</u>.  LGD has now twice failed to produce native documents with any Bates numbers directly associated with those productions.  None of LGD's LGDN production bears any Bates numbers.  CMO attempted to obtain Bates number information from LGD in the past, and would have applied it ourselves, but LGD refused even to provide the information CMO requested.  In light of LGD's refusals and unreasonable stance, CMO will simply refer to LGD's production of native documents by the only identification information that LGD provided associated directly with those documents: their filenames.  LGD must do the same.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 23, 2008
Page 6

CMO reserves its rights regarding all other aspects of LGD's document production, including its size, scope, responsiveness, comprehensiveness, and timing.

Very truly yours,

Thomas C. Werner

cc:    Christian Platt, Esq. (christianplatt@paulhastings.com)
       Brian Range, Esq. (brange@wsgr.com)

1901325

# EXHIBIT E

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
## & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

LORA A. BRZEZYNSKI
(202) 496-7239

EMAIL ADDRESS
lbrzezynski@mckennalong.com

August 11, 2008

**VIA E-MAIL**

Thomas C. Werner, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276

Re:    ***LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, et al.;***
C.A Nos. 06-726-JJF and 07-357-JJF

Dear Tom:

I am writing on behalf of Cass Christenson to follow up on our investigation of the format issues that you raised in your July 23, 2008 letter, and which we have discussed with you and investigated in detail.

First, this confirms that any Excel file that is not legible or fails to include all related information in TIFF format will be reproduced as an electronic file.  We are working on replacing any problem files that you identified in your letter.  If you find any additional files or documents for which you have concerns, please let us know.  Also, some of the documents that you identified as illegible may be easily reviewed by enlarging the text of the document.  If you are unable to enlarge the text, please let us know.

Second, we have produced LG Display's CAD files natively to you.  Therefore, the additional TIFF copies that we produced of certain drawings and schematic diagrams were additional copies of those files that were included in LG Display's document collection.  If you believe that you do not have any of those files natively, please let us know so that we can investigate further, as you should have native files for those drawings if the native files exist.

Third, we are willing to consider production of source code natively in response to your request.  We are still waiting, however, for your response to our inquiry regarding whether CMO requested source code in its document requests.  Once we have this information from you, we can discuss this with you further, and we hope to resolve this issue soon.

Thomas C. Werner, Esq.
August 11, 2008
Page 2

Very truly yours,

Lora A. Brzezynski

LAB:ra
DC:50564534.1

# EXHIBIT F

IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA  92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA  90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

August 29, 2008

**VIA E-MAIL**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
lbrzezynski@mckennalong.com

      Re:    *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
           (D. Del.)

Dear Lora:

      I write to follow up on my letters of July 12, 2008, and August 12, 2008, regarding LGD's failure to produce technical documentation for the LGD products that CMO has accused of infringement.  We have previously documented that LGD provided CMO no service manuals for 53 of those products, which prevents CMO from identifying the components with accused instrumentalities in each of the products.  Where LGD did provide service manuals, we have reviewed the manuals in an attempt to identify these components, but we have been unable to locate many of their corresponding specification documents.

      For example, CMO has diligently searched LGD's production for information relating to the timing controller used in each accused LGD product.  The service manuals for the following models did not identify the timing controller: LM201WE3, LP133WX1, LM201WE3, LC370WX1, and LC370WX1.  Please advise how CMO may determine what timing controllers are used in these products.

      Where CMO was able to identify the timing controllers used in the accused LGD products, CMO has been unable to locate specification documents for many timing controllers, as shown below:

| Manufacturer (Mfg) | Mfg. Part No. | LGD Part No. |
|---|---|---|
| DAWIN TECH | DTML011 | 0IDAL-0009B |
| DAWIN TECH | DTML012 | 0IDAL-0010A |
| DAWIN TECH | DTML014 | 0IDAL-0012A |
| DAWIN TECH/SAMSUNG | S4L9271X01-50A/DTML008 | 0IDAL-0006A |

1916139

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
August 29, 2008
Page 2

| | | |
|---|---|---|
| HITACHI | R8A00014CFP | 0IHIL-0063D |
| HITACHI | R8A01022FT | 0IHIL-0062A |
| HITACHI | R8A01028AFP | 0IHIL-0068B |
| HYUNDAI | HS353125B | 0IHYL-0016B |
| SAMSUNG | S4L9294X01-50A | 0IDAL-0008A |
| SILICON IMAGE | SII1169CTU | 0ISIL-0009A |
| SILICON IMAGE | SII1257LCMG208 | 0ISIL-0007A |
| SILICON IMAGE | SII1261CMHU | 0ISIL-0008A |
| SILICON IMAGE | SII1261CMHU | 0ISIL-0008B |
| SILICON_WORKS MICROSYSTEMS | SW0610_M | 0ISWL-0011B |
| SILICON_WORKS MICROSYSTEMS | SW0604_M | 0ISWL-0008A |
| SILICON_WORKS MICROSYSTEMS | SW0613_M | 0ISWL-0013A |
| SILICON_WORKS MICROSYSTEMS | SW0610A_M | 0ISWL-0011C |
| SILICON_WORKS MICROSYSTEMS | SW0615_M | 0ISWL-0015A |
| SILICON_WORKS MICROSYSTEMS | SW0602_U | 0ISWL-0004A |
| SILICON_WORKS MICROSYSTEMS | SW0611A_M | 0ISWL-0008C |
| SILICON_WORKS MICROSYSTEMS | SW0611_M | 0ISWL-0008B |
| SILICON_WORKS MICROSYSTEMS | SW0612B_M | 0ISWL-0012C |
| SILICON_WORKS MICROSYSTEMS | SW0602_U | 0 SWL-0004A |
| SILICON_WORKS MICROSYSTEMS | SW0604_M | 0ISW-0008A |
| SILICON_WORKS MICROSYSTEMS | SW0604_M | ISWL-0008A |
| TEXAS INSTRUMENT | TFP7521 | 0ITIL-0050A |
| THINE MICROSYSTEMS | KZ4E053G23CFP | 0ITHL-0015A |
| THINE MICROSYSTEMS | KE5M3U2109 | 0ITHL-0016A |
| THINE MICROSYSTEMS | KZ4E010G21CFP | 0ITHL-0007A |
| THINE MICROSYSTEMS | KE5M5U2518 | 0ITHL-0020A |
| THINE MICROSYSTEMS | KZ4E064R11 | 0ITHL-0004A |
| THINE MICROSYSTEMS | KE5M3U1995CFP | 0ITHL-0012A |
| THINE MICROSYSTEMS | KE5M5U2455CFP | 0ITHL-0019A |
| THINE MICROSYSTEMS | KZ5M4U2207CFP | 0ITHL-0017A |
| TLI | TL2298ML | 0ITLL-0018C |
| TLI | TL2292ML | 0ITLL-0018B |
| TLI | TL2249ML | 0ITLL-0010A |
| TLI | TL2245ML_REV | 0ITLL-0008B |
| TLI | TL2322ML | 0ITLL-0028A |
| TLI | TL2242ML | 0ITLL-0007A |
| DAWIN TECH | DTML015 | 0IDAL-0013A |

If LGD has produced specifications for these timing controllers, we are unable to locate them despite our diligent efforts. Please advise where in LGD's production specifications for the timing controllers listed above are located.

Moreover, the specifications that CMO has been able locate do not reveal the necessary details regarding the processing of the gray scale data received by the timing

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
August 29, 2008
Page 3

controller. This information is critical to CMO's infringement case. LGD's failure to provide that information is therefore prejudicing CMO's ability to build its case.

In addition, we are still awaiting the further information you promised to provide on August 14, 2008, regarding LGD's production of BOMs. We have reviewed the BOM documents cited in LGD's responses to CMO's interrogatories. All three of those documents, which we believe originated as ESI, were produced as TIF images in an illegible and not reasonably usable manner, and must therefore be produced natively. We have attempted to OCR LGD00182382 and LGD00182588, but that process fails because of the extremely small size of the text. The result is that CMO is reduced to reviewing each page with the electronic equivalent of a magnifying glass. The original ESI would require no such mechanism. Similarly, LGD opted to TIF LGD01992840 in a manner that completely dislocates and scatters closely related information from the original native file to many different places throughout the TIF document, rendering that document not reasonably usable. LGD's production of these documents thereby fundamentally altered the original ESI underlying these documents as a result of its production form decision, and has deprived CMO of a reasonably usable copy of these documents. Please confirm that LGD will immediately produce native copies of LGD00182382, LGD00182588, and LGD01992840.

Despite their poorly chosen production form, CMO believes (based on the limited review that we have been able to conduct)[1] that the substance of those documents indicates that LGD is only selectively providing information regarding the components contained in its products while improperly withholding other information. LGD01992840 and LGD00182588 appear limited in scope to timing controllers, though we believe they reflect data exported from larger databases that contain information regarding other components. Please confirm whether such other databases exist, indicate whether or not they contain information regarding the components that reflect the instrumentalities CMO has accused of infringement (including components related to the backlight, polarizer, and LCD panel control circuitry), and confirm that LGD has produced or will produce any such data. Similarly, LGD00182382 contains many fields that reflect coded numeric information, but CMO has no means for deciphering that code. Please explain what the headings of each field reflected in LGD00182382 means, and how CMO may decipher the numeric data reflected in that document.

CMO is still in the process of reviewing discovery provided by LGD regarding other components that reflect the instrumentalities CMO has accused of infringement. LGD's failure to provide discovery into the databases from which the information contained in LGD00182382, LGD00182588, and LGD01992840 is derived prejudices CMO's ability to build its case. CMO reserves its rights, including the right to recover the additional costs

---

[1] LGD is required to produce not merely legible documents, but reasonably usable documents, or alternatively, documents in the form in which they are ordinarily maintained.

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
August 29, 2008
Page 4


CMO has incurred attempting to make use of the documents that LGD has produced in a form that is not reasonably usable.

Very truly yours,

Thomas C. Werner

cc:     Christian Platt, Esq. (christianplatt@paulhastings.com)
        Brian Range, Esq. (brange@wsgr.com)

1916139

# EXHIBIT G



650 Page Mill Road
Palo Alto, CA 94304-1050
PHONE 650.493.9300
FAX 650.493.6811
www.wsgr.com

August 27, 2008


***VIA E-MAIL***

Gaspare Bono, Esq.
Cass Christenson, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006


     **Re:    LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, et al**

Dear Gaspare and Cass:

     I am writing to advise LGD of a number of deficiencies in its discovery responses. AUO's specific concerns, based on its review to date, are as follows:

1.    <u>LGD's Failure to Produce Documents Relevant to Inducing Infringement</u>

     For some time now, LGD has been pressing AUO for production of documents related to LGD's compliance with United States regulatory laws, importation into the United States, and repair and service of products in the United States on the grounds that such documents are relevant to inducing infringement. Remarkably, LGD has taken the position that it has no obligation to produce its own documents related to these issues even though it demands production of them from AUO.

     LGD's ostensible basis for refusing production is that it believes these categories of documents are not covered by AUO's requests. Contrary to LGD's assertion, AUO's requests squarely seek this information. Documents related to LGD's importation of the accused products into the U.S. should have been produced in response to AUO Request No. 3(h), which seeks "[a]ll documents relating to ... importation into the United States." Documents related to LGD's efforts to comply with U.S. regulatory laws should have been produced in response to Request No. 3(h), Request No. 19 (seeking "[a]ll documents related to LGD and/or LGDA's plans and strategy for marketing LCD Products in the United States") and Request No. 43 (seeking "[a]ll documents relating to the ... establishment ... of any relationship whatsoever between LGD and/or ... any entity concerning the ... importation or sale of LCD Products."). Finally,

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Messrs. Christenson and Bono
August 27, 2008
Page 2

documents related to LGD's repair and service of products in the U.S. should have been produced in response to Request No. 72 seeking all "documents having technical descriptions or writings concerning any LGD and/or LGDA LCD Products or any components thereof."

In light of the above, we hope LGD will reconsider its unreasonable position on this issue so that the parties can agree on a mutual date for the production of these documents.

2.      Technical Documents Missing from LGD's Production

Our review of LGD's production indicates that it has failed to produce vast amounts of technical documentation for its accused products. Specifically, LGD has failed to produce: [1]

a.      Any DWG Drawings for 198 LCD product model numbers (as shown on the list at Exhibit 2 to this letter).

b.      Complete DWG Drawings for 97 LCD product model numbers (as shown on the list at Exhibit 3 to this letter). A complete set of DWG drawings for a model should include at least a drawing on each of the model components, including but not limited to: backlight assembly, diffuser, prism, LCM, MOF (Multilayer Optical Filter), side supporters, main support, shield assembly, cover assembly, lamp guide, panel guide, wire guide, and outline dimension. At least, the models specified on Exhibit 3 lack complete drawings. We are continuing our investigation and believe we will identify shortly additional models that lack complete drawings.

---

[1] As you know, LGD has never provided AUO with a complete listing of the product model numbers and part numbers for all of its LGD and LGDA Products, even though that information was requested in AUO's Interrogatory No. 14. Instead, LGD made a Rule 33(d) designation and referred AUO to documents that it would produce. LGD, however, did not specify by Bates Number the documents from which an answer to this Interrogatory could be derived (as required by Rule 33(d)). As such, AUO has been left to come up with a list of LGD models on its own. The list of models AUO is working from – as gleaned from the LGD documents produced to date – is set forth as Exhibit 1 to this letter. The deficiencies outlined below are based on AUO's expectation that it would receive complete technical documentation for all of these models. If LGD believes AUO's listing of models is incomplete or otherwise inaccurate, it should amend its response to Interrogatory No. 14 to provide a complete and accurate list.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Messrs. Christenson and Bono
August 27, 2008
Page 3

    c.    GDS Files for 381 LCD product model numbers (as shown on the list at Exhibit 4).

    d.    Product specifications for 172 product model numbers (as shown on the list at Exhibit 5).

    e.    Bills of Material for 431 product model numbers (as shown on the list at Exhibit 6).

    f.    Photomask set specifications and layout drawings for both TFT substrates and color filter substrates for all models. For the most part, this information is not contained in the GDS files produced by LGD to date. Thus, LGD should either supplement its production of GDS files to include files containing this information or it should provide photomask set specifications and layout drawings for all LGD models.

In addition, LGD has produced 255 GDS files that cannot be matched to any product model number. The GDS files that cannot be matched to a product model are listed in the attached Exhibit 7 and are identified by file name. Please let us know what product model numbers each of these files is associated with.

3.    <u>Unreadable DWG Files</u>

Ninety-two of the DWG files produced by LGD are unreadable because, *inter alia*, they contain empty files, corrupted files and/or unidentifiable schematics. The ninety-two unreadable DWG files are listed in the attached Exhibit 8 and are identified by file name.

