IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG DISPLAY CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-726 (JJF) |
| | ) | Civil Action No. 07-357 (JJF) |
| v. | ) | |
| | ) | CONSOLIDATED CASES |
| CHI MEI OPTOELECTRONICS | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DECLARATION OF THOMAS C. WERNER IN SUPPORT OF
DEFENDANTS CHI MEI OPTOELECTRONICS' REPLY BRIEF IN SUPPORT OF
MOTION TO COMPEL PLAINTIFFS LG DISPLAY TO PRODUCE DOCUMENTS
<u>RESPONSIVE TO DOCUMENT REQUEST NO. 98</u>**

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Alexander C.D. Giza
Adam Hoffman
Thomas C. Werner
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010

Dated: September 5, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market St.
P.O. Box 951
Wilmington, Delaware  19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorneys for Defendant
Chi Mei Optoelectronics Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG DISPLAY CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-726 (JJF) |
| | ) | Civil Action No. 07-357 (JJF) |
| v. | ) | |
| | ) | CONSOLIDATED CASES |
| CHI MEI OPTOELECTRONICS | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DECLARATION OF THOMAS C. WERNER IN SUPPORT OF
DEFENDANTS CHI MEI OPTOELECTRONICS' REPLY BRIEF IN SUPPORT OF
MOTION TO COMPEL PLAINTIFFS LG DISPLAY TO PRODUCE DOCUMENTS
RESPONSIVE TO DOCUMENT REQUEST NO. 98

I, Thomas C. Werner, declare as follows:

1.     I am an attorney at the law firm of Irell & Manella LLP, counsel of record for

defendant Chi Mei Optoelectronics Corporation and Chi Mei Optoelectronics USA, Inc.

("CMO").  I am a member in good standing of the State Bar of California.  I have personal

knowledge of the facts set forth in this declaration and could and would testify competently

to such facts under oath.

2.     I have personally reviewed materials produced by LG Display Co., Ltd. and

LG Display America, Inc. ("LGD") from *LG.Philips LCD Co., Ltd. v. Chunghwa Picture

Tubes Ltd.*, 02-6775 CBM (C.D. Cal.) (which represents the consolidation of Civil Actions

02-6775, 03-2886, 03-2866, 03-2884, 03-2885) (the "CPT Action"); and *LG.Philips LCD

Co., Ltd. v. Tatung Co.*, 05-292 JJF (D. Del.) (collectively, the "LGD Prior Litigations").

LGD has produced only the following documents: four expert reports; claim construction

briefing, which CMO produced on July 18, 2008; four letter briefs; and one hearing transcript regarding claim construction in one of the LGD Prior Litigations.

3.    Regarding LGD's agreed production of LGD Prior Litigations materials, LGD has not produced: an expert report regarding the validity of one of the LGD Asserted Patents; any deposition transcripts or exhibits thereto; any hearing transcripts except regarding one claim construction hearing; any transcripts or trial testimony; any discovery responses; and documents that LGD continues to withhold pending its continuing review.

4.    Attached to this Declaration as Exhibit 15 is a true and correct copy of LGD's February 4, 2006 Opening Claim Construction Brief from the CPT Action.

5.    Attached to this Declaration as Exhibit 16 is a true and correct copy of the May 5, 2005 Claim Construction Order from the CPT Action.

6.    Attached to this Declaration as Exhibit 17 is a true and correct copy of the CPT Action court's Civil Minutes of September 7, 2007.

7.    Attached to this Declaration as Exhibit 18 is a true and correct copy of the CPT Action docket as of May 7, 2008.

8.    Attached to this Declaration as Exhibit 19 is a true and correct copy of the August 15, 2006 redacted version of the August 10, 2006 Motion to Compel Production of Documents filed by the defendant in *Wyeth v. Impax Labs., Inc.*, 248 F.R.D. 169 (D. Del. 2006), D.I. 39.

9.    Attached to this Declaration as Exhibit 20 is a true and correct copy of CMO's Objections And Responses To LGD's Second Set Of Requests For Production Of Documents, served on June 26, 2008.

10.    Attached to this Declaration as Exhibit 21 is a true and correct copy of the September 1, 2008 letter from Gaspare J. Bono to Teresa M. Corbin.

11.     Attached to this Declaration as Exhibit 22 is a true and correct copy of the August 22, 2008 letter from Cass. W. Christensen to Thomas C. Werner.

12.     Attached to this Declaration as Exhibit 23 is a true and correct copy of the August 17, 2006 Opposition to Motion to Compel Production of Documents filed by the plaintiff in *Wyeth v. Impax Labs., Inc.*, 248 F.R.D. 169 (D. Del. 2006), D.I. 41.

13.     Attached to this Declaration as Exhibit 24 is a true and correct copy of the July 2, 2008 letter from Lora A. Brzezynski to Thomas C. Werner.

14.     Attached to this Declaration as Exhibit 25 is a true and correct copy of the August 8, 2008 Initial Disclosure Statement regarding U.S. Patent 5,825,449 reexamination proceedings, filed with the PTO by counsel for LGD in this action, on behalf of LGD. This document identifies LGD Prior Litigations materials, including deposition transcripts, trial transcripts, discovery responses, and filings that LGD has failed and/or refused to produce to CMO.

I declare under the penalty of perjury under the laws of the United States of America and the state of Delaware that the foregoing is true and correct.

Executed on September 5, 2008, in Los Angeles, California.

_____
Thomas C. Werner

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on September 5, 2008, the within

document was filed with the Clerk of the Court using CM/ECF which will send notification of

such filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from CM/ECF.

| BY CM/ECF, HAND DELIVERY AND E-MAIL | BY CM/ECF, HAND DELIVERY AND E-MAIL |
|---|---|
| Richard E. Kirk, Esq. | John W. Shaw, Esq. |
| Ashley Blake Stitzer, Esq. | Karen L. Pascale, Esq. |
| The Bayard Firm | Young Conaway Stargatt & Taylor LLP |
| 222 Delaware Avenue | The Brandywine Building |
| Suite 900 | 1000 West Street, 17th Floor |
| P.O. Box 25130 | Wilmington, DE 19801 |
| Wilmington, DE 19899 | jshaw@ycst.com |
| rkirk@bayardfirm.com | kpascale@ycst.com |
| astitzer@bayardfirm.com | |

I hereby certify that on September 5, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

| | |
|---|---|
| Gaspare J. Bono, Esq. | Vincent K. Yip, Esq. |
| Matthew T. Bailey, Esq. | Peter J. Wied, Esq. |
| Lora A. Brzezynski, Esq. | Jay C. Chiu, Esq. |
| Cass W. Christenson, Esq. | Katherine F. Murray, Esq. |
| R. Tyler Goodwyn, IV, Esq. | Ms. Denise Esparza |
| McKenna Long & Aldridge LLP | Paul Hastings Janofsky & Walker LLP |
| 1900 K Street, NW | 515 South Flower Street |
| Washington, DC 20006 | Los Angeles, CA 90071 |
| gbono@mckennalong.com | vincentyip@paulhastings.com |
| mbailey@mckennalong.com | peterwied@paulhastings.com |
| lbrzezynski@mckennalong.com | jaychiu@paulhastings.com |
| cchristenson@mckennalong.com | katherinemurray@paulhastings.com |
| tgoodwyn@mckennalong.com | deniseesparza@paulhastings.com |

Ron E. Shulman, Esq.
Julie M. Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
rshulman@wsgr.com
jholloway@wsgr.com

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759
ctyler@wsgr.com
brange@wsgr.com

*/s/ Philip A. Rovner*
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

846666

2

EXHIBIT 15

1   JEFFREY N. BROWN (CA SBN 105520)
    TERESA A. MACDONALD (CA SBN 217053)
2   MORGAN, LEWIS & BOCKIUS LLP
    300 South Grand Avenue
3   Twenty-Second Floor
    Los Angeles, CA  90071-3132
4   Tel:  (213) 612-2500
    Fax:  (213) 612-2501
5
    ANN A. BYUN (CA SBN 161593)
6   MORGAN, LEWIS & BOCKIUS LLP
    1701 Market Street
7   Philadelphia, PA  19103
    Tel:  (215) 963-5000
8   Fax:  (215) 963-5001

9   ANTHONY C. ROTH (admitted *pro hac vice*)
    NATHAN W. MCCUTCHEON (admitted *pro hac vice*)
10  1111 Pennsylvania Avenue, NW
    Washington, DC 20004
11  Tel:  (202) 739-3000
    Fax:  (202) 739-3001
12
    Attorneys for Plaintiff and Counterclaim Defendant
13  LG.PHILIPS LCD CO., LTD.

14              UNITED STATES DISTRICT COURT

15             CENTRAL DISTRICT OF CALIFORNIA

16  LG.PHILIPS LCD CO., LTD.,        Case No. CV 02-6775 CBM
                                     Case No. CV 03-2866 CBM
17              Plaintiff,           Case No. CV 03-2884 CBM
                                     Case No. CV 03-2885 CBM
18      vs.                          Case No. CV 03-2886 CBM

19  TATUNG CO. OF AMERICA,           **LG.PHILIPS LCD CO., LTD.'S
    TATUNG COMPANY AND               OPENING CLAIM
20  CHUNGHWA PICTURE TUBES,          CONSTRUCTION BRIEF**
    LTD.,
21                                   DATE:      April 5, 2004
                Defendants.          TIME:      3:00 PM
22                                   PLACE:     Courtroom of the Honorable
                                     Consuelo B. Marshall
23
24  LG.PHILIPS LCD CO., LTD.,

                Plaintiff,
25
        vs.
26
    JEAN COMPANY LTD.,
27
                Defendant.
28

1-WA/2132293.2                       LG.Philips LCD Co., Ltd.'s Opening Claim Construction
                                     Brief

FILED
CLERK, U.S. DISTRICT COURT
FEB - 6 2004
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

DOCKETED ON CM
FEB 1 2 2004
BY _____ 001

| | |
|---|---|
| 1 | LG.PHILIPS LCD CO., LTD., |
| 2 | Plaintiff, |
| 3 | vs. |
| 4 | LITE-ON TECHNOLOGY CORP. and |
| 5 | LITE-ON TECHNOLOGY INTERNATIONAL INC., |
| 6 | Defendants. |
| 7 | LG.PHILIPS LCD CO., LTD., |
| 8 | Plaintiff, |
| 9 | vs. |
| 10 | TPV TECHNOLOGY, LTD. and |
| 11 | ENVISION PERIPHERALS, INC., |
| 12 | Defendants. |
| 13 | LG.PHILIPS LCD CO., LTD., |
| 14 | Plaintiff, |
| 15 | vs. |
| 16 | VIEWSONIC CORP., |
| 17 | Defendant. |
| 18 | |
| 19 | / / / / |
| 20 | / / / / |
| 21 | / / / / |
| 22 | / / / / |
| 23 | / / / / |
| 24 | / / / / |
| 25 | / / / / |
| 26 | / / / / |
| 27 | / / / / |
| 28 | / / / / |

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ..................................................................................1

II.    LAW OF CLAIM CONSTRUCTION .................................................1

III.   THE SIDE-MOUNTING PATENTS...................................................4

    A.   Technology Overview ................................................................4

    B.   Side-Mounting Claims ...............................................................6

        1.   Liquid Crystal Display Device Claims .............................7

        2.   Portable Computer Claims................................................11

    C.   Claim Construction Disputes ...................................................12

        1.   The claims that recite a liquid crystal display device are not limited to a portable computer...........................12

        2.   The phrases "frame," "first frame" and "second frame" should be given their plain and ordinary meaning ...................18

        3.   The phrases "attachable to a housing" and "fixable to a housing" and "fastening part" should not be loaded down with unrecited details from the specification...............19

        4.   The invention of the side-mounting patents is not limited to the use of screws and holes, thus, the phrases "through" and "passing through" have different meanings.......................21

        5.   A typographical error does not render a claim incapable of construction ...................................................................25

        6.   The remaining terms proposed by Defendants for construction do not need a construction, but if the Court decides to construe them, LPL's constructions should be adopted ..........................................................................:26

            a.   Defendants' stretch to find synonyms for or to define common words frequently does not do justice to the original words ......................................26

            b.   Defendants' stretch to define common words frequently loads the words down with unrecited details improperly taken from the specification, or worse, improperly taken from extrinsic evidence. ..........27

IV.    THE SEMICONDUCTOR PATENTS .................................................28

    A.   Overview of Technology............................................................28

        1.   The Thin Film Transistor.................................................28

        2.   LCD Applications for TFTs..............................................30

    B.   '737 Patent Claims ...................................................................32

    C.   Construction of Disputed Terms in the '737 Patent.................34

        1.   "thin-film transistor"........................................................34

        2.   "source electrode"............................................................35

# TABLE OF CONTENTS
(continued)

| | | Page |
|---|---|---|
| 3. | "continuously depositing" | 37 |
| 4. | "high-resistivity semiconductor film" and "low-resistivity semiconductor film" | 38 |
| 5. | "conducting film" and "conducting film containing at least a low-resistivity semiconductor film" | 40 |
| 6. | "oxidizing atmosphere" and "without exposing them to an oxidizing atmosphere" | 42 |
| 7. | "island region"/"island region on said gate electrode" | 43 |
| 8. | "a fourth step for selectively forming a source electrode and drain electrode" | 45 |
| 9. | "contacting a part of the surface of said island region" | 46 |
| 10. | "at least a part of the mask"/"said source and drain electrodes serving as at least part of the mask" | 46 |

D. '449 Patent Claims .............................................................. 48

E. Construction of Disputed Terms in the '449 Patent ........................ 50

| | | |
|---|---|---|
| 1. | "on"/"formed on"/"disposed on" | 50 |
| 2. | "contact hole is provided through . . . layer"/"provided through" | 52 |
| 3. | "thin film transistor" | 53 |
| 4. | "selectively etching" | 54 |
| 5. | "gate electrode", "source electrode", "drain electrode" | 54 |
| 6. | "gate pad" and "source pad" | 56 |
| 7. | "active layer" | 57 |
| 8. | "common hole" | 58 |
| 9. | "aligned" | 59 |
| 10. | "said second insulating layer having a second contact hole exposing a predetermined portion of said second conductive layer and said first contact hole region" | 59 |
| 11. | "wiring structure" | 60 |

V.    CONCLUSION ................................................................. 60

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

<u>**CASES**</u>

4

*3M Innovative Properties Co. v. Avery Dennison Corp.,*
   350 F.3d 1365 (Fed. Cir. 2003) ............................................................... 19

5

*Arlington Industries, Inc. v. Bridgeport Fittings, Inc.,*
6
   345 F.3d 1318 (Fed. Cir. 2003) ............................................................... 21

7

*Bell & Howell Document Mgmt. Prods. Co. v. Altek Sys.,*
   132 F.3d 701 (Fed. Cir. 1997) ................................................................. 4

8

*Bell Atlantic Network Services, Inc. v. Covad Communications Group,*
9
   *Inc.,*
   262 F.3d 1258 (Fed. Cir. 2001) ............................................................... 28

10

*Bell Communications Research, Inc. v. Vitalink Communications*
11
   *Corp.,*
   55 F.3d 615 (Fed. Cir. 1995) ................................................................... 2

12

*Bowers v. Baystate Tech., Inc.,*
13
   320 F.3d 1317 (Fed. Cir. 2003) ......................................................... 23, 53

14

*Brainy Ideas, Inc. v. Media Group,*
   169 F. Supp. 2d 361 (E.D. Pa. 2001) ..................................................... 54

15

*CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG,*
16
   224 F.3d 1308 (Fed. Cir. 2000) ......................................................... 50, 52

17

*CCS Fitness, Inc. v. Brunswick Corp.,*
   288 F.3d 1359 (Fed. Cir. 2002) ............................................................... 18

18

*Comark Communications, Inc. v. Harris Corp.,*
19
   156 F.3d 1182 (Fed. Cir. 1998) ......................................................... 2, 15

20

*CSC Fitness, Inc. v. Brunswick Corp.,*
   288 F. 3d 1359 (Fed. Cir. 2002) ............................................................... 2

21

*Dow Chem. Co. v. U.S.,*
22
   226 F.3d 1334 (Fed. Cir. 2000) ............................................................... 15

23

*Elekta Instrument S.A. v. O.U.R. Scientific Int'l, Inc.,*
   214 F.3d 1302 (Fed. Cir. 2000) ............................................................... 54

24

*Elkay Mfg. Co. v. Ebco Mfg. Co.,*
25
   192 F.3d 973 (Fed. Cir. 1999) ................................................................. 3

26

*Helifix Ltd. v. Blok-Lok, Ltd.,*
   208 F.3d 1339 (Fed. Cir. 2000) ............................................................... 4

27

*Hockerson-Halberstadt, Inc. v. Avia Group Int'l, Inc.,*
28
   222 F.3d 951 (Fed. Cir. 2000) ................................................................. 2

1

**TABLE OF AUTHORITIES**
(continued)

2                                                                        **Page(s)**

3    *IMS Technology, Inc. v. Haas Automation, Inc.,*
        206 F.3d 1422 (Fed. Cir. 2000) .................................................................3
4
     *Interactive Gift Express, Inc. v. Compuserve Inc.,*
5        256 F.3d 1323 (Fed. Cir. 2001) ......................................................2, 13, 15

6    *Jeneric/Pentron, Inc. v. Dillon Co., Inc.,*
        205 F.3d 1377 (Fed. Cir. 2000) ..............................................................22
7
     *Karlin Tech., Inc. v. Surgical Dynamics, Inc.,*
8        177 F.3d 968 (Fed. Cir. 1999) ................................................................16

9    *Key Pharms. v. Hercon Lab. Corp.,*
        161 F.3d 709 (Fed. Cir. 1998) .................................................................4
10
     *Laitram Corp. v. NEC Corp.,*
11       163 F.3d 1342 (Fed. Cir. 1998) ..............................................................13

12   *Liquid Dynamics Corp. v. Vaughan Co., Inc.,*
        2004 WL 102849, *7 (Fed. Cir. 2004) ....................................................21
13
     *Markman v. Westview Instruments, Inc.,*
14       52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd,*
        517 U.S. 370 (1996)..................................................................................3
15
     *Mycogen Plant Science Inc. v. Monsanto Co.,*
16       243 F.3d 1316 (Fed. Cir. 2001) ...............................................................3

17   *Northern Telecom Ltd. v. Samsung Electronics Co., Ltd.,*
        215 F.3d 1281 (Fed. Cir. 2000) ...............................................................3
18
     *Omega Eng'g Inc. v. Raytek Corp.,*
19       334 F.3d 1314 (Fed. Cir. 2003) ...............................................................3

20   *Pitney Bowes, Inc. v. Hewlett-Packard Co.,*
        182 F.3d 1298 (Fed. Cir. 1999) ...............................................................4
21
     *Sargent-Welch Scientific Co. v. J/B Indus., Inc.,*
22       496 F.Supp. 972 (N.D. Ill. 1980)...........................................................26

23   *Schwing Gmbh v. Putzmeister Aktiengesellschaft,*
        305 F.3d 1318 (Fed. Cir. 2002) .............................................................18
24
     *Texas Digital Systems, Inc. v. Telegenix, Inc.,*
25       308 F.3d 1193 (Fed. Cir. 2002) ........................................................2, 13

26   *The Laitram Corp. v. Cambridge Wire Cloth Co.,*
        863 F.2d 855 (Fed. Cir. 1998) ..............................................................21
27
     *Vitronics Corp. v. Conceptronic, Inc.,*
28       90 F.3d 1576 (Fed. Cir. 1996) .....................................2, 3, 4, 6, 23, 60

1

**TABLE OF AUTHORITIES**
(continued)

2

Page(s)

3

<u>STATUTES</u>

4

35 U.S.C. § 112  2 (2003) ................................................................................2, 13, 22

5

<u>OTHER AUTHORITIES</u>

6

*1981 Webster's* ................................................................................37

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

LG.Philips LCD Co., Ltd. ("LPL") has sued Chunghwa Picture Tubes, Ltd. ("CPT"), Tatung Co. and Tatung Company of America (collectively, "Tatung"), Jean Co., Ltd. ("Jean"), Lite-On Technology Corp. and Lite-On Technology International Inc. (collectively, "Lite-On"), TPV Technology, Ltd. and Envision Peripherals, Inc. (collectively, "TPV"), and ViewSonic Corporation ("ViewSonic") (all collectively "Defendants") for patent infringement.  Following the parties' Second Revised Joint Claim Construction Statement (hereinafter "JCC"), this is LPL's brief in support of its claim constructions.

The patents at issue relate to liquid crystal display ("LCD") devices, which are ubiquitous today in the form of displays in laptop computers, LCD monitors, LCD TVs, and other consumer and commercial products.  LPL's patents fall into two categories.  Four of the patents relate to a particularly advantageous way of mounting an LCD device in a laptop computer or stand-alone LCD unit (*e.g.*, an LCD monitor) by using the sides of the LCD device so that the front, viewing surface of the LCD device is maximized.  For convenience, this first group of patents, U.S. Patent Nos. 6,373,537 ('537 patent); 6,002,457 ('457 patent); 6,020,942 ('942 patent); and 5,926,237 ('237 patent), will be referred to as the "side-mounting patents."  The other two patents, U.S. Patent Nos. 4,624,737 ('737 patent) and 5,825,449 ('449 patent), relate to the semiconductor structures used in LCD devices and their formation and are referred to as "the semiconductor patents."

Copies of the asserted patents can be found in LG.Philips LCD Co., Ltd.'s Exhibits to the Revised Joint Claim Construction Statement at 2-56 (side mounting patents); 374-83 ('733 patent); and 374-83 ('449 patent).  This collection of exhibits will be cited hereinafter as "LPL Exs. at __."

## II.    LAW OF CLAIM CONSTRUCTION

"It is well-settled that in interpreting an asserted claim, the court should first

1    look to the intrinsic evidence, i.e., the patent itself, including the claims, the

2    specification and, if in evidence, the prosecution history." *Vitronics Corp. v.*

3    *Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). However, all intrinsic

4    evidence is not equal. *See Interactive Gift Express, Inc. v. Compuserve Inc.*, 256

5    F.3d 1323, 1331 (Fed. Cir. 2001). First, the court should focus on the claims

6    themselves, both asserted and unasserted, to define the meaning and scope of the

7    patented invention, because that is the "language that the patentee chose to use to

8    'particularly point[] out and distinctly claim[] the subject matter which the patentee

9    regards as his invention." *Texas Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d

10    1193, 1201-02 (Fed. Cir. 2002) (citing 35 U.S.C. § 112 ¶ 2 (2003)); *see also*

11    *Vitronics*, 90 F.3d at 1582 (citing *Bell Communications Research, Inc. v. Vitalink*

12    *Communications Corp.*, 55 F.3d 615, 620 (Fed. Cir. 1995)). There is a "heavy

13    presumption" that the ordinary and accustomed meaning of a claim term, as

14    understood by one of ordinary skill in the art, is the correct construction. *CCS*

15    *Fitness, Inc. v. Brunswick Corp.*, 288 F. 3d 1359, 1366 (Fed. Cir. 2002);

16    *Hockerson-Halberstadt, Inc. v. Avia Group Int'l, Inc.*, 222 F.3d 951, 955 (Fed. Cir.

17    2000). Dictionaries, encyclopedias, and treatises, which are extrinsic evidence,

18    may be employed to "assist the court in determining the ordinary and customary

19    meanings of claim terms." *Texas Digital*, 308 F.3d at 1202 (citations omitted).

20    After examining the claim language the court may consider the remaining intrinsic

21    evidence. *Interactive Gift Express*, 256 F.3d at 1331.

22         Second, the court should review the specification, as claims must always be

23    read in view of the specification, of which the claims are a part. *Vitronics*, 90 F.3d

24    at 1582. A review of the specification will reveal whether or not the inventor has

25    given a term an unconventional meaning. *Id.* However, it is improper to read a

26    limitation into a claim from the specification. *Comark Communications, Inc. v.*

27    *Harris Corp.*, 156 F.3d 1182 (Fed. Cir. 1998). The inventor may act as his or her

28    own lexicographer and use terms in a manner other than their ordinary meaning, so

1   long as any such specific definition is clearly stated in the patent specification or

2   prosecution history. *Mycogen Plant Science Inc. v. Monsanto Co.*, 243 F.3d 1316,

3   1327 (Fed. Cir. 2001); *Vitronics*, 90 F.3d at 1582. Therefore, for claim

4   construction purposes, the specification is "the single best guide to the meaning of a

5   disputed term." *Vitronics*, 90 F.3d at 1582; *Markman v. Westview Instruments,*

6   *Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).

7         Third, the court may also consider the prosecution history of the patent.

8   *Vitronics*, 90 F.3d at 1582. The prosecution history is significant in understanding

9   the claims because it reveals "the course of dealing with the Patent Office, which

10  may show a particular meaning attached to the terms, or a position taken by an

11  applicant" to secure the patent. *Markman*, 52 F.3d at 991. As such, the prosecution

12  history may be reviewed to assess whether a patentee "relinquished [a] potential

13  claim construction in an amendment to the claim or in an argument to overcome or

14  distinguish a [prior art] reference." *Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973,

15  979 (Fed. Cir. 1999), *cert. denied*, 529 U.S. 1066 (2000). However, for subject

16  matter to be held relinquished, a court must find that the patentee disclaimed the

17  subject matter with "reasonable clarity and deliberateness." *Northern Telecom Ltd.*

18  *v. Samsung Electronics Co.*, Ltd., 215 F.3d 1281, 1294 (Fed. Cir. 2000). In

19  particular, subject matter should not be held relinquished by statements merely

20  emphasizing "improvement over the prior art" or "explaining the pertinency" of

21  prior art references without expressly disclaiming subject matter. *IMS Technology,*

22  *Inc. v. Haas Automation, Inc.*, 206 F.3d 1422, 1434, 1439 (Fed. Cir. 2000), *cert.*

23  *denied*, 529 U.S. 1066 (2000). Statement made during patent prosecution disclaim

24  ordinary meaning of a disputed term only of the disclaimer is "clear and

25  unmistakable." *Omega Eng'g Inc. v. Raytek Corp.*, 334 F.3d 1314, 1325-26 (Fed.

26  Cir. 2003).

27        Finally, if, and only if, a claim term remains "genuinely ambiguous" despite

28  the full consideration of the intrinsic evidence, then a court may look toward

1    extrinsic evidence to interpret the claim term itself. *Bell & Howell Document*
2    *Mgmt. Prods. Co. v. Altek Sys.*, 132 F.3d 701, 706 (Fed. Cir. 1997); *Vitronics*, 90
3    F.3d at 1583. However, the need for such a departure from the intrinsic evidence
4    "rarely, if ever, occur[s]." *Vitronics*, 90 F.3d at 1585. Accordingly, the step of
5    attempting to interpret a claim term by resorting to extrinsic evidence is rarely
6    encountered and should not be attempted unless the meaning of the claim term at
7    issue is not apparent from the totality of the intrinsic evidence. *See Helifix Ltd. v.*
8    *Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000); *Key Pharms. v. Hercon Lab.*
9    *Corp.*, 161 F.3d 709, 716 (Fed. Cir. 1998). Note, however, that while using
10   extrinsic evidence to construe the language of the claim is strongly discouraged, it
11   is otherwise permissible solely for the purpose of assisting the court in
12   understanding the underlying technology. *See Pitney Bowes, Inc. v. Hewlett-*
13   *Packard Co.*, 182 F.3d 1298, 1309 (Fed. Cir. 1999) ("[C]onsultation of extrinsic
14   evidence is particularly appropriate to ensure that [a judge's] understanding of the
15   technical aspects of the patent is not entirely at variance with the understanding of
16   one skilled in the art."); *see also Vitronics*, 90 F.3d at 1585 ("Had the district court
17   relied on the expert testimony and other extrinsic evidence solely to help it
18   understand the underlying technology, we could not say the district court was in
19   error.").

20   **III.   THE SIDE-MOUNTING PATENTS**

21        **A.   Technology Overview**

22        Liquid crystal displays, or LCDs, are now commonly used as displays in
23   desktop computer monitors, laptop computers, view finders in video cameras,
24   navigation screens in automobiles, flat panel televisions and mobile
25   ////
26   ////
27   ////
28   ////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



FIG. 7

communications systems. An example of an LCD module is shown in Figure 7, item 700, of LPL's '457 Patent (reproduced below). LPL Exs. at 37. This LCD module is installed in the computer or monitor and then used to display the visual information.

Before LPL's side-mounting invention, companies mounted the LCD module in the computer or monitor using screws through the front of the module as shown in prior art Figure 5 of LPL's '457 patent (reproduced below):

FIG. 5
PRIOR ART

FIG. 9

The screws 43 were inserted into holes 41 in the front of the LCD module and attached the module to the computer as shown in Figure 5. LPL Exs. at 39 (col. 2, ll. 24-26). Because the screws were inserted through the front of the module, space had to be provided on the front of the module for receiving the screws, and the module had to be thick enough to support the mounting screws. *Id.* (col. 1, l. 66

1    – col. 2, l. 4). This method resulted in the viewing area (generally shown as area 20

2    in Figure 5) of the display being smaller than desired and in making the computer

3    monitors thick and heavy.

4           LPL's innovation, shown in Figures 7 and 9 (reproduced above), addressed

5    these limitations. As shown in Figure 7, the screws 430 securing the LCD device

6    700 to rear case 500 are inserted through the side of the case and the device (hence,

7    the commonly used phrase "side-mounting" patents). LPL Exs. at 40 (col. 4, ll. 55-

8    65). The border at the front of the module can be much thinner using this approach,

9    and the viewing area (shown generally as 300) is much larger than in the prior art

10   technique. The effect of LPL's innovative design, as implemented in a computer,

11   can be seen by reference to Figure 9. The mounting screws 430 are located on the

12   side, thus, the front viewing area is maximized in Figure 9.

13          LPL's innovative side-mounting technology revolutionized the way in which

14   LCD modules were mounted in LCD devices. After LPL introduced its design,

15   most of LPL's competitors in the market, including Defendants, adopted the

16   patented feature and designed or implemented side-mounting LCD modules.

17   **B.    Side-Mounting Claims**

18          There are four side-mounting patents in suit: the '237 patent, the '457 patent,

19   the '942 patent and the '537 patent. These four patents share the same specification

20   and the same figures, but claim different aspects of the invention. For example, the

21   '237 patent includes method claims (*i.e.* a method of making or forming liquid

22   crystal display devices or portable computers); the '457 patent includes apparatus

23   claims for liquid crystal display devices; the '942 patent includes apparatus claims

24   for only portable computers; and the '537 patent includes apparatus claims for both

25   liquid crystal display devices and portable computers.

26          The claims of the side-mounting patents fall into two main categories: (1)

27   claims directed to a "liquid crystal display device" and (2) claims directed to a

28   "portable computer." Disputed terms often appear in multiple patent claims; so for

1   simplicity, the parties presented their disputes in the JCC on a term-by-term basis

2   rather than on a claim-by-claim basis.  Nonetheless, for illustration purposes, LPL

3   presents two sample claims below -- a liquid crystal display device claim and a

4   portable computer claim -- to illustrate the nature of the side-mounting claims.

### 1.   **Liquid Crystal Display Device Claims**

6   Claim 37 of the '457 patent recites a liquid crystal display device.

7   ////

8   ////

9   ////

10   ////

11   ////

12   ////

13   ////

14   ////

15   ////

16   ////

17   ////

18   ////

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

A liquid crystal display device comprising:

a first frame;

a reflector unit adjacent to the first frame;

a light source adjacent to the reflector unit;

a light guide unit adjacent to the light source;

a liquid crystal panel adjacent to the light guide unit; and

a second frame having a fastening part at at least one side edge of the second frame,

wherein the reflector unit, the light source, the light guide unit and the liquid crystal panel are between the first and second frames,

the second frame attachable to a housing through the side edge of the second frame.



Fig. 6

Fig. 7

1    The claimed device is a sandwich-type structure where the components are

2    held between two support members, or frames (190 and 400). LPL Exs. at 40 (col.

3    4, ll. 38-54). The assembly and mounting of various components of a liquid crystal

4    display device is a complicated and delicate process that requires engineering

5    acumen. Various components of the LCD device, together with the delicate liquid

6    crystal panel must be combined to ensure that the display works properly. For

7    example, a light source 110, frequently a fluorescent bulb, generates light. LPL

8    Exs. at 39 (col. 1. ll. 21-22 and 36-38). Light guide unit 130 guides the light across

9    the device. *Id.* at ll. 43-45. Since viewing occurs through the front of the device

10    (top of Figure 6), any light directed in other directions would be wasted; therefore,

11    a reflector unit 140 is provided to direct light toward the front of the device. *Id.* at

12    ll. 24-26. In operation, the light from light source 110 is directed across the device

13    by light guide unit 130, and reflected forward toward the liquid crystal panel 300 by

14    reflector unit 140. The liquid crystal panel 300 obscures or passes light on a dot-

15    by-dot basis to create an image. *Id.* at ll. 18-50. The dots are often referred to as

16    picture elements or "pixels."

17    Of particular importance to the functioning of the device is liquid crystal

18    panel 300. Liquid crystals, as the name implies, are liquid but still tend to take on

19    an ordered, crystalline structure. That crystalline structure can affect the

20    polarization (or direction of) light that passes through it, but more important and as

21    described above, the effect can be controlled by application of an electric field.

22    Properly constructed, many pixels can be independently controlled by applying a

23    desired electric field to each pixel. Data, including text and graphics, are displayed

24    in that manner. In a liquid crystal display, all the data shown is made up of tiny

25    dots that together create an image. *Id.* (col. 1, ll. 43-50).

26    The elements recited in claim 37 are words that are well-known and

27    understood in the field of LCDs or words that have a plain and ordinary meaning.

28    For example, claim 37 recites a first frame and a "reflector unit" adjacent to the first

1    frame. The parties agree that the definition of a "reflector unit" is a member that

2    reflects light. JCC at 10. Claim 37 then recites that a "light source" is adjacent to

3    the reflector unit, that a "light guide unit" is adjacent to the light source and that a

4    "liquid crystal panel" is adjacent to the light guide unit. The parties also agree that

5    the definition of a "light source" is an element that provides light for the display

6    and that a "light guide unit" is a member that guides light. JCC at 9. Claim 37 then

7    recites that "a second frame having a fastening part at least one side edge of the

8    second frame, wherein the reflector unit, light source, the light guide unit and the

9    liquid crystal panel are between the first and second frames." Claim 37 then recites

10    that the second frame is "attachable to a housing through the side edge of the

11    second frame."

12       Claim 37 describes that the various components of the liquid crystal display

13    device are sandwiched between the first and second frames and that the second

14    frame has a "fastening part" at the side edge of the second frame. This language

15    corresponds to the holes 410b in frame 400. LPL Exs. at 40 (col. 4, ll. 52-54). The

16    claim also describes the second frame "as attachable to a housing through the side

17    edge of the second frame." Notice in Figures 6 and 7 how screws 430 engage holes

18    410c in rear case 500 (Fig. 7) and then engage holes 410b in frame 400 (Fig. 6).

19    LPL Exs. at 36, 37 and 40 (col. 4, ll. 55-65). The LCD device is thus attached to a

20    housing.

21    / / / /

22    / / / /

23    / / / /

24    / / / /

25    / / / /

26    / / / /

27    / / / /

28    / / / /

1             **2.**     **Portable Computer Claims**

2      Claim 4 of the '942 patent is exemplary of the portable computer claims in

3 the side-mounting patents.

4

5     A portable computer comprising:

6     a liquid crystal display device
      comprising:

7        a first frame;

8        a reflector unit adjacent to the first frame;

9        a light source adjacent to the
       reflector unit;

10        a light guide unit adjacent to the light source;

11        a liquid crystal panel adjacent to the
12        light guide unit; and

13        a second frame having a first fastening
       part at a first side edge,

14

15       wherein the reflector unit,
      light source, the light guide unit
16       and the liquid crystal panel are between the
      first and second frames,

17       a body having an input device;

18       a cover joined with the body and
      having a second fastening part
19       at a second side edge; and

20       a fastening unit joining together
      the liquid crystal display and the cover
21       through the first and second fastening
22       part of the second frame and
      the cover, respectively.



Fig. 6



Fig. 9

23

24

25

26      Claim 4 recites a portable computer including a liquid crystal display device

27 having the components previously discussed (*i.e.* a first frame, a reflector unit, a

28 light source, a light guide unit, a liquid crystal panel and second frame) in a

1    sandwich-type configuration.  The second frame has a first fastening part,

2    corresponding to the holes 410b in frame 400 (Fig. 6).  LPL Exs. at 23 and 27 (col.

3    4, ll. 51-54).  Claim 4 then recites a "body" having an input device.  The parties

4    agree that a "body" means the portion of the portable computer that contains the

5    input device.  JCC at 7.  Claim 4 recites that a "cover," joined with the body, has a

6    second fastening part.  Finally, claim 4 recites a fastening unit (screw 430 in the

7    embodiment of Figs. 6 and 9) "joining together the liquid crystal display and the

8    cover through the first and second fastening parts of the second frame and the

9    cover, respectively."

10        C.    **Claim Construction Disputes**

11        The parties have outlined their disputes in the JCC.  In addressing the

12    disputes, LPL has grouped them according to common issues.

13            1.    **The claims that recite a liquid crystal display device are not**
                   **limited to a portable computer.**
14

15        The side-mounting patents contain two types of claims:  (1) liquid crystal

16    display device claims and (2) portable computer claims.  LPL proposes that claims

17    that recite a "liquid crystal display device" apply generally to displays and claims

18    that recite a "portable computer" are limited to portable computers.  This is in

19    accord with the plain language of the claims.  Defendants, on the other hand,

20    propose that all claims of the side-mounting patents – regardless of whether they

21    recite "liquid crystal device" or "portable computer" – are limited to portable

22    computers.  Thus, under Defendants' proposed construction, even if the claim does

23    not contain the words "portable computer," Defendants would read that limitation

24    into the claims.  This is simply wrong and violates the first rule of claim

25    construction.

26        It is well-settled that the Court must first look to the claim terms themselves,

27    both asserted and unasserted, to define the meaning and scope of the patented

28    invention, because the claim is the "language that the patentee chose to use to

1   'particularly point[] out and distinctly claim[] the subject matter which the patentee

2   regards as his invention.' 35 U.S.C. §112, ¶2." *Texas Digital Systems, Inc. v.*

3   *Telegenix*, Inc., 308 F.3d 1193, 1201-02 (Fed. Cir. 2002) (citing *Interactive Gift*

4   *Express.*, 256 F.3d at 1331). "[I]t is the <u>claims</u>, not the written description, [that]

5   define the scope of the patent right." *Laitram Corp. v. NEC Corp.,* 163 F.3d 1342,

6   1347 (Fed. Cir. 1998) (emphasis added).

7       In the side-mounting patents, when the inventors wanted to claim generally,

8   they used the words "liquid crystal display device." When the inventors wanted to

9   limit their invention to something "portable" or to a "portable computer," the

10  inventors specifically used those words. When the inventors purposely did not use

11  the words "portable computer," it is inappropriate for the Court to insert them after

12  the fact. *Interactive Gift Express*, 256 F.3d at 1341 ("Although the preferred

13  embodiment [has the features], these features are not recited in the independent

14  claims and . . . [the Court is] not at liberty to read them into the claims.").

15      The specification confirms LPL's construction in that the specification

16  illustrates both a "liquid crystal display device" and a "portable computer." For

17  example, Figure 7 of the '457 patent is described as a perspective view of the

18  assembly structure of the liquid crystal display device and Figure 9 is described as

19  an assembly structure of the liquid crystal display device and portable computer.

20  LPL Exs. 37, 38, and 40 (col. 4, ll. 15-24).

21      In addition, the prosecution history further supports LPL's proposed

22  construction. From the day the original patent application for the side-mounting

23  invention was filed in the United States Patent & Trademark Office ("PTO"), both

24  types of claims were presented for patenting. <u>Compare</u> originally-submitted claims

25  1 and 10 (liquid crystal display device) <u>to</u> originally-submitted claim 6 (portable

26  computer). LPL Exs. at 236 and 238-39, and 237, respectively. The liquid crystal

27  display device claims have no language therein suggesting that they are limited to a

28  portable computer.

1    Defendants' improper attempt to narrow all the claims to portable computers

2  can be seen in their effort to add the word "portable" to every aspect of the side-

3  mounting patents, as shown in the following chart:

| Claim Term | LPL's Construction | Defendants' Construction (emphasis added) |
|---|---|---|
| liquid crystal display device<br><br>JCC at 43. | a type of display that generates an image by directing light through an array of liquid crystal pixels, where the amount of light effused by each pixel is controlled via an electric field varying the orientation of the liquid crystal molecules contained within the pixel | a portable display that generates an image in response to an input from a portable computer by directing light through an array of liquid crystal pixels, where the amount of light effused by each pixel is controlled via an electric field varying the orientation of the liquid crystal molecules contained within the pixel |
| housing<br><br>JCC at 36.<br><br>outer casing<br><br>JCC at 58. | a member that contains the frame(s) | the exterior cover or exterior case of a portable computer |
| liquid crystal panel<br><br>JCC at 47. | liquid crystals encapsulated between substrates | an array of liquid crystals of a size and weight suitable for use in a portable computer |

    Defendants' improper rewriting of the claims to add "portable computers" is

further illustrated by the dispute over "housing" and "outer casing." Exemplary

claim 37 of the '457 patent (reproduced above) uses the word "housing."[1] LPL's

definition of "housing" is a member that contains the frame(s). JCC at 36.[2] LPL

---
[1]    This section will focus on the term "housing," although other claims use the words "outer casing" in a similar way and should be given the same definition.

[2]    Some claims recite a single frame while others recite two frames, e.g., claim 33 of the '457 patent (one frame) and claim 37 of '457 patent (two frames). LPL (continued).

1    proposes that the term "housing" is used in its plain and ordinary way and is

2    certainly not limited to a portable computer. The specification of the '457 patent

3    describes frames 190 and 400. LPL Exs. at 40 (col. 4, 11. 38-42 and 47-51). In

4    Figure 7 of the '457 patent, reproduced above, notice that rear case 500 contains the

5    frames 190 and 400. *Id.* Therefore, LPL's definition is consistent with the

6    specification. The dictionary definition relied upon by LPL confirms that

7    "housing" is a broad, generic term ("something that covers, protects, or supports").

8    JCC at 40; LPL Exs. at 229. Also notice that even the dictionary upon which

9    Defendants rely has a similarly broad definition of housing—"anything that covers

10   or protects." JCC at 36. LPL's construction recognizes the broad nature of the

11   term "housing," it just has to contain the recited frame(s).

12        Yet, Defendants' proposed construction of the term "housing" limits this

13   obviously broad term to a "portable computer." *Id.* In Defendants' view, a housing

14   must be the "exterior cover or exterior case of a portable computer." There is no

15   support for that unduly narrow definition of "housing," and again, it violates the

16   rule of claim construction that details of the preferred embodiment are not to be

17   imported into the claims unless the claims themselves require the element.

18   *Interactive Gift Express*, 256 F.3d at 1341; *Dow Chem. Co. v. U.S.,* 226 F.3d 1334,

19   1341-42 (Fed. Cir. 2000) ("We note also that as a general rule claims of a patent are

20   not limited to the preferred embodiment, [citations omitted], or to examples listed

21   within the patent specification.").

22        Defendants' insertion of the words "portable computer" into the construction

23   of housing also violates another venerable rule of claim construction called claim

24   differentiation. The doctrine of claim differentiation presumes that each claim in a

25   patent is presumptively different in meaning and scope. *Comark Communications,*

26   *Inc. v. Harris Corp.,* 156 F.3d 1182, 1187 (Fed. Cir. 1998). According to the

27   _____

28   Exs. at 42. That is why LPL's definition allows frame(s).

1    Federal Circuit, the doctrine of claim differentiation "is ultimately based on the

2    common sense notion that different words or phrases used in different claims are

3    presumed to indicate that the claims have different meaning and scope," and

4    therefore, "normally means that <u>limitations stated in dependent claims are not to be</u>

5    <u>read into the independent claims from which they depend.</u>" *Karlin Tech., Inc. v.*

6    *Surgical Dynamics, Inc.,* 177 F.3d 968, 971-72 (Fed. Cir. 1999) (emphasis added).

7    If a proposed claim interpretation would result in one claim having the same scope

8    and meaning as another claim, it is presumptively unreasonable.

9        Claim 37 of the '457 patent uses the word "housing." Claim 40, dependent

10    on claim 37, requires that "the housing includes a portable computer." LPL Exs. at

11    42. Thus, the doctrine of claim differentiation counsels that "housing" from claim

12    37 is not limited to a portable computer as recited in claim 40. Adding the words

13    "portable computer" to claim 37 would render claim 40 superfluous because the

14    claims would have the same scope. Such a construction is not correct.

15    *Beachcombers, Int'l, Inc. v. WildeWood Creative Prods., Inc.,* 31 F.3d 1154, 1162

16    (Fed. Cir. 1994) (stating that construction of one claim rendering another claim

17    superfluous is "presumptively unreasonable.") The situation with claims 37 and 40

18    of the '457 patent is not anomalous. Most liquid crystal display device independent

19    claims have a dependent claim about a portable computer. *See e.g.*, claims 1 and 4;

20    9 and 12; and 33 and 36 of the '457 patent; and claims 25 and 28; and 35 and 38 of

21    the '237 patent. LPL Exs. at 41, 42, and 55, respectively. It could not be clearer

22    that the independent liquid crystal display device claims were never intended to be

23    limited to a portable computer.

24        Moreover, during the course of examination, the Examiner cited against the

25    liquid crystal device claims many references that do not describe a portable

26    computer. *See e.g.*, Figs. 1-3 of Ida, U.S. Patent No. 5,666,172; Figs. 1-6 of

27    Nakayama, U.S. Patent No. 5,654,779; Figs. 1-4 of Bosnall, U.S. Patent No.

28    5,636,101; Figs. 23-36 of Sasuga, U.S. Patent No. 5,680,183; Figs. 2-4 of Ashitomi,

1    U.S. Patent No. 5,216,411.  LPL's Exs. at 246-47, 262-66, 277-80, 102-05, and

2    133-35, respectively.  Each of these references is listed in the "References Cited"

3    portion of the patents.  *See e.g.*, LPL Exs. at 31.  In fact, Ashitomi discloses an

4    indicator panel for an electronic apparatus, such as a video tape recorder, which is

5    wholly unrelated to a portable computer.  LPL Exs. 133 and 141 (col. 1, ll. 7-11).

6    Thus, the Examiner did not understand the terms "housing" and "outer casing" to

7    be limited to part of a portable computer.

8         Turning finally to the construction of 'liquid crystal panel," Defendants again

9    improperly insert "portable computer" into the definition.  JCC at 47.  Liquid

10   crystal panel is a term of art used throughout the industry.  This term is used in both

11   the portable computer claims and the liquid crystal display device claims.  LPL's

12   definition of "liquid crystal panel" is "liquid crystals encapsulated between

13   substrates."  *Id.*  Liquid crystals, as their names implies, are liquid.  They have to be

14   held between substrates, as is well-known and described, for example, in Tsukada,

15   "TFT/LCD – Liquid Crystal Displays Addressed by Thin-Film Transistors," 29

16   Japanese Technology Reviews (1996) ("Liquid crystal is encapsulated between two

17   glass substrates . . . .").  LPL Exs. at 297-99.

18        Defendants' construction ignores the liquid nature of liquid crystals, which

19   require substrates to hold their panel shape.  JCC at 47.  Defendants argue that the

20   definition for "liquid crystal panel" should be "an array of liquid crystals of size

21   and weight suitable for use in a portable computer."  *Id.* Without a structure to

22   enclose the liquid crystals, they would flow away and there would be no liquid

23   crystal display <u>panel</u>.  Again, Defendants attempt to improperly narrow this term by

24   limiting it to a portable computer, this time, by imposing a size and weight

25   limitation on the liquid crystals.  Such limitations are not found anywhere in the

26   intrinsic evidence – there are no indications of size and weight requirements for

27   liquid crystals in the claim language, the specification or the prosecution history.

28   / / / /

1    Accordingly, LPL's constructions of the terms "liquid crystal display

2    device," "liquid crystal panel," "housing," and "outer casing" should be adopted.

3    **2.    The phrases "frame," "first frame" and "second frame"**

4    **should be given their plain and ordinary meaning.**

5    The term "frame" is used in the claims in its plain and ordinary way. LPL

6    proposes that the term "frame" means "a support structure." JCC at 31. Thus, a

7    "first frame" is a frame and a "second frame" is a frame other than the first frame.

8    JCC at 33 and 35, respectively. LPL's construction is in accord with the well

9    established patent parlance, common sense and Federal Circuit precedents.

10   Defendants propose a complex definition that incorporates words that are not found

11   in the claim language. Defendants argue that the term "frame" means "an open

12   structure or rim for encasing, holding or bordering that encloses a substantial

13   portion of each side edge of another structure." JCC at 31. Defendants further

14   argue that the term "first frame" means "the inner frame which together with the

15   second frame hold the parts of the liquid crystal display module together," and that

16   the term "second frame" means "the outer frame which together with the first frame

17   holds the parts of the liquid crystal display module together." Defendants'

18   definitions are simply wrong.

19   There is a heavy presumption that the ordinary and accustomed meaning of a

20   claim term, as understood by one of ordinary skill in the art, is the correct

21   construction. *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir.

22   2002). Where a claim uses clear structural language, it is generally improper to

23   interpret it as having functional requirements. *Schwing Gmbh v. Putzmeister*

24   *Aktiengesellschaft*, 305 F.3d 1318, 1324 (Fed. Cir. 2002) ("An invention claimed in

25   purely structural terms generally resists functional limitations")). The claim

26   limitations simply recite structural words: a "frame," a "first frame" or a "second

27   frame." These words should be given their plain and ordinary meaning. The

28   dictionary definition states that a frame is "a structure that gives shape or support."

1  JCC at 31; LG.Phillips LCD Co., Ltd.'s Exhibits to the Second Revised Joint Claim

2  Construction Statement at 3.

3        Defendants' attempt to add structural and functional limitations to simple

4  claim terms should be rejected. A frame does not have to be an open structure or a

5  rim. In addition, there is no requirement that the frame must be for encasing,

6  holding or bordering that encloses a substantial portion of each side edge of another

7  structure. These are words and limitations inserted by Defendants in order to

8  narrow the claim terms. There is no support for Defendants' construction of a

9  "frame."

10       In addition, Defendants' attempt to add yet more limitations to "first frame"

11  and second frame" should equally be rejected. As every patent practitioner knows,

12  and confirmed by the Federal Circuit, the use of words such as "'first' and 'second'

13  is common patent-law convention [used] to distinguish between repeated instances

14  of element or limitation." *3M Innovative Properties Co. v. Avery Dennison Corp.*,

15  350 F.3d 1365, 1371 (Fed. Cir. 2003). Defendants are attempting to rewrite the

16  claims by arguing that the "first frame" is the inner frame and that the "second

17  frame" is the outer frame. The words "inner" and "outer" do not appear in the

18  claims. The inventors could have used those words, if they wanted to claim inner or

19  outer frames. Instead, the inventors used first and second frames to designate that

20  these are two separate frames and did nothing more to limit the frames in any way.[3]

21       3.   **The phrases "attachable to a housing" and "fixable to a**
          **housing" and "fastening part" should not be loaded down**
22         **with unrecited details from the specification.**

23       Exemplary claim 37 of the '457 patent, discussed above in the general

24  explanation of the side-mounting patents, contains the limitation "the second frame

25  attachable to a housing through the side edge of the second frame." Other claims

26  ───────────────
   [3]    Defendants' position is further suspect in light of Defendants' definitions
27  for other terms that use the words "first" and "second." For example, Defendants
   agree that the term "first hole" is a first opening or cavity and "second hole" is an
28  opening or cavity other than the first hole. JCC at 8.

1  contain the similar language "fixable to a housing." *See, e.g.,* claims 5 and 9 of the

2  '457 patent. LPL Exs. at 41.

3      Referring back to claim 37 of the '457 patent, the "attachable" limitation

4  corresponds to the display device 700 having screws holes 410a and 410b that

5  allow the display device to be attached to the rear case 500, as shown in Figures 6

6  and 7. LPL proposes to interpret the language "attachable to a housing" and

7  "fixable to a housing" to means it contains an element provided to fix or attach to a

8  housing." JCC at 12. The display device 700 is attachable (or fixable) to a housing

9  because it has holes 410a and 410b provided to allow attachment to rear case 500 as

10  shown in Figs. 6 and 7. LPL Exs. at 36, 37, and 40 (col. 4, ll. 55-65).

11      Defendants' proposed definition for these claim terms first takes the entire

12  phrase, rather than the disputed terms, and states that "the second frame contains an

13  element provided to fix or attach directly to the side of the housing through the side

14  edge of the second frame." JCC at 12. Defendants' approach should be rejected

15  because it is cumbersome and unwarranted. Given that the terms and phrases used

16  in the claims will have the same meaning throughout the patents, this approach does

17  not make sense.

18      More problematic is Defendants' proposed definition for this phrase. Again,

19  Defendants continue their mission of adding words that do not appear in the claims.

20  Defendants have simply added the word "directly" to the claim. Nothing in the

21  Defendants' cited evidence indicates that the words "attachable" or "fixable" mean

22  "directly" fixed or attached. Interestingly, the word "directly" does not even appear

23  in any of the dictionary definitions cited by defendants. There is no reason to add a

24  limitation to the claim that is not there. *Biovail Corp. Int'l v. Andrx Pharm., Inc.,*

25  239 F.3d 1297, 1301 (Fed. Cir. 2001) ("As a general proposition, a limitation that

26  does not exist in a claim should not be read into that claim."). The Federal Circuit

27  has warned time and time again not to read limitations into the claims. *See*

28  *Arlington Industries, Inc. v. Bridgeport Fittings, Inc.,* 345 F.3d 1318, 1327 (Fed.

1    Cir. 2003); *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, -- F.3d --, Nos. 03-1146, -

2    1147, -1208, 2004 WL102849, *7 (Fed. Cir. Jan. 2004). Defendants' attempt to do

3    so should be rejected by the Court.

4         Defendants add the word "directly" to other claim terms as well. LPL

5    proposes that the term "fastening part" (and other equivalents, such as "fastening

6    unit" and "fastening member") is used in the claims to indicate parts that are used in

7    performing the fastening function. Thus, LPL proposes that the term "fastening

8    part" means a part that plays a role in fastening. Defendants, once again, try to add

9    limitations that are simply not found in the claim language. Defendants argue that

10    the term "fastening part" means "as defined in the specification, such as screws,

11    screw holes, mounting holes, hook, and adhesives which directly connect the side

12    of the liquid crystal display module to the side of the outer casing." JCC at 29-30.

13         Defendants' argument should be rejected for two reasons. First, the term

14    "fastening part" is not limited to the specific examples set forth in the specification.

15    *Laitram Corp. v. Cambridge Wire Cloth Co.*, 863 F.2d 855, 865 (Fed. Cir. 1988)

16    ("References to a preferred embodiment, such as those often present in a

17    specification, are not claim limitations.") Second, Defendants again improperly add

18    the word "directly" to the definition of a simple term, like "fastening part." There

19    is no requirement that the fastening part must "directly connect" the elements.

20    Defendants should not be allowed to add limitations to the claims that are not

21    present.

22         For all these reasons, LPL requests that the Court accept LPL's proposed

23    constructions that "attachable to a housing" and "fixable to a housing" mean

24    "contains an element provided to fix or attach to a housing" and that the term

25    "fastening part" means a part that plays a role in fastening.

26         4.    **The invention of the side-mounting patents is not limited to
         the use of screws and holes, thus, the phrases "through" and**

27         **"passing through" have different meanings.**

28

1    The parties have a dispute over the phrases "through" and "passing through."

2    LPL proposes that, as used in the claims, "through" means "by way of"; and

3    "passing through" means "extending into." JCC at 74 and 62, respectively. LPL's

4    constructions are based on the fact that the side-mounting invention contemplates

5    various types of fastening devices, including screws, holes, adhesive materials,

6    hooks and other fastening parts. LPL Exs. at 40-41 (col. 4, 1. 66-col. 5, 1. 9).

7    Defendants argue that these terms are the same: "through" means "in at one end,

8    side or surface and out the other"; and "passing through" means "moving past or

9    making way in one side and out the other side of." JCC at 74 and 62, respectively.

10   Defendants' definition does not make sense because, for example, one cannot have

11   an adhesive tape that goes in at one side and out the other.

12        First, the claims of the side-mounting patents make it perfectly clear that

13   "through" and "passing through" mean different things. Claim 37 of the '457

14   patent recites that "the second frame attachable to a housing <u>through</u> the side edge

15   of the second frame" (emphasis added). LPL's construction of the term "through"

16   is "by way of." JCC at 74. The dictionary confirms this definition: through – "By

17   way of;" "By the means or agency of." JCC at 75; LPL Exs. at 235. Moreover, the

18   dependent claims in the side-mounting patents repeatedly confirm that LPL's

19   proposed definition of "through" is the correct one. Consider dependent claim 39

20   of the '457 patent, dependent on independent claim 37, which has been used as an

21   exemplary claim throughout this brief. A dependent claim incorporates every

22   limitation in the independent claim it references, then adds one or more additional

23   limitations. 35 U.S.C. §112, ¶4; *Jeneric/Pentron, Inc. v. Dillon Co., Inc.*, 205 F.3d

24   1377, 1383 (Fed. Cir. 2000) ("[A] dependent claim, by nature, incorporates all the

25   limitations of the claim to which it refers."). Claim 39 states as follows: "The

26   liquid crystal display device according to claim 37, wherein the fastening part

27   includes an adhesive material." LPL Exs. at 42. The language of claim 39 means

28   that "through the side edge" in claim 37 is broad enough to cover use of an

1    adhesive material. And that is certainly the case if "through" means "by way of" as

2    LPL proposes.

3        Although the preferred embodiment shown in the drawings uses screws

4    engaging holes to connect the components, the patent contemplates other methods

5    of attaching the components, such as support frame 400 and rear case 500 (again

6    referencing Fig. 7, annotated above). In the '457 patent specification, at column 4,

7    line 66 – column 5, line 9, the patent states:

8            In another embodiment, in order to join the second
         support frame 400 and the rear case 500, an adhesive
9         device, such as double-sided tape can be used instead of
         the second and third screw holes 410b and 410c. This
10        example has the added advantage in that no screws are
         needed which makes the manufacturing method easy.
11

12           In a further embodiment, the rear case 500 and the
         second support frame 400 are jointed to each other using
13        hooks and/or other suitable fastening devices including
         adhesives formed at the inner sides of the rear case 500.
14        This embodiment also does not need fastening devices
         such as screws 430.

15   LPL Exs. at 40-41.

16       Defendants propose a much more narrow definition of "through," namely,

17   "in at one end, side, or surface and out the other." JCC at 74. This construction

18   limits claim 37 to a screw type of fastener (a screw is shown in Figs. 6 and 7 of the

19   patent). However, Defendants' proposed construction is so narrow that it does not

20   even cover the adhesive material embodiment claimed in claim 39. Adhesive

21   material does not pass in and out of one side edge of the frame. Therefore, the

22   definition proposed by Defendants would not cover a disclosed and claimed

23   embodiment. Such a construction is "rarely, if ever, correct." *Bowers v. Baystate*

24   *Tech., Inc.*, 320 F.3d 1317, 1328 (Fed. Cir. 2003) (quoting *Vitronics Corp. v.*

25   *Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996)). LPL's proposed

26   definition of "through" covers both screws and screw holes on the one hand, and

27   adhesive material on the other hand. It is the better definition, and LPL requests

28   that the Court interpret "through" as "by way of" in the side-mounting patents.

1    Additionally, Defendants have proposed interpretations of additional phrases

2    using the word "through." JCC at 77-78 and 80-81 (*i.e.* "through the side edge"

3    and "through the sides of the first frame, the second frame, and the outer casing").

4    These phrases are just combinations of terms already being construed. The word

5    "through" should be used in the same way, and it should mean the same thing, in all

6    instances. Moreover, Defendants' interpretations improperly incorporate into these

7    simple phrases details from the specification that appear nowhere in the claim. For

8    example, in interpreting the phrase "through the sides of the first frame, the second

9    frame, and the outer casing," Defendants require that "a single fastening part

10    secures the first and second frames and the outer casing together by passing into

11    and out of a side of the outer casing and into and out of the sides of the first and

12    second frames." JCC at 80-81. (emphasis added). This interpretation potentially

13    contradicts the adhesive embodiment where two adhesives (*e.g.*, pieces of tape)

14    would be used as described in the quote from the '457 patent, above. This is yet

15    another attempt by Defendants' to limit the claims to one embodiment in the

16    specification while excluding another, clearly claimed embodiment. Such

17    constructions cannot be correct.

18    In contrast, the phrase "passing through" is used only in reference to screws

19    and screw holes. The parties have a dispute concerning the term "passing through,"

20    as used, for example, in claim 48 of the '457 patent (also ultimately dependent on

21    claim 37 that has been discussed as exemplary throughout this brief). Claim 48

22    states: "The liquid crystal display device according to claim 47 [claim 47 is

23    dependent on claim 37], wherein the fastening part includes a screw passing

24    through at least one hole." LPL Exs. at 42.

25    LPL's construction of the phrase "passing through" is "extending into." JCC

26    at 62. As can be seen from Figures 6 and 7 of the '457 patent, screws 430 extend

27    into holes 410a, 410b and 410c. LPL Exs. at 36-37. Defendants propose a very

28    narrow construction of "passing through" that requires "moving past or making

1  way in one side and out the other side of." JCC at 62. However, by their definition,
2  Defendants attempt to exclude the situation where a screw enters one side of the
3  hole but does not exit the opposite side of the hole. For example, one situation
4  would be where the screw has a lengthwise extent that is equal to the hole depth.
5  But in that case, any common understanding would be that the screw had passed
6  through the hole, even though it did not exit the other side. Notice that LPL's
7  definition of "passing through" would be met in that situation since the screw
8  extends into the hole. "Through" is a word of several meanings, as reflected by its
9  various dictionary definitions. LPL Exs. at 235. Therefore, the context of the term
10  must be considered in determining which of the various definition is appropriate.
11  "Through" can mean in one side and out the other, as in the example of a thread
12  passing through the eye of a needle. But a walk through the flowers does not mean
13  that one walked the entire length of the flowers, and the dictionary accommodates
14  that meaning by the definition of through as "[a]mong or between; in the midst of."
15  *Id.* It is this meaning of "through" that is most appropriate here, and "passing
16  through" means "extending into." Defendants insist on construing an additional
17  phrase that contains the disputed phrase "passing through" and other disputed or
18  agreed to terms. JCC at 62-63. However, Defendants' construction of "passing
19  through" in this phrase is inconsistent with its earlier definition of "passing
20  through" and is an overly complicated combination of separately defined terms. *Id.*
21  No construction of this phrase is necessary.

22      5.    **A typographical error does not render a claim incapable of
23            construction.**

24      The parties agree on the construction of the claim term "liquid crystal display
25  module." JCC at 9. However, in one claim, claim 7 of the '537 patent, the term
26  appears as "liquid crystal display model." LPL Exs. at 15. This is an obvious
27  typographical error, which is borne out by the fact the term appears correctly at
28  various other places in the same claim, including the next limitation:

1
2
3

> a liquid crystal display <u>model</u> having a display
> surface, a back surface and a plurality of side edges;
> an upper casing substantially covering the back
> surface of the liquid crystal display <u>module</u>.

4      Defendants construction is that "[t]his term is unintelligible in the context of

5  the patent." JCC at 46-47. Defendants' argument is specious. An obvious

6  typographical errors do not render the claims meaningless. *Sargent-Welch*

7  *Scientific Co. v. J/B Indus., Inc.,* 496 F.Supp. 972, 978 (N.D. Ill. 1980) (stating that

8  the word 'motor' appearing in the claim should of course be 'rotor'). It is obvious

9  that a liquid crystal display <u>model</u> is a typographical error. The correct construction

10  of "liquid crystal display model" is "liquid crystal display module."

11      6.    <u>**The remaining terms proposed by Defendants for**</u>
12             <u>**construction do not need a construction, but if the Court**</u>
               <u>**decides to construe them, LPL's constructions should be**</u>
13             <u>**adopted.**</u>

14      Pursuant to the Court's Scheduling Order, the parties exchanged terms

15  proposed for constructions on May 1. LPL proposed nine terms for construction in

16  the side-mounting patents. *See* Exhibit 1 attached to the Declaration of Nathan W.

17  McCutcheon In Support of LG.Phillips LCD Co., Ltd.'s Opening Claim

18  Construction Brief ("McCutcheon Decl."). The constructions of five of those terms

19  were eventually agreed upon by the parties. The other four are briefed above. The

20  remaining terms that appear in the JCC were placed there by Defendants. *E.g.,*

21  McCutcheon Decl., Exh. 2 (CPT's list of claim terms for construction). While LPL

22  believes that these other terms are plain on their face, if the Court decides to

23  construe them, LPL's construction should be adopted as set out below.

24      a.    <u>**Defendants' stretch to find synonyms for or to define**</u>
25             <u>**common words frequently does not do justice to the**</u>
               <u>**original words.**</u>

26      Due to LPL's position that these terms are clear without construction and the

27  obvious infirmity of Defendants' constructions, LPL will not address them at length

28  but provides a brief analysis.

| | |
|---|---|
| cover<br>outer casing<br>(JCC at 21) | Defendants' synonyms for cover are too narrow; e.g. one could cover for aesthetic reasons, not just for protection or shielding. |
| coupled/couple<br>d to/joined with<br>(JCC at 17)<br><br>immovably<br>couple<br>(JCC at 41) | Defendants' synonyms are too narrow in that they require "contact." Actual contact is not required when objects are coupled or joined. |
| forming<br>(JCC at 30) | Defendants' construction is overly complicated and unwieldy. If construed, a simple word "providing" is a better synonym in the context in which the word is used. |
| side<br>(JCC at 70) | Defendants' propose an unnecessarily complicated geometric definition of side, when it just means "side surface." |

**b.    <u>Defendants' stretch to define common words frequently loads the words down with unrecited details improperly taken from the specification, or worse, improperly taken from extrinsic evidence.</u>**

The term "portable computer" is used in various claims as has been explained. A construction of this term seems unnecessary but nonetheless LPL proposes that the definition of portable computer is "a computer that is portable; portable means can be moved with ease." JCC at 64. This definition is largely from common sense and the dictionary, which defines "portable" as "[c]arried or moved with ease: a portable typewriter." JCC at 64-65; LPL Exs. at 232. Defendants interpose many limitations on the term, including a specific weight limitation based entirely on extrinsic evidence: "Portable Computer" refers to a personal computer not exceeding 21 lbs. in weight that is designed and configured to permit transportation as a piece of handheld luggage. JCC at 64. Review of the specification for the side-mounting patents reveals that the term is used in its broad, general sense: "In general, . . . the size of a portable computer is designed for easy

1    movement . . . ." LPL Exs. at 39 (col. 2, ll. 34-36).  There is no reason, and it is

2    indeed inappropriate, to vary the term "portable computer" from the meaning clear

3    from the intrinsic evidence based on extrinsic evidence.  *Bell Atlantic Network*

4    *Services, Inc. v. Covad Communications Group, Inc.*, 262 F.3d 1258, 1269 (Fed.

5    Cir. 2001) ("[E]xtrinsic evidence may be used only to assist in the proper

6    understanding of the disputed limitation; it may not be used to vary, contradict,

7    expand, or limit the claim language from how it is defined, even by implication, in

8    the specification or file history.").  Defendants' definition should be rejected.

9    **IV.    THE SEMICONDUCTOR PATENTS**

10        **A.    Overview of Technology**

11        The semiconductor patents deal with electrical components called thin film

12    transistors or "TFTs".  More particularly, they discuss the use of TFTs in the

13    control of LCDs.  Thus, construction of the claims of the semiconductor patents can

14    be greatly aided by examining 1) what thin-film transistors are, and 2) how they are

15    used in the control of LCDs.

16        **1.    The Thin Film Transistor**

17        A TFT is a particular type of field effect transistor (or "FET").  A FET is a

18    device that can operate as an on/off switch for electrical current flow.  It has three

19    terminals, referred to as the source, drain, and gate.  LPL Exs. at 447-49.  The gate

20    terminal of a FET has the same effect as the contact of a mechanical switch, either

21    permitting or preventing current flow between the source and drain terminals.

22        The source and drain of the FET are separated by semiconductor material.

23    *Id.*  The properties of semiconductor material may be chosen so that, under normal

24    circumstances, the semiconductor material is not conductive.  *Id.*  However, when

25    an electric field permeates the semiconductor material, it becomes conductive.  *Id.*

26    In an FET, a gate insulating material insulates the gate terminal from both the

27    source and drain terminals and from the semiconductor material.  *Id.*  The insulating

28    material prevents electric current from flowing from the gate terminal to either the

1   source or drain terminals or directly into the semiconductor material, which would

2   destroy the operation of the FET.  However, applying a voltage Vg to the gate

3   terminal produces an electric field in the semiconductor between the source and

4   drain.  The electric field causes the semiconductor material to become conductive,

5   thereby forming a pathway or channel that allows current to flow between the

6   source and the drain, as shown in the figure below.

7



8

9

10

11

12

13  *Id.* at 447 (Fig. a).

14          In a "thin film transistor," as the name suggests, the various components that

15  make up the transistor, including the gate, source, drain, and semiconductor, are

16  fashioned from thin films of material built on top of an insulative substrate.  *Id.* at

17  447-49.  It is important to note that a TFT is formed <u>on</u> an insulative substrate.

18  Other types of transistors are built <u>into</u> other types of substrates, such as a single

19  crystal silicon wafer, so that substrate itself forms the source, drain, and

20  semiconductor of the transistor.  *Id.* at 442, 454.

21          Drawings taken from the '737 patent illustrate how the various films can be

22  arranged to form a TFT.  The TFT in Illustration 1 below (Figure 1d from the '737

23  patent, annotated), consists of, among other things, an insulating substrate 1, gate 2,

24  gate insulator 3, semiconductor material 4, drain 5, and source 6.  LPL Exs. at 306.

25  As discussed above, if an electrical potential is applied to gate 2, an electrical field

26  will penetrate the semiconductor material 4, allowing current to flow between the

27  ////

28  ////

1    drain 5 and the source 6 as illustrated below. The direction of current flow depends

2    on the voltages applied to the source and drain electrodes, with current flowing

3    from high voltage to low voltage. Note that the substrate 1 plays no role in the flow

4    of current. Nor does current flow from the gate 2 to the drain 5 or source 6.



**FIG.1d** PRIOR ART

current flow

**ILLUSTRATION 1**

12    2.    <u>**LCD Applications for TFTs**</u>

13        As previously stated, one common use of TFTs is in the control of LCDs.

14 An LCD is a type of display that generates an image by directing light through an

15 array of liquid crystal picture elements or "pixels", where the amount of light

16 effused by each pixel is controlled via an electric field varying the orientation of the

17 liquid crystal molecules contained within the pixel. *See* agreed upon definition of

18 "liquid crystal display device" at p. 149 of JCC. More particularly, LCDs, such as

19 those used in notebook computers and stand-along monitors, have many rows and

20 columns of tiny pixels. The image you see on the LCD is a composite of the

21 contributions of the tiny pixels, with each pixel representing a small component of

22 the image. The orientation of the liquid crystal molecules associated with the pixel

23 determines how bright or dark the pixel appears. In general, the liquid crystal

24 molecules are oriented so that light passes through the pixel, making the pixel

25 appear bright. However, the orientation of the liquid crystal molecules can be

26 changed by applying an electric field. Depending on how much the orientation of

27 the liquid crystal molecules is changed, the pixel can appear less bright or even

28 dark. As suggested above, an image can be produced by controlling the light

1   passing through many rows and columns of the tiny pixels. There are several

2   different techniques that can be used to generate the electric field which controls the

3   liquid crystal orientation, and thus light transmission through any given pixel of an

4   LCD. One common technique, and the technique at issue in the semiconductor

5   patents, involves the use of an array of TFTs, each with a transparent, pixel

6   electrode electrically connected to the TFT. *See, e.g.*, LPL Ex. at 380 (1:67-2:4);

7   *id.* at 308, 310 (3:22-53, Fig 3 (describing an embodiment of the invention with a

8   transparent, enlarged source 2 for use in LCD applications)). Thus, given the on/off

9   switching properties of a transistor as discussed in Section IV(A)(1), *supra*, when a

10  potential is applied to the gate of the TFT, current will flow between the source and

11  drain, thereby charging the pixel electrode and applying a voltage across the liquid

12  crystal. The voltage applied across the liquid crystal changes the orientation of the

13  liquid crystal molecules, which varies the amount of light passing through the

14  particular area of the display.

15      The structure, and method of construction of such an LCD TFT array is

16  described both in the '449 patent and in the art of record that was before the PTO

17  during the prosecution of the '737 patent. In particular, Figure 6 of the '449 patent,

18  reproduced below, illustrates such an array including a plurality of TFTs 620 each

19  with a pixel electrode 6 connected to its

20  drain. LPL Exs. at 380 (1:13-30). Note

21  that the gates of all TFTs in any given

22  row (*e.g.*, 600) are commonly

23  connected and terminate in gate pads

24  630. *Id.* (1:22-27). Similarly, the

25  sources of all TFTs in any given

26  column (*e.g.*, 610) are commonly

27  connected and terminate in data pads

28  (*e.g.*, the four pads across the top of the



**FIG. 6**
PRIOR ART

1  figure). *Id.* The gate pads 630 and source or data pads 640 receive electrical

2  signals from external driving circuitry. *Id.* (1:27-30). *See also* Figure 8 of U.S. Pat.

3  No. 4,331,758 ("the '758 patent") (at LPL Exs. 313) (illustrating a portion of such

4  an array).

5       In operation, by electrically addressing any given row and any given column,

6  a single transistor of the array can be turned on, thereby permitting current to flow

7  from its source through the conductive channel of the semiconductive material to

8  the corresponding drain where said current builds a voltage on its associated pixel

9  electrode. LPL Exs. at 317 ('758 patent at 7:58-8:5); *id.* at 380 ('449 patent at 1:67-

10  2:2). As previously noted, the resultant voltage on the pixel electrode will produce

11  an electric field across the liquid crystal that controls how bright or how dark the

12  particular pixel of the LCD appears. *Id.* at 317 ('758 patent at 8:5-9); *id.* at 380

13  ('449 patent at 2:2-4).

14  **B.   '737 Patent Claims**

15       The '737 patent discloses and claims a process for producing a TFT which,

16  among other things, improves electrical contact between the various layers that

17  make up the TFT while reducing the number of steps required to complete the

18  device. LPL Exs. at 309 ('737 patent at 1:47-58). LPL asserts only claim 1 of the

19  '737 patent against Defendants, and therefore, only terms within claim 1 are

20  disputed. To illustrate the process recited in claim 1, LPL presents the following

21  figure which correlates the steps and structures recited in the claim with

22  corresponding elements of Figure 3 of the '737 patent describing one embodiment

23  of the claimed invention.

24  / / / /

25  / / / /

26  / / / /

27  / / / /

28  / / / /

## Claim 1 and Fig. 3 of '737 Patent

**A process for producing a thin-film transistor comprising**

a first step for forming a gate electrode on an insulating substrate,



FIG. 3a

a second step for continuously depositing on said gate electrode and substrate a gate insulating film, a high-resistivity semiconductor film and a conducting film containing at least a low-resistivity semiconductor film without exposing them to an oxidizing atmosphere, a third step in which said high-resistivity semiconductor film and said conducting film are selectively etched so that they are partly left as an island region on said gate electrode,



FIG. 3b

a fourth step for selectively forming a source electrode and a drain electrode both contacting a part of the surface of said island region and spaced apart from each other, a fifth step for selectively removing said conducting film exposed on said island region with said source and drain electrodes serving as at least a part of the mask,



FIG. 3c

a sixth step for depositing a surface passivation film, and a seventh step for selectively removing said surface passivation film and exposing a part of each of said source electrode, drain electrode and gate electrode.



FIG. 3d

As can be seen, claim 1 of the '737 patent recites a process for producing a TFT. As previously mentioned, this TFT can be used to control a pixel in an LCD. In fact, the elongated source electrode 16 shown in Figure 3c and 3d above is taught to be used as a "picture cell electrode" (or pixel electrode) for just such an

1    application. LPL Exs. at 310 (3:41-44).

2      Note that the second step of the claimed process calls for the continuous

3    deposition of gate insulating film 3, the high-resistivity semiconductor film 4, and

4    conducting film 20 (which, in this embodiment is made up of only a low-resistivity

5    amorphous semiconductor layer), as shown in Figure 3b above, without exposure to

6    an oxidizing atmosphere. This step is of particular importance in ensuring good

7    electrical contact between the drain and source electrodes 15, 16 of the claimed

8    TFT. Note that the conducting film 20 acts as a contact between the semiconductor

9    film 4 and the drain and source electrodes 15, 16. Oxide gives rise to electrical

10    resistance and, therefore, the development of substantial oxidation between the

11    semiconductor film and conducting film can inhibit current flow between the source

12    and drain electrodes through the semiconductor film when the TFT is activated.

13    LPL Exs. at 309-310 (1:32-46; 3:53-4:2).

14      As discussed above, in operation, when gate electrode 2 is energized, high-

15    resistivity semiconductor film 4 becomes conductive and conducts electrical current

16    between the drain and source electrodes 15, 16.

17      **C.** **Construction of Disputed Terms in the '737 Patent**

18      The parties have outlined their disputes with regard to the construction of the

19    claims of the '737 patent in Exhibit D to the JCC. The following addresses various

20    disputes with respect to certain terms contained therein.

21       **1.** **"thin-film transistor"**

22      LPL construes the term "thin film transistor" in accordance with the

23    definitions and portions of the specification discussed in Section IV(A)(1), *supra*.

24    *See* JCC at 89. Defendants' construction differs from LPL's in one important

25    respect -- Defendants fail to acknowledge that TFTs, by definition, are not

26    constructed in a single crystal silicon wafer. *See id.* This is an important

27    distinction between thin-film transistors and other types of semiconductor devices.

28    The distinction is noted in technical dictionaries contemporary to the filing date of

1    the '737 patent. <u>Compare</u> LPL Exs. at 331 (defining "thin film transistor" as

2    "fabricated using thin-film techniques on an insulating substrate rather than on a

3    semiconductor chip.") <u>with</u> *id.* at 327 (defining "chip" as "[a] small piece of a

4    single crystal of semiconductor material"). This distinction is also noted in the

5    intrinsic evidence. *See* USPN 4,426,407 1:13-22 ("A thin-film transistor (TFT) is .

6    . . similar to a MOS transistor (metal-oxide semiconductor) with the difference that

7    it is produced on an amorphous substrate <u>and not on a monocrystalline [i.e., single</u>

8    <u>crystal] silicon wafer.</u>") (emphasis added) (LPL Exs. at 320). Accordingly, this

9    distinction is appropriately part of the construction of the term.

10              2.    <u>"source electrode"</u>

11         The specification of the '737 patent teaches the source electrode being

12    formed via the deposition and patterning of electrically conductive materials, such

13    as metal films, using etching techniques. LPL Exs. at 309 (1:25-29). Moreover,

14    the specification shows a portion of the source electrode formed over the source

15    region of semiconductor layer (*e.g.*, the portion of the semiconductor that, when

16    activated, conducts charge to or from the source electrode). *Id.* at 306, 309 ('737

17    patent, 1:21-24; Fig. 1c). Accordingly, LPL construes this term as "[a] patterned,

18    electrically conductive material formed over the source region." JCC at 136.

19    LPL's construction of this term also notes that, as discussed in Section IV(A),

20    *supra*, that "[c]urrent flows through the channel between the source electrode and

21    drain electrode under control of the gate electrode." *Id.*

22         Defendants' proposed construction of this term, while similar to LPL's in

23    some respects, contains several additional limitations that significantly and

24    improperly narrow the meaning of the term. For example, they attempt to limit the

25    term "source electrode" by explicitly stating that it is "distinct from the source/data

26    line and the source/data pad." JCC at 136. There is no such exclusion in the

27    specification or prosecution history of the '737 patent. Moreover, none of the

28    dictionary definitions cited in the JCC for "source electrode" suggest such an

1    exclusion is appropriate.  Also, Defendants' definition states that "charge carriers

2    flow [from the source electrode] into the channel toward the drain."  *Id.*  While

3    current can be directed in such a fashion in a TFT, it can also travel in the opposite

4    direction.  In fact, the embodiment shown in Figure 3 of the '737 patent illustrates

5    such an arrangement.  The specification teaches that the source electrode in that

6    embodiment doubles as a picture cell (or pixel electrode) which, as discussed in

7    Section IV(A), collects charge carriers from the channel.  LPL's Exs. at 310 ('737

8    patent at 3:36-44).  Thus, in this embodiment, charge carriers flow from the drain

9    through the channel toward the source.

10          The terms "drain electrode" (JCC at 139-140) and "gate electrode" (*id.* at 93-

11    94) should be construed using the same reasoning.  Defendants' definition of "drain

12    electrode," for example, specifies the drain region is where "charge carriers flow

13    <u>from</u> the source <u>into</u> the channel."  JCC at 139 (emphasis added).  As noted above,

14    this direction of charge carrier flow can be reversed in TFTs, and is in fact reversed

15    in the embodiment of the invention shown in Figure 3 of the '737 patent.

16          Also, Defendants' definition of "gate electrode" excludes "the gate line and

17    the gate pad".  JCC at 93-94.  As in the case of the term "source electrode" above,

18    there is no support in the intrinsic evidence or cited dictionary definitions for such

19    an exclusion.  In fact, the specification indicates that gate lines should be included

20    in the definition of "gate electrode".  *See* LPL Exs. at 310 ('737 patent at 3:24-28

21    ("FIG. 3a illustrates a step in which gate electrode 2 <u>extending along one line</u> [is]

22    formed on a transparent insulating substrate 1 such as glass substrate.") (emphasis

23    added)).[4]

24    ////

25

26    _____

[4]      While Defendants' proposed constructions of "source electrode" and "gate
electrode" specifically exclude source/gate line and source/gate pad structures,
27    even though such an exclusion is unsupported in either the intrinsic evidence or
dictionary definitions, their construction of "drain electrode" does not exclude
28    data line and/or pad structures.  *Id.*

1    ### 3.    "continuously depositing"

2    LPL construes this term as: "[t]he

3    formation of the gate insulating film, the high-

4    resistivity semiconductor film and conducting

5    film without intervening films." JCC at 95-96.

6    Defendants' construction requires



FIG. 1b PRIOR ART

7    "[s]uccessively depositing each constituent film on top of the underlying film or

8    structure without interruption and without performing any processing steps between

9    the deposition of each constituent film." *Id.*

10    LPL's definition is consistent with the plain meaning of the term

11    "continuously" because it requires the films to be deposited so that they are

12    spatially continuous. *See 1981 Webster's* 243-44 (defining "continuous" is defined

13    as "marked by uninterrupted extension in space, time, or sequence") (emphasis

14    added) (Defendants Exs. 3 at 472-73). LPL's definition is also consistent with the

15    specification, which states that "as shown in FIG. 1b, a gate insulating film 3 (such

16    as silicon nitride film) and an amorphous silicon film 4 are continuously deposited,

17    and said amorphous silicon film 4 is selectively etched." LPL Exs. at 309 (1:17-21)

18    (emphasis added). Figure 1b, shown above right, does not show that films 3 and 4

19    are deposited without any timewise interruption and without any intervening

20    processing steps, as Defendants propose. Instead, Figure 1b simply depicts

21    amorphous silicon film 4 deposited on the gate insulating film 3 without

22    intervening films, as shown above right. Accordingly, the '737 patent specification

23    does not support Defendants' construction.

24    LPL's construction of "continuously depositing" is also consistent with the

25    object of the invention of the '737 patent – a simplified process for producing a thin

26    film transistor with an improved contact arrangement. LPL Exs. at 309 (1:56-58).

27    As discussed in the Background of the Invention, prior art processes resulted in the

28    formation of an intervening film, a natural oxide layer, between the high-resistivity

1    silicon film and the low-resistivity silicon film.  LPL Exs. at 309 (1:32-35).  LPL's

2    construction of "continuously depositing" excludes such an intervening film.

3        Defendants' proposed construction also contradicts the aforementioned

4    *Webster's* dictionary definition of "continuous," which defines "continuous" as

5    "uninterrupted in space, time <u>or</u> sequence.  Defendants Ex. 3 at 472-73 (emphasis

6    added).  Defendants construe "continuously depositing" to require 1) successively

7    depositing each constituent film on top of the underlying film, 2) without

8    interruption, <u>and</u> 3) without performing any processing steps between the

9    deposition of each constituent film.  Defendants thus construe "continuous" to

10   prevent interruption in space, time, <u>and</u> sequence.  Moreover, Defendants'

11   definition has no foundation in the intrinsic evidence, and adds unwarranted

12   ambiguity to the term "continuously depositing."  In particular, nowhere does the

13   '737 patent specification or file history prohibit "interruption" or "performing <u>any</u>

14   processing steps between the deposition of each constituent film."  (Emphasis

15   added.)  Moreover, Defendants' definition invites confusion as to what constitutes

16   an "interruption" and/or a "processing step."

17       4.    <u>"high-resistivity semiconductor film" and "low-resistivity
           semiconductor film"</u>

18

19       The primary distinction between LPL and Defendants' constructions of these

20   terms is the manner in which the parties distinguish the "high-resistivity

21   semiconductor film" from the "low-resistivity semiconductor film" and vice versa.

22   *See* JCC at 102-103, 112-113.  LPL distinguishes the two via comparison to the

23   relative resistivity of the two films.  For example, LPL construes the term "high-

24   resistivity semiconductor film" as "[a] thickness of semiconductor material . . . that

25   has a higher resistance to current flow relative to the low-resistivity semiconductor

26   film" JCC at 102-103.  Such a definition is consistent with the plain and ordinary

27   meaning of each term.  The '737 patent discloses adding impurities, such as

28   phosphorous, to the semiconductor material to produce the low-resistivity

1    semiconductor film. LPL Exs. at 309 (2: 26-29, 43-45). This process of enhancing
2    the conductive properties of semiconductor material (and thereby lowering the
3    resistivity) by the addition of impurities is called "doping." Generally, the more
4    impurities are added, or the higher the "doping level," the more conductive the
5    semiconductor material. Consider, for example, the following definition of the
6    term "doping level" taken from a technical dictionary contemporary to the time of
7    the '737 invention: "[t]he amount of doping necessary to achieve the desired
8    characteristic in a semiconductor. Low doping levels . . . give a high-resistivity
9    material; high doping levels . . . give a low-resistivity material." *Id.* at 337
10   (emphasis added). One of skill, reading the specification of the '737 patent, would
11   understand the term "high-resistivity semiconductor" to refer to semiconductor
12   material that is undoped or that has a low doping level, and, therefore, has a higher
13   resistance to current flow relative to a highly doped, or low-resistivity
14   semiconductor. Similarly, one of skill, reading the specification of the '737 patent,
15   would understand the term "low-resistivity semiconductor" to refer to
16   semiconductor material with a high doping level, and one that, therefore, has a low
17   resistance to current flow relative to a less doped, or low-resistivity semiconductor.
18        Defendants' constructions of these terms, on the other hand, inject vague and
19   unwarranted limitations drawn from extrinsic evidence to distinguish the two films.
20   For example, they construe the high-resistivity semiconductor material to have an
21   "electrical resistance many orders of magnitude higher than a low-resistivity
22   semiconductor film." JCC at 102-103 (emphasis added). Once again, Defendants
23   attempt to add limitations to the term that have no basis in the intrinsic evidence
24   and add additional ambiguity to the term. *See Biovail Corp.*, 239 F.3d at 1301.
25   Nowhere in the specification is there a requirement regarding "many orders of
26   magnitude" between the electrical resistance of low and high-resistivity
27   semiconductor films. Moreover, Defendants' definitions invite confusion as to
28   what, quantitatively, constitutes "many orders of magnitude."

1

2

5.    **"conducting film" and "conducting film containing at least a low-resistivity semiconductor film"**

3    The primary distinction between LPL and Defendants' constructions of this

4    term and phrase is whether a "low-resistivity semiconductor film" by itself meets

5    the phrase "a conducting film containing a least a low-resistivity semiconductor

6    film." LPL defines the term "conducting film" as "[a] thickness of electrically

7    conductive material" and defines the phrase "conducting film containing at least a

8    low-resistivity semiconductor film" as "[t]he conducting film is composed of a low-

9    resistivity semiconductor film and possibly other conductive films." JCC at 106,

10    116. Thus, according to LPL's construction, claim 1 requires "a conducting film"

11    that is made up of at least the "low-resistivity semiconductor film." Defendants'

12    constructions, on the other hand, characterize the "low-resistivity semiconductor

13    film" as distinct from the "conducting film." *See id.*

14    The '737 patent claims clearly use the phrase "conducting film containing at

15    least a low-resistivity semiconductor film" to mean that the low-resisitivity

16    semiconductor film is a component (and possibly the sole component) of the

17    "conducting film." LPL Exs. at 310. Applying a plain and ordinary meaning to the

18    term "containing," it is clear this phrase characterizes the makeup of the conducting

19    film, namely that it includes at least the low-resistivity semiconductor film. *See*

20    LPL Exs. at 354-355 (defining "contain" as "to have as component parts; comprise;

21    include"). Moreover, the ordinary meaning conveyed by the phrase "at least" is

22    that the conducting film may be made up solely of the low-resistivity

23    semiconductor film or of the low-resistivity semiconductor film and additional

24    material.

25    This construction is supported by the remainder of claim 1. For example,

26    claim 1 also recites "a fifth step for selectively removing said conducting film

27    exposed on said island region." LPL Exs. at 310 (4:39-42). The corresponding

28    portion of the specification discussing this step explicitly states that the "exposed

1   portion of low-resistivity amorphous silicon film 20 is removed." *Id.* at 307-308,

2   310 (3:40-41; Figs. 2d and 3c (showing the claimed TFT after the exposed portion

3   of the low-resistivity amorphous silicon film 20 is selectively removed)). Further,

4   claim 2 of the '737 patent recites "said <u>conducting film</u> is <u>composed of</u> at least two

5   layers consisting of <u>a low-resistivity semiconductor film</u> and thereon a refractory

6   metal film or transparent conducting film." *Id.* at 310 (4:47-54) (Emphasis added.)

7   Claim 2 makes clear the recited "conducting film" is to be composed of, among

8   other films, a low-resistivity semiconductor film.

9       In contrast, Defendants limit the construction of "conducting film" by

10  requiring the film to have "an electrical resistance several orders of magnitude

11  lower than low-resistivity semiconductor film", and thereby excluded a low-

12  resistivity semiconductor film from <u>being</u> a "conducting film." JCC at 106-107.

13  Thus, Defendants' construction of "a conducting film containing at least a low-

14  resistivity semiconductor film" requires two films – a metal conducting film (which

15  cannot be made of a low-resistivity semiconductor) <u>and</u> a low-resistivity

16  semiconductor film. Such a construction directly contradicts the plain language of

17  claims 1 and 2. Claim 1 explicitly recites that the conducting film contains "at least

18  a low-resistivity semiconductor film," while claim 2 recites that the conducting film

19  "is composed of at least two layers [including] a low-resistivity semiconductor

20  film." Defendants' construction also prohibits the conducting film from <u>including</u> a

21  low-resistivity semiconductor film, in contrast to claim 2, which specifically states

22  that the "conducting film" is composed of a low-resistivity film.[5] Further,

23  Defendants' construction fails to read on the embodiment of the invention shown in

24  Figure 3d, which has only a low-resistivity semiconductor without an adjoining

25  _____

[5]    Several of Defendants' other constructions similarly refuse to recognize that
26  the "conducting film" includes the "low resistivity semiconductor film". <u>See</u>
    "selectively etched" at JCC, p. 129 (referring to a "conducting film" and a distinct
27  "low-resistivity semiconductor film"); "without exposing them to an oxidizing
    atmosphere" at <u>id.</u>, p. 124-125 (same); "island region on said gate electrode" at
28  <u>id.</u>, p. 133 (same).

1    strip of metal. *See* LPL Exs. at 308. Moreover, nowhere in the '737 patent

2    disclosure is there a requirement regarding the relative "several orders of

3    magnitude" between the electrical resistance of conductive and low-resistivity

4    semiconductor films. Again, Defendants plainly, and improperly, seek to read

5    limitations into the claim which do not even exist in the specification or prosecution

6    history of the '737 patent. *See Biovail Corp.*, 239 F.3d at 1301. Also, Defendants'

7    definition invites confusion as to what, quantitatively, constitutes "several orders of

8    magnitude." For at least these reasons, LPL's definitions should therefore be

9    adopted.

10        **6.    "oxidizing atmosphere" and "without exposing them to an**
              **oxidizing atmosphere"**
11

12        The '737 patent teaches "continuously depositing" the films that make up the

13    channel, source, and drain "without exposing them to an oxidizing atmosphere" in

14    order to prevent the development of electrical resistance between the films. *See*

15    LPL Exs. at 309 (1:41-44) ("[Exposure to an oxidizing atmosphere] would give rise

16    to electrical resistance between the source and drain and between channels in the

17    thin-film transistor thus obtained, making such transistor unable to exhibit its

18    desired characteristics."). Thus, one of ordinary skill reading the specification

19    would understand the language at issue in the claim calls not for an absolute ban on

20    oxidation, but rather for steps to be taken to prevent substantial oxidation that

21    would impair the electrical contact between the films. Practical limitations in

22    fabrication techniques used in "continuously depositing" these layers may very well

23    expose the films to insubstantial amounts of oxidizing atmosphere which could, in

24    turn, develop trace oxide deposits on the surface of one or more films. Such trace

25    oxide deposits would have little or no effect on electrical resistance, and as such

26    would still meet the objective of the claimed invention. Accordingly, LPL defines

27    the term "oxidizing atmosphere" as "an atmosphere that would create substantial

28    oxidation on a film" (*i.e.*, an amount of oxidation that will give rise to electrical

1  resistance such that the transistor is unable to exhibit its desired characteristics).
2  JCC at 121.

3      Defendants, on the other hand, define the term as "[a]n atmosphere that
4  would create an oxide on a film." *Id.* Under Defendants' construction, the claim
5  requires the exclusion of even insubstantial amounts of oxidation without
6  consideration of whether said oxidation would be sufficient to cause increased
7  electrical resistance. Such a definition is unduly rigid and inconsistent with real
8  world fabrication techniques. Accordingly, LPL's definition should be adopted.[6]

9         **7.**   **"island region"/"island region on said gate electrode"**

10      LPL defines the term "island region" as "[a] discrete portion of the high-
11  resistivity semiconductor film and conducting film that is formed by selective
12  etching" and the phrase "island region on said gate electrode" as "[a] discrete
13  portion of the high-resistivity semiconductor film and conducting film that is
14  formed by selective etching. The discrete portion is located above and supported
15  by or in contact with the gate electrode." JCC at 131-133. These definitions are
16  consistent with the description of the island region contained in the specification.
17  *See* LPL Exs. at 307-309 (2:54-57; Figs. 2c-2e, 3c-3d).

18      Defendants' definitions of this term and phrase, however, include several
19  unwarranted limitations, such as "etched around its entire perimeter into a separate
20  isolated region located over the gate electrode of a single thin-film transistor." JCC
21  at 133. First, contrary to Defendants' construction, there is nothing in the plain
22  meaning of "island region on said gate electrode" that limits the island region to an
23  isolated region located over the gate electrode of a <u>single</u> TFT. Moreover, there is

24
25  [6]    There are several other terms at issue where, similarly, Defendants adopt
    unduly rigid constructions that one of skill would recognize as inconsistent with
26  real world fabrication techniques. They include "selectively removing" (JCC at
    142-143) (requiring removal in "selected regions only", presumably excluding the
27  possibility that a slight imperfection in the etching process may result in removal
    of a tiny amount of material outside of the "selected region") and "selectively
28  forming" (*id.* at p. 134-135) (same).

1  nothing in the '737 patent disclosure or prosecution history that limits the island

2  region to a single TFT.  Once again, Defendants construction seeks to inject

3  unsupported limitations into claim 1.  *See Biovail Corp.*, 239 F.3d at 1301.

4     Furthermore, there is nothing in the specification of the '737 patent requiring

5  the "entire perimeter" of the island region to be etched "into a separate isolated

6  region".  The various two dimensional cutaways of the TFT shown in Figures 2c-2e

7  and 3c-3d of the specification do show a portion of the island region located over

8  the gate.  *See* LPL Exs. at 307-308.  However, there is nothing in the '737 patent

9  specification or figures that in any way limits the extension of the island region in

10 the dimension perpendicular to the figure (*e.g.*, in or out of the page) or in other

11 areas of the substrate not depicted in the cross sectional views.  The phrase "on said

12 gate electrode" does not require that the perimeter of the island region be located

13 over the gate electrode, as Defendants suggests.  Note, for example, that claim 1

14 also recites that the gate insulating film is "on said gate electrode."  *Id.* at 310

15 (4:27-30).  Figures 2a-2e and 3b-3d show an example where the gate insulating film

16 3 is on gate electrode 2 and in various additional locations on the substrate 1

17 beyond gate electrode 2.  *Id.* at 307-308.  Clearly, the phrase "on said gate

18 electrode" in claim 1 does not require that a perimeter of the gate insulating film be

19 located over the gate electrode.  Such a construction is contradicted by the '737

20 patent specification, which plainly shows the gate insulating film "on said gate

21 electrode" and elsewhere on the substrate 1.  The perimeter of the gate insulating

22 film is not limited to the region located over the gate electrode.  Once again,

23 Defendants attempt to improperly limit claim language even to the point of ignoring

24 the intrinsic evidence.

25 ////

26 ////

27 ////

28 ////

1    **8.    "a fourth step for selectively forming a source electrode and**
2    **drain electrode"**

3    LPL construes this phrase as "[t]he source electrode and drain electrode are

4    selectively formed together." JCC at 135. LPL's definition recognizes, as stated

5    plainly in the '737 patent, that the source and drain electrodes are formed at the

6    same time in the claimed process for producing a TFT. The phrase at issue recites

7    "a fourth step for selectively forming a source electrode and a drain electrode."

8    (Emphasis added.) Note that the source and drain electrodes are recited as being

9    formed in the same step. Similarly, the specification describes the source and drain

10    electrodes being deposited and etched at the same time. *See* LPL Exs. at 309-10

11    (1:25-29; 3:36-41).

12    Defendants, on the other hand, construe this phrase as "[f]orming a source

13    electrode and drain electrode in selected regions only by depositing a conducting

14    film or other material such as Al." JCC at 135. Defendants' definition is deficient

15    in several respects. First, it fails to acknowledge one feature of the claimed

16    invention — namely that both the source and drain electrodes are formed in the same

17    step. Additionally, Defendants' construction can be read to require "forming" the

18    source and drain electrodes via deposition alone, *i.e.*, without subsequent etching to

19    form the desired pattern for the electrodes. Nothing in the plain meaning of the

20    term "forming" suggests such a narrow construction. Moreover, the specification

21    clearly teaches that source and drain electrodes can be formed via deposition and

22    subsequent etching of conductive material. *See* LPL Exs. at 309 (1:25-29). For at

23    least these reasons, LPL's construction should be adopted.[7]

24    / / / /

25    / / / /

26    _____
    [7]    There are several other terms at issue where, similarly, Defendants'
27    construction of the term "forming" can be read to require deposition alone
    (without subsequent etching). They include "selectively forming" (JCC at 134-
28    135) and "forming . . . on" (id. at 148).

1        9.      "contacting a part of the surface of said island region"

2        LPL construes this phrase to mean "[f]orming an electrical connection to a

3    part of the surface of the island region" while Defendants construes it to require

4    "[t]ouching a part of the surface of the island region." JCC at 141. The claim

5    states, in relevant part, "a source electrode and a drain electrode both contacting a

6    part of the surface of said island region." LPL Exs. at 310 (4:36-39). At several

7    places in the specification, the patent discusses the importance of maintaining

8    electrical connectivity between the various layers that make up the island region as

9    well as between the island region and the layers which are patterned to form the

10   source and drain electrodes. *See id.* at 307-310 (3:53-62, 4:1-2; Figs. 2d-2e; 3c-3d).

11   In fact, throughout the specification, the term "contact" is used consistently in the

12   context of forming an electrical connection. *See id.* at 309-310 (1:21-25; 1:55-57;

13   3:59-4:2). Accordingly, LPL's definition should be adopted as a more appropriate

14   reading of the claim term "contact" in light of the specification.

15       10.     "at least a part of the mask"/ "said source and drain
              electrodes serving as at least part of the mask"
16

17       A mask is a device used to shield selected areas of a semiconductor chip

18   during the manufacture of semiconductor components and integrated circuits. Of

19   particular relevance to this case, a mask is used to form a pattern in a surface of a

20   film or films during the fabrication of a TFT. *See, e.g.,* '758 patent at 5:37-6:7

21   (discussing the use of mask in forming source bus patterns in a conductive layer)

22   (LPL Exs. at 316). In application, a mask is typically formed in a desired pattern

23   above a surface from which material is to be selectively removed. *See, e.g., id.* at

24   5:37-56 (describing one method of developing a mask). Then, a removal technique,

25   such as the application of an etching solution, is applied that will remove portions

26   of the exposed surface but not the mask. *See, e.g., id.* at 5:57-59 ("A suitable

27   etching solution will then be employed to remove the unprotected conductive layer .

28   . . .") Obviously, for this technique to work the mask must be made of material that

1  is resistive to the removal technique relative to material to be removed. The
2  ultimate result of this process is that a pattern matching the mask will be left in the
3  surface following the application of the removal technique. *See, e.g., id.* at 6:6-7
4  ("The structure now has the configuration shown in FIGS. 6 and 6A").
5  Accordingly, LPL defines the term "mask" as "a pattern above a surface from
6  which material is to be selectively removed" where "the pattern is made of material
7  that is resistive to the removal technique relative to material to be removed." JCC
8  at 145-147. The remainder of the phrases at issue ("at least a part of the
9  mask"/"said source and drain electrodes serving as at least part of the mask") are
10  either otherwise construed (*e.g.* source and drain electrode) or have plain meanings
11  (*e.g.*, "serving as at least part of" the mask means there can be other parts to the
12  mask) and the phrases should be construed accordingly.

13     Defendants' constructions of these phrases fail to define the term mask, and
14  add limitations contrary to a plain reading of the phrases. For example, the claim
15  requires only that the source and drain electrode serve as "at least a part of the
16  mask." (Emphasis added.) Defendants, however, read this qualified limitation to
17  mean the source and drain electrode must "make a significant contribution to
18  defining the edges of the selectively removed region." JCC, Exh. at 146-47
19  (emphasis added). There is simply no logical reason for requiring a structure
20  identified as only making up "at least a part" of the mask to make a "significant
21  contribution to defining the edges of the selectively removed region." If, for
22  example, the source and drain electrodes made up only a small portion of the mask,
23  they would still account for "at least a part" of the mask as required by the claim.
24  Defendants construction, however, would further require this small portion of the
25  mask accounted for by the electrodes to make a "significant" contribution to
26  defining the "edges of the removed region." Such an encumbrance of this
27  limitation is unsupported, unwarranted, and in clear contravention of the plain
28  meaning of the phrase "at least a part of the mask" as recited in the patent.

1    Moreover, Defendants' definition is fraught with ambiguity. For example, how
2    much of "contribution" is required to be considered a "significant" contribution?
3    Similarly, what constitutes the "edges of the selectively removed region"? There is
4    no reason to import these ambiguous, unsupported, and extraneous limitations into
5    the claim. Accordingly, LPL's construction should be adopted.

6    **D.    '449 Patent Claims**

7    The '449 patent discloses and claims an LCD device and a method of
8    manufacturing said device, which, among other things, has a novel interconnection
9    structure. LPL Exs. at 380-81 (2:30-3:14). The claims of the '449 patent fall into
10   two main categories: (1) claims directed to a "wiring structure" and (2) claims
11   directed to a "liquid crystal display device." This same novel interconnection is
12   included in both categories of claims. To illustrate the nature of the interconnection
13   recited in the claims of the '449 patent, LPL presents the following illustration
14   which correlates the structures recited in claim 1 with the corresponding elements
15   of Figure 5 of the patent describing one embodiment of the claimed invention.

16   ////
17   ////
18   ////
19   ////
20   ////
21   ////
22   ////
23   ////
24   ////
25   ////
26   ////
27   ////
28   ////

1
2
3
4

## Claim 1 and Fig. 5 of '449 Patent

5

**A wiring structure comprising:**

6

a substrate;

7

a first conductive layer formed on a first portion of said substrate;

8

a first insulative layer formed on a second portion of said substrate and on said first conductive layer;

9

a second conductive layer formed on a first portion of said first insulative layer;

10
11

a second insulative layer formed on said second conductive layer and on a second portion of said first insulative layer overlying said first conductive layer;

12

an indium tin oxide layer formed on said second insulative layer;

13
14
15

wherein a first contact hole is provided through said first and second insulative layers to expose part of said first conductive layer and a second contact hole is provided through said second insulative layer to expose part of said second conductive layer, said indium tin oxide layer extends through said first and second contact holes to electrically connect said first conductive layer with said second conductive layer; and

16
17

wherein one of said first and second conductive layers is connected to one of a plurality of terminals of a thin film transistor.

18
19
20
21
22
23
24



## FIG. 5

25
26
27
28

1    As can be seen, claim 1 of the '449 patent recites a particular interconnection

2    between two conductive layers, where at least one of the conductive layers is

3    connected to a terminal of a TFT. In particular, Figure 5 above shows an ITO

4    (indium tin oxide) layer 6D interconnecting a source electrode 7 with gate

5    line/electrode 2. Note that the ITO contacts the source electrode 7 through a hole in

6    passivation layer 9, and the ITO contacts the gate line/electrode 2 through a hole in

7    both passivation layer 9 and in gate insulating layer 3.

8        **E.    Construction of Disputed Terms in the '449 Patent**

9        The parties have outlined their disputes with regard to the construction of the

10   claims of the '449 patent in Exhibit F to the JCC. The following addresses various

11   disputes with respect to certain terms contained therein.

12        **1.    "on"/"formed on"/"disposed on"**

13       LPL defines the terms "on", "formed on", and "disposed on" as "[t]ouching a

14   top or side of." JCC at 151, 154.[8] LPL's definition is based on the fact that the

15   patentee uses two distinct terms to describe the relative position of layers within the

16   claims – namely "on" and "overlying" – thereby creating a presumption that the

17   terms have different meanings. *See CAE Screenplates Inc. v. Heinrich Fiedler*

18   *GmbH & Co. KG*, 224 F.3d 1308, 1317 (Fed. Cir. 2000). Specifically, the patentee

19   uses the term "on" in situations where a layer is touching a top or side of a lower

20   layer. In comparison, the patentee uses the term "overlying" to denote situations

21   where one layer is above, but not necessarily in contact with, a lower layer.

22       Consider, for example, claim 8 of the '449 patent, which recites ". . . forming

23   a first conductive layer pattern <u>on</u> a substrate . . . forming a second insulative layer

24   <u>overlying</u> said substrate. . . ." LPL Exs. at 383 (emphasis added). As shown in

25   _____

26   [8]    The terms "formed on," which appears in apparatus claims 1, 2, and 6, and
     "disposed on," which appears in product claim 6, should be given the same
27   meaning as the term "on" because it is improper "to superimpose a process
     limitation on [apparatus] claims." <u>Cordis Corp. v. Medtronic AVE, Inc.</u>, 339 F.3d
     1352, 1357 (Fed. Cir. 2003), *petition for cert. filed*, 72 U.S.L.W 3452 (Jan. 5,
28   2004).

1    Figure 3, conductive layer (gate 2) touches the top of glass substrate 1, while

2    second insulative layer (passivation layer 9) is above but does not touch the glass

3    substrate 1. *Id.* at 378. Similarly, claim 10 recites ". . . a source electrode and a

4    drain electrode <u>on</u> said semiconductor layer . . . a passivation layer <u>overlying</u> said

5    source pad. . . ." *Id.* at 383 (emphasis added). As shown in Figure 3, source

6    electrode 7 and drain electrode 8 touch the sides of the semiconductor layer 4, while

7    passivation layer 9 is above but does not touch source pad 2A. *Id.* at 378. *See also*

8    claim 11 (". . . patterning said second conductive layer to form source electrode and

9    a drain electrode <u>on</u> said active layer; forming a passivation film <u>overlying</u> said

10   substrate including said source pad. . . .") (emphasis added). *Id.* at 383.

11        The patentee uses a similar convention in the specification. For example, it

12   states "[a]n amorphous silicon active layer 4 is formed <u>on</u> a portion of gate

13   insulating film 3 <u>overlying</u> gate 2." *Id.* at 380 (1:42-44) (emphasis added.) As

14   shown in Figure 1b, to which this portion of the specification is addressed, silicon

15   active layer 4 touches the top of gate insulating film 3, and is above but does not

16   touch gate 2. *Id.* at 375.

17        It should be noted that the patentee uses the term "substrate" in two distinct

18   contexts in the specification of the '449 patent. The first context in which the term

19   "substrate" is used is to refer to the glass substrate upon which the various layers

20   that make up the claimed LCD device are deposited and formed. When used in this

21   context in the specification, the patentee consistently uses the term "substrate"

22   within the phrase "transparent glass substrate 1." *See* LPL Exs.at 380-381(1:36,

23   3:44, 4:65-66). The second context in which the term "substrate" is used in the

24   specification is as a "short hand" reference to the LCD device at some intermediate

25   stage of its manufacture. When used in this context, the patentee consistently uses

26   the term "substrate" within a reference to "the entire surface of the substrate." *See*

27   *id.* at 380-382 (1:41-42, 57; 2:6; 3:51-52: 4:7; 5:1-2). For example, in summarizing

28   the manufacturing process taught in the specification, the patentee states:

> In other words, a conductive layer is formed on a
> <u>transparent glass substrate 1</u> and patterned to form gate 2,
> a storage capacitor electrode 2D, a source pad 2A and a
> gate pad 2B. After forming a gate insulating film 3 on <u>the</u>
> <u>entire surface of the substrate</u>, an amorphous silicon layer
> 4 and an impurity-doped semiconductor layer 5 are
> sequentially formed ther[e]on.

*Id.* at 381-82 (4:65-5:4) (emphasis added). In this excerpt, the patentee uses the term "substrate" in both contexts. First to refer to "transparent glass substrate 1" and later to refer to the partially fabricated LCD device consisting of the "transparent glass substrate 1" with a gate, storage capacitor electrode, source pad, and gate pad formed thereon. Thus, when, as in the excerpt above, the specification discusses forming a layer "<u>on</u> the entire surface of the substrate," it is referring to a layer touching the top surface of the partially fabricated LCD device. As such, the specification is wholly consistent with LPL's construction of the term "on."

The patentee is his own lexicographer and LPL's construction of the terms "on," "formed on," and "disposed on" recognizes the distinction drawn <u>by the</u> <u>patentee</u> between the terms "on" and "overlying." Defendants' definitions of the terms "on", "formed on", and "disposed on" do not. Instead, each defines the term "on" as "above and supported by or in contact with." JCC at 151, 154. Such a definition makes no real distinction between the term "on" and the term "overlying," given that the parties agree "overlying" means "above" (JCC at 149) and that the various layers of a TFT are necessarily "supported by" the substrate. As such, Defendants' definition fails to recognize the presumption that these two distinct terms recited in the claim should have different meanings. *See CAE Screenplates Inc.*, 224 F.3d at 1317. Accordingly, LPL's construction should be adopted.

2.    **"contact hole is provided through . . . layer"/"provided through"**

LPL construes these phrases to mean "[t]he contact hole is formed in the layer." JCC at 154-56. This definition is consistent with the plain and ordinary

1    meaning of the terms as well as the use of the term "through" in the specification in

2    the context of contact holes. *See, e.g.*, LPL Exs. at 382 (5:19-23 ("ITO patterns 6A,

3    6B and 6C are formed to contact source pad 2A and gate pad 2B through the

4    contact holes formed at gate insulating film 3 and passivation layer 9")).  Also, for

5    example, claim 1 provides that the "indium tin oxide extends <u>through</u> the first and

6    second contact holes to electrically connect said first conductive layer with said

7    second conductive layer."  Defendants' definition of "through" – "in one side and

8    out the other" – improperly would exclude the embodiments of the invention

9    disclosed in the '449 patent specification.  JCC at 155.  For example, referring to

10   Figure 5, the indium tin oxide layer 6D extends in the contact holes to touch the

11   gate electrode 2 and the source electrode 7, but never extends <u>out</u> of the bottom

12   surface of either contact hole.  LPL Exs. at 378.  The indium tin oxide layer 6D is

13   flush with the bottom surface of the respective insulative layers 3 and 9.  *Id.*

14   Because a definition of "through" as "in one side and out the other" would result in

15   claim 1 (among others) from reading on the embodiments of the invention disclosed

16   in the specification, Defendants' definition is plainly wrong.  *See Bowers v.*

17   *Baystate Tech., Inc.*, 320 F.3d 1317, 1328 (Fed. Cir. 2003).  Accordingly, LPL's

18   construction should be adopted.

19            **3.    "thin film transistor"**

20            LPL offers the same definition for the term "thin film transistor" in the '449

21   patent as in the '737 patent.  <u>Compare</u> JCC at 89 <u>with</u> JCC at 157.  Defendants also

22   offer the same definition for this term across both patents.  *Id.*  Accordingly,

23   Defendants' construction for the term in the '449 patent, as was the case in the '737

24   patent, fails to acknowledge that TFTs are not constructed on a single crystal silicon

25   wafer.  *See* Section IV(C)(1), *supra*.  As noted above, this is an important

26   distinction between thin-film transistors and other types of semiconductor devices.

27   Moreover, this distinction is noted in technical dictionaries contemporary to the

28   filing date of the '449 patent.  *Compare* LPL Exs. at 454 (defining "thin film

1    transistor" as "fabricated using thin-film techniques on an insulating substrate

2    rather than on a semiconductor chip.") *with id.* at 442 (defining "chip" as "[a] small

3    piece of a single crystal of semiconductor material"). Accordingly, this distinction

4    should be incorporated into the construction of the term.

5            4.   <u>"selectively etching"</u>

6        LPL defines this term as "[r]emoving selected portions of a surface using

7    etching techniques (such as wet etching, plasma etching, reactive ion etching, and

8    ion etching) in order to produce a desired pattern on the surface." JCC at 159-160.

9    Defendants define this term as "[h]aving a selected portion of the substance of the

10   first and second insulating layers removed using an etching technique." *Id.* LPL's

11   definition is consistent both with the plain and ordinary meaning of the term

12   "etched" and with the specification of the patent. *See, e.g.,* LPL Exs. at 445

13   (defining "etching" as "[c]hemical erosions of selected portions of a surface in

14   order to produce a desired pattern on the surface."); *id.* at 380 ('449 patent at 1:54-

15   55) ("[G]ate insulating film 3 is selectively etched to expose source pad 2A and

16   gate pad 2B (see FIG. 1c)."). Defendants' definition improperly includes structures

17   stated elsewhere in the claim, namely the layers recited in the claim as being

18   etched. Such a definition renders the separate recitation of the layers redundant and

19   is, therefore, improper. *See Elekta Instrument S.A. v. O.U.R. Scientific Int'l, Inc.,*

20   214 F.3d 1302, 1307 (Fed. Cir. 2000); *Brainy Ideas, Inc. v. Media Group,* 169 F.

21   Supp. 2d 361, 363 n.2 (E.D. Pa. 2001). Moreover, the meaning of "etching

22   techniques" as that term is used in Defendants' definition is less clear because

23   Defendants' definition does not give examples as to what constitutes "etching

24   techniques." For at least these reasons, LPL's definition should be adopted.

25           5.   <u>"gate electrode", "source electrode", "drain electrode"</u>

26       The terms "gate electrode", "source electrode", and "drain electrode" are

27   recited in claims 10 and 11 of the '449 patent. As was the case in the construction

28   of these terms in the '737 patent (*see* Section IV(C)(2), *supra*), LPL construes these

1    terms as one of skill would in light of the intrinsic evidence.  For example, LPL

2    defines the term "source electrode" as:  "[a] patterned, electrically conductive

3    material formed over the source region" and notes that "[c]urrent flows through the

4    channel between the source electrode and drain electrode under control of the gate

5    electrode."  JCC at 170.  This definition is consistent with operation of a TFT, as

6    discussed in Section IV(A), *supra*, and with the specification's teaching of how the

7    source electrode is formed.  LPL Exs. at 381 ('449 patent at 3:63-66).

8        Defendants' constructions of these terms in the '449 patent contain the same

9    inconsistencies and unwarranted limitations as discussed in the construction of the

10   same terms for the '737 patent.  For example, Defendants construe the terms

11   "source electrode" and "gate electrode" narrowly to exclude the "source/data line

12   and the source/data pad" and "gate line and the gate pad", respectively.  JCC at 160,

13   170.  However, as is the case with the construction of these terms in the '737 patent,

14   there are no such express exclusions in the specification or prosecution history of

15   the '449 patent.  Also, none of the dictionary definitions cited in the JCC for

16   "source electrode" or "gate electrode" suggest such an exclusion is appropriate.

17       Defendants' insistence that the data/gate line and source/gate pad structures

18   be excluded from the terms "source electrode" and "gate electrode" is made all the

19   more questionable in light of the originally filed application during the prosecution

20   of the '449 patent.  McCutcheon Decl., Exh. 3.  The first of the originally filed

21   claims recites "[a] pad for providing an[] electrical connection to a data electrode of

22   a switching device, said pad comprising:  a portion of said data electrode . . . ."

23   McCutcheon Decl., Exh. 3 at LGP 0000107 (emphasis added).  The second claim in

24   the application recites, among other elements, "a pad including a portion of [said]

25   data electrode. . . ."  *Id.* (emphasis added).  Similarly, the fourth claim in the

26   original application is directed to a "liquid crystal display device comprising:  a

27   data line; and a pad, said pad including: a portion of said data line. . . ."  *Id.*

28   (emphasis added).  Reading these claims on the embodiments disclosed in the '449

1    patent, it is apparent that the "data electrode" and "data line" correspond to source

2    electrode 7. Clearly, in light of the originally filed claims, the patentee did not

3    consider the terms electrode, pad, and data line to be mutually exclusive.

4    Accordingly, one of skill reviewing the prosecution history of the '449 patent

5    would not exclude the gate/data lines and/or gate/source pad structures from the

6    terms "gate electrode" and "source electrode," respectively.

7         Also, it should be noted that Defendants' constructions of the terms "source

8    electrode" and "drain electrode" again unnecessarily specify a particular direction

9    of flow for charge carriers (namely from source to drain) when, as shown in Section

10   IV(C)(2), the flow can be reversed in a TFT. JCC at 170, 174.

11        For all the aforementioned reasons, LPL's constructions for these terms

12   should be adopted.

13        **6.    "gate pad" and "source pad"**

14        The terms "gate pad" and "source pad" are recited in claims 10 and 11 of the

15   '449 patent. The patent teaches that the "gate pad" and "source pad" are patterned

16   from the same "conductive layer." LPL Exs. at 381-82 (4:65-5:1). Also the '449

17   patent teaches the use of gate and source pads to "receive datas from gate driver and

18   data driver respectively." *Id.* at 380 (1:27-30). Accordingly, LPL construes the

19   term "gate pad" to mean "[a] portion of patterned, electrically conductive material

20   that is provided near the periphery of the thin film transistor array to receive data

21   from a gate driving circuit" and "source pad" to mean "[a] portion of the patterned

22   electrically conductive material that is provided near the periphery of the thin film

23   transistor array to receive data from a data driving circuit." JCC at 162, 165.

24        Defendants' constructions of these terms is similar to LPL's, except

25   Defendants incorporate the limitations that the gate/source pads are "necessary to

26   communicate information from an external driving circuit to a [gate/source]

27   electrode." *Id.* Defendants' constructions attempt to improperly import limitations

28   into the claim from one embodiment of several embodiments disclosed in the

1    specification.  While the patent does show such an arrangement in Figure 3 (note,

2    current from an external connection applied to ITO layer 6A is conducted through

3    source pad 2A to source electrode 7), it is not "necessary" to have a pad to

4    communicate information from an external driving circuit to the source electrode.

5    *See* LPL Exs. at 378.  As shown in Illustration 4 below, Figure 1f of the patent

6    shows an arrangement in which ITO layer 6A interconnects with the source

7    electrode 7 such that current can flow from the ITO layer 6A to the source electrode

8    7 regardless of whether element 2A is present.  Nonetheless, the '449 patent

9    identifies element 2A as a "pad".  Because Defendants attempt to construe "pad" to

10    require unwarranted limitations (e.g., the term "necessary"), that are contradicted

11    by the use of "pad" in the '449 patent, Defendants' construction is improper and

12    should be rejected.

13



14    external
15    current        6A

16

17        2A

18

19    6A  7  5  4  9  6        6A  9

20        2A    2    2B    1

21    **FIG. 1f**
     PRIOR ART

22

23    **ILLUSTRATION 4**

24    Again, Defendants seek to import limitations into its definitions of  "source pad"

25    and "gate pad" that are inconsistent with the disclosure of the '449 patent.

26    / / / /

27        7.    **"active layer"**

28        The term "active layer" appears in claim 11 of the '449 patent.  LPL defines

1     the term as "[a] discrete portion of the semiconductor layer that is formed by

2     patterning and located at least in part above the gate electrode. In operation, the

3     discrete portion is penetrated, at least in part, by the electric field introduced by the

4     gate electrode." JCC at 176-77. LPL's definition is consistent with the use of the

5     term "active layer" in the specification. *See* LPL Exs. at 380-82 (1:34-51

6     ("Semiconductor active layer 4 is then formed [and] etched according to a

7     predetermined active layer pattern."); 3:44-62 ("The gate electrode is used for

8     applying a voltage in order to drive the active layer in the completed TFT device.");

9     4:65-5:5).

10          Defendants proffer a more limited construction of the term, namely "[a]

11     thickness composed of a semiconductor material through which charge carriers

12     flow between a source region and drain region." JCC at 176. Defendants'

13     construction, however, attempts to limit the active layer to include only the region

14     of the semiconductor layer that forms the channel region between the source and

15     drain electrodes. Thought the various two dimensional cutaways of the TFT shown

16     in Figures 2b-e, 3 and 5 of the specification do show the active layer 4 extending

17     only under the source 7 and drain 8, these figures do <u>not</u> in any way limit the

18     extension of the active layer 4 in the dimension perpendicular to the figure (*e.g.*, in

19     or out of the page), or in other areas of the substrate not depicted in the cross

20     sectional views. LPL Exs. at 377-78.

21              **8.**    **"common hole"**

22          The term "common hole" appears in claim 4 of the '449 patent. LPL

23     construes the term to mean "[a] shared hole." JCC at 177. LPL's definition is in

24     accord with the plain and ordinary meaning of the term. *See* LPL Exs. at 431

25     (defining "common" as "[b]elonging equally to or shared equally by two or more;

26     joint."). Defendants construes the term to mean "[a] single hole," but offer no

27     proof, intrinsic or extrinsic, for their definition. *See* JCC at 177. Accordingly,

28     LPL's definition should be adopted. Defendants are apparently seeking to use the

1  term "common hole" to exclude any embodiment which includes a shared hole in

2  addition to one or more other holes. Nothing in the '449 patent or prosecution

3  history suggests that the invention requires one and only one hole that exposes the

4  first conductive layer. Such a requirement should not be imposed by artifice of the

5  term "common hole."

6         **9.**   **"aligned"**

7      The term "aligned" appears in claim 5 of the '449 patent. LPL construes the

8  term to mean "[p]laced in line with." JCC at 177. LPL's definition is in accord

9  with the plain and ordinary meaning of the term. *See* LPL Exs. at 430 (defining

10  "align" as "[t]o arrange in a line. . . ."). Defendants construe the term to mean

11  "[s]ubstantially co-axial or concentric," but offer no proof, intrinsic or extrinsic for

12  their definition. JCC at 177-78. Accordingly, LPL's definition should be adopted.

13        **10.**   **"said second insulating layer having a second contact hole**

14  **exposing a predetermined portion of said second conductive layer and said first contact hole region"**

15      This phrase appears in claim 6 of the '449 patent. The primary distinction

16  between LPL's and Defendants' definitions of this phrase is that Defendants

17  attempt to limit the phrase such that "[t]he first and second contact holes must

18  overlap." JCC at 178-179. However, none of the embodiments disclosed in the

19  '449 patent teaches that the hole exposing the second conductive layer (*i.e.*, the

20  "second hole") overlaps with the hole in the first insulative layer that exposes the

21  first conductive layer (*i.e.*, the "first hole"). Consider, for example, the

22  embodiment illustrated by Figure 3. LPL Exs. at 378. The "second holes" 60 and

23  50 that expose the source 7 and drain 8, respectively (*i.e.*, the "second conductive

24  layer"), do not overlap "first holes" 45 and 55 which expose the source pad 2A and

25  gate pad 2B (*i.e.*, the "first conductive layer"). Similarly, consider the embodiment

26  illustrated by Figure 5. *Id.* The "second hole" to the right of the figure which

27  exposes source 7 (*i.e.*, the "second conductive layer") does not overlap the "first

28  hole" at the left of the figure which exposes gate line 2 (*i.e.*, the "first conductive

1  layer"). Federal Circuit precedent makes clear that a claim construction that

2  excludes from its scope a preferred embodiment "is rarely, if ever, correct."

3  *Vitronics Corp.,* 90 F.3d at 1583. A construction that excludes all of the

4  embodiments is even less likely to be correct. Accordingly, LPL's construction

5  should be adopted.

6        **11.    "wiring structure"**

7        This term appears in claims 1-5 of the '449 patent. The primary distinction

8  between LPL's and Defendants' construction of this phrase is that LPL's definition

9  characterizes the claimed "wiring structure" as a "slender structure" while

10  Defendants' definition refers to the layer as simply a "structure". JCC at 179. The

11  patentee's use of the term "wiring" to describe the structure connotes that any

12  interconnections formed by the structure are achieved via slender paths. See LPL

13  Exs. at 437-438 (contemporary dictionary definition defining "wire" as "resembling

14  a wire, as in slenderness"). Defendants' definition fails to acknowledge this

15  limitation. Accordingly, LPL's construction should be adopted.

16  **V.    CONCLUSION**

17        For the foregoing reasons, LPL requests that the Court adopt LPL's claim

18  constructions.

19  Dated: February 6, 2003                    MORGAN, LEWIS & BOCKIUS LLP

20                                             By
21                                             Jeffrey N. Brown
                                               Attorneys for Plaintiff and Counterclaim
22                                             Defendant LG.PHILIPS LCD CO., LTD.

23

24

25

26

27

28

1

## PROOF OF SERVICE

2   I am a resident of the State of California and over the age of eighteen years, and
not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second
3 Floor, Los Angeles, CA 90071-3132. On February 6, 2004, I served the within documents:

4   **LG.PHILIPS LCD CO., LTD.'S OPENING CLAIM**
   **CONSTRUCTION BRIEF**

5

6 ☐ by transmitting via facsimile the document(s) listed above to the fax number(s)
   set forth below on this date before 5:00 p.m.

7 ☒ by placing the document(s) listed above in a sealed envelope with postage thereon
   fully prepaid, in the United States mail at Los Angeles, California addressed as set
8   forth below.

9 ☐ by placing the document(s) listed above in a sealed _____ envelope
   and affixing a pre-paid air bill, and causing the envelope to be delivered to a
10   _____ agent for delivery.

11 ☐ by personally delivering the document(s) listed above to the person(s) at the
   address(es) set forth below.

12

13   Teresa M. Corbin
   Glenn W. Rhodes
14   HOWREY SIMON ARNOLD &
   WHITE LLP
15   301 Ravenswood Avenue
   Menlo Park, CA 94025

16

17   I am readily familiar with the firm's practice of collection and processing
correspondence for mailing. Under that practice it would be deposited with the U.S. Postal
18 Service on that same day with postage thereon fully prepaid in the ordinary course of business. I
am aware that on motion of the party served, service is presumed invalid if postal cancellation
19 date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20   Executed on February 6, 2004, at Los Angeles, California.

21   I declare under penalty of perjury, under the laws of the State of California and the
United States of America, that the foregoing is true and correct.

22

23            _____
24               Jill Jacobs

25

26

27

28

1-LA/756591.1

1

<u>**PROOF OF SERVICE**</u>

2

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is First Legal Support Services, 1511 West Beverly Boulevard, Los Angeles, California 90026. On February 6, 2004, I served the within documents:

3

4

**LG.PHILIPS LCD CO., LTD.'S OPENING CLAIM**
**CONSTRUCTION BRIEF**

5

6          ☐          by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

7

8          ☐          by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

9

10         ☐          by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

11

12         ☒          by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

13         Christopher A. Mathews
           Brian S. Y. Kim
14         HOWREY SIMON ARNOLD &
           WHITE LLP
15         550 South Hope Street, Suite 1400
           Los Angeles, CA  90071-2627
16         Fax: (213) 892-2300

17

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19

20

Executed on February 6, 2004, at Los Angeles, California.

21

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

22

23

R. Snoonian
24         ──────────────────────          ──────────────────────
           Type/Print Name                          Signature

25

26

27

28

1-LA/756591.1

-2-

1

**PROOF OF SERVICE**

2          I am a resident of the State of California and over the age of eighteen years, and
not a party to the within action; my business address is First Legal Support Services, 1511 West
3      Beverly Boulevard, Los Angeles, California 90026.  On February 6, 2004, I served the within
documents:

4

    **LG.PHILIPS LCD CO., LTD.'S OPENING CLAIM**
5          **CONSTRUCTION BRIEF**

6      ☐    by transmitting via facsimile the document(s) listed above to the fax number(s)
    set forth below on this date before 5:00 p.m.
7

8      ☐    by placing the document(s) listed above in a sealed envelope with postage thereon
    fully prepaid, in the United States mail at Los Angeles, California addressed as set
    forth below.

9

10     ☐    by placing the document(s) listed above in a sealed _____ envelope
    and affixing a pre-paid air bill, and causing the envelope to be delivered to a
11         _____ agent for delivery.

12     ☒    by personally delivering the document(s) listed above to the person(s) at the
    address(es) set forth below.

13         Mark H. Krietzman
    Valerie W. Ho
14         GREENBERG TRAURIG LLP
    2450 Colorado Avenue, Suite 400E
15         Santa Monica, CA  90404
    Fax: (310) 586-0288
16

17         I am readily familiar with the firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal
18     Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I
am aware that on motion of the party served, service is presumed invalid if postal cancellation
19     date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20         Executed on February 6, 2004, at Los Angeles, California.

21         I declare under penalty of perjury, under the laws of the State of California and the
United States of America, that the foregoing is true and correct.

22

23     MARTin Soto
    Type/Print Name                Signature
24

25

26

27

28

1-LA/756591.1

-3-

1

**PROOF OF SERVICE**

2       I am a resident of the State of California and over the age of eighteen years, and
not a party to the within action; my business address is First Legal Support Services, 1511 West
3   Beverly Boulevard, Los Angeles, California 90026.  On February 6, 2004, I served the within
documents:

4

5       **LG.PHILIPS LCD CO., LTD.'S OPENING CLAIM
CONSTRUCTION BRIEF**

6   ☐    by transmitting via facsimile the document(s) listed above to the fax number(s)
set forth below on this date before 5:00 p.m.

7

8   ☐    by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at Los Angeles, California addressed as set
forth below.

9

10  ☐    by placing the document(s) listed above in a sealed _____ envelope
and affixing a pre-paid air bill, and causing the envelope to be delivered to a
_____ agent for delivery.

11

12  ☒    by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

13      Scott R. Miller
Tracy R. Roman
14  BINGHAM McCUTCHEN LLP
355 South Grand Avenue, Suite 4400
15  Los Angeles, CA  90071-3106
Fax:  (213) 680-6499

16

17      I am readily familiar with the firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal
18  Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I
am aware that on motion of the party served, service is presumed invalid if postal cancellation
date or postage meter date is more than one day after date of deposit for mailing in affidavit.
19

    Executed on February 6, 2004, at Los Angeles, California.
20

21      I declare under penalty of perjury, under the laws of the State of California and the
United States of America, that the foregoing is true and correct.

22

23  Rebecca Snoonian
       Type/Print Name                Signature
24

25

26

27

28

1-LA/756591.1

EXHIBIT 16

| | |
|---|---|
| **Priority** ✓ | |
| **Send** ✓ | |
| **Enter** —— | |
| **Closed** —— | |
| **JS-5/JS-6** —— | |
| **JS-2/JS-3** —— | |
| **Scan Only** —— | |



FILED
CLERK, U.S. DISTRICT COURT

MAY — 5 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

LG PHILIPS LCD CO., LTD.,
            Plaintiff

v.

TATUNG CO. OF AMERICA,
TATUNG COMPANY and
CHUNGHWA PICTURE TUBES, LTD.,

            Defendants.

No. CV 02-6775 CBM (JTLx)

**ORDER RE CLAIM CONSTRUCTION**



DOCKETED ON CM

MAY — 9 2005

BY _____ 001

The matter before the Court is claim construction regarding the side-mount patents and semiconductor patents. The claim construction hearing occurred on January 13-14, 2005, the Honorable Consuelo B. Marshall presiding.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1331.

## FACTUAL AND PROCEDURAL BACKGROUND

L.G. Philips LCD Co, Ltd. ("LPL") filed this action on August 29, 2002, alleging that Defendants Tatung Co., Tatung Co. of America, and Chunghwa Picture Tubes ("CPT") infringed on its patents. On December 20, 2002, CPT filed an Answer and Counterclaims. On August 31, 2004, this Court granted in part CPT's motion for leave to amend its Answer and Counterclaims and to join

1  LGE as a party.  On October 12, 2004, this Court denied LPL's motion to stay

2  further proceedings pertaining to the side-mount patents and set the claim

3  construction hearing for January 7, 2005.  On its own motion, the Court continued

4  the claim construction hearing to January 13, 2005.

5  **LEGAL STANDARD**

6  In interpreting an asserted claim, the Court first looks to the intrinsic

7  evidence, i.e., the patent itself, including the claims, the specification and, if in

8  evidence, the prosecution history." *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d

9  1576 (Fed. Cir. 1996).  However, all intrinsic evidence is not equal.  First, the

10  Court should focus on the claims themselves, both asserted and unasserted, to

11  define the meaning and scope of the patented invention.  *Texas Digital Systems,*

12  *Inc. v. Telegenix, Inc.,* 308 F.3d 1193, 1201-02 (Fed. Cir. 2002).  There is a "heavy

13  presumption" that the ordinary and accustomed meaning of a claim term, as

14  understood by one of ordinary skill in the art, is the correct construction.  *CCS*

15  *Fitness, Inc. v. Brunswick Corp.,* 288 F.3d 1359, 1366 (Fed. Cir. 2002).

16  Dictionaries, encyclopedias and treatises, which are extrinsic evidence, may be

17  employed to "assist the court in determining the ordinary and customary meanings

18  of claim terms." *Texas Digital,* 308 F.3d at 1202.

19  Second, the Court should review the specification.  *Vitronics,* 90 F.3d at

20  1582.  A review of the specification will reveal whether or not the inventor has

21  given a term an unconventional meaning.  *Id.*  However, it is improper to read a

22  limitation into a claim from the specification.  *Comark Communications, Inc. v.*

23  *Harris Corp.,* 156 F.3d 1182 (Fed. Cir. 1998).  The inventor may act as his or her

24  own lexicographer and use terms in a manner other than their ordinary meaning,

25  so long as any such specific definition is clearly stated in the patent specification

26  or prosecution history.  *Mycogen Plant Science Inc. v. Monsanto Co.,* 243 F.3d

27  1316, 1327 (Fed. Cir. 2001).  Therefore, for claim construction purposes, the

28  specification is "the single best guide to the meaning of a disputed term."

- 2 -

1 | *Vitronics,* 90 F.3d at 1582.

2       Third, the Court may consider the prosecution history of the patent. The

3 | prosecution history is significant because it reveals "the course of dealing with the

4 | Patent Office, which may show a particular meaning attached to the terms, or a

5 | position taken by an applicant" to secure the patent. *Markman,* 52 F.3d at 991. As

6 | such, the prosecution history may be reviewed to assess whether a patentee

7 | "relinquished [a] potential claim construction in an amendment to the claim or in

8 | an argument to overcome or distinguish a [prior art] reference." *Elkay Mfg. Co. v.*

9 | *Ebco Mfg. Co.,* 192 F.3d 973, 979 (Fed. Cir. 1999), *cert. denied,* 529 U.S. 1066

10 | (2000). However, for subject matter to be held relinquished, a court must find that

11 | the patentee disclaimed the subject matter with "reasonable clarity and

12 | deliberateness." *Northern Telecom Ltd. v. Samsung Electronics Co., Ltd.,* 215 F.3d

13 | 1281, 1294 (Fed. Cir. 2000).

14       Finally, if and only if a claim remains "genuinely ambiguous" despite the

15 | full consideration of the intrinsic evidence, then a court may look toward extrinsic

16 | evidence to interpret the claim term itself. *Bell & Howard Document Mgmt.*

17 | *Prods. Co. v. Altek Sys.,* 132 F.3d 701, 706 (Fed. Cir. 1997). The need for such a

18 | departure from the intrinsic evidence "rarely, if ever, occurs." *Vitronics,* 90 F.3d

19 | at 1585.

20 | **ANALYSIS**

21 | **A. Side-Mounting Patents**

22       The side-mounting patents consist of U.S. Patents Nos. 6,373,537 ('537

23 | patent), 6,00,457 ('457 patent), 6,020,942 ('942 patent), and 5,926,237 ('237

24 | patent).

25       **1.     Whether the Side-Mounting Patents Are Limited to Portable**

26            **Computers**

27       The definition of the terms "liquid crystal display," "liquid crystal panel,"

28 | "housing" and "outer casing" are disputed because CPT limits them to "portable

- 3 -

1    computers" whereas LPL does not so limit them.  The '537 and '237 patents
2    contain claims directed to both an LCD device and to a portable computer,
3    whereas the '457 patent contains claims directed only to the LCD device and the
4    '942 patent contains claims directed only to a portable computer.  Since the Court
5    must look first to the claims, the Court finds that claims that recite a "portable
6    computer" are limited to portable computers, but claims that do not recite a
7    "portable computer" are not so limited.  The background of the invention also
8    indicates that the portable computer is *an example* of a device that uses an LCD.
9    *See, e.g.,* 1:50-51 ("[t]he liquid crystal display is usually combined with, *for*
10   *example,* a notebook computer for use as an output screen"; 1:59-61 ("a liquid
11   crystal display is attached to a device *such as a notebook computer*") .  With
12   respect to the terms "housing" and "outer casing," the Court notes that
13   independent claims, such as Claim 37 of the '457 patent, which contain the term
14   "housing" do not contain the words "portable computer," whereas dependent claim
15   40 of the '457 patent states "the housing includes a portable computer."  This
16   indicates that the definition of the terms should not be limited to a portable
17   computer.
18        Defendants look at the specification, rather than first looking to claims, in
19   arguing that the invention described in the specification is directed to an
20   improvement for a portable computer.  Defendants' argument is not persuasive, as
21   the Federal Circuit has held that "[e]ven when the specification describes only a
22   single embodiment, the claims of the patent will not be read restrictively unless the
23   patentee has demonstrated a clear intention to limit the claim scope using 'words
24   or expressions of manifest exclusion or restriction.'" *Liebel-Flarsheim Co. v.*
25   *Medrad, Inc.,*358 F.3d 898, 906 (Fed. Cir. 2004); *accord Gemstar-TV Guide Int'l*
26   *Inc. v. ITC*, 383 F.3d 1352, 1366 (Fed. Cir. 2004).  The specification of the side-
27   mounting patents does not contain any "clear disavowal" of products that are not
28   portable computers.  In addition, this Court rejects Defendant's argument that the

1 sidemounting patents should be limited to portable computers because that was the

2 purported "object" of the invention. "The fact that a patent asserts that an

3 invention achieves several objectives does not require that each of the claims be

4 construed as limited to structures that are capable of achieving all of the

5 objectives." *Liebel,* 358 F.3d at 908. *See also Ex-Pass Tech, Inc. v. 3Com Corp.,*

6 343 F.3d 1364, 1370 (Fed. Cir. 2003) ("The Court's task is not to limit claim

7 language to exclude particular devices because they do not serve a perceived

8 "purpose" of the invention."). Thus, the Court adopts LPL's definitions of the

9 terms "liquid crystal display," "liquid crystal panel", "housing" and "outer

10 casing."

11    2.    **Whether Constructions Should Include the Word "Directly"**

12       The word "directly" does not appear anywhere in the claim language.

13 However, Defendants use the word "directly" in construing the terms "attachable

14 to a housing," "fixable to a housing," "joined with," "joining together,""coupled,"

15 and "fastening part." Defendants argue that the claim language, in context,

16 indicates that side-to-side direct connection must be present, as the specification

17 does not show any intervening element. The Court finds Defendants' arguments

18 unpersuasive pursuant to *Liebel,* which makes it clear that the claims of the patent

19 will not be read restrictively unless the patentee has demonstrated a clear intention

20 to limit the claim scope using words or expressions of manifest exclusion or

21 restriction. Since no such words of manifest exclusion or restriction are used here,

22 the Court adopts LPL's definitions of "attachable to a housing" or "fixable to a

23 housing," "joined," "joined together," "coupled," and "fastening part."

24    3.    **Whether the terms "through" and "passing through" should have**

25          **different meanings**

26       LPL proposes that the term "through" be used in its plain and ordinary way

27 to mean "by way of," and that "passing through" means "extending into."

28 Defendants contend that "through" means "in at one end, side or surface and out

1  the other" and that "passing through" means "moving past or making way in one
2  side and out of the other side." Although the preferred embodiment shown in the
3  drawings uses screws engaging holes to connect the components, the patent
4  clearly contemplates other methods of attaching the components. The '457 patent
5  specification, for example, provides that "an adhesive device, such as double-sided
6  tape can be used instead of the second and third screw holes" and that "the rear
7  case 500 and the second support frame 400 are jointed to each other using hooks
8  and/or other suitable fastening devises, including adhesives." *See, e.g.,* 4:58-60,
9  4:63-67. Since LPL's definition of "through" covers both screws and adhesives,
10 the Court finds that it is the better definition.

11     LPL contends that the phrase "passing through," in contrast to "through," is
12 used only in reference to screws and screw holes, which extend into an object.
13 CPT, on the other hand, argues that "passing through" and "through" have the
14 same meaning. The doctrine of claim differentiation indicates that different words
15 or phrases used in different claims are presumed to indicate that the claims have
16 different meaning and scope. *Karlin Tech, Inc. v. Surgical Dynamics, Inc.,* 177
17 F.3d 968, 971 (Fed. Cir. 1999). Here, it appears that the inventors used the term
18 "through" when generally referring to a fastening part but used "passing through"
19 only when referring to a specific fastening part (i.e.. a screw). Therefore, the
20 Court adopts LPL's definitions of "through" and "passing through."

21     **4.     Whether the terms "frame," "first frame," and "second frame"**
22              **should be given their plain and ordinary meanings.**

23     LPL defines "frame" to mean "a support structure." Defendants defines
24 "Frame" as "an open structure or rim for encasing, holding or bordering that
25 encloses a substantial portion of each side edge of another structure." Defendants
26 base their argument on the theory that the meaning of the word "frame" is limited
27 to the description in the specification. Under *Liebel,* this restrictive interpretation
28 is inappropriate. Furthermore, Defendants define "first" and "second" frame to

- 6 -

1  mean "inner" and "outer" frame, even though the inventors did not use those

2  terms. The use of "first" and "second" follow the "common patent-law

3  convention to distinguish between repeated instances of element or limitation."

4  *3M Innovative Properties Co. v. Avery Dennison Corp.*, 350 F.3d 1365, 1371

5  (Fed. Cir. 2003). For example, Claim 31 of the '942 patent claims "[t]he portable

6  computer according to claim 13 wherein the fastening part includes first and

7  second screws passing through first and second holes at a same side edge of at

8  lease one of the first and second frames." 8:25-28. Here, the words "first" and

9  "second" are consistently used to distinguish repeated instances of element or

10 limitation. Therefore, the Court gives "frame," "first frame" and "second frame"

11 their ordinary meanings, as set forth by LPL.

12 **5. Whether "liquid crystal display model" is a typographical error**

13 The parties agree on the construction of the claim term "liquid crystal

14 display module." However in one claim, Claim 7 of the '537 patent, the term

15 appears as "liquid crystal display model." Given the context, this is clearly a

16 typographical error. Other parts of Claim 7 refer to the "liquid crystal display

17 module." The Court therefore construes "liquid crystal display model" as "liquid

18 crsytal display module."

19 **6. Whether Definitions are Needed for "Portable Computer,"**

20 **"Side", "Forming" and "Cover"**

21 Defendants propose cumbersome definitions for the terms "portable

22 computer," "side", "forming" and "cover." The Court finds that these definitions

23 create unnecessary confusion and adopts LPL's constructions, which give the

24 terms their plain and ordinary meaning.

25 **B. Construction of the '737 Semiconductor Patent**

26 **1. "Source Electrode," "Drain Electrode," and "Gate Electrode"**

27 While LPL construes the electrode to include the line and the pad,

28 Defendants limits the electrode to a single TFT and construes the electrodes as

- 7 -

distinct from the lines and the pads. The seventh step of claim 1 of the '737 patent calls for "exposing a part of each of said source electrode, drain electrode and gate electrode." LPL persuasively argues that electrodes are exposed at the pad region for electrical connection, as exposing a gate pad allows electrical control of all TFT gate contacts along the row. One of ordinarily skill would not control each TFT gate/source independently, especially since creating a hole at each TFT to expose the gate electrode would destroy the TFT. Furthermore, the specification of the '737 patent describes a step in which "gate electrode 2 extending along one line and gate electrodes 2' on another line are formed on a transparent insulating substrate 1 such as glass substrate." 3:25-28. This indicates that a structure separate from the TFT is part of the "gate electrode." In addition, the claims in the application for the '449 patent include phrases such as "said pad comprising: a portion of said data electrode" and "a pad including a portion of [said] data electrode." Finally, U.S. Patent 4,705,358 ('358 patent), which also pertains to the same technology as the '737 patent, names the same inventor as the '737 patent, and was filed in the U.S. on the same day as the '737 patent, illustrates a gate electrode from above (i.e. a "bird's-eye-view") and demonstrates that the "gate electrode" may include the gate line. The Court therefore finds that the electrodes may include the lines and pads. Furthermore, the Court is not persuaded by that portion of Defendant's construction which specifies a particular direction for flow of charge carriers (from the source electrode toward the drain). The embodiment shown in Figure 3 of the '737 patent illustrates an arrangement where the direction of flow is reversed. Accordingly, the Court adopts LPL's construction of "source electrode," "gate electrode," and "drain electrode."

## 2. "Continuously Depositing"

LPL construes the term "continuously depositing" as "[t]he formation of the gate insluting film, the high-resistivity semiconductor film and conducting film without intervening films." Defendants offer a modified construction of this term

as meaning that "the deposition of the specified films occurs without any non-
deposition related steps between or during the deposition of each constituted
film." While LPL's definition requires the films to be only spatially continuous,
Defendants' definition requires continuity in space, time and sequence. The '737
patent shows "continuously deposited" films as being *spatially* continuous, but it
does not show, mention or require the deposition to be performed without an
interruption in time or sequence. Moreover, the plain meaning of "continuous" is
"uninterrupted extension in space, time *or* sequence." The Court therefore adopts
LPL's construction of "continuously depositing."

### 3. "Oxidizing atmosphere"

Claim 1 of the '737 patent requires "continuously depositing [the films] . . .
without exposing them to an oxidizing atmosphere." LPL construes "an oxidizing
atmosphere" as "an atmosphere that would create *substantial oxidation* on a film."
The Court finds that the word "substantial" in this construction is vague and
ambiguous. Defendants initially construed this phrase to mean that the films are
not permitted to be exposed to *"an oxide,"* although they acknowledged that a *de
minimus* amount of oxidation is not an "oxidation atmosphere." Defendants
subsequently modified their construction to be "an atmosphere that would create a
*detectable amount* of oxidation on a film." As "detectable" is more precise than
"substantial," the Court adopts Defendants' modified construction of this term.

### 4. "Island region"/ "island region on said gate electrode"

At the time the patent application was filed, there were at least two well-
known constructs for the semiconductor region in a TFT. In one design, separate
islands of semiconductor are created above each TFT's gate electrode. In the
other design, a single, unitary semiconductor region extends over all of the TFTs
in one large "continent." While LPL construes the term "island region" as used in
the '737 patent to include both designs, Defendants' construction limits this term
to the first design (i.e. a region located over the gate electrode *of a single TFT*).

1    Defendants also require the island to have been "etched around its entire

2    perimeter."

3         Defendants' argument is persuasive, as claim 1 recites a process for

4    producing *"a* thin-film transistor." 4:26. *See also* 1:5, 13, 29, 57, 65, 67; 2:9;

5    3:34-35. Furthermore, in discussing FIG. 3b, the specification provides that "said

6    low-resistivity amorphous silicon film 20 and high-resistivity amorphous silicon

7    film 4 are *left as an island region in the area where a thin-film transistor is to be*

8    *formed*." 3:34-35. This statement indicates that the "island region" is limited to

9    the area of a single TFT and does not include multiple TFTs. Thus, the Court

10   finds that Defendants' construction more accurately reflects the language of the

11   claim and the specification. Moreover, LPL's construction appears to read the

12   term "island region" completely out of the third step, "in which said high-

13   resistivity semiconductor film and said conducting film are selectively etched so

14   that they are partly left *as an island region* on said gate electrode." The Court

15   therefore adopts Defendants' construction of the term "island region."

16   **5.      "Conducting Film Containing at Least a low-resistivity**

17   **Semiconductor Film"/ "Conducting Film"/ "High-resistivity**

18   **Semiconductor Film"/ "Low-Resistivity Semiconductor Film"**

19        The '737 patent discloses two preferred embodiments. One embodiment

20   includes four continuously deposited films: an insulating film, a high-resistivity

21   semiconductor films, a low-resistivity semiconductor film, and a conducting film.

22   *See* 2:17-21, Fig. 2a-2e. The other embodiment has three continuously deposited

23   films: an insulating film, a high-resistivity semiconductor films, and a low-

24   resistivity semiconductor film. *See* 2:24-30, Fig. 3a-3d.

25        Claim 1 of the '737 patent sets forth "a second step for continuously

26   depositing . . . a gate insulating film, a high-resistivity semiconductor film and a

27   *conducting film containing at least a low -resistivity semiconductor film*." Claim

28   2, which is not at issue in this litigation, sets forth a second step wherein "said

- 10 -

SCANNED

1   conducting film is composed of *at least two layers consisting of a low-resistivity*

2   *semiconductor films and thereon a refractory metal film or transparent*

3   *conducting film.*"

4       According to LPL, the italicized phrase in Claim 1 above means that the

5   conducting film may consist only of a low-resistivity semiconductor film. CPT,

6   on the other hand, construes this phrase as requiring a conducting film with

7   adjoining layer of low resistivity semiconductor and possibly other adjoining

8   layers. CPT relies on a sentence in the specification discussing Fig. 3a-3d, which

9   states that, "[i]n this example, *no conducting film is formed on low-resistivity*

10   *amorphous silicon film 20*, but a conducting film such as ITO film may be formed

11   on said low-resistivity film 20 as in the example shown in FIG. 2."[1] While this

12   sentence does suggest that the conducting film is distinct from the low-resistivity

13   semiconductor film, CPT's interpretation would narrow the scope of Claim 1 to

14   exclude the second embodiment. A claim construction that excludes a preferred

15   embodiment is "rarely, if ever, correct." *Dow Chemical Co. v. Sumitomo*

16   *Chemical Co.,* 257 F.3d 1364, 1378 (Fed. Cir. 2001). Furthermore, the fact that

17   the conducting film is specifically described as having *two layers* in claim 2 but

18   not in claim 1 indicates that two adjoining layers are not needed for the first claim.

19   Thus, the Court adopts LPL's construction of the term "conducting film containing

20   at least a low-resistivity semiconductor film."

21       LPL's construction of "conducting film" is consistent with this Court's

22   determination that the conducting film can be the low -resistivity semiconductor

23   film. LPL construes "conducting film" according to its plain meaning, namely, a

24   thickness of electrically conductive material. Defendants' construction of

25   conducting film, on the other hand, restricts it to film "having an electrical

26

27   [1]LPL submits intrinsic evidence in the form of a scientific article describing ITO (indium tin oxide) as a "semiconductor." This supports LPL's position that the conducting film can be the low-

28   resistivity semiconductor.

1   resistance several order of magnitude lower than a low-resistivity semiconductor

2   film." In other words, Defendants define "conducting film" as distinct from "low-

3   resistivity semiconductor film." The Court rejects Defendants' construction and

4   adopts LPL's construction since it finds that the conducting film in claim 1 of the

5   '737 patent may consist of the low-resistivity semiconductor film, as discussed

6   above.

7          LPL's constructions of "high-resistivity semiconductor film" and "low-

8   resistivity semiconductor film" distinguishes these terms based on their relative

9   resistivity. Defendants distinguish the terms according to whether they are

10  "doped" (i.e. intentionally mixed with impurities) or "undoped." The '737 patent

11  makes no mention of the terms "doped" and "undoped." Furthermore, LPL

12  presents evidence that it is improper to equate the terms high-resistivity with

13  "undoped" and low-resistivity with "doped." The Court therefore rejects

14  Defendants' method of distinguishing these terms. Defendants also rely solely on

15  extrinsic evidence in defining high-resistivity semiconductor film as having a

16  resistence "many orders of magnitude" greater than the low-resistivity film. The

17  Court finds this language vague and unnecessary. The Court therefore adopts

18  LPL's constructions of the terms "high-resistivity semiconductor film" and "low-

19  resistivity semiconductor film."

20      **6.    "Mask"/ "At least a part of the Mask"/ "Said source and drain**

21          **electrodes serving as at least part of the mask"**

22          Claim 1 requires a step for selectively removing material "with said source

23  and drain electrodes serving as at least part of the mask." The parties dispute

24  whether an electrode covered by photoresist serves as at least part of the mask.

25  Defendants' construction may exclude such an electrode, as it requires that the

26  source and drain electrodes "make a *significant contribution* to defining the edges

27  of the selectively removed region" or alternatively "*shield at least part of the*

28  *surface* from the action of the removal technique." While the photoresist may be

- 12 -

the *outermost* layer of the mask, the electrodes are part of the mask structure, as, they, too, are resistive to the removal technique and in the pattern needed to etch exposed conductive film. LPL construes "mask" as "a pattern above a surface from which material is to be selectively removed. The pattern is made of material that is resistive to the removal technique relative to the material to be removed." The Court finds that this definition best explains the mask, as well as how the electrodes serve as "at least a part of the mask." The Court does not need to construe "said source and drain electrodes serving as at least part of the mask," since this phrase simply combines the terms "source electrode," "drain electrode" and "at least a part of the mask."

### 7. "Thin Film Transistor"

LPL's and Defendants' construction of "thin film transistor" ("TFT") are very similar. They differ in one respect: LPL specifies that TFTs are not constructed in a single crystal silicon wafer. Since the single wafer is mentioned in the intrinsic evidence and Defendants do not deny that TFTs are constructed in a single crystal silicon wafer, the Court adopts LPL's construction.

### 8. "A fourth step for selectively forming a source electrode and drain electrode"

LPL's construction of "a fourth step for selectively forming a source electrode and drain electrode" requires the source and drain electrodes to be "formed together." The Court finds nothing in the claim or specification that supports this interpretation. Although the formation of the source and drain electrodes is listed in one step, nothing suggests that each action within each step must be performed together. LPL's argument that the objective of the invention supports this interpretation is unpersuasive in light of *Liebel,* discussed above. However, the Court also finds Defendants' construction problematic. Defendants construe this phrase as "forming a source electrode and drain electrode in selected regions only by depositing a conducting film or other material such as Al."

- 13 -

1   Figures 1-3 and the specification do indicate that the source and drain electrode
2   are formed in selected regions. *See* 1:15-17, 2:10-14,, 3:36-44. However, the
3   specification does not support the second part of CPT's construction. Rather, the
4   specification indicates that source and drain electrodes can be formed via
5   deposition *and subsequent etching of conductive material.* The Court therefore
6   modifies Defendant's construction and defines the phrase as "forming a source
7   electrode and drain electrode in selected regions only," which is consistent with
8   the Court's construction of "selectively forming" below.

9       **9.    "Contacting a part of the surface of said island region"**

10      LPL construes "contacting a part of the surface of said island region" to
11  mean "[f]orming an electrical connection to a part of the surface of the island
12  region" while Defendants construe it to require "touching a part of the surface of
13  the island region." The Court finds that Defendants' construction better reflects
14  the plain meaning of the claim.

15      **10.   "Forming . . . on"**

16      The first step of claim 1 is "for forming a gate electrode on an insulating
17  substrate." LPL argues that the '737 patent uses "forming" in the sense of
18  "providing" whereas Defendants construe "forming" as to give "form or shape to."
19  The Court finds it awkward to define "forming" as "providing" in the phrase
20  "selectively forming a gate electrode 2 on an insulating substrate 1," which is
21  offered as intrinsic evidence by both parties. Defendants' construction is more
22  meaningful in this specific context as well as in the specification and the claims as
23  a whole. Moreover, Defendant's construction is consistent with this Court'
24  definition of "a fourth step for *selectively forming* a source electrode and drain
25  electrode." The Court therefore adopts Defendants' construction of "forming . .
26  .on."

27      **11.   "Selectively etched"/ "Selectively forming"/ "Selectively**
28          **removing"**

- 14 -

1    Claim 1 recited a third step wherein "said high-resistivity semiconductor

2 film and said conducting films are *selectively etched* so that they are partly left as

3 an island region on said gate electrode. " LPL defines "selectively etched" as the

4 "removal of selected portions of a surface using etching techniques (such as wet

5 etching, plasma etching, reactive ion etching, and ion etching) in order to produce

6 a desired pattern on the surface." Defendants object to this definition because it

7 refers to removal of portions of a *surface*, rather than the *entire film*. While the

8 claim does specifically refer to the etching of the high-resistivity semiconductor

9 film and the conducting films, the Court finds nothing in the language of the claim

10 or the specification that requires etching of the *entire* film. Furthermore,

11 Defendants' construction, which requires etching of the high-resistivity

12 semiconductor film, the conducting film, and the low-resistivity semiconductor

13 film, is inconsistent with both the language of the claim and with this Court's

14 finding that the conducting film may constitute the low-resistivity semiconductor

15 film. The Court therefore adopts LPL's definition of "selectively etched."

16    In addition, Claim 1 recites a fourth step for "selectively forming a source

17 electrode and a drain electrode," and a fifth step for "selectively removing said

18 conducting film exposed on said island region." The Court finds no substantive

19 difference between LPL's and Defendants' constructions of "selectively forming"

20 and "selectively removing." However, the Court adopts Defendants' definitions of

21 these respective terms as "forming in selected regions only" and "removing

22 selected regions only" because they convey the meaning in the simplest language.

23 **C. Construction of Disputed Terms of the '449 Patent**

24    **1. Gate Electrode/ Source Electrode**

25    Defendants construe the gate/ source/ data electrodes to exclude the lines

26 and pads. Claims 10 and 11 of the '449 patent do refer to the gate electrode, gate

27 pad, source electrode, and source pad individually. For example, claim 10 recites

28 that the liquid crystal display device is comprised of "a first conductive layer . . .

1 including: *a gate electrode, a gate pad*, and a source pad." (7:34-39). The

2 specification, however, provides additional information that helps clarify the

3 relationship between the electrodes and the pads. In Figures 2d and 2e, the source

4 pad and source electrode are shown as one connected structure, although they are

5 labeled 7 and 7A respectively. In discussing Figure 2c, the specification states

6 that "*[s]ource electrode 7* thus forms part of a transistor region *and serves as*

7 *source pad 7A* above the gate insulating film so that the same conductive layer

8 constitutes part of the source wiring and the source electrode of the TFT." (4:1-5).

9 In discussing Figure 2e, the specification states that "ITO pattern 6A is provided

10 on *source pad 2A, which is part of a data electrode of the LCD.*" In describing the

11 second embodiment depicted in Figure 3, the specification provides that "source

12 electrode 7 and source pad 2A may be connected to each other in the same step

13 that the pixel electrode is formed." Thus, while the source pads and electrodes are

14 formed separately, they are then connected and the specification's language

15 indicates that they are not necessarily distinct structures. The originally filed

16 application during the prosecution of the '449 patent also supports LPL's position

17 that the electrode should not be defined as excluding the line and pad. The first

18 claim of the original application recites "[a] pad for providing an[] electrical

19 connection to a data electrode of a switching device, said *pad comprising: a*

20 *portion fo said data electrode . . . .*"[2] The fourth claim in the original application

21 recites "a liquid crystal display device comprising: a data line; and a pad, *said pad*

22 *including: a portion of said data line. . . .*" Likewise, the intrinsic evidence does

23 not indicate that the gate electrode must exclude the gate pad. In fact, Figures 2a-

24 2e do not include a separate number identifying the "gate electrode." The Court

25 therefore rejects a construction of "electrode" that specifically excludes the line

26 and pad.

27

28 [2]The word "data" corresponds to "source."

- 16 -

1      The Court also rejects Defendant's construction of these terms because it

2  specifies a particular direction for flow of charge carriers (from the source

3  electrode toward the drain).  The intrinsic evidence does not support such a

4  limitation.  Furthermore, as discussed previously with respect to the '737 patent,

5  the embodiment shown in Figure 3 of the '737 patent illustrates an arrangement

6  where the direction of flow is reversed.  Accordingly, the Court adopts LPL's

7  construction of "source electrode," "gate electrode," and "drain electrode."

8      **2. "Gate pad"/ "Source pad"**

9      According to LPL's construction, pads are provided near the periphery of

10  the TFT array "to receive data from a [gate or data] driving circuit."  Defendants

11  contend that this is ambiguous because other parts of the wiring, which are not

12  pads, may also receive data from an external driving circuit.  Defendants construe

13  the pads as an element "that is necessary in order to communicate information

14  from an external driving circuit to a [gate or source] electrode."  Defendants base

15  this construction on a sentence in the specification which states that *"a pad wiring*

16  *layer* is necessary in order to communicate information from an external driving

17  circuit to the gate and source." (1:51-53).  Since the specification refers to the *pad*

18  *wiring layer* as being necessary and not the pad, the Court rejects Defendants'

19  construction and adopts LPL's constructions of "gate pad" and "source pad."

20      **3. "On"/ "formed on"/ "disposed on"**

21      LPL defines "on", "formed on" and "disposed on" as "touching a top or side

22  of."  LPL contrasts these terms with "overlying," which it defines as "above"

23  something but not necessarily touching it.  This Court agrees with Defendants that

24  the specification does not support the distinction made by LPL.  For example, the

25  specification states that a "conductive layer is formed *on* the substrate and etched

26  in accordance with a predetermined pattern, thereby forming a source electrode 7

27  and a drain electrode 8." (5:6-8) (emphasis added).  Conductive layer 7 and 8 do

28  not touch the substrate (see Fig. 3), yet the specification uses the word "on." *See*

1    *also* 2:42-44; 3:50-54; 7:49-50 (all using the word "on" to describe a situation

2    where there is no "touching").  The Court therefore adopts Defendants' definition

3    of "on."

4        **4. "Contact hole is provided through . . . layer"/ "Provided through"**

5        The phrases "contact hole is provided through" and "provided through"

6    appear only in claims 1 and 10, always in the context of a contact hole being

7    "provided through" one or more layers of materials.  Defendants construe the

8    claim terms to mean that these holes are "made in one side and out the opposite

9    side" of the layers of materials.  The Court finds that these phrases should be given

10   their ordinary meaning and therefore adopts LPL's constructions.

11       **5. "Active layer"**

12       Defendants' construction of "active layer" limits this area to the region of

13   the semiconductor layer that forms the channel region between the source and

14   drain electrodes. Figures 2b-e, 3 and 5 of the specification show the active layer 4

15   extending only under the source 7 and drain 8.  However, as LPL points out, these

16   figures do not in any way limit the extension of active layer 4 in the dimension

17   perpendicular to the figure, or in other areas of the substrate not depicted in the

18   cross-section views.  Since nothing in the claim or specification limits the active

19   layer to the region of semiconductor layer between the source and drain electrodes,

20   the Court adopts LPL's construction of this term.

21       **6. "Common hole"**

22       LPL construes "common hole" in accordance with its plain meaning as "[a]

23   shared hole."  Defendants construe "common hole" to mean "single hole."  The

24   court finds Defendants' construction ambiguous, since it suggests that only one

25   hole is permitted.  The Court therefore adopts LPL's construction of this term.

26       **7. "Aligned"**

27       LPL construed "aligned" to mean "placed in line with," which is its ordinary

28   meaning.  Defendants, on the other hand, construe "aligned" to mean

- 18 -

1   "substantially co-axial or concentric." Defendants' definition would require the

2   holes to be one on top of the other, whereas LPL's construction would permit the

3   holes to be placed either side-by-side or on top of each other. Although the

4   figures in the specification show these holes to be on top of each other as

5   described by Defendants, the plain language of the claim should not be limited by

6   the figures in the specification. *See Dayco Products,* 258 F.3d at 1327. The Court

7   therefore adopts LPL's construction fo this term.

8       **8.    "Said second insulating layer having a second contact hole**

9           **exposing a predetermined portion of said second conductive layer**

10          **and said first contact hole region"**

11      Defendants' construction of "said second insulating layer having a second

12  contact hole exposing a predetermined portion of said second conductive layer and

13  said first contact hole region" limits the phrase to mean that "the first and second

14  contact holes must overlap." However, none of the embodiments disclosed in the

15  '449 patent teaches that the hole exposing the second conductive layer (i.e. the

16  "second hold") overlaps with the hole in the first insulative layer that exposes the

17  first conductive layer. *See, e.g.,* Fig. 3 and Fig. 5. Since a claim construction that

18  excludes from its scope a preferred embodiment is rarely, if ever, correct, the

19  Court adopts LPL's construction.

20      **9. "Wiring structure"**

21      This term "wiring structure" appears in Claims 1-5 of the '449 patent.

22  LPL's definition characterizes the term as a "slender structure" while Defendants

23  refer to the layer simply as a "structure." Claim 1 begins with "A wiring structure

24  comprising: a substrate . . . ." Since the substrate is typically a large slab of glass,

25  which is not "slender," the Court adopts Defendants' definition of this term.

26  **IT IS SO ORDERED**

27  **DATE:** May 5, 2005

28                              **CONSUELO B. MARSHALL**
                                **UNITED STATES DISTRICT JUDGE**

# EXHIBIT 17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. CV 02-6775 CBM (JTLx)                    Date: September 7, 2007

Title:  LG. Philips LCD Co., Ltd. v. Chunghwa Picture Tubes, Ltd., et al.
================================================================================
DOCKET ENTRY
ORDER:  **DENYING** LG.Philips LCD Co. Ltd.'s Renewed Motion for Judgment as a Matter of Law that Defendants Infringe Claims 10-11 of the '449 Patent *(#153 0)*
================================================================================
PRESENT:    Honorable CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

          JOSEPH LEVARIO                        N/A
          Deputy Clerk                       Court Reporter
ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS
          N/A                                    N/A

**PROCEEDINGS:**

        The matter before the Court is Plaintiff LG.Philips LCD Co. Ltd.'s Renewed Motion for Judgment as a Matter of Law that Defendants Infringe Claims 10-11 of the '449 Patent. Defendant Chunghwa's Picture Tubes Ltd. ("CPT") timely filed its Opposition, which was joined by Defendants Tatung Co. of America and Tatung Company. Plaintiff timely filed its reply. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

        Having reviewed the motion, and the pleadings and evidence in support and opposition thereto, the Court hereby **DENIES** Plaintiff LG.Philips LCD Co. Ltd.'s Renewed Motion for Judgment as a Matter of Law that Defendants Infringe Claims 10-11 of the '449 Patent. This is not a final order pursuant to Federal Rule of Civil Procedure 77(d). A formal order, signed by the Court, will follow.

        **IT IS SO ORDERED.**

Initials of Deputy Clerk
cc      Judge Marshall
        Parties of Record

                                        Priority
                                        Send        ✓
                                        Enter
                                        Closed
                                        JS-5/JS-6
                                        JS-2/JS-3
                                        Scan Only



DOCKETED ON CM

SEP 17 2007

BY            010



# EXHIBIT 18

(JTLx), AO279, CLOSED, PROTORD, REOPENED, STAYED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:02-cv-06775-CBM-JTL

LG Philips LCD Co v. Tatung Co Of America, et al
Assigned to: Judge Consuelo B. Marshall
Referred to: Discovery Jennifer T. Lum
Demand: $0
Related Cases:  2:05-cv-00189-CBM-JTL
                2:05-cv-07004-CBM-JTL
Case in other court: Federal Circuit Court, 04-01330
Cause: 15:1126 Patent Infringement

Date Filed: 08/29/2002
Date Terminated: 12/18/2007
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**LG Philips LCD Co Ltd**                    represented by    **Adrian P J Mollo**
                                                               McKenna Long and Aldridge
                                                               1900 K Street, NW
                                                               Washington, DC 20006
                                                               202-496-7441
                                                               Email: amollo@mckennalong.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Andrew J Wu**
                                                               Morgan Lewis & Bockius LLP
                                                               2 Palo Alto Square
                                                               3000 El Camino Real
                                                               Palo Alto, CA 94306
                                                               650-843-4000
                                                               Email: awu@morganlewis.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Ann A Byun**
                                                               Morgan Lewis & Bockius
                                                               1701 Market St
                                                               Philadelphia, PA 19103-2921
                                                               215-963-5000
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Anthony C Roth**
                                                               Morgan Lewis & Bockius

1111 Pennsylvania Ave NW
Washington, DC 20004
202-739-3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Corinne A Niosi**
Morgan Lewis and Bockius
1111 Pennsylvania Avenue N W
Washington, DC 20004
202-739-3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Johnson, Jr**
Morgan Lewis and Bockius
Spear Street Tower
One Market
San Francisco, CA 94105
415-442-1000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David M Morris**
Morgan Lewis and Bockius
1111 Pennsylvania Avenue NW
Washington, DC 20004
202-739-3000
Fax: 202-739-3001
Email: dmorris@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David L Schrader**
Morgan Lewis & Bockius
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
213-612-2051
Email: dschrader@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dieter H Hellmoldt**
Morgan Lewis and Bockius
2 Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
650-843-7532
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gaspare J Bono**
McKenna Long and Aldridge
1900 K Street, NW
Washington, DC 20006
202-496-7211
Email: gbono@mckennalong.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey N Brown**
Pircher Nichols and Meeks
1925 Century Park East
Suite 1700
Los Angeles, CA 90067
310-201-8990
Email: jbrown@pircher.com
*TERMINATED: 10/12/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John D Zele**
Morgan Lewis & Bockius
1111 Pennsylvania Ave NW
Washington, DC 20004
202-739-3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kell M Damsgaard**
Morgan Lewis and Bockius
1701 Market Street
Philadelphia, PA 19103
215-963-5592
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laurence Evan Stein**
McKenna Long and Aldridge
1900 K Street NW
Washington, DC 90006
202-496-7211
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Jane Boswell**
Morgan Lewis & Bockius
1111 Pennsylvania Ave NW
Washington, DC 20004
202-739-3000

Email: mboswell@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew T Bailey**
McKenna Long & Aldridge
1900 K Street, NW
Washington, DC 20006
202-496-7211
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nathan W McCutcheon**
Morgan Lewis & Bockius
1111 Pennsylvania Ave NW
Washington, DC 20004
202-739-3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**R Tyler Goodwyn, IV**
McKenna Long and Aldridge
1900 K Street, NW
Washington, DC 20006
202-496-7500
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ralph A Phillips**
Morgan Lewis & Bockius
1111 Pennsylvania Avenue NW
Washington, DC 20004
202-739-3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Chippendale**
McKenna Long and Aldridge
1900 K Street Northwest
Washington, DC 20006
202-496-7789
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Teresa A Ascencio**
Morgan Lewis & Bockius
300 S Grand Ave, 22nd Fl
Los Angeles, CA 90071-3132
213-612-2500
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Andrea Sheridan Ordin**
Morgan Lewis & Bockius
300 S Grand Ave, 22nd Fl
Los Angeles, CA 90071-3132
213-612-2500
Fax: 213-612-2554
Email: aordin@morganlewis.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Tatung Co Of America**        represented by    **Christopher Darrow**
Greenberg Traurig LLP
2450 Colorado Avenue Suite 400E
Santa Monica, CA 90404
310-586-7700
Email: darrowc@gtlaw.com
*TERMINATED: 05/11/2004*
*LEAD ATTORNEY*

**Christopher M Joe**
Greenberg Traurig
JP Morgan Chase Tower
2200 Ross Avenue
Suite 5200
Dallas, TX 75201
214-665-3604
Email: joec@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric S Tautfest**
Greenberg Traurig
JP Morgan Chase Tower
2200 Ross Avenue, Suite 4700E
Dallas, TX 75201
972-419-9100
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frank Eugene Merideth, Jr**
Greenberg Traurig
2450 Colorado Ave, Ste 400 East
Santa Monica, CA 90404
310-586-7825
Email: meridethf@gtlaw.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jeffrey F Craft**
Jackson DeMarco Tidus and
Peckenpaugh
2815 Townsgate Road, Suite 200
Westlake Village, CA 91361-3010
805-230-0023
Email: jcraft@lhlaw.com
*TERMINATED: 07/07/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark L Hoggs**
Greenberg Traurig
800 Connecticut Avenue, Suite 500
Washington, DC 20006
202-331-3100
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark H Krietzman**
Greenberg Traurig
2450 Colorado Ave, Ste 400E
Santa Monica, CA 90404
310-586-7700
Email: krietzmanm@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terence J Clark**
Greenberg Traurig
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
310-586-7757
Email: clarkt@gtlaw.com
*LEAD ATTORNEY*

**Thomas N Fitzgibbon**
Pfeiffer Thigpen and FitzGibbon
233 Wilshire Boulevard Suite 220
Santa Monica, CA 90401
310-451-5800
Fax: 310-451-1599
Email: TNF@ptflaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Valerie W Ho**
Greenberg Traurig

2450 Colorado Avenue, Suite 400 E
Santa Monica, CA 90404
310-586-7700
Email: hov@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tatung Company**                    represented by **Christopher Darrow**
(See above for address)
*TERMINATED: 05/11/2004*
*LEAD ATTORNEY*

**Christopher M Joe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric S Tautfest**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frank Eugene Merideth, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey F Craft**
(See above for address)
*TERMINATED: 07/07/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark L Hoggs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark H Krietzman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terence J Clark**
(See above for address)
*LEAD ATTORNEY*

**Valerie W Ho**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chunghwa Picture Tubes Ltd**          represented by   **Anthony C Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian S Kim**
Howrey Simon Arnold and White
550 South Hope Street, Suite 1100
Los Angeles, CA 90071-2627
213-892-1800
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christine A Dudzik**
Howrey
321 North Clark Street, Suite 3400
Chicago, IL 60610
312-595-2254
Email: dudzikc@howrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher A Mathews**
Howrey
550 S Hope St, Suite 1100
Los Angeles, CA 90071
213-892-1800
Email: mathewsc@howrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David G Meyer**
Howrey
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
213-892-1800
Email: meyerd@howrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David P Owen**
Howrey Simon Arnold and White
The Rembrandt Tower
One Amstelplein, 31st Floor
1096 HA Amsterdam
Nethe

011 31 20 592 4411
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glenn W Rhodes**
Howrey Simon Arnold & White
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
415-848-4900
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Langer Resch**
Howrey
550 S Hope St, Suite 1100
Los Angeles, CA 90071
213-892-1800
Email: reschm@howrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert P Taylor**
Howrey
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
650-798-3555
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Teresa M Corbin**
Howrey Simon Arnold and White
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
415-848-4944
Email: corbint@howrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Envision Peripherals Inc**                represented by   **Brian S Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher A Mathews**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn W Rhodes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Teresa M Corbin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jean Company Ltd**                    represented by   **Brian S Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher A Mathews**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn W Rhodes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Teresa M Corbin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lite-On Technology Corporation**      represented by   **Brian S Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher A Mathews**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn W Rhodes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Teresa M Corbin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lite-On Technology International Inc**   represented by   **Brian S Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher A Mathews**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn W Rhodes**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Teresa M Corbin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TPV Technology Ltd**                    represented by    **Brian S Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher A Mathews**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn W Rhodes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Teresa M Corbin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viewsonic Corporation**                    represented by    **Michael Langer Resch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian S Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher A Mathews**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Glenn W Rhodes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Teresa M Corbin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**LG Electronics Inc**                    represented by    **Andrew J Wu**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David L Schrader**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dieter H Hellmoldt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ann A Byun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anthony C Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Brown**
(See above for address)
*TERMINATED: 10/12/2005*
*ATTORNEY TO BE NOTICED*

**Mary Jane Boswell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nathan W McCutcheon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Teresa A Ascencio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Chunghwa Picture Tubes Ltd**          represented by  **Brian S Kim**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christine A Dudzik**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David G Meyer**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**David P Owen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glenn W Rhodes**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Langer Resch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert P Taylor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Teresa M Corbin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher A Mathews**
(See above for address)

V.

**Counter Defendant**

**LG Philips LCD Co Ltd**                represented by    **Adrian P J Mollo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Sheridan Ordin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew J Wu**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ann A Byun**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony C Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Corinne A Niosi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Johnson, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David L Schrader**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dieter H Hellmoldt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey N Brown**
(See above for address)
*TERMINATED: 10/12/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John D Zele**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kell M Damsgaard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew T Bailey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nathan W McCutcheon**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Chippendale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Teresa A Ascencio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wilfredo Hernandez, Jr**
Morgan Lewis & Bockius
300 S Grand Ave, 22nd Fl
Los Angeles, CA 90071-3132
213-612-2500
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David M Morris**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary Jane Boswell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Tatung Company**                          represented by   **Christopher Darrow**
(See above for address)
*TERMINATED: 05/11/2004*
*LEAD ATTORNEY*

**Christopher M Joe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric S Tautfest**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frank Eugene Merideth, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey F Craft**
(See above for address)
*TERMINATED: 07/07/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark L Hoggs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark H Krietzman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Terence J Clark**
(See above for address)
*LEAD ATTORNEY*

**Valerie W Ho**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**LG Philips LCD Co Ltd**      represented by    **Adrian P J Mollo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Sheridan Ordin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew J Wu**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ann A Byun**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony C Roth**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Johnson, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dieter H Hellmoldt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey N Brown**
(See above for address)
*TERMINATED: 10/12/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John D Zele**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kell M Damsgaard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Jane Boswell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew T Bailey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nathan W McCutcheon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Chippendale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Teresa A Ascencio
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

David L Schrader
Morgan Lewis & Bockius
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
213-612-7370
Email: dschrader@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Chunghwa Picture Tubes Ltd**           represented by   **Christine A Dudzik**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

David G Meyer
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

David P Owen
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Glenn W Rhodes
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Michael Langer Resch
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Robert P Taylor
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Teresa M Corbin
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Brian S Kim

(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher A Mathews**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**LG Electronics Inc**                     represented by     **Andrew J Wu**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dieter H Hellmoldt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey N Brown**
(See above for address)
*TERMINATED: 10/12/2005*
*ATTORNEY TO BE NOTICED*

**Teresa A Ascencio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**LG Philips LCD Co Ltd**                   represented by     **Adrian P J Mollo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea Sheridan Ordin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew J Wu**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Johnson, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Case 1:06-cv-00726-JJF    Document 441-6    Filed 09/05/2008    Page 21 of 195

**Dieter H Hellmoldt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kell M Damsgaard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew T Bailey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Chippendale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David L Schrader**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ann A Byun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Anthony C Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey N Brown**
(See above for address)
*TERMINATED: 10/12/2005*
*ATTORNEY TO BE NOTICED*

**Mary Jane Boswell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nathan W McCutcheon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Teresa A Ascencio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ThirdParty Plaintiff**

**Chunghwa Picture Tubes Ltd**                    represented by    **Christine A Dudzik**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Christopher A Mathews**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **David G Meyer**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **David P Owen**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Glenn W Rhodes**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Michael Langer Resch**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Robert P Taylor**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Teresa M Corbin**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

V.

**ThirdParty Defendant**

**LG Electronics Inc**                            represented by    **David L Schrader**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Tatung Company**                                represented by    **Christopher M Joe**
                                                                    (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric S Tautfest**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Valerie W Ho**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**LG Philips LCD Co Ltd**        represented by  **Andrea Sheridan Ordin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ann A Byun**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Johnson, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kell M Damsgaard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David L Schrader**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Chunghwa Picture Tubes Ltd**      represented by  **Christopher A Mathews**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David G Meyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glenn W Rhodes**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Langer Resch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert P Taylor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Teresa M Corbin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**LG Philips LCD Co Ltd**                  represented by   **Andrea Sheridan Ordin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ann A Byun**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Johnson, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kell M Damsgaard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David L Schrader**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**LG Electronics Inc**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/29/2002 | 1 | COMPLAINT filed Summons(es) Issued referred to Discovery Jennifer T. Lum; Jury Demand (pc) (Entered: 09/03/2002) |
| 08/29/2002 | 2 | NOTICE OF INTERESTED PARTIES filed by plaintiff LG Philips LCD Co (pc) (Entered: 09/03/2002) |
| 08/29/2002 | | REPORT ON THE FILING OF AN ACTION REGARDING PATENT OR TRADEMARK (cc: form mailed to Washington, D.C.)(Opening) (el) (Entered: 09/03/2002) |
| 09/05/2002 | | REPORT ON THE FILING OF AN ACTION REGARDING PATENT OR TRADEMARK (cc: form mailed to Washington, D.C.)(Opening) (el) (Entered: 09/06/2002) |
| 09/11/2002 | 3 | PROOF OF SERVICE executed upon defendant Tatung Co Of America; Service by Fed Statute on 9/3/02 via personal delivery by serving S/C to Michael Lai, Registered Agent, auth to receive service of process (el) (Entered: 09/11/2002) |
| 09/12/2002 | 4 | PROOF OF SERVICE executed upon defendant Tatung Co; Service by Fed on 9/3/02 via Personal delivery by serving S/C to Michael Lai, Registered Agent for its subsidiary, Tatung Company of America (el) (Entered: 09/16/2002) |
| 09/19/2002 | 5 | PROOF OF SERVICE executed upon defendant Chunghwa Picture ; Service by CCP on 9/3/02 via substituted by serving s/c to Janice Doe manager Tatugn Telecom manager (with person apparently in charge , Asian female, 5'5 125lbs, Black Hair on behalf of Dundee Hsieh General Manager; (1st class mail see decl of mailing fld on 9/19/02) (pj) (Entered: 09/20/2002) |
| 09/19/2002 | 6 | DECL OF MAILING executed upon defendant Chunghwa Picture TUBES ltd ; Service by on 9/4/02 via BY MAIL by serving S/C to (pj) (Entered: 09/20/2002) |
| 09/20/2002 | 7 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case filed for plaintiff LG Philips LCD Co by Nathan W McCutcheon. Designating Jeffrey N Brown as local counsel. Approved by Judge Consuelo B. Marshall . (Fee pd) (el) (Entered: 09/23/2002) |
| 09/20/2002 | 8 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case filed for plaintiff LG Philips LCD Co by Anthony C Roth. Designating Jeffrey N Brown as local counsel. Approved by Judge Consuelo B. Marshall . (Fee pd) (el) (Entered: 09/23/2002) |
| 09/20/2002 | 9 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case filed for plaintiff LG Philips LCD Co by John D Zele. Designating Jeffrey N Brown as local counsel. Approved by Judge Consuelo B. Marshall . (Fee pd) (el) (Entered: 09/23/2002) |
| 09/20/2002 | 10 | STIPULATION filed to extend time to answer complaint [1-1] to 10/23/02 |

| | | |
|---|---|---|
| | | as to defendant Tatung Co Of America, defendant Tatung Company (el) (Entered: 09/23/2002) |
| 09/25/2002 | 11 | PROOF OF SERVICE executed upon defendant Chunghwa Picture upon Chen-Yuan Lin, President; Service by (not indicated) on 9/3/02 via registered international mail by serving S/C to (stamped in chinese character), as agent, original return rcpt attached as Exhibit "A" (el) (Entered: 09/26/2002) |
| 09/27/2002 | 12 | PROOF OF SERVICE executed upon defendant Tatung Company ; Service by no statute indicated on 9/9/02 via by FOREIGN SERVICE by serving s/c to Lin Ting Shen of Tatung Company; The original return receipt for Intl Mail signed by an agent of Tatung Co is attached (pj) (Entered: 09/30/2002) |
| 10/18/2002 | 14 | REQUEST filed by plaintiff LG Philips LCD Co for entry of default as to Chunghwa Picture Tubes, Ltd ; Decl of Jeffrey N Brown (el) (Entered: 10/28/2002) |
| 10/18/2002 | 15 | SUPPLEMENTAL PROOF OF SERVICE by plaintiff LG Philips LCD Co re executed service [5-1] re plf's request to enter default agnst Chunghwa Picture Tubes Inc (el) (Entered: 10/28/2002) |
| 10/20/2002 | 87 | DECLARATION of Nathan W McCutcheon by plaintiff LG Philips LCD Co in support of motion for partial summary judgment of infringement of U.S> Pat. No 6,002,457 [84-1] (shb) (Entered: 10/23/2003) |
| 10/22/2002 | 13 | STIPULATION and ORDER by Judge Consuelo B. Marshall that dft Tatung Company may have an additional thirty (30) days through and including 11/22/02 in which to answer the complaint (el) (Entered: 10/23/2002) |
| 10/25/2002 | 17 | NOTICE OF MOTION AND MOTION by defendant Chunghwa Picture Tubes Ltd to extend time to file an snawer or to otherwise respond to the complaint , and to strike request for entry of default ; motion hearing set for 10:00 12/2/02 (el) (Entered: 10/28/2002) |
| 10/25/2002 | 18 | DECLARATION of Teresa M Corbin in suppt by defendant Chunghwa Picture re motion to extend time to file an or to otherwise respond to the complaint [17-1], motion to strike request for entry of default [17-2] (el) (Entered: 10/28/2002) |
| 10/25/2002 | 19 | PROOF OF SERVICE by defendant Chunghwa Picture on 10/25/02 Motion to ext time to ans & to strike req for dflt and related docs served on Jeffrey N Brown Esq by mail (el) (Entered: 10/28/2002) |
| 10/28/2002 | 16 | DEFAULT ENTERED as to defendant Chunghwa Picture (cc: all counsel) (el) (Entered: 10/28/2002) |
| 10/29/2002 | 20 | MINUTES: ORDER striking dft Chunghwa Picture Tubes Ltd's motion to extend time to file an answer or to otherwise respond to the complaint [17-1], and to strike entry of default [17-2], for failure to comply with Local Rule 7-3 by Judge Consuelo B. Marshall CR: none present (el) (Entered: 10/29/2002) |
| 11/01/2002 | 21 | EX PARTE APPLICATION filed by defendant Chunghwa Picture for relief |

| | | |
|---|---|---|
| | | from default entry Lodged proposed order (pj) (Entered: 11/04/2002) |
| 11/01/2002 | 22 | DECLARATION of TERESA M CORBIN IN SUPPORT by defendant Chunghwa Picture re ex parte application for relief from default entry [21-1] (pj) (Entered: 11/04/2002) |
| 11/01/2002 | 23 | CERTIFICATE OF SERVICE by defendant Chunghwa Picture on 11/1/02 of ex parte appl for relief from default entry & supporting docs (pj) (Entered: 11/04/2002) |
| 11/04/2002 | 24 | MEMORANDUM OF POINTS AND AUTHORITIES filed by plaintiff LG Philips LCD Co in opposition to Chungwha Picture Tube Ltd's ex parte application for relief from default entry [21-1]; Decl of Jeffrey N Brown (el) (Entered: 11/05/2002) |
| 11/05/2002 | 25 | REPLY BRIEF by defendant Chunghwa Picture in support of Chunghwa Picture Tubes Inc's ex parte application for relief from default entry [21-1] (el) (Entered: 11/12/2002) |
| 11/05/2002 | 26 | REPLY DECLARATION of Teresa M Corbin in support by defendant Chunghwa Picture re ex parte application for relief from default entry [21-1] (el) (Entered: 11/12/2002) |
| 11/05/2002 | 27 | PROOF OF SERVICE by defendant Chunghwa Picture on 11/5/02 of Reply brief in suppt of ex party appl for relief from dflt entry and related docs served on Jeffrey N Brown and Jeffrey F Craft by facsimile and by mail (el) (Entered: 11/12/2002) |
| 11/12/2002 | 28 | REPLY DECLARATION of Jeffrey F Craft in support by defendant Chunghwa Picture to response to ex parte application for relief from default entry [21-1] (el) (Entered: 11/13/2002) |
| 11/12/2002 | 29 | AMENDED REPLY BRIEF in support by defendant Chunghwa Picture to ex parte application for relief from default entry [21-1] (el) (Entered: 11/13/2002) |
| 11/12/2002 | 30 | AMENDED REPLY DECLARATION of Teresa M Corbin in support by defendant Chunghwa Picture in support re ex parte application for relief from default entry [21-1] (el) (Entered: 11/13/2002) |
| 11/12/2002 | 31 | CERTIFICATE OF SERVICE by defendant Chunghwa Picture on 11/12/02 of Amended Reply brief, decl, etc (see doc for list) served on Jeffrey N Brown Esq and Jeffrey F Craft Esq by mail (el) (Entered: 11/13/2002) |
| 11/19/2002 | 32 | MINUTES: ORDER that dft's ex parte application for relief from default entry [21-1] is DENIED. The matter should be filed as a noticed motion. Defendant shall file a notice setting its previously stricken motion for hearing on 12/16/02 at 10:00 am; said notice shall include a stmtm in compliance with the local rule, and the specific filings related to this matter for the court's consideration for hearing. No further briefing by the parties shall be permitted. by Judge Consuelo B. Marshall CR: none present (el) (Entered: 11/20/2002) |
| 11/25/2002 | 33 | CERTIFICATION OF INTERESTED PARTIES filed by defendant Tatung |

| | | Co Of America, defendant Tatung Company (el) (Entered: 11/25/2002) |
|---|---|---|
| 11/25/2002 | 34 | ANSWER filed by defendant Tatung Co Of America to complaint for patent infringement [1-1] (el) (Entered: 11/25/2002) |
| 11/25/2002 | 35 | ANSWER filed by defendant Tatung Company to complaint for patent infringement [1-1] (el) (Entered: 11/25/2002) |
| 11/26/2002 | 36 | NOTICE OF MOTION AND MOTION by defendant Chunghwa Picture for relief from dflt entry , and to extend time to answer complaint [1-1] to as to Chunghwa Picture ; motion hearing set for 10:00 12/16/02 Lodged order (el) (Entered: 11/26/2002) |
| 11/26/2002 | 37 | DECLARATION of Teresa M Corbin in compliance with L.R. 7-3 by defendant Chunghwa Picture re motion for relief from dflt entry [36-1], motion to extend time to answer complaint [1-1] to as to Chunghwa Picture [36-2] (el) (Entered: 11/26/2002) |
| 11/26/2002 | | Text not available. (Entered: 11/26/2002) |
| 11/26/2002 | 38 | CERTIFICATE OF SERVICE by defendant Chunghwa Picture on 11/25/02 of Motion for relief from dflt jgm and rel docs served on Jeffrey N Brown and Jeffrey F Craft by personal delivery (el) (Entered: 11/26/2002) |
| 11/26/2002 | 39 | MINUTES: On the Court's own motion, mandatory status/scheduling conf is set for 11:00 2/24/03 ; Counsel shall file a Rule 26(f) discovery plan within 14 days after the conference of cnsl (see doc for fur details) by Judge Consuelo B. Marshall CR: n/a (el) (Entered: 11/27/2002) |
| 12/16/2002 | 40 | MINUTES: The motion of defendant Chunghwa Picture Tubes for relief from dflt entry [36-1], granting motion to extend time to answer [1-1] to as to Chunghwa Picture [36-2] is GRANTED. Answer to complaint shall be filed on or before 12/30/02 by Judge Consuelo B. Marshall CR: Gary George (el) (Entered: 12/17/2002) |
| 12/20/2002 | 41 | ANSWER to complaint [1-1] and COUNTERCLAIM by defendant Chunghwa Picture against plaintiff LG Philips LCD Co; summons not issued (rrey) (Entered: 12/23/2002) |
| 12/20/2002 | 42 | NOTICE OF INTERESTED PARTIES filed by defendant, counter-claimant Chunghwa Picture (rrey) (Entered: 12/23/2002) |
| 12/20/2002 | 43 | CERTIFICATE OF SERVICE by defendant Chunghwa Picture on 12/20/02 of ans and counterclaims; notice of interested parties (rrey) (Entered: 12/23/2002) |
| 12/20/2002 | 44 | AMENDED CERTIFICATE OF SERVICE by defendant Chunghwa Picture on 12/20/02 of ans & cntclms, ntc of interested parties (pj) (Entered: 12/27/2002) |
| 01/10/2003 | 45 | REPLY TO COUNTERCLAIM [41-2] by counter-defendant LG Philips LCD Co; Demand for Jury Trial (el) (Entered: 01/14/2003) |
| 01/16/2003 | 46 | DEMAND for jury trial by defendant Chunghwa Picture, counter-claimant Chunghwa Picture (el) (Entered: 01/17/2003) |

| 01/16/2003 | 47 | CERTIFICATE OF SERVICE by defendant Chunghwa Picture, counter-claimant Chunghwa Picture on 1/16/03 of Demand for jury trial served on Jeffrey N Brown Esq and Jeffrey F Craft Esq by mail (el) (Entered: 01/17/2003) |
| --- | --- | --- |
| 02/18/2003 | 48 | JOINT RULE 26 DISCOVERY PLAN filed; est length of trial 20 days (lc) (Entered: 02/19/2003) |
| 02/18/2003 | 49 | DISCLOSURES PURSUANT TO FRCP 26(a) by defendant Tatung Co Of America, defendant Tatung Company (lc) Modified on 04/16/2003 (Entered: 02/19/2003) |
| 04/16/2003 | 50 | MINUTES: In chambers: case management dates established: exhange of claim construction terms 5/1/03; exchange of claim construction 5/21/03; joint claim construction statement 6/20/03; claim construction discovery 7/18/03; ; discovery ddl set on 12/15/03; motion filing ddl set on 10:00 4/12/04; Final Pretrial Conference set for 3:00 6/14/04; jury trial set on 10:00 7/27/04 by Judge Consuelo B. Marshall CR: none (lc) (Entered: 04/17/2003) |
| 04/29/2003 | 51 | NOTICE by plaintiff LG Philips LCD Co of related case(s) CV 03-2866 DDP(RZx), CV 03-2884 WJR(MANx), CV 03-2884 JFW(SHx), CV 03-2886 SVW(PLAx) (rn) (Entered: 04/30/2003) |
| 06/09/2003 | 52 | NOTICE OF CHANGE Of Address filed by atty Mark Howard Krietzman for defendant Tatung Company; 2450 Colorado Ave, Ste 400-E, Santa Monica, CA 90404: 310-586-7700, FAX 310-586-7800 (ab) (Entered: 06/10/2003) |
| 06/23/2003 | 53 | STIPULATION and ORDER by Judge Consuelo B. Marshall that the Joint Claim Construction Statement may be filed by 6/25/03 in lieu of 6/20/03 ; The parties have worked diligently to finalize this pleading, but require the additional time to complete and file the Statement. (nhac) (Entered: 06/23/2003) |
| 06/23/2003 | 54 | STIPULATION Re: Additional Scheduling Issues and ORDER by Judge Consuelo B. Marshall; The parties stipulated that the Court's 4/16/03 Case Management Order [50-1] be supplemented as follows: 1)With respect to briefing concerning claim construction, the parties agree to the following scheduled: a)Plaintiff LG Philips LCD Co Ltd's opening brief shall be filed and served by 8/15/03; b)Defendants' responsive brief shall be filed and served by 8/29/03 and c)Plaintiff LG Philips LCD Co Ltd's reply brief shall be filed and served by 9/8/03; 2)With respect to exchange of expert disclosures and reports pursuant to FRCP 26, the parties agree to the following schedule: a)Opening disclosures and reports by all parties who bear the initial burden of proof shall be served by 12/22/03 and b)Rebuttal disclosures and reports shall be served by 1/16/04. (nhac) (Entered: 06/24/2003) |
| 06/25/2003 | 55 | Defendants' EXHIBITS to the joint claim construction statement exhibits. (bp) (Entered: 06/26/2003) |
| 06/25/2003 | 56 | JOINT CLAIM CONSTRUCTION STATEMENT and request for claim construction hearing by defendant Chunghwa Picture (bp) (Entered: |

| | | 06/26/2003) |
|---|---|---|
| 06/25/2003 | 57 | EXHIBITS to joint claim construction statement [56-1] (bp) (Entered: 06/26/2003) |
| 06/25/2003 | 58 | PROOF OF SERVICE by defendant Chunghwa Picture on 6/25/03 of defendant's exhibits to the joint claim construction statement exhibits. (bp) (Entered: 06/26/2003) |
| 06/25/2003 | 59 | PROOF OF SERVICE by plaintiff LG Philips LCD Co on 6/25/03 of joint claim construction statement and request for claim construction hearing. (bp) (Entered: 06/26/2003) |
| 06/27/2003 | 60 | NOTICE AND REQUEST Of Settlement Procedure Selection #3 fld Parties request to apr bef a retired judicial officer or other dispute resolution body for mediation type sttlmnt procdgs Order by Judge Consuelo B. Marshall granting settlement procedure selection request [60-1] (lc) (Entered: 06/30/2003) |
| 07/07/2003 | 61 | ATTORNEY SUBSTITUTION: terminating Soonnerschein Nath & Rosenthal for Tatung Co Of America and Tatung Co by defendant Tatung Co Of America, defendant Tatung Company and substituting Greenberg Traurig by Judge Consuelo B. Marshall (lc) (Entered: 07/08/2003) |
| 07/10/2003 | 62 | MINUTES: mandatory status/scheduling conf set for 11:00 8/4/03 ; parties should be prepared to address any opposition to Court's order consolidating: CV 03-6775, CV 03-2886, CV03-2866, CV03-2884, CV 03-2885; parties will be provided with an order re claim construction briefing and schedule for joint claim construction submitted by LG Philips, Tatung and Chungwa Picture Tubes by Judge Consuelo B. Marshall CR: none (lc) (Entered: 07/14/2003) |
| 07/15/2003 | 63 | MINUTES: Parties are directed to LR 79-5.1 re procedures for obtaining court approval and the filing of documents under seal and by Judge Consuelo B. Marshall CR: none (lc) (Entered: 07/16/2003) |
| 07/15/2003 | 64 | CONFIDENTIALITY STIPULATION and ORDER by Judge Consuelo B. Marshall re protective order (lc) (Entered: 07/16/2003) |
| 08/04/2003 | 66 | MINUTES: Status conference held . A Joint Status Report shall be filed on or before August 15, 2003 by Judge Consuelo B. Marshall CR: Noreen Cerge (pj) (Entered: 08/14/2003) |
| 08/13/2003 | 65 | RECEIPT OF TRANSCRIPT of proceedings for the following date(s): 08/04/03. CR: Noreen Cerge. (cbr) (Entered: 08/14/2003) |
| 08/13/2003 | | TRANSCRIPT filed for proceedings held on 08/04/03. (cbr) (Entered: 08/14/2003) |
| 08/15/2003 | 67 | PARTIES JOINT REPORT of Concerning Consolidation, Claim Construction Schedule and Stay of Proceedings as to Defendant Viewsonic filed by defendant Viewsonic Corp (ir) (Entered: 08/18/2003) |
| 08/19/2003 | 68 | MINUTES: consolidating cases FOR PRETRIAL PURPOSES AND |

| | | SCHEDULING CLAIM CONSTRUCITON BREIFING: 2:02-cv-6775 with member cases 2:03-cv-2886, 2:03-cv-2866, 2:03-cv-2884, 2:03-cv-2885 ; Court denies without prejudice Viewsonic's request to stay proceedings; Claim construction schedule: meet and owner 9/5/03; revised joint claim construction statement filed and served 9/12/03; plaintiff's claim construction brief 10/6/03; defendants' claim construction brief 10/21/03; plaintiff's claim construction reply brief 10/28/03; IN COURT HEARING RE: Claim Construction set on 2:00 11/17/03 ; if any party intends to make use of ouside experts during hearing, it must file and serve written notice of its intention no later than 10/22/03 by Judge Consuelo B. Marshall CR: none (lc) (Entered: 08/21/2003) |
|---|---|---|
| 09/11/2003 | 69 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case filed for LG Philips LCD Co, LG Philips LCD Co by Mary Jane Boswell. Designating Jeffrey N Brown as local counsel. Approved by Judge Consuelo B. Marshall (Fee pd) (lc) (Entered: 09/12/2003) |
| 09/16/2003 | 70 | STIPULATION and ORDER by Judge Consuelo B. Marshall extending time to file revised joint claim construction to 9/17/03 (lc) (Entered: 09/17/2003) |
| 09/17/2003 | 71 | REVISED JOINT CLAIM CONSTRUCTION STATEMENT by defendants (lc) (Entered: 09/18/2003) |
| 09/17/2003 | 72 | EXHIBITS to revised joint claim construction statement [71-1] by LG Philips LCD Co Ltd (lc) (Entered: 09/18/2003) |
| 09/17/2003 | 73 | EXHIBITS to the exhibits attached to the revised joint construction claim [72-1] (lc) (Entered: 09/18/2003) |
| 09/25/2003 | 74 | NOTICE re change of hearing on motiins to compel further responses to request for documents and interrogatories to Chunghwa Pictures by LG Philips LCD Co (lc) Modified on 09/30/2003 (Entered: 09/30/2003) |
| 09/26/2003 | 77 | MINUTES: A telephone conference was conducted 9/29/03 as to 2 motions to compel received but not filed; court ordered parties to meet and confer by end of this week; if issues not resolved, parties may then file new joint stipulation with accompanying motions; motsion with 10/21/03 hearing date were ordered rejected and returned by Discovery Jennifer T. Lum CR: tape 03-12 (lc) (Entered: 10/01/2003) |
| 09/29/2003 | 75 | NOTICE OF DISCREPANCY AND ORDER by Discovery Jennifer T. Lum ordering (2) motions to compel responses and declarations submitted by LG Philips LCD Co received on 9/23/03 is not to be fld but instead rejected; Denial based on: joint stipulations not signed (lc) (Entered: 09/30/2003) |
| 09/30/2003 | 76 | EX PARTE APPLICATION filed by plaintiff LG Philips LCD Co to expedite consideraton of stipiulations re filing of first amended complaint and claim construction schedule ; memorandum; declaration of Jeffrey N Brown (lc) (Entered: 09/30/2003) |
| 10/01/2003 | 78 | STIPULATION and ORDER by Judge Consuelo B. Marshall: on or before 12/10/3, Tatung defendants shall advise all other parties in these related cases re any proposed revisions re "side-mount" patents and meet and confer with |

| | | |
|---|---|---|
| | | all parties revisions on 12/12/03; on or before 12/23/03, parties file a second revised joint claim construction statement to extent necessary based on terms contained in "side-mount" patent claims asserted against Tatung defendants ; current schedule for claim construction briefing and hearing be vacated; parties respective claim construciton brief shall be filed during month of January 2004, with parties stipulating to specific filing dates and page limits or bring such issues to court on or before 12/17/03; IN COURT HEARING RE: claim construction reset on 3:00 4/5/04; discovery ddl for these related cases reset on 6/11/04 (lc) Modified on 10/23/2003 (Entered: 10/01/2003) |
| 10/01/2003 | 79 | STIPULATION and ORDER by Judge Consuelo B. Marshall: plaintiff first amended complaint deemed filed and served as of 9/26/03; Tatung defendants have until 10/17/03 to file and serve answer to first amended complaint and CPT need not file any further responses to first amended complaint; neither Tatung defendants nor plaintiff shall serve on each other new discovery requests during 9/26/03 through 11/28/03; neither Tatung defendants nor plaintiff shall seek to compel any currently outstanding discovery requests 9/26/03 through 11/18/03; non expert discovery deadline 6/11/03; opening disclosures and reports by all parties bearing burden of proof: 6/18/04; rebuttal disclosures and reports 7/9/04; expert discovery deadline 7/30/04; motion hearing date 10/11/04; Final Pretrial Conference set for 3:00 12/20/04 ; jury trial date to be determined (lc) (Entered: 10/01/2003) |
| 10/01/2003 | 80 | FIRST AMENDED COMPLAINT [1-1] by plaintiff LG Philips LCD Company; jury demand. Summons not issued (lc) (Entered: 10/02/2003) |
| 10/02/2003 | 81 | MINUTES: In chambers: Court on own motion: jury trial set on 10:00 5/24/05 by Judge Consuelo B. Marshall CR: none (lc) (Entered: 10/03/2003) |
| 10/17/2003 | 83 | ANSWER filed by defendant Tatung Co Of America to amended complaint [80-1]; jury demand (mch) (Entered: 10/20/2003) |
| 10/17/2003 | 82 | ANSWER to amended complaint [80-1] and COUNTERCLAIM by defendant Tatung Company against plaintiff LG Philips LCD Co; jury demand; (pj) (Entered: 11/07/2003) |
| 10/20/2003 | 84 | NOTICE OF MOTION AND MOTION by plaintiff LG Philips LCD Co for partial summary judgment of infringement of U.S> Pat. No 6,002,457 ; motion hearing set for 10:00 11/17/03 Lodged proposed statement of uncontroverted facts and proposed order (shb) (Entered: 10/23/2003) |
| 10/20/2003 | 85 | Lexis Cases cited IN SUPPORT by plaintiff LG Philips LCD Co of motion for partial summary judgment of infringement of U.S> Pat. No 6,002,457 [84-1] (shb) (Entered: 10/23/2003) |
| 10/20/2003 | 86 | MEMORANDUM of points and authorities IN SUPPORT by plaintiff LG Philips LCD Co of motion for partial summary judgment of infringement of U.S> Pat. No 6,002,457 [84-1] (shb) (Entered: 10/23/2003) |
| 10/20/2003 | 88 | DECLARATION of Won Jun Choi by plaintiff LG Philips LCD Co in support of motion for partial summary judgment of infringement of U.S> Pat. No 6,002,457 [84-1] (shb) (Entered: 10/23/2003) |
| | | |

| 10/20/2003 | 89 | PROOF OF SERVICE by plaintiff LG Philips LCD Co on 10/20/03 of Notice of motion and motion for partial summary judgment of infringement of US Patent No 6,002,457, Memorandum of points and authorities, Declarations, Statement of uncontroverted facts and conclusions of law,proposed order and other documents served upon CHristopher Mathews, Mark Krietzman, Tracy Roman by personally delivering documents, Teresa M Corbin by Federal Express mail (shb) (Entered: 10/23/2003) |
|---|---|---|
| 10/21/2003 | 90 | NOTICE by plaintiff LG Philips LCD Co of change of hearing date, resetting hearing on motion for partial summary judgment of infringement of U.S Pat. No 6,002,457 [84-1] 10:00 11/17/03 (shb) (Entered: 10/23/2003) |
| 10/23/2003 | 91 | EX PARTE APPLICATION filed by defendant to take plaintiff's motion for partial summary judgment off calendar as premature ; Lodged order (lc) (Entered: 10/24/2003) |
| 10/23/2003 | 92 | DECLARATION of Christopher A Mathews in support by defendant re ex parte application to take plaintiff's motion for partial summary judgment off calendar as premature [91-1] (lc) (Entered: 10/24/2003) |
| 10/23/2003 | 93 | MEMORANDUM IN SUPPORT by defendant of ex parte application to take plaintiff's motion for partial summary judgment off calendar as premature [91-1] (lc) (Entered: 10/24/2003) |
| 10/23/2003 | 94 | PROOF OF HAND SERVICE by defendant on 10/23/03 of ex parte to take plaintiff's motion for partial summary judgment off calendar as premature and supporting documents (see list) (lc) (Entered: 10/24/2003) |
| 10/24/2003 | 95 | NOTICE OF JOINDER by Tatung Co Of America, Tatung Company joining ex parte application to take plaintiff's motion for partial summary judgment off calendar as premature [91-1]; memorandum; declaration of Mark H Krietzman (lc) (Entered: 10/27/2003) |
| 10/28/2003 | 97 | MEMORANDUM of Points and Authorities and Declaration of Jeffrey N Brown filed by plaintiff and counter-defendant LG Philips LCD Co in opposition to Defendants' ex parte application to take plaintiff's motion for partial summary judgment off calendar [91-1] (ir) (Entered: 10/29/2003) |
| 10/29/2003 | 96 | MINUTES: Court grants defendants' ex parte application to take plaintiff's motion for partial summary judgment off as premature [91-1] taking motion for partial summary judgment of infringement of U.S Pat. No 6,002,457 [84-1] off calendar by Judge Consuelo B. Marshall CR: none (lc) (Entered: 10/29/2003) |
| 10/31/2003 | 98 | NOTICE OF INTERESTED PARTIES filed by defendants Tatung Co Of America, Tatung Company (lc) (Entered: 11/03/2003) |
| 10/31/2003 | 99 | FIRST AMENDED ANSWER [82-1] by defendant Tatung Company; jury demand AND (pj) (Entered: 11/07/2003) |
| 10/31/2003 | 99 | AMENDED COUNTERCLAIM [82-2] by counter-claimant Tatung Company; adding cntdft LG Electronics Inc (pj) (Entered: 11/07/2003) |
| 11/07/2003 | | SUMMONS on First Amended Complaint issued as to defendant Tatung Co |

| | | Of America, defendant Tatung Company, defendant Chunghwa Picture, counter-defendant LG Philips LCD Co, counter-defendant LG Philips LCD Co, counter-defendant LG Electronics Inc (shb) (Entered: 11/10/2003) |
|---|---|---|
| 11/14/2003 | 100 | PROOF OF SERVICE of AMENDED COUNTERCLAIMS executed upon counter-defendants LG Philips LCD Co, LG Philips LCD Co, and LG Electronics Inc ; Service by federal rule and by mail on 11/7/03 by serving Jeffrey N Brown and Wilfredo Hernanez attorneys; Proof of service of answer to first amended complaint by mail (lc) (Entered: 11/17/2003) |
| 11/14/2003 | 101 | CONFIDENTIALITY STIPULATION and ORDER by Discovery Jennifer T. Lum re protective order (lc) (Entered: 11/17/2003) |
| 11/20/2003 | 102 | STIPULATION and ORDER by Judge Consuelo B. Marshall extending time to answer Tatung first amended counterclaim [99-1] to 12/22/03 as to counter-defendant LG Philips LCD Co Ltd ; re any FRCP 12 motions by LPL as to first amended counterclaim: LPL motion be filed and served no later than 12/22/03; Tatung opposition be filed and served no later than 1/12/04; LPL reply be filed anserved no later than 1/20/04; hearing date be scheduled no earlier than 1/26/04 10:00 (lc) (Entered: 11/24/2003) |
| 12/02/2003 | 103 | PROOF OF SERVICE executed upon counter-defendant LG Electronics Inc ; Service by CCP on 11/18/03 via personal service by serving summons, amended counterclaim to Nick Stanlous, manager, authorized to accept service of process (lc) (Entered: 12/03/2003) |
| 12/02/2003 | 104 | PROOF OF SERVICE executed upon counter-defendant LG Electronics Inc; Service by CCP on 11/11/03 via personal service by serving summons and countercla to Nick Stanlous, manager, authorized to accept (lc) (Entered: 12/03/2003) |
| 12/09/2003 | 105 | PROOF OF SERVICE by defendant Tatung Co Of America, defendant Tatung Company on 12/2/03 of summons on first amended counterclaims, Defendant Tatung Company's first amended answer to plaintiff LG Phillips Co, LTD's first amended complaint for patent infringement and amended counterclaims, demand for jury trial, notice of interested parties served upon Jae-IlHwang c/o LG Electronics Inc (shb) (Entered: 12/11/2003) |
| 12/09/2003 | 106 | Declaration OF SERVICE by defendant Tatung Co Of America, defendant Tatung Company on 12/2/03 of summons on first amended counterclaims, defendant Tatung Company's first amended answer to Plaintiff LG Phillips Co Ltd's first amended complaint for patent infringement and amended counterclaims, demand for jury trial, notice of interested parties, civil case cover sheet on Jae-IIhwang Co's LG Electronics (shb) (Entered: 12/11/2003) |
| 12/18/2003 | 107 | JOINT REPORT RE CLAIM CONSTRUCTION BRIEFING (lc) (Entered: 12/19/2003) |
| 12/22/2003 | 108 | MINUTES: Court sets claims construction briefing schedule: plaintiff and defendants will file and serve opening briefs on or before 2/26/04; plaintiff and defendants file response briefs on or before 2/27/04; any request for relief beyond limits set forth in 11-6 must be filed and served on or before 1/7/04; any request to file a tutorial must be filed and served on or before |

|  |  | 1/7/04; if any party intends to use outside experts during claim construction hearing, it must file and serve written notice of of intention no later than 2/6/04 by Judge Consuelo B. Marshall CR: none (lc) (Entered: 12/23/2003) |
|---|---|---|
| 12/22/2003 | 109 | EX PARTE APPLICATION filed by LG Philips LCD Co, LG Electronics Inc for leave to file declaration of Sungyum Kim under seal in support of motion to dismiss ; memorandum; declaration of Jeffrey N Brown; Lodged order, sealed declaration (lc) (Entered: 12/23/2003) |
| 12/22/2003 | 110 | NOTICE OF MOTION AND MOTION by LG Philips LCD Co, LG Electronics Inc to dismiss 9th counterclaim ; motion hearing set for 10:00 1/26/04 (lc) (Entered: 12/23/2003) |
| 12/22/2003 | 111 | MEMORANDUM IN SUPPORT by LG Philips LCD Co, LG Electronics Inc of motion to dismiss 9th counterclaim [110-1]; declarations of Anthony C Roth, Won Jun Choi (lc) (Entered: 12/23/2003) |
| 12/22/2003 | 112 | PROOF OF PERSONAL SERVICE by LG Philips LCD Co on 12/22/03 of motion to dismiss 9th counterclaim and supporting documents (lc) (Entered: 12/23/2003) |
| 12/23/2003 | 113 | Second Revised Joint Claim Construction Statement (bp) (Entered: 12/24/2003) |
| 12/23/2003 | 114 | EXHIBITS to second revised joint claim construction statement re: side-mount patents-in-suit [113-1] (bp) (Entered: 12/24/2003) |
| 12/24/2003 | 115 | NOTICE OF ERRATA by plaintiff LG Philips LCD Co correcting declaration of Won Jun Choi filed in support of motion to dismiss 9th counterclaim [110-1] (bp) (Entered: 12/24/2003) |
| 12/24/2003 | 116 | SUPPLEMENTAL EXHIBITS TO EXHIBIT B Viewsonic Corp re second revised joint claim construction statement [113-1] (bg) (Entered: 12/29/2003) |
| 12/30/2003 | 117 | ORDER by Judge Consuelo B. Marshall denying LG Phillips and LG Electronic's ex parte application for leave to file declaration of Sungyum Kim under seal in support of motion to dismiss [109-1] (lc) (Entered: 12/30/2003) |
| 12/31/2003 |  | PLACED IN FILE - NOT USED plaintiff's proposed order re ex parte to seal declaration of Sunyum Kim under seal (lc) (Entered: 12/31/2003) |
| 12/31/2003 | 118 | DECLARATION of Sungyun Kim in support by LG Philips LCD Co re motion to dismiss 9th counterclaim [110-1] (lc) (Entered: 12/31/2003) |
| 01/07/2004 | 119 | Defendants' Joint STATEMENT Regarding submitting Tutorials with Claim Construction Briefs filed by Defendants, Tatung Co Of America, Tatung Company (shb, ) (Entered: 01/09/2004) |
| 01/07/2004 | 120 | MEMORANDUM OF POINTS AND AUTHORITIES RE NECESSITY OF TUTORIAL FOR CLAIM CONSTRUCTION AND RELIEF FROM LOCAL RULE 11-6 RE PAGE LIMITS FOR PLAINTIFF'S CLAIM CONSTRUCTION BRIEFS AND REQUEST THEREON filed by plaintiff and counterdefendant LG Philips LCD Co Ltd. Lodged order. (lc, ) (Entered: |

| | | 01/10/2004) |
|---|---|---|
| 01/12/2004 | 122 | MINUTES OF In Chambers Conference held before Judge Consuelo B. Marshall: The Court GRANTS the Parties' Stipulated Motion Requesting Relief from Local Rule 11-6. The Court also GRANTS Plaintiff's Request to file a tutorial regarding the technology that is at issue. (See order for further details) (shb, ) (Entered: 01/14/2004) |
| 01/12/2004 | 124 | JOINT OPPOSITION to plaintiffs' memorandum re necessity of a tutorial for claim construction 120 filed by defendants. (lc, ) (Entered: 01/15/2004) |
| 01/13/2004 | 123 | EX PARTE APPLICATION for Leave to file under seal: opposition and declaration of Mark H Kreitzman and exhibits and declaration of Oliver Shih; memorandum; declaration of Valerie W Ho by defendant Tatung Company. Lodged order, proposed sealed documents. (lc, ) (Entered: 01/15/2004) |
| 01/13/2004 | 125 | RESPONSE to Tatung's EX PARTE APPLICATION for Leave to file opposition and declarations under seal 123 ; declaration of Jeffrey N Brown, Anthony C Roth filed by plaintiff LG Philips LCD Co Ltd, counter defendant LG Electronics Inc (lc, ) (Entered: 01/15/2004) |
| 01/14/2004 | 121 | MINUTES OF In Chambers Conference held before Judge Consuelo B. Marshall : On the Court's own motion, 110 Motion of LG Phillips Co, LG Electronics Inc to Dismiss to Dismiss 9th Counterclaim is continued for hearing on 1/29/2004 at 10:00 AM before Honorable Consuelo B. Marshall. (shb, ) (Entered: 01/14/2004) |
| 01/14/2004 | 126 | DECLARATION of Won Jun Choi in support of response re EX PARTE APPLICATION for Leave to file opposition and declarations under seal 123 filed by plaintiff LG Philips LCD Co Ltd and counter defendant LG Electronics Inc (lc, ) (Entered: 01/15/2004) |
| 01/14/2004 | 127 | REPLY in support of EX PARTE APPLICATION for Leave to file opposition and declarations under seal 123 filed by defendant Tatung Company. (lc, ) (Entered: 01/15/2004) |
| 01/14/2004 | 128 | MINUTES: Order by Judge Consuelo B. Marshall denying Tatung's EX PARTE APPLICATION for Leave to file under seal opposition, declartation of Mark H Krietzman and Oliver Shih 123 Court Reporter: none. (lc, ) (Entered: 01/15/2004) |
| 01/15/2004 | 129 | MINUTES before Judge Consuelo B. Marshall : The Court hereby STRIKES Defendants Joint Opposition to Plaintiff's Memorandum re Necessity of Tutorial for Claim Construction and STRIKES Plaintiff's Response to Defendant's Late filed Brief Concerning Tutorials. Court Reporter: none present. (jp, ) (Entered: 01/16/2004) |
| 01/15/2004 | 130 | RESPONSE to Defendants' Late-Filed Brief concerning Tutorials filed by Plaintiff and Counter Defendants LG Philips LCD Co Ltd ; Declaration of Anthony C Roth (ir, ) (Entered: 01/17/2004) |
| 01/22/2004 | 132 | REPLY Memorandum of points and authorities and Declarations of Won Jon Choi and Song K Jung, Sungyun Kim and Anthony C Roth in further support |

| | | |
|---|---|---|
| | | of their Motion to Dismiss 110 filed by Plaiantiff and counter defendant LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 01/30/2004) |
| 01/22/2004 | 133 | DECLARATION of Mark H Kreitzman in support of Motion to Dismiss 110 filed by Plaintiff and Counter Defendant, LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 01/30/2004) |
| 01/27/2004 | 134 | Tatung Company, LG Phillips and LG Electronics Inc's JOINT EX PARTE APPLICATION to file Under Seal certain portions of Tatung's opposition to motion to dismiss Lodged order. (shb, ) (Entered: 01/31/2004) |
| 01/28/2004 | 131 | STIPULATION AND ORDER by Judge Consuelo B. Marshall continuing LG parties Motion to Dismiss to 2/9/04 10:00 110 ; Tatungs redacted opposition papers and joint ex parte application to file under seal certain portions of opposition papers be filed and served no later than 1/27/04; Tatungs opposition papers will be considered timely (lc, ) (Entered: 01/29/2004) |
| 02/02/2004 | 136 | EX PARTE APPLICATION for Leave to file sur-reply in opposition to counter defendants motion to dismiss Tatungs ninth counterclaim filed by defendant Tatung Co Of America and defendant and counterclaimant Tatung Company. Lodged order, sur-reply. (lc, ) (Entered: 02/05/2004) |
| 02/03/2004 | 135 | MINUTES:Court on own motion continues hearing on 110 LG Phillips Motion to Dismiss to 2/23/2004 at 10:00 AM; oppositon to Tatun ex parte for leave to file sur-reply be filed on or before 2/5/04 by Judge Consuelo B. Marshall. Court Reporter: none. (lc, ) (Entered: 02/04/2004) |
| 02/03/2004 | 138 | MEMORANDUM and Declaration of Jeffrey N Brown in Opposition to EX PARTE APPLICATION to file a surreply with respect to motion to dismiss 136 filed by plaintiff/counterdefendant LG Electronics Inc, LG Philips LCD Co Ltd. (jag, ) (Entered: 02/10/2004) |
| 02/04/2004 | 137 | MINUTES: Order by Judge Consuelo B. Marshall denying Tatungs EX PARTE APPLICATION for Leave to file sur-reply in opposition to counter defendants motion to dismiss Tatungs ninth counterclaim 136 Court Reporter: none. (lc, ) (Entered: 02/05/2004) |
| 02/06/2004 | 140 | OPENING CLAIM CONSTRUCTION BRIEF FILED filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 02/12/2004) |
| 02/06/2004 | 141 | DECLARATION of NATHAN W McCUTCHEON in support of Brief 140 filed by Plaintiff LG Philips LCD Co Ltd, Counter Defendant LG Philips LCD Co Ltd. (jag, ) (Entered: 02/12/2004) |
| 02/09/2004 | 142 | APPENDIX B filed by Defendants Chunghwa Picture Tubes Ltd, Tatung Co Of America, Tatung Company, Counter Claimant Chunghwa Picture Tubes Ltd, Counter Defendants LG Electronics Inc, LG Philips LCD Co Ltd and LG Philips LCD Co Ltd. Re: Brief (non-appeal) 140 (yl, ) (Entered: 02/18/2004) |
| 02/09/2004 | 143 | APPENDIX C filed by Defendants Chunghwa Picture Tubes Ltd, Tatung Co Of America, Tatung Company, Counter Claimants Chunghwa Picture Tubes |

| | | |
|---|---|---|
| | | Ltd, Tatung Company, Counter Defendants LG Electronics Inc, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd to Brief (non-appeal) 140 in Support of Their Proposed Claim Constructions (yl, ) (Entered: 02/18/2004) |
| 02/09/2004 | 145 | OPENING BRIEF FILED filed by Defendants Chunghwa Picture Tubes Ltd, Tatung Co Of America, Tatung Company in Support of Their Proposed Claim Construcitons regarding Appendix, 142 , Appendix, 143 , Appendix 144 . (yl, ) (Entered: 02/18/2004) |
| 02/09/2004 | 146 | NOTICE OF INTENTION to Make Use of Outside Expert During the Claim Construction Hearing filed by Defendant Chunghwa Picture Tubes Ltd, Tatung Co Of America and Tatung Company. (yl, ) (Entered: 02/18/2004) |
| 02/09/2004 | 147 | DECLARATION of MARK Krietzman Authenticating Defendants' Supplemental Exhibits to Exhbit B of the Second Revised Claim Construction Statement Brief (non-appeal) 140 filed by Defendants Tatung Co Of America and Tatung Company. (yl, ) (Entered: 02/18/2004) |
| 02/09/2004 | 148 | CORRECTED OPENING BRIEF IN SUPPORT OF THERI PROPOSED CLAIM CONSTRUCTIONS filed by Chunghwa Picture Tubes Ltd defendants 145 . (lc, ) (Entered: 02/18/2004) |
| 02/09/2004 | 149 | NOTICE OF ERRATA filed by Defendant Chunghwa Picture Tubes Ltd. correcting Opening Brief in support of proposed claim constructions 145 (lc, ) (Entered: 02/18/2004) |
| 02/09/2004 | 150 | PROOF OF HAND/PERSONAL SERVICE filed by defendants Chunghwa Picture Tubes Ltd of opening breif in support of proposed claim construction, appendix A, B, c, notice of intention to make use of outside expert during claim construction hearing, declaration of Heather Fan, of Mark Krietzman and proof of service 146 147 142 143 144 145 was served on 2/6/04. (lc, ) (Entered: 02/18/2004) |
| 02/09/2004 | 151 | DECLARATION of Heather H. Fan re Brief (non-appeal) 145 filed by Defendant Chunghwa Picture Tubes Ltd, Counter Claimant Chunghwa Picture Tubes Ltd. (yl, ) (Entered: 02/18/2004) |
| 02/09/2004 | 152 | PROOF OF SERVICE filed by Defendant and Counterdefendant Chunghwa Picture Tubes Ltd. The Defendant's opening Claim Construction Brief, Declaration, etc (see document for further details) was served on 9/26/04. (yl, ) (Entered: 02/18/2004) |
| 02/10/2004 | 139 | MINUTES: Order by Judge Consuelo B. Marshall denying Joint EX PARTE APPLICATION to Seal certain portions of Tatungs opposition 134 Court Reporter: none. (lc, ) (Entered: 02/11/2004) |
| 02/13/2004 | 153 | OPPOSITION to Motion to Dismiss 9th counterclaim 110 filed by defendant Tatung Co Of America, Tatun Company. (lc, ) Modified on 2/19/2004 (lc, ). (Entered: 02/19/2004) |
| 02/13/2004 | 154 | DECLARATION of Oliver Shih in support of opposition to Motion to Dismiss 9th counterclaim 110 filed by defendant Tatung Co Of America, Tatung Company. (lc, ) Modified on 2/19/2004 (lc, ). (Entered: 02/19/2004) |
| | | |

| 02/13/2004 | 155 | DECLARATION of Mark H Krietzman in support of opposition to Motion to Dismiss 9th counterclaim 110 filed by defendants Tatung Co Of America, Tatung Company. (lc, ) (Entered: 02/19/2004) |
| 02/18/2004 | 144 | APPENDIX A filed by Defendants Chunghwa Picture Tubes Ltd, Tatung Co Of America, Tatung Company, Counter Claimants Chunghwa Picture Tubes Ltd, and Tatung Company in support their proposed claim constructions (non-appeal) 140 (yl, ) (Entered: 02/18/2004) |
| 02/23/2004 | 156 | MINUTES OF Motion Hearing held on LG Phillips LCD and LG Electronics Incs Motion to Dismiss 9th counterclaim 110 ; motion granted, formal order to issue by Judge Consuelo B. Marshall 110 Court Reporter: Leandra Amber. (lc, ) (Entered: 02/24/2004) |
| 02/27/2004 | 158 | RESPONSE CLAIM CONSTRUCTION BRIEF FILED filed by plaintiff and counter defendant LG Philips LCD Co Ltd. (lc, ) (Entered: 03/08/2004) |
| 02/27/2004 | 159 | DECLARATION of Jeffrey N Brown in support re responsive claim construction Brief 158 filed by Plaintiff and Counter Defendants LG Philips LCD Co Ltd. (lc, ) (Entered: 03/08/2004) |
| 02/27/2004 | 160 | PROOF OF SERVICE filed by plaintiff and counter defendant LG Philips LCD Co Ltd as to 158 159 Responsive claim construction brief, Declaration of Jeffrey N Brown, was served on 2/27/04 by mail. (lc, ) (Entered: 03/08/2004) |
| 02/27/2004 | 161 | RESPONSE CLAIM CONSTRUCTION BRIEF FILED filed by defendants Chunghwa Picture Tubes Ltd Jean Company Ltd, Lite On Technology, Lite On Tecnology International Incorporated, TPV Technology Ltd and Envision Peripherals Inc. (lc, ) (Entered: 03/08/2004) |
| 02/27/2004 | 162 | LEXIS AND WESTLAW CASES cited in claim construction Briefs 161 filed by Defendants Chunghwa Picture Tubes Ltd,Jean Company Ltd, Lite On Technology, Lite On Tecnology International Incorporated, TPV Technology Ltd and Envision Peripherals Inc. (lc, ) (Entered: 03/08/2004) |
| 02/27/2004 | 163 | DECLARATION of Phoebe P Liu in support of 161 RESPONSE CLAIM CONSTRUCTION BRIEF FILED filed by defendants Chunghwa Picture Tubes Ltd Jean Company Ltd, Lite On Technology, Lite On Tecnology International Incorporated, TPV Technology Ltd and Envision Peripherals Inc. (lc, ) (Entered: 03/08/2004) |
| 03/01/2004 | 166 | EX PARTE APPLICATION for Order shortening time for filing and hearing LG Philips LCD Co Ltd motion to preclude defendants use of Dr Gerald Lucovsky for claim construction; memorandum; declaration of Anthony C Roth filed by plaintiff and counter defendant LG Philips LCD Co Ltd. Lodged order. (lc, ) Modified on 3/15/2004 (lc, ). (Entered: 03/08/2004) |
| 03/01/2004 | 167 | NOTICE OF MOTION AND MOTION to preclude defendants use of Dr Gerald Lucovsky for claim construction filed by plaintiff and counter defendant LG Philips LCD Co Ltd. Motion set for hearing on 4/5/2004 at 10:00 AM before Honorable Consuelo B. Marshall. (lc, ) Modified on 3/8/2004 (lc, ). (Entered: 03/08/2004) |

| 03/01/2004 | 168 | MEMORANDUM in Support of MOTION to preclude defendants use of Dr Gerald Lucovsky for claim construction 167 filed by plaintiff and counter defendant LG Philips LCD Co Ltd. (lc, ) (Entered: 03/08/2004) |
| 03/03/2004 | 169 | Notice of continuance of hearing to 4/5/04 10:00 AM as to MOTION to preclude defendants use of Dr Gerald Lucovsky for claim construction 167 filed by plaintiff and counter defendant LG Philips LCD Co Ltd. (lc, ) (Entered: 03/08/2004) |
| 03/04/2004 | 164 | NOTICE OF FILING of its Technology tutorial DVD and transcript filed by plaintiff LG Philips LCD Co Ltd. (lc, ) (Entered: 03/08/2004) |
| 03/04/2004 | 165 | TECHNOLOGY TUTORIAL filed by defendants Chunghwa Picture Tubes Ltd Jean Company Ltd, Lite On Technology, Lite On Tecnology International Incorporated, TPV Technology Ltd and Envision Peripherals Inc. (lc, ) (Entered: 03/08/2004)filed by defendants Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 03/08/2004) |
| 03/05/2004 | 157 | ORDER by Judge Consuelo B. Marshall : granting 110 LG Phillips Co and LG Electronics Motion to Dismiss ninth counterclaim for lack of jurisdiction (lc, ) (Entered: 03/05/2004) |
| 03/11/2004 | 170 | MINUTES : Order by Judge Consuelo B. Marshall denying plaintiffs EX PARTE APPLICATION for Order shortening time for filing and hearing LG Philips LCD Co Ltd motion to preclude defendants use of Dr Gerald Lucovsky for claim construction 166 ; Court Reporter: none. (lc, ) (Entered: 03/15/2004) |
| 03/19/2004 | 171 | MINUTES: Court on own motion: Status Conference set for 3/23/2004 02:00 PM by Judge Consuelo B. Marshall. Court Reporter: none. (lc, ) (Entered: 03/22/2004) |
| 03/19/2004 | 172 | ANSWER to Tatung amended counterclaims 99 filed by counter defendant LG Philips LCD Co Ltd.(lc, ) (Entered: 03/22/2004) |
| 03/19/2004 | 174 | NOTICE of intention to make use of outside expert during the claim construction hearing filed by plaintiff LG Philips LCD Co Ltd. (lc, ) (Entered: 03/26/2004) |
| 03/23/2004 | 173 | STIPULATION AND ORDER STAYING ALL PROCEEDINGS IN THESE CONSOLIDATED CASES FOR SIXTY DAYS, Joint Status Report due by 5/28/2004 by Judge Consuelo B. Marshall (Made JS-6. Case Terminated.) (lc, ) (Entered: 03/25/2004) |
| 04/02/2004 | 175 | NOTICE OF APPEAL to Federal Circuit Court filed by defendants Tatung Co Of America, Tatung Company. Appeal of Order on Motion to Dismiss 157 Filed On: 03/05/04; Entered On: 03/05/04; Filing fee $255. Paid, receipt number 62531. cc: Frank E. Merideth, Jr.; Morgan Lewis and Bockius LLP; Teresa M. Corbin, Howrey Simon Arnold and White; Bingham McCutchen; Christopher A. Mathews, Howrey Simon Arnold and White (wdc, ) (Entered: 04/02/2004) |
| 04/06/2004 | 176 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 3/23/04 Court Reporter: Leandra Amber (related to CV 03-2866, CV |

| | | 03-2884, CV 03-2885, CV 03-2886) (weap, ) (Entered: 04/08/2004) |
|---|---|---|
| 04/06/2004 | | TRANSCRIPT filed for proceedings held on 3/23/04. Court Reporter: Leandra Amber. (weap, ) (Entered: 04/08/2004) |
| 04/08/2004 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re: Appeal to Circuit Court 175 . (ghap, ) (Entered: 04/08/2004) |
| 04/08/2004 | 177 | STIPULATION AND AGREEMENT REGARDING SCOPE OF CURRENT CASES AND WAIVER OF CERTAIN DEFENSES AND CLAIMS IN SUBSEQUENT LITIGATION AND ORDER thereon by Judge Consuelo B. Marshall (lc, ) (Entered: 04/09/2004) |
| 04/14/2004 | 178 | TRANSCRIPT DESIGNATION AND ORDERING FORM For Dates: 02/23/04; Court Reporter: Leandra Amber; Re: Appeal to Circuit Court, 175 . (wdc, ) (Entered: 04/14/2004) |
| 05/06/2004 | 179 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 2/23/04 Court Reporter: Leandra Amber (weap, ) (Entered: 05/06/2004) |
| 05/06/2004 | | TRANSCRIPT filed for proceedings held on 2/23/04. Court Reporter: Leandra Amber. (weap, ) (Entered: 05/06/2004) |
| 05/11/2004 | 181 | NOTICE of change of attorney from Christopher Darrow, as no longer counsel of record and to serve all subsequent documents to Frank E Merideth filed by defendant Tatung Co Of America, Tatung Company. (lc, ) (Entered: 05/12/2004) |
| 05/11/2004 | | FAX number for Attorney Frank E Merideth Jr is 310-586-7800. (lc, ) (Entered: 05/12/2004) |
| 05/12/2004 | 180 | NOTIFICATION by Circuit Court of Appellate Docket Number 04-1330, Federal Circuit Court regarding Appeal to Circuit Court, 175 filed by Tatung Co Of America, Tatung Company. (fvap, ) (Entered: 05/12/2004) |
| 05/28/2004 | 182 | DECLARATION of Jeffrey N Brown regarding Unilateral filing of status report filed by Plaintiff LG Philips LCD Co Ltd. (lc, ) (Entered: 06/07/2004) |
| 06/01/2004 | 183 | STATUS REPORT filed separately due to plaintiffs refusal to comply with 3/23/04 order by filed by Defendants ChungHwa Picture Tubes Ltd, Jean Company Ltd, Lite On Technology Corporation, Lite On Technology Interantional Incorporated, TPV Technology Ltd and Envison Peripherals Inc (lc, ) (Entered: 06/08/2004) |
| 06/01/2004 | 184 | DECLARATION of Phoebe P Liu in support re Status Report, 183 filed by Defendants Chunghwa Picture Tubes Ltd,Jean Company Ltd, Lite On Technology Corporation, Lite On Technology Interantional Incorporated, TPV Technology Ltd and Envison Peripherals (lc, ) (Entered: 06/08/2004) |
| 06/18/2004 | 185 | MANDATE of 9th CCA filed as to Appeal to Circuit Court, 175 , CCA # 04-1330. The appeal is dismissed. Mandate received in this district on 6/25/04. (ghap, ) (Entered: 06/29/2004) |
| 06/21/2004 | 189 | NOTICE OF MOTION AND MOTION for Summary Judgment to dismiss |

| | | plaintiffs patent infringement claims based on side mount patents for lack of standing filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. Motion set for hearing on 7/21/2004 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged statement, order. (lc, ) Modified on 7/30/2004 (lc, ). (Entered: 07/01/2004) |
|---|---|---|
| 06/21/2004 | 190 | MEMORANDUM in Support of MOTION for Summary Judgment 189 filed by defendand and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 07/01/2004) |
| 06/21/2004 | 191 | DECLARATION of Christopher A Matthews re MOTION for Summary Judgment 189 filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 07/01/2004) |
| 06/21/2004 | 192 | PROOF OF SERVICE filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd: NOTICE OF MOTION AND MOTION for Summary Judgment to dismiss plaintiffs paten infringement claims based on side mount patents for lack of standing and supporting documents 189 190 191 was served on 6/21/04 by mail. (lc, ) (Entered: 07/01/2004) |
| 06/21/2004 | 193 | NOTICE OF MOTION AND MOTION for Leave amend answer and counterclaims and to join LG Electronics Inc as a party filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. Motion set for hearing on 7/12/2004 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged order, amended answer and counterclaim. (lc, ) (Entered: 07/01/2004) |
| 06/21/2004 | 194 | MEMORANDUM in support of MOTION AND MOTION for Leave amend answer and counterclaims and to join LG Electronics Inc as a party 193 filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 07/01/2004) |
| 06/21/2004 | 195 | DECLARATION of Christopher Matthews of MOTION for Leave amend answer and counterclaims and to join LG Electronics Inc as a party 193 filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 07/01/2004) |
| 06/21/2004 | 196 | NOTICE OF LODGING proposed first amended answer and counterclaims regarding MOTION for Leave amend answer and counterclaims and to join LG Electronics Inc as a party 193 filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 07/01/2004) |
| 06/21/2004 | 197 | PROOF OF SERVICE of MOTION for Leave amend answer and counterclaims and to join LG Electronics Inc as a party and supporting documents filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. 193 194 195 196 served on 6/21/04 by mail. (lc, ) (Entered: 07/01/2004) |
| 06/23/2004 | 186 | EX PARTE APPLICATION for Order taking CPT motion for summary judgment to dismiss patent infringement claims based on side mount patents for lack of standing and motion for leave to amend answer and counterclaims and join LG Electronics Inc as a party off calendar or continue hearing; memorandum; declaration of Ann Byun filed by plaintiff and counter defendant LG Philips LCD Co Ltd. Lodged order. (lc, ) (Entered: 06/29/2004) |
| | | |

| 06/25/2004 | 187 | MEMORANDUM in Opposition to EX PARTE APPLICATION for Order taking CPT motion for summary judgment and motion for leave to amend off calendar or to continue hearing 186 filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 06/29/2004) |
|---|---|---|
| 06/25/2004 | 188 | DECLARATION of Christopher A Mathews in support of memorandum in opposition re EX PARTE APPLICATION for Order taking CPT motion for summary judgment and motion for leave to amend off calendar or to continue hearing 186 filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 06/29/2004) |
| 06/30/2004 | 198 | MINUTES: Order by Judge Consuelo B. Marshall granting plaintiffs EX PARTE APPLICATION 186 , and continues the hearings on defendant Chunghwa MOTION for Summary Judgment and MOTION for Leave to amend answer and counterclaismand join LG Electronics as a party to 8/9/2004 at 10:30 AM 189 193 ; opposition be filed no later than 7/26/04; reply be filed no later than 8/2/04 by Judge Consuelo B. Marshall. Court Reporter: none. (lc, ) (Entered: 07/01/2004) |
| 07/06/2004 | 199 | EX PARTE APPLICATION to Compel Discovery related to the pending summary judgment motion; Memorandum of points and authorities; Declaratioan of Ann A Byun filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (shb, ) (Entered: 07/13/2004) |
| 07/06/2004 | 200 | PROOF OF SERVICE filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. re 199 EX PARTE APPLICATION to Compel Discovery related to the pending summary judgment motion, was served on 7/6/04 upon CHristopher Mathews, Mark Kreitzman, Teresa Corbin and Tracy Roman by facsimile and US mail. (shb, ) (Entered: 07/13/2004) |
| 07/06/2004 | 201 | EX PARTE APPLICATION for modification of schedule and guidance re discovery filed by Defendant and Counterclaimant, Chunghwa Picture Tubes Ltd. Lodged Proposed Order. (shb, ) (Entered: 07/13/2004) |
| 07/06/2004 | 202 | MEMORANDUM of points and authorities in Support of EX PARTE APPLICATION for modification of schedule and guidance re discovery 201 filed by Defendant and Counter Claimant Chunghwa Picture Tubes Ltd. (shb, ) (Entered: 07/13/2004) |
| 07/06/2004 | 203 | DECLARATION of Christopher A Mathews in support of EX PARTE APPLICATION for modification of schedule and guidance re discovery 201 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (shb, ) (Entered: 07/13/2004) |
| 07/07/2004 | 205 | LG Phillips LCD Co Ltd's OPPOSITION to CPT's EX PARTE APPLICATION for modification of schedule and guidance re discovery 201 ; Declaration of Ann A Byun in support thereof filed by Plaintiff and Counter Defendant, LG Philips LCD Co Ltd. (shb, ) (Entered: 07/13/2004) |
| 07/07/2004 | 206 | Chunghwa Picture Tubes, Ltd's OPPOSITION to LG Phillips LCD Co, Ltd's EX PARTE APPLICATION to Compel Discovery related to the pending summary judgment motion 199 filed by Defendant and Counter Defendant Chunghwa Picture Tubes Ltd. (shb, ) (Entered: 07/13/2004) |

| 07/07/2004 | 207 | DECLARATION of Christopher A Mathews in support of Chunghwa Picture Tubes Ltd's Opposition to LG Philips LCD Co Ltd's EX PARTE APPLICATION to Compel Discovery related to the pending summary judgment motion 199 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (shb, ) (Entered: 07/13/2004) |
| --- | --- | --- |
| 07/07/2004 | 208 | PROOF OF SERVICE filed by Defendant and Counterclaimant, Chunghwa Picture Tubes Ltd. re 206 Response in Opposition to Motion,, 207 Declaration (Motion related), Declaration (Motion related), was served on 7/7/04. (shb, ) (Entered: 07/13/2004) |
| 07/12/2004 | 204 | MINUTES OF Telephone Conference held before Judge Jennifer T. Lum re Ex Parte Application filed by plaintiff. Court grants Ex Parte as to deposition of Bovio and as to production of documents. See minute order for further details. Tape #: 04-28. (dp, ) (Entered: 07/13/2004) |
| 07/13/2004 | 209 | MINUTES: After reviewing defendant Chunghwa EX PARTE APPLICATION for modification of schedule filed 7/6/04, the court hereby denies the ex parte request 201 Court Reporter: none. (lc, ) (Entered: 07/21/2004) |
| 07/23/2004 | 210 | NOTICE OF MOTION AND MOTION to Compel responses to its discovery requests filed by defendant Chunghwa Picture Tubes Ltd. Motion set for hearing on 8/17/2004 at 10:00 AM before Magistrate Judge Jennifer T. Lum. Lodged order. (lc, ) (Entered: 07/27/2004) |
| 07/23/2004 | 211 | JOINT STIPULATION for motion to compel responses to Discovery request filed by defendant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 07/27/2004) |
| 07/23/2004 | 212 | DECLARATION of Brian S Kim in support re MOTION to Compel responses to its discovery requests 210 filed by defendant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 07/27/2004) |
| 07/23/2004 | 213 | PROOF OF SERVICE filed by defendants Chunghwa Picture Tubes Ltd. re 210 MOTION to Compel, 211 Joint Stipulation 212 Declaration and proposed order was served on 7/23/04 by hand and mail. (lc, ) (Entered: 07/27/2004) |
| 07/26/2004 | 214 | DECLARATION of Jeffrey N Brown in support of its portion of joint stipulation re MOTION to Compel 210 filed by plaintiff LG Philips LCD Co Ltd. (lc, ) (Entered: 07/30/2004) |
| 07/26/2004 | 215 | EX PARTE APPLICATION for Order allowing to file under seal its memorandum of points and authorities and declaration of Ann A Byun in support of its opposition to motion to amend; declaration of Ann A Byun filed by plaintiffs LG Philips LCD Co Ltd. Lodged order, various oppositions. (lc, ) Modified on 9/27/2004 (lc, ). (Entered: 07/30/2004) |
| 07/26/2004 | 216 | EX PARTE APPLICATION for Order allowing to file under seal its memorandum of points and authorities and declaration of Ann A Byun in support of its opposition to motion for summary judgment; declaration of Ann A Byun filed by plaintiff LG Philips LCD Co Ltd. Lodged order and various oppositions. (lc, ) (Entered: 07/30/2004) |

| 07/26/2004 | 217 | LEXIS AND WESTLAW CASES CITED IN OPPOSITION TO MOTION for Leave amend answer and coutnerclaims and join LG Electronics as party 193 filed by plaintiff LG Philips LCD Co Ltd. (lc, ) (Entered: 07/30/2004) |
|---|---|---|
| 07/26/2004 | 218 | LEXIS AND WESTLAW CASES CITED IN OPPOSITION TO MOTION for Summary Judgment 189 filed by plaintiff LG Philips LCD Co Ltd. (lc, ) (Entered: 07/30/2004) |
| 07/26/2004 | 219 | DECLARATION of Howard C Rile Jr in support of opposition re MOTION for Summary Judgment 189 filed by plaintiff LG Philips LCD Co Ltd. (lc, ) (Entered: 07/30/2004) |
| 07/26/2004 | 220 | DECLARATION of Sang Hoon Lee in support of opposition to MOTION for Summary Judgment 189 filed by plaintiff LG Philips LCD Co Ltd. (lc, ) (Entered: 07/30/2004) |
| 07/26/2004 | 221 | DECLARATION of Dong Sun Lee in support of opposition re MOTION for Summary Judgment 189 filed by plaintiff LG Philips LCD Co Ltd. (lc, ) (Entered: 07/30/2004) |
| 07/26/2004 | 222 | DECLARATION of Young Un Bang in support of opposition to MOTION for Summary Judgment 189 filed by plaintiff LG Philips LCD Co Ltd.(lc, ) (Entered: 07/30/2004) |
| 07/26/2004 | 223 | DECLARATION of Jin Kwan Choi in support of opposition to MOTION for Summary Judgment 189 filed by plaintiff LG Philips LCD Co Ltd.(lc, ) (Entered: 07/30/2004) |
| 07/26/2004 | 224 | DECLARATION of Gi Ho Cho in support of opposition to MOTION for Summary Judgment 189 filed by plaintiff LG Philips LCD Co Ltd.(lc, ) (Entered: 07/30/2004) |
| 07/26/2004 | 225 | DECLARATION of Young Bum Kim in support of opposition to MOTION for Summary Judgment 189 filed by plaintiff LG Philips LCD Co Ltd.(lc, ) (Entered: 07/30/2004) |
| 07/26/2004 | 226 | DECLARATION of in support of opposition to MOTION for Summary Judgment 189 filed by plaintiff LG Philips LCD Co Ltd.(lc, ) (Entered: 07/30/2004) |
| 07/26/2004 | 227 | DECLARATION of Woo Yeol Kim in support of opposition to MOTION for Summary Judgment 189 filed by plaintiff LG Philips LCD Co Ltd.(lc, ) (Entered: 07/30/2004) |
| 07/26/2004 | 228 | PROOF OF SERVICE filed set of oppositions and declaration in support of opposition to summary judgment motion, proposed order (see file for list) 218 , 219 220 226 221 227 222 ( 223 224 225 217 was served on 7/26/04 by personal service by plaintifff LG Philips LCD Co Ltd. (lc, ) (Entered: 07/30/2004) |
| 07/29/2004 | 229 | MINUTES: ORDER denying 215 216 plaintiffs Ex Parte Applications for order to seal memorandum and declarations of Ann A Byun in support of opposition to motions to amend and summary judgment without prejudice (lc, ) Court Reporter: Leandra Amber. (lc, ) Modified on 7/30/2004 (lc, ). |

| | | (Entered: 07/30/2004) |
|---|---|---|
| 07/29/2004 | 230 | Notice of Withdrawal of Chunghwas MOTION for Summary Judgment on plaintiffs side mount infringement claims for lack of standing 189 filed by defendant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 07/30/2004) |
| 07/29/2004 | 266 | Plaintiff LG Philips LCD Co Ltd OPPOSITION to Chunghwa Picture Tubes, Ltd's MOTION for Leave amend answer and counterclaims and to join LG Electronics Inc as a party 193 filed by Plaintiff and Counter Defendants LG Philips LCD Co Ltd. (shb, ) (Entered: 08/27/2004) |
| 07/29/2004 | 267 | DECLARATION of Ann A Byun in support of Opposition to Chunghwa's MOTION for Leave amend answer and counterclaims and to join LG Electronics Inc as a party 193 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (shb, ) (Entered: 08/27/2004) |
| 07/29/2004 | 268 | MEMORANDUM of points and authorities in Opposition to MOTION for Summary Judgment to dismiss plaintiffs patent infringement claims based on side mount patents for lack of standing 189 filed by Plaintiff and Counter Defendants LG Philips LCD Co Ltd. (shb, ) (Entered: 08/27/2004) |
| 07/29/2004 | 269 | DECLARATION of Ann A Byun re MOTION for Summary Judgment to dismiss plaintiffs patent infringement claims based on side mount patents for lack of standing 189 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (shb, ) (Entered: 08/27/2004) |
| 07/29/2004 | 270 | STATEMENT of Genuine Issues in Opposition to CHunghwa Picture Tubes Ltd re MOTION for Summary Judgment to dismiss plaintiffs patent infringement claims based on side mount patents for lack of standing 189 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (shb, ) (Entered: 08/27/2004) |
| 07/30/2004 | 233 | VERIFICATION for Chunghwa Picture Tubes Ltds supplemental objections and supplemental resposnes to LG Philips LC Co Ltd first set of interrogatories (Nos 4-6) by Fang-erh Kuo filed by Defendant, Counter Claimant Chunghwa Picture Tubes Ltd (lc, ) Modified on 8/4/2004 (lc, ). (Entered: 08/04/2004) |
| 08/02/2004 | 234 | NOTICE OF MOTION AND MOTION to Compel LG Philips LCD Co Ltd to produce documents in response to CPT discovery requests, and for Sanctions filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. Motion set for hearing on 8/31/2004 at 10:00 AM before Magistrate Judge Jennifer T. Lum. Lodged order. (lc, ) Modified on 8/4/2004 (lc, ). (Entered: 08/04/2004) |
| 08/02/2004 | 235 | JOINT STIPULATION for MOTION to produce documents in response to CPT discovery requests, and for Sanctions filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 08/04/2004) |
| 08/02/2004 | 236 | DECLARATION of Brian S Kim in support of Motion to produce documents in response to CPT discovery requests, and for Sanctions 234 filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 08/04/2004) |

| 08/02/2004 | 237 | PROOF OF SERVICE filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. re Motion to produce documents in response to CPT discovery requests, and for Sanctions and supporting documents 234 235 236 was served on 8/2/04 by personal and mail service. (lc, ) (Entered: 08/04/2004) |
|---|---|---|
| 08/02/2004 | 238 | DECLARATION of Anthony C Roth in opposition to CPTs Motion to produce documents in response to CPT discovery requests, and for Sanctions 234 filed by plaintiff and counterdefendant LG Philips LCD Co Ltd. (lc, ) (Entered: 08/04/2004) |
| 08/02/2004 | 239 | REPLY to response to MOTION for Leave to amend answer and counterclaims and join LG Electronics as a party 193 filed by defendant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 08/05/2004) |
| 08/02/2004 | 240 | DECLARATION of Christopher A Mathew in support of reply memorandum for its MOTION for Leave to amend answer and counterclaims and join LG Electronics as a party 193 193 filed by - Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 08/05/2004) |
| 08/02/2004 | 241 | PROOF OF SERVICE filed by defendant Chunghwa Picture Tubes Ltd. re 239 Reply 240 Declaration re MOTION for Leave to amend answer and counterclaims and join LG Electronics as a party, was served on 8/2/04 by hand and mail service. (lc, ) (Entered: 08/05/2004) |
| 08/03/2004 | 231 | SECOND CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER by Judge Consuelo B. Marshall (lc, ) (Entered: 08/04/2004) |
| 08/03/2004 | 242 | SUPPLEMENTAL MEMORANDUM in Support of MOTION to Compel MOTION and for Sanctions 210 filed by defendant Chunghwa Picture Tubes Ltd. (lc, ) Modified on 8/5/2004 (lc, ). (Entered: 08/05/2004) |
| 08/03/2004 | 243 | DECLARATION of Daniel Kubasak in support of supplemental memorandum re MOTION to Compel 210 filed by defendant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 08/05/2004) |
| 08/03/2004 | 244 | PROOF OF SERVICE filed by defendant Chunghwa Picture Tubes Ltd. re Supplemental memorandum and declaration in support regarding motion to compel 242 243 served on 8/3/04 by hand and mail service. (lc, ) (Entered: 08/05/2004) |
| 08/03/2004 | 245 | NOTICE OF CHANGE OF HEARING date to 8/3/04 10:00 re MOTION to Compel and for Sanctions 234 filed by defendant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 08/05/2004) |
| 08/04/2004 | 232 | MINUTES OF In Chambers Conference held before Judge Jennifer T. Lum rescheduling motion to compel discovery responses to August 31, 2004, to be heard with the motion to compel and for sanctions. See Minute Order for specifics. (dp, ) (Entered: 08/04/2004) |
| 08/04/2004 | 246 | NOTICE OF MOTION AND MOTION to Stay case relating to the side mount patents, except as to claim construction; memorandum; declaration of Jeffrey N Brown filed by plaintiff and counter defendant LG Philips LCD Co Ltd. Motion set for hearing on 9/27/2004 at 10:00 AM before Honorable |

| | | Consuelo B. Marshall.(lc, ) Modified on 8/9/2004 (lc, ). (Entered: 08/09/2004) |
|---|---|---|
| 08/04/2004 | 248 | LEXIS AND WESTLAW CASES cited in Chunghwa Picture Tubes reply in support re MOTION for Leave to amend answer and counterclaims and to jon LG Electronics as a party 193 filed by plaintiff, counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 08/09/2004) |
| 08/05/2004 | 247 | Notce of change of hearing re NOTICE OF MOTION AND MOTION to Stay case relaitng to the side mount patents, except as to claim construction 246 filed by plaintiff, counterdefendant LG Philips LCD Co Ltd. (lc, ) (Entered: 08/09/2004) |
| 08/09/2004 | 250 | PROOF OF SERVICE of ex parte to seal doccuments, proposed order and proof of service was served on 8/9/04 by hand, mail and fax filed by defendant Chunghwa Picture Tubes Ltd (lc, ) (Entered: 08/10/2004) |
| 08/09/2004 | 251 | MINUTES: ORDER denying Chunghwa Picture Tubes LTD ex parte application to file certain documents under seal without prejudice; relevant staturory authority or case law to support application must be cited; reliance on confidentiality stipulation and protective order is insufficient Judge Consuelo B. Marshall :Court Reporter: Leandra Amber. (lc, ) (Entered: 08/10/2004) |
| 08/09/2004 | 256 | MINUTES OF Order by Judge Consuelo B. Marshall taking under submission MOTION for Leave without further oral argument 193 . Court Reporter: Leandra Amber. (th) (Entered: 08/12/2004) |
| 08/10/2004 | 252 | NOTICE OF MOTION AND MOTION to Compel responses to its discovery requests re licenses filed by defendant and counterclaimants Chunghwa Picture Tubes Ltd. Motion set for hearing on 8/31/2004 at 10:00 AM before Magistrate Judge Jennifer T. Lum. Lodged order. (lc, ) (Entered: 08/11/2004) |
| 08/10/2004 | 253 | JOINT STIPULATION for motion to Compel responses to its discovery requests re licenses filed by defendants and counterclaimants Chunghwa Picture Tubes Ltd. (lc, ) Modified on 9/27/2004 (lc, ). (Entered: 08/11/2004) |
| 08/10/2004 | 254 | DECLARATION of Christopher A Mathews in support re NOTICE OF MOTION AND MOTION to Compel responses to its discovery requests re licenses filed by defendant and counterclaimants Chunghwa Picture Tubes 252 (lc, ) (Entered: 08/11/2004) |
| 08/10/2004 | 255 | PROOF OF SERVICE filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd re 252 MOTION to Compel, 253 Stipulation for Discovery, 254 Declaration served by presonal and mail service on 8/10/04 (lc, ) (Entered: 08/11/2004) |
| 08/12/2004 | 258 | DECLARATION of Won Jon Choi in opposition re MOTION to Compel responses to Discovery Requests regarding Licenses 252 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (bg, ) (Entered: 08/18/2004) |
| 08/16/2004 | 257 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 08/09/04, Court Reporter: Leandra Amber. (wdc, ) (Entered: |

| | | |
|---|---|---|
| | | 08/16/2004) |
| 08/16/2004 | | TRANSCRIPT filed for proceedings held on 08/09/04. Court Reporter: Leandra Amber. (wdc, ) (Entered: 08/16/2004) |
| 08/17/2004 | 259 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 07/12/04, Court Reporter: Valori Weber/V Office. (wdc, ) (Entered: 08/18/2004) |
| 08/17/2004 | | TRANSCRIPT filed for proceedings held on 07/12/04. Court Reporter: Valori Weber/V Office. (wdc, ) (Entered: 08/18/2004) |
| 08/17/2004 | 260 | Chunghwa Picture Tubes, :Ltd.'s Supplemental MEMORANDUM in Support of MOTION to Compel and MOTION for Sanctions on Discovery Motions 234 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (shb, ) (Entered: 08/24/2004) |
| 08/17/2004 | 261 | DECLARATION of Daniel Kubasak in support of Chunghwa Picture Tubes, Ltd Supplemental Memorandum in support of CPT's MOTION to Compel responses to discovery requests re licenses 252 filed by Defenedant and Counterclaimant Chunghwa Picture Tubes Ltd. (shb, ) Modified on 8/24/2004 (shb, ). (Entered: 08/24/2004) |
| 08/17/2004 | 262 | Chunghwa Picture Tubes, Ltd's Supplemental MEMORANDUM in Support of MOTION to Compel LG Philips Co Ltd's responses to discovery requests re licenses 252 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (shb, ) (Entered: 08/24/2004) |
| 08/17/2004 | 263 | PROOF OF SERVICE filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. re 261 Declaration (Motion related), Declaration (Motion related), 262 Memorandum in Support of Motion, was served on 8/17/04 by US mail. (shb, ) (Entered: 08/24/2004) |
| 08/17/2004 | 264 | Supplemental DECLARATION of Brian S KIm in support of Defendant Chunghwa Picture Tubes Ltd's MOTION to Compel and for Sanctions on Discovery Motions 234 filed by Defendant and Counterclaimants Chunghwa Picture Tubes Ltd. (shb, ) (Entered: 08/24/2004) |
| 08/25/2004 | 272 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case by Corinne A Niosi for LG Philips LCD Co Ltd and LG Philips LCD Co Ltd, designating Jeffrey N Brown as local counsel. Fee paid. Approved by Judge Consuelo B. Marshall.(lc, ) (Entered: 08/30/2004) |
| 08/25/2004 | | FAX number for Attorney Jeffrey N Brown is 213-612-2501. (lc, ) (Entered: 08/30/2004) |
| 08/25/2004 | | FAX number for Attorney Corinne A Niosi is 202-739-3001. (lc, ) (Entered: 08/30/2004) |
| 08/26/2004 | 265 | MINUTES OF Order by Judge Jennifer T. Lum denying MOTION to Compel Responses to Discovery Requests. See Minute Order for details. (dp, ) (Entered: 08/26/2004) |
| 08/26/2004 | | PLACED IN FILE - NOT USED re (Proposed) Order granting LG Phillips |

| | | |
|---|---|---|
| | | LCD Co Ltd's application to file udner seal its memorandum of points and authorities, statement of genuing issues and Declaration of Ann A Byun in support of its opposition to defendants motion for summary judgment submitted by Plaintiff and Counter Claim Defendant LG Philips LCD Co Ltd. (shb, ) (Entered: 08/27/2004) |
| 08/26/2004 | | PLACED IN FILE - NOT USED re (Proposed) Order granting LG Phillips LCD Co Ltd's application tofile under seal its memorandum of points and authorities and Declarationmof Anna A Byun all in support of its oppositions to defendants motion to amend submitted by Plaintiff and Counter defendant LG Philips LCD Co Ltd. (shb, ) (Entered: 08/27/2004) |
| 08/27/2004 | 271 | MINUTES OF In Chambers Conference held before Judge Jennifer T. Lum re Motion to Compel Responses to Discovery Requests. The matter is placed back on calendar for Tuesday, August 3, 2004. See Minute Order for specifics. (dp, ) (Entered: 08/30/2004) |
| 08/31/2004 | 273 | MINUTES OF Discovery Hearing held before Jennifer T. Lum re Motion to Compel and for Sanctions. Court took matter under submission. Tape #: 04-33/34. (dp, ) (Entered: 08/31/2004) |
| 08/31/2004 | 274 | MINUTES OF Order by Judge Jennifer T. Lum granting MOTION to Compel 252 Production of License Agreements. Plaintiff ordered to produce license agreements by September 21, 2004. Request for sanctions under submission. See Minute Order for specifics. Tape #: 03-44. (dp, ) (Entered: 08/31/2004) |
| 08/31/2004 | 275 | MINUTES OF Order by Judge Jennifer T. Lum denying MOTION to Compel 210 as to request numbers 120, 121, and 122 and interrogatory numbers 10 and 11. Motion granted as to interrogatory number 12. See Minute Order for specifics. Tape #: 04-33. (dp, ) (Entered: 08/31/2004) |
| 08/31/2004 | 276 | ORDER: The court GRANTS defendant's motion with respect to counterclaims V-XIV and XXVIII-XXX. The court DENIES WITHOUT PREJUDICE defendant's motion with respect to counterclaims !-IV and counterclaim XXVII. Defendant shall file an amended answer consistent with this order by Judge Consuelo B. Marshall. 193 (bp, ) (Entered: 09/02/2004) |
| 09/02/2004 | 277 | MINUTES of Hearing held before Magistrate Judge Jennifer T. Lum re: Motion by Defendant Chunghwa Picture Tubes, Ltd., ("CPT") to Compel Production of License Agreements Against LG Philips LCD Co., Ltd 234 . The Court GRANTS defendant CPT's request for reasonable expenses. The Court ORDERS that plaintiff pay to defendant CPT reasonable expenses incurred by defendant CPT in making the instant motion. Defendant CPT shall file the supplemental declaratoin regarding reasonable expenses within ten (10) days of the date of this Order. [SEE ORDER FOR FURTHER DETAILS]Tape #: 04-33/34. (ch, ) (Entered: 09/02/2004) |
| 09/08/2004 | 278 | MINUTES: Motion by Defendant Chunghwa Picture Tubes Ltd for sanctions against Plaintiff LG Philips LCD Co Ltd 234 is GRANTED in part. To the extent Plaintiff has any outstanding documents responsive to document request numbers 104-117, Plaintiff is ORDERED to produce them to |

| | | defendant CPT no later than 9/21/04. Defendant CPTs request for an order precluding plaintiff from relying on the new documents is DENIED. Defendant CPTs request for reasonable expenses pursuant to FRCP 37 is also DENIED (See document for further details) by Judge Jennifer T. Lum Tape #: 04-33/34. (ir ) (Entered: 09/09/2004) |
|---|---|---|
| 09/10/2004 | 279 | AMENDED ANSWER to Amended Complaint 80 , COUNTERCLAIM against Counter Defendants LG Philips LCD Co Ltd and LG Electronics Inc. by Defendant and Counter Claimant Chunghwa Picture Tubes Ltd (lc, ) (Entered: 09/13/2004) |
| 09/10/2004 | 280 | SUPPLEMENTAL DECLARATION of Christopher A Mathews re reasonalbe expenses incurred as to MOTION to Compel re licenses 252 filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 09/13/2004) |
| 09/13/2004 | 282 | MEMORANDUM in support of Opposition to MOTION to Stay case relating to the side mount patents, except as to claim construction 246 filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 09/16/2004) |
| 09/13/2004 | 283 | DECLARATION of Christopher A Mathews in support of opposition re MOTION to Stay case relating to the side mount patents, except as to claim construction 246 filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 09/16/2004) |
| 09/13/2004 | 284 | PROOF OF SERVICE filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. re 282 MEMORANDUM in Opposition to Motion, 283 Declaration was served on 9/13/04 by mail and personal service. (lc, ) (Entered: 09/16/2004) |
| 09/14/2004 | 281 | MINUTES (In Chambers) before Judge Jennifer T. Lum re Clarification of Order on Motion. Plaintiff to produce documents by September 29, 2004. See Minute Order for specifics. (dp, ) (Entered: 09/15/2004) |
| 09/17/2004 | 287 | RESPONSE to Chunghwa supplementation re reasonable expenses filed by Plaintiff LG Philips LCD Co Ltd 277 280 (lc, ) (Entered: 09/23/2004) |
| 09/17/2004 | 288 | DECLARATION of Corrine A Niosi in support of RESPONSE to Chunghwa supplementation re reasonable expenses 277 280 filed by Plaintiff LG Philips LCD Co Ltd. (lc, ) (Entered: 09/23/2004) |
| 09/17/2004 | 289 | FEDERAL WESTLAW AUTHORITIES CITED IN SUPPORT OF RESPONSE to Chunghwa supplementation re reasonable expenses filed by Plaintiff LG Philips LCD Co Ltd 287 filed by Plaintiff LG Philips LCD Co Ltd (lc, ) (Entered: 09/23/2004) |
| 09/20/2004 | 285 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following date: 08/31/04, Court Reporter: Dorothy Babykin. (wdc, ) (Entered: 09/22/2004) |
| 09/20/2004 | 286 | TRANSCRIPT filed for proceedings held on 08/31/04. Court Reporter: Dorothy Babykin. (wdc, ) (Entered: 09/22/2004) |

| 09/20/2004 | 290 | REPLY to response to MOTION to Stay case relating to the side mount patents, except as to claim construction 246 ; declaration of Ann A Byun filed by plaintiffs LG Philips LCD Co Ltd. (lc, ) (Entered: 09/23/2004) |
|---|---|---|
| 09/20/2004 | 291 | JOINT REPORT TO COURT REGARDING CASE SCHEDULE filed (lc, ) (Entered: 09/23/2004) |
| 09/22/2004 | | Summons (third party) Issued re Counterclaim 279 as to LG Electronics Inc, LG Philips LCD Co Ltd. (lc, ) (Entered: 09/23/2004) |
| 09/24/2004 | 292 | NOTICE OF MOTION AND MOTION to Dismiss counts I-VIII and XXIII-XXIV of Chungwa Picture Tubes first amended counterclaims filed by plaintiff and counterdefendant LG Philips LCD Co Ltd. Motion set for hearing on 11/8/2004 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged order. (lc, ) (Entered: 09/27/2004) |
| 09/24/2004 | 293 | MEMORANDUM in Support of NOTICE OF MOTION AND MOTION to Dismiss counts I-VIII and XXIII-XXIV of Chungwa Picture Tubes first amended counterclaims 292 filed by plaintiff and counter defendant LG Philips LCD Co Ltd. (lc, ) (Entered: 09/27/2004) |
| 09/24/2004 | 294 | DECLARATION of James L Reed in support re MOTION to Dismiss counts I-VIII and XXIII-XXIV of Chungwa Picture Tubes first amended counterclaims filed by plaintiff and counterdefendant LG Philips LCD Co (lc, ) (Entered: 09/27/2004) |
| 09/24/2004 | 295 | FEDERAL WESTLAW AUTHORITIES CITED IN SUPPORT re MOTION to Dismiss counts I-VIII and XXIII-XXIV of Chungwa Picture Tubes first amended counterclaims filed by plaintiff and counterdefendant LG Philips LCD Co(lc, ) (Entered: 09/27/2004) |
| 09/24/2004 | 296 | OPPOSITION to plaintiffs EX PARTE APPLICATION FOR RELIEF FROM LOCAL RULE 7-3 REQUIREMENTS TO ALLOW FILING OF MOTION TO DISMISS filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 09/27/2004) |
| 09/24/2004 | 297 | DECLARATION of Christopher A Mathews in support re OPPOSITION to plaintiffs EX PARTE APPLICATION FOR RELIEF FROM LOCAL RULE 7-3 REQUIREMENTS TO ALLOW FILING OF MOTION TO DISMISS filed by defendant and counterclaimant Chunghwa Picture Tubes Ltd. 296 (lc, ) (Entered: 09/27/2004) |
| 09/24/2004 | 298 | PROOF OF SERVICE OPPOSITION AND DECLARATION of Christopher A Mathews in support re OPPOSITION to plaintiffs EX PARTE APPLICATION FOR RELIEF FROM LOCAL RULE 7-3 REQUIREMENTS TO ALLOW FILING OF MOTION TO DISMISS 296 297 was served on 9/24/04 by fax filed by plaintiff and counterclaimant Chunghwa Picture Tubes Ltd. (lc, ) (Entered: 09/27/2004) |
| 09/27/2004 | 301 | MINUTES: Plaintiffs Ex Parte Application of Waiver of Local Rule 7-3 is GRANTED IT IS SO ORDERED by Judge Consuelo B. Marshall Court Reporter: none present. (ir ) (Entered: 09/30/2004) |
| 09/28/2004 | 299 | PROOF OF SERVICE Executed by defendant and counterclaimant |

| | | |
|---|---|---|
| | | Chunghwa Picture Tubes Ltd, LG Electronics Inc, upon LG Electronics Inc served on 9/23/2004, answer due 10/13/2004. The Summons and first amended ansser and coutnerclaims and third party claims were served by personal service service, by FRCP statute, upon Nick Stamoulis, authorized agent for service of process. Original Summons not returned. (lc, ) (Entered: 09/29/2004) |
| 09/28/2004 | 300 | NOTICE of Change of Address by attorney Teresa M Corbin, Glenn W Rhodes for Defendant Chunghwa Picture Tubes Ltd, Counter Claimants Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, changing address to Howrey Simon Arnold and White, 525 Market Street, Suite 3600, San Francisco, CA 94105-2708; 415-848-4900; FAX 415-848-4999. Filed by defendants and counterclaimants Chunghwa Picture Tubes LTd, Jean Company Ltd, Lite-On Technology International Incorporated, TPV Technology Ltd and Envison Peripherals Inc (lc, ) (Entered: 09/29/2004) |
| 09/28/2004 | | FAX number for Attorney Teresa M Corbin, Glenn W Rhodes is 415-848-4999. (lc, ) (Entered: 09/29/2004) |
| 10/05/2004 | 302 | PROOF OF SERVICE filed by Defendants and Counterdefendants Chunghwa Picture Tubes Ltd. The Declaration of Brain S Kim in Support of Chunghwa Picture Tubes, LTD.'s Reply to Plaintiff's Response Re Reasonable Expenes, etc (see document for details) was served on 10/5/2004. (yl, ) (Entered: 10/07/2004) |
| 10/05/2004 | 303 | REPLY TO PLAINTIFF'S RESPONSE Regarding Reasonable Expenses filed by Defendant Chunghwa Picture Tubes Ltd, Counter Claimant Chunghwa Picture Tubes Ltd (yl, ) (Entered: 10/07/2004) |
| 10/05/2004 | 304 | DECLARATION of Brian S Kim in Support of Reply to Resonse regarding Reasonable Expenses 303 filed by Defendant Chunghwa Picture Tubes Ltd, Counter Claimant Chunghwa Picture Tubes Ltd. (yl, ) (Entered: 10/07/2004) |
| 10/12/2004 | 305 | MINUTES OF Order by Judge Consuelo B. MarshallDenying Plaintiffs Motion to further proceedings related to Side-Mount Patents 246 . Except as to Claims Constructions issues, filed 8/4/04. The Court finds that claim construction should go forward. A claim construction hearing for both the semiconductor and the side-mount patent claims is hereby set for 1/7/05 at 9:00 am. Court Reporter: none present. (el, ) (Entered: 10/14/2004) |
| 10/13/2004 | 308 | NOTICE OF MOTION AND RULE 12(b)(6) MOTION to Dismiss Counts I-X and XXIII- XXIV of Chunghwa Picture Tubes First Amended Counter Claims filed by Counter Defendant LG Electronics Inc. Motion set for hearing on 11/8/2004 at 10:00 AM before Honorable Consuelo B. Marshall. (mch, ) (Entered: 10/20/2004) |
| 10/13/2004 | 309 | DECLARATION of Ann A Byun Re LG Electronics Inc Compliance with Local Rule 7-3 filed by Plaintiff, LG Philips LCD Co Ltd (mch, ) Modified on 10/20/2004 (mch, ). Modified on 10/20/2004 (mch, ). (Entered: 10/20/2004) |
| 10/13/2004 | 310 | NON-FEDERAL AND WESTLAW CASES CITED in LG Electronics Inc Rule 12(b)(6) re MOTION to Dismiss Counts I- X and XXIII- XXIV of |

| | | Chunghwa Picture Tubes First Amended Counter Claims 308 filed by Counter Defendant LG Electronics Inc. (mch, ) (Entered: 10/20/2004) |
|---|---|---|
| 10/13/2004 | 311 | MEMORANDUM OF POINTS AND AUTHORITIES in Support of MOTION to Dismiss Counts I- X and XXIII- XXIV of Chunghwa Picture Tubes First Amended Counter Claims 308 filed by Counter Defendant LG Electronics Inc. (mch, ) (Entered: 10/20/2004) |
| 10/19/2004 | 306 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 9/27/04 Court Reporter: Leandra Amber. (weap, ) (Entered: 10/20/2004) |
| 10/19/2004 | 307 | TRANSCRIPT filed for proceedings held on 9/27/04. Court Reporter: Leandra Amber. (weap, ) (Entered: 10/20/2004) |
| 10/25/2004 | 312 | MINUTES OF Order by Judge Jennifer T. Lum awarding sanctions to defendant CPT in the total amount of $14,171.42 in relation to the motion to compel previously filed by defendant. See Minute Order for specifics. (dp, ) (Entered: 10/25/2004) |
| 10/25/2004 | 313 | MEMORANDUM of Points and Authorities in Support of Its Opposition to LG Electronics Incs Motion to Dismiss 292 filed by defendant Chunghwa Picture Tubes Ltd. (nhac, ) (Entered: 10/27/2004) |
| 10/25/2004 | 314 | MEMORANDUM of Points and Authorities in Support of Its Opposition to LG Electronics Incs Motion to Dismiss 308 filed by defendant Chunghwa Picture Tubes Ltd. (nhac, ) (Entered: 10/27/2004) |
| 10/25/2004 | 315 | DECLARATION of Christopher A Mathews in support of Chunghwa Picture Tubes Ltds Opposition to Both LG Philips LCD Co, Ltds Motion to Dismiss 308 , 292 filed by defendant Chunghwa Picture Tubes Ltd. (nhac, ) (Entered: 10/27/2004) |
| 10/25/2004 | 316 | PROOF OF SERVICE filed by defendant Chunghwa Picture Tubes Ltd regarding Chunghwa Picture Tubes, Ltds Memorandum of Points and Authorities in support of Its Opposition to LG Philips LCD Co Ltds Motion to Dismiss 313 ; Chunghwa Picture Tubes Ltd regarding Chunghwa Picture Tubes, Ltds Memorandum of Points and Authorities in support of Its Opposition to LG Electronics, Incs Motion to Dismiss 314 , and Declaration of Christopher A Mathews in support of motion 315 were served on 10/25/04. (nhac, ) (Entered: 10/27/2004) |
| 11/01/2004 | 317 | LG Electronics Inc's REPLY to Chunghwa Picture Tubes' Opposition to LGE's MOTION to Dismiss counts I-VIII and XXIII-XXIV of Chungwa Picture Tubes first amended counterclaims 308 filed by Counter Defendant LG Electronics Inc. (shb, ) Modified on 11/3/2004 (shb, ). (Entered: 11/03/2004) |
| 11/01/2004 | 318 | LG Philips LCD Co Ltd's REPLY to Chunghwa Picture tubes' Opposition to LPL's MOTION to Dismiss counts I_VIII and XXIII-XXIV of Chungwa Picture Tubes first amended counterclaims 292 filed by Plaintiff and counterdefendant LG Philips LCD Co Ltd. (shb, ) (Entered: 11/03/2004) |
| 11/01/2004 | 319 | Non-Federal and Westlaw Cases Cited in re MOTION to Dismiss Counts I- |

| | | |
|---|---|---|
| | | X and XXIII- XXIV of Chunghwa Picture Tubes First Amended Counter Claims 308 , MOTION to Dismiss counts I_VIII and XXIII-XXIV of Chungwa Picture Tubes first amended counterclaims 292 filed by Plaintiff and Counter defendants LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 11/03/2004) |
| 11/03/2004 | 320 | MINUTES OF IN CHAMBERS PROCEEDINGS: LG Electronics MOTION to Dismiss Counts I- X and XXIII- XXIV of Chunghwa Picture Tubes First Amended Counter Claims 308 , and Plaintiffs MOTION to Dismiss counts I_VIII and XXIII-XXIV of Chungwa Picture Tubes first amended counterclaims 292 i, are taken under submission. Accordingly, the hearing date is vacated, motions will be deemed submitted as of 11/8/2004. Court Reporter: Not Present. (el, ) (Entered: 11/04/2004) |
| 11/09/2004 | 322 | NOTICE OF MOTION AND MOTION to Compel Arbitration and MOTION to Stay Case pending the outcome of arbitration filed by counterclaim defendants LG Electronics Inc and LG Philips LCD Co Ltd. Motion set for hearing on 12/13/2004 at 10:00 AM before Honorable Consuelo B. Marshall. (yl, ) (Entered: 11/16/2004) |
| 11/09/2004 | 323 | MEMORANDUM OF POINTS AND AUTHORITIES in Support of MOTION to Compel Arbitration and MOTION to Stay Case pending the outcome of arbitration 322 filed by Counterclaim Defendants LG Electronics Inc and LG Philips LCD Co Ltd. (yl, ) (Entered: 11/16/2004) |
| 11/09/2004 | 324 | DECLARATION OF ANTHONY C ROTH in Support of MOTION to Compel Arbitration and MOTION to Stay Case pending the outcome of arbitration 322 filed by Counterclaim Defendants LG Electronics Inc and LG Philips LCD Co Ltd. (yl, ) (Entered: 11/16/2004) |
| 11/10/2004 | 321 | NOTICE of change of hearing date re: LG Electronic Incs Motion to compel arbitration of counts I-X and XIII-XXIV of Chunghwa Picture Tubes First Amended Counterclaims and to stay filed by Plaintiff LG Philips LCD Co Ltd. (el, ) (Entered: 11/16/2004) |
| 11/10/2004 | 325 | EX PARTE APPLICATION to Strike LPLs and LGEs MOTION to Compel Arbitration for failure to comply with Local Rule 7-3 322 filed by Defendant Chunghwa Picture Tubes Ltd. Lodged order. (el, ) (Entered: 11/16/2004) |
| 11/10/2004 | 326 | MEMORANDUM OF POINTS AND AUTHORITIES in Support of EX PARTE APPLICATION to Strike LPLs and LGEs MOTION to Compel Arbitration for failure to comply with Local Rule 7-3 322 325 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (el, ) (Entered: 11/16/2004) |
| 11/10/2004 | 327 | DECLARATION of Christopher A Matthews in support of EX PARTE APPLICATION to Strike LPLs and LGEs MOTION to Compel Arbitration for failure to comply with Local Rule 7-3 322 325 filed by Defendant Chunghwa Picture Tubes Ltd. (el, ) (Entered: 11/16/2004) |
| 11/12/2004 | 329 | DECLARATION of Ann A Byun in support of EX PARTE APPLICATION to Strike MOTION to Compel Arbitration MOTION to Stay Case pending the outcome of arbitration 322 325 filed by Plaintiff and Counterclaim |

| | | Defendant LG Philips LCD Co Ltd. (rl, ) (Entered: 11/17/2004) |
|---|---|---|
| 11/12/2004 | 330 | OPPOSITION to EX PARTE APPLICATION to Strike MOTION to Compel Arbitration 322 325 filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd. Lodged Order (rl, ) (Entered: 11/17/2004) |
| 11/15/2004 | 328 | MINUTES OF PROCEEDINGS: Order by Judge Consuelo B. Marshall that the Court hereby strikes the MOTION of LG Electronics Inc and LG Philips LCD Co LTD to Compel Arbitration and to Stay 322 . EX PARTE APPLICATION to Strike the MOTION to Compel Arbitration and to Stay 325 is DENIED as moot.Court Reporter: None Appearing. (el, ) (Entered: 11/16/2004) |
| 11/19/2004 | 331 | NOTICE OF MOTION AND MOTION for Protective Order filed by Counter Defendant LG Electronics Inc. Motion set for hearing on 12/14/2004 at 10:00 AM before Honorable Consuelo B. Marshall. (mch, ) (Entered: 12/01/2004) |
| 11/19/2004 | 332 | WESTLAW CASES Filed in MOTION for Protective Order 331 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. (mch, ) (Entered: 12/01/2004) |
| 11/19/2004 | 333 | DECLARATION of Ann A Byun in support of MOTION for Protective Order 331 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. (mch, ) (Entered: 12/01/2004) |
| 11/19/2004 | 334 | PROOF OF SERVICE filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd of Notice of Motion for Protective Order; Joint Stipulation; Declaration of Ann A Byun in support of motion (see document for further details) served on 11/19/04. (mch, ) (Entered: 12/01/2004) |
| 11/19/2004 | 335 | JOINT STIPULATION Re (1) Third Party Defendant LG Electronics Inc's Motion for Protective Order and (2) Chunghwa Picture Tubes LTD's Motion to Compel LGE to comply with Rule 26(A) and to respond to discovery (mch, ) (Entered: 12/01/2004) |
| 11/19/2004 | 337 | EX PARTE APPLICATION for order permitting portions of Exhibit E to Gabler Declaration in Opposition to LGE's Motion for Protective Order to be filed under Seal; Memorandum of Points and Authorities; Declaration of Julie S Gabler filed by Defendant, Counter Claimant Chunghwa Picture Tubes Ltd. Lodged Proposed Order. (mch, ) (Entered: 12/01/2004) |
| 11/19/2004 | 338 | DECLARATION of Julie S Gabler in Opposition to LG Electronics MOTION for Protective Order 331 and in Support of CHUNGHWA Picture Tubes Motion to compel LG Electronics to comply with Rule 26(A) and to respond to discovery filed by Defendant, Counter Claimant Chunghwa Picture Tubes Ltd. (mch, ) (Entered: 12/01/2004) |
| 11/19/2004 | 339 | PROOF OF SERVICE filed by Defendant, Counter Claimant Chunghwa Picture Tubes Ltd of Ex Parte Application for order permitting portions of Exhibit E to Gabler Declaration be filed under seal; Memorandum of Points and authorities; Declaration of Julie S Gabler (see document for further details) served on 11/19/04. (mch, ) (Entered: 12/01/2004) |

| 11/23/2004 | 344 | NOTICE OF MOTION AND MOTION to Compel Re Request for Production Numbers 14-17 and 62-63 filed by Plaintiff LG Philips LCD Co Ltd. Motion set for hearing on 12/14/2004 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged PROPOSED Order. (mch, ) (Entered: 12/03/2004) |
|---|---|---|
| 11/23/2004 | 345 | DECLARATION of Andrew J Wu in support of MOTION to Compel Re Request for Production Numbers 14-17 and 62-63 44 filed by Plaintiff LG Philips LCD Co Ltd. (mch, ) (Entered: 12/03/2004) |
| 11/23/2004 | 346 | EX PARTE APPLICATION for an order allowing it to file under seal the joint stipulation under Local Rule 37-2 Re Plaintiff LG Philips Motion to Compel Re request for production Nos 14-17, 21 and 62-63, and the Confidential Declaration of Dieter H. Hellmoldt filed by plaintiffs and counter-defendants LG Electronics Inc, LG Philips LCD Co Ltd. Lodged Order; Confidential Declaration and Joint Stipulation. (nhac, ) (Entered: 12/06/2004) |
| 11/23/2004 | 356 | UNOPPOSED REQUEST that the Declaration of Dieter H. Hellmoldt in support Motion to Compel be filed Under Seal filed by defendant Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 12/08/2004) |
| 11/29/2004 | 347 | DECLARATION of James Kao in support of CPTs Unopposed Request that the Declaration of Dieter H Hellmoldt in support of LPLs Motion to Compel be filed under seal 346 filed by plaintiff and counter-defendants LG Electronics Inc, LG Philips LCD Co Ltd. (nhac, ) (Entered: 12/06/2004) |
| 11/29/2004 | 362 | ORDER by Judge Jennifer T. Lum GRANTING Plaintiff Ex Parte Applicationfor an order allowing it to file under seal the joint stipulation under Local Rule 37-2 Re Plaintiff LG Philips Motion to Compel Re request for production Nos 14-17, 21 and 62-63, and the Confidential Declaration of Dieter H. Hellmoldt 346 . IT IS HEREBY ORDERED that: LPL is permitted to file under seal the Joint Stipualtion Under Local Rule 37-2 re: Plaintiff LG. Philips LCD Co., Ltd Motion to Compel re: Requests for Production Nos. 14-17, 21, and 62-63, and the Confidential Hellmoldt Declaration in support thereof, both respectively discussing and attaching the following documents: CPT0012462-CPT012471; CPT099227-CPT099236; CPT0729090-CPT072911; and CPT098948-CPT098950. (jp, ) (Entered: 12/08/2004) |
| 11/30/2004 | 336 | MINUTES (In Chambers) before Judge Jennifer T. Lum re LG Electronic Inc.'s Motin for Protective Order and LG Philips Motion to Compel Requests for Production scheduled for December 14, 2004. Both motions are off calendar and under submission. (dp, ) (Entered: 12/01/2004) |
| 11/30/2004 | 348 | DECLARATION of Heather H Fan in support Chunghwa Picture Tubes, Limited's Supplemental Memorandum regarding MOTION to Compel 344 filed by Defendant, Counterclaimant Chunghwa Picture Tubes Ltd. (rl, ) Modified on 12/7/2004 (rl, ). (Entered: 12/07/2004) |
| 11/30/2004 | 349 | DECLARATION of Heather H Fan in support of Chunghwa Picture Tubes, Limited's portion of the joint stipulation regarding MOTION to Compel 344 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (rl, ) |

| | | (Entered: 12/07/2004) |
|---|---|---|
| 11/30/2004 | 350 | CHUNGHWA PICTURE TUBES, LIMITED'S SUPPLEMENTAL Memorandum regarding LG Philips LCD Company re MOTION to Compel 344 filed by Defendant and Counterclaimant Chunghwa Picture Tubes, Limited (rl, ) (Entered: 12/07/2004) |
| 11/30/2004 | 351 | DECLARATION of Christopher A Mathews in support of CPT's portion of the Joint Sipulation regardingg MOTION to Compel 344 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (rl, ) (Entered: 12/07/2004) |
| 11/30/2004 | 352 | DECLARATION of James Kao in support of CPT's portion of the Joint Stipulation regarding MOTION to Compel 344 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (rl, ) (Entered: 12/07/2004) |
| 11/30/2004 | 353 | DECLARATION of Christopher A Mathew in support of Joint Stipulation regardint MOTION to Compel 344 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (rl, ) (Entered: 12/07/2004) |
| 11/30/2004 | 354 | PROOF OF SERVICE filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. re 348 Declaration (Motion related) (see document), was served on 11/30/04. (rl, ) (Entered: 12/07/2004) |
| 11/30/2004 | 357 | NOTICE OF MOTION AND MOTION to Compel plant inspections filed by Plaintiff LG Philips LCD Co Ltd. Motion set for hearing on 12/21/2004 at 10:00 AM before Magistrate Judge Jennifer T. Lum. (jp, ) (Entered: 12/08/2004) |
| 11/30/2004 | 358 | SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION for Protective Order 331 filed by Counter Defendant LG Electronics Inc. (jp, ) (Entered: 12/08/2004) |
| 11/30/2004 | 359 | JOINT STIPULATION Re: Plaintiff MOTION to Compel plant inspections. (jp, ) (Entered: 12/08/2004) |
| 11/30/2004 | 360 | DECLARATION of ANTHONY C. ROTH in support of JOINT STIPULATION Re: Plaintiff MOTION to Compel plant inspections 357 , 359 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. (jp, ) (Entered: 12/08/2004) |
| 11/30/2004 | 361 | PROOF OF SERVICE filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd re 357 MOTION to Compel plant inspections, 359 JOINT STIPULATION Re: Plaintiff MOTION to Compel plant inspections, 360 Declaration of ANTHONY C. ROTH in support of JOINT STIPULATION Re: Plaintiff MOTION to Compel plant inspections, was served on 11/30/2004. (jp, ) (Entered: 12/08/2004) |
| 11/30/2004 | 363 | NOTICE OF MOTION to Strike "Corrections" to Deposition of Michaele Bovio or to Compel resumption of the deposition filed by Plaintiff LG Philips LCD Co Ltd. Motion set for hearing on 12/21/2004 at 10:00 AM before Magistrate Judge Jennifer T. Lum. (jp, ) (Entered: 12/08/2004) |
| 11/30/2004 | 364 | JOINT STIPULATION RE: Plaintiff MOTION to Strike "Corrections" to |

| | | |
|---|---|---|
| | | Deposition of Michaele Bovio or to Compel resumption of the deposition filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. (jp, ) (Entered: 12/08/2004) |
| 11/30/2004 | 365 | DECLARATION of ANTHONY C. ROTH in support of JOINT STIPULATION RE: Plaintiff MOTION to Strike "Corrections" to Deposition of Michaele Bovio or to Compel resumption of the deposition 363 , 364 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. (jp, ) (Entered: 12/08/2004) |
| 11/30/2004 | 366 | WESTLAW CASES CITED in plaintiff MOTION to Strike "Corrections" to Deposition of Michaele Bovio or to Compel resumption of the deposition 363 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. (jp, ) (Entered: 12/08/2004) |
| 11/30/2004 | 367 | PROOF OF SERVICE filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. re 363 MOTION to Strike "Corrections" to Deposition of Michaele Bovio or to Compel resumption of the deposition, 364 JOINT STIPULATION RE: Plaintiff MOTION to Strike "Corrections" to Deposition of Michaele Bovio or to Compel resumption of the deposition, 365 Declaration of ANTHONY C. ROTH in support of JOINT STIPULATION RE: Plaintiff MOTION to Strike "Corrections" to Deposition of Michaele Bovio or to Compel resumption of the deposition, 366 WESTLAW CASES CITED in plaintiff MOTION to Strike "Corrections" to Deposition of Michaele Bovio or to Compel resumption of the deposition, was served on 11/30/2004. (jp, ) (Entered: 12/08/2004) |
| 11/30/2004 | 368 | DECLARATION of CHRISTOPHER A. MATHEWS in support of JOINT STIPULATION RE: Plaintiff MOTION to Strike "Corrections" to Deposition of Michaele Bovio or to Compel resumption of the deposition 364 filed by Defendant, Counter Claimant Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 12/08/2004) |
| 11/30/2004 | 369 | DECLARATION of TERESA M. CORBIN in support of Portion of the JOINT STIPULATION RE: Plaintiff MOTION to Strike "Corrections" to Deposition of Michaele Bovio or to Compel resumption of the deposition 364 filed by Defendant, Counter Claimant Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 12/08/2004) |
| 11/30/2004 | 370 | EX PARTE APPLICATION for an Order Allowing it to file Under Seal LG Philips LCD CO., Ltd Supplemental Memorandum in support of its Motion to Compel re Request for production Nos. 14-17, 21, and 62-63 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. Lodged Order and Envelope. (jp, ) (Entered: 12/08/2004) |
| 12/01/2004 | 340 | MINUTES (In Chambers) before Judge Jennifer T. Lum re LG Philips LCD Co., LTD.'s, Ex Parte Application for An Order Allowing it to File Under Seal the Supplemental Memorandum. The Ex Parte Application is denied without prejudice. See Minute Order for specifics. (dp, ) (Entered: 12/01/2004) |
| 12/01/2004 | | PLACED IN FILE - NOT USED re proposed order granting LG Philips LCD Co. Ltd.'s Ex parte application submitted by plaintiff and counterclaim |

| | | |
|---|---|---|
| | | defendant LG Philips LCD Co Ltd. (dp, ) (Entered: 12/01/2004) |
| 12/01/2004 | 341 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case by David M Morris for LG Philips LCD Co Ltd, designating Jeffrey N Brown as local counsel. Fee PAID. Approved by Judge Consuelo B. Marshall.(el, ) (Entered: 12/02/2004) |
| 12/01/2004 | 373 | SUPPPLEMENTAL DECLARATION of FRANK E MERIDETH JR in support of defendant opposition to re MOTION to Compel 357 filed by defendants Tatung Co Of America, Tatung Company. (pj, ) (Entered: 12/13/2004) |
| 12/02/2004 | 342 | MINUTES (In Chambers) before Judge Jennifer T. Lum re the Joint Stipulation re Plaintiff's Motion to Strike "Corrections" to Deposition. Parties are advised that the matter is under submission. See Minute Order for specifics. (dp, ) (Entered: 12/02/2004) |
| 12/02/2004 | 343 | MINUTES (In Chambers) before Judge Jennifer T. Lum re the Joint Stipulation re plaintiff's motion to compel plant inspections. The parties are advised that once the supplemental memoranda are filed, the matter is under submission. (dp, ) (Entered: 12/02/2004) |
| 12/02/2004 | 355 | SUPPLEMENTAL MEMORANDUM in support re MOTION to Compel 344 filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd. (rl, ) (Entered: 12/07/2004) |
| 12/07/2004 | 374 | SUPPLEMENTAL MEMORANDUM in Opposition to LG Philips LCD CO., Ltd MOTION to Compel plant inspections 357 filed by Defendant, Counter Claimant, Third Party Plaintiff Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 12/13/2004) |
| 12/07/2004 | 375 | DECLARATION of BRIAN S. KIM in support of Supplemental Memorandum in Opposition to LG. Philips LCD Co., Ltd MOTION to Compel plant inspections 357 filed by Defendant, Counter Claimant, Third-Party Plaintiff Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 12/13/2004) |
| 12/07/2004 | 376 | SUPPLEMENTAL MEMORANDUM in Support of MOTION to Compel plant inspections 357 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. (jp, ) (Entered: 12/13/2004) |
| 12/07/2004 | 377 | SUPPLEMENTAL MEMORANDUM re MOTION to Strike "Corrections" to Deposition of Michaele Bovio or to Compel resumption of the deposition 363 filed by Defendant, Counter Claimant and Third-Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 12/13/2004) |
| 12/07/2004 | 378 | SUPPLEMENTAL DECLARATION of CHRISTOPHER A. MATHEWS in support of Supplemental Memorandum re MOTION to Strike "Corrections" to Deposition of Michaele Bovio or to Compel resumption of the deposition 363 filed by Defendant, Counter Claimant, and Third-Party Plaintiff Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 12/13/2004) |
| 12/07/2004 | 379 | SUPPLEMENTAL DECLARATION of ANTHONY C. ROTH in support of Joint Stipulation regarding Plaintiff MOTION to Compel plant inspections |

| | | 357 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (jp, ) (Entered: 12/13/2004) |
|---|---|---|
| 12/07/2004 | 380 | SUPPLEMENTAL MEMORANDUM re Plaintiff MOTION to Strike "Corrections" to Deposition of Michaele Bovio or to Compel resumption of the deposition 363 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. (jp, ) (Entered: 12/13/2004) |
| 12/07/2004 | 381 | SUPPLEMENTAL DECLARATION of ANTHONY C. ROTH in support of Supplemental Memorandum re Plaintiff MOTION to Strike "Corrections" to Deposition of Michaele Bovio or to Compel resumption of the deposition 363 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (jp, ) (Entered: 12/13/2004) |
| 12/08/2004 | 382 | EX PARTE APPLICATION under L.R. 7-19 for Order Allowing it to File the Declaration of Anthony C Roth in Response to the Supplemental Memorandum of CPT in Response to LPL's Motion to Compel Plant Inspections filed by Plaintiff LG Philips LCD Co Ltd. Lodged Lodged Order, Lodged 2nd Supplemental Declaration of Anthony C Roth. (shb, ) (Entered: 12/15/2004) |
| 12/10/2004 | 383 | NOTICE OF MOTION AND MOTION to Compel Production of the unredacted assignment agreement between Chunghwa Picture Tubes, Ltd and Hewlett-Packard Development Co filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. Motion set for hearing on 1/11/2005 at 10:00 AM before Honorable Consuelo B. Marshall. (shb, ) (Entered: 12/15/2004) |
| 12/10/2004 | 384 | DECLARATION of Ann A Byun in support of MOTION to Compel Production of the unredacted assignment agreement between Chunghwa Picture Tubes, Ltd and Hewlett-Packard Development Co 383 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (shb, ) (Entered: 12/15/2004) |
| 12/10/2004 | 385 | DECLARATION of Christopher A Mathews in support of MOTION to Compel Production of the unredacted assignment agreement between Chunghwa Picture Tubes, Ltd and Hewlett-Packard Development Co 38 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (shb, ) (Entered: 12/15/2004) |
| 12/10/2004 | 386 | JOINT STIPULATION to Compel Production of the unredacted assignment agreement between Chunghwa Picture Tubes, Ltd and Hewlett-Packard Development Co filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (shb, ) (Entered: 12/15/2004) |
| 12/10/2004 | 387 | EX PARTE APPLICATION to file portions of Exhibit A attached to the Declaration of Charistopher A Mathews under seal filed by Defendant and Counter claimant Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. Lodged proposed order and Exhibit listed. (shb, ) (Entered: 12/15/2004) |
| 12/10/2004 | 388 | DECLARATION of Frank P Cote in support of EX PARTE APPLICATION to file portions of Exhibit A attached to the Declaration of Charistopher A Mathews under seal 387 filed by Defendant and Counter Claimant |

| | | Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (shb, ) (Entered: 12/15/2004) |
|---|---|---|
| 12/10/2004 | 402 | ORDER by Judge Consuelo B. Marshall, IT IS HEREBY ORDERED THAT: LPL's application is GRANTED. (yc, ) (Entered: 01/03/2005) |
| 12/13/2004 | 403 | NOTICE of change of hearing date filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd, re motion to compel production of the unredacted assignment agreement between Chunghwa Picture Tubes Ltd and Hewlett-Packard Development co. (yc, ) (Entered: 01/03/2005) |
| 12/13/2004 | 404 | JOINT proposed claim constructin hearing schedule. file by plaintiff and defendant (yc, ) (Entered: 01/03/2005) |
| 12/14/2004 | 389 | NOTICE OF MOTION AND MOTION to Compel Arbitration of Counts I-X and XXIII-XXIV of Chunghwa Picture Tubes First Amended Counterclaims and to Stay, filed by Counter Defendants LG Philips LCD Co Ltd, LG Electronics Inc. Motion set for hearing on 1/10/2005 at 10:00 AM before Honorable Consuelo B. Marshall. (jp, ) (Entered: 12/16/2004) |
| 12/14/2004 | 390 | MEMORANDUM OF POINTS AND AUTHORITIES in Support of MOTION to Compel Arbitration of Counts I-X and XXIII-XXIV of Chunghwa Picture Tubes First Amended Counterclaims and to Stay 389 filed by Counter Defendants LG Philips LCD Co Ltd, LG Electronics Inc. (jp, ) (Entered: 12/16/2004) |
| 12/14/2004 | 391 | DECLARATION of ANTHONY C. ROTH in support of MOTION to Compel Arbitration of Counts I-X and XXIII-XXIV of Chunghwa Picture Tubes First Amended Counterclaims and to Stay 389 filed by defendants LG Philips LCD Co Ltd, LG Electronics Inc. (jp, ) (Entered: 12/16/2004) |
| 12/14/2004 | 392 | PROOF OF SERVICE filed by Counter Defendants LG Philips LCD Co Ltd, LG Electronics Inc re Declaration of ANTHONY C. ROTH in support of MOTION to Compel Arbitration of Counts I-X and XXIII-XXIV of Chunghwa Picture Tubes First Amended Counterclaims and to Stay 391 , MOTION to Compel Arbitration of Counts I-X and XXIII-XXIV of Chunghwa Picture Tubes First Amended Counterclaims and to Stay 389 , Memorandum in Support of Motion to Compel Arbitration of Counts I-X and XXIII-XXIV of Chunghwa Picture Tubes First Amended Counterclaims and to Stay 390 , was served on 12/14/2004. (jp, ) (Entered: 12/16/2004) |
| 12/17/2004 | 393 | MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum re Ruling on Plaintiff's Motion to Strike orrections to Deposition of Michele Bovio or to Compel Resumption of the Deposition. Motion is granted in part. Court does not find the substance of changes to the deposition testimony as irreparably prejudicing plaintiff. Court denies the request to strike, but orders that the plaintiff be allowed to make inquiry of Mr. Bovio re his changes. See Minute Order for specifics. (dp, ) (Entered: 12/20/2004) |
| 12/17/2004 | 405 | corrected filed by Plaintiff LG Philips LCD Co Ltd, Counter Defendant LG Electronics Inc. Memorandum in Support of Motion, 390 (yc, ) (Entered: 01/03/2005) |
| | | |

| 12/21/2004 | 406 | MOTION to Compel witnessed for LPL's first and second rule 30(b)(6) deposition notice to chunghwa picture tubes ltd. filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. Motion set for hearing on 1/25/2005 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged LODED PROPOSED ORDER. (yc, ) Modified on 1/3/2005 (yc, ). M (Entered: 01/03/2005) |
| 12/21/2004 | 407 | NOTICE OF MOTION re MOTION to Compel 406 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. (yc, ) (Entered: 01/03/2005) |
| 12/21/2004 | 408 | DECLARATION of Dieter H Hellmoldt in support of re MOTION to Compel 406 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. (yc, ) (Entered: 01/03/2005) |
| 12/21/2004 | 409 | DECLARATION of Dieter H Hellmoldt pursuant to Local Rule 37-2.4 re Cpt's failure to confer in a timely manner in accordance with local ruel 37-1 406 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. (yc, ) (Entered: 01/03/2005) |
| 12/21/2004 | 410 | PROOF OF SERVICE filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. re MOTION to Compel 406 , was served on 12/21/2004. (yc, ) (Entered: 01/03/2005) |
| 12/21/2004 | 416 | DECLARATION of Ann A Byun in support of re MOTION to Compel 383 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. (yc, ) (Entered: 01/05/2005) |
| 12/21/2004 | 417 | SUPPLEMENTAL MEMORANDUM of LG Philips in Support of MOTION to Compel 383 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. (yc, ) (Entered: 01/05/2005) |
| 12/21/2004 | 418 | PROOF OF SERVICE filed by counterclaim defendant/plaintiff/counterclaim defendant LG Philips LCD Co Ltd, LG Electronics Inc. re Declaration (Motion related) 416 , Memorandum in Support of Motion 417 , was served on 12/21/04. (yc, ) (Entered: 01/05/2005) |
| 12/21/2004 | 420 | PROOF OF SERVICE filed by counterclaim defendant/plaintiff counterclaim defendant LG Philips LCD Co Ltd, LG Electronics Inc of application of non-resident attorney was served on 12/21/2004. (yc, ) (Entered: 01/05/2005) |
| 12/22/2004 | 394 | MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum re Motion to Compel Witnesses for LPL's First and Second 30(b)(6) Deposition Notices. Court will conduct a telephone conference on December 28, 2004. See Minute Order for specifics. (dp, ) (Entered: 12/22/2004) |
| 12/22/2004 | 396 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case by Ralph A Phillips for LG Philips LCD Co Ltd, designating David L Schrader as local counsel. Fee PAID. Approved by Judge Consuelo B. Marshall.(el, ) (Entered: 12/28/2004) |
| 12/22/2004 | 397 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case by R Tyler Goodwyn, IV for LG Philips LCD Co Ltd, |

| | | |
|---|---|---|
| | | designating David L Schrader as local counsel. Fee PAID. Approved by Judge Consuelo B. Marshall.(el, ) (Entered: 12/28/2004) |
| 12/22/2004 | 419 | NOTICE of change of hearing date filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. (yc, ) (Entered: 01/05/2005) |
| 12/27/2004 | 395 | MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum re Third-Party Defendant LG Electronic Inc.'s Motion for Protective Order. The Motion is denied. See Minute Order for specifics. (dp, ) (Entered: 12/27/2004) |
| 12/27/2004 | 400 | Notice of Withdrawal without prejudice of its MOTION to Compel 383 filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (rl, ) (Entered: 01/03/2005) |
| 12/27/2004 | 401 | DECLARATION of Andrew J Wu in support of Plaintiff's Notice of Withdrawal without prejudice of its MOTION to Compel 383 filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (rl, ) (Entered: 01/03/2005) |
| 12/27/2004 | 412 | EX PARTE APPLICATION to Strike LPLs Motion to Compel Witnesses for LPLs First and Second Rule 30(B)(6) Deposition Notices to CPT for Failure to Comply With Local Rule 37-1 filed by defendant Chunghwa Picture Tubes Ltd. Lodged Order. (nhac, ) (Entered: 01/04/2005) |
| 12/27/2004 | 413 | MEMORANDUM of Points and Authorities in Support of Ex Parte Application to Strike LPLs Motion to Compel Witnesses for LPLs First and Second Rule 30(B)(6) Deposition Notices to CPT for Failure to Comply With Local Rule 37-1 412 filed by defendant Chunghwa Picture Tubes Ltd. (nhac, ) (Entered: 01/04/2005) |
| 12/27/2004 | 414 | DECLARATION of Christopher A Mathews in support of Chunghwa Picture Tubes, LTDs Ex Parte Application to Strike LPLs Motion to Compel Witnesses for LPLs First and Second Rule 30(B)(6) Deposition Notices to CPT for Failure to Comply With Local Rule 37-1 412 filed by defendant Chunghwa Picture Tubes Ltd. (nhac, ) (Entered: 01/04/2005) |
| 12/27/2004 | 415 | PROOF OF SERVICE filed by defendant Chunghwa Picture Tubes Ltd. regarding 1) Ex Parte Application to Strike LPLs Motion to Compel Witnesses for LPLs First and Second Rule 30(B)(6) Deposition Notices to CPT for Failure to Comply With Local Rule 37-1 412 ; 2) Memorandum in Support of Ex Parte Application 413 ; 3)Declaration of Christopher A Mathews in support of Ex Parte Application 414 were served on 12/27/04. (nhac, ) (Entered: 01/04/2005) |
| 12/27/2004 | 422 | NOTICE OF MOTION AND MOTION to Compel Arbitration and to Stay, filed by Counterclaim, Defendant and Third Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. Motion set for hearing on 1/10/2005 at 10:00 AM before Honorable Consuelo B. Marshall. (yl, ) (Entered: 01/05/2005) |
| 12/27/2004 | 423 | DECLARATION of Lisa Buccino in Support of Opposition to MOTION to Compel Arbitration to Stay pending proceedings on those claims 389 filed by |

| | | Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes Ltd. (yl, ) (Entered: 01/05/2005) |
|---|---|---|
| 12/27/2004 | 424 | PROOF OF SERVICE filed by Defendant and Counterclaimants Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. The Opposition to Motion to Compel Arbitration and Stay, Declaration of Lisa S. Buccino in Support of Opposition was served on 12/27/2004. (yl, ) (Entered: 01/05/2005) |
| 12/27/2004 | 426 | OPPOSITION TO LG PHILIPS LCD CO., LTD'S AND LG Electronics, Inc. Motion to Compel Arbitration and to Stay 389 filed by Defendant, Counter-claimant and Third Party Plaintiffs Chunghwa Picture Tubes Ltd. (yl, ) (Entered: 01/06/2005) |
| 12/28/2004 | 427 | SUPPLEMENTAL DECLARATION of Christopher A Mathew in support of Chunghwa Picture Tubes, opposition to LG Philips Motion to Compel Production of Unredacted Assignment Agreement filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (rl, ) (Entered: 01/06/2005) |
| 12/28/2004 | 428 | SUPPLEMENTAL MEMORANDUM in support of Chunghwa Picture Tubes opposition to LG Philips Motion to Compel Production of the Unredacted Assignment Agreement filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (rl, ) (Entered: 01/06/2005) |
| 12/29/2004 | 398 | MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum re Defendant Chunghwa Pitcture Tubes Ex Parte Application to Strike Motion by LG Philips to Compel Rule 30(b)(6) Depositions. Ex Parte is denied as moot due to withdrawal of motion. (dp, ) (Entered: 12/29/2004) |
| 12/29/2004 | 399 | MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum ruling on Plaintiff's L.G. Philips Motion to Compel re Request for Production of Documents. The motion is granted in part and denied in part. See Minute Order for specifics. (dp, ) (Entered: 12/29/2004) |
| 12/29/2004 | 411 | MINUTES OF IN CHAMBERS ORDER by Judge Consuelo B. Marshall : RE: Claim Construction Hearing Schedule 404 . Based on the parties proposal, the Court will set aside one day of approximately seven hours hearing time for the Claim Construction Hearing. (See document for details). Court Reporter: none appearing. (el, ) (Entered: 01/03/2005) |
| 12/29/2004 | 421 | ORDER by Judge Consuelo B. Marshall : granting GRANTING 387 Ex Parte Application to File Portions of Exhibit A Attached to the Declaration of Christopher A. Mathews Under Seal (yl, ) (Entered: 01/05/2005) |
| 01/03/2005 | 430 | PROOF OF SERVICE filed by counterclaim defendant and plaintiffs/counterclaim LG Philips LCD Co Ltd, LG Electronics Inc. re MOTION to Compel Arbitration MOTION to Stay pending proceedings on those claims MOTION to Stay pending proceedings on those claims 389 , was served on 1/3/2005. (yc, ) (Entered: 01/07/2005) |
| 01/03/2005 | 431 | REPLY in support to their motionto compel Arbitration 422 filed by counterclaim defendant and plaintiff/counterclaim LG Philips LCD Co Ltd, |

| | | LG Electronics Inc. (yc, ) (Entered: 01/07/2005) |
|---|---|---|
| 01/03/2005 | 432 | SUPPLEMENTAL DECLARATION OF ANTHONY C ROTH IN SUPPORT re MOTION to Compel Arbitration MOTION to Stay pending proceedings on those claims MOTION to Stay pending proceedings on those claims 389 filed by counterclaim defendant and plaintiff/counterclaim defendant LG Philips LCD Co Ltd, LG Electronics Inc. (yc, ) (Entered: 01/07/2005) |
| 01/04/2005 | | PLACED IN FILE - NOT USED re Proposed Order re LG Philips LCD Co LTD.'s Motin to Compel Witnesses for LPL's First and Second Rule 30(b)(6) Deposition Notices submitted by Plaintiff LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Electronics Inc. (dp, ) (Entered: 01/04/2005) |
| 01/04/2005 | | PLACED IN FILE - NOT USED re Proposed Order Granting Chungwa Picture Tubes Ltd.'s Ex Parte Application to Strike submitted by Defendant Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (dp, ) (Entered: 01/04/2005) |
| 01/05/2005 | 429 | MINUTES OF IN CHAMBERS ORDER by Judge Consuelo B. Marshall : re Claims Construction hearing (7 hours). On the Courts own motion, the Claims Construction Hearing as to the semiconductor and side-mount patent claims is hereby continued to 1/13/2005 at 9:30 a.m.Court Reporter: Non-Appearing. (el, ) (Entered: 01/06/2005) |
| 01/06/2005 | 425 | NOTICE OF CLERICAL ERROR: Due to clerical error Re: MOTION to Compel Arbitration and to Stay 422 : This document was dockted in error as a motion, whereas it should have been dockted as an Opposition to Motion to Compel Arbitration and to Stay [item number 389]. (yl, ) (Entered: 01/06/2005) |
| 01/10/2005 | 438 | MINUTES held before Judge Consuelo B. Marshall :, RE: MOTION to Compel Arbitration MOTION to Stay pending proceedings on those claims MOTION to Stay pending proceedings on those claims 389 is submitted without further oral argument. Court Reporter: Leandra Amber. (yc, ) (Entered: 01/14/2005) |
| 01/11/2005 | 433 | MINUTES OF Discovery Hearing held before Jennifer T. Lum. Motion to Compel Production of Unredacted Assignment Agreement taken under submission. (dp, ) (Entered: 01/11/2005) |
| 01/11/2005 | 434 | NOTICE of Recent Judgment filed by defendant and counter claimant Chunghwa Picture Tubes Ltd. (mu, ) (Entered: 01/13/2005) |
| 01/11/2005 | 435 | PROOF OF SERVICE filed by counterclaim defendant LG Electronics Inc regarding Declaration of David M. Morris, Ann A Byun and Won Choi in support of opposition to the motion was served on 1/11/2005. (yc, ) (Entered: 01/13/2005) |
| 01/11/2005 | 436 | DECLARATION of /Won Jun Choi in support of opposition re MOTION to Compel filed by plaintiff LG Philips LCD Co Ltd. (yc, ) (Entered: 01/13/2005) |

| | | |
|---|---|---|
| 01/11/2005 | [437](#) | MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum re Plaintiff LG Philips Motion to Compel Plant Inspections. Motion is granted in part. See Minute Order for specifics. (dp, ) (Entered: 01/13/2005) |
| 01/11/2005 | 440 | NOTICE OF MOTION AND MOTION to Compel continutation of rule 30 (b)(6) deposition answers to deposition questions and sanctions. filed by defendant,counterclaimsnt and third party plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 2/1/2005 at 10:00 AM before Honorable Jennifer T. Lum (yc, ) (Entered: 01/14/2005) |
| 01/11/2005 | 441 | JOINT STIPULATION UNDER LOCAL RUEL 37-2 RE re MOTION to Compel 440 filed by defendant,counterclaimant and third party plainiff Chunghwa Picture Tubes Ltd. (yc, ) (Entered: 01/14/2005) |
| 01/11/2005 | 442 | PROOF OF SERVICE filed by defendant, counterclaimant and third party plaintiff Chunghwa Picture Tubes Ltd. re Motion Related Document 441 , was served on 1/11/2005. (yc, ) (Entered: 01/14/2005) |
| 01/11/2005 | 443 | DECLARATION of defendant/counterclaimant and third party plaintiff re MOTION to Compel 440 filed by defendant, counterclaimant and third-party plaintiff Chunghwa Picture Tubes Ltd. (yc, ) (Entered: 01/14/2005) |
| 01/11/2005 | 444 | DECLARATION of David M Morris in support re MOTION to Compel 440 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. (yc, ) (Entered: 01/14/2005) |
| 01/11/2005 | 446 | DECLARATION of Ann A Byun in support of re MOTION to Compel 440 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. (yc, ) (Entered: 01/14/2005) |
| 01/13/2005 | 439 | NOTICE OF DOCUMENT DISCREPANCIES AND ORDER by Judge Consuelo B. Marshall ORDERING Motion, joint stipulation, proposed order, declaration, proof of service submitted by Plaintiff LG Philips LCD Co Ltd received on 1/11/05 to be filed and processed; filed date to be the date the document was stamped Received but not Filed with the Clerk.(yc, ) (Entered: 01/14/2005) |
| 01/13/2005 | 445 | Amended notice of MOTION to Compel 440 filed by defendant,counterclaimant and third party plaintiff Chunghwa Picture Tubes Ltd. (yc, ) (Entered: 01/14/2005) |
| 01/13/2005 | 452 | JOINT STIPULATION re MOTION to Compel Answers to Interrogatories of Plaintiff and Counterdefendant LG Philips LCD Co., Ltd 451 filed by Defendant, Counterdefendant and Thrid Party Plaintiff Chunghwa Picture Tubes Ltd. (yl, ) (Entered: 01/20/2005) |
| 01/13/2005 | 455 | MINUTES held before Judge Consuelo B. Marshall: - Claims Construction Hearing (1st Day) (Semiconductor and Side-Mount Patent Claims). Arguments held, continued to 1/14/2005 09:00 AM before Honorable Consuelo B. Marshall for further hearing.Court Reporter: Leandra Amber. (rl, ) (Entered: 01/21/2005) |
| 01/14/2005 | 448 | REQUEST FOR RECONSIDERATION BY DISTRICT COURT Of Magistrate Judge's Ruling Requiring CPT to Produce Pending Patent |

| | | |
|---|---|---|
| | | Applications filed by Defendant, Counterclaimants and Third-party Plaintiffs Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. Request set for hearing on 2/7/2005 at 10:00 AM before Honorable Consuelo B. Marshall. (yl, ) (Entered: 01/20/2005) |
| 01/14/2005 | 449 | NOTICE OF MOTION FOR RECONSIDERATION BY District Court Magistrate Court's Ruling Requiring CPT to Produce Pending Patent Applications 48 endant Chunghwa Picture Tubes Ltd (yl, ) (Entered: 01/20/2005) |
| 01/14/2005 | 450 | DECLARATION OF CRHISTOPHER A. MATHEWS in Support of Request for Reconsideration of District Court Magistrate Judge's Ruling Requiring CPT to Produce Pending Patent Applications 448 filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes Ltd. (yl, ) (Entered: 01/20/2005) |
| 01/14/2005 | 457 | MINUTES OF In Chambers Conference held re Claims Construction Hearing (2nd Day) Semiconductor and Side-Mount Patent Claims before Judge Consuelo B. Marshall : Arguments held. Matter is submitted without oral argument.Court Reporter: Leandra Amber. (el, ) (Entered: 01/24/2005) |
| 01/18/2005 | 447 | ORDER by Judge Jennifer T. Lum denying Motion to Compel Production of Unredacted Assignment Agreement. See Order for specifics. (dp, ) (Entered: 01/18/2005) |
| 01/18/2005 | 451 | NOTICE OF MOTION AND MOTION to Compel Answers to Interrogatory Number 9 of Plaintiff and Counterdefendant LG Philips LCD Co., Ltd filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 2/15/2005 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged Order. (yl, ) Modified on 1/20/2005 (yl, ). Modified on 1/20/2005 (yl, ). (Entered: 01/20/2005) |
| 01/18/2005 | 453 | DECLARATION OF DAVID A. MAKMAN in Support of Motion to Compel Answers to Interrogatory No. 9 of Plaintiff and Counterdefendant LG Philips LCD Co., Ltd 451 filed by Defendant, Counterclaimant and third party plaintiff Chunghwa Picture Tubes Ltd. (yl, ) (Entered: 01/20/2005) |
| 01/18/2005 | 454 | DECLARATION OF ANDREW J. WU in Support of Joint Stipulation Regarding Chunghwa Picture Tubes, Ltd.'s Motion to Compel Answers to Interrogatory Number 9 of Plaintiff and Counterdefendant LG Philips LCD Co., Ltd 451 filed by Plaintiff and Counterclaim Defedant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (yl, ) (Entered: 01/20/2005) |
| 01/18/2005 | 456 | NOTICE of Lodging Defendants' responses to court's 1/14/05 questions regarding side-mount patents filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd (rl, ) (Entered: 01/21/2005) |
| 01/21/2005 | 458 | EX PARTE APPLICATION PURSUANT TO LOCAL RULE 17-19 to Renew Its Motion to Compel Witnesses for LPL's First and Second Rule 30 (b)(6) Deposition Notices to Chunghwa Picture Tubes, Ltd filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd Ex Parte Application set for hearing on 1/25/2005 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged Order. (yl, ) (Entered: 01/24/2005) |
| | | |

| 01/21/2005 | 459 | SECOND DECLARATION OF ANDREW J. WU in Support of EX PARTE APPLICATION PURSUANT TO LOCAL RULE 17-19 to Renew Its Motion to Compel Witnesses for LPL's First and Second Rule 30(b)(6) Deposition Notices to Chunghwa Picture Tubes, Ltd 458 filed by Plaintiff and Counterclaim defendant LG Philips LCD Co Ltd.(yl, ) (Entered: 01/24/2005) |
|---|---|---|
| 01/24/2005 | 461 | OPPOSITION to EX PARTE APPLICATION Pursuant to Local Rule 7-19 to renew its motion to compel witnesses for LPL'S first and second Rule 30 (b)(6) deposition notices to Chunghwa Picture Tubes, LTD 458 filed by defendant, counterclaimant and third-party plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (ca, ) (Entered: 01/25/2005) |
| 01/24/2005 | 462 | DECLARATION of Christopher A. Mathews in support of opposition to EX PARTE APPLICATION to renew its motion to compel witnesses for LPL first and second rule 30(b)(6) deposition notices to CPT 458 filed by defendant, counterclaimant and third-party plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (ca, ) (Entered: 01/25/2005) |
| 01/24/2005 | 463 | PROOF OF SERVICE filed by defendant, counterclaimants Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. re Opposition to ex parte application to renew its motion to compel, 461 , Declaration of Christopher A. Mathews in support of opposition to ex parte application to renew its motion to compel 462 , was served on 1/24/05 via first class mail; via hand delivery/personal service to Jeffrey n. Brown, Esq., of Morgan Lewis & Bockius LLP; Mark Krietzman, Esq., Frank Merideth & Scott R. Miller, Esq., Tracy R. Roman, Esq. of Bingham McCutchen LLP. (ca, ) (Entered: 01/25/2005) |
| 01/25/2005 | 460 | MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum Re EX PARTE APPLICATION for Order to renew motion to compel witnesses for First and Second Rule 30(b)(6) Deposition Notices 458 . The Court denies plaintiff's Ex Parte. See Minute Order for specifics. (dp, ) (Entered: 01/25/2005) |
| 01/25/2005 | | PLACED IN FILE - NOT USED re Proposed Order Granting Plaintiff LG Philips LCD Co., Ltd.'s Ex Parte Application Pursuant to Local Rule 7-19 to Renew Its Motion to Compel Witnesses for LPL's First and Second Rule 30 (b)(6) Deposition Notices to Chunghwa Picture Tubes, Ltd. (dp, ) (Entered: 01/25/2005) |
| 01/25/2005 | 464 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 1/13/05, 1/14/05 Court Reporter: Leandra Amber. (ghap, ) (Entered: 01/26/2005) |
| 01/25/2005 | 465 | TRANSCRIPT filed for proceedings held on 1/13/05. Court Reporter: Leandra Amber. (ghap, ) (Entered: 01/26/2005) |
| 01/25/2005 | 466 | TRANSCRIPT filed for proceedings held on 1/14/05. Court Reporter: Leandra Amber. (ghap, ) (Entered: 01/26/2005) |
| | | |

| 01/25/2005 | 467 | MINUTES OF Telephone Conference held before Judge Jennifer T. Lum RE: MOTION to Compel Answers to Interrogatories of Plaintiff and Counterdefendant LG Philips LCD Co., Ltd 451 , MOTION to Compel 440 Answers to Interrogatory number 9.Tape #: 05-04. (dp, ) (Entered: 01/26/2005) |
|---|---|---|
| 01/25/2005 | 468 | APPLICATION to submit opposition one day late filed by plaintiff LG Philips LCD Co Ltd. Lodged proposed order opposition with declaration. (pj, ) (Entered: 01/31/2005) |
| 01/25/2005 | 469 | DECLARATION of ANDREW J WU IN SUPPORT re APPLICATION for Leave to File 468 filed by plaintiff LG Philips LCD Co Ltd. (pj, ) (Entered: 01/31/2005) |
| 01/25/2005 | 470 | PROOF OF SERVICE filed by Plaintiff LG Philips LCD Co Ltd. re APPLICATION for Leave to File 468 , Declaration (Motion related) 469 , was served on 1/25/2005. (pj, ) (Entered: 01/31/2005) |
| 01/27/2005 | 471 | NOTICE OF ERRATA filed by Plaintiff LG Philips LCD Co Ltd. correcting Declaration (Motion related) 469 (pj, ) (Entered: 01/31/2005) |
| 01/31/2005 | 472 | DECLARATION of Julie S Gabler in support of reply in support of request for reconsideration by district court of Magistrate Judge ruling requiring CPT to produice pending patent application filed by Defendant Chunghwa Picture Tubes Ltd. (yc, ) (Entered: 02/02/2005) |
| 01/31/2005 | 473 | REPLY memorandum of points and authorities in support of request for reconsideration by district court of Magistrate jude ruling requiring cpt to produce pending patent application. filed by defendant,counterclaimant and third party plaintiff Chunghwa Picture Tubes Ltd. (yc, ) (Entered: 02/02/2005) |
| 02/02/2005 | 474 | STIPULATION AND ORDER by Judge Jennifer T. Lum: GRANTING IN PART Chunghwa Picture Tubes LTd's Motion to COmpel continuation of Rule 30(b)(6) Deposition, answers to depositions questions and sanctions (shb, ) (Entered: 02/03/2005) |
| 02/04/2005 | 475 | ORDER by Judge Consuelo B. Marshall: Plaintiff LG Philips Motion to Dismiss Counts I-VIII and XXIII-XXIV of Chungwa Picture Tubes first amended counterclaims 292 and LG Electronics Motion to dismiss Counts I-X and XXIII- XXIV of Chunghwa Picture Tubes First Amended Counter Claims 308 . Court DENIES both Motions. Court finds that Counts I-IV state causes of action for conversion and allege facts to support the theory that the statute of limitations should be tolled bases on breach of a contractual duty to disclose or fraudulent concealment. Court finds that Couts V-VIII cannot be dismissed as barred by the statute of limitations pursuant to this Rule 12(b)(6) motion. Court finds that neither Counts I-X nor Counts XXIII-XXIV are preempted. (ir, ) (Entered: 02/07/2005) |
| 02/07/2005 | 478 | MINUTES OF Motion Hearing held before Judge Consuelo B. Marshall :, RE: REQUEST FOR RECONSIDERATION BY DISTRICT COURT Of Magistrate Judge's Ruling Requiring CPT to Produce Pending Patent Applications 448 ; Arguments held, Motion for Reconsideration is |

| | | SUBMITTED without further oral argument. Court Reporter: Leandra Amber. (shb, ) (Entered: 02/11/2005) |
|---|---|---|
| 02/07/2005 | 479 | AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER by Judge Jennifer T. Lum :(shb, ) (Entered: 02/15/2005) |
| 02/08/2005 | 476 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 01/25/05 Court Reporter: Lutz & Company. (cbr, ) (Entered: 02/08/2005) |
| 02/08/2005 | 477 | TRANSCRIPT filed for proceedings held on 01/25/05. Court Reporter: Lutz & Company. (cbr, ) (Entered: 02/08/2005) |
| 02/15/2005 | 480 | TRANSCRIPT filed for proceedings held on 1/11/05. Court Reporter: Dorothy Babykin. (nm, ) (Entered: 02/16/2005) |
| 02/15/2005 | 481 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 1/11/05,re Transcript 480 : Court Reporter: Dorothy Babykin (nm, ) (Entered: 02/16/2005) |
| 02/18/2005 | 487 | MINUTES OF IN CHAMBERS ORDER by Judge Consuelo B. Marshall: On December 14, 2004, LPL and LGE filed a MOTION to Compel Arbitration of Counts I-X and XXIII-XXIV of Chunghwa Picture Tubes First Amended Counterclaims and to Stay 389 ; A timely opposition and reply were filed. Upon consideration, the Motion is DENIED IN PART and GRANTED IN PART. Specifically, the Court (1) GRANTS the Motion to COmpel Arbitration and stay the proceedings with respect to Claims VII -X and XXIV; (2) GRANTS the Motion to Compel arbitration and stays all proceedings, including discovery with respect to Claims I-IV and XXIII insofar as they are based on assignment of rights under the Project-X Agreement; (3) DENIES the Motion to Compel Arbitration and accordingly permits discovery to continue with respect to Claims I-VI and XXIII insofar as they are based on inventorship. A formal order will issue. IT IS SO ORDERED. Court Reporter: N/A. (shb, ) (Entered: 02/23/2005) |
| 02/22/2005 | 482 | NOTICE OF MOTION AND MOTION for Review of Order of Magistrate Judge Lum Granting in Part Motion of Chunghwa Picture Tubes to Compel COntinuation of Rule 30(B0(6) Deposition and Answers to Deposition Questions re 474 STIPULATION AND ORDER by Judge Jennifer T. Lum: GRANTING IN PART Chunghwa Picture Tubes LTd's Motion to COmpel continuation of Rule 30(b)(6) Deposition, answers to depositions questions and sanctions filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. Motion set for hearing on 3/28/2005 at 10:00 AM before Honorable Consuelo B. Marshall. (shb, ) (Entered: 02/23/2005) |
| 02/22/2005 | 483 | MEMORANDUM in Support of MOTION for Review of Order of Magistrate Judge Lum Granting in Part Motion of Chunghwa Picture Tubes to Compel COntinuation of Rule 30(B0(6) Deposition and Answers to Deposition Questions re 474 Stipulation and Order 482 filed by Plaintiff and counter defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (shb, ) (Entered: 02/23/2005) |
| 02/22/2005 | 484 | DECLARATION of David M Morris re MOTION for Review of Order of |

| | | Magistrate Judge Lum Granting in Part Motion of Chunghwa Picture Tubes to Compel COntinuation of Rule 30(B0(6) Deposition and Answers to Deposition Questions re 474 Stipulation and Order 482 filed by Plaintiff and Counter defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (shb, ) (Entered: 02/23/2005) |
|---|---|---|
| 02/22/2005 | 485 | L.G. Phillips LCD Co., Ltd.'s, ANSWER to Chunghwa Picture Tubes Ltd's COUNTERCLAIMS; Jury Demand filed by Counter Defendant LG Philips LCD Co Ltd.(shb, ) (Entered: 02/23/2005) |
| 02/22/2005 | | DEMAND for Jury Trial filed by Counter Defendant LG Philips LCD Co Ltd.. (shb, ) (Entered: 02/23/2005) |
| 02/22/2005 | 486 | LG Electronics Inc's ANSWER to Chunghwa Picture Tube Ltd's COUNTERCLAIMS; Jury Demand filed by Counter Defendant LG Electronics Inc.(shb, ) (Entered: 02/23/2005) |
| 02/22/2005 | | DEMAND for Jury Trial filed by Counter Defendant LG Electronics Inc.. (shb, ) (Entered: 02/23/2005) |
| 02/28/2005 | 488 | ORDER: The court (1) GRANTS the motion to compel arbitration and stay the proceedings with respect to claims VII-X and XXIV; (2) GRANTS the motion to compel arbitration and stays all proceedings, including discovery, with respect to claims I-VI and XXIII insofar as they are based on assignment of rights under the project-X agreement; (3) DENIES the motion to compel arbitration and accordingly permits discovery to continue with respect to claims I-VI and XXIII insofar as they are based on inventorhip by Judge Consuelo B. Marshall : 308 (bp, ) (Entered: 03/03/2005) |
| 03/03/2005 | 489 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 01/10/05 Court Reporter: Leandra Amber. (cbr, ) (Entered: 03/04/2005) |
| 03/03/2005 | 490 | TRANSCRIPT filed for proceedings held on 01/10/05. Court Reporter: Leandra Amber. (cbr, ) (Entered: 03/04/2005) |
| 03/04/2005 | 491 | Notice of Withdrawal of MOTION for Review of Order of Magistrate Judge Lum Granting in Part Motion of Chunghwa Picture Tubes to Compel COntinuation of Rule 30(B0(6) Deposition and Answers to Deposition Questions re 474 Stipulation and Order 482 filed by plaintiff LG Philips LCD Co Ltd. (pj, ) (Entered: 03/08/2005) |
| 03/07/2005 | 494 | NOTICE OF MOTION AND SECOND MOTION for Leave to amend answer and counterclaim and join LG Electronics Inc as a Party filed by defendant Chunghwa Picture Tubes Ltd. Motion set for hearing on 3/28/2005 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged second amended complaint; lodged order. (pj, ) (Entered: 03/18/2005) |
| 03/07/2005 | 495 | DECLARATION of CHRISTOPHER A MATHEWS IN SUPPORT re MOTION for Leave 494 filed by defendant Chunghwa Picture Tubes Ltd. (pj, ) (Entered: 03/18/2005) |
| 03/07/2005 | 496 | NOTICE OF LODGING PROPOSED SEOND AMENDED ANSWER AND COUNTERCLAIMS 494 filed by defendant Chunghwa Picture Tubes |

| | | Ltd. (pj, ) (Entered: 03/18/2005) |
|---|---|---|
| 03/07/2005 | 497 | MEMORANDUM OF POINTS AND AUTHORITIES in Support of MOTION for Leave 494 filed by defendant Chunghwa Picture Tubes Ltd. (pj, ) (Entered: 03/18/2005) |
| 03/07/2005 | 498 | PROOF OF SERVICE filed by defendant Chunghwa Picture Tubes Ltd. re MOTION for Leave 494 , Declaration (Motion related) 495 , Motion Related Document 496 , Memorandum In Support of Motion 497 , was served on 3/7/2005. (pj, ) (Entered: 03/18/2005) |
| 03/14/2005 | 499 | LPL's RESPONSE in Partial OPPOSITION to CPT's SECOND MOTION for Leave to amend answer and counterclaim and join LG Electronics Inc as a Party 494 filed by Plaintiff and Counterdefendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (shb, ) (Entered: 03/21/2005) |
| 03/14/2005 | 500 | DECLARATION of Anthony C Roth in support of LPL's Partial Oppisutui ti CPT's SECOND MOTION for Leave to amend answer and counterclaim and join LG Electronics Inc as a Party 494 filed by Plaintiff and Counterclaim defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (shb, ) (Entered: 03/21/2005) |
| 03/14/2005 | 501 | PROOF OF SERVICE filed by Plaintiff and Counterclaim defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. LPL's RESPONSE in Partial OPPOSITION to CPT's SECOND MOTION for Leave to amend answer and counterclaim and join LG Electronics Inc as a Party 494 , 499 , Declaration of Anthony C Roth in suppor tof LPL's RESPONSE in Partial OPPOSITION to CPT's SECOND MOTION for Leave to amend answer and counterclaim and join LG Electronics Inc as a Party 494 500 , was served on 3/14/05. (shb, ) (Entered: 03/21/2005) |
| 03/15/2005 | 493 | MINUTES: REQUEST FOR RECONSIDERATION BY DISTRICT COURT Of Magistrate Judge's Ruling Requiring CPT to Produce Pending Patent Applications is GRANTED. A written order will issue by Judge Consuelo B. Marshall 448 (pj, ) (Entered: 03/18/2005) |
| 03/16/2005 | 492 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case by Kell M Damsgaard for LG Philips LCD Co Ltd, designating David L Schrader as local counsel. Fee PAID. Approved by Judge Consuelo B. Marshall.(pj, ) (Entered: 03/18/2005) |
| 03/21/2005 | 503 | REPLY MEMORANDUM in Support of SECOND MOTION for Leave to amend answer to counterclaims 494 filed by defendant/counterclaimant Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 03/24/2005) |
| 03/21/2005 | 504 | SUPPLEMENTAL DECLARATION of CHRISTOPHER A MATHEWS in support of SECOND MOTION for Leave to file amended answer and counterclaims 494 filed by defendant/counterclaimant Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 03/24/2005) |
| 03/21/2005 | 505 | PROOF OF SERVICE filed by defendant/counterclaimant Chunghwa Picture Tubes Ltd of reply memorandum and declaration in support of |

| | | motion for leave to amend; served upon attached service list on 3/21/05 by first class mail (jag, ) (Entered: 03/24/2005) |
|---|---|---|
| 03/23/2005 | 502 | MINUTES by Judge Consuelo B. Marshall: Reopen case (Case reopened. MD JS-5.)Court Reporter: n/a. (jag, ) (Entered: 03/24/2005) |
| 03/25/2005 | 506 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 02/07/05 Court Reporter: Leandra Amber. (cbr, ) (Entered: 03/28/2005) |
| 03/25/2005 | 507 | TRANSCRIPT filed for proceedings held on 02/07/05. Court Reporter: Leandra Amber. (cbr, ) (Entered: 03/28/2005) |
| 03/28/2005 | 512 | MINUTES by Judge Consuelo B. Marshall; Chunghwa Picture Tubes Ltds Second MOTION for Leave to amend answer and counterclaims and to joint LG Electronics Inc as a party 494 is held. Arguments held, Motion is GRANTED. Court orders that this case be set for a scheduling conference on 4/4/05 at 10:00am; reports shall be filed on or before 3/31/05. Trial date is vacated.Court Reporter: Leandra Amber. (jag, ) (Entered: 04/14/2005) |
| 03/28/2005 | 513 | SECOND AMENDED ANSWER and AMENDED COUNTERCLAIM to Amended Answer to Complaint, Counterclaim 279 by Defendant Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 04/14/2005) |
| 03/28/2005 | 514 | THIRD PARTY COMPLAINT against third party defendant LG Electronics Inc Jury Demand. filed by Third Party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 04/14/2005) |
| 03/31/2005 | 508 | JOINT REPORT TO COURT Regarding Case Schedule filed by Defendant Chunghwa Picture Tubes Ltd. (yl, ) (Entered: 04/08/2005) |
| 04/04/2005 | 517 | MINUTES before Judge Consuelo B. Marshall; Scheduling Conference is held. Court ordered 1. fact discovery shall be completed on or before 8/5/05; 2. expert discovery shall be completed on or before 9/16/05; 3. motions shall be set for oral argument on or before 11/14/05 at 10:00am; Pretrial conference is set on 1/30/06 at 3:00pm; and 5. 6 week jury trial is set on 2/28/06 at 10:00am. Court Reporter: Leandra Amber. (jag, ) (Entered: 04/25/2005) |
| 04/07/2005 | 515 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of proposed second amended answer and counterclaims, third party claims; served upon attached service list on 4/7/05 by first class mail (jag, ) (Entered: 04/14/2005) |
| 04/11/2005 | 509 | ANSWER filed by counterdefendant LG Electronics Inc (jag, ). (Entered: 04/13/2005) |
| 04/11/2005 | 510 | ANSWER to Counterclaim 41 filed by counterdefendant LG Philips LCD Co Ltd.(jag, ) (Entered: 04/13/2005) |
| 04/11/2005 | 511 | PROOF OF SERVICE filed by counterdefendant LG Philips LCD Co Ltd, LG Electronics Inc of answers to counterclaims; served upon Christopher A Mathews on 4/11/05 by first class mail (jag, ) (Entered: 04/13/2005) |
| | | |

| 04/20/2005 | 516 | NOTICE OF DISCREPANCY AND ORDER: by Judge Jennifer T. Lum, ORDERING Unopposed Motion; declaration and proposed order re Letters Rogatory received on 4/19/05 is not to be filed but instead rejected. Denial based on: Letters of request are with proposed order; should be separate; no verification; lacking proper verification.(dp, ) (Entered: 04/20/2005) |
|---|---|---|
| 04/25/2005 | 518 | NOTICE OF DOCUMENT DISCREPANCIES AND ORDER by Judge Jennifer T. Lum ORDERING unopposed motion for issuance of letter of request submitted by Defendant Chunghwa Picture Tubes Ltd received on 4/21/05 to be filed and processed; filed date to be the date the document was stamped Received but not Filed with the Clerk.(jag, ) (Entered: 04/27/2005) |
| 04/25/2005 | 519 | UNOPPOSED MOTION for Issuance of a letter of request filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 04/27/2005) |
| 04/25/2005 | 520 | NOTICE OF UNOPPOSED MOTION for Issuance of a letter of request 519 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd (jag, ) (Entered: 04/27/2005) |
| 04/25/2005 | 521 | DECLARATION of WALLACE WU in support of UNOPPOSED MOTION for Issuance of a letter of request 519 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd (jag, ) (Entered: 04/28/2005) |
| 04/25/2005 | 522 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of request for international judicial assistance, notice of unopposed motion for issuance of a letter of request, etc; served upon attached service list on 4/21/05 by first class mail (jag, ) (Entered: 04/28/2005) |
| 04/26/2005 | 524 | ORDER by Judge Jennifer T. Lum : granting 519 Motion for Issuance. Letters issued and returned (dmjr, ) (Entered: 05/06/2005) |
| 05/04/2005 | 523 | ORDER that Chunghwa Picture Tubes, Ltd.'s memorandum of points and authorities in support of its motion for summary judgment to dismiss plaintiff's side-mount patent infringment claims for lack of standing [submitted concurrently with ex parte application] and Ex.C to the declaration of Heather H. Fan in support of Chunghwa Picture Tubes, Ltd.'s motion for summary judgment to dismiss plaintiff's Side-Mount Patent Infringment claims for lack of standing are STRICKEN FROM THE RECORD. The clerk's office is ordered to remove the strickent documents from the file by Judge Consuelo B. Marshall,(bp, ) (Entered: 05/05/2005) |
| 05/05/2005 | 525 | ORDER by Judge Consuelo B. Marshall; Defendants Chunghwa Picture Tubes Motion of District Court Magistrate Court's Ruling Requiring CPT to Produce Pending Patent Applications 48 449 is GRANTED. (see document for details)(jag, ) (Entered: 05/09/2005) |
| 05/05/2005 | 526 | ORDER re CLAIM ONSTRUCTION by Judge Consuelo B. Marshall; The matter before the Court is claim construction regarding the side-mount patents and semiconductor patents. The claim construction hearing occured on January 13-14, 2005, the Honorable Consuelo B Marshall presiding. (see |

| | | |
|---|---|---|
| | | document for details)(jag, ) (Entered: 05/09/2005) |
| 05/06/2005 | 529 | MEMORANDUM of Points and Authorities in Support of it's MOTION for Summary Judgment to dismiss plaintiffs side-mount patent infringement claims for lack of standing 528 filed by defendant, counterclaimant and third-party plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (ca, ) (Entered: 05/17/2005) |
| 05/06/2005 | 530 | DECLARATION of Heather H. Fan in support of MOTION for Summary Judgment to dismiss plaintiff's side-mount patent infringement claims for lack of standing 528 filed by defendant, counterclaimant and third-party plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (ca, ) (Entered: 05/17/2005) |
| 05/06/2005 | 531 | PROOF OF SERVICE filed by defendant, counterclaimant and third-party plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. re Memorandum od points and authorities in Support of Motion for summary judgment to dismiss plaintiff's side-mount patent infringement claims 529 , Declaration of Heather H. Fan in support of motion for summary judgment to dimiss plaintiffs side-mount patent infringement cliams and for lack of standing 530 , was served on 5/6/2005 by via first class mail; via hand deliver/personal service to David L. Schrader, Esq., of Mortan Lewis & Bocklus LLP & Mark Krietzman, Esq., Frank Merideth. (ca, ) (Entered: 05/17/2005) |
| 05/09/2005 | 528 | NOTICE OF MOTION AND MOTION for Joinder in Chungwa Picture Tubes MOTION for Summary Judgment to Dismiss Plaintiff's side-mount Paten infringement Claims for lack of Staning 189 filed by Defendant Tatung Co Of America and Tatung Company. (yl, ) (Entered: 05/16/2005) |
| 05/09/2005 | 532 | MEMORANDUM in Opposition to MOTION for Summary Judgment to dismiss plaintiffs patent infringement claims based on side mount patents for lack of standing 189 filed by plaintiff/counter-defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (jag, ) (Entered: 05/17/2005) |
| 05/09/2005 | 533 | STATEMENT of of GENUINE ISSUES in opposition to MOTION for Summary Judgment to dismiss plaintiffs patent infringement claims based on side mount patents for lack of standing 189 filed by plaintiff/counter-defendant LG Philips LCD Co Ltd. (jag, ) (Entered: 05/17/2005) |
| 05/09/2005 | 534 | DECLARATION of ANTHONY C ROTH in support of opposition to MOTION for Summary Judgment to dismiss plaintiffs patent infringement claims based on side mount patents for lack of standing 189 filed by plaintiff/counter-defendant LG Philips LCD Co Ltd. (jag, ) (Entered: 05/17/2005) |
| 05/09/2005 | 535 | DECLARATION of WON JUN CHOI in support of opposition to MOTION for Summary Judgment to dismiss plaintiffs patent infringement claims based on side mount patents for lack of standing 189 filed by plaintiff/counter-defendant LG Philips LCD Co Ltd. (jag, ) (Entered: 05/17/2005) |
| 05/09/2005 | 536 | DECLARATION of ANN A BYUN in support of opposition to MOTION |

| | | |
|---|---|---|
| | | for Summary Judgment to dismiss plaintiffs patent infringement claims based on side mount patents for lack of standing 189 filed by plaintiff/counter-defendant LG Philips LCD Co Ltd. (jag, ) (Entered: 05/17/2005) |
| 05/09/2005 | 537 | DECLARATION of SONG K JUNG in support of opposition to MOTION for Summary Judgment to dismiss plaintiffs patent infringement claims based on side mount patents for lack of standing 189 filed by plaintiff/counter-defendant LG Philips LCD Co Ltd. (jag, ) (Entered: 05/17/2005) |
| 05/09/2005 | 538 | PROOF OF SERVICE filed by plaintiff/counter-defendant LG Philips LCD Co Ltd of attached document list; served upon Christopher A Mathews on 5/9/05 by first class mail (jag, ) (Entered: 05/17/2005) |
| 05/10/2005 | 527 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case by David P Owen for Chunghwa Picture Tubes Ltd; Chunghwa Picture Tubes Ltd; Chunghwa Picture Tubes Ltd and Chunghwa Picture Tubes Ltd, designating Brian S Kim as local counsel. Fee PAID. Approved by Judge Consuelo B. Marshall.(jag, ) (Entered: 05/13/2005) |
| 05/16/2005 | 540 | MEMORANDUM of LG.Philips Lcd Co Ltd in Opposition to MOTION for Summary Judgment to Dismiss Plaintiff's side-mount Paten infringement Claims for lack of Staning 528 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. (jp, ) (Entered: 05/24/2005) |
| 05/16/2005 | 541 | REPLY MEMORANDUM OF POINTS AND AUTHORITIES in support of MOTION for Summary Judgment to Dismiss Plaintiff's side-mount Paten infringement Claims for lack of Staning 528 filed by Defendant, Counter Claimant Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 05/24/2005) |
| 05/16/2005 | 542 | SUPPLEMENTAL DECLARATION of CHRISTOPHER A. MATHEWS in support of Reply on its MOTION for Summary Judgment to Dismiss Plaintiff's side-mount Paten infringement Claims for lack of Staning 528 filed by Defendant, Counter Claimant Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 05/24/2005) |
| 05/16/2005 | 543 | PROOF OF SERVICE filed by Counter Defendant LG Philips LCD Co Ltd, LG Electronics Inc re MEMORANDUM of LG.Philips Lcd Co Ltd in Opposition to the Joinder of the Tatung Defendants to CPT MOTION for Summary Judgment to Dismiss Plaintiff's side-mount Paten infringement Claims for lack of Staning 540 ; Proposed Order denying joinder, was served on 5/16/2005. (jp, ) (Entered: 05/24/2005) |
| 05/17/2005 | 539 | MINUTES OF IN CHAMBERS ORDER by Judge Consuelo B. Marshall : The Court, on its own motion, hereby continues Chunghwa Picture Tubes, Ltd's Motion for Summary Judgment to Dismiss Plaintiff's Side mount Patent infringement Claims for lack of standing and Joinder currently scheduled for 5/23/2005 at 10:00 am to 5/23/2005 at 1:30 pm before Consuelo B. Marshall 189 528 . (yl, ) (Entered: 05/19/2005) |
| 05/18/2005 | 544 | REPLY to LG Philips LCD Co Ltd Opposition to the Joinder of the Tatung Defendants to Chunghwa Picture Tubes MOTION MEMORANDUM of |

| | | |
|---|---|---|
| | | LG.Philips Lcd Co Ltd in Opposition to MOTION for Summary Judgment to Dismiss Plaintiff's side-mount Paten infringement Claims for lack of Staning 528 filed by defendants Tatung Co Of America, Tatung Company. (jp, ) (Entered: 05/24/2005) |
| 05/23/2005 | 545 | MINUTES before Judge Consuelo B. Marshall: Motion of Chunghwa Picture Tubes Ltd for Summary Judgment to Dismiss Plaintiff side-Mount Patent Infringement Claims for Lack of Standing (filed 5/2/2005). Joinder 528 filed by Tatung Co and Tatung Company of America. Arguments held, Motions are CONTINUED to 8/15/2005 at 10:00 AM. Leave granted to counsel, Opposition shall be filed on or before 8/1/2005, Reply shall be filed on or before 8/8/2005. Court Reporter: Leandra Amber. (jp, ) (Entered: 05/26/2005) |
| 06/27/2005 | 546 | JOINT STATUS REPORT re MOTION for Summary Judgment to dismiss plaintiffs patent infringement claims based on side mount patents for lack of standing 189 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd (jag, ) (Entered: 07/01/2005) |
| 06/30/2005 | 547 | APPLICATION for attorney Adrian PJ Mollo of McKenna Long and Aldridge LLP to Appear Pro Hac Vice filed by Plaintiff LG Philips LCD Co Ltd. Lodged Proposed Order. (ir, ) (Entered: 07/05/2005) |
| 06/30/2005 | | FAX number for Attorney Adrian P J Mollo is 202-496-7756. (ir, ) (Entered: 07/05/2005) |
| 07/07/2005 | 548 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case by Adrian P J Mollo for LG Philips LCD Co Ltd, designating David L Schrader as local counsel. Fee PAID. Approved by Judge Consuelo B. Marshall.(jag, ) (Entered: 07/08/2005) |
| 07/07/2005 | 554 | APPLICATION for attorney Mark L Hogge to Appear Pro Hac Vice filed by defendants Tatung Co Of America, Tatung Company, Tatung Company. Lodged proposed order. (jag, ) (Entered: 07/18/2005) |
| 07/08/2005 | 549 | MINUTES by Judge Consuelo B. Marshall; On 5/23/05 Court heard oral argument in connection with Chunghwa Picture Tubes Ltds MOTION for Summary Judgment to Dismiss Plaintiff's side-mount Paten infringement Claims for lack of Standing 189 528 . On 6/27/05 parties submitted a joint status report informing the Court that a SDT was served uon the PTO requesting the administrative record pertaining to the 1971 rule-making; the PTO responded that it is unable to locate any such record. Court hereby VACATES the 8/15/05 hearing on motion. Chunghwa Picture Tubes motion is deemed fully submitted on the record before the Court.Court Reporter: n/a. (jag, ) (Entered: 07/11/2005) |
| 07/08/2005 | 550 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case by Mark L Hoggs for Tatung Company; Tatung Co Of America and Tatung Company, designating Mark H Krietzman as local counsel. Fee PAID. Approved by Judge Consuelo B. Marshall.(jag, ) (Entered: 07/11/2005) |
| 07/12/2005 | 551 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a |

| | | Specific Case by Matthew T. Bailey for Plaintiff LG Philips LCD Co., Ltd., designating David L. Schrader as local counsel. Fee PAID. Approved by Judge Consuelo B. Marshall.(gk, ) (Entered: 07/13/2005) |
|---|---|---|
| 07/12/2005 | | FAX number for Attorney Matthew T Bailey is 202-496-7756. (gk, ) (Entered: 07/13/2005) |
| 07/12/2005 | 552 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case by Laurence Evan Stein for LG Philips LCD Co Ltd, designating David L. Schrader as local counsel. Fee PAID. Approved by Judge Consuelo B. Marshall.(yl, ) (Entered: 07/14/2005) |
| 07/12/2005 | | FAX number for Attorney Laurence Evan Stein is 202-496-7756. (yl, ) (Entered: 07/14/2005) |
| 07/12/2005 | 553 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case by Gaspare J Bono for LG Philips LCD Co Ltd, designating David L. Schrader as local counsel. Fee PAID. Approved by Judge Consuelo B. Marshall.(yl, ) (Entered: 07/14/2005) |
| 07/12/2005 | | FAX number for Attorney Gaspare J Bono is 202-496-7756. (yl, ) (Entered: 07/14/2005) |
| 07/20/2005 | 560 | DECLARATION of David M. Morris in support of Opposition to Jean's motion to compel responses t inerrogatory Nos. 6-14 filed by Plaintiff LG Philips LCD Co Ltd, Counter Defendant LG Philips LCD Co Ltd. (ca, ) (Entered: 07/29/2005) |
| 07/20/2005 | 561 | DECLARATION of Won Jun Choi in support of opposition to motion to compel responses to interrogatory Nos. 6-14 filed by Plaintiff LG Philips LCD Co Ltd, Counter Defendant LG Philips LCD Co Ltd. (ca, ) (Entered: 07/29/2005) |
| 07/20/2005 | 562 | PROOF OF SERVICE filed by counterdefendant and plaintiff/counterclaim LG Philips LCD Co Ltd., LG Philips LCD Co Ltd, LG Electronics Inc. re Declaration of David M. Morris 560 , Declaration of Won jun Choi 561 , was served on 7/20/05 by mail to Christopher A. Mathews, Julie S. Gabler of Howrey Simon Arnold & White LLP. (ca, ) (Entered: 07/29/2005) |
| 07/21/2005 | 555 | APPLICATION for attorney Christine Dudzik to Appear Pro Hac Vice filed by counterclaimants/third party plaintiffs Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 07/22/2005) |
| 07/21/2005 | | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 5/23/05, 3/28/05 Court Reporter: Leandra Amber (mo, ) (Entered: 07/22/2005) |
| 07/21/2005 | 557 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 5/23/05, 3/28/05 Court Reporter: Leandra Amber (mo, ) (Entered: 07/22/2005) |
| 07/21/2005 | 558 | TRANSCRIPT filed for proceedings held on 3/28/05. Court Reporter: Leandra Amber. (mo, ) (Entered: 07/22/2005) |
| | | |

| 07/21/2005 | 559 | TRANSCRIPT filed for proceedings held on 5/23/05. Court Reporter: Leandra Amber. (mo, ) (Entered: 07/22/2005) |
|---|---|---|
| 07/22/2005 | 556 | NOTICE OF CLERICAL ERROR: Due to clerical error Re: Receipt of Reporters Transcript filed on 7/21/05 did not receive document number. (mo, ) (Entered: 07/22/2005) |
| 08/02/2005 | 563 | SUPPLEMENTAL Brief in support of its motion to compel responses, without objection, to Interrogatory Nos. 6-14 filed by defendant and counterclaimant Jean Company Ltd. (ca, ) (Entered: 08/10/2005) |
| 08/02/2005 | 564 | DECLARATION of John Hansen in support of Jean Company Ltd.'s motion to compel responses, without objection, to Interrogatory Nos. 6-14. (ca, ) (Entered: 08/10/2005) |
| 08/05/2005 | 565 | EX PARTE APPLICATION for Relief from the Discovery Cutoff filed by defendant/counterclaimant/thirdparty plaintiff Chunghwa Picture Tubes Ltd. Lodged proposed order. (jag, ) (Entered: 08/11/2005) |
| 08/05/2005 | 566 | DECLARATION of TERESA M CORBIN in support of EX PARTE APPLICATION for Relief from the Discovery Cutoff 565 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 08/11/2005) |
| 08/11/2005 | 570 | AMENDED OPPOSITION to EX PARTE APPLICATION for Relief from from the Discovery Cutoff 565 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 08/16/2005) |
| 08/12/2005 | 567 | STIPULATION AND ORDER by Judge Consuelo B. Marshall that the deposition of Toshiba noticed by Tatung may occur after the 8/5/05 discovery cutoff. Parties stipulate the deposition of Toshiba noticed by Tatung will occurr as soon as possible on a date that is convenient for the parties and the witness. LPL agrees not to object to the deposition of Toshiba on the grounds that the deposition will take place after the discovery cutoff. Parties shall take the deposition of Toshiba no later than 9/7/05. (jag, ) (Entered: 08/15/2005) |
| 08/12/2005 | 568 | STIPULATION AND ORDER by Judge Consuelo B. Marshall that parties stipulate with regard to expert discovery as follows: No notes drafts or other types of preliminary work by or for experts will be the subject of discovery or inquiry at trial. No pre-testimony communications between counsel and experts or third parties will be subject of discovery or inquiry at trial. Parties are not required to include expert demonstratives with the expert reports but will wxchange expert demonstratives on the date set for the exchange. Parties aggre to modify the case schedule as follows: a. opening expert reports shall be served on 9/23/05; b. rebuttal experts reports shall be served on 10/14/05; c. last day to meet and confer on dispositive motions shall be 10/25/05; d. close of expert discovery shall be 10/28/05; e. dispositive motions shall be filed on or before 11/14/05; f. oppositions to dispositive motions 12/2/05; g. replies to oppositions shall be filed by 12/12/05; h. Hearing on dispositive motions which was originally set for 11/14/05 shall be continued to 2/19/2005. Jury Trial is CONTINUED to 2/6/2005 10:00 AM. (jag, ) (Entered: 08/15/2005) |

| 08/12/2005 | 569 | MINUTES by Judge Consuelo B. Marshall; On 8/5/05 defendant, counterclaimant and third party plaintiff Chunghwa Picture Tubes Ltd filed an EX PARTE APPLICATION for Relief from from the Discovery Cutoff 565 , seeking an order to permit it to take depositions and seek production of documents from certain non-party witnesses beyond the fact discovery deadline. Based on consideration of the papers submitted, the application is DENIED as the Court is not persuaded that it is necessary or reasonable for Chunghwa to conduct up to 24 additional depositions of non-party witnesses. Discovery in this case has been ongoing for more than 2 years.Court Reporter: n/a. (jag, ) (Entered: 08/15/2005) |
| 08/16/2005 | 571 | NOTICE OF DISCREPANCY AND ORDER: by Judge Consuelo B. Marshall, ORDERING Stipulation re extension to file opposition to ex parte application submitted by Plaintiff LG Philips LCD Co Ltd received on 8/10/05 is not to be filed but instead rejected. Denial based on: memorandum/brief exceeding 10 pages shall contain table of contents.(jag, ) (Entered: 08/17/2005) |
| 08/19/2005 | 572 | EX PARTE APPLICATION for Leave to to present deposition testimony of Michele Bovio at trial filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Lodged proposed order. (jag, ) (Entered: 08/23/2005) |
| 08/19/2005 | 573 | DECLARATION of TERESA M CORBIN in support of EX PARTE APPLICATION for Leave to present deposition testimony of Michele Bovio at trial 572 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 08/23/2005) |
| 08/19/2005 | 574 | DECLARATION of MICHELE BOVIO in support of EX PARTE APPLICATION for Leave to to present deposition testimony of Michele Bovio at trial 572 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 08/23/2005) |
| 08/19/2005 | 575 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of ex parte application, declarations in support; served upon David L Schrader and Mark Krietzman on 8/19/05 by first class mail (jag, ) (Entered: 08/23/2005) |
| 08/22/2005 | 576 | OPPOSITION to EX PARTE APPLICATION for Leave to present deposition testimony of Michele Bovio at trial 572 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 08/23/2005) |
| 08/22/2005 | 577 | DECLARATION of CORINNE A NIOSI in support of opposition to EX PARTE APPLICATION for Leave to present deposition testimony of Michele Bovio at trial 572 filed by plaintiff/counter-defendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 08/23/2005) |
| 09/02/2005 | 578 | MINUTES by Judge Consuelo B. Marshall; On 8/19/05 defendant, counterclaimant and third party plaintiff Chunghwa Picture Tubes Ltd filed the EX PARTE APPLICATION for Leave to to present deposition testimony of Michele Bovio at trial 572 . Application is DENIED in part and GRANTED in part. To the extent that it requests a dispositive evidentiary |

| | | ruling on the admissibility of Mr Bovios deposition transcript at trial, CPTs application is DENIED without prejudice to its filing of a regularly noticed motion on the issue. Application is GRANTED with respect to its request to limit the amount of time to be spent taking Mr Bovios deposition testimony. Parties shall have a total of 20 hours per side in the event that an interpreter is used, 10 hours per side in the event that an interpreter is not used as the Court finds that such time is sufficient for a fair examination. Court Reporter: n/a. (jag, ) (Entered: 09/06/2005) |
|---|---|---|
| 09/12/2005 | 580 | Mail Returned addressed to David P Owen re 527 Application and Order for PHV Attorney (GG-64) - Approved (jag, ) (Entered: 09/19/2005) |
| 09/15/2005 | 579 | JOINT STIPULATION re AUTHENTICATION OF DOCUMENTS by Judge Consuelo B. Marshall; Parties stipulate as follows: Documents produced in the case (by parties and non-parties) are presumed to be authentic. If evidence is produced that a document lacks authenticity, the party proffering the document bears the burden of establishing authenticity. (see document for details)(jag, ) (Entered: 09/16/2005) |
| 09/20/2005 | 581 | ORDER by Judge Consuelo B. Marshall; Tatungs MOTION for Joinder in Chungwa Picture Tubes MOTION for Summary Judgment to Dismiss Plaintiff's side-mount Paten infringement Claims for lack of Standing 189 528 is DENIED. The Court GRANTS defendants Chungwa Picture Tubes Ltds MOTION for Summary Judgment to dismiss plaintiffs patent infringement claims based on side mount patents for lack of standing 189 with respect to CPT only. LPLs side-mount patent claims are DISMISSED WITHOUT PREJUDICE with respect to defendant CPT.(jag, ) (Entered: 09/21/2005) |
| 09/28/2005 | 582 | NOTICE OF DISCREPANCY AND ORDER: by Judge Consuelo B. Marshall, ORDERING ex parte application for leave to amend or supplement its complaint; declaration of A. Roth; declaration of D. Morris; notice of lodging 2nd amended complaint; proposed order submitted by Plaintiff LG Philips LCD Co Ltd, Counter Defendant LG Philips LCD Co Ltd received on 9/27/05 is not to be filed but instead rejected. Denial based on: proposed amended pleading not under separate cover, attached to notice of lodging also these documents are referring to 2nd amended complaint. Fourth amended complaint was filed on 4/7/05.(ca, ) (Entered: 10/03/2005) |
| 09/28/2005 | 583 | EX PARTE APPLICATION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate filed by plaintiff and counter defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. Lodged Proposed order and 2nd Amended Complaint. (ca, ) (Entered: 10/03/2005) |
| 09/28/2005 | 584 | DECLARATION of David M. Morris in support of EX PARTE APPLICATION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 583 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (ca, ) (Entered: 10/03/2005) |
| 09/28/2005 | 585 | DECLARATION of Anthony C. Roth in support of EX PARTE APPLICATION for Leave to amend or supplement its complaint to add side- |

| | | |
|---|---|---|
| | | mount patent claims or to consolidate 583 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (ca, ) (Entered: 10/03/2005) |
| 09/28/2005 | 586 | NOTICE of lodging second amended complaint for patent infringement [demand for jury trial] filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (ca, ) (Entered: 10/03/2005) |
| 09/28/2005 | 587 | PROOF OF SERVICE filed by counterclaim defendnat and plaintiff/counterclaim LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Electronics Inc. re Notice of lodging) 586 , EX PARTE APPLICATION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 583 , Declaration of David M. Morris 584 , Declaration Anthony C. Roth 585 , was served on 9/27/05. (ca, ) (Entered: 10/03/2005) |
| 09/29/2005 | 588 | OPPOSITION to EX PARTE APPLICATION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 583 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 10/04/2005) |
| 09/29/2005 | 589 | DECLARATION of DAVID A MAKMAN in support of opposition to EX PARTE APPLICATION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 583 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 10/04/2005) |
| 10/05/2005 | 594 | MINUTES by Judge Consuelo B. Marshall; On 9/28/05 plaintiff LG Philips LCD Co filed an EX PARTE APPLICATION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 583 . Defendant Chungwa Picture Tubes filed an opposition the next day. Based on consideration of the papers submitted, plaintiffs motion is DENIED without prejudice to its filing of a regularly noticed motion.Court Reporter: n/a. (jag, ) (Entered: 10/11/2005) |
| 10/06/2005 | 590 | EX PARTE APPLICATION for Order regarding Bovio deposition filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Lodged order. (jag, ) (Entered: 10/07/2005) |
| 10/06/2005 | 591 | DECLARATION of ANTHONY C ROTH in support of EX PARTE APPLICATION for Order regarding Bovio deposition 590 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 10/07/2005) |
| 10/06/2005 | 592 | PROOF OF SERVICE filed by plaintiff/counterdefendant LG Philips LCD Co Ltd of attached document list; served upon Christopher A Mathews on 10/6/05 by first class mail (jag, ) (Entered: 10/07/2005) |
| 10/07/2005 | 593 | MINUTES OF Telephone Conference held before Judge Jennifer T. Lum re Ex Parte Application by plaintiff. Ex Parte Application re Bovio deposition is denied. See Minute Order for specifics. Tape #: 05-16. (dp, ) (Entered: 10/07/2005) |
| 10/07/2005 | 595 | OPPOSITION to EX PARTE APPLICATION for Order regarding Bovio |

| | | |
|---|---|---|
| | | deposition 590 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 10/11/2005) |
| 10/07/2005 | 596 | DECLARATION of TERESA M CORBIN in support of opposition to EX PARTE APPLICATION for Order regarding Bovio deposition 590 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 10/11/2005) |
| 10/07/2005 | | PLACED IN FILE - NOT USED re Proposed Order Granting LG Philips LCD Co Ltd Ex Parte Application for Order regarding Bovio Deposition, lodged 10/6/05 submitted by Plaintiff and Counterdefendant LG Philips LCD Co Ltd. (ir, ) (Entered: 10/13/2005) |
| 10/12/2005 | 597 | NOTICE of Change of Attorney Information: Jeffrey N Brown is no longer attorney of record in this case for the reason indicated in the G-06 Notice.Jeffrey N Brown is no longer attorney of record in this case for the reason indicated in the G-06 Notice. Filed by counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc(jag, ) (Entered: 10/14/2005) |
| 10/20/2005 | 600 | EX PARTE APPLICATION to have four motions to compel accepted for filing and set for hearing on 11/8/05 or for somedate after 11/8/05 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Lodged proposed order. (jag, ) (Entered: 10/25/2005) |
| 10/20/2005 | 601 | DECLARATION of SCOTT B GARNER in support of EX PARTE APPLICATION to have four motions to compel accepted for filing and set for hearing on 11/8/05 or for somedate after 11/8/05 600 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 10/25/2005) |
| 10/20/2005 | 612 | DECLARATION of DAVID M MORRIS in support of opposition to MOTION to Compel LG Philips Lcd Co Ltd to provide further responses to seventh set of special interrogatories Nos 23 and 24 608 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 10/25/2005) |
| 10/20/2005 | 613 | DECLARATION of DAVID M MORRIS in support of opposition to MOTION to Compel LG Electronics Inc to provide further responses to Second and Third sets of Interrogatories 604 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 10/25/2005) |
| 10/20/2005 | 614 | DECLARATION of DAVID M MORRIS in support of opposition to MOTION to Compel LG Philips LCD Co Ltd to produce documents in response to first second and seventh requests for production 610 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 10/25/2005) |
| 10/20/2005 | 615 | DECLARATION of DAVID M MORRIS in support of opposition to MOTION to Compel LG Electronics Inc to produce documents in response to third set of requests for production, request nos 103-105 606 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 10/25/2005) |

| 10/20/2005 | 616 | DECLARATION of ANTHONY C ROTH in support of opposition to MOTION to Compel LG Electronics Inc to provide further responses to Second and Third sets of Interrogatories 604 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 10/25/2005) |
|---|---|---|
| 10/20/2005 | 617 | DECLARATION of ANTHONY C ROTH in support of opposition to MOTION to Compel LG Electronics Inc to provide further responses to Second and Third sets of Interrogatories 604 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 10/25/2005) |
| 10/20/2005 | 618 | DECLARATION of ANTHONY C ROTH in support of opposition to MOTION to Compel LG Philips Lcd Co Ltd to provide further responses to seventh set of special interrogatories Nos 23 and 24 608 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 10/25/2005) |
| 10/20/2005 | 619 | DECLARATION of ANTHONY C ROTH in support of opposition to MOTION to Compel LG Philips LCD Co Ltd to produce documents in response to first second and seventh requests for production 610 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 10/25/2005) |
| 10/20/2005 | 620 | PROOF OF SERVICE filed by plaintiff/counterdefendant LG Philips LCD Co Ltd, LG Electronics Inc of attached document list; served upon attached service list on 10/20/05 by first class mail (jag, ) (Entered: 10/25/2005) |
| 10/21/2005 | 598 | MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum re Motions to Compel filed by Defendant Chungwa Picture Tube. Any supplemental brief must comply with Local Rule 37-2.3. See Minute Order for specifics. (dp, ) (Entered: 10/21/2005) |
| 10/21/2005 | 599 | ORDER by Judge Jennifer T. Lum granting defendant / counterclaimant Chunghwa Picture Tubes Ltds Ex Parte Application to have four Motions to Compel accepted for filing and set for hearing on 11/9/05 at 10:30 AM: 1) CPTs Motion to Compel LG Philips LCD Co Ltd to provide further responses to Seventh Set of Interrogatories Nos 23 and 24; 2) CPTs Motion to Compel LG Philips LCD Co Ltd to produce documents responsive to First, Second, and Seventh Requests for Production; 3) CPTs Motion to Compel LG Electronics Inc to Provide Further Responses to Second Set and Third Sets of Interrogatories; and 4) CPTs Motion to Compel LG Electronics Inc to Produce Documents in Response to Third Set of Requests for Production, Request Nos 10-105. (mg, ) (Entered: 10/24/2005) |
| 10/21/2005 | 602 | DECLARATION of CATHERINE N MITCHELL in support of opposition to EX PARTE APPLICATION to have four motions to compel accepted for filing and set for hearing on 11/8/05 or for somedate after 11/8/05 600 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 10/25/2005) |
| 10/21/2005 | 603 | OPPOSITION to EX PARTE APPLICATION to have four motions to compel accepted for filing and set for hearing on 11/8/05 or for somedate |

| | | after 11/8/05 600 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 10/25/2005) |
|---|---|---|
| 10/21/2005 | 604 | NOTICE OF MOTION AND MOTION to Compel LG Electronics Inc to provide further responses to Second and Third sets of Interrogatories filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 11/9/2005 at 10:30 AM before Magistrate Judge Jennifer T. Lum. (jag, ) (Entered: 10/25/2005) |
| 10/21/2005 | 605 | JOINT STIPULATION re motion to compel LG Electronics Inc to provide further responses to second and third sets of interrogatories filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 10/25/2005) |
| 10/21/2005 | 606 | NOTICE OF MOTION AND MOTION to Compel LG Electronics Inc to produce documents in response to third set of requests for production, request nos 103-105 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 11/9/2005 at 10:30 AM before Magistrate Judge Jennifer T. Lum. (jag, ) (Entered: 10/25/2005) |
| 10/21/2005 | 607 | JOINT STIPULATION to Compel LG Electronics Inc to produce documents in response to third set of requests for production, request nos 103-105 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 10/25/2005) |
| 10/21/2005 | 608 | NOTICE OF MOTION AND MOTION to Compel LG Philips Lcd Co Ltd to provide further responses to seventh set of special interrogatories Nos 23 and 24 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 11/9/2005 at 10:30 AM before Magistrate Judge Jennifer T. Lum. (jag, ) (Entered: 10/25/2005) |
| 10/21/2005 | 609 | JOINT STIPULATION to Compel LG Philips Lcd Co Ltd to provide further responses to seventh set of special interrogatories Nos 23 and 24 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 10/25/2005) |
| 10/21/2005 | 610 | NOTICE OF MOTION AND MOTION to Compel LG Philips LCD Co Ltd to produce documents in response to first second and seventh requests for production filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 11/9/2005 at 10:30 AM before Magistrate Judge Jennifer T. Lum. (jag, ) (Entered: 10/25/2005) |
| 10/21/2005 | 611 | JOINT STIPULATION to Compel LG Philips LCD Co Ltd to produce documents in response to first second and seventh requests for production filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 10/25/2005) |
| 10/21/2005 | 621 | DECLARATION of SCOTT B GARNER in support of MOTION to Compel LG Electronics Inc to provide further responses to Second and Third sets of Interrogatories 604 , MOTION to Compel LG Electronics Inc to produce documents in response to third set of requests for production, request nos 103-105 606 , MOTION to Compel LG Philips Lcd Co Ltd to provide further responses to seventh set of special interrogatories Nos 23 and 24 608 , |

| | | |
|---|---|---|
| | | MOTION to produce documents in response to first second and seventh requests for production 610 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 10/25/2005) |
| 10/21/2005 | 624 | PROOF OF SERVICE filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc of ex parte application to have four motions to compel accepted for filing, declaration of Catherine N Mitchell in support; served upon Christopher A Mathews on 10/21/05 by first class mail (jag, ) (Entered: 10/26/2005) |
| 10/26/2005 | 622 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 4/4/05 Court Reporter: Leandra Amber (mo, ) (Entered: 10/26/2005) |
| 10/26/2005 | 623 | TRANSCRIPT filed for proceedings held on 4/4/05. Court Reporter: Leandra Amber. (mo, ) (Entered: 10/26/2005) |
| 10/26/2005 | 625 | SUPPLEMENTAL MEMORANDUM in Support of MOTION to Compel LG Electronics Inc to provide further responses to Second and Third sets of Interrogatories 604 , MOTION to Compel LG Electronics Inc to produce documents in response to third set of requests for production, request nos 103-105 606 MOTION to Compel LG Philips Lcd Co Ltd to provide further responses to seventh set of special interrogatories Nos 23 and 24 608 , MOTION to Compel LG Philips LCD Co Ltd to produce documents in response to first second and seventh requests for production 610 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 10/28/2005) |
| 10/26/2005 | 626 | DECLARATION of SCOTT B GARNER in support of MOTION to Compel LG Electronics Inc to provide further responses to Second and Third sets of Interrogatories 604 , MOTION to Compel LG Electronics Inc to produce documents in response to third set of requests for production, request nos 103-105 606 MOTION to Compel LG Philips Lcd Co Ltd to provide further responses to seventh set of special interrogatories Nos 23 and 24 608 , MOTION to Compel LG Philips LCD Co Ltd to produce documents in response to first second and seventh requests for production 610 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 10/28/2005) |
| 10/26/2005 | 627 | JOINT SUPPLEMENTAL MEMORANDUM in Opposition to MOTION to Compel LG Electronics Inc to provide further responses to Second and Third sets of Interrogatories 604 , MOTION to Compel LG Electronics Inc to produce documents in response to third set of requests for production, request nos 103-105 606 MOTION to Compel LG Philips Lcd Co Ltd to provide further responses to seventh set of special interrogatories Nos 23 and 24 608 , MOTION to Compel LG Philips LCD Co Ltd to produce documents in response to first second and seventh requests for production 610 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 10/28/2005) |
| 11/08/2005 | 629 | NOTICE OF MOTION AND MOTION Requesting Court to Certify Its Order Regarding Standing Under 28 USC Section 1292(b) filed by Defendant Chunghwa Picture Tubes Ltd. Motion set for hearing on |

| | | |
|---|---|---|
| | | 11/28/2005 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged Lodged Proposed Order. (shb, ) (Entered: 11/10/2005) |
| 11/08/2005 | 630 | MEMORANDUM of points and authorities in support of MOTION to Certify 629 filed by defendant, Chunghwa Picture Tubes Ltd. (sv) (Entered: 11/15/2005) |
| 11/08/2005 | 631 | DECLARATION of Christopher A Mathews in support of MOTION to Certify 629 filed by defendant, Chunghwa Picture Tubes Ltd. (sv) (Entered: 11/15/2005) |
| 11/08/2005 | 632 | PROOF OF SERVICE filed by defendant, Chunghwa Picture Tubes Ltd, re Memorandum in Support of Motion 630 , Declaration (Motion related) 631 , MOTION to Certify, 629 was served on 11/7/05. (sv) (Entered: 11/15/2005) |
| 11/09/2005 | 628 | MINUTES OF Discovery Hearing held before Jennifer T. Lum :, RE: MOTION to Compel 608 , MOTION to Compel 610 , MOTION to Compel 604 , MOTION to Compel 606 . Motions granted in part and denied in part. See Minute Order for specifics. Tape #: 05-18. (dp, ) (Entered: 11/10/2005) |
| 11/14/2005 | 633 | NOTICE OF MOTION AND MOTION for Summary Judgment No 7 of non-infringement of side-mount patent claims by Monitor Products filed by defendants/counterclaimants Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd, Viewsonic Corporation, Chunghwa Picture Tubes Ltd. Motion set for hearing on 12/19/2005 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged proposed statement and judgment. (jag, ) (Entered: 11/17/2005) |
| 11/14/2005 | 634 | MEMORANDUM in Support of MOTION for Summary Judgment No 7 of non-infringement of side-mount patent claims by Monitor Products 633 filed by defendants/counterclaimants Chunghwa Picture Tubes Ltd, Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd, Viewsonic Corporation. (jag, ) (Entered: 11/17/2005) |
| 11/14/2005 | 635 | PROOF OF SERVICE filed by defendants/counterclaimants Chunghwa Picture Tubes Ltd, Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd, Viewsonic Corporation of motion for summary judgment No 7, memorandum of points and authorities in support; served upon attached service list on 11/14/05 by first class mail (jag, ) (Entered: 11/17/2005) |
| 11/14/2005 | 638 | NOTICE OF MOTION AND MOTION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate filed by plaintiff/counterdefendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. Motion set for hearing on 12/5/2005 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged proposed order and second amended complaint. (jag, ) (Entered: 11/18/2005) |
| 11/14/2005 | 639 | MEMORANDUM in Support of MOTION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate |

| | | 638 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 11/18/2005) |
|---|---|---|
| 11/14/2005 | 640 | DECLARATION of ANTHONY C ROTH in support of MOTION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 638 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 11/18/2005) |
| 11/14/2005 | 641 | DECLARATION of DAVID M MORRIS in support of MOTION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 638 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 11/18/2005) |
| 11/14/2005 | 642 | OPPOSITION to MOTION Requesting Court to Certify Its Order Regarding Standing Under 28 USC Section 1292(b) 629 filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 11/18/2005) |
| 11/14/2005 | 643 | DECLARATION of CORINNE A NIOSI in support of opposition to MOTION Requesting Court to Certify Its Order Regarding Standing Under 28 USC Section 1292(b) 629 filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 11/18/2005) |
| 11/14/2005 | 644 | NOTICE of LODGING Second Amended or supplemental complaint for patent infringement (demand for jury trial) filed by plaintiff/counter defendant LG Philips LCD Co Ltd. (jag, ) (Entered: 11/18/2005) |
| 11/14/2005 | 645 | PROOF OF SERVICE filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc of attached document list; served upon Christopher A Mathews on 11/14/05 by first class mail (jag, ) (Entered: 11/18/2005) |
| 11/15/2005 | 646 | NOTICE OF MOTION AND MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of invalidity of US Patents 6,002,457 and 5,926,237 filed by defendant/counterclaimants Tatung Co Of America, Tatung Company, Tatung Company. Motion set for hearing on 1/9/2006 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged statement of U/F and proposed order. (jag, ) (Entered: 11/18/2005) |
| 11/15/2005 | 647 | MEMORANDUM in Support of MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of invalidity of US Patents 6,002,457 and 5,926,237 646 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company. (jag, ) (Entered: 11/18/2005) |
| 11/15/2005 | 648 | DECLARATION of E NAIR FLORES in support of MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of invalidity of US Patents 6,002,457 and 5,926,237 646 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company. (jag, ) (Entered: 11/18/2005) |
| 11/15/2005 | 649 | DECLARATION of SAMUEL K SIMPSON in support of MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of invalidity of US Patents 6,002,457 and 5,926,237 646 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company, Tatung Company. (jag, ) (Entered: 11/18/2005) |

| | | |
|---|---|---|
| 11/15/2005 | 650 | PROOF OF SERVICE filed by defendants/counterclaimant Tatung Co Of America, Tatung Company of attached document list; served upon attached service list on 11/14/05 by first class mail (jag, ) (Entered: 11/18/2005) |
| 11/15/2005 | 651 | NOTICE OF MOTION AND MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of non-infringement of US Patents 6,373,537, 6,002,457 and 5,926,237 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company. Motion set for hearing on 1/9/2006 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged statement of U/F and proposed order. (jag, ) (Entered: 11/18/2005) |
| 11/15/2005 | 652 | MEMORANDUM in Support of MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of non-infringement of US Patents 6,373,537, 6,002,457 and 5,926,237 651 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company. (jag, ) (Entered: 11/18/2005) |
| 11/15/2005 | 653 | DECLARATION of VINCENT LIU in support of MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of non-infringement of US Patents 6,373,537, 6,002,457 and 5,926,237 651 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company. (jag, ) (Entered: 11/18/2005) |
| 11/15/2005 | 654 | DECLARATION of MIKE LEE in support of MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of non-infringement of US Patents 6,373,537, 6,002,457 and 5,926,237 651 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company. (jag, ) (Entered: 11/18/2005) |
| 11/15/2005 | 655 | DECLARATION of DR VIJAY GUPTA in support of MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of non-infringement of US Patents 6,373,537, 6,002,457 and 5,926,237 651 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company. (jag, ) (Entered: 11/18/2005) |
| 11/15/2005 | 656 | DECLARATION of MARK H KRIETZMAN in support of MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of non-infringement of US Patents 6,373,537, 6,002,457 and 5,926,237 651 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company, Tatung Company. (jag, ) (Entered: 11/18/2005) |
| 11/15/2005 | 657 | DECLARATION of VALERIE W HO in support of MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of non-infringement of US Patents 6,373,537, 6,002,457 and 5,926,237 651 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company, Tatung Company. (jag, ) (Entered: 11/18/2005) |
| 11/15/2005 | 658 | PROOF OF SERVICE filed by defendants/counterclaimant Tatung Co Of America, Tatung Company of attached document list; served upon attached service list on 11/14/05 by first class mail (jag, ) (Entered: 11/18/2005) |
| 11/15/2005 | 660 | NOTICE OF MOTION AND MOTION for Summary Judgment of |

| | | infringement and no anticipation of U S Patent 5,825,449 filed by plaintiff LG Philips LCD Co Ltd. Motion set for hearing on 1/9/2006 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged statement of U/F; proposed order. (jag, ) (Entered: 11/21/2005) |
|---|---|---|
| 11/15/2005 | 661 | MEMORANDUM in Support of MOTION for Summary Judgment of infringement and no anticipation of U S Patent 5,825,449 660 filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 11/21/2005) |
| 11/15/2005 | 663 | DECLARATION of MARK MORANO in support of MOTION for Summary Judgment of infringement and no anticipation of U S Patent 5,825,449 660 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 11/21/2005) |
| 11/15/2005 | 664 | DECLARATION of DAVID P YORK in support of MOTION for Summary Judgment of infringement and no anticipation of U S Patent 5,825,449 660 filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 11/21/2005) |
| 11/15/2005 | 665 | DECLARATION of DR GARY W RUBLOFF in support of MOTION for Summary Judgment of infringement and no anticipation of U S Patent 5,825,449 660 filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 11/21/2005) |
| 11/15/2005 | 666 | DECLARATION of R TYLER GOODWYN IV in support of MOTION for Summary Judgment of infringement and no anticipation of U S Patent 5,825,449 660 filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 11/21/2005) |
| 11/15/2005 | 667 | DECLARATION of R TYLER GOODWYN IV in support of MOTION for Summary Judgment of infringement and no anticipation of U S Patent 5,825,449 660 filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 11/21/2005) |
| 11/15/2005 | 668 | EX PARTE APPLICATION for Leave to file under seal certain exhibits attached to declaration of R Tyler Goodwyn IV in support of motion for Summary Judgment of infringement and no anticipation of U S Patent 5,825,449 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Lodged proposed order and exhibits. (jag, ) (Entered: 11/21/2005) |
| 11/15/2005 | 669 | NOTICE OF MOTION AND MOTION for Summary Judgment #1 of noninfringement of Claim 1 of US Patent No. 4,624.737 filed by defendant Chunghwa Picture Tubes Ltd. Motion set for hearing on 1/9/2005 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged statement of uncontroverted facts and conclusions, proposed judgment. (pj, ) (Entered: 11/22/2005) |
| 11/15/2005 | 670 | NOTICE OF MOTION AND MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. Motion set for hearing on 1/9/2006 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged statement of U/F; proposed judgment. (jag, ) (Entered: 11/22/2005) |
| | | |

| 11/15/2005 | 671 | MEMORANDUM in Support of MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 11/22/2005) |
|---|---|---|
| 11/15/2005 | 672 | DECLARATION of YONG BUM KIM in support of MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 673 | DECLARATION of JAMES L REED in support of MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 674 | DECLARATION of DONG SUN LEE in support of MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 675 | EX PARTE APPLICATION for Leave to to file under seal Exhibits 1 and 3 of Y B Kim Declaration, Exhibits 1, 3, 8, 10 - 14 of D S Lee Declaration and Exhibits M and N of Reed Declaration in support of their MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Lodged proposed order. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 676 | DECLARATION of ANN A BYUN in support of EX PARTE APPLICATION for Leave to to file under seal Exhibits 1 and 3 of Y B Kim Declaration, Exhibits 1, 3, 8, 10 - 14 of D S Lee Declaration and Exhibits M and N of Reed Declaration in support of their MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 675 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 677 | NOTICE OF MOTION AND MOTION for Summary Judgment of Infringement of U S Patent 4,624,737 filed by plaintiff LG Philips LCD Co Ltd. Motion set for hearing on 1/9/2006 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged statement of U/F; proposed judgment. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 678 | MEMORANDUM in Support of MOTION for Summary Judgment of Infringement of U S Patent 4,624,737 677 filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 680 | DECLARATION of DAVID P YORK in support of MOTION for Summary Judgment of Infringement of U S Patent 4,624,737 677 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 681 | DECLARATION of MARK MORANO in support of MOTION for Summary Judgment of Infringement of U S Patent 4,624,737 677 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: |

| | | 11/22/2005) |
|---|---|---|
| 11/15/2005 | 682 | DECLARATION of R TYLER GOODWYN IV in support of MOTION for Summary Judgment of Infringement of U S Patent 4,624,737 677 ; VOLUME I filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 683 | DECLARATION of R TYLER GOODWYN IV in support of MOTION for Summary Judgment of Infringement of U S Patent 4,624,737 677 ; VOLUME II filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 684 | DECLARATION of DR GARY W RUBLOFF in support of MOTION for Summary Judgment of Infringement of U S Patent 4,624,737 677 filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 685 | EX PARTE APPLICATION for Leave to file under seal certain exhibits attached to declaration of R Tyler Goodwyn IV in support of MOTION for Summary Judgment of Infringement of U S Patent 4,624,737 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Lodged proposed order and exhibits. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 686 | MEMORANDUM in Support of MOTION for Summary Judgment #1 of noninfringement of Claim 1 of US Patent No. 4,624.737 669 **REDACTED** filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 687 | DECLARATION of CHIEN KUO HE in support of MOTION for Summary Judgment #1 of noninfringement of Claim 1 of US Patent No. 4,624.737 669 **REDACTED** filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 688 | DECLARATION of DR GERALD LUCOVSKY in support of MOTION for Summary Judgment #1 of noninfringement of Claim 1 of US Patent No. 4,624.737 669 **REDACTED** filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 689 | DECLARATION of CHIN-YUNG PENG in support of MOTION for Summary Judgment #1 of noninfringement of Claim 1 of US Patent No. 4,624.737 669 **REDACTED** filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 690 | DECLARATION of DAVID P OWEN in support of MOTION for Summary Judgment #1 of noninfringement of Claim 1 of US Patent No. 4,624.737 669 ; **REDACTED** filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 691 | PROOF OF SERVICE filed by defendant Chunghwa Picture Tubes Ltd of attached document list; served upon David L Schrader and Mark Krietzman on 11/14/05 by first class mail (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 693 | NOTICE OF MOTION AND MOTION for Summary Judgment No 3 of noninfringement of claims 10 and 11 of U S Patent No 5,825,449 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. |

| | | Motion set for hearing on 1/9/2006 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged statement of U/F; judgment. (jag, ) Modified on 11/22/2005 (jag, ). (Entered: 11/22/2005) |
|---|---|---|
| 11/15/2005 | 694 | MEMORANDUM in Support of MOTION for Summary Judgment of noninfringement of claims 10 and 11 of U S Patent No 5,825,449 693 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 695 | DECLARATION of CHIEN KUO HE WANG in support of MOTION for Summary Judgment of noninfringement of claims 10 and 11 of U S Patent No 5,825,449 693 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 696 | DECLARATION of ROGER STEWART in support of MOTION for Summary Judgment of noninfringement of claims 10 and 11 of U S Patent No 5,825,449 693 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 697 | DECLARATION of YI-TSAI HSU in support of MOTION for Summary Judgment No 3 of noninfringement of claims 10 and 11 of U S Patent No 5,825,449 693 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 698 | DECLARATION of CHRISTOPHER A MATHEWS in support of MOTION for Summary Judgment No 3 of noninfringement of claims 10 and 11 of U S Patent No 5,825,449 693 **REDACTED** filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 699 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon David L Schrader and Mark Krietzman on 11/14/05 by first class mail (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 700 | NOTICE OF MOTION AND MOTION for Summary Judgment No 4 that claims 1 threug 7 of the `449 Patent are invalid or in the alternative, that defendants accused products do not infringe claims 1 through 7 of the `449 Patent filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 1/9/2006 at 09:00 AM before Honorable Consuelo B. Marshall. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 701 | MEMORANDUM in Support of MOTION for Summary Judgment No 4 that claims 1 threug 7 of the `449 Patent are invalid or in the alternative, that defendants accused products do not infringe claims 1 through 7 of the `449 Patent 700 filed by defendants Chunghwa Picture Tubes Ltd, Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 702 | DECLARATION of ROGER STEWART in support of MOTION for Summary Judgment No 4 that claims 1 threug 7 of the `449 Patent are invalid or in the alternative, that defendants accused products do not infringe |

| | | |
|---|---|---|
| | | claims 1 through 7 of the `449 Patent 700 filed by defendants Chunghwa Picture Tubes Ltd, Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 703 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon David L Schrader and Mark Krietzman on 11/14/05 by personal and overnight delivery (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 705 | NOTICE OF MOTION AND MOTION for Summary Judgment No 5 to dismiss plaintiffs side-mount patent infringement claims for invalidity under the on-sale bar filed by defendants Chunghwa Picture Tubes Ltd, Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd, Viewsonic Corporation. Motion set for hearing on 1/9/2006 at 10:00 AM before Honorable Consuelo B. Marshall. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 706 | MEMORANDUM in Support of MOTION for Summary Judgment No 5 to dismiss plaintiffs side-mount patent infringement claims for invalidity under the on-sale bar 705 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 707 | DECLARATION of CHRISTOPHER A MATHEWS in support of MOTION for Summary Judgment No 5 to dismiss plaintiffs side-mount patent infringement claims for invalidity under the on-sale bar 705 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 708 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon David L Schrader and Mark Krietzman on 11/14/05 by personal service (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 712 | NOTICE OF MOTION AND MOTION for Summary Judgment denying Counterclaim to correct inventorship filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Motion set for hearing on 1/9/2006 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged statement of U/F; proposed order. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 714 | DECLARATION of DAVID M MORRIS in support of MOTION for Summary Judgment denying Counterclaim to correct inventorship 712 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 11/22/2005) |
| 11/15/2005 | 716 | NOTICE OF MOTION AND MOTION for Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,537 (side-mount patents) filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Motion set for hearing on 1/9/2006 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged statement of U/F; proposed order. (jag, ) (Entered: 11/23/2005) |
| 11/15/2005 | 720 | EX PARTE APPLICATION for Leave to file under seal exhibits 9, 20, 22 - |

| | | 26, 28 - 31, 33 and 35 attached to declaration of Ann A Byun in support of MOTION for Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,537 (side-mount patents) filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Lodged order; under seal exhibits. (jag, ) (Entered: 11/23/2005) |
|---|---|---|
| 11/15/2005 | 722 | EX PARTE APPLICATION for Order permitting documents regarding it MOTION for Summary Judgment No 3 of noninfringement of claims 10 and 11 of U S Patent No 5,825,449 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/23/2005) |
| 11/15/2005 | 723 | DECLARATION of CHRISTOPHER A MATHEWS in support of EX PARTE APPLICATION for Order permitting documents regarding it MOTION for Summary Judgment No 3 of noninfringement of claims 10 and 11 of U S Patent No 5,825,449 722 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/23/2005) |
| 11/15/2005 | 724 | NOTICE OF MOTION AND MOTION for Summary Judgment dismissing counterclaims for tortious interference and unfair competition and demand for punitive damages filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Motion set for hearing on 1/9/2006 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged statement of U/F; proposed order. (jag, ) (Entered: 11/23/2005) |
| 11/15/2005 | 725 | MEMORANDUM in Support of MOTION for Summary Judgment dismissing counterclaims for tortious interference and unfair competition and demand for punitive damages 724 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. **REDACTED** (jag, ) (Entered: 11/23/2005) |
| 11/15/2005 | 727 | DECLARATION of DAVID L SCHRADER in support of MOTION for Summary Judgment dismissing counterclaims for tortious interference and unfair competition and demand for punitive damages 724 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 11/23/2005) |
| 11/15/2005 | 728 | NOTICE OF DISCREPANCY AND ORDER: by Judge Consuelo B. Marshall, ORDERING motion for summary judgment no 6 - 8; ex parte application for order filing exhibits under seal submitted by Plaintiff LG Philips LCD Co Ltd received on 11/14/05 is not to be filed but instead rejected. Denial based on: Judge Marshall is not hearing motions on 12/19/05.(jag, ) (Entered: 11/23/2005) |
| 11/15/2005 | 730 | EX PARTE APPLICATION for an order for Leave to file under seal exhibits D and E attached to the declaration of David M Morris in support of motion for summary judgment denying counterclaims to correct inventorship filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Lodged proposed order. (jag, ) (Entered: 11/28/2005) |
| 11/15/2005 | 731 | PROOF OF SERVICE filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc of attached document list; served upon attached service list on 11/14/05 by first class mail (jag, ) (Entered: 11/28/2005) |
| 11/15/2005 | 732 | DECLARATION of SCOTT B GARNER in support of MOTION for |

| | | |
|---|---|---|
| | | Summary Judgment No 4 that claims 1 through 7 of the `449 Patent are invalid or in the alternative, that defendants accused products do not infringe claims 1 through 7 of the `449 Patent 700 filed by defendants Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd. (jag, ) (Entered: 11/28/2005) |
| 11/15/2005 | 733 | EX PARTE APPLICATION for an order for Leave to file under seal Exhibit "I" attached to the declaration of David L Schrader in support of motion for summary judgment dismissing counterclaims for tortious interference and unfair competition and demand for punitive damages filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Lodged proposed order and declaration. (jag, ) (Entered: 11/28/2005) |
| 11/15/2005 | 734 | DECLARATION of WEN-TSE TSENG in support of defendants motion for summary judgment number 6 of noninfringement of claim 35 of U S Patent No 5,926,237 and claims 9, 37 and 38 of U S Patent No 6,002,457 filed by Defendants Chunghwa Picture Tubes Ltd, Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd, Viewsonic Corporation. **REDACTED** (jag, ) (Entered: 11/28/2005) |
| 11/15/2005 | 735 | DECLARATION of DR VIJAY GUPTA in support of MOTION for Summary Judgment No 7 of non-infringement of side-mount patent claims by Monitor Products 633 and Motion for summary judgment Nos 6 and 8 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/28/2005) |
| 11/15/2005 | 736 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon David L Schrader and Mark Krietzman on 11/14/05 by first class mail (jag, ) (Entered: 11/28/2005) |
| 11/15/2005 | 737 | DECLARATION of MARK H KRIETZMAN in support of MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of invalidity of US Patents 6,002,457 and 5,926,237 646 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company. (jag, ) (Entered: 11/28/2005) |
| 11/15/2005 | 738 | CORRECTED MEMORANDUM in Support of MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of invalidity of US Patents 6,002,457 and 5,926,237 646 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company. (jag, ) (Entered: 11/28/2005) |
| 11/17/2005 | 636 | MINUTES by Judge Consuelo B. Marshall; Stipulation for an order regarding withdrawal and re-filing of certain documents containing information is DENIED.Court Reporter: n/a. (jag, ) (Entered: 11/18/2005) |
| 11/17/2005 | 637 | STIPULATION AND ORDER by Judge Consuelo B. Marshall regarding withdrawal and re-filing of certain documents containing confidential information is DENIED.(jag, ) (Entered: 11/18/2005) |
| 11/17/2005 | 709 | PROOF OF PERSONAL SERVICE on 11/15/05 OF eXhibits 9,20,22-26,28- |

| | | |
|---|---|---|
| | | 31,33 AND 35 attached to ann a Byun declaration in support of motion for partial summary judgment re patents 5926237, 6002457 and 6373537; declarations of Mark Morano, David P York re motion for summary judgment re patent 5825449, declarations of Mark Morano, David P York, R Tyler Goodwyn IV, Exhibits B,C,H,I,J,K,L,M,N,O,Q,R,S,U,X,Y,Z,AA,BB,CC,FF and GG to declaration of R Tyler Goodwyn IV re motion for summary judgment re patent 4624737; declaration of Tyler Goodwyn IV and Exhibits B,C,,E,F,H,I,J,K,L,M,N,O,Q,R,S,U,X,Y,Z,AA,BB,CC,FF and GG to declaration of R Tyler Goodwyn IV re motion for summary judgment re patent in support of motion for summary jdugment re patent 5825449 filed by counterclaim defendants LG Philips LCD Co Ltd, LG Electronics Inc, (lc, ) (Entered: 11/22/2005) |
| 11/18/2005 | 739 | REVISED EX PARTE APPLICATION for order for Leave to file under seal certain documents filed in support of LG Philips LCD Co Ltds motions for summary judgment of infringement of U S Patent 4,624,737 and infringement and no anticipation of U S Patent 5,825,449 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Lodged order and declaration. (jag, ) (Entered: 11/28/2005) |
| 11/18/2005 | 740 | JOINDER in EX PARTE APPLICATION for Leave to file under seal exhibits 9, 20, 22 - 26, 28 - 31, 33 and 35 attached to declaration of Ann A Byun in support of MOTION for Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,53 720 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/28/2005) |
| 11/18/2005 | 741 | PROOF OF SERVICE filed by defendant Chunghwa Picture Tubes Ltd of attached document list; served upon David L Schrader and Mark Krietzman on 11/18/05 by personal service and overnight delivery (jag, ) (Entered: 11/28/2005) |
| 11/18/2005 | 742 | JOINDER in MOTION for Summary Judgment #1 of noninfringement of Claim 1 of US Patent No. 4,624.737 669 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company. (jag, ) (Entered: 11/28/2005) |
| 11/18/2005 | 743 | JOINDER in MOTION Requesting Court to Certify Its Order Regarding Standing Under 28 USC Section 1292(b) 629 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company. (jag, ) (Entered: 11/28/2005) |
| 11/18/2005 | 744 | PROOF OF SERVICE filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc of attached document list; served upon Mark H Krietzman on 11/18/05 by first class mail (jag, ) (Entered: 11/28/2005) |
| 11/18/2005 | 745 | EX PARTE APPLICATION for an order for Leave to file under seal the declaration of Dr Gary Rubloff in support of motion for summary judgment of infringement of U S Patent 4,624,737 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Lodged proposed order. (jag, ) (Entered: 11/28/2005) |
| 11/18/2005 | 746 | REVISED EX PARTE APPLICATION for Leave to file under seal certain exhibits attached to declaration of R Tyler Goodwyn IV in support of motion |

| | | |
|---|---|---|
| | | for Summary Judgment of infringement and no anticipation of U S Patent 5,825,449 668 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 11/28/2005) |
| 11/18/2005 | 747 | REVISED EX PARTE APPLICATION for Leave to file under seal exhibits 9, 20, 22 - 26, 28 - 31, 33 and 35 attached to declaration of Ann A Byun in support of MOTION for Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,53 720 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 11/28/2005) |
| 11/18/2005 | 748 | EX PARTE APPLICATION for an order for Leave to file under seal the declaration of Dr Gary W Rubloff in suppor of motion for summary judgment of infringement and no anticipation of U S Patent 5,825,449 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Lodged proposed order. (jag, ) (Entered: 11/28/2005) |
| 11/18/2005 | 749 | REVISED EX PARTE APPLICATION for an order for Leave to to file under seal certain exhibits attached to declaration of R Tyler Goodwyn IV in support of MOTION for Summary Judgment of Infringement of U S Patent 4,624,737 685 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 11/28/2005) |
| 11/21/2005 | 659 | MINUTES OF IN CHAMBERS ORDER by Judge Consuelo B. Marshall : Continuing the hearing as to Chunghwa Picture Tubes MOTION to Certify its order regarding stancing etc to 12/5/2005 at 10:00 AM;.Court Reporter: none. (lc, ) (Entered: 11/21/2005) |
| 11/21/2005 | 750 | NOTICE OF DISCREPANCY AND ORDER: by Judge Consuelo B. Marshall, ORDERING declaration of Heather H Fan in support of motion for summary judgment submitted by Plaintiff LG Philips LCD Co Ltd received on 11/15/05 is not to be filed but instead rejected. Denial based on: document indicates declaration be filed under seal, but document is not in proper under seal format.(jag, ) (Entered: 11/28/2005) |
| 11/21/2005 | 751 | REPLY to OPPOSITION to MOTION Requesting Court to Certify Its Order Regarding Standing Under 28 USC Section 1292(b) 629 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/28/2005) |
| 11/21/2005 | 752 | DECLARATION of CHRISTOPHER A MATHEWS in support of reply to opposition to MOTION Requesting Court to Certify Its Order Regarding Standing Under 28 USC Section 1292(b) 629 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/28/2005) |
| 11/21/2005 | 753 | PROOF OF SERVICE filed by defendant Chunghwa Picture Tubes Ltd of attached document list; served upon David L Schrader and Mark Krietzman on 11/21/05 by first class mail (jag, ) (Entered: 11/28/2005) |
| 11/21/2005 | 756 | OPPOSITION to MOTION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 638 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. |

| | | |
|---|---|---|
| | | (jag, ) (Entered: 11/29/2005) |
| 11/22/2005 | [715](#) | STIPULATION AND ORDER by Judge Consuelo B. Marshall that McKenna may file a motion fo rprotective order on or before the later of (a) 3 court days after it receives notice of entry of this order or (b) 11/29/05 and such motion shall be set for hearing with Magistrate Judge Jennifer T Lum on the first available Tuesday that would give the Court and the parties sufficient notice pursuant to LR 37-3.(jag, ) (Entered: 11/23/2005) |
| 11/22/2005 | 754 | CORRECTED DECLARATION of HEATHER H FAN in support of MOTION for Summary Judgment No 7 of non-infringement of side-mount patent claims 633 and motions for summary judgments 6 and 8 filed by defendants Chunghwa Picture Tubes Ltd, Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd, Viewsonic Corporation. **REDACTED** (jag, ) (Entered: 11/29/2005) |
| 11/22/2005 | 755 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of corrected declaration in support of motion for summary judgment; served upon David L Schrader and Mark Krietzman on 11/22/05 by first class mail (jag, ) (Entered: 11/29/2005) |
| 11/22/2005 | 757 | NOTICE of FILING CORRECTED OPPOSITION to MOTION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/29/2005) |
| 11/22/2005 | 758 | CORRECTED OPPOSITION to MOTION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 638 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 11/29/2005) |
| 11/22/2005 | 759 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon David L Schrader and Mark Krietzman on 11/22/05 by first class mail (jag, ) (Entered: 11/29/2005) |
| 11/23/2005 | 729 | JOINDER to EX PARTE APPLICATION for Leave to file under seal exhibits 9, 20, 22 - 26, 28 - 31, 33 and 35 attached to declaration of Ann A Byun in support of MOTION for Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,53 720 filed by defendants/counterclaimant Tatung Co Of America, Tatung Company. (jag, ) (Entered: 11/28/2005) |
| 11/28/2005 | 767 | NOTICE OF MOTION AND MOTION for review and reconsideration by the District Court of the Magistrate Judges Order compelling the production of documents after the discovery cut-off filed by plaintiff LG Philips LCD Co Ltd. Motion set for hearing on 1/9/2006 at 10:00 AM before Honorable Consuelo B. Marshall. (jag, ) (Entered: 12/05/2005) |
| 11/28/2005 | 768 | DECLARATION of DAVID L SCHRADER in support of MOTION for review and reconsideration by the District Court of the Magistrate Judges Order compelling the production of documents after the discovery cut-off |

| | | 767 filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 12/05/2005) |
|---|---|---|
| 11/28/2005 | 769 | DECLARATION of DAVID M MORRIS in support of reply in support of MOTION for Leave to to amend or supplement its complaint to add side-mount patent claims or to consolidate 638 filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 12/05/2005) |
| 11/28/2005 | 770 | REPLY in support of MOTION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 638 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/05/2005) |
| 11/28/2005 | 771 | PROOF OF SERVICE filed by plaintiff/counterdefendant LG Philips LCD Co Ltd of attached document list; served upon Teresa M Corbin, Mark H Krietzman and Christopher A Mathews on 11/28/05 by first class mail (jag, ) (Entered: 12/05/2005) |
| 11/29/2005 | 763 | NOTICE OF MOTION AND MOTION for Protective Order in Connection with Subpoena served on patent counsel filed by plaintiff LG Philips LCD Co Ltd. Motion set for hearing on 12/20/2005 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged proposed order. (jag, ) (Entered: 12/05/2005) |
| 11/29/2005 | 764 | MEMORANDUM in Support of MOTION for Protective Order in Connection with Subpoena served on patent counsel 763 filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 12/05/2005) |
| 11/29/2005 | 765 | DECLARATION of ADRIAN P J MOLLO in support of MOTION for Protective Order in Connection with Subpoena served on patent counsel 763 filed by plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 12/05/2005) |
| 11/29/2005 | 766 | PROOF OF SERVICE filed by plaintiff LG Philips LCD Co Ltd of notice of motion for protective order, memo of points and authorities, declaration in support; served upon Christopher A Mathews on 11/29/05 by first class mail (jag, ) (Entered: 12/05/2005) |
| 11/29/2005 | 772 | NOTICE OF DISCREPANCY AND ORDER: by Judge Consuelo B. Marshall, ORDERING motion for summary judgment, memorandum, proposed statement, declaration submitted by Defendants Chunghwa Picture Tubes Ltd, Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd, Viewsonic Corporation received on 11/14/05 is not to be filed but instead rejected. Denial based on: proposed judgment is lacking 2 lines of text on the page for judge to sign.(jag, ) (Entered: 12/05/2005) |
| 11/29/2005 | 773 | OBJECTION to Overly Long Reply Brief filed in support of MOTION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 638 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/05/2005) |
| 12/01/2005 | 760 | MINUTES by Judge Consuelo B. Marshall; On the Courts own motion, the defendant LG Philips LCD Co Ltds MOTION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 638 and defendant Chunghwa Picture Tubes Ltds MOTION Requesting |

| | | Court to Certify Its Order Regarding Standing Under 28 USC Section 1292 (b) 629 are CONTINUED to 12/8/2005 at 09:30 AM. Court Reporter: n/a. (jag, ) (Entered: 12/02/2005) |
|---|---|---|
| 12/01/2005 | 774 | AMENDED REPLY in support of MOTION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 638 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/06/2005) |
| 12/01/2005 | 775 | RESPONSE filed by Plaintiff LG Philips LCD Co Ltd to OBJECTION to Overly Long Reply Brief filed in support of MOTION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 773 (jag, ) (Entered: 12/06/2005) |
| 12/01/2005 | 776 | PROOF OF SERVICE filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc of attached document list; served upon Christopher A Mathews on 12/1/05 by first class mail (jag, ) (Entered: 12/06/2005) |
| 12/01/2005 | 777 | EX PARTE APPLICATION for Leave to file and serve motion to compel supplemental production of previously promised documents and information filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Lodged proposed order. (jag, ) (Entered: 12/06/2005) |
| 12/01/2005 | 778 | DECLARATION of DAVID L SCHRADER in support of EX PARTE APPLICATION for Leave to file and serve motion to compel supplemental production of previously promised documents and information 777 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/06/2005) |
| 12/01/2005 | 784 | PROOF OF SERVICE filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc of attached document list; served upon Christopher A Mathews on 12/1/05 by first class mail (jag, ) (Entered: 12/06/2005) |
| 12/02/2005 | 761 | MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum re Motion for Protective Order filed by plaintiff. Motion is denied without prejudice and taken off calendar due to parties failure to comply with Local Rule 37-1. See Minute Order for specifics. (dp, ) (Entered: 12/02/2005) |
| 12/02/2005 | 762 | MINUTES by Judge Consuelo B. Marshall; Court orders the Consolidated Defendants and LPL to show cause as to why the Courts findings regarding LPLs lack of standing to assert the side-mount patent infringement claims against CPT prior to 7/7/03 do not equally apply to the side-mount patent infringement claims against the Consolidated Defendants and thus, why those claims should not also be dismissed at this time. Parties shall respond in writing no later than 12/7/2005 and should be prepared to discuss this issue at the upcoming 12/8/05 status conference. Court Reporter: n/a. (jag, ) (Entered: 12/05/2005) |
| 12/02/2005 | 779 | OPPOSITION to EX PARTE APPLICATION for Leave to file and serve motion to compel supplemental production of previously promised documents and information 777 filed by defendant/counterclaimant/third |

|            |     | party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/06/2005) |
|------------|-----|------|
| 12/02/2005 | 780 | DECLARATION of SCOTT B GARNER in support of opposition to EX PARTE APPLICATION for Leave to file and serve motion to compel supplemental production of previously promised documents and information 777 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/06/2005) |
| 12/02/2005 | 781 | NOTICE OF MOTION AND MOTION for Summary Judgment No 9 of invalidity of the side-mount patents for anticipation filed by defendants Chunghwa Picture Tubes Ltd, Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd, Viewsonic Corporation. Motion set for hearing on 1/9/2006 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged statement and judgment. (jag, ) (Entered: 12/06/2005) |
| 12/02/2005 | 782 | MEMORANDUM in Support of MOTION for Summary Judgment No 9 of invalidity of the side-mount patents for anticipation 781 filed by defendants Chunghwa Picture Tubes Ltd, Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd, Viewsonic Corporation. (jag, ) (Entered: 12/06/2005) |
| 12/02/2005 | 783 | DECLARATION of BRIAN S KIM in support of MOTION for Summary Judgment No 9 of invalidity of the side-mount patents for anticipation 781 filed by defendants Chunghwa Picture Tubes Ltd, Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd, Viewsonic Corporation. (jag, ) (Entered: 12/06/2005) |
| 12/02/2005 | 785 | PROOF OF SERVICE filed by defendants Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd, Viewsonic Corporation of attached document list; served upon David L Schrader and Mark Krietzman on 12/2/05 by first class mail (jag, ) (Entered: 12/06/2005) |
| 12/02/2005 | 806 | DECLARATION OF MARK W TAYLOR in support of OPPOSITION to MOTION for Summary Judgment No 4 that claims 1 through 7 of the `449 Patent are invalid or in the alternative, that defendants accused products do not infringe claims 1 through 7 of the `449 Patent 700 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 807 | DECLARATION of DR GARY W RUBLOFF in support of memorandum of points and authorities in OPPOSITION to MOTION for Summary Judgment No 4 that claims 1 through 7 of the `449 Patent are invalid or in the alternative, that defendants accused products do not infringe claims 1 through 7 of the `449 Patent 700 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. **REDACTED** (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 808 | MEMORANDUM in Opposition to MOTION for Summary Judgment No 4 that claims 1 through 7 of the `449 Patent are invalid or in the alternative, that defendants accused products do not infringe claims 1 through 7 of the |

Case 1:06-cv-00726-JJF    Document 441-6    Filed 09/05/2008    Page 104 of 195

| | | `449 Patent 700 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 12/07/2005) |
|---|---|---|
| 12/02/2005 | 813 | DECLARATION of SAMUEL R PHILLIPS in support of OPPOSITION to MOTION Summary Judgment No 7 of non-infringement of side-mount patent claims 633 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 814 | MEMORANDUM in Opposition to MOTION for Summary Judgment No 9 of invalidity of the side-mount patents for anticipation 781 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 815 | STATEMENT of GENUINE ISSUES in OPPOSITION to MOTION for Summary Judgment No 9 of invalidity of the side-mount patents for anticipation 781 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 816 | STATEMENT of GENUINE ISSUES in OPPOSITION to MOTION for Summary Judgment No 5 to dismiss plaintiffs side-mount patent infringement claims for invalidity under the on-sale bar 705 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. **REDACTED** (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 817 | MEMORANDUM in Opposition to Motion for summary judgment of non-infringement of claim 35 of the `237 patent and claims 9 37 and 38 of the `457 patent filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 818 | MEMORANDUM in Opposition to MOTION for Summary Judgment No 7 of non-infringement of side-mount patent claims by Monitor Products 633 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 819 | MEMORANDUM in support of Opposition to motion for summary judgment of non-infringement of side-mount patent claims by portable computer products filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 820 | DECLARATION of ROBERT SMITH-GILLESPIE in support of OPPOSITIONS to MOTION for Summary Judgment No 7 of non-infringement of side-mount patent claims by Monitor Products 633 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 821 | DECLARATION of NATHAN W McCUTCHEON in support of OPPOSITIONS to MOTION for Summary Judgment No 7 of non-infringement of side-mount patent claims by Monitor Products 633 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. **REDACTED** (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 822 | EX PARTE APPLICATION for an Order for leave to file under seal certain documents related to LG Philips LCD Co Ltds oppositions to motions for |

Case 1:06-cv-00726-JJF   Document 441-6   Filed 09/05/2008   Page 105 of 195

| | | |
|---|---|---|
| | | summary judgment of non-infringement of claims of the side-mount patents filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Lodged proposed order. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 823 | MEMORANDUM in Opposition to MOTION for Summary Judgment No 5 to dismiss plaintiffs side-mount patent infringement claims for invalidity under the on-sale bar 705 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. **REDACTED** (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 824 | EX PARTE APPLICATION for Order for leave to file under seal certain documents related to LG Philips LCD Co Ltds oppositions to MOTION for Summary Judgment No 5 to dismiss plaintiffs side-mount patent infringement claims for invalidity under the on-sale bar filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Lodged proposed order. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 825 | DECLARATION of DAVID M MORRIS in support of opposition to MOTION for Summary Judgment No 9 of invalidity of the side-mount patents for anticipation 781 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 830 | OPPOSITION to MOTION Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,537 (side-mount patents) 716 filed by defendants Tatung Co Of America, Tatung Company. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 831 | STATEMENT of GENUINE ISSUES in OPPOSITION to MOTION for Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,537 (side-mount patents) 716 filed by defendants Tatung Co Of America, Tatung Company. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 832 | DECLARATION OF MARK H KRIETZMAN in support of OPPOSITION to MOTION for Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,537 (side-mount patents) 716 filed by defendants Tatung Co Of America, Tatung Company. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 833 | DECLARATION of VALERIE W HO in support of OPPOSITION to MOTION for Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,537 (side-mount patents) 716 filed by defendants Tatung Co Of America, Tatung Company. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 834 | PROOF OF SERVICE filed by defendants Tatung Co Of America, Tatung Company of attached document list; served upon attached service list on 12/2/05 by first class mail (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 835 | MEMORANDUM in Support of OPPOSITION to MOTION for Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,537 (side-mount patents) 716 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| | | |

| 12/02/2005 | 836 | DECLARATION of BRIAN S KIM in support of OPPOSITION to MOTION for Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,537 (side-mount patents) 716 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
|---|---|---|
| 12/02/2005 | 837 | DECLARATION of WEN-TSE TSENG in support of OPPOSITION to MOTION for Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,537 (side-mount patents) 716 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 838 | STATEMENT of GENUINE ISSUES in RESPONSE to MOTION for Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,537 (side-mount patents) 716 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 839 | DECLARATION of DR VIJAY GUPTA in support of OPPOSITION to MOTION for Partial Summary Judgment of infringement of U S Patent Nos 5,926,237, 6,002,457 and 6,373,537 (side-mount patents) 716 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 840 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon David L Schrader and Mark Krietzman on 12/2/05 by first class mail and personal service (jag, ) (Entered: 12/07/2005) |
| 12/02/2005 | 849 | DECLARATION of R TYLER GOODWYN IV in support of opposition to MOTION for Summary Judgment #1 of noninfringement of Claim 1 of US Patent No. 4,624,737 669 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 850 | DECLARATION of DR GARY RUBLOFF in support of opposition to MOTION for Summary Judgment #1 of noninfringement of Claim 1 of US Patent No. 4,624,737 669 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 851 | MEMORANDUM OF POINTS AND AUTHORITIES in OPPOSITION to MOTION for Summary Judgment #1 of noninfringement of Claim 1 of US Patent No. 4,624,737 669 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 852 | EX PARTE APPLICATION to file under seal documents pertaining to its opposition to defendants motions for summary judgment Nos 1 3 and 4 regarding `449 and `737 Semiconductor Patents filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. Lodged proposed order. (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 853 | MEMORANDUM OF POINTS AND AUTHORITIES in OPPOSITION to MOTION for Summary Judgment or in the alternative, for Partial Summary |

| | | |
|---|---|---|
| | | Judgment of non-infringement of US Patents 6,373,537, 6,002,457 and 5,926,237 651 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 854 | MEMORANDUM OF POINTS AND AUTHORITIES in support of OPPOSITION to MOTION for Summary Judgment No 3 of noninfringement of claims 10 and 11 of U S Patent No 5,825,449 693 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 855 | DECLARATION of ANN A BYUN in support of OPPOSITION to MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of invalidity of US Patents 6,002,457 and 5,926,237 646 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 856 | STATEMENT of GENUINE ISSUES in OPPOSITION to MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of invalidity of US Patents 6,002,457 and 5,926,237 646 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 857 | DECLARATION of ROBERT SMITH-GILLESPIE in support of OPPOSITION to MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of invalidity of US Patents 6,002,457 and 5,926,237 646 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 858 | MEMORANDUM in Opposition to MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of invalidity of US Patents 6,002,457 and 5,926,237 646 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 859 | EX PARTE APPLICATION for and Order for leave to file under seal certain documents related to LG Philips LCD Co Ltds OPPOSITION to MOTION for Summary Judgment or in the alternative, for Partial Summary Judgment of invalidity of US Patents 6,002,457 and 5,926,237 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. Lodged order and under seal documents. (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 860 | STATEMENT of GENUINE ISSUES in OPPOSITION to MOTION for Summary Judgment No 3 of noninfringement of claims 10 and 11 of U S Patent No 5,825,449 693 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 861 | DECLARATION of DR GARY W RUBLOFF in support of OPPOSITION to MOTION for Summary Judgment No 3 of noninfringement of claims 10 and 11 of U S Patent No 5,825,449 693 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 862 | EX PARTE APPLICATION for Order permitting documents regarding its OPPOSITION to Motion for summary judgment of infringement and no anticipation of US Patent No 5,825,449 to be filed under seal filed by |

| | | defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Lodged proposed order and under seal documents. (jag, ) (Entered: 12/08/2005) |
|---|---|---|
| 12/02/2005 | 863 | DECLARATION of CHRISTOPHER A MATHEWS in support of EX PARTE APPLICATION for Order permitting documents regarding its OPPOSITION to Motion for summary judgment of infringement and no anticipation of US Patent No 5,825,449 to be filed under seal 862 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 864 | DECLARATION of CHIEN KUO HE in support of OPPOSITION to MOTION for Summary Judgment of infringement and no anticipation of U S Patent 5,825,449 660 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 865 | DECLARATION of ROGER STEWART in support of OPPOSITION to MOTION for Summary Judgment of infringement and no anticipation of U S Patent 5,825,449 660 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 866 | STATEMENT of GENUINE ISSUES in RESPONSE to Uncontroverted Facts and Conclusions of Law in support of MOTION for Summary Judgment of infringement and no anticipation of U S Patent 5,825,449 660 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 867 | DECLARATION of CHRISTOPHER A MATHEWS in support of OPPOSITION to MOTION for Summary Judgment of infringement and no anticipation of U S Patent 5,825,449 660 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 868 | MEMORANDUM OF POINTS AND AUTHORITIES in support of OPPOSITION to MOTION for Summary Judgment of infringement and no anticipation of U S Patent 5,825,449 660 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/08/2005) |
| 12/02/2005 | 869 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon Andrea S Ordin and Mark Krietzman on 12/2/05 by first class mail and personal service (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 787 | MEMORANDUM in Opposition to MOTION for Summary Judgment dismissing counterclaims for tortious interference and unfair competition and demand for punitive damages 724 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 788 | STATEMENT of GENUINE ISSUES in RESPONSE to uncontroverted facts and conclusions of law in support of MOTION for Summary Judgment |

| | | |
|---|---|---|
| | | dismissing counterclaims for tortious interference and unfair competition and demand for punitive damages 724 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 789 | DECLARATION of BELLE CHANG in support of OPPOSITION to MOTION for Summary Judgment dismissing counterclaims for tortious interference and unfair competition and demand for punitive damages 724 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 790 | DECLARATION of ROBERT W TURNER in support of OPPOSITION to MOTION for Summary Judgment dismissing counterclaims for tortious interference and unfair competition and demand for punitive damages 724 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 791 | DECLARATION of SCOTT B GARNER in support of OPPOSITION to MOTION for Summary Judgment dismissing counterclaims for tortious interference and unfair competition and demand for punitive damages 724 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. VOLUME 1 of 3 (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 792 | DECLARATION of SCOTT B GARNER in support of OPPOSITION to MOTION for Summary Judgment dismissing counterclaims for tortious interference and unfair competition and demand for punitive damages 724 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. VOLUME 2 of 3 (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 793 | DECLARATION of SCOTT B GARNER in support of OPPOSITION to MOTION for Summary Judgment dismissing counterclaims for tortious interference and unfair competition and demand for punitive damages 724 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. VOLUME 3 of 3 (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 794 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon Andrea S Ordin and Mark Krietzman on 12/2/05 by first class mail and personal service (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 795 | EX PARTE APPLICATION for Order permitting documents regarding its motion in opposition of LPLs motion for summary judgment of infringement of US Patent No 4,624,737 to be filed under seal filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Lodged proposed order and under seal declaration. (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 796 | MEMORANDUM IN SUPPORT of OPPOSITION to MOTION for Summary Judgment of Infringement of U S Patent 4,624,737 677 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **REDACTED** (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 797 | OBJECTIONS to EVIDENCE in connection with MOTION for Summary Judgment of Infringement of U S Patent 4,624,737 677 filed by |

| | | defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
|---|---|---|
| 12/05/2005 | 798 | DECLARATION of CHIN-YUNG PENG in support of OPPOSITION to MOTION for Summary Judgment of Infringement of U S Patent 4,624,737 677 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **REDACTED** (jag, ) Modified on 12/7/2005 (jag, ). (Entered: 12/07/2005) |
| 12/05/2005 | 799 | DECLARATION of CHIEN KUO HE in support of OPPOSITION to MOTION for Summary Judgment of Infringement of U S Patent 4,624,737 677 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **REDACTED** (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 800 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon Andrea S Ordin and Mark Krietzman on 12/2/05 by first class mail and personal service (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 801 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon Andrea S Ordin and Mark Krietzman on 12/5/05 by first class mail and personal service (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 802 | DECLARATION of MICHELE B BOVIO in support of OPPOSITION to MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 and in OPPOSITION to MOTION for Summary Judgment denying Counterclaim to correct inventorship 712 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 803 | STATEMENT of GENUINE ISSUES in response to uncontroverted facts and conclusions of law in support of MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 804 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon Andrea S Ordin and Mark Krietzman on 12/5/05 by first class mail and personal service (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 805 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon Andrea S Ordin and Mark Krietzman on 12/2/05 by first class mail and personal service (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 809 | DECLARATION of CHRISTOPHER A MATHEWS in support of EX PARTE APPLICATION for Leave to to file under seal Exhibits 1 and 3 of Y B Kim Declaration, Exhibits 1, 3, 8, 10 - 14 of D S Lee Declaration and Exhibits M and N of Reed Declaration in support of their MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 675 filed by defendant/counterclaimant/third party |

| | | |
|---|---|---|
| | | plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 810 | OPPOSITION to MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 811 | EX PARTE APPLICATION for Order sealing documents re its opposition to LG Philips LCD Co Ltd and LG Electronics Incs Motion for Summary Judgment that defendants conversion claims are barred by the State of Limitations filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Lodged proposed order and under seal declaration. (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 812 | DECLARATION of ROBERT C FRAME in support of OPPOSITION to MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 and in OPPOSITION to MOTION for Summary Judgment denying Counterclaim to correct inventorship 712 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 826 | EX PARTE APPLICATION for Order permitting documents re its opposition to LPLs motion for summary judgment of infringement and no anticipation of US Patent No 5,825,449 to be filed under seal filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Lodged proposed order and under seal documents. (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 827 | DECLARATION of CHRISTOPHER A MATHEWS in support of EX PARTE APPLICATION for Order permitting documents re its opposition to LPLs motion for summary judgment of infringement and no anticipation of US Patent No 5,825,449 to be filed under seal 826 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 828 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon Andrea S Ordin and Mark Krietzman on 12/2/05 by first class mail (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 829 | SECOND PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon Andrea S Ordin and Mark Krietzman on 12/2/05 by first class mail and personal service (jag, ) (Entered: 12/07/2005) |
| 12/05/2005 | 841 | EX PARTE APPLICATION for Order permitting the declaration of David A Makman in support of CPTs opposition to motion for summary judgment denying counterclaim correct inventorship to be filed under seal filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Lodged proposed order and under seal declaration. (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 842 | DECLARATION of DAVID MAKMAN in support of EX PARTE |

| | | APPLICATION for Order permitting the declaration of David A Makman in support of CPTs opposition to motion for summary judgment denying counterclaim correct inventorship to be filed under seal 841 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/08/2005) |
|---|---|---|
| 12/05/2005 | 843 | OPPOSITION to Memorandum of Points and Authorities in support of MOTION for Summary Judgment denying Counterclaim to correct inventorship 712 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 844 | STATEMENT of GENUINE ISSUES in RESPONSE to Uncontroverted Facts and Conclusions of Law in support of MOTION for Summary Judgment denying Counterclaim to correct inventorship 712 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 845 | STATEMENT OBJECTIONS to EVIDENCE cited in suport of MOTION for Summary Judgment denying Counterclaim to correct inventorship 712 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 846 | DECLARATION of DAVID A MAKMAN VOLUME II in support of opposition to MOTION for Summary Judgment denying Counterclaim to correct inventorship 712 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 847 | DECLARATION of DAVID A MAKMAN in support of opposition to MOTION for Summary Judgment denying Counterclaim to correct inventorship 712 ; VOLUME I filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 848 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon Andrew S Ordin and Mark Krietzman on 12/2/05 by first class mail and personal service (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 870 | PROOF OF SERVICE filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc of attached document list; served upon Mark Krietzman on 12/2/05 by first class mail (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 871 | DECLARATION of CHRISTOPHER A MATHEWS in support of OPPOSITION to MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 ; VOLUME 1 of 2 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 872 | DECLARATION of CHRISTOPHER A MATHEWS in support of OPPOSITION to MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 ; VOLUME 2 of 2 filed by defendant/counterclaimant/third party plaintiff Chunghwa |

| | | Picture Tubes Ltd. **REDACTED** (jag, ) (Entered: 12/08/2005) |
|---|---|---|
| 12/05/2005 | 873 | DECLARATION of CHRISTOPHER A MATHEWS in support of OPPOSITION to MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 ; VOLUME 1 of 5 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **AMENDED REDACTED VERSION** (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 874 | DECLARATION of CHRISTOPHER A MATHEWS in support of OPPOSITION to MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 ; VOLUME 2 of 5 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **AMENDED REDACTED VERSION**. (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 875 | DECLARATION of CHRISTOPHER A MATHEWS in support of OPPOSITION to MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 ; VOLUME 3 of 5 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **AMENDED REDACTED VERSION** (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 876 | DECLARATION of CHRISTOPHER A MATHEWS in support of OPPOSITION to MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 ; VOLUME 4 of 5 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **AMENDED REDACTED VERSION** (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 877 | DECLARATION of CHRISTOPHER A MATHEWS in support of OPPOSITION to MOTION for Summary Judgment that defendants conversion claims are barred by the Status of Limitations 670 ; VOLUME 5 of 5 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. **AMENDED REDACTED VERSION** (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 878 | AMENDED PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon Andrea S Ordin and Mark Krietzman on 12/2/05 by first class mail and personal service (jag, ) (Entered: 12/08/2005) |
| 12/05/2005 | 879 | AMENDED PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon Andrea S Ordin and Mark Krietzman on 12/2/05 by first class mail and personal service (jag, ) (Entered: 12/08/2005) |
| 12/06/2005 | 786 | MINUTES by Judge Consuelo B. Marshall; On the Courts own motion, this case is set for a Status Conference on 12/8/2005 09:30 AM.Court Reporter: n/a. (jag, ) (Entered: 12/07/2005) |
| 12/07/2005 | 881 | RESPONSE filed by Plaintiff LG Philips LCD Co Ltd to Order to Show Cause why side-mount patent infringement claims should not be dismissed as |

| | | to consolidated defendants 762 (jag, ) (Entered: 12/09/2005) |
|---|---|---|
| 12/07/2005 | | ***Terminated all deadlines and hearings. (jag, ) (Entered: 12/09/2005) |
| 12/07/2005 | 882 | CONSOLIDATED WRITTEN RESPONSE filed by Defendants Chunghwa Picture Tubes Ltd, Envision Peripherals Inc, Jean Company Ltd, Lite-On Technology Corporation, Lite-On Technology International Inc, TPV Technology Ltd, Viewsonic Corporation to Order to Show Cause why side-mount patent infringement claims should not be dismissed as to consolidated defendants 762 (jag, ) (Entered: 12/09/2005) |
| 12/08/2005 | 880 | MINUTES by Judge Consuelo B. Marshall; Plaintiffs MOTION for Leave to amend or supplement its complaint to add side-mount patent claims or to consolidate 638 is GRANTED. MOTION Requesting Court to Certify Its Order Regarding Standing Under 28 USC Section 1292(b) 629 is DENIED. Ex parte applications to file documents under seal shall be filed commencing 12/12/05 and the filing of said ex parte application shall end on 12/30/05. It is ordered that no more than 5 ex parte applications shall be filed per day during the period of 12/12/05 to 12/30/05.Court Reporter: n/a. (jag, ) (Entered: 12/09/2005) |
| 12/08/2005 | 885 | SECOND AMENDED COMPLAINT against Defendant Tatung Co Of America, Tatung Company, Chunghwa Picture Tubes Ltd amending Amended Complaint 80 ,filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd (shb, ) (Entered: 12/15/2005) |
| 12/09/2005 | 883 | AMENDED ORDER RE CHUNGHWA PICTURE TUBES, LTD.'S Motion for Summary Judgment to Dismiss Side-Mount Patent Infringement Claims for Lack of Standing by Judge Consuelo B. Marshall: Based on the foregoing, the Court GRANTS CPT's Motion for Summary Judgment to Dismiss Side-Mount Patent Infringement Claims for Lack of Standing with respect to Defendant CPT and Defendants in Consolidated Case Nos. CV03-2886, CV03-2866, CV03-2884 and CV03-2885, whom the Court deems to have joined in the motion ab initio. LPL's side-mount patent claims are DISMISSED WITHOUT PREJUDICE with respect to Defendant CPT and the Consolidated Defendants, ViewSonic Corporation, Jean Co., Lite-On Technology, TPV Technology and Envision Peripherals, Inc. IT IS SO ORDERED.(yl, ) (Entered: 12/12/2005) |
| 12/09/2005 | 886 | AMENDED NOTICE OF MOTION AND MOTION for Review of Magistrate Judge Lums 11/10/05 Order denying and granting in part CPTs four motions to compel filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 1/9/2006 at 10:00 AM before Honorable Consuelo B. Marshall. Lodged proposed order. (jag, ) (Entered: 12/15/2005) |
| 12/09/2005 | 887 | MEMORANDUM in Support of MOTION for Review of Magistrate Judge Lums 11/10/05 Order denying and granting in part CPTs four motions to compel 886 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/15/2005) |
| 12/09/2005 | 888 | DECLARATION of SCOTT B GARNER in support of MOTION for Review of Magistrate Judge Lums 11/10/05 Order denying and granting in |

| | | part CPTs four motions to compel 886 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/15/2005) |
|---|---|---|
| 12/15/2005 | 884 | NOTICE OF CLERICAL ERROR: Due to clerical error, The Amended Order 883 has the incorrect entered date. The correct entered date is 12/9/2005. (yl, ) (Entered: 12/15/2005) |
| 12/15/2005 | 889 | MINUTES by Judge Consuelo B. Marshall; Court hereby dismisses Defendant CPT, Jean Company, Lite-On Technology Corporation, TPV Technology and Envision Peripherals Incs Counterclaims for non-infringement and invalidity of the side-mount patents.Court Reporter: n/a. (jag, ) (Entered: 12/16/2005) |
| 12/15/2005 | 890 | ORDER by Judge Consuelo B. Marshall; Plaintiff LG Philips LCD Co Ltds motion for leave to amend or supplement its complaint to add Side Mount-Patent Claims or to Consolidate is GRANTED. The Second Amended Complaint lodged in Case No 02-6775 is deemed filed as of the date of entry of this order. LPL shall file amended complaints in consolidated case Nos 03-2886, 03-2866, 03-2884 and 03-2885 on or before 12/28/05. Defendants shall file their answers to the amended complaints on or before 1/19/06 or in the alternative shall lodge a stipulation with the Court that the answers previously filed including all counterclaims asserted therein, shall constitute the operative answers to the amended complaints. (jag, ) (Entered: 12/16/2005) |
| 12/15/2005 | 891 | ORDER by Judge Consuelo B. Marshall; Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes Ltds Motion requesting Court to Certify its Order regarding standing under 28 USC Section 1292(b) 629 is DENIED. (jag, ) Modified on 12/16/2005 (jag, ). (Entered: 12/16/2005) |
| 12/15/2005 | 893 | SECOND AMENDED OR SUPPLEMENTAL COMPLAINT against defendants' Tatung Co Of America, Tatung Company, Chunghwa Picture Tubes Ltd amending Amended Complaint 885 , Amended Complaint 80 ,filed by plaintiff LG Philips LCD Co Ltd; Jury Demand (bp, ) (Entered: 12/27/2005) |
| 12/21/2005 | 892 | MINUTES by Judge Consuelo B. Marshall; On the Courts own motion, CPT's MOTION for Review of Magistrate Judge Lums 11/10/05 Order denying and granting in part CPTs four motions to compel 886 and Defendant Jean Company LTDs Motion for review of Magistrate Judge Lums 11/7/05 order denying and granting in part defendant Jean Companys motion to compel LG Philips LC Ltd to provide response to interrogatory No 6-14 are hereby CONTINUED to 1/30/2006 at 10:00 AM. Oppositions shall be filed on or before 1/3/2006. Replies due by 1/10/2006. Court Reporter: n/a. (jag, ) (Entered: 12/22/2005) |
| 12/22/2005 | 894 | OPPOSITION to MOTION review and reconsideration by the District Court of the Magistrate Judges Order compelling the production of documents after the discovery cut-off 767 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/29/2005) |
| 12/22/2005 | 895 | DECLARATION of SCOTT B GARNER in support of OPPOSITION to |

| | | MOTION for review and reconsideration by the District Court of the Magistrate Judges Order compelling the production of documents after the discovery cut-off 767 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 12/29/2005) |
|---|---|---|
| 01/03/2006 | [896](#) | MINUTES by Judge Consuelo B. Marshall; On the Courts own motion, LG Philips Co LTDs MOTION for review and reconsideration by the District Court of the Magistrate Judges Order compelling the production of documents after the discovery cut-off 767 is CONTINUED to 1/30/2006 at 10:00 AM.Court Reporter: n/a. (jag, ) (Entered: 01/04/2006) |
| 01/03/2006 | 898 | OPPOSITION to MOTION for Review of Magistrate Judge Lums 11/10/05 Order denying and granting in part CPTs four motions to compel 886 filed by plaintiff LG Philips LCD Co Ltd, counter defendant LG Electronics Inc. (jag, ) (Entered: 01/10/2006) |
| 01/03/2006 | 899 | REPLY in support of MOTION for Review of Magistrate Judge Lums 11/10/05 Order denying and granting in part CPTs four motions to compel 886 filed by plaintiff/counterdefendant LG Philips LCD Co Ltd. (jag, ) (Entered: 01/10/2006) |
| 01/03/2006 | 900 | DECLARATION of DAVID M MORRIS in support of OPPOSITION to MOTION for Review of Magistrate Judge Lums 11/10/05 Order denying and granting in part CPTs four motions to compel 886 filed by plaintiff/counter defendant LG Philips LCD Co Ltd. (jag, ) (Entered: 01/10/2006) |
| 01/03/2006 | 901 | DECLARATION of SCOTT B GARNER in support of OPPOSITION to MOTION for Protective Order in Connection with Subpoena served on patent counsel 763 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 01/10/2006) |
| 01/03/2006 | 902 | PROOF OF SERVICE filed by plaintiff/counterdefendant LG Philips LCD Co Ltd of attached document list; served upon Christopher A Mathews on 1/3/06 by first class mail (jag, ) (Entered: 01/10/2006) |
| 01/03/2006 | 905 | JOINT STIPULATION RE: LG. Philips LCD Co Ltd MOTION for Protective Order in Connection with Subpoena served on patent counsel 763 filed by defendant Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 01/12/2006) |
| 01/03/2006 | 906 | DECLARATION of GASPARE J. BONO in support of MOTION for Protective Order 763 filed by plaintiff LG Philips LCD Co Ltd. (jp, ) (Entered: 01/12/2006) |
| 01/03/2006 | 907 | PROOF OF SERVICE of Opposition to MOTION for Review of Magistrate Judge Lums 11/10/05 Order denying and granting in part CPTs four motions to compel 898 , Declaration of DAVID M MORRIS in support of OPPOSITION to MOTION for Review of Magistrate Judge Lums 11/10/05 Order denying and granting in part CPTs four motions to compel 900 , was served on 1/3/2006 filed by plaintiff LG Philips LCD Co Ltd. (jp, ) (Entered: 01/12/2006) |
| 01/09/2006 | 897 | APPLICATION for attorney STEPHEN CHIPPENDALE to Appear Pro Hac Vice filed by plaintiff LG Philips LCD Co Ltd. Lodged order. (jag, ) |

| | | (Entered: 01/10/2006) |
|---|---|---|
| 01/09/2006 | 903 | ORDER by Judge Consuelo B. Marshall; Plaintiffs 897 Application to Appear Pro Hac Vice by Attorney Stephen Chippendale on behalf of plaintiff is GRANTED, designating David L Schrader as local counsel. (jag, ) (Entered: 01/11/2006) |
| 01/10/2006 | 912 | SUPPLEMENTAL MEMORANDUM IN OPPOSITION to MOTION for Protective Order in Connection with Subpoena served on patent counsel 763 filed by Defendant, Counter Claimant, ThirdParty PlaintiffChunghwa Picture Tubes Ltd. (jp, ) (Entered: 01/20/2006) |
| 01/10/2006 | 913 | REPLY in support of MOTION for Review of Magistrate Judge Lums 11/10/05 Order denying and granting in part CPTs four motions to compel 886 filed by Defendant, Counter Claimant, ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 01/20/2006) |
| 01/10/2006 | 914 | SUPPLEMENTAL MEMORANDUM in support of MOTION for Protective Order in Connection with Subpoena served on patent counsel 763 filed by plaintiff LG Philips LCD Co Ltd. (jp, ) (Entered: 01/20/2006) |
| 01/10/2006 | 927 | DECLARATION of Stephen Chippendale in support of its Motion for Protective Order 763 filed by Plaintiff LG Philips LCD Co Ltd. (ir, ) (Entered: 01/24/2006) |
| 01/11/2006 | 904 | MINUTES by Judge Consuelo B. Marshall; The Court on its own motion, CONTINUES the following hearings: 517 Pretrial Conference set for 2/27/2006 03:30 PM. Jury Trial set for 3/21/2006 10:00 AM (10 day estimate)Court Reporter: n/a. (jag, ) (Entered: 01/12/2006) |
| 01/11/2006 | 908 | STIPULATION AND ORDER by Judge Consuelo B. Marshall that the last day for meeting of counsel is extended to 1/6/06; LG Philips LCD Co Ltd shall provide a preliminary draft Final Pretrial Conference Order to Chunghwa, Tatung Company of America and Tatung Company by 1/12/06; CPT and Tatung shall provide LPL with their portions of the draft pretrial conference order by 1/18/06; Date of service and filing memoranda of fact and law, Exhibit List and Witness List shall be extended to 1/20/06. Parties shall lodge a Final Proposed Pretrial Order by 1/30/2006. Pretrial Conference shall remain set for 2/6/2006 02:30 PM.(jag, ) (Entered: 01/13/2006) |
| 01/13/2006 | 917 | NOTICE OF MOTION AND MOTION to Bifurcate filed by plainitff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. Motion set for hearing on 2/6/2006 at 10:00 AM before Judge Consuelo B. Marshall. Lodged order. (jag, ) (Entered: 01/23/2006) |
| 01/13/2006 | 918 | MEMORANDUM in Support of MOTION to Bifurcate 917 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 01/23/2006) |
| 01/13/2006 | 919 | DECLARATION of ANTHONY C ROTH in support of MOTION to Bifurcate 917 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 01/23/2006) |
| 01/13/2006 | 920 | PROOF OF SERVICE filed by plaintiff/counterdefendants LG Philips LCD |

| | | Co Ltd, LG Electronics Inc of attached document list; served upon Christopher A Mathews and Mark H Krietzman on 1/13/06 by first class mail (jag, ) (Entered: 01/23/2006) |
|---|---|---|
| 01/17/2006 | 909 | MINUTES by Judge Consuelo B. Marshall; Court continues defendant/counterclaimant/third party plaintiffs MOTION for Review of Magistrate Judge Lums 11/10/05 Order denying and granting in part CPTs four motions to compel 886 , Plaintiffs MOTION for review and reconsideration by the District Court of the Magistrate Judges Order compelling the production of documents after the discovery cut-off 767 and Jean Company LTDs Motion for review of Magistrate Judge Lums 11/7/05 order denying and granting in part defendant and Jean Companys motion to compel LG Philips LCD Ltd to provide response to interrogatory No 6-14 to 2/6/2006 at 10:00 AM before Judge Consuelo B. Marshall.Court Reporter: n/a. (jag, ) (Entered: 01/18/2006) |
| 01/17/2006 | 921 | EX PARTE APPLICATION to Strike LG Philips Co Ltds and LG Electronics Incs Motion to bifurcate for failure to comply with the LR; Request for Attorneys Fees and Costs filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Lodged proposed order. (jag, ) (Entered: 01/24/2006) |
| 01/17/2006 | 922 | MEMORANDUM in Support of EX PARTE APPLICATION to Strike LG Philips Co Ltds and LG Electronics Incs Motion to bifurcate for failure to comply with the LR; Request for Attorneys Fees and Costs 921 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 01/24/2006) |
| 01/17/2006 | 923 | DECLARATION of HEATHER H FAN in support of EX PARTE APPLICATION to Strike LG Philips Co Ltds and LG Electronics Incs Motion to bifurcate for failure to comply with the LR; Request for Attorneys Fees and Costs 921 filed by defendant/counterclamaint/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 01/24/2006) |
| 01/17/2006 | 924 | DECLARATION of CHRISTOPHER A MATHEWS in support of EX PARTE APPLICATION to Strike LG Philips Co Ltds and LG Electronics Incs Motion to bifurcate for failure to comply with the LR; Request for Attorneys Fees and Costs 921 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 01/24/2006) |
| 01/17/2006 | 925 | PROOF OF SERVICE filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd of attached document list; served upon David L Schrader and Mark Krietzman on 1/17/06 by first class mail (jag, ) (Entered: 01/24/2006) |
| 01/17/2006 | 934 | EX PARTE APPLICATION for Order setting expedited hearing on motion for sanctions for LPL's failure to comply with the Magistrate's 11/10/05 Order and to meet and confer regarding the same filed by defendant, counterclaimant and third party plaintiff Chunghwa Picture Tubes Ltd. Lodged Order. Memorandum of Points and Authorities.(mu, ) (Entered: 01/31/2006) |
| 01/17/2006 | 935 | DECLARATION of Scott B Garner in support of re Ex Parte Application for |

| | | |
|---|---|---|
| | | Order setting expedited hearing on motion for sanctions for LPL's failure to comply with the Magistrate's 11/10/05 Order 934 and to meet and confer re the same filed by defendant, counter claimant and third party plaintiff Chunghwa Picture Tubes Ltd. (mu, ) (Entered: 01/31/2006) |
| 01/17/2006 | 936 | NOTICE OF LODGING OF MOVING PAPERS RE Ex Parte Application for sanctions for LPL's failure to comply with the Magistrate's 11/10/05 Order 934 and to meet and confer re the same filed by defendant, counter claimant and third party plaintiff Chunghwa Picture Tubes Ltd. (mu, ) (Entered: 01/31/2006) |
| 01/17/2006 | 937 | EX PARTE APPLICATION for Order Compelling LPL to appear at Rule 30 (b)(6) deposition on damages or, in the alternative, for Order setting motion to compel for hearing with the Magistrate; and Request for Sanctions filed by defendant, counter claimant and third party plaintiff Chunghwa Picture Tubes Ltd. Lodged Order. Memorandum of Points and Authorities. (mu, ) (Entered: 01/31/2006) |
| 01/17/2006 | 938 | DECLARATION of Scott B Garner in support of re Ex Parte Application for Order Compelling LPL to appear at Rule 30(b)(6) deposition on damages or, in the alternative, for Order setting motion to compel for hearing with the Magistrate; and Request for Sanctions 937 filed by defendant, counter claimant and third party plaintiff Chunghwa Picture Tubes Ltd. (mu, ) (Entered: 01/31/2006) |
| 01/17/2006 | 939 | NOTICE OF LODGING OF MOVING PAPERS RE Motion to Compel LPL to appear at Rule 30(b)(6) deposition on damages 937 filed by defendant, counter claimant and third party plaintiff Chunghwa Picture Tubes Ltd. (mu, ) (Entered: 01/31/2006) |
| 01/17/2006 | 991 | EX PARTE APPLICATION for Order Permitting document to be filed under seal; Memorandum of Points and Authorities filed by Defendant, Counter Claimant, ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 02/17/2006) |
| 01/17/2006 | | Motions No Longer Referred: EX PARTE APPLICATION for Order for Permitting document to be filed under seal 991 . (jp, ) (Entered: 02/17/2006) |
| 01/17/2006 | 992 | DECLARATION of SCOTT B. GARNER in support of EX PARTE APPLICATION for Order Permitting document to be filed under seal 991 filed by defendant Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 02/17/2006) |
| 01/18/2006 | 942 | SUPPLEMENTAL DECLARATION of Scott B Garner re EX PARTE APPLICATION for Order for setting expedited hearing on motion for sanctions for LPL's failure to comply with the Magistrate's 11/10/05 Order 934 filed by defendant, counterclaimant and third party plaintiff Chunghwa Picture Tubes Ltd. (esa, ) (Entered: 02/01/2006) |
| 01/18/2006 | 944 | SUPPLEMENTAL DECLARATION of Scott B Garner re EX PARTE APPLICATION to Compel EX PARTE APPLICATION for Sanctions on Discovery Motions 937 filed by defendant, counterclaimant and third party plaintiff Chunghwa Picture Tubes Ltd. (esa, ) (Entered: 02/01/2006) |
| | | |

| 01/18/2006 | 990 | NOTICE OF DOCUMENT DISCREPANCIES AND ORDER by Judge Jennifer T. Lum ORDERING Ex Parte Application; Declaration of S. B. Garner; Order and Declaration of S. B. Garner under seal submitted by Defendant Chunghwa Picture Tubes Ltd received on 1/17/2006 to be filed and processed; filed date to be the date the document was stamped Received but not Filed with the Clerk.(jp, ) (Entered: 02/17/2006) |
|---|---|---|
| 01/19/2006 | 910 | ANSWER to SECOND Amended Complaint 885 , 893 filed by defendant Tatung Co Of America. (jag, ) Modified on 1/20/2006 (jag, ). (Entered: 01/20/2006) |
| 01/19/2006 | 911 | ANSWER to Second Amended Complaint 885 , 893 and COUNTERCLAIM against LG Philips LCD Co Ltd filed by defendant Tatung Company.(jag, ) (Entered: 01/20/2006) |
| 01/19/2006 | 928 | NOTICE OF MOTION AND MOTION to Dismiss plaintiffs side-mount patent infringement claims in its second amended complaint for patent infringement filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 2/27/2006 at 10:00 AM before Judge Consuelo B. Marshall. Lodged proposed order. (jag, ) (Entered: 01/25/2006) |
| 01/19/2006 | 940 | MEMORANDUM in Opposition to Ex Parte Application to Strike Motion to Bifurcate 921 filed by plaintiff and counter defendant LG Philips LCD Co Ltd and third party defendant LG Electronics Inc. (mu, ) (Entered: 02/01/2006) |
| 01/19/2006 | 941 | DECLARATION of David L Schrader in support of Opposition to Ex Parte Application to Strike Motion to Bifurcate 921 filed by plaintiff and counter defendant LG Philips LCD Co Ltd and third party defendant LG Electronics Inc. (mu, ) Modified on 2/1/2006 (mu, ). (Entered: 02/01/2006) |
| 01/19/2006 | 943 | DECLARATION of Anthony C Roth in support of Opposition to Ex Parte Application to Strike Motion to Bifurcate 921 filed by plaintiff and counter defendant LG Philips LCD Co Ltd and third party defendant LG Electronics Inc. (mu, ) (Entered: 02/01/2006) |
| 01/19/2006 | 945 | MEMORANDUM in Opposition to Ex Parte Application for Order setting expedited hearing on motion for sanctions for alleged failure to comply with the Magistrate's 11/10/05 Order 934 filed by plaintiff and counter defendant LG Philips LCD Co Ltd and third party defendant LG Electronics Inc. (mu, ) (Entered: 02/01/2006) |
| 01/19/2006 | 946 | DECLARATION of Anthony C Roth in support of Memorandum in Opposition to Ex Parte Application for Order setting expedited hearing and for sanctions 934 filed by plaintiff and counter defendant LG Philips LCD Co Ltd and third party defendant LG Electronics Inc. (mu, ) (Entered: 02/01/2006) |
| 01/19/2006 | 947 | OPPOSITION to Ex Parte Application for Order Compelling LPL to appear at Rule 30(b)(6) deposition on damages or for Order setting motion to compel with the Magistrate and for Sanctions 937 filed by plaintiff and counter defendant LG Philips LCD Co Ltd and third party defendant LG |

| | | Electronics Inc. (mu, ) (Entered: 02/01/2006) |
|---|---|---|
| 01/19/2006 | 948 | DECLARATION of Anthony C Roth in support of Opposition to Ex Parte Application re Rule 30(b)(6) deposition on damages and Request for Sanctions 937 filed by plaintiff and counter defendant LG Philips LCD Co Ltd and third party defendant LG Electronics Inc. (mu, ) (Entered: 02/01/2006) |
| 01/19/2006 | 949 | PROOF OF SERVICE filed by plaintiff and counter defendant LG Philips LCD Co Ltd and third party defendant LG Electronics Inc re Memorandum in Opposition to Ex Parte Application to Strike Motion to Bifurcate 940 , Declaration of Anthony C Roth in support of Opposition to Ex Parte Application to Strike Motion to Bifurcate 943 , Declaration of David L Schrader in support of Opposition to Ex Parte Application to Strike Motion to Bifurcate 941 , were served on 1/19/06. (see document for further details) (mu, ) (Entered: 02/01/2006) |
| 01/19/2006 | 950 | MEMORANDUM of Points and Authorities in Support of Motion to Dismiss plaintiffs side-mount patent infringement claims in its second amended complaint for patent infringement 928 filed by defendant, counter claimant and third party plaintiff Chunghwa Picture Tubes Ltd. (mu, ) (Entered: 02/01/2006) |
| 01/19/2006 | 951 | REQUEST FOR JUDICIAL NOTICE in support of Motion to Dismiss second amended complaint 928 filed by defendant, counter claimant and third party plaintiff Chunghwa Picture Tubes Ltd. (mu, ) (Entered: 02/01/2006) |
| 01/19/2006 | 952 | PROOF OF SERVICE filed by defendant, counter claimant and third party plaintiff Chunghwa Picture Tubes Ltd, re Notice of Motion and Motion to Dismiss plaintiffs side-mount patent infringement claims in its second amended complaint for patent infringement 928 , Memorandum of Points and Authorities in Support of Motion to Dismiss plaintiffs side-mount patent infringement claims in its second amended complaint for patent infringement 950 , Request for Judicial Notice 951 , were served on 1/19/06. (see document for further details) (mu, ) (Entered: 02/01/2006) |
| 01/20/2006 | 915 | MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum re Motion for Protective order shceduled for hearig on January 24. Motion taken under submission. See Minute Order for specifics. (dp, ) (Entered: 01/20/2006) |
| 01/20/2006 | 916 | MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum re ex parte application for order setting expedited hearing on motion for sanctions. Ex parte is denied. See Minute Order for specifics. (dp, ) (Entered: 01/20/2006) |
| 01/20/2006 | | PLACED IN FILE - NOT USED re proposed order granting ex parte application for order compelling submitted by defendant Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 01/31/2006) |
| 01/23/2006 | 926 | MINUTES by Judge Consuelo B. Marshall; On 1/17/06 defendant counterclaimant and third party plaintiff Chunghwa Picture Tubes Ltds EX |

| | | |
|---|---|---|
| | | PARTE APPLICATION to Strike LG Philips Co Ltds and LG Electronics Incs Motion to bifurcate for failure to comply with the LR; Request for Attorneys Fees and Costs 921 . Based on consideratio of the papers submitted the application is DENIED. Request for attorneys fees and costs is likewise DENIED. Based on the information before it, Court is unable to determine whether the parties have in fact met and conferred to discuss the substance of the motion to bifurcate. Court orders parties to meet and confer regarding all of the issues presented in the motion to bifurcate no later than 5pm on 1/24/06. Motion to bifurcate will remain pending before the Court unless it is withdrawn. CPTs opposition shall not be due on or before 1/26/06; LPLs reply shall be due no later than 2/1/06. hearing date shall remain the same.Court Reporter: n/a. (jag, ) (Entered: 01/24/2006) |
| 01/23/2006 | 929 | MINUTES by Judge Consuelo B. Marshall; Court hereby STRIKES Defendant Chunghwa Picture Tubes LTDs MOTION to Dismiss plaintiffs side-mount patent infringement claims in its second amended complaint for patent infringement 928 filed 1/19/06 for failure to comply with the Courts 1/11/06 order requiring the parties to seek leave of Court prior to filing additional motions prior to commencement of trial. Court strikes the motion without prejudice to obtaining leave of Court.Court Reporter: n/a. (jag, ) (Entered: 01/25/2006) |
| 01/23/2006 | 931 | DECLARATION of MARK H KRIETZMAN in support of OPPOSITION to MOTION to Bifurcate 917 filed by defendants Tatung Co Of America, Tatung Company. (jag, ) (Entered: 01/31/2006) |
| 01/23/2006 | 932 | DECLARATION of VALERIE W HO in support of OPPOSITION to MOTION to Bifurcate 917 filed by defendants Tatung Co Of America, Tatung Company. (jag, ) (Entered: 01/31/2006) |
| 01/23/2006 | 933 | OPPOSITION to MOTION to Bifurcate 917 filed by defendants Tatung Co Of America, Tatung Company. (jag, ) (Entered: 01/31/2006) |
| 01/24/2006 | 953 | DECLARATION of ANTHONY C ROTH in support of OPPOSITION to EX PARTE APPLICATION for Order Compelling LPL to appear at Rule 30 (b)(6) deposition on damages or, in the alternative, for Order setting motion to compel for hearing with the Magistrate; and Request for Sanctions 937 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 02/01/2006) |
| 01/24/2006 | 954 | MEMORANDUM in Opposition to MOTION to Bifurcate 917 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 02/01/2006) |
| 01/24/2006 | 955 | DECLARATION of CHRISTOPHER A MATHEWS in support of OPPOSITION to MOTION to Bifurcate 917 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 02/01/2006) |
| 01/26/2006 | 957 | REQUEST for a Telephonic Status Conference filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 02/03/2006) |
| | | |

Case 1:06-cv-00726-JJF   Document 441-6   Filed 09/05/2008   Page 123 of 195

| 01/26/2006 | 958 | SUPPLEMENTAL DECLARATION of VALERIE W HO in support of OPPOSITION to MOTION to Bifurcate 917 filed by defendants Tatung Co Of America, Tatung Company. (jag, ) (Entered: 02/03/2006) |
|---|---|---|
| 01/27/2006 | 959 | EX PARTE APPLICATION for Leave to file Rule 12(b)(6) motions to dismiss plaintiffs side-mount patent infringement claims in its amended complaints and for an order tolling the time for defendants to answer the amended complaints filed by defendants Tatung Co Of America, Tatung Company, Chunghwa Picture Tubes Ltd, Envision Peripherals Inc, Jean Company Ltd, TPV Technology Ltd, Viewsonic Corporation. Lodged proposed order and motion documents. (jag, ) (Entered: 02/06/2006) |
| 01/27/2006 | 960 | DECLARATION of CHRISTOPHER A MATHEWS in support of EX PARTE APPLICATION for Leave to file Rule 12(b)(6) motions to dismiss plaintiffs side-mount patent infringement claims in its amended complaints and for an order tolling the time for defendants to answer the amended complaints 959 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 02/06/2006) |
| 01/27/2006 | 961 | NOTICE of LODGING of defendant Chunghwa Picture Tubes Ltds Motion to dismiss plaintiffs side-mount patent infringement claims and supporting documents filed by defendant Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 02/06/2006) |
| 01/27/2006 | 962 | PROOF OF SERVICE filed by defendant Chunghwa Picture Tubes Ltd of attached document list; served upon Andrea S Ordin and Mark Krietzman on 1/27/06 by first class mail and personal service (jag, ) (Entered: 02/06/2006) |
| 01/30/2006 | 930 | MINUTES OF IN CHAMBERS ORDER by Judge Consuelo B. Marshall. The Court on its own motion, continues the Jury Trial currently set for Tuesday, March 21, 2006 to Tuesday, October 3, 2006 at 10:00 a.m. Court Reporter: not reported. (cs, ) (Entered: 01/30/2006) |
| 01/30/2006 | 963 | PROOF OF SERVICE filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc of attached document list; served upon Terence J Clark on 1/30/06 by first class mail (jag, ) (Entered: 02/06/2006) |
| 01/30/2006 | 974 | RESPONSE to Defendants REQUEST for a Telephonic Status Conference 957 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd, ThirdParty Defendant LG Electronics Inc. (jp, ) (Entered: 02/10/2006) |
| 01/30/2006 | 975 | PROOF OF SERVICE of to Defendants REQUEST for a Telephonic Status Conference 974 , was served on 1/30/2006 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd, ThirdParty Defendant LG Electronics Inc. (jp, ) (Entered: 02/10/2006) |
| 02/01/2006 | 964 | REPLY MEMORANDUM in Support of MOTION to Bifurcate 917 and in response to CPTs OPPOSITION filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 02/08/2006) |
| 02/01/2006 | 965 | REPLY MEMORANDUM in Support of MOTION to Bifurcate 917 and in response to opposition filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 02/08/2006) |

| 02/01/2006 | 966 | DECLARATION of ANTHONY C ROTH in support of reply to OPPOSITIONS to MOTION to Bifurcate 917 filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc. (jag, ) (Entered: 02/08/2006) |
| --- | --- | --- |
| 02/01/2006 | 967 | PROOF OF SERVICE filed by plaintiff/counterdefendants LG Philips LCD Co Ltd, LG Electronics Inc of attached document list; served upon Christopher A Mathews on 2/1/06 by first class mail (jag, ) (Entered: 02/08/2006) |
| 02/02/2006 | 956 | MINUTES by Judge Consuelo B. Marshall; Court hereby DENIES Defendant Chunghwa Picture Tubes EX PARTE APPLICATION for Order Compelling LPL to appear at Rule 30(b)(6) deposition on damages 937 . Court Reporter: n/a. (jag, ) (Entered: 02/03/2006) |
| 02/03/2006 | | COMMENT - e-mail addresses updated for counsel of record who are associated with the docket with an e-mail address for service of the Notice of Electronic Filing: Dieter H Hellmoldt; Mary Jane Boswell; Christopher Darrow; Frank E Meredith, Jr; Mark H Krietzman; Terence J Clark; Valerie W Ho; Brian S Kim; Christine A Dudzik; Christopher A Mathews; Teresa M Corbin (jj, ) (Entered: 02/03/2006) |
| 02/06/2006 | 970 | REPLY to Counterclaim 911 filed by counterdefendant LG Philips LCD Co Ltd.(jag, ) (Entered: 02/09/2006) |
| 02/06/2006 | 973 | ORDER Granting Chunghwa Pictur Tubes Ltd Ex Parte Application for Order Permitting Document to Be Filed Under Seal: IT IS ORDERED by Judge Jennifer T. Lum that CPT is permitted to file under seal Plaintiff LC Philips LCD Co Ltd Supplemental Responses to Defendant First Set of Interrogatories (Nos. 8, 11 and 14), including Exhibits A and B thereto. (jp, ) (Entered: 02/10/2006) |
| 02/06/2006 | 977 | MINUTES before Judge Consuelo B. Marshall: CPT Amended Notice of Motion/Motion for for review November 30, 2005 Order Denying and Granting In Part CPT Four Motions to Compel (filed 12/9/05); Jean Company LTD Amended Notice of Motion/Motion for Review of Magistrate Lum November 7, 2005 Order Denying and Granting IN Part Defendant Jean Company Motion to Compel LG. Phlips LC, Ltd to Provide Responses to Interrogatory Nos. 6-14. (filed 12/9/05) 886 ; Motion of LG Philips LCD Co., LTD for review and reconsideration by the District Court of the Magistrate Judges Order compelling the production of documents after the discovery cut-off (filed 11/18/05) 767 ; Motion of LG. Philips LCD Co., LTD and LG Electronics Inc to Bifurcate 917 (filed 1/13/2006). Arguments held. All motions are submitted without further oral argument. Court Reporter: Gail Peeples. (jp, ) (Entered: 02/13/2006) |
| 02/08/2006 | 968 | APPLICATION for attorney CHRISTOPHER M JOE to Appear Pro Hac Vice. FEE PAID. filed by defendants Tatung Co Of America, Tatung Company, Tatung Company, Tatung Company. Lodged proposed order. (jag, ) (Entered: 02/09/2006) |
| 02/08/2006 | 969 | APPLICATION for attorney ERIC S TAUTFEST to Appear Pro Hac Vice. FEE PAID. filed by defendants Tatung Co Of America, Tatung Company, |

Case 1:06-cv-00726-JJF   Document 441-6   Filed 09/05/2008   Page 125 of 195

| | | |
|---|---|---|
| | | Tatung Company, Tatung Company. Lodged proposed order. (jag, ) (Entered: 02/09/2006) |
| 02/09/2006 | 971 | ORDER ON APPLICATION of Non-Resident Attorney to Appear in a Specific Case by Eric S. Tautfest as counsel for Defendants, Counter Claimants Tatung Company, Tatung Company, designating Terence J. Clark as local counsel. Fee PAID. Approved by Judge Consuelo B. Marshall. (jp, ) (Entered: 02/10/2006) |
| 02/09/2006 | 972 | ORDER ON APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case by Christopher M. Joe as counsel for Defendants, Counter Claimants Tatung Co Of America, Tatung Company, designating Terence J. Clark as local counsel. Fee PAID. Approved by Judge Consuelo B. Marshall.(jp, ) (Entered: 02/10/2006) |
| 02/10/2006 | 976 | MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum re Motion for Protective Order in Connection with Subpoena Served on Patent Counsel. The Motion is denied. See Minute Order for specifics. (dp, ) (Entered: 02/10/2006) |
| 02/13/2006 | 978 | Amended MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum re Plaintiff's Motion for Protective Order. See Minute Order for specifics. (dp, ) (Entered: 02/14/2006) |
| 02/14/2006 | 979 | NOTICE OF MOTION AND MOTION to Compel LG. Philips LCD Co., Ltd's Compliance with Magistrate's November 10, 2005 Order or in the alternative, for Issue Sanctions filed by Defendant, Counter Claimant, ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 3/7/2006 at 10:00 AM before Magistrate Judge Jennifer T. Lum. Lodged Proposed Order. (jp, ) (Entered: 02/15/2006) |
| 02/14/2006 | 980 | JOINT STIPULATION Regarding MOTION to Compel LG. Philips LCD Co., Ltd's Compliance with Magistrate's November 10, 2005 Order or in the alternative, for Issue Sanctions 979 filed by Defendant, Counter Claimant and ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 02/15/2006) |
| 02/14/2006 | 981 | DECLARATION of SCOTT B. GARNER in support of MOTION to Compel LG. Philips LCD Co., Ltd's Compliance with Magistrate's November 10, 2005 Order or in the alternative, for Issue Sanctions 979 filed by Defendant, Counter Claimant, ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (jp, ) (Entered: 02/15/2006) |
| 02/14/2006 | 982 | DECLARATION of DAVID M. MORRIS in support of Opposition to Defendant MOTION to Compel Compliance with November 10, 2005 Order or in the alternative, for Issue Sanctions 979 filed by plaintiff LG Philips LCD Co Ltd. (jp, ) (Entered: 02/15/2006) |
| 02/14/2006 | 983 | DECLARATION of ANTHONY C. ROTH in support of Opposition to Defendant MOTION to Compel Compliance with November 10, 2005 Order or in the alternative, for Issue Sanctions 979 filed by plaintiff LG Philips LCD Co Ltd. (jp, ) (Entered: 02/15/2006) |
| | | |

| 02/14/2006 | 984 | DECLARATION of WON JUN CHOI in support of Opposition to Defendant MOTION to Compel Compliance with November 10, 2005 Order or in the alternative, for Issue Sanctions 979 filed by plaintiff LG Philips LCD Co Ltd. (jp, ) (Entered: 02/15/2006) |
| --- | --- | --- |
| 02/14/2006 | 985 | PROOF OF SERVICE filed by plaintiff LG Philips LCD Co Ltd re Declaration of ANTHONY C. ROTH in support of Opposition to Defendant MOTION to Compel Compliance with November 10, 2005 Order or in the alternative, for Issue Sanctions 983 , Declaration of WON JUN CHOI in support of Opposition to Defendant MOTION to Compel Compliance with November 10, 2005 Order or in the alternative, for Issue Sanctions 984 , Declaration of DAVID M. MORRIS in support of Opposition to Defendant MOTION to Compel Compliance with November 10, 2005 Order or in the alternative, for Issue Sanctions 982 , was served on 2/14/2006. (jp, ) (Entered: 02/15/2006) |
| 02/14/2006 | 986 | MINUTES before Judge Consuelo B. Marshall: IN CHAMBERS NOTICE - CONTINUATION OF HEARING. The Court, on its own Motion, CONTINUES the Pretrial Conference 904 from 2/27/2006 to 2/28/2006 01:30 PM. Court Reporter: Not Present. (jp, ) (Entered: 02/15/2006) |
| 02/16/2006 | 989 | MINUTES before Judge Consuelo B. Marshall: Pretrial Conference. On the Court own motion, Pretrial Conference 986 is CONTINUED to 9/18/2006 03:00 PM.Court Reporter: Not Appearanced. (jp, ) (Entered: 02/17/2006) |
| 02/17/2006 | 987 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 12/8/05 Court Reporter: Leandra Amber (mo, ) (Entered: 02/17/2006) |
| 02/17/2006 | 988 | TRANSCRIPT filed for proceedings held on 12/8/05. Court Reporter: Leandra Amber. (mo, ) (Entered: 02/17/2006) |
| 02/21/2006 | 993 | SUPPLEMENTAL DECLARATION of SCOTT B GARNER in support of MOTION to Compel LG. Philips LCD Co., Ltd's Compliance with Magistrate's November 10, 2005 Order or in the alternative, for Issue Sanctions 979 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 02/22/2006) |
| 02/21/2006 | 996 | SUPPLEMENTAL MEMORANDUM in Support of MOTION to Compel LG. Philips LCD Co., Ltd's Compliance with Magistrate's November 10, 2005 Order or in the alternative, for Issue Sanctions 979 filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 02/23/2006) |
| 02/21/2006 | 1000 | SUPPLEMENTAL MEMORANDUM in Opposition to Chunghwa Picture Tubes Ltd's MOTION to Compel LG. Philips LCD Co., Ltd's Compliance with Magistrate's November 10, 2005 Order or in the alternative, for Issue Sanctions 979 filed by Plaintiff, Counterdefendant and Third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd, LG Electronics Inc. (shb, ) (Entered: 03/01/2006) |
| 02/21/2006 | 1001 | DECLARATION of David M Morris in support of Supplemental Memorandum in Opposition to Chunghwa Picture Tubes Ltd's MOTION to Compel LG. Philips LCD Co., Ltd's Compliance with Magistrate's |

| | | November 10, 2005 Order or in the alternative, for Issue Sanctions 979 filed by Plaintiff, Counterdefendant and Third Party Defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd, LG Electronics Inc. (shb, ) (Entered: 03/01/2006) |
|---|---|---|
| 02/21/2006 | 1002 | PROOF OF SERVICE filed by Plaintiff, Counterdefendant and Third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd, LG Electronics Inc, re Suplemental Memorandum in Opposition to Chunghwa Picture Tube Ltc's MOTION to Compel LG. Philips LCD Co., Ltd's Compliance with Magistrate's November 10, 2005 Order or in the alternative, for Issue Sanctions, 1000 , Declaration of David M Morris in support of Suplemental Memorandum in Opposition to Chunghwa Picture Tube Ltc's MOTION to Compel LG. Philips LCD Co., Ltd's Compliance with Magistrate's November 10, 2005 Order or in the alternative, for Issue Sanctions 1001 , was served on 2/21/06. (shb, ) (Entered: 03/01/2006) |
| 02/22/2006 | 994 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 2/6/06 Court Reporter: Gail Peeples (mo, ) (Entered: 02/23/2006) |
| 02/22/2006 | 995 | TRANSCRIPT filed for proceedings held on 2/6/06. Court Reporter: Gail Peeples. (mo, ) (Entered: 02/23/2006) |
| 02/23/2006 | 997 | MINUTES by Judge Consuelo B. Marshall; Plaintiff/Third Party Defendants MOTION to Bifurcate 917 is DENIED. (see document for details)Court Reporter: n/a. (jag, ) (Entered: 02/24/2006) |
| 02/24/2006 | 998 | MINUTES OF Telephone Conference held before Judge Jennifer T. Lum. See Minute Order for specifics.Tape #: 06-04. (dp, ) (Entered: 02/24/2006) |
| 02/27/2006 | 999 | ORDER by Judge Consuelo B. Marshall; Plaintiffs MOTION for review and reconsideration by the District Court of the Magistrate Judges Order compelling the production of documents after the discovery cut-off 767 is DENIED. (see document for details)(jag, ) (Entered: 03/01/2006) |
| 02/27/2006 | 1003 | ORDER by Judge Consuelo B. Marshall; Defendants MOTION for Review of Magistrate Judge Lums 11/10/05 Order denying and granting in part CPTs four motions to compel 886 and MOTION to Compel LG. Philips LCD Co., Ltd's Compliance with Magistrate's November 10, 2005 Order or in the alternative, for Issue Sanctions 979 are DENIED. (see document for details) (jag, ) (Entered: 03/01/2006) |
| 02/27/2006 | 1004 | DECLARATION of Rebecca Goldman Rudich filed by Plaintiff LG Philips LCD Co Ltd. (jag, ) (Entered: 03/02/2006) |
| 03/07/2006 | 1006 | NOTICE OF DISCREPANCY AND ORDER: by Judge Jennifer T. Lum, ORDERING Letter submitted by Defendant Chunghwa Picture Tubes Ltd, Counter Claimants Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, ThirdParty Plaintiff Chunghwa Picture Tubes Ltd received on 3/7/06 is not to be filed but instead rejected. Denial based on: Improper Communication with the Court; L.R. 83-2.11.(dp, ) (Entered: 03/08/2006) |
| 03/07/2006 | 1008 | AMENDED NOTICE OF MOTION AND MOTION to Compel LG Philips LCD Co Ltds compliance with Magistrates 11/20/05 order or in the |

| | | alternative for issue sanctions filed by defendant/counterclaimant/third party plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 4/18/2006 at 10:00 AM before Magistrate Judge Jennifer T. Lum. (jag, ) Modified on 1/23/2007 (lm, ). (Entered: 03/10/2006) |
|---|---|---|
| 03/08/2006 | 1007 | MINUTES OF IN CHAMBERS ORDER by Judge Jennifer T. Lum re letter from CPT. Letter improper communication with the Court. See Minute Order for specifics. (dp, ) (Entered: 03/08/2006) |
| 03/10/2006 | 1009 | ORDER by Judge Consuelo B. Marshall; Defendants EX PARTE APPLICATION for Leave to file Rule 12(b)(6) motions to dismiss plaintiffs side-mount patent infringement claims in its amended complaints and for an order tolling the time for defendants to answer the amended complaints 959 is DENIED in lead case CV02-6775. Defendants shall have 10 days from the date of entry of this order in which to file their answers to the amended complaints. The ex parte applications in Consolidated Case Nos CV03-2866, CV03-2884, CV03-2885 and CV03-2886 are DENIED as MOOT.(jag, ) (Entered: 03/15/2006) |
| 03/14/2006 | 1010 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 02/23/06 Court Reporter: D. Babykin (recla14, ) (Entered: 03/17/2006) |
| 03/14/2006 | 1011 | TRANSCRIPT filed for proceedings held on 02/23/06. Court Reporter: D. Babykin. (recla14, ) (Entered: 03/17/2006) |
| 03/28/2006 | 1012 | ANSWER to Amended Complaint 893 , COUNTERCLAIM against LG Philips LCD Co Ltd, LG Electronics Inc filed by Defendant, Counterclaimant and third party plaintiff Chunghwa Picture Tubes Ltd.(yl, ) (Entered: 03/30/2006) |
| 04/03/2006 | 1013 | MINUTES before Judge Jennifer T. Lum; Court has received and reviewed the documents submitted in camera by plaintiff pursuant to the Courts 2/14/06 order. Court has determined that the documents withheld and partially redacted pursuant to privilege appear to be properly designated. At this time the parties need not take any further action regarding this subject matter. Court Reporter: n/a. (jag, ) (Entered: 04/05/2006) |
| 04/11/2006 | 1014 | MINUTES OF IN CHAMBERS ORDER held before Judge Jennifer T. Lum re motion to compel compliance with magistrate's order. Motion off calendar for April 18 and under submission. See Minute Order for specifics. (dp, ) (Entered: 04/11/2006) |
| 04/20/2006 | 1015 | REPLY to Counterclaim 1012 with JURY DEMAND filed by counter defendant LG Electronics Inc.(jag, ) (Entered: 04/24/2006) |
| 04/20/2006 | 1017 | ANSWER to Third Party Complaint 514 with JURY DEMAND filed by third party defendant LG Electronics Inc.(jag, ) (Entered: 05/08/2006) |
| 04/28/2006 | 1016 | NOTICE OF DOCUMENT DISCREPANCIES AND ORDER by Judge Consuelo B. Marshall ORDERING answer to third party claims submitted by ThirdParty Defendant LG Electronics Inc received on 4/20/06 to be filed and processed; filed date to be the date the document was stamped Received but not Filed with the Clerk.(jag, ) (Entered: 05/08/2006) |

| 05/26/2006 | 1018 | NOTICE OF MOTION AND MOTION to Strike Untimely Produced Expert Reports, Physical Samples and Documents filed by Plaintiff and Counterdefendants LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. Motion set for hearing on 6/19/2006 at 10:00 AM before Judge Consuelo B. Marshall. Lodged Order. (shb, ) (Entered: 05/30/2006) |
|---|---|---|
| 05/26/2006 | 1019 | MEMORANDUM of points and authorities in Support of MOTION to Strike Untimely Produced Expert Reports, Physical Samples and Documents 1018 filed by Plaintiff and Counterdefendants LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (shb, ) (Entered: 05/30/2006) |
| 05/26/2006 | 1020 | DECLARATION of Anthony C Roth in support of MOTION to Strike Untimely Produced Expert Reports, Physical Samples and Documents 1018 filed by Plaintiff and Counterdefendants LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (shb, ) (Entered: 05/30/2006) |
| 05/26/2006 | 1021 | PROOF OF SERVICE filed by Plaintiffs and Counterdefendants LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, re MOTION to Strike 1018 , Memorandum in Support of Motion, 1019 , Declaration (Motion related), Declaration (Motion related) 1020 , was served on 5/26/06. (shb, ) (Entered: 05/30/2006) |
| 06/05/2006 | 1022 | DEFENDANT'S OPPOSITION to L.G. PHILIPS LCD CO., LTD'S MOTION to Strike 1018 filed by Defendants and counter claimant Tatung Co Of America, Tatung Company, Tatung Company. (shb, ) (Entered: 06/06/2006) |
| 06/05/2006 | 1023 | DECLARATION of Mark H Kreitzman in support of Defendant's Opposition to L.G. Philips LCD Co., Ltd's MOTION to Strike 1018 filed by Defendants and counterclaimant Tatung Co Of America, Tatung Company, Tatung Company. (shb, ) (Entered: 06/06/2006) |
| 06/05/2006 | 1024 | PROOF OF SERVICE of Tatund Company's and Tatung Company of America's Opposition to L.G. Philips LCD Co, Ltd's Motion to strike 1022 , and Declaration of Mark Kteitzman insupport of Opposition to LG Philips Co Ltd's Motion to strike 1023 filed by Defendants and counterclaimants Tatung Co Of America, Tatung Company, Tatung Company, Tatung Company, was served on 6/5/06. (shb, ) (Entered: 06/06/2006) |
| 06/12/2006 | 1026 | SECOND DECLARATION of Anthony C Roth in support of MOTION to Strike Untimely Produced Expert Reports, Physical Samples and Documents 1018 filed by Plaintiff and counterdefendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (shb, ) (Entered: 06/13/2006) |
| 06/13/2006 | 1025 | REPLY MEMORANDUM OF L.G. PHILIPS LCD CO., LTD in support of MOTION to Strike untimely produced expert reports, physical samples and documents 1018 filed by Plaintiff and Counterdefendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (shb, ) (Entered: 06/13/2006) |

| 06/19/2006 | 1027 | MINUTES OF Motion Hearing held before Judge Consuelo B. Marshall: Re: MOTION to Strike Untimely Produced Expert Reports, Physical Samples & Documents 1018 ; Arguments had, Plaintiff's Motion to Strike, etc is submitted without further oral argument. Court Reporter: Debbie Gale. (shb, ) (Entered: 06/23/2006) |
|---|---|---|
| 06/23/2006 | 1028 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall: DENYING MOTION to Strike Untimely Produced Expert Reports, Physical Samples and Documents 1018 ; Consistent with this Court's ruling, if additional discovery is needed, fact discovery is to be completed no later than July 17, 2006, and expert discovery to be completd no later than August 7, 2006 Court Reporter: none present. (shb, ) (Entered: 06/23/2006) |
| 07/01/2006 | 1073 | PROOF OF SERVICE filed by Plaintiff, Counter defendant, third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd, re MOTION to confirm arbitration award 1064 , Memorandum in Support of Motion, 1069 , Declaration (Motion related), Declaration (Motion related) 1070 , Declaration (Motion related), Declaration (Motion related) 1071 , Memorandum in Support of Motion, 1065 , Declaration (Motion related), Declaration (Motion related) 1066 , Declaration (Motion related), Declaration (Motion related) 1072 , Declaration (Motion related), Declaration (Motion related) 1067 , MOTION for Summary Judgment 1068 , was served on 7/31/06. (shb, ) (Entered: 08/01/2006) |
| 07/07/2006 | 1029 | MINUTES OF IN CHAMBERS ORDER held before Judge Jennifer T. Lum denying RE: MOTION to Compel 1008 compliance with magistrate's order. See Minute Order for specifics. (dp, ) (Entered: 07/07/2006) |
| 07/07/2006 | 1030 | STIPULATION AND ORDER REGARDING PRETRIAL SCHEDULING by Judge Consuelo B. Marshall: Upon the above stipulation, IT IS HEREBY ORDERED that the parteis shall exchange witness lists, exhibit lists, deposition designations and other designations to sworn testimony on August 14, 2006. LG Phillips LCD shall provide a preliminary draft and Final Pretrial Conference Order to Chunghwa Picture Tubes, LTD and Tatung Co of America and Tatung Company by 8/18/2006; (See documents for further details)(yl, ) (Entered: 07/10/2006) |
| 07/17/2006 | 1031 | TATUNG COMPANY'S NOTICE EX PARTE APPLICATION AND EX PARTE APPLICATION TO (1)AMEND Protective Order; and 2)extend fact discovery deadline set forth in Court's Order denying LG Phillips LCD Co., Ltd's Motin to Strike; Memorandum of points and authorities filed by Defendants and Counterclaimants Tatung Co Of America, Tatung Company, Tatung Company. Lodged proposed order. (shb, ) Modified on 7/18/2006 (shb, ). (Entered: 07/18/2006) |
| 07/17/2006 | 1032 | DECLARATION of Valerie W Ho in support of Tatung Company's EX PARTE APPLICATION TO (1)AMEND Protective Order; and 2)extend fact discovery deadline set forth in Court's Order denying LG Phillips LCD Co., Ltd's Motin to Strike; 1031 filed by Defendants and Counterclaimants Tatung Co Of America, Tatung Company, Tatung Company, Tatung Company. (shb, ) (Entered: 07/18/2006) |

| 07/17/2006 | 1033 | DECLARATION of Thomas N Fitzgibbon in support of Tatung Company's EX PARTE APPLICATION TO (1)AMEND Protective Order; and 2)extend fact discovery deadline set forth in Court's Order denying LG Phillips LCD Co., Ltd's Motin to Strike; 1031 filed by Defendants and Counterclaimants Tatung Co Of America, Tatung Company, Tatung Company, Tatung Company. (shb, ) (Entered: 07/18/2006) |
| --- | --- | --- |
| 07/18/2006 | 1034 | NOTICE OF CHUNGHWA PICTURE TUBES, LTD'S MOTION for Summary Judgment based on the Atbitration Panel's June 20, 2006 Award filed by Defendant, Counterclaimant, Third Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. Motion set for hearing on 8/21/2006 at 10:00 AM before Judge Consuelo B. Marshall. Lodged order. (shb, ) (Entered: 07/19/2006) |
| 07/18/2006 | 1035 | DEFENDANT CHUNGHWA PICTURE TUBES, LTD'S NOTICE OF PETITIONto Vacate Arbitration Award filed by Defendant, Counterclaimant, Third Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. Motion set for hearing on 8/21/2006 at 10:00 AM before Judge Consuelo B. Marshall. (shb, ) Modified on 7/19/2006 (shb, ). Modified on 7/19/2006 (shb, ). (Entered: 07/19/2006) |
| 07/18/2006 | 1036 | DEFENDANT CHUNGHWA PICTURE TUBES, LTD'S MEMORANDUM of points and authorities in support of PETITION to Vacate 1035 filed by Defendant, Counterclaimant, Third Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (shb, ) (Entered: 07/19/2006) |
| 07/18/2006 | 1037 | DECLARATION of Michael L Resch in support Defendant Chunghwa Picture Tubes, Ltd's PETITION to Vacate Arbitration Award 1035 filed by Defendant, Counterclaimant, Third Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (shb, ) (Entered: 07/19/2006) |
| 07/18/2006 | 1038 | PROOF OF SERVICE RE DEFENDANT CHUNGHWA PICTURE TUBES LTD'S PETITION TO VACATE ARBITRATION AWARD filed by Defendant, Counerclaimant, Third Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, re Declaration (Motion related), Declaration (Motion related) 1037 , PETITION to Vacate Arbitration Award 1035 , Memorandum in Support of Motion, 1036 , was served on 7/18/06. (shb, ) (Entered: 07/19/2006) |
| 07/18/2006 | 1039 | DEFENDANT CHUNGHWA PICTURE TUBE LTD'S MEMORANDUM of points and authorities in Support of its MOTION for Summary Judgmentbased on the Arbitration Panel's June 20, 2006 award 1034 filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (shb, ) (Entered: |

| | | 07/19/2006) |
|---|---|---|
| 07/18/2006 | 1040 | DECLARATION of Michael L Resch in support of Chunghwa Picture Tubes, Ltd's MOTION for Summary Judgment based on the arbitration panel's June 20, 2006 award 1034 filed by Defendant, Counterclaimant, Third Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (shb, ) (Entered: 07/19/2006) |
| 07/18/2006 | 1041 | NOTICE OF ADEFENDANT CHUNGHWA PICTURE TUBES, LTD'S MOTION for Leave of Court to File Rule 56 Motion for Summary Judgment based on Arbitration Panel's June 20, 2006 Award filed by Defendant, Counterclaimant, Third Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. Motion set for hearing on 8/21/2006 at 10:00 AM before Judge Consuelo B. Marshall. Lodged order, statement. (shb, ) (Entered: 07/19/2006) |
| 07/18/2006 | 1042 | DEFENDANT CHUNGHWA PICTURE TUBES LTD'S MEMORANDUM POINTS AND AUTHORITIES in Support of MOTION for Leave of Court to File Rule 56 Motion for Summary Judgment based on Arbitration Panel's June 20, 2006 Award 1041 filed by Defendant, Counterclaimant, Third Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (shb, ) (Entered: 07/19/2006) |
| 07/18/2006 | 1043 | PROOF OF SERVICE filed by Defendant, Counterclaimant, Third Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, re Memorandum in Support of Motion 1039 , MOTION for Summary Judgment 1034 , Declaration (Motion related), Declaration (Motion related) 1040 , MOTION for Leave to of Court to File Rule 56 Motion for Summary Judgment based on Arbitration Panel's June 20, 2006 Award 1041 , Memorandum in Support of Motion, 1042 , was served on 7/18/06. (shb, ) (Entered: 07/19/2006) |
| 07/18/2006 | 1044 | NOTICE of Association of Counsel associating attorney Thomas N Fitzgibbon on behalf of Defendant Tatung Co Of America. Filed by defendants Tatung Company and Tatung Company of America (bb, ) (Entered: 07/19/2006) |
| 07/18/2006 | 1047 | NOTICE OF MOTION AND MOTION for Leave to of Court of File Rule 56 Motion for Summary Judgment Based on Intervening Rights Doctrine and the Related Two-Year Limitation on Seeking to Revive Patents filed by Defendants, Counter-Claiamant and Third-Party Plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 8/21/2006 at 10:00 AM before Judge Consuelo B. Marshall. Lodged Order. (yl, ) (Entered: 07/27/2006) |
| 07/18/2006 | 1048 | MEMORANDUM OF POINTS AND AUTHORITIES in Support of MOTION for Leave of Court of File Rule 56 Motion for Summary Judgment Based on Intervening Rights Doctrine and the Related Two-Year Limitation on Seeking to Revive Patents 1047 filed by Defendant, counterclaimant and |

| | | third party plaintiff Chunghwa Picture Tubes Ltd. (yl, ) (Entered: 07/27/2006) |
|---|---|---|
| 07/18/2006 | 1049 | PROOF OF SERVICE filed by Defendant, Counterclaimant and third party plaintiff Chunghwa Picture Tubes Ltd, the Notice of Defendant Chungwa Picture Tubs LTD's Motion for leave of Court fo file Rule 56 Miotion fo rSummary Judgment based on Intervening Rights Doctring and the Related Two Year Limitation on Seeking ot Revive Patents, etc (see document for further detials) was served on 7/18/2006. (yl, ) (Entered: 07/27/2006) |
| 07/19/2006 | 1045 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall : IT IS ORDERED that the Opposition to the Motion for Leave of Court, etc. shall be filed on or before 7/24/2006. (yl, ) (Entered: 07/20/2006) |
| 07/19/2006 | 1050 | PROOF OF SERVICE filed by Plaintiff and counterclaim defendant LG Philips LCD Co Ltd, the Opposition to Tatung's Ex Parte Application to Amended Protective Order and to Extend Fact and Discovery Deadline; Declaration of Anne A Byun in Support of Opposition was served on 7/18/2006. (yl, ) (Entered: 07/27/2006) |
| 07/19/2006 | 1051 | LPL'S OPPOSITION to EX PARTE APPLICATION to 1)AMEND Protective Order; and 2)extend fact discovery deadline set forth in Court's Order denying LG Phillips LCD Co., Ltd's Motin to Strike 1031 filed by Plaintiff LG Philips LCD Co Ltd. (yl, ) (Entered: 07/27/2006) |
| 07/19/2006 | 1052 | DECLARATION of ANN A. BYUN IN SUPPORT Of LPL's Opposition to Tatung's EX PARTE APPLICATION 1)AMEND Protective Order; and 2) extend fact discovery deadline set forth in Court's Order denying LG Phillips LCD Co., Ltd's Motin to Strike 1031 filed by Plaintiff LG Philips LCD Co Ltd. (yl, ) (Entered: 07/27/2006) |
| 07/20/2006 | 1046 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall: GRANTING IN PART AND DENYING IN PART RE: EX PARTE APPLICATION AND EX PARTE APPLICATION TO (1)AMEND Protective Order; and 2)extend fact discovery deadline set forth in Court's Order denying LG Phillips LCD Co., Ltd's Motion to Strike; 1031 ; Defendants Application is DENIED IN PART AND GRANTED IN PART. Defendants Application to amend the protective order is DENIED WITHOUT PREJUDICE. Defendant's Application to Extend Fact Discovery Deadline Set Forth in Court's Order Denying LCD Co's Ltd's Motion to Strike is GRANTED. All such discovery must be completed by August 7, 2006. IT IS SO ORDERED. Court Reporter: N/A. (shb, ) (Entered: 07/21/2006) |
| 07/21/2006 | 1061 | NOTICE OF CLERICAL ERROR: Due to clerical error Re: Memorandum in Support of Motion, 1039 . Documents filed in error should have been "LODGED" and forwarded to the Judge (yl, ) (Entered: 08/01/2006) |
| 07/21/2006 | 1062 | NOTICE OF CLERICAL ERROR: Due to clerical error Re: Declaration (Motion related) of Michael L. Resch 1040 -Documents filed in error should have been "LODGED" and forwarded to the Judge (yl, ) (Entered: 08/01/2006) |
| | | |

| 07/21/2006 | 1063 | NOTICE OF CLERICAL ERROR: Due to clerical error Re: MOTION for Summary Judgment 1034 was filed in error and should have been "LODGED" and forwarded to the Judge (yl, ) (Entered: 08/01/2006) |
|---|---|---|
| 07/24/2006 | 1053 | LG PHILIPS LCD CO., LTD'S AND LG ELECTRONICS INC'S NOTICE OF MOTION for Leave to to file Summary Judgment Motion Based on Arbitration Award filed by Plaintiff, Counterclaim defendant and third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. Motion set for hearing on 8/21/2006 at 10:00 AM before Judge Consuelo B. Marshall. (shb, ) (Entered: 07/31/2006) |
| 07/24/2006 | 1054 | DECLARATION of Corinne A Niosi in support of LG PHILIPS LCD CO., LTD'S AND LG ELECTRONICS INC'S MOTION for Leave to to file Summary Judgment Motion Based on Arbitration Award 1053 filed by Plaintiff, counterclaim defendant and third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 07/31/2006) |
| 07/24/2006 | 1055 | LG PHILIPS LCD CO., LTD'S AND LG ELECTRONICS, INC'S MEMORANDUM in Support of MOTION for Leave to to file Summary Judgment Motion Based on Arbitration Award 1053 filed by Plaintiff, counter defendant and third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 07/31/2006) |
| 07/24/2006 | 1056 | RESPONSE OF L.G. PHILIPS LCD CO., LTD AND LG ELECTROICS to CHUNGHWA PICTURE TUBES LTD'S MOTION for Leave to or to File Rule 56 Motion for Summary Judgment based on Arbitration Panel's June 20, 2006 Award 1041 filed by Plaintiff, counterclaim defendant and third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 07/31/2006) |
| 07/24/2006 | 1057 | DECLARATION of Corinne A Niosi in support of LG Philips Lcd Co., Ltd's and LG Electroniocs Inc's RESPONSE to CPT's MOTION for Leave to or Court to File Rule 56 Motion for Summary Judgment based on Arbitration Panel's June 20, 2006 Award 1041 filed by plaintiff, counterdefendant and third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 07/31/2006) |
| 07/24/2006 | 1058 | MEMORANDUM OF L.G. PHILIPS LCD CO LTD, in Opposition to CHUNGHWA PICTURE TUBES LTD'S MOTION for Leave to or Court of File Rule 56 Motion for Summary Judgment Based on Intervening Rights Doctrine and the Related Two-Year Limitation on Seeking to Revive Patents 1047 filed by Plaintiff and Counterdefendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd. (shb, ) (Entered: 07/31/2006) |
| 07/24/2006 | 1059 | DECLARATION of Corinne A Niosi in support of LG Philips LLCD Co Ltd's OPPOSITION to CPT MOTION for Leave to or Court of File Rule 56 re Intervening Rights 1047 filed by Plaintiff, Counter defendant and third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 07/31/2006) |
| 07/24/2006 | 1060 | PROOF OF SERVICE filed by Plaintiff, counter defendant and third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co |

| | | Ltd, re MEMORANDUM in Opposition to Motion, 1058 , Declaration (Motion related), Declaration (Motion related) 1059 , MOTION for Leave to to file Summary Judgment Motion Based on Arbitration Award 1053 , Declaration (Motion related), Declaration (Motion related) 1054 , Memorandum in Support of Motion, 1055 , Response to Motion, 1056 , Declaration (Motion related), Declaration (Motion related) 1057 , was served on 7/24/06. (shb, ) (Entered: 07/31/2006) |
|---|---|---|
| 07/31/2006 | 1064 | L.G. PHILIPS LCD CO.L LTD'S AND LG ELECTRONICS INC'S NOTICE OF MOTION AND MOTION to confirm arbitration award filed by Plaintiff, counterclaim defendant, third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. Motion set for hearing on 8/21/2006 at 10:00 AM before Judge Consuelo B. Marshall. Lodged proposed order. (shb, ) Modified on 8/1/2006 (shb, ). (Entered: 08/01/2006) |
| 07/31/2006 | 1065 | L.G. PHILIPS LCD CO., LTD and L.G. ELECTRONICS INC'S MEMORANDUM in Support of MOTION for Order for confirm arbitration award 1064 filed by Plaintiff, counterclaim defendant and third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 08/01/2006) |
| 07/31/2006 | 1066 | DECLARATION of Kell M Damsgaard in support of L.G. Philips LCD Co, Ltd's and LG Electronics Inc MOTION to confirm arbitration award 1064 filed by Plaintiff, counter claim defendant, third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 08/01/2006) |
| 07/31/2006 | 1067 | DECLARATION of Corinne A Niosi in support of LG Philips LCD Co Ltd's and LG Electronics Inc's MOTION to confirm arbitration award 1064 filed by Plaintiff, Counterclaim defendant, third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 08/01/2006) |
| 07/31/2006 | 1068 | L.G.PHILIPS LCD CO, LTD'S AND LG ELECTRONICS INC'S NOTICE OF MOTION AND MOTION for Summary Judgment based on arbitration award filed by Plaintiff, Counterclaim Defendant, Third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. Motion set for hearing on 8/21/2006 at 10:00 AM before Judge Consuelo B. Marshall. Lodged proposed order and statement. (shb, ) (Entered: 08/01/2006) |
| 07/31/2006 | 1069 | LG Philips LCD Co Ltd's and LG Electronics Inc's MEMORANDUM in Support of MOTION for Summary Judgment based on arbitration award 1068 filed by Plaintiff, Counterclaim defendant, Third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 08/01/2006) |
| 07/31/2006 | 1070 | DECLARATION of Anthony C Roth in support of LG Philips LCD Co Ltd's and LG Electronic Inc's MOTION for Summary Judgment based on arbitration award 1068 filed by Plaintiff, Counterclaim Defendant, Third Party Defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 08/01/2006) |

| 07/31/2006 | 1071 | DECLARATION of Won Jun Choi in support of LG Philips LCD Co Ltd's and LG Electronics Inc's MOTION for Summary Judgment based on arbitration award 1068 filed by Plaintiff, Counterclaim defendant, third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 08/01/2006) |
|---|---|---|
| 07/31/2006 | 1072 | DECLARATION of Corinne A Niosi in support of LG Philips LCD Co Ltd's and LG Electronics Inc's MOTION for Summary Judgment based on arbitration award 1068 filed by Plaintiff, Counterclaim defendant and third party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd. (shb, ) (Entered: 08/01/2006) |
| 08/02/2006 | 1074 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall: On July 18, 2006, pursuant to this Court's January 11,2006 Order, Defendant, counterclaimant and third party plaintiff, Chunghwa Picture Tubes, Ltd ("CPT") sought leave of court to file a Motion for Summary Judgment based on Intervening Rights Doctrine and the Related Two-Year Limitation on Seeking to Revive Patents. Plaintiff L.G. Philips filed an Opposition to the Motion on July 24, 2006. Defendant's reply has not yet been filed with this Court. In order to facilitate the resolution of the Motion for Leave to File, this Court hereby orders that any Reply by Defendant CPT must be filed with this Court no later than 4:00 p.m. on Thursday, August 3, 2006. IT IS SO ORDERED.Court Reporter: None Present. (shb, ) (Entered: 08/02/2006) |
| 08/03/2006 | 1075 | REPLY in support of Chunghwa Picture Tubes, Ltd's MOTION for Leave to of Court of File Rule 56 Motion for Summary Judgment Based on Intervening Rights Doctrine and the Related Two-Year Limitation on Seeking to Revive Patents 1047 filed by Defendant, Counterclaimant and Third party plaintiff Chunghwa Picture Tubes Ltd, (shb, ) (Entered: 08/04/2006) |
| 08/03/2006 | 1076 | STIPULATION AND ORDER by Judge Consuelo B. Marshall: Based upon the above stipulation, IT IS HEREBY ORDERED that: The expert discovery cutoff set forth in the Court's June 23, 2006 Order 1028 , will be extended from August 7, 2006 to August 11, 2006. Discovery cut-off 8/11/2006.(shb, ) (Entered: 08/04/2006) |
| 08/04/2006 | 1077 | JOINT STIPULATION Dismissing Portions of Defendant Chunghwa Picture Tubes, Ltds Counterclaims and Third-Party Claims for Conversion Against Plaintiff LG Philips LCD Co., Ltd and Third-Party Defendant LG Electronics, Inc with Prejudice AND ORDER Thereon by Judge Consuelo B. Marshall. (See document for further details.)(pcl, ) (Entered: 08/07/2006) |
| 08/07/2006 | 1079 | OPPOSITION to Plaintiff MOTION for Leave to file Summary Judgment Motion Based on Arbitration Award 1053 filed by Defendant, Counter Claimant, Third-Party Plaintiff Chunghwa Picture Tubes Ltd. (jp) (Entered: 08/22/2006) |
| 08/07/2006 | 1080 | OPPOSITION to Plaintiff MOTION to confirm arbitration award 1064 filed by Defendant, Counter Claimant, Third-Party Plaintiff Chunghwa Picture Tubes Ltd. (jp) (Entered: 08/22/2006) |

| 08/07/2006 | 1081 | DECLARATION of ANTHONY C. ROTH in support of Opposition to MOTION for Summary Judgment based on arbitration award 1068 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd, Third-Party Defendant LG Electronics Inc. (jp) (Entered: 08/22/2006) |
| --- | --- | --- |
| 08/07/2006 | 1082 | STATEMENT of GENUINE ISSUES OF FACT in Opposition to Rule 56 Summary Judgment Based on Arbitration Panel June 20, 2006 Award 1068 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd, Third-Party Defendant LG Electronics Inc. (jp) (Entered: 08/22/2006) |
| 08/07/2006 | 1083 | MEMORANDUM in Opposition to Chungwa Picture Tubes Ltd MOTION for Rule 56 Summary Judgment based on arbitration Panel June 20, 2006 award 1068 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd, Third-Party Defendant LG Electronics Inc. (jp) (Entered: 08/22/2006) |
| 08/07/2006 | 1084 | MEMORANDUM in Opposition to Chungwa Picture Tubes Ltd Petition to Vacate arbitration award 1064 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd, Third-Party Defendant LG Electronics Inc. (jp) (Entered: 08/22/2006) |
| 08/07/2006 | 1085 | DECLARATION of CORINNE A. NIOSI in support of Memorandum in Opposition to Chungwa Picture Tubes Ltd Petition to Vacate arbitration award 1064 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd, Third-Party Defendant LG Electronics Inc. (jp) (Entered: 08/22/2006) |
| 08/07/2006 | 1086 | NOTICE OF LODGING Memorandum of LG. Phillips LCD Co Ltd in Opposition to Chunghwa Picture Tubes Ltd Motionfor Summary Judgment Basded on the Intervening Rights Doctrine and the Related Two-Year Limitation on Seeking to Revive Patents, and Related Papers filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. (jp) (Entered: 08/22/2006) |
| 08/07/2006 | 1087 | PROOF OF SERVICE filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd, Third-Party Defendant LG Electronics Inc, re Statement of Genuine Issues of Fact 1082 , MEMORANDUM in Opposition to Motion, 1083 , Notice of Lodging, 1086 , Declaration 1085 , 1081 , MEMORANDUM in Opposition to Motion 1084 , was served on 8/7/2006. (jp) (Entered: 08/22/2006) |
| 08/14/2006 | 1089 | NOTICE OF LODGING of Reply Memorandum in support of its Motion for Summary Judgment based on the arbitration panel June 20, 2006 Award filed by Defendant, Counter Claimant and Third-Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (jp) (Entered: 08/25/2006) |
| 08/14/2006 | 1090 | NOTICE OF LODGING of Defendant Reply Memorandum in support of Motion for Summary Judgment based on the intervening rights doctrine and the related two-year limitation on seeking to revive patents filed by Defendant, Counter Claimaint and Third-Party Plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (jp) (Entered: 08/25/2006) |
| 08/14/2006 | 1093 | REPLY MEMORANDUM in support of PETITION to Vacate Arbitration |

| | | |
|---|---|---|
| | | Award 1035 filed by Defendant, Counter Claimant and Third-Party Plaintiff Chunghwa Picture Tubes Ltd. (jp) (Entered: 08/25/2006) |
| 08/15/2006 | 1091 | REPLY in support of their MOTION for Leave to file Summary Judgment Motion Based on Arbitration Award 1053 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd, Third-Party Defendant LG Electronics Inc. (jp) (Entered: 08/25/2006) |
| 08/15/2006 | 1092 | REPLY MEMORANDUM in support of MOTION to confirm arbitration award 1064 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd, Third-Party Defendant LG Electronics Inc. (jp) (Entered: 08/25/2006) |
| 08/15/2006 | 1094 | OBJECTIONS to Reply of Chunghwa Picture Tubes Ltd in Excess of Page Limitation in Court Standing Order filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. (jp) (Entered: 08/25/2006) |
| 08/15/2006 | 1095 | NOTICE OF LODGING of defendant Chunghwa Reply Memorandum in support of Motion for Summary Judgment based on the intervening rights doctrine and the related two-year limitation on seeking to revive patents filed by defendant Chunghwa Picture Tubes Ltd. Lodged Reply. (jp) (Entered: 08/25/2006) |
| 08/15/2006 | 1096 | NOTICE OF LODGING of Defendant Chunghwa Reply Memorandum of its Motion for Summary Judgment based on the arbitration panel June 20, 2006 award filed by defendant Chunghwa Picture Tubes Ltd. Lodged Reply. (jp) (Entered: 08/25/2006) |
| 08/15/2006 | 1097 | PROOF OF SERVICE of Reply Memorandum in support of MOTION to confirm arbitration award 1092 , Reply in support of their MOTION for Leave to file Summary Judgment Motion Based on Arbitration Award 1091 , was served on 8/14/2006 filed by Plaintiff LG Philips LCD Co Ltd, Third-Party Defendant LG Electronics Inc. (jp) (Entered: 08/25/2006) |
| 08/15/2006 | 1098 | RESPONSE to Objections to Reply of Chunghwa Picture Tubes Ltd in Excess of Page Limitation in Court Standing Order 1094 filed by Defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 08/25/2006) |
| 08/16/2006 | 1078 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court hereby GRANTS Defendant, counterclaimant and third-party plaintiff Chunghwa Picture Tubes, Ltds MOTION for Leave to of Court to File Rule 56 Motion for Summary Judgment based on Arbitration Panel's June 20, 2006 Award 1041 and Plaintiff Counterclaim Defendant LG Philips LCD Co, Ltds MOTION for Leave to to file Summary Judgment Motion Based on Arbitration Award 1053 . (See document for further details.) IT IS SO ORDERED.Court Reporter: none present. (pcl, ) (Entered: 08/18/2006) |
| 08/16/2006 | 1100 | NOTICE OF MOTION AND MOTION for Summary Judgment Based on the Arbitration Panel's 6/20/2006 Award filed by Defendant, Counterclaimant and Third-Party Plaintiff Chunghwa Picture Tubes, Ltd. Motion set for hearing on 8/21/2006 at 10:00 AM before Judge Consuelo B. Marshall. Lodged Proposed Order. (gk, ) (Entered: 08/27/2006) |
| 08/16/2006 | 1101 | MEMORANDUM of Points and Authorities in Support Motion for Summary |

| | | |
|---|---|---|
| | | Judgment Based on the Arbitration Panel's 6/20/2006 Award 1100 filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 08/27/2006) |
| 08/16/2006 | 1102 | DECLARATION of Michael L. Resch in Support Motion for Summary Judgment Based on the Arbitration Panel's 6/20/2006 Award 1100 filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 08/27/2006) |
| 08/17/2006 | 1099 | NOTICE of Filing of Certification of Thomas Ventrone and Certified Copy of Arbitration Award filed by Plaintiff and Counterdefendant LG Philips LCD Co Ltd. (ir, ) (Entered: 08/26/2006) |
| 08/18/2006 | 1104 | REPLY MEMORANDUM IN SUPPORT OF ITS MOTION for Summary Judgment 1100 filed by defendant, Counerclaimant and Third Party Plaintiff Chunghwa Picture Tubes Ltd. (pj, ) (Entered: 08/29/2006) |
| 08/21/2006 | 1088 | MINUTES OF Motion Hearing held before Judge Consuelo B. Marshall: Arguments held, Motion of Chunghwa for Leave to File Rule 56 Motion for Summary Judgment Based on Arbitration Panels 6/20/2006 Award 1041 and Motion of LG Philips LCD Co and LG Electronics for Leave to File Summary Judgment Motion Based on Arbitration Award 1053 are GRANTED, said Motions for Summary Judgment are set for hearing on 8/28/2006 at 10:00 AM. Motion of Defendant Chunghwa Picture Tubes to Vacate Artitration Award 1035 and for Leave of Court to File Rule 56 Motion for Summary Judgment Based on Intervening Rights Doctrine and The Related Two-Year Limitations on Seeking to Revive Patents 1047 and Motion of LG Philips LCD Cos and LG Electronics to Confirm Arbitration Award 1064 are SUBMITTED without further oral argument. Court Reporter: Anne Keilwasser. (pcl, ) (Entered: 08/23/2006) |
| 08/22/2006 | 1113 | STATEMENT OF Genuine Issues in Response to LG.Philips LCD Co., Ltd.'s and LG Electronics Inc.'s Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment Based on Arbitration Award 1068 filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/01/2006) |
| 08/22/2006 | 1114 | OPPOSITION to LG. Philips, LCD Co., Ltd.'s and LG Electronics, Inc.'s Motion for Summary Judgment Based on Arbitration Award 1068 filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/01/2006) |
| 08/22/2006 | 1115 | DECLARATION of Michael L. Resch in Support of Opposition to LG.Philips LCD Co., Ltd.'s and LG Electronics, Inc.'s Motion for Summary Judgment Based on Arbitration Award 1068 filed by Defendant, Counterclaimant and Third-Party Plaintiff Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/01/2006) |
| 08/23/2006 | 1112 | AMENDED Notice of Filing of Certification of Thomas Ventrone and Certified Copy of Arbitration Award 1099 filed by Plaintiff and Counterdefendants LG.Philips LCD Co., Ltd. (gk, ) (Entered: 09/01/2006) |
| 08/24/2006 | 1116 | REPLY MEMORANDUM in Support of Motion for Summary Judgment |

Case 1:06-cv-00726-JJF   Document 441-6   Filed 09/05/2008   Page 140 of 195

| | | Based on Arbitration Award 1068 filed by Plaintiff and Counterclaim Defendant LG.Philips LCD Co., Ltd. and Third-Party Defendant LG Electronics Inc. (gk, ) (Entered: 09/03/2006) |
|---|---|---|
| 08/24/2006 | 1117 | SUPPLEMENTAL DECLARATION of Anthony C. Roth in Support of Motion for Summary Judgment Based on Arbitration Award 1068 filed by Plaintiff and Counterclaim Defendant LG.Philips LCD Co., Ltd. and Third Party Defendant LG Electronics Inc. (gk, ) (Entered: 09/03/2006) |
| 08/24/2006 | 1118 | PROOF OF SERVICE filed by Plaintiff and Counterclaim Defendant LG.Philips LCD Co., Ltd. and Third Party Defendant LG Electronics Inc. of Stipulation Regarding CPT Products 1103 , Reply Memorandum in Support of Motion for Summary Judgment Based on Arbitration Award 1116 , Supplemental Declaration of Anthony C. Roth in Support of Motion 1117 , were served on 8/24/2006. (gk, ) (Entered: 09/03/2006) |
| 08/25/2006 | 1108 | NOTICE OF MOTION AND MOTION to Compel Production of Documents and Witnesses; Memorandum of Points and Authorities filed by defendant, counter claimant and third party plaintiff Chunghwa Picture Tubes Ltd, and defendant Viewsonic Corporation. Motion set for hearing on 9/25/2006 at 10:00 AM before Judge Consuelo B. Marshall. Lodged Proposed Order. (Motion to Compel stricken from record per Order filed 8/31/2006.) (pcl, ) Modified on 9/1/2006 (pcl, ). (Entered: 09/01/2006) |
| 08/25/2006 | 1109 | DECLARATION of Christopher A Mathews in Support of MOTION to CompelProduction of Documents and Witnesses 1108 filed by defendant, counter claimant and third party plaintiff Chunghwa Picture Tubes Ltd, and defendant Viewsonic Corporation (pcl, ) (Entered: 09/01/2006) |
| 08/25/2006 | 1110 | PROOF OF SERVICE filed by defendant, counter claimant and third party plaintiff Chunghwa Picture Tubes Ltd, and defendant Viewsonic Corporation, re MOTION to Compel Production of Documents and Witnesses 1108 , Declaration of Christopher A Mathews 1109 , [Proposed] Order, served on 8/25/2006. (pcl, ) (Entered: 09/01/2006) |
| 08/28/2006 | 1103 | STIPULATION Regarding Chunghwa Picture Tubes {"CPT") Products AND ORDER by Judge Consuelo B. Marshall: Attached as Exhibit A to this stipulation, and made a part hereof, is a table listing CPT and TFT-LCD products. Exhibit A correlates certain CPT TFT-LCD products that were included in CPTs responses to LPLs Interrogatory No 1 prior to 8/4/2005 and for which CPT provided other discovery before that date, with the Newly-Included CPT Products. (See document for further details.) (pcl, ) (Entered: 08/29/2006) |
| 08/28/2006 | 1119 | MINUTES OF Motion Hearing held before Judge Consuelo B. Marshall: Arguments held, Motion for Summary Judgment Based on Arbitration Award 1053 and for Summary Judgment Based on Arbitration Panels 6/20/2006 Award 1041 are submitted without oral argument. Court Reporter: Anne Kielwasser. (pcl, ) (Entered: 09/05/2006) |
| 08/28/2006 | 1120 | MOTION IN LIMINE (#1) to Preclude Evidence or Argument Relating to Prior Litigation or Arbitration Between the Parties filed by defendant Chunghwa Picture Tubes Ltd.(pcl, ) (Entered: 09/06/2006) |

| 08/28/2006 | 1121 | MOTION IN LIMINE (#2) to Preclude Evidence or Argument Relating to Chunghwa Picture Tubes Lack of Opinion of Counsel filed by defendant Chunghwa Picture Tubes Ltd.(pcl, ) (Entered: 09/06/2006) |
|---|---|---|
| 08/28/2006 | 1122 | MOTION IN LIMINE (#3) to Preclude Evidence or Argument of Willfulness Related to the Side-Mount Patents Based on Conduct Prior to 6/23/2003 filed by defendant Chunghwa Picture Tubes Ltd.(pcl, ) (Entered: 09/06/2006) |
| 08/28/2006 | 1123 | MOTION IN LIMINE (#4) to Preclude LG Philips LCD Co from Presenting Expert Opinion Testimony That Contradicts Its Claim Construction Arguments Regarding Interpretation of Claims 1 through 7 of the '449 Patent filed by defendant Chunghwa Picture Tubes Ltd.(pcl, ) (Entered: 09/06/2006) |
| 08/28/2006 | 1124 | MOTION IN LIMINE (#5) Precluding LG Philips LCD Cos Expert Dr Gary Rubloff from Testifying to Infringement of Certain Structures at the Periphery of Chunghwa Picture Tubes Products by the '737 Patent filed by defendant Chunghwa Picture Tubes Ltd.(pcl, ) (Entered: 09/06/2006) |
| 08/28/2006 | 1125 | MOTION IN LIMINE (#6) to Preclude LG Philips LCD Cos Expert, Mr Samuel R Phillips, from Testifying to Infringement of Unidentified Models of Monitors and Portable Computers of the Side-Mount Patents filed by defendant Chunghwa Picture Tubes Ltd.(pcl, ) (Entered: 09/06/2006) |
| 08/28/2006 | 1126 | MOTION IN LIMINE (#7) to Preclude Evidence of Any Ownership Interest Between and Among Defendants Tatung, Tatung America, and Chunghwa Picture Tubes filed by defendant Chunghwa Picture Tubes Ltd.(pcl, ) (Entered: 09/06/2006) |
| 08/28/2006 | 1127 | MOTION IN LIMINE (#8) to Preclude Evidence of Sales by non-party Chunghwa Picture Tubes (Labuan) Ltd or Any Other Affiliated Company filed by defendant Chunghwa Picture Tubes Ltd.(pcl, ) (Entered: 09/06/2006) |
| 08/28/2006 | 1128 | MOTION IN LIMINE (#9) to Preclude Evidence or Opinions of LG Phililps LCDs Lost Profits or Opinions Based on the Assumption that LG Philips LCDs Products Embody the Claims of the Patents-In-Suit filed by defendant Chunghwa Picture Tubes Ltd.(pcl, ) (Entered: 09/06/2006) |
| 08/28/2006 | 1129 | MOTION IN LIMINE (#10) to Preclude LG Philips LCDs Damages Experts Worldwide Royalty Rate Analysis filed by defendant Chunghwa Picture Tubes Ltd.(pcl, ) (Entered: 09/06/2006) |
| 08/28/2006 | 1130 | MOTION IN LIMINE (#11) to Preclude Evidence or Argument that LG Electronics 6/17/1996 Blueprint Shows Anything Less Than the Complete Side-Mount Invention filed by defendant Chunghwa Picture Tubes Ltd. (Lodged Proposed Order)(pcl, ) Modified on 9/6/2006 (pcl, ). (Entered: 09/06/2006) |
| 08/28/2006 | 1131 | DECLARATION of Scott B Garner in Support of MOTIONS IN LIMINE NOS 1-11 filed by defendant Chunghwa Picture Tubes Ltd. (pcl, ) (Entered: 09/06/2006) |
| 08/28/2006 | 1132 | NOTICE OF MOTIONS IN LIMINE NOS 1-11 filed by defendant Chunghwa Picture Tubes Ltd. (pcl, ) (Entered: 09/06/2006) |

| 08/28/2006 | 1133 | PROOF OF SERVICE filed by defendant Chunghwa Picture Tubes Ltd, re MOTION IN LIMINE (#7) to Preclude Evidence of Any Ownership Interest Between and Amoung Defendants Tatung, Tatung America, and Chunghwa Picture Tubes 1126 , MOTION IN LIMINE (#9) to Preclude Evidence or Opinions of LG Phililps LCDs Lost Profits or Opinions Based on the Assumption that LG Philips LCD Cos Products Embody the Claims of the Patents-In-Suit 1128 , MOTION IN LIMINE (#2) to Preclude Evidence or Argument Relating to Chunghwa Picture Tubess Lack of Opinion of Counsel 1121 , (see document for further details), served on 8/28/2006. (pcl, ) (Entered: 09/06/2006) |
|---|---|---|
| 08/28/2006 | 1135 | MOTION IN LIMINE to Preclude Plaintiff LG. Philips LCD CO., Ltd from arguing or introducing evidence to suggest that it invented the admitted prior Art Elements; Memorandum of Points and Authorities filed by defendant Tatung Co Of America, Counter Claimant Tatung Company. Motion set for hearing on 9/18/2006 at 03:00 PM before Judge Consuelo B. Marshall. Lodged Proposed Order. (jp) (Entered: 09/08/2006) |
| 08/28/2006 | 1136 | DECLARATION of VALERIE W. HO in support of MOTION IN LIMINE to Preclude Plaintiff LG. Philips LCD CO., Ltd from arguing or introducing evidence to suggest that it invented the admitted prior Art Elements 1135 filed by defendant Tatung Co of America, counter claimant Tatung Company. (jp) (Entered: 09/08/2006) |
| 08/28/2006 | 1137 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Defendant, Counter Claimant and ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (jp) (Entered: 09/08/2006) |
| 08/28/2006 | 1138 | Witness List filed by Defendant, Counter Claimant, and ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (jp) (Entered: 09/08/2006) |
| 08/28/2006 | 1139 | Witness List filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. (jp) (Entered: 09/08/2006) |
| 08/28/2006 | 1140 | JOINT Exhibit List. (jp) (Entered: 09/08/2006) |
| 08/28/2006 | 1141 | PROOF OF SERVICE of Memorandum of Contensions of Fact and Law; Motions In Limine; Declaration of Corinne A. Niosi; Proposed Order; Witness List and Joint Exhibit List, was served on 8/28/2006 filed by Plaintiff, Counter Defendant LG Philips LCD Co Ltd. (jp) (Entered: 09/08/2006) |
| 08/28/2006 | 1167 | MOTION IN LIMINE to Exclude testimony of Robert Turner; Memorandum in support filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/21/2006) |
| 08/28/2006 | 1168 | MOTION IN LIMINE to Preclude Chunghwa Picture Tubes Ltd from presenting any argument or evidence based on irrelevant statement in the Arbitration Award; Memorandum in support filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/21/2006) |
| 08/28/2006 | 1169 | MOTION IN LIMINE to Exclude evidence that Chungwa Picture Tubes took steps to avoid infringement; Memorandum in support filed by plaintiff LG |

Case 1:06-cv-00726-JJF   Document 441-6   Filed 09/05/2008   Page 143 of 195

| | | Philips LCD Co Ltd. (jp) (Entered: 09/21/2006) |
|---|---|---|
| 08/28/2006 | 1170 | MOTION IN LIMINE to Exclude evidence relating to Toshiba product LTM14C011; Memorandum in support filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/21/2006) |
| 08/28/2006 | 1171 | MOTION IN LIMINE to Exclude expert opinion testimony by Douglas R. Grundstrom filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/21/2006) |
| 08/28/2006 | 1172 | MOTION IN LIMINE to Preclude Chunghwa Picture Tubes Ltd from presenting any evidence of damages; Memorandum in support filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/21/2006) |
| 08/28/2006 | 1173 | MOTION IN LIMINE to Exclude prior deposition testimony of nonparties Snell and Gibson; Memorandum in support filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/21/2006) |
| 08/28/2006 | 1174 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/21/2006) |
| 08/28/2006 | 1175 | DECLARATION of CORINNE A. NIOSI in support of MOTIONS IN LIMINE 1169 , 1173 , 1171 , 1167 , 1172 , 1170 , 1168 (Filed with Memorandum of Contentions of Fact and Law 1174 ) filed by Plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/21/2006) |
| 08/29/2006 | 1105 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: On the Courts own motion, Defendants Tatung Companys and Tatung Company of Americas Motion In Limine to Preclude Plaintiff LG Philips LCD Co, LTD From Arguing or Introducing Evidence to Suggest That It Invented the Admitted Prior Art Elements (filed 8/28/2006) is submitted without oral argument as of 9/18/2006. Court Reporter: n/a. (pcl, ) (Entered: 08/30/2006) |
| 08/30/2006 | 1106 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: On the Courts own motion the following In Limine Motions which were filed by Defendant Chunghwa Picture Tubes, Ltd, are submitted without oral argument as 9/18/2006: (1) to Preclude Evidence or Argument Relating to Prior Litigation or Arbitration Between Parties; (2) to Preclude Evidence or Argument Retlating to CPTs Lack of Opinion of Counsel; (3) to Preclude Evidence or Argument of willfulness Related to the Side-Mount Patents Based on Conduct Prior to 6/23/2003; (4) to Preclude LPL from Presenting Expert Opinion Testimony that Contradicts its Claim Construction Arguments Regarding Interpretation of Claims 1-7 of the '499 Patent; (5) to Preclue LPL Expert Dr. Gary Rubloff from Testifying to Infringement of Certain Structures at the Periphery of CPTs Products by the '737 Patent; (6) to Preclude LpLs Expert, Mr Samuel R Phillips, from Testifying to Infringement of Unidentified Models of Monitors and Protable Computers of the Side-Mount Patens; (7) to Preclude Evidence of any Ownership Interest Between and Among Defendants Tatung, Tatung America and CPT; (8) to Preclude Evidence of Sales by CPTL or any Other Affiliated Compnay; (9) to Preclude Evidence or Opinions of LPLs Lost Profits or Opinions Based on the Assumption that LPLs Products Embody the Claims of the Patens-In-Suite; (10) to Preclude LPLs Damages Experts Worldwide Royalty Rate |

| | | |
|---|---|---|
| | | Analysis; (11) to Preclude Evidence or Argument that LGEs 6/17/1996 Blueprint Shows Anything Less than the Complete Side-Mount Invention (filed 8/28/2006). Oppositions shall be filed on or before 9/1/2006, Replies shall be filed on or before 9/8/2006.Court Reporter: n/a. (pcl, ) (Entered: 08/31/2006) |
| 08/30/2006 | 1107 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The court hereby DENIES Defendants MOTION for Leave to File Rule 56 Motion for Summary Judgment "Based on the Intervening Rights Doctrine and the Related Two-Year Limitation on Seeking to Revive Patents." 1047 (See document for further details.) Court Reporter: none present. (pcl, ) (Entered: 08/31/2006) |
| 08/31/2006 | 1111 | ORDER by Judge Consuelo B. Marshall: The documents listed below were improperly filed for the following reasons: Failure to comply with LR 37; therefore, the following document shall be stricken from the record and shall not be considered by the Court: MOTION to Compel Production of Documents and Witnesses 1108 .(pcl, ) (Entered: 09/01/2006) |
| 08/31/2006 | 1142 | Trial Witness List filed by defendants Tatung Co Of America, Tatung Company. (pcl, ) (Entered: 09/11/2006) |
| 08/31/2006 | 1143 | NOTICE OF ERRATA filed by Defendants Tatung Co Of America, Tatung Company. correcting Witness List 1142 (pcl, ) (Entered: 09/11/2006) |
| 08/31/2006 | | PLACED IN FILE - NOT USED re Notice of Motion for Summary Judgment Based on the Intervening Rights Doctrine and the Related Two-Year Limitation on Seeking to Revive Patents submitted by defendant, counterclaimant, and Third-Party Plaintiff Chunghwa Picture Tubes Ltd. (pcl, ) (Entered: 09/11/2006) |
| 08/31/2006 | | PLACED IN FILE - NOT USED re Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment Based on the Intervening Rights Doctrine and the Related Two-Year Limitation on Seeking to Revive Patents submitted by Defendant, Counterclaimant and Thir-Party Plaintiff Chunghwa Picture Tubes Ltd. (pcl, ) (Entered: 09/11/2006) |
| 08/31/2006 | | PLACED IN FILE - NOT USED re Declaration of Michael L Resch in Support of Motion for Summary Judgment Based on the Intervening Rights Doctrine and the Related Two-Year Limitation on Seeking to Revive Patents submitted by Defendant, Counterclaimant and Third-Party Plaintiff Chunghwa Picture Tubes Ltd. (pcl, ) (Entered: 09/11/2006) |
| 08/31/2006 | | PLACED IN FILE - NOT USED re [Proposed] Statement of Uncontroverted Facts and Conclusions of Law in Support of Its Motion for Summary Judgment Based on the Intervening Rights Doctrine and The Related Two-Year Limitation on Seeking to Revive Patents submitted by Defendant, Counterclaimant and Third-Party Plaintiff Chunghwa Picture Tubes Ltd. (pcl, ) (Entered: 09/11/2006) |
| 08/31/2006 | | PLACED IN FILE - NOT USED re [Proposed] Order Granting Motion for Summary Judgment Based on the Intervening Rights Doctrine and the Related Two-Year Limitation on Seeking to Revive Patents submitted by |

Case 1:06-cv-00726-JJF    Document 441-6    Filed 09/05/2008    Page 145 of 195

| | | |
|---|---|---|
| | | Defendant, Counterclaimant and Third-Party Plaintiff Chunghwa Picture Tubes Ltd. (pcl, ) (Entered: 09/11/2006) |
| 09/06/2006 | 1134 | STIPULATION To Extend the Date for the Parties Conference of Counsel Re The Business Records Exception AND ORDER by Judge Consuelo B. Marshall: The Parties shall meet-and-confer regarding any objections regarding the business records exception by 9/15/2006. IT IS SO ORDERED.(pcl, ) (Entered: 09/07/2006) |
| 09/06/2006 | 1145 | JOINDER to Chunghwa Picture Tubes Ltd MOTION IN LIMINE (#1) to Preclude evidence or Argument Relating to Prior Litigation or Arbitration Between the Parties 1120 filed by Defendants Tatung Co Of America, Tatung Company. (jp) (Entered: 09/14/2006) |
| 09/06/2006 | 1146 | JOINDER to Chunghwa Picture Tubes Ltd MOTION IN LIMINE (#3) to Preclude Evidence or Argument of Willfulness Related to the Side-Mount Patents Based on Conduct Prior to 6/23/2003 1122 filed by Defendants Tatung Co Of America, Tatung Company. (jp) (Entered: 09/14/2006) |
| 09/06/2006 | 1147 | JOINDER to Chunghwa Picture Tubes Ltd MOTION IN LIMINE (#7) to Preclude Evidence of Any Ownership Interest Between and Amoung Defendants Tatung, Tatung America, and Chunghwa Picture Tubes 1126 filed by Defendants Tatung Co Of America, Tatung Company. (jp) (Entered: 09/14/2006) |
| 09/11/2006 | 1151 | MEMORANDUM in Opposition to MOTION IN LIMINE (#1) to Preclude evidence or Argument Relating to Prior Litigation or Arbitration Between the Parties 1120 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |
| 09/11/2006 | 1152 | MEMORANDUM in Opposition to MOTION IN LIMINE (#2) to Preclude Evidence or Argument Relating to Chunghwa Picture Tubess Lack of Opinion of Counsel 1121 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |
| 09/11/2006 | 1153 | MEMORANDUM in Opposition to CPT MOTION IN LIMINE (#3); and Tatung Defendants Joinder thereto [to Preclude Evidence or Argument of Willfulness Related to the Side-Mount Patents Based on Conduct Prior to 6/23/2003 1122 ] filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |
| 09/11/2006 | 1154 | OPPOSITION to Defendant MOTION IN LIMINE (#4) to Preclude LG Philips LCD Co from Presenting Expert Opinion Testimony That Contradicts Its Claim Construction Arguments Regarding Interpretation of Claims 1 through 7 of the 449 Patent 1123 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |
| 09/11/2006 | 1155 | OPPOSITION to Defendant MOTION IN LIMINE (#5) to Preclude LG Philips LCD Cos Expert Dr Gary Rubloff from Testifying to Infringement of Certain Structures at the Periphery of Chunghwa Picture Tubes Products by the 737 Patent 1124 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |
| | | |

Case 1:06-cv-00726-JJF    Document 441-6    Filed 09/05/2008    Page 146 of 195

| 09/11/2006 | 1156 | MEMORANDUM in Opposition to Defendant MOTION IN LIMINE (#6) to Preclude LG Philips LCD Cos Expert, Mr Samuel R Phillips, from Testifying to Infringement of Unidentified Models of Monitors and Portable Computers of the Side-Mount Patents 1125 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |
|---|---|---|
| 09/11/2006 | 1157 | MEMORANDUM in Opposition to Defendant MOTION IN LIMINE (#7) to Preclude Evidence of Any Ownership Interest Between and Amoung Defendants Tatung, Tatung America, and Chunghwa Picture Tubes 1126 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |
| 09/11/2006 | 1158 | MEMORANDUM in Opposition to defendant MOTION IN LIMINE (#8) to Preclude Evidence of Sales by non-arty Chunghwa Picture Tubes (Labuan) Ltd or Any Other Affiliated Company 1127 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |
| 09/11/2006 | 1159 | OPPOSITION to CPT MOTION IN LIMINE (#9) to Preclude Evidence or Opinions of LG Phililps LCDs Lost Profits or Opinions Based on the Assumption that LG Philips LCD Cos Products Embody the Claims of the Patents-In-Suit 1128 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |
| 09/11/2006 | 1160 | OPPOSITION to CPT MOTION IN LIMINE (#10) to Preclude LG Philips LCDs Damages Experts Worldwide Royalty Rate Analysis 1129 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |
| 09/11/2006 | 1161 | MEMORANDUM in Opposition to Chunghwa Picture Tubes Ltd MOTION IN LIMINE (#11) to Preclude Evidence or Argument that LG Electronics 6/17/1996 Blueprint Shows Anything Less Than the Complete Side-Mount Invention 1130 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |
| 09/11/2006 | 1162 | MEMORANDUM in Opposition to Tatung Compnay, Tatung Company of America MOTION IN LIMINE to Preclude Plaintiff LG. Philips LCD CO., Ltd from arguing or introducing evidence to suggest that it invented the admitted prior Art Elements 1135 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |
| 09/11/2006 | 1163 | DECLARATION of DAVID M. MORRIS in support of Opposition of LG. Philips to MOTIONS IN LIMINE 1126 , 1128 , 1135 , 1121 , 1130 , 1123 , 1127 , 1122 , 1124 , 1125 , 1120 , 1129 of CPT and Tatung filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |
| 09/11/2006 | 1164 | PROOF OF SERVICE re MEMORANDUM in Opposition to Motion 1157 , MEMORANDUM in Opposition to Motion 1151 , Response in Opposition to Motion 1154 , Declaration (Motion related) 1163 , MEMORANDUM in Opposition to Motion 1162 , MEMORANDUM in Opposition to Motion 1156 , MEMORANDUM in Opposition to Motion 1161 , MEMORANDUM in Opposition to Motion 1158 , MEMORANDUM in Opposition to Motion 1152 , Opposition to Motion 1159 , Opposition to Motion 1160 , MEMORANDUM in Opposition to Motion 1153 , Opposition to Motion 1155 , was served on 9/11/2006 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/20/2006) |

Case 1:06-cv-00726-JJF   Document 441-6   Filed 09/05/2008   Page 147 of 185

| 09/11/2006 | 1176 | OPPOSITION to LG Philips Lcd Co., Ltd MOTION IN LIMINE to Exclude testimony of Robert Turner 1167 filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 09/21/2006) |
|---|---|---|
| 09/11/2006 | 1177 | OPPOSITION to LG Philips Lcd Co., Ltd MOTION IN LIMINE to Preclude Chunghwa Picture Tubes Ltd from presenting any argument or evidence based on irrelevant statement in the Arbitration Award 1168 filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 09/21/2006) |
| 09/11/2006 | 1178 | OPPOSITION to LPL MOTION IN LIMINE to Exclude evidence that Chungwa Picture Tubes took steps to avoid infringement 1169 filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 09/21/2006) |
| 09/11/2006 | 1179 | OPPOSITION to LG Philips Lcd Co., Ltd MOTION IN LIMINE to Preclude Chunghwa Picture Tubes Ltd from presenting any evidence of damages 1172 filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 09/21/2006) |
| 09/11/2006 | 1180 | OPPOSITION to LG.Philips LCD Co., Ltd MOTION IN LIMINE to Exclude prior deposition testimony of nonparties Snell and Gibson 1173 filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 09/21/2006) |
| 09/11/2006 | 1181 | DECLARATION of SCOTT B. GARNER in support of defendant Opposition to Plaintiff MOTIONS IN LIMINE 1169 , 1173 , 1171 , 1167 , 1172 , 1170 , 1168 filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 09/21/2006) |
| 09/11/2006 | 1182 | PROOF OF SERVICE re Declaration of SCOTT B. GARNER in support of defendant Opposition to Plaintiff MOTIONS IN LIMINE 1181 , Oppositions to Motions in Limine 1180 , 1176 , 1177 , 1178 , 1179 , was served on 9/11/2006 filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 09/21/2006) |
| 09/11/2006 | 1183 | OPPOSITION to LG Philips LCD Co., Ltd MOTION IN LIMINE to Exclude evidence relating to Toshiba product LTM14C011 1170 filed by defendants Tatung Co Of America, Tatung Company. (jp) (Entered: 09/21/2006) |
| 09/11/2006 | 1184 | DECLARATION of MARK KRIETZMAN in support of MOTION IN LIMINE to Exclude evidence relating to Toshiba product LTM14C011 1170 filed by defendants Tatung Co Of America, Tatung Company. (jp) (Entered: 09/21/2006) |
| 09/11/2006 | 1185 | OPPOSITION to LG Philips LCD Co., Ltd MOTION IN LIMINE to Exclude expert opinion testimony by Douglas R. Grundstrom 1171 filed by defendants Tatung Co Of America, Tatung Company. (jp) (Entered: 09/21/2006) |
| 09/11/2006 | 1186 | DECLARATION of MARK H. KRIETZMAN in support of Opposition to LG Philips LCD Co., Ltd MOTION IN LIMINE to Exclude expert opinion testimony by Douglas R. Grundstrom 1171 filed by defendants Tatung Co Of America, Tatung Company. (jp) (Entered: 09/21/2006) |
| 09/12/2006 | 1144 | MINUTES IN CHAMBERS) by Judge Consuelo B. Marshall: The Jury Trial is continued to 10/10/2006 10:00 AM before Judge Consuelo B. |

| | | Marshall.Court Reporter: n/a. (pcl, ) (Entered: 09/12/2006) |
|---|---|---|
| 09/13/2006 | 1202 | NOTICE OF JOINT STIPULATION Regarding Defendant Chunghwa Picture Tubes Ltd and Viewsonic Corp MOTION to Compel Production of Documents and Witnesses filed by defendants Chunghwa Picture Tubes Ltd, Viewsonic Corporation. Motion set for hearing on 10/16/2006 at 10:00 AM before Judge Consuelo B. Marshall. (jp) (Entered: 09/22/2006) |
| 09/13/2006 | 1203 | JOINT STIPULATION regarding Defendant Chunghwa Picture Tubes Ltd and Viewsonic Corp MOTION to Compel Production of Documents and Witnesses 1202 filed by defendants Chunghwa Picture Tubes Ltd, Viewsonic Corporation. (jp) (Entered: 09/22/2006) |
| 09/13/2006 | 1204 | DECLARATION of CHRISTOPHER A. MATHERWS in support of Defendants MOTION to Compel Production of Documents and Witnesses 1202 filed by defendants Chunghwa Picture Tubes Ltd, Viewsonic Corporation. (jp) (Entered: 09/22/2006) |
| 09/13/2006 | 1205 | PROOF OF SERVICE re NOTICE OF JOINT STIPULATION regarding Defendant Chunghwa Picture Tubes Ltd and Viewsonic Corp MOTION to Compel Production of Documents and Witnesses 1202 , JOINT STIPULATION regarding Defendant Chunghwa Picture Tubes Ltd and Viewsonic Corp MOTION to Compel Production of Documents and Witnesses 1203 , Declaration of Christopher A. Mathews in support of Defendants Chunghwa Picture Tubes Ltd and Viewsonic Corp MOTION to Compel Production of Documents and Witnesses 1204 , was served on 9/13/2006 filed by defendants Chunghwa Picture Tubes Ltd, Viewsonic Corporation. (jp) (Entered: 09/22/2006) |
| 09/14/2006 | 1148 | NOTICE of Change of Attorney Information: changing firm name and address to McKenna Long and Aldridge, 1900 K Street, N W, Washington, DC 20006 for attorney R Tyler Goodwyn, IV. Filed by plaintiff LG Philips LCD Co Ltd (bb, ) (Entered: 09/15/2006) |
| 09/14/2006 | 1187 | SUPPLEMENTAL DECLARATION of Mark Krietzman in Support of Motion in Limine to Exclude Evidence Relating to Toshiba Product LTM14C011 1170 filed by Defendant Tatung Company Of America and Defendant and Counter-Claimant Tatung Company. (gk, ) (Entered: 09/21/2006) |
| 09/14/2006 | 1188 | REPLY in Support of Motion in Limine No. 2 Precluding Evidence and Argument Relating to Defendant's Lack of Opinion of Counsel 1121 filed by Defendant Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/21/2006) |
| 09/14/2006 | 1189 | REPLY to LPL's Opposition to Defendant's Motion in Limine (No. 3) to Preclude Evidence or Argument of Willfulness Related to the Side-Mount Patents Based on Conduct Prior to 6/23/2003 1122 filed by Defendant Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/21/2006) |
| 09/14/2006 | 1190 | REPLY in Support of Motion in Limine No. 4 to Preclude LPL from Presenting Expert Opinion Testimony That Contradicts Its Claim Construction Arguments Regarding Interpretation of Claims 1 through 7 of the '449 Patent 1123 filed by Defendant Chunghwa Picture Tubes, Ltd. (gk, ) |

Case 1:06-cv-00726-JJF   Document 441-6   Filed 09/05/2008   Page 149 of 195

| | | (Entered: 09/21/2006) |
|---|---|---|
| 09/14/2006 | 1191 | RESPONSE to Opposition of LPL to CPT's Motion in Limine No. 5 1124 filed by Defendant Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/21/2006) |
| 09/14/2006 | 1192 | REPLY in Support of Motion in Limine No. 6 to Preclude LPL's Expert, Mr. Samuel R. Phillips, from Testifying to Infringement of Unidentified Models of Monitors and Portable Computers of the Side-Mount Patents 1125 filed by Defendant Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/21/2006) |
| 09/14/2006 | 1193 | REPLY in Support of Motion in Limine (No. 7) to Preclude Evidence of Any Ownership Interest Between and Amoung Defendants Tatung, Tatung (America), and CPT 1126 filed by Defendant Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/21/2006) |
| 09/14/2006 | 1194 | REPLY in Support of Motion in Limine No. 8 to Preclude Evidence of Sales by CPTL or Any Other Affiliated Company 1127 filed by Defendant Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/21/2006) |
| 09/14/2006 | 1195 | RESPONSE to Opposition of LPL to CPT's Motion in Limine No. 9 1128 filed by Defendant Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/21/2006) |
| 09/14/2006 | 1196 | RESPONSE to Opposition on LPL to CPT's Motion in Limine No. 10 1129 filed by Defendant Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/21/2006) |
| 09/14/2006 | 1197 | PROOF OF SERVICE BY MAIL filed by Defendant Chunghwa Picture Tubes, Ltd. re Replies Re Motions in Limine Nos. 2-10 1188 , 1189 , 1190 , 1191 , 1192 , 1193 , 1194 , 1195 , 1196 , was served on 9/14/2006. (gk, ) (Entered: 09/21/2006) |
| 09/14/2006 | 1198 | REPLY in Support of Motion in Limine No. 1 to Preclude Evidence or Argument Relating to Prior Litigation or Arbitration Between the Parties 1120 filed by Defendant Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/21/2006) |
| 09/14/2006 | 1199 | REPLY to LPL's Opposition to CPT's Motion in Limine (No. 11) to Preclude Evidence or Argument that LGE's 6/17/1996 Blueprint Shows Anything Less Than the Complete Side-Mount Invention 1130 filed by Defendant Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/21/2006) |
| 09/14/2006 | 1200 | DECLARATION of Michael L. Resch in Support of Replies Re Motions in Limine Nos. 1-11 1120 , 1121 , 1122 , 1123 , 1124 , 1125 , 1126 , 1127 , 1128 , 1129 , 1130 filed by Defendant Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/21/2006) |
| 09/14/2006 | 1201 | AMENDED PROOF OF SERVICE filed by Defendant Chunghwa Picture Tubes, Ltd. re Replies Re Motions in Limine Nos. 1-11 1198 , 1188 , 1189 , 1190 , 1191 , 1192 , 1193 , 1194 , 1195 , 1196 , 1199 , 1200 , were served on 9/14/2006. (gk, ) (Entered: 09/21/2006) |
| 09/18/2006 | 1149 | STIPULATION AND ORDER Regarding Pretrial Scheduling by Judge |

| | | Consuelo B. Marshall: IT IS HEREBY ORDERED that: (1) A Final Pretrial Conference shall remain scheduled for 9/18/2006; (2) The Parties shall exchange objections to deposition counter-designations by 9/20/2006; (3) The parties shall exchange proposed Jury Instructions by 9/26/2006; (4) The parties shall file and serve Trial Briefs by 9/29/2006; (5) The parties shall file Proposed Jury Instructions by 10/3/2006; (6) The parties shall lodge deposition designations by 10/10/2006; (7) The parties shall file objections to Proposed Jury Instructions by 10/10/2006. (pcl, ) (Entered: 09/19/2006) |
|---|---|---|
| 09/18/2006 | 1166 | MINUTES: Pretrial Conference held continued to 10/3/2006 09:30 AM for a status conference. Court orders that all exhibits be admitted into evidence except those to which objects have have filed by Judge Consuelo B. Marshall Court Reporter: Pat Cuneo. (ir, ) (Entered: 09/21/2006) |
| 09/18/2006 | 1206 | AMENDED Trial Witness List 1142 filed by Defendant Tatung Co Of America, Counter Claimant Tatung Company. (jp) (Entered: 09/25/2006) |
| 09/18/2006 | 1207 | EX PARTE APPLICATION for Leave to file Motion to Compel and Expedited Briefing filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/25/2006) |
| 09/18/2006 | 1208 | MEMORANDUM in Support of EX PARTE APPLICATION for Leave to file Motion to Compel and Expedited Briefing 1207 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/25/2006) |
| 09/18/2006 | 1209 | DECLARATION of ANTHONY C. ROTH in support of EX PARTE APPLICATION for Leave to file Motion to Compel and Expedited Briefing 1207 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/25/2006) |
| 09/18/2006 | 1210 | PROOF OF SERVICE re EX PARTE APPLICATION for Leave to file Motion to Compel and Expedited Briefing 1207 , Memorandum in Support EX PARTE APPLICATION for Leave to file Motion to Compel and Expedited Briefing 1208 , Declaration of ANTHONY C. ROTH in support of EX PARTE APPLICATION for Leave to file Motion to Compel and Expedited Briefing 1209 , was served on 9/18/2006 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 09/25/2006) |
| 09/19/2006 | 1150 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: Defendant CPT must file its moving brief re: standing by 4:00 PM on 9/25/2006. Plaintiff LG Philips opposition is due by 4:00 PM on 10/2/2006. No Reply will be considered. Court Reporter: none present. (pcl, ) (Entered: 09/19/2006) |
| 09/19/2006 | 1211 | OPPOSITION to Ex Parte Application of L.G. Philips LCD Co., Ltd. for Leave to File Motion to Compel and for Expedited Briefing 1207 filed by Defendant, Counterclaimant and Third-Party Plaintiff Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/25/2006) |
| 09/19/2006 | 1212 | DECLARATION of Robert F. Kramer in SUpport of Opposition to Ex Parte Application of L.G. Philips LCD Co., Ltd. for Leave to File Motion to Compel and for Expedited Briefing 1207 filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 09/25/2006) |

Case 1:06-cv-00726-JJF   Document 441-6   Filed 09/05/2008   Page 151 of 195

| 09/19/2006 | 1213 | PROOF OF SERVICE filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes, Ltd. re Opposition to Ex Parte Application of L.G. Philips LCD Co., Ltd. for Leave to File Motion to Compel and for Expedited Briefing 1211 , and Declaration of Robert F. Kramer 1212 , were served on 9/19/2006. (gk, ) (Entered: 09/25/2006) |
|---|---|---|
| 09/20/2006 | 1165 | ORDER STRIKING FILED DOCUMENT FROM THE RECORD by Judge Consuelo B. Marshall: The documents listed below were improperly filed for the following reason: failure to ask leave of Court prior to filing documents; therefore, the following documents shall be stricken from the record and shall not be considered by the Court: MOTION for Summary Judgment 633 MOTION for Summary Judgment/Partial Summary Judgment [646, 651, 660, 669, 670, 677, 693, 700, 705, 712, 716, 724, 763, and 781](pcl, ) (Entered: 09/21/2006) |
| 09/20/2006 | 1214 | DECLARATION of David M Morris in support of opposition re MOTION to Compel production of documents and witnesses 1202 filed by plaintiff LG Philips LCD Co Ltd, third party defendant LG Electronics Inc. (lc, ) Modified on 9/26/2006 (lc, ). (Entered: 09/26/2006) |
| 09/20/2006 | 1215 | PROOF OF FEDERAL EXPRESS AND PERSONAL SERVICE on 9/20/06 re Declaration of David M Morris in support of opposition to motion to compel production and witnesses 1214 and confidential declaration of David M Morris in support of opposition to motion to compel production and witnesses submitted in Camera filed by plaintiff LG Philips LCD Co Ltd, third party defendant LG Electronics Inc, (lc, ) Modified on 9/26/2006 (lc, ). (Entered: 09/26/2006) |
| 09/25/2006 | 1217 | MEMORANDUM of Points and Authorities Re Plaintiff's Lack of Standing to Assert Side-Mount Patent Infringement Claims filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes, Ltd. Pursuant to the Court's 9/19/2006 Minute Order 1150 . (gk, ) (Entered: 10/02/2006) |
| 09/25/2006 | 1218 | DECLARATION of Michael L. Resch in Support of Memorandum of Points and Authorities Re Plaintiff's Lack of Standing to Assert Side-Mount Patent Infringement Claims Filed Pursuant to the Court's 9/19/2006 Minute Order 1217 filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 10/02/2006) |
| 09/25/2006 | 1219 | PROOF OF SERVICE filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes, Ltd., re Memorandum of Points and Authorities Re Plaintiff's Lack of Standing to Assert Side-Mount Patent Infringement Claims Pursuant to the Court's 9/19/2006 Minute Order 1217 and Declaration of Michael L. Resch in Support of Memorandum 1218 , were served on 9/25/2006. (gk, ) (Entered: 10/02/2006) |
| 09/27/2006 | 1222 | EX PARTE APPLICATION FOR ORDER AUTHORIZING THE PARTIES To file Under Seal the Joint Stipulation Re LG Philips LCD. Co., LTD., Motion to Compel Chunghwa Picture Tubes, LTD. To Supplement Its Response to Document Request Nos. 27,30 and 41 and for Depositions Regarding 810-CPT 0001690-810-CPT 0001693 filed by Defendant, |

|  |  | Counterclaimant and Third-Party Plaintiff Chunghwa Picture Tubes Ltd. Lodged Proposed Order. (yl, ) (Entered: 10/05/2006) |
|---|---|---|
| 09/27/2006 | 1223 | PROOF OF SERVICE filed by Defendant, Counterclaimant and Third-Party Plaintiff Chunghwa Picture Tubes Ltd the EX PARTE APPLICATION FOR ORDER AUTHORIZING THE PARTIES To file Under Seal the Joint Stipulation Re LG Philips LCD. Co., LTD., Motion to Compel Chunghwa Picture Tubes, LTD. To Supplement Its Response to Document Request Nos. 27,30 and 41 and for Depositions Regarding 810-CPT 0001690-810-CPT 0001693 1222 , was served on 9/27/2006. (yl, ) (Entered: 10/05/2006) |
| 09/27/2006 | 1224 | DECLARATION of S. CHRISTOPHER KYRIACOU in Support of EX PARTE APPLICATION FOR ORDER AUTHORIZING THE PARTIES To file Under Seal the Joint Stipulation Re LG Philips LCD. Co., LTD., Motion to Compel Chunghwa Picture Tubes, LTD. To Supplement Its Response to Document Request Nos. 27,30 and 41 and for Depositions Regarding 810-CPT 0001690-810-CPT 0001693 1222 filed by Defendant, Counterclaimant and Third party Plaintiff Chunghwa Picture Tubes Ltd. (yl, ) (Entered: 10/05/2006) |
| 09/29/2006 | 1216 | ORDER by Judge Consuelo B. Marshall: The Court hereby DENIES Defendants Motion to Vacate the Arbitration Award, and GRANTS Plaintiffs Motion to Confirm the Arbitration Award. (See document for further details.) (pcl, ) (Entered: 10/02/2006) |
| 09/29/2006 | 1225 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 08/21/06, 08/28/06 Court Reporter: Anne Kielwasser (cbr, ) (Entered: 10/05/2006) |
| 09/29/2006 | 1226 | TRANSCRIPT filed for proceedings held on 08/21/06. Court Reporter: Anne Kielwasser. (cbr, ) (Entered: 10/05/2006) |
| 09/29/2006 | 1227 | TRANSCRIPT filed for proceedings held on 08/28/06. Court Reporter: Anne Kielwasser. (cbr, ) (Entered: 10/05/2006) |
| 09/29/2006 | 1242 | TRIAL BRIEF filed by Plaintiff LG Philips LCD Co Ltd, Counter Defendant LG Electronics Inc. (jp) (Entered: 10/11/2006) |
| 09/29/2006 | 1243 | NOTICE OF MOTION to Compel Chunghwa Picture Tubes Ltd to Supplement its Response to document request nos. 27, 30 and 41 and for depositions regarding 810-CPT 0001690-810-CPT 0001693 filed by Plaintiff LG Philips LCD Co Ltd. Motion set for hearing on 10/24/2006 at 10:00 AM before Magistrate Judge Jennifer T. Lum. (jp) (Entered: 10/11/2006) |
| 09/29/2006 | 1244 | DECLARATION of ANTHONY C. ROTH in support of MOTION to Compel 1243 filed by Plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 10/11/2006) |
| 09/29/2006 | 1252 | RESPONSE to Chunghwa Picture Tubes, Ltd.'s EX PARTE APPLICATION to Seal 1222 filed by plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 10/12/2006) |
| 09/29/2006 | 1253 | TRIAL MEMORANDUM filed by defendant Chunghwa Picture Tubes Ltd.. (bp, ) (Entered: 10/12/2006) |

| 09/29/2006 | 1254 | DECLARATION of Robert F. Kramer in opposition to MOTION to Compel 1243 filed by defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 10/12/2006) |
|---|---|---|
| 09/29/2006 | 1321 | PROOF OF SERVICE filed by plaintiff and counter defendant LG Philips LCD Co Ltd, and Third Party Defendant LG Electronics Inc, re MOTION to Compel Chunghwa Picture Tubes, Ltd to Supplement its Response to Document Requests 1243 , Declaration of Anthony C Roth in Support of Motion to Compel; Confidential Declaration of Anthony C Roth in Support of Motion to Compel, Joint Stipulation re Motion to Compel, served on 9/29/2006. (pcl, ) (Entered: 10/31/2006) |
| 10/02/2006 | 1245 | OPPOSITION to Memorandum Regarding Plaintiff's Standing to Assert Side-Mount Patent Infringement Claims 1217 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 10/11/2006) |
| 10/02/2006 | 1246 | DECLARATION of ANTHONY C. ROTH in support of Opposition to Defendant Memorandum Regarding Plaintiff's Standing to Assert Side-Mount Patent Infringement Claims 1245 filed by Plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 10/11/2006) |
| 10/02/2006 | 1247 | PROOF OF SERVICE of Opposition to Defendant Memorandum Regarding Plaintiff's Standing to Assert Side-Mount Patent Infringement Claims 1245 , Declaration of ANTHONY C. ROTH in support of Opposition to Defendant Memorandum Regarding Plaintiff's Standing to Assert Side-Mount Patent Infringement Claims 1246 , was served on 10/2/2006 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 10/11/2006) |
| 10/02/2006 | 1256 | SUPPLEMENTAL DECLARATION of ANTHONY C. ROTH in support of MOTION to Compel 1243 filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd. (yl, ) (Entered: 10/17/2006) |
| 10/02/2006 | 1257 | PROOF OF SERVICE filed by Plaintiff and counterclaim Defendant LG Philips LCD Co Ltd, LG Electronics Inc, the Supplemental Memorandum in Support of Mtoion to Compel Chunghwa Picture Tubes, LTD. to Supplement Its Response to Document Request Nos. 27 30 and 41, etc (see document for further details) was served on 10/2/2006. (yl, ) (Entered: 10/17/2006) |
| 10/02/2006 | 1258 | SUPPLEMENTAL MEMORANDUM in Support of MOTION to Compel Chunghwa Picture Tubes Ltd to Supplement its Response to document request nos. 27, 30 and 41 and for depositions regarding 810-CPT 0001690-810-CPT 00016911243] filed by Plaintiff LG Philips LCD Co Ltd. (yl, ) (Entered: 10/17/2006) |
| 10/03/2006 | 1220 | ORDER by Judge Consuelo B. Marshall: The Court GRANTS, in part, and DENIES, in part, Plaintiff LG Philips and Third-Part Defendant LG Electronics Motion, and DENIES Defendant Chunghwa Picture Tubes Motion, for Summary Judgment Based on the Arbitration Panels June 20, 2006 Award. (See document for further details.) (pcl, ) (Entered: 10/04/2006) |
| 10/03/2006 | 1221 | STIPULATION AND ORDER REGARDING EXCHANGE OF DEMONSTRATIVES by Judge Consuelo B. Marshall: IT IS HEREBY ORDERED that: The parties shall exchange LR 16-2.10 graphic and |

| | | illustrative materials as follows: (a) If a party intends to use any LR 16-2.10 graphic or illustrative materials at trial, that party shall serve a copy of those materials by 12:00 PM two calendar days prior to its use at trial except as set forth below in section (b); (see document for further details.)(pcl, ) (Entered: 10/04/2006) |
|---|---|---|
| 10/04/2006 | 1260 | PROPOSED SPECIAL VERDICT FORM filed by defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 10/18/2006) |
| 10/04/2006 | 1261 | PROPOSED JURY INSTRUCTIONS WITH AUTHORITIES filed by defendant Chunghwa Picture Tubes Ltd.. (bp, ) (Entered: 10/18/2006) |
| 10/04/2006 | 1262 | PROPOSED JURY INSTRUCTIONS WITHOUT AUTHORITIES filed by defendant Chunghwa Picture Tubes Ltd.. (bp, ) (Entered: 10/18/2006) |
| 10/04/2006 | 1263 | JOINT PROPOSED AGREED-UPON JURY INSTRUCTIONS filed by plaintiff LG Philips LCD Co Ltd.. (bp, ) (Entered: 10/18/2006) |
| 10/04/2006 | 1264 | PROPOSED JURY INSTRUCTIONS sumbitted by plaintiff LG Philips LCD Co Ltd.. (bp, ) (Entered: 10/18/2006) |
| 10/04/2006 | 1265 | PROPOSED PRELIMINARY JURY INSTRUCTIONS submitted by plaintiff LG Philips LCD Co Ltd.. (bp, ) (Entered: 10/18/2006) |
| 10/04/2006 | 1266 | PROPOSED VERDICT FORM submitted by plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 10/18/2006) |
| 10/04/2006 | 1267 | PROOF OF SERVICE filed by plaintiff LG Philips LCD Co Ltd, re Jury Instructions (Proposed) 1265 , Jury Verdict (Proposed) 1260 , Jury Verdict (Proposed) 1266 , Jury Instructions (Proposed) 1261 , Jury Instructions (Proposed) 1263 , Jury Instructions (Proposed) 1264 , Jury Instructions (Proposed) 1262 , was served on 10/4/06. (bp, ) (Entered: 10/18/2006) |
| 10/05/2006 | 1228 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court GRANTS Defendant Chunghwa Picture Tubes MOTION IN LIMINE (#1) to Preclude evidence or Argument Relating to Prior Litigation or Arbitration Between the Parties 1120 . (See doucment for further details.)Court Reporter: N/A. (pcl, ) (Entered: 10/06/2006) |
| 10/05/2006 | 1229 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court DENIES Defendants MOTION IN LIMINE (#7) to Preclude Evidence of Any Ownership Interest Between and Among Defendants Tatung, Tatung America, and Chunghwa Picture Tubes 1126 . (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 10/06/2006) |
| 10/05/2006 | 1230 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court DENIES Defendants MOTION IN LIMINE (#9) to Preclude Evidence or Opinions of LG Phililps LCDs Lost Profits or Opinions Based on the Assumption that LG Philips LCD Cos Products Embody the Claims of the Patents-In-Suit 1128 . (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 10/06/2006) |
| 10/05/2006 | 1231 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The court DENIES Defendants MOTION IN LIMINE (#10) to Preclude LG Philips |

| | | |
|---|---|---|
| | | LCDs Damages Experts Worldwide Royalty Rate Analysis 1129 . (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 10/06/2006) |
| 10/05/2006 | 1232 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court DENIES Defendants MOTION IN LIMINE to Preclude Plaintiff LG. Philips LCD CO., Ltd from arguing or introducing evidence to suggest that it invented the admitted prior Art Elements 1135 . (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 10/06/2006) |
| 10/06/2006 | 1233 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court GRANTS Plaintiffs MOTION IN LIMINE to Exclude evidence that Chungwa Picture Tubes took steps to avoid infringement 1169 . (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 10/10/2006) |
| 10/06/2006 | 1234 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court DENIES Plaintiffs MOTION IN LIMINE to Exclude prior deposition testimony of nonparties Snell and Gibson 1173 . (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 10/10/2006) |
| 10/06/2006 | 1235 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court DENIES Defendants MOTION IN LIMINE (#3) to Preclude Evidence or Argument of Willfulness Related to the Side-Mount Patents Based on Conduct Prior to 6/23/2003 1122 . (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 10/10/2006) |
| 10/06/2006 | 1236 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court GRANTS Plaintiffs MOTION IN LIMINE to Preclude Chunghwa Picture Tubes Ltd from presenting any argument or evidence based on irrelevant statement in the Arbitration Award 1168 . (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 10/10/2006) |
| 10/10/2006 | 1237 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court GRANTS Plaintiffs MOTION IN LIMINE to Preclude Chunghwa Picture Tubes Ltd from presenting any evidence of damages 1172 . Accordingly, the Court DISMISSES WITH PREJUDICE Defendants claim of tortious interference (Count XXIX). (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 10/11/2006) |
| 10/10/2006 | 1238 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court DENIES Defendants MOTION IN LIMINE (#4) to Preclude LG Philips LCD Co from Presenting Expert Opinion Testimony That Contradicts Its Claim Construction Arguments Regarding Interpretation of Claims 1 through 7 of the '449 Patent 1123 . (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 10/11/2006) |
| 10/10/2006 | 1239 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court DENIES Defendants MOTION IN LIMINE (#5) to Preclude LG Philips LCD Cos Expert Dr Gary Rubloff from Testifying to Infringement of Certain Structures at the Periphery of Chunghwa Picture Tubes Products by the '737 Patent 1124 . (See document for further details.)Court Reporter: N/A. (pcl, ) (Entered: 10/11/2006) |

| 10/10/2006 | 1240 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court GRANTS Defendants MOTION IN LIMINE (#6) to Preclude LG Philips LCD Cos Expert, Mr Samuel R Phillips, from Testifying to Infringement of Unidentified Models of Monitors and Portable Computers of the Side-Mount Patents 1125 . (See document for further details.)Court Reporter: N/A. (pcl, ) (Entered: 10/11/2006) |
| --- | --- | --- |
| 10/10/2006 | 1241 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court DENIES Defendants MOTION IN LIMINE (#8) to Preclude Evidence of Sales by Chunghwa Picture Tubes (Labuan) Ltd or Any Other Affiliated Company 1127 . (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 10/11/2006) |
| 10/10/2006 | 1268 | SUPPLEMENTAL MEMORANDUM in Opposition to MOTION to Compel 1243 filed by defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 10/20/2006) |
| 10/10/2006 | 1269 | SUPPLEMENTAL DECLARATION of Brett C. Jackson in opposition to MOTION to Compel 1243 filed by defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 10/20/2006) |
| 10/10/2006 | 1270 | REVISED PROPOSED JURY INSTRUCTIONS ON OBVIOUSNESS filed by defendant Chunghwa Picture Tubes Ltd.. (bp, ) (Entered: 10/20/2006) |
| 10/10/2006 | 1271 | PROPOSED JURY QUESTIONNAIRE filed by defendant Chunghwa Picture Tubes Ltd.. (bp, ) (Entered: 10/20/2006) |
| 10/10/2006 | 1272 | DECLARATION of Chien Kuo He in support of defendants' motion to restrict access to trial during the presentation of certain confidential information and for an order sealing corresponding portions of the trial transcript filed by Defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 10/20/2006) |
| 10/10/2006 | 1273 | NOTICE OF MOTION AND MOTION for Order for Restrict Access to Trial during the presentation of certain confidential information and for an order sealing corresponding portions of the trial transcript filed by defendant Chunghwa Picture Tubes Ltd. Motion set for hearing on 10/10/2006 at 10:00 AM before Judge Consuelo B. Marshall. (bp, ) (Entered: 10/20/2006) |
| 10/10/2006 | 1274 | DECLARATION of Michael L. Resch in opposition to bench memorandum of L.G. Philips LCD Co., Ltd. to preclude evidence of reexamination filed by Defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 10/20/2006) |
| 10/10/2006 | 1275 | RESPONSE to bench memorandum of L.G. Philips LCD. Co., Ltd. to preclude evidence of reexamination filed by Defendant Chunghwa Picture Tubes Ltd (bp, ) (Entered: 10/20/2006) |
| 10/10/2006 | 1276 | MEMORANDUM of LG Philips LCD Co Ltd., to preclude evidence of reexamination (bp, ) (Entered: 10/20/2006) |
| 10/10/2006 | 1277 | DECLARATION of Anthony C. Roth in support of L.G. Philips LDC Co. Ltd.'s bench memorandum to preclude evidence of reexamination filed by Plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 10/20/2006) |

| 10/10/2006 | 1278 | AGREEED VOIR DIRE QUESTIONS filed by plaintiff LG Philips LCD Co Ltd.. (bp, ) (Entered: 10/20/2006) |
|---|---|---|
| 10/10/2006 | 1279 | PROOF OF SERVICE filed by plaintiff LG Philips LCD Co Ltd, re Memorandum of Points and Authorities in Support (non-motion) 1276 , Declaration (non-motion) 1277 , was served on 10/10/06. (bp, ) (Entered: 10/20/2006) |
| 10/11/2006 | 1248 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court DENIES Defendants MOTION IN LIMINE (#2) to Preclude Evidence or Argument Relating to Chunghwa Picture Tubess Lack of Opinion of Counsel 1121 . (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 10/12/2006) |
| 10/11/2006 | 1249 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court GRANTS Plaintiffs MOTION IN LIMINE to Exclude expert opinion testimony by Douglas R. Grundstrom 1171 and hereby STRIKES as untimely the Supplemental Rebuttal Expert Report of Douglas R Grundstrom. (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 10/12/2006) |
| 10/11/2006 | 1282 | OPPOSITION to Defendants MOTION to Restrict Access to Trial during the presentation of certain confidential information and for an order sealing corresponding portions of the trial transcript 1273 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 10/20/2006) |
| 10/11/2006 | 1283 | BENCH MEMORANDUM regarding the Construction of the Phrase One of in the 449 Patent filed by plaintiff LG Philips LCD Co Ltd, ThirdParty Defendant LG Electronics Inc. (jp) (Entered: 10/20/2006) |
| 10/11/2006 | 1284 | DECLARATION of ERIC J. MAURER in support of Bench Memorandum regarding the Construction of the Phrase One of in the 449 Patent 1283 filed by Plaintiff LG Philips LCD Co Ltd, ThirdParty Defendant LG Electronics Inc. (jp) (Entered: 10/20/2006) |
| 10/11/2006 | 1285 | NOTICE OF FILING CORRECTED SUPPLEMENTAL DECLARATION of BRETT C. JACKSON in Opposition to LG Philips LCD Co Ltd Motion to Compel Chunghwa Picture Tubes Ltd to Supplement its response to document request nos. 27, 30 and 41 and for depositons regarding 810-CPT 0001690-810-CPT 0001693 filed by defendant, counter claimant, thirdparty plaintiff Chunghwa Picture Tubes Ltd. (jp) (Entered: 10/20/2006) |
| 10/11/2006 | 1286 | [CORRECTED] SUPPLEMENTAL DECLARATION of BRETT C. JACKSON in Opposition to LG Philips LCD Co Ltd to MOTION to Compel Chunghwa Picture Tubes Ltd to Supplement its Response to document request nos. 27, 30 and 41 and for depositions regarding 810-CPT 0001690-810-CPT 0001693 1243 filed by defendant, counter claimant and thirdparty plaintiff Chunghwa Picture Tubes Ltd. (jp) (Entered: 10/20/2006) |
| 10/11/2006 | 1287 | PROOF OF SERVICE re Declaration of ERIC J. MAURER in support of Bench Memorandum regarding the Construction of the Phrase One of in the 449 Patent 1284 , Bench Memorandum regarding the Construction of the Phrase One of in the 449 Patent 1283 , was served on 10/11/2006 filed by |

| | | plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 10/20/2006) |
|---|---|---|
| 10/11/2006 | 1304 | DECLARATION of Christopher A Mathews in support of Bench Brief filed by Defendant Chunghwa Picture Tubes Ltd, Counter Claimant Chunghwa Picture Tubes Ltd, ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (mrgo, ). Modified on 10/25/2006 (mrgo, ). (Entered: 10/25/2006) |
| 10/11/2006 | 1305 | BENCH BRIEF FILED REGARDING CLAIM CONSTRUCTION OF CERTAIN PREVIOUSLY UNCONSTRUED LANGUAGE OF '449 PATENT filed by defendant, counterclaimant and 3rd party plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (mrgo, ) (Entered: 10/25/2006) |
| 10/12/2006 | 1250 | AMENDED MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court GRANTS Plaintiffs Motion in Limine to Exclude Expert Opinion Testimony by Douglas R Grundstrom and hereby STRIKES as untimely the Supplemental Rebuttal Expert Report of Douglas R Grundstrom. (See document for further details.) 1249 (pcl, ) (Entered: 10/12/2006) |
| 10/12/2006 | 1251 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court hereby RESERVES JUDGMENT on Plaintiffs MOTION IN LIMINE to Exclude testimony of Robert Turner 1167 . Court Reporter: N/A. (pcl, ) (Entered: 10/12/2006) |
| 10/12/2006 | 1255 | Joint Statement of case (bp, ) (Entered: 10/16/2006) |
| 10/12/2006 | 1280 | MINUTES OF Jury Trial - 1 Day held before Judge Consuelo B. Marshall Jury empanelled and sworn. Jury Trial set for 10/17/2006 for further jury empanelment before Judge Consuelo B. Marshall.Court Reporter: Pat Cuneo. (yl, ) (Entered: 10/20/2006) |
| 10/12/2006 | 1296 | OBJECTIONS to plaintiffs proposed preliminary and final Jury Instructions (Proposed) 1288 filed by Defendant Chunghwa Picture Tubes Ltd, Counter Claimant Chunghwa Picture Tubes Ltd, ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (mrgo, ) (Entered: 10/25/2006) |
| 10/12/2006 | 1298 | DECLARATION of William L Seldeen in support of MOTION for Order for Restrict Access to Trial during the presentation of certain confidential information and for an order sealing corresponding portions of the trial transcript 1273 filed by defendant, counterclaimant and 3rd party plaintiff Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. (mrgo, ) (Entered: 10/25/2006) |
| 10/12/2006 | 1301 | PROPOSED JURY INSTRUCTIONS ON OBVIOUSNESS filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd.. (mrgo, ) (Entered: 10/25/2006) |
| 10/12/2006 | 1302 | ADDITIONAL PROPOSED JURY INSTRUCTIONS filed by plaintiff and counterclaim defendant and 3rd party defendant LG Philips LCD Co Ltd, LG Electronics Inc, LG Philips LCD Co Ltd.. (mrgo, ) (Entered: 10/25/2006) |
| 10/12/2006 | 1303 | OBJECTIONS to Chunghwa Picture Tubes Ltds Proposed Jury Instructions filed by Plaintiff LG Philips LCD Co Ltd, Counter Defendant LG Philips LCD Co Ltd. (mrgo, ) (Entered: 10/25/2006) |

| | | |
|---|---|---|
| 10/12/2006 | 1306 | PROOF OF SERVICE filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd, LG Philips LCD Co Ltd, re Objections - non-motion 1303 , Jury Instructions (Proposed) 1302 , Jury Instructions (Proposed) 1301 , were served on 10/12/06. (mrgo, ) (Entered: 10/25/2006) |
| 10/16/2006 | 1259 | MINUTES OF Status Conference held before Judge Consuelo B. Marshall : Case called and all parties present. Court excuses five prospective jurors from the jury trial. No objections by counsel. Court finds LG Phillips LCD Co., LTD cannot pursue on the infringement due to lack of standing. Formal order to be issued.Court Reporter: Pat Cuneo. (yl, ) (Entered: 10/17/2006) |
| 10/16/2006 | 1312 | REPLY to defendants Bench Brief regarding Claim Constructio9n of previously construed Languange of '449 Patent 1123 filed by plaintiff LG Philips LCD Co Ltd. (pj, ) (Entered: 10/26/2006) |
| 10/16/2006 | 1313 | BENCH MEMORANDUM in support of Limiting Instruction regarding Lack of Opinion of counsel filed by defendant Chunghwa Picture Tubes Ltd. (pj, ) (Entered: 10/26/2006) |
| 10/17/2006 | 1281 | MINUTES OF Jury Trial - 2 Day held before Judge Consuelo B. Marshall. Jury empanelled and sworn. Jury Trial set for 10/18/2006 10:00 AM before Judge Consuelo B. Marshall.Court Reporter: Pat Cuneo/Leandra Amber. (yl, ) (Entered: 10/20/2006) |
| 10/17/2006 | 1292 | MINUTES held before Judge Consuelo B. Marshall: Denying Plaintiff LG Philips LCD Co Ltds MOTION IN LIMINE to Exclude evidence relating to Toshiba product LTM14C011 1170 . Court Reporter: N/A. (mg, ) (Entered: 10/24/2006) |
| 10/17/2006 | 1294 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 10/10/06, 10/12/06, 10/16/06, 10/17/06 Court Reporter: Pat Cuneo (et, ) (Entered: 10/25/2006) |
| 10/17/2006 | 1295 | TRANSCRIPT filed for proceedings held on 10/10/06. Court Reporter: Pat Cuneo. (et, ) (Entered: 10/25/2006) |
| 10/17/2006 | 1297 | TRANSCRIPT filed for proceedings held on 10/12/06. Court Reporter: Pat Cuneo. (et, ) (Entered: 10/25/2006) |
| 10/17/2006 | 1299 | TRANSCRIPT filed for proceedings held on 10/16/06. Court Reporter: Pat Cuneo. (et, ) (Entered: 10/25/2006) |
| 10/17/2006 | 1300 | TRANSCRIPT filed for proceedings held on 10/17/06. Court Reporter: Pat Cuneo. (et, ) (Entered: 10/25/2006) |
| 10/17/2006 | 1320 | PROPOSED PRELIMINARY JURY INSTRUCTIONS submitted on 10/17/06 filed by defendant Chunghwa Picture Tubes Ltd.. (bp, ) (Entered: 10/30/2006) |
| 10/17/2006 | 1331 | JOINT STATEMENT of the case filed by Plaintiff LG Philips LCD Co Ltd (bp, ) (Entered: 11/01/2006) |
| 10/18/2006 | 1288 | PROPOSED JURY INSTRUCTIONS filed by Plaintiff LG Philips LCD Co Ltd.. (yl, ) (Entered: 10/20/2006) |

| 10/18/2006 | 1290 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 10/12/06 Court Reporter: Leandra Amber (car, ) (Entered: 10/23/2006) |
|---|---|---|
| 10/18/2006 | 1291 | TRANSCRIPT filed for proceedings held on 10/12/06. Court Reporter: Leandra Amber. (car, ) (Entered: 10/23/2006) |
| 10/18/2006 | 1314 | MINUTES OF Jury Trial - 3rd Day held before Judge Consuelo B. Marshall. Opening statements made. Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial set for 10/19/2006 08:00 AM before Judge Consuelo B. Marshall. Ann Park and Chol W Kim sworn as official Korean language interpreters. Court Reporter: Pat Cuneo/Leandra Amber. (pcl, ) (Entered: 10/26/2006) |
| 10/18/2006 | 1328 | MEMORANDUM in Opposition to proposed limiting instruction regarding defendants' lack of opinion of counsel filed by plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 11/01/2006) |
| 10/18/2006 | 1329 | BENCH MEMORANDUM regarding the use of trial testimony from the Delaware litigation filed by plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 11/01/2006) |
| 10/18/2006 | 1330 | BENCH MEMORANDUM regarding inducement evidence filed by plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 11/01/2006) |
| 10/19/2006 | 1289 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The matter before the Court is the parties dispute over the proper construction over the term "one" as found in Claim 1 of U.S. Patent No. 5,825,449 (the '449 Patent). The Court, therefore, finds that the term "one" in Claim 1 means "a single layer." (See document for further details.)Court Reporter: N/A. (pcl, ) (Entered: 10/23/2006) |
| 10/19/2006 | 1315 | MINUTES OF Jury Trial - 4th Day held before Judge Consuelo B. Marshall. Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 10/20/2006 08:00 AM before Judge Consuelo B. Marshall.Court Reporter: Pat Cuneo/Leandra Amber. (pcl, ) (Entered: 10/26/2006) |
| 10/19/2006 | 1332 | BENCH MEMORANDUM to exclude testimony disclosed only in late filed supplemental expert report of Roger Stewart filed by plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 11/01/2006) |
| 10/19/2006 | 1333 | DECLARATION of Anthony C. Roth in support of Bench Memorandum to exclude testimony disclosed only in late-filed supplemental expert report of Roger Stewart 1332 filed by Plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 11/01/2006) |
| 10/19/2006 | 1334 | PROOF OF SERVICE filed by plaintiff LG Philips LCD Co Ltd, re Memorandum of Points and Authorities in Opposition (non-motion) 1332 , Declaration (non-motion) 1333 , was served on 10/19/06. (bp, ) (Entered: 11/01/2006) |
| 10/19/2006 | 1335 | BENCH MEMORANDUM to preclude late-disclosed witnesses of Chunghwa Picture Tubes, Ltd., from testifying at trial filed by plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 11/01/2006) |

| 10/19/2006 | 1336 | PROOF OF SERVICE filed by plaintiff LG Philips LCD Co Ltd, re Memorandum of Points and Authorities in Opposition (non-motion) 1335 , was served on 10/19/06. (bp, ) (Entered: 11/01/2006) |
|---|---|---|
| 10/19/2006 | 1337 | BENCH MEMORANDUM regarding exclusion of Woo Sup Shin testimony about LPL's use of the 449 patent technology filed by defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/01/2006) |
| 10/19/2006 | 1338 | DECLARATION of Helen Chae MacLeod in support of defendant Chunghwa Pictures Tubes bench memorandum regarding exclusion of Woo Sup Shin testimony about LPL's use of the 449 patent re Memorandum of Points and Authorities in Opposition (non-motion) 1337 filed by Defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/01/2006) |
| 10/19/2006 | 1339 | NOTICE of lodging deposition transcripts filed by plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 11/01/2006) |
| 10/19/2006 | 1340 | OBJECTIONS to plaintiff's proposed Jury Instructions (Proposed) 1265 filed by Defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/01/2006) |
| 10/19/2006 | 1351 | JOINT STIPULATION regarding Interpreters. (jp) (Entered: 11/04/2006) |
| 10/19/2006 | 1352 | Notice of Withdrawal of MOTION to Compel Chunghwa Picture Tubes Ltd to Supplement its Response to document request nos. 27, 30 and 41 and for depositions regarding 810-CPT 0001690-810-CPT 0001693 1243 filed by plaintiff, counter defendant LG Philips LCD Co Ltd. (jp) (Entered: 11/04/2006) |
| 10/20/2006 | 1307 | PROOF OF SERVICE OF SUBPOENA filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd, AND third-party defendant LG Electronics Inc, served on 10/18/2006.(pcl, ) (Entered: 10/25/2006) |
| 10/20/2006 | 1308 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 10/18/06, 10/19/06, 10/20/06 Court Reporter: Pat Cuneo (et) (Entered: 10/26/2006) |
| 10/20/2006 | 1309 | TRANSCRIPT filed for proceedings held on 10/18/06. Court Reporter: Pat Cuneo. (et ) (Entered: 10/26/2006) |
| 10/20/2006 | 1310 | TRANSCRIPT filed for proceedings held on 10/20/06. Court Reporter: Pat Cuneo. (et) (Entered: 10/26/2006) |
| 10/20/2006 | 1311 | TRANSCRIPT filed for proceedings held on 10/20/06. Court Reporter: Pat Cuneo. (et) (Entered: 10/26/2006) |
| 10/20/2006 | 1316 | MINUTES OF Jury Trial - 5th Day held before Judge Consuelo B. Marshall. Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 10/24/2006 08:00 AM before Judge Consuelo B. Marshall.Court Reporter: Pat Cuneo/Leandra Amber. (pcl, ) (Entered: 10/26/2006) |
| 10/20/2006 | 1317 | JOINT SUBMISSION OF '737 Patent Glossary and '449 Patent Glossary filed by Plaintiff and Counterdefendant LG Philips LCD Co Ltd. (ir, ) (Entered: 10/28/2006) |

| 10/20/2006 | 1318 | AMENDED JOINT EXHIBIT LIST filed by Plaintiff and Counterdefendant LG Philips LCD Co Ltd and Third Party defendant LG Electronics Inc.(ir, ) (Entered: 10/28/2006) |
|---|---|---|
| 10/20/2006 | 1319 | PROOF OF SERVICE filed by Plaintiff and Counterdefendant LG Philips LCD Co Ltd of Amended Joint Exhibit List 1318 was served on 10/20/06. (ir, ) (Entered: 10/28/2006) |
| 10/20/2006 | 1362 | BENCH MEMORANDUM to Preclude Newly-Disclosed Expert Opinion Testimony. filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/08/2006) |
| 10/20/2006 | 1363 | BENCH MEMORANDUM Requesting the Exclusion of Trial Exhibit Nos. 1645 and 5109 filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/08/2006) |
| 10/20/2006 | 1364 | DECLARATION of SUZANNE B. DRENNON in support of Defendant BENCH MEMORANDA: (1) to Preclude Newly-Disclosed Expert Opinion Testimony Brief 1362 AND (2) Requesting the Exclusion of Trial Exhibit Nos. 1645 and 5109 1363 filed by Defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/08/2006) |
| 10/20/2006 | 1365 | OBJECTIONS to the Court Proposed Preliminary Jury Instructions filed by Defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/08/2006) |
| 10/20/2006 | 1366 | BENCH MEMORANDUM to Preclude late-disclosed witnesses of Changhwa Pictures Tubes Ltd from testifying at trial filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/08/2006) |
| 10/20/2006 | 1367 | STATUS REPORT CPT Sole remaining Obejction to LPL Deposition Designation filed by Defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/08/2006) |
| 10/20/2006 | 1368 | OBJECTIONS regarding presentation of certain of Changhwa Picture Tubes Ltd confidential information in open court filed by Defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/08/2006) |
| 10/20/2006 | 1369 | BENCH MEMORANDUM Regarding summary of contentions jury instruction and the within the United States requirement of 35 U.S.C. 271 (A), (B) and (G) filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/08/2006) |
| 10/23/2006 | 1353 | BENCH MEMORANDUM to Exclude Trial Exhibits 1186, 1546, 1555 and 1557 filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes Ltd. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 1354 | DECLARATION of Heather H Fan in support of its Bench Memorandum to Exclude Trial Exhibits 1186, 1546, 1555 and 1557 1353 filed by Defendant, Counter Claimants and ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 1355 | NOTICE OF LODGING Deposition Transcripts filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes Ltd.; Lodged Deposition Transcripts with Courtroom Deputy (ir, ) (Entered: |

| | | 11/07/2006) |
|---|---|---|
| 10/23/2006 | 1356 | BENCH MEMORANDUM to preclude Undisclosed Expert Opinion Testimony of Dr Gary Rubloff filed by Defendant, Counterclaimant and Third-party Plaintiff Chunghwa Picture Tubes Ltd. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 1357 | OPPOSITION to Chunghwa Bench Memorandum Requesting the Exclusion of Trial Exhibit Number 1645 and 5109 filed by Plaintiff and Counterdefendant LG Philips LCD Co Ltd. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 1358 | REVISED OBJECTIONS to Courts Preliminary Jury Instructions filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 1359 | BENCH MEMORANDUM in Opposition to Chunghwa Request to Exclude Trial Exhibits 1186, 1546, 1555 and 1557 1353 filed by Plaintiff and Counterdefendant LG Philips LCD Co Ltd. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 1360 | REPLY to Chunghwa Picture Tubes Ltd opposition to Bench Memorandum to Preclude Late-Disclosed Witnesses of Chunghwa Picture Tubes Ltd from testifying at trial 1335 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 1391 | MINUTES OF Status Conference held before Judge Consuelo B. Marshall: Status conference held, various exhibits were admitted into evidence (see exhibit list). Court Reporter: Leandra Amber. (pcl, ) (Entered: 11/09/2006) |
| 10/24/2006 | 1293 | MINUTES (IN CHAMBERS) AMENDED ORDER by Judge Consuelo B. Marshall: The matter before the Court is Defendants objections to Plaintiffs proposed trial exhibits numbered 1186, 1546, 1555, 1557, and 1916. The Court OVERRULES the objection to exhibit 1546. The Court SUSTAINS the objections to exhibits 1186, 1555, 1557, and 1916. (See document for further details.) Court Reporter: N/A. (pcl, ) Modified on 10/25/2006 (pcl, ). (Entered: 10/25/2006) |
| 10/24/2006 | 1361 | MINUTES before Judge Consuelo B. Marshall: Order to Show Cause regarding Contempt as to Michael S. McDonald. IT IS ORDERED that Michael S. McDonald, Juror, shall appear in person before the Hon. Counselo B. Marhsall, United States District Judge, on 11/6/2006 at 11:00 AM and Show Cause as to why Michael S. McDonald shall not be held in contempt for his failure to appear for jury service. Court Reporter: Not Appearanced. (jp) (Entered: 11/08/2006) |
| 10/24/2006 | 1370 | BENCH MEMORANDUM Requesting the Exclusion of trial exhibit Nos. 1435, 1647, 2012, 2453, 2455, and 5992 filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/08/2006) |
| 10/24/2006 | 1371 | SUPPLEMENTAL BENCH MEMORANDUM to Preclude Newly-Disclosed Expert Opinion Testimony 1362 filed by Defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/08/2006) |
| 10/24/2006 | 1372 | STANDING OBJECTIONS regarding presentation of certain of Chunghwa Picture Tubes Ltd confidential information in open Court filed by Defendant |

| | | Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/08/2006) |
|---|---|---|
| 10/24/2006 | 1373 | BENCH MEMORANDUM in Opposition to Chunghwa Request to Preclude Alleged Newly-Disclosed Expert Opinion Testimony 1362 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 11/08/2006) |
| 10/24/2006 | 1374 | DECLARATION of ANTHONY C. ROTH in suppor tof LG Philips LCD Co Ltd Opposition to Chunghwa Bench Memorandum to Preclude Newly-Disclosed Expert Opinion Testimony 1373 filed by Plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 11/08/2006) |
| 10/24/2006 | 1375 | PROPOSED JURY INSTRUCTIONS Submitted by plaintiff LG Philips LCD Co Ltd on October 23, 2006. (jp) (Entered: 11/08/2006) |
| 10/24/2006 | 1376 | OBJECTIONS to Court Jury Instructions regarding Lack of Opinion of Counsel filed by Plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 11/08/2006) |
| 10/24/2006 | 1377 | PROPOSED VERDICT FORM submitted by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 11/08/2006) |
| 10/24/2006 | 1378 | REVISED PROPOSED FINAL JURY INSTRUCTIONS filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/08/2006) |
| 10/24/2006 | 1379 | REVISED PROPOSED SPECIAL VERDICT FORM filed by defendant Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/08/2006) |
| 10/24/2006 | 1380 | PROOF OF SERVICE re Declaration of ANTHONY C. ROTH in support of LG Philips LCD Co Ltd Opposition to Chunghwa Bench Memorandum to Preclude Newly-Disclosed Expert Opinion Testimony 1374 , Bench Memorandum in Opposition to Chunghwa Request to Preclude Newly-Disclosed Expert Opinion Testimony 1373 , was served on 10/24/2006 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 11/08/2006) |
| 10/24/2006 | 1392 | MINUTES OF Jury Trial - 6th Day held before Judge Consuelo B. Marshall: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 10/25/2006 08:00 AM before Judge Consuelo B. Marshall.Court Reporters: Pat Cuneo and Leandra Amber. (pcl, ) (Entered: 11/09/2006) |
| 10/25/2006 | 1387 | STANDING OBJECTION re presentation of certain of Chunghwas Picture Tubes Ltd.'s confidential information in open court filed by Defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/09/2006) |
| 10/25/2006 | 1388 | BENCH MEMORANDUM in support of its designations of the 30 (b)(60 deposition of Won-Jun Choi of Points and Authorities in Support filed by defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/09/2006) |
| 10/25/2006 | 1389 | BENCH MEMORANDUM in Support of its 7/27/05 Ho Lee deposition designations filed by defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/09/2006) |
| 10/25/2006 | 1390 | DECLARATION of William L. Seldeen in support of defendant Chunghwa Picture Tubes, Inc., bench memorandum in support of its 7/27/05 Ho Lee |

| | | deposition designations filed by Defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/09/2006) |
|---|---|---|
| 10/25/2006 | 1404 | MINUTES OF Jury Trial - 7th Day held before Judge Consuelo B. Marshall. Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 10/26/2006 at 8:00 AM before Judge Consuelo B. Marshall.Court Reporter: Pat Cuneo and Leandra Amber. (pcl, ) (Entered: 11/13/2006) |
| 10/26/2006 | 1386 | OPPOSITION to Chunghwa Picture Tubes, Ltd's bechn memorandum re depostion designation of Won-Jun Choi (non-motion) 1373 filed by Plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 11/09/2006) |
| 10/26/2006 | 1407 | MINUTES OF Jury Trial - 8th Day held before Judge Consuelo B. Marshall. Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 10/31/2006 at 8:00 AM before Judge Consuelo B. Marshall.Court Reporter: Pat Cuneo and Leslie King. (pcl, ) (Entered: 11/13/2006) |
| 10/27/2006 | 1322 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 10/24/06, 10/25/06 and 10/26/06 Court Reporter: Pat Cuneo (et) (Entered: 11/01/2006) |
| 10/27/2006 | 1323 | TRANSCRIPT filed for proceedings held on 10/24/06. Court Reporter: Pat Cuneo. (et, ) (Entered: 11/01/2006) |
| 10/27/2006 | 1324 | TRANSCRIPT filed for proceedings held on 10/25/06. Court Reporter: Pat Cuneo. (et) (Entered: 11/01/2006) |
| 10/27/2006 | 1325 | TRANSCRIPT filed for proceedings held on 10/26/06. Court Reporter: Pat Cuneo. (et) (Entered: 11/01/2006) |
| 10/27/2006 | 1393 | BENCH MEMORANDUM in Opposition to Chunghwa Picture Tubes Ltd Attempt to Play Ho Lee Deposition Excerpts at Trial 1389 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 11/10/2006) |
| 10/27/2006 | 1394 | DECLARATION of DAVID M. MORRIS in support of Bench Memorandum in Opposition to Chunghwa Picture Tubes Ltd Attempt to Play Ho Lee Deposition Excerpts at Trial 1393 filed by Plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 11/10/2006) |
| 10/27/2006 | 1395 | PROOF OF SERVICE re Bench Memorandum in Opposition to Chunghwa Picture Tubes Ltd Attempt to Play Ho Lee Deposition Excerpts at Trial 1393 , Declaration of DAVID M. MORRIS in support of Bench Memorandum in Opposition to Chunghwa Picture Tubes Ltd Attempt to Play Ho Lee Deposition Excerpts at Trial 1394 , was served on 10/26/2006 filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 11/10/2006) |
| 10/27/2006 | 1396 | MOTION for Judgment as a Matter of Law. (No hearing set) filed by Defendant Tatung Co Of America, Defendant, Counter claimant Tatung Company. (jp) (Entered: 11/10/2006) |
| 10/27/2006 | 1397 | DECLARATION of VALERIE W. HO in support of MOTION for Judgment as a Matter of Law 1396 filed by Defendants Tatung Co Of America, Tatung |

| | | Company, Counter Claimant Tatung Company. (jp) (Entered: 11/10/2006) |
|---|---|---|
| 10/27/2006 | 1398 | MOTION for Judgment as a Matter of Law at Close of Plaintiff Case-In-Chief. (No Hearing Date Set) filed by Defendant, ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/10/2006) |
| 10/27/2006 | 1399 | DECLARATION of CHRISTOPHER A. MATHEWS in support of MOTION for Judgment as a Matter of Law of Plaintiff Case-In-Chief 1398 filed by Defendant, ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (jp) (Entered: 11/10/2006) |
| 10/30/2006 | 1400 | MEMORANDUM in support of Supplemental Bench memorandum in support of its designations of the 20(b)(6) deposition of Won-Jun Choi filed by defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/13/2006) |
| 10/30/2006 | 1401 | OPPOSITION to MOTION for Judgment as a Matter of Law 1398 filed by plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 11/13/2006) |
| 10/30/2006 | 1402 | OPPOSITION to MOTION for Judgment as a Matter of Law 1396 filed by plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 11/13/2006) |
| 10/30/2006 | 1403 | MEMORANDUM to preclude testimony regarding Chunghwa's acquisition of technology from ADI filed by plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 11/13/2006) |
| 10/30/2006 | 1405 | BENCH MEMORANDUM to exclude certain testimony of Roger Stewart filed by plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 11/13/2006) |
| 10/30/2006 | 1406 | DECLARATION of Anthony C. Roth in support of Memorandum of Points and Authorities in Support (non-motion) 1405 filed by Plaintiff LG Philips LCD Co Ltd. (bp, ) (Entered: 11/13/2006) |
| 10/30/2006 | 1409 | PROOF OF SERVICE filed by plaintiff LG Philips LCD Co Ltd, re Declaration (non-motion) 1406 , Memorandum of Points and Authorities in Support (non-motion) 1405 , was served on 10/30/06. (bp, ) (Entered: 11/13/2006) |
| 10/30/2006 | 1410 | PROOF OF SERVICE filed by plaintiff LG Philips LCD Co Ltd, re Response in Opposition to Motion 1402 , was served on 10/30/06. (bp, ) (Entered: 11/13/2006) |
| 10/30/2006 | 1412 | PROOF OF SERVICE filed by plaintiff LG Philips LCD Co Ltd, re Response in Opposition to Motion 1401 , was served on 10/30/06. (bp, ) (Entered: 11/13/2006) |
| 10/30/2006 | 1413 | PROOF OF SERVICE filed by plaintiff LG Philips LCD Co Ltd, re Memorandum of Points and Authorities in Support (non-motion) 1403 , was served on 10/30/06. (bp, ) (Entered: 11/13/2006) |
| 10/30/2006 | 1418 | DECLARATION of Teresa M. Corbin in support of defendant Chunghwa Picture Tubes, Ltd's supplemental bench memorandum in support of its request that this court allow executive vice president C.Y. Chiu to testify (non-motion) 1417 filed by Defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/13/2006) |

| 10/30/2006 | 1455 | DECLARATION of David M Morris in support of its Opposition to Tatung Defendants MOTION for Judgment as a Matter of Law 1396 filed by Plaintiff LG Philips LCD Co Ltd. (mg, ) (Entered: 11/21/2006) |
| 10/30/2006 | 1456 | PROOF OF SERVICE filed by Plaintiff LG Philips LCD Co Ltd, re Declaration of David M Morris in support of Motion of Judgment as a Matter of Law 1455 ; served on 10/31/06. (mg, ) (Entered: 11/21/2006) |
| 10/30/2006 | 1457 | DECLARATION of David M Morris in support of its Opposition to Chunghwa Picture Tubes Ltds MOTION for Judgment as a Matter of Law 1415 filed by plaintiff LG Philips LCD Co Ltd. (mg, ) (Entered: 11/21/2006) |
| 10/31/2006 | 1326 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: ORDER RULING ON PLAINTIFFS OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF DEFENDANTS WITNESSES CASTLEBERRY, CHOI, CHUNG, GIBSON, LILLIE, AND SNELL. The matter before the court is Plaintiffs objections to the designated deposition testimony of Defendants witnesses Donald Castleberry, Won-Jun Choi, Chao Chi (Ryan) Chung, Roderick Gibson, Shutuan Lillie, and James Snell. The Courts rulings are listed below. (See document for further details.)Court Reporter: N/A. (pcl, ) (Entered: 11/01/2006) |
| 10/31/2006 | 1408 | PROOF OF SERVICE filed by plaintiff LG Philips LCD Co Ltd, re Declaration (non-motion) 1394 , was served on 10/31/06. (bp, ) (Entered: 11/13/2006) |
| 10/31/2006 | 1411 | MINUTES OF Jury Trial - 9th Day held before Judge Consuelo B. Marshall. Witnesses called, sworn and testified. Exhibits identified and admitted. Plaintiff rests. Defendants reserve right to make customary motions at the close of plaintiffs case. Jury Trial continued to 11/1/2006 at 8:00 AM before Judge Consuelo B. Marshall.Court Reporter: Pat Cuneo and Leandra Amber. (pcl, ) (Entered: 11/13/2006) |
| 10/31/2006 | 1414 | BENCH MEMORANDUM testimony of C.Y. Chiu filed by defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/13/2006) |
| 10/31/2006 | 1416 | DECLARATION of William L. Seldeen in support of Bench Memorandum re testimony of C.Y. Chiu (non-motion) 1414 filed by Defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/13/2006) |
| 10/31/2006 | 1417 | BENCH MEMORANDUM in support of its request that this court allow executive vice president C.Y. Chiu to testify filed by defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/13/2006) |
| 10/31/2006 | 1419 | DECLARATION of David Makman in support of Chunghwa Picture Tubes, Ltd's opposition to plaintiff L.G. Philips LDC Co., Ltd's motion to exclude Stewart Testimony filed by Defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/13/2006) |
| 10/31/2006 | 1420 | OPPOSITION to plaintiff L.G. Philips LCD Co. Ltd's motion to exclude Stewart Testiomony filed by defendant Chunghwa Picture Tubes Ltd. (bp, ) (Entered: 11/13/2006) |
| 11/01/2006 | 1327 | AMENDED MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: |

| | | AMENDED ORDER RULING ON PLAINTIFFS OBJECTIONS TO DESIGNATED DEPOSITION TESTIMONY OF DEFENDANTS WITNESSES CASTLEBERRY, CHOI, CHUNG, GIBSON, LILLIE, AND SNELL. The matter before the court is Plaintiffs objections to the designated deposition testimony of Defendants witnesses Donald Castleberry, Won-Jun Choi, Chao Chi (Ryan) Chung, Roderick Gibson, Shutuan Lillie, and James Snell. The Courts rulings are listed below. (See document for further details.) Court Reporter: N/A. 1326 (pcl, ) (Entered: 11/01/2006) |
| 11/01/2006 | 1421 | BENCH MEMORANDUM Regarding Jury Instructions on Lack of Opinion of Counsel and Inducement of Patent Infringement filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 11/13/2006) |
| 11/01/2006 | 1422 | PROPOSED JURY INSTRUCTIONS Regarding Limitations on the Doctrine of Equivalents filed by Defendant, Counterclaimant and Third-Party Plaintiff Chunghwa Picture Tubes, Ltd. (gk, ) (Entered: 11/13/2006) |
| 11/01/2006 | 1494 | MINUTES OF Jury Trial - 10th Day held before Judge Consuelo B. Marshall: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 11/3/2006 08:00 AM. Court Reporter: Pat Cuneo. (pcl, ) (Entered: 12/05/2006) |
| 11/02/2006 | 1423 | PROPOSED JURY INSTRUCTION regarding allegations of copying filed by defendant Chunghwa Picture Tubes Ltd.. (bp, ) (Entered: 11/14/2006) |
| 11/02/2006 | 1497 | MINUTES OF Status Conference held before Judge Consuelo B. Marshall: Status Conference held re: trial witnesses. Court Reporter: Pat Cuneo. (pcl, ) (Entered: 12/07/2006) |
| 11/03/2006 | 1341 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 10/17/06, 10/18/06, 10/19/06, 10/20/06, 10/23/06, 10/24/06, 10/25/06, 10/31/06 and 11/1/06 Court Reporter: Leandra Amber (et) (Entered: 11/04/2006) |
| 11/03/2006 | 1342 | TRANSCRIPT filed for proceedings held on 10/18/06. Court Reporter: Leandra Amber. (et) (Entered: 11/04/2006) |
| 11/03/2006 | 1343 | TRANSCRIPT filed for proceedings held on 10/19/06. Court Reporter: Leandra Amber. (et) (Entered: 11/04/2006) |
| 11/03/2006 | 1344 | TRANSCRIPT filed for proceedings held on 10/20/06. Court Reporter: Leandra Amber. (et) (Entered: 11/04/2006) |
| 11/03/2006 | 1345 | TRANSCRIPT filed for proceedings held on 10/23/06. Court Reporter: Leandra Amber. (et) (Entered: 11/04/2006) |
| 11/03/2006 | 1346 | TRANSCRIPT filed for proceedings held on 10/17/06. Court Reporter: Leandra Amber. (et) (Entered: 11/04/2006) |
| 11/03/2006 | 1347 | TRANSCRIPT filed for proceedings held on 10//24/06. Court Reporter: Leandra Amber. (et) (Entered: 11/04/2006) |
| 11/03/2006 | 1348 | TRANSCRIPT filed for proceedings held on 10/25/06. Court Reporter: |

| | | Leandra Amber. (et) (Entered: 11/04/2006) |
|---|---|---|
| 11/03/2006 | 1349 | TRANSCRIPT filed for proceedings held on 10/31/06. Court Reporter: Leandra Amber. (et) (Entered: 11/04/2006) |
| 11/03/2006 | 1350 | TRANSCRIPT filed for proceedings held on 11/1/06. Court Reporter: Leandra Amber. (et) (Entered: 11/04/2006) |
| 11/03/2006 | 1381 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 10/31/06, 11/1/06, 11/2/06 and 11/3/06 Court Reporter: Pat Cuneo (et) (Entered: 11/08/2006) |
| 11/03/2006 | 1382 | TRANSCRIPT filed for proceedings held on 10/31/06. Court Reporter: Pat Cuneo. (et) (Entered: 11/08/2006) |
| 11/03/2006 | 1383 | TRANSCRIPT filed for proceedings held on 11/1/06. Court Reporter: Pat Cuneo. (et) (Entered: 11/08/2006) |
| 11/03/2006 | 1384 | TRANSCRIPT filed for proceedings held on 11/2/06. Court Reporter: Pat Cuneo. (et) (Entered: 11/08/2006) |
| 11/03/2006 | 1385 | TRANSCRIPT filed for proceedings held on 11/3/06. Court Reporter: Pat Cuneo. (et) (Entered: 11/08/2006) |
| 11/03/2006 | 1434 | OBJECTIONS to Chunghwa Picture Tubes Ltd Proposed Jury Instructions regarding allegations of copying 1261 filed by Plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 11/15/2006) |
| 11/03/2006 | 1435 | ADDITIONAL PROPOSED JURY INSTRUCTIONS Regarding Anticipation filed by plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 11/15/2006) |
| 11/03/2006 | 1436 | OBJECTIONS to Chunghwa Picture Tubes Ltd Revised Proposed Jury Instructions filed on 10/24/2006 1378 filed by Plaintiff LG Philips LCD Co Ltd. (jp) (Entered: 11/15/2006) |
| 11/03/2006 | 1449 | BENCH MEMORANDUM to Preclude LG Philips LCD Co, Ltd from Cross-Examining Paul Meyer Regarding His Use Of Displaysearch and/or IDC To Calculate a Royalty Base filed by Defendant and Counterclaimant and Third-Party Plaintiff Chunghwa Picture Tubes Ltd. (pcl, ) (Entered: 11/17/2006) |
| 11/03/2006 | 1495 | MINUTES OF Jury Trial - 11th Day held before Judge Consuelo B. Marshall: Witnesses called, sworn and testified. Exhibits identified and admitted. Status Conference set for 11/6/2006 at 8:00 AM. Jury Trial continued to 11/7/2006 at 8:00 AM. Court Reporter: Pat Cuneo. (pcl, ) (Entered: 12/05/2006) |
| 11/06/2006 | 1450 | FENCH MEMORANDUM in Response to Plaintiffs Objections to Proposed Jury Instruction Regarding Allegations of copying filed by Defendant, Counter Claimant and ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (pcl, ) (Entered: 11/20/2006) |
| 11/06/2006 | 1451 | BENCH MEMO regarding Amount of Remaining Time for Trial filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture |

| | | Tubes Ltd. (ir, ) (Entered: 11/21/2006) |
|---|---|---|
| 11/06/2006 | 1452 | DECLARATION of David A Coplen in support of its Bench Memo regarding amount of Remaining Time for Trial 1451 filed by Defendant, Counter Claimants, ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (ir, ) (Entered: 11/21/2006) |
| 11/06/2006 | 1453 | DECLARATION of David Makman in support of its Response to Plaintiffs Objections to Defendants Proposed Jury Instructions regarding Copying 1454 filed by Defendant, Counter Claimants, ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (ir, ) Modified on 11/21/2006 (ir, ). (Entered: 11/21/2006) |
| 11/06/2006 | 1454 | OBJECTIONS to the Courts Proposed Final Jury Instructions filed by Defendant, Counter Claimants, ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (ir, ) Modified on 11/21/2006 (ir, ). (Entered: 11/21/2006) |
| 11/06/2006 | 1458 | BENCH MEMORANDUM Regarding Closing Arguments filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/06/2006 | 1459 | DECLARATION of Heather H Fan in support of BENCH MEMORANDUM Regarding Closing Arguments 1458 filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/06/2006 | 1460 | BENCH MEMORANDUM to Preclude Evidence of Doctrine of Equivalents Infringement in Plaintiffs Rebuttal Case, filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/06/2006 | 1461 | DECLARATION of William L Seldeen in support of BENCH MEMORANDUM to Preclude Evidence of Doctrine of Equivalents Infringement in Plaintiffs Rebuttal Case 1460 filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/06/2006 | 1498 | MINUTES OF Status Conference held before Judge Consuelo B. Marshall: Status Conference held re: jury instructions. Court Reporter: Pat Cuneo. (pcl, ) (Entered: 12/07/2006) |
| 11/07/2006 | 1462 | BENCH MEMORANDUM IN OPPOSITION to Chunghwas BENCH MEMORANDUM to Preclude Evidence of Doctrine of Equivalents Infringement in Plaintiffs Rebuttal Case 1460 filed by Plaintiff LG Philips LCD Co Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/07/2006 | 1463 | BENCH MEMORANDUM in support of demonstratives for use with Paul Meyer, filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/07/2006 | 1464 | OBJECTIONS TO THE COURTS REVISED PROPOSED Instruction No. 33 filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/07/2006 | 1496 | MINUTES OF Jury Trial - 12th Day held before Judge Consuelo B. Marshall: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 11/8/2006 08:00 AM. Court Reporter: Pat Cuneo/Leandra Amber. (pcl, ) (Entered: 12/05/2006) |
| | | |

| 11/08/2006 | 1415 | MOTION for Judgment as a Matter of Law at Close of Evidence filed by Defendant, Counter Claimant and Third-Party Plaintiff Chunghwa Picture Tubes Ltd. (pcl, ) (Entered: 11/13/2006) |
|---|---|---|
| 11/08/2006 | 1424 | REQUEST for Judgment as a Matter of Law on Defendants Invalidity Defenses Concerning US Patent No 4,624,737 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 11/14/2006) |
| 11/08/2006 | 1425 | PROOF OF SERVICE filed by plaintiff and counter defendant LG Philips LCD Co Ltd, re REQUEST for Judgment as a Matter of Law 1424 , served on 11/8/2006. (pcl, ) (Entered: 11/14/2006) |
| 11/08/2006 | 1426 | REQUEST for Judgment as a Matter of Law on Defendants Invalidity and Noninfringement Defenses Concerning US Patent No 5,825,449 filed by plaintiff and counter defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 11/14/2006) |
| 11/08/2006 | 1427 | PROOF OF SERVICE filed by plaintiff and counter defendant LG Philips LCD Co Ltd, re REQUEST for Judgment as a Matter of Law 1426 , served on 11/8/2006. (pcl, ) (Entered: 11/14/2006) |
| 11/08/2006 | 1465 | RENEWED MOTION for Judgment as a Matter of Law filed by Defendants Tatung Co Of America, Tatung Company. (mg, ) (Entered: 11/21/2006) |
| 11/08/2006 | 1466 | PROPOSED VERDICT FORM submitted by Plaintiff LG Philips LCD Co Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/08/2006 | 1467 | BENCH MEMORANDUM IN OPPOSITION to Chunghwas Request to Limit Closing Arguments, filed by Plaintiff LG Philips LCD Co Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/08/2006 | 1468 | PROOF OF SERVICE filed by plaintiff LG Philips LCD Co Ltd, re Bench Memorandum in Opposition to Request to Limit Closing Arguments 1467 ; served on 11/8/06. (mg, ) (Entered: 11/21/2006) |
| 11/08/2006 | 1469 | SUPPLEMENTAL BENCH MEMORANDUM IN OPPOSITION to Chunghwas Bench Memorandum to Preclude Evidence of Doctrine of Equivalents in Plaintiffs Rebuttal Case 1460 filed by Plaintiff LG Philips LCD Co Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/08/2006 | 1470 | PROPOSED JURY INSTRUCTIONS Regarding Privileged Communcations (Clean set) filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/08/2006 | 1471 | REVISED PROPOSED JURY INSTRUCTIONS Regarding Privileged Communications (Clean set) filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/08/2006 | 1472 | PROPOSED VERDICT FORM submitted by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/08/2006 | 1473 | OFFER OF PROOF REGARDING INVALIDITY OF CLAIM 1 of US Patent No. 5,825,449; filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |

| 11/08/2006 | 1474 | DECLARATION of Roger Stewart in support of OFFER OF PROOF REGARDING INVALIDITY OF CLAIM 1 of US Patent No. 5,825,449 1473 filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| --- | --- | --- |
| 11/08/2006 | 1475 | DECLARATION of Heather H Fan in support of OFFER OF PROOF REGARDING INVALIDITY OF CLAIM 1 of US Patent No. 5,825,449 1473 filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/08/2006 | 1476 | OFFER OF PROOF REGARDING NON-INFRINGEMENT OF CLAIM 1 of US Patent No. 5,825,449; filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/08/2006 | 1477 | DECLARATION of Roger Stewart in support of OFFER OF PROOF REGARDING NON-INFRINGEMENT OF CLAIM 1 of US Patent No. 5,825,449 1476 filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/08/2006 | 1478 | DECLARATION of Gregory K Storey in support of OFFER OF PROOF REGARDING NON-INFRINGEMENT OF CLAIM 1 of US Patent No. 5,825,449 1476 filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/08/2006 | 1499 | MINUTES OF Jury Trial - 13th Day held before Judge Consuelo B. Marshall: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 11/9/2006 at 8:00 AM. Plaintiffs motion for judgment as matter of law granted as to claims 1, 20 and 11 of 449 claim/invalidity and denied in part. Court Reporter: Pat Cuneo/Leandra Amber. (pcl, ) (Entered: 12/07/2006) |
| 11/09/2006 | 1500 | MINUTES OF Jury Trial - 14th Day held before Judge Consuelo B. Marshall: Witnesses called, sworn and testified. Exhibits identified and admitted. Plaintiff(s) rest. Defendant(s) rest. Closing arguguments made by plaintiff(s) and defendant(s). Jury Trial continued to 11/14/2006 08:00 AM before Judge Consuelo B. Marshall.Court Reporter: Pat Cuneo/Leandra Amber. (pcl, ) (Entered: 12/07/2006) |
| 11/13/2006 | 1428 | OPPOSITION to Chunghwa Picture Tubes, Ltds MOTION for Judgment as a Matter of Law at the Close of Evidence 1415 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd.(pcl, ) (Entered: 11/14/2006) |
| 11/13/2006 | 1429 | DECLARATION of Anthony C Roth in Support of the Opposition to Chunghwa Picture Tubes, Ltds MOTION for Judgment as a Matter of Law at the Close of Evidence 1415 , VOLUME 1, filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd.(pcl, ) (Entered: 11/14/2006) |
| 11/13/2006 | 1430 | DECLARATION of Anthony C Roth in Support of the Opposition to Chunghwa Picture Tubes, Ltds MOTION for Judgment as a Matter of Law at the Close of Evidence 1415 , VOLUME 2, filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 11/14/2006) |
| 11/13/2006 | 1431 | DECLARATION of Anthony C Roth in Support of the Opposition to |

| | | Chunghwa Picture Tubes, Ltds MOTION for Judgment as a Matter of Law at the Close of Evidence 1415 , VOLUME 3, filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd.(pcl, ) (Entered: 11/14/2006) |
|---|---|---|
| 11/13/2006 | 1432 | DECLARATION of Anthony C Roth in Support of the Opposition to Chunghwa Picture Tubes, Ltds MOTION for Judgment as a Matter of Law at the Close of Evidence 1415 , VOLUME 4, filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd.(pcl, ) (Entered: 11/14/2006) |
| 11/13/2006 | 1433 | PROOF OF SERVICE filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd, re Opposition to Motion for Judgment as a Matter of Law at the Close of Evidence 1428 , DECLARATION of Anthony C Roth in Support of the Opposition to MOTION for Judgment as a Matter of Law, VOLUMES 1, 2, 3, 4, [1429, 1430, 1431, 1432], (See document for further details), served on 11/13/2006. (pcl, ) (Entered: 11/14/2006) |
| 11/13/2006 | 1444 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 11/6/06, 11/7/06, 11/8/06 and 11/9/06 Court Reporter: Pat Cuneo (et) (Entered: 11/16/2006) |
| 11/13/2006 | 1445 | TRANSCRIPT filed for proceedings held on 11/6/06. Court Reporter: Pat Cuneo. (et) (Entered: 11/16/2006) |
| 11/13/2006 | 1446 | TRANSCRIPT filed for proceedings held on 11/7/06. Court Reporter: Pat Cuneo. (et) (Entered: 11/16/2006) |
| 11/13/2006 | 1447 | TRANSCRIPT filed for proceedings held on 11/8/06. Court Reporter: Pat Cuneo. (et) (Entered: 11/16/2006) |
| 11/13/2006 | 1448 | TRANSCRIPT filed for proceedings held on 11/9/06. Court Reporter: Pat Cuneo. (et) (Entered: 11/16/2006) |
| 11/13/2006 | 1479 | OPPOSITION to Tatung Companys and Tatung Company of Americas Renewed MOTION for Judgment as a Matter of Law 1465 filed by Plaintiff LG Philips LCD Co Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/13/2006 | 1480 | DECLARATION of Anthony C Roth in support of Opposition to Renewed MOTION for Judgment as a Matter of Law 1465 filed by Plaintiff LG Philips LCD Co Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/13/2006 | 1481 | MOTION for Mistrial on Claim 1 of the '449 Patent and Request for Curative Instruction filed by Defendant Chunghwa Picture Tubes Ltd (mg, ) (Entered: 11/21/2006) |
| 11/13/2006 | | FAX number for Attorney Robert P Taylor is 415-848-4999. (mg, ) (Entered: 11/21/2006) |
| 11/13/2006 | 1482 | DECLARATION of William L Seldeen in support of MOTION for Mistrial on Claim 1 of the '449 Patent and Request for Curative Instruction 1481 filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/14/2006 | 1483 | OPPOSITION to MOTION for Mistrial on Claim 1 of the '449 Patent and Request for Curative Instruction 1481 filed by Plaintiff LG Philips LCD Co Ltd. (mg, ) (Entered: 11/21/2006) |

| 11/14/2006 | 1501 | MINUTES OF Jury Trial - 15th Day held before Judge Consuelo B. Marshall: Bailiff(s) sworn. Jury retires to deliberate. Motion for mistrial by defendants is denied. Motion for Judgment/Directed Verdict is denied. Case continued to 11/15/2006 08:00 AM for further trial/further jury deliberation. Court Reporter: Pat Cuneo. (pcl, ) (Entered: 12/07/2006) |
|---|---|---|
| 11/15/2006 | 1502 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: 16th Day Jury Trial. Jury resumes deliberations. Case continued to 11/16/2006 at 8:00 AM for further trial/further jury deliberation. Court Reporter: n/a. (pcl, ) (Entered: 12/07/2006) |
| 11/16/2006 | 1437 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 11/03/06, 11/06/06, for Trial proceedings, 11/06/06 for trial proceedings pm session, 11/7/06, 11/8/06 and 11/09/06 Court Reporter: Leandra Amber (et) (Entered: 11/16/2006) |
| 11/16/2006 | 1438 | TRANSCRIPT filed for proceedings held on 11/3/06. Court Reporter: Leandra Amber. (et) (Entered: 11/16/2006) |
| 11/16/2006 | 1439 | TRANSCRIPT filed for proceedings held on 11/6/06. Court Reporter: Leandra Amber. (et) (Entered: 11/16/2006) |
| 11/16/2006 | 1440 | TRANSCRIPT filed for proceedings held on 11/6/06, p.m. session. Court Reporter: Leandra Amber. (et) (Entered: 11/16/2006) |
| 11/16/2006 | 1441 | TRANSCRIPT filed for proceedings held on 11/7/06. Court Reporter: Leandra Amber. (et) (Entered: 11/16/2006) |
| 11/16/2006 | 1442 | TRANSCRIPT filed for proceedings held on 11/8/06. Court Reporter: Leandra Amber. (et) (Entered: 11/16/2006) |
| 11/16/2006 | 1443 | TRANSCRIPT filed for proceedings held on 11/9/06. Court Reporter: Leandra Amber. (et) (Entered: 11/16/2006) |
| 11/16/2006 | 1484 | MOTION to Seal Portions of the Trial Transcript and Trial Exhibits, filed by defendant Chunghwa Picture Tubes Ltd. Lodged proposed order. (mg, ) (Exhibits A and B filed UNDER SEAL per order filed 12/4/2006 1493 ) Modified on 12/7/2006 (pcl, ). (Entered: 11/21/2006) |
| 11/16/2006 | 1485 | DECLARATION of Chuang-Yi Chiu in support of MOTION to Seal 1484 filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/16/2006 | 1486 | DECLARATION of Yi-Tsai Hsu in support of Defendants MOTION to Seal 1484 filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/16/2006 | 1487 | DECLARATION of Chien Kuo He in support of MOTION to Seal 1484 filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/16/2006 | 1488 | PROOF OF SERVICE filed by Defendant Chunghwa Picture Tubes Ltd, re MOTION to Seal 1484 , Declaration 1485 ; Declaration 1486 ; Declaration 1487 ; served on 11/16/06. (mg, ) (Entered: 11/21/2006) |

| 11/16/2006 | 1489 | EX PARTE APPLICATION to File Under Seal Exhibits A and B of Motion to Seal Portions of the Trial Transcript and Trial Exhibits; filed by Defendant Chunghwa Picture Tubes Ltd. Lodged proposed order. (mg, ) (Entered: 11/21/2006) |
| --- | --- | --- |
| 11/16/2006 | 1490 | DECLARATION of Teresa M Corbin in support of Defendants EX PARTE APPLICATION to File Under Seal Exhibits A and B of Motion to Seal Portions of the Trial Transcript and Trial Exhibits 1489 filed by Defendant Chunghwa Picture Tubes Ltd. (mg, ) (Entered: 11/21/2006) |
| 11/16/2006 | 1503 | MINUTES OF Jury Trial - 17th Day held before Judge Consuelo B. Marshall: Exhibits identified. Jury resumes deliberations. Conference held re: exhibit 476(a). Case continued to 11/20/2006 08:00 AM for further jury deliberation. Court Reporter: Leandra Amber. (pcl, ) (Entered: 12/07/2006) |
| 11/20/2006 | 1504 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: 18th Day Jury Trial. Exhibits Identified. Jury resumes deliberations. Case continued to 11/21/2006 at 8:00 AM for further trial/further jury delibertation.Court Reporter: n/a. (pcl, ) (Entered: 12/07/2006) |
| 11/21/2006 | 1491 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 11/21/06 Court Reporter: Leandra Amber (car, ) (Entered: 11/27/2006) |
| 11/21/2006 | 1492 | TRANSCRIPT filed for proceedings held on 11/16/06. Court Reporter: Leandra Amber. (car, ) (Entered: 11/27/2006) |
| 11/21/2006 | 1505 | MINUTES OF Jury Trial - 19th Day held and completed before Judge Consuelo B. Marshall: Verdict reached. Jury FINDS: in favor of plaintiff. Jury polled. Filed Witness and Exhibit Lists. Filed jury notes. Filed jury instructions. Court Reporter: John Turman. (pcl, ) (Entered: 12/07/2006) |
| 11/21/2006 | 1507 | COURT INSTRUCTIONS (Given). (gk, ) (Entered: 12/28/2006) |
| 11/21/2006 | 1508 | Jury Note Number 1. ** NOT FOR PUBLIC VIEW DOCUMENT ** (gk, ) (Entered: 12/28/2006) |
| 11/21/2006 | 1509 | Jury Note Number 2. ** NOT FOR PUBLIC VIEW DOCUMENT ** (gk, ) (Entered: 12/28/2006) |
| 11/21/2006 | 1510 | Jury Note Number 3. ** NOT FOR PUBLIC VIEW DOCUMENT ** (gk, ) (Entered: 12/28/2006) |
| 11/21/2006 | 1511 | RESPONSE by Judge Consuelo B. Marshall to Jury Note Number 3 1510 . ** NOT FOR PUBLIC VIEW DOCUMENT ** (gk, ) (Entered: 12/28/2006) |
| 11/21/2006 | 1512 | Jury Note Number 4. ** NOT FOR PUBLIC VIEW DOCUMENT ** (gk, ) (Entered: 12/28/2006) |
| 11/21/2006 | 1513 | Jury Note Number 5. ** NOT FOR PUBLIC VIEW DOCUMENT ** (gk, ) (Entered: 12/28/2006) |
| 11/21/2006 |  | Jury Note Number 6. (gk, ) ** PER NOTICE OF CLERICAL ERROR FILED 12/28/2006 1515 , DUPLICATIVE DOCKET ENTRY DID NOT RECEIVE A DOCUMENT ITEM NUMBER. SEE DOCUMENT NUMBER 1514 ** Modified on 12/28/2006 (gk, ). (Entered: 12/28/2006) |

Case 1:06-cv-00726-JJF    Document 441-6    Filed 09/05/2008    Page 176 of 195

| 11/21/2006 | 1514 | Jury Note Number 6. ** NOT FOR PUBLIC VIEW DOCUMENT ** (gk, ) (Entered: 12/28/2006) |
|---|---|---|
| 11/21/2006 | 1516 | Jury Note Number 7. ** NOT FOR PUBLIC VIEW DOCUMENT ** (gk, ) (Entered: 12/28/2006) |
| 11/21/2006 | 1517 | Verdict Form. ** NOT FOR PUBLIC VIEW DOCUMENT ** (gk, ) (Entered: 12/28/2006) |
| 11/21/2006 | 1519 | TRIAL Exhibit List. (jj, ) (Entered: 01/12/2007) |
| 12/04/2006 | 1493 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court GRANTS Defendants Motion to Seal Portions of the Trial Transcript and Trial Exhibits 1484 . The Court GRANTS Defendants request to extend the applicability of the parties Confidentiality Order. The Court GRANTS Defendants EX PARTE APPLICATION to File Under Seal Exhibits A and B of Motion to Seal Portions of the Trial Transcript and Trial Exhibits 1489 . (See document for further details.) Court Reporter: none present. (pcl, ) (Entered: 12/05/2006) |
| 12/13/2006 | 1506 | STIPULATION AND ORDER RE POST-VERDICT BRIEFING SCHEDULE: The parties propose the following briefing schedule: a) Opening briefs on all motions on 1/16/2007; b) Opposition briefs on 2/12/2007; c) Replies on 2/28/2007. IT IS SO ORDERED by Judge Consuelo B. Marshall. (jp) (Entered: 12/15/2006) |
| 12/28/2006 | 1515 | NOTICE OF CLERICAL ERROR: Due to clerical error, a duplicative docket entry for Jury Note Number 6 filed 11/21/2006 was docketed, and not assigned a document item number. See the docket entry for Jury Note Number 6, document number 1514, which is a not for public view document. (gk, ) (Entered: 12/28/2006) |
| 01/11/2007 | 1518 | ORDER DISMISSING PLAINTIFFS SIDE-MOUNT PATENT INFRINGEMENT CLAIMS FOR LACK OF STANDING by Judge Consuelo B. Marshall: The Court hereby DISMISSES Plaintiff LG Philips, LCD, Ltds claims for infringement of the side-mount patents against Defendant CPT and the Defendants in Consolidated Case Nos CV03-2886, CV03-2866, CV03-2884 and CV03-2885, whom the Court deems to have joined in the motion ab initio. (See document for further details.) (pcl, ) (Entered: 01/12/2007) |
| 01/16/2007 | 1521 | NOTICE OF MOTION AND MOTION to Dismiss Chunghwa Picture Tubes, LTDs Unclean Hands Defense and Unfair Competition Counterclaim filed by plaintiff and counterclaim Defendant LG Philips LCD Co Ltd. Motion set for hearing on 3/12/2007 at 10:00 AM before Judge Consuelo B. Marshall. (pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1522 | MEMORANDUM of Points and Authorities in Support of MOTION to Dismiss Unclean Hands Defense and Unfair Competition Counterclaim 1521 filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd.(pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1523 | DECLARATION of Anthony C Roth in Support of Memorandum of Points |

| | | and Authorities in Support of MOTION to Dismiss Unclean Hands Defense and Unfair Competition Counterclaim 1521 filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 01/18/2007) |
|---|---|---|
| 01/16/2007 | 1524 | PROOF OF SERVICE filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd, re Memorandum of Points and Authorities in Support of Motionto Dismiss Unclean Hands Defense 1522 , Declaration of Anthony C Roth in Support of Memorandum of Points and Authorities 1523 , Notice of Motion and MOTION to Dismiss Unclean Hands Defense and Unfair Competition Counterclaim 1521 , served on 1/16/2007. (pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1525 | NOTICE OF MOTION AND MOTION for Attorney Fees and Expenses filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. Motion set for hearing on 3/12/2007 at 10:00 AM before Judge Consuelo B. Marshall. (pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1526 | MEMORANDUM of Points and Authorities in Support of MOTION for Attorney Feesand Expenses 1525 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. (PUBLIC VERSION) (pcl, ) Modified on 1/18/2007 (pcl, ). (Entered: 01/18/2007) |
| 01/16/2007 | 1527 | SEALED DOCUMENT- MEMORANDUM of Points and Authorities in Support of Plaintiff LG Philips LCD Co LTDs MOTION for Attorney Fees and Expenses (pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1528 | SEALED DOCUMENT - DECLARATION of Anthony C Roth in Support of Plaintiff LG Philips LCD Co LTDs MOTION for Attorney Fees and Expenses (pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1529 | DECLARATION of Anthony C Roth in Support of MOTION for Attorney Fees and Expenses 1525 filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1530 | NOTICE OF RENEWED MOTION for Judgment as a Matter of Law That Defendants Infringe Claims 10-11 of the '449 Patent filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. Motion set for hearing on 3/12/2007 at 10:00 AM before Judge Consuelo B. Marshall. (pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | | FAX number for Attorney Daniel Johnson, Jr is 415-442-1001. (pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1531 | MEMORANDUM of Points and Authorities in Support of Renewed MOTION for Judgment as a Matter of Law That Defendants Infringe Claims 10-11 of the '449 Patent 1530 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. (PUBLIC VERSION) (pcl, ). (Entered: 01/18/2007) |
| 01/16/2007 | 1532 | SEALED DOCUMENT - MEMORANDUM of Points and Authorities in Support of LG Philips LCD CO LTDs Renewed MOTION for Judgment as a Matter of Law That Defendants Infringe Claims 10-11 of the '449 Patent |

| | | (pcl, ) (Entered: 01/18/2007) |
|---|---|---|
| 01/16/2007 | 1533 | DECLARATION of Anthony C Roth in Support of Memorandum of Points and Authorities in Support of Renewed MOTION for Judgment as a Matter of Law That Defendants Infringe Claims 10-11 of the '449 Patent 1530 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1534 | SEALED DOCUMENT - DECLARATION of Anthony C Roth in Support of LG Philips LCD CO, LTDs Memorandum of Points and Authorities in Support of Renewed MOTION for Judgment as a Matter of Law That Defendants Infringe Claims 10-11 of the '449 Patent(pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1538 | NOTICE OF MOTION AND MOTION for Enhanced Damages filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. Motion set for hearing on 3/12/2007 at 10:00 AM before Judge Consuelo B. Marshall. (pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1539 | MEMORANDUM of Points and Authorities in Support of MOTION for Enhanced Damages 1538 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. (PUBLIC VERSION) (pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1540 | SEALED DOCUMENT - MEMORANDUM of Points and Authorities in Support of Plaintiff LG Philips LCD CO LTDs MOTION for Enhanced Damages(pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1541 | DECLARATION of Anthony C Roth in Support of MOTION for Enhanced Damages 1538 filed by plaintiff and counterclaim defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1542 | SEALED DOCUMENT - DECLARATION of Anthony C Roth in Support of LG Philips LCD CO, LTD MOTION for Enhanced Damages(pcl, ) (Entered: 01/18/2007) |
| 01/16/2007 | 1554 | NOTICE OF MOTION AND MOTION for New Trial filed by defendant, counterclaimant, third party plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 3/12/2007 at 10:00 AM before Judge Consuelo B. Marshall. (jj, ) (Entered: 01/30/2007) |
| 01/16/2007 | 1555 | NOTICE OF MOTION AND MOTION for Fees Pursuant to 35 USC Section 285 filed by Defendant Tatung Co Of America. Motion set for hearing on 3/12/2207 at 10:00 AM before Judge Consuelo B. Marshall. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1556 | NOTICE OF MOTION AND RENEWED MOTION for Judgment as a Matter of Law filed by Defendant Chunghwa Picture Tubes Ltd. Motion set for hearing on 3/12/2007 at 10:00 AM before Judge Consuelo B. Marshall. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1557 | PROOF OF SERVICE filed by Defendant Chunghwa Picture Tubes Ltd, the Motion for a New Trial, etc (see document for further details) was served on 1/16/2007. (yl, ) (Entered: 01/31/2007) |

| 01/16/2007 | 1558 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law or, In the Alternative, MOTION for New Trial filed by Defendant Tatung Co Of America. Motion set for hearing on 3/12/2007 at 10:00 AM before Judge Consuelo B. Marshall. (yl, ) (Entered: 01/31/2007) |
| --- | --- | --- |
| 01/16/2007 | 1559 | EX PARTE APPLICATION to Seal Documents in Support of Defendant and Counterplaintiff Chunghwa Picture Tubes Motion for Equitable Relief and Attorney fees filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes Ltd. Lodged Order. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1560 | DECLARATION of DAVID M. MORRIS In Support of Post-Verdict Motions of LG Phillips Co filed by Plaintiff LG Philips LCD Co Ltd. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1561 | NOTICE OF MOTION AND MOTION to Vacate Court's Claim Construction Rulings Regarding the side-mount patents due to plaintiff's lack of standing filed by Defendant Chunghwa Picture Tubes Ltd. Motion set for hearing on 2/12/2007 at 10:00 AM before Judge Consuelo B. Marshall. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1562 | DECLARATION of CHRISTOPHER A. MATHEWS IN SUPPORT OF EX PARTE APPLICATION to Seal doucments in support of defendant's motion for equitable relief and attorney fees 1559 filed by Chunghwa Picture Tubes Ltd. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1563 | PROOF OF SERVICE filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes Ltd, the Motion for Equitable Relief and Attorney's Fees and Exparte Application to file under seal documents in support thereof was served on 1/16/2007. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1564 | PROOF OF SERVICE filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd, LG Electronics Inc, the Motion of Plaintiff LG Philips for Enhanced Damages, etc (see document for further details) was served on 1/16/2007. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1565 | DECLARATION of MARK KRIETZMAN In Support of MOTION for Fees Pursuant to 35 USC Section 258 1555 filed by MARK KRIETZMAN Tatung Company. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1568 | NOTICE OF MOTION AND MOTION for A Permanent Injunction filed by Plaintiff and counterclaim defendant LG Philips LCD Co Ltd. Motion set for hearing on 3/12/2007 at 10:00 AM before Judge Consuelo B. Marshall. Lodged Order. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1570 | MEMORANDUM OF POINTS AND AUTHORITIES in Support of MOTION for Permanent Injunction 1568 filed by Plaintiff and counterclaim Defendant LG Philips LCD Co Ltd. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1571 | DECLARATION of ANTHONY C. ROTH IN SUPPORT OF MOTION for Permanent Injunction 1568 filed by Plaintiff LG Philips LCD Co Ltd. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1572 | SEALED DOCUMENT-MEMORANDUM OF POINTS AND AUTHORITIES in Support of MOTION for Permanent Injunction 1568 |

| | | (yl, ) (Entered: 01/31/2007) |
|---|---|---|
| 01/16/2007 | 1573 | SEALED DOCUMENT-DECLARATION of ANTHONY C. ROTH IN SUPPORT of MOTION for Permanent Injunction 1568 (yl, ) Modified on 1/31/2007 (yl, ). (Entered: 01/31/2007) |
| 01/16/2007 | 1575 | NOTICE OF MOTION AND MOTION for an Award of Prejudgment Interest and Damages for Defendant's Continuing Infringement filed by Plaintiff LG Philips LCD Co Ltd. Motion set for hearing on 3/12/2007 at 10:00 AM before Judge Consuelo B. Marshall. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1576 | MEMORANDUM OF POINTS AND AUTHORITIES in Support of MOTION for an Award of Prejudgment Interest and Damages for Defendant's Continuing Infringement 1575 filed by Plaintiff LG Philips LCD Co Ltd. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1577 | DECLARATION of ANTHONY C. ROTH IN SUPPORT OF MOTION for Order for an Award of Prejudgment Interest and Damages for Defendant's Continuing Infringement 1575 filed by Plaintiff LG Philips LCD Co Ltd. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1578 | DECLARATION of MICHAEL C. KEELEY in Support of MOTION for an Award of Prejudgment Interest and Damages for Defendant's Continuing Infringement MOTION for Order for an Award of Prejudgment Interest and Damages for Defendant's Continuing Infringement 1575 filed by Plaintiff LG Philips LCD Co Ltd. (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1579 | SEALED DOCUMENT-DECLARATION of ANTHONY C. ROTH IN SUPPORT OF MOTION for an Award of Prejudgment Interest and Damages for Defendant's Continuing Infringement 1575 (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | 1580 | SEALED DOCUMENT-DECLARATION of DAVID M. MORRIS IN SUPPORT OF POST-VERDICT MOTIONS OF LG PHILLIPS LCD., CO., LTD 1525 , 1538 , 1530 , 1521 , 1575 (yl, ) (Entered: 01/31/2007) |
| 01/16/2007 | | Motions No Longer Referred: MOTION for Enhanced Damages 1538 (pcl, ) (Entered: 04/05/2007) |
| 01/16/2007 | | Motions No Longer Referred: MOTION for an Award of Prejudgment Interest and Damages for Defendant's Continuing Infringement 1575 . (pcl, ) (Entered: 04/05/2007) |
| 01/17/2007 | 1520 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: On the Courts own motion, Motion of Chunghwa Picture Tubes to Vacate Courts Claim Construction Rulings Regarding the Side-Mount Patents Due to Plaintiffs Lack of Standing (filed 1/16/2007) is hereby continued to 3/12/2007 at 10:00 AM.Court Reporter: n/a. (pcl, ) (Entered: 01/18/2007) |
| 01/17/2007 | 1535 | ORDER GRANTING Defendants Motion to Seal Portions of the Trial Transcript and Trial Exhibits 1484 by Judge Consuelo B. Marshall: IT IS HEREBY ORDERED that: The portions of the trial transcript and initial exhibits identified by Defendants as confidential shall be sealed. Further, the provisions of the "Amended Confidentiality Stipulation and Protective |

| | | |
|---|---|---|
| | | Order" shall govern the handling of any document, information or other things exchanged by the parties or used in the trial proceedings. (pcl, ) (Entered: 01/18/2007) |
| 01/17/2007 | 1536 | SEALED DOCUMENT - EXHIBITS to Defendants Motion to Seal Portions of the Trial Transcript and Trail Exhibits, VOLUME 1 of 2 (pcl, ) (Entered: 01/18/2007) |
| 01/17/2007 | 1537 | SEALED DOCUMENT - EXHIBITS to Defendants Motion to Seal Portions of the Trial Transcript and Trial Exhibits, VOLUME 2 of 2(pcl, ) (Entered: 01/18/2007) |
| 01/17/2007 | 1544 | NOTICE OF DISCREPANCY AND ORDER: by Judge Consuelo B. Marshall, ORDERING Motion, Declaration submitted by Defendant received on 1/16/2007 is not to be filed but instead rejected. Denial based on: LR 11-6 Memorandum/brief exceeds 25 pages.(pcl, ) (Entered: 01/20/2007) |
| 01/17/2007 | 1548 | NOTICE OF ERRATA re DECLARATION of MARK KRIETZMAN in support of MOTION for Attorney Fees and Expenses 1525 filed by defendants Tatung Co Of America, Tatung Company. (jag, ) (Entered: 01/29/2007) |
| 01/17/2007 | 1549 | EX PARTE APPLICATION to file under seal exhibits A, W, CC and DD to the Declaration of Christopher A Mathews in support of CPTs Renewed Motion for Judgment as a matter of law and Motion for new trial filed by defendant Chunghwa Picture Tubes Ltd. Lodged order and U/S declaration Vol. 1 and 2. (jag, ) (Entered: 01/29/2007) |
| 01/17/2007 | 1550 | DECLARATION of DAVID G MEYER in support of EX PARTE APPLICATION to file under seal exhibits A, W, CC and DD to the Declaration of Christopher A Mathews in support of CPTs Renewed Motion for Judgment as a matter of law and Motion for new trial 1549 filed by defendant Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 01/29/2007) |
| 01/17/2007 | 1551 | DECLARATION of CHRISTOPHER A MATHEWS in support of MOTION for Judgment as a Matter of Law at Close of Evidence 1415 filed by defendant Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 01/29/2007) |
| 01/17/2007 | 1552 | DECLARATION of CHRISTOPHER A MATHEWS in support of MOTION for Judgment as a Matter of Law at Close of Evidence 1415 filed by defendant Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 01/29/2007) |
| 01/17/2007 | 1553 | PROOF OF SERVICE filed by defendant Chunghwa Picture Tubes Ltd of attached document list; served upon Andrea Ordin and Mark Krietzman on 1/16/07 by first class mail (jag, ) (Entered: 01/29/2007) |
| 01/19/2007 | 1543 | AMENDED ORDER by Judge Consuelo B. Marshall dismissing Plaintiff LG Phillips, LCD, Ltd.'s claims for infringement of the side-mount patents (U.S. Patent Nos. 5,926,237, 6,002,457, 6,020,942, and 6,373,537) against Defendants CPT, Tatung Company of America, and Tatung Company, and Defendants in Consolidated Case Nos. CV03-2886, CV03-2866, CV03-2884 and CV03-2885 (Consolidated Defendants ViewSonic Corporation, Jean Co., Lite-On Technology, TPV Technology, and Envision Peripherals, Inc.), |

| | | whom the Court deems to have joined in the motion ab initio 1518 (wm, ) (Entered: 01/19/2007) |
|---|---|---|
| 01/23/2007 | 1545 | EX PARTE APPLICATION for an Order That Exhibits 6, 45 and 47-49 attached to the declaration of David Coplin in support of motion for attorney fees and motion for equitable relief be filed under seal filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes Ltd. Lodged Proposed order. (pcl, ) (Entered: 01/29/2007) |
| 01/23/2007 | 1546 | DECLARATION of David G Meyer in Support of EX PARTE APPLICATION to File Under Seal Documents in Support of Motion for Attorney Fees and Motion for Equitable Relief 1545 filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes Ltd (pcl, ) (Entered: 01/29/2007) |
| 01/23/2007 | 1566 | NOTICE OF MOTION AND MOTION for Attorney Fees; Memorandum of Points and Authorities filed by Defendant, Counterclaimant and Third Party Plaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 3/12/2007 at 10:00 AM before Judge Consuelo B. Marshall. (pcl, ) (Entered: 01/31/2007) |
| 01/23/2007 | 1567 | DECLARATION of David Coplen in Support of MOTION for Attorney Fees and Motion for Equitable Relief 1566 filed by Defendant and Counterplaintiff Chunghwa Picture Tubes Ltd (pcl, ) (Entered: 01/31/2007) |
| 01/23/2007 | 1569 | NOTICE OF MOTION AND MOTION for Equitable Relief; Memorandum of Points and Authorites filed by Defendant and Counterplaintiff Chunghwa Picture Tubes Ltd. Motion set for hearing on 3/12/2007 at 10:00 AM before Judge Consuelo B. Marshall. (pcl, ) (Entered: 01/31/2007) |
| 01/23/2007 | 1574 | PROOF OF SERVICE filed by Defendant, Counterclaimant and Third-Party Plaintiff Chunghwa Picture Tubes Ltd, re Ex Parte Application to File Under Seal Documents in Support of Motion for Attorney Fees and Motion for Equitable Relief, Declaration of David G Meyer in support of Ex Parte Application, Declaration of David Coplen in support of Motion for Attorney Fees and Motion for Equitable Relief, (see document for further details) served on 1/23/2007. (pcl, ) (Entered: 01/31/2007) |
| 01/26/2007 | 1547 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: ORDER GRANTING Defendants EX PARTE APPLICATION to File under Seal documents in Support of Defendant and Counterplaintiff Chunghwa Picture Tubes, Ltds Motion for Attorney Fees and Motion for Equitable Relief 1545 ; and GRANTING Defendants Ex Parte Application to File under Seal Exhibits A, W, CC, and DD to the Declaration of Christopher A Mathews in Support of CPTs Renewed Motion for Judgment as a Matter of Law and Motion for New Trial. (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 01/29/2007) |
| 02/08/2007 | 1582 | NOTICE OF JOINDER in Chunghwa Picture Tube RENEWED MOTION for Judgment as a Matter of Law 1556 filed by defendants Tatung Co Of America, Tatung Company. (jp) (Entered: 02/16/2007) |
| 02/08/2007 | 1583 | NOTICE OF JOINDER in Chungwhwa Picture Tube MOTION to Vacate |

|            |      |                                                                                                                                                                                                                                     |
|------------|------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |      | Court Claim Construction Rulings Regarding the side-mount patents due to plaintiff lack of standing 1561 filed by defendants Tatung Co Of America, Tatung Company. (jp) (Entered: 02/16/2007)                                          |
| 02/08/2007 | 1584 | NOTICE OF JOINDER in Chunghwa Picture Tube MOTION for a New Trial 1554 filed by defendants Tatung Co Of America, Tatung Company. (jp) (Entered: 02/16/2007)                                                                           |
| 02/12/2007 | 1585 | OPPOSITION to MOTION for New Trial 1554 (Public Version) filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/20/2007)                                                                           |
| 02/12/2007 | 1586 | SEALED DOCUMENT - OPPOSITION OF LG Philips LCD Co, Ltd to Chunghwa Picture Tunes, Ltds Motion for New Trial (pcl, ) (Entered: 02/20/2007)                                                                                            |
| 02/12/2007 | 1587 | DECLARATION of Anthony C Roth in Support of the Opposition to MOTION for New Trial 1554 (Public Version) filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/20/2007)                               |
| 02/12/2007 | 1588 | SEALED DOCUMENT - DECLARATION of Anthony C Roth in Support of The Opposition of LG Philips LCD Co, Ltd to Chunghwa Picture Tubes, Ltds Motion For New Trial (pcl, ) (Entered: 02/20/2007)                                             |
| 02/12/2007 | 1589 | OPPOSITION to Renewed MOTION for Judgment as a Matter of Law 1556 , (Public Version) filed by Plaintiff and counterclaim Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/20/2007)                                               |
| 02/12/2007 | 1591 | SEALED DOCUMENT - OPPOSITION Of LG Philips LCD Co, Ltd To Chunghwa Picture Tubes, Ltds Renewed Motion For Judgment As A Matter Of Law (pcl, ) (Entered: 02/21/2007)                                                                  |
| 02/12/2007 | 1592 | DECLARATION of Anthony C Roth in Support of the Opposition to Renewed MOTION for Judgment as a Matter of Law 1556 (Public Version) VOLUME 1 of 4 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1593 | DECLARATION of Anthony C Roth in Support of the Opposition to Chunghwa Picture Tubes, Ltds Renewed MOTION for Judgment as a Matter of Law 1556 (Public Version) VOLUME 2 of 4 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1594 | DECLARATION of Anthony C Roth in Support of the Opposition to Chunghwa Picture Tubes, Ltds Renewed MOTION for Judgment as a Matter of Law 1556 (Public Version) VOLUME 3 of 4 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd.(pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1595 | DECLARATION of Anthony C Roth in Support of the Opposition to Chunghwa Picture Tubes, Ltds Renewed MOTION for Judgment as a Matter of Law 1556 (Public Version) VOLUME 4 of 4 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1596 | SEALED DOCUMENT - DECLARATION of Anthony C Roth in Support of the Opposition of LG Philips LCD Co, Ltd to Chunghwa Picture Tubes,                                                                                                    |

| | | |
|---|---|---|
| | | Ltds Renewed MOTION for Judgment as a Matter of Law (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1597 | OPPOSITION to MOTION to Vacate the Courts Claim Construction Rulings Regarding the Side-Mount Patents 1561 filed by Plaintiff and Counter Defendant LG Philips LCD Co. Ltd. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1598 | DECLARATION of Anthony C Roth in Support of Opposition to MOTION to Vacate The Courts Claim Consturction Rulings Regarding the Side-Mount Patents 1561 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1599 | OPPOSITION to MOTION for Attorney Fees 1566 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1600 | DECLARATION of Anthony C Roth in Support of Opposition to MOTION for Attorney Fees 1566 filed by plaintiff and counter defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1601 | DECLARATION of David M Morris in Support of Opposition to MOTION for Attorney Fees 1566 filed by Plaintiff and Counter defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1602 | OPPOSITION to MOTION for Equitable Relief 1569 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1603 | DECLARATION of David M Morris in Support of Opposition to MOTION for Equitable Relief 1569 filed by plaintiff and counter defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1604 | OPPOSITION to MOTION for Fees Pursuant to 35 USC 285 1555 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1605 | DECLARATION of David M Morris in Support of Opposition to MOTION for Fees Pursuant to 35 USC 285 1555 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1606 | OPPOSITION to Defendants Tatung Companys and Tatung Company of Americas Renewed MOTION for Judgment as a Matter of Law, or in the Alternative Motion for a New Trial (Public Version) filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1607 | SEALED DOCUMENT - OPPOSITION Of LG Philips LCD Co, LTD To Tatung Companys And Tatung Company of Americas Renewed Motion For Judgment As A Matter Of Law, Or In The Alternative Motion For A New Trial (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1608 | DECLARATION of David M Morris in Support of the Opposition to Tatung Companys and Tatung Company of Americas Renewed MOTION for Judgment as a Matter of Law, or in the Alternative Motion for a New Trial filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (pcl, ) (Entered: 02/21/2007) |
| | | |

| 02/12/2007 | 1609 | NOTICE OF ERRATA Regarding Declarations of Anthony C Roth in Support of LG Philips LCD Co, Ltds Post Verdict Motions filed on January 16, 2007 filed by Plaintiff and Counter Defendant LG Philips LCD Co Ltd. (See document for further details.) (pcl, ) (Entered: 02/21/2007) |
|---|---|---|
| 02/12/2007 | 1610 | PROOF OF SERVICE filed by plaintiff and counter defendant LG Philips LCD Co Ltd, re Opposition to Renewed Motion for Judgment as a Matter of Law (Public Version) 1589 , Opposition to Motion for New Trial (public version) 1585 , Declaration of Anthony C Roth in Support of the Oppoisition to Chunghwa Picture Tubes, Ltds Motion for New Trial (public version) 1587 , (see document for further details) served on 2/12/2007. (pcl, ) (Entered: 02/21/2007) |
| 02/12/2007 | 1611 | NOTICE OF JOINDER in Chunghwa Picture Tube Opposition to LG Philips LCD Co Ltd Motion for Attorneys fees and Expenses 1525 filed by Defendants Tatung Co Of America, Tatung Company. (ir, ) Modified on 2/23/2007 (ir, ). (Entered: 02/23/2007) |
| 02/12/2007 | 1612 | NOTICE OF JOINDER in Chunghwa Picture Tube Opposition to LG Philips LCD Co Ltd Motion for Judgment as a Matter of Law that Defendants Infringe Claims 10-11 of the '449 Patent 1530 filed by Defendants Tatung Co Of America, Tatung Company. (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1613 | NOTICE OF JOINDER in Chunghwa Picture Tube Opposition to LG Philips LCD Co Ltd motion for an Award of Prejudgment Interest and Damages for Continuing Infringement 1575 filed by Defendants Tatung Co Of America, Tatung Company. (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1614 | NOTICE OF JOINDER in Chunghwa Pictures Tube Opposition to LG Philips LCD Co Ltd Motion for Enhanced Damages 1538 filed by Defendant Tatung Co Of America, Tatung Company. (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1615 | NOTICE OF JOINDER in Chunghwa Picture Tube opposition to LG Philips LCD Co Ltd Motion for Permanent Injunction 1568 filed by Defendants Tatung Co Of America, Tatung Company. (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1616 | EX PARTE APPLICATION for Leave to file (1) Exhibits 1-4, 6, 7, 15, 18, 30, 37 and 46 attached to the Declaration of Christopher A Mathew regarding CPt oppositions to LPL Post Trial Motions, (2) Portions of the declaration of Chien-Kuo He, Yi-Tsai Hsu, chuang-Ti Chiu, Christina Tsou, Hoover Chen and Jeff Volpe filed in support of CPT Opposition to LPL Motions for Permanent Injunction, (3) unredacted version of CPT Opposition to Attorneys fees and Expenses, (4) unredacted version of CPT Opposition to LPL Motion for Permanent Injunction, (5) unredacted version of CPT opposition to LPL Motion for Enhanced of Damages filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd. Lodged Proposed Order and Proposed Underseal documents. (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1617 | DECLARATION of Eric J Moore in support of Ex Parte Applicaiton of Chunghwa Picture Tube Ltd to file documents in opposition to Plaintiff Post-Trial Motions under seal 1616 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (ir, ) (Entered: 02/23/2007) |

| 02/12/2007 | 1618 | DECLARATION of Christina Tsou in support of Chunghwa Pictures Tubes Ltd Ex Parte Application to seal 1616 filed by Defendant and counterclaimant Chunghwa Picture Tubes Ltd. (ir, ) (Entered: 02/23/2007) |
|---|---|---|
| 02/12/2007 | 1619 | DECLARATION of Hoover Chen in support of Chunghwa Picture Tubes Inc Ex Parte Application to seal 1616 filed by Defendant and CounterclaimantChunghwa Picture Tubes Ltd. (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1620 | DECLARATION of Chuang Yi-Chiu in support of Chunghwa Picture Tubes Ltd Ex Parte Application to seal declarations for Oppositions to LG Philips LC Co Ltd Motions for Injunctive Relief and Enhanced Damages 1616 filed by Defendant and counterclaimant Chunghwa Picture Tubes Ltd. (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1621 | DECLARATION of Robert Ranucci in support of Chunghwa Picture Tubes Ltd Ex Parte Application to seal 1616 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1622 | DECLARATION of Christopher A Mathews in support of its oppositions to LPL Post-Trial Motions filed by Defendant and Counter Claimant Chunghwa Picture Tubes Ltd. **REDACTED VERSION** (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1623 | DECLARATION of Jeff Volpe in support of its opposition to LG Philips LCD Co Ltd Motion for Permanent Injunction 1568 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. **REDACTED VERSION** (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1624 | DECLARATION of Chien-Kuo He in support of its Opposition to LG Philips LCD Co Ltd Motion for Permanent Injunction 1568 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. **REDACTED VERSION** (ir, ) Modified on 2/23/2007 (ir, ). (Entered: 02/23/2007) |
| 02/12/2007 | 1625 | DECLARATION of Christina Tsou in support of its Opposition to LG Philips LCD Co Ltd Motion for Permanent Injunction 1568 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. **REDACTED VERSION** (ir, ) Modified on 2/23/2007 (ir, ). (Entered: 02/23/2007) |
| 02/12/2007 | 1626 | DECLARATION of Yi-Tsai Hsu in support of its Opposition to Plaintiffs Motion for Permanent Injunction 1568 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. **REDACTED VERSION** (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1627 | DECLARATION of Hoover Chen in support of Defendants opposition to Plaintiffs Motion for Permanent Injunction 1568 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. **REDACTED VERSION** (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1628 | DECLARATION of Chuang-Yi Chiu in support of its opposition to LG Philips LCD Co Ltd Motion for Permanent Injunction 1568 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. **REDACTED VERSION** (ir, ) (Entered: 02/23/2007) |

| 02/12/2007 | 1629 | OPPOSITION to LG Philip LCD Co Ltd Motion for Entry of Permanent Injunction or in the alternative Request for Stay Pending Appeal 1568 filed by Defendant Chunghwa Picture Tubes Ltd. **REDACTED** (ir, ) (Entered: 02/23/2007) |
|---|---|---|
| 02/12/2007 | 1630 | OPPOSITION to Plaintiffs Motion for Judgment as a Matter of Law that Defendants Infringe Claims 10-11 of the '449 Patent 1530 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1631 | OPPOSITION to LG Philips LCD Co Ltd Motion for Enchanced Damages 1538 filed by Defendant Chunghwa Picture Tubes Ltd. **REDACTED** (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1632 | OPPOSITION to LG Philips LCD Co Ltd Motion to Dismiss and/or for Summary Judgment on its Unclean Hands Defense and Unfair Competition Counterclaim 1521 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1633 | OPPOSITION to LG Philips LCD Co Ltd Motion for an Award of Prejudgment Interest, Post-Judgment Interest, and Damages for Continuing Infringement 1575 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. (ir, ) (Entered: 02/23/2007) |
| 02/12/2007 | 1634 | OPPOSITION to Plaintiff LG Philips LCD Co Ltd Motion for Attorney Fees and Expenses 1566 filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd. **REDACTED-PUBLIC VERSION** (ir, ) Modified on 2/23/2007 (ir, ). (Entered: 02/23/2007) |
| 02/12/2007 | 1635 | PROOF OF SERVICE filed by Defendant and Counterclaimant Chunghwa Picture Tubes Ltd, Chunghwa Picture Tubes Ltd of Ex Parte Application by Chunghwa Picture Tubes Ltd to file documents in opposition to Plaintiffs Post-Trial Motions under seal 1616 , Proposed Order Granting CPT Ex Parte Application to file documents in opposition to Plaintiffs Post-Trial motions under seal (See document for further details) was served on 2/12/07. (ir, ) (Entered: 02/23/2007) |
| 02/14/2007 | 1581 | MINUTES (N CHAMBERS) held before Judge Consuelo B. Marshall: On the Courts own motion, the following Motions are submitted without oral argument as of 3/12/2007: Plaintiffs Motion for Attorney Fees and Expenses and for Enhanced Damages and to Dismiss Chunghwa Picture Tube, LTDs Unclean Hands Defense and Unfair Competition Counterclaim, for a Permanent Injunction, Renewed Motion for Judgment as a matter of law that Defendants Infringe Claims 10-11 of the '499 Patent and for an Award of Prejudgment Interest, Post-Judgment Interest and Damages for Defendants Continuing Infringement (filed 1/16/2007), Motion of Chunghwa Picture Tube to Vacate Courts Claim Construction Rulings Regarding the Side-Mount Patents Due to Plaintiffs Lack of Standing, Renewed Motion for Judgment as a matter of Law, Motion for New Trial and for Equitable Relief and for Attorney Fees (filed 1/23/2007) and Motion of Tatung Defendants for Fees and Renewed Motion for Judgment as a Matter of Law, or in the Alternative, for New Trial (filed 1/16/2007).Court Reporter: n/a. (pcl, ) |

Case 1:06-cv-00726-JJF   Document 441-6   Filed 09/05/2008   Page 188 of 195

| | | (Entered: 02/14/2007) |
|---|---|---|
| 02/14/2007 | | ***Terminated all deadlines and hearings. (pcl, ) (Entered: 02/14/2007) |
| 02/21/2007 | 1590 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: The Court hereby DENIES Defendant Chunghwa Picture Tubes MOTION to Vacate Courts Claim Construction Rulings Regarding the Side-Mount Patents Due to Plaintiffs Lack of Standing 1561 . (See document for further details.) Court Reporter: N/A. (pcl, ) (Entered: 02/21/2007) |
| 02/26/2007 | 1636 | NOTICE of Change of Attorney Information: Attorney Terence J Clark will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice. Filed by defendant Tatung Co Of America (ak, ) (Entered: 02/27/2007) |
| 02/28/2007 | 1637 | EX PARTE APPLICATION to file documents under seal in support of its post-trial reply briefs filed by defendant/counter claimant and third party plaintiff Chunghwa Picture Tubes Ltd. Lodged proposed order and u/s documents. (jag, ) (Entered: 03/14/2007) |
| 02/28/2007 | 1638 | DECLARATION of ERIC J MOORE in support of EX PARTE APPLICATION to file documents under seal in support of its post-trial reply briefs 1637 filed by defendant/counter claimant/third party plaintiff Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 03/14/2007) |
| 02/28/2007 | 1639 | REPLY in support of MOTION for Attorney Fees 1566 filed by defendants Tatung Co Of America, Tatung Company. (jag, ) (Entered: 03/14/2007) |
| 02/28/2007 | 1640 | REPLY in support of MOTION for Equitable Relief 1569 filed by defendant etc Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 03/14/2007) |
| 02/28/2007 | 1641 | REPLY in support of MOTION for Attorney Fees 1566 filed by defendant etc. Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1642 | REPLY in support of MOTION for Judgment as a Matter of Law 1556 filed by defendant etc. Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1643 | REPLY in support of MOTION for New Trial 1554 filed by defendant etc. Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1644 | DECLARATION of HEATHER H FAN in support of REPLY BRIEFS in support of POST-TRIAL MOTIONS filed by Defendant Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1645 | PROOF OF SERVICE filed by defendant Chunghwa Picture Tubes Ltd of attached document list; served upon Andrea Ordin and Valerie Ho on 2/28/07 by first class mail (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1646 | DECLARATION of ANTHONY C ROTH in support of REPLY in support of MOTION for Attorney Fees and Expenses 1525 filed by plaintiff etc LG Philips LCD Co Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1647 | DECLARATION of MICHAEL C KEELEY Ph.D in support of MOTION for Permanent Injunction 1568 filed by plaintiff etc. LG Philips LCD Co Ltd. (jag, ) (Entered: 03/15/2007) |

Case 1:06-cv-00726-JJF    Document 441-6    Filed 09/05/2008    Page 189 of 195

| 02/28/2007 | 1648 | DECLARATION of WON JUN CHOI in support of MOTION for Permanent Injunction 1568 filed by plaintiff etc. LG Philips LCD Co Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1649 | REPLY in support of RENEWED MOTION for Judgment as a Matter of Law That Defendants Infringe Claims 10-11 of the '449 Patent 1530 filed by plaintiff etc. LG Philips LCD Co Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1650 | SUPPLEMENTAL DECLARATION of ANTHONY C ROTH in support of MOTION for an Award of Prejudgment Interest and Damages for Defendant's Continuing Infringement 1575 filed by plaintiff etc. LG Philips LCD Co Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1651 | REPLY in support of MOTION for an Award of Prejudgment Interest and Damages for Defendant's Continuing Infringement 1575 filed by plaintiff etc. LG Philips LCD Co Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1652 | REPLY in support of MOTION for Enhanced Damages 1538 filed by plaintiff etc. LG Philips LCD Co Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1653 | DECLARATION of ANTHONY C ROTH in support of MOTION for Enhanced Damages 1538 filed by plaintiff etc. LG Philips LCD Co Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1654 | DECLARATION of DAVID M MORRIS in support of REPLY in support of MOTION for Permanent Injunction 1568 filed by plaintiff etc. LG Philips LCD Co Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1655 | REPLY in support of MOTION for Permanent Injunction 1568 filed by plaintiff etc. LG Philips LCD Co Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1656 | REPLY in support of MOTION to Dismiss Unclean Hands Defense and Unfair Competition Counterclaim 1521 filed by plaintiff etc. LG Philips LCD Co Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1657 | REPLY in support of its MOTION for Attorney Fees and Expenses 1525 filed by plaintiff etc. LG Philips LCD Co Ltd. (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1658 | SEALED DOCUMENT - SUPPLEMENTAL DECLARATION of ANTHONY C ROTH in support of MOTION for an Award of Prejudgment Interest and Damages for Defendant's Continuing Infringement 1575 (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1659 | SEALED DOCUMENT - REPLY in support of MOTION for Attorney Fees and Expenses 1525 (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1660 | SEALED DOCUMENT - SUPPLEMENTAL DECLARATION of ANTHONY C ROTH in support of MOTION for Enhanced Damages 1538 (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1661 | SEALED DOCUMENT - DECLARATION of DAVID M MORRIS in support of REPLY in support of MOTION for Permanent Injunction 1568 (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1662 | SEALED DOCUMENT - REPLY in support of MOTION for Enhanced |

| | | Damages 1538 (jag, ) (Entered: 03/15/2007) |
|---|---|---|
| 02/28/2007 | 1663 | SEALED DOCUMENT - SUPPLEMENTAL DECLARATION of ANTHONY C ROTH in support of REPLY in support of MOTION for Attorney Fees and Expenses 1525 (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1664 | SEALED DOCUMENT - REPLY in support of RENEWED MOTION for Judgment as a Matter of Law That Defendants Infringe Claims 10-11 of the '449 Patent 1530 (jag, ) (Entered: 03/15/2007) |
| 02/28/2007 | 1665 | PROOF OF SERVICE filed by plaintiff etc. LG Philips LCD Co Ltd of attached document list; served upon attached service list on 2/28/07 by first class mail (jag, ) (Entered: 03/15/2007) |
| 03/02/2007 | 1666 | NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION for Judgment as a Matter of Law 1556 filed by defendant etc. Chunghwa Picture Tubes Ltd. (jag, ) (Entered: 03/15/2007) |
| 03/09/2007 | 1667 | RESPONSE to Chunghwa Picture Tubes Ltd Supplemental Authority in support of Motion for New Trial and Renewed Motion for Judgment as a Matter of Law 1556 filed by Plaintiff and Counterdefendant LG Philips LCD Co Ltd. (ir, ) (Entered: 03/27/2007) |
| 04/01/2007 | 1668 | REPLY IN SUPPORT OF RENEWED MOTION FOR JUDGMENT as a Matter of Law, or in the alternative, Motion for New Trial filed by Defendant Tatung Co Of America. (yl, ) (Entered: 04/06/2007) |
| 05/23/2007 | 1669 | MINUTES (IN CHAMBERS) by Judge Consuelo B. Marshall: Court Reporter: none present. ORDER GRANTING Ex Parte application by Chunghwa Picture Tubes, Ltd to File Document sin Opposition to Plaintiffs Post-Trial Motion s Under Seal; GRANTING Ex Parte Application by Chunghwa Picture Tubes, Ltd to File documents Under seal in support of its Post-Trial reply Briefs; and GRANTING Ex Parte Application to File Under Seal Documents in support of Defendant and Counterplaintiff Chunghwa Picture Tubes, Ltds Motion for Equitable Relief and Attorney fees. (See document for further details.) (pcl, ) (Entered: 05/24/2007) |
| 05/23/2007 | 1670 | SEALED DOCUMENT - EXHIBIT NUMBERS 6, 45, 47, 48 and 49 to Declaration of David Coplan in support of MOTION for Order for Equitable Relief 1569 . (ad) (Entered: 06/11/2007) |
| 05/23/2007 | 1671 | SEALED DOCUMENT - DECLARATION of Heather H Fan in support of Reply Briefs in support of Post-Trial Motions 1569 , 1566 . (ad) Modified on 6/11/2007 (ad, ). Modified on 6/11/2007 (ad, ). (Entered: 06/11/2007) |
| 05/23/2007 | 1672 | SEALED DOCUMENT - OPPOSITION to MOTION for Attorney Fees 1525 . (ad) (Entered: 06/11/2007) |
| 05/23/2007 | 1673 | SEALED DOCUMENT - OPPOSITION to MOTION for Enhanced Damages 1538 . (ad) (Entered: 06/11/2007) |
| 05/23/2007 | 1674 | SEALED DOCUMENT - DECLARATION of Christopher A Mathews in support of Oppositions to Post-Trial Motions 1538 , 1568 , 1575 , 1525 , 1530 . (ad) (Entered: 06/11/2007) |

| 05/23/2007 | 1675 | SEALED DOCUMENT - DECLARATION of Hoover Chen in support of Opposition MOTION for Permanent Injunction 1568 . (ad) (Entered: 06/11/2007) |
| 05/23/2007 | 1676 | SEALED DOCUMENT - DECLARATION of Yi-Tsai Hsu in support of Opposition to MOTION for Permanent Injunction 1568 . (ad) (Entered: 06/11/2007) |
| 05/23/2007 | 1677 | SEALED DOCUMENT - DECLARATION of Christina Tsou in support of Opposition to MOTION for Permanent Injunction 1568 . (ad) (Entered: 06/11/2007) |
| 05/23/2007 | 1678 | SEALED DOCUMENT - DECLARATION of Chien-Kuo He in support of Opposition to MOTION for Permanent Injunction 1568 . (ad) (Entered: 06/11/2007) |
| 05/23/2007 | 1679 | SEALED DOCUMENT - DECLARATION of Jeff Volpe in support of Opposition to MOTION for Permanent Injunction 1568 . (ad) (Entered: 06/11/2007) |
| 05/23/2007 | 1680 | SEALED DOCUMENT - OPPOSITION to MOTION for Permanent Injunction, or in the alternative Request for Stay Pending Appeal 1568 . (ad) Modified on 6/11/2007 (ad, ). (Entered: 06/11/2007) |
| 05/23/2007 | 1681 | SEALED DOCUMENT - DECLARATION of Chuang-Yi Chiu in support of Opposition to MOTION for Permanent Injunction 1568 . (ad) (Entered: 06/11/2007) |
| 06/28/2007 | 1682 | SEALED DOCUMENT - Declaration of Christopher A Mathews in Support of Chunghwa Picture Tubes, Ltds Renewed Motion for Judgment as a Matter of Law and Motion for New Trial, Volume 1 of 2. Filed Nunc Pro Tunc to 1/26/2007.(pcl) (Entered: 07/17/2007) |
| 06/28/2007 | 1683 | SEALED DOCUMENT - Declaration of Christopher A Mathews in Support of Chunghwa Picture Tubes, Ltds Renewed Motion for Judgment as a Matter of Law and Motion for New Trial, Volume 2 of 2. Filed Nunc Pro Tunc to 1/26/2007.(pcl) (Entered: 07/17/2007) |
| 09/07/2007 |  | denying RE: MOTION for Judgment as a Matter of Law 1530 (jl) (Entered: 09/07/2007) |
| 09/07/2007 | 1684 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall : Having received the motion, and the pleadings and evidence in support and opposition thereto, the Court hereby GRANTS Plaintiff L G Philips LCD Co ltd's MOTION Prejudgment Interest, Post-judgment Interest, and Damages for Defendants Continuing Infringement 1575 . This is not a final order pursuant to FRCP 77(d). A formal order, signed by the Court, will follow. (bg) (Entered: 09/12/2007) |
| 09/07/2007 | 1685 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall : Having reviewed the motion, and the pleadings and evidence in support and opposition thereto, the Court hereby GRANTS Plaintiff LG Philips LCD Co Ltd's Motion for Enhanced Damages 1538 . This is not a final order pursuant to FRCP 77(d). A formal order, signed by the Court, will |

Case 1:06-cv-00726-JJF   Document 441-6   Filed 09/05/2008   Page 192 of 195

| | | |
|---|---|---|
| | | follow.(bg) (Entered: 09/12/2007) |
| 09/07/2007 | 1686 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall Having reviewed the motion, an the pleadings and evidence in support and opposition thereto, the Court hereby DENIES Chunghwa Picture Tubes Ltd's Renewed MOTION for Judgment as a Matter of Law 1556 . This is not a final order pursuant to FRCP 77(d). A formal order, signed by the Court, will follow.(bg) (Entered: 09/12/2007) |
| 09/07/2007 | 1687 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall Having reviewed the motion, an the pleadings and evidence in support and opposition thereto, the Court hereby DENIES Chunghwa Picture Tubes Ltd's MOTION for New Trial 1554 . This is not a final order pursuant to FRCP 77(d). A formal order, signed by the Court, will follow.(bg) (Entered: 09/12/2007) |
| 09/07/2007 | 1688 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall Having reviewed the motion, an the pleadings and evidence in support and opposition thereto, the Court hereby DENIES Chunghwa Picture Tubes Ltd's MOTION for Equitable Relief 1569 . This is not a final order pursuant to FRCP 77(d). A formal order, signed by the Court, will follow. (bg) (Entered: 09/12/2007) |
| 09/07/2007 | 1689 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall Having reviewed the motion, an the pleadings and evidence in support and opposition thereto, the Court hereby DENIES Tatung Co and Tatung Co of America Renewed MOTION for Judgment as a Matter of Law or in the alternative, Motion for New Trial 1558 . This is not a final order pursuant to FRCP 77(d). A formal order, signed by the Court, will follow. (bg) Modified on 9/12/2007 (bg, ). (Entered: 09/12/2007) |
| 09/07/2007 | 1690 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall Having reviewed the motion, an the pleadings and evidence in support and opposition thereto, the Court hereby DENIES Tatung Co and Tatung Co of America's MOTION for Fees 1555 . This is not a final order pursuant to FRCP 77(d). A formal order, signed by the Court, will follow. (bg) (Entered: 09/12/2007) |
| 09/07/2007 | 1691 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall : Having reviewed the motion, and the pleadings and evidence in support and opposition therto, the Court hereby GRANTS Plaintiff LG Philips LCD Co Ltd.'s MOTION for Attorney Fees and Expenses 1525 . Plaintiff is ORDERED to file with the Court, on or before 10/1/07, declarations and supporting evidence detailing the fees and costs requested, and evidence of the reasonableness of those amounts. This is not a final order pursuant to FRCP 77(d). The Court's findings and conclusions with respect to the instant motion will be included in the Court's order regarding reasonable attorney's fees and expenses.(bg) (Entered: 09/12/2007) |
| 09/07/2007 | 1692 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall Having reviewed the motion, and the pleadings and evidence in support and opposition thereto, the Court hereby DENIES Chunghwa Picture |

Case 1:06-cv-00726-JJF   Document 441-6   Filed 09/05/2008   Page 193 of 195

| | | |
|---|---|---|
| | | Tubes Ltd's MOTION for Attorney Fees 1566 . This is not a final order pursuant to FRCP 77(d). A formal order, signed by the Court, will follow. (bg) (Entered: 09/12/2007) |
| 09/07/2007 | 1693 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall :The following motions, made during trial, remain open on the docket: Tatung Company and Tatung Company of America's MOTION for Judgment as a Matter of Law 1396 , Chunghwa Picture Tubes Ltd.'s MOTION for Judgment as a Matter of Law 1398 Chunghwa's MOTION for Judgment as a Matter of Law 1415 , Tatung Company and Tatung Company of America's Renewed MOTION for Judgment as a Matter of Law 1465 . The Court believes that these motions were denied by ruling from the bench during trial. See e.g., LG Philips LCD Co Ltd v Tatung Co of America, et al., Civil Minutes - Trial, 11/14/06 (including denial of motion(s) for judgment as a mater of law, without specifying motion(s). In order to clear the docket, the Court hereby confirms that each of the above referenced motions for judgment as a matter of law is DENIED.(bg) (Entered: 09/12/2007) |
| 09/07/2007 | 1694 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall : Having denied Chunghwa Picture Tubes Ltd.'s MOTION for Equitable Relief 1569 the Court issues to Defendants, Tatung Company and Tatung Company of America, this ORDER TO SHOW CAUSE why the result should not be the same with respect to their Unclean Hands Affirmative Defense. Further, although the Court has ruled on the parties post-trial motions, the Court is aware that some of those decisions may be affected by the resolution of outstanding equitable issues, if any. All parties are ORDERED to advise the Court, no later than 9/21/2007 whether equitable claims, counterclaims or affirmative defenses remain undecided and should be considered by the Court prior to the entry of final judgment in this case.(bg) (Entered: 09/12/2007) |
| 09/07/2007 | 1696 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall : re: Renewed MOTION for Judgment as a Matter of Law 1530 . Having reviewed the motion, and the pleadings and evidence in support and opposition thereto, the Court hereby DENIES Plaintiff L G Philips LCD Co Ltd.'s Renewed Motion for Judgment as a Matter of Law that Defendants Infringe Claims 10-11 of the '449 Patent. This is not a final order pursuant to FRCP 77(d). A formal order, signed by the Court will follow.(bg) (Entered: 09/17/2007) |
| 09/07/2007 | 1697 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall : re: MOTION for Permanent Injunction 1568 . Having reviewed the motion, and the pleadings and evidence in support and opposition thereto, the Court hereby GRANTS Plaintiff L G Philips LCD Co Ltd.'s Motion for Peramnent Injunction. Defendants request for stay pending appeal is DENIED. This is not a final order pursuant to FRCP 77(d). A formal order signed by the Court will follow.(bg) (Entered: 09/17/2007) |
| 09/07/2007 | 1699 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall : In order to clear the docket, the Court hereby confirms that CPT's MOTION for Order to Restrict Access to Trial during the presentation of certain confidential information 1273 is DENIED. CPT's Motion for an |

| | | |
|---|---|---|
| | | Order Sealing Corresponding Portions of the Trial Transcripts is DENIED. (bg) (Entered: 09/17/2007) |
| 09/07/2007 | 1700 | MINUTES OF IN CHAMBERS ORDER held before Judge Consuelo B. Marshall : re: MOTION to Dismiss Unclean Hands Defense and Unfair Competition Counterclaim 1521 . In its opposition brief, Chunghwa Picture Tubes Ltd states that it has elected not to pursue its unfair competition claim at this time. Accordingly, the Court hereby DISMISSES CTP Unfair Competition Claim, without prejudice. The Court's separate Order, denying CPT's Motion for Equitable Relief, renders moot Plaintiff's Motion to Dismiss CPT's Unclean Hands Defense. Accordingly, the Court DENIES LG Philips LCD Co Ltd's Motion to Dismiss Chunghwa Picture Tubes Ltd.'s Unclean Hands Defense as MOOT. This is a final order pursuant to FRCP 77 (d).(bg) (Entered: 09/17/2007) |
| 09/12/2007 | 1695 | NOTICE OF SUPPLEMENTAL Authority regarding the Willfulness Standard in support of Motion for New Trial and Renewed Motion for Judgment as a Matter of Law 1556 filed by Defendant, Counter Claimants, ThirdParty Plaintiff Chunghwa Picture Tubes Ltd. (ir) (Entered: 09/14/2007) |
| 09/13/2007 | 1698 | NOTICE of Pending Request for Reexamination of U. S. Patent No. 5, 825,449 filed by Defendant, Counterclaimant and Third-Party Plaintiff Chunghwa Picture Tubes Ltd. (jl) (Entered: 09/17/2007) |
| 09/17/2007 | 1701 | JOINDER in Chunghwa Picture Tubes, LTD's Notice of Supplemental Authority Regarding Willfulness Standard In Support of Motion for New Trial and Renewed Motion for Judgment as a Matter of Law 1558 filed by Defendants Tatung Co Of America, Tatung Company, Counter Claimant Tatung Company. (jl) (Entered: 09/20/2007) |
| 09/21/2007 | 1702 | OBJECTIONS to LG. Philips LCD Co., LTD'S Proposed Order Granting Permanent Injunction filed by Defendants Tatung Co Of America, Tatung Company, Counter Claimant Tatung Company. (lw) (Entered: 09/25/2007) |
| 09/21/2007 | 1703 | RESPONSE to Order to Show Cause regarding Unclean Hands Affirmative Defense and Other Equitable Defenses filed by Defendants Tatung Co Of America, Tatung Company, Counter Claimant Tatung Company (lw) (Entered: 09/25/2007) |
| 09/21/2007 | 1704 | RESPONSE to the Court's 9/7/2007 Order and Notice of Settlement with Request to stay further proceedings in the case until October 12, 2007 filed by Plaintiff LG Philips LCD Co Ltd, Counter Defendant LG Philips LCD Co Ltd (lw) (Entered: 09/25/2007) |
| 10/02/2007 | 1705 | STIPULATION and Order Extending Time for LG.Philips LCD to File Papers in Support of its Fee/Cost Petition Through and Including Oct. 22, 2007 filed by Plaintiff LG Philips LCD Co Ltd.(jl) (Entered: 10/02/2007) |
| 10/12/2007 | 1706 | Joint STATUS REPORT and Request to Stay Further Proceedings in the Case Until Oct. 31, 2007 filed by Plaintiff/Counterclaim Defendant LG Philips LCD Co Ltd. (jl) (Entered: 10/17/2007) |
| 12/18/2007 | 1707 | Minute ORDER by Judge Consuelo B. Marshall Removing Case from |

| | | Active Caseload Pending Further Order of Court. Order that Quarterly Joint Status Reports be filed commencing Jan. 18, 2008 (Made JS-6. Case Terminated.) (jl) (Entered: 12/18/2007) |
|---|---|---|
| 01/11/2008 | 1708 | STIPULATION to Dismiss Case pursuant to Rule 41 filed by plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd. (Attachments: # 1 Proposed Order)(Schrader, David) (Entered: 01/11/2008) |
| 01/11/2008 | 1709 | STIPULATION to Dismiss Case pursuant to Rule 41 filed by Plaintiff and Counterclaim Defendant LG Philips LCD Co Ltd. (Attachments: # 1 Order) (Schrader, David) (Entered: 01/11/2008) |
| 01/18/2008 | 1710 | STATUS REPORT filed by Plaintiff LG Philips LCD Co Ltd. (Schrader, David) (Entered: 01/18/2008) |
| 01/22/2008 | 1711 | ORDER action between LP and Tatung, including any claims or counterclaims filed by LPL or Tatung in this action, are dismissed with prejudice. LPL and Tatung each shall bear its own attorneys' fees and costs as to each other by Judge Consuelo B. Marshall, (jl) (Entered: 01/24/2008) |
| 02/07/2008 | 1712 | STIPULATION to Dismiss Case pursuant to Rule 41 filed by PLaintiff and Counterclaim Defendant LG Philips LCD Co Ltd. (Attachments: # 1 Proposed Order Re Rule 41 Stipulation of Dismissal)(Schrader, David) (Entered: 02/07/2008) |
| 03/25/2008 | 1713 | STIPULATION AND ORDER by Judge Consuelo B. Marshall : re Stipulation to Dismiss Case 1712 : Pursuant to Rule 41 Stipulation of Dismissal between Plaintiff and Counterclaim Defendant L.G. Philips LCD Co., Ltd and Defendant and Counterclaim Plaintiff Chunghwa Picture Tubes, Ltd, including any claims or counterclaims filed against each other in this action, is dismissed with prejudice, each party shall bear its own attorneys' fees and costs as to each other. (lom) (Entered: 03/25/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/27/2008 09:02:56 | | |
| **PACER Login:** | im0006 | **Client Code:** | 915796-0007-chun |
| **Description:** | Docket Report | **Search Criteria:** | 2:02-cv-06775-CBM-JTL End date: 5/27/2008 |
| **Billable Pages:** | 30 | **Cost:** | 2.40 |

# EXHIBIT 19

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| WYETH, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | )Civil Action No.: 06-222 JJF |
| v. | ) |
| | ) **PUBLIC VERSION** |
| IMPAX LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

RICHARD K. HERRMANN (I.D. No. 405)
MARY B. MATTERER (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

M. PATRICIA THAYER (*pro hac vice*)
JOHN M. BENASSI (*pro hac vice*)
JESSICA R. WOLFF (*pro hac vice*)
DANIEL N. KASSABIAN (*pro hac vice*)
SAMUEL F. ERNST (*pro hac vice*)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92101
Telephone: (858) 450-8400
Facsimile: (858) 450-8499

Attorneys for Defendant
IMPAX LABORATORIES, Inc.

Originally filed:  August 10, 2006
Public version filed:  August 15, 2006

Pursuant to the Discovery Dispute procedures set forth in paragraph 4 of the Rule 16 Scheduling Order, (D.I. 27 ¶ 4), Defendant Impax Laboratories, Inc. ("Impax") moves to compel the production of documents from Plaintiff seeking the following relief:

## I.  The Court should order Wyeth to produce all pleadings, deposition transcripts, hearing transcripts, and orders from the Teva Litigation.

Wyeth has refused to produce all pleadings, deposition transcripts, hearing transcripts, expert reports, and orders from its lawsuit against Teva Pharmaceuticals in the District of New Jersey, No. 03-CV-1293 ("Teva Litigation"), with those portions designated by Teva as "confidential" or "highly confidential" redacted.  Declaration of Mary B. Matterer in Support of Impax's Motion to Modify the Scheduling Order and Motion to Compel ("Matterer Decl."), Ex. 7 at 11, Ex. 8 at 26 (Wyeth's Responses to Impax's Requests for Production).[1]  These documents are responsive to Impax's Document Requests Nos. 2-4 and 30 and are relevant to the claims and defenses at issue in this lawsuit because Wyeth asserted the same patents against Teva in the Teva Litigation that it asserts against Impax in this litigation.  Matterer Decl., Ex. 5 at 4-5, Ex. 6 at 11 (Impax's Requests for Production).

Wyeth objected to producing these documents because "Teva has designated the bulk of this information as confidential and subject to the protective order in place in the Teva litigation, and it would be unduly burdensome to attempt to redact this information.  Moreover, under the protective order in that litigation, Teva, not Wyeth, would have to redact information it designated as confidential."  Matterer Decl., Ex. 7 at 11, Ex. 8 at 26.  The protective order from the Teva Litigation does not preclude Wyeth from redacting the Teva confidential materials to meet its discovery obligations in this litigation.  Matterer Decl., Ex. 26.

Furthermore, there is no undue burden to Wyeth because Wyeth already possesses the documents and knows which information, designated by Teva as confidential, to redact.  Impax has requested but has been unable to obtain this information from Teva in time to meet the August 10, 2006 deadline to amend pleadings in this case.  Matterer Decl., Exs. 17, 18.  Before Impax

---

[1] There are undoubtedly other documents from the Teva litigation that are responsive to Impax's documents requests.  It remains to be seen whether Wyeth will agree to produce those.

may subpoena the documents from Teva, it must move to compel the documents from Wyeth in this Court. *See Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993).

**II.    The Court should order Wyeth to produce responsive documents in their native format and not as Tiff images or paper copies with the meta-data stripped away.**

Wyeth refuses to produce any documents, including e-mail messages and other electronic documents, in their native format and will only produce paper copies or TIFF images of documents with crucial and discoverable metadata stripped away.  Matterer Decl., Ex. 7 at 4-5, Ex. 8 at 4-5, Ex. 10 at 3.  Metadata for electronic documents includes such information as "file names, dates of the file, authors of the file, recipients of the file, print-out dates, changes and modification dates, and other information." *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 644 (D. Kan. 2005).

A request for documents under Fed. R. Civ. P. 34 operates as a request for data stored in electronic form. *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1383 (7th Cir. 1993) ("[C]omputer data is included in Rule 34's description of documents.").  When a party produces responsive electronic documents, it must produce the documents with their metadata intact.  It is improper to produce electronic documents in a form with their metadata removed. *Williams*, 230 F.R.D. at 652.  The amendments to the Federal Rules of Civil Procedure governing electronic discovery, approved by the Supreme Court on April 12, 2006 to take effect on December 31, 2006, require a party to produce electronically stored information on a motion to compel unless the producing party can show that the information "is not reasonably accessible because of undue burden or cost." Matterer Decl., Ex. 27 at Rule 26(b)(2)(B).  Even if such a showing is made, "the court may nonetheless order discovery from such sources if the requesting party shows good cause." *Id.*

Producing electronic documents in their native format would not result in undue burden or cost to Wyeth because it would require no processing of the documents to convert them to TIFF images or to print them as paper copies.  There is good cause for requiring production in this format because it preserves responsive metadata indicating who authored, modified, and received

electronic documents and on what precise dates. Moreover, metadata greatly facilitates and reduces the cost of the task of reviewing electronic documents.


# REDACTED


This information does not constitute undiscoverable attorney work product because it contains only that information a party would be required to provide when withholding documents as privileged or subject to work product protection pursuant to Fed. R. Civ. P. 26(b)(5).

**III.    The Court should order Wyeth to bear the cost of its own discovery productions**

The general rule requires the entity producing the documents to bear that burden. *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) ("[T]he general rule requires the entity answering or producing the documents to bear that burden."). Rule 54(d)(1) anticipates that each party will bear its own costs and expenses during the pendency of litigation. FED. R. CIV. P. 54(d)(1). Nonetheless, Wyeth refuses to produce documents unless Impax pays for the full cost of imaging copies of any documents produced solely in this litigation, and half the cost Wyeth incurred for imaging copies of documents it produced in the Teva Litigation, or unless Impax agrees to pay for the full cost of producing paper copies. Matterer Decl., Ex. 7 at 5.

Wyeth offers no legitimate basis for its cost-shifting demands. Because Wyeth initiated this lawsuit and is a much larger company than Impax with much greater resources, its production costs should not shift to Impax. Also, Impax should not be required to pay for half the cost Wyeth incurred in imaging documents for production in the Teva Litigation because Wyeth has already incurred that cost and will not need to incur it again in this litigation. There is moreover no justification in the Federal Rules for Wyeth's refusal to produce documents until this dispute is resolved, such that responsive documents are not produced prior to the August 10 deadline to amend pleadings.

IV.   **The Court should order Wyeth to produce responsive documents gathered from all of Wyeth's locations and facilities, and not just from those in the United States.**

Wyeth refuses to search for and produce responsive documents from its locations and facilities other than those located in the United States. Matterer Decl., Ex. 7 at 2. Wyeth's self-imposed geographical limitation on its discovery obligations is improper. When relevant documents and things are sought from a party in discovery, the responding party's obligation to produce extends to all documents in its possession, custody, and control, not just those located in the United States. *See, e.g., Avery Dennison Corp. v. UCB Films PLC*, No. 95C 6351, 1998 WL 293002, at *1 (N.D. Ill. May 28, 1998) (discovery ordered regardless of where the documents were located); *Manville Sales Corp. v. Paramount Sys., Inc.*, No. Civ.A. No. 86-4157, 1987 WL 14794, *3 (E.D. Pa. Oct. 20, 1987) (information outside U.S. can lead to admissible evidence).

Documents from Wyeth's foreign facilities are relevant to this litigation. For example, one of the clinical studies in support of Wyeth's NDA for Effexor® XR which is relied upon in the specifications of the patents-in-suit – study no. 600B-367-EU – took place in Europe. Matterer Decl., Ex. 28 at 2. As a further example, documents related to Wyeth's prosecution of the foreign-equivalent patents-in-suit are relevant, as Wyeth's assertions in these prosecutions are relevant, *inter alia*, to the construction of disputed claim terms.

V.    **The Court should order Wyeth to produce all responsive documents generated after its self-selected cut-off date of February 10, 2003.**

Wyeth refuses to produce documents, except in certain discrete categories it has defined itself, that were created or generated after February 10, 2003. Matterer Decl., Ex. 7 at 5. There is no basis for Wyeth's arbitrary cut-off date of February 10, 2003. The Federal Rules require a party seasonably to amend a request for production if it discovers or generates additional responsive documents. FED. R. CIV. P. 26(e)(2). Relevant documents generated after February 10, 2003 include, for example, documents regarding Wyeth's unclean hands in asserting the patents-in-suit against Impax with knowledge that Impax's products do not infringe. Nor is Wyeth's cut-off date justified by the fact that it will incur additional expenses in gathering and producing documents not collected for the Teva Litigation. Matterer Decl., Ex. 12 at 4-5. Wyeth chose to file this lawsuit and must have expected that it would incur litigation expenses.

4

RICHARD K. HERRMANN (I.D. No. 405)
MARY B. MATTERER (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

M. PATRICIA THAYER (*pro hac vice*)
JOHN M. BENASSI (*pro hac vice*)
JESSICA R. WOLFF (*pro hac vice*)
DANIEL KASSABIAN (*pro hac vice*)
SAMUEL F. ERNST (*pro hac vice*)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92101
Telephone: (858) 450-8400
Facsimile: (858) 450-8499

Attorneys for IMPAX LABORATORIES, INC.

Dated: August 10, 2006

5

## RULE 7.1.1 CERTIFICATION

The undersigned certifies that counsel for plaintiffs and counterclaim defendants Wyeth has been contacted and the parties have been unable to resolve the issues presented in this Motion.

Mary B. Matterer (#2696)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

WYETH,

                       Plaintiff,

      v.

IMPAX LABORATORIES, INC.,

                     Defendant.

)
)
)
)
)
)Civil Action No.: 06-222 JJF
)
)
)
)
)
)

## [PROPOSED] ORDER

WHEREAS, the Court having considered Defendant's Motion to Compel

Production of Documents;

IT IS HEREBY ORDERED this ____ day of _____, 2006 that the

Motion is GRANTED.

_____
Joseph J. Farnan, Jr., J.

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2006, I electronically filed the foregoing document, **PUBLIC VERSION OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld
Karen Jacobs Louden
Morris Nichols Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 15th day of August, 2006, the foregoing document was served as indicated on the following:

| VIA EMAIL AND HAND DELIVERY | VIA EMAIL AND FEDERAL EXPRESS |
|---|---|
| Jack B. Blumenfeld | Basil J. Lewris |
| Karen Jacobs Louden | Linda A. Wadler |
| Morris Nichols Arsht & Tunnell | Finnegan Henderson Farabow |
| 1201 N. Market Street | Garrett & Dunner |
| Wilmington, DE 19801 | 901 New York Avenue, NW |
| | Washington, DE 20001 |
| | 202.408.4000 |
| | Bill.Lewris@finnegan.com |
| | Linda.Wadler@finnegan.com |

_/s/ Mary B. Matterer_
Mary B. Matterer (I.D. No. 2696)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Attorneys for IMPAX LABORATORIES, INC.

EXHIBIT 20

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LG DISPLAY CO., LTD., | ) | |
| Plaintiff, | ) ) | |
| v. | ) | |
| CHI MEI OPTOELECTRONICS CORPORATION; AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION OF AMERICA; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; AND VIEWSONIC CORPORATION, | ) ) ) ) ) ) ) ) ) | Civil Action No. 06-726 (JJF) |
| Defendants. | ) | |
| AU OPTRONICS CORPORATION, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | Civil Action No. 07-357 (JJF) |
| LG DISPLAY CO., LTD and LG DISPLAY AMERICA, INC., | ) ) ) | CONSOLIDATED CASES |
| Defendants. | ) ) | |
| | ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND SET OF**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Chi Mei

Optoelectronics Corp. ("CMO") responds as follows to Defendants' Second Set of Requests for

Production of Documents, served by LG Display Co. Ltd. ("LGD").

**GENERAL STATEMENT AND OBJECTIONS**

1.      The following responses, while based on a diligent investigation by CMO and its

counsel, are necessarily supported only by those facts and writings presently and specifically

known and readily available.  Discovery in this matter is at an early stage and is ongoing.  As this

action proceeds, further documents may be discovered, or their significance better understood,

and CMO reserves the right to change, amend or supplement its responses with such pertinent documents.  CMO therefore makes these responses without prejudice to its right to produce at any stage of these proceedings, including at trial, evidence of any facts or information that CMO may later recall or discover.  CMO further reserves the right to change, amend or supplement any or all of the matters contained in these responses with facts or information that it learns were omitted by inadvertence, mistake, excusable neglect, and as additional facts are ascertained and contentions are made in this litigation.

2.    These responses are made solely for the purposes of this action, and are subject to all objections as to competence, authenticity, relevance, materiality, privilege, and admissibility. All such objections and grounds are expressly reserved and may be interposed at the time of trial.

3.    Each and all of CMO's general objections are hereby expressly incorporated into each and all of CMO's specific responses.  For particular emphasis, one or more of these general objections may be reiterated in a specific response.  The absence or inclusion of any reiteration in a specific response is neither intended as, nor shall be construed as, a limitation or waiver of any general objection or any other specific objection made herein.

4.    No incidental or implied admissions are intended by the responses below.  The fact that CMO has answered or objected to all or part of a request should not be construed or taken as an admission that CMO accepts or admits the existence of any purported facts set forth or assumed by such request or that CMO has waived or intended to waive any part of any objection to the request.  The statement that responsive documents will be produced in response to a particular request is not intended to mean and does not mean that any such documents were in fact created or exist.

5.    CMO objects to the requests, including the definitions and instructions contained therein, to the extent that they call for production of documents protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or immunities.  CMO further objects to the requests to the extent that they purport to seek or call for the production of information constituting, recording, or reflecting the work product of CMO's attorneys, including

their thoughts, opinions, or mental impressions in connection with the preparation, prosecution, avoidance or defense of any claim by or against CMO. CMO also objects to the requests to the extent that they seek information protected by the right of privacy contained in the United States Constitution, or other applicable statute or case law. Nothing contained in these responses is intended as, nor shall in any way be deemed, a waiver of the attorney-client privilege, attorney work product doctrine, right of privacy or other applicable privilege or immunity. To the extent any request calls for the production of privileged documents, CMO will provide a log which, separately for each document not produced, sets forth such detail as would be required for LGD to test the claim of privilege on a motion to compel. CMO, however, will not at this time log any privileged documents reflecting communications with counsel past the filing of this lawsuit.

6. CMO objects to the requests, including the definitions and instructions contained therein, to the extent that they seek information concerning patent claims and claim terms that have not yet been construed by the Court.

7. CMO objects to the requests, including the definitions and instructions contained therein, to the extent that they seek confidential or proprietary information. CMO will produce confidential or proprietary information only pursuant to protective orders issued by this Court.

8. CMO objects to the requests, including the definitions and instructions contained therein, to the extent that they call for the production of documents or information that CMO may not produce without the consent of third parties. To the extent the consent of any third party is necessary to produce any such documents, CMO will not produce such documents until it has received such consent.

9. CMO objects to the requests, including the definitions and instructions contained therein, to the extent that they call for the production of documents and information that are not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

10. CMO objects to the requests, including the definitions and instructions contained therein, to the extent that they purport to impose obligations beyond those required by the Federal

Rules of Civil Procedure, the Local Rules for the District of Delaware, or any order or ruling by the Court in this action. CMO will comply with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and any order or ruling by the Court in this action in responding to the requests.

11.     CMO objects to the requests, including the definitions and instructions contained therein, to the extent that they purport to require CMO to search for or produce documents and files that are not within its possession, custody or control. CMO will use reasonable diligence to locate documents in facilities under its control based upon an examination of those files reasonably expected to yield responsive documents.

12.     CMO objects to the requests, including the definitions and instructions contained therein, to the extent that they purport to require CMO to undertake an unduly burdensome and oppressive search of its documents and files.

13.     CMO objects to the requests, including the definitions and instructions contained therein, to the extent that they seek documents that are inadmissible pursuant to Rule 408 of the Federal Rules of Evidence.

14.     CMO objects to the definition of "CMO," "you," and "your," to the extent that it purports to impose duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action. CMO also objects to these definition as unduly burdensome, harassing, oppressive and overbroad to the extent it purports to include entities other than CMO. For purposes of its responses, CMO will construe "CMO," "you," and "your" to mean only Chi Mei Optoelectronics Corporation.

15.     CMO objects to LG Display's definition of "CMO USA" as including any Affliliates (as that term is defined by LG Display) of Chi Mei Optoelectronics USA, Inc. For purposes of its responses, CMO will construe "CMO USA" to mean only Chi Mei Optoelectronics, USA, Inc.

16.     CMO objects to LG Display's definition of "CMO Products" as overly broad to the extent that it includes products other than CMO products made to specifications suitable for

sale in the United States. For purposes of its responses, CMO will construe "CMO Products" to mean only those products identified in LG Display's response to CMO's Interrogatory No. 2, made to specifications suitable for sale in the United States and shipped directly to the United States.

17. CMO objects to LG Display's definition of "CMO Customer" as overly broad to the extent that it relates to products other than CMO products made to specifications suitable for sale in the United States. For purposes of its responses, CMO will construe "CMO Customer" to mean only those customers that purchase CMO Products.

18. CMO objects to the definition of "LCD display" as unduly burdensome, harassing, oppressive and overbroad to the extent it purports to include any device that contains an LCD module and regardless of brand name.

19. CMO objects to each Request to the extent that (i) the discovery sought by any such Request is unreasonably cumulative, duplicative, obtainable from other sources that are more convenient, less burdensome or less expensive, the information is as easily ascertainable to LG Display as it is to CMO, or is readily available from public sources, and/or (ii) compliance with any such Request would be unduly burdensome, expensive, harassing and/or oppressive.

20. CMO objects to the Requests as overly broad and unduly burdensome to the extent that they specify (i) no time frame, or (ii) a time frame beyond that which is relevant to this proceeding.

21. CMO objects to the requests, including the definitions and instructions contained therein, to the extent that they seek information that is publicly available or equally or more readily available or accessible to Defendants.

22. CMO objects to the requests, including the definitions and instructions contained therein, to the extent that they seek information that is duplicative and redundant. CMO's response to any particular request does not in any way imply or express that such request is unique or covers subject matter different in scope from that of prior or succeeding requests.

23.     CMO objects to the requests because they do not specify the form or forms in which electronically stored information is to be produced.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(ii), CMO will produce electronically stored information responsive to the requests in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable, subject to any agreement the parties may reach on the form of the parties' productions.

24.     CMO objects to the requests to the extent they seek information that is not reasonably accessible because of undue burden or cost.

25.     CMO's responses are based on its present knowledge, information and belief.  CMO reserves the right to supplement these responses.  A partial response to any Request that has been objected to in whole or in part is not a waiver of the objection.  By asserting various objections, CMO does not waive other objections that may become applicable.

26.     Subject to and without waiving these General Objections, CMO responds and specifically objects to LG Display's Requests as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 84**:

All Documents not produced in response to another request for production that are identified and referred to in CMO's initial disclosures submitted in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**RESPONSE TO DOCUMENT REQUEST NO. 84**:

In addition to the foregoing General Objections, CMO specifically objects to this Request as overly broad and unduly burdensome to the extent it calls for CMO to produce "All Documents."  CMO further objects to this Request to the extent that it requests documents subject to the attorney-client privilege and/or work product immunity.

Subject to and without waiving the foregoing specific and General Objections, CMO states that will produce responsive, non-privileged documents located after a reasonable search.

**DOCUMENT REQUEST NO. 85**:

Any and all patents, patent applications, and/or other documents that CMO contends are "material" to the claims of the LGD Patents, as the term "material" is defined under 37 C.F.R. § 1.56.

**RESPONSE TO DOCUMENT REQUEST NO. 85**:

In addition to the foregoing General Objections, CMO specifically objects to this Request as overly broad and unduly burdensome to the extent it calls for CMO to produce "Any and all patents, patent applications, and/or other documents." CMO further objects to this Request to the extent that it requests documents subject to the attorney-client privilege and/or work product immunity. CMO also specifically objects to this Request as premature to the extent that the relevant patent claims and claim terms have not yet been construed by the Court.

Subject to and without waiving the foregoing specific and General Objections, CMO states that will produce responsive, non-privileged documents located after a reasonable search.

**DOCUMENT REQUEST NO. 86**:

All Documents concerning any convoyed sales or bundling that CMO believes occurs for the CMO Products.

**RESPONSE TO DOCUMENT REQUEST NO. 86**:

In addition to the foregoing General Objections, CMO specifically objects to this Request as overly broad and unduly burdensome to the extent it calls for CMO to produce "All Documents." CMO objects to the Requests as overly broad and unduly burdensome to the extent that it specifies no time frame.

Subject to and without waiving the foregoing specific and General Objections, CMO states that it will produce responsive, non-privileged documents located after a reasonable search.

**DOCUMENT REQUEST NO. 87**:

All Documents concerning any contention by you relative to whether or not LG Display or LGDA should be enjoined and restrained from allegedly infringing one or more claims of any CMO Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 87**:

In addition to the foregoing General Objections, CMO specifically objects to this Request as overly broad and unduly burdensome to the extent it calls for CMO to produce "All Documents." CMO further objects to this Request to the extent that it requests documents subject to the attorney-client privilege and/or work product immunity. CMO also objects to this Request as premature to the extent that the relevant patent claims and claim terms have not yet been construed by the Court.

Subject to and without waiving the foregoing specific and General Objections, CMO states that will produce responsive, non-privileged documents located after a reasonable search.

**DOCUMENT REQUEST NO. 88**:

All Documents concerning any contention to you relative to whether or not LG Display's or LGDA's alleged infringement of one or more claims of any of the CMO Patents is "willful,"

**RESPONSE TO DOCUMENT REQUEST NO. 88**:

In addition to the foregoing General Objections, CMO specifically objects to this Request as overly broad and unduly burdensome to the extent it calls for CMO to produce "All Documents." CMO further objects to this Request to the extent that it requests documents subject to the attorney-client privilege and/or work product immunity. CMO also specifically objects to this request as premature to the extent that the determination of willfulness will be based in part on LGD's litigation conduct throughout this action.

Subject to and without waiving the foregoing specific and General Objections, CMO states that will produce  responsive, non-privileged documents located after a reasonable search.

**DOCUMENT REQUEST NO. 89**:

All Documents concerning any contention by you relative to whether or not this action is an "exceptional case."

**RESPONSE TO DOCUMENT REQUEST NO. 89**:

In addition to the foregoing General Objections, CMO specifically objects to this Request as overly broad and unduly burdensome to the extent it calls for CMO to produce "All

Documents." CMO further objects to this Request to the extent that it requests documents subject to the attorney-client privilege and/or work product immunity. CMO also specifically objects to this request as premature to the extent that the determination of whether this action is an exceptional case will be based in part on LGD's litigation conduct throughout this action.

Subject to and without waiving the foregoing specific and General Objections, CMO states that will produce responsive, non-privileged documents located after a reasonable search.

**DOCUMENT REQUEST NO. 90**:

All Documents concerning the best mode for practicing the purported inventions claimed in each of the CMO Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 90**:

In addition to the foregoing General Objections, CMO specifically objects to this Request as overly broad and unduly burdensome to the extent it calls for CMO to produce "All Documents." CMO further objects to this Request to the extent that it requests documents subject to the attorney-client privilege and/or work product immunity.

Subject to and without waiving the foregoing specific and General Objections, CMO states that will produce responsive, non-privileged documents located after a reasonable search.

**DOCUMENT REQUEST NO. 91**:

All Documents and Things relating to any test, study, experiment, or investigation conducted by any Person in an effort to design around any LGD Patent or any Foreign Counterparts of the LGD Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 91**:

In addition to the foregoing General Objections, CMO specifically objects to this Request as overly broad and unduly burdensome to the extent it calls for CMO to produce "All Documents and Things." CMO also specifically objects to this Request as overly broad, unduly burdensome and not relevant to any claim or defense in this action, or reasonably likely to lead to the discovery of information relevant to any claim or defense, particularly to the extent it seeks documents "relating to any test, study, experiment, or investigation conducted by *any Person*"

and is not limited to CMO. CMO further objects to this Request to the extent that it requests documents subject to the attorney-client privilege and/or work product immunity.

Subject to and without waiving the foregoing specific and General Objections, CMO states that will produce responsive, non-privileged documents, to the extent such documents exist, located after a reasonable search.

**DOCUMENT REQUEST NO. 92**:

All Documents that any AUO witness reviews that refreshes that witness's recollection or memory or otherwise uses in connection with a deposition in this case.

**RESPONSE TO DOCUMENT REQUEST NO. 92**:

CMO objects that this request is vague and ambiguous in its reference to "AUO witness." CMO presumes that the request is intended to seek documents regarding CMO witnesses, and will respond accordingly. CMO further objects that this request is vague and ambiguous in its reference to documents a witness "otherwise used in connection with a deposition." CMO objects that this request is premature in that there have been no depositions in this case. CMO further objects to this Request to the extent that it requests documents subject to the attorney-client privilege and/or work product immunity.

**DOCUMENT REQUEST NO. 93**:

All charts of accounts and/or other Documents correlating CMO and/or CMO USA United States customer accounts with internal designations.

**RESPONSE TO DOCUMENT REQUEST NO. 93**:

In addition to the foregoing General Objections, CMO specifically objects to this Request as overly broad and unduly burdensome to the extent it calls for CMO to produce "All charts of accounts and/or other Documents." CMO also specifically objects to this Request as overly broad, unduly burdensome and not relevant to any claim or defense in this action, or reasonably likely to lead to the discovery of information relevant to any claim or defense, particularly to the extent it seeks all documents "correlating CMO and/or CMO USA United States customer

accounts with internal designations."   CMO objects to the Requests as overly broad and unduly burdensome to the extent that it specifies no time frame.

Subject to and without waiving the foregoing specific and General Objections, CMO states that will produce responsive, non-privileged documents located after a reasonable search.

**DOCUMENT REQUEST NO. 94**:

Documents relating to, indicating, and/or showing the factory line where each of the CMO Products are produced.

**RESPONSE TO DOCUMENT REQUEST NO. 94**:

In addition to the foregoing General Objections, CMO specifically objects to this Request as overly broad and unduly burdensome to the extent it calls for CMO to produce "Documents relating to, indicating, and/or showing."   CMO objects to the Requests as overly broad and unduly burdensome to the extent that it specifies no time frame.

Subject to and without waiving the foregoing specific and General Objections, CMO states that summary documents providing the requested information were provided in response to LG Display's Interrogatory Nos. 1, 2 and 4 in case number 1:08-cv-0355-JJF, formally numbered Case No. 2-07CV176 in the Eastern District of Texas.

**DOCUMENT REQUEST NO. 95**:

All expert reports served by or on behalf of CMO in any other patent infringement litigation in which CMO was or is a party since January 1, 2003.

**RESPONSE TO DOCUMENT REQUEST NO. 95**:

CMO also specifically objects to this Request as overly broad, unduly burdensome and not relevant to any claim or defense in this action, or reasonably likely to lead to the discovery of information relevant to any claim or defense.   CMO further objects to this Request to the extent that it requests documents subject to the attorney-client privilege and/or work product immunity. Moreover, CMO will only produce the requested documents subject to the requirements of the relevant protective orders and any additional third party confidentiality obligations attaching to the information within the requested documents.

1884567.2 07                                   - 11 -

Subject to and without waiving the foregoing specific and General Objections, CMO states that will produce responsive, non-privileged documents located after a reasonable search.

**DOCUMENT REQUEST NO. 96**:

All Documents that show where each limitation is present for each CMO Product identified in Interrogatory No. 6 of LG Display's First Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 96**:

In addition to the foregoing General Objections, CMO specifically objects to this Request as overly broad and unduly burdensome to the extent it calls for CMO to produce "All Documents." CMO also objects that this request is premature, as CMO has objected to Interrogatory 6 of LGD's First Set of Interrogatories. CMO further objects to this Request to the extent that it requests documents subject to the attorney-client privilege and/or work product immunity.

**DOCUMENT REQUEST NO. 97**:

Any Documents relating to rewriting and/or recycling of CMO backup tapes.

**RESPONSE TO DOCUMENT REQUEST NO. 97**:

In addition to the foregoing General Objections, CMO specifically objects to this Request as overly broad and unduly burdensome to the extent it calls for CMO to produce "Any documents." CMO also specifically objects to this Request as overly broad, unduly burdensome and not relevant to any claim or defense in this action, or reasonably likely to lead to the discovery of information relevant to any claim or defense, particularly to the extent this Request is not limited by time and seeks documents "relating to rewriting and/or recycling of CMO backup tapes." CMO objects to the Requests as overly broad and unduly burdensome to the extent that it specifies no time frame. CMO further objects to this Request to the extent that it requests documents subject to the attorney-client privilege and/or work product immunity.

Subject to and without waiving the foregoing specific and General Objections, CMO states that it will produce responsive, non-privileged documents regarding CMO policies and practices, to the extent such documents exist and are located after a reasonable search.

Dated:  June 26, 2008

/s/
Adam Hoffman

Jonathan S. Kagan
Alexander C.D. Giza
Adam Hoffman
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:     (310) 277-1010

Philip A. Rovner (pr3215)
POTTER ANDERSON & CORROON, LLP
Hercules Plaza
1313 N. Market St.
P.O. Box 951
Wilmington, Delaware  19899-0951
(302) 984-6000

Attorneys for Defendant
Chi Mei Optoelectronics Corporation

EXHIBIT 21

**McKenna Long**
**& Aldridge**LLP

Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

Albany

Atlanta

Brussels

Denver

Los Angeles

New York

Philadelphia

Sacramento

San Diego

San Francisco

Washington, D.C.

Gaspare Bono
(202) 496-7211

EMAIL ADDRESS
gbono@mckennalong.com

September 1, 2008

**VIA EMAIL**

Teresa M. Corbin, Esq.
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708

      Re:     <u>LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, et al.</u>;
               C.A Nos. 06-726-JJF and 07-357-JJF

Dear Ms. Corbin:

I write in response to your August 27, 2008 letter regarding discovery requests made by AU Optronics Corp. ("AUO") and Chi Mei Optoelectronics Corp. ("CMO") for confidential information from previous patent cases litigated between LG Display Co., Ltd. (formerly LG.Philips LCD Co., Ltd.) ("LG Display") and Chunghwa Picture Tubes ("CPT") in Delaware and California (the "Prior Patent Cases").

I have responded to your previous communications as promptly as I could, but as you know I was away from the office for much of that time on both business and personal matters. I note in your letter that you have been away for the last five days, apparently on vacation as well. To facilitate communications regarding any future correspondence that you send regarding this matter, please copy the LG Display counsel, AUO counsel, and CMO counsel who have received this letter via email.

We strongly disagree with your baseless contention that LG Display somehow has failed to comply with any protective order in the Prior Patent Cases. The document request that is the subject of CMO's motion to compel discovery is overly broad on its face, making it unclear what information CMO was seeking in that request. In any event, there was no risk of disclosure of such information by LG Display. LG Display properly objected to that request in its entirety and did not produce documents in response to that request. We did not receive clarification from CMO concerning the documents that it seeks until a July 25, 2008 letter from CMO's counsel. In discussing that letter in recent meet and confer teleconferences, we made clear to CMO that we would not produce any third party confidential information, including information designated by CPT under protective orders in the Prior Patent Cases.

Teresa M. Corbin, Esq.
HOWREY LLP
September 1, 2008
Page 2

We promptly notified you of this issue and inquired whether CPT consented to production of any confidential information. In addition, at the request of CMO (and later AUO), we provided copies of letters from CMO and AUO regarding their request for production of discovery from the Prior Patent Cases. We provided you with an opportunity to object and we have notified the Court of your objections to disclosure of this discovery. Therefore, we have complied with all protective orders in the Prior Patent Cases and we will continue to do so.

We understand that CPT and customers are objecting to producing any of their confidential information to CMO or AUO. We have notified the Court of this objection in our opposition to CMO's motion to compel. Enclosed is a copy of our opposition brief. As you will see, Exhibit V to our brief is a copy of your August 27 letter and is also attached. We believe that CMO will seek to have this motion heard at the Court's motions day on September 12. We do not know yet whether the Court will hear oral argument on the motion. If the Court does wish to hear argument, we have asked the other parties to consent to move the hearing to the following week on September 18, which is the date of the claim construction hearing when all of the parties will already be before the Court.

Your August 27 letter refers to the importance of protective order provisions in the Prior Patent Cases. In our case, motions for protective orders are fully briefed and awaiting a decision from the Court. If necessary, moreover, we are open to considering any protective order that CPT may propose concerning production to AUO and CMO of confidential information from the Prior Patent Cases. If you would like to propose any such protective order, please let us know. At this time, however, we understand CPT's position to be that disclosure is not acceptable regardless of any protective order.

We do not agree with all of your assertions concerning what courts may or may not have previously concluded with respect to CPT's confidential information. Nonetheless, we will not produce any of CPT's confidential information without a court order compelling such disclosure. We are producing only non-confidential information from the Prior Patent Cases, such as materials concerning validity and claim construction.

With respect to any further information that you are seeking regarding CMO's discovery requests or motion to compel, CMO's counsel is in the best position to provide that information. If CMO's counsel is unable to provide certain information, please let us know and we will attempt to cooperate with you as necessary. In addition, we understand that you were able to obtain a copy of CMO's motion to compel that you reference in your letter as under seal (as you stated in a subsequent email, the motion to compel is not under seal and you were able to retrieve a copy electronically from the Court).

Teresa M. Corbin, Esq.
HOWREY LLP
September 1, 2008
Page 3


Thank you for your anticipated response and cooperation regarding this matter.

Very truly yours,

Gaspare J. Bono


Encls.

cc:    Thomas C. Werner, Esq. w/encls.
       S. Christian Platt, Esq., w/encls.

# EXHIBIT 22

# McKenna Long
## & Aldridge LLP
Attorneys at Law

Albany
Atlanta
Brussels
Denver
Los Angeles

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

CASS W. CHRISTENSON
(202) 496-7218

EMAIL ADDRESS
cchristenson@mckennalong.com

August 22, 2008

**BY E-MAIL**

Thomas C. Werner, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Re:    *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp., et al.*; CV 06-726 (JJF)
         (D.Del.)

Dear Tom:

I write in response to your August 6, 2008 letter, raising questions concerning LG Display's production of materials from prior cases.

In response to your first question, we do have a rebuttal expert report responding to Dr. Howard's report in the 05-292 case. We have not yet produced that report, however, because it includes third party confidential information.

With respect to Exhibits EE and FF to the report of Dr. Lucovsky in the 02-6775 case, we did not produce those exhibits because they were General Electric documents marked confidential. We have obtained consent to produce those exhibits, however, and they are being produced today under separate cover. We included Exhibit GG in our earlier production because that document did not involve confidentiality problems.

We are continuing to investigate and produce documents on a rolling basis, including today.

Very truly yours,

Cass W. Christenson

CWC:ea

# EXHIBIT 23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.:  06-222 (JJF) |
| | ) | |
| IMPAX LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**WYETH'S OPPOSITION TO DEFENDANT'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS**

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Morris, Nichols, Arsht &
  Tunnell LLP
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, DE  19899-1347
(302) 658-9200

Attorneys for Plaintiff Wyeth

OF COUNSEL:

Basil J. Lewris
Linda A. Wadler
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

August 17, 2006

**Impax's Request for Materials from the Teva Litigation Is Overly Broad and Unreasonable**

Impax has demanded production of every scrap of paper from a litigation involving both a different party and product than this case. Yet Impax has failed to articulate any relevance for documents concerning issues other than claim construction or validity of the patents in suit. Information regarding Teva, its product, and its infringement is simply irrelevant to this litigation.

Wyeth agreed in its responses to Impax's document requests and interrogatories to produce deposition transcripts of Wyeth's fact witnesses, exhibits from those depositions and Teva's 35 U.S.C. § 282 Notice. *See* Matterer Decl., Ex. 7, Resp. at pp. 10 and 12. Wyeth also has no objection to producing Markman briefing; portions of expert reports, expert depositions and contention interrogatory answers concerning validity; and Teva's proposed amended answer on enforceability *once Teva has redacted its confidential information or given Wyeth permission to produce it*. Teva confidential information appears throughout the pleadings and transcripts. Significantly, documents were marked confidential as a whole, not by page and line number as Impax implies, requiring Teva to do much of the painstaking and time consuming line by line redaction of its own confidential information. Impax should not be allowed to jeopardize Wyeth's compliance with the protective order in the Teva litigation by forcing Wyeth to make decisions concerning the confidentiality of Teva information.

**The Court Should Permit Wyeth to Produce Electronic Documents in TIFF Format**

Impax wrongly states that it is "improper" for Wyeth to produce electronic documents in image-file TIFF format. The Default Standard for Discovery of Electronic Documents specifically states when the parties cannot agree on a format, "electronic documents shall be produced to the requesting party as image files (*e.g.*, PDF or TIFF)." Only after such production may a party then attempt to demonstrate a particularized need for production of electronic documents in their native format. Impax's request is both premature and devoid of any demonstrated "particularized need" for any of the metadata Impax seeks.

Furthermore, the very case on which Impax relies recognizes the "'reality that most of the metadata has no evidentiary value, and any time (and money) spent reviewing it is a waste of

resources.'" *Williams* at 651 (*quoting The Sedona Principles for Electronic Document Production*). Contrary to Impax's position, there is a presumption *against* production of metadata. *Id.* ("[I]t is likely to remain the exceptional situation in which metadata must be produced."). The *Williams* court required production of metadata for certain identified excel spreadsheets, central to the heart of the dispute, because the defendant made a particularized showing that it needed the metadata to understand the documents. *Id.* at 652. It specifically distinguished such relevant metadata from other irrelevant metadata, such as those associated with word processing applications, "where the metadata is usually not critical to understanding the substance of the document." *Id.* at 647. Impax simply has not established either any relevance of the requested metadata or any need that would outweigh the enormous burden of collecting and producing such information. *See* Pollock Decl. at ¶ 15-18.

Impax offers no authority whatsoever for its demand that Wyeth produce objective coding created not in the ordinary course of business, but at the request of outside counsel in connection with the Teva litigation. The coding was done at great expense to Wyeth and was not provided to Teva. Pollock Decl. at ¶ 17. Impax has no particularized need for this information as it is something that litigation counsel would normally create at their own expense.

**Impax Should Bear the Cost of Copying Documents It Has Requested**

Impax's citation to Fed. R. Civ. P. 54(d)(1) misses the point. At this stage, Wyeth is simply requesting reimbursement of its expenses in providing a production copy to Impax. It is boilerplate law that "[a] party producing documents will ordinarily not be put to the expense of making copies for the requesting party." *Moore's Federal Practice-Civil* § 34.14.5 (2006). As the court made clear in *Obiajulu v. City of Rochester, Dep't. of Law*, 166 F.R.D. 293, 297 (W.D.N.Y. 1996), Fed. R. Civ. P. 34 allows a requesting party "'to inspect and copy' relevant documents and does not require a responding party to pay for copying costs of voluminous materials."

Impax's argument that "Wyeth initiated this lawsuit and is a much larger company than Impax with much greater resources" does not shift the expense to Wyeth. Impax initiated this

lawsuit by filing its ANDA with a Paragraph IV certification.  Impax, moreover, is not a "Mom & Pop" organization, but rather is a major corporation doing business throughout the United States, having current market capitalization of nearly $300 million.  Louden Decl., Ex. 1.

In sum, Rule 34 merely requires a producing party to make documents available for inspection.  Nothing in the Federal Rules requires that Impax get free copies at Wyeth's expense, and indeed the case law squarely holds to the contrary.  Impax should be ordered to reimburse Wyeth.

**Impax's Request for Unlimited Foreign and Post-Patent Issuance Discovery Should Be Denied**

As detailed in the Pollock Decl. at ¶ 3-14, Wyeth has already gone to great lengths to collect over 1.3 million pages from numerous U.S. and foreign facilities.  Impax's insistence that Wyeth redo and greatly expand this search to encompass the approximately 60 foreign countries in which Wyeth maintains one or more business facilities is simply unreasonable.  The inventors and relevant documents pertaining to conception and reduction to practice were and still are located in the United States.  Not surprisingly, Impax has not articulated why it needs discovery from Wyeth's foreign locations.  Although Impax notes that Study 600B-367-EU took place in Europe, Wyeth already collected and will produce the relevant documents relating to that study. *See* Pollock Decl. at ¶ 8.  Impax simply has not established either the relevance of additional foreign discovery or any need that would outweigh the enormous burden of collecting and producing such documents.

Moreover, the cases Impax cites do not compel world-wide discovery of Wyeth.  In *Avery Dennison Corp.*, the court compelled production from two out of state agents–a far less onerous burden than the extensive international discovery that Impax demands here.  Similarly, in *Manville Sales Corp.*, the court compelled foreign production for specific interrogatory responses on limited topics.  *Manville Sales* does not support the proposition that foreign production is required for every single request, let alone from the approximately 60 countries in which Wyeth maintains one or more facilities.  To the contrary, *Manville Sales* emphasizes that courts "should not neglect their power to restrict discovery where justice requires (protection for) a party . . . (from) oppression or undue burden or expense."  *Id*. at *2.

With respect to prosecution of foreign counterparts to the patents-in-suit, which Impax raises for the first time in its motion to compel, such documents are irrelevant to claim construction because the legal standards for patentability and infringement as well as the claims themselves differ from country to country. *See Pfizer, Inc. v. Ranbaxy Labs. Ltd.*, No. 06-1179, 2006 WL 2137244, at *4 (Fed. Cir. Aug. 2, 2006). Nevertheless, Wyeth will agree to update to March 2006 its previous production of correspondence to or from the approximately 75 foreign patent offices in which counterpart cases have been filed, as kept in Wyeth's U.S. patent department's files. As in the Teva litigation, Wyeth will not agree to list other foreign prosecution documents on a withheld document log. *See* Pollock Decl. ¶ 9. The burden on Wyeth to collect, screen, translate and log all such privileged documents far outweighs any questionable relevance the documents might have.

Finally, the patents in suit were filed in 1996 and issued in either 2001 or 2002. Subsequently created Wyeth documents are thus largely irrelevant and Impax has not articulated any basis for Wyeth to recreate the large document collection effort involving over 200 people, resulting in the production of about 1.3 million pages. As demonstrated in Pollock Decl. at ¶ 3-14 and Matterer Decl. Ex. 11, Wyeth's prior searches were reasonably calculated to collect the documents relevant to this litigation. The amount of time and money required to perform a broad update of this collection in the U.S. alone would be enormous, particularly when weighed against the likelihood of finding relevant material. It simply could not be done before the October 2006 deadline for document production in this case. Significantly, Wyeth has agreed to produce certain categories of relevant documents generated after February 2003, such as summary documents reflecting annual sales for Effexor® XR in the U.S. relating to commercial success; non-privileged documents concerning Impax's product and its infringement of the patents-in-suit; non-privileged documents concerning any Wyeth policy or practice regarding "charging other persons with patent infringement" or "enforcing patents;" and foreign prosecution of counterparts to the patents-in-suit and certain documents from the Teva litigation as outlined above. Impax has not demonstrated any need for any documents beyond these.

MORRIS, NICHOLS, ARSHT &
  TUNNELL LLP

/s/ *Karen Jacobs Louden*
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 North Market Street
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for Plaintiff Wyeth

OF COUNSEL:

Basil J. Lewris
Linda A. Wadler
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000


August 17, 2006

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on August 17, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Mary B. Matterer
MORRIS, JAMES, HITCHENS & WILLIAMS, LLP

I also certify that copies were caused to be served on August 17, 2006 upon the following in the manner indicated:

**BY HAND**

Mary B. Matterer
Morris, James, Hitchens & Williams
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899

**BY FEDERAL EXPRESS**

M. Patricia Thayer
John M. Benassi
Jessica R. Wolf
Heller Ehrman LLP
4350 La Jolla Village Dr.
San Diego, CA 92102

*/s/ Karen Jacobs Louden*
Karen Jacobs Louden (#2881)
klouden@mnat.com

# EXHIBIT 24

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7956
FACSIMILE (310) 203-7199
twerner@irell.com

July 2, 2008

**VIA E-MAIL**

Lora A. Brzezynski, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
lbrzezynski@mckennalong.com

      Re:    *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp.*, CV No. 06-726
             (D. Del.)

Dear Lora:

        Regarding LGD's request for a meet and confer before the 4th of July weekend regarding CMO's responses to LGD's discovery requests, we are unfortunately not available. We propose that the parties conference on Monday, July 7, or Tuesday, July 8, after 1:00 p.m. PDT on either day. Please let us know if either of those times work for you. Please also advise when CMO can expect to receive a response to our outstanding letters regarding LGD's deficient responses to CMO's discovery requests.

        On a related note, we are unable to locate certain documents in LGD's production, although those documents should have been produced long ago:

- LGD produced at LGD000230 a "Patent Agreement" with Chunghwa Picture Tubes, Ltd., which references at LGD000231 a "Separate Agreement" that we are unable to locate in LGD's production.

- We are unable to locate in LGD's production the transcript of and exhibits to the deposition of Woo Sup Shin taken in *LG.Philips LCD Co., Ltd. v. Chunghwa Picture Tubes Ltd.*, CV-02-6775-CBM (C.D.Cal.). As a claimed inventor of the '449 patent, Shin's deposition is highly relevant to claim construction and must be produced immediately.

- We are unable to locate in LGD's production documents evidencing the assignment of the '737 patent from Seiko to LGD.

Please confirm that LGD produced the documents described above, or that LGD will produce them by July 10, 2008.

1892576

# IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Lora A. Brzezynski, Esq.
July 2, 2008
Page 2


Finally, we are unable to locate in LGD's production any documents responsive to CMO's Document Request No. 46, other than documents included in the file histories of LGD's patents, to the extent LGD produced them.  Please confirm that LGD has no other documents responsive to this request, or else produce them by July 10, 2008, or explain LGD's basis for withholding them.

Thank you.

Very truly yours,

Thomas C. Werner

cc:    Christian Platt, Esq. (christianplatt@paulhastings.com)
       Brian Range, Esq. (brange@wsgr.com)

# EXHIBIT 25

PTO/SB/21 (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

67274  U.S PTO

08/08/08

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| Application Number | 90/008,737 |
| Filing Date | July 12, 2007 |
| First Named Inventor | SHIN, Woo-Sup |
| Art Unit | 3992 |
| Examiner Name | Albert J. Gagliardi |
| Attorney Docket Number | 8733.1930.60 |

## ENCLOSURES  (*Check all that apply*)

☐ Fee Transmittal Form
    ☐ Fee Attached
☐ Amendment/Reply
    ☐ After Final
    ☐ Affidavits/declaration(s)
☐ Extension of Time Request
☐ Express Abandonment Request
■ Information Disclosure Statement
☐ Certified Copy of Priority Document(s)
☐ Response to Missing Parts/ Incomplete Application
    ☐ Response to Missing Parts under 37 CFR 1.52 or 1.53

☐ Drawing(s)
☐ Licensing-related Papers
☐ Petition
☐ Petition to Convert to a Provisional Application
☐ Power of Attorney, Revocation Change of Correspondence Address
☐ Terminal Disclaimer
☐ Request for Refund
☐ CD, Number of CD(s) _____

☐ After Allowance Communication to Group
☐ Appeal Communication to Board of Appeals and Interferences
☐ Appeal Communication to Group (Appeal Notice, Brief, Reply Brief)
☐ Proprietary Information
☐ Status Letter
■ Other Enclosure(s) (please identify below):
■ PTO/SB/08
■ Cited References

Remarks

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm or Individual name | Valerie P. Hayes; Reg No. 53,005 MCKENNA LONG & ALDRIDGE LLP |
|---|---|
| Signature | *Valerie P. Hayes* |
| Date | August 8, 2008 |



## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

IN RE APPLICATION OF:
Woo Sup Shin                                    GROUP ART UNIT: 3992

SERIAL NUMBER: 09/008,737                       EXAMINER: Albert J. Gagliardi

FILED: July 12, 2007

FOR: LIQUID CRYSTAL DISPLAY DEVICE AND
A METHOD OF MANUFACTURING THE SAME

<u>INFORMATION DISCLOSURE STATEMENT UNDER 37 C.F.R. § 1.97</u>

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

    Applicant(s) wish to disclose the following information.

<u>REFERENCES</u>
■    The Applicant(s) wish to make of record the references listed on the attached PTO/SB/08. Copies of the listed references are attached, where required, as are either statements of relevancy or any readily available English translations of pertinent portions of any non-English language references.

<u>OTHER DOCUMENTS</u>
☐    For the Examiner's convenience, Applicant(s) wish to make of record the following document(s):
    ☐  International Search Report from PCT/_____/_____;
    ☐  Written Opinion of the ISA from PCT/_____/_____;
    ☐  Search Report of the _____ patent office in _____;
    ☐  Official Communication of the _____ patent office in _____;
    ☐  Office Action of the U.S. Patent Office in _____;
    ☐  Other: _____.

The above-cited document(s) are not prior art. The above-cited document(s) should not appear on the face of any patent that issues from the above-identified application. Accordingly, these document(s) are not listed on the attached PTO/SB/08. These document(s) are believed to be relevant only in that they identify one or more of the documents cited on the attached PTO/SB/08, or were issued in another application associated with the inventor(s) and/or applicant(s) of this application.

DC:50563233.1

Application No. 09/008,737                                      Docket No.: 8733.1930.60

RELATED CASES

☐     A list of Applicant's pending applications or issued patents, which may be related
      to the present application, is identified below:

      _____

      _____

      _____

      _____

      _____

CERTIFICATION

      The undersigned certifies that:

☐     each item of information contained in this information disclosure statement was
      first cited in a communication from a foreign patent office in a counterpart foreign
      application not more than three months prior to the filing of this information
      disclosure statement.

☐     no item of information contained in this information disclosure statement was cited
      in a communication from a foreign patent office in a counterpart foreign
      application, and, to the knowledge of the undersigned after having made
      reasonable inquiry, no item of information contained in this information disclosure
      statement was known to any individual designated in 37 CFR § 1.56(c) more than
      three months prior to the filing of this information disclosure statement.

FEES

☐     A check is attached in the amount required under 37 CFR § 1.17(p) for taking
      action under 37 CFR § 1.97(c) or (d).

DEPOSIT ACCOUNT

■     The Director is hereby authorized to charge any fees under 37 CFR §§ 1.16 and
      1.17, or any other fees for the papers being filed herewith and for which no check
      is enclosed herewith, or credit any overpayment to Deposit Account No. 50-0911.

                              Respectfully submitted,

Date: August 8, 2008         *Valerie P. Hayes*
                              Valerie P. Hayes
                              Registration No. 53,005
                              MCKENNA LONG & ALDRIDGE LLP
                              1900 K Street, N.W.
                              Washington, D.C.  20006
                              Telephone No: 202-496-7500

DC:50563233.1

PTO/SB/08a/b (05-03)
Approved for use through 05/31/2003. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(use as many sheets as necessary)* | | | | Application Number | 90/008,737 |
| | | | | Filing Date | July 12, 2007 |
| | | | | First Named Inventor | Woo Sup Shin |
| | | | | Art Unit | 3992 |
| | | | | Examiner Name | Albert J. Gagliardi |
| Sheet | 1 | of | 4 | Attorney Docket Number | 8733.1930.60 |

| U.S. PATENT DOCUMENTS | | | | |
|---|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Document Number<br>Number-Kind Code[2] *(if known)* | Publication Date<br>MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
| | | 5,483,082 | 01/09/1996 | Takizawa, et al. | |
| | | 3,825,442 | 07/23/1974 | Moore, et al. | |
| | | 4,040,073 | 08/02/1977 | Luo | |
| | | 4,065,781 | 12/27/1977 | Gutknecht | |
| | | 4,330,932 | 05/25/1982 | Morris, et al. | |
| | | 4,331,758 | 05/25/1982 | Luo | |
| | | 4,335,161 | 06/15/1982 | Luo | |
| | | 4,389,481 | 06/21/1983 | Poleshuk, et al. | |
| | | 4,404,731 | 09/20/1983 | Poleshuk | |
| | | 4,426,407 | 01/17/1984 | Morin, et al. | |
| | | 4,461,071 | 07/24/1984 | Poleshuk | |
| | | 4,470,667 | 09/11/1984 | Okubo, et al. | |
| | | 4,509,066 | 04/02/1985 | Schachter, et al. | |
| | | 4,558,340 | 12/10/1985 | Schachter, et al. | |
| | | 4,648,691 | 03/10/1987 | Oguchi, et al. | |
| | | 4,821,092 | 04/11/1989 | Noguchi | |
| | | 5,003,356 | 03/26/1991 | Wakai, et al. | |
| | | 5,005,056 | 04/02/1991 | Motai, et al. | |
| | | 5,032,883 | 07/16/1991 | Wakai, et al. | |
| | | 5,084,905 | 01/28/1992 | Sasaki, et al. | |
| | | 5,148,248 | 09/15/1992 | Possin, et al. | |
| | | 5,162,901 | 11/10/1992 | Shimada, et al. | |
| | | 5,162,933 | 11/10/1992 | Kakuda, et al. | |
| | | 5,166,085 | 11/24/1992 | Wakai, et al. | |
| | | 5,166,816 | 11/24/1992 | Kaneko, et al. | |
| | | 5,182,661 | 01/26/1993 | Ikeda, et al. | |
| | | 5,187,604 | 02/16/1993 | Taniguchi, et al. | |
| | | 5,200,846 | 04/06/1993 | Hiroki, et al. | |
| | | 5,200,847 | 04/06/1993 | Mawatari, et al. | |
| | | 5,208,690 | 05/04/1993 | Hayashi, et al. | |
| | | 5,229,644 | 07/20/1993 | Wakai, et al. | |
| | | 5,233,448 | 08/03/1993 | Wu | |
| | | 5,327,001 | 07/05/1994 | Wakai, et al. | |
| | | 5,334,859 | 08/02/1994 | Matsuda | |
| | | 5,397,719 | 03/14/1995 | Kim, et al. | |
| | | 5,414,547 | 05/09/1995 | Matsuo, et al. | |
| | | 5,459,596 | 10/17/1995 | Ueda, et al. | |
| | | 5,468,987 | 11/21/1995 | Yamazaki, et al. | |
| | | 5,483,082 | 01/09/1996 | Takizawa, et al. | |
| | | 5,495,121 | 02/27/1996 | Yamazaki, et al. | |
| | | 5,518,805 | 05/21/1996 | Ho, et al. | |
| | | 5,532,850 | 07/02/1996 | Someya, et al. | |
| | | 5,530,568 | 06/25/1996 | Yamamoto, et al. | |
| | | 5,541,748 | 07/30/1996 | Ono, et al. | |
| | | 5,573,958 | 11/12/1996 | Fukui, et al. | |
| | | 5,580,796 | 12/03/1996 | Takizawa, et al. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

DC:50563230.1

PTO/SB/08a/b (05-03)
Approved for use through 05/31/2003. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(use as many sheets as necessary)* | | | | Application Number | 90/008,737 |
| | | | | Filing Date | July 12, 2007 |
| | | | | First Named Inventor | Woo Sup Shin |
| | | | | Art Unit | 3992 |
| | | | | Examiner Name | Albert J. Gagliardi |
| Sheet | 2 | of | 4 | Attorney Docket Number | 8733.1930.60 |

| | | | | | |
|---|---|---|---|---|---|
| | | 5,598,012 | 01/28/1997 | Hebiguchi | |
| | | 5,600,461 | 02/04/1997 | Ueda, et al. | |
| | | 5,621,556 | 04/15/1997 | Fulks, et al. | |
| | | 5,650,636 | 07/22/1997 | Takemura, et al. | |
| | | 5,682,211 | 10/28/1997 | Yao, et al. | |
| | | 5,726,077 | 03/10/1998 | Kawahata, et al. | |
| | | 5,807,772 | 09/15/1998 | Takemura, et al. | |
| | | 5,867,242 | 02/02/1999 | Yao, et al. | |
| | | 5,917,221 | 06/29/1999 | Takemura | |
| | | 5,879,958 | 03/09/1999 | Kawahata, et al. | |
| | | 4,624,737 | 11/25/1986 | Shimbo | |
| | | 5,153,142 | 10/06/1992 | Hsieh | |
| | | 5,166,085 | 11/24/1992 | Wakai, et al. | |
| | | 5,210,045 | 05/11/1993 | Possin, et al. | |
| | | 5,466,618 | 11/14/1995 | Kim | |
| | | 5,580,796 | 12/03/1996 | Takizawa, et al. | |
| | | 5,585,290 | 12/17/1996 | Yamamoto, et al. | |

| FOREIGN PATENT DOCUMENTS | | | | | | |
|---|---|---|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
| | | KR 10-0372305 | 02/03/2003 | Samsung Electronics, Ltd. | | |
| | | KR 10-0147019 | 05/14/1998 | Samsung Electronics, Ltd. | | |
| | | JP 1994-202153 | 07/22/1994 | Fujitsu Inc. | | |
| | | JP 1995-730085 | 01/31/1995 | Fuji Xerox  Co., Ltd. | | |
| | | EP 090 661 | 12/16/1987 | Fujitsu Limited | | |
| | | GB 2 004 994 | 10/22/1980 | Philips Electronics and Associated Industries Limited | | |
| | | JP 56-135968 | 10/23/1981 | Canon, Inc. | | |
| | | JP 58-190042 | 11/05/1983 | Toshiba Corp | | |
| | | JP 58-190061 | 11/05/1983 | Toshiba Corp | | |
| | | JP 59-136971 | 08/6/1984 | Toshiba Corp | | |
| | | EP 0 312 389 | 12/13/1995 | Sharp Kabushiki Kaisha | | |
| | | EP 0 449 123 | 10/02/1991 | Sony Corporation | | |
| | | EP 0 484 965 | 05/13/1992 | Seiko Epson Corporation | | |
| | | EP 0 530 834 | 04/12/1996 | Casio Computer Company Limited | | |
| | | EP 0 620 473 | 10/15/1997 | France Telecom | | |
| | | GB 2 253 938 | 09/23/1992 | Samsung Electronics Co Limited | | |
| | | JP 01270026 | 10/27/1989 | Seiko Epson Corp | | |
| | | JP 02180076 | 07/12/1990 | Nec Corp | | |
| | | JP 04253027 | 09/08/1992 | Sanyo Electric Co., Ltd. | | |
| | | JP 04253031 | 09/08/1992 | Sanyo Electric Co., Ltd. | | |
| | | JP 04295825 | 10/20/1992 | Sanyo Electric Co., Ltd. | | |
| | | JP 05297410 | 11/12/1993 | Sanyo Electric Co., Ltd. | | |
| | | JP 06281957 | 10/07/1994 | Toshiba Corp | | |
| | | JP 07147410 | 06/06/1995 | Alps Electric Co Ltd. | | |
| | | JP 61080226 | 04/23/1986 | Toshiba Corp | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

PTO/SB/08a/b (05-03)
Approved for use through 05/31/2003. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| Substitute for form 1449/PTO | **Complete if Known** | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(use as many sheets as necessary)* | Application Number | 90/008,737 |
| | Filing Date | July 12, 2007 |
| | First Named Inventor | Woo Sup Shin |
| | Art Unit | 3992 |
| | Examiner Name | Albert J. Gagliardi |
| Sheet | 3 | of | 4 | Attorney Docket Number | 8733.1930.60 |

| | | JP 62218936 | 09/26/1987 | Seiko Instr & Electronics Ltd. | | |
|---|---|---|---|---|---|---|
| | | WO 94/13019 | 06/09/1994 | Litton Systems Canada Limited | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.  [1] Applicant's unique citation designation number (optional).  [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.  [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).  [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the application number of the patent document.  [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible.  [6] Applicant is to place a check mark here if English language Translation is attached.

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
| | | Counterclaimant CPT's Supplemental Responses to Counterclaim Defendant LG.Philips LCD CO., Ltd.'s Second Set of Interrogatories (Nos. 10-11) | |
| | | CPT's Objections and Responses to LG.Philips LCD Co., Ltd.s First Set of Interrogatories (Nos. 1-10) | |
| | | CPT's Objections and Supplemental Responses to LG.Philips LCD Co., Ltd.'s First Set of Interrogatories (Nos. 4,5, and 10) | |
| | | CPT's Objections and Third Supplemental Response to LG.Philips LCD CO. Ltd's First Set of Interrogatories (No.5) | |
| | | LPL's Supplemental Responses to CPT's Interrogatories Nos. 13 and 14 | |
| | | Woo Sup Shin Trial Testimony (October 19, 2006) | |
| | | Expert Report of Roger Stewart Re: Invalidity of U.S. Patent No. 5,825,449 | |
| | | Rebuttal Expert Report of Dr. Gary Rubloff on U.S. Patent Nos. 4,624,737 and 5,825,449 | |
| | | Dr. Stuarts Trial Testimony on the Invalidity of the '449 Patent -Reporter's Transcript of Trial Proceedings November 7, 2007 | |
| | | Order Re Claim Construction-May 5, 2005 | |
| | | LPL's Opening Claim Construction Brief | |
| | | LPL's Responsive Claim Construction Brief | |
| | | CPT's Opening Brief in Support of Their Proposed Claim Constructions | |
| | | CPT's Responsive Claim Construction Brief | |
| | | Second Revised Joint Claim Construction Statement | |
| | | LPL's Responses to CPT's Sixth Set of Requests for Admissions (615-700) | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

PTO/SB/08a/b (05-03)
Approved for use through 05/31/2003. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT**<br><br>*(use as many sheets as necessary)* | Application Number | 90/008,737 |
| | Filing Date | July 12, 2007 |
| | First Named Inventor | Woo Sup Shin |
| | Art Unit | 3992 |
| | Examiner Name | Albert J. Gagliardi |
| Sheet    4    of    4 | Attorney Docket Number | 8733.1930.60 |

| | | | |
|---|---|---|---|
| | | CPT's Notice of Motion and Motion for New Trial | |
| | | LPL's Opposition to CPT's Renewed Motion for Judgment as a Matter of Law | |
| | | Deposition Transcript of Rubloff (October 31, 2005) | |
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

¹Applicant's unique citation designation number (optional). ²Applicant is to place a check mark here if English language Translation is attached.

| Examiner Signature | | Date Considered | |
|---|---|---|---|

DC:50563230.1