```
 1                 UNITED STATES DISTRICT COURT

 2                FOR THE DISTRICT OF DELAWARE

 3

 4      LG PHILIPS LCD CO. LTD       :    C. A. 06-726

 5                                   :    May 20, 2009

 6                  Plaintiff,       :    2:15 o'clock p.m.

 7                                   :

 8      v.                           :

 9                                   :

10      AU OPTRONICS CORPORATION, et :

11      al,                          :

12                                   :

13                  Defendants.      :

14      ............................

15

16

17              TRANSCRIPT OF PRETRIAL CONFERENCE

18         BEFORE THE HONORABLE JOSEPH J. FARNAN, JR.

19               UNITED STATES DISTRICT JUDGE

20

21

22      APPEARANCES:

23

24      For the Plaintiff:      BAYARD, P.A.

25                              BY:  RICHARD D. KIRK, ESQ
```

```
 1                              BY:  STEPHEN B. BRAUERMAN, ESQ

 2                                       -and-

 3                              MCKENNA LONG & ALDRIDGE

 4                              BY:  GASPARE J. BONO, ESQ

 5                              BY:  LORA A. BREZYNSKI, ESQ

 6                              BY:  CASS CHRISTENSEN, ESQ

 7                              BY:  TYLER GOODWYN, ESQ,

 8                              BY:  SONG JUNG, ESQ

 9

10

11

12     For the Defendants:     YOUNG, CONAWAY, STARGATT & TAYLOR

13                              BY:  KAREN L. PASCALE, ESQ

14                              -and-

15                              WILSON SONSINI

16                              BY:  RON E. SHULMAN, ESQ

17                              BY:  JULIE M. HOLLOWAY, ESQ

18                                       -and-

19                              PAUL HASTINGS

20                              BY:  LARRY GOTTS, ESQ

21                              BY:  TERRY D. GARNETT, ESQ

22

23

24     Court Reporter:         LEONARD A. DIBBS

25                              Official Court Reporter
```

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                    P R O C E E D I N G S

3          THE COURT:  All right.  Be seated, please.

4          Good afternoon.

5          All right.  We're now at what is a pretrial conference

6   in the case of LG Display and AU Optronics for a bench trial

7   scheduled to commence on June the 2nd.

8          If you want to an announce your appearances.

9          MR. KIRK:  Good afternoon, your Honor, Rich Kirk from

10  Bayard P.A.

11         My colleague with me from Bayard is Steve Brauerman.

12  My colleagues from McKenna Long whom I think you met at the

13  initial pretrial conference are Gap Bono, Lora Brzezynski, Tyler

14  Goodwyn, Cass Christenson, and in another part of the courtroom,

15  Song Jung.

16         THE COURT:  Good afternoon.

17         MS. PASCALE:  Good afternoon, your Honor, nice to see

18  you again.

19         Karen Pascale from Young Conaway for AU Optronics.

20         Your Honor has already met the rest of the lawyers from

21  Paul Hastings, Larry Gotts and Terry D. Garnett.

22         MR. GOTTS:  Good afternoon, your Honor.

23         THE COURT:  Good afternoon.

24         MS. PASCALE.  And also with us today from the Wilson

25  Sonsini firm is Ron Shulman and Julie Holloway.

1

2          MR. SHULMAN:  Good afternoon, your Honor.

3          THE COURT:  Good afternoon.

4          MS. HOLLOWAY:  Good afternoon, your Honor.

5          THE COURT:  Good Afternoon.

6          All right.  I've read what was -- I didn't read the --

7   I didn't get a chance to look at the witness and exhibit lists.

8   I got them about an hour ago or something -- maybe two hours

9   ago.  I've been having Court proceedings.  I didn't get a chance

10  to look at them.  I read your other submissions that came in.

11          I think a good starting point might be to say, we're

12  going to go forward on June the 2nd.  We're going to adopt the

13  suggestion of, or agreement of both the parties to reduce the

14  number of patents that will be the subject of the litigation.

