IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-726-LPS |
| AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA; CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., | : |
| Defendants. | : |

| | |
|---|---|
| AU OPTRONICS CORPORATION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-357-LPS |
| LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., | : |

Chad Johnson, Esquire; Joshua Raskin, Esquire; Jai Chandrasekhar, Esquire and Adam Wierzbowski, Esquire of BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP, New York, New York.
David J. Margules, Esquire and Sean M. Brennecke, Esquire of BOUCHARD, MARGULES & FRIEDLANDER, P.A., Wilmington, Delaware.

Attorneys for Movant, Anvik Corporation.

Gaspare J. Bono, Esquire; R. Tyler Goodwyn, IV, Esquire; Lora A. Brzezynski, Esquire; Cass W. Christenson, Esquire and John W. Lomas, Jr., Esquire of MCKENNA LONG & ALDRIDGE LLP, Washington, D.C.
Richard D. Kirk, Esquire and Stephen B. Brauerman, Esquire of BAYARD P.A., Wilmington, Delaware.

Attorneys for LG Display Co., Ltd and LG Display America, Inc.

Vincent K. Yip, Esquire; Terry D. Garnett, Esquire; Peter J. Wied, Esquire and Daniel Prince, Esquire of PAUL HASTINGS JANOFSKY & WALKER LLP, Los Angeles, California.
Richard H. Morse, Esquire; John W. Shaw, Esquire; Karen L. Pascale, Esquire and Andrew A. Lundgren, Esquire of YOUNG CONAWAY STARGATT & TAYLOR LLP, Wilmington, Delaware.

Attorneys for AU Optronics Corporation and AU Optronics Corporation America.

## **MEMORANDUM OPINION**

December 29, 2010
Wilmington, Delaware.

Stark, District Judge:

Pending before the Court is a Motion For Limited Intervention To Obtain Copies Of Evidence (D.I. 1508) ("Motion") filed by Anvik Corporation ("Anvik"). For the reasons discussed, the Court will grant Anvik's Motion to the extent it seeks limited intervention, but deny the Motion to the extent it seeks modification of the Protective Order and/or access to sealed and otherwise confidential materials.

## I. PARTIES' CONTENTIONS

Anvik is a third party to the above-captioned actions. Separately, Anvik has brought an action for patent infringement in the Southern District of New York (the "New York Action") against all of the parties in the actions pending here. The New York Action involves the same liquid crystal display ("LCD") technology at issue here. By its Motion, Anvik contends that the pretrial briefs, proposed findings of fact and conclusions of law, transcripts, and evidence filed under seal in the actions here in Delaware are highly relevant to Anvik's claims in the New York Action concerning the parties' inducement of importation and sales of their LCD panels into the United States. Anvik contends that the protective order entered in the New York Action is sufficient to protect the confidentiality of the information Anvik seeks here. Therefore, Anvik seeks permission to intervene here to obtain copies of the requested documents and evidence.

LG Display Co., Ltd. ("LGD") and AU Optronics ("AUO"), parties to the actions pending here, have filed oppositions to the Motion. LGD contends that Anvik's Motion necessarily requests modification of the Protective Order entered in this case, but Anvik has not demonstrated that such a modification is warranted. LGD points out that the Protective Order in this case was hotly contested by the parties and required Court intervention to resolve certain issues. LGD also maintains that the

1

parties to this action, as well as third parties who produced confidential information here, have relied on the Protective Order. LGD adds that Anvik had available to it other means to obtain the confidential information it now seeks, including serving third-party subpoenas on the same third parties that produced the confidential information at issue here. LGD further contends that it would be prejudiced by the production of these third-party produced documents, because the discovery deadline has passed in the New York Action and, with it, LGD's opportunity to cross-examine these third parties.

In addition, LGD contends that Anvik's Motion is inconsistent with, and necessarily limited by, the document request served by Anvik on LGD. LGD points out that this request sought only "copies of trial exhibits and transcript portions, cited by the Court in the Opinion [D.I. 1497] at pages 73-74 to support the Court's finding that 'AUO has established that LGD induces infringement.'" (D.I. 1510 (Decl. of Joshua Raskin) at Exh. E) Anvik did not seek any other briefing or evidence and, LGD contends, Anvik has not shown how the requested material is relevant to Anvik's New York Action.

