IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-726-JJF |
| AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA; CHI MEI OPTOELECTRONICS CORPORATION; and CHI MEI OPTOELECTRONICS USA, INC., | : |
| Defendants. | : |
| AU OPTRONICS CORPORATION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-357-JJF |
| LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., | : |

Chad Johnson, Esquire; Joshua Raskin, Esquire; Jai Chandrasekhar, Esquire and Adam Wierzbowski, Esquire of BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP, New York, New York.
David J. Margules, Esquire and Sean Brennecke, Esquire of BOUCHARD MARGULES & FRIEDLANDER, P.A., Wilmington, Delaware.

Attorneys for Movant, Anvik Corporation.

Gaspare J. Bono, Esquire; R. Tyler Goodwyn, IV, Esquire; Lora A. Brzezynski, Esquire of MCKENNA LONG & ALDRIDGE LLP, Washington, D.C.
Richard D. Kirk, Esquire and Stephen B. Brauerman, Esquire of BAYARD P.A., Wilmington, Delaware.

Attorneys for LG Display Co., Ltd and LG Display America, Inc.

Vincent K. Yip, Esquire; Terry D. Garnett, Esquire; Peter J. Wied, Esquire and Daniel Prince, Esquire of PAUL HASTINGS JANOFSKY & WALKER LLP, Los Angeles, California. John W. Shaw, Esquire; Karen L. Pascale, Esquire and Andrew A. Lundgren, Esquire of YOUNG CONAWAY STARGATT & TAYLOR LLP, Wilmington, Delaware.

Attorneys for AU Optronics Corporation and AU Optronics Corporation America.

## MEMORANDUM OPINION

February 14, 2011
Wilmington, Delaware

Stark, District Judge:

Pending before the Court is a Motion For Reconsideration Or Reargument (D.I. 1637) filed by Anvik Corporation ("Anvik"). For the reasons discussed, the Court will deny Anvik's Motion.

I.  PARTIES' CONTENTIONS

By its Motion, Anvik requests the Court to reconsider its December 29, 2010 Memorandum Opinion and Order granting Anvik's Motion To Intervene, but denying Anvik's request to modify the protective order to allow Anvik to access certain sealed and confidential materials filed in this case. Specifically, Anvik contends that the Court erroneously concluded that Anvik waived its public right of access argument and erroneously denied Anvik access to sealed transcripts referenced in Judge Farnan's February 16, 2010 Opinion. Anvik maintains that these transcripts are pertinent to its litigation against LG Display Co., Ltd. ("LGD") in the Southern District of New York for purposes of showing that LGD induced infringing sales of LCD panels (the "New York Action").

In response, AUO Optronics Corporation ("AUO") and LGD contend that Anvik has not demonstrated the Court made an error of fact or misapprehension as required to justify reconsideration. AUO and LGD further contend that the Court correctly concluded that Anvik raised its public right of access argument for the first time in its Reply Brief and, therefore, this argument was waived.

II.  LEGAL STANDARDS

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district

1

court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 51195928, at *1 (D. Del. Dec.30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

## III. DISCUSSION

Reviewing the parties' arguments in light of the applicable legal standards, the Court concludes that Anvik has not demonstrated that reconsideration is warranted. Anvik contends that the Court made an error of fact or apprehension by (1) failing to distinguish between the relevant sealed transcripts on the one hand, and the sealed pretrial and post trial briefs on the

other hand, and (2) failing to appreciate that the sealed transcripts are relevant to the New York Action. Neither of Anvik's contentions is supported. In its Memorandum Opinion, the Court recognized, from the outset, that Anvik was seeking sealed transcripts in addition to other sealed materials. Specifically, on page 1 of its Memorandum Opinion, the Court stated that "[b]y its Motion, Anvik contends that the pretrial briefs, proposed findings of fact and conclusions of law, *transcripts*, and evidence filed under seal in the actions here in Delaware are highly relevant to Anvik's claims in the New York Action." (D.I. 1634 at 1 (emphasis added)) The Court then went on to group all these materials together, referring to them as the "sealed materials" in the remainder of the Memorandum Opinion and in the Court's accompanying Order. (D.I. 1634 at 1, 8; D.I. 1635) Accordingly, the Court made no misapprehension as to the fact that Anvik was seeking the sealed transcripts, and the Court considered the transcripts to be part and parcel of the material being sought by Anvik.