4.    <u>Illegible TIFF Images</u>

In Cass Christenson's letter of August 26, he asked that AUO identify by bates number the illegible schematics (produced as TIFF images) that AUO needs produced in native format. The Bates numbers for these documents are set forth in the attached Exhibit 9.

5.    <u>Translations of Japanese Prior Art References Relied on by LGD</u>

As you know, AUO previously asked that LGD provide us with the English translations for the Japanese prior art references cited in its invalidity claim charts. In Mr. Christenson's letter of August 26, he asked whether AUO believes that all parties should produce translations

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Messrs. Christenson and Bono
August 27, 2008
Page 4

of foreign language documents. That is not our position. AUO's position is that LGD has an obligation under Fed. R. Civ. Proc. 26(a)(1) to produce a copy of all documents that LGD will use to support its claims or defenses. By relying on English translations of Japanese prior art references (whether certified translations or not) to support its invalidity contentions, LGD clearly now has an obligation to produce such translations. Such translations would also be responsive to AUO Document Request No. 11 (seeking all documents relating to the validity of the asserted patents "including all references relied upon to form the basis for such opinion.").

If LGD continues to refuse to produce the translations on which it has relied, we will be happy to take this issue up to the Court.

6.    LGD's Discovery Responses, Expert Reports and Claim Construction Briefs in the Positive Litigation

In Mr. Christenson's August 22 letter to Christian Platt, LGD continues to refuse to produce litigation documents related to the Positive litigation (other than, perhaps, the documents it produced in that case) on the grounds that such documents are not relevant here. Contrary to LGD's position, the requested documents are likely to lead to the discoverable evidence related to a number of topics, including: the manner in which LGD's overdrive technology is implemented, commercial success, background of the technology and the state of the art at the time AUO's inventions, and/or damages. As such, the documents should be produced without further delay.

By no later than close of business Tuesday, September 2, please confirm that LGD will promptly supplement its production to include the requested documents.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Monica Mucchetti Eno

# EXHIBIT H

From: Christenson, Cass [mailto:cchristenson@mckennalong.com]
Sent: Friday, July 18, 2008 12:59 PM
To: Werner, Tom
Cc: #CMO/LPL [Int]; Giza, Alexander; Hoffman, Adam; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Range, Brian; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; ~Chiu, Jay; provner@potteranderson.com; ~Platt, Christian; ~Bono, Gaspare; ~Brzezynski, Lora; ~Goodwyn, Tyler; ~Kirk, Richard; ~Lomas, John
Subject: RE: LGD v. CMO, 06-726 (D. Del.) - 2008-07-08 Werner ltr Brzezynski re Protective Order & Document Production.pdf

Tom:

Your last-minute response is disappointing.  It appears that CMO may not intend to discuss or cooperate on email production.  If that is CMO's position, you or someone on the CMO team could have informed us of that position before your email yesterday.

If CMO refuses to cooperate with LG Display and AUO, LG Display has no interest in wasting time attempting to reach an agreement with CMO, in response to CMO's proposal to modify the parties' existing agreement on the production of email discovery as summarized in Brian Range's April 3, 2008 letter.  Your unfounded assumption that LG Display has not collected email, moreover, is entirely incorrect.  LG Display has expended tremendous effort and resources to collect email for processing and production.

We deferred our production of the emails for the purpose of reaching an agreement on how emails should be produced, in response to your July 8 letter.  We understood your July 8 letter to suggest an interest in reaching such an agreement.  Likewise, AUO agrees that email production should await an agreement.

If CMO does not agree to discuss this issue with us before production, our position will be that CMO has no basis to object or complain in the future concerning these issues, after refusing to discuss them in advance.  LG Display will not incur the expense and burden of producing email more than once in this case.  CMO's refusal to discuss these issues is improper and, certainly, is counterproductive.

For example, you continue to request production in "searchable form"
which is not the parties' existing agreement.  In addition, you do not even explain what you mean by "searchable form" , even though I requested clarification from you in my July 11, 2008 letter.  How is CMO intending to produce its emails to make them searchable?  Are you producing searchable PDF copies?  Are you producing TIFF images with extracted text?  If so, what extracted text are you planning to produce?
What is the volume of email to be produced and on what subjects?  You have not provided any specific proposal or clarification for us to consider and discuss in response to my letter.  Instead, you merely insist that LG Display produce emails in some non-specified "searchable form" or reserve the right to seek unspecified "relief" from the court.

We intend to continue our discussions with AUO regarding format and categories of email production.  We hope that you will consider joining our discussion so that we can reach a global agreement applicable to all parties.

LG Display is working diligently to produce discovery in this case and we will continue to do so.  Nonetheless, if you intend to raise any issue with the Court concerning the above, please let us know in advance which issue, and we will likewise seek relief as necessary and appropriate.

Regards,
Cass

-----Original Message-----
From: Werner, Tom [mailto:TWerner@irell.com]
Sent: Thursday, July 17, 2008 3:32 PM
To: Christenson, Cass

Cc: #CMO/LPL [Int]; Giza, Alexander; Hoffman, Adam; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Range, Brian; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; ~Chiu, Jay; provner@potteranderson.com; ~Platt, Christian; Bono, Gaspare; Brzezynski, Lora; Goodwyn, Tyler; ~Kirk, Richard; Lomas, John
Subject: RE: LGD v. CMO, 06-726 (D. Del.) - 2008-07-08 Werner ltr Brzezynski re Protective Order & Document Production.pdf

Cass,

As you have known since the 12th, I am on vacation in Hawai'i.

We understand your correspondence to indicate that LGD has failed to timely collect emails responsive to CMO's document requests.  The parties stipulated to an extension of the deadline for document production.  CMO has expended substantial resources to produce responsive documents - including emails - by that deadline.  LGD's eleventh hour attempt to delay its email production is improper.  Should LGD fail to produce emails by the deadline, CMO may seek appropriate relief from the Court.

CMO intends to produce electronically stored information in searchable form, pursuant to Rule 34.  We expect LGD to do the same.  Should LGD fail to produce electronically stored information in searchable form, CMO may seek appropriate relief from the Court.

Very truly yours,

Thomas C. Werner, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
TWerner@irell.com
(310) 203-7956 (direct)
(310) 968-2792 (mobile)
(310) 282-5798 (direct fax)

-----Original Message-----
From: Christenson, Cass [mailto:cchristenson@mckennalong.com]
Sent: Thursday, July 17, 2008 5:28 AM
To: Werner, Tom
Cc: #CMO/LPL [Int]; Giza, Alexander; Hoffman, Adam; Kagan, Jonathan; ~Tyler, M. Craig; ~Holloway, Julie; ~Range, Brian; ~Yip, Vincent; ~Garnett, Terry; ~Wied, Peter; ~Murray, Katherine; ~Shaw, John; ~Pascale, Karen; ~Chiu, Jay; provner@potteranderson.com; ~Platt, Christian; ~Bono, Gaspare; ~Brzezynski, Lora; ~Goodwyn, Tyler; ~Kirk, Richard; ~Lomas, John
Subject: RE: LGD v. CMO, 06-726 (D. Del.) - 2008-07-08 Werner ltr Brzezynski re Protective Order & Document Production.pdf

Tom:

This email follows up on my voice mail message from yesterday and my July 11, 2008 letter responding to your July 8, 2008 letter on email discovery.

We have open issues to discuss concerning the scope and format of email production, as raised in our above-referenced letters.  We are discussing these issues with AUO as well to coordinate.  I understand from your message that you are out of the office this week.  AUO is amenable to a brief extension of time to produce email discovery.  I assume that CMO likewise agrees that we should briefly postpone email productions in this case so that we can complete our discussions and hopefully reach an agreement as to scope and format of email discovery.

My July 11 letter proposed August 15 as a date to complete email production, which will allow us to continue our discussions on email scope and format.  Please let me know whether CMO agrees to the August 15 date.  I also look forward to your thoughts on how to efficiently complete email discovery.

Thank you for your anticipated cooperation.

Regards,
Cass

-----Original Message-----
From: Christenson, Cass
Sent: Friday, July 11, 2008 5:20 PM
To: 'Werner, Tom'
Cc: '#CMO/LPL [Int]'; 'Giza, Alexander'; 'Hoffman, Adam'; 'Kagan, Jonathan'; 'ctyler@wsgr.com';
'jholloway@wsgr.com'; 'brange@wsgr.com'; 'vincentyip@paulhastings.com'; 'terrygarnett@paulhastings.com';
'peterwied@paulhastings.com'; 'katherinemurray@paulhastings.com';
'jshaw@ycst.com'; 'kpascale@ycst.com'; 'jaychiu@paulhastings.com'; 'provner@potteranderson.com'; 'Platt,
Christian'; Bono, Gaspare; Brzezynski, Lora; Goodwyn, Tyler; 'Richard Kirk'; Lomas, John
Subject: RE: LGD v. CMO, 06-726 (D. Del.) - 2008-07-08 Werner ltr Brzezynski re Protective Order &
Document Production.pdf

 Tom:  Please see my attached July 11, 2008 letter.  Regards, Cass

-----Original Message-----
From: Werner, Tom [mailto:TWerner@irell.com]
Sent: Tuesday, July 08, 2008 7:51 PM
To: Brzezynski, Lora
Cc: ~Platt, Christian; ~Range, Brian; ~Kirk, Richard; Bono, Gaspare; Goodwyn, Tyler; Christenson, Cass;
Lomas, John
Subject: LGD v. CMO, 06-726 (D. Del.) - 2008-07-08 Werner ltr Brzezynski re Protective Order & Document
Production.pdf


The message is ready to be sent with the following file or link
attachments:

2008-07-08 Werner ltr Brzezynski re Protective Order & Document Production.pdf

# EXHIBIT I

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
## &Aldridge LLP
Attorneys at Law

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

August 8, 2008

**VIA EMAIL**

S. Christian Platt, Esq.
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA  92130

Thomas C. Werner, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Los Angeles, CA  90067

Re: ***LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, et al.;***
C.A Nos. 06-726-JJF and 07-357-JJF

Dear Christian and Tom:

I write to confirm the parties' respective positions concerning the format of email production in this case, as we discussed in our teleconference yesterday.

According to CMO, emails should be produced in a searchable format. CMO intends to produce emails in a native format and would like to discuss exchanging select metadata in load files. CMO intends to identify the metadata proposed for exchange at a future time, but CMO contends that the discussions regarding whether to produce metadata should not delay the parties' email productions. During our teleconference, CMO noted that its native format production would "not necessarily" enable LG Display to extract metadata from CMO's email production, depending on the software used by LG Display. Please let us know what type of "native" email files CMO intends to produce so that we can better understand what limitations we may encounter before CMO's production, in order to attempt to avoid those problems in advance. If we are able to extract from CMO's production, will those files be completely searchable, including for fields that contain author, recipient, date, subject, and attachment information? Is CMO suggesting that the parties should produce voluminous emails as flat text files without field-specific search capability? We look forward to CMO's clarification on these points.

S. Christian Platt, Esq.
Thomas C. Werner, Esq.
August 8, 2008
Page 2

Further, CMO's request that LG Display produce searchable emails without knowing which extracted metadata text CMO wants to exchange remains problematic. If CMO intends to provide a true native format production of email as maintained by CMO, then presumably CMO's production will include metadata and there would be no need to discuss metadata. Further, if CMO is seeking to gain an unfair advantage by obtaining email from LG Display that can be searched by field, without providing the same field searchability in CMO's email production, then LG Display objects. CMO seemed to confirm yesterday that it expects any TIFF email production to include certain extracted text load files for CMO to search. LG Display again requests that CMO explain which metadata fields CMO believes should be produced, as originally requested in my July 11, 2008 letter, and confirm whether CMO intends to provide that same information. CMO has also declined to discuss the appropriate scope of email production in this case, as proposed in my July 11 letter.

With respect to AUO's position, we understand that AUO intends to produce email in searchable PDF format. AUO confirmed that it objects to production of email in native format. AUO believes that email production should be bates numbered on the email documents, rather than produced natively in the format advocated by CMO. In addition, we understand that AUO is not planning to produce metadata associated with its email. We are concerned, therefore, about the cost that could be incurred to search AUO's email production. Please let us know whether AUO is willing to produce any extracted text and meta fields with its PDF production, and if so, which meta fields will be provided for searching by LG Display.

AUO appears to agree generally with the scope of email production referenced in Lora Brzezynski's July 11 letter. AUO believes, however, that topic 5 in overly broad. Please clarify AUO's position concerning topic 5.

LG Display continues to believe that the parties should reach a global agreement on the appropriate format of email production. As previously stated, we do not believe that native format is appropriate for email production. Native format production is problematic, including because email pages are not marked with any bates number or confidentiality designation. When those unmarked emails are printed for use in this case, they lack identifiers or designations that would permit someone from knowing the source of the email and whether that email is confidential without cumbersome and time-consuming investigation. Given the scope of email discovery in this case and the anticipated need to print and use as exhibits many emails, emails should be produced in a format that includes non-native bates numbering and confidentiality designations.

As we previously confirmed, LG Display has diligently collected responsive emails that we intend to produce. We look forward to continuing these discussions so that we can complete our email productions. Please note that I will be away from the office on vacation through August 15, without access to emails.

S. Christian Platt, Esq.
Thomas C. Werner, Esq.
August 8, 2008
Page 3

Please let us know your availability for a teleconference during the week of August 18.

Very truly yours,

Cass W. Christenson

CWC:rla
DC:50564470.1

# EXHIBIT J

I R E L L   &   M A N E L L A   LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA  92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA  90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE:  www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

June 30, 2008

<u>**VIA E-MAIL**</u>

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
lbrzezynski@mckennalong.com

      Re:    *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
           (D. Del.)

Dear Lora:

      I write to respond to your letter of June 12, 2008 to Jon Kagan regarding CMO's responses to LGD's Requests for Production, as well as your letter of this morning to Adam Hoffman regarding CMO's responses to LGD's Interrogatories.  We are not available on Wednesday at 12:00 p.m. PDT for a meet and confer, but we intend to propose some alternative times shortly.  We agree that we need to have a meet and confer in the near future to address some of the outstanding discovery issues.

      Among the issues the parties need to address immediately are the ones I raised in my letter of June 17, 2008, regarding LGD's deficient responses to CMO's Requests for Production, and today's letter outlining deficiencies in LGD's responses to CMO's Interrogatories.  Please respond to these letters immediately, as we believe the meet and confer process will be more productive if we have time to review LGD's position well before the call.  In that spirit of cooperation, we are providing the following response to LGD's letters.  Please note that the headings below are meant only to facilitate discussion and resolution of the issues raised in your letters.