15          I truly tried to avoid slicing the baby.  But after

16  considering the back and forth that you gave me, I've decided

17  that four patents and seven claims will be the subject of the

18  litigation.

19          I've decided that -- I think the suggestion from AUO is

20  that you be allowed to put on an offensive case initially.

21          Since it's a bench trial, the order is more of how

22  we'll put it on is more important to you and your convenience

23  than it is for any kind of strategic advantage with a jury.

24          I'm going to allow you to go first so you can then be

25  able to be involved in it.

1           MR. SHULMAN:  One quick question.

2           Is that four patents total?  Four patents per side?

3           THE COURT:  Per side.  Four patents per side.

4           I took into consideration the idea, family, the '274

5      patent family.  I don't know if you were in the courtroom, but

6      these are arbitrary decisions.  I don't really know.  And I

7      listened to what Mr. Bono had to say about resolution.

8           I think somewhere four, three, five is fair.  I'm more

9      concerned about the claims -- claim numbers.  So that's what I

10     did, four each side and seven claims.

11          Where was I?  I was giving you the right to go first.

12     You'll be going first.

13          I'm going to essentially allocate ten trial days.

14          As I understood it, both parties thought the June 2nd,

15     June 16th dates worked.  So, we'll work with June 2nd, five

16     days.  June 16th, five days.

17          With regard to -- we're going to try all the issues

18     which was LG's preference.

19          Obviously, the damages will be in the last part during

20     the -- of each case or if you want to put damages behind,

21     infringement and validity.  I'm going to allow you to do it

22     whichever way you want.

23          MR. BONO:  Should I wait until you're finished, your

24     Honor?

25          THE COURT:  No, Go ahead.

1          MR. BONO:  My only request is that AUO is going first

2    as your Honor indicated, that their whole case on their patent

3    goes first which will be all the issues on infringement, all the

4    issues on validity and their damage claims.

5          THE COURT:  That's fine.

6          MR. BONO:  Thank you, your Honor.

7          THE COURT:  I'm just offering you the option with the

8    understanding that it's ten days.  I'm not going at this point

9    allocate hours because I allocate hours on the basis of looking

10   at the witnesses.  I haven't looked at the witness list.

11          In ten days if you figure on five and a half hours of

12   trial time, six hours, if you need an extra hour here and there

13   we can fit that in for you.

14          You really focus on our hotel bill for ten days rather

15   than the hours over here at the courthouse.

16          MR. SHULMAN:  Recognizing that June 2nd is a Tuesday,

17   five days would be the following Monday?

18          THE COURT:  Yes.

19          MR. BONO:  Just for clarification.

20          It will be continuous starting on June 2nd, ten

21   business days from June 2nd?

22          THE COURT:  As I understood the request, is what I'm

23   allowing them.  I understood your position was.  I'm allowing

24   June 2nd, five days of trial time.  Then there's a break and a

25   start up on June 16th and five consecutive days.

1       They were willing to step up early and waive a jury

2    trial.  I'm trying to reduce the stress in their lives with that

3    Texas trial.  I thought you could --

4              MR. BONO:  I understand.  But then our trial would be

5    with -- would go into the following Monday, the 23rd?

6              THE COURT:  Right.

7              MR. BONO:  Is there anyway that your Honor would

8    consider starting on Monday, the 15th?

9              THE COURT:  My birthday is June 15th.

10             MR. BONO:  I understand.

11             MR. SHULMAN:  He'll bring you a cake.

12             MR. BONO:  If I had known I would not have asked.

13             THE COURT:  Early in my career I had a six month jury

14   trial that went through June and they found out that June was my

15   birthday and they brought me a cake.  It was embarrassing at the

16   time because I couldn't take the cake so I shared the cake with

17   everybody.  I think that was okay.

18             I just don't do June 15th.

19             But, if you want to try and close up the time, as I

20   said, I'm not adverse to spending seven hours some days or two.