In its response, AUO has advanced arguments similar to LGD. Additionally, AUO emphasizes that Anvik's request extends well beyond the suggestion made by a Magistrate Judge in the New York Action, which contemplated intervention in this action for the limited purpose of obtaining portions of the confidential transcript. AUO contends that the information sought by Anvik has either been produced by third parties or concerns subject matter relevant to LGD, such that AUO cannot consent to disclosure of this material. AUO further contends that it has already produced the documentation related to this litigation that overlaps with the New York Action. AUO maintains that Anvik has not identified with any specificity the remaining documents it seeks from

this action, nor has Anvik demonstrated the relevance of these documents to the claims pending in the New York Action.

Anvik has filed a Reply Brief reiterating its arguments directed to modification of the Protective Order and advancing a new argument concerning the public right of access to judicial materials. Anvik has also filed a Notice of Subsequent Authority (D.I. 1540), seeking to direct the Court's attention to an Order entered by the Magistrate Judge in the New York Action requiring AUO to produce eight specific documents in AUO's possession (documents that were also produced by AUO in this litigation). LGD and AUO have filed responses to the Notice of Subsequent Authority.

## II. DISCUSSION

### A. Whether Anvik Should Be Permitted To Intervene

In pertinent part, Federal Rule of Civil Procedure 24(b) provides: "On timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." "Whether to grant permissive intervention under Rule 24(b), as the doctrine's name suggests, is within the discretion of the district court . . . ." *Brody v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992).

To establish that intervention is warranted under Rule 24(b), the intervenor must demonstrate: (1) an independent basis for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a common question of law or fact with the primary litigation. *See In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333, 338-39 (E.D. Pa. 2004). "[P]ermissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Pansy v. Borough of*

*Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); Fed. R. Civ. P. 24(b). Where intervention is sought for the limited purpose of modifying a protective order, the requirements for permissive intervention are "interpreted flexibly." *In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d at 339. In these circumstances, the intervenor need not show an independent basis for subject matter jurisdiction, and the timeliness and commonality requirements are interpreted broadly. *See id.*

Applying the requirements of Rule 24(b) flexibly, the Court concludes, in its discretion, that Anvik has demonstrated that limited intervention is warranted for the purposes of challenging the Protective Order entered in this action. Anvik has advanced claims in the New York Action against all the parties to this action, and these claims have at least some potential overlap with the issues and technologies raised here.

### B. Whether Anvik Has Demonstrated That Modification Of The Protective Order Is Warranted

Having determined that Anvik may intervene to challenge the Protective Order, the Court must next consider whether the Protective Order should be modified as requested by Anvik. Although permissive intervention may be warranted under Rule 24(b) to challenge a protective order, "'a collateral litigant [is] not permitted to exploit another's discovery in the sense of instituting the collateral litigation simply as a device to obtain access to sealed information.'" *Videon Chevrolet, Inc. v. General Motors Corp.*, 1995 WL 395925, at *1 (E.D. Pa. June 28, 1995) (quoting *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1300 (7th Cir. 1980)). Rather, the party seeking to modify a protective order must come forward with a legitimate reason for the requested modification. "Once that is done, the court should then balance the interests, including the reliance by the original parties to the order, to determine whether good cause still exists for the order." *Pansy*, 23 F.3d at

790.

"Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Id.* at 786 (internal quotation marks omitted). In determining whether good cause exists to maintain the unmodified protective order, the court must balance the moving party's need for disclosure against any injury resulting from disclosure. *See id.* at 787. Relevant factors to this inquiry include: whether the information is sought for a legitimate purpose; whether important public issues are implicated, such as the public health or safety; whether the party seeking protection is a public or private person; and whether disclosure would cause unnecessary pain or embarrassment. *See id.* at 787-89.

In the case of modification of an existing protective order, added factors include the parties' reliance on the protective order and whether modification will promote efficiency in the discovery process by avoiding duplicative discovery. Although the parties' reliance on the protective order weighs against its modification, this factor is not dispositive. *See id.* at 790. As the Third Circuit explained in *Pansy*:

> If access to protected [material] can be granted without harm to legitimate secrecy interests, or if no such interests exist, continued judicial protection cannot be justified. In that case, access should be granted even if the need for the protected materials is minimal. When that is not the case, the court should require the party seeking modification to show why the secrecy interests deserve less protection than they did when the order was granted. Even then, however, the movant should not be saddled with a burden more onerous than explaining why his need for the materials outweighs existing privacy concerns.

*Id.* (internal quotation marks omitted).