As for Anvik's contention regarding the relevance of the transcripts, the Court notes, first, that Magistrate Judge Smith's Order did not make any findings regarding the relevance of the sealed transcripts to the issues pending in the New York Action.[1] Rather, Magistrate Judge

---

[1] In its Memorandum Opinion, the Court stated that "Anvik has not demonstrated that the disclosure of the confidential materials would aid the discovery process in the New York Action, particularly because the documents sought by Anvik are not within the purview of the narrow category of documents identified by Magistrate Judge Smith as having relevance to the New York Action." (D.I. 1634 at 6) Anvik contends that, as a result of this statement, the Court recognized that Magistrate Judge Smith concluded that the *transcripts* were relevant to the New York Action. (D.I. 1644 at 2) Anvik's argument fails to appreciate the context of the Court's remarks. Two orders were issued by Magistrate Judge Smith, and only one pertained to the transcripts. Specifically, Magistrate Judge Smith referenced both the transcripts and eight AUO documents in her April 19, 2010 Order. However, Magistrate Judge Smith made no relevance findings in that Order with regard to either the transcripts or the eight AUO documents. Subsequently, however, as the Court recognized in its Memorandum Opinion (D.I. 1634 at 6), Magistrate Smith granted a Motion To Compel filed by Anvik and ordered AUO to produce the

Smith only suggested to Anvik that it petition this Court for access to the transcripts. Second, the Court found that Anvik did not explain why it could not have obtained the information it sought in the transcripts and other sealed documents through other means in its own case – and that Anvik did not sufficiently demonstrate that its need for the information outweighs the parties' competing interests in the information's confidentiality under the protective order. (D.I. 1634 at 6-7) Thus, even if the transcripts are relevant to the New York Action, the Court concludes that Anvik has not shown that it is entitled to them.

Anvik also contends that the Court made an error of fact or apprehension in finding that Anvik waived its public right of access argument by raising it for the first time in its Reply Brief. In support of its contention, Anvik cites various portions of its Opening Brief referring to such concepts as "a qualified right of access to judicial proceedings" and a "common law right to inspect and copy judicial records." (D.I. 1638 at 5-6 (citing D.I. 1509 at 3, 6, 7)) Based on these references, Anvik contends that the Court erred in interpreting its subsequent statement that "Anvik does not seek general public access to the sealed materials in these actions" (D.I. 1509 at 7) as a waiver of its public right of access argument.

As the Court noted in its Memorandum Opinion, Anvik's position on whether it sought the sealed materials pursuant to the public right to access judicial records was "confusing." (D.I. 1634 at 7 n.1) Anvik now points to peppered statements in its Opening Brief from which Anvik contends that the Court should have known that it was raising a public right to access argument. However, despite these references, it was clear to the Court that the focus of Anvik's Opening

---

eight documents. Thus, the Court's reference to Magistrate Judge Smith's relevance finding was meant to pertain only to the eight documents that she compelled AUO to produce to Anvik in her June 22, 2010 Order. (D.I. 1540, Exh. A)

4

Brief was modification of the protective order. Indeed, the facts that Anvik expressly disclaimed an argument under the general right to publicly access judicial materials, and made a clear distinction between those cases seeking intervention based on the public right of access and modification of a confidentiality order, support the Court's conclusion that Anvik waived its public right to access argument. The Court is not persuaded that this conclusion was clearly erroneous or based upon a misapprehension of fact, or that adhering to it will cause manifest injustice.[2]

Accordingly, the Court concludes that Anvik has not demonstrated that reconsideration of the Court's previously issued Memorandum Opinion and Order is warranted and, therefore, the Court will deny Anvik's Motion For Reconsideration.

## IV. CONCLUSION

For the reasons discussed, the Court will deny Anvik's Motion For Reconsideration Or Reargument (D.I. 1637). An appropriate Order will be entered.

---

[2]Whether the decision on Anvik's original motion would have been different had it unambiguously asserted the public's right to assert judicial records from the start, or had it limited its request for relief to the narrower request it now pursues, is not a matter the Court need determine at this late date in the present dispute.