      <u>Discovery Relating to Worldwide Sales</u>: Throughout your letters, LGD asserts that CMO is obligated to produce documents relating to CMO products sold worldwide regardless of whether or not they are made, used, sold, imported, or offered for sale in the United States.  LGD thereby seeks information regarding products that are not at issue in this litigation, and LGD proffers no explanation justifying its overbroad requests.  Instead, LGD suggests that its Document Requests—which are directed only at CMO—obligate CMO to provide discovery regarding what unidentified "intermediaries" might "eventually" do with CMO's products.  We fail to see how CMO can provide information regarding those

1888860

IRELL & MANELLA LLP
A REGISTERED  LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
June 30, 2008
Page 2

unnamed entities' activities.  Further, your June 12 letter incorrectly asserts that AUO has "agreed to produce relevant documents regarding their products sold worldwide."  By their June 20th and 23rd letters, counsel for AUO made clear this is not the case.[1]  Like AUO, we stand ready to consider this issue further should LGD provide some basis for the breadth of its request.  We are unaware, however, of any controlling precedent that justifies LGD's admitted attempts to obtain discovery into sales that bear no connection whatsoever to the United States.  LGD's bare assertion that "[p]roducts sold worldwide are certainly within the scope of relevant discovery in this litigation" sheds no light on the legal bases for LGD's assertions.  We look forward to receiving more information at the meet and confer.

CMO Products and CMO Customers: LGD's contention that CMO must provide discovery regarding customers of all CMO products regardless of whether or not they are made, used, sold, imported, or offered for sale in the United States is similarly improper.  LGD's purported limitation of that demand to products "defined by LG Display" does nothing to narrow LGD's request absent clarification of that purported definition, i.e., what exactly are "all reasonably similar CMO products?"  We look forward to receiving LGD's clarification of this request at the meet and confer.

Summaries: Regarding summaries, if LGD is aware of CMO documents responsive to LGD's requests, please identify them.  As CMO understands LGD's requests for summaries, and as reflected in CMO's responses, LGD demands that CMO create documents responsive to those requests.  We are also unable to find in LGD's requests many of the specific pieces of information you now contend those requests seek.  Given the rift in the parties' understandings, we believe a discussion is necessary to clarify LGD's requests.

LGD's Document Request No. 10: This request is substantially overbroad:

> All documents and communications concerning the use, making, importation, sale, and offer to sell, in or to the U.S. since December 1, 2000 of LCD modules or LCD panels made or sold by or for you, or LCD display products that include LCD modules or LCD panels made by you, including any documents that identify each person that imported, received, purchased, distributed, sold or offered for sale in or to the U.S. each LCD display product, LCD module, and LCD panel, and the quantity, price, Brand, and Part Number of each LCD display product, LCD module, and LCD panel imported, received, purchased, distributed, and sold each month since December 1, 2000.

---

[1] To avoid any further problems of this type, should LGD reference AUO in correspondence to CMO, please be certain to copy those other parties.  I have copied counsel for AUO on this letter.

1888860

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
June 30, 2008
Page 3

CMO's response is appropriate based on its overbreadth and is further predicated on the fact that the request overlaps with numerous other of LGD's requests.  Please therefore identify what documents you contend are responsive to this request that are not responsive to other LGD requests.

Moreover, CMO has provided a document in response to LGD's Interrogatory No. 7 from the Texas action that shows sales of CMO Products, including the transaction date, customer, product model, quantity, price, and shipment or delivery destination.

Market Research Documents: CMO is likewise willing to discuss and determine a mutually agreeable scope of the parties' production of these documents.  In particular, as noted in my June 17 letter, we are interested to learn LGD's justification for refusing to produce any documents in response to CMO's Document Request No. 26, which is directed at these kinds of documents.

Document Request No. 28: In response to this request (which is one of the many requests subsumed by the breadth of Document Request No. 10), CMO agreed to produce the requested documents.  We are unaware of how "invoices, shipping records, and purchase orders" are not documents in CMO's possession that are "sufficient to identify" the recipients of CMO's products.  Please explain what other documents LGD believes CMO is obligated to produce in response to this request.

Document Request No. 30: We will investigate whether any responsive privileged documents exist, and either confirm that they do not, or provide a log.  In addition to intending to discuss with you an agreement among all parties limiting our obligations to log privileged documents from prior or other pending litigations, we had hoped to learn whether or not LGD intends to provide more than the two privilege log entries it has served between both the Texas and Delaware litigations.  We appreciate that you have raised these issues, and we look forward to discussing them at the meet and confer.

Document Request No. 31: LGD's request—even as narrowed by your letter, which may actually both narrow in some respects and broaden in others this request, given your stated position on the worldwide scope of LGD's discovery requests—seeks a large universe of documents, regarding, for example, the repair of damage to CMO products that occurred during shipping.  Such documents are wholly irrelevant to this litigation.  CMO reasonably limited its response and agrees to produce warranty / repair service agreements and supporting documents that CMO locates after a reasonable search.  We invite LGD to narrow this overbroad and unduly burdensome request.

Product Samples: All of the parties should attempt to come to an agreement regarding the provision of product samples in relation to the claims at issue in the to be consolidated cases.  We suggest a separate meet and confer on that issue.

1888860

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
June 30, 2008
Page 4

Document Request Nos. 40, 42, 43–45 47–54, 56–58, 64–66, 69–70, 77, and 80: LGD's characterization of CMO's responses to these requests is inaccurate, and your decision to group together these requests without identifying specific issues makes responding to your claims difficult. Furthermore, your letter is internally inconsistent, first alleging that CMO is delaying production of documents to certain requests and then later acknowledging that CMO has agreed to produce documents responsive to the same requests. To be clear, CMO is not delaying for any reason the production of responsive documents we have located. Moreover, many of these requests are duplicative of requests LGD has served in the Texas case, and documents responsive to those request have now been produced in this action. CMO is also continuing to search for responsive documents and will timely produce them. To the extent CMO's responses to these requests are impacted by the consolidation of the cases, CMO will supplement them accordingly. We are hopeful the parties can come to agreement on a schedule for supplementation of discovery responses as we move towards consolidation.

Document Request Nos. 61–62: CMO agreed to produce license agreements, does not intend to exclude from that production agreements reflecting covenants not to sue, and does not intend to exclude addendums, amendments, and exhibits to those agreements. We are unaware of any other "related agreements" responsive to this request. Should LGD wish to discuss narrowing the scope of this request, for example to exclude privileged drafts of such agreements, we are amenable to such a discussion, and will revise our objections accordingly. Otherwise, CMO's objections are appropriate, particularly in light of LGD's flat refusal to produce any documents relating to the settlement of LGD's patent claims. As noted in my June 17 letter, we look forward to receiving LGD's explanation for that refusal.

Document Request No. 74: Please cite to any authority that supports LGD's demand that CMO identify documents responsive to LGD's Document Requests by Bates number. We are aware of none.

Document Request No. 76: LGD's focus on documents in CMO's possession regarding LGD's own litigations is perplexing given LGD's apparent refusal to itself produce any documents from any of those litigations, despite our explicit and repeated requests. *See, e.g.*, my letter to you of June 17, 2008, to which I have yet to receive any response. We suggest the parties confer soon regarding the scope of our respective production obligations regarding those litigations, though we see no reason for LGD to continue to refuse to produce at least the non-confidential trial transcripts for *LG.Philips LCD Co. Ltd. v. Tatung Company et al*, Civil Action No. 05-292-JJF (United States Court for the District of Delaware) and *LG Philips LCD Co. Ltd. v. Tatung Co. of America et al.*, Civil Action No. 02-6775-CBM (United States Court for the Central District of California). To the extent any of the materials from LGD's litigations contain color, please ensure that color copies are provided. We repeat our request that LGD produce these documents immediately, and to immediately take all steps necessary to obtain consent to produce materials restricted by

1888860

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
June 30, 2008
Page 5

other litigation protective orders, if any, to prevent further prejudice to CMO's
understanding of LGD's previously litigated patents.

Document Request No. 81–82: These documents are publicly available, and equally
accessible to both CMO and LGD.  Nonetheless, CMO will produce the additional
documents that LGD now insists we produce.  We expect LGD to refrain from objecting to
the production of documents on the ground that they are publicly available.

CMO's Interrogatory Responses: The parties have reached agreement that the
undisputed provisions of the Interim Protective Order are in full force and effect, and have
also agreed that discovery served in the Texas case is now deemed served in the Delaware
case.  On that basis, we believe that many of the issues raised in your letter regarding CMO's
responses to LGD's Interrogatories are more directed at form than substance, given that
LGD admits it has received substantive responses for the Interrogatories it then contends
must be supplemented.  As we noted above, we are hopeful the parties can come to
agreement on a schedule for supplementation of discovery responses as we move towards
consolidation, and we look forward to discussing that at the meet and confer.  Regarding
LGD's Interrogatory Nos. 16 and 19, CMO agrees to supplement its responses to these
interrogatories in accordance with that schedule.

Thank you.

Very truly yours,

Thomas C. Werner

cc:    Christian Platt, Esq. (christianplatt@paulhastings.com)
       Brian Range, Esq. (brange@wsgr.com)

1888860

# EXHIBIT K

# IRELL & MANELLA LLP

### A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
### INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA  92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

**LOS ANGELES, CALIFORNIA  90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE:  www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

July 31, 2008

**<u>VIA E-MAIL</u>**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
lbrzezynski@mckennalong.com

      Re:    *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
              (D. Del.)

Dear Lora:

      I write regarding our ongoing efforts to meet and confer regarding the appropriate geographic scope of discovery into the products accused of infringement in this case, and to respond to your letter of earlier today.  CMO has repeatedly attempted to meet and confer with LGD on this issue.  LGD made clear during our meet and confer today that it does not want to engage in that process, and instead appears intent on filing its premature motion. Indeed, LGD's assertion today that answering the questions posed in my past letters and during the meet and confer is a "waste of time" is not well taken.  We continue to hope that we can resolve this dispute without Court intervention.

      We also continue to await LGD's citation to the legal authority on which LGD relies to demand discovery into all CMO products regardless of whether or not those products are made, used, sold, offered for sale or imported into the United States, and regardless of whether or not the customers who receive those products have any connection to the United States.  We ask again that LGD provide it.

      LGD points CMO only to the order reflected in the August 23, 2005 hearing transcript from *CEA v. Samsung* in support of its threatened motion to compel.  CMO does not understand, and LG has not yet explained, why production of the same financial and technical information ordered by the *CEA* Court, updated to current, will not satisfy LGD's demands.  CMO still does not understand why LGD is entitled to a different remedy than the one ordered by LGD's sole cited authority.  We continue to await LGD's explanation.

      LGD also continues to refuse to outline the contours of any agreement between LGD and AUO on this issue.  I further requested during today's meet and confer that LGD identify in its document production the worldwide sales information LGD claims to have produced. Reviewing those documents will allow CMO to understand exactly what information LGD

1906693

I R E L L   &   M A N E L L A   LLP
A REGISTERED  LIMITED  LIABILITY  LAW  PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 31, 2008
Page 2


contends must be produced, so that we can advise our client of the precise relief that LGD seeks.  We reiterate our request that LGD provide this information.

As you know, we are continuing to review the briefing from *CEA*, which we received just yesterday, and only through our own efforts.  CMO and LGD have already scheduled a meet and confer for Monday afternoon (you advised me today you are not available for a meet and confer tomorrow).  CMO's review and assessment of the legal issues reflected in the *CEA* briefing should be complete by then, and we are hopeful that LGD will discuss those issues with us.

To the extent LGD still intends to file its motion without further meeting and conferring, we request that LGD include this letter as an exhibit to its motion.

I will not endeavor to address the many inaccurate statements in your letter of earlier today.  Your decision to mischaracterize our meet and confer efforts only hinders our ability to resolve this matter without resort to motion practice.

Very truly yours,

Thomas C. Werner

cc:    Christian Platt, Esq. (christianplatt@paulhastings.com)
       Brian Range, Esq. (brange@wsgr.com)

# EXHIBIT L

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

August 8, 2008

<u>**VIA E-MAIL**</u>

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
lbrzezynski@mckennalong.com

      Re:    *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
              (D. Del.)

Dear Counsel:

      I write regarding our ongoing efforts to meet and confer regarding the appropriate geographic scope of discovery into the products accused of infringement in this case. During our conversation on Monday, August 4, 2008, LGD stated that LGD had not yet conducted the legal research supporting its threatened motion to compel. Instead, LGD attempted to prematurely end our meet and confer in the middle of CMO's discussion of the legal research that CMO had conducted on this issue. Counsel for LGD declared that, as far as CMO's meeting and conferring efforts were concerned, LGD's position was that "enough is enough."

      CMO nonetheless persisted in continuing the meet and confer, and discussed in particular the case law that your firm cited in the briefing from *CEA v. Samsung*, which CMO obtained only through our own efforts. You confirmed during our meet and confer that Judge Jordan's order in *CEA* relied heavily on the obviousness arguments raised in that briefing. As I stated, we agree that is the case, which makes LGD's continuing unexplained refusal to accept CMO's production of the same financial and technical information ordered by Judge Jordan, updated to current, all the more perplexing.

      Further, during our meet and confer, LGD also continued to refuse to outline the contours of its alleged agreement between LGD and AUO on this issue, despite having sent a letter earlier in the day stating that LGD had reviewed AUO's production in detail. LGD also continued to refuse to identify in its document production the worldwide sales information LGD claims to have produced, which documents will allow CMO to understand exactly what information LGD contends must be produced, so that we can advise our client of the precise relief that LGD seeks. We reiterate our request that LGD provide this information, and suggest the parties meet and confer on Tuesday, August 12, 2008, at any

1912583

# IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
August 8, 2008
Page 2

time between 9:00 a.m. and 12:00 p.m. PDT to attempt to resolve this issue without Court
intervention.

LGD asserted in a recent submission to the Court that it intended to file a motion.
When we attempted to discuss that motion with you yesterday, you refused and abruptly
ended the conversation.  To the extent LGD intends to file a motion regarding the
appropriate geographic scope of discovery into the products accused of infringement in this
case without further meeting and conferring, we request that LGD include this letter as an
exhibit to its motion.