21   I'll let you do what you want.

22             MR. BONO:  Thank you, your Honor.

23             THE COURT:  Okay.

24             Now, I'm not going to at this point set hours.

25             We know what the subject matter of the trial is going

1    to be.

2            With regard to opening statements.  If you want to do

3    an opening statement, put it in writing.  I'll read it before

4    the trial commences.

5            If you don't want to have an opening statement in

6    writing, just come and let's start the evidence.

7            Closing arguments will be part of the post-trial

8    briefing.

9            With regard -- so there is no closing arguments orally

10   presented.

11           With regard to deposition presentation.  It should be

12   during the course of the trial so there are no wholesale

13   submissions at the end.  So, if there is a deposition to come

14   in, somebody has to get on the stand and present it.

15           With regard to evidentiary exhibits -- evidentiary

16   objections to exhibits.

17           You can make those in the exhibit list and you can also

18   during the course of the trial indicate an objection.

19           And if you maintain it in the post-trial briefing, I'll

20   rule on it.

21           Most of those kind of objections get absorbed after the

22   whole trial has been completed.

23           With regard to when the parties should be alerted to

24   the appearance of a witness, either live or by deposition, it's

25   48 hours notice except on the opening day, the Friday before the

1    commencement of trial.

2         With regard to the request to admit direct and

3    cross-examination by AUO of an overlapping witness on the

4    issues, you can do that?

5         MR. SHULMAN:  It sounds like you're splitting the

6    trial.  That shouldn't be an issue.  We'll be handling the

7    offensive patents first for which we are responsible and there

8    will be a separate trial a week later and the Paul Hastings'

9    people will be involved in that and we won't be involved in the

10   trial.

11        Technically, there will be a split of witnesses, but it

12   will be in two separate trials?

13        THE COURT:  I wasted a decision.  I only have 25 good

14   decisions a day.

15        MR. SHULMAN:  It was a fine decision, your Honor.

16        THE COURT:  That's what I'm saying.  Now, it's a

17   throwaway.

18        MR. SHULMAN:  I don't think it's an issue anymore

19   because you split the trial.

20        THE COURT:  Thank you.  I appreciate that.

21        Motions in Limine and the request that the motions be

22   decided pretrial.  As you probably heard, I lost sight of the

23   fact that Memorial Day is this Monday.

24        If you want me to rule pretrial, that would mean you

25   would have to have the motions here by next Friday, I think the

1    28th.

2              MR. SHULMAN:  Our motions are on file.

3               THE COURT:  I know you have yours presented.  But they

4    would have to be here by Friday, then we can hopefully get you a

5    decision on Monday which is before the trial starts.

6              MR. SHULMAN:  Does your Honor mean the opposition

7    briefs are due this Friday, next Friday?  I didn't understand

8    that.  Ours are already on file.

9              THE COURT:  Your opening?

10             MR. SHULMAN:  Yes.

11             THE COURT:  Everything I need to make a decision has to

12   be here by Friday the 28th.  Whatever schedule you all work out

13   is okay with me.

14             What I'll do is read them over that weekend and then

15   give you my decision on Monday.

16             MR. SHULMAN:  Just to give some clarity on the record,

17   we will want an opportunity to respond to whatever opposition

18   they may have.

19             THE COURT:

20    you have to work out a time with them so the last paper is here

21   28th.

22             MR. SHULMAN:  Very well.

23             THE COURT:  There is a question of permanent injunction

24   evidence.  I'm not going to address that at this time, but it

25   would be at some point after I render the decision on the patent

1    issues.  And what I can tell you is that with regard to

2    permanent injunction that we take declarations, affidavits on

3    the briefing and, if necessary, limited live testimony.

4           I was actually -- and I just gave a talk about e-Bay on

5    Friday.  Somebody had a chart that says we hold evidentiary

6    hearings in Delaware.  I thanked them for informing me of that.

7    I guess that's what they mean when they say we take evidence?

8    Some court's don't take any evidence, they have a brief and oral

9    argument.  I don't know what they do, but you'll have an

10   opportunity is the point that I wanted to make.