Applying and balancing the factors identified above to the facts and circumstances of this case, the Court concludes that Anvik has not demonstrated that modification of the Protective Order

5

is warranted. Anvik relies on orders issued by Magistrate Judge Smith in the New York Action to support its request for volumes of sealed materials filed in this case; however, Magistrate Judge Smith's Orders are quite limited. By Order dated April 19, 2010, Magistrate Judge Smith suggested that Anvik petition this Court for access to certain sealed transcripts and petition AUO for access to eight specific documents. Magistrate Judge Smith subsequently granted Anvik's Motion To Compel and ordered AUO to produce the eight documents discussed in her previous Order. Magistrate Judge Smith's Orders make no reference to the sealed pretrial briefs or proposed findings of fact and conclusions of law that Anvik currently seeks by its Motion, and Anvik has not demonstrated that access to these materials is warranted for any specific purpose that outweighs the interest of the parties to this litigation in keeping the documents protected. Indeed, Anvik has not even demonstrated that these documents are relevant to the New York Action (which appears to be limited to an inducement of importation claim).

The parties to this action have been contentious during all stages of the litigation, including their negotiation of the Protective Order – the filing of which required the Court's intervention to resolve several areas of disagreement among the parties. The parties' reliance on the Protective Order weighs in favor of the Court preserving the confidentiality of the underlying documents sought by Anvik. This is particularly so as this matter does not implicate public health or safety. Anvik has not demonstrated that the disclosure of the confidential materials would aid the discovery process in the New York Action, particularly because the documents sought by Anvik are not within the purview of the narrow category of documents identified by Magistrate Judge Smith as having relevance to the New York Action. Further, as indicated by the Court's initial entry of a Protective Order and reiterated by the parties here, the documents in question contain trade secrets and other

financial and commercially sensitive information that could disadvantage the parties if they were to be disclosed to Anvik (although the safeguards embodied in the Protective Order would reduce this damage). To the extent the documents sought by Anvik have been produced by third parties, those third parties have also relied on the Protective Order, and, as LGD points out, Anvik could have sought these materials through its own third party subpoenas (a process which would have provided these third parties a direct opportunity to object to production of their documents to Anvik).

In its Reply Brief, for the first time, Anvik contends that it is entitled to the requested documents under the public right of access to judicial records. Pursuant to Local Rule 7.1.3(c)(2), a party is not permitted to "reserve material for the reply brief which should have been included in a full and fair opening brief." Typically, the Court disregards such newly-raised arguments. *See, e.g., Schock v. Baker*, 2010 WL 3614646, at *2 n.1 (D. Del. Sept. 10, 2010) (Sleet, C.J.); *Boston Scientific Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 314 (D. Del. 2006) (Robinson, J.), *rev'd on other grounds*, 554 F.3d 982 (Fed. Cir. 2009); *In re Montgomery Ward Holding Corp.*, 269 B.R. 1 (D. Del. Oct. 22, 2001) (Farnan, J.). The Court perceives no reason to depart from this practice here. Accordingly, the Court concludes that Anvik has waived its argument under the public right of access by failing to raise it in its Opening Brief.[1]

---

[1] Anvik's position on whether it is seeking the requested materials pursuant to the public's right to access judicial records is confusing. In both its Opening and Reply Briefs, Anvik "distinguish[es] between production of judicial records to an intervenor by a court based on the public right of access, and modification of a confidentiality order to permit the intervenor to seek access to the materials from a party in a separate proceeding." (D.I. 1529 at 2; *see also* D.I. 1509 at 6-7 (Anvik distinguishing between "cases where the news media seek access to sealed information" and cases where "collateral litigants are concerned . . . and secrecy can be preserved by subjecting the intervenor to the provisions of the protective order") (internal quotation marks omitted)) However, while in its Opening Brief Anvik expressly disclaimed reliance on a qualified right of access to judicial proceedings – writing "Anvik does not seek general public access to the sealed materials in these actions" (D.I. 1509 at 7) – in its Reply Brief Anvik changes course,

## III. CONCLUSION

For the reasons discussed, the Court will grant Anvik's Motion to the extent it seeks intervention, but deny the Motion to the extent it seeks modification of the Protective Order and/or access to sealed and otherwise confidential materials. An appropriate Order will be entered.

---

emphasizing "that the materials sought by Anvik are all judicial records filed with this Court," and "request[ing] in the first instance that this Court permit Anvik to obtain copies of the requested materials from the Court's own files" (D.I. 1529 at 1-2).

8