Very truly yours,

Thomas C. Werner

cc:    Christian Platt, Esq. (christianplatt@paulhastings.com)
       Brian Range, Esq. (brange@wsgr.com)

# EXHIBIT M

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
## & Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

LORA A. BRZEZYNSKI
(202) 496-7239

EMAIL ADDRESS
lbrzezynski@mckennalong.com

August 12, 2008

**VIA E-MAIL**

Thomas C. Werner, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276

> Re:  ***LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, et al.;***
> C.A Nos. 06-726-JJF and 07-357-JJF

Dear Tom:

This letter responds to your August 8, 2008 letter wherein CMO continues to delay agreeing to produce technical information for all of its relevant products and worldwide sales summaries.  Your letter also mischaracterizes statements we made during our last of several discussions on this issue on August 4, 2008.

First, you incorrectly stated that during our meet and confer on August 4, 2008 that "LGD stated that LGD had not yet conducted the legal research supporting its threatened motion to compel."  What we actually said was that we were not going to do CMO's research for it.  We already identified for you authority supporting our position, and your continued assistance for additional authority is simply a delay tactic.  Second, we also never attempted to prematurely end our meet and confer.  What we did say in response to your insistence that we had not completed meeting and conferring on this issue was to remind you of the several letters and meet and confers we had already had on this subject.  Indeed, concerning these issues, LG Display has written letters to CMO dated June 12, June 30, July 28, and July 31, 2008.  LG Display has also met and conferred by telephone with CMO regarding this issue on July 28, July 29, July 31, and again on August 4, 2008.  We believe we have fully met our obligations to meet and confer with CMO on these issues.

If CMO wants to make a production as a partial response to LG Display's document requests, then please do so.  We are not preventing CMO from making such a production.  However, we do not consider documents that only partially respond to LG Display's document requests to fully resolve our dispute in this case.  Further, when we have repeatedly asked you for clarification during our meet and confers regarding exactly what CMO intends to produce,

Thomas C. Werner, Esq.
August 12, 2008
Page 2

you have refused to respond. Moreover, we have explained to you that CMO must produce worldwide sales summaries by product and that identify CMO's customers and other data requested in LG Display's discovery requests, as LG Display produced to CMO.

Your letter also incorrectly states that LG Display has refused to "outline the contours of its alleged agreement between LGD and AUO on this issue." Again, this is yet another delay tactic by CMO as we have repeatedly informed you of the agreement between LG Display and AUO. We told you that AUO agreed to produce and did produce its worldwide sales data by product and by customer. We also told you that AUO agreed to produce technical information for all of its products sold worldwide. If AUO determines that a certain product is never imported in the U.S., then it will raise those products for discussion with LG Display before withholding any production. There is nothing more to convey to you regarding the agreement between AUO and LG Display. Thus, there is no need for another conference to discuss AUO's agreement or CMO's failure to reach an agreement to produce this relevant information.

It is unfortunate that CMO has chosen to place extreme and unreasonable limits on its document production in violation of its discovery obligations and that CMO has persisted in its refusal to produce relevant information. LG Display cannot be prejudiced further and must seek relief from the Court without further delay.

Very truly yours,

Lora A. Brzezynski

LAB:sak
DC:50564725.1

# EXHIBIT N

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# & Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

LORA A. BRZEZYNSKI
(202) 496-7239

EMAIL ADDRESS
lbrzezynski@mckennalong.com

July 28, 2008

Via E-mail

Thomas C. Werner, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276

Re:  *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, et al.;*
C.A Nos. 06-726-JJF and 07-357-JJF

Dear Tom:

This letter concerns CMO's ongoing refusal to produce large categories of highly relevant and responsive documents. CMO has placed extreme and unreasonable limits on its document production, resulting in substantial prejudice to LG Display. Although CMO continues to "manufacture" issues with LG Display's document production related almost entirely to the form of LG Display's document production and not the quality of LG Display's production, LG Display's primary disputes with CMO concern the paucity of meaningful documents in CMO's production and its refusal to engage in good faith in this discovery process.

1)    CMO has improperly limited its entire production of technical information, including its mask and GDS files, to CMO products "made to specifications suitable for sale in the United States and shipped directly to the United States" and to "only those products identified in LG Display's response to CMO's Interrogatory No. 2." By this limitation, CMO has severely limited its production, denying LG Display access to directly relevant documents as explained in detail in my letters dated June 12, 2008, June 30, 2008, and July 9, 2008. LG Display has not so limited its production to only those products identified by CMO at this stage of the litigation as being accused of infringement, and it is improper for CMO to do so.

2)    CMO has failed to produce information and sales summaries on its worldwide sales. We previously provided an extensive basis for such discovery in our letters dated June 12, 2008, June 30, 2008, and July 9, 2008, including supporting

Thomas C. Werner, Esq.
July 28, 2008
Page 2

authority. Your attempt to stall on this issue in your July 12, 2008 letter[1] by requesting case law is a non-starter. We have provided an extensive basis for our request in our aforementioned letters and even provided a copy of a hearing transcript for a case directly on point from this Court. In that case, Judge Jordan specifically found that the defendants had to produce worldwide sales information and technical information on its products sold worldwide. Both LG Display and AUO have agreed to and have produced documents on their products sold worldwide and worldwide sales information.

     3)    CMO has failed to produce information and documents concerning products sold to CMO's customers that may lead indirectly to the United States. By limiting its production and its definition of "CMO Customer" to only those customers who received products shipped directly to the United States, CMO has denied LG Display discovery highly relevant to LG Display's inducement allegations against CMO. CMO also has failed to produce relevant information and documents exchanged with all of its customers by its unreasonable limitation on the definition of "CMO Customer."

     4)    CMO continues to fail to produce any product specific design documents, including array or product specifications for the TFT substrate for each product that disclose, for example, the composition and thickness of the various layers of the TFT array for each product. LG Display first raised this issue with CMO by letters dated January 3, 2008 and March 6, 2008 in the Texas case. CMO has still failed to remedy this deficiency. CMO's suggestion that its quality control documents for certain of its Fabs provide responsive information is incorrect as these are not product specific design documents. CMO must collect the relevant documents from its research and development and manufacturing employees. Its quality control employees clearly do not have the relevant documents.

We have now raised these deficiencies several times, and CMO has refused to rectify its production. We therefore will proceed to move to compel on these issues.

Further, in my July 8, 2008 letter, we outlined extensive deficiencies in CMO's document production to date. We have not received any response to that letter. First, in that letter, we stated that CMO has produced no documents at all responsive to at least the

---

[1] Your July 12, 2008 letter also improperly characterizes LG Display as failing to produce certain assignment documents related to the 737 patent and certain service manuals. As we stated in my July 8, 2008 letter, LG Display stated that it was producing all assignment documents and it did so prior to the document production deadline of July 18, 2008. Further, LG Display also produced its service manuals prior to the document production deadline as well.

Thomas C. Werner, Esq.
July 28, 2008
Page 3

following LG Display document requests: 2, 3, 5, 12, 14-27, 29-31, 41-46, 48, 50-52, 54-60, 62-67, 69-83, 85-93, and 95-97. We still have been unable to locate any documents responsive to these requests. Second, in response to requests 4, 6-11, 13, and 28, CMO has still not produced or has produced very few documents concerning offers to sell, negotiations regarding its products, CMO's profits, CMO's marketing or advertising of its products including correspondence or other documents exchanged with its customers, or CMO's sales summaries.

Third, in our July 8th letter, we stated that CMO had not provided a full and complete response to requests 32-35 and 37, noting several deficiencies. CMO still has not produced documents related to Fab IDT. Although CMO produced an additional eight pages of floor layouts (572,069 - 572,076), these documents are illegible. CMO needs to produce these documents in native format so that they can be properly viewed. Further, the production of its floor layout documents is not complete. CMO only produced one floor layout for each Fab, although the documents indicate that each Fab may have multiple floors. For example, CMD 572,072 is the floor layout of Fab 4 6F (sixth floor).

With respect to these same document requests, we also have not been able to identify CMO's manufacturing recipes for the gate deposition process and gate etching process (i.e. documents that describe the manufacturing conditions for those processes). The documents produced by CMO do not include the detailed manufacturing parameters of the deposition or etching processes. With respect to these issues, we expect that CMO will be able to respond during our meet and confer at 2:00 pm EST today, as CMO has now had months to produce documents and weeks to respond to my July 8th letter.

Moreover, we have never received a response to my July 9, 2008 letter identifying specific deficiencies with respect to CMO's responses to LG Display's Document Request Nos. 10, 22, 23, 26-27, 30, 31, 74, 76, 81-82. We have also raised in two prior letters (dated June 12 and July 9, 2008) the fact that CMO has produced sales summaries in prior litigations but has not done so in this litigation, despite requests for same. We expect that CMO will be able to respond to these issues during our meet and confer at 2:00 pm EST today, as we have also raised these issues several times and have repeatedly tried to schedule meet and confers to which you have always denied availability.

In addition to the aforementioned major substantive deficiencies, the format of CMO's document production also is problematic. While demanding that LG Display produce its excel spreadsheets in native format, CMO itself has failed to produce all of its excel spreadsheets in native format. In my July 7, 2008 letter, we specifically asked CMO to produce in native form its over 2,700 page index correlating products to mask files attached to its Response and Objections to LG Display's First Set of Interrogatories served in Texas. In such a form, it is largely unusable and unworkable. Please promptly produce that document in native form so that we can sort it.

Thomas C. Werner, Esq.
July 28, 2008
Page 4

        Further, based on our review of CMO's native production documents, we have several
substantial concerns. Because of the cumbersome way CMO produced its files, we have to
attempt to open each file individually, and during that process, we have discovered that many
of the files, including but not limited to certain of the executable files such as the .js files, will
not open. (See e.g., CMD0563010; CMD0563183; CMD0563184; CMD0563189;
CMD0563401; CMD0563575; CMD0563702; CMD0563703; CMD0563706; CMD0563707;
CMD0563708; CMD0563709; CMD0563710; CMD0563711; CMD0563712; CMD0563713;
CMD0563714; CMD0563715; CMD0564267; CMD0564268; CMD0564364; CMD0564365;
CMD0564366; CMD0564367; CMD0564368; CMD0564369; CMD0564370; CMD0564371;
CMD0564372; CMD0564406; CMD0564459; CMD0559741; CMD0560111; CMD0560159;
CMD0560174; CMD0561048; CMD0561049; CMD0561050; CMD0561051; CMD0561052;
CMD0561054; CMD0561108; CMD0561109; CMD0561110; CMD0561111; CMD0561112;
CMD0561113; CMD0561114; CMD0561115; CMD0561116; CMD0561117; CMD0561118;
CMD0561119; CMD0561120; CMD0561121; CMD0561122; CMD0561123; CMD0561124;
CMD0561125; CMD0561126; CMD0561127; CMD0561128; CMD0561129; CMD0561130;
CMD0561131; CMD0561132; CMD0561133; CMD0561134; CMD0561135; CMD0561136;
CMD0561137; CMD0561138; CMD0561163; CMD0561728; CMD0561772; CMD0561773;
CMD0561774; CMD0561795; CMD0561797; CMD0561798; CMD0561799; CMD0561800;
CMD0561900; CMD0561916; CMD0562182; CMD0562381; CMD0563010; CMD0563110;
CMD0564266).  Please promptly re-produce CMO's production with files that can open.

        Moreover, CMO has not branded the actual pages of any of their native production
(such as native pdf files and Word documents) with either a bates number or a confidentiality
designation. Each native file has a single bates number regardless of the number of actual
pages. This will cause a great deal of confusion when trying to refer to individual pages of a
document that is printed out when it will not have any bates number. Significantly, because
CMO chose for some reason to only include the confidentiality label in the electronic file
name and did not take the time to label each page as is customary and required, when CMO's
documents are printed and used in this case, they will not have a label on them. CMO must
immediately re-produce its production with appropriate confidentiality labeling and bates
labeling on each page of its production. If CMO refuses to do so, CMO must assume all risk
of inadvertent disclosure and LG Display's counsel will not be held responsible for any
disclosure because of CMO's failure to properly label and protect its documents. In addition,
CMO produced several Zip files that have a single Bates number on the electronic file name.
When the zip files are opened, they often have several separate pdfs, each with multiple
pages. None of the separate pdfs and multiple pages are bates stamped or properly labeled. It
will be even more difficult for us to keep track of these types of files.

Thomas C. Werner, Esq.
July 28, 2008
Page 5


As CMO demanded an immediate response from LG Display during our meet and confer today regarding CMO's alleged format issues with LG Display's production, we hope that CMO will promptly rectify these deficiencies and expect that CMO will likewise be able to respond to these format issues today.

Very truly yours,

Lora A. Brzezynski

LAB:sak
DC:50561261.1

# EXHIBIT O

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

August 8, 2008

**<u>VIA E-MAIL</u>**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
lbrzezynski@mckennalong.com

> Re:     *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
> (D. Del.)

Dear Lora:

I write in response to your July 28, 2008 letter regarding alleged deficiencies in CMO's document production.

Your letter asserts that CMO has failed to produce documents in response to the majority of LGD's document requests, and suggests that CMO refuses to do so.  For example, your letter states that LGD has been "unable to locate any documents" responsive to 71 out of LGD's 97 Document Requests.  We believe this may be the result of a misunderstanding on LGD's part concerning the documents produced by CMO.  We have found numerous documents in our copy of CMO's document production within virtually every category listed by LGD.  LGD advised CMO of difficulties LGD encountered viewing certain documents in CMO's production—perhaps that, or other technical challenges facing LGD are contributing to LGD's inability to find responsive documents in CMO's production.  In any event, CMO has never refused to produce documents responsive to the 71 categories identified by LGD, subject of course to CMO's stated objections.  I suggest that you review CMO's production again and, if you still cannot locate any responsive documents in these 71 categories, we schedule a meet and confer to try to resolve the issue.

LGD also asked whether CMO is withholding documents in a series of categories for which it has been able to locate CMO documents.  The short answer is that CMO is not withholding documents, and will determine whether there are any additional responsive, non-privileged documents in those categories.  To the extent there are, CMO will produce them.  I address these categories in more detail below.

Regarding fab floor layout documents, we have requested more legible copies of the documents CMO produced, and CMO is investigating whether CMO possesses any additional responsive, non-privileged fab floor layout documents.  CMO will produce any

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
August 8, 2008
Page 2

such documents it locates.  CMO is also investigating whether CMO possesses additional responsive, non-privileged documents relating to IDT, and will produce any such documents, though CMO notes that LGD's assertion that no such documents have been produced is incorrect.  CMO is also investigating whether or not CMO possesses additional responsive, non-privileged documents relating to the manufacturing recipes for the gate deposition process and gate etching process, as well as the composition and thickness of the various layers of the TFT array for CMO's Products, and will produce any such documents.

Please further note that, to the extent CMO produced documents described in your letter after it served its Interrogatory responses, CMO has already agreed to supplement its Interrogatory responses to reference any documents from those productions that are appropriately identified pursuant to CMO's invocation of Rule 33(d).