11          With regard to claim construction -- with regard to

12   claim construction, it's a Bench Trial.  You're going to be

13   permitted to put your expert on in their best light and post

14   trial I'll allow you to submit a certain number of terms which I

15   will give you on the last day of trial that I'll construe.  And

16   then I'll render an interpretation as part of the decision.

17          That should be good for your expert.  And they can

18   basically tell me what they think in terms -- although, I won't

19   consider it in the context of the infringement arguments.

20   Basically, they can tell me that.

21          Special Master motions are now rolled into the trial.

22   No one is likely to get a decision granting Summary Judgment,

23   but we'll leave those on open and they will get that ruling as

24   part of the post trial decision.

25          Trial dates.

1          Oh, your request for a CMO trial date.

2          I'm not going to give that yet because I would like to

3    get through the LG/AUO trial and then I will get with Mr. Chu

4    and you and we'll get a trial date.  It will be sometime toward

5    the end of the year.

6          MR. SHULMAN:  Your Honor, perhaps, so there won't be

7    any possibility of a contention here, perhaps you can give us a

8    drop dead date of what patents will be in the case, the claims.

9          MR. BONO:  Friday at noon is fine with us, your Honor.

10         MR. SHULMAN:  That's fine.

11         MR. BONO:  Two days from today, the 22nd.

12         THE COURT:  This Friday at noon.

13         MR. BONO:  Delaware Eastern Daylight Time.

14         THE COURT:  Delaware time.

15         MR. SHULMAN:  You set your watch ahead.

16         THE COURT:  That's right, California time.

17         Okay.  So, CMO trial date.  I think that's my list.

18         MR. BONO:  One other housekeeping item.  CMO has two

19   pending Motions for Summary Judgement that we've requested to

20   put those over.

21         THE COURT:  They will be stayed.

22         MR. BONO:  Thank you, your Honor.

23         THE COURT:  CMO, Mr. Chu is here.  Mr. Chu could have

24   almost had this trial.  I took first in.  I was trying to figure

25   out a fair way of who was going to go to trial.  They asked for

1   a 48 hour extension, and in the mean time two waivers came in

2   while we were on the road.  They get a stay.

3            MR. BONO:  Your honor, I just have one issue I would

4   like to bring up and this has to do with the deposition

5   testimony and your Honor's ruling that all deposition testimony

6   has to be shown during the trial.

7            THE COURT:  Presented during the trial time.

8            MR. BONO:  I'm very concerned about that ruling.

9            There are a number of third party depositions that both

10  parties took in this case primarily having to do with the issue

11  of inducement in this particular market.

12           I understand your Honor's ruling with respect to party

13  depositions of people, witnesses of the parties.  I wonder if

14  your Honor could give us leeway for efficiency to be able to

15  present the non-parties depositions outside of the courtroom

16  setting since this is -- it takes a lot of time to -- on that

17  issue, necessary issue.

18           I was wondering if we could just split it as to the

19  non-parties which are a lot of depositions, but short segments

20  of them, whether we could have the leeway to submit just those

21  to the Court outside the time period?

22           MR. GOTTS:  Your Honor, we would object to that.  We

23  believe that it all ought to go in at the time otherwise we have

24  this problem of an unbalanced record in terms of time allotted

25  and inundate the court with deposition transcripts.

1          If the parties are reasonable in terms of their

2    designations and counter designations and if they are allotted a

3    certain amount of time and charged against the parties, that

4    makes the party reasonable.  We would request to proceed as

5    ordered.

6          THE COURT:  All right.  I'll maintain the order.

7    Anything else?

8          MR. GOTTS:  No, your Honor.

9          MR. BONO:  Just one other clarification.  We're going

10   to have sort of AUO's trial going first.  I assume in that

11   trial, the order would be as in any trial, as if they had only

12   their patents at issue, they would call their witnesses on

13   infringement and then we would call our witnesses as to the

14   non-infringement and invalidity and then they would call their

15   witnesses in rebuttal to those points and then we would proceed

16   to their damages case and cross examine their witness and

17   present a rebuttal witness to that and that would conclude their

18   case?