I will address LGD's assertions regarding production form—and its response to my letter on that subject—under separate cover.  We hope that letter will advance our discussion on that subject so that we can avoid taking those issues to the Court.

Very truly yours,

Thomas C. Werner

cc:     Christian Platt, Esq. (christianplatt@paulhastings.com)
        Brian Range, Esq. (brange@wsgr.com)

1912190

# EXHIBIT P

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHI MEI OPTOELECTRONICS CORPORATION, et al., <br><br> Defendants. | Civil Action No. 06-726 (JJF) <br> Civil Action No. 07-357 (JJF) <br><br> **CONSOLIDATED CASES** |

**DEFENDANT AU OPTRONICS CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF LG DISPLAY CO., LTD.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (Nos. 1-83)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant AU Optronics Corporation ("AUO"), by and through its counsel, hereby objects to Plaintiff LG Display Co., Ltd.'s ("LG Display" or "Plaintiff") First Set of Requests for the Production of Documents and Things as follows:

## AUO'S PRELIMINARY STATEMENT

1.      AUO has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Discovery in this matter has just begun, there is no protective order in place, and neither party has produced any documents. As discovery proceeds, facts, information, evidence, documents, and things may be discovered which are not set forth in these Responses, but which may have been responsive to Plaintiff's Requests. The following Responses are based on AUO's knowledge, information, and belief at this time, and are complete as to AUO's best knowledge at this time. AUO assumes no obligation to voluntarily supplement or amend these Responses to reflect information, evidence, documents, or things discovered following service of these Responses to the extent not required by Rule 26(e). Furthermore, these Responses were prepared based on AUO's good faith interpretation and understanding of the individual Requests and are subject to correction for inadvertent errors or omissions, if any. These Responses are given without prejudice to

1

subsequent revision or supplementation based upon any information, evidence and documentation that hereinafter may be discovered.  AUO reserves the right to refer to, to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in these Responses.

2.      To the extent that any Request seeks documents that are also sought by or identified pursuant to any other Request, AUO declines to produce or identify multiple copies of such documents, and states that each document produced or identified pursuant to any Request is also produced pursuant to every other Request to which it is or may be responsive.

3.      To the extent that any Request seeks documents that have already been produced, or which have been identified as exhibits to any depositions in this action, AUO declines to produce or identify such documents.

4.      To the extent that any Request seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity, AUO declines to produce such documents, which would include and would not be limited to:

(a)      All documents that constitute or record correspondence or other communications between counsel for AUO or its agents or employees and AUO or its agents or employees regarding this action;

(b)      All documents prepared for use in this litigation including notes, memoranda, draft pleadings and correspondence prepared by, at the direction of, or for review by counsel for AUO; and

(c)      All documents that constitute or record correspondence or other communications between AUO and counsel for AUO regarding this action.

## GENERAL OBJECTIONS

1.      AUO objects to Plaintiff's Requests to the extent that they seek documents

and/or information that is not the subject matter of this action or not relevant to a claim or defense of a party.

2.    AUO objects to Plaintiff's Requests to the extent that they are unduly burdensome, oppressive, and/or beyond the scope of discovery permitted under the Federal Rules of Civil Procedure or the U.S. District Court for the District of Delaware.

3.    AUO objects to Plaintiff's Requests to the extent that they seek disclosure of documents and/or information that is private, privileged, and confidential commercial, financial, and/or proprietary, and which may be subject to confidentiality agreements or protective orders.

4.    AUO objects to Plaintiff's Requests to the extent that they require AUO to provide information and/or documents other than that which may be obtained through a reasonably diligent search of AUO's records.

5.    AUO objects to Plaintiff's Requests to the extent that they seek documents and/or information protected from use and/or disclosure by the attorney work-product doctrine, attorney-client privilege, the joint defense and/or common interest privilege, or any other applicable privilege and/or immunity.

6.    AUO objects to Plaintiff's Requests to the extent that they seek documents and/or information already within Plaintiff's possession, already known and/or disclosed to Plaintiff, or which is equally available to Plaintiff.

7.    AUO objects to Plaintiff's Requests to the extent that they seek documents not in the possession, custody, and/or control of AUO.

8.    AUO objects to Plaintiff's Requests to the extent that they are cumulative and/or duplicative of other discovery propounded, and are harassing.

9.    AUO objects to Plaintiff's definitions of "AUO" and "AUOA" as overly broad, vague, unduly burdensome, oppressive, and seeking information that is not the subject matter of the pending action, not relevant to the claims or defenses of any party, not reasonably calculated to lead to discovery of admissible evidence overly broad, vague, unduly burdensome, oppressive,

and beyond the scope of Rules 26 and 34.  These Responses are made only on behalf of AUO and any directors, officers, employees, and/or agents operating on behalf of AUO.

10.    AUO objects to Plaintiff's definitions of "Affiliate(s)," "LCD display product," "LCD module," LCD panel," "TFT substrate," "TFT array," "Color Filter substrate," "Brand," "concern[ing]," "Foreign Counterpart," "relate[ing]," "person," "Communication," "Document," "Specification," "Manufacturing process specifications," and "TFT array specifications."

11.    AUO objects to Plaintiff's definition of "AUO Products" as overly broad, unduly burdensome and oppressive.  The definition is neither limited geographically, nor limited by the technologies disclosed in the patents in this lawsuit.

12.    AUO objects to Plaintiff's definition of "AUO Customers" on the grounds that it is overly broad as to time and geographical scope.

13.    AUO objects to Plaintiff's Requests on the grounds that the Requests are premature, as AUO has not completed its investigation relating to this action, discovery in this matter has just begun and there is no protective order in place.

AUO reserves the right to interpose at trial all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections that would exclude the information and/or documents from evidence.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

**DOCUMENT REQUEST NO. 1:**

All documents that you relied upon and/or identified in responding to LG Display's First Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope.  AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party.  AUO further objects to this Request on the ground that it seeks documents which

constitute protectable trade secrets, confidential financial information, and/or proprietary business information. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive and non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 2:**

All organizational charts and other documents that reflect AUO's entire organizational structure, including the structure of your Intellectual Property department or division, including lines of reporting and all positions, offices, divisions, units, departments, teams, and employees within AUO, and their corresponding titles, functions, and responsibilities.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute proprietary business information. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive and non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 3:**

All documents reflecting the relationship between AUO and AUOA, currently and historically, including, but not limited to, concerning the extent to which AUO and AUOA jointly or separately make decisions; appoint or control employees, officers, and directors; own or control shares of stock in each other; and/or report or control sales and revenue.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the phrase "concerning the extent to which AUO and AUOA jointly or separately make decisions[.]" AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive and non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 4:**

All documents concerning and summarizing transactions between AUO and AUOA, including all information concerning sales, shipments, and imports of AUO Products by or to AUOA.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO also objects to this Request as unduly burdensome and oppressive because the definition for "AUO Products" is overly broad as to scope; the definition is neither limited geographically, nor limited by the technologies disclosed in the patents in this lawsuit. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the phrase "transactions between AUO and AUOA[.]" AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive and non-privileged documents regarding AUO products made, shipped, imported, or sold in the United States since December 1, 2001 following the entry of a protective order in this case. Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 5:**

All documents concerning employees, officers, agents, subsidiaries, or representatives acting on behalf of AUO and/or AUOA in the U.S.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope.

AUO further objects to this Request on the grounds that the phrase "acting on behalf of AUO and/or AUOA" is vague and ambiguous.  AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO does not understand what documents are sought by this request, as the request, as phrased, seeks all documents relating to employees, officers, agents, subsidiaries, or representatives acting on behalf of AUO and/or AUOA in the U.S., regardless of the subject matter of such documents. Such a request is  overly broad and, as phrased, not relevant.  AUO will consider searching for and producing documents responsive to a narrower version of this request after LGD re-phrases the request, and following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 6:**

All documents, including, but not limited to, summaries, reports, communications, price quotations, and negotiations, concerning or reflecting offers to sell and/or supply AUO Products, and all date, customer, Brand, product, model, quantity, price, order, payment, and/or shipment information regarding such offers to sell.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO also objects to this Request as unduly burdensome and oppressive because the definition for "AUO Products" is overly broad as to scope; the definition is neither limited geographically, nor limited by the technologies disclosed in the patents in this lawsuit.  AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the phrase "summaries, reports, communications, price quotations, and negotiations, concerning or

reflecting offers to sell and/or supply AUO Products[.]."  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive and non-privileged documents regarding AUO products made, shipped, imported, or sold in the United States since December 1, 2001 following the entry of a protective order in this case. Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 7:**

All documents, including, but not limited to, summaries, reports, communications, price quotations, negotiations, purchase orders, bills of sale, bills of lading and invoices concerning or reflecting sales, shipments forecasts and/or projections related to AUO Products, both worldwide and in the U.S. since December 1, 2000, and all date, customer, Brand, product, model, quantity, price, order, payment, and/or delivery information regarding such sales and shipments on an annual and monthly basis.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO also objects to this Request as unduly burdensome and oppressive because the definition for "AUO Products" is overly broad as to scope; the definition is neither limited geographically, nor limited by the technologies disclosed in the patents in this lawsuit.  AUO further objects to

this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive and non-privileged documents sufficient to show the sales of AUO products made, shipped, imported, or sold in the United States since December 1, 2001 following the entry of a protective order in this case. Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 8:**

All documents, in native format, summarizing and reflecting sales, shipments, price per unit, gross profit per unit, net profit per unit, fixed cost per unit, and variable cost per unit of AUO Products, for each LCD panel and LCD module made and sold by or for you since December 1, 2000, including identifying from whom each product was shipped and to whom each product was shipped.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO also objects to this Request as unduly burdensome and oppressive because the definition for "AUO Products" is overly broad as to scope; the definition is neither limited geographically, nor limited by the technologies disclosed in the patents in this lawsuit. AUO further objects to

this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive and non-privileged documents regarding AUO products made, shipped, imported, or sold in the United States since December 1, 2001 following the entry of a protective order in this case. Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide. Furthermore, AUO will produce such documents in a format or formats mutually agreed to between the parties.

## DOCUMENT REQUEST NO. 9:

All documents concerning the actual or potential sale, marketing, advertising, distribution, shipment, or delivery of AUO Products and/or LCD display products in, to, or for the United States, including all documents concerning any meetings or presentations in the U.S. attended by AUO and/or AUOA.

## RESPONSE TO DOCUMENT REQUEST NO. 9:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the term "potential" and the phrase "meetings or presentations." AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade

secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive and non-privileged documents relating to sales of AUO products in the U.S. since December 1, 2001 following the entry of a protective order in this case.

## DOCUMENT REQUEST NO. 10:

All documents and communications concerning the use, making, importation, sale, and offer to sell, in or to the U.S. since December 1, 2000 of LCD modules or LCD panels made or sold by or for you, or LCD display products that include LCD modules or LCD panels made by you, including any documents that identify each person that imported, received, purchased, distributed, sold or offered for sale in or to the U.S. each LCD display product, LCD module, and LCD panel, and the quantity, price, Brand, and Part Number of each LCD display product, LCD module, and LCD panel imported, received, purchased, distributed, and sold each month since December 1, 2000.

## RESPONSE TO DOCUMENT REQUEST NO. 10:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to scope. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is

premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive and non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 11:**

All documents, in native format if available, summarizing transactions since December 1, 2000 with any AUO Customer, distributor, reseller, and retailer that either does business in part or has an Affiliate that does business in part in the U.S. concerning AUO Products and/or LCD display products that may contain AUO Products, including, but not limited to, all offers to sell, sales, orders, shipments, and imports.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to scope.  AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the term "summarizing transactions[.]"  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce documents relating to AUO products made, shipped, imported, or sold in the United States since December 1, 2001 following the entry of a

protective order in this case.  Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.  Furthermore, AUO will produce such documents a format or formats mutually agreed to between the parties.

## DOCUMENT REQUEST NO. 12:

All documents, in native format if available, that identify each LCD display product that has used or incorporated any AUO Products, including which AUO Product Brands, models and Part Numbers have been used or incorporated in which LCD display product Brands, models and Part Numbers since December 1, 2000 and in what quantities.

## RESPONSE TO DOCUMENT REQUEST NO. 12:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to scope.  AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party.  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce documents relating to AUO products made, shipped, imported, or sold in the United States since December 1, 2001 following the entry of a protective order in this case.  Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.  Furthermore, AUO will produce such documents in a format or formats mutually agreed to between the parties.

**DOCUMENT REQUEST NO. 13:**

Documents sufficient to show for each AUO Customer each product, identified by model and Part Number, that you have made, sold, offered for sale, shipped, or supplied to or for that customer since December 1, 2000.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to scope.  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce documents relating to AUO products made, shipped, imported, or sold, via AUO customers, into the United States since December 1, 2001 following the entry of a protective order in this case. Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 14:**

All contracts and agreements between AUO and AUO Customers (including Brands and any original equipment manufacturers or systems integrators that use AUO Products such as AOC, Foxconn, TPV, Jean, Lite-On, and BenQ) concerning AUO products and/or LCD display products (such as, but not limited to Letters of Agreement, Long Term Agreements, Master Purchase Agreements, Product Purchase Agreements, Memoranda of Understanding, Base Agreements, Evaluation and Testing Schedules, Statements of Work, Supplier Agreements, Supplier Quality Agreements, Product Return Schedules, Adoption Agreements, Plan of Record

Risks Agreements, Indemnification Agreements, Joint Marketing Agreements, and Goods Agreements).

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce documents concerning AUO products made, shipped, imported, or sold, via AUO customers, into the United States since December 1, 2001 following the entry of a protective order in this case. Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 15:**

All documents concerning communications, and other documents exchanged, between or among AUO and AUO Customers (including any Brands and any original equipment manufacturers or systems integrators that use AUO Products) or potential AUO customers regarding the design, manufacture, testing, use, sale, marketing, supply, distribution, shipping, and/or importation of AUO Products, or products containing AUO Products, including, but not limited to proposals, quotes, instructions, specifications, and reports (such as Road Maps, Business/Biz Alignment presentations, Materials Restricted for Use documents, Product

Codenames, Overviews, Quarterly Updates, Market Updates, Forecasts, Feasibility Studies, Product Strategies, Quarterly Business Reviews, LCD Market Reports, Performance Updates, Meeting Agendas, Service Proposals, Product Proposals, Pricing Mechanism Proposals, Sales Kits, Product or Business Meeting Agendas, Company Profiles, and Action Plans).

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce documents concerning AUO products made, shipped, imported, or sold, via AUO customers, into the United States since December 1, 2001 following the entry of a protective order in this case. Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 16:**

All documents concerning strategic alliances and joint ventures including, but not limited to agreements and related communications between AUO and Fujitsu.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope.

AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the term "strategic alliances." AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 17:**

All reports, forecasts, projections, plans, estimates, revenues, and data compilations, in native format if available, created, generated, received or maintained, including the computer databases or document management systems in which such documents are located, concerning the revenues, profitability, manufacturing, marketing, advertising, importation, distribution, purchase and sales of LCD display products, LCD modules or LCD panels made, sold, or offered for sale, by or for you, on a monthly basis since December 1, 2000.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to scope. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable

trade secrets, confidential financial information, and/or proprietary business information. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents regarding AUO products made, shipped, imported, or sold in the United States since December 1, 2001 following the entry of a protective order in this case. Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide. Furthermore, AUO will produce such documents in a format or formats mutually agreed to between the parties.

**DOCUMENT REQUEST NO. 18:**

All documents exchanged between AUO and any of the following concerning AUO Products, including all accused products and products that could be considered similar to accused products:

  a.  BenQ, including its affiliates and subsidiaries;

  b.  TPV Electronics (Fujian) Company Ltd., including its affiliates and subsidiaries;

  c.  Proview Optronics (Shenzhen) Co. Ltd., including its affiliates and subsidiaries;

  d.  Hewlett-Packard, including its affiliates and subsidiaries;

  e.  Acer, including its affiliates and subsidiaries;

  f.  Dell, including its affiliates and subsidiaries;

  g.  Apple Computer, Inc., including its affiliates and subsidiaries;

  h.  Samsung, including its affiliates and subsidiaries.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope.

AUO also objects to the Request on the grounds that the phrases "accused products" and "products that could be considered similar to accused products" are not defined, and therefore the Request is vague and ambiguous. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

**DOCUMENT REQUEST NO. 19:**

All documents exchanged between AUO and any of the following concerning the United States, including, for example, with respect to U.S. market trends or consumer preferences, AUO Products that could be used or sold in the U.S., and/or AUO employees, meetings, offices, or presentations in or regarding the U.S:

 a.  BenQ, including its affiliates and subsidiaries;

 b.  TPV Electronics (Fujian) Company Ltd., including its affiliates and subsidiaries;

 c.  Proview Optronics (Shenzhen) Co. Ltd., including its affiliates and subsidiaries;

 d.  Hewlett-Packard, including its affiliates and subsidiaries;

 e.  Acer, including its affiliates and subsidiaries;

 f.  Dell, including its affiliates and subsidiaries;

 g.  Apple Computer, Inc., including its affiliates and subsidiaries;

 h.  Samsung, including its affiliates and subsidiaries.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope.

AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the phrase "concerning the United States." . AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO does not understand what documents are sought by this request, as the request, as phrased, seeks all documents "concerning the United States," regardless of the subject matter of such documents. Such a request is overly broad and, as phrased, not relevant. AUO will consider searching for and producing documents responsive to a narrower version of this request after LGD re-phrases the request and a protective order has been entered in this case.

**DOCUMENT REQUEST NO. 20:**

All documents concerning any meeting, strategy, presentation, communication, plan, or efforts by or involving AUO to sell, supply, import, advertise, market, promote, or distribute LCD modules and LCD panels to AUO Customers, potential customers, and/or any Brand or company that sells LCD display products.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible

as to the phrase "efforts by or involving AUO[.]"  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents concerning AUO products made, shipped, imported, or sold, via AUO customers, into the United States since December 1, 2001 following the entry of a protective order in this case. Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 21:**

All documents regarding any marketing and advertising of AUO Products, including but not limited to, budgets, advertisements, meeting agendas, presentations, meeting notes, marketing plans and reports, Sales Kits, Joint Marketing Agreements, Product and/or Technology Road Maps, attendance at trade shows worldwide, trademarks applied for or registered for, travel approval forms for travel worldwide, and communications.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party.  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or

proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents concerning AUO products made, shipped, imported, or sold in the United States since December 1, 2001 following the entry of a protective order in this case.   Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

## DOCUMENT REQUEST NO. 22:

All documents exchanged between AUO and DisplaySearch or any other market research publisher concerning LCD modules, LCD panels, AUO Products, or AUO Customers, including, but not limited to, financial information.

## RESPONSE TO DOCUMENT REQUEST NO. 22:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the term "market research publisher."  AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party.  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no

protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents concerning AUO products made, shipped, imported, or sold in the United States since December 1, 2001 following the entry of a protective order in this case.  Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 23:**

All documents generated or relied upon by AUO since December 1, 2000 that reference information or data from DisplaySearch or any other market research publisher.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to scope.  AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the term "market research publisher."  AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party.  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO

will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 24:**

All documents concerning the U.S. and/or North American market for AUO products and LCD display products.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the phrase "U.S. and/or North American market for AUO products and LCD display products." AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO does not understand what documents are sought by this request, as the request, as phrased, seeks all documents relating to the U.S. and/or North American market, regardless of the subject matter of such documents. Such a request is overly broad and, as phrased, not relevant. AUO will consider searching for and producing documents responsive to a narrower version of this request after LGD re-phrases the request and a protective order has been entered in this case.

**DOCUMENT REQUEST NO. 25:**

All documents concerning the marketing and/or sale of LCD display products in or for the U.S. and/or North American market, including, for example, communications with Brands, AUO Customers, or potential customers that sell in the U.S. any LCD display products that contain AUO Products.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope, as it seeks documents relating to any LCD display product and is not limited to the products at issue in this case. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the term "the U.S. and/or North American market." AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce documents relating to AUO products made, shipped, imported, or sold in the United States since December 1, 2001 following the entry of a protective order in this case. Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 26:**

All documents concerning any trips to the United States by any AUO employee regarding AUO products.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that the phrase "trips… regarding AUO products" is overly broad, vague and ambiguous." AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents relating to business trips taken by AUO employees to the U.S. concerning AUO products made, shipped, imported, or sold in the United States since December 1, 2001 following the entry of a protective order in this case. .

**DOCUMENT REQUEST NO. 27:**

All documents concerning any trips by any AUO or AUOA employee to any AUO customer, potential AUO customer, or Brand that does business in part in the U.S. or is an Affiliate of an entity that does business in the U.S., including but not limited to any Dell or Hewlett Packard locations outside the U.S.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope, especially with respect to "any trips" and "potential customer." AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending

action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents concerning AUO customers who purchased, shipped, imported, or sold AUO Products in the United States since December 1, 2001 following the entry of a protective order in this case. produce relevant, responsive and non-privileged Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 28:**

Documents sufficient to identify each person who imported and/or sold in the U.S. any AUO Products since December 1, 2000.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to scope. AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is

premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 29:**

All documents concerning any laws, regulations, or requirements in the U.S. that apply to AUO Products or LCD display products, including, but not limited to, documents evidencing compliance with any such U.S. laws, regulations, and requirements (for example, UL and EPA requirements).

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the grounds that it seeks documents that publicly available, and thus equally accessible to Plaintiff.  AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the phrase "documents evidencing compliance[.]"  AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party.  AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

**DOCUMENT REQUEST NO. 30:**

All documents that you submitted, filed with, and received since December 1, 2000, from any U.S. (federal, state or local) government agency or authority concerning the importation and/or sale of AUO Products, and any requirements or approvals for such sales and imports.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information. AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

**DOCUMENT REQUEST NO. 31:**

All documents concerning the service, and/or repair in the U.S. of AUO Products and/or LCD display products that contain AUO Products, including, for example, documents identifying or concerning companies that have provided, or are authorized to provide, warranty or other repair service to AUO Products in the U.S. (such as, but not limited to Teleplan, Peripheral Computer Support and Jabil Circuit) and all contracts, agreements and communications with such companies (such as, but not limited to, Statements of Work, Repair Service Programs, Prospective Global Service Questionnaires, Spare Parts Purchase Orders, and Repair Memos for Repair Centers).

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

**DOCUMENT REQUEST NO. 32:**

All documents concerning the manufacture of any AUO TFT array or TFT substrate including, but not limited to, TFT array Specifications that describe or disclose the material composition of each layer of each substrate; process Specifications that describe or disclose the steps for forming (e.g., cleaning, depositing, coating, etching, and/or stripping) each layer of each substrate, and mask files (i.e., electronic files such as GDS-II) that describe or disclose the layer patterns of each substrate.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets and/or proprietary business information. AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity. AUO further objects to this Request on the ground that it is premature because there is no protective

order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents regarding AUO TFT products made, shipped, imported, or sold in the United States since December 1, 2001 following the entry of a protective order in this case. Unless otherwise agreed upon between LGD and AUO, AUO will NOT produce documents regarding AUO TFT products sold worldwide.

**DOCUMENT REQUEST NO. 33:**

All documents concerning the design and/or analysis of the structure of any thin-film transistor on any AUO TFT substrate including, but not limited to, documents that describe or disclose the cross section structure of a TFT, and documents that describe or disclose testing, analysis, or evaluation, including performance, produceability, operation, yield, reliability, fault, or quality control, of AUO Products including components or structures of TFT arrays and LCD panels.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets and/or proprietary business information. AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity. AUO further objects to this Request on the ground that it is premature because there is no

protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents concerning AUO products made, shipped, imported, or sold in the United States since December 1, following the entry of a protective order in this case. Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 34:**

All documents concerning any AUO cell assembly process including, but not limited to, product Specifications and CAD files that describe or disclose patterns (e.g., seal printing or seal dispensing, liquid crystal filling, Au or Ag dispensing, UV light masking, and/or glass cutting) on the AUO TFT substrate and/or the AUO Color Filter Substrate; process Specifications that describe or disclose the steps for assembling (e.g., cleaning, printing, filling, dispensing, attaching, exposing to UV light, baking, cutting, beveling, and/or bubble removal) an AUO LCD panel; and material Specifications that describe or disclose the sealant material (e.g., by designated product name, supplier, and/or composition) for each AUO LCD panel.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the term "cell assembly process." AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets and/or proprietary business information. AUO also objects to this Request to the extent that it seeks documents that are

protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents concerning AUO products made, shipped, imported, or sold in the United States since December 1, following the entry of a protective order in this case. Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

## DOCUMENT REQUEST NO. 35:

All documents concerning any AUO cell assembly material flow and fabrication equipment, including, but not limited to, fabrication equipment floor layouts for all cell assembly production lines; Specifications that describe or disclose a cell production line as serial, single or other similar designation; and documents that describe or disclose the process flow, control, relative timing, and/or operation of the seal dispensing, liquid crystal dispensing, cleaning, and/or assembly equipment in each cell assembly production line.

## RESPONSE TO DOCUMENT REQUEST NO. 35:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the term "cell assembly." AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets and/or proprietary business information. AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other

applicable privilege or immunity.  AUO further objects to this Request on the ground that it is

premature because there is no protective order in effect in this case, AUO has not finished its

own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific

Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO

will make reasonable efforts to locate and produce relevant, responsive, non-privileged

documents concerning AUO products made, shipped, imported, or sold in the United States since

December 1, following the entry of a protective order in this case.  Absent reciprocal agreements

with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 36:**

Representative samples of each distinct type of AUO's LCD modules and LCD panels.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

In addition to the General Objections set forth above and incorporated herein by

reference, AUO objects to this Request on the ground that it is overbroad as to time and scope.

AUO further objects to this Request on the ground that it seeks information not related to the

subject matter of the pending action and/or not relevant to the claims and/or defenses of any

party.   AUO further objects to this Request on the ground that it is premature because there is no

protective order in effect in this case, AUO has not finished its own investigation, and discovery

is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific

Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO

objects to this request as unduly burdensome; it requires AUO to collect and furnish thousands of

LCD module and/or panel products.  Nevertheless, AUO will make available responsive and

representative sample AUO products made, shipped, imported, or sold in the United States since

December 1, 2001 within its possession, custody, or control for purchase by LGD, provided that

LGD also agrees to pay AUO for the shipping and handling expenses.  Absent reciprocal

agreements with LGD, AUO will NOT produce representative samples of AUO products sold worldwide.

**DOCUMENT REQUEST NO. 37:**

All documents concerning the designs, structures, procedures, process conditions, equipment used, materials, functions, analysis, operation, absence, use, and/or purpose of the following with respect to your products and manufacturing:

a.      Electrostatic Discharge Protection, including:

i.      structures or components on a TFT substrate or LCD Panel;

ii.      manufacturing process steps that relate to electrostatic charge or discharge; and

iii.      equipment, environmental conditions or procedures that relate to reducing electrostatic charge, discharge, or dispersal of discharge; and

iv.      testing, analysis, or evaluation (including performance, produceability, yield, reliability, fault, or quality control) of structures, equipment, conditions or procedures related to electrostatic charge, discharger or dispersal of discharge;

b.      TFT substrate and Color Filter design and manufacture, including:

i.      procedures, process conditions and materials used for the deposition and patterning of each layer;

ii.      design and measurement of component performance (e.g., threshold voltage, capacitance values), material characteristics (e.g., resistivity) and pattern parameters (e.g., thickness, width, length, shape); and

iii.      design and operation of components and layers depicted in mask files; and

iv.      testing, analysis, or evaluation (including performance, produceability, yield, reliability, fault, or quality control) of individual layers, physical interrelationships between layers, and electrical characteristics of interrelationships between layers;

c.      Cell assembly, including:

i.      applying or dispensing sealant, including patterns as depicted in CAD files;

ii.      procedures and equipment used for applying or curing the sealant;

     iii.      applying, dispensing, or injecting liquid crystal material;

     iv.      aligning, joining and cutting TFT and Color Filter substrates;

     v.      testing, analysis, or evaluation (including performance, produceability, yield, reliability, fault, or quality control) of sealant application or dispensing patterns; and

     vi.      evaluation of production line capacity, throughput or costs associated with each production line;

     d.      Module assembly, including:

     i.      backlight unit structures and components;

     ii.      design, operation and interrelationship of components depicted in CAD files; and

     iii.      driver circuit attachment and operation.

## RESPONSE TO DOCUMENT REQUEST NO. 37:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the terms "Electrostatic Discharge Protection," "TFT substrate and Color Filter design and manufacture," "cell assembly," and "module assembly." AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets and proprietary business information. AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents concerning AUO products made, shipped, imported, or sold in the United States since

December 1, following the entry of a protective order in this case.   Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 38:**

All documents regarding any product, publication, patent, or other document or thing that you contend qualifies as prior art to the LG Display Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 39:**

All documents concerning the monetary value of the LG Display Patents (whether individually, together, or as part of a larger portfolio), including but not limited to any appraisals, reports, or opinions.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the term "monetary value."  AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the

claims and/or defenses of any party.  AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

## DOCUMENT REQUEST NO. 40:

All documents concerning the monetary value of the AUO Patents (whether individually, together, or as part of a larger portfolio), including but not limited to any licenses, accounting records, settlement agreements, appraisals, reports, or opinions.

## RESPONSE TO DOCUMENT REQUEST NO. 40:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the term "monetary value."  AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party.  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information.  AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 41:**

All documents reflecting any indemnification provisions or agreements, transfer or conveyance of assets or liabilities, contracts, rights, and interests concerning AUO products since December 1, 2000.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to scope.  AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party.  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents concerning AUO products made, shipped, imported, or sold in the United States since December 1, following the entry of a protective order in this case.  Absent reciprocal agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

**DOCUMENT REQUEST NO. 42:**

All documents concerning the existence or absence of acceptable, non-infringing alternatives to any products upon which AUO bases its claim for damages, and the features of such alternatives.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO objects to the term "acceptable" as vague and ambiguous. AUO objects to the term "features of such alternatives" as vague and overbroad. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 43:**

All documents concerning any contention by you regarding whether or not any AUO product or process infringes one or more claims of an LG Display Patent, whether literally or under the doctrine of equivalents.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, and/or proprietary business information. AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity. AUO further objects to this Request on the ground that it is premature because there is no protective

order in effect in this case, AUO has not finished its own investigation, and discovery is
continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific
Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO
will make reasonable efforts to locate and produce relevant, responsive, non-privileged
documents following the entry of a protective order in this case and at such time as AUO is
required to exchange documents regarding infringement contentions.

## DOCUMENT REQUEST NO. 44:

All documents concerning any contention by you regarding whether or not any LG
Display product or process infringes one or more claims of an AUO Patent, whether literally or
under the doctrine of equivalents.

## RESPONSE TO DOCUMENT REQUEST NO. 44:

In addition to the General Objections set forth above and incorporated herein by
reference, AUO objects to this Request on the ground that it is overbroad as to time and scope.
AUO also objects to this Request to the extent that it seeks documents that are protected by the
attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege
or immunity.  AUO further objects to this Request on the ground that it is premature because
there is no protective order in effect in this case, AUO has not finished its own investigation, and
discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific
Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO
will make reasonable efforts to locate and produce relevant, responsive, non-privileged
documents following the entry of a protective order in this case and at such times as AUO is
required to exchange documents regarding infringement contentions.

## DOCUMENT REQUEST NO. 45:

All documents concerning any opinion of counsel regarding the LG Display Patents,
including, for example, all opinions, draft opinions, notes, analyses, and communications

regarding each opinion, and all documents received and/or considered for the purposes of each opinion.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets and/or proprietary business information.  AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 46:**

All communications concerning the LG Display Patents or any counterpart thereof, including but not limited to, internal memoranda, e-mail, and correspondence between you and your officers, agents, consultants, subcontractors, and employees.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party.  AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable

privilege or immunity. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case. AUO is willing to meet and confer regarding a reasonable scope of e-mail searches.

**DOCUMENT REQUEST NO. 47:**

All documents concerning the conception, design, reduction to practice (actual and constructive), diligence or lack of diligence in reduction to practice, research, and development of each invention, product, device, service, method, or activity, that relates to or is covered by one or more of the claims of the AUO Patents or the Foreign Counterparts of the AUO Patents, including but not limited to, all product proposals, design notes, engineering notebooks, laboratory notebooks, memoranda, drawings, specifications, prototypes, computer software, change orders, publications, and printed matter concerning such products, devices, services, methods, or activities, and any written description, printed publication or disclosure prior to the respective application dates for each of the AUO Patents, whether in the U.S. or elsewhere.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request to the extent that it is overbroad as to time and scope. AUO further objects to this Request to the extent it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO also objects to this Request to the extent that it seeks documents that

are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 48:**

All documents concerning any use, whether public or otherwise and whether experimental or otherwise, of each alleged invention corresponding to any claims of the AUO Patents or the Foreign Counterparts of the AUO Patents prior to the respective application dates for each of the AUO Patents, whether in the U.S. or elsewhere.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO objects to this request to the extent it seeks discovery on "any use" and is therefore overbroad. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

## DOCUMENT REQUEST NO. 49:

With respect to each of the AUO Patents and Foreign Counterparts of the AUO Patents, and including any interference or reexamination thereof or related thereto, the following categories of documents:

a.      the complete patent prosecution files and all documents relating to prosecution of each of the AUO Patents;

b.      all documents concerning the decision to file each application, the scope of the claims during prosecution, the naming of inventors or any amendment thereof, and the preparation of the patent application(s);

c.      all documents reviewed, consulted, considered, or prepared in connection with the preparation or prosecution of each application, including, without limitation, any prior art or potential prior art identified or known during prosecution;

d.      all drafts of the application(s), any amendments thereof, any responses to Patent Office actions and any other papers filed during prosecution;

e.      all documents concerning communication with or from any third person or any of the inventors or possible inventors or any person at any time named as an inventor;

f.      all documents concerning communications with or from any patent attorney, patent agent, or prior art searcher relating to the prior art, the invention, applications, or the prosecution of the application(s);

g.      all documents relating to references cited by or to the United States Patent and Trademark Office or any foreign patent office during the prosecution of the application(s); and

h.      all documents concerning ownership and/or assignments or transfers of interest with respect to the AUO Patents.

## RESPONSE TO DOCUMENT REQUEST NO. 49:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO also objects to this Request to the extent that it seeks documents that are protected by the

attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 50:**

All documents concerning all links in the chain of title or ownership of the AUO Patents, the Foreign Counterparts of the AUO Patents, or related family patent rights, beginning with the inventors, including but not limited to all assignment documents and all documents referring or relating to the acquisition of the AUO Patents, the Foreign Counterparts of the AUO Patents, or related family patent rights.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential  information, and/or proprietary business information. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing. AUO objects to the extent this request seeks information regarding ownership of irrelevant foreign patents.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

## DOCUMENT REQUEST NO. 51:

All documents concerning the actual or potential purchase, sale, or transfer of any rights or interest in or to the AUO Patents, including but not limited to communications, negotiations, offers, discussions, presentations, meeting notes, meeting minutes, analyses, agreements, contracts, assignments, and licenses, including all drafts, modifications or amendments (if any) thereof, and documents exchanged with third parties.

## RESPONSE TO DOCUMENT REQUEST NO. 51:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents concerning AUO products made, shipped, imported, or sold in the United States since December 1, following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 52:**

All documents concerning all communications between AUO and any third-party related to the AUO Patents or the subject matter of the AUO Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party.  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 53:**

All documents concerning any prior art relevant to the LG Display Patents and/or the AUO Patents, including all prior art or potential prior art references to those Patents-in-Suit or their respective Foreign Counterparts.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO also objects to this Request to the extent that it seeks documents that are protected by the

attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity.  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.  AUO objects to the term "potential prior art references" as vague, ambiguous, and overbroad.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.


**DOCUMENT REQUEST NO. 54:**

All documents concerning any contention that secondary considerations show the AUO Patents and the Foreign Counterparts of the AUO Patents to be non-obvious, including, without limitation, documents relevant to:

a.    any alleged long-felt need, or absence thereof, for the subject matter of any of the claims of the AUO Patents;

b.    any alleged commercial success, or lack thereof, of the subject matter of any of the claims of the AUO Patents;

c.    any alleged copying by others, or lack thereof, of the subject matter of any of the claims of the AUO Patents;

d.    any alleged praise, or absence thereof, for the subject matter of any of the claims of the AUO Patents;

e.    any alleged unexpected results, or lack thereof, of the subject matter of any of the claims of the AUO Patents;

f.      any alleged skepticism, or lack thereof, concerning the subject matter of any of the claims of the AUO Patents; or

g.      any alleged nexus or lack thereof between the use of the subject matter claimed in the AUO Patents and the alleged commercial success of products or services using or incorporating that subject matter.

## RESPONSE TO DOCUMENT REQUEST NO. 54:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague and ambiguous as to the term "secondary considerations." AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

## DOCUMENT REQUEST NO. 55:

All documents received by AUO from LG Display or any person, referencing any LG Display Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the grounds that the request is unduly burdensome, as the documents sought are already in the possession of Plaintiff. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 56:**

All documents sent by or on behalf of AUO to LG Display or any person affiliated with LG Display, referencing any AUO Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the grounds that it is unduly burdensome, as the documents sought are already in the possession of Plaintiff. AUO further objects to this Request

on the ground that it is vague, ambiguous, and unintelligible as to the term "affiliated with." AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

## DOCUMENT REQUEST NO. 57:

All documents relating to any alleged commercial success of AUO's products or third party products that are comparable to the accused LG Display products, including but not limited to documents relating to the nexus between the alleged commercial success and the subject matter of the AUO Patents; licensing revenue attributed to licensing of the patents; the total market in which the relevant products compete and the percent of the market (based on units or dollars) which is attributable to such products; commendation or tribute by competitors, customers, or others in the industry to any alleged advance attributed to any of the relevant products; actual savings achieved by use of any of the relevant products and the basis for computing such savings; ratings of allegedly infringing products; and significance of Brand name or trademark in this market.

## RESPONSE TO DOCUMENT REQUEST NO. 57:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague and ambiguous as to the term "commercial success." AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any

other applicable privilege or immunity.  AUO further objects to this Request on the ground that it

seeks documents which constitute protectable trade secrets, confidential financial information,

and/or proprietary business information.  AUO further objects to this Request on the ground that

it is premature because there is no protective order in effect in this case, AUO has not finished its

own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific

Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO

will make reasonable efforts to locate and produce relevant, responsive, non-privileged

documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 58:**

All documents concerning the utility, advantages, problems, and solutions corresponding

to inventions disclosed, described or claimed in any of the AUO Patents and/or LG Display

Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

In addition to the General Objections set forth above and incorporated herein by

reference, AUO objects to this Request on the ground that it is overbroad as to time and scope.

AUO further objects to this Request to the extent that it seeks information not related to the

subject matter of the pending action and/or not relevant to the claims and/or defenses of any

party.  AUO also objects to this Request to the extent that it seeks documents that are protected

by the attorney-client privilege and/or attorney work product doctrine, or any other applicable

privilege or immunity.  AUO further objects to this Request on the ground that it seeks

documents which constitute protectable trade secrets, confidential financial information, and/or

proprietary business information.  AUO further objects to this Request on the ground that it is

premature because there is no protective order in effect in this case, AUO has not finished its

own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific

Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO

will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 59:**

All documents that identify employees, officers, agents, subsidiaries, or representatives acting on behalf of AUO and/or AUOA in the U.S.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the grounds that the phrase "acting on AUO's or AUOA's behalf" is vague and ambiguous. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this request on the grounds that it is duplicative of Request No. 5. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents sufficient to identify employees, officers, agents, subsidiaries, or representatives acting on AUO's behalf in the U.S. following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 60:**

All documents concerning indemnification for any infringement or liability with respect to the LG Display Patents, including, but not limited to, any documents constituting or incorporating any indemnification agreements or provisions to which you are a party.

**RESPONSE TO DOCUMENT REQUEST NO. 60:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope.

AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 61:**

All license agreements, covenants not to sue, and related agreements to which AUO is a party, including all addendums [sic], amendments, and exhibits to such license agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 61:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope; The request is not limited to a time period, not limited by geography, and not limited to the technologies disclosed in the patents in this lawsuit  AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 62:**

All license agreements and related agreements concerning LCD modules, LCD panels, LCD display products, and/or the manufacture or assembly of any such products, including all addendums [sic], amendments, and exhibits to such license agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 62:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope; The request is neither limited to a time period, nor limited geographically. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case, provided that such documents are relevant to the claims and defenses at issue in this case.

**DOCUMENT REQUEST NO. 63:**

All documents concerning your former or current patent licensing policies, practices or strategies, and including documents regarding the identity and significance of all factors that you

have considered when negotiating license agreements or valuing technology for licensing purposes from December 1, 2000 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 63:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to scope: The definition is neither limited geographically, nor limited by the technologies disclosed in the patents in this lawsuit. AUO further objects to this Request on the ground to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce responsive, non-privileged documents that are relevant to the technologies at issue in this case following the entry of a protective order.

**DOCUMENT REQUEST NO. 64:**

All documents relating to AUO's first awareness of each allegedly infringing act or product for which AUO seeks any recovery against LG Display, including when AUO first determined that any LG Display Product or process infringes one or more claims of any AUO Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 64:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business

information.  AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case,

**DOCUMENT REQUEST NO. 65:**

All documents concerning any lost profits sought by AUO in this case.

**RESPONSE TO DOCUMENT REQUEST NO. 65:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the term "lost profits."  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case,

**DOCUMENT REQUEST NO. 66:**

All documents concerning any reasonable royalties sought by AUO in this case, including with respect to each of the factors referenced in Georgia-Pacific Corp. v. United States

Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), modified and aff 'd, 446 F.2d 295 (2d Cir. 1971), and royalty damages claimed for each AUO Patent.

**RESPONSE TO DOCUMENT REQUEST NO. 66:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case,

**DOCUMENT REQUEST NO. 67:**

All documents reflecting all valuations and the methodology or basis that you have used since December 1, 2000, to negotiate or calculate the rate or amount of royalty regarding any patents concerning technology used in or for LCD modules, LCD panels, LCD display products, or manufacturing as to any such products.

**RESPONSE TO DOCUMENT REQUEST NO. 67:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work

product doctrine, or any other applicable privilege or immunity.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce responsive, non-privileged documents that are relevant to the technologies at issue in this case following the entry of a protective order.

**DOCUMENT REQUEST NO. 68:**

All documents concerning the types of technology involved in any license agreement to which AUO is a party, and documents reflecting the extent to which any existing licenses involve technology that is relevant or comparable to the subject matter of the AUO Patents and/or the LG Display Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 68:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is vague, ambiguous, and unintelligible as to the term "types of technology."  AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party.  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO

will make reasonable efforts to locate and produce responsive, non-privileged documents that are relevant to the technologies at issue in this case following the entry of a protective order.

**DOCUMENT REQUEST NO. 69:**

All documents reflecting any marking or obligation to mark products with any of the AUO Patent numbers and/or LG Display Patent numbers.

**RESPONSE TO DOCUMENT REQUEST NO. 69:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. . AUO further objects to this Request on the ground that the phrase "any marking or obligation to mark products" is vague and ambiguous. . AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order.

**DOCUMENT REQUEST NO. 70:**

All documents concerning any products that allegedly infringe one or more claims of any AUO Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 70:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. The Request is overly broad as to the phrase "any product."  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this

case, AUO has not finished its own investigation, and discovery is continuing and ongoing. AUO objects to this Request as seeking documents in LG Display's custody and control.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents relating to the products at issue in this case following the entry of a protective order.

**DOCUMENT REQUEST NO. 71:**

Documents sufficient to determine the manufacturing cost and yield for all AUO Products and fabrication plants, including, but not limited to, manufacturing cost reports and any other documents reflecting product yield, changes in product yield, and reasons for changes in product yield for each fabrication plant.

**RESPONSE TO DOCUMENT REQUEST NO. 71:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party.  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents concerning AUO products made, shipped, imported, or sold in the United States since December 1, 2001 following the entry of a protective order in this case.  Absent reciprocal

agreements with LGD, AUO will NOT produce documents regarding AUO products sold worldwide.

## DOCUMENT REQUEST NO. 72:

All documents concerning the LG Display Patents, including, but not limited to documents reflecting knowledge and awareness of the LG Display Patents, documents used or created by any investigations undertaken by you or on your behalf (including, for example, prior art searches, tests, reverse engineering, or analysis related to patent scope, validity, and infringement), and any documents and communications regarding any lawsuits involving the LG Display Patents.

## RESPONSE TO DOCUMENT REQUEST NO. 72:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks information already in Plaintiff's possession. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information.  AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

## DOCUMENT REQUEST NO. 73:

All documents concerning any analyses or procedures for review of your competitors' patents, including any LG Display patents whether part of this suit or not.

**RESPONSE TO DOCUMENT REQUEST NO. 73:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope; The definition is neither limited to a time period, nor limited by the technologies disclosed in the patents in this lawsuit. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

**DOCUMENT REQUEST NO. 74:**

All documents that identify product or project names and codenames for LCD display products, and that link or correlate such names or codenames to AUO Products used and/or approved for those LCD display product projects and/or codenames.

**RESPONSE TO DOCUMENT REQUEST NO. 74:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

## DOCUMENT REQUEST NO. 75:

All documents concerning any expert expected to testify for you in this case, including, for example:

      a.      each expert's reports for this case and other cases within the past four years;

      b.      all documents considered by any expert regarding this case; and

      c.      all publications of the expert concerning any issues or subject matter related to the issues or subject matter in this case.

## RESPONSE TO DOCUMENT REQUEST NO. 75:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it is premature, as the parties are under no obligation to exchange expert reports at this time. .  AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case and in compliance with the Local Rules and Orders of the Court.

**DOCUMENT REQUEST NO. 76:**

All documents reflecting any communications between AUO and any other person regarding LG Display, LGDA, or the following cases: AU Optronics Corporation vs. LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc., Civil Action No. 07-C-0137-S (U.S. District Court for the Western District of Wisconsin); AU Optronics Corporation vs. LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc. et al., Civil Action No. 07-357-JJF (U.S. District Court for the District of Delaware); LG.Philips LCD Co., Ltd. v. Chi Mei Optoelectronics Corporation, et al., Civil Action No. 06-726-JJF (U.S. District Court for the District of Delaware); Chi Mei Optoelectronics Corporation v. LG.Philips LCD Co., Ltd. and LG.Philips LCD America, Inc., Civil Action No. 07-176-TJW (U.S. District Court for the Eastern District of Texas); LG.Philips LCD Co Ltd v. Chunghwa Picture Tubes Ltd, Civil Action No. 05-07004-CBM (U.S. District Court for the Central District of California); and LG.Philips LCD Co., Ltd. v. Tatung Co., et al., Civil Action No. 05-292-JJF (U.S. District Court for the District of Delaware).

**RESPONSE TO DOCUMENT REQUEST NO. 76:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request to the extent that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

**DOCUMENT REQUEST NO. 77:**

All documents concerning the factual basis for each of the affirmative defenses and any other defenses asserted by you in relation to this lawsuit, and each of your counterclaim

allegations, including, for example, all documents supporting each of your affirmative defenses and counterclaim allegations.

**RESPONSE TO DOCUMENT REQUEST NO. 77:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information.  AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 78:**

All documents concerning AUO's participation in, sponsorship of, and/or communications with any group, organization, or other body concerning establishing, publishing, or developing industry standards potentially relevant to AUO Products or LCD display products.

**RESPONSE TO DOCUMENT REQUEST NO. 78:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it  the phrase "sponsorship of" is vague and ambiguous.  AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is

protected from disclosure by applicable federal or state law.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 79:**

All policies, procedures, manuals, guidelines, and other documents concerning the retention, destruction, storage, archiving, and management of documents, records, and/or electronically stored information that apply to AUO or its employees.

**RESPONSE TO DOCUMENT REQUEST NO. 79:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information.  AUO also objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or attorney work product doctrine, or any other applicable privilege or immunity.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

## DOCUMENT REQUEST NO. 80:

All documents concerning efforts to identify information (including electronically stored information) relevant to claims and defenses or discovery in this case, including documents identifying all sources of relevant information, all custodians of relevant information.

## RESPONSE TO DOCUMENT REQUEST NO. 80:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege and work-product doctrine. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

## DOCUMENT REQUEST NO. 81:

All reports to shareholders, including all annual reports, in English, since December 1, 2000.

## RESPONSE TO DOCUMENT REQUEST NO. 81:

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents relating to the claims and defenses at issue in this case following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 82:**

All documents concerning AUO stock or shares, including, but not limited to, stock offerings (such as Offering Circulars), shareholders agreements or any agreements relating to stock purchases, share purchases or asset sales or transfers to which AUO is a party, assignor, assignee, or beneficiary.

**RESPONSE TO DOCUMENT REQUEST NO. 82:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks information not related to the subject matter of the pending action and/or not relevant to the claims and/or defenses of any party. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information that belongs to third parties, and which documents and/or information is protected from disclosure by applicable federal or state law. AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows: AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents relating to the claims and defenses at issue in this case following the entry of a protective order in this case.

**DOCUMENT REQUEST NO. 83:**

Documents sufficient to show or explain the letter and/or numbering system by which AUO assigns model numbers and/or Part Numbers to its LCD modules, including documents sufficient to show or explain what each letter and/or number signifies.

**RESPONSE TO DOCUMENT REQUEST NO. 83:**

In addition to the General Objections set forth above and incorporated herein by reference, AUO objects to this Request on the ground that it is overbroad as to time and scope. AUO further objects to this Request on the ground that it seeks documents which constitute protectable trade secrets, confidential financial information, and/or proprietary business information.  AUO further objects to this Request on the ground that it is premature because there is no protective order in effect in this case, AUO has not finished its own investigation, and discovery is continuing and ongoing.

Subject to, and without in any way waiving any of the foregoing General and Specific Objections, and to the extent that it understands this Request, AUO responds as follows:  AUO will make reasonable efforts to locate and produce relevant, responsive, non-privileged documents following the entry of a protective order in this case.

DATED:  April 24, 2008

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: _____
    Vincent K. Yip
    Terry D. Garnett
    Peter J. Wied
    Jay C. Chiu
    Katherine F. Murray
    Paul, Hastings, Janofsky & Walker LLP
    515 South Flower St. Twenty-Fifth Floor
    Los Angeles, CA  90071-2228
    Telephone:  (213) 683-6000
    Facsimile:  (213) 627-0705


Ron E. Shulman
Julie M. Holloway
WILSON, SONSINI, GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, California  94304-1050
Telephone:  (650) 493-9300

M. Craig Tyler
Brian D. Range
WILSON, SONSINI, GOODRICH & ROSATI, P.C.
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas  78746-5546
Telephone:  (512) 338-5400

John W. Shaw (#3362)
Karen L. Pascale (#2903)
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6600

Counsel for Defendants
AU OPTRONICS CORPORATION and
AU OPTRONICS CORPORATION AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2008, a true and correct copy of

**DEFENDANT AU OPTRONICS CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF LG DISPLAY CO., LTD.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (Nos. 1-83)**

was served on counsel as set forth on the attached service list

| | |
|---|---|
| ☑ | **VIA ELECTRONIC MAIL** by personally serving a copy via electronic mail to each of the referenced email addresses as set forth on the attached service list. |
| ☑ | **VIA U.S. MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth on the attached service list. |
| ☐ | **VIA FACSIMILE** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. |
| ☐ | **VIA OVERNIGHT MAIL** by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery. |
| ☐ | **VIA PERSONAL DELIVERY** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |

Executed on this 24th day of April 2008, at Los Angeles, California.

_____
KATHERINE F. MURRAY

## SERVICE LIST

Richard D. Kirk
Ashley Blake Stitzer
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
302/655-5000
302/658-6395 Facsimile
rkirk@bayardlaw.com
astitzer@bayardlaw.com

Gaspare J. Bono
R. Tyler Goodwyn
Lora A. Brzezynski
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, DC 20006
202/496-7500
gbono@mckennalong.com
tgoodwyn@mckennalong.com
lbrzezynski@mckennalong.com

Philip A. Rovner
David Ellis Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19899-0951
302/508-4600
302/508-4650 Facsimile
provner@potteranderson.com
dmoore@potteranderson.com

Kenneth R. Adamo
Robert C. Kahrl
Arthur P. Licygiewicz
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
216/257-3911
216/257-0609 Facsimile
kradamo@jonesday.com
rckahrl@jonesday.com
aplicygiewicz@jonesday.com

# EXHIBIT Q

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT R

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

August 28, 2008

**VIA E-MAIL**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
lbrzezynski@mckennalong.com

> Re:  *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
> (D. Del.)

Dear Lora:

I write regarding LGD's production of documents relating to the costs, manufacturing yield, and profits associated with the manufacture and sale of the products that LGD and CMO have accused of infringement.  Both LGD and CMO have requested such documents.  CMO has reviewed LGD's production and has located only a handful of relevant, responsive documents.  CMO has collected or is in the process of collecting substantial information relating to the costs, manufacturing yield, and profits associated with the manufacture and sale of the accused CMO products.  Please let me know when you are available to meet and confer regarding scope of the parties' production of these documents.

Very truly yours,

Thomas C. Werner

cc:    Christian Platt, Esq. (christianplatt@paulhastings.com)
       Brian Range, Esq. (brange@wsgr.com)

# EXHIBIT S



Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746-5546
PHONE 512.338.5400
FAX 512.338.5499
www.wsgr.com

BRIAN D. RANGE
Internet: brange@wsgr.com

April 3, 2008

Mr. Gaspare J. Bono                    VIA E-MAIL [gbono@mckennalong.com]
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

Mr. Kenneth R. Adamo                   VIA E-MAIL [kradamo@jonesday.com]
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190

**Re:     *LG.Philips LCD Co., LTD, et al v. AU Optronics Corporation, et al*;**
**Cases Nos. 06-726-JJF and 07-357-JJF**

Dear Counsel:

Over the past few weeks, both LGD and CMO had a number of comments regarding the the discovery logistics I previously proposed on behalf of AUO. Below, I attempt to consolidate those comments while deleting portions that the parties did not reach an agreement on. I expect that we will continue to confer on the remaining open issues as the case progresses.

1.     Sequence of Discovery: Discovery will not be conducted in phases or sequenced with respect to particular issues except as the Court may otherwise direct.

2.     Electronic Discovery: All parties have electronically stored information.

(a)     Subject to requests for production and any objections, the parties will produce relevant electronically stored information in TIFF format along with load files or in PDF format. To the extent any electronically stored information cannot be converted to TIFF or PDF format, the parties will produce that information in its native format.

3296930.1

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Messrs. Bono and Adamo
April 3, 2008
Page 2

(b)    Where electronic or paper documents are not natively in a text-searchable format, the parties will not OCR or convert such documents into a text-searchable format prior to production.

(c)    The parties may produce documents that natively exist in paper format on paper rather than electronically.

(d)    From time to time, an electronic file may contain information that is impossible or difficult to read or decipher in a TIFF format. This is often the case with, for example, Excel spreadsheets, executable files, AutoCAD drawings, and so forth. Also, on occasion, the metadata associated with a file may be important to the case and may not be visible in a TIFF format. Accordingly, any party may request that certain electronic files produced by the other side be reproduced to that party in a native format. Such a request should include a short explanation of why the native format is likely to provide more relevant information or more legible information than the TIFF format file. The party receiving the request will reasonably cooperate in providing such information.

(e)    [Deleted].

(f)    [Deleted].

3.    <u>Expert Communications</u>: The parties stipulate and agree that draft expert reports and attorney communications with experts that are not relied upon as a basis for expert opinions will not be discoverable and will not be used as evidence in the case.

4.    [Deleted].

5.    <u>Service of Process</u>: The parties agree to serve court filings and documents exchanged between counsel on each other by emailing a pdf to the following counsel on the same day as filed at the following addresses: For LG Display: gbono@mckennalong.com, lbrzezynski@mckennalong.com, tgoodwyn@mckennalong.com, cchristenson@mckennalong.com, jlomas@mckennalong.com, rkirk@bayardfirm.com; For AUO: ctyler@wsgr.com, jholloway@wsgr.com, brange@wsgr.com, vincentyip@paulhastings.com, terrygarnett@paulhastings.com, peterwied@paulhastings.com, katherinemurray@paulhastings.com, jshaw@ycst.com, kpascale@ycst.com; For CMO: kradamo@jonesday.com, rckahrl@jonesday.com, aplicygiewicz@jonesday.com, provner@potteranderson.com. Large appendices may be excluded from the emailing. In

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Messrs. Bono and Adamo
April 3, 2008
Page 3

addition, all filings and documents exchanged between counsel including appendices and
exhibits shall be deposited with an overnight courier on or before the date when such papers are
due or are filed with the Court for first morning delivery, including Saturday.  Service by
overnight courier to Plaintiffs shall be made on Mr. Gaspare J. Bono, service by overnight
courier to the AUO Defendants shall be made on Mr. M. Craig Tyler and Mr. Vincent K. Yip,
and service by overnight courier to the CMO Defendants shall be made on Mr. Robert C. Kahrl.
All documents shall be concurrently served on each party's local counsel by the same means.
The parties also agree that documents and things produced pursuant to Rule 34 of the Federal
Rules of Civil Procedure need not be served in accordance with the earlier provisions of this
paragraph and may be provided to the receiving party in accordance with the terms of that Rule
or by any other means mutually agreed upon by the parties hereto.

    If the language above is agreeable to LGD and CMO, please indicate by signing below
and circulating your signature.  Thank you.

                    Sincerely,

                    WILSON SONSINI GOODRICH & ROSATI
                    Professional Corporation

                    Brian Range

_____
Signed on behalf of the LPL entities

_____
Signed on behalf of the CMO entities