19         MR. SHULMAN:  Certainly with respect to the patent

20   issues, I think your Honor mentioned at the outset is to do

21   damages later and that we're going choose to do damages, on both

22   sides of our case on the tail end of the 2nd trial.

23         MR. BONO:  I object to that totally, your Honor.

24         I made that clarification earlier.  They wanted to go

25   first.

1           And I think that the only way to logically do this is

2      for them to complete their entire case in their five days just

3      so we know we have to complete our entire case in five days.  We

4      have the opportunity in their case as they will in ours to

5      present our rebuttal testimony, expert witnesses with respect to

6      non-infringement and invalidity and cross examine their expert

7      on damages.

8           I really think that makes a lot of sense.  They should

9      not have the ability to wait until the end because to have

10     piecemeal -- then we're back to piecemeal and a separate way of

11     presenting of the case.

12          THE COURT:  Listen, what do I know?

13          My thinking was if damages was from what I read, it

14     sounds like a pretty important part of the case, that bringing

15     -- typically, the damages expert for one side likes to sit and

16     listen to the other damages expert.

17          I was trying to think of a way to have them both here

18     at the same time without a lot of inconvenience and put that

19     damages evidence on.

20          I'll go along with you.  I'll make them do it in their

21     first five days.

22          MR. BONO:  Thank you.

23          MR. SHULMAN:  Your Honor, with respect to that issue.

24     The damages issue on both sides are interconnected.

25          THE COURT:  That's what I thought.

1          MR. SHULMAN:  If we don't use our full allotted time

2     and we have to use some of the time from the second trial, we

3     would prefer to put damages on all at once because that's how

4     our damages expert has put together the analysis.  We're not

5     taking any of their time. We will take it out of our half of the

6     trial -- our allotted time.  You're not necessarily keeping

7     track of ours.

8          We'll have to truncate the rest of our presentation in

9     order to accommodate as part of our damages case.

10          THE COURT:  I agree with your rational.  I understand

11     what you told me very clearly.  But since I left -- let you go

12     first and I talk about complete trials, even though it's

13     irrational, it's consistent.  Sometimes consistency is more

14     important when you're making rulings as a judge.

15          I'm going to be consistent.  I'm going to let them do

16     it the way you want.  Both of you are free to talk about this.

17     I agree with your rational.

18          I allowed you to go first and put on the trial.  I've

19     got to stick with that.

20          MR. SHULMAN:  Very well.  It's not very well, it's the

21     ruling.

22          THE COURT:  Now, you could get Writ of Mandamus.  I

23     should wait for that to come down.

24          You try to be consistent.  That's the thing because you

25     try to keep balance and keep some sort of balance on the playing

1     field.

2             You can talk about it.  Other than that, we'll make you

3     go in your full five full days, go full in your five days.  Mr.

4     Bono will go full in his five days.

5             MR. SHULMAN:  Okay.

6             MR. BONO:  One last issue, your Honor.

7             THE COURT:   You only had one issue when you stood up.

8             MR. BONO:  My colleague just reminded me of on other

9     and if I don't raise it she's going to be upset with me.

10            THE COURT:  All right.  Have at it.

11            MR. BONO:  Motions in Limine.  We haven't filed any

12    yet.  We intend to file some.  And I take it we can so do it?

13            THE COURT:   Yes.

14            MR. BONO:  Thank you.

15            THE COURT:  You heard what they said, they want enough

16    time to respond to it.  You've got to be fair to them.  The last

17    paper has to be here on that Friday the 28th.

18            MR. BONO:  Understood.

19            MR. SHULMAN:  Nothing else from us, your Honor.

20            THE COURT:  We'll see everyone on the second at 9:00

21    a.m.

22            (At this time court proceedings concluded.)

23

